# Exhibit 3

to the declaration of Carolyn B. Lamm
dated August 13, 2021

Instruction No. 3 of 2004

F.No.480/12/2003-FTD-I
Government of India
Ministry of Finance
Department of Revenue
(Foreign Tax Division)

New Delhi, the 19th March 2004

To

All Chief Commissioners of Income-tax
All Directors General of Income-tax

Sub: India-UK Double Taxation Avoidance Agreement (DTAA) – Suspension of Collection of taxes during Mutual Agreement Procedure – regarding-

Reference is invited to Article 27 of the Indo-UK DTAA regarding Mutual Agreement Procedure (MAP). Para 4 of Article 27 authorises the Competent Authorities to develop appropriate bilateral procedures, conditions, methods and techniques for implementation of MAP provided for in the Article. Reference is also invited to a number of references received regarding difficulty being faced by a number of non-resident tax payers due to enforcement of collection of outstanding taxes during the pendency of the Mutual Agreement Procedure between the two competent authorities. In order to avoid the unintended hardship to the taxpayers, as well as for efficient management of collection of revenue, the Competent Authorities of India and UK have signed a Memorandum of Understanding (MOU) regarding suspension of collection of taxes during the pendency of MAP. In terms of the MOU, the collection of outstanding taxes in case of a taxpayer who is a resident of UK and whose request under MAP is under consideration of Competent Authorities, shall be kept in abeyance subject to furnishing of a bank guarantee of an amount equal to the amount of tax under dispute and interest accruing thereon as per the provisions of the Income-tax Act.

A copy of the MOU is enclosed along with a model draft of bank guarantee to be furnished by the taxpayer. These are self explanatory.

On receipt of a formal request in terms of this MOU from a taxpayer resident of UK, the Assessing Officer (AO) concerned is required to keep the enforcement of collection of outstanding taxes in abeyance in respect of such taxpayer who has –

i) invoked MAP through UK Competent Authority and same has been admitted by the Indian Competent Authority (a confirmation to this effect to be obtained from the Foreign Tax Division of Central Board of Direct Taxes); and

ii) furnished Bank Guarantee in the model draft format for an amount calculated in accordance with the manner indicated therein.

The effect of the Memorandum is that the furnishing of the bank guarantee should be treated as sufficient arrangement to qualify for exercising discretion by the A.O. for extension of time limit for payment of taxes in terms of sub-section (3) of Section 220 of the Income-tax Act. The extension, however, shall subsist only till the case is under MAP. In case the Competent Authorities agree that there is no resolution possible, an intimation to this effect shall be given to the A.O., who shall, thereafter be entitled to invoke the guarantee in case the tax payer fails to pay the demand.

In cases where a resolution of dispute is arrived at by the Competent Authorities after mutual consultation, the tax payable shall be determined by the Assessing Officer in terms of such resolution as per the procedure laid down in Instruction No.1 dated 6.11.2002. After the revised notice of demand is sent to the taxpayer, the amount shall be recoverable from the taxpayer. In case the taxpayer fails to pay the demand, the guarantee so furnished shall be invoked after seeking the consent of the Indian Competent Authority, which shall grant the same after intimating its counterpart in UK.

The Assessing Officers, as well as the Additional Commissioners of Income-tax/Commissioners of Income-tax, are also advised to keep a close watch on the limitation of the guarantee furnished under the MAP.

These instructions issued under Section 119 of the Income-tax Act, may be brought to the notice of all officers in your charge.

(Devendra Shanker)
Director (Foreign Tax & Tax Research – I)

Encl: 1. Memorandum of Understanding regarding deferment of assessment and/or suspension of collection of taxes during Mutual Agreement Procedure.

2. Format of Bank Guarantee to be submitted by the Applicant.

MEMORANDUM OF UNDERSTANDING
REGARDING SUSPENSION OF COLLECTION OF TAXES
DURING MUTUAL AGREEMENT PROCEDURE

Having regard to the hardship faced by the taxpayers during the course of a mutual agreement procedure, the Competent Authorities of India and the United Kingdom under the Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital Gains (the "Convention") have determined and agreed that efficient processing of Mutual Agreement Procedure ("MAP") cases will be facilitated by suspending collection of any amounts of tax, including also any related interest or penalties, for any taxable years which are subject of MAP proceedings.

WHEREAS:

(A) The Competent Authorities have arranged and desired to agree that with regard to amounts of taxes covered under Article 2 of the Convention and potentially payable to the government of the United Kingdom, the Inland Revenue will suspend collection proceedings until putting into effect a mutually agreed disposition of the MAP proceedings concerning the amounts in question; and

(B) The Competent Authorities have arranged and desired to agree that with regard to amounts of taxes covered under Article 2 of the Convention and potentially payable to the Government of India, the Assessing Officer will suspend collection until putting into effect a mutually agreed disposition of the MAP proceedings concerning the amounts in question.

