IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAIRN ENERGY PLC and<br>CAIRN UK HOLDINGS LIMITED,<br><br>*Petitioners*,<br><br>v.<br><br>THE REPUBLIC OF INDIA,<br><br>*Respondent*. | Civil Case No. 1:21-CV-00396-RJL |

## DECLARATION OF PROFESSOR ALBERT JAN VAN DEN BERG

I, ALBERT JAN VAN DEN BERG, declare as follows:

1. I am admitted to practice law in the Netherlands, and am one of the founding partners of the law firm, Hanotiau & van den Berg in Brussels, Belgium, which specializes in all aspects of international arbitration. I am also an Emeritus Professor of Law (Arbitration Chair) at Erasmus University, Rotterdam, in the Netherlands. My qualifications are further detailed in my CV, which is attached hereto as **Annex A**.

2. I act as lead counsel for the Republic of India ("India") in annulment ("set aside") proceedings currently pending before the Court of Appeal of The Hague in the Netherlands (the "Set-Aside Proceedings"). These Set-Aside Proceedings relate to the same arbitration award (the "Award") that is presently at issue before this U.S. District Court.

3. I respectfully submit this Declaration in support of the Motion to Dismiss and Motion to Stay (the "Motions") filed by India in the above-captioned case. I will herein summarize the procedural developments that have occurred to date in the Set-Aside Proceedings. To the extent of my knowledge, I will also briefly describe the parallel enforcement proceedings relating to the same Award in other foreign jurisdictions.

1

4. On December 21, 2020, three arbitrators sitting as an arbitral tribunal in the Netherlands rendered the Award, directing India to pay more than US$ 1.2 billion in compensation to the entities Cairn Energy Plc ("CEP") and Cairn UK Holdings Limited ("CUHL" and, together, the "Cairn Petitioners"). To assist the U.S. District Court, I attach herewith a subset of documents from the evidentiary record of the arbitration, together with additional documents that are relevant to the Motion to Dismiss and/or the Motion to Stay. These documents are identified in the attached index, designated as **Annex B**.

5. On March 22, 2021, India served a Writ of Summons on the Cairn Petitioners, summoning them to appear before the Court of Appeal of The Hague on September 28, 2021, and seeking the set aside of the Award under Article 1065 of the Dutch Code of Civil Procedure ("DCCP"). A true and correct copy of the Writ of Summons (with a corresponding English translation) is attached hereto as **Exhibit 1**. India filed the Writ and is presently seeking the set aside of the Award because, as discussed below, Dutch law expressly permits judicial review of the arbitral tribunal's jurisdiction, while simultaneously recognizing the arbitrators' Competence-Competence—*i.e.*, the arbitrators' authority to rule on their own jurisdiction at the outset of arbitration.

6. Under the principle of Competence-Competence, an arbitral tribunal constituted in the Netherlands necessarily possesses jurisdiction to determine its own jurisdiction, as reflected in Article 1052(1) of the DCCP.[1] This concept, however, refers only to the arbitral tribunal's authority to address its own jurisdiction at the outset of arbitration, which it must do as a practical matter (rather than waiting for any national court to rule on the arbitrators' competence before commencing arbitration). The principle of Competence-Competence does not exclude a court from subsequently revisiting questions relating to the arbitral tribunal's jurisdiction (such as the existence of an arbitration agreement under Article 1065(1)(a) of the DCCP) after the arbitration has concluded.

---

[1] DCCP, art. 1052.

7. This was stated expressly by the Supreme Court of the Netherlands in its 2014 decision in *Ecuador v. Chevron*,[2] and is also clear from the legislative history: "The literature on arbitration refers to the jurisdiction of the arbitrators to decide on their own jurisdiction as the competence-competence (*Kompetenz-Kompetenz*) rule. . . . Still, the arbitrators' opinion is not final. The ordinary court has the final say on the arbitrators' jurisdiction (see the first ground for proceedings to set aside the arbitral award of Article 1065(1) DCCP)."[3] As observed by Professor Pieter Sanders (who was one of the principal drafters of both the Netherlands' 1986 Arbitration Act and the 1958 New York Convention, and also the special advisor to UNCITRAL during the drafting of the 1976 UNCITRAL Arbitration Rules): "[T]he final word on the competence of arbitrators still remains with the Court."[4]

8. On March 31, 2021, India completed service of the Writ of Summons on the Cairn Petitioners through registered mail in accordance with Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"). On June 16 and 21, 2021, India also completed service on CUHL and CEP, respectively, through the UK Central Authority under Articles 3, 4, 5, and 6 of the Hague Service Convention.

9. On the first docket date of September 28, 2021, the Court of Appeal will likely order a case management conference to deal first with the confidentiality application made by India and to subsequently establish a procedural schedule for the substantive written and oral submissions in the Set-Aside Proceedings.

