IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAIRN ENERGY PLC, *et al.*,         )
                                    )
            *Petitioners*,          )
                                    )
      v.                            )          Civil Case No. 1:21-cv-396
                                    )
THE REPUBLIC OF INDIA               )
                                    )
            *Respondent*.           )
-----------------------------------------------------------------

### EXPERT OPINION OF JUSTICE (RETIRED) PRADEEP NANDRAJOG
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 44.1

I, Justice (Retired) Pradeep Nandrajog, declare as follows:

1.      Counsel for the Republic of India has requested me to provide an Expert Opinion on Indian legal principles regarding Tax Avoidance and application of the "substance over form" principle under Indian law, as relates to an arbitration award dated December 21, 2020 (the "Award").[1]  I understand that this is the same Award that is the subject matter of the proceeding in this Court.

2.      My qualifications as an expert are as follows.  I enrolled as an Advocate with the Bar Council of Delhi in India in August 1981 and have been admitted to practice law in India since then.  I have practiced law before various courts, tribunals and High Courts across different States in India.  I am currently retired and settled in New Delhi, India.  As an advocate, I have advised clients on matters related to land revenue, commercial arbitration, and companies' law, among other fields.  Post-retirement, I have resumed practice as an arbitrator, advising parties on litigation strategies and rendering opinions.

3.      On December 20, 2002, I was appointed as an Additional Judge in the Delhi High Court, where in 2004, I was confirmed as a Permanent Judge of the Court.  On April 02, 2017, I was

---

[1] The present Expert Opinion address issues of Indian law applicable at the relevant times pertaining to the arbitration and the underlying arbitration agreement.  This Expert Opinion does not, however, address subsequent legislative developments that post-date the arbitration.

1



elevated as the Chief Justice of the Rajasthan High Court.  On April 07, 2019, I was appointed as the Chief Justice of the Bombay High Court, where I demitted office on February 23, 2020.

4.       I hold Bachelor of Science (B.Sc.) and Bachelor of Laws (LL.B.) degrees from the University of Delhi.  I am fluent in English, Punjabi, and Hindi.

5.       My CV is attached as Annex A.  In preparing this opinion, I have reviewed the materials identified in Annex B.

6.       As elaborated below, Indian courts may apply the judicial anti-avoidance rules of the "substance over form" doctrine for examining the taxability of transactions and for imposing tax against tax-avoidant transactions.  In this regard, I discuss the key principles outlined by the Indian Supreme Court in *McDowell and Co. Ltd. v. CTO* (1985) and *Vodafone International Holdings B.V. v. Union of India & Anr.* (2012).  These two precedents confirm a continuous commitment under Indian law to analyzing tax avoidant schemes, and then subjecting such schemes to taxation.

### I.       Tax Avoidance Is Analyzed Under the "Dominant Purpose" Test

7.       Under Indian law, a potentially tax-avoidant transaction is scrutinized by applying the "dominant purpose" test.[2]  Under this test, the key question is whether the dominant purpose of the transaction was tax avoidance or a legitimate business purpose.  If the dominant purpose of the transaction is tax avoidance, then the Indian tax authorities may apply the doctrine of "substance over form" to disregard the particular form of the transaction, and fully tax the transaction based on the underlying economic substance.[3]

8.       Section 120(1) of the Income Tax Act 1961 states that "Income-tax authorities shall exercise all or any of the powers and perform all or any of the functions conferred on, or, as the case may be, assigned to such authorities by or under" the Act.  Under the scheme of the Income Tax Act 1961, the "Income-tax authorities, their powers and jurisdictions" are set out in Chapter

---

[2] *M/s McDowell and Company Limited v. Commercial Tax Officer*, (1985) 3 SCC 230, J. Reddy Op. ¶¶ 17-18.
[3] *Id.*; *See also id.*, J. Misra Op. ¶¶ 45-46 (indicating the full bench's agreement with Justice Reddy's formulation).

