# Exhibit 1

to the Expert Opinion of
Justice (Retired) Pradeep Nandrajog
dated August 13, 2021


SCC Online Web Edition, Copyright © 2021
Page 1 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com

---

AIR 1969 SC 812 : (1969) 72 ITR 603

In the Supreme Court of India
(BEFORE J.C. SHAH, V. RAMASWAMI (I) AND A.N. GROVER, JJ.)

COMMISSIONER OF INCOME TAX, GUJARAT II ... Appellant;

*Versus*

B.M. KHARWAR ... Respondent.

Civil Appeal No. 1678 of 1966[*], decided on August 13, 1968

Advocates who appeared in this case :

T.A. Ramachandran and R.N. Sachthey, Advocates, for the Appellant;

Dalip Dwarkadas, G.L. Sanghi, M.L. Bhakta, and A.K. Varma, Advocates, and O.C. Mathur, Advocate of J.B. Dadachanji and Co, for the Respondent.

The Judgment of the Court was delivered by

J.C. SHAH, J.— The respondents — a firm which carries on the business of manufacturing, purchasing and selling cloth — closed its manufacturing side of the business and transferred its machinery to a private limited company in the share capital of which the partners of the firm had the same interest as they had in the assets and profits of the partnership. In the Assessment Year 1959-60 the Income Tax Officer, Surat, brought to tax under Section 10(2)(*vii*) proviso (*ii*) of the Income Tax Act, 1922, Rs 40,743 being the excess realised over the written down value of the machinery. But the Income Tax Appellate Tribunal held, relying upon the decisions in *CIT* v. *Sir Homi Mehta's Executors*[1]; *Rogers & Co.* v. *CIT*[2] and *CIT* v. *Mugneeram Bangur & Co.*[3] that the firm "transferred the machinery only with a view to carry on the business as a company rather than as a firm", and by that transfer no profit in a business sense could be deemed to have resulted to the firm.

2. The following question referred by the Tribunal:

> "Whether, on the facts and in the circumstances of the case, the sum of Rs 40,743 is assessable to tax by applying second proviso to Section 10(2)(*vii*) of the Indian Income Tax Act, 1922?"

3. was answered by the High Court of Gujarat in the negative. The Commissioner of Income Tax Appeals with certificate of fitness granted by the High Court.

4. Counsel for the Commissioner contended that the decisions in *Sir Homi Mehta Executors case*[1], *Rogers & Company case*[2] and *Mugneeram Bangur's & Company case*[3] on which the Tribunal and the High Court relied are inconsistent with the judgments of this Court. He submitted that the assessee could not in a case falling within the 2nd proviso to Section 10(2)(*vii*) of the Income Tax Act, 1922, avoid liability to be taxed in respect of the excess realized over the written down value of the machinery sold by the firm on the plea that the "substance of the transaction" which resulted in transfer of the rights of the firm to the company was of the nature of a step to readjust the business relations of the partners inter se.

5. In *Sir Homi Mehta Executors case*[1] a group of individuals who were carrying on business in shares transferred their holding of shares in several joint stock companies to a private limited company formed by them and entered in the books of the company the price of the shares ruling in the market on the date of the commencement of its business. The market value of the shares was in excess of the cost to the transferors. It was held that no profit may in law be said to have resulted, for the true result of the transfer of the shares was only that instead of the shares being jointly held as individuals they were held by those very persons as a limited

SCC Online Web Edition, Copyright © 2021
Page 2 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com

---

company — a procedure adopted merely for readjustment of their business position as holders of the shares in the various companies. In *Rogers & Company case*[2] the Bombay High Court held that where partners of a trading firm were allotted shares in a private limited company floated by them in the same proportion as the shares they held in the assets of the firm transferred to the company, excess of price for which the assets were sold over the written down value of the assets could not be brought to tax under Section 10(2)(*vii*) proviso (*ii*) of the Income Tax Act, 1922. In the view of the High Court transfer of assets of the firm to the company did not amount to sale within the meaning of Section 10(2)(*vii*) proviso (*ii*). The High Court observed at p. 339:

> "But in all transactions which come up for consideration in a taxing statute we have to look at the real nature of the transaction; we have not to look at the form — the legal form — which a transaction has: and when we look at the real nature of the transaction before us, although legally it is a sale, substantially and really it is only a readjustment made by certain persons so as to carry on business in one form rather than in another."

