# Exhibit 2

to the Expert Opinion of
Justice (Retired) Pradeep Nandrajog

dated August 13, 2021


SCC Online Web Edition, Copyright © 2021
Page 1      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source:  Supreme Court Cases

-----------------------------------------------------------------------------------------------------------------------------------

tion due to an order which was not a bona fide one inasmuch as its object was to deprive the appellant of the rights he would have otherwise enjoyed. It is regrettable that a subordinate Government servant should be treated in this manner by his superior officers.  We hope that, although the claim of the appellant has been found to be barred by limitation, the Union of India will consider the equities of the case and see its way to giving such relief to the appellant as we are precluded under the law, from granting to him due to the operation of the law of limitation.

15.  The result is that we modify the decree passed by the High Court to the extent that we hold that the amount which falls due to be paid to the appellant within three years of the filing of the suit (i.e. within the period of limitation) in accordance with the above mentioned statement of the learned Counsel for the North Eastern Railway will be calculated on the correct basis now stated to us by the learned Counsel. To this extent we allow the appeal, but we dismiss the rest of the appellant's claim.  In the circumstances of the case, the parties will bear their own costs throughout.

———

**(1974) 1 Supreme Court Cases 345**

*(Original Jurisdiction and from Delhi High Court)*

[BEFORE A. N. RAY, C. J. AND D. G. PALEKAR, Y. V. CHANDRACHUD, A. ALAGIRISWAMI AND P. N. BHAGWATI, JJ.]

Writ Petition 446 of 1971*

POORAN MAL              ..       ..      ..   Petitioner ;

*Versus*

THE DIRECTOR OF INSPECTION (INVESTIGA-TION). NEW DELHI AND OTHERS    ..   Respondents.

Writ Petition 86 of 1972*

SHRI HANUMAN PERSHAD GANERWALA    ..   Petitioner ;

*Versus*

THE DIRECTOR OF INSPECTION, NEW DELHI    ..   Respondent.

Civil Appeal No. 1319 of 1968†

JAGAT RAM MAGO AND OTHERS    ..   Appellants ;

*Versus*

SHRI R. N. LIMAYA AND OTHERS    ..   Respondents.

*(Under Article 32 of the Constitution of India for the enforcement of fundamental rights).
†(From the Judgment and Order dated 22nd March 1968 of the Delhi High Court in Writ Petitions Nos. 798-D and 800-D of 1966).



SCC Online Web Edition, Copyright © 2021
Page 2        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source:  Supreme Court Cases

-----------------------------------------------------------------------------------------------------------------------

Civil Appeal No. 1320 of 1968†

RAMJI DAS SHARMA AND OTHERS                    .. Appellants ;

*Versus*

SHRI R. N. LIMAYA AND OTHERS                    .. Respondents.

Writ Petitions 446 of 1971 and 86 of 1972 and Civil Appeals Nos. 1319 and 1320 of 1968, decided on December 14, 1973

**Constitution of India — Article 19(1)(f) and (g) — Income Tax Act, 1961 (43 of 1961) — Sections 132(1) and (5) and 132-A and Rule 112-A — Constitutionality — Object of checking tax evasion — Drastic powers given in consequence thereof whether reasonable under Article 19(5) and (6) — Whether search and seizure interfere with the right to hold and enjoy property — Comparison with provisions under the Criminal Procedure Code — Power of search and seizure under tax laws — Test of safeguards being similar to those in Cr. P. C. for assessing the validity of the provisions — Likelihood of provisions working unjustly on innocent persons — Inability of Director of Inspection to form the requisite subjective satisfaction under Section 132(1)(a), (b) and (c) — Provisions of Section 132(5) whether confiscatory**

**Constitution of India — Article 14 — Income Tax Act, 1961 (43 of 1961) — Section 132(1) and (5) — Distinction made between evaders of tax — Only those believed to be in possession of undisclosed income or property searched and subjected to seizure — Whether discriminatory — Whether two kinds of procedures for assessment adopted**

**Income Tax Act, 1961 (43 of 1961) — Sections 132 and 132-A and Rule 112-A — Illegal search and seizure — Whether any information gathered from such search or seizure can be used as evidence — Whether against the spirit of Constitution — Argument based on the spirit of the Constitution if sustainable — Evidence Act, 1872 — Section 5 — Foreign Constitutions — Relevance of — Cr. P. C., 1973, Sections 93 to 101 and 165**

