# Exhibit 5

to the Expert Opinion of
Justice (Retired) Pradeep Nandrajog

dated August 13, 2021


SCC Online Web Edition, Copyright © 2021
Page 1 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

## (1997) 6 Supreme Court Cases 437

(BEFORE S.C. AGRAWAL AND G.B. PATTANAIK, JJ.)

COMMISSIONER OF INCOME TAX, GUJARAT    ..    Appellant;

Versus

ARTEX MANUFACTURING CO.    ..    Respondent.

Civil Appeal No. 2276(NT) of 1981†, decided on July 8, 1997

**A. Income Tax — Balancing charge — Transfer of assets — Excess price received from — Taxability — AY 1967-68 — Sale of business as a whole-going concern — Difference between the written down value of plant, machinery and dead stock and the amount received as consideration therefor when and under what provision chargeable to tax — Where evidence showed that at the time of agreement for such sale, the plant, machinery and dead stock were revalued by a valuer at a specific amount, the said difference, held, chargeable to tax under S. 41(2) of IT Act — Further held, surplus, if any, in excess of the said difference would be taxable as capital gain under S. 45 — Capital gains — Income Tax Act, 1961, Ss. 41(2) (since omitted) and 45 — Applicability — Income Tax Act, 1922, S. 10(2)(vii) — Effect of 1946 and 1949 amendments to, considered for interpreting S. 41(2) of IT Act, 1961 — Interpretation of Statutes — Legislative history — Various amendments to corresponding provision of predecessor Act taken into consideration**

The respondent-assessee was a partnership firm engaged in the business of manufacturing artsilk cloth. On 31-3-1966, the assessee and a private limited company entered into an agreement whereunder the assessee agreed to sell to the company the business hitherto carried on by the assessee as a whole-going concern. The consideration for the said sale was Rs 11,50,400 which was paid and satisfied by allotment of 11,504 fully paid-up equity shares of Rs 100 each according to original shares of the partners of the assessee. In pursuance of the said agreement, the assessee ceased to carry on the business with effect from 1-4-1966 and the said business stood transferred to the company. For AY 1967-68, the assessee filed a return showing "nil" income with a note that since the partnership firm was converted into a private limited company as a going concern there was no income chargeable to tax either under Section 41(2) or under Section 45 of the 1961 Act. During the course of the assessment proceedings before the Income Tax Officer, for the purpose of determination of purchase consideration, the assets were shown at Rs 41,73,973, out of which the machinery and dead stock, as revalued by a particular valuer was Rs 15,87,296. The liabilities were shown at Rs 30,23,573 and the balance amount of Rs 11,50,400 was shown as the purchase consideration. The written down value of plant, machinery and dead stock as per the assessee's books, was Rs 4,36,896. The difference between Rs 15,87,296, the value of plant, machinery and dead stock as revalued, and Rs 4,36,896, the written down value of plant, machinery and dead stock as per the assessee's books, came to Rs 11,50,400. Rejecting the assessee's contention that the sale was a realisation sale not liable to tax the High Court held the surplus amount resulting from the difference between the written down value and the sale consideration for the plant, machinery and dead stock transferred by the assessee to be taxable albeit under Section 45 of the Income Tax Act and not under Section 41(2) thereof. Partly allowing the Revenue's Appeal, the Supreme Court

† From the Judgment and Order dated 28-8-1980 of the Gujarat High Court in I T R No 250 of 1975



SCC Online Web Edition, Copyright © 2021
Page 2          Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------

*Held* :

Although in the agreement there is no reference to the value of the plant, machinery and dead stock, on the basis of the information furnished by the assessee before the Income Tax Officer it became evident that the amount of Rs 11,50,400 was arrived at by taking into consideration the value of the plant, machinery and dead stock as assessed by the valuer at Rs 15,87,296. This is not a case in which it could not be said that the price attributed to the items transferred was not indicated and, hence Section 41(2) of the 1961 Act could not be applied. It is therefore not possible to uphold the High Court's view that Section 41(2) of the Income Tax Act, 1961 was not applicable. But the liability under Section 41(2) is limited to the amount of surplus to the extent of difference between the written down value and the actual cost. If the amount of surplus exceeds the difference between the written down value and the actual cost then the surplus amount to the extent of such excess will have to be treated as capital gain for the purpose of taxation under Section 45 of the Act.

