# Exhibit 6

to the Expert Opinion of
Justice (Retired) Pradeep Nandrajog
dated August 13, 2021


SCC Online Web Edition, Copyright © 2021
Page 1      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal
-----------------------------------------------------------------------------------------------------------


facts and circumstances of the present case. In that view of the matter, the learned Magistrate was perfectly justified in granting maintenance to applicant wife. The order passed by the learned Additional Sessions Judge reversing the finding of the Magistrate is not sustainable in law and thus, revision deserves to be allowed.

13. In the result, the revision is allowed. The impugned order passed by the learned Additional Sessions Judge is hereby set aside and that passed by the learned Judicial Magistrate. First Class granting maintenance at the rate of rupees three hundred per month to the applicant wife is restored. Rule is made absolute in the abovesaid terms.

*Revision allowed.*

---

## INCOME TAX ACT, SECTION 281
*(S. H. Kapadia and J. P. Devadhar, JJ.)*

TWINSTAR HOLDINGS LIMITED                                                           *Petitioner.*
vs.
ANAND KEDIA and others                                                              *Respondents.*

(a) **Income Tax Act (43 of 1961), S. 281** — *Block assessment proceedings — Transfer of assets by assessee pending assessment proceedings to avoid liability accrued during block period — The case falls within first limb of section 281.* (Paras 7 and 9)

(b) **Income Tax Act (43 of 1961), S. 281 (1)** — *Section 281 is a prelude to section 226(5) — It is declaratory and not procedural.*

Section 281 of the Income Tax Act does not contemplate making of any order by any authority. Section 281(1) has a proviso under which transfers are saved if they are made for adequate consideration and if such transfers are made without notice of tax payable by the assessee or without notice of pendency of proceedings. Both the conditions are required to be satisfied to attract proviso 1. Section 281 finds place in Chapter XXIII which assists recovery. Section 281(1) is a prelude to Schedule II and Schedule III read with section 226(5). Section 281(1), declares transfer of assets as void vis-a-vis department's claim where such transfers are effected during pendency of proceedings under the Act or after the completion thereof, but before service of notice under Rule 2 of second Schedule. It refers to an assessee parting with possession of his assets to defeat the department's claim. (Paras 10 and 12)

For petitioners : *P. Chidambaram, Senior Counsel* with
  *F. B. Andhyarujina, Senior Counsel* and *J. D. Mistry*
  instructed by *Rajesh Shah and Co.*
For respondents : *R. V. Desai, Senior Counsel* with *P. S. Jetley* and
  *Mrs. S. V. Bharucha* instructed by *T. C. Kaushik*

*List of cases referred :*
| | | |
|---|---|---|
| 1. | 234 ITR 188 (SC) | (Para 5) |
| 2. | 246 ITR 814 (Mad.) | (Para 5) |
| 3. | KEC International vs. B. R. Balakrishnan & ors. 251 ITR 158 | (Para 5, 15) |
| 4. | Champarun Sugar Company Limited vs. Haridas Mundhra, AIR 1966 Cal. 134 | (Para 14) |

W. P. No. 2120 of 2002 decided on 30-10-2002. (O.O.C.J. Bombay)


SCC Online Web Edition, Copyright © 2021
Page 23     Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Maharashtra Law Journal
------------------------------------------------------------------------------------------------------------------------

the grievance of the assessees whose stay applications are kept pending so that stay applications could be disposed of promptly and that the grievance of the assessees could be redressed promptly. Therefore, the judgment has no application to the facts of this case.

16. In conclusion, we may refer to the judgment of the Supreme Court in the case of *McDowell & Co. Limited vs. Commercial Tax Officer* reported in *154 ITR Page 148* in which it has been held that even if the transaction is genuine and even if it is actually acted upon, but if the transaction is entered into with the intention of tax avoidance, then the transaction would constitute colourable device. That the Courts are now concerned, not merely with the genuineness of the transaction, but with the intended effect of the transaction on the fiscal purpose. That, the true principle in case of *Ramsay* was that one must consider fiscal consequences of a pre-planned series of transaction and one has not to dissect the scheme and consider individual stages separately. This judgment squarely applies to our case.

17. We may add that our observations in this case on the merits of the matter are tentative and they are not binding on the Appellate Authority/ Recovery Authority. They have been given only to explain the legal position on section 281.

### ORDER

For the aforestated reasons Writ Petition fails. Rule is discharged. No order as to costs. Interim orders to stand vacated.

C. C. Expedited.

*Writ petition dismissed.*

---

MAHARASHTRA AGRICULTURAL LANDS (CEILING ON HOLDINGS) ACT, SECTION 45(2)

*(A. M. Khanwilkar, J.)*

| | |
|---|---|
| GOOL NOSHIR DAVIERWALA and others | *Petitioners.* |
| vs. | |
| ADDITIONAL COMMISSIONER, KONKAN DIVISION and another | *Respondents.* |

**Maharashtra Agricultural Lands (Ceiling on Holdings) Act (21 of 1961), S. 45(2) Proviso —** *Exercise of suo motu jurisdiction under section 45(2) impermissible after expiry of three years from the date of declaration.*

Declaration of surplus land under the provisions of the Maharashtra Agricultural Lands (Ceiling on Holdings) Act was made on 29-3-1976. Suo motu action by the Additional Commissioner in exercise of powers under section 45(2) of the Act was initiated by issuing notice on 8-7-1985. Objection was raised that in view of the lapse of period of three yeas from the date of declaration suo motu action could not have been taken. The Commissioner however, turned down the objection and decided the matter on merits. In writ petition challenging the said order, it was sought to be justified on the ground that that as the papers were received in the Office on 24-1-1979, powers under section 45 were rightly exercised.

---

W. P. Nos. 2177 with 2178 of 1986 decided on 4-9-2002. (Bombay)