# Exhibit 7

to the Expert Opinion of
Justice (Retired) Pradeep Nandrajog

dated August 13, 2021


SCC Online Web Edition, Copyright © 2021
Page 1 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

## (2005) 2 Supreme Court Cases 673

(BEFORE R.C. LAHOTI, C.J. AND SHIVARAJ V. PATIL,
K.G. BALAKRISHNAN, B.N. SRIKRISHNA AND G.P. MATHUR, JJ.)

CENTRAL BOARD OF DAWOODI BOHRA
COMMUNITY AND ANOTHER . . Petitioners;

*Versus*

STATE OF MAHARASHTRA AND ANOTHER . . Respondents.

IA No. 4 in WP (C) No. 740 of 1986†, decided on December 17, 2004

A. **Constitution of India — Art. 141 — Supreme Court vis-à-vis itself — Smaller Bench vis-à-vis larger Bench — Course permissible in case of smaller Bench doubting view taken by larger Bench —** Held, law laid down by Supreme Court is binding on any subsequent Bench of lesser strength — A smaller Bench cannot disagree or dissent from the view of law taken by a larger Bench — In case of doubt, smaller Bench can invite attention of Chief Justice and request for the matter being placed for hearing before a Bench larger than the one whose decision is being doubted — However, it will be open only for a Bench of coequal strength to express an opinion doubting the correctness of the view taken by the Bench whose decision is being doubted, whereupon the matter may be placed for hearing before a Bench larger than the one whose decision is being doubted — Two exceptions to this rule, delineated — So far as the present case is concerned, there is no reference made by any Bench of any strength at any time for hearing by a larger Bench and doubting the correctness of the Constitution Bench decision in *Sardar Syedna case*, AIR 1962 SC 853 — Order dt. 18-3-1994 by a two-Judge Bench directing the matter to be listed before a seven-Judge Bench for hearing cannot be construed as an order of reference — Moreover, at no point of time did the Chief Justice of India direct the matter to be placed for hearing before a Constitution Bench or a Bench of seven Judges — Hence, matter directed to be placed before Constitution Bench (of five Judges) which could, if it doubts *Sardar Syedna case*, opine in favour of hearing by a Bench of seven Judges or such other strength as the Chief Justice of India might, in exercise of his power to frame a roster, deem fit to constitute

B. **Constitution of India — Art. 141 — Supreme Court vis-à-vis itself — Coordinate/coequal Benches — Course permissible in case of Bench doubting view taken by coordinate Bench —** Held, law laid down by Supreme Court is binding on any subsequent Bench of coequal strength — It will be open, however, for a Bench of coequal strength to express an opinion doubting the correctness of the view taken by an earlier Bench of coequal strength, whereupon the matter may be placed for hearing before a Bench larger than the one whose decision is being doubted — (*Quaere*: whether therefore subsequent coequal/coordinate Benches can no longer overrule decisions of prior Benches of coequal strength)

C. **Constitution of India — Arts. 141 and 145(2) — Supreme Court vis-à-vis itself — Reference to larger Bench to reconsider validity of a decision of the Supreme Court — When valid — Two-Judge Bench doubting five-**

† Under Article 32 of the Constitution of India



SCC Online Web Edition, Copyright © 2021
Page 2      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source:  Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

Judge Bench decision and directing matter to be listed for hearing by a seven-Judge Bench, held, cannot be construed as an order of reference — A valid order of reference to a larger Bench to reconsider validity of a decision of the Supreme Court would be one which is either (a) made by a Bench of strength coequal to the Bench whose decision is being doubted, or (b) made by the Chief Justice of India in exercise of his power to frame the roster

*Held* :

(*1*) The law laid down by the Supreme Court in a decision delivered by a Bench of larger strength is binding on any subsequent Bench of lesser or coequal strength.

(*2*) A Bench of lesser quorum cannot disagree or dissent from the view of the law taken by a Bench of larger quorum. In case of doubt all that the Bench of lesser quorum can do is to invite the attention of the Chief Justice and request for the matter being placed for hearing before a Bench of larger quorum than the Bench whose decision has come up for consideration. It will be open only for a Bench of coequal strength to express an opinion doubting the correctness of the view taken by the earlier Bench of coequal strength, whereupon the matter may be placed for hearing before a Bench consisting of a quorum larger than the one which pronounced the decision laying down the law the correctness of which is doubted.

