# Exhibit 8

to the Expert Opinion of
Justice (Retired) Pradeep Nandrajog
dated August 13, 2021


SCC Online Web Edition, Copyright © 2021
Page 1     Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source:  Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

CIT v. GREENWORLD CORPN.     69

**(2009) 7 Supreme Court Cases 69**

(BEFORE S.B. SINHA AND DR. M.K. SHARMA, JJ.)

Civil Appeal No. 3312 of 2009†

COMMISSIONER OF INCOME TAX, SHIMLA    .. Appellant;

*Versus*

GREENWORLD CORPORATION, PARWANOO    .. Respondent.

With

Civil Appeals Nos. 3313-16 of 2009‡

THE GREENWORLD CORPORATION    .. Appellant;

*Versus*

INCOME TAX OFFICER, PARWANOO AND ANOTHER    .. Respondents.

Civil Appeals No. 3312 of 2009 with Nos. 3313-16 of 2009, decided on May 6, 2009

A. **Income Tax — Revision by Commissioner — Suo motu power of, as available under S. 263, IT Act — Scope and extent — Assessment proceedings — Whether order of revisional authority can be related to AY other than AY to which revision pertained — While considering reply of assessee, reopening of past and future AYs, if permissible**

— Notice under S. 263 issued by CIT (Shimla) suo motu for revision of orders of assessing officer (AO) on ground that assessment order for AY 2000-2001 was passed at the instance of the then higher authority and the case had not been examined properly — Assessee filing reply and also seeking transfer of his cases to CIT (Delhi) — CIT (Shimla) disposing of reply directing AO to initiate proceedings under S. 148 for AYs 1996-1997 to 1999-2000 and 2001-2002 to 2002-2003 — Tribunal setting aside order on ground that CIT (Shimla) had no jurisdiction under S. 263 to issue the order — Meanwhile, CBDT transferring cases to CIT (Delhi) — Also, High Court allowing appeal by CIT (Shimla) against order of Tribunal, holding that interference by the then CIT in functions of AO vitiated the proceedings — Sustainability — Held, power of suo motu revision under S. 263, IT Act is limited — Conditions precedent for its exercise are that (i) the order is erroneous, and (ii) by virtue of the order being erroneous prejudice has been caused to the interest of the revenue — In the absence of these conditions, held, it is beyond the jurisdiction of CIT to issue directions, and notices issued pursuant to those directions are bad in law — Further, directions could not have been issued in respect of AYs other than the one for which notice was issued — Proceedings for reopening of assessment cannot be initiated at any point of time, but have to be initiated within limitation prescribed in terms of S. 149, IT Act — However, assessment order for AY 2000-2001 passed by AO at the instance of higher authority was illegal — Hence exercising power under Art. 142 of Constitution of India, CIT (Delhi)

---

† Arising out of SLP (C) No. 1789 of 2007. From the Judgment and Order dated 2-3-2006 of the High Court of Himachal at Shimla in Income Tax Appeal No. 50 of 2005

‡ Arising out of SLPs (C) Nos. 16922-25 of 2007





directed to reopen assessment in respect of AY 2000-2001 — Constitution of India — Art. 142 — Income Tax Act, 1961 — Ss. 263, 148, 149 and 150

B. Income Tax — Revision by Commissioner — Suo motu revision — Scope and powers of Commissioner under S. 263, IT Act — Held, power under the section to interfere in assessment order is supervisory in nature — Commissioner has limited jurisdiction to issue directions under the section — Power can be exercised only (i) when the order passed is erroneous, *and* (ii) such order is prejudicial to the interests of Revenue — Both conditions are conjunctive — Order should not be interfered with because another view is possible — Income Tax Act, 1961 — S. 263 — Practice and Procedure — Revision

C. Income Tax — Revision by Commissioner — Suo motu revision under S. 263, IT Act — Scope and powers of Commissioner — Directions in respect of AYs for which no notices issued — Impermissibility — Held, Commissioner has no jurisdiction to issue directions with respect to assessment years other than those to which revision pertained — Notice issued under S. 263 for revision of AY 2000-2001 — While considering reply thereto, Commissioner initiated proceedings under S. 148 for assessment of past and future AYs other than AY 2000-2001 — Held, Commissioner had no jurisdiction to do so — Hence, notices issued pursuant thereto are bad in law — Income Tax Act, 1961, Ss. 263 and 150

D. Income Tax — Revision by Commissioner — Suo motu revision under S. 263, IT Act — Limitation — Held, reopening of proceedings in terms of Ss. 147 and 148, IT Act cannot be initiated at any point of time — Proceedings to be initiated within the limitation prescribed under S. 149 of the Act — Income Tax Act, 1961 — Ss. 263, 148, 149 and 150 — Limitation

