IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAIRN ENERGY PLC, *et al.*,                    )
                                               )
*Petitioners*,                                 )
                                               )
         v.                                       )          Civil Case No. 1:21-cv-396
                                               )
THE REPUBLIC OF INDIA                          )
                                               )
*Respondent.*                                  )
-----------------------------------------------------------------

**EXPERT OPINION OF SUDIPTO SARKAR SA
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 44.1**

I, Sudipto Sarkar SA, declare as follows:

1.  Counsel for India has requested me to provide an Expert Opinion on certain aspects of
    Indian law relating to the Arbitration Award dated December 21, 2020 (the "Award"),
    which is the subject-matter of the proceeding in this Court.

2.  In particular, my Expert Opinion addresses whether parties may arbitrate tax disputes
    under Indian law, including under a bilateral treaty signed at the direction of the
    Executive, and also ratified by the Executive, but never ratified by the Parliament of
    India.  I also will briefly describe the concept of competence-competence recognized
    in Indian law under Section 16 of India's 1996 Arbitration and Conciliation Act, and
    explain why this concept does not preclude judicial review at the conclusion of
    arbitration under Sections 34 and 36 of the same statute.

3.  My qualifications are summarized as follows.  I enrolled as an Advocate with the Bar
    Council of West Bengal in India in 1970 and have been admitted to practice law in
    India for the last 50 years.  I have been practicing law before various courts, tribunals

1

and High Courts across different States in India, as well as the Supreme Court of India.  I currently practice in India across different cities.

4.  In 1991, the Calcutta High Court designated me as a Senior Advocate, a distinction granted under the Advocates Act 1961 to an advocate by virtue of his ability, standing at the Bar, or special knowledge or experience in law.  I am also an Associate Member of Six Pump Court Chambers in London.  I have advised clients on constitutional law, corporate law, intellectual property, and in domestic and international arbitrations, among other fields.

5.  In addition to my practice, since 1971, I have been the Editor of *Sarkar on Evidence* (Lexis Nexis), a two-volume treatise on the law of evidence, and *Sarkar on Civil Procedure Code* (Lexis Nexis), a two-volume treatise on the Code of Civil Procedure (CPC) in India.  The Supreme Court of India,[1] various High Courts in India[2] and other courts across South and South-East Asia[3] and East Africa have consistently cited *Sarkar on Evidence* with approval in their judgments.  Indian High Courts and foreign courts have also relied on *Sarkar on Civil Procedure* in their decisions.[4]  I have also been associated with several editions of *A. Ramaiya: Guide to the Companies Act* (Lexis Nexis), a six-volume treatise in different editorial responsibilities.  I am the

---

[1] *See e.g.*, *Nair Service Society Ltd. v. Rev. Father K.C. Alexander*, **(1968) 3 SCR 163, ¶ 15**; *M.S. Jagadambal v. Southern Indian Education Trust*, **1988 Supp SCC 144, ¶ 19**; *V.M. Mathew v. V.S. Sharma*, **(1995) 6 SCC 122, ¶ 10**; *Patel Roadways Ltd. v. Birla Yamaha Ltd.*, **(2000) 4 SCC 91, ¶.32**; *Aloke Nath Dutta v. State of W.B.*, **(2007) 12 SCC 230, ¶ 112**; *Satish Chander Ahuja v. Sneha Ahuja*, **(2021) 1 SCC 414, ¶ 155**.

[2] *See e.g.*,*Partap Singh v. Crown*, ILR **(1925) 6 Lah 415, p. 429**; *Emperor v. Shripad Ramchandra Jog*, ILR **(1931) 55 Bom 484, p. 488**; *Sohan Lal v. Gulab Chand*, AIR **1966 Raj 229, ¶ 27**; *Punjab National Bank v. Britannia Industries Ltd.*, **(2001) 2 Cal LT 219, ¶ 66**; *Bhajinder Singh v. Hardev Singh*, **(2017) 238 DLT 422, ¶ 11**; *Shaikh Aftab Ahmed v. Bhimrao*, **(2020) 1 Bom CR 251, ¶ 29**.

[3] *See e.g.*,*Menon v. Lantine*, Judgment, Sri Lanka High Court, 4 November 1941, ¶ 4; *The Crown v. Akbar (Ali) Mollah and Others*, Judgment, High Court of East Pakistan, 25 January 1954, ¶¶ 10-16; *Gunapathy Muniandy v. Khoo James and Others*, Judgment, High Court of Singapore, 4 July 2001, ¶¶ 12.10, 12.13; *The State v. Md. Ainul Haque*, Judgment, Supreme Court of Bangladesh, 18 February 2004, ¶ 46; *Public Prosecutor v. Muhammad Farid Bin Mohd Yusop*, Judgment, Singapore Court of Appeal, 11 March 2015, ¶41; *The Queen v. Murugan Ramasamy*, 1965 A.C. 1 (Ceylon Privy Council), pp. 11, 17,

[4] *See e.g. B. Ganganna v. Returning Officer, M.A. Venkataswamy and Ors.*, ILR **1981 Kar 1543**, ¶ 8; *Thakur Prasad v. Bhagwandas*, **1985 MP LJ 149**, ¶ 4; *Annapoorni v. Janaki*, **(1995) 1 LW 141, p. 149**; *Fernando v. De Silva and Others*, **(2000) 3 SLR 29, p. 45**; *Bishnu Lohar and Ors. v. Eastern Coal Field Ltd. and Ors.*, **(2003) 6 SLR 26, ¶ 14**.

