# Exhibit 1

to Expert Opinion of Sudipto Sarkar SA

dated August 13, 2021


SCC Online Web Edition, Copyright © 2021
Page 1    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------------------------------

## APPELLATE CRIMINAL.

---

*Before Mr. Justice Broadway and Mr. Justice Addison.*

## PARTAP SINGH—Appellant

*versus*

## THE CROWN—Respondent.

### Criminal Appeal No. 22 of 1925.

1925

*May 7.*

*Criminal Procedure Code, Act V of 1898 (amended), sections 164 (2), (3) and 533—Confession—duties of Magistrate recording it—whether defect curable—question of form or substance—Indian Evidence Act, 1 of 1872, sections 24, 80—Improper inducement—proof of—Presumption that confession was duly made—whether applicable.*

The fact that a confession once made has been retracted is immaterial as regards the legality of the admission of the confession as evidence either against the person who made it (of whose conviction it may form the basis even without corroborative evidence) or as against other persons tried jointly with him for the same offence. But the weight to be attached to a retracted confession depends upon the circumstances of each particular case.

*Emperor* v. *Kehri* (1), *Ataya* v. *Crown* (2), *Jawan* v. *Crown* (3), and *Karam Singh* v. *Crown* (4), referred to.

Moreover the mere fact of such retractation alone will not raise an inference that the confession was obtained by improper " inducement, threat or promise," which conclusion can only be drawn from the evidence adduced by the prosecution or the accused, or from the surrounding circumstances which the Court is always bound to take into consideration; and the decision that a confession is inadmissible under section 24 of the Indian Evidence Act cannot be arrived at merely on surmise or conjecture.

Thus, where confessions, subsequently retracted, had been made by four appellants, and it was suggested that each had been induced to confess by being given the impression that a pardon would be tendered, and that thus there had been a race to obtain the same— -

---

(1) (1907) I. L. R. 29 All. 434.     (3) 30 P. R. (Cr.) 1914.
(2) 5 P. R. (Cr.) 1911.              (4) 26 P. R. (Cr.) 1916.

SCC Online Web Edition, Copyright © 202_
Page 2      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)
-----------------------------------------------------------------------------------------------------

416                 INDIAN LAW REPORTS.              [VOL.

1925
_____

PARTAP SINGH
*v.*
THE CROWN.

*Held*, that the confessions were not rendered inadmissible by the subsequent retractation nor by the allegations as to the inducement in the absence of evidence to support them.

*Emperor* v. *Panchkowri Dutt* (1), *Emperor* v. *Dewan Kahar* (2), and *Ragho Laya* v. *Emperor* (3), referred to.

The provisions of section 164 (3) of the Criminal Procedure Code (as amended) render it incumbent upon the Magistrate who is called upon to record a confession, to explain to the person who is to make it (*a*) that he is not bound to make a confession at all; and (*b*) that if he does so, it may be used as evidence against him; and, further, (*c*) the Magistrate should record the confession only if upon examination of the person making it he has reason to believe that it will be made voluntarily.

Thus, where in the Magistrate's memoranda at the foot of the confession the explanation as above stated was not complete—

*Held*, that the presumption under section 80 of the Indian Evidence Act that the confession was "duly taken" did not arise.

The question whether the above-mentioned defect is curable under section 533 of the Code of Criminal Procedure depends upon whether the required explanation, though not recorded, had *as a matter of fact* been made.

Thus, where, though each of the accused was told that any confession he might make might be used against him, but none of the accused had it explained to him, or was made to understand, that he was not bound to make a confession at all—

*Held*, that in none of the cases could section 533 be appealed to, and the statement by one of the Magistrates that he took "all the precautions prescribed by the Criminal Procedure Code", being too vague for the purposes of section 164 (3), all the confessions were rendered inadmissible.

*Shere Singh* v. *The Empress* (4), and *Buta* v. *The Empress* (5), distinguished.

-----

(1) (1924) I. L. R. 52 Cal. 67, 82, 83.    (3) (1917) 40 I. C. 721.
(2) (1922) 72 I. C. 961.                    (4) 21 P. R. (Cr.) 1881.
(5) 52 P. R. (Cr.) 1887.



SCC Online Web Edition, Copyright © 2021
Page 3        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------

*Farid* v. *Crown* (1), *Kheman* v. *Crown* (2), Criminal Appeal No. 958 of 1924 and Criminal Appeal No. 681 of 1924 (unpublished) referred to, also Sarkar on Evidence, 2nd Edition, page 196.

1925

PARTAP SINGH
*v.*
THE CROWN.

*Appeal from the order of Lt.-Col. B. O. Roe, Sessions Judge, Jullundur, dated the 26th November 1924, convicting the appellant.*

KESAR SINGH, for Appellant.

