# Exhibit 2

to Expert Opinion of Sudipto Sarkar SA
dated August 13, 2021

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 2 of 20



SCC Online Web Edition, Copyright © 2021
Page 1 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)



1930

SHIDAPPA LAXMANNA *v.* GURUSANGAYA AKHANDAYA

*Broomfield J.*

under Order XXI, rule 72, for set-off, that order for set-off having been a perfectly valid order in the circumstances in which it was made. It is undisputed that the sales effected by the Muddebihal Court are valid and cannot be set aside, and that was held to be so by the High Court of Bombay even before clause (*2*) of section 63 was enacted. That clause provides that "Nothing in this section shall be deemed to invalidate any proceeding taken by a Court executing one of such decrees." I can see no reason to hold that "any proceeding" means only the sale and does not include orders passed by the Court in connection with the sale. The First Class Subordinate Judge's order directing Basappa to deposit this money in Court was, therefore, made without jurisdiction and must be set aside. In other respects also I agree with my learned brother that this appeal even when treated as a revision application must fail.

*Appeal dismissed.*

J. G. R.

## APPELLATE CRIMINAL.

*Before the Honourable Mr. J. W. F. Beaumont, Chief Justice, and Mr. Justice Murphy.*

1930
*November* 26.

EMPEROR *v.* SHRIPAD RAMCHANDRA JOG AND OTHERS.*

*Criminal Law Amendment Act (XIV of 1908), section 17 (1) (2)—Association declared unlawful—No presumption that a person continues to be member of unlawful association—Burden of proof.*

When a local Government declares a particular association to be unlawful under section 16 of the Criminal Law Amendment Act there is no presumption that a person who was a member of the association before it was declared illegal continued to be a member of such association after the declaration. On the contrary the Court must presume that citizens will recognise that declaration and will loyally carry it out, and that they will cease absolutely to be members of the association declared unlawful, or in any way to act as such.

There is nothing in section 17 (1) of the Criminal Law Amendment Act, 1908, to impose upon the members of an association declared unlawful the obligation of doing any thing specific to terminate their membership. The

*Criminal Application for Revision No. 426 of 1930, with Criminal Application for Revision No. 412 of 1930 and Reference No. 88 of 1930.

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 3 of 20



SCC Online Web Edition, Copyright © 2021
Page 2 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





burden of proof rests upon the prosecution to prove affirmatively that the accused continued to be members of the association after it was declared unlawful and not on the accused that they ceased to be members after the declaration.

THE Government of Bombay published in Bombay a notification in the *Bombay Government Gazette* Extraordinary (Part I, page 2122) on August 21, 1930, under section 16 of the Indian Criminal Law Amendment Act, 1908, declaring certain associations illegal. Among the associations so declared illegal were the District Congress Committee at Satara, the Hindi Seva Dal at Satara, and the Kayadebhanga Mandal at Nasik.

The applicants (in No. 426 of 1930), Shripad and another, were members of the Tasgaon Taluka Congress Committee and the Hindustani Seva Dal at Tasgaon. At about 11-30 a.m. on August 22, 1930, the applicants were arrested at Tasgaon for being members of the aforesaid two bodies, which were alleged to be branches of, or affiliated to, the District Congress Committee at Satara and the Hindi Seva Dal of Satara. They were tried for an offence under section 17 (*2*) and convicted and sentenced. On appeal, the Sessions Judge was on the evidence of the opinion that the Hindustani Seva Dal was not shown to be a branch of the Hindi Seva Dal, and reversed the conviction on that count. He, however, held that the Tasgaon Taluka Congress Committee was a branch of the Satara District Congress Committee, but as it was not shown that the accused had done any overt act after the notification the conviction was altered to section 17 (*1*) for the following reasons :—

"Act XIV of 1908 does not itself provide for any *locus pœnitentiæ* and if the legislature does not provide for such things, I do not see how law Courts can import into the Act any provision not expressly contained therein. In my view of the matter some reasonable *locus pœnitentiæ* appears quite necessary if the law is to be reasonably enforced. But the law Courts must apply the law as it stands and it must be left to the legislature to give some *locus pœnitentiæ* before enforcing the law."

