# Exhibit 3

to Expert Opinion of Sudipto Sarkar SA
dated August 13, 2021

Case 1:21-cv-00396-RJL   Document 20-3   Filed 08/14/21   Page 2 of 3

manupatra®

LEX/SLHC/0039/1941

**Equivalent Citation:** (1941) (43) NLR (34)

## HIGH COURT OF SRI LANKA

Decided On: 04.11.1941

Appellants: **Menon**
Vs.
Respondent: **Lantine**

**Hon'ble Judges:**
Moseley, S.P.J

**Counsels:**
For Appellant/Petitioner/Plaintiff: L.A. Rajapakse and G.P.J. Kurukulasuriya

For Respondents/Defendant: H.W.R. Weerasooriya, C.C.

**JUDGMENT**

**Moseley, S.P.J.**

**1.** Appellant was convicted of driving car, No. Z 3560, from a highway into a place which is not a highway in such a manner as to obstruct traffic on the highway, an offence against section 85 (7) of the Motor Car Ordinance, No. 45 of 1938, and punishable by section 158 of that Ordinance. He was sentenced to pay a fine of. Rs. 50. It is common ground that the appellant was driving his employer's car in a southerly direction along the Galle road and that he turned his car to the right and was in the act of crossing that road to enter Castle lane, when a car driven by a Mr. Prins and coming from the direction of Mount Lavinia. struck into the appellant's car in the vicinity of the near rear wheel. Mr. Prins' car proceeded a short distance and then turned over, one of the occupants sustaining slight injuries. There are discrepancies in the evidence as to the exact position on the road of appellant's car at the moment of impact, and as to whether or not Mr. Prins was driving without lights. These matters seem to me to be immaterial to the question for decision. In order to avoid a collision Mr. Prins would have had to employ more effective measures than he did, such as applying his brakes earlier or more forcibly so that his movement would have been impeded. The appellant clearly obstructed the traffic.

**2.** The point is taken that the prosecution has omitted to prove that Galle road is a highway within the meaning of the Motor Car Ordinance. Section 176 defines a "highway" as including" every place over which the public have a right of way, or to which the public or any part of the' public are granted access, and every place where the motor traffic thereon is regulated by a police officer". The definition could hardly be wider, and the fact that on the night in question there were present at' this particular point on the road at least three motor cars, a bullock cart and three members of the public who were called as witnesses for the defence is in my view adequate proof that the Galle road is a place to which at/least a part of the public have been granted access.

**3.** Moreover, prosecution and defence each put in evidence a sketch depicting/the Galle road as a " road" approximately 50 feet wide with a white line along the centre and a pavement on either side. There was also evidence of the existence of a street

light in the vicinity.

**4.** Even without such evidence it seems to me that it/was open to the Magistrate to take judicial notice of a fact which must have been within his knowledge. Section 57 of the Evidence Ordinance (Cap. 11) require a. Court to take judicial notice of certain specified matters and allows it to resort to books of reference on matters of public history, literature, science or art. Sarkar on Evidence (4th ed., p. 403), in the commentary. on this section, says that judicial notice is taken of various facts, the universal notoriety or regular recurrence of which in the ordinary course of nature or business has made them familiar to the judges. In Lakshmayya v. Sri Raja Varadaraja Apparow Bahadur [36 Mad. 168 at p. 180.]', which was brought to my notice by Crown Counsel, Sundara Ayyar J. in discussing the "absurd lengths to which the doctrine of not using personal knowledge... could be carried" said" a judge must be allowed to use even his knowledge of concrete private facts, provided he mentions his knowledge to the parties and they do not object to his deciding the case and he must be allowed of 'course to use his knowledge of general or public facts, historical, scientific, political and otherwise in coming to his conclusions. "

**5 .** Turning to English law, in Phipson's Manual of Evidence (5th ed. p. 24) the following observations appear under the title of Notorious Facts

> The- Courts will notice facts which are notorious- e.g. the ordinary course of nature; the standards of weight and measure; the public coin and currency; and the meaning of common words and phrases. They have also taken notice that the streets of London are crowded and dangerous,- that boys are naturally reckless, and that cats are ordinarily kept for: domestic purposes.

**6.** In considering" the known conditions of traffic in London, with large numbers of motor caps and motor buses about the streets" Sergeant J., in Dennis v. A. J. White & Co. [(1916) 2 K. B. 1 at p. 6.]described it as "a matter of which the Court can of course take judicial notice". I have discussed this point more fully perhaps than is warranted, and' I am clearly of opinion that the Court is entitled to take judicial notice of the fact that Galle road is a highway.

**7 .** The appeal therefore fails. 'The charge, however, should have been laid under section 85 (6). The appellant has not been in any way prejudiced and the conviction is accordingly amended. In regard to the sentence it seems to me that the learned Magistrate must have taken into consideration the damage which resulted from the collision. There is no doubt but that the appellant obstructed the free movement of Mr. Prins' car. There are, however, some unsatisfactory features in the case for the prosecution. It seems to me that the evidence of the witnesses for' the defence that Mr. Prins' 'car had no lights carries some conviction, and there is the extraordinary' fact, which Mr. Prins is unable to explain, that his tail lamp and number-plate were found wrapped in paper inside his car. I do not think, if Mr. Prins had exercised a modicum of care, a collision was inevitable. For that reason the appellant has, in my view, been somewhat heavily punished. I set aside the sentence of a fine "of Rs. 50 and substitute therefore a fine of Rs. 5.

© Manupatra Information Solutions Pvt. Ltd.