NOW THEREFORE, in consideration of the premises, covenants and conditions herein contained and in implementing this arrangement.

IT IS HEREBY AGREED between the Competent Authorities as follows:

(1) The tax authorities of India and the United Kingdom shall retain the right to demand security in appropriate cases, as deemed fit and necessary to avoid prejudicing the interests of their respective governments.
(2) In India, as security, a taxpayer shall provide an irrevocable Bank Guarantee issued by any scheduled bank, or by an Indian branch of a foreign bank approved by the Reserve Bank of India to carry out banking business in India, as per annexure 'A' to this Memorandum.

(3) In the United Kingdom, as security, a taxpayer shall, upon demand, provide a Bank Guarantee issued by any bank approved by the United Kingdom.

(4) The amount, if any, for which security is demanded under paragraph (2) or (3) above, as the case may be, shall not exceed the amount of additional tax proposed or demanded by the tax authority requiring the security (aggregated for all the period(s) pending before the Competent Authorities), as adjusted by the Assessing Officer in accordance with domestic laws, and subject to further adjustment for interest on these amounts calculated at the statutory rate on non-payments or late payments, as the case may be.

(5) Collection and assessment (if applicable) of any interest or penalty levied from the concerned taxpayer, in relation to amounts suspended from collection or deferred from assessment (if applicable) under this Agreement, shall also be suspended. For the avoidance of doubt, interest, if appropriate will continue to run whilst collection is suspended.

(6) The amounts of tax(es) identified under recitals (A) and (B) above, shall include but are not limited to:

(i) Tax demands that have arisen as a result of tax audit or appeal proceedings pending at the time of this agreement.

(ii) Tax demands, as a result of a tax assessment of re-assessment proceeding, or a tax appeal, or on a review by a Commissioner of Income Tax of an assessment (or re-assessment) proceeding on the grounds that it is prejudicial to the interests of the revenue that could arise subsequent to this agreement.

(iii) Withholding tax on income or other similar advance taxes that are the subject of MAP proceedings for prior, current or future taxable years.

(7) The Competent Authorities shall endeavour to either resolve or close the case within a period of two years from the date on which one Competent Authority notifies the other that the application from the Taxpayer(s) for assistance under the MAP has been received.

(8) Any draw-down upon a bank Guarantee or Letter of Credit referred to in paragraph (2) or (3) above will be authorized only after notice by one Competent Authority to the other at the conclusion of the Mutual Agreement Procedure.

(9) In the event of a lapse of security under paragraph (2) or (3), the taxpayer shall be permitted to substitute another form of security under such paragraph, provided such substitution takes effect not less than 30 days

prior to the lapse of the prior security. Such substitution will relieve the bank which provided the first Bank Guarantee from its obligations to the concerned Government of India or the United Kingdom under that first security.

(10) The terms of this Memorandum may be reviewed by the Competent Authorities at anytime in the future upon the request of either party.

ANNEXURE A

To,
The President of India acting through and represented by
[Designation], Income Tax Department,
Ministry of Finance, Government of India, New Delhi

Bank Guarantee

Bank Guarantee as security for keeping the recovery of tax demand in abeyance during the pendency of a Mutual Agreement Procedure ("MAP")

[Applicable in case of non-resident assesses, and Indian companies and other entities affiliated with United Kingdom companies, who have invoked the Mutual Agreement Procedure]
This Deed of Bank Guarantee made this _____ day of _____, 20_____, by
[INSERT name and address of Guaranteeing Bank] (hereinafter called "the Bank", which expression shall, unless excluded by or repugnant to the context, include its successors and assignees) to the President of India acting through and represented by [Designation], Income Tax Department, Ministry of Finance, Government of India, New Delhi (hereinafter called "the Government").

WHEREAS the Government has agreed that [INSERT name, address, permanent account number of the Assessee]- (hereinafter called "the Assessee", which expression shall, unless excluded by or repugnant to the context, include its successors and assignees) shall furnish a Bank Guarantee in respect of a demand of Rs.__[INSERT Amount of Tax in dispute]_ for the assessment year(s) _____, in lieu of which the recovery of any part of such demand shall not be enforced until 30 days after the Assessing Officer receives written notice of the MAP Agreement between the Competent Authorities of the Governments of India and the United Kingdom, and the Assessee will not be treated as in default for the above assessment year(s);
AND WHEREAS THE Bank has at the request of the Assessee agreed to execute these presents:

NOW THEREFORE THIS DEED WITNESSES AS FOLLOWS

In consideration of the Government agreeing to treat the Assessee as not in default for Rs._[INSERT Amount of Tax in dispute, plus interest specified in paragraph (1) below]_ for the assessment year(s) ____,

(1) The Bank irrevocably guarantees and undertakes, for the term provided in paragraph (2) below, that the Bank shall indemnify and keep indemnified

6

the Government to the extent of the said sum of Rs._ [INSERT Amount of Tax in dispute]_ (Rupees _[written text]) and interest accruing at the rate specified in the Income Tax Act of 1961 as amended from time to time, for non-payment of taxes on this amount after_[INSERT date from which recovery could otherwise be made]_or any amount as adjusted by the order of the Assessing Officer which may be passed after the furnishing of the guarantee. On advice from the Government that the Assessee has failed and neglected to observe any of its obligations to the Government with regard to the terms and conditions of the agreements between the Assessee and the Government that may underlie this Bank Guarantee, the decision of the Government as to whether any amount should be paid out by the Bank to the Government hereunder shall be final and binding.