---

[2] HR (Neth. Supr. Ct.) 24 Sept. 2014, First Chamber No. 13/04679 EV/LZ (Republic of Ecuador/Chevron Corp.) ¶ 4.2 ("The arbitral tribunal appointed for this purpose is authorized to rule on its jurisdiction (Article 1052(1) DCCP), but the fundamental nature of the right of access to the courts brings with it that answering the question whether a valid arbitration agreement has been concluded ultimately is referred to the courts. . . . This fundamental nature also means that an application for setting aside an arbitral award based on the ground specified in Article 1065(l)(a) DCCP, will not be assessed by the courts with restraint.").

[3] Parliamentary Papers 11, Explanatory Memorandum, 1983/84, 18464,3 at 21 (Attorney Translation).

[4] Pieter Sanders, *Commentary on UNCITRAL Arbitration Rules*, 2 Y.B. COM. ARB. 172, 196-197 (Pieter Sanders ed., 1977).

10. Meanwhile, the Cairn Petitioners have reportedly initiated enforcement litigation all over the world—not only in the United States, but also in multiple other jurisdictions. As the Cairn Petitioners told *Reuters*, "Cairn has already filed cases in local courts in the United States, UK, France, Netherlands, Singapore and Quebec to enforce the arbitration award."[5]  Other media outlets have also reported the Cairn Petitioners' supposed commencement of separate proceedings in Japan, the United Arab Emirates, and the Cayman Islands.[6]  It is my understanding that India either has not received service of process or plans to challenge the adequacy of service of process in some or all of these jurisdictions, and that India reserves all rights in respect of any proceedings in such jurisdictions.

\*   \*   \*

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 13, 2021, in Brussels, Belgium.



Prof. Albert Jan van den Berg

---

[5] *Reuters*, Mar. 24, 2021 (quoting Dennis Hranitsky).
[6] *Times of India*, Mar. 8, 2021.

# ANNEX A

<u>Curriculum Vitae</u>

PROFESSOR ALBERT JAN VAN DEN BERG

1949, Amsterdam, The Netherlands  -  Nationality: Dutch
Office: IT Tower, 9th Floor, Avenue Louise 480 B.9, 1050 Brussels, Belgium
T +32 2290 3913; M  +1 786 208 9722;  E ajvandenberg@hvdb.com;  W www.hvdb.com

### EXPERIENCE

| | |
|---|---|
| 2014 – 2016 | President, International Council for Commercial Arbitration (ICCA) |
| 2001 – | Attorney-at-Law, Hanotiau & van den Berg, Brussels (partner) |
| 2003 – 2010 | President, Netherlands Arbitration Institute (NAI) |
| 1999 – 2001 | Attorney-at-Law, Freshfields Bruckhaus Deringer, Amsterdam (partner) |
| 1988 – 1999 | Attorney-at-Law, Stibbe Simont Monahan Duhot, Amsterdam (partner) |
| 1982 | Attorney-at-Law, Law Firm of Salah Hejailan, Riyadh (in association with Clifford-Turner/Van Doorne & Sjollema) |
| 1980 – 1988 | Attorney-at-Law, Van Doorne & Sjollema Advocaten, Rotterdam (partner) |
| 1980 – 1988 | Secretary-General, Netherlands Arbitration Institute |
| 1978 – 1980 | TMC Asser Institute for International and European Law, The Hague, Department: International Commercial Arbitration |
| 1975 – 1978 | Private assistant to Professor Pieter Sanders, Schiedam, The Netherlands. |

### EDUCATION

| | |
|---|---|
| 18.09.1981 | Erasmus University, Rotterdam.  Degree: Doctor of Laws.  Thesis: *The New York Arbitration Convention of 1958 - Towards a Uniform Judicial Interpretation* (mention: *cum laude*).  Thesis-director: Professor Pieter Sanders |
| 26.11.1977 | University of Aix-en-Provence.  Degree: Docteur en droit.  Thesis: *Etude comparative du droit de l'arbitrage commercial dans les pays de Common Law* (mention: *très bien*).  Thesis-director: Professor René David |
| 1974 – 1975 | New York University, Institute of Foreign Law.  Degree: Master of Comparative Jurisprudence (composite grade: A) |
| 1973 – 1974 | University of Aix-en-Provence, Faculty of Law.  Post-doctorate course in Comparative, European and International Law |
| 1968 – 1973 | University of Amsterdam, Faculty of Law.  Degree: Master of Laws. |

### LANGUAGES

Dutch, English, French  -  Reading: German, Italian and Spanish.