2



XIII,[4] and the Supreme Court has held that an "Income Tax Officer", who is included within the meaning of Income-tax authorities, "while passing an order of assessment performs judicial function."[5] Therefore, the Income-tax authorities, in discharge of their statutory functions, are "entitled" and "bound to determine the true legal relation resulting from a transaction."[6] This is equally applicable to transactions concerning strategic foreign direct investments coming to India, where the Income-tax authorities must "look at the entire transaction as a whole [...] in a holistic manner."[7]

9.      Since at least 1985, the dominant purpose test has been a bedrock principle of Indian tax law.  In *McDowell and Co. Ltd. v. CIT*, a five-judge Constitution Bench of the Supreme Court of India examined a tax avoidant transaction concerning a distillery, which sold liquor to wholesale buyers on the condition that those buyers paid the excise duty on the liquor directly to the excise authorities, and obtained a 'distillery pass' for the release of the liquor.  Once a 'distillery pass' was presented by the buyers to the distillery, the latter would prepare an invoice for the liquor sold, that would reflect the price of the liquor but exclude the excise duty paid on it.  Thus, by excluding the excise tax from the invoice as well as from its account books, the distillery was avoiding paying the applicable excise duty on the sale of liquor.[8]  The tax authorities sought to tax the distillery by serving a notice to include the excise duty in its annual turnover.[9]  The Constitution Bench observed:

> "17. . . .**In our view, the proper way to construe a taxing statute,** while considering a device to avoid tax, **is** not to ask whether the provisions should be construed literally or liberally, nor whether the transaction is not unreal and not prohibited by the statute, but **whether the transaction is a device to avoid tax,**

[4] *Pooran Mal v. The Director of Inspection (Investigation), New Delhi and Others*, (1974) 1 SCC 345, ¶ 2.

[5] *Commissioner of Income Tax, Shimla v. Greenworld Corporation, Parwanoo*, (2009) 7 SCC 69, ¶ 20.

[6] *Commissioner of Income Tax, Gujarat II v. B.M. Kharwar*, AIR 1969 SC 812, ¶ 11, underlined in *Commissioner of Income Tax, Gujarat v. Artex Manufacturing Co.*, (1997) 6 SCC 437, para. 16; *Vodafone International Holdings B.V. v. Union of India and Another*, (2012) 6 SCC 613, ¶¶ 199, 200, 208.

[7] *Vodafone International Holdings B.V. v. Union of India and Another*, (2012) 6 SCC 613, ¶¶ 80-81.

[8] *M/s McDowell and Company Limited v. Commercial Tax Officer*, (1985) 3 SCC 230, J. Misra Op. ¶¶ 20-23.

[9] *M/s McDowell and Company Limited v. Commercial Tax Officer*, (1985) 3 SCC 230, J. Misra Op. ¶¶ 20-23.



> **and whether the transaction is such that the judicial process may accord its approval to it. . . .**
>
> 18. It is neither fair nor desirable to expect the Legislature to intervene and take care of every device and scheme to avoid taxation. It is up to the Court to take stock to determine the nature of the new and sophisticated legal devices to avoid tax and consider whether the situation created by the devices could be related to the existing legislation with the aid of 'emerging' techniques of interpretation [as] was done in *Ramsay* [1982 AC 300], Burmah Oil [1982 STC 30] and *Dawson* [(1984) 1 All ER 530], to expose the devices for what they really are and to refuse to give judicial benediction."[10] (Emphasis supplied).

10.     The *McDowell* Constitution Bench also clarified that a finding of tax avoidance does <u>not</u> require proof that the transaction was a sham under applicable law.  As the Supreme Court explained, it is not necessary to ask "whether the transaction is not unreal and not prohibited by the statute".[11]  Rather, the key question is simply "whether the transaction is a device to avoid tax".[12] The Constitution Bench unanimously agreed, and found that such "[c]olourable devices" cannot be part of tax planning within the framework of Indian laws as they are nothing but illegal "subterfuges" or "dubious methods".[13] These devices, although authored by "some of the best brains in the country" and "artful dodgers",[14] are unacceptable and must not be permitted.

11.     Accordingly, when the Income-tax authorities, or the courts in India, examine a transaction for tax avoidance under the Income Tax Act 1961, the ultimate aim is to uncover whether a transaction is, in fact, structured to accomplish unacceptable tax avoidance.  This may require examination of, for example: (1) the overall effect and true nature of the transaction; (2) the object and purpose of the transaction, and (3) the motive behind the transaction as a whole.  Tax authorities do not dissect a transaction into its individual components—as different limbs of the

---

[10] *M/s McDowell and Company Limited v. Commercial Tax Officer*, (1985) 3 SCC 230, J. Reddy Op. ¶¶ 17-18; *id.*, J. Misra Op. ¶¶ 45-46.