6. That view was adopted with some variation in the norms of expression by the Calcutta High Court in *Mugneeram Bangur and Company case*[3] by the Kerala High Court in *CIT* v. *Morning Star Bus Service*[4] and by the Madras High Court in *M.C. Cherian* v. *CIT*[5]. The Patna High Court expressed a different view in *Maharajadhiraj Sir Kameshwar Singh* v. *CIT*[6].

7. The principle which was expounded by the Bombay High Court and adopted by the Calcutta, Madras, and Kerala High Courts cannot in our judgment be accepted as correct. It is now well settled that the taxing authorities are not entitled in determining whether a receipt is liable to be taxed to ignore the legal character of the transaction which is the source of the receipt and to proceed on what they regard as "the substance of the matter".

8. In *Inland Revenue Commissioners* v. *Duke of Westminister*[7] Lord Russel of Killowen observed at p. 524:

> "….I view with disfavour the doctrine that in taxation cases the subject is to be taxed if, in accordance with a Court's view of what it considers the substance of the transaction the Court thinks that the case falls within the contemplation of spirit of the statute. * * * If * * the doctrine means that you may brush aside deeds disregard the legal rights and liabilities arising under a contract between parties and decide the question of taxability or non-taxability upon the footing of the rights and liabilities of the parties being different from what in law they are, then I entirely dissent from such a doctrine."

9. In *Bank of Chettinad Ltd.* v. *CIT*[8] the Judicial Committee of the Privy Council observed at p. 526:

> "Their Lordships think it necessary one more to protest against the suggestion that in revenue cases 'the substance of the matter' may be regarded as distinguished from the strict legal position."

10. This Court in recent judgment in *CIT* v. *Motors & General Stores (P) Ltd.*[9] observed at p. 699:

> "In the absence of any suggestion of bad faith or fraud the true principle is that the taxing statute has to be applied in accordance with the legal rights of the parties to the transaction. When the transaction is embodied in a document the liability to tax depends upon the meaning and content of the language used in accordance with the ordinary rules of construction."

11. The taxing authority is entitled and is indeed bound to determine the true legal relation resulting from a transaction. If the parties have chosen to conceal by a device the legal relation, it is open to the taxing authorities to unravel the device and to determine the true character of the relationship. But the legal effect of a transaction



cannot be displaced by probing into the "substance of the transaction". This principle applies alike to cases in which the legal relation is recorded in a formal document, and to cases where it has to be gathered from evidence — oral and documentary — and conduct of the parties to the transaction. The observation made by Bose, J, in *Sir Kikabhai Premchand* v. *CIT*[10]:

"It is well recognised that in revenue cases regard must be had to the substance of the transaction rather than to its mere form. In the present case disregarding technicalities it is impossible to get away from the fact that the business is owned and run by the assessee himself. In such circumstances we are of opinion that it is wholly unreal and artificial to separate the business from its owner and treat them as if they were separate entities trading with each other and then by means of a fictional sale introduce a fictional profit which in truth and in fact is non-existent."

12. cannot be read as throwing any doubt on the principle that the true legal relation arising from a transaction alone determines the taxability of a receipt arising from the transaction. The observation is casual, it was not necessary for the purpose of the case, and was apparently recorded without any debate on the question. In *Sir Kikabhai Premchand case*[10] a dealer in silver and shares withdrew some silver bars and shares of the business and settled them upon certain trust of which he was the Managing Trustee. In his books of account he credited the business with the cost price of the bars and shares so withdrawn. The Income Tax Authorities sought to bring to tax the difference between the cost price of the assets withdrawn and their market value at the date of withdrawal from the business. It was held by this Court that no income arose to the assessee as a result of the transfer of shares and silver bars to the trustees, since there could be no trading by the assessee with himself. The legal effect of the transaction in *Sir Kikabhai case*[10] was not to effect a sale or transfer of the business assets from one person to another.