**Income Tax Act, 1961 (43 of 1961) — Sections 132(1) and (5) and 132-A and Rule 112-A — Search and seizures conducted whether violative of these provisions — Charge of mala fides, high-handedness and oppressive behaviour. — Fact that the day of search was a festival day whether material — Existence of reasonable belief under Section 132(1)(a), (b) and (c) — Judicial review of — Fact that undisclosed property was discovered relevant to the existence of reasonable belief — Seizure of irrelevant documents whether vitiates the search and seizure — Length of search if material**

HELD :

(i) As regards the challenge under Article 19(1)(f) and (g) of the Constitution it is to be noted that the impugned provisions are evidently directed against persons who are believed on good grounds to have illegally evaded the payment of tax on their income and property. Therefore, drastic measures to get at such income and property with a view to recover the government dues would stand justified in themselves. When one has to consider the reasonableness of the restrictions or curbs placed on the freedoms mentioned in Article 19(f) and (g), one cannot possibly ignore how such evasions eat into the vitals of the economic life of the community. Therefore, in the interest of the community it is only right that the fiscal authorities should have sufficient powers to prevent tax evasion.                    (Para 7)

A power of search and seizure is in any system of jurisprudence an overriding power of the State for the protection of social security and that power is necessarily regulated by law. A search by itself is not a restriction on the right to hold and enjoy property though a seizure is a restriction on the right of pos-


SCC Online Web Edition, Copyright © 2021
Page 3    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases

-----------------------------------------------------------------------------------------------------------------------------

POORAN MAL v. DIRECTOR OF INSPECTION                    347

session and enjoyment of the property seized. That, however, is only temporary and for the limited purpose of investigation. It is accepted in our criminal law in Sections 96 to 103 and Section 165, Criminal Procedure Code, 1898. [Now Sections 93 to 101 and Section 165 of Cr. P. C., 1973 (2 of 1974)].

(Para 8)

M. P. Sharma v. Satish Chandra, 1954 SCR 1077 : AIR 1954 SC 300 : 1954 SCJ 428, followed.

Similar powers entrusted to those whose duty it was to enforce taxation laws were upheld by this Court in **The Commissioner of Commercial Taxes v. R. S. Jhaver**. It is not possible now to challenge the measure of search and seizure when it is entrusted to income-tax authorities with a view to prevent large scale tax evasion.

(Para 9)

Applying the test of safeguards being adequate as in Cr. P. C. the inbuilt safeguards in Section 132 are:   In the first place, the power to order search and seizure is vested in the highest officers of the department.   Secondly the exercise of this power can only follow a reasonable belief entertained by such officer that any of the three conditions mentioned in Section 132(1)(a), (b) and (c) exists. Also under sub-rule (2) of Rule 112, the Director of Inspection or the Commissioner, as the case may be, has to record his reasons before the authorisation is issued to the officers mentioned in sub-section (1). Thirdly, the authorisation for the search cannot be in favour of any officer below the rank of an Income-tax Officer. Fourthly, the authorisation is for specific purposes enumerated in (i) to (v) in sub-section (1) all of which are strictly limited to the object of the search. Fifthly when money, bullion etc. is seized the Income-tax Officer is to make a summary enquiry with a view to determine how much of what is seized will be retained by him to cover the estimated tax liability and how much will have to be returned forthwith.   Sixthly, immediate return of property seized if provision for payment of tax dues made under sub-section (5) and lastly, the provisions of the Criminal Procedure Code apply to all searches and seizures under Section 132. Rule 112 provides for the actual search and seizure being made after observing normal decencies of behaviour. The person in charge of the premises searched is immediately given a copy of the list of articles seized. One copy is forwarded to the authorising officer. Provision for the safe custody of the articles after seizure is also made in Rule 112. Thus, the safeguards are adequate to render the provisions of search and seizure as less onerous and restrictive as is possible under the circumstances. The provisions, therefore, relating to search and seizure in Section 132 and Rule 112 cannot be regarded as violative of Article 19(1)(f) and (g).

(Para 11)

Clauses (4) and (5) of Section 132 show how an innocent person can meet the situation.

(Para 15)

In the course of his duties the Director of Inspection has ample opportunities to follow the course of investigation and assessment carried on by the Income-tax Officer and to check the information received from his sources with the actual material produced or not produced before the assessing authorities. It is not, therefore, correct to argue that the Director of Inspection could hardly be expected to entertain, honestly, any reasonable belief for the purposes of Section 132(1)(a), (b) and (c).