(Paras 23 and 24)

*CIT* v. *B.M. Kharwar*, (1969) 72 ITR 603 : AIR 1969 SC 812, *followed*

*CIT* v. *Mugneeram Bangur & Co. (Land Deptt.)*, (1965) 57 ITR 299 . AIR 1966 SC 50, *distinguished*

*Pandit Lakshmikanta Jha* v. *CIT*, (1970) 75 ITR 790 (SC); *CIT* v. *Ajax Products Ltd.*, (1965) 55 ITR 741 . AIR 1965 SC 1358; *Doughty* v. *Commr. of Taxes*, 1927 AC 327 . 96 LJPC 45 (PC); *Associated Clothiers Ltd.* v. *CIT*, (1967) 63 ITR 224 . AIR 1967 SC 788, *relied on*

*CIT* v. *Sir Homi Mehta's Executors*, (1955) 28 ITR 928 (Bom); *Rogers & Co.* v. *CIT*, (1958) 34 ITR 336 (Bom); *CIT* v. *Mugneeram Bangur & Co* , (1963) 47 ITR 565 (Cal), *held overruled by CIT* v. *B.M Kharwar*, (1969) 72 ITR 603 : AIR 1969 SC 812

*CIT* v. *West Coast Chemicals & Industries Ltd.*, (1962) 46 ITR 135 : 1962 Supp (3) SCR 960, *explained*

*CIT* v. *Bipinchandra Maganlal & Co. Ltd.*, (1961) 41 ITR 290 : AIR 1961 SC 1040; *Sarabhai M. Chemicals P. Ltd.* v. *P.N. Mittal*, (1980) 126 ITR 1 (Guj), *referred to*

**Suggested Case Finder Search Text** (*inter alia*) :

> income "balancing charge" or "transfer of assets" or "41(2)" or "10(2)(vii)"

**B. Income Tax — Firm — If taxable as a body of individuals — AY 1967-68 — Assessee, a registered firm carrying on a certain business, subsequently selling its business to another party as a whole-going concern — Profit from such sale, held, taxable in the hands of the assessee in the status of a body of individuals and not as a registered firm — Registered firm — Loss of status of, as such — Transfer of assets — Effect on status of transferor firm — Income Tax Act, 1961, Ss. 2(31)(v), 184 and 185 — Partnership Act, 1932, S. 42(b)**

(Para 25)

Appeal partly allowed                                    H-M/T/18220/C

Advocates who appeared in this case :

   T.L.V. Iyer and G.C. Sharma, Senior Advocates (B.K. Prasad, S. Rajappa, C. Radha Krishan, S. Ganesh and Ms A.K. Verma, Advocates, for JBD & Co., Advocates, P.H. Parekh and Ms R. Deepamala, Advocates, with them) for the appearing parties.

*Chronological list of cases cited*                                    *on page(s)*
  1. (1980) 126 ITR 1 (Guj), *Sarabhai M. Chemicals P. Ltd.* v. *P.N. Mittal*          448g
  2. (1970) 75 ITR 790 (SC), *Pandit Lakshmikanta Jha* v. *CIT*          440e-f, 447d, 448b-c
  3. (1969) 72 ITR 603 : AIR 1969 SC 812, *CIT* v. *B.M. Kharwar*          440a, 441d, 441e-f,
                                                         445g, 447a-b, 448d-e, 448e, 448f-g, 448g, 448g-h, 450d


SCC Online Web Edition, Copyright © 2021
Page 3    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

4.  (1967) 63 ITR 224 : AIR 1967 SC 788, *Associated Clothiers Ltd.* v *CIT*   447*d*, 447*d*
5.  (1965) 57 ITR 299 : AIR 1966 SC 50, *CIT* v. *Mugneeram Bangur & Co.*
    *(Land Deptt.)*   441*d-e*, 441*f*, 444*f-g*, 444*h*, 448*a*, 449*a*, 450*c*
6.  (1965) 55 ITR 741 : AIR 1965 SC 1358, *CIT* v *Ajax Products Ltd.*   443*b*
7.  (1963) 47 ITR 565 (Cal), *CIT* v. *Mugneeram Bangur & Co.*   446*a*, 448*g*
8.  (1962) 46 ITR 135 : 1962 Supp (3) SCR 960, *CIT* v. *West Coast Chemicals & Industries Ltd.*   444*e*, 444*g*, 446*d-e*
9.  (1961) 41 ITR 290 : AIR 1961 SC 1040, *CIT* v *Bipinchandra Maganlal & Co Ltd.*   442*c-d*
10. (1958) 34 ITR 336 (Bom), *Rogers & Co* v. *CIT*   446*a*
11. (1955) 28 ITR 928 (Bom), *CIT* v. *Sir Homi Mehta's Executors*   446*a*
12. 1927 AC 327 : 96 LJPC 45 (PC), *Doughty* v. *Commr. of Taxes*   443*g*, 444*e*, 444*g*, 448*a*

The Judgment of the Court was delivered by

S.C. AGRAWAL, J.— This appeal by certificate granted by the Gujarat High Court under Section 261 of the Income Tax Act, 1961 (hereinafter referred to as "the 1961 Act") involves the question whether the surplus as a result of difference between the written down value and the sale consideration for the plant, machinery and dead stock transferred by the assessee is taxable under Section 41(2) of the 1961 Act. The appeal relates to the Assessment Year 1967-68.