(*3*) The above rules are subject to two exceptions: (*i*) the abovesaid rules do not bind the discretion of the Chief Justice in whom vests the power of framing the roster and who can direct any particular matter to be placed for hearing before any particular Bench of any strength; and (*ii*) in spite of the rules laid down hereinabove, if the matter has already come up for hearing before a Bench of larger quorum and that Bench itself feels that the view of the law taken by a Bench of lesser quorum, which view is in doubt, needs correction or reconsideration then by way of exception (and not as a rule) and for reasons given by it, it may proceed to hear the case and examine the correctness of the previous decision in question dispensing with the need of a specific reference or the order of the Chief Justice constituting the Bench and such listing. Such was the situation in *Raghubir Singh*, (1989) 2 SCC 754 and *Hansoli Devi*, (2002) 7 SCC 273.                                                                 (Paras 12 and 5)

> *Bharat Petroleum Corpn. Ltd.* v. *Mumbai Shramik Sangha*, (2001) 4 SCC 448; *Pradip Chandra Parija* v. *Pramod Chandra Patnaik*, (2002) 1 SCC 1; *Chandra Prakash* v. *State of U.P.*, (2002) 4 SCC 234 : 2002 SCC (L&S) 496; *Vishweshwaraiah Iron & Steel Ltd.* v. *Abdul Gani*, (2002) 10 SCC 437 : 2003 SCC (L&S) 786; *Arya Samaj Education Trust* v. *Director of Education*, (2004) 8 SCC 30; *Union of India* v. *Raghubir Singh*, (1989) 2 SCC 754; *Union of India* v. *Hansoli Devi*, (2002) 7 SCC 273; *Sher Singh* v. *State of Punjab*, (1983) 2 SCC 344 : 1983 SCC (Cri) 461, *affirmed* and *followed*
>
> *Union of India* v. *Raghubir Singh*, (1989) 2 SCC 754; *Union of India* v. *Hansoli Devi*, (2002) 7 SCC 273, *clarified*
>
> *Sardar Syedna Taher Saifuddin Saheb* v. *State of Bombay*, 1962 Supp (2) SCR 496 : AIR 1962 SC 853, *referred to*
>
> *Jones* v. *Secy. of State for Social Services*, 1972 AC 944 : (1972) 1 All ER 145 : (1972) 2 WLR 210 (HL); *Ross Smith* v. *Ross Smith*, 1963 AC 280 : (1962) 1 All ER 344 : (1962) 2 WLR 388 (HL); *Indyka* v. *Indyka*, (1969) 1 AC 33 : (1967) 2 All ER 689 : (1967) 3 WLR 510 (HL); *Steadman* v. *Steadman*, 1976 AC 536 : (1974) 2 All ER 977 : (1974) 3 WLR 56 (HL); *Myers* v. *DPP*, 1965 AC 1001 : (1964) 2 All ER 881 : (1964) 3 WLR 145 (HL); *Cassell & Co. Ltd.* v. *Broome*, 1972 AC 1027 : (1972) 1 All ER 801 : (1972) 2 WLR 645 (HL); *Haughton* v. *Smith*, 1975 AC 476 : (1973) 3 All ER 1109 : (1974) 2 WLR 1 (HL);


SCC Online Web Edition, Copyright © 2021
Page 3    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
------------------------------------------------------------------------------------------------------------------------------------

*Knuller* v. *DPP*, 1973 AC 435 : (1972) 2 All ER 898 : (1972) 3 WLR 143 (HL); *Oldendorff (E.L.) & Co. GmbH* v. *Tradax Export SA*, 1974 AC 479 : (1973) 3 All ER 148 : (1973) 3 WLR 382 (HL); *Conway* v. *Rimmer*, 1968 AC 910 : (1968) 2 All ER 304 : (1968) 2 WLR 1535 (HL), *cited*

So far as the present case is concerned, there is no reference made by any Bench of any strength at any time for hearing by a larger Bench and doubting the correctness of the Constitution Bench decision in the case of *Sardar Syedna Taher Saifuddin Saheb case*, AIR 1962 SC 853. The order dated 18-3-1994 by the two-Judge Bench directing the matter to be listed before a seven-Judge Bench for hearing cannot be construed as an order of reference. At no point of time has the Chief Justice of India directed the matter to be placed for hearing before a Constitution Bench or a Bench of seven Judges. In the facts and circumstances of this case the matter should be placed for hearing before a Constitution Bench (of five Judges) and not before a larger Bench of seven Judges. It is only if the Constitution Bench doubts the correctness of the law laid down in *Sardar Syedna Taher Saifuddin Saheb case* that it may opine in favour of hearing by a larger Bench consisting of seven Judges or such other strength as the Chief Justice of India may, in exercise of his power to frame a roster, deem fit to constitute.                                                                (Paras 13, 2 and 14)