E. Income Tax Act, 1961 — Ss. 150 and 149 — Relative scope — Held, S. 150(1) is an exception to S. 149 — S. 150(1) is applicable where reopening of proceedings is in compliance with orders of higher authority — S. 150(1) is not applicable if (a) proceedings are not before higher authority, and (b) such proceedings do not pertain to relevant assessment year — Income Tax — Assessment proceedings — Limitation

F. Income Tax — Assessing officer — Functions of — Nature of — Remedy against order of — Held, an Income Tax Officer while passing an order of assessment performs judicial function — Hence, appeal lies against his order and also revision lies before CIT — Income Tax Act, 1961, S. 124

G. Income Tax — Assessing officer — Powers and functions of — Exercise of power by AO — Interference in — Permissibility and scope — Assessment order passed at instance of higher authority — Validity of — While passing assessment order, held, AO functions as quasi-judicial authority — Hence, he has to pass independent order of assessment — On facts, AO while passing assessment order noted that assessment was completed as directed by his superior — Effect — Held, assessment order passed at the instance of the higher authority is illegal and being wholly without jurisdiction, is a nullity — Income Tax Act, 1961, Ss. 120 and 124

H. Income Tax — Assessment proceedings — Decision of assessing officer in a given year — Held, does not operate as res judicata — Restated — Income Tax Act, 1961, Ss. 143 and 147

M/s GreenWorld Corporation, a partnership concern, set up two units for manufacturing exercise books, writing pads, etc. in the State of Himachal


SCC Online Web Edition, Copyright © 2021
Page 3 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

a  Pradesh in the year 1995. The said purported units were established after declaration and enforcement of a policy for tax holiday for certain period specified in the Union Budget. They started filing income tax returns from AY 1996-1997 showing huge profits. In the return for AY 2000-2001 they disclosed their total sales to the tune of Rs 1,51,69,515 out of which a sum of Rs 74,69,314 was shown as net profit. Thus, the profits bore a proportion of 49% to the gross sales. Further, the total investment on plant and machinery for Unit I was shown to be just Rs 1,25,000 and a very small amount of money was shown to have been spent on plant and machinery for the second unit.

b  The assessing officer (AO) conducted a survey at the premises of the assessee in terms of Section 133-A of the Income Tax Act, 1961 and after completing the proceeding passed an order accepting the income returned by the assessee for AY 2000-2001 by assessment order dated 19-12-2002. However, the AO added a note to his report that the assessment was completed as per the directions of Commissioner of Income Tax (CIT). CIT, on whose dictates the

c  order of assessment dated 19-12-2002 was purported to have been passed was transferred and his successor issued notice to the assessee under Section 263 of the Act for AY 2000-2001 only, inter alia, on the premise that the AO while finalising the assessment had not examined the case properly. The assessee filed its reply thereto on 16-3-2004. He inter alia also filed an application for transfer of its cases from CIT (Shimla) to CIT (Delhi) on 4-5-2004. Central Board of Direct Taxes (CBDT), passed an order dated 1-9-2005 transferring the case from

d  the jurisdiction of CIT (Shimla) to that of CIT (Delhi) with effect from 5-9-2005.

   In the meanwhile, CIT (Shimla) passed an order dated 12-7-2004 under Section 263 of the Act and the AO was directed to examine the case records for all the preceding assessment years including those for AY 1996-1997 and to initiate necessary proceedings under Section 148. The assessing officer was further directed to examine the succeeding assessment years also i.e. AYs

e  2001-2002, 2002-2003 and 2003-2004 and initiate appropriate action under Sections 148/143(2) as applicable. In pursuance of these directions of CIT, notices under Section 148 of the Act were issued to the assessee for AYs 1996-1997 to 1999-2000, 2001-2002 and 2002-2003. The assessee preferred an appeal against CIT (Shimla)'s order dated 12-7-2004 before the Income Tax Appellate Tribunal (ITAT) mainly raising contentions relating to: (*1*) jurisdiction, (*2*) bias on the part of CIT (Shimla), and (*3*) on merits of the matter.

f  ITAT vide an order dated 15-4-2005 allowed the appeal filed by the assessee setting aside the order of CIT (Shimla) solely on the issue of jurisdiction. CIT (Shimla) preferred an appeal before the High Court under Section 260-A. In the meanwhile, notice under Section 148 of the Act was also issued for AY 2000-2001. The assessee questioned the legality of the notice under Section 148 of the Act by filing a writ petition before the Himachal Pradesh High Court. By reason

g  of the impugned order dated 2-3-2006, the High Court partially allowed the appeal filed by CIT (Shimla) and dismissed the writ petition filed by the assessee.