General Editor of the latest 2020 edition. It is the leading publication on Company Law in India.

6. I hold Bachelor of Arts (B.A.) and Master of Arts (M.A.) degrees in Law, and an LL.M. in International Law, from the University of Cambridge. I was called to the Bar from Gray's Inn, London. I am fluent in English and Bengali.

7. My CV is appended hereto as Annex A. In this Expert Opinion, I refer to the documents listed in the index attached as Annex B.

8. As elaborated below, Indian law does not authorize the Executive to give the consent of the Republic of India to arbitrate a tax dispute without ratification of Parliament. There are two reasons for this conclusion:

9. **First,** parties cannot arbitrate disputes over the validity of taxes or tax enforcement measures under Indian statutory law. This follows from the plain text and structure of the Income Tax Act 1961, as well as the decisions of the Supreme Court of India over many decades.

10. **Second,** under the Constitution of the Republic of India, statutory law cannot be amended by the Executive—*i.e.* merely through the exercise of the "executive power of the Union." Under Article 53 of the Constitution, the President of India and all "officers subordinate to him" exercise purely "executive power" (other than in certain exceptional circumstances, inapplicable to the present case[5]). Such executive acts cannot amend the statutes enacted by Parliament.

11. In the present case, I understand that a High Commissioner of India signed a bilateral treaty between the Republic of India and the United Kingdom in 1994. Within the constitutional scheme in India, the signing of this treaty was an act by the Executive.

---

[5] For example, this case does not consider legislative "Ordinances" promulgated by the President during a recess of Parliament, as authorized under Article 123 of the Constitution.

The Parliament of India, however, never ratified or otherwise approved this bilateral treaty by way of legislation.  Therefore, this treaty cannot amend Indian statutory law as applicable within the Indian legal system.

## I.   Indian Law Does Not Permit Parties to Arbitrate Tax Disputes

12. In this section, based on three principles of Indian statutory analysis, as confirmed by the decisions of the Supreme Court, I explain why a party is prohibited under Indian law from challenging the lawfulness or validity of taxation-related measures through arbitration.

13. The analysis must begin with the plain text of Indian statutory enactments.[6] Section 293 of the Income Tax Act 1961 has provided as follows:

> "**Bar of suits in civil courts**.— No suit shall be brought in any civil court to set aside or modify any proceeding taken or order made under this Act; and <u>no prosecution, suit or other proceeding shall lie</u> against the Government or any officer of the Government for anything in good faith done or intended to be done <u>under this Act</u>."[7]

14. Section 293, thus, prohibits any action to invalidate taxes imposed under the Act.[8] Such a prohibition satisfies the requirement of Section 9 of the Code of Civil Procedure 1908, which excludes from the jurisdiction of the courts any matters that are "either expressly or impliedly barred."[9]  As noted by the Supreme Court in

---

[6] The Supreme Court has held that "*(i)* in interpreting a taxing statute, equitable considerations are entirely out of place. Taxing statutes cannot be interpreted on any presumption or assumption. A taxing statute has to be interpreted in the light of what is clearly expressed: it cannot imply anything which is not expressed: it cannot import provisions in the statute so as to supply any deficiency; [and] *(ii)* before taxing any person it must be shown that he falls within the ambit of the charging section by clear words used in the section; and *(iii)* if the words are ambiguous and open to two interpretations, the benefit of interpretation is given to the subject.": *The State of West Bengal v. Kesoram Industries Ltd. and Ors.*, (2004) 10 SCC 201, ¶ 106 (Emphasis added).

[7] Income-Tax Act 1961, Section 293 (Emphasis added).

[8] *Commissioner of Income Tax, Bhubaneshwar and Ors. v. Parmeshwari Devi Sultania and Ors.*, (1998) 3 SCC 481, ¶ 17.

[9] *N.D.M.C.  v. Satish Chand (Deceased) by Lr Ram Chand*, (2003) 10 SCC 38, ¶¶ 5- 6.