RAM LAL, for the Government Advocate, for Respondent.

The judgment of the Court was delivered by—

BROADWAY J.—At about 9 A.M. on the 9th November 1922, one Wazira, *chaukidar* of *Mauza* Birk arrived at the Police Station at Phillaur in the Jullundur District, which is some 12 miles from *Mauza* Birk, and there stated that he had been sent to report the death of one Gulzari, son of Bhola Singh, *lambardar*, who had been shot during the preceding night while sleeping in the verandah of his *baithak*. No one was named as being suspected of the murder, but it was stated that the deceased's father, Bhola Singh, with his grandsons, Dalipa and Shibba, aged 14 and 11 years, respectively, had been sleeping in the same verandah and might know further particulars. The police proceeded to the spot and made an investigation which elicited the fact that there were two factions in the village, one headed by Bhola Singh and the other by Waryam Singh, also a *lambardar*. Nothing further was discovered and the crime remained untraced. Bhola Singh offered a reward of Rs. 4,000, for the discovery of his son's assassins and asked that the C. I. D. might take up the enquiry.

Early in 1924, *Lala* Buta Ram, Inspector of Police, C. I. D., was investigating what is described

_____

(1) (1921) I. L. R. 2 Lah. 325.        (2) (1924) I. L. R. 6 Lah. 58.



SCC Online Web Edition, Copyright © 2021
Page 4        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------------

418        INDIAN LAW REPORTS.        [VOL.

1925

PARTAP SINGH
*v.*
THE CROWN.

as the Supplementary Babbar Akali Case under the supervision of *Khan Bahadur Sheikh* Abdul Aziz Superintendent of Police, C. I. D., and had been directed by that officer to enquire about the murder of Gulzari as well from the various bad characters that were being dealt with. As a result he was told by an informer (whose name has been withheld) that Gulzari had been murdered by an hired assassin with the assistance of a man from the Lahore District. This information was conveyed to *Khan Bahadur Sheikh* Abdul Aziz who, after consulting the Superintendent of Police, Jullundur, re-opened the enquiry into the crime. This was in March 1924, and in that month as a result of the information referred to above Waryam Singh and Basanta were arrested, while Partap Singh, who was in jail for another offence, was examined, and on the 7th April, 1924, a revolver and cartridges were recovered at his indication.

In the course of the investigation that followed Partap Singh, Bishan Singh, Waryam Singh, Sundar Singh, Diwan Singh, Jawala Singh, Basanta and Saraj Din were arrested. The three last named were made approvers, and the other five sent up for trial, Partap Singh and Bishan Singh charged with the actual commission of the murder under section 302, Indian Penal Code, and the other three with abetment under section 302/109, Indian Penal Code.

The trial resulted in the acquittal of Diwan Singh and the conviction of the others. Sundar Singh was sentenced to transportation for life, while sentence of death was passed on Waryam Singh, Bishan Singh and Partap Singh. Against their convictions and sentences they have preferred separate appeals, and the case is also before us under section 374, Criminal Procedure Code, *quâ* the three who have been sentenced to death.



SCC Online Web Edition, Copyright © 2021
Page 5        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)
-----------------------------------------------------------------------------------------------------------------

It may be taken as established that there was ill-feeling between Bhola Singh and Waryam Singh who were supported by their respective friends and relatives.

The story for the prosecution is that in July 1922, the house of Waryam Singh was burgled. Waryam Singh reported against the deceased Gulzari, and the house of Bhola Singh was searched but without result. Waryam Singh wanted Bhola Singh to take an oath as to his innocence, but this Bhola Singh refused to do whereupon Waryam Singh determined to take revenge.

After a consultation between Jawala Singh, Sundar Singh, Waryam Singh and Diwan Singh, the approver Basanta was approached who introduced Partap Singh as a man who could be hired to kill Bhola Singh, and the terms settled were that Partap Singh was to be paid Rs. 300 down and a further sum of Rs. 300 after the murder had been committed. Diwan Singh and Waryam Singh were to make the first payment, and Jawala Singh and Sundar Singh undertook responsibility for the final payment. Partap Singh produced a revolver and asked for money with which to buy cartridges for it. Waryam Singh gave him Rs. 35 for that purpose, out of which Partap Singh gave Basanta Rs. 5, Waryam Singh also giving him another Rs. 5 or Rs. 10. It was arranged that Partap Singh would return in four days' time which he did, having in the interval procured the necessary cartridges from P. W. 8 Seraj-ud-Din who had obtained them from Muhammad Niwaz, Naib Sheriff of Lahore. Partap Singh had brought Bishan Singh to assist him and they and Jawala Singh joined Waryam Singh at his *haveli*. It was ascertained that Bhola Singh was sleeping with other members of his

1925

PARTAP SINGH
*v.*
THE CROWN.