The accused applied to the High Court.

L Ja 1—3a


Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 4 of 20
SCC Online Web Edition, Copyright © 2021
Page 3 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





In application No. 412 of 1930, the two accused were the President and Secretary respectively of the Karad Taluka Congress Committee, which the prosecution contended was a branch of the Satara District Congress Committee, an association declared to be unlawful on August 21, 1930. The accused were arrested at 9 p.m. on August 22, 1930, at Karad. They were also tried and convicted of the offence under section 17 (*2*) on the ground that the accused having been office-bearers remained office-bearers irrespective of the fact that they actually did not work for the association or participated in its affairs after the notification. On appeal the Sessions Judge altered the conviction to one under section 17 (*1*), on grounds similar to those mentioned above.

The accused applied to the High Court.

In reference No. 88 of 1930, the two accused were the President and Secretary respectively of the Kayadebhang Mandal at Nasik, an association which was declared illegal by the notification above referred to. The accused were arrested at Nasik on August 24, 1930. There was no evidence of either of the accused having actively done the work of the association between August 21 and 24. During the search there came to light a letter dated August 21, 1930, and addressed to accused No. 1 which ran as follows:—

"We have independently made arrangements regarding the two talukas (viz.) Baglan and Kalwan. So you will please concentrate your attention on prohibition of liquor and other items of the Congress programme in the other talukas and contribute to the success of the Congress. May you know this."

On the above evidence, the accused were convicted of an offence under section 17 (*2*). The Sessions Judge of Nasik, being of opinion that the convictions were against law, made a reference to the High Court, observing as follows:—

"The point at issue in this case is the question of burden of proof. If the burden of proving that the accused were members of an unlawful association

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 5 of 20



SCC Online Web Edition, Copyright © 2021
Page 4 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





after it was declared unlawful is on the prosecution, then, in my opinion, it cannot be said that the prosecution has discharged the burden. The only evidence is the letter to accused No. 1. But there is nothing on the record to show that accused No. 1 ever acted upon that letter, nor is there anything to show that accused No. 2 was in any way affected by it. It might be said that section 106 and section 114 of the Indian Evidence Act (especially ill. (*d*) to section 114) throw the burden of proving innocence upon the accused. But as against the presumptions that might be raised in favour of the prosecution from those two sections there is the ordinary presumption that an accused person is innocent until he is proved to be guilty; and this latter presumption I take to be paramount. If this is so then the accused in this case cannot be convicted of being members of an unlawful association until it is proved affirmatively by the prosecution that they continued to be members of the association after it was declared to be unlawful."

The three cases were heard together.

*G. N. Thakor*, with *B. G. Padhye*, for the accused, in Criminal Reference No. 88 of 1930:—The declaration under section 16 of the Criminal Law Amendment Act, though published in the *Bombay Government Gazette* of August 21, could not be known before August 22. There is no evidence of its publication otherwise. Assuming it was known on the 22nd the accused was arrested on August 24. Although the charge is under section 17 (*2*) of the Act, there is no evidence that the accused did anything after the 22nd to justify the conviction. Unless some specific overt act is shown and proved by the prosecution, the conviction under section 17 (*2*) cannot stand. Here there is no evidence of any such act.

The letter found during the search, besides its being not proved, is no evidence of any such act. The mere receipt of a letter is no evidence of any act on the accused's part, nor are the contents incriminating.

Even as regards section 17 (*1*) there is no evidence that the accused continued to be a member after the declaration was published.