(2) The Bank further agrees that the guarantee herein contained shall remain in full force and effect for a period of 3 years from the date hereof, i.e., _till [INSERT date]; and further agrees to renew this guarantee for another 3 years on the following terms: the Bank will provide the Government with written notice no later than 60 days prior to the expiration date of this Bank Guarantee if the taxpayer has not renewed the agreements between the Assessee and the Bank that underlie this Bank Guarantee for an additional period of 3 years. If the Government does not receive a renewal of this Bank Guarantee or a substitute Bank Guarantee for the amounts of tax and interest in dispute prior to 30 days before the expiration date of this Bank Guarantee, the Government may instruct the Bank to pay the guaranteed amounts prior to expiration of the Bank Guarantee. Provided further that, notwithstanding any other things contained herein, the liabilities of the Bank shall be limited to the maximum of the guaranteed amount of Rs._ [INSERT amount of tax in dispute]_ (Rupees_[INSERT written text]_), as increased by interest pursuant to paragraph (1) during the term of this Bank Guarantee; and unless a claim in writing is lodged with the Bank, or action to enforce the claim under the guarantee is filed or initiated against the Bank, within six months from the date of expiry of the guarantee period fixed hereunder or where such period is extended under the terms of this guarantee from the date of such extended period as the case may be, all the rights of the Government under this guarantee shall be forfeited and the Bank shall be relieved and discharged from liabilities hereunder.

(3) The obligations of the Bank to the Government under this Bank Guarantee will terminate upon the occurrence of any of the following for the taxable years in question:
    (i)    the payment by the Bank or the Assessee to the Government of the guaranteed amounts;

7

    (ii)    the payment by the Assessee to the Government of all amounts owed, as agreed to by the Competent Authorities in a MAP Agreement;

    (iii)    a MAP Agreement by the Competent Authorities that the Government will not seek to recover any part of the previously-demanded amounts; or

    (iv)    the Assessee furnishes to the Government similar security from another Bank.

(4) The guarantee herein contained shall not be discharged or affected by any change in the constitution either of the Assessee or of the Bank.

(5) The Government shall have the fullest liberty without affecting the guarantee to postpone for any time, or from time to time, any of the powers exercisable by it against the Assessee, or to either enforce or forbear any of the terms and conditions under this guarantee or under the Income Tax Act and Income Tax Rules, and the Bank shall not be released from its liabilities under this guarantee by any exercise by the Government of the liberty with reference to the matter aforesaid or by reasons of time being given to the Assessee, or by any other act of forbearance or enforcement on the part of the Government, or by any indulgence by the Government to the Assessee, or by any other matter or thing whatsoever which under the law relating to sureties would but for these provisions have the effect of so releasing the Bank from its such liability. The Bank hereby agrees and undertakes that any claim which the Bank may have against the Assessee shall be subject and subordinate to the prior payment and performance in full of all the obligations of the Bank hereunder and the Bank will not without prior written consent of the Government exercise any legal rights or remedies of any kind in respect of any such payment or performance so long as the obligations of the Bank hereunder remain owing and outstanding, regardless of the insolvency, liquidation or bankruptcy of the Assessee or otherwise howsoever. The Bank will not counter claim or set off against its liabilities to the Government hereunder any sum outstanding to the credit of the Government with it.

(6) This Bank Guarantee shall be governed by and construed in accordance with the laws of the Republic of India (without regard to its principles of conflict of laws).

(7) The Bank undertakes not to revoke this Guarantee during its currency except with the previous consent of the Government in writing.

(8) Notwithstanding anything stated above, liability of the Bank under this guarantee is restricted to Rs._[INSERT Amount of Tax in dispute, plus interest specified in paragraph (1) above] (Rupees_[written text]) and is valid for the period(s) described in paragraph (2) above. Unless a demand or claim under this guarantee is lodged with the Bank on or before_[INSERT date, as established in paragraph (2)above]_, all rights of the Government under the said guarantee shall be forfeited and the Bank shall be relieved and discharged from all liabilities thereunder whether or not this document shall have been returned to the Bank.

IN WITNESS WHEREOF, the Bank, through its duly authorized representative, has set its hand stamp on this ………….. Day of ……………….. at ………………….

Witness For and on Behalf of the Bank
(Signature)(Designation with Bank Stamp)
Name (Attorney as per power of Attorney No. ………….)
Date