### PROFESSIONAL ACTIVITIES

–   Visiting Professor, Georgetown University Law Center, Washington DC, Tsinghua University Law School, Beijing, and University of Miami School of Law; Emeritus Professor of Law (arbitration chair), Erasmus University, Rotterdam; Member of the Faculty, University of Geneva Master of Laws in International Dispute Settlement (MIDS)
–   Former Vice-President, London Court of International Arbitration (LCIA)
–   General Editor, ICCA Publications (1986-2018)
–   Member, International Commercial Expert Committee, China International Commercial Court of the Supreme People's Court; International Advisory Board, China International Economic and Trade Arbitration Commission (CIETAC); Commission on Arbitration and ADR of the International Chamber of Commerce (ICC), Paris;  LCIA Company, London; International Advisory Board, Hong Kong International Arbitration Centre (HKIAC); Nominations Committee, HKIAC; Council, Australian Centre for International Commercial Arbitration (ACICA)
–   Member, Advisory Board, Geneva University MIDS;  Board of Trustees, Institute of International Commercial Law, Pace University School of Law; Executive Committee, Asian Academy of International Law (AAIL)
–   Member, Editorial Board, *Global Arbitration Review*, London;  *Tijdschrift voor Arbitrage*, Rotterdam; Editorial Advisory Board, *Journal of World Investment & Trade*
–   Arbitrator on the Arbitral Tribunal concerning the Bank for International Settlements (Hague Treaty of 20 January 1930)
–   Various panels of arbitrators, including: American Arbitration Association (AAA), New York; Arbitral Centre of the Federal Economic Chamber, Vienna;  Arbitral Tribunal for Football, World Cup Division for the 2002 FIFA World Cup, Geneva; Asian International Arbitration Centre, Kuala Lumpur; Center for Arbitration and Mediation, Chamber of Commerce Brazil-Canada; Center for Arbitration and Conciliation, Bogotá Chamber of Commerce; CIETAC, Beijing;  CPR International Institute for Conflict Prevention and Resolution; HKIAC;  Hungarian Chamber of Commerce and Industry;  Indonesian Board of National Arbitration (BANI), Jakarta;  International Centre for the Settlement of Investment Disputes (ICSID), Washington; NAI; Singapore International Arbitration Centre (SIAC)
–   Presiding, sole and party-appointed arbitrator in numerous international arbitrations (*ad hoc*, AAA/ICDR, CRCICA, DIAC, DRCAFTA, ECT, ICC, ICSID, LCIA, NAFTA, NAI, OHADA, SCAI, SCC, SIAC, and UNCITRAL, relating to, *inter alia*, airports, aviation, banking, broadcasting, construction, defense projects, distributorship, electricity and gas supply, fashion, futures and options, gambling, information technology, insurance and re-insurance, investments, joint ventures, licensing, media, mining, nuclear energy, oil and gas, pharmaceuticals, post M&A, post-privatization, professional associations, real estate, sales, satellites, shale gas, solar energy, sports, telecom, turnkey projects); frequently acts as counsel in international commercial arbitration matters
–   Extensive publications and lectures on international arbitration (list of publications available at www.hvdb.com); see also www.newyorkconvention.org
–   *Global Arbitration Review*, Award for "Best Prepared and Most Responsive Arbitrator" 2013
–   *The International Who's Who Legal*, Arbitration: Lawyer of the Year Award 2006, 2011 and 2017.

November 2019

# ANNEX B

## Index of Documents Cited in Declaration of
## Professor Albert Jan van den Berg

| Exhibit | Document |
|---|---|
| 1. | Writ of Summons, Mar. 22, 2021 |
| 2. | Pieter Sanders, *Commentary on UNCITRAL Arbitration Rules*, 2 Y.B. COM. ARB. 172 (Pieter Sanders ed., 1977) |
| 3. | HR (Neth. Supr. Ct.) 24 Sept. 2014, First Chamber No. 13/04679 EV/LZ (Republic of Ecuador/Chevron Corp.) |
| 4. | *Times of India*, Mar. 8, 2021 |
| 5. | *Reuters*, Mar. 24, 2021 |
| 6. | Dutch Code of Civil Procedure |
| 7. | Telefax from Department of Economic Affairs to India's Ambassador to the Netherlands, Oct. 1994 |
| 8. | Telefax from Department of Economic Affairs to India's Ambassador to Germany, July 1995 |
| 9. | Message from Director of Foreign Investment to the Joint Secretary for Foreign Trade and Investment, 1998 |
| 10. | Joint Interpretative Statements for Indian Bilateral Investment Treaties dated 8 February 2016 |
| 11. | Joint Interpretive Notes between the Respondent and the Government of Bangladesh dated 4 October 2017 |
| 12. | First Arbitration Witness Statement of Janice Brown, June 27, 2016 |
| 13. | 1976 UNCITRAL Arbitration Rules |