[11] *M/s McDowell and Company Limited v. Commercial Tax Officer*, (1985) 3 SCC 230, J. Reddy Op. ¶ 17.

[12] *Id.*

[13] *Id.*, J. Misra Op. ¶¶ 45-46.

[14] *Id.*, J. Reddy Op. ¶ 17.



transaction in question might be intrinsically linked to each other.  Thus, it is necessary to carefully examine the substance (and not the form) of the transaction to find out what its end result may be.

12.     The *McDowell* Constitution Bench emphasized the serious policy reasons for upholding this rigorous approach to examining the economic substance of abusive tax avoidant schemes.  As Justice Reddy found, the "artful dodgers" he described are the cause of "serious disturbance [] to the economy of the country by the piling up of mountains of black-money, directly causing inflation.  Then there is 'the large hidden loss' to the community . . ."[15]  Such strongly-worded policy pronouncements by a Constitution Bench, accordingly, must inform subsequent analysis of tax avoidance principles, including my understandings as explained in this Opinion.

13.     I note that the *McDowell* decision was rendered by a five-judge Constitution Bench of the Supreme Court.      Thus, under Indian legal system, the *McDowell* holding represents incontrovertible Indian law unless overruled by a Supreme Court Constitution Bench of seven (or more) judges (which has not taken place).[16]

**II.      "Substance over Form" Doctrine Applied in the *Vodafone* Judgment**

14.     The *McDowell* principles of "dominant purpose" and "substance over form" constitute settled principles of Indian law, consistently applied by the Supreme Court and lower courts.

15.     Counsel for India has advised me that the arbitral award at issue in the present proceedings places great emphasis on one of these subsequent cases in particular, *i.e.* the *Vodafone* judgment delivered by the Supreme Court in 2012.  As explained below, the *Vodafone* judgment upholds

---

[15] *Id.*, J. Reddy Op. ¶ 17.

[16] *Central Board of Dawoodi Bohra Community and Another v. State of Maharashtra and Another*, (2005) 2 SCC 673, ¶ 12: "(1) The law laid down by this Court in a decision delivered by a Bench of larger strength is binding on any subsequent Bench of lesser or co-equal strength. (2) A Bench of lesser quorum cannot disagree or dissent from the view of the law taken by a Bench of larger quorum. In case of doubt all that the Bench of lesser quorum can do is to invite the attention of the Chief Justice and request for the matter being placed for hearing before a Bench of larger quorum than the Bench whose decision has come up for consideration." *See e.g.*, *Samsher Singh v. State of Punjab and Another*, (1974) 2 SCC 831, where a seven-judge Constitution Bench overruled a five-judge Constitution Bench decision in *Bk. Sardari Lal v. Union of India and Others*, (1971) 1 SCC 411.



and applies the fundamental principles of the "dominant purpose" test and "substance over form" under *McDowell*.

16.     In *Vodafone*, a three-judge bench of the Supreme Court considered a tax dispute between the Income-tax authorities and the Vodafone Group arising out of an intra-group acquisition of the entire share capital of a Cayman Islands company by a Dutch company with the aim to acquire interest in the assets of the former's Indian subsidiary.  The Court applied the "substance over form" doctrine, and held as follows.

> "74. . . . **whether a transaction is used principally as colourable device for the distribution of earnings, profits and gains, is determined by a review of all the facts and circumstances surrounding the transaction**. It is in the above cases that the principle of lifting the corporate veil or the doctrine of substance over form or the concept of beneficial ownership or the concept of alter ego arises. . .

> [...]

> 79. When it comes to taxation of a holding structure, at the threshold, the burden is on the Revenue to allege and establish abuse, in the sense of tax avoidance in the creation and/or use of such structure(s). In the application of a judicial anti-avoidance rule, the Revenue may invoke the 'substance over form' principle or 'piercing the corporate veil' test only after it is able to establish on the basis of the facts and circumstances surrounding the transaction that the impugned transaction is a sham or tax avoidant . . .