13. In the present case the machinery of the factory belonging to the firm was transferred to the private limited company. Assuming that thereby readjustment of the business relationship was intended the liability to be taxed in respect of the readjustment had to be determined according to the strict legal form of the transaction. The Company was a legal entity distinct from the partnership under the general law. Transfer of the machinery was by the firm to the company; and the legal effect of the transaction was to convey for consideration the rights of the firm in the machinery to the company. The transaction resulted in excess realization over the written down value of the machinery to the firm, and the liability to tax if any arising under the Act could not be avoided merely because in consequence of the transfer the interest of the partners in the machinery was substituted by an interest in the shares of the company which owned the machinery.

14. Counsel for the assessee also contended that where a transfer of the assets is effected with a view to close down the business no taxable profits result, because the transfer is not in the course of business of the assessee. This Court held in *CIT* v. *West Coast Chemical & Industries Ltd.*[11], that where the business is sold as a going concern and the sale of the assets is a realisation sale, the difference between the written down value and the price attributable to the assets which were admitted to depreciation is not taxable under Section 10(2)(*vii*) proviso (*ii*) as it stood enacted before it was amended by Act 67 of 1949. In the present case the Tribunal has recorded no finding that the transfer was "a realization sale" or in the course of winding up of the business. The observations made by the Revenue Authorities suggest that only the manufacturing side of the business was closed and not the business of purchasing and selling the cloth. The High Court observed that it was not possible to say that the entire business carried on by the firm at Surat, namely, the manufacturing of art silk cloth and sale thereof, was not taken over by the Company. We do not propose to express any opinion on the correctness of that view, for, in our


SCC Online Web Edition, Copyright © 2021
Page 4 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com

judgment, by virtue of the amendment made in Section 10(2)(*vii*) proviso (*ii*) of the Indian Income Tax Act, 1922, by Section 11 of the Taxation Laws (Extension to Merged States and Amendment) Act 67 of 1949, even under a "realization sale" excess over the written down value not exceeding the difference between the original cost and the written down value is liable to be brought to tax. In the *West Coast Chemical & Industries Ltd case*[11] income received in the accounting year ending April 30, 1944, was sought to be brought to tax and the second proviso to Section 10(2)(*vii*) in the relevant assessment year read as follows:

"Provided further that where the amount for which any such machinery or plant is sold, exceeds the written down value, the excess shall be deemed to be profits of the previous year in which the sale took place:"

15. clause (*vii*) and the second proviso were amended by Act 8 of 1946, and further amended by Act 67 of 1949. The relevant part of clause (*vii*) of Section 10(2) which falls to be construed in the present case reads as follows:

"Such profits or gains shall be computed after making the following allowances, namely:

* * *

(*vii*) in respect of any such buildings, machinery or plant which has been sold or discarded or demolished or destroyed, the amount by which the written down value thereof exceeds the amount for which the building, machinery or plant as the case may be, is actually sold or its scrap value:

Provided * * *

Provided further that where the amount for which any such building, machinery or plant is sold, whether during the continuance of the business or after the cessation thereof, exceeds the written down value, so much of the excess as does not exceed the difference between the original cost and the written down value shall be deemed to be profits of the previous year in which the sale took place:"

16. In *CIT* v. *Ajax Products Ltd.*[12] this Court observed that under the Act before it was amended by Act 67 of 1949, three conditions had to be satisfied: (*i*) during the entire previous year or a part thereof, the business should have been carried on by the assessee; (*ii*) the building, machinery or plant should have been used in the business; and (*iii*) the building, machinery or plant should have been sold when the business was being carried on and not for the purpose of closing it down or winding it up; but by the insertion of the words "whether during the continuance of the business or after the cessation thereof" in the proviso by the amendment of 1949, the third condition for the exigibility of the excess to tax was removed. The Court observed that if during the entire previous year or a part thereof, the business was carried on by the assessee and the building, machinery or plant was used in the business, the excess over the written down value was liable to tax by virtue of the second proviso to Section 10(2)(*vii*), even though the sale took place in the year of account after the closure of the business. If since the amendment of the proviso, liability to pay tax on the excess over the written down value arises, whether the sale of building, machinery or plant is before or after the closure of the business, it would be illogical to say that the excess is not taxable if the sale is for the closing down or in the course of winding up of the business. The plea that the sale was in the course of realization of assets of the business and on that account the excess over the written down value was not taxable cannot be accepted.