(Para 13)

The provisions  in Section 132(5) cannot be held to be confiscatory in nature. The object of these provisions is to expedite the return of the seized assets after retaining what is due by way of tax to Government and has been illegally withheld by the person concerned. If  by reason of the summary enquiry under Section 132(5), an amount in excess of the dues is retained, the same is liable to be returned with interest at 9 per cent under Section 132-A.

(Para 15)

The restrictions placed by any of the provisions of Sections 132, 132-A or Rule 112-A are not unreasonable restrictions on the freedoms under Article19(1)(f) and (g).

(Para 16)



SCC Online Web Edition, Copyright © 2021
Page 4       Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases

-----------------------------------------------------------------------------------------------------

348                    SUPREME COURT CASES                    (1974) 1 SCC

(ii) The charge of discrimination cannot be sustained. All evaders of tax can be proceeded against under Section 132. Only in some cases the search may be useful; in others it may not be. Assessees whose assets could be seized for the recovery of their tax liabilities do not stand in a different class, as such, but stand in a different situation from those others against whom the search and seizure process, though available, is futile. The finding of undisclosed income in the form of cash, jewellery and the like makes the provision of sub-section (5) imperative. It does not contemplate a different procedure in the matter of regular assessment but a provisional summary enquiry. In fact there are no two different procedures for assessment.                    (Paras 17 and 18)

C. Venkata Reddy v. I.T.O., (1967) 66 ITR 212 (Mys), approved.

Ramjibhai Kalidas v. I. G. Desai, I. T. O., (1971) 80 ITR 721 (Guj), approved.

Balwant Singh v. Director of Inspection, (1969) 71 ITR 550 (Delhi), referred to.

(iii) If the Evidence Act, 1872 permits relevancy as the only test of admissibility of evidence, and, secondly, that Act or any other similar law in force does not exclude relevant evidence on the ground that it was obtained under an illegal search or seizure, it will be wrong to invoke the supposed spirit of our Constitution for excluding such evidence. Nor is it open to us to strain the language of the Constitution, because some American Judges of the American Supreme Court have spelt out certain constitutional protections from the provisions of the American Constitution. So, neither by invoking the spirit of our Constitution nor by a strained construction of any of the fundamental rights can we spell out the exclusion of evidence obtained on an illegal search.                    (Para 23)

So far as India is concerned its law of evidence is modelled on the rules of evidence which prevailed in English Law, and Courts in India and in England have consistently refused to exclude relevant evidence merely on the ground that it is obtained by illegal search or seizure. Where the test of admissibility of evidence lies in relevancy, unless there is an express or necessarily implied prohibition in the Constitution or other law evidence obtained as a result of illegal search or seizure is not liable to be shut out.                    (Para 24)

A. K. Gopalan v. State of Madras, 1950 SCR 88, 120 : AIR 1950 SC 27 : 1950 SCJ 174, followed.

M. P. Sharma v. Satish Chandra, 1954 SCR 1077 : AIR 1954 SC 300 : 1954 SCJ 428, followed.

Barindra Kumar Ghose v. Emperor, ILR 37 Cal 467 : 7 IC 359, relied on.

Emperor v. Allahdad Khan, ILR 35 All 358 : 19 IC 332, relied on.

Kuruma v. Queen, 1955 AC 197, relied on.

Herman King v. The Queen, (1969) 1 AC 304, relied on.

Olmstead v. United States, (1828) 277 US 438, referred to.

(iv) The grounds on which the wild allegations of mala fides, oppression etc. had been made do not appear to be of any substance. It is undoubtedly true that search and seizure is a drastic process and is bound to be associated with some amount of unsavoury and inconvenient results. A sudden search and seizure may unnerve the inmates of the place where the search is made. But this is to be expected. When oppression and mala fides are alleged, there should be more substantial grounds than those. There is no law which says that a search and seizure cannot take place on a festival day. Refusal to postpone the search is no ground.                    (Para 27)

The Court is satisfied on the materials placed that the Director of Inspection



SCC Online Web Edition, Copyright © 2021
Page 5        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source:  Supreme Court Cases

-----------------------------------------------------------------------------------------------------------------------

POORAN MAL *v.* DIRECTOR OF INSPECTION (*Palekar, J.*)        349

was justified in entertaining the reasonable belief under Section 132(1)(a), (b) and (c).                                                                            (Para 30)