2. The assessee is a partnership firm which was carrying on the business of manufacturing art silk cloth. A private limited company by the name of Artex Manufacturing Company Private Ltd. (hereinafter referred to as "the company") was formed with a view to take over the business of the assessee as a running concern. On 31-3-1966, the assessee and the company entered into an agreement whereunder the assessee agreed to sell to the company the business hitherto carried on by the assessee as a whole-going concern. The consideration for the said sale was Rs 11,50,400 which was paid and satisfied by allotment of 11,504 fully paid-up equity shares of Rs 100 each according to original shares of partners of the assessee. In pursuance of the said agreement, the assessee ceased to carry on the business with effect from 1-4-1966 and the said business stood transferred to the company. In respect of the Assessment Year 1967-68, the assessee filed its return showing "nil" income. On 9-1-1970, a revised return was filed showing "nil" income with a note that since the partnership firm was converted into a private limited company as a going concern there was no income chargeable to tax either under Section 41(2) or under Section 45 of the 1961 Act. During the course of the assessment proceedings before the Income Tax Officer, for the purpose of determination of purchase consideration, the assets were shown at Rs 41,73,973, out of which the machinery and dead stock, as revalued by M/s Hargovandas Girdharlal, was Rs 15,87,296. The liabilities were shown at Rs 30,23,573 and the balance amount of Rs 11,50,400 was shown as the purchase consideration. The written down value of plant, machinery and dead stock as per the assessee's books, was Rs 4,36,896. The difference between Rs 15,87,296, the value of plant, machinery and dead stock as revalued, and Rs 4,36,896, the written down value of plant, machinery and


SCC Online Web Edition, Copyright © 2021
Page 4    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------
-

dead stock as per the assessee's books, came to Rs 11,50,400. Relying upon the decision of this Court in *CIT* v. *B.M. Kharwar*[1] the Income Tax Officer held that tax was payable under Section 41(2) on the surplus amount, i.e., difference between the written down value of plant, machinery and dead stock as per the assessee's books and the value of the same as revalued by M/s Hargovandas Girdharlal. The Income Tax Officer held that the written down value of plant, machinery and dead stock as per income tax records was Rs 3,32,276 and after deducting the same from the amount of Rs 15,87,296 for which plant, machinery and dead stock were transferred to the company, the Income Tax Officer held that tax was payable under Section 41(2) on the income of Rs 12,56,020. The Appellate Assistant Commissioner, on appeal, has held that the surplus was assessable under the head "Capital Gains" and not under the head "Business". As regards the status of the assessee it was held that the assessee must be taxed in the status of "Association of Persons" and not in the status of a "Registered Firm". The assessee as well as the Revenue filed appeals against the said decision of the Appellate Assistant Commissioner before the Income Tax Appellate Tribunal (hereinafter referred to as "the Tribunal"). The Tribunal framed the following questions for consideration:

(*i*) Whether the surplus is taxable at all?

(*ii*) If the surplus is found to be taxable, whether it should be taxed under Section 41(2) or under the head "Capital Gains"?

(*iii*) Whether the surplus is assessable in the status of "Association of Persons" or "Registered Firm"?

**3.** On the first question the contention urged on behalf of the assessee was that the principle of mutuality was applicable and consequently the surplus was not liable to tax. The said contention was rejected by the Tribunal on the basis of the decision of this Court in *Pandit Lakshmikanta Jha* v. *CIT*[2]. On the second question regarding applicability of Section 41(2), the Tribunal held that the language of Section 41(2) was wider than the language of Section 10(2)(*vii*) of the Indian Income Tax Act, 1922 (hereinafter referred to as "the 1922 Act") and, therefore, the surplus was taxable under Section 41(2) of the 1961 Act. As regards the third question, the Tribunal held that the surplus was taxable as business profit under Section 41(2) and that the assessee was assessable in the status of a registered firm. At the instance of the assessee, the Tribunal referred the following questions for the opinion of the High Court:

1. Whether, on the facts and in the circumstances of the case, the Tribunal was right in holding that the principle of mutuality will not apply and, therefore, the assessee was liable to be taxed?

2. Whether, on the facts and in the circumstances of the case, Section 41(2) was applicable?

---

1 (1969) 72 ITR 603 : AIR 1969 SC 812
2 (1970) 75 ITR 790 (SC)


SCC Online Web Edition, Copyright © 2021
Page 5 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

CIT v ARTEX MANUFACTURING CO *(Agrawal, J.)* 441

3. Whether, on the facts and in the circumstances of the case, the Tribunal was right in holding that the surplus was not capital gains, but was business income?

4. Whether, on the facts and in the circumstances of the case, the Tribunal was right in holding that the status of the assessee was a registered firm and not that of an association of persons?

5. Whether the Tribunal was right in holding that the assessee was not entitled to any relief on the basis of the two circulars relied on by it?

6. Whether the transfer of a going concern is liable to tax under Section 45 of the Income Tax Act, or under Section 41(2), or is it realisation sale, which is not liable to tax?

**4.** By the impugned judgment, the High Court has answered Question No. 1 in favour of the Revenue and against the assessee. Questions Nos. 2, 3, 4 and 5 have been answered in favour of the assessee and against the Revenue. The first part of Question No. 6, relating to applicability of Section 45 has been answered in the affirmative and the second part relating to applicability of Section 41(2) in the negative and as regards the third part it has been observed that in view of the answer to the first part and the second part of the question, the third part of the question does not arise. The High Court has held that the decision of this Court in *B.M. Kharwar*[1] is not applicable and that the present case is governed by the decision of this Court in *CIT v. Mugneeram Bangur & Co. (Land Deptt.)*[3]. Feeling aggrieved by the said decision of the High Court, the Revenue has filed this appeal on the basis of the certificate of fitness granted by the High Court.