D. **Constitution of India — Art. 141 — Doctrine of stare decisis — Binding effect of law declared by Supreme Court — Supreme Court vis-à-vis itself — Held, question is not whether Supreme Court is bound by its own previous decisions — Rather question is under what circumstances and within what limits and in what manner should the highest court overturn its own pronouncements — Criteria to be had recourse to in considering whether a decision is to be overruled, enumerated in *Raghubir Singh case*, (1989) 2 SCC 754, reiterated (para 9 herein) — Rationale for possibility of overturning of its decisions by Supreme Court, given**

E. **Precedents — Stare decisis — Justification for — Constitution of India — Art. 141**

The doctrine of binding precedent has the merit of promoting certainty and consistency in judicial decisions, and enables an organic development of the law, besides providing assurance to the individual as to the consequence of transactions forming part of his daily affairs. The question is not whether the Supreme Court is bound by its own previous decisions; the question is under what circumstances and within what limits and in what manner should the highest court overturn its own pronouncements. Being the highest court of the country, it is open for the Supreme Court not to feel bound by its own previous decisions because if that was not permitted, the march of judge-made law and the development of constitutional jurisprudence would come to a standstill. However, the doctrine of binding precedent cannot be given a go-by. The criteria to be had recourse to in considering whether a decision is to be overruled is enumerated in *Raghubir Singh case*, (1989) 2 SCC 754, at pp. 770-71, para 16 (in para 9 herein).                                                            (Paras 8 and 9)

F. **Constitution of India — Art. 145(2) — Practice of Supreme Court of sitting in divisions — Reason for, given — Position compared with United States Supreme Court — Supreme Court Rules, 1966 — Or. 7 Rr. 2 and 1**

G. **Constitution of India — Art. 145(2) — Sitting of Supreme Court in divisions — Authority to determine number of judges in/power of framing**


Case 1:21-cv-00396-RJL   Document 19-7   Filed 08/14/21   Page 5 of 12

SCC Online Web Edition, Copyright © 2021
Page 4        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

676                    SUPREME COURT CASES                 (2005) 2 SCC

roster — In whom vests and scope of — Factors to be considered — Held, said authority/power devolves on Chief Justice of India by convention, who may decide the same on the basis of considerations like the exigencies of judicial need, the nature of the case including any statutory mandate relating thereto, and such other considerations that he may find most appropriate — Rule that a smaller Bench cannot directly doubt the correctness of law laid down by a larger Bench, and a Bench of strength coequal to the Bench whose decision is being doubted alone can do so and direct that the matter be placed before a Bench larger than the Bench whose decision is being doubted, does not bind the discretion of the Chief Justice, who can direct any particular matter to be placed for hearing before any particular Bench of any strength — Supreme Court Rules, 1966 — Or. 7 Rr. 2 and 1 — Constitutional Law — Conventions

*Held*:

In order to promote consistency and certainty in the law laid down by the superior court the ideal condition would be that the entire court should sit in all cases to decide questions of law, as is done by the Supreme Court of the United States. Yet, having regard to the volume of work demanding the attention of the Supreme Court of India, it has been found necessary as a general rule of practice and convenience that the Court should sit in divisions consisting of judges whose number may be determined by the exigencies of judicial need, by the nature of the case including any statutory mandate relating thereto and by such other considerations which the Chief Justice, in whom such authority devolves by convention, may find most appropriate.                (Para 8)

H. **Constitution of India — Art. 141 — What is binding — "Law declared by Supreme Court" — Per incuriam decisions — Meaning — Deemed/implied consideration of cases — Case A not considering a binding decision (Case B) itself but considering another case (Case C) which had considered said binding decision (Case B) — Held, view of law taken in Case A cannot be said to be per incuriam — Precedents**

I. **Constitution of India — Art. 141 — What is binding — "Law declared by Supreme Court" — Per incuriam decisions — Meaning of — Held, a ruling making a specific reference to an earlier binding precedent may or may not be correct but cannot be said to be per incuriam — Precedents**

*Per incuriam* means a decision rendered by ignorance of a previous binding decision such as a decision of its own or of a court of coordinate or higher jurisdiction or in ignorance of the terms of a statute or of a rule having the force of law. A ruling making a specific reference to an earlier binding precedent may or may not be correct but cannot be said to be *per incuriam*. It is true that of the cases *Mumbai Shramik Sangha*, (2001) 4 SCC 448, *Pradip Chandra Parija*, (2002) 1 SCC 1, *Chandra Prakash*, (2002) 4 SCC 234, *Vishweshwaraiah*, (2002) 10 SCC 437 and *Arya Samaj*, (2004) 8 SCC 30 the case of *Raghubir Singh*, (1989) 2 SCC 754 was not referred to in any case other than *Chandra Prakash*. But in *Chandra Prakash*, *Raghubir Singh* and *Parija* both have been referred to and considered and then *Parija* followed. So the view of the law taken in the series of cases to which *Parija* belongs cannot be said to be *per incuriam*.
                                                                 (Para 7)