   The High Court while upholding notice issued by CIT (Shimla) under Section 263 for AY 2000-2001, held that he could not have issued notices for AYs 1996-1997 to 1999-2000 in view of limitation under Section 149. The High

h  Court however, held that CIT (Shimla) could maintain the appeal against order of ITAT. The High Court also passed certain remarks against the then CIT at whose instance the assessment order was alleged to have been issued. Against which,


SCC Online Web Edition, Copyright © 2021
Page 4      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------------

the assessee filed two review petitions for recalling the order against it. Income Tax Officer, Shimla also filed a review petition which was dismissed. However a civil review petition filed by Mr D. Khare, who was CIT at the time of passing of the assessment order dated 19-12-2002 was allowed and the strictures passed against him were expunged since the strictures were passed in the said order dated 2-3-2006 against him without giving him an opportunity of hearing. Both civil review petitions filed by the assessee were dismissed. Against which the present appeals, one by CIT and another by the assessee had been filed.

*Held*:

The scope of provisions of Section 263 of the Act is no longer res integra. The jurisdiction of the Commissioner of Income Tax to issue notice in terms of Section 263 of the Act provides for a revisional power. It has its own limitations. The power to exercise suo motu revision in terms of Section 263(1) is in the nature of supervisory jurisdiction. An order can be interfered with suo motu by the said authority not only when an order passed by the assessing officer is erroneous but also when it is prejudicial to the interests of the Revenue. Both the conditions precedent for exercising the jurisdiction under Section 263 of the Act are conjunctive and not disjunctive. An order of assessment passed by an Income Tax Officer, therefore, should not be interfered with only because another view is possible.                                              (Paras 28, 41 and 52)

*Malabar Industrial Co. Ltd.* v. *CIT*, (2000) 2 SCC 718; *CIT* v. *Max India Ltd.*, (2007) 15 SCC 401 : (2007) 295 ITR 282, *followed*

It is beyond any doubt or dispute that only in terms of the directions issued by the Commissioner dated 12-7-2004 under Section 263 of the Act, notices under Section 148 of the Act were issued. Indisputably, CIT (Shimla) had no jurisdiction to issue directions. Notices issued pursuant thereto would be bad in law. It was stated that the notices under Section 148 of the Act for AYs 1996-1997 and 1997-1998 are saved from the rigours of the law of limitation, under the exclusionary provisions of Sections 150(1) and 153(3)(*ii*) of the Act. However, Section 150 although appears to be of a very wide amplitude, but that would not mean that recourse to reopening of the proceedings in terms of Sections 147 and 148 of the Act can be initiated at any point of time whatsoever. Such a proceeding can be initiated only within the period of limitation prescribed therefor as contained in Section 149 of the Act. Section 150(1) of the Act is an exception to Section 149. It brings within its ambit only such cases where reopening of the proceedings may be necessary to comply with an order of the higher authority. For the said purpose, the records of the proceedings must be before the appropriate authority. It must examine the records of the proceedings. If there is no proceeding before it or if the assessment year in question is also not a matter which would fall for consideration before the higher authority, Section 150 of the Act will have no application.                    (Paras 44 to 46)

[On the question as to the jurisdiction of CIT to issue directions under Section 263 with respect to assessment years other than those to which the revision pertained, it was held that CIT has limited jurisdiction i.e. only with respect to the assessment year under question.]                    (Paras 48 to 52)

*ITO* v. *Murlidhar Bhagwan Das*, AIR 1965 SC 342 : (1964) 52 ITR 335; *N. Kt. Sivalingam Chettiar* v. *CIT*, (1967) 66 ITR 586 (SC); *Rajinder Nath* v. *CIT*, (1979) 4 SCC 282, *followed*

*S.C. Prashar* v. *Vasantsen Dwarkadas*, AIR 1963 SC 1356 : (1963) 49 ITR 1; *Pt. Hazari Lal* v. *ITO*, (1960) 39 ITR 265 (All), *cited*



SCC Online Web Edition, Copyright © 2021
Page 5         Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

CIT v. GREENWORLD CORPN.                    73

An Income Tax Officer while passing an order of assessment performs judicial function. An appeal lies against his order before the appellate authority. A revision application would also lie before the Commissioner of Income Tax. It is trite that the jurisdiction exercised by the revisional authority pertains to his appellate jurisdiction.                                                    (Para 20)

*Shankar Ramchandra Abhyankar* v. *Krishnaji Dattatreya Bapat*, (1969) 2 SCC 74, *followed*

The noting of the assessing officer was specific. It was stated so in the proceeding sheet [that the assessment order was issued] at the instance of the higher authorities itself. No doubt in terms of the circular letter issued by CBDT, the Commissioner or for that matter any other higher authority may have supervisory jurisdiction but it is difficult to conceive that even the merit of the decision shall be discussed and the same shall be rendered at the instance of the higher authority who, as noticed hereinbefore, is a supervisory authority. It is one thing to say that while making the orders of assessment the assessing officer shall be bound by the statutory circulars issued by CBDT but it is another thing to say that the assessing authority exercising quasi-judicial function keeping in view the scheme contained in the Act, would lose its independence to pass an independent order of assessment. The assessing officer had passed an order at the instance of the higher authority which is illegal. Authorities might have proceeded bona fide but the order of assessment passed by the assessing officer on the dictates of the higher authorities being wholly without jurisdiction, it was a nullity.                                                (Paras 53, 64 and 67)