*N.D.M.C. v. Satish Chand (Deceased) by Lr Ram Chand*, **Section 293 constitutes an** express bar on courts to decide tax-related matters.[10]

15. This jurisdictional bar on civil courts under Section 9 applies equally to arbitrations. The Supreme Court has set out this "general principle" as follows:

> "[A] dispute which is capable of adjudication by an ordinary civil court is also capable of being resolved by arbitration. However, if the jurisdiction of an ordinary civil court is excluded by the conferment of exclusive jurisdiction on a specified court or tribunal as a matter of public policy such a dispute would not then be capable of resolution by arbitration."[11]

16. A similar bar on the jurisdiction of civil courts (and, thus, also of arbitral tribunals) exists in other Indian statutes.   For example, Section 231 of the Insolvency and Bankruptcy Code, 2016 "bars the jurisdiction of civil courts in respect of any matter in which the Adjudicating Authority i.e. NCLT [National Company Law Tribunal] or NCLAT [National Company Law Appellate Tribunal] is empowered by the Code to pass any Order."[12]   Similarly, Section 34 of the Securitisation and Reconstruction Of Financial Assets and Enforcement of Security Interest Act, 2002 was interpreted to mean that the "the jurisdiction of the civil court is barred in respect of matters which a Debts Recovery Tribunal or an Appellate Tribunal is empowered to determine in respect of any action taken 'or to be taken in pursuance of any power conferred under [that] Act."[13] Section 430 of the Companies Act 2013 provides similarly.[14]

---

[10] *N.D.M.C. v. Satish Chand (Deceased) by Lr Ram Chand*, **(2003) 10 SCC 38, ¶ 6.**

[11] *A. Ayyasamy v. A. Paramasivam & Ors.*, **(2016) 10 SCC 386, J. Chandrachud Op ¶ 38.**

[12] *Anand Rao Korada v. Varsha Fabrics (P) Ltd. and Ors.*, **(2020) 14 SCC 198, ¶ 10.** *See also* **Section 231 of the Insolvency and Bankruptcy Code 2016:** "No civil court shall have jurisdiction in respect of any matter in which the Adjudicating Authority or the Board is empowered by, or under, this Code to pass any order and no injunction shall be granted by any court or other authority in respect of any action taken or to be taken in pursuance of any order passed by such Adjudicating Authority or the Board under this Code."

[13] *Mardia Chemicals Ltd. v. Union of India*, **(2004) 4 SCC 311, ¶ 50.** *See also* **Section 34 of the Securitisation And Reconstruction Of Financial Assets And Enforcement Of Security Interest Act, 2002:** "No civil court shall have jurisdiction to entertain any suit or proceeding in respect of any matter which a Debts Recovery Tribunal or the Appellate Tribunal is empowered by or under this Act to determine and no injunction shall be granted by any court or other authority in respect of any action taken or to be taken in pursuance of any power conferred by or under this Act or under the Recovery of Debts Due to Banks and Financial Institutions Act, 1993 (51 of 1993)."

17. Therefore, Indian law can be summarized as follows: in light of Section 293 of the Income Tax Act 1961, the jurisdiction of civil courts, and of any arbitral tribunal, is barred to try a suit in relation to anything done by the Government of India under the Income Tax Act.  The exclusion of arbitration for tax disputes is confirmed by the structure and context of the Income Tax Act.

18. That is, the Income Tax Act includes specific provisions that permit a party to resolve taxation-related disputes through specified procedures.  Indeed, there is an entire chapter (Chapter XX) in the Act that governs "Appeals and Revision," with individual provisions addressing "Appealable orders before Commissioner (Appeals)"; "Appellate Tribunal"; "Appeal to Supreme Court"; among others.[15]  Thus, the Act establishes specific mechanisms for resolution of tax-related disputes.  Arbitration is not contemplated either explicitly or implicitly.

19. The Supreme Court has confirmed that structural analysis of a particular statutory regime is a valid means of identifying a category of non-arbitrable disputes.  In *A. Ayyasamy v. A. Paramasivam and Ors*, the Supreme Court observed that "there are classes of disputes which fall within the exclusive domain of special fora under legislation which confers exclusive jurisdiction to the exclusion of an ordinary civil court. . . . as a matter of public policy such a dispute would not then be capable of resolution by arbitration."[16]

---

[14] *See* Section 430 of the Companies Act 2013: "No civil court shall have jurisdiction to entertain any suit or proceeding in respect of any matter which the Tribunal or the Appellate Tribunal is empowered to determine by or under this Act or any other law for the time being in force and no injunction shall be granted by any court or other authority in respect of any action taken or to be taken in pursuance of any power conferred by or under this Act or any other law for the time being in force, by the Tribunal or the Appellate Tribunal."

[15] *See* Income-Tax Act 1961, Sections 246-269.

[16] *A. Ayyasamy v. A. Paramasivam & Ors*, (2016) 10 SCC 386, J Chandrachud Op. ¶ 38.