SCC Online Web Edition, Copyright © 2021
Page 6        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------------------

420                    INDIAN LAW REPORTS.                    [VOL.

1925

PARTAP SINGH
*v.*
THE CROWN.

family in the verandah of his *haveli*.   Partap Singh
was told that he could identify Bhola Singh as he
snored loudly.   Partap Singh and Bishan Singh then
jumped over the wall of Bhola Singh's courtyard but
soon returned saying that there were two men snoring
loudly.  They were told that they could kill either
of the two, and that the agreed-on payment would
be made whoever they killed.   They went back accom-
panied by Jawala Singh, entered the courtyard and
Partap Singh fired two shots at the head of one of
the sleepers who turned out to be Gulzari and then
escaped.

This in brief is the statement of Jawala Singh,
approver, and the conviction of the four appellants
has been based on this evidence corroborated in the
case of each of the appellant by confessions made by
them and subsequently retracted.

It has been urged by the learned counsel who have
appeared for the appellants :—

(1) that a retracted confession cannot afford
corroboration of an approver's testimony
either against the deponent or against his
co-accused;

(2) that the confessional statements differed
*inter se* and from the approver's testi-
mony;

(3) that the confessions were inadmissible un-
der section 24 of the Evidence Act; and

(4) that as the provisions of sections 164 and
364, Criminal Procedure Code, had not
been complied with, the confessions were
inadmissible, and that the defect in them
could not be, and had not been, cured
under section 533, Criminal Procedure



SCC Online Web Edition, Copyright © 2021
Page 7        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------------

[VOL. VI]                LAHORE SERIES.                      421

Code, by the production of the Magistrates who had recorded them.

Dr. Nand Lal, who appeared for Sundar Singh, also urged that so far as the appellant was concerned, if he joined any conspiracy to murder, it was to murder Bhola Singh, and that as at the last moment and in his absence the agreement was varied by the assassins being told they could kill either Bhola Singh or his son, the charge against him fell to the ground. It is not necessary to discuss this last contention as there can be no doubt that if he joined in the conspiracy as alleged he is clearly guilty. The first contention also need not detain us. It was held in *Emperor* v. *Kehri* (I), that a retracted confession may be used as evidence, not only against the person making it, but as against persons tried jointly with the confessing accused for the same offence. It was further held that as against the person making it a retracted confession may form the basis of a conviction, even without any corroborative evidence. This pronouncement was endorsed by the Chief Court of the Punjab in *Ataya* v. *Crown* (2) and again in *Jawan, etc.* v. *Crown* (3) while it is clear that a retracted confession was held admissible in *Karam Singh* v. *Crown* (4) cited by Dr. Nand Lal. It is clear therefore that from the point of view of legality alone the fact that a confession has been retracted is immaterial. The weight to be given to such confessions both as against the person making it and the persons being tried jointly with him is another question and must depend on the circumstances of each case.

The learned counsel have taken us through the confessions in great detail with the result that there

1925
_____
PARTAP SINGH
*v.*
THE CROWN.

----------------------------------------

(1) (1907) 29 All. 434.        (3) 30 P. R. (Cr.) 1914.
(2) 5 P. R. (Cr.) 1911.        (4) 26 P. R. (Cr.) 1916.

E

SCC Online Web Edition, Copyright © 2021
Page 8        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------

1925

PARTAP SINGH
*v.*
THE CROWN.

appears to be no reason to reject them on the ground that they do not agree in every detail either *inter se* or with the evidence of the approvers. Indeed the lengthy story told by each of the appellants indicates that there was no " tutoring " on the part of the police in the case of any of the appellants, and the variations in detail afford strong evidence that each appellant gave his own account of what occurred. There is thus no real substance in the second contention referred to above.

The next contention was that the confessions were inadmissible under the provisions of section 24, Indian Evidence Act, inasmuch as the surrounding circumstances lead to the irresistible conclusion that they were, one and all, made under inducement. The latest pronouncement in regard to the provisions of section 24, Indian Evidence Act, is to be found in, *Emperor v. Panchkowri Dutt* (1).

Now, there can be no doubt that a confession made as a result of " any inducement, threat or promise, proceeding from a person in authority " is inadmissible in evidence. In deciding whether a retracted confession is to be admitted in evidence, it is doubtless necessary to examine, not only the statement made by the prisoner as to how he came to make the confession but all the circumstances of the case. The duty of a Court in this respect is aptly stated in the following passage appearing at pages 82 and 83 of the authority last cited :—

" In scrutinising a case from the point of view of section 24 of the Evidence Act, the Court will have to perform a three-fold function. It will have, as a Court, to determine the sufficiency of the inducement, threat, or promise as affording certain grounds :

_____

(1) (1924) I. L. R. 52 Cal. 67, 82, 83.