On a declaration under section 16, the association *prima facie* ceases to exist. It can have no existence in law. For section 18 to apply it must be definitely proved

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 6 of 20



SCC Online Web Edition, Copyright © 2021
Page 5 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)

---





by affirmative evidence of acts after the declaration that a particular combination of persons continues still to function. That is not suggested and there is no evidence here of such continuance. Much less is there evidence of the accused being still a member. The definition can be invoked to make a person's act penal provided such specific act is proved against him. The learned Judge refers to section 106 and section 114, ill. (*d*), of the Indian Evidence Act, and rightly rejects them. This is a penal enactment. In a criminal case the Court starts with a presumption of innocence unless crime is affirmatively brought home. Section 103 is an answer to section 101. It is for the prosecution to prove the affirmative fact as they want the Court to believe in the continuance of the association and of the membership of the accused.

There is a general presumption against misconduct of all kinds, no presumption being more favoured in the law than that of innocence. Criminality is never to be presumed. When facts are consistent with innocence as well as guilt, presumption of innocence should prevail. Other presumptions have often to yield to the presumption of innocence. See Ameer Ali's Law of Evidence, 5th Edn., pp 724, 727 or 793 and cases there cited; also Sarkar, on Evidence, 4th Edn., pp. 742 and 641. The English law is to the same effect as will be seen from Taylor on Evidence.

Men must be presumed to act rightly and according to law unless the contrary is proved. Many men may be members of an association when lawful. They must be presumed to act rightly and according to law. And with the declaration of illegality they must be presumed to have ceased to be members until the contrary is proved. See *Emperor* v. *Ramchandra*[1] and *Ashraf Ali* v. *The King-Emperor*.[2]

(1) (1904) 6 Bom. L. R. 551. (2) (1917) 21 C. W. N. 1152 at p. 1160.

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 7 of 20



SCC Online Web Edition, Copyright © 2021
Page 6 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)



1930

EMPEROR v. SHRIPAD RAMCHANDRA

The accused cannot possibly do anything without being guilty. No meeting could be convened without admitting guilt nor could the secretary act without being guilty. The attempt to resign would show that he continues a member. The accused would be on the horns of a dilemma if such a violent presumption is applied. The section does not say whoever does not do any act by way of ceasing to be a member. It says " whoever is." The penalty is not for " having been " a member when the association was lawful. It makes penal the being of a member after it is declared to be unlawful. See definition. If so, if you apply section 106 or section 114, ill. (*d*), you in reality punish one for " having been " a member of a lawful association. The object of the law is not to lay a trap for those who have been members before. That is what the police have been doing, in order to penalise them for their having been members when the body was lawful. In order that a man may be guilty there must be some illegal act or some illegal omission on his part. Here you can impute neither after the notification.

The Criminal Law Amendment Act is a penal enactment and must be strictly construed. Its provisions should not be applied until definite proof of guilt, i.e., of an illegal act or of an illegal omission is adduced against a person.

Secondly, it is found that the body of which the accused was a member was not the Kayadebhang Mandal but the Yuddha Mandal. The latter has not been declared unlawful. It is found that the name was altered in June before the notification. After June it was necessary to declare the Yuddha Mandal to be illegal and not a Mandal already defunct. Section 18 refers to a case where an association declared illegal is proved to continue to function after a pretended dissolution after the notification. Section 15, sub-section (*1*), refers to

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 8 of 20



SCC Online Web Edition, Copyright © 2021
Page 7 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





cases where an association is not known by a distinctive name, as also to a case where it has a name. The declaration applies to a body which ceased to exist in June. There is no declaration as regards the Yuddha Mandal which was the only body that existed. It is in law a different body and not the same after June.