> 80. In this connection, we may reiterate the '*look at*' principle enunciated in *Ramsay* [supra] in which it was held that the Revenue or the Court must *look at* a document or a transaction in a context to which it properly belongs to. . . and while doing so it has to *look at* the entire transaction as a whole and not to adopt a dissecting approach. The Revenue cannot start with the question as to whether the impugned transaction is a tax deferment/saving device but that it should apply the '*look at*' test to ascertain its true legal nature . . .

> 81. . . . [W]e are of the view that every strategic foreign direct investment coming to India, as an investment destination, should be seen in a holistic manner. While doing so, the Revenue/Courts should keep in mind the following factors: the concept of participation in investment, the duration of time during which the holding structure exists; the period of business operations in India; the generation of taxable revenues in India; the timing of the exit; the continuity of business on such exit.



82. In short, the onus will be on the Revenue to identify the scheme and its dominant purpose. The corporate business purpose of a transaction is evidence of the fact that the impugned transaction is not undertaken as a colourable or artificial device. The stronger the evidence of a device, the stronger the corporate purpose must exist to overcome the evidence of a device.

[…]

97. . . . **There is a conceptual difference between a *preordained transaction* which is created for tax avoidance purposes, on the one hand, and a transaction which evidences *investment to participate* in India**. In order to find out whether a given transaction evidences a preordained transaction in the sense indicated above or *investment to participate*, one has to take into account the factors enumerated hereinabove, namely, duration of time during which the holding structure existed, the period of business operations in India, generation of taxable revenue in India during the period of business operations in India, the timing of the exit, the continuity of business on such exit, etc."[17] (Emphasis supplied).

17.     Several conclusions arise from the *Vodafone* judgment's language.

18.     **First**, Indian tax authorities and the courts continue to apply the "dominant purpose" test to assess whether a transaction is tax avoidant, and the "substance over form" test to determine how transactions should properly be taxed.  The tax authorities are within their statutory powers to tax a tax-avoidant transaction based upon its actual economic substance.  Any other approach, including the elevation of the form of a transaction over its substance, would violate these fundamental principles and would, thus, be impermissible under Indian law.

19.     **Second**, in determining the "dominant purpose" of a transaction, the tax authorities and the courts look at "all the facts and circumstances . . . the entire transaction as a whole . . . in a holistic manner."[18]  Thus, a fact-finder must review a transaction holistically, taking into account the entire factual context and surrounding circumstances, and not limit the review to a single or discrete number of factors.  For example, the fact that a single, isolated part of a scheme is individually lawful and appropriate does not preclude a finding that the entire scheme is nonetheless tax-avoidant, when analyzed as a complete and integrated whole.

---

[17] *Vodafone International Holdings B.V. v. Union of India and Another*, (2012) 6 SCC 613 ¶¶ 74, 79-82, 97.
[18] *Id.*, ¶¶ 74, 80, 81.

7

20.     **Third**, the *Vodafone* judgment elaborates factors that may guide the tax authority or courts in conducting its full contextual analysis.  These factors include the duration of time of the holding structure, the period of business operations in India, the generation of taxable revenue in India during those operations, the timing of the exit, and the continuity of business on such exit.[19] Notably, the *Vodafone* judgment lays down that a fact-finder "should keep in mind" these factors, but does <u>not</u> limit the analysis to those factors.[20]  Thus, an analysis, which considers these factors as the exclusive and only parts of the review, and does not look at all the facts and circumstances, would be insufficient under *McDowell* and *Vodafone*.

21.     Moreover, the factors highlighted in the *Vodafone* judgment do not alter the required holistic analysis, which involves evaluation of both objective and subjective factors.  Indeed, the several example factors provided by the Supreme Court included facts beyond the subjective intent of the respondent taxpayer, *i.e.* "objective" factors.  In this regard, the Supreme Court's use of the word "preordained" should not be interpreted to limit the analysis to whether the taxpayer had subjectively "preordained" the transaction for illegal tax avoidance.  Rather, *Vodafone* should be read in harmony with the fundamental *McDowell* principle discussed above, *i.e.* the tax authority need not prove the transaction to be a sham or illegal in some respect – all it needs to show is the underlying tax-avoidant nature of the transaction.