17. But counsel for the assessee is right in contending that the Tribunal has recorded no finding whether the transfer was of the nature of a sale, and on the materials on the record no answer to the question submitted by the Tribunal can be recorded. By Section 10(2)(*vii*) proviso (*ii*) excess over the written down value, subject to the maximum prescribed thereby, may be brought to charge to tax only if


SCC Online Web Edition, Copyright © 2021
Page 5 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com

the building, machinery or plant is sold. This Court pointed out in *CIT* v. *R.R. Ramakrishna Pillai*[13] that a transaction by which a person carrying on business transfers the assets of that business to another assessable entity may take different forms and may have different legal effects. The assets of a business may be sold at a fixed price to a company promoted by a person who carried on the business if the price paid for or attributable to an asset exceeds the written down value of the asset proviso (*ii*) to Section 10(2)(*vii*) of the Indian Income Tax Act, 1922, would ex facie be attracted. Where the person carrying on the business transfers the assets to a company in consideration of allotment of shares, it would be a case of exchange, and not of sale, and she true nature of the transaction will not be altered, because for the purpose of stamp duty or other reasons the value or the assets transferred is shown as equivalent to the face value of the shares allotted. A person carrying on business may agree with a company that the assets belonging to him shall be transferred to the company for a certain money consideration and that in satisfaction of the liability to pay that money consideration, shares of a certain face value shall be allotted to him. In that case there are in truth two transactions — one a transaction of sale and the other a contract under which the shares are allotted in satisfaction of the liability to pay the price. The Court further observed that Section 10(2)(*vii*) proviso (*ii*), on the plain terms used therein, is attracted if there be a sale of the building, machinery or plant and the amount for which the sale takes place exceeds the written down value of the assets transferred. If there be no sale, the proviso has no application.

18. In the absence of a clear finding by the Tribunal that there was a sale of the machinery by the firm to the company which resulted in excess realization of Rs 40,743 over the written down value, it is impossible to answer the question which has been referred. We, therefore, discharge the answer recorded by the High Court. It will be open to the Tribunal to re-hear the parties under Section 66(5) of the Income Tax Act and to record clear findings in the light of the observations made in this judgment.

19. The appeal is allowed. There will be no order as to costs in this Court and in the High Court.

---

* Appeal from the Judgment and Order dated 22nd September, 1965 of the Gujarat High Court in Income Tax Reference No. 10 of 1965.

[1] 28 ITR 928

[2] 34 ITR 336

[3] 47 ITR 565

[4] 49 ITR 927

[5] 51 ITR 631

[6] 48 ITR 483

[7] 19 TC 490

[8] 8 ITR 522

[9] 66 ITR 692

[10] 24 ITR 506

[11] 46 ITR 135

[12] 55 ITR 741

[13] 66 ITR 725

Disclaimer: While every effort is made to avoid any mistake or omission, this casenote/ headnote/ judgment/ act/ rule/ regulation/ circular/ notification is being circulated on the condition and understanding that the publisher would not be liable in any manner by reason of any mistake



SCC
ONLINE
The surest way to legal research!

SCC Online Web Edition, Copyright © 2021
Page 6 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com

or omission or for any action taken or omitted to be taken or advice rendered or accepted on the basis of this casenote/ headnote/ judgment/ act/ rule/ regulation/ circular/ notification. All disputes will be subject exclusively to jurisdiction of courts, tribunals and forums at Lucknow only. The authenticity of this text must be verified from the original source.