When in the course of a search voluminous documents and books of account are to be examined with a view to judge whether they would be relevant, a certain amount of latitude must be permitted to the authorities.  When particular documents are asked to be seized unnecessary examination of other documents may conceivably make the search excessive.  But when the documents, pieces of paper, exercise books, account books, small memos etc. have all to be examined with a view to see how far they are relevant for the proceeding under the Act, an error or judgment is not unlikely.  At the most this would be an irregularity — not an illegality.                                                                            (Para 33)

It cannot be a valid objection to the search that it continued for about 16 hours.  By their very nature such search and seizure would consume a lot of time.
(Para 33)

Appeals and writ petitions dismissed                                M/1845/CT

Advocates who appeared in this case :

N. D. Karkhanis, Senior Advocate (Ram Lal, Advocate with him) for the Petitioner (in W. P. No. 446/71);

N. D. Karkhanis, Senior Advocate (Balram Sanghi, A. T. M. Sampath, M. M. L. Srivastava and E. C. Agarwala, Advocates, with him) for the Petitioner (in W. P. No. 86/72);

F. S. Nariman, Additional Solicitor General of India (B. B. Ahuja, and S. P. Nayar, Advocates, with him) for the Respondents (in both Writ Petitions);

M. C. Chagla and L. M. Singhvi, Senior Advocates (Sadhu Singh, Jagmohan Khanna, R. N. Kapoor, Veena Devi Talwar, Advocates, with him) for the Appellants (in all the appeals) ;

F. S. Nariman, Additional Solicitor General of India, S. T. Desai, Senior Advocate (B. B. Ahuja, and S. P. Nayar, Advocates, with him) for the Respondents in all the appeals).

### The Judgment of the Court was delivered by

PALEKAR, J.—In these proceedings — two of them writ petitions under Article 32 of the Constitution and two others which are appeals from orders passed by the Delhi High Court under Article 226 — relief is claimed in respect of action taken under Section 132 of the Income-tax Act, 1961 (hereinafter called the Act) by way of search and seizure of certain premises on the ground that the authorisation for the search as also the search and seizure were illegal.  The challenge was based on constitutional and non-constitutional grounds.  For the appreciation of the constitutional grounds it is not necessary to give here the detailed facts of the four cases.  It is sufficient to state that in all these cases articles consisting of account books and documents and in the writ petitions, also cash, jewellery and other valuables, were seized by the Income-tax authorities purporting to act under the authorisation for search and seizure issued under Section 132 of the Act.  Broadly speaking the constitutional challenge is directed against sub-sections (1) and (5) of Section 132 of the Act and incidentally also against Rule 112-A on the ground that these provisions are violative of the fundamental rights guaranteed by Articles 14, 19(1)(*f*), (*g*) and 31 of the Constitution.  The non-constitutional grounds of challenge are based upon allegations to the effect




SCC Online Web Edition, Copyright © 2021
Page 6        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source:  Supreme Court Cases

---------------------------------------------------------------------------------------------------------------------------------

350                      **SUPREME COURT CASES**                      (1974) 1 SCC

that the search and seizure were not in accordance with Section 132 read
with Rule 112. This challenge will have to be considered in the back-
ground of the facts of the individual cases.

2. Chapter XIII of the Act deals with Income-tax authorities, their
powers and jurisdictions. The heirarchy of authorities as given in Section
116 shows that the class of authorities designated as Director of Inspection
is shown below the Central Board of Direct Taxes and above the class
of authorities known as Commissioner of Income-tax. The other authorities
mentioned are Assistant Commissioners of Income-tax, Income-tax Officers,
and Inspectors of Income-tax. Section 117 shows by whom these various
authorities are to be appointed. Section 118 deals with subordination and
control. Section 119 deals with the powers of the higher authorities to
give instructions and directions to subordinate authorities. Under Section
120 Directors of Inspection have to perform such functions of any other
Income-tax authority as may be assigned to them by the Board. The
Board, it is clear, might assign to the Director of Inspection the functions
of any other authority under the Act.