**5.** Since Question No. 1 was answered in favour of the Revenue by the High Court this appeal is confined to Questions Nos. 2 to 6 which were answered against the Revenue. The main question that falls for consideration is whether Section 41(2) can be held to be applicable in the present case.

**6.** Before we refer to the decisions of this Court in *B.M. Kharwar*[1] and *Mugneeram Bangur*[3], we may briefly refer to the legislative history of the provision contained in Section 41(2) of the 1961 Act. In the 1922 Act provision relating to the "balancing charge" was contained in clause (*vii*) of sub-section (2) of Section 10 which originally read as follows:

"10. (2) Such profits or gains shall be computed after making the following allowances, namely:

(*i*)-(*vi*)         *          *          *

(*vii*) In respect of any machinery or plant which has been sold or discarded, the amount by which the written down value of the machinery or plant exceeds the amount for which the machinery or plant is actually sold or its scrap value:

Provided that such amount is actually written off in the books of the assessee:

---

3 (1965) 57 ITR 299 : AIR 1966 SC 50




SCC Online Web Edition, Copyright © 2021
Page 6     Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------------

Provided further that where the amount for which any machinery or plant is sold exceeds the written down value, the excess shall be deemed to be profits of the previous year in which the sale took place."

**7.** Clause (*vii*) and the second proviso were amended by Act 8 of 1946 and Act 67 of 1949. After the amendment the said clause and the second proviso read as under:

"(*vii*) In respect of any such building, machinery or plant which has been sold or discarded or demolished or destroyed, the amount by which the written down value thereof exceeds the amount for which the building, machinery or plant, as the case may be, is actually sold or its scrap value:

\*        \*        \*

Provided further that where the amount for which any such building, machinery or plant is sold, whether during the continuance of the business or after the cessation thereof, exceeds the written down value, so much of the excess as does not exceed the difference between the original cost and the written down value shall be deemed to be profits of the previous year in which the sale took place."

**8.** In *CIT* v. *Bipinchandra Maganlal & Co. Ltd.*[4] this Court has thus explained the reason for introducing the fiction in the second proviso to Section 10(2)(*vii*):

"... The reason for introducing this fiction appears to be this. Where in the previous years, by the depreciation allowance, the taxable income is reduced for those years and ultimately the asset fetches on sale an amount exceeding the written down value, i.e., the original cost less depreciation allowance, the Revenue is justified in taking back what it had allowed in recoupment against wear and tear, because in fact the depreciation did not result. But the reason of the rule does not alter the real character of the receipt. Again, it is the accumulated depreciation over a number of years which is regarded as income of the year in which the asset is sold. The difference between the written down value of an asset and the price realized by sale thereof though not profit earned in the conduct of the business of the assessee is notionally regarded as profit in the year in which the asset is sold, for the purpose of taking back what had been allowed in the earlier years." (pp. 295-296)

**9.** Prior to the amendment introduced by Act 67 of 1949, for the purpose of applicability of Section 10(2)(*vii*), the following three conditions were required to be satisfied:

(*i*) During the entire previous year or part thereof, the business should have been carried on by the assessee;

(*ii*) The building, machinery or plant should have been used in the business; and

(*iii*) The building, machinery or plant should have been sold when the business was being carried on and not for the purpose of closing it down or winding it up.

---

4 (1961) 41 ITR 290 : AIR 1961 SC 1040



CIT v ARTEX MANUFACTURING CO *(Agrawal, J.)*     443

**10.** After the insertion of the words "whether during the continuance of the business or after the cessation thereof" in the second proviso by Act 67 of 1949, the third condition for the eligibility of the excess to tax was removed. If during the entire previous year or a part thereof, the business was carried on by the assessee and the building, machinery or plant was used in the business, the excess over the written down value was liable to tax by virtue of the second proviso to Section 10(2)(*vii*) even though the sale took place in the year of account after the closure of the business. (See: *CIT* v. *Ajax Products Ltd.*[5])

**11.** At the relevant time Section 41(2) of the 1961 Act provided as under:

> "41. (2) Where any building, machinery, plant or furniture which is owned by the assessee and which was or has been used for the purposes of business or profession is sold, discarded, demolished or destroyed and the moneys payable in respect of such building, machinery, plant or furniture, as the case may be, together with the amount of scrap value, if any, exceed the written down value, so much of the excess as does not exceed the difference between the actual cost and the written down value shall be chargeable to income tax as income of the business or profession of the previous year in which the moneys payable for the building, machinery, plant or furniture became due:
>
> Provided that where the building sold, discarded, demolished, or destroyed is a building to which *Explanation* 5 to Section 43 applies, and the moneys payable in respect of such building, together with the amount of scrap value, if any, exceed the actual cost as determined under that *Explanation*, so much of the excess as does not exceed the difference between the actual cost so determined and the written down value shall be chargeable to income tax as income of the business or profession of such previous year.
>
> *Explanation*.— Where the moneys payable in respect of the building, machinery, plant or furniture referred to in this sub-section become due in a previous year in which the business or profession for the purpose of which the building, machinery, plant or furniture was being used is no longer in existence, the provisions of this sub-section shall apply as if the business or profession is in existence in that previous year."