*Bharat Petroleum Corpn. Ltd.* v. *Mumbai Shramik Sangha*, (2001) 4 SCC 448; *Pradip Chandra Parija* v. *Pramod Chandra Patnaik*, (2002) 1 SCC 1; *Chandra Prakash* v. *State of U.P.*, (2002) 4 SCC 234 : 2002 SCC (L&S) 496; *Vishweshwaraiah Iron & Steel Ltd.* v.


SCC Online Web Edition, Copyright © 2021
Page 5        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source:  Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

*Abdul Gani*, (2002) 10 SCC 437 : 2003 SCC (L&S) 786; *Arya Samaj Education Trust* v. *Director of Education*, (2004) 8 SCC 30, *affirmed and held, not rendered per incuriam*

D-M/30992/CRL

Advocates who appeared in this case :
Ms Indra Jaising and Uday U. Lalit, Senior Advocates (Sanjib Sen, Ms Nandini Gore, Ms Pragya Baghel, R.N. Karanjawala, Ms Seema Krishnan and Ms Manik Karanjawala, Advocates, with them) for the Petitioners;
F.S. Nariman and Y.H. Muchhala, Senior Advocates (S.V. Deshpande, E.A.K. Faizullabhay, B.P. Pandya, H.A. Ahmadi, Abeezar E. Faizullabhay, Syed Naqvi, H.A. Nasirheala, Ms H.T. Advani, Mudreka Zaikuddin, E.R. Kumar, D.P. Mohanty and P.H. Parekh, Advocates, with them) for the Respondents;
K. Parasaran, Senior Advocate (Shri Narain, E.A.K. Faizullabhay, Sandeep Narain and Ms Anjaly Jha, Advocates for S. Narain & Co., Advocates, with him) for the Intervenors.

***Chronological list of cases cited***                                                                *on page(s)*

1. (2004) 8 SCC 30, *Arya Samaj Education Trust* v. *Director of Education*    678*e*
2. (2002) 10 SCC 437 : 2003 SCC (L&S) 786, *Vishweshwaraiah Iron & Steel Ltd.* v. *Abdul Gani*    678*e*
3. (2002) 7 SCC 273, *Union of India* v. *Hansoli Devi*    679*g*, 682*c-d*, 682*f-g*, 683*d-e*
4. (2002) 4 SCC 234 : 2002 SCC (L&S) 496, *Chandra Prakash* v. *State of U.P.*    678*e*, 679*g-h*, 680*b*
5. (2002) 1 SCC 1, *Pradip Chandra Parija* v. *Pramod Chandra Patnaik*    678*d-e*, 679*b-c*, 679*g-h*, 680*a*, 680*b*, 680*b-c*, 682*f*
6. (2001) 4 SCC 448, *Bharat Petroleum Corpn. Ltd.* v. *Mumbai Shramik Sangha*    678*d-e*, 679*a-b*
7. (1989) 2 SCC 754, *Union of India* v. *Raghubir Singh*    679*f*, 679*g-h*, 680*b*, 680*b-c*, 682*a-b*, 682*b-c*, 683*d-e*
8. (1983) 2 SCC 344 : 1983 SCC (Cri) 461, *Sher Singh* v. *State of Punjab*    681*f-g*
9. 1976 AC 536 : (1974) 2 All ER 977 : (1974) 3 WLR 56 (HL), *Steadman* v. *Steadman*    681*b-c*
10. 1975 AC 476 : (1973) 3 All ER 1109 : (1974) 2 WLR 1 (HL), *Haughton* v. *Smith*    681*c-d*
11. 1974 AC 479 : (1973) 3 All ER 148 : (1973) 3 WLR 382 (HL), *Oldendorff (E.L.) & Co. GmbH* v. *Tradax Export SA*    681*e*
12. 1973 AC 435 : (1972) 2 All ER 898 : (1972) 3 WLR 143 (HL), *Knuller* v. *DPP*    681*d-e*
13. 1972 AC 1027 : (1972) 1 All ER 801 : (1972) 2 WLR 645 (HL), *Cassell & Co. Ltd.* v. *Broome*    681*c-d*
14. 1972 AC 944 : (1972) 1 All ER 145 : (1972) 2 WLR 210 (HL), *Jones* v. *Secy. of State for Social Services*    680*g-h*, 681*b*, 681*e*, 681*f*
15. (1969) 1 AC 33 : (1967) 2 All ER 689 : (1967) 3 WLR 510 (HL), *Indyka* v. *Indyka*    681*a-b*
16. 1968 AC 910 : (1968) 2 All ER 304 : (1968) 2 WLR 1535 (HL), *Conway* v. *Rimmer*    681*f*
17. 1965 AC 1001 : (1964) 2 All ER 881 : (1964) 3 WLR 145 (HL), *Myers* v. *DPP*    681*c-d*
18. 1963 AC 280 : (1962) 1 All ER 344 : (1962) 2 WLR 388 (HL), *Ross Smith* v. *Ross Smith*    681*a-b*
19. 1962 Supp (2) SCR 496 : AIR 1962 SC 853, *Sardar Syedna Taher Saifuddin Saheb* v. *State of Bombay*    678*a*, 678*b*, 683*e*, 683*f-g*