*State of Kerala* v. *Kurian Abraham (P) Ltd.*, (2008) 3 SCC 582, *referred to*

*Union of India* v. *Azadi Bachao Andolan*, (2004) 10 SCC 1, *cited*

I. **Income Tax — Appeal to High Court — Appeal against orders of Tribunal — Territorial jurisdiction — Impugned order passed by CIT (Shimla), set aside by Tribunal — Case later transferred to CIT (Delhi) by CBDT — Appeal by CIT (Shimla) before High Court, if maintainable — Held, the said appeal was maintainable since CIT (Shimla)'s order was set aside by the Tribunal — In this case, not only order of assessment had been passed by AO in Shimla but also CIT (Shimla) had passed an order for reopening of assessment — Further, notices under S. 148, IT Act had been issued much earlier — Lastly, no prejudice shown to be caused to the assessee — Constitution of India — Art. 226 — Civil Procedure Code, 1908 — S. 21 — Income Tax Act, 1961, S. 260-A**

J. **Civil Procedure Code, 1908 — S. 21 — Objections as to jurisdiction — Prejudice, whether a ground of challenge to territorial jurisdiction**

*Held*:

The other question which needs to be considered is as to whether CIT (Shimla) could maintain an appeal before the High Court. An appeal is ordinarily maintainable at the instance of the assessing officer. Not only was an order of assessment passed but also CIT (Shimla) had already passed an order. Notices under Section 148 of the Act had already been issued much prior thereto. In this case, CIT (Shimla) had passed an order. His order was set aside by the Tribunal. He, therefore, in ordinary course could have preferred an appeal. The right to prefer an appeal arose on the date on which the Tribunal passed an order. Ordinarily, CIT (Shimla) was the authority who could have preferred an appeal. In any event, nothing has been shown as to how the assessee was prejudiced. In a case of this nature, the provisions akin to Section 21 of the Code of Civil



SCC Online Web Edition, Copyright © 2021
Page 17        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source:  Supreme Court Cases

(*ii*) The assessee having played fraud on the Department as it had shown a huge amount of profit without there being sufficient number of workmen engaged and without consuming requisite units of electrical energy only with a view to enjoy the tax holidays, CIT (Shimla) had rightly interfered therewith.

(*iii*) The amount of profit shown from the Parwanoo Units having been holding disproportionate to the investment made, the High Court was correct in passing the impugned judgment.

(*iv*) In any event, the assessee cannot be said to have been prejudiced in any manner whatsoever by the order of the High Court, as the appeal although was improperly filed may be held to be maintainable.

**19.** The principal question which arises for consideration is as to whether the order of assessment was passed at the instance of the higher authority.

**20.** An Income Tax Officer while passing an order of assessment performs judicial function. An appeal lies against his order before the appellate authority. A revision application would also lie before the Commissioner of Income Tax. It is trite that the jurisdiction exercised by the revisional authority pertains to its appellate jurisdiction. (See *Shankar Ramchandra Abhyankar* v. *Krishnaji Dattatreya Bapat*[1].)

**21.** The Act provides for its own hierarchy of authorities. Section 116 of the Act occurring in Chapter XIII thereof provides for classes of Income Tax Authorities for the purpose of the Act. Clauses (*e*) and (*f*) thereof read as under:

"116. (*e*) Assistant Directors of Income Tax or Assistant Commissioners of Income Tax,

(*f*) Income Tax Officers,"

**22.** Section 117 of the Act provides for appointment of Income Tax Authorities. Control of Income Tax Authorities is specified in Section 118 in the following terms:

"118. *Control of Income Tax Authorities.*—The Board may, by notification in the Official Gazette, direct that any Income Tax Authority or authorities specified in the notification shall be subordinate to such other Income Tax Authority or authorities as may be specified in such notification."

**23.** Section 119 lays down the manner in which the instructions may be given to the subordinate authorities by the higher authorities. Sub-section (1) thereof provides for the power of the Board whereas sub-section (2) specifies the power of the Board to issue such directions. The said orders passed by the Board are required to be placed before each House of Parliament. It must be read before each House of Parliament by the Central Government.

**24.** Section 120 of the Act provides for the jurisdiction of Income Tax Authorities. Sub-section (1) thereof reads as under:

"120. *Jurisdiction of Income Tax Authorities.*—(1) Income Tax Authorities shall exercise all or any of the powers and perform all or any of

---

1 (1969) 2 SCC 74 : AIR 1970 SC 1