6

20. The Supreme Court further noted that the legislature confers exclusive jurisdiction on certain courts, such that "parties cannot be allowed to contract out of the legislative mandate which requires certain kinds of disputes to be resolved by special courts".[17]

21. In the context of tax disputes, this type of inquiry is satisfied by Chapter XX of the Income Tax Act.

22. The non-arbitrability of tax disputes under Indian law is also confirmed by the Supreme Court's analysis of Indian public policy underlying non-arbitrability. The Supreme Court has held that "[a]djudication of certain categories of proceedings are reserved by the legislature exclusively for public fora as a matter of public policy."[18]

23. In particular, as explained in *Vidya Drolia and Ors. v. Durga Trading Corporation*, any dispute involving the "[c]orrectness and validity of the State or sovereign functions cannot be made a direct subject matter of a private adjudicatory process."[19] Importantly, the Court observed:

> "The Arbitral Tribunals not being courts of law or established under the auspices of the State cannot act judicially so as to affect those who are not bound by the arbitration clause. Arbitration is unsuitable when it has *erga omnes* effect, that is, it affects the rights and liabilities of persons who are not bound by the arbitration agreement. <u>Equally arbitration as a decentralized mode of dispute resolution is unsuitable when the subject-matter or a dispute in the factual background, requires collective adjudication before one court or forum</u>. . . . "[20]

> "Sovereign functions of the State being inalienable and non-delegable are non-arbitrable as the State alone has the exclusive right and duty to perform such functions. For example, it is generally accepted that monopoly rights can only be granted by the State. <u>Correctness and validity of the State or sovereign functions cannot be made a direct subject-matter of a private</u>

---

[17] *A. Ayyasamy v. A. Paramasivam & Ors*, (2016) 10 SCC 386, J Chandrachud Op. ¶ 36 (citing the Supreme Court precedent *Natraj Studios (P) Ltd. v. Navrang Studios*, (1981) 1 SCC 523)).

[18] *Booz Allen Hamilton v. SBI Home Finance Ltd and Others*, (2011) 5 SCC 532, ¶ 35.

[19] *Vidya Drolia and Ors v. Durga Trading Corporation*, (2021) 2 SCC 1, ¶ 50.

[20] *Vidya Drolia and Ors v. Durga Trading Corporation*, (2021) 2 SCC 1, ¶ 49 (Emphasis added).

<u>adjudicatory process. Sovereign functions for the purpose of Arbitration Act would extend to exercise of executive power in different fields including commerce and economic, legislation in all forms, taxation, eminent domain and police powers which includes maintenance of law and order, internal security, grant of pardon, etc.</u> as distinguished from commercial activities, economic adventures and welfare activities. Similarly, decisions and adjudicatory functions of the State that have public interest element like the legitimacy of marriage, citizenship, winding up of companies, grant of patents, etc. are non-arbitrable, unless the statute in relation to a regulatory or adjudicatory mechanism either expressly or by clear implication permits arbitration. <u>In these matters the State enjoys monopoly in dispute resolution.</u>"[21]

24. It is well established that taxation is one of the fundamental sovereign functions of any State.  Accordingly, any dispute relating to taxation must be understood as "non-arbitrable" under Indian statutory law.  Such disputes could, hypothetically, be rendered arbitrable by a legislative act adopted by Parliament, but not by a mere Executive action, as detailed further below in Part II.

## II.    Under Indian Law, the Executive Was Not Authorized to Offer to Arbitrate Tax Disputes in a Treaty Without Parliamentary Ratification

25. Separation of powers between the legislature, executive and the judiciary[22] is a basic feature of the Constitution of India.[23]  A corollary of this foundational principle is the concept of the "hierarchy of legal norms" under Indian law.[24]  This hierarchy has been summed up by the Supreme Court as: "(i) The Constitution of India; (ii) Statutory law, which may be either law made by Parliament or by the State Legislature; (iii) Delegated legislation, which may be in the form of rules made under the statute,

---

[21] *Vidya Drolia and Ors v. Durga Trading Corporation*, (2021) 2 SCC 1, ¶ 50 (Emphasis added).

[22] *Kesavananda Bharati Sripadagalvaru and Ors v. State of Kerala & Anr*, (1973) 4 SCC 225 ¶ 292.

[23] *Indira Nehru Gandhi v. Shri Raj Narain & Anr*, (1975) Supp. SCC 1 ¶ 264. *See also* Dutch Writ ¶ 204.

[24] *Govt. of A.P. v. P. Laxmi Devi*, (2008) 4 SCC 720, ¶¶ 33-34; *DTC v. Balwan Singh*, (2019) 18 SCC 126, ¶ 21.

regulations made under the statute, etc.; (iv) Purely executive orders not made under any statute."[25]

26. This hierarchy of norms provides that "[i]f a law (norm) in a higher layer in the above hierarchy clashes with a law in a lower layer, the former will prevail."[26]   Thus, any unilateral actions of the Executive in India cannot override, or otherwise amend, the legal regime established by legislation enacted by Parliament of India.