SCC Online Web Edition, Copyright © 2021
Page 9        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------

VOL. VI]            LAHORE SERIES.                423

It will have again to clothe itself with the mentality of the accused to see whether the grounds would appear to the accused reasonable for a supposition that is mentioned in the section; lastly, it will have to judge, as a Court, if the confession appears to have been caused in consequence of the inducement, threat or promise .................. It is indeed very difficult to lay down a hard and fast rule as to the sufficiency of the circumstances which would make the confession irrelevant under the provisions of this section.''

The difficulty referred to is a real one and has been recognised again and again by the various High Courts. It was so recognised in *Emperor* v. *Dewan Kahar* (1), a case cited by Dr. Nand Lal in which *Ragho Laya* v. *Emperor* (2) (also cited by Dr. Nand Lal) was considered and held to go too far. *Emperor* v. *Dewan Kahar* (1) seems to strengthen the position taken up by Mr. Ram Lal for the Crown for there it was held that " It is not possible for a Court to say that the making of a confession appears to it to have been caused by any inducement, threat, or promise except upon evidence before it. The inference may be suggested by the confession itself, or by the evidence of the prosecution or by the evidence adduced by the accused person, or by the surrounding circumstances which the Court is always bound to take into consideration; but the conclusion cannot be reached on surmise or conjecture.'' It was further pointed out that there was no rule of law which compels a Court to raise an inference of improper inducement from the mere fact that a confession is retracted. It is evident that the Court has to come to a finding on this question after a full consideration of the evidence and the particular circumstances of each case.

1925

PARTAP SINGH
*v.*
THE CROWN.

_____

(1) (1922) 72 I. C. 961.          (2) (1917) 40 I. C. 721.

E2



SCC Online Web Edition, Copyright © 2021
Page 10      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------------

424                 INDIAN LAW REPORTS.              [VOL. V

1925
─────
PARTAP SINGH
*v.*
THE CROWN.

Now, in the present case there are four confes-sions and it will be necessary to examine, separately the circumstances in which each was made. Before doing this, however, it will be as well to clear the ground by pointing out that the suggestion made by the counsel for the appellants is that the " induce-ment " which led to these confessions being made was that the appellants were given the impression that pardons would be tendered, and that thus there was a race to obtain one. In this connection it is neces-sary to ascertain the chronological order of the said confessions, and it will be as well to include here the first statements made by the approvers Jawala Singh and Basanta.

The record shows that the confession of Waryam Singh was recorded on the 4th April, 1924; of Basanta on the 5th April, 1924, of Jawala Singh on the 9th April, 1924; of Partap Singh on the 15th April, 1924, of Bishan Singh on the 18th April, 1924, and of Sundar Singh on the 12th May, 1924. While none of the appellants have named any person whose words or conduct led to the belief that a confession might lead to a pardon, P. W. 41, *Khan* Wajid Ali Khan, Inspector of Police has definitely denied that there was any talk of giving anybody a pardon in the initial stages of this investigation.

Waryam Singh had been arrested about the mid-dle of March. His confession was recorded on the 4th April, 1924. When examined by the Committing Magistrate on the 23rd August, 1924, he denied hav-ing made any statement. At the trial, on the 22nd November, 1924, he stated " The first statement was made by me because I was ill-treated by the police," and then proceeded to detail the tortures to which he had been subjected and produced some hair that he



Case 1:21-cv-00396-RJL    Document 20-1    Filed 08/14/21    Page 12 of 23
SCC Online Web Edition, Copyright © 2021
Page 11        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)
-----------------------------------------------------------------------------------------------------------------

VOL. VI]          LAHORE SERIES.                    425

stated had been pulled out. The learned Sessions
Judge has dealt very fully with these allegations,
and has satisfactorily shown that they were without
foundation. In the case of this appellant, therefore,
the suggestion made by the learned counsel that his
confession had been induced by some sort of hope of
pardon held out to him is wholly negatived by the ap-
pellant himself. There is thus no reason to think
in his case that the confession was made under any
inducement, threat or promise.

1925
———
PARTAP SINGH
v.
THE CROWN.

Partap Singh's confession was recorded on the
15th April, 1924. It is an exceedingly long and de-
tailed one and contains more or less a history of his
life. He was examined on the 23rd August, 1924,
by the Committing Magistrate when he stoutly de-
nied having made any confession and accused the
Magistrate of having copied out a statement prepar-
ed by the C. I. D. officials to which he affixed his
thumb impression under threats from the C. I. D.
Police. At the trial, on the 22nd November, 1924,
he stated that he had been beaten and later promised
a pardon by the police. There is not a tittle of evi-
dence to support either allegation and this belated
attempt to attribute his confession to a promise of
pardon on the part of some unnamed person is ob-
viously due to a desire to furnish counsel with some
basis for an objection under section 24 of the Evidence
Act.