The notification being again a penal notification and being restrictive of the ordinary rights of the public should also be construed strictly and criminality should not be attached to bodies not expressly and specifically declared illegal. There must be certainty about bodies declared illegal. It will lead to great uncertainty and confusion if bodies not specifically referred to are sought to be brought within the fold of the notification which should be strictly construed like a penal provision. The notification becomes part of the section by incorporation and its scope cannot be enlarged beyond its express words. See *Empress* v. *Kola Lalang*[1] and Maxwell on Interpretation of Statutes, p. 227. The principle has been followed in Bombay also. See *Reg.* v. *Bhista bin Madanna*[2] and *Jetha Parkha* v. *Ramchandra Vithoba.*[3]

*G. N. Thakor*, with *J. R. Gharpure*, for the accused, in Criminal Revision No. 412 of 1930 :—In this case the facts are stronger in favour of the accused. There is no evidence of publication at Karad on August 22. The notification may possibly reach Karad at the earliest at 9 a.m. The searches began early. Accused were admittedly not informed of the notification. One of the accused went to Court at 2 p.m. and returned at 8 or 9 p.m., when he was arrested on the 22nd. The other accused returned from outside at 9 p.m., when he was arrested. Neither knew for what he was arrested. The charge sheet was not sent till the 29th, bail having been refused.

(1) (1881) 8 Cal. 214 at p. 216. (2) (1876) 1 Bom. 308 at p. 311.
(3) (1892) 16 Bom. 689 at p. 693.

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 9 of 20



SCC Online Web Edition, Copyright © 2021
Page 8 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





They were all along in custody. Admittedly, no overt act is or can be imputed to them after the publication of the notification.

Over and above the arguments in the reference I rely on *Johnson* v. *Sargant & Sons*[1]; Halsbury's Laws of England, Vol. IX, p. 238, section 507 and section 501; *Burns* v. *Nowell*[2]; and *London County Council* v. *Aylesbury Dairy Company.*[3]

In *Tulpule's* case[4] the facts were entirely different as there was a definite finding of knowledge against the accused who did not also avail of the opportunity. Here there has been a deliberate attempt to entrap the accused who are both very respectable men, and to keep the notification a secret from them. The accused have not admitted being members. Their written statements have been misread. To impute criminality in such a case is to make a violent and unwarranted presumption and to assume criminality without possibility of a knowledge of the notification which the police scrupulously kept back from the accused to be able to entrap them. My arguments in the reference apply to this case with greater force.

Besides neither the Provincial Congress Committee at Poona nor the Taluka Congress Committee at Karad have been declared to be illegal by the notification.

*G. B. Chitale*, for the applicants in Criminal Revision No. 406 of 1930 :—There was no evidence before the Magistrate that the notification declaring the Satara District Congress Committee illegal had been published at Tasgaon before the arrest of the accused or that the accused otherwise had knowledge of it. Mr. Gole, the police inspector, saw the advance typed copy of the

(1) [1918] 1 K. B. 101.
(2) (1880) 5 Q. B. D. 444.
(3) [1898] 1 Q. B. 106 at pp. 108-09.
(4) (1930) Criminal Review No. 349 of 1930, decided by Madgavkar and Barlee JJ. on September 29, 1930 (Unrep.).


Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 10 of 20


SCC Online Web Edition, Copyright © 2021
Page 9 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





Notification No. S.D. 3517 in the office of the District Superintendent of Police at Satara on the evening of August 21. He moved the District Magistrate for a search warrant on that advance copy and got a search warrant at 9-30 p.m., returned to Tasgaon early in the morning on 22nd at 7 a.m., searched the Congress Office and the house of Mr. Kulkarni and also that of accused No. 1. Mr. Kulkarni, who was the president, got the information from the passers by and sent in his resignation. The accused had absolutely no information about the notification. The police had not published the notification and did not inform the accused about it. The accused were arrested at 12 noon. It was incumbent on the police before making the arrest to notify the declaration to the public and to wait for a reasonable time.

There was no evidence before the Magistrate to show that the accused were the members of the Tasgaon Taluka Congress Committee. Tasgaon Taluka Congress Committee was not specifically mentioned in the notification and it is not a branch of the Satara District Congress Committee which is declared unlawful. There was a change in the creed of the Indian National Congress in December 1929; and as the accused have not subscribed to this new creed, nor paid any subscription, they were not members of the Tasgaon Taluka Congress Committee, assuming that Tasgaon Taluka Congress Committee was in existence. In their statements before the Magistrate, they have made it clear that they are not the members of the said Congress Committee in 1930.