22.     As a final point, I note that Indian High Courts have consistently applied the principles set forth in *McDowell* and *Vodafone* when analyzing tax avoidance.  In 2003, for example, the Bombay High Court held as follows: "even if the transaction is genuine and even if it is actually acted upon, but if the transaction is entered into with the intention of tax avoidance, then the transaction would constitute a colourable device."[21]  Accordingly, the relevant inquiry addresses "not merely . . . the genuineness of the transaction," but also "the intended effect of the transaction

---

[19] *Id.*, ¶¶ 81, 97.

[20] *Id.*, ¶ 81, 97.

[21] *Twinstar Holdings Limited v. Anand Kedia and Others*, (2003) 2 Mah LJ 963, ¶ 16.



on the fiscal purpose." [22]   More recently, in 2015, the Delhi High Court explained that "in order to examine whether a transaction is a device or a subterfuge the answer to the question whether the transaction has any reasonable business purpose would be a vital consideration.  Clearly, the use of corporate form to evade tax would be impermissible . . ." [23]

*       *       *

23.     The foregoing expresses my opinion and corresponds to my sincere beliefs.   Under 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 13, 2021
New Delhi

_____

Justice (Retired) Pradeep Nandrajog

---

[22] *Twinstar Holdings Limited v. Anand Kedia and Others*, (2003) 2 Mah LJ 963, ¶ 16.
[23] *Commissioner of Income Tax, Delhi-I v. M/s Abhinandan Investment Limited*, ITA No. 130 of 2011, Delhi High Court, Judgment dated 19 November 2015, ¶ 45

# ANNEX A

## Curriculum Vitae

Name: Justice (Retd.) Pradeep Nandrajog

Contact Details:
**Address**: K-29(GF) Hauz Khas Enclave.
New Delhi – 110016.
**Mobile**: +919818000130
Email : nandrajogpradeep@gmail.com

Educational Qualifications: B.Sc, LLB

Professional Experience:

1. Advocate from August1981 to 19th Dec. 2002. Practiced mainly on the Original Side of the Delhi High Court dealing with Commercial Suits. Did Arbitration cases and mainly pertaining to Turnkey Projects.
2. Judge Delhi High Court from 20th Dec. 2002 till 1st April 2017.
3. Chief Justice Rajasthan High Court from 2nd April 2017 till 6th April 2019.
4. Chief Justice Bombay High Court from 7th April 2019 till 23rd February 2020.
5. Arbitrator and rendering opinions since 24th February 2020.

*p nandrajog*

(PRADEEP NANDRAJOG)

# ANNEX B

### Index of Documents Cited in Expert Opinion of
### Justice (Retired) Pradeep Nandrajog

| Exhibit | Document |
|---|---|
| 1. | *Commissioner of Income Tax, Gujarat II v. B.M. Kharwar*, AIR 1969 SC 812 |
| 2. | Excerpts from *Pooran Mal v. The Director of Inspection (Investigation), New Delhi and Others*, (1974) 1 SCC 345 |
| 3. | Excerpts from *Samsher Singh v. State of Punjab and Another*, (1974) 2 SCC 831 |
| 4. | *M/s McDowell and Company Limited v. Commercial Tax Officer*, (1985) 3 SCC 230 |
| 5. | *Commissioner of Income Tax, Gujarat v. Artex Manufacturing Co.*, (1997) 6 SCC 437 |
| 6. | Excerpts from *Twinstar Holdings Limited v. Anand Kedia and Others*, (2003) 2 Mah LJ 963 |
| 7. | *Central Board of Dawoodi Bohra Community and Another v. State of Maharashtra and Another*, (2005) 2 SCC 673 |
| 8. | Excerpts from *Commissioner of Income Tax:, Shimla v. Greenworld Corporation, Parwanoo*, (2009) 7 SCC 69 |
| 9. | Excerpts from *Vodafone International Holdings B.V. v. Union of India and Another*, (2012) 6 SCC 613 |
| 10. | *Commissioner of Income Tax, Delhi-I v. M/s Abhinandan Investment Limited*, ITA No. 130 of 2011, Delhi High Court, Judgment dated 19 November 2015 |