3. We may then turn to part 'C' of this Chapter which deals with
the powers. Section 131 says that the authorities from the Commissioner
down to the Income-tax Officer shall have the same powers as are vested
in a Court under the Code of Civil Procedure in respect of several matters
including the enforcing of attendance of any person or compelling the
production of books of account and other documents. Section 132 pro-
vides for search and seizure. It appears that under Section 37(2) of the
Income-tax Act, 1922 a limited power of search and seizure had been
first given to the Income-tax authorities in 1956. The present Income-tax
Act initially gave that power under Section 132 on the same lines as the
old Section 37(2). But there were further amendments in Section 132
in 1964 and 1965. Under the amendment of 1965, two Sections namely
Sections 132 and 132A were substituted for the original Section 132.
We are concerned with these Sections and it will be therefore, necessary
in the first instance to reproduce the same :

"**Section 132. Search and seizure**—(1) Where the Director of Inspection or
the Commissioner, in consequence of information in his possession, has reason to
believe that—

(a) any person to whom a summons under sub-section (1) of Section 37 of
the Indian Income-tax Act, 1922 (XI of 1922) or under sub-section (1) of
Section 131 of this Act, or a notice under sub-section (4) of Section 22
of the Indian Income-tax Act, 1922, or under sub-section (1) of Section
142 of this Act was issued to produce, or cause to be produced, any
books of account or other documents has omitted or failed to produce,
or cause to be produced, such books of account or other documents as
required by such summons or notice, or

(b) any person to whom a summons or notice as aforesaid has been or might
be issued will not or would not, produce or cause to be produced, any
books of account or other documents which will be useful for, or relevant
to, any proceedings under the Indian Income-tax Act, 1922 (XI of 1922),
or under this Act, or

(c) any person is in possession of any money, bullion, jewellery or other valu-
able article or thing and such money, bullion, jewellery or other valuable




SCC Online Web Edition, Copyright © 2021
Page 7        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases

-------------------------------------------------------------------------------------------------------------

POORAN MAL *v.* DIRECTOR OF INSPECTION (*Palekar, J.*)          351

article or thing represents either wholly or partly income or property which
has not been disclosed for the purposes of the Indian Income-tax Act, 1922
(XI of 1922), or this Act (hereinafter in this Section referred to as the
undisclosed income or property),

he may authorise any Deputy Director of Inspection, Inspecting Assistant Com-
missioner, Assistant Director of Inspection or Income-tax Officer (hereinafter refer-
red to as the authorised officer) to—

(i) enter and search any building or place where he has reason to suspect
that such books of account, other documents, money, bullion, jewellery
or other valuable article or thing are kept ;

(ii) break open the lock of any door, box, locker, safe, almirah or other
receptacle for exercising the powers conferred by clause (i) where the
keys thereof are not available ;

(iii) seize any such books of account, other documents, money, bullion,
jewellery or other valuable article or thing found as a result of such
search ;

(iv) place marks of identification on any books of account or other docu-
ments or make or cause to be made extracts or copies therefrom ;

(v) make a note on an inventory of any such money, bullion, jewellery
or other valuable article or thing.

(2) The authorised officer may requisition the services of any police officer
or of any officer of the Central Government, or of both, to assist him for all or
any of the purposes specified in sub-section (1) and it shall be the duty of every
such officer to comply with such requisition.

(3) The authorised officer may, where it is not practicable to seize any such
books of account, other document. money, bullion, jewellery or other valuable
article or thing, serve an order on the owner or the person who is in immediate
possession or control thereof that he shall not remove, part with or otherwise deal
with it except with the previous permission of such officer and such officer may
take such steps as may be necessary for ensuring compliance with this sub-section.

(4) The authorised officer may, during the course of the search or seizure,
examine on oath  any person who is found to be in possession or control of any
books of account, documents, money, bullion, jewellery or other valuable article
or thing and any statement made by such person during such examination may
thereafter be used in evidence in any proceedings under the Indian Income-tax Act,
1922 (XI of 1922), or under this Act.

(5) Where any money, bullion, jewellery or other article or thing (hereinafter
in this Section and Section 132-A referred to as the assets) is seized under sub-
section (1), the Income-tax Officer, after affording a reasonable opportunity to the
person concerned for being heard and making such enquiry as may be prescribed,
shall, within ninety days of the seizure, make an order, with the previous approval
of the Commissioner, —

(i) estimating the undisclosed income   (including the income from the
undisclosed property) in a summary manner to the best of his judg-
ment on the basis of such materials as are available with him ;

(ii) calculating the amount of tax on the income so estimated in accordance
with the provisions of the Indian Income-tax Act, 1922 (XI of 1922)
or this Act ;

(iii) specifying the amount that will be required to satisfy any existing
liability under this Act and any one  or more of the Acts specified in
clause (a) of sub-section (1) of Section 230-A in respect of which such
person is in default or is deemed to be in default, and retain in his
custody such assets or part thereof as are in his opinion sufficient to