**12.** While dealing with the question as to whether Section 41(2) would be attracted where there is slump sale in the sense that the entire business is transferred for a lump sum amount it would be useful to take note of the decision of the Judicial Committee of the Privy Council in *Doughty* v. *Commr. of Taxes*[6]. In that case, two partners carrying on business as general merchants and drapers sold the partnership business to a limited company in which they became the only shareholders. The sale was of the entire assets, including goodwill, the consideration being fully paid shares, and an agreement by the company to discharge all the liabilities. The nominal value of the shares being more than the sum to the credit of the capital account of

---

5 (1965) 55 ITR 741 : AIR 1965 SC 1358
6 1927 AC 327 : 96 LJPC 45 (PC)


SCC Online Web Edition, Copyright © 2021
Page 8      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

the partnership in its last balance sheet, a new balance sheet was prepared showing a larger value for the stock-in-trade. The increase in value so shown was treated as profit on the sale of the stock-in-trade by the Commissioner of Taxes and the appellant was assessed upon it for income tax under the Land and Income Tax Act, 1916 of New Zealand, which imposed the tax on all profits or gains derived from any business. The Privy Council decided the case in favour of the appellant. It was held that if the transaction is to be treated as a sale, there was no separate sale of the stock, and no valuation of the stock as an item forming part of the aggregate which was sold. It was observed that income tax being a tax upon income, it is well established that the sale of a whole concern which can be shown to be a sale at a profit as compared with the price given for the business, or at which it stands in the books does not give rise to a profit taxable to income tax. Lord Phillimore, speaking for the Judicial Committee, said:

> "Where, however, the business consists, as in the present case, entirely in buying and selling, it is more difficult to distinguish between an ordinary and a realization sale, the object in either case being to dispose of goods at a higher price than that given for them, and thus to make a profit out of the business. The fact that large blocks of stock are sold does not render the profit obtained anything different in kind from the profit obtained by a series of gradual and smaller sales. This might even be the case if the whole stock was sold out in one sale. *Even in the case of a realization sale, if there were an item which could be traced as representing the stock sold, the profit obtained by that sale, though made in conjunction with a sale of the whole concern, might conceivably be treated as taxable income.*"                                                             (emphasis supplied)

13. In *CIT* v. *West Coast Chemicals & Industries Ltd.*[7] after referring to the decision in *Doughty*[6], this Court has observed:

> "This case shows that where a slump price is paid and no portion is attributable to the stock-in-trade, it may not be possible to hold that there is a profit other than what results from the appreciation of capital. The essence of the matter, however, is not that an extra amount has been gained by the selling out or the exchange but whether it can fairly be said that there was a trading from which alone profits can arise in business." (p. 142)

14. In *Mugneeram Bangur*[3] after referring to the abovequoted observations in *Doughty*[6] and *CIT* v. *West Coast Chemicals & Industries Ltd.*[7], this Court has said:

> "It follows from the above that once it is accepted that there was a slump transaction in this case, i.e., that the business was sold as a going concern, the only question that remains is whether any portion of the slump price is attributable to the stock-in-trade." (p. 305)

15. In *Mugneeram Bangur*[3] the assessee, a firm, which carried on the business of buying land, developing it and then selling it, pursuant to an

---

7 (1962) 46 ITR 135 : 1962 Supp (3) SCR 960


Case 1:21-cv-00396-RJL   Document 19-5   Filed 08/14/21   Page 10 of 15
SCC Online Web Edition, Copyright © 2021
Page 9      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
------------------------------------------------------------------------------------------------------------------------------------------------

agreement sold the business as a going concern with its goodwill and all stock-in-trade, etc., to a company promoted by the partners of the firm, the company undertaking to discharge all debts and liabilities, development expenses, and liability in respect of deposits made by intending purchasers. The consideration was paid by the allotment of shares of the face value of the amount of consideration to the partners or their nominees. The sale consideration included a sum of Rs 2,50,000 towards goodwill. The Income Tax Appellate Tribunal held that the firm had no goodwill and that the sum of Rs 2,50,000, although shown as the value of the goodwill, was really the excess value of the land, which was its stock-in-trade, and that although the sale was that of a business as a going concern the value of its stock-in-trade could be traced. This Court held that the sale was the sale of a whole concern and no part of the price was attributable to the cost of the land and no part of the price was taxable. It was also held that the fact that in the schedule to the agreement the price of the land was stated did not lead to the conclusion that part of the slump price was necessarily attributable to the land sold and that what was given in the schedule was the cost price of the land as it stood in the books of the vendor and even if the sum of Rs 2,50,000 attributed to goodwill could be added to the cost of the land, there was nothing to show that this represented the market value of the land. In this context, Sikri J. (as the learned Chief Justice then was) has said:

> "It seems to us that in the case of a concern carrying on the business of buying land, developing it and then selling it, it is easy to distinguish a realisation sale from an ordinary sale, and it is very difficult to attribute part of the slump price to the cost of land sold in the realisation sale. The mere fact that in the schedule the price of land is stated does not lead to the conclusion that part of the slump price is necessarily attributable to the land sold. *There is no evidence that any attempt was made to evaluate the land on the date of sale.* As the vendors were transferring the concern to a company, constituted by the vendors themselves, no effort would ordinarily have been made to evaluate the land as on the date of sale. What was put in the schedule was the cost price, as it stood in the books of the vendors. Even if the sum of Rs 2,50,000 attributed to goodwill is added to the cost of land, it is nobody's case that this represented the market value of the land." (pp. 305-306)                                                    (emphasis supplied)

16. In *B.M. Kharwar*[1] the assessee was a firm carrying on the business of manufacturing, purchasing and selling cloth. It closed its manufacturing side of the business and transferred its machinery to a private limited company in the share capital of which the partners of the firm had the same interest as they had in the assets and profits of the partnership. The excess amount realised over the written down value of the machinery was brought to tax by the Income Tax Officer under Section 10(2)(*vii*), proviso (*ii*), of the 1922 Act, as amended by Act 8 of 1946 and Act 17 of 1949. On the basis of




SCC Online Web Edition, Copyright © 2021
Page 10        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-------------------------------------------------------------------------------------------------------------------------------------------------------------

the decision of this Court in *CIT* v. *Sir Homi Mehta's Executors*[8] and the decisions of the High Courts of Bombay and Calcutta in *Rogers & Co.* v. *CIT*[9] and *CIT* v. *Mugneeram Bangur & Co.*[10] respectively, the Income Tax Appellate Tribunal as well as the High Court held that no profit in a business sense could be deemed to have resulted to the firm by the said transfer and, therefore, second proviso to Section 10(2)(*vii*) of the 1922 Act was not applicable. The said view was reversed by this Court and it was held that "the taxing authority is entitled, and is indeed bound, to determine the true legal relation resulting from a transaction". It was observed:

> "In the present case the machinery of the factory belonging to the firm was transferred to the private limited company. Assuming that thereby readjustment of the business relationship was intended the liability to be taxed in respect of the readjustment had to be determined according to the strict legal form of the transaction. The company was a legal entity distinct from the partnership under the general law. Transfer of the machinery was by the firm to the company; and the legal effect of the transaction was to convey for consideration the rights of the firm in the machinery to the company. The transaction resulted in excess realization over the written down value of the machinery to the firm, and the liability to tax, if any, arising under the Act could not be avoided merely because in consequence of the transfer the interest of the partners in the machinery was substituted by an interest in the shares of the company which owned the machinery." (pp. 608-609)

**17.** After referring to the observations in *West Coast Chemicals & Industries Ltd.*[7] that where business is sold as a going concern and the sale of the assets is a realisation sale, the difference between the written down value and the price attributable to the assets which were admitted to depreciation is not taxable under Section 10(2)(*vii*), proviso (*ii*), as it stood enacted before it was amended by Act 67 of 1949, Shah J. (as the learned Chief Justice then was) said:

> "... In our judgment, by virtue of the amendment made in Section 10(2)(*vii*), proviso (*ii*), of the Indian Income Tax Act, 1922, by Section 11 of the Taxation Laws (Extension to Merged States and Amendment) Act, 67 of 1949, even under a 'realisation sale' excess over the written down value not exceeding the difference between the original cost and the written down value is liable to be brought to tax." (p. 609)

**18.** After taking note of the second proviso to Section 10(2)(*vii*) of the 1922 Act, as amended by Act 67 of 1949, the learned Judge, while rejecting the contention urged on behalf of the assessee that where a transfer of the assets is effected with a view to close down the business no taxable profits result because the transfer is not in the course of business of the assessee, has observed:

---

8  (1955) 28 ITR 928 (Bom)
9  (1958) 34 ITR 336 (Bom)
10 (1963) 47 ITR 565 (Cal)


SCC Online Web Edition, Copyright © 2021
Page 11        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
------------------------------------------------------------------------------------------------------------------------------------

CIT v ARTEX MANUFACTURING CO *(Agrawal, J.)*   447

"... If, since the amendment of the proviso, liability to pay tax on the excess over the written down value arises, whether the sale of building, machinery or plant is before or after the closure of the business, it would be illogical to say that the excess is not taxable if the sale is for the closing down or in the course of winding up of the business." (p. 610)

**19.** In *B.M. Kharwar*[1] this Court has mentioned that the observations made by the revenue authorities suggested that only the manufacturing side of the business was closed and not the business of purchasing and selling the cloth and that the Tribunal had recorded no finding that the transfer was "a *realisation sale*" or in the course of winding up of the business while the High Court had observed that it was not possible to say that the entire business carried on by the firm at Surat, namely, the manufacturing of art silk cloth and the sale thereof, was not taken over by the company. This Court has observed that it did not propose to express any opinion on the correctness of that view and has examined and rejected, on merits, the contention urged on behalf of the assessee that the sale was in the course of realisation of assets of the business and on that account the excess over the written down value was not taxable.