SCC Online Web Edition, Copyright © 2021
Page 6   Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------

The Judgment of the Court was delivered by

**R.C. LAHOTI, C.J.**— In *Sardar Syedna Taher Saifuddin Saheb* v. *State of Bombay*[1], a five-Judge Bench of this Court ruled by a majority of 4:1 that the Bombay Prevention of Excommunication Act (Act 42 of 1949) was *ultra vires* the Constitution as it violated Article 26(*b*) of the Constitution and was not saved by Article 25(2). On 26-2-1986 the present petition was filed seeking reconsideration, and overruling, of the decision of this Court in *Sardar Syedna Taher Saifuddin Saheb case*[1] and then issuing a writ of mandamus directing the State of Maharashtra to give effect to the provisions of the Bombay Prevention of Excommunication Act, 1949.

**2.** The matter came up for hearing before a two-Judge Bench of this Court which on 25-8-1986 directed "rule nisi" to be issued. On 18-3-1994 a two-Judge Bench directed the matter to be listed before a seven-Judge Bench for hearing. On 20-7-1994 the matter did come up before a seven-Judge Bench which adjourned the hearing awaiting the decision in WP No. 317 of 1993[§]. On 26-7-2004 IA No. 4 was filed on behalf of Respondent 2 seeking a direction that the matter be listed before a Division Bench of two Judges. Implicitly, the application seeks a direction for non-listing before a Bench of seven Judges and rather the matter being listed for hearing before a Bench of two or three Judges as is the normal practice of this Court. In the contents of the application reliance has been placed on the Constitution Bench decisions of this Court in *Bharat Petroleum Corpn. Ltd.* v. *Mumbai Shramik Sangha*[2] followed in four subsequent Constitution Bench decisions namely *Pradip Chandra Parija* v. *Pramod Chandra Patnaik*[3], *Chandra Prakash* v. *State of U.P.*[4], *Vishweshwaraiah Iron & Steel Ltd.* v. *Abdul Gani*[5] and *Arya Samaj Education Trust* v. *Director of Education*[6].

**3.** The prayer made on behalf of Respondent 2 has been opposed by the petitioners submitting that the matter must come up before a seven-Judge Bench only. Two reasons have been canvassed in opposing the prayer contained in IA No. 4 by Ms Indira Jaising, the learned Senior Counsel for the petitioners. It was submitted that as the writ petition specifically calls for reconsideration of a five-Judge Bench decision of this Court wherein "rule nisi" has been issued, the matter must necessarily be heard by a seven-Judge Bench. Next, it was submitted that the decisions relied on by the learned counsel for Respondent 2 and referred to in IA No. 4 do not lay down the correct law.

---

1  1962 Supp (2) SCR 496 : AIR 1962 SC 853
§  **Ed.**: *T.M.A. Pai case*, (2002) 8 SCC 481
2  (2001) 4 SCC 448
3  (2002) 1 SCC 1
4  (2002) 4 SCC 234 : 2002 SCC (L&S) 496
5  (2002) 10 SCC 437 : 2003 SCC (L&S) 786
6  (2004) 8 SCC 30




SCC Online Web Edition, Copyright © 2021
Page 7        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

**4.** We have heard the learned counsel for the parties at length. In our view, the prayer contained in the application deserves to be allowed only in part.