27. Several provisions of the Indian Constitution regulate the Executive's ability to enter into binding international treaties and the subsequent relationships with domestic law.

28. **First**, Article 73 of the Constitution permits the Executive to enter into treaties on behalf of the Republic of India.[27]   As the Supreme Court has held, the executive power to enter into treaties "is vested in the President and is exercisable in accordance with the Constitution."[28]

29. **Second**, Article 253 of the Constitution provides that only the Parliament of India can enact legislation to give effect to or implement a treaty within the Indian legal system. Specifically, that Article provides as follows:

> "Notwithstanding anything in the foregoing provisions of this Chapter, Parliament has power to make any law for the whole or any part of the territory of India for implementing any treaty, agreement or convention with any other country or countries or any decision made at any international conference, association or other body."[29]

30. Article 253 of the Constitution, as held by the Supreme Court, does not seek to circumscribe the extent of power conferred under Article 73:

---

[25] *Govt. of A.P. v. P. Laxmi Devi*, (2008) 4 SCC 720, ¶ 34; *DTC v. Balwan Singh*, (2019) 18 SCC 126, ¶ 21.

[26] *Govt. of A.P. v. P. Laxmi Devi*, (2008) 4 SCC 720, ¶ 35.

[27] Constitution of India, Article 73: "(1) Subject to the provisions of this Constitution, the executive power of the Union shall extend – (a) to the matters with respect to which Parliament has power to make laws; and (b) to the exercise of such rights, authority and jurisdiction as are exercisable by the Government of India by virtue of any treaty or agreement".

[28] *Maganbhai Ishwarbhai Patel v. Union of India*, (1970) 3 SCC 400, ¶ 80.

[29] Constitution of India, Article 253.

"If, in consequence of the exercise of executive power, rights of the citizens or others are restricted or infringed, or laws are modified, the exercise of power must be supported by legislation; where there is no such restriction, infringement of the right or modification of the laws, the Executive is competent to exercise the power."[30]

31. As the passage shows, in any instance where "laws are modified" as the result of a treaty, that treaty must be ratified by Parliament.  The Executive is not competent to act unilaterally to amend statutory legislation or deviate therefrom by means of a treaty.[31]

32. **Third**, the Supreme Court has further explained that, in case of conflict between an Indian statute enacted by Parliament and an international treaty entered into unilaterally by the Executive, the Indian law prevails.  The Supreme Court explained this principle in *Bhavesh Lakhani v. Maharashtra* in 2009, among other cases.  As the Supreme Court held, "[e]nforcement of a treaty is in the hands of the executive. But such enforcement must conform to the domestic law of the country. Whenever, it is well known, a conflict arises between a treaty and the domestic law or a municipal law, the latter shall prevail."[32]

33. Thus, the Indian Parliament has supremacy over law making, and to the extent a treaty entered into by the Executive purports to modify Indian law, this would require ratification by Parliament.

34. In the present case, the India-UK BIT was signed by the High Commissioner of India on behalf of the Executive.  Given that there was no enabling legislation ratifying the India-UK BIT, this executive action does not in any way impact the scheme of the Income Tax Act.

---

[30] *Maganbhai Ishwarbhai Patel v. Union of India*, (1970) 3 SCC 400, ¶ 81; *Chryscapital Investment Advisors (India) Pvt. Ltd. v. Deputy Commissioner of Income Tax*, ITA No. 17 of 2014, Delhi High Court, Judgment, 27 April 2015, ¶ 37.

[31] *Maganbhai Ishwarbhai Patel v. Union of India*, (1970(3)) SCC 400 ¶ 80.

[32] *Bhavesh Jayanti Lakhani v. State of Maharashtra and Others*, (2009) 9 SCC 551 ¶ 46.

### III.  Under Indian Law, the "Competence-Competence" Doctrine Does Not Preclude Judicial Review After the Completion of Arbitration

35. Under Indian law, the principle of competence-competence (or *Kompetenz-Kompetenz*) means that an arbitral tribunal is empowered and has the competence to rule on its own jurisdiction, including determining all jurisdictional issues, such as the existence or validity of the arbitration agreement, <u>at the outset of arbitration</u>.[33]  As recently clarified by the Supreme Court, a tribunal's "jurisdiction" includes at least three components: (i) whether there is the existence of a valid arbitration agreement; (ii) whether the tribunal is properly constituted; and (iii) whether the matters submitted to arbitration are in accordance with the arbitration agreement.[34]

36. The principle of competence-competence – which governs the tribunal's power to rule on matters of its jurisdiction – is adopted into India's 1996 Arbitration and Conciliation Act through Section 16, where sub-sections (1) to (5) are based on Article 16 of the UNCITRAL Model Law 1985.[35]  Sub-section (6) of Section 16 allows an aggrieved party to make an application for setting aside an arbitral award in accordance with Section 34 of the 1996 Arbitration and Conciliation Act.  Notably, Section 16 has remained as it is in the 1996 Arbitration and Conciliation Act and

---

[33] *Uttarakhand Purv Sainik Kalyan Nigam Ltd. v. Northern Coal Field Ltd.*, (2020) 2 SCC 455, ¶ 7.11.