Bishan Singh confessed on the 18th April, 1924.
On the 23rd August, 1924, before the Committing
Magistrate he denied having made any confession and
accused the Magistrate of having made him affix
his thumb to a statement that had not been made.
At the trial he stated that he had made the state-
ment " at the instance of the police " who had ill-


SCC Online Web Edition, Copyright © 2021
Page 12          Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------------

1925

PARTAP SINGH
*v.*
THE CROWN.

treated him very much and concluded by saying " I was promised a pardon." Here again this belated assertion is obviously made for the purpose of enabling his counsel to appeal to section 24 of the Evidence Act.

Finally, there is the confession of Sundar Singh recorded on the 12th and 13th May 1924. The adjournment from the 12th to the 13th was due to the fact that soon after commencing his statement he told the Magistrate that he " had caught fever." The evidence of P. W. 41, *Kh.* Wajid Ali Khan shows that Sundar Singh surrendered to the police of his own accord on the 12th May 1924 and was put before the Magistrate on the same day. Before the Committing Magistrate he stated that he had made a statement—a shorter one—under police compulsion and at the trial he admitted having made the statement because he had been beaten by the police. Having regard to the fact that he had only surrendered to the police on the 12th May 1924, his allegation of having been beaten is clearly absurd, and he does not even pretend to have had any sort of inducement held out to him.

After a careful consideration of the allegations made by the several appellants and of the circumstances of the case, it is impossible to hold that it has been made to appear that the confessions were made as a result of any inducement, threat or promise and they are therefore admissible so far as section 24 of the Evidence Act is concerned.

The next contention was that inasmuch as the provisions of sections 164 and 364, Criminal Procedure Code, had not been observed by the Magistrate who recorded the confessions they were inadmissible in evidence and that the defects neither could be nor



SCC Online Web Edition, Copyright © 2021
Page 13      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------------

had been cured under section 533, Criminal Procedure
Code. It will be convenient here to refer to the re-
levant provisions of the sections relied on :—Sec-
tion 164 (2) requires that " confessions shall be re-
corded and signed in the manner provided in sec-
tion 364 ........ ''   Section 364 provides that when an
accused person is examined by a Magistrate " the whole
of such examination including every question put to
him and every answer given by him, shall be recorded
in full ........ ''   Section 164 (3) deals specifically
with confessions and is as follows :—" A Magistrate
shall before recording any such confession explain
to the person making it that he is not bound to make
a confession, and if he does so it may be used as
evidence against him and no Magistrate shall record
any such confession unless, upon questioning the per-
son making it, he has reason to believe that it was
made voluntarily; and when he records any confes-
sion, he shall make a memorandum at the foot of such
record to the following effect :—I have explained to
(name) that he is not bound to make a confession, and
that, if he does so, any confession he may make may
be used in evidence against him, and I believe that
the confession was voluntarily made.   It was taken
in my presence, and hearing and was read over to
the person making it and admitted by him to be cor-
rect, and it contains a full and true account of the
statement made by him—(Signed) A. B., Magistrate.''

    If, when a document is tendered in evidence at
a trial purporting to be a confession of the accused,
it is found to contain the memorandum required by
section 164 (3) above set out, a presumption arises
under section 80 of the Evidence Act that all
the necessary formalities purporting to have been per-
formed have in fact been performed, and the docu-



SCC Online Web Edition, Copyright © 2021
Page 14        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------

<b>428</b>     INDIAN LAW REPORTS.     [VOL. V

1925

PARTAP SINGH
*v.*
THE CROWN.

ment is admissible in evidence without further proof. If, however, the said memorandum does not appear or is defective the document is inadmissible unless the defects can be cured by the examination of the Magistrate who recorded it—such examination being provided for by section 533, Criminal Procedure Code, which runs thus :—Section 533 (1) " If any Court, before which a confession or other statement of an accused person recorded or purporting to be recorded under section 164 or section 364 is tendered or has been received in evidence, finds that any of the provisions of either of such sections have not been complied with by the Magistrate recording the statements, it shall take evidence that such person duly made the statement recorded; and notwithstanding anything contained in the Indian Evidence Act, 1872, section 91. Such statement shall be admitted if the error has not injured the accused as to his defence on the merits.''

It is clear that the provisions of section 164 (3) render it incumbent on a Magistrate who is called on to record a confession to explain to the person who is to make it that he is not bound to make a confession at all, and that if he does so it may be used as evidence against him. Further the Magistrate should only record the confession if upon examination of the person making it he has reason to believe that it will be made voluntarily.