The committees that were legal and working for the last twenty or thirty years were suddenly declared illegal and material change is made in them. The natural presumption is that every man is innocent and the accused are not the members. It was for the prosecution to show that the accused were members of an association declared

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 11 of 20



SCC Online Web Edition, Copyright © 2021
Page 10 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





unlawful or that they committed any overt act from which their membership could be presumed. In this case admittedly there is no overt act from which their memberships could be presumed. The accused, therefore, are not guilty under section 17 (*1*) of the Criminal Law Amendment Act of 1908.

*P. B. Shingne,* Government Pleader, for the Crown, in all the three cases :—The publication of the notification in the *Bombay Government Gazette* is quite sufficient. It is not necessary to publish the notification in particular places, where the accused are arrested. It is not incumbent on the police to publish the notification or inform the accused before the arrest. As soon as the Government Gazette is out, it should be taken as published and every person is presumed to know it. It is not necessary to allow reasonable time. This question was considered and decided in *Tulpule's* case,[1] where it was held that no provision was made in the law and the only way to remove the hardship (if any) is for the legislature to amend the law. See Craies Statute Law, 3rd Edn., p. 323, and *Burns* v. *Nowell*.[2]

The accused were members of the Congress Committees before they were declared illegal and under section 114 of the Indian Evidence Act the presumption is that they continue to be members until they resign or sever their connection. Besides the fact whether the accused were members or not, was one specifically within their knowledge, and under section 106 of the Indian Evidence Act it was for the accused to prove that they were not members or office-bearers. There was absolutely no burden of proof on the prosecution to prove anything. Therefore, under section 114 the accused continued to be members till they were arrested, and hence they were

(1) (1930) Criminal Review No. 349 of 1930, decided by Madgavkar and Barlee JJ. on September 29, 1930 (Unrep.).
(2) (1880) 5 Q. B. D. 444.


Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 12 of 20
SCC Online Web Edition, Copyright © 2021
Page 11 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





rightly convicted under section 17 (*1*) of the Criminal Law Amendment Act. When the existence of a state of things continuous in its nature is once established, it should be presumed that the state of things continued to exist as before until the contrary is proved (*vide* Ameer Ali's Law of Evidence, 8th Ed., p. 776). *Tulpule's* case[1] is an authority for holding that no overt act is necessary to be proved.

Those who concern themselves with movements of associations which come to be proscribed must presumably be supposed to anticipate the consequences to which they are likely to be subjected and it is too much to require the prosecution to prove that they are members of the association declared unlawful, having regard to the provisions of section 106 of the Indian Evidence Act.

In the Nasik case, there is strong evidence to prove that the notification was known. In the Satara cases, the evidence of the President in the Tasgaon case clearly proves that the notification was known and in the other case which comes from Karad, the accused were arrested late at night and presumably the fact that the notification was out must have been known.

Lastly, section 17, sub-section (*1*), among other things, condemns membership. This shows that the Legislature not only intended to stop unlawful associations but also provided that even membership was a matter for condemnation.

The accused were charged under section 17 (*2*) but were convicted under section 17 (*1*). The charge was under both the sub-sections though the actual figures were not put down in the charge. The charge gave a clear indication to the accused as regards their defence. Besides this question was considered in *Tulpule's* case[1] where it was held that the accused could be convicted

[1] (1930) Criminal Review No. 349 of 1930, decided by Madgavkar and Barlee JJ. on September 29, 1930 (Unrep.).

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 13 of 20



SCC Online Web Edition, Copyright © 2021
Page 12 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





under section 17 (*1*) though they were specifically charged under section 17 (*2*).