**20.** In this context, reference may also be made to the decisions of this Court in *Associated Clothiers Ltd.* v. *CIT*[11] and *Pandit Lakshmikanta Jha* v. *CIT*[2]. In *Associated Clothiers Ltd.*[11] the appellant company, which was originally registered as Phelps & Co. Ltd., altered its name to Associated Clothiers Ltd. on 21-3-1952. On the same day another company was incorporated in the name of Phelps and Co. Ltd. and by a written agreement of the same date the appellant company agreed to transfer its assets and liabilities to the new company, viz., Phelps & Co. Ltd., in consideration of the allotment of shares and some cash, the latter taking over the liabilities of the appellant company. Under the terms of the agreement the appellant company purported to transfer seven items of property described in the schedules annexed to the deed. No deed of conveyance was executed. The new company took possession of the property agreed to be sold on 1-7-1952. In the agreement the properties sold were allotted specific values and no attempt was made to prove that the values so allotted were not true. The consideration for a building transferred was in excess of its original cost and the question was whether the difference between the original cost of the building and its written down value would be deemed profits under the second proviso to Section 10(2)(*vii*) of the 1922 Act. This Court held that since the appellant company has sold the property for a stated consideration which was not shown to be notional and that consideration was in excess of the original cost of the building, the difference between its original cost and its written down value was profit within the meaning of the second proviso to Section 10(2)(*vii*) of the 1922 Act. On behalf of the appellant company, it was submitted that the transfer was a slump sale of the assets and that there being no separate sale of the property described in the second schedule the

---

11 (1967) 63 ITR 224 : AIR 1967 SC 788



SCC Online Web Edition, Copyright © 2021
Page 12     Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

difference between the written down value and the cost price was not liable to be included as income in the process of assessment and reliance was placed upon the decision of the Privy Council in *Doughty*[6] and on the decision of this Court in *Mugneeram Bangur*[3]. Rejecting the said contention it was observed:

> "That principle has however no application here. In the present case it is true that the entire assets of the appellant Company were sold to Messrs Phelps & Co. Ltd. There was no separate sale of different items, but the consideration of each item of property sold was expressly mentioned in the agreement of sale." (p. 231)

**21.** In *Pandit Lakshmikanta Jha*[2] the assessee sold his business of two newspapers as a going concern along with its assets and liabilities to a company formed by him in consideration of the allotment of fully paid-up shares. The sale deed, executed subsequent to the transfer of possession, recited the value of the moveables including machinery and plant of the business. The income tax authorities sought to treat the excess over the written down value up to the original cost of the plant and machinery as profit under the second proviso to Section 10(2)(*vii*) of the 1922 Act and it was contended on behalf of the assessee that the vendor and the purchaser being the same, the profits arising therefrom were not taxable. The said contention was rejected and it was held that the transaction which gave rise to the receipt sought to be brought to tax was of the nature of sale and that, therefore, the excess could be assessed under the second proviso to Section 10(2)(*vii*) of the 1922 Act and reliance was placed on the decision in *B.M. Kharwar*[1].

**22.** In the impugned judgment the High Court has distinguished the decision in *B.M. Kharwar*[1] on the ground that in that case the entire assets and liabilities of the partnership were not transferred to a limited company inasmuch as the whole business of the firm was not transferred to the limited company but only the machinery on the manufacturing side of the business of the firm was transferred to the newly formed limited company and the consideration was received by the partners of the firm in the shape of the shares of the company and the shares were allotted to the partners on the same basis as their share in the profits of the partnership firm. According to the High Court, in *B.M. Kharwar*[1], this Court was not dealing with a case of transfer of a business as a whole by a firm to a limited company. According to the High Court such type of a case is found in *Mugneeram Bangur*[10]. The High Court has also placed reliance on its judgment in *Sarabhai M. Chemicals (P) Ltd.* v. *P.N. Mittal*[12]. The distinction pointed out by the High Court that in *B.M. Kharwar*[1] this Court was not dealing with a case of transfer of a business as a whole by a firm to a limited company, is, in our opinion, not of much significance because this Court, in *B.M. Kharwar*[1], has held that by virtue of the amendment made in Section 10(2)(*vii*), proviso (*ii*) of the 1922 Act by Act 67 of 1949 even under a "realisation sale" excess

---

12 (1980) 126 ITR 1 (Guj)