**5\*.** In *Bharat Petroleum Corpn. Ltd. case*[2] the Constitution Bench has ruled that a decision of a Constitution Bench of this Court binds a Bench of two learned Judges of this Court and that judicial discipline obliges them to follow it, regardless of their doubts about its correctness. At the most, they could have ordered that the matter be heard by a Bench of three learned Judges. Following this view of the law, what has been declared by this Court in *Pradip Chandra Parija case*[3] clinches the issue. The facts in the case were that a Bench of two learned Judges expressed dissent with another judgment of three learned Judges and directed the matter to be placed before a larger Bench of five Judges. The Constitution Bench considered the rule of "judicial discipline and propriety" as also the theory of precedents and held that it is only a Bench of the same quorum which can question the correctness of the decision by another Bench of coordinate strength in which case the matter may be placed for consideration by a Bench of larger quorum. In other words, a Bench of lesser quorum cannot express disagreement with, or question the correctness of, the view taken by a Bench of larger quorum. A view of the law taken by a Bench of three Judges is binding on a Bench of two Judges and in case the Bench of two Judges feels not inclined to follow the earlier three-Judge Bench decision then it is not proper for it to disagree or dissent with the earlier view; but doubting the correctness of such earlier view, it can only request the Chief Justice for the matter being placed for hearing before a three-Judge Bench which may agree or disagree with the view of the law taken earlier by the three-Judge Bench. As already noted, this view has been followed and reiterated by at least three subsequent Constitution Benches referred to hereinabove.

**6.** Ms Indira Jaising, the learned Senior Counsel for the petitioners submitted that the view of the law taken by the abovesaid four Constitution Benches is *per incuriam* and is not the correct law as previous decision of this Court by a Constitution Bench in *Union of India* v. *Raghubir Singh*[7] takes a contrary view and being an earlier decision was binding on the subsequent Benches. We do not agree with the submission of the learned Senior Counsel that the decisions referred to by the learned counsel for Respondent 2 applicant are *per incuriam.* She has also placed reliance on a Constitution Bench decision in *Union of India* v. *Hansoli Devi*[8] wherein the Constitution Bench heard a reference made by a two-Judge Bench expressing disagreement with an earlier three-Judge Bench decision.

**7.** The Constitution Bench in the case of *Chandra Prakash* v. *State of U.P.*[4] took into consideration the law laid down in *Parija case*[3] and also referred to the decision in *Union of India* v. *Raghubir Singh*[7] relied on by Ms

---

\* **Ed.**: Para 5 corrected vide Official Corrigendum No. F.3/Ed.B.J./21/2005 dated 3-3-2005.
7  (1989) 2 SCC 754
8  (2002) 7 SCC 273



SCC Online Web Edition, Copyright © 2021
Page 8        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

Indira Jaising, the learned Senior Counsel and then reiterated the view taken in *Parija case*[3]. *Per incuriam* means a decision rendered by ignorance of a previous binding decision such as a decision of its own or of a court of coordinate or higher jurisdiction or in ignorance of the terms of a statute or of a rule having the force of law. A ruling making a specific reference to an earlier binding precedent may or may not be correct but cannot be said to be *per incuriam*. It is true that *Raghubir Singh case*[7] was not referred to in any case other than *Chandra Prakash case*[4] but in *Chandra Prakash case*[4], *Raghubir Singh case*[7] and *Parija case*[3] both have been referred to and considered and then *Parija case*[3] followed. So the view of the law taken in a series of cases to which *Parija case*[3] belongs cannot be said to be *per incuriam*.

**8\*.** In *Raghubir Singh case*[7] Chief Justice Pathak pointed out that in order to promote consistency and certainty in the law laid down by the superior court the ideal condition would be that the entire court should sit in all cases to decide questions of law, as is done by the Supreme Court of the United States. Yet, His Lordship noticed, that having regard to the volume of work demanding the attention of the Supreme Court of India, it has been found necessary as a general rule of practice and convenience that the Court should sit in divisions consisting of judges whose number may be determined by the exigencies of judicial need, by the nature of the case including any statutory mandate relating thereto and by such other considerations which the Chief Justice, in whom such authority devolves by convention, may find most appropriate. The Constitution Bench reaffirmed the doctrine of binding precedents as it has the merit of promoting certainty and consistency in judicial decisions, and enables an organic development of the law, besides providing assurance to the individual as to the consequence of transactions forming part of his daily affairs.

**9.** Further, the Constitution Bench speaking through Chief Justice Pathak opined that the question was not whether the Supreme Court is bound by its own previous decisions; the question was under what circumstances and within what limits and in what manner should the highest court overturn its own pronouncements. In our opinion, what was working in the mind of His Lordship was that being the highest court of the country, it was open for this Court not to feel bound by its own previous decisions because if that was not permitted, the march of judge-made law and the development of constitutional jurisprudence would come to a standstill. However, the doctrine of binding precedent could not be given a go-by. Quoting from Dr. Alan Paterson's *Law Lords* (pp. 156-57), His Lordship referred to several criteria articulated by Lord Reid. It may be useful to reproduce herein the said principles: (SCC pp. 770-71, para 16)

> (*1*) The freedom granted by the 1966 Practice Statement ought to be exercised sparingly (the "use sparingly" criterion) (*Jones* v. *Secy. of State for Social Services*[9], AC at p. 966).