[34] *IFFCO Ltd. v. Bhadra Products*, (2018) 2 SCC 534, ¶ 20. *See* Article 16 of the UNCITRAL Model Law on International Commercial Arbitration 1985: ("Competence of arbitral tribunal to rule on its jurisdiction –

(1) The arbitral tribunal may rule on its own jurisdiction, including any objections with respect to the existence or validity of the arbitration agreement. For that purpose, an arbitration clause which forms part of a contract shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitral tribunal that the contract is null and void shall not entail ipso jure the invalidity of the arbitration clause.

(2) A plea that the arbitral tribunal does not have jurisdiction shall be raised not later than the submission of the statement of defence. A party is not precluded from raising such a plea by the fact that he has appointed, or participated in the appointment of, an arbitrator. A plea that the arbitral tribunal is exceeding the scope of its authority shall be raised as soon as the matter alleged to be beyond the scope of its authority is raised during the arbitral proceedings. The arbitral tribunal may, in either case, admit a later plea if it considers the delay justified.

(3) The arbitral tribunal may rule on a plea referred to in paragraph (2) of this article either as a preliminary question or in an award on the merits. If the arbitral tribunal rules as a preliminary question that it has jurisdiction, any party may request, within thirty days after having received notice of that ruling, the court specified in article 6 to decide the matter, which decision shall be subject to no appeal; while such a request is pending, the arbitral tribunal may continue the arbitral proceedings and make an award.")

[35] *IFFCO Ltd. v. Bhadra Products*, (2018) 2 SCC 534, ¶¶ 16-18.

untouched by the amendments introduced to the said Act in the years 2015[36] and 2019[37], respectively.

37. I note that the concept of competence-competence in Section 16 does not in any way preclude the review of a tribunal's jurisdictional decision by Indian courts <u>after the completion of the arbitration</u>.  There are several reasons for this conclusion.

38. **First**, Section 16(6) provides a statutory remedy to an aggrieved party against an award made by an arbitral tribunal ruling on any of the matters concerning its jurisdiction.   The remedy can be exercised by challenging the award under the grounds set out in Section 34 of the 1996 Arbitration and Conciliation Act (which correlate generally to those found in the UNCITRAL Model Law).   This means that the final word on these matters lies <u>with the courts</u> and <u>not the arbitral tribunal</u>.

39. **Second**, it is now equally settled that if a "ground to resist enforcement is made out, by which the very jurisdiction of the tribunal is questioned – such as the arbitration agreement itself not being valid under the law to which the parties have subjected it, or where the subject matter of difference is not capable of settlement by arbitration under the law of India," then Indian courts will not enforce such award under Section 48 of the 1996 Arbitration and Conciliation Act.[38]

40. **Third**, even though the principle of competence-competence allows an arbitral tribunal to have the first look at its own jurisdiction, the Indian courts nonetheless retain "power to have a 'second look' in the post-award challenge proceeding."[39]  The Supreme Court has settled this further by holding that:

---

[36] The Arbitration and Conciliation (Amendment) Act 2015 (No. 3 of 2016), published in the Gazette of India on 31 December 2015.

[37] The Arbitration and Conciliation (Amendment) Act 2019 (No. 33 of 2019), published in the Gazette of India on 9 August 2019.

[38] *Vijay Karia and Ors. v. Prysmian Cavi E Sistemi Srl and Ors.*, (2020) 11 SCC 1, ¶ 58.

[39] *Vidya Drolia and Ors. v. Durga Trading Corporation and Ors.* (2021) 2 SCC 1, ¶ 85.

"We are not oblivious of the principle 'kompetenz kompetenz'. It requires the Arbitral Tribunal to rule on its own jurisdiction and at the first instance. One school of thought propagates that it has duly the positive effect as it enables the arbitrator to rule on its own jurisdiction as it widely recognized international arbitration. However, the negative effect is equally important, that the Courts are deprived of their jurisdiction. The arbitrators are to be not the sole judge but first judge, of their jurisdiction. In other words, it is to allow them to come to a decision on their own jurisdiction prior to any court or other judicial authority and thereby limit the jurisdiction of the national courts to review the award. The kompetenz kompetenz rule, thus, concerned not only is the positive but also the negative effect of the arbitration agreement."[40]