In the present case it has been contended that the provisions of section 164 (3) have not been complied with in the case of any of the confessions inasmuch as the memorandum on each does not show that the explanation referred to above was made to the person concerned by the Magistrate. It has also been urged that the omission to make this explanation is


SCC Online Web Edition, Copyright © 2021
Page 15       Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-------------------------------------------------------------------------------------------------

VOL. VI]          LAHORE SERIES.                        429

fatal and cannot be cured by section 533, Criminal
Procedure Code, and finally that the statements of the
Magistrates do not in fact cure this defect.   The con-
fessions of Waryam Singh and Bishan Singh were
recorded by *Lala* Shankar Das and those of Partap
Singh and Sundar Singh by Nawab Ali, *Qureshi*, both
Magistrates of the 1st Class.   The memorandum or
certificate at the foot of each of these confessions is
defective in that while it complies with the provisions
of section 164 (3) as it stood formerly, it does not
comply with those of the present section, the explana-
tion that is now required being absent in the case of
each.   The presumption referred to in section 80 of
the Indian Evidence Act does not arise and it has to
be seen whether the defects can be cured as provided
for in section 533, Criminal Procedure Code.   In
this connection reliance was placed on *Farid* v. *The
Crown* (1) and Criminal Appeal No. 958 of 1924 *Mus-
sammat Rao* v. *The Crown*, as well as certain de-
cisions of other High Courts.   As remarked in Sarkar
On Evidence (2nd edition) page 196, the decisions are
not unanimous as to whether a strict compliance with
the provisions of section 164 is imperative or whether
all omissions to fulfil the requirements of that section
are curable under section 533.   It may be laid down
broadly that a defect in form is curable and a defect
in substance is not.   If as a *matter of fact* the state-
ment was duly recorded, that is to say, after the re-
quired explanation had been given, but the Magis-
trate had failed to embody that fact in the certificate,
such a defect would be curable.   If the explanation
had not in fact been made the statement could not be
held to have been " *duly made* " and section 533 could
not be appealed to.

1925

PARTAP SINGH
*v.*
THE CROWN.

-------------------------------------------------------------------

(1) (1921) I. L. R. 2 Lah. 325.

SCC Online Web Edition, Copyright © 2021
Page 16        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-------------------------------------------------------------------------------------------------------------------------------

430            INDIAN LAW REPORTS.            [VOL.

**1925**

PARTAP SINGH
*v.*
THE CROWN.

In *Farid* v. *The Crown* (1) (a case dealing with the provisions of section 164 as it stood before the Amending Act) the Magistrate who recorded the confession had failed to question the accused as to whether he was making it voluntarily. The memorandum written before the statement was recorded disclosed the fact, and the Magistrate when examined as a witness did not say that he had questioned the accused on this point. Under section 164 he was bound to do so, and as he had failed the statement had not been duly made. It will be seen. therefore, that the confession in that case was held inadmissible because as a matter of fact, it had not been made as required by law.

In *Mussammat Rao* v. *The Crown*, Criminal Appeal No. 958 of 1924, the confession was rejected for a similar reason. The document itself was defective in that it did not contain the statement that the accused had been told that she was not bound to make a confession and the Magistrate, when examined. did not state that he had made the necessary explanation to the accused. Here again therefore the confession had not, as a fact, been " duly made.''

*Kheman* v. *The Crown* (2) was relied on by both sides but really supports Mr. Ram Lal's contention. The certificate at the foot of the confession was defective and complied only with the provisions of section 164 before it was amended. The memorandum recorded at the head of the confession was referred to, as well as the statement of the Magistrate made in Court, and it was held that when the statement was made the accused fully understood that he was not bound to make any confession unless he wished. The

-------------------------------------------------------------------------------------------------------------------------------

(1) (1921) I. L. R. 2 Lah. 325.    (2) (1924) I. L. R. 6 Lah. 58.

SCC Online Web Edition, Copyright © 2021
Page 17      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-------------------------------------------------------------------------------

defect was thus held to have been cured the confession having, in fact, been duly made.

*Bawa Singh* v. *The Crown* (Criminal Appeal 681 of 1924) is to the same effect.

Mr. Ram Lal, however, went further and contended that the *confessions* of the appellants could be proved by the Magistrates' testimony even if the records of the said confessions were inadmissible, and that the records of the confessions could be used by the Magistrates in order to refresh their memories. In support of this contention reference was made to *Shere Singh* v. *The Empress* (1) and *Buta* v. *The Empress* (2). These authorities appear to bear out this contention, but having regard to the fact that in the present case neither of the Magistrates has attempted to give detailed evidence of what was actually stated to him there does not appear any necessity to discuss the question from that point of view.