BEAUMONT, C. J. :—These are three cases which have been argued together because they have certain features in common. Reference No. 88 of 1930 is a reference from the Sessions Judge of Nasik made to us under section 438 of the Criminal Procedure Code. The other two cases—Applications Nos. 412 and 426—are applications in revision by the accused persons. The features which the cases have in common are these. In all the cases the accused are charged with being members of associations rendered unlawful by a declaration of the Bombay Government notified in a Gazette Extraordinary dated August 19, 1930. It is alleged in each case that the association of which the accused were members was one of those referred to in the schedule to that declaration. Each of the accused was prosecuted under section 17 (*2*) of the Criminal Law Amendment Act, XIV of 1908, for taking part in the management of an unlawful association. But in the two revision cases the accused were actually sentenced under section 17 (*1*) of that Act.

The first question which arises in all the cases is whether the Crown is bound to prove that the accused were members of the association in question after it was declared unlawful. For the purposes of my judgment, I will assume that the accused were all members of the association in question immediately before it was declared unlawful. Under section 16 of the Criminal Law Amendment Act, the local Government is empowered by notification in the official Gazette to declare an association unlawful on the grounds therein mentioned, which are in effect that the association constitutes a danger to the public peace. Under section 17 (*1*) it is provided that whoever is a member of an unlawful


Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 14 of 20


SCC Online Web Edition, Copyright © 2021
Page 13 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)



1930

EMPEROR v. SHRIPAD RAMCHANDRA

*Beaumont C. J.*

association or takes part in meetings of any such association or contributes or receives or solicits any contribution for the purpose of any such association or in any way assists the operations of any such association shall be punished with imprisonment for a term which may extend to six months or with fine or with both. So that this sub-section deals with the case of a person who is a member of an unlawful association or acts as such. Sub-section (*2*) provides that whoever manages or assists in the management of an unlawful association or promotes or assists in promoting a meeting of any such association or of any members thereof as such members shall be punished with imprisonment for a term which may extend to three years or with fine or with both. So that this sub-section deals with the more serious offence of management of an unlawful association. Under the definition clause, section 15, " unlawful association " includes an association which has been declared to be unlawful by the local Government under the powers conferred by the Act. That definition was no doubt necessary because otherwise it might have been contended that once an association is declared unlawful it can have no existence in law and that it is, therefore, impossible for any one to be recognised as a member of it in a Court of law. That point, however, cannot be raised, because the unlawful association includes an association which has been declared unlawful.

Now the first point taken on behalf of the Crown is this. The declaration was published (I will assume) on August 21, and the accused were arrested, in the two revision cases, on August 22, and in the reference case on the 24th, and it is argued that if the accused are shown to have been members of the association on August 21 it must be presumed that they remained members on the 22nd and 24th. No doubt if no change had taken place in the status of the association that presumption

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 15 of 20

SCC Online Web Edition, Copyright © 2021
Page 14 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)



1930

EMPEROR v. SHRIPAD RAMCHANDRA

*Beaumont C. J.*

would properly be made. But in all these cases a very material change had taken place in the status of the association between August 20 and 22. It had been declared unlawful, and membership thenceforth involved criminal liability. It seems to me that there can be no justification whatever for presuming that because a person was a member of an association which was lawful, he remained a member of that association after it had been declared unlawful. To make such a presumption would in my view be to ignore both the presumption of innocence, which is always made in a criminal case, and the presumption which is made in cases, whether civil or criminal, that people behave rightly and properly. The principle is embodied in the maxim *omnia præsumuntur rite et solenniter esse acta donec probetur in contrarium*, all things are presumed to be rightly done until the contrary is proved. It seems to me that when the local Government declares a particular association to be unlawful the Courts must presume that the citizens will recognise that declaration, which is made after all for their good to preserve the public safety, and will loyally carry it out, and that they will cease absolutely to be members of the association declared unlawful, or in any way to act as such.