CIT v ARTEX MANUFACTURING CO *(Agrawal, J.)* 449

over the written down value not exceeding the difference between the original cost and the written down value is liable to be brought to tax. In *Mugneeram Bangur*[3] this Court has indicated that where there is a slump transaction and the business is sold as a going concern what is to be seen is whether any portion of the slump price is attributable to the stock-in-trade and if on the basis of the facts it can be found that a particular price is attributable to a particular item then the excess amount would be chargeable to tax under Section 10(2)(*vii*), proviso (*ii*) of the 1922 Act [Section 41(2) of the 1961 Act]. In the facts of that case the Court found that it was very difficult to attribute part of the slump price to the cost of the land sold in the realisation sale since there was no evidence that any attempt was made to evaluate the land on the date of the sale. In the present case, however, it was the admitted case of the assessee before the Income Tax Officer that the plant, machinery and dead stock had been revalued by M/s Hargovandas Girdharlal at the time of the agreement for sale and the amount of Rs 11,50,400 was fixed after taking into account the value of the plant, machinery and dead stock at Rs 15,87,296 as per valuation by M/s Hargovandas Girdharlal. This shows that at the time of execution of the agreement on 31-3-1967 the value of the plant, machinery and dead stock that were transferred was Rs 15,87,296.

23. Shri Ganesh, the learned counsel appearing for the assessee, has submitted that in the present case the value of the plant, machinery and dead stock is not mentioned in the agreement and the agreement does not indicate the value attributable to the said items. It is no doubt true that in the agreement there is no reference to the value of the plant, machinery and dead stock. But on the basis of the information that was furnished by the assessee before the Income Tax Officer it became evident that the amount of Rs 11,50,400 had been arrived at by taking into consideration the value of the plant, machinery and dead stock as assessed by the valuer at Rs 15,87,296. This is not a case in which it cannot be said that the price attributed to the items transferred is not indicated and, hence Section 41(2) of the 1961 Act cannot be applied. We are, therefore, unable to agree with the view of the High Court that Section 41(2) of the 1961 Act is not applicable. Question No. 2 referred to the High Court is, therefore, answered in the affirmative, i.e., in favour of the Revenue and against the assessee.

24. Questions Nos. 2 and 3 are interconnected in the sense that the surplus amount resulting from the transfer of plant, machinery and dead stock is either taxable as income under Section 41(2) or as capital gain under Section 45. The Tribunal was of the view that it was chargeable to income tax under Section 41(2) while the High Court has held that it was chargeable to tax as capital gain. Since we are of the view that the income was chargeable to income tax under Section 41(2) the decision of the High Court that it was chargeable to tax as capital gain cannot be upheld. But the liability under Section 41(2) is limited to the amount of surplus to the extent of difference between the written down value and the actual cost. If the amount of surplus exceeds the difference between the written down value


SCC Online Web Edition, Copyright © 2021
Page 14        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

and the actual cost then the surplus amount to the extent of such excess will have to be treated as capital gain for the purpose of taxation. The Tribunal has not considered the matter in this light and on the basis of the record it is not possible to answer Question No. 3. We, therefore, discharge the answer recorded by the High Court on Question No. 3. It will be open to the Tribunal to rehear the parties and record clear findings in the light of the observations made in this judgment.

**25.** As regards Question No. 4, we are in agreement with the view of the High Court that the assessee cannot be taxed as a "registered firm" and has to be taxed in the status of a "body of individuals" and the answer given by the High Court to the said question is affirmed.

**26.** Question No. 5 relates to the two circulars of the Central Board of Direct Taxes. The Tribunal has stated that one of the circulars related to the tax liability of surplus in the case of nationalised banks and it has no application to the present case and that the second circular was based on the decision in *Mugneeram Bangur*[3] and since the said case dealt with the provisions of Section 10(2)(*vii*), proviso (*ii*) of the 1922 Act prior to amendment, the said circular has no application and that the matter is governed by the decision in *B.M. Kharwar*[1]. We are in agreement with the said view of the Tribunal and Question No. 5 is, therefore, answered in the affirmative, i.e., in favour of the Revenue and against the assessee.

**27.** In the light of the answers given to Questions Nos. 2 and 3, first part of Question No. 6 is answered in the negative and the second part of the said question is answered in the affirmative.

**28.** In the result the appeal is partly allowed and the impugned judgment of the High Court insofar as Questions Nos. 2, 3, 5 and 6 are concerned is set aside and the said questions are answered as indicated above. The judgment of the High Court regarding Question No. 4 is affirmed. No order as to costs.

---

### (1997) 6 Supreme Court Cases 450

(BEFORE K.S. PARIPOORNAN, K. VENKATASWAMI AND B.N. KIRPAL, JJ.)

DWARIKESH SUGAR INDUSTRIES LTD. .. Appellant;

*Versus*

PREM HEAVY ENGINEERING WORKS (P) LTD.
AND ANOTHER .. Respondents.

Civil Appeal No. 3376 of 1997[†], decided on May 7, 1997

**A. Banker and Customer — Bank Guarantee — Injunction restraining encashment of unconditional bank guarantee — Court's approach reiterated — Except in cases of established fraud vitiating the very foundation of the bank guarantee or encashment resulting in irretrievable harm or injustice which would make it impossible for the guarantor to reimburse himself, if he

---

† From the Judgment and Order dated 10-9-1996 of the Allahabad High Court in C R No 257 of 1996