---

\* **Ed.**: Para 8 corrected vide Official Corrigendum No. F.3/Ed.B.J./7/2005 dated 17-1-2005.
9  1972 AC 944 : (1972) 1 All ER 145 : (1972) 2 WLR 210 (HL)



SCC Online Web Edition, Copyright © 2021
Page 9    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

*(2)* A decision ought not to be overruled if to do so would upset the legitimate expectations of people who have entered into contracts or settlements or otherwise regulated their affairs in reliance on the validity of that decision (the "legitimate expectations" criterion) (*Ross Smith* v. *Ross Smith*[10], AC at p. 303 and *Indyka* v. *Indyka*[11], AC at p. 69).

*(3)* A decision concerning questions of construction of statutes or other documents ought not to be overruled except in rare and exceptional cases (the "construction" criterion) (*Jones case*[9]).

*(4)(a)* A decision ought not to be overruled if it would be impracticable for the Lords to foresee the consequences of departing from it (the "unforeseeable consequences" criterion) (*Steadman* v. *Steadman*[12], AC at p. 542 C). *(b)* A decision ought not to be overruled if to do so would involve a change that ought to be part of a comprehensive reform of the law. Such changes are best done "by legislation following on a wide survey of the whole field" (the "need for comprehensive reform" criterion) (*Myers* v. *DPP*[13], AC at p. 1022, *Cassell & Co. Ltd.* v. *Broome*[14], AC at p. 1086 and *Haughton* v. *Smith*[15], AC at p. 500).

*(5)* In the interest of certainty, a decision ought not to be overruled merely because the Law Lords consider that it was wrongly decided. There must be some additional reasons to justify such a step (the "precedent merely wrong" criterion) (*Knuller* v. *DPP*[16], AC at p. 455).

*(6)* A decision ought to be overruled if it causes such great uncertainty in practice that the parties' advisers are unable to give any clear indication as to what the courts will hold the law to be (the "rectification of uncertainty" criterion) [*Jones case*[9] and *Oldendorff (E.L.) & Co. GmbH* v. *Tradax Export SA*[17], AC at pp. 533, 535].

*(7)* A decision ought to be overruled if in relation to some broad issue or principle it is not considered just or in keeping with contemporary social conditions or modern conceptions of public policy (the "unjust or outmoded" criterion) (*Jones case*[9] and *Conway* v. *Rimmer*[18], AC at p. 938).

**10.** Reference was also made to the doctrine of *stare decisis*. His Lordship observed by referring to *Sher Singh* v. *State of Punjab*[19] that although the Court sits in divisions of two and three Judges for the sake of

---

10  1963 AC 280 : (1962) 1 All ER 344 : (1962) 2 WLR 388 (HL)
11  (1969) 1 AC 33 : (1967) 2 All ER 689 : (1967) 3 WLR 510 (HL)
12  1976 AC 536 : (1974) 2 All ER 977 : (1974) 3 WLR 56 (HL)
13  1965 AC 1001 : (1964) 2 All ER 881 : (1964) 3 WLR 145 (HL)
14  1972 AC 1027 : (1972) 1 All ER 801 : (1972) 2 WLR 645 (HL)
15  1975 AC 476 : (1973) 3 All ER 1109 : (1974) 2 WLR 1 (HL)
16  1973 AC 435 : (1972) 2 All ER 898 : (1972) 3 WLR 143 (HL)
17  1974 AC 479 : (1973) 3 All ER 148 : (1973) 3 WLR 382 (HL)
18  1968 AC 910 : (1968) 2 All ER 304 : (1968) 2 WLR 1535 (HL)
19  (1983) 2 SCC 344 : 1983 SCC (Cri) 461



SCC Online Web Edition, Copyright © 2021
Page 10    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

convenience but it would be inappropriate if a Division Bench of two Judges starts overruling the decisions of Division Benches of three. To do so would be detrimental not only to the rule of discipline and the doctrine of binding precedents but it will also lead to inconsistency in decisions on points of law; consistency and certainty in the development of law and its contemporary status — both would be immediate casualty.