41. The Supreme Court subsequently further explained:

"Section 34 of the Act is applicable at the third stage post the award when an application is filed for setting aside the award. Under Section 34, an award can be set aside: (i) if the arbitration agreement is not valid as per law to which the party is subject; (ii) if the award deals with the disputes not contemplated by or not falling within the submission to arbitration, or contains a decision on the matter beyond the scope of submission to arbitration; and (iii) when the subject matter of the dispute is not capable of settlement by arbitration under the law for the time being in force. Thus, the competence-competence principle, in its negative effect, leaves the door open for the parties to challenge the findings of the arbitral tribunal on the three issues. The negative effect does not provide absolute authority, but only a priority to the Arbitral Tribunal to rule the jurisdiction on the three issues. The courts have a 'second look' on the three aspects under Section 34 of the Arbitration Act."[41]

42. Therefore, in Indian law, although the principle of competence-competence is fully enshrined and recognized under Section 16 of the 1996 Arbitration and Conciliation Act, it does not give an exclusive power to the tribunal to rule on its jurisdiction.  The power of reviewing a tribunal's award on matters of jurisdiction vests finally with Indian courts under Section 34 (set-aside proceedings) and Sections 36 or 48 (enforcement proceedings) of the 1996 Arbitration and Conciliation Act.

---

[40] *Chloro Controls (I) P. Ltd. v. Severn Trent Water Purification Inc. and Ors.*, (2013) 1 SCC 641, ¶ 129.

[41] *Vidya Drolia and Ors. v. Durga Trading Corporation and Ors.* (2021) 2 SCC 1, ¶ 131.

43. The foregoing expresses my opinion and corresponds to my sincere beliefs. Under 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New Delhi, India, on August 13, 2021

Sudipto Sarkar SA

14

# ANNEX A

Sudipto Sarkar SA | Six Pump Court



# Sudipto Sarkar SA

### CALL: 1973

## EDUCATION

Read Law at Jesus College, Cambridge (BA and MA).
LL.B in International Law, Cambridge (later redesignated as an LL.M by the University).

## PRACTICE

Sudipto Sarkar SA is a Senior Advocate based in India. He was called to the Bar in 1973 by Gray's Inn and is an Associate Member of Six Pump Court Chambers. He received the "Lawyers of India Award" from the Bar Association of India in 2018.

Sudipto has been practising as an Advocate for over 40 years and as a Senior Advocate for over 25 years. He has extensive practice in Corporate Laws, Intellectual Property, Arbitration and Shipping.

He has appeared as a Senior Counsel in several arbitrations both domestic and international and has also acted as an Arbitrator in domestic and international arbitrations. He has also given evidence as an expert witness in international arbitrations.

He is a member of the Panel of Arbitrators of Hong Kong International Arbitration Centre(HKIAC) and a member of the Panel of International Arbitrators of Pacific International Arbitration Centre (PIAC). He is also a member of the SIAC panel of Arbitrators.

His name is included in the LCIA Database of Arbitrators.

## PUBLICATIONS

Sudipto has been the Editor of several editions of *Sarkar on Evidence*, *Sarkar on Civil Procedure Code* and *Sarkar on Specific Relief Act*. *Sarkar on Evidence* is the leading publication on the Law of Evidence in South Asia and South East Asia and has been so for decades. *Sarkar on Civil Procedure Code* is extensively used in India. They are all Lexis Nexis publications.

Sudipto has been associated with several editions of *Ramaiya's Company Law*, the leading publication on Company Law in India and is currently the Consulting Editor. Ramaiya is also a Lexis Nexis publication.

# ANNEX B

**Index of Documents Cited in Expert Opinion of Sudipto Sarkar SA**

| Exhibit | Document |
|---------|----------|
| 1. | *Partap Singh v. Crown*, ILR (1925) 6 Lah 415 |
| 2. | *Emperor v. Shripad Ramchandra Jog*, ILR (1931) 55 Bom 484 |
| 3. | *Menon v. Lantine*, Judgment, Sri Lanka High Court, 4 November 1941 |
| 4. | *The Crown v. Akbar (Ali) Mollah and Others*, Judgment, High Court of East Pakistan, 25 January 1954 |
| 5. | Income-Tax Act 1961 |
| 6. | *The Queen v. Murugan Ramasamy*, 1965 A.C. 1 (Ceylon Privy Council) |
| 7. | *Sohan Lal v. Gulab Chand*, AIR 1966 Raj 229 |
| 8. | *Nair Service Society Ltd. v. Rev. Father K.C. Alexander*, (1968) 3 SCR 163 |
| 9. | *Maganbhai Ishwarbhai Patel v. Union of India*, (1970) 3 SCC 400 |
| 10. | Excerpts from *Kesavananda Bharati Sripadagalvaru and Ors v. State of Kerala & Anr*, (1973) 4 SCC 225 |
| 11. | *Indira Nehru Gandhi v. Shri Raj Narain & Anr*, (1975) Supp. SCC 1 |
| 12. | *Natraj Studios (P) Ltd. v. Navrang Studios*, (1981) 1 SCC 523 |
| 13. | *B. Ganganna v. Returning Officer, M.A. Venkataswamy and Ors.*, ILR 1981 Kar 1543 |
| 14. | UNCITRAL Model Law on International Commercial Arbitration 1985 |
| 15. | *Thakur Prasad v. Bhagwandas*, 1985 MP LJ 149 |