It remains now to examine the confessions separately to ascertain if they have been " duly made." That of Waryam Singh was recorded by *Lala* Shankar Das. The certificate at the end is as follows :—

> " I believe that this confession was voluntarily made. It was taken in my presence and hearing and was read over to the person making it, and admitted by him to be correct, and it contains a full and true account of the statement made by him."

At the head of the confession appears the following :—

> " *Yaddasht tahqiqat.*
> *Waryam Singh mulzim ko hirasat police se alaihda karke aur hathkari utarwa kar samjhaya gaya aur hidayat ki gai*

1925
———
PARTAP SINGH
*v.*
THE CROWN.

_____
(1) 21 P. R. (Cr.) 1881.       (2) 52 P. R. (Cr.) 1887.


SCC Online Web Edition, Copyright © 2021
Page 18      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------------------------

432                    INDIAN LAW REPORTS.                    [VOL.

1925

PARTAP SINGH
*v.*
THE CROWN.

*ki jo biyan woh kare apni raza wa ragh-<br>
bat aur bila kisi jabr ke kare.  Aur niz<br>
yih ki jo biyan woh hamare rubru batau<br>
iqbal karega woh uske barkhilaf istimal<br>
hoga.  Hamne bar waqt tahrir iqbal us<br>
ko samjha dia hai ki ham magistrate<br>
hain.  Hamne apna itminan kar lia hai<br>
ki jo iqbal mulzim likhwaega woh apni<br>
raza wa raghbat aur bila kisi jabr ya<br>
wada najaiz ke likhwaega.  Mulzim<br>
taslim karta hai ki us ke sath na kisi<br>
qism ka wada kisi ne kia hai aur na<br>
hi us ko wada muafi diya gaya hai, aur<br>
na us par kisi qism ka jabr is iqbal ke<br>
liye istimal kia gaya hai.''*

The confession of Bishan Singh was recorded by
the same Magistrate.  The certificate at the end is
as follows :—

" Certified that this confession was voluntarily
made.  It was taken in my presence and
hearing and was read over and admitted
correct.  It contains a full and true ac-
count of the statement made by him "

and at the head of the confession the following ap-
pears :—

" *Yaddasht tahqiqat.*

*Bishan Singh mulzim ko hirasat police se<br>
ilahda karke aur hathkari utarwakar<br>
apna itminan kar liya giya hai ke jo<br>
iqbal yeh mulzim tahrir karawega woh<br>
apni marzi se aur bila kisi jabar wa<br>
ikrah ya wadah ke tahrir karawega<br>
aur niz yeh ki bar waqt tahrir biyan<br>
yani iqbal uspar kisi qism ka jabar wa<br>
ikrah ya ro'b dab najaiz nahin hai.<br>
Usko samjhaya gaya hai ki yeh iqbal*



SCC Online Web Edition, Copyright © 2021
Page 19      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------

[OL. VI]            LAHORE SERIES.                      433

> *uske barkhilaf istimal hosakega aur niz*
> *yeh ki woh apna iqbal magistrate ke*
> *rubru karane laga hai."*

In his statement the Magistrate merely support-
ed what appears in the memorandum at the head and
the certificate at the end of each. From these it
will appear that though each accused was told that
any confession he might make might be used against
him neither of them had it explained to him that he
was not bound to make any confession at all. The
circumstances therefore are not similar to those in
*Kheman* v. *The Crown* (1), and there is no ground for
the belief that each of the two appellants Waryam
Singh and Bishan Singh was made to understand that
he was not bound to make a confession unless he
wished. It is obvious therefore that in the case of
each of these persons the provisions of section 164
were, in fact, not complied with, and that their con-
fessions are not admissible in evidence.

   *Khan Sahib Sheikh* Nawab Ali *Qureshi* recorded
the confession of Partap Singh. It was recorded on
two days—the 15th and 16th April 1924. The fol-
lowing certificate appears at the end of each day's
record :—

>          " Certified that the above statement of Partap
>               Singh was made voluntarily, and it con-
>               tains a full account of what he stated,
>               and it was read over and admitted correct
>               by him."

At the head of the record of the 15th April
1924 appears the following memorandum :—

>          " *Yaddasht tahqiqat.*
>               *Musammi Partap Singh mulzim ko hirasat*
>               *police se alehda karke aur uski hath-*

_____

                    (1) (1924) I. L. R. 6 Lah. 58.


SCC Online Web Edition, Copyright © 2021
Page 20      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------------

434                INDIAN LAW REPORTS.        [VOL. V

1925

PARTAP SINGH
*v.*
THE CROWN.