Then the case is put for the Crown in a different way, though I think it really comes to the same point. It is said that if the accused say that they ceased to be members of the association after it became unlawful it is for them to prove that fact : they are stating an affirmative fact, and the burden is upon them to prove it, and reliance is placed on section 106 of the Indian Evidence Act. Apart from the answers which I have already suggested to the argument put in its first form, I think the answer to the argument in its second form is that there is no necessity for the members of an association declared unlawful to take any active step to bring


Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 16 of 20
SCC Online Web Edition, Copyright © 2021
Page 15 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





their connection with the association to an end. There is nothing in section 17 of the Criminal Law Amendment Act to impose upon the members of the association declared unlawful the obligation of doing anything specific to terminate their membership, and the language of the section seems to me inconsistent with the idea that any such obligation was intended to be imposed. The normal way of bringing an unincorporated association to an end would be by a resolution, passed at a general meeting to wind up the association. It is quite plain that the calling of a meeting for that purpose would infringe the provisions of section 17 (*1*). If it had been intended that some active step should be taken to bring the association to an end, one would have expected to find in section 17 provisions saving from illegality meetings called for the purpose of winding up the association and acts done with a view to severing connection with such association, but no such provisions are to be found. If a member writes a letter of resignation, he thereby admits that at that moment he is a member of the unlawful association, and the Secretary who acts upon such letter makes a similar admission, and both are liable to be prosecuted. It seems to me that what the legislature has done is to rely on the general declaration of illegality as bringing the association to an end and has not required members to take any active step to sever their connection with the body.

It is argued further that if that view prevails it may be very difficult for the Government to procure convictions. But after all the powers conferred by sections 16 and 17 of the Criminal Law Amendment Act XIV of 1908 appear to have been given to the Government to enable them to put an end to the activities of bodies considered to be acting contrary to the public safety, and if the result of the declaration is that those activities automatically cease, then the object of the legislature has

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 17 of 20



SCC Online Web Edition, Copyright © 2021
Page 16 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





been achieved. I do not think that the powers given by sections 16 and 17 of the Act were intended to be used so as to make people liable to penalties for having been members of associations at a time when they were lawful, and not unlawful.

On the facts of these three cases, I can find no evidence whatever that any of these accused in any way acted as members of these associations after the date when they were declared unlawful. In Reference No. 88 of 1930, the only evidence against the accused was that a letter was found which had been written to him in his capacity as secretary of the association. It appears to me clear, as it appeared clear to the Sessions Judge of Nasik who made the reference, that the mere receipt of a letter cannot make a man liable as a member. In the two revision applications, there was no evidence at all that the parties acted as members after the declaration. In Revision Application No. 412 of 1930, the statements of the two accused, who were the president and the secretary of the Karad Taluka Congress Committee, were relied on by the learned Sessions Judge. They did no doubt state that they remained as president and secretary respectively of the association in question until the time of their arrest, but when the whole statement is looked at it is clear that they were asserting that they had no notice that the association had been declared unlawful and were merely admitting that they had not taken any active step to sever their connection with the association down to the date of their arrests. In Revision Application No. 426 of 1930, the case of the accused was that they had not been members or acted as members of the association in question since December 1929 when the creed of the Indian National Congress was altered. I can find no evidence whatever that they acted in any way as members of the association after it was declared unlawful. In that view of the matter it is unnecessary


Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 18 of 20


SCC Online Web Edition, Copyright © 2021
Page 17 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)



1930

EMPEROR
*v.*
SHRIPAD
RAMCHANDRA

*Beaumont C. J.*

to decide the other questions which were argued. It was argued in each case that the particular association of which the accused were alleged to be members was not an association declared unlawful by the notification of August 21, 1930. It is unnecessary to decide that point, but I may say that I was not greatly impressed with those arguments and I should probably have held that the associations were covered by the declaration. Another point argued was that in the two revision applications the charge ought not to have been altered from a charge under section 17 (*2*) to one under section 17 (*1*) of the Criminal Law Amendment Act. It is unnecessary again to express an opinion on the point. As I take the view that the Crown have failed to establish their case against the accused, the convictions and sentences in all the cases must be quashed, and the fines, if any, paid should be refunded. Order accordingly.