**11.** In *Raghubir Singh case*[7] a Bench of two learned Judges had made a reference to a larger Bench for reconsideration of the questions decided earlier by two Division Benches of the quorum of two and three respectively. The Constitution Bench then opined that the matter could be heard by the Constitution Bench on such reference. It is pertinent to note that in *Raghubir Singh case*[7] the Constitution Bench has nowhere approved the practice and propriety of two-Judge Bench making a reference straightaway to the Constitution Bench disagreeing with a three-Judge Bench decision. On the contrary, the Constitution Bench had itself felt inclined to hear the issue arising for decision and therefore did not think it to be necessary to refer the matter back to a Bench of three Judges. Similar was the situation in *Union of India* v. *Hansoli Devi*[8]. Therein the Constitution Bench has reiterated the principle of judicial discipline and propriety demanding that a Bench of two learned Judges should follow the decision of a Bench of three learned Judges and if a Bench of two learned Judges was inclined not to do so then the proper course for it to adopt would be (*i*) to refer the matter before it to a Bench of three learned Judges, and (*ii*) to set out the reasons why it could not agree with the earlier judgment. The Constitution Bench concluded "then if the Bench of three learned Judges also comes to the conclusion that the earlier judgment of a Bench of three learned Judges is incorrect, then a reference could be made to a Bench of five learned Judges". The Constitution Bench has very clearly concluded and recorded, "the very reference itself in the present case made by the two-Judge Bench was improper" (SCC p. 274). However, the Constitution Bench then proceeded to observe that as the question involved had very wide implications affecting a large number of cases, it considered it appropriate to answer the questions referred instead of sending the matter back to a Bench of three Judges for consideration. The decision of this Court in *Pradip Chandra Parija*[3] was followed. Thus, the course adopted by the Constitution Bench in the case of *Hansoli Devi*[8] was by way of an exception and not a rule.

**12.** Having carefully considered the submissions made by the learned Senior Counsel for the parties and having examined the law laid down by the Constitution Benches in the abovesaid decisions, we would like to sum up the legal position in the following terms:

(*1*) The law laid down by this Court in a decision delivered by a Bench of larger strength is binding on any subsequent Bench of lesser or coequal strength.

(*2*)[§] A Bench of lesser quorum cannot disagree or dissent from the view of the law taken by a Bench of larger quorum. In case of doubt all

---

[§] **Ed.:** Para 12(2) corrected vide Official Corrigendum No. F.3/Ed.B.J./21/2005 dated 3-3-2005.



SCC Online Web Edition, Copyright © 2021
Page 11    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases

that the Bench of lesser quorum can do is to invite the attention of the Chief Justice and request for the matter being placed for hearing before a Bench of larger quorum than the Bench whose decision has come up for consideration. It will be open only for a Bench of coequal strength to express an opinion doubting the correctness of the view taken by the earlier Bench of coequal strength, whereupon the matter may be placed for hearing before a Bench consisting of a quorum larger than the one which pronounced the decision laying down the law the correctness of which is doubted.

*(3)*[§§] The above rules are subject to two exceptions: *(i)* the abovesaid rules do not bind the discretion of the Chief Justice in whom vests the power of framing the roster and who can direct any particular matter to be placed for hearing before any particular Bench of any strength; and *(ii)* in spite of the rules laid down hereinabove, if the matter has already come up for hearing before a Bench of larger quorum and that Bench itself feels that the view of the law taken by a Bench of lesser quorum, which view is in doubt, needs correction or reconsideration then by way of exception (and not as a rule) and for reasons given by it, it may proceed to hear the case and examine the correctness of the previous decision in question dispensing with the need of a specific reference or the order of the Chief Justice constituting the Bench and such listing. Such was the situation in *Raghubir Singh*[7] and *Hansoli Devi*[8].

**13.** So far as the present case is concerned, there is no reference made by any Bench of any strength at any time for hearing by a larger Bench and doubting the correctness of the Constitution Bench decision in the case of *Sardar Syedna Taher Saifuddin Saheb case*[1]. The order dated 18-3-1994 by the two-Judge Bench cannot be construed as an order of reference. At no point of time has the Chief Justice of India directed the matter to be placed for hearing before a Constitution Bench or a Bench of seven Judges.

**14.** In the facts and circumstances of this case, we are satisfied that the matter should be placed for hearing before a Constitution Bench (of five Judges) and not before a larger Bench of seven Judges. It is only if the Constitution Bench doubts the correctness of the law laid down in *Sardar Syedna Taher Saifuddin Saheb case*[1] that it may opine in favour of hearing by a larger Bench consisting of seven Judges or such other strength as the Chief Justice of India may in exercise of his power to frame a roster may deem fit to constitute.

**15.** Ordered accordingly.

**16.** IA No. 4 is disposed of.

———

[§§] **Ed.:** Para 12(3) corrected vide Official Corrigendum No. F.3/Ed.B.J./7/2005 dated 17-1-2005.