| Exhibit | Document |
|---------|----------|
| 16. | *M.S. Jagadambal v. Southern Indian Education Trust*, 1988 Supp SCC 144 |
| 17. | *Annapoorni  v. Janaki*, (1995) 1 LW 141 |
| 18. | *V.M. Mathew v. V.S. Sharma*, (1995) 6 SCC 122 |
| 19. | *Commissioner of Income Tax, Bhubaneshwar and Ors. v. Parmeshwari Devi Sultania and Ors.*, (1998) 3 SCC 481 |
| 20. | *Fernando v. De Silva and Others*, (2000) 3 SLR 29 |
| 21. | *Patel Roadways Ltd. v. Birla Yamaha Ltd.*, (2000) 4 SCC 91 |
| 22. | *Punjab National Bank v. Britannia Industries Ltd.*, (2001) 2 Cal LT 219 |
| 23. | *Gunapathy Muniandy v. Khoo James and Others*, Judgment, High Court of Singapore, 4 July 2001 |
| 24. | Securitisation And Reconstruction Of Financial Assets And Enforcement Of Security Interest Act, 2002 |
| 25. | *Bishnu Lohar and Ors. v. Eastern Coal Field Ltd. and Ors.*, (2003) 6 SLR 26 |
| 26. | *N.D.M.C.  v. Satish Chand (Deceased) by Lr Ram Chand*, (2003) 10 SCC 38 |
| 27. | *Mardia Chemicals Ltd. v. Union of India*, (2004) 4 SCC 311 |
| 28. | Excerpts from *The State of West Bengal v. Kesoram Industries Ltd. and Ors.*, (2004) 10 SCC 201 |
| 29. | *The State v. Md. Ainul Haque*, Judgment, Supreme Court of Bangladesh, 18 February 2004 |
| 30. | Excerpts from *Aloke Nath Dutta v. State of W.B.*, (2007) 12 SCC 230 |
| 31. | *Govt. of A.P. v. P. Laxmi Devi*, (2008) 4 SCC 720 |

| Exhibit | Document |
|---------|----------|
| 32. | *Bhavesh Jayanti Lakhani v. State of Maharashtra and Others*, (2009) 9 SCC 551 |
| 33. | *Booz Allen Hamilton v. SBI Home Finance Ltd and Others*, (2011) 5 SCC 532 |
| 34. | *Chloro Controls (I) P. Ltd. v. Severn Trent Water Purification Inc. and Ors.*, (2013) 1 SCC 641 |
| 35. | Companies Act 2013 |
| 36. | *Chryscapital Investment Advisors (India) Pvt. Ltd. v. Deputy Commissioner of Income Tax*, ITA No. 17 of 2014, Delhi High Court, Judgment, 27 April 2015 |
| 37. | *Public Prosecutor v. Muhammad Farid Bin Mohd Yusop*, Judgment, Singapore Court of Appeal, 11 March 2015 |
| 38. | The Arbitration and Conciliation (Amendment) Act 2015 (No. 3 of 2016), published in the Gazette of India on 31 December 2015 |
| 39. | *A. Ayyasamy v. A. Paramasivam & Ors.*, (2016) 10 SCC 386 |
| 40. | Insolvency and Bankruptcy Code 2016 |
| 41. | *Bhajinder Singh v. Hardev Singh*, (2017) 238 DLT 422 |
| 42. | *IFFCO Ltd. v. Bhadra Products*, (2018) 2 SCC 534 |
| 43. | *DTC v. Balwan Singh*, (2019) 18 SCC 126 |
| 44. | The Arbitration and Conciliation (Amendment) Act 2019 (No. 33 of 2019), published in the Gazette of India on 9 August 2019 |
| 45. | *Anand Rao Korada v. Varsha Fabrics (P) Ltd. and Ors.*, (2020) 14 SCC 198 |
| 46. | *Shaikh Aftab Ahmed v. Bhimrao*, (2020) 1 Bom CR 251 |
| 47. | *Uttarakhand Purv Sainik Kalyan Nigam Ltd. v. Northern Coal Field Ltd.*, (2020) 2 SCC 455 |

| Exhibit | Document |
|---|---|
| 48. | *Vijay Karia and Ors. v. Prysmian Cavi E Sistemi Srl and Ors.*, (2020) 11 SCC 1 |
| 49. | *Satish Chander Ahuja v. Sneha Ahuja*, (2021) 1 SCC 414 |
| 50. | *Vidya Drolia and Ors v. Durga Trading Corporation*, (2021) 2 SCC 1 |
| 51. | Constitution of India |
| 52. | *Dallah Real Estate and Tourism Holding Co. v. The Ministry of Religious Affairs, Gov't of Pakistan*, (2010) UKSC 46 |