*kari utarwakar yeh samjhaya gia, k*
*jo iqbal woh hamare rubru bahaisiya*
*Magistrate karega woh uske khilaf istz*
*mal hosakega, aur niz jo jo kuchh woh*
*likhwana chahta hai, woh sahi sahi likh-*
*wade.  Qabal-az-tahrir biyan iqbal ham*
*ne apna itminan kar liya hai ki jo biyan*
*mulzim karega woh bila kisi jabar wa*
*ikrah ya dhokha ke hoga.  Niz yeh ke*
*bar-waqt tahrir iqbal mulzim par kisi*
*qism ke ro'b ya dab najaiz tari nahin*
*tha.''*

while the following memorandum was made at the
head of the statement recorded on the 16th April :—
   " *Yaddasht tahqiqat.*
      *Musammi Partap Singh ko hirasat police*
      *se alehda kar ke aur uski hathkari utar-*
      *wakar yeh samjhaya gia keh jo iqbal*
      *woh hamare rubaru ba haisiat magis-*
      *trate karega woh uske khilaf istimal ho*
      *sakega aur niz yeh keh jo kuchh woh*
      *likhwana chahta hai woh sahi sahi likh-*
      *wa de.  Qabal az tahrir iqbal ham ne*
      *apna itminan kar liya hai keh jo biyan*
      *mulzim karega woh bila jabar wa ikrah*
      *ya dhoka ke hoga.  Niz yeh keh bar waqt*
      *tahrir iqbal mulzim par kisi kism ka*
      *ro'b dab najaiz nahin tha.''*

The same Magistrate recorded the confession of
Sundar Singh and in his case also the statement was
recorded on two days, *viz.*, the 12th and 13th of May
1924.  The certificate at the end of each day's pro-
ceedings is :—
      I believe that confession was voluntarily made.
      It was taken in my presence and hearing.



SCC Online Web Edition, Copyright © 2021
Page 21        Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

------------------------------------------------------------------------------------------------------

OL. VI]                    LAHORE SERIES.                    435

and was read over to the person making it,
and admitted by him to be correct, and
it contains a full and true account of the
statement made by him.

1925
———
PARTAP SINGH
*v.*
THE CROWN.

There is also a memorandum at the head of each
day's proceedings—that on the 12th being :—

" *Yaddasht tahqiqat.*

> *Sundar Singh ki hathkari utari gai.
> Aur usko hirasat police se azad kiya
> gaya. Mulzim ko samjhaya gaya keh
> jo iqbal woh mere rubru ba hisiat magis-
> trate karega woh us ke khilaf shahadat
> men istimal ho sakega. Niz yeh keh main
> ne tasalli kar li hai keh mulzim biyan
> khud bila jabar-o-ikrah wa dhoka ke de
> raha hai aur yeh bhi itminan kar liya hai
> keh us par kisi qism ka ro'b-o-dab na-
> jaiz bawaqt tahrir biyan na tha.*''

And on the 13th—

" *Yaddasht tahqiqat.*

> *Mulzam ko hirasat police se azad kiya
> gaya aur us ki hathkari utari gai. Mul-
> zim ko yih bhi samjhaya gaya keh jo
> iqbal keh woh mere rubru ba haisiat
> magistrate karega woh us ke khilaf
> shahadat men istimal ho sakega. Niz
> bar waqt tahrir biyan main ne itminan
> kar liya hai keh mulzam par kisi qism
> ka ro'b-o-dab najaiz na tha our keh mul-
> zam ne biyan khud bila jabr wa ikrah
> wa dhokha ke diya hai.*''

In his statement *Sheikh* Nawab Ali has endorsed
the assertions made in the memorandums and certifi-
cates in the case of each of the appellants and has



SCC Online Web Edition, Copyright © 2021
Page 22      Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Lahore)

-----------------------------------------------------------------------------------------------------------

'436                    INDIAN LAW REPORTS.                    [VOL.

1925

PARTAP SINGH
*v.*
THE CROWN.

further stated that he " took all the precautions pre-
cribed in the Criminal Procedure Code for recording
the statements of the accused." The memorandum
at the head is in each case fuller than in the cases
of the other two appellants but here again the cir-
cumstances differ from those in *Khema* v. *Crown* (1).
The records of the confession do not show that the
appellants had it explained to them that they were
not bound to make a confession unless they wished,
and the Magistrate's statement does not contain any
allegation that he did, in fact, explain this to them.

The assertion that he took all the precautions pres-
cribed by the Criminal Procedure Code is far too
vague to enable it to be held that this important re-
quirement was indeed carried out. That the records
of confession do not conform to the requirements of
section 164, Criminal Procedure Code, is apparent.

We are thus constrained to hold that these confes-
sions were also inadmissible. There is thus no corro-
boration of the approver's evidence and we must there-
fore accept the appeals and setting aside the convic-
tions and sentences direct that the appellants be re-
leased forthwith.

*N. F. E.*

*Appeals accepted.*

(1) (1924) I. L. R. 6 Lah. 58.