MURPHY, J. :—We are dealing with three cases under section 17 of Act XIV of 1908 and Notifications Nos. 3570 and 3571 published in a Gazette Extraordinary of August 21, 1930. One is a reference by the Sessions Judge of Nasik and the other two applications for revision of convictions and sentences recorded by a Magistrate and modified in appeal by the Sessions Judge of Satara. Several points have been argued, but the principal ones are common to all three cases. The first is, whether the associations held to be unlawful in the three cases were really among the ones notified, and the next, whether in fact the persons concerned can be held to have continued their membership of these unlawful associations after the date of the notification? The first arises owing to the fact that the three associations in question are not named in the notification. Their names are the Yuddha Mandal of Nasik, and the Taluka Congress Committees of Karad and

Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 19 of 20



SCC Online Web Edition, Copyright © 2021
Page 18 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





Tasgaon, and if these are to be considered as within the notifications it must be by inference from the general language used in its preamble, on the grounds that the Yuddha Mandal in the Nasik case was only a new name for the Kayadebhang Mandal of that place, which is mentioned in the notification, and that the Taluka Congress Committees were branches of the District Congress Committee of Satara. I agree with the learned Chief Justice that probably I would have found against the applicants on these points, if it had been necessary to arrive at a decision. But it is not necessary to do so, for the reference and applications must succeed on another ground, even on the assumption that these were three unlawful associations. In the Nasik case the conviction was under section 17 (*2*) of the Criminal Law Amendment Act, and in the two Satara cases the convictions were altered to ones under section 17 (*1*) of the Act. But the cases are essentially similar as there is no evidence of management, after August 21, 1930, in any of them, and we have to consider the facts from the point of view of membership. The ordinary rule is that the burden of proving the elements of an offence lies upon the prosecution. There is no evidence on this point, and we have been asked to presume that a man who was a member of an association since declared unlawful, continues to be a member unless he can show that he has resigned at the date of the notification. In ordinary cases an association might be declared unlawful, and if its members or some of them were to decide to continue associated together in defiance of the notification, there would be something done in furtherance of its aims after the relevant date to show its continuing existence or membership, and those members unwilling to continue would probably have resigned; but there is a real difficulty, where, as here, the arrests of its members follow immediately, or as soon as may be,


Case 1:21-cv-00396-RJL Document 20-2 Filed 08/14/21 Page 20 of 20


SCC Online Web Edition, Copyright © 2021
Page 19 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: ILR (Bombay)





on the publication of the notification, for as there is no time for the persons concerned to dissociate themselves from the association which has become unlawful, so there can be no opportunity for the prosecution to prove continuing membership, and if there are to be convictions at all in these circumstances they must rest on a presumption of continuance, and though nominally, for being, in reality be for having been, a member of an association which has since become unlawful. The terms of Act XIV of 1908 do not contemplate this effect, and for relevant presumptions we can only look to sections 106 and 114 of the Indian Evidence Act. Section 114 by ill. (*d*) includes instances of presumption of the continuance of a state of things shown to have been in existence, and section 106 shifts the burden of proof to the person within whose knowledge any fact especially is, here the discontinuance of membership. If the immediate effect of the notification is interpreted in this way, obviously all members of an association notified as unlawful are necessarily guilty of an offence within an impossibly short interval of the notification being published, and the general presumption of innocence is done away with. It is true that the probability is that a person hastily resigning, as was the case of the President of the Tasgaon Taluka Congress Committee, who did this on August 22, would perhaps not be prosecuted by the executive, but technically he would still be guilty. I think that the act of notification did not shift the burden of proof, as has been suggested to us, and there being no evidence that the persons concerned continued to be members of the associations declared unlawful, the convictions must be set aside in all three prosecutions in respect of all the persons concerned.

*Convictions set aside.*

B. G. R.