# Exhibit 5

to Expert Opinion of Sudipto Sarkar SA

dated August 13, 2021

*THE INCOME-TAX ACT, 1961

———————

ARRANGEMENT OF SECTIONS

———————

CHAPTER I

PRELIMINARY

SECTIONS

1.  Short title, extent and commencement.
2.  Definitions.
3.  "Previous year" defined.

CHAPTER II

BASIS OF CHARGE

4.  Charge of income-tax.
5.  Scope of total income.
5A. Apportionment of income between spouses governed by Portuguese Civil Code.
6.  Residence in India.
7.  Income deemed to be received.
8.  Dividend income.
9.  Income deemed to accrue or arise in India
9A. Certain activities not to constitute business connection in India.

CHAPTER III

INCOMES WHICH DO NOT FORM PART OF TOTAL INCOME

10.  Incomes not included in total income.
10A. Special provision in respect of newly established undertakings in free trade zone, etc.
10AA. Special provisions in respect of newly established Units in Special Economic Zones.
10B. Special provisions in respect of newly established hundred per cent. export-oriented undertakings.
10BA. Special provisions in respect of export of certain articles or things.
10BB. Meaning of computer programmes in certain cases.
10C. Special provision in respect of certain industrial undertakings in North-Eastern Region.
11.  Income from property held for charitable or religious purposes.
12.  Income of trusts or institutions from contributions.
12A. Conditions for applicability of sections 11 and 12.
12AA. Procedure for registration.
13.  Section 11 not to apply in certain cases.
13A. Special provision relating to incomes of political parties.
13B. Special provisions relating to voluntary contributions received by electoral trust.

————————————

* Subject to verification and confirmation by the Department.

CHAPTER IV

COMPUTATION OF TOTAL INCOME

*Heads of income*

SECTIONS

14. Heads of income.
14A. Expenditure incurred in relation to income not includible in total income.

*A.—Salaries*

15. Salaries.
16. Deductions from salaries.
17. "Salary", "perquisite" and "profits in lieu of salary" defined.

*B.— [Omitted]*

18. [*Omitted.*]
19. [*Omitted.*]
20. [*Omitted.*]
21. [*Omitted.*]

*C.—Income from house property*

22. Income from house property.
23. Annual value how determined.
24. Deductions from income from house property.
25. Amounts not deductible from income from house property.
25A. Special provision for arrears of rent and unrealised rent received subsequently.
25AA. Unrealised rent received subsequently to be charged to income-tax.
25B. Special provision for arrears of rent received.
26. Property owned by co-owners.
27. "Owner of house property", "annual charge", etc., defined.

*D.—Profits and gains of business or profession*

28. Profits and gains of business or profession.
29. Income from profits and gains of business or profession, how computed.
30. Rent, rates, taxes, repairs and insurance for buildings.
31. Repairs and insurance of machinery, plant and furniture.
32. Depreciation.
32A. Investment allowance.
32AB. Investment deposit account.
32AC. Investment in new plant or machinery.
32AD. Investment in new plant or machinery in notified backward areas in certain States.
33. Development rebate.
33A. Development allowance.
33AB. Tea development account, coffee development account and rubber development account.

SECTIONS

33ABA. Site Restoration Fund.

33AC. Reserves for shipping business.

33B. Rehabilitation allowance.

34. Conditions for depreciation allowance and development rebate.

34A. Restriction on unabsorbed depreciation and unabsorbed investment allowance for limited period in case of certain domestic companies.

35. Expenditure on scientific research.

35A. Expenditure on acquisition of patent rights or copyrights.

35AB. Expenditure on know-how.

35ABA. Expenditure for obtaining right to use spectrum for telecommunication services.

35ABB. Expenditure for obtaining licence to operate telecommunication services.

35AC. Expenditure on eligible projects or schemes.

35AD. Deduction in respect of expenditure on specified business.

35B. [*Omitted*].

35C. [*Omitted*].

35CC. [*Omitted*].

35CCA. Expenditure by way of payment to associations and institutions for carrying out rural development programmes.

35CCB. Expenditure by way of payment to associations and institutions for carrying out programmes of conservation of natural resources.

35CCC. Expenditure on agricultural extension project.

35CCD. Expenditure on skill development project.

35D. Amortisation of certain preliminary expenses.

35DD. Amortisation of expenditure in case of amalgamation or demerger.

35DDA. Amortisation of expenditure incurred under voluntary retirement scheme.

35E. Deduction for expenditure on prospecting, etc., for certain minerals.

36. Other deductions.

37. General.

38. Building, etc., partly used for business, etc., or not exclusively so used.

39. [*Omitted*].

40. Amounts not deductible.

40A. Expenses or payments not deductible in certain circumstances.

41. Profits chargeable to tax.

42. Special provision for deductions in the case of business for prospecting, etc., for mineral oil.

43. Definitions of certain terms relevant to income from profits and gains of business or profession.

43A. Special provisions consequential to changes in rate of exchange of currency.

43B. Certain deductions to be only on actual payment.

43C. Special provision for computation of cost of acquisition of certain assets.

43CA. Special provision for full value of consideration for transfer of assets other than capital assets in certain cases.

43D. Special provision in case of income of public financial institutions, public companies, etc.

44. Insurance business.

44A. Special provision for deduction in the case of trade, professional or similar association.

44AA. Maintenance of accounts by certain persons carrying on profession or business.

44AB. Audit of accounts of certain persons carrying on business or profession.

SECTIONS

44AC. [*Omitted.*]

44AD. Special provision for computing profits and gains of business on presumptive basis.

44ADA. Special provision for computing profits and gains of profession on presumptive basis.

44AE. Special provision for computing profits and gains of business of plying, hiring or leasing goods carriages.

44AF. Special provisions for computing profits and gains of retail business.

44B. Special provision for computing profits and gains of shipping business in the case of non-residents.

44BB. Special provision for computing profits and gains in connection with the business of exploration, etc., of mineral oils.

44BBA. Special provision for computing profits and gains of the business of operation of aircraft in the case of non-residents.

44BBB. Special provision for computing profits and gains of foreign companies engaged in the business of civil construction, etc., in certain turnkey power projects.

44C. Deduction of head office expenditure in the case of non-residents.

44D. Special provisions for computing income by way of royalties, etc., in the case of foreign companies.

44DA. Special provision for computing income by way of royalties, etc., in the case of non-residents.

44DB. Special provision for computing deductions in the case of business reorganisation of co-operative banks.

*E.—Capital gains*

45. Capital gains.

46. Capital gains on distribution of assets by companies in liquidation.

46A. Capital gains on purchase by company of its own shares or other specified securities.

47. Transactions not regarded as transfer.

47A. Withdrawal of exemption in certain cases.

48. Mode of computation.

49. Cost with reference to certain modes of acquisition.

50. Special provision for computation of capital gains in case of depreciable assets.

50A. Special provision for cost of acquisition in case of depreciable asset.

50B. Special provision for computation of capital gains in case of slump sale.

50C. Special provision for full value of consideration in certain cases.

50CA. Special provision for full value of consideration for transfer of share other than quoted share.

50D. Fair market value deemed to be full value of consideration in certain cases.

51. Advance money received.

52. [*Omitted.*]

53. [*Omitted.*]

54. Profit on sale of property used for residence.

54A. [*Omitted.*]

54B. Capital gain on transfer of land used for agricultural purposes not to be charged in certain cases.

54C. [*Omitted.*]

54D. Capital gain on compulsory acquisition of lands and buildings not to be charged in certain cases.

54E. Capital gain on transfer of capital assets not to be charged in certain cases.

SECTIONS

54EA. Capital gain on transfer of long-term capital assets not to be charged in the case of investment in specified securities.

54EB. Capital gain on transfer of long-term capital assets not to be charged in certain cases.

54EC. Capital gain not to be charged on investment in certain bonds.

54ED. Capital gain on transfer of certain listed securities or unit not to be charged in certain cases.

54EE. Capital gain not to be charged on investment in units of a specified fund.

54F. Capital gain on transfer of certain capital assets not to be charged in case of investment in residential house.

54G. Exemption of capital gains on transfer of assets in cases of shifting of industrial undertaking from urban area.

54GA. Exemption capital gains on transfer of assets in cases of shifting of industrial undertaking from urban area to any Special Economic Zone.

54GB. Capital gain on transfer of residential property not to be charged in certain cases.

54H. Extension of time for acquiring new asset or depositing or investing amount of capital gain.

55. Meaning of "adjusted", "cost of improvement" and "cost of acquisition".

55A. Reference to Valuation Officer.

*F.—Income from other sources*

56. Income from other sources.

57. Deductions.

58. Amounts not deductible.

59. Profits chargeable to tax.

## CHAPTER V

### INCOME OF OTHER PERSONS, INCLUDED IN ASSESSEE'S TOTAL INCOME

60. Transfer of income where there is no transfer of assets.

61. Revocable transfer of assets.

62. Transfer irrevocable for a specified period.

63. "Transfer" and "revocable transfer" defined.

64. Income of individual to include income of spouse, minor child, etc.

65. Liability of person in respect of income included in the income of another person.

## CHAPTER VI

### AGGREGATION OF INCOME AND SET OFF OR CARRY FORWARD OF LOSS

*Aggregation of income*

66. Total income.

67. [*Omitted.*]

67A. Method of computing a member's share in income of association of persons or body of individuals.

68. Cash credits.

69. Unexplained investments.

69A. Unexplained money, etc.

69B. Amount of investments, etc., not fully disclosed in books of account.

69C. Unexplained expenditure, etc.

69D. Amount borrowed or repaid on *hundi*.

*Set off, or carry forward and set off*

SECTIONS

70. Set off of loss from one source against income from another source under the same head of income.

71. Set off of loss from one head against income from another.

71A. Transitional provisions for set off of loss under the head "Income from house property".

71B. Carry forward and set off of loss from house property.

72. Carry forward and set off of business losses.

72A. Provisions relating to carry forward and set-off of accumulated loss and unabsorbed depreciation allowance in amalgamation or demerger, etc.

72AA. Provisions relating to carry forward and set-off of accumulated loss and unabsorbed depreciation allowance in scheme of amalgamation of banking company in certain cases.

72AB. Provisions relating to carry forward and set-off of accumulated loss and unabsorbed depreciation allowance in business reorganisation of co-operative banks.

73. Losses in speculation business.

73A. Carry forward and set off of losses by specified business.

74. Losses under the head "Capital gains".

74A. Losses from certain specified sources falling under the head "Income from other sources".

75. Losses of firms.

76. [*Omitted.*]

77. [*Omitted.*]

78. Carry forward and set off of losses in case of change in constitution of firm or on succession.

79. Carry forward and set off of losses in case of certain companies.

80. Submission of return for losses.

## CHAPTER VI-A

### DEDUCTIONS TO BE MADE IN COMPUTING
#### TOTAL INCOME

*A.—General*

80A. Deductions to be made in computing total income.

80AA. [*Omitted.*]

80AB. Deductions to be made with reference to the income included in the gross total income.

80AC. Deduction not to be allowed unless return furnished.

80B. Definitions.

*B.—Deductions in respect of certain payments*

80C. Deduction in respect of life insurance premia, deferred annuity, contributions to provident fund, subscription to certain equity shares or debentures, etc.

80CC. [*Omitted.*]

80CCA. Deduction in respect of deposits under National Savings Scheme or payment to a deferred annuity plan.

80CCB. Deduction in respect of investment made under Equity Linked Savings Scheme.

80CCC. Deduction in respect of contribution to certain pension funds.

80CCD. Deduction in respect of contribution to pension scheme of Central Government.

80CCE. Limit on deductions under sections 80C, 80CCC and 80CCD.

SECTIONS

80CCF. Deduction in respect of subscription to long-term infrastructure bonds.

80CCG. Deduction in respect of investment made under an equity savings scheme.

80D. Deduction in respect of health insurance premia.

80DD. Deduction in respect of maintenance including medical treatment of a dependant who is a person with disability.

80DDB. Deduction in respect of medical treatment, etc.

80E. Deduction in respect of interest on loan taken for higher education.

80EE. Deduction in respect of interest on loan taken for residential house property.

80F. [*Omitted*.]

80FF. [*Omitted*.]

80G. Deduction in respect of donations to certain funds, charitable institutions, etc.

80GG. Deductions in respect of rents paid.

80GGA. Deduction in respect of certain donations for scientific research or rural development.

80GGB. Deduction in respect of contributions given by companies to political parties.

80GGC. Deduction in respect of contributions given by any person to political parties.

*C.-Deductions in respect of certain incomes*

80H. [*Omitted*.]

80HH. Deduction in respect of profits and gains from newly established industrial undertakings or hotel business in backward areas.

80HHA. Deduction in respect of profits and gains from newly established small-scale industrial undertakings in certain areas.

80HHB. Deduction in respect of profits and gains from projects outside India.

80HHBA. Deduction in respect of profits and gains from housing projects in certain cases.

80HHC. Deduction in respect of profits retained for export business.

80HHD. Deduction in respect of earnings in convertible foreign exchange.

80HHE. Deduction in respect of profits from export of computer software, etc.

80HHF. Deduction in respect of profits and gains from export or transfer of film software, etc.

80-I. Deduction in respect of profits and gains from industrial undertakings after a certain date, etc.

80-IA. Deductions in respect of profits and gains from industrial undertakings or enterprises engaged in infrastructure development, etc.

80-IAB. Deductions in respect of profits and gains by an undertaking or enterprise engaged in development of Special Economic Zone.

80-IAC. Special provision in respect of specified business.

SECTIONS

80-IB. Deduction in respect of profits and gains from certain industrial undertakings other than infrastructure development undertakings.

80-IBA. Deductions in respect of profits and gains from housing projects.

80-IC. Special provisions in respect of certain undertakings or enterprises in certain special category States.

80-ID. Deduction in respect of profits and gains from business of hotels and convention centres in specified area.

80-IE. Special provisions in respect of certain undertakings in North-Eastern States.

80J. [*Omitted.*]

80JJ. [*Omitted.*]

80JJA. Deduction in respect of profits and gains from business of collecting and processing of bio-degradable waste.

80JJAA. Deduction in respect of employment of new workmen.

80K. [*Omitted.*]

80L. [*Omitted.*]

80LA. Deductions in respect of certain incomes of Offshore Banking Units and International Financial Services Centre.

80M. [*Omitted.*]

80MM. [*Omitted.*]

80N. [*Omitted.*]

80-O. Deduction in respect of royalties, etc., from certain foreign enterprises.

80P. Deduction in respect of income of co-operative societies.

80Q. Deduction in respect of profits and gains from the business of publication of books.

80QQ. [*Omitted.*]

80QQA. Deduction in respect of professional income of authors of text books in Indian languages.

80QQB. Deduction in respect of royalty income, etc., of authors of certain books other than text-books.

80R. Deduction in respect of remuneration from certain foreign sources in the case of professors, teachers, etc.

80RR. Deduction in respect of professional income from foreign sources in certain cases.

80RRA. Deduction in respect of remuneration received for services rendered outside India.

80RRB. Deduction in respect of royalty on patents.

80S. [*Omitted.*]

80T. [*Omitted.*]

80TT. [*Omitted.*]

*CA.—Deductions in respect of other incomes*

80TTA. Deduction in respect of interest on deposits in savings account.

*D.—Other deductions*

80U. Deduction in case of a person with disability.

Sections

80V. [*Omitted.*]

80VV. [*Omitted.*]

## CHAPTER VI-B

### Restriction on certain deductions in the case of companies

80VVA. [*Omitted.*]

## CHAPTER VII

### Incomes forming part of total income
### on which no income-tax is payable

81.  [*Omitted.*]
82. [*Omitted.*]
83. [*Omitted.*]
84. [*Omitted.*]
85. [*Omitted.*]
85A. [*Omitted.*]
85B. [*Omitted.*]
85C. [*Omitted.*]
86. Share of member of an association of persons or body of individuals in the income of the association or body.
86A. [*Omitted.*]

## CHAPTER VIII

### Rebates and reliefs

#### A.—*Rebate of income-tax*

87. Rebate to be allowed in computing income-tax.
87A. Rebate of income-tax in case of certain individuals.
88. Rebate on life insurance premia, contribution to provident fund, etc.
88A. [*Omitted.*]
88B. [*Omitted.*]
88C. [*Omitted.*]
88D. [*Omitted.*]
88E. Rebate in respect of securities transaction tax.

#### B.—*Relief for income-tax*

89. Relief when salary, etc., is paid in arrears or in advance.
89A. [*Omitted.*]

## CHAPTER IX

### Double taxation relief

90. Agreement with foreign countries or specified territories.
90A. Adoption by Central Government of agreement between specified associations for double taxation relief.
91. Countries with which no agreement exists.

## CHAPTER X

### Special provisions relating to avoidance of tax

92. Computation of income from international transaction having regard to arm's length price.
92A. Meaning of associated enterprise.
92B. Meaning of international transaction.

SECTIONS

92BA. Meaning of specified domestic transaction.
92C. Computation of arm's length price.
92CA. Reference to Transfer Pricing Officer.
92CB. Power of Board to make safe harbour rules.
92CC. Advance pricing agreement.
92CD. Effect to advance pricing agreement.
92CE. Secondary adjustment in certain cases.
92D. Maintenance and keeping of information and document by persons entering into an international transaction or specified domestic transaction.
92E. Report from an accountant to be furnished by persons entering into international transaction or specified domestic transaction.
92F. Definitions of certain terms relevant to computation of arm's length price, etc.
93. Avoidance of income-tax by transactions resulting in transfer of income to non- residents.
94. Avoidance of tax by certain transactions in securities.
94A. Special measures in respect of transactions with persons located in notified jurisdictional area.
94B. Limitation on interest deduction in certain cases.

CHAPTER XA
GENERAL ANTI-AVOIDANCE RULE

95. Applicability of General Anti-Avoidance Rule.
96. Impermissible avoidance arrangement.
97. Arrangement to lack commercial substance.
98. Consequences of impermissible avoidance arrangement.
99. Treatment of connected person and accommodating party.
100. Application of this Chapter.
101. Framing of guidelines.
102. Definitions.

CHAPTER XI
ADDITIONAL INCOME-TAX ON UNDISTRIBUTED PROFITS

103. [Omitted.]
104. [Omitted.]
105. [Omitted.]
106. [Omitted.]
107. [Omitted.]
107A. [Omitted.]
108. [Omitted.]
109. [Omitted.]

CHAPTER XII
DETERMINATION OF TAX IN CERTAIN SPECIAL CASES

110. Determination of tax where total income includes income on which no tax is payable.
111. Tax on accumulated balance of recognised provident fund.
111A. Tax on short-term capital gains in certain cases.
112. Tax on long-term capital gains.

SECTIONS

112A. [*Omitted*].

113. Tax in the case of block assessment of search cases.

114. [*Omitted*].

115. [*Omitted*].

115A. Tax on dividends, royalty and technical service fees in the case of foreign Companies.

115AB. Tax on income from units purchased in foreign currency or capital gains arising from their transfer.

115AC. Tax on income from bonds or Global Depository Receipts purchased in foreign currency or capital gains arising from their transfer.

115ACA. Tax on income from Global Depository Receipts purchased in foreign currency or capital gains arising from their transfer.

115AD. Tax on income of Foreign Institutional Investors from securities or capital gains arising from their transfer.

115B. Tax on profits and gains of life insurance business.

115BA. Tax on income of certain domestic companies.

115BB. Tax on winnings from lotteries, crossword puzzles, races including horse races, card games and other games of any sort or gambling or betting of any form or nature whatsoever.

115BBA. Tax on non-resident sportsmen or sports associations.

115BBB. Tax on income from units of an open-ended equity oriented fund of the Unit Trust of India or of Mutual Funds.

115BBC. Anonymous donations to be taxed in certain cases.

115BBD. Tax on certain dividends received from foreign companies.

115BBDA. Tax on certain dividends received from domestic companies.

115BBE. Tax on income referred to in section 68 or section 69 or section 69A or section 69B or section 69C or section 69D.

115BBF. Tax on income from patent.

115BBG. Tax on income from transfer of carbon credits.

CHAPTER XIIA

SPECIAL PROVIONS RELATING TO CERTAIN INCOMES OF NON-RESIDENTS

115C. Definitions.

115D. Special provision for computation of total income of non-residents.

115E. Tax on investment income and long-term capital gains.

115F. Capital gains on transfer of foreign exchange assets not to be charged in certain cases.

115G. Return of income not to be filed in certain cases.

115H. Benefit under Chapter to be available in certain cases even after the assessee become resident.

115-I. Chapter not to apply if the assessee so chooses.

## CHAPTER XII-B

SPECIAL PROVISIONS RELATING TO CERTAIN COMPANIES

SECTIONS

115J. Special provisions relating to certain companies.

115JA. Deemed income relating to certain companies.

115JAA. Tax credit in respect of tax paid on deemed income relating to certain companies.

115JB. Special provision for payment of tax by certain companies.

## CHAPTER XII-BA

SPECIAL PROVISIONS RELATING TO CERTAIN PERSONS OTHER THAN A COMPANY

115JC. Special provisions for payment of tax by certain persons other than a company.

115JD. Tax credit for alternate minimum tax.

115JE. Application of other provisions of this Act.

115JEE. Application of this Chapter to certain persons.

115JF. Interpretation in this Chapter.

## CHAPTER XII-BB

SPECIAL PROVISIONS RELATING TO CONVERSION OF INIDAN BRANCH OF A FOREIGN BANK INTO A SUBSIDIARY COMPANY

115JG. Conversion of an Indian branch of foreign company into subsidiary Indian company.

## CHAPTER XII-BC

SPECIAL PROVISIONS RELATING TO FOREIGN COMPANY SAID TO BE RESIDENT IN INIDA

115JH. Foreign company said to be resident in india.

## CHAPTER XII-C

SPECIAL PROVISIONS RELATING TO RETAIL TRADE, ETC.

115K. [*Omitted*].

115L. [*Omitted*].

115M. [*Omitted*].

115N. [*Omitted*].

## CHAPTER XII-D

SPECIAL PROVISIONS RELATING TO TAX ON DISTRIBUTED PROFITS OF DOMESTIC COMPANIES

115-O. Tax on distributed profits of domestic companies.

115P. Interest payable for non-payment of tax by domestic companies.

115Q. When company is deemed to be in default.

## CHAPTER XII-DA

SPECIAL PROVISIONS RELATING TO TAX ON DISTRIBUTED INCOME OF DOMESTIC COMPANY FOR BUY-BACK OF SHARES

115QA. Tax on distributed income to shareholders.

SECTIONS

115QB. Interest payable for non-payment of tax by company.

115QC. When company is deemed to be assessee in default.

CHAPTER XII-E

SPECIAL PROVISIONS RELATING TO TAX ON DISTRIBUTED INCOME

115R. Tax on distributed income to unit holders.

115S. Interest payable for non-payment of tax.

115T. Unit trust of India or mutual fund to be an assessee in default.

CHAPTER XII-EA

SPECIAL PROVISIONS RELATING TO TAX ON DISTRIBUTED INCOME BY
SECURITISATION TRUSTS

115TA. Tax on distributed income to investors.

115TB. Interest payable for non-payment of tax.

115TC. Securitisation trust to be assessee in default.

115TCA. Tax on income from securitization trusts.

CHAPTER XII-EB

SPECIAL PROVISIONS RELATING TO TAX ON ACCRETED INCOME
OF CERTAIN TRUSTS AND INSTITUTIONS

115TD. Tax on accreted income.

115TE. Interest payable for non-payment of tax by trust or institution.

115TF. When trust or institution is deemed to be assessee in default.

CHAPTER XII-F

SPECIAL PROVISIONS RELATING TO TAX ON INCOME RECEIVED FROM VENTURE CAPTIAL
COMPANIES AND VENTURE CAPTIAL FUNDS

115U. Tax on income in certain cases.

CHAPTER XII-FA

SPECIAL PROVISIONS RELATING TO BUSINESS TRUSTS

115UA. Tax on income of unit holder and business trust.

CHAPTER XII-FB

SPECIAL PROVISIONS RELATING TO TAX ON INCOME OF INVESTMENT FUNDS AND INCOME
RECEIVED FROM SUCH FUNDS

115UB. Tax on income of investment fund and its unit holders.

CHAPTER XII-G

SPECIAL PROVISIONS RELATING TO INCOME OF SHIPPING COMPANIES

*A. — Meaning  of certain expressions*

115V. Definitions.

*B.—Computation of tonnage income from business of*
*operating qualifying ships*

SECTIONS

115VA. Computation of profits and gains from the business of operating qualifying ships.

115VB. Operating ships.

115VC. Qualifying company.

115VD. Qualifying ship.

115VE. Manner of computation of income under tonnage tax scheme.

115VF. Tonnage income.

115VG. Computation of tonnage income.

115VH. Calculation in case of joint operation, etc.

115V-I. Relevant shipping income.

115VJ. Treatment of common costs.

115VK. Depreciation.

115VL. General exclusion of deduction and set off, etc.

115VM. Exclusion of loss.

115VN. Chargeable gains from transfer of tonnage tax assets.

115V-O. Exclusion from provisions of section 115JB.

*C.—Procedure for option of tonnage tax scheme*

115VP. Method and time of opting for tonnage tax scheme.

115VQ. Period for which tonnage tax option to remain in force.

115VR. Renewal of tonnage tax scheme.

115VS. Prohibition to opt for tonnage tax scheme in certain cases.

*D.—Conditions for applicability of tonnage tax scheme*

115VT. Transfer of profits to Tonnage Tax Reserve Account.

115VU. Minimum training requirement for tonnage tax company.

115VV. Limit for charter in of tonnage.

115VW. Maintenance and audit of accounts.

115VX. Determination of tonnage.

*E.—Amalgamation and demerger of shipping companies*

115VY. Amalgamation.

115VZ. Demerger.

*F.— Miscellaneous*

115VZA. Effect of temporarily ceasing to operate qualifying ships.

*G.—Provisions of this chapter not to apply in certain cases*

115VZB. Avoidance of tax.

115VZC. Exclusion from tonnage tax scheme.

CHAPTER XII-H

INCOME-TAX OF FRINGE BENEFITS

*A. — Meaning of certain expressions*

115W. Definitions.

*B. —Basis of charge*

SECTIONS

115WA. Charge of fringe benefit tax.

115WB. Fringe benefits.

115WC. Value of fringe benefits.

*C.—Procedure for filing of return in respect of fringe benefits, assessment and payment of tax in respect thereof*

115WD.  Return of fringe benefits.

115WE. Assessment.

115WF. Best judgment assessment.

115WG. Fringe benefits escaping assessment.

115WH. Issue of notice where fringe benefits have escaped assessment

115WI. Payment of fringe benefit tax.

115WJ. Advance tax in respect of fringe benefits.

115WK. Interest for default in furnishing return of fringe benefits.

115WKA. Recovery of fringe benefit tax by the employer from the employee.

115WKB. Deemed payment of tax by employee.

115WL. Application of other provisions of this Act.

115WM. Chapter XII-H not to apply after a certain date.

CHAPTER XIII

INCOME-TAX AUTHORITIES

*A. —Appointment and control*

116. Income-tax authorities.
117. Appointment of income-tax authorities.
118. Control of income-tax authorities.
119. Instructions to subordinate authorities.

*B.—Jurisdiction*

120. Jurisdiction of income-tax authorities.
121. [*Omitted*]
121A. [*Omitted*].
122. [*Omitted*].
123. [*Omitted*].
124. Jurisdiction of Assessing Officers.
125. [*Omitted*].
125A. [*Omitted*].
126. [*Omitted*].
127. Power to transfer cases.
128. [*Omitted*].
129. Change of incumbent of an office.
130. [*Omitted*].
130A. [*Omitted*].

*C.—Powers*

SECTIONS

131. Power regarding discovery, production of evidence, etc.

132. Search and seizure.

132A. Powers to requisition books of account, etc.

132B. Application of seized or requisitioned assets.

133. Power to call for information.

133A. Power of survey.

133B. Power to collect certain information.

133C. Power to call for information by prescribed income-tax authority.

134. Power to inspect registers of companies.

135. Power of Principal Director General or Director General or Principal Director or Director, Principal Chief Commissioner or Chief Commissioner or Principal Commissioner or Commissioner and Joint Commissioner.

136. Proceedings before income-tax authorities to be judicial proceedings.

*D. —Disclosure of information*

137. [*Omitted*].

138. Disclosure of information respecting assessees.

CHAPTER XIV

PROCEDURE FOR ASSESSMENT

139. Return of income.

139A. Permanent account number.

139AA. Quoting of Aadhaar number.

139B. Scheme for submission of returns through Tax Return Preparers.

139C. Power of Board to dispense with furnishing documents, etc., with return.

139D. Filing of return in electronic form.

140. Return by whom to be verified.

140A. Self-assessment.

141. [*Omitted*].

141A. [*Omitted*].

142. Inquiry before assessment.

142A. Estimation of value of assets by Valuation Officer.

143. Assessment.

144. Best judgment assessment.

144A. Power of Joint Commissioner to issue directions in certain cases.

144B. [*Omitted*].

144BA. Reference to Principal Commissioner or Commissioner in certain cases.

144C. Reference to dispute resolution panel.

145. Method of accounting.

145A. Method of accounting in certain cases.

146. [*Omitted*].

147. Income escaping assessment.

SECTIONS

    148. Issue of notice where income has escaped assessment.

    149. Time limit for notice.

    150. Provision for cases where assessment is in pursuance of an order on appeal, etc.

    151. Sanction for issue of notice.

    152. Other provisions.

    153. Time limit for completion of assessments, reassessments and recomputation.

    153A. Assessment in case of search or requisition.

    153B. Time-limit for completion of assessment under section 153A.

    153C. Assessment of income of any other person.

    153D. Prior approval necessary for assessment in cases of search or requisition.

    154. Rectification of mistake.

    155. Other amendments.

    156. Notice of demand.

    157. Intimation of loss.

    158. Intimation of assessment of firm.

CHAPTER XIV-A

SPECIAL PROVISION FOR AVOIDING REPETITIVE APPEALS

    158A. Procedure when assessee claims identical question of law is pending before High Court or Supreme Court.

    158AA. Procedure when in an appeal by revenue an identical question of law is pending before Supreme Court.

CHAPTER XIV-B

SPECIAL PROCEDURE FOR ASSESSMENT OF SEARCH CASES

    158B. Definitions.

    158BA. Assessment of undisclosed income as a result of search.

    158BB. Computation of undisclosed income of the block period.

    158BC. Procedure for block assessment.

    158BD. Undisclosed income of any other person.

    158BE. Time limit for completion of block assessment.

    158BF. Certain interests and penalties not to be levied or imposed.

    158BFA. Levy of interest and penalty in certain cases.

    158BG. Authority competent to make the block assessment.

    158BH. Application of other provisions of this Act.

    158BI. Chapter not to apply after certain date.

CHAPTER XV

LIABILITY IN SPECIAL CASES

*A.—Legal representatives*

    159. Legal representatives.

*B.—Representative assesses – General provisions*

    160. Representative assessee.

    161. Liability of representative assessee.

    162. Right of representative assessee to recover tax paid.

*C.—Representative assesses- Special cases*

    163. Who may be regarded as agent.

SECTIONS

164. Charge of tax where share of beneficiaries unknown.

164A. Charge of tax in case of oral trust.

165. Case where part of trust income is chargeable.

*D.—Representative assesses-Miscellaneous provisions*

166. Direct assessment or recovery not barred.

167. Remedies against property in cases of representative assessees.

*DD.—Firms, association of persons and body of individuals*

167A. Charge of tax in the case of a firm.

167B. Charge of tax where shares of members in association of persons or body of individuals unknown, etc.

167C. Liability of partners of limited liability partnership in liquidation.

*E.—Executors*

168. Executors.

169. Right of executor to recover tax paid.

*F.—Succession to business or profession*

170. Succession to business otherwise than on death.

*G.—Partition*

171. Assessment after partition of a Hindu undivided family.

*H.—Profits of non-residents from occasional shipping business*

172. Shipping business of non-residents.

*I.— Recovery of tax in respect of non-residents.*

173. Recovery of tax in respect of non-resident from his assets.

*J.—Persons leaving India*

174. Assessment of persons leaving India.

*JA.—Association of persons or body of individuals or artificial juridical person formed for a particular event or purpose*

174A. Assessment of association of persons or body of individuals or artificial juridical person formed for a particular event or purpose.

*K.—Persons trying to alienate their assets*

175. Assessment of persons likely to transfer property to avoid tax.

*L.—Discontinuance of business, or dissolution*

176. Discontinued business.

177. Association dissolved or business discontinued.

178. Company in liquidation.

*M.—Private companies*

179. Liability of directors of private company in liquidation

*N.—Special provisions for certain kinds of income*

180. Royalties or copyright fees for literary or artistic work.

180A. Consideration for know-how.

*O.*—[*Omitted*]

SECTIONS

181. [*Omitted*].

## CHAPTER XVI

### SPECIAL PROVISIONS APPLICABLE TO FIRMS

*A.—Assessment of firms*

182. [*Omitted*].
183. [*Omitted*].
184. Assessment as a firm.
185. Assessment when section 184 not complied with.

*C.—Changes in constitution, succession and dissolution*

187. Change in constitution of a firm.
188. Succession of one firm by another firm.

188A. Joint and several liability of partners for tax payable by firm.

189. Firm dissolved or business discontinued.

189A. Provisions applicable to past assessments of firms.

## CHAPTER XVII

### COLLECTION AND RECOVERY OF TAX

*A.—General*

190. Deduction at source and advance payment.
191. Direct payment.

*B.—Deduction at source*

192. Salary.

192A. Payment of accumulated balance due to an employee.

193. Interest on securities.
194. Dividends.

194A. Interest other than ''Interest on securities''.

194B. Winnings from lottery or crossword puzzle.

194BB. Winnings from horse race.

194C. Payments to contractors.

194D. Insurance commission.

194DA. Payment in respect of life insurance policy.

194E. Payments to non-resident sportsmen or sports associations.

194EE. Payments in respect of deposits under National Savings Scheme, etc.

194F. Payments on account of repurchase of units by Mutual Fund or Unit Trust of India.

194G. Commission, etc., on the sale of lottery tickets.

194H. Commission or brokerage.

194-I. Rent.

194-IA. Payment on transfer of certain immovable property other than agricultural land.

S<small>ECTIONS</small>

194-IB. Payment of rent by certain individuals or Hindu undivided family.

194-IC. Payment under specified agreement.

194J. Fees for professional or technical services.

194K. [*Omitted*].

194L. [*Omitted*].

194LA. Payment of compensation on acquisition of certain immovable property.

194LB. Income by way of interest from infrastructure debt fund.

194LBA. Certain income from units of a business trust.

194LBB. Income in respect of units of investment fund.

194LBC. Income in respect of investment in securitization trust.

194LC. Income by way of interest from Indian company.

194LD. Income by way of interest on certain bonds and Government securities.

195. Other sums.
195A. Income payable net of tax.
196.  Interest or dividend or other sums payable to Government, Reserve Bank or certain Corporations.
196A. Income in respect of units of non-residents.
196B. Income from units.

196C. Income from foreign currency bonds or shares of Indian company.

196D. Income of Foreign Institutional Investors from securities.

197.  Certificate for deduction at lower rate.
197A. No deduction to be made in certain cases.
198. Tax deducted is income received.
199. Credit for tax deducted.
200. Duty of person deducting tax.
200A. Processing of statements of tax deducted at source.
201. Consequences of failure to deduct or pay.
202. Deduction only one mode of recovery.
203. Certificate for tax deducted.

203A.Tax deduction and collection account number.

203AA. Furnishing of statement of tax deducted.

204. Meaning of "person responsible for paying".
205. Bar against direct demand on assessee.
206. Persons deducting tax to furnish prescribed returns
206A. Furnishing of quarterly return in respect of payment of interest to residents without deduction of tax.

206AA. Requirement to furnish Permanent Account Number.

206B. [*Omitted*.]

*BB.—Collection at source*

206C. Profits and gains from the business of trading in alcoholic liquor, forest produce, scrap, etc.

206CA. Tax collection account number.

SECTIONS

206CB. Processing of statements of tax collected at source.

206CC. Requirement to furnish Permanent Account Number by collectee.

*C.—Advance payment of tax*

207. Liability for payment of advance tax.

208. Conditions of liability to pay advance tax.

209. Computation of advance tax.

209A. [*Omitted*.]

210.  Payment of advance tax by the assessee of his own accord or in pursuance of order of Assessing Officer.

211. Instalments of advance tax and due dates.

212. [*Omitted*.]

213. [*Omitted*.]

214. Interest payable by Government.

215. Interest payable by assessee.

216. Interest payable by assessee in case of under-estimate, etc.

217. Interest payable by assessee when no estimate made.

218. When assessee deemed to be in default.

219. Credit for advance tax.

*D.—Collection and recovery*

220. When tax payable and when assessee deemed in default.

221. Penalty payable when tax in default.

222. Certificate to Tax Recovery Officer.

223. Tax Recovery Officer by whom recovery is to be effected.

224. Validity of certificate and cancellation or amendment thereof.

225. Stay of proceedings in pursuance of certificate and amendment or cancellation thereof.

226. Other modes of recovery.

227. Recovery through State Government.

228. [*Omitted.*]

228A. Recovery of tax in pursuance of agreements with foreign countries.

229. Recovery of penalties, fine, interest and other sums.

230. Tax clearance certificate.

230A. [*Omitted.*]

231. [*Omitted.*]

232. Recovery by suit or under other law not affected.

*E.—Tax payable under provisional assessment*

233. [*Omitted.*]

234. [*Omitted.*]

*F.—Interest chargeable in certain cases*

234A. Interest for defaults in furnishing return of income.

234B. Interest for defaults in payment of advance tax.

234C. Interest for deferment of advance tax.

234D. Interest on excess refund.

*G.—Levy of fee in certain cases*

234E. Fee for default in furnishing statements.

234F. Fee for default in furnishing return of income.

CHAPTER XVIII

RELIEF RESPECTING TAX ON DIVIDENDS IN CERTAIN CASES

SECTIONS

235. [*Omitted*.]
236. Relief to company in respect of dividend paid out of past taxed profits.
236A. Relief to certain charitable institutions or funds in respect of certain dividends.

CHAPTER XIX
REFUNDS

237. Refunds.
238. Person entitled to claim refund in certain special cases.
239. Form of claim for refund and limitation.
240. Refund on appeal, etc.
241. [*Omitted*.]
242. Correctness of assessment not to be questioned.
241A. Withholding of refund in certain cases.
243. Interest on delayed refunds.
244. Interest on refund where no claim is needed.

244A. Interest on refunds.

245. Set off of refunds against tax remaining payable.

CHAPTER XIX-A

SETTLEMENT OF CASES

245A. Definitions.

245B. Income-tax Settlement Commission.

245BA. Jurisdiction and powers of Settlement Commission.

245BB. Vice-Chairman to act as Chairman or to discharge his functions in certain circumstances.

245BC. Power of Chairman to transfer cases from one Bench to another.

245BD. Decision to be by majority.

245C. Application for settlement of cases.

245D. Procedure on receipt of an application under section 245C.

245DD. Power of Settlement Commission to order provisional attachment to protect revenue.

245E. Power of Settlement Commission to reopen completed proceedings.

245F. Powers and procedure of Settlement Commission.

245G. Inspection, etc., of reports.

245H. Power of Settlement Commission to grant immunity from prosecution and penalty.

245HA. Abatement of proceeding before Settlement Commission.

245HAA. Credit for tax paid in case of abatement of proceedings.

245-I. Order of settlement to be conclusive.

245J. Recovery of sums due under order of settlement.

245K. Bar on subsequent application for settlement.

245L. Proceedings before Settlement Commission to be judicial proceedings.

S<small>ECTIONS</small>

245M. [*Omitted*.]

CHAPTER XIX-B

A<small>DVANCE RULINGS</small>

245N. Definitions.

245-O. Authority for Advance Rulings.

245P. Vacancies, etc., not to invalidate proceedings.

245Q. Application for advance ruling.

245R. Procedure on receipt of application.

245RR. Appellate authority not to proceed in certain cases.

245S. Applicability of advance ruling.

245T. Advance ruling to be void in certain circumstances.

245U. Powers of the Authority.

245V. Procedure of Authority.

CHAPTER XX

A<small>PPEALS AND REVISION</small>

*A.—Appleas to the Deputy Commissioner (Appeals) and commissioner (Appeals)*

246. Appealable orders.

246A. Appealable orders before Commissioner (Appeals).

247. [*Omitted*.]
248. Appeal by a person denying liability to deduct tax in certain cases.
249. Form of appeal and limitation.
250. Procedure in appeal.
251. Powers of the Commissioner (Appeals).
*B. Appeals to the Appellate Tribunal*
252. Appellate Tribunal.
253. Appeals to the Appellate Tribunal.
254. Orders of Appellate Tribunal.
255. Procedure of Appellate Tribunal.
*C.—Reference to High Court*
256. Statement of case to the High Court.
257. Statement of case to Supreme Court in certain cases.
258. Power of High Court or Supreme Court to require statement to be amended.
259. Case before High Court to be heard by not less than two judges.
260. Decision of High Court or Supreme Court on the case stated.

*CC.—Appeals to High Court*

260A. Appeal to High Court.

260B. Case before High Court to be heard by not less than two Judges.

*D.—Appeals to the Supreme Court*

SECTIONS

261. Appeal to Supreme Court.
262. Hearing before Supreme Court.

*E.—Revision by the Principal Commissioner or Commissioner*

263. Revision of orders prejudicial to revenue.
264. Revision of other orders.

*F.—General*

265. Tax to be paid notwithstanding reference, etc.
266. Execution for costs awarded by Supreme Court.
267. Amendment of assessment on appeal.
268. Exclusion of time taken for copy.
268A. Filing of appeal or application for reference by income-tax authority.
269. Definition of "High Court".

CHAPTER XXA

ACQUISITION OF IMMOVABLE PROPERTIES IN
CERTAIN CASES OF TRANSFER TO COUNTERACT EVASION OF TAX

269A. Definitions.

269AB. Registration of certain transactions.

269B. Competent authority.

269C. Immovable property in respect of which proceedings for acquisition may be taken.

269D. Preliminary notice.

269E. Objections.

269F. Hearing of objections.

269G. Appeal against order for acquisition.

269H. Appeal to High Court.

269I. Vesting of property in Central Government.

269J. Compensation.

269K. Payment or deposit of compensation.

269L. Assistance by Valuation Officers.

269M. Powers of competent authority.

269N. Rectification of mistakes.

269-O. Appearance by authorised representative or registered valuer.

269P. Statement to be furnished in respect of transfers of immovable property.

269Q. Chapter not to apply to transfers to relatives.

269R. Properties liable for acquisition under this Chapter not to be acquired under other laws.

269RR. Chapter not to apply where transfer of immovable property made after a certain date.

269S. Chapter not to extend to State of Jammu and Kashmir.

## CHAPTER XXB
### REQUIREMENT AS TO MODE OF ACCEPTANCE, PAYMENT
### OR REPAYMENT IN CERTAIN CASES TO COUNTERACT EVASION OF TAX

SECTIONS

269SS. Mode of taking or accepting certain loans, deposits and specified sum.

269ST. Mode of undertaking transactions.

269T. Mode of repayment of certain loans or deposits.

269TT. Mode of repayment of Special Bearer Bonds, 1991.

## CHAPTER XXC
### PURCHASE BY CENTRAL GOVERNMENT OF IMMOVABLE
### PROPERTIES IN CERTAIN CASES OF TRANSFER

269U. Commencement of Chapter.

269UA. Definitions.

269UB. Appropriate authority.

269UC. Restrictions on transfer of immovable property.

269UD. Order by appropriate authority for purchase by Central Government of immovable property.

269UE. Vesting of property in Central Government.

269UF. Consideration for purchase of immovable property by Central Government.

269UG. Payment or deposit of consideration.

269UH. Re-vesting of property in the transferor on failure of payment or deposit of consideration.

269UI. Powers of the appropriate authority.

269UJ. Rectification of mistakes.

269UK. Restrictions on revocation or alteration of certain agreements for the transfer of immovable property or on transfer of certain immovable property.

269UL. Restrictions on registration, etc., of documents in respect of transfer of immovable property.

269UM. Immunity to transferor against claims of transferee for transfer.

269UN. Order of appropriate authority to be final and conclusive.

269UO. Chapter not to apply to certain transfers.

269UP. Chapter not to apply where transfer of immovable property effected after certain date.

## CHAPTER XXI
### PENALTIES IMPOSABLE

270. [*Omitted.*]

270A. Penalty for under reporting and misreporting of income.

270AA. Immunity from imposition of penalty, etc.

271. Failure to furnish returns, comply with notices, concealment of income, etc.

271A. Failure to keep, maintain or retain books of account, documents, etc.

271AA. Penalty for failure to keep and maintain information and document, etc., in respect of certain transactions.

SECTIONS

271AAA. Penalty where search has been initiated.

271AAB. Penalty where search has been initiated.

271AAC. Penalty in respect of certain income.

271B. Failure to get accounts audited.

271BA. Penalty for failure to furnish report under section 92E.

271BB. Failure to subscribe to the eligible issue of capital.

271C. Penalty for failure to deduct tax at source.

271CA. Penalty for failure to collect tax at source.

271D. Penalty for failure to comply with the provisions of section 269SS.

271DA. Penalty for failiure to comply with provisions of section 269ST.

271E. Penalty for failure to comply with the provisions of section 269T.

271F. Penalty for failure to furnish return of income.

271FA. Penalty for failure to furnish statement of financial transaction or reportable income.

271FAA. Penalty for furnishing inaccurate statement of financial transaction or reportable account.

271FAB. Penalty for failure to furnishing statement or information or document by an eligible investment fund.

271FB. Penalty for failure to furnish return of fringe benefits.

271G. Penalty for failure to furnish information or document under section 92D.

271GA. Penalty for failure to furnish information or document under section 285A.

271GB. Penalty for failure to furnish report or for furnishing inaccurate report under section 286.

271H. Penalty for failure to furnish statements, etc.

271-I. Penalty for failure to furnish information or furnishing inaccurate information under section 195.

271J. Penalty for furnishing incorrect information in reports or certificates.

272. [*Omitted.*]

272A. Penalty for failure to answer questions, sign statements, furnish information, returns or statements, allow inspections, etc.

272AA. Penalty for failure to comply with the provisions of section 133B.

272B. Penalty for failure to comply with the provisions of section 139A.

272BB. Penalty for failure to comply with the provisions of section 203A.

272BBB. Penalty for failure to comply with the provisions of section 206CA.

273. False estimate of, or failure to pay, advance tax.

273A. Power to reduce or waive penalty, etc., in certain cases.

273AA. Power of Principal Commissioner or Commissioner to grant immunity from penalty.

273B. Penalty not to be imposed in certain cases.

274. Procedure.

275. Bar of limitation for imposing penalties.

CHAPTER XXII
OFFENCES AND PROSECUTIONS

275A. Contravention of order made under sub-section (*3*) of section 132.

275B. Failure to comply with the provisions of clause (*iib*) of sub-section (*1*) of section 132.

276. Removal, concealment, transfer or delivery of property to thwart tax recovery.

276A. Failure to comply with the provisions of sub-sections (*1*) and (*3*) of section 178.

276AA. [*Omitted.*]

SECTIONS

276AB. Failure to comply with the provisions of sections 269UC, 269UE and 269UL.

276B. Failure to pay tax to the credit of Central Government under Chapter XII-D or XVII-B.

276BB. Failure to pay the tax collected at source.

276C. Wilful attempt to evade tax, etc.

276CC. Failure to furnish returns of income.

276CCC. Failure to furnish return of income in search cases.

276D. Failure to produce accounts and documents.

276DD. [*Omitted.*]

276E. [*Omitted.*]

277. False statement in verification, etc.

277A. Falsification of books of account or document, etc.

278. Abetment of false return, etc.

278A. Punishment for second and subsequent offences.

278AA. Punishment not to be imposed in certain cases.

278AB. Power of Principal Commissioner or Commissioner to grant immunity from prosecution.

278B. Offences by companies.

278C. Offences by Hindu undivided families.

278D. Presumption as to assets, books of account, etc., in certain cases.

278E. Presumption as to culpable mental state.

279. Prosecution to be at instance of Principal Chief Commissioner or Chief Commissioner or Principal Commissioner or Commissioner.

279A. Certain offences to be non-cognizable.

279B. Proof of entries in records or documents.

280. Disclosure of particulars by public servants.

280A. Special Courts.

280B. Offences triable by Special Court.

280C.Trial of offences as summons case.

280D. Application of Code of Criminal Procedure, 1973 to proceedings before Special Court.

CHAPTER XXII-A

ANNUITY DEPOSITS

280A. [*Omitted*].

280B. [*Omitted*].

280C. [*Omitted*].

280D. [*Omitted*].

280E. [*Omitted*].

280F. [*Omitted*].

280G. [*Omitted*].

280H. [*Omitted*].

280-I. [*Omitted*].

280J. [*Omitted*].

280K. [*Omitted*].

280L. [*Omitted*].

SECTIONS

280M. [*Omitted*].

280N. [*Omitted*].

280-O. [*Omitted*].

280P. [*Omitted*].

280Q. [*Omitted*].

280R. [*Omitted*].

280S. [*Omitted*].

280T. [*Omitted*].

280U. [*Omitted*].

280V. [*Omitted*].

280W. [*Omitted*].

280X. [*Omitted*].

CHAPTER XXII-B

TAX CREDIT CERTIFICATES

280Y. [*Omitted*].

280Z. [*Omitted*].

280ZA. [*Omitted*].

280ZB. [*Omitted.*]

280ZC. [*Omitted*].

280ZD. [*Omitted*].

280ZE. [*Omitted*].

CHAPTER XXIII

MISCELLANEOUS

281. Certain transfers to be void.

281A. [*Repealed*].

281B. Provisional attachment to protect revenue in certain cases.

282. Service of notice generally.

282A. Authentication of notices and other documents.

282B. [*Omitted*].

283. Service of notice when family is disrupted or firm, etc., is dissolved.

284. Service of notice in the case of discontinued business.

285. Submission of statement by a non-resident having liaison office.

285A. Furnishing of information or documents by an Indian concern in certain cases.

285B. Submission of statements by producers of cinematograph films.

285BA. Obligation to furnish statement of financial transaction or reportable account.

286. Furnishing of report in respect of international group.

287. Publication of information respecting assessees in certain cases.

287A. Appearance by registered valuer in certain matters.

288. Appearance by authorised representative.

288A. Rounding off of income.

288B. Rounding off amount payable and refund due.

289. Receipt to be given.

290. Indemnity.

SECTIONS

291. Power to tender immunity from prosecution.

292. Cognizance of offences.

292A. Section 360 of the Code of Criminal Procedure, 1973, and the Probation of Offenders Act, 1958, not to apply.

292B. Return of income, etc., not to be invalid on certain grounds.

292BB. Notice deemed to be valid in certain circumstances.

292C. Presumption as to assets, books of account, etc.

292CC. Authorisation and assessment in case of search or requisition.

293. Bar of suits in civil courts.

293A. Power to make exemption, etc., in relation to participation in the business of prospecting for, extraction, etc., of mineral oils.

293B. Power of Central Government or Board to condone delays in obtaining approval.

293C. Power to withdraw approval.

294. Act to have effect pending legislative provision for charge of tax.

294A. Power to make exemption, etc., in relation to certain Union territories.

295. Power to make rules.
296. Rules and certain notifications to be placed before Parliament.
297. Repeals and savings.
298. Power to remove difficulties.

THE FIRST SCHEDULE.

THE SECOND SCHEDULE.

THE THIRD SCHEDULE.

THE FOURTH SCHEDULE.

THE FIFTH SCHEDULE.

THE SIXTH SCHEDULE—[*Omitted*].

THE SEVENTH SCHEDULE.

THE EIGHTH SCHEDULE.

THE NINTH SCHEDULE.

THE TENTH SCHEDULE.

THE ELEVENTH SCHUDULE.

THE TWELFTH SCHUDELE.

THE THIRTEENTH SCHEDULE.

THE FOURTEENTH SCHEDULE.

*THE INCOME-TAX ACT, 1961

ACT NO. 43 OF 1961

[13th September, 1961.]

An Act to consolidate and amend the law relating to income-tax and super-tax.

BE it enacted by Parliament in the Twelfth Year of the Republic of India as follows:—

CHAPTER I

PRELIMINARY

**1. Short title, extent and commencement.**—(1) This Act may be called the Income-tax Act, 1961.

(2) It extends to the whole of India.

(3) Save as otherwise provided in this Act, it shall come into force on the 1st day of April, 1962.

**2. Definitions.**—In this Act, unless the context otherwise requires,—

[1][(1) "advance tax" means the advance tax payable in accordance with the provisions of Chapter XVII-C;]

[2][(1A)] "agricultural income" means—

[3][(a) any rent or revenue derived from land which is situated in India and is used for agricultural purposes;]

(b) any income derived from such land by—

(i) agriculture; or

(ii) the performance by a cultivator or receiver of rent-in-kind of any process ordinarily employed by a cultivator or receiver of rent-in-kind to render the produce raised or received by him fit to be taken to market; or

(iii) the sale by a cultivator or receiver of rent-in-kind of the produce raised or received by him, in respect of which no process has been performed other than a process of the nature described in paragraph (ii) of this sub-clause ;

(c) any income derived from any building owned and occupied by the receiver of the rent or revenue of any such land, or occupied by the cultivator or the receiver of rent-in-kind, of any land with respect to which, or the produce of which, any process mentioned in paragraphs (ii) and (iii) of sub-clause (b) is carried on:

[4][Provided that—

(i) the building is on or in the immediate vicinity of the land, and is a building which the receiver of the rent or revenue or the cultivator, or the receiver of rent-in-kind, by reason of his connection with the land, requires as a dwelling house, or as a store-house, or other out-building, and

(ii) the land is either assessed to land revenue in India or is subject to a local rate assessed and collected by officers of the Government as such or where the land is not so assessed to land revenue or subject to a local rate, it is not situated—

---

* Subject to verification and confirmation by the Department.
1. Ins. by Act 4 of 1988, s. 3 (w.e.f. 1-4-1989).
2. Clause (1) renumbered as clause (1A), *ibid.*, s. 3 (w.e.f. 1-4-1989).
3. Subs. by Act 42 of 1970, s. 2, for sub-clause (a) (w.e.f. 1-4-1962).
4. Subs. by s. 2, *ibid.*, for the proviso (w.e.f. 1-4-1962).

(*A*) in any area which is comprised within the jurisdiction of a municipality (whether known as a municipality, municipal corporation, notified area committee, town area committee, town committee or by any other name) or a cantonment board and which has a population of not less than ten thousand [1]***; or

[2][(*B*) in any area within the distance, measured aerially,—

(*I*) not being more than two kilometres, from the local limits of any municipality or cantonment board referred to in item (A) and which has a population of more than ten thousand but not exceeding one lakh; or

(*II*) not being more than six kilometres, from the local limits of any municipality or cantonment board referred to in item (A) and which has a population of more than one lakh but not exceeding ten lakh; or

(*III*) not being more than eight kilometres, from the local limits of any municipality or cantonment board referred to in item (A) and which has a population of more than ten lakh.]

[3][*Explanation* [4][1.]—For the removal of doubts, it is hereby declared that revenue derived from land shall not include and shall be deemed never to have included any income arising from the transfer of any land referred to in item (a) or item (b) of sub-clause (*iii*) of clause (*14*) of this section.]

[5][*Explanation* 2.—For the removal of doubts, it is hereby declared that income derived from any building or land referred to in sub-clause (*c*) arising from the use of such building or land for any purpose (including letting for residential purpose or for the purpose of any business or profession) other than agriculture falling under sub-clause (*a*) or sub-clause (*b*) shall not be agricultural income.]

[6][*Explanation* 3.—For the purposes of this clause, any income derived from saplings or seedlings grown in a nursery shall be deemed to be agricultural income.]

[7][*Explanation* 4.—For the purposes of clause (*ii*) of the proviso to sub-clause (*c*), "population" means the population according to the last preceding census of which the relevant figures have been published before the first day of the previous year;]

[8][[9][(*1B*) "amalgamation", in relation to companies, means the merger of one or more companies with another company or the merger of two or more companies to form one company (the company or companies which so merge being referred to as the amalgamating company or companies and the company with which they merge or which is formed as a result of the merger, as the amalgamated company) in such a manner that—

(*i*) all the property of the amalgamating company or companies immediately before the amalgamation becomes the property of the amalgamated company by virtue of the amalgamation;

(*ii*) all the liabilities of the amalgamating company or companies immediately before the amalgamation become the liabilities of the amalgamated company by virtue of the amalgamation;

---

1. Certain words omitted by Act 17 of 2013, s. 3 (w.e.f. 1-4-2014).
2. Subs. by s. 3, *ibid.*, for item (*B*) (w.e.f. 1-4-2014).
3. Ins. by Act 13 of 1989, s. 3 (w.e.f. 1-4-1970).
4. *Explanation* renumbered as *Explanation* 1 thereof by Act 10 of 2000, s. 3 (w.e.f. 1-4-2001).
5. Ins. by s. 3, *ibid.* (w.e.f. 1-4-2001).
6. Ins. by Act 18 of 2008, s. 3 (w.e.f. 1-4-2009).
7. Ins. by Act 17 of 2013, s. 3 (w.e.f. 1-4-2014).
8. Ins. by Act 20 of 1967, s. 4 (w.e.f. 1-4-1967).
9. Clause (*1A*) renumbered as clause (*1B*) thereof by Act 4 of 1988, s. 3 (w.e.f. 1-4-1989).

(*iii*) shareholders holding not less than [1][three-fourths] in value of the shares in the amalgamating company or companies (other than shares already held therein immediately before the amalgamation by, or by a nominee for, the amalgamated company or its subsidiary) become shareholders of the amalgamated company by virtue of the amalgamation,

otherwise than as a result of the acquisition of the property of one company by another company pursuant to the purchase of such property by the other company or as a result of the distribution of such property to the other company after the winding up of the first-mentioned company;]

[2][(*1C*) "Additional Commissioner" means a person appointed to be an Additional Commissioner of Income-tax under sub-section (*1*) of section 117;

(*1D*) "Additional Director" means a person appointed to be an Additional Director of Income-tax under sub-section (*1*) of section 117;]

(*2*) "annual value", in relation to any property, means its annual value as determined under section 23 ;

[3]*                        *                        *                        *                        *

(*4*) "Appellate Tribunal" means the Appellate Tribunal constituted under section 252;

(*5*) "approved gratuity fund" means a gratuity fund which has been and continues to be approved by the [4][[5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Commissioner or Commissioner]] in accordance with the rules contained in Part C of the Fourth Schedule ;

(*6*) "approved superannuation fund" means a superannuation fund or any part of a superannuation fund which has been and continues to be approved by the [4][[5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Commissioner or Commissioner]] in accordance with the rules contained in Part B of the Fourth Schedule;

(*7*) "assesse" means a person by whom [7][any tax] or any other sum of money is payable under this Act, and includes—

(*a*) every person in respect of whom any proceeding under this Act has been taken for the [8][assessment of his income or assessment of fringe benefits] or of the income of any other person in respect of which he is assessable, or of the loss sustained by him or by such other person, or of the amount of refund due to him or to such other person;

(*b*) every person who is deemed to be an assessee under any provision of this Act;

(*c*) every person who is deemed to be an assessee in default under any provision of this Act;

[9][(*7A*) "Assessing Officer" means the [10][[11][Assistant Commissioner or Deputy Commissioner] or [12][Assistant Director or Deputy Director]] or the Income-tax Officer who is vested with the relevant jurisdiction by virtue of directions or orders issued under sub-section (*1*) orsub-section (*2*) of section 120 or any other provision of this Act, and the [2][Additional Commissioner or]

---

1. Subs. by Act 27 of 1999, s. 3, for "nine-tenth" (w.e.f. 1-4-2000).
2. Ins. by Act 22 of 2007, s. 3 (w.e.f. 1-6-1994).
3. Sub-section (*3*) omitted by Act 4 of 1988, s. 126 (w.e.f. 1-4-1988).
4. Subs. by s. 2, *ibid.*, for "Commissioner" (w.e.f. 1-4-1988).
5. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
7. Subs. by Act 10 of 1965, s. 4, for "income-tax or super tax" (w.e.f. 1-4-1965).
8. Subs. by Act 18 of 2005, s. 3, for "assessment of his income" (w.e.f. 1-4-2006).
9. Ins. by Act 4 of 1988, s. 3 (w.e.f. 1-4-1988).
10. Subs. by Act 33 of 1996, s. 3, for "Assistant Commissioner" (w.e.f. 1-10-1996).
11. Subs. by Act 21 of 1998, s. 3, for "Assistant Commissioner" (w.e.f. 1-10-1998).
12. Subs. by s. 3, *ibid.*, for "Assistant Director" (w.e.f. 1-10-1998).

[1][Additional Director or] [2][Joint Commissioner or Joint Director] who is directed under clause (*b*) of sub-section (*4*) of that section to exercise or perform all or any of the powers and functions conferred on, or assigned to, an Assessing Officer under this Act;]

(*8*) "assessment" includes reassessment;

(*9*) "assessment year" means the period of twelve months commencing on the 1st day of April every year;

[3][(*9A*) "Assistant Commissioner" means a person appointed to be an Assistant Commissioner of Income-tax [4][or a Deputy Commissioner of Income-tax] under sub-section (*1*) of section 117;]

[5][(*9B*) "Assistant Director" means a person appointed to be an Assistant Director of Income-tax under sub-section (*1*) of section 117;]

(*10*) "average rate of income-tax" means the rate arrived at by dividing the amount of income-tax calculated on the total income, by such total income;

[6][(*11*) "block of assets" means a group of assets falling within a class of assets comprising—

(*a*) tangible assets, being buildings, machinery, plant or furniture;

(*b*) intangible assets, being know-how, patents, copyrights, trade-marks, licences, franchises or any other business or commercial rights of similar nature,

in respect of which the same percentage of depreciation is prescribed;]

(*12*) "Board" means the [7][Central Board of Direct Taxes constituted under the Central Boards of Revenue Act, 1963 (54 of 1963)];

[8][(*12A*) "books or books of account" includes ledgers, day-books, cash books, account-books and other books, whether kept in the written form or as print-outs of data stored in a floppy, disc, tape or any other form of electro-magnetic data storage device;]

(*13*) "business" includes any trade, commerce or manufacture or any adventure or concern in the nature of trade, commerce or manufacture;

[9][(*13A*) "business trust" means a trust registered as,—

(*i*) an Infrastructure Investment Trust under the Securities and Exchange Board of India (Infrastructure Investment Trusts) Regulations, 2014 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992); or

(*ii*) a Real Estate Investment Trust under the Securities and Exchange Board of India (Real Estate Investment Trusts) Regulations, 2014 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992), and

the units of which are required to be listed on recognised stock exchange in accordance with the aforesaid regulations;]

---

1. Ins. by Act 22 of 2007, s. 3 (w.e.f. 1-10-1996).
2. Subs. by Act 21 of 1998, s. 4, for "Deputy Commissioner or Deputy Director" (w.e.f. 1-10-1998).
3. Ins. by Act 4 of 1988, s. 3 (w.e.f. 1-4-1988).
4. Ins. by Act 21 of 1998, s. 4 (w.e.f. 1-10-1998).
5. Ins. by Act 22 of 2007, s. 3 (w.e.f. 1-4-1988).
6. Subs. by Act 21 of 1998, s. 4, for clause (*11*) (w.e.f. 1-4-1999).
7. Subs. by Act 54 of 1963, s. 5, for "Central Board of Revenue constituted under the Central Board of Revenue Act, 1924 (4 of 1924)" (w.e.f. 1-1-1964).
8. Ins. by Act 14 of 2001, s. 3 (w.e.f. 1-6-2001).
9. Subs. by Act 20 of 2015, s. 3, for clause (*13A*) (w.e.f. 1-4-2016).

(*14*) [1]["capital asset" means—

(*a*) property of any kind held by an assessee, whether or not connected with his business or profession;

(*b*) any securities held by a Foreign Institutional Investor which has invested in such securities in accordance with the regulations made under the Securities and Exchange Board of India Act, 1992 (15 of 1992),

but does not include—

 (*i*) any stock-in-trade [other than the securities referred to in sub-clause (*b*)]], consumable stores or raw materials held for the purposes of his business or profession;

[2][(*ii*) personal effects, that is to say, movable property (including wearing apparel and furniture) held for personal use by the assessee or any member of his family dependant on him, but excludes—

(*a*)  jewellery;

(*b*)  archaeological collections;

(*c*)  drawings;

(*d*)  paintings;

(*e*)  sculptures; or

(*f*)  any work of art.

*Explanation* [3][1].—For the purposes of this sub-clause, "jewellery" includes—

(*a*) ornaments made of gold, silver, platinum or any other precious metal or any alloy containing one or more of such precious metals, whether or not containing any precious or semi-precious stone, and whether or not worked or sewn into any wearing apparel;

(*b*) precious or semi-precious stones, whether or not set in any furniture, utensil or other article or worked or sewn into any wearing apparel.]

[4][*Explanation* 2.—For the purposes of this clause—

(*a*) the expression "Foreign Institutional Investor" shall have the meaning assigned to it in clause (*a*) of the *Explanation* to section 115AD;

(*b*) the expression "securities" shall have the meaning assigned to it in clause (*h*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956);]

[5][(*iii*) agricultural land in India, not being land situate—

(*a*) in any area which is comprised within the jurisdiction of a municipality (whether known as a municipality, municipal corporation, notified area committee, town area committee, town committee, or by any other name) or a cantonment board and which has a population of not less than ten thousand [6]*** ; or

---

1. Subs. by Act 25 of 2014, s. 3, for certain words (w.e.f. 1-4-2015).
2. Subs. by Act 22 of 2007, s. 3, for clause (*ii*) (w.e.f. 1-4-2008).
3. *Explanation* renumbered as *Explanation*1 thereof by Act 25 of 2014, s. 3 (w.e.f. 1-4-2015).
4. Ins. by s. 3, *ibid*. (w.e.f. 1-4-2015).
5. Subs. by Act 19 of 1970, s. 3, for sub-clause (*iii*) (w.e.f. 1-4-1970).
6. The words "according to the last preceding census of which the relevant figures have been published before the first day of the previous year" omitted by Act 17 of 2013, s. 3 (w.e.f. 1-4-2014).

[1][(*b*) in any area within the distance, measured aerially,—

(*I*)  not being more than two kilometres, from the local limits of any municipality or cantonment board referred to in item (a) and which has a population of more than ten thousand but not exceeding one lakh; or

(*II*) not being more than six kilometres, from the local limits of any municipality or cantonment board referred to in item (a) and which has a population of more than one lakh but not exceeding ten lakh; or

(*III*) not being more than eight kilometres, from the local limits of any municipality or cantonment board referred to in item (a) and which has a population of more than ten lakh.

*Explanation*.—For the purposes of this sub-clause, "population" means the population according to the last preceding census of which the relevant figures have been published before the first day of the previous year;]]

[2][(*iv*) 6½ per cent.. Gold Bonds, 1977, [3][or 7 per cent.. Gold Bonds, 1980], [4][or National Defence Gold Bonds, 1980], issued by the Central Government;]

[5][(*v*) Special Bearer Bonds, 1991, issued by the Central Government;]

[6][(*vi*) Gold Deposit Bonds issued under the Gold Deposit Scheme, 1999 [7][or deposit certificates issued under the Gold Monetisation Scheme, 2015] notified by the Central Government.]

[8][*Explanation*.—For the removal of doubts, it is hereby clarified that "property" includes and shall be deemed to have always included any rights in or in relation to an Indian company, including rights of management or control or any other rights whatsoever;]

[9][(*15*) "charitable purpose"includes relief of the poor, education, [10][yoga,] medical relief, [11][preservation of environment (including watersheds, forests and wildlife) and preservation of monuments or places or objects of artistic or historic interest,] and the advancement of any other object of general public utility:

[12][Provided that the advancement of any other object of general public utility shall not be a charitable purpose, if it involves the carrying on of any activity in the nature of trade, commerce or business, or any activity of rendering any service in relation to any trade, commerce or business, for a cess or fee or any other consideration, irrespective of the nature of use or application, or retention, of the income from such activity, unless—

(*i*)  such activity is undertaken in the course of actual carrying out of such advancement of any other object of general public utility; and

(*ii*) the aggregate receipts from such activity or activities during the previous year, do not exceed twenty per cent.. of the total receipts, of the trust or institution undertaking such activity or activities, of that previous year;]]

1. Subs. by Act 17 of 2013, s. 3, for item (b) (w.e.f. 1-4-2014).
2. Ins. by Act 54 of 1962, s. 2 (w.e.f.13-12-1962).
3. Ins. by Act 15 of 1965, s. 2 (w.e.f. 1-4-1965).
4. Ins. by Act 41 of 1965, s. 2 (w.e.f. 4-12-1965).
5. Ins. by Act 7 of 1981, s. 5 (w.e.f. 12-1-1981).
6. Ins. by Act 27 of 1999, s. 3 (w.e.f. 1-4-2000).
7. Ins. by Act 28 of 2016, s. 3 (w.e.f. 1-4-2016)
8. Ins. by Act 23 of 2012, s. 3 (w.e.f. 1-4-1962).
9. Subs. by Act 18 of 2008, s. 3, for clause (15) (w.e.f. 1-4-2009).
10. Ins. by Act 20 of 2015, s. 3 (w.e.f. 1-4-2016).
11. Ins. by Act 33 of 2009, s. 3 (w.e.f. 1-4-2009).
12. Subs. by Act 20 of 2015, s. 3, for the proviso (w.e.f. 1-4-2016).

[1][(*15A*) "Chief Commissioner" means a person appointed to be a Chief Commissioner of Income-tax or a Principal Chief Commissioner of Income-tax under sub-section (*1*) of section 117;]

[2][[3][(*15B*)] "child", in relation to an individual, includes a step-child and an adopted child of that individual;]

[4][(*16*) "Commissioner" means a person appointed to be a Commissioner of Income-tax or a Director of Income-tax or a Principal Commissioner of Income-tax or a Principal Director of Income-tax under sub-section (*1*) of section 117;]

[5][(*16A*) "Commissioner (Appeals)" means a person appointed to be a Commissioner of Income-tax (Appeals) under sub-section (*1*) of section 117;]

[6][(*17*) "company" means—

(*i*) any Indian company, or

(*ii*) any body corporate incorporated by or under the laws of a country outside India, or

(*iii*) any institution, association or body which is or was assessable or was assessed as a company for any assessment year under the Indian Income-tax Act, 1922 (11 of 1922), or which is or was assessable or was assessed under this Act as a company for any assessment year commencing on or before the 1st day of April, 1970, or

(*iv*) any institution, association or body, whether incorporated or not and whether Indian or non-Indian, which is declared by general or special order of the Board to be a company:

Provided that such institution, association or body shall be deemed to be a company only for such assessment year or assessment years (whether commencing before the 1st day of April, 1971, or on or after that date) as may be specified in the declaration;]

(*18*) "company in which the public are substantially interested"—a company is said to be a company in which the public are substantially interested—

[7][(*a*) if it is a company owned by the Government or the Reserve Bank of India or in which not less than forty per cent.. of the shares are held (whether singly or taken together) by the Government or the Reserve Bank of India or a corporation owned by that bank; or]

[8][(*aa*) if it is a company which is registered under section 25 of the Companies Act, 1956 (1 of 1956); or]

(*ab*) if it is a company having no share capital and if, having regard to its objects, the nature and composition of its membership and other relevant considerations, it is declared by order of the Board to be a company in which the public are substantially interested:

Provided that such company shall be deemed to be a company in which the public are substantially interested only for such assessment year or assessment years (whether commencing before the 1st day of April, 1971, or on or after that date) as may be specified in the declaration; or]

---

1. Subs. by Act 25 of 2014, s. 3, for clause (*15A*) (w.e.f. 1-6-2013).
2. Ins. by Act 41 of 1975, s. 2 (w.e.f. 1-4-1976).
3. Clause (*15A*) renumbered as clause (*15B*) thereof by Act 4 of 1988, s. 3 (w.e.f. 1-4-1988).
4. Subs. by Act 25 of 2014, s. 3, for clause (*16*) (w.e.f. 1-6-2013).
5. Ins. by the Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
6. Subs. by Act 32 of 1971, s. 3, for clause (*17*) (w.e.f. 1-4-1971).
7. Subs. by Act 5 of 1964, s. 4, for sub-clause (*a*) (w.e.f. 1-4-1964).
8. Ins. by Act 32 of 1971, s. 3 (w.e.f. 1-4-1971).

[1][(*ac*) if it is a mutual benefit finance company, that is to say, a company which carries on, as its principal business, the business of acceptance of deposits from its members and which is declared by the Central Government under section 620A of the Companies Act, 1956 (1 of 1956), to be a *Nidhi* or Mutual Benefit Society; or]

[2][(*ad*) if it is a company, wherein shares (not being shares entitled to a fixed rate of dividend whether with or without a further right to participate in profits) carrying not less than fifty per cent.. of the voting power have been allotted unconditionally to, or acquired unconditionally by, and were throughout the relevant previous year beneficially held by, one or more co-operative societies;]

[3][(*b*)  if it is a company which is not a private company as defined in the Companies Act, 1956 (1 of 1956), and the conditions specified either in item (*A*) or in item (*B*) are fulfilled, namely:—

(*A*) shares in the company (not being shares entitled to a fixed rate of dividend whether with or without a further right to participate in profits) were, as on the last day of the relevant previous year, listed in a recognised stock exchange in India in accordance with the Securities Contracts (Regulation) Act, 1956 (42 of 1956), and any rules made thereunder;

[4][(*B*) shares in the company (not being shares entitled to a fixed rate of dividend whether with or without a further right to participate in profits) carrying not less than fifty per cent.. of the voting power have been allotted unconditionally to, or acquired unconditionally by, and were throughout the relevant previous year beneficially held by—

(*a*) the Government, or

(*b*) a corporation established by a Central, State or Provincial Act, or

(*c*) any company to which this clause applies or any subsidiary company of such company [5][if the whole of the share capital of such subsidiary company has been held by the parent company or by its nominees throughout the previous year].

*Explanation*.—In its application to an Indian company whose business consists mainly in the construction of ships or in the manufacture or processing of goods or in mining or in the generation or distribution of electricity or any other form of power, item (*B*) shall have effect as if for the words "not less than fifty per cent.", the words "not less than forty per cent." had been substituted;]]

(*19*) "co-operative society" means a co-operative society registered under the Co-operative Societies Act, 1912 (2 of 1912), or under any other law for the time being in force in any State for the registration of co-operative societies;

[6][(*19A*) "Deputy Commissioner" means a person appointed to be a Deputy Commissioner of Income-tax [7]*** under sub-section (*1*) of section 117;

[8][(*19AA*) "demerger", in relation to companies, means the transfer, pursuant to a scheme of arrangement under sections 391 to 394 of the Companies Act, 1956 (1 of 1956), by a demerged company of its one or more undertakings to any resulting company in such a manner that—

(*i*) all the property of the undertaking, being transferred by the demerged company, immediately before the demerger, becomes the property of the resulting company by virtue of the demerger;

---

1. Ins. by Act 32 of 1985, s. 3 (w.e.f. 1-4-1984).
2. Ins. by Act 18 of 1992, s. 3 (w.e.f. 1-4-1993).
3. Subs. by Act 14 of 1969, s. 3, for sub-clause (*b*) (w.e.f. 1-4-1970).
4. Subs. by Act 11 of 1983, s. 3, for item (*B*) (w.e.f. 2-4-1983).
5. Subs. by Act 11 of 1987, s. 74, for "where such subsidiary company fulfils the conditions laid down in clause (*b*) of section 108" (w.e.f. 1-4-1988).
6. Ins. by Act 4 of 1988, s. 3 (w.e.f. 1-4-1988).
7. The words "or an Additional Commissioner of Income-tax" omitted by Act 21 of 1998, s. 4 (w.e.f. 1-10-1998).
8. Ins. by Act 27 of 1999, s. 3 (w.e.f. 1-4-2000).

(*ii*) all the liabilities relatable to the undertaking, being transferred by the demerged company, immediately before the demerger, become the liabilities of the resulting company by virtue of the demerger;

(*iii*) the property and the liabilities of the undertaking or undertakings being transferred by the demerged company are transferred at values appearing in its books of account immediately before the demerger;

(*iv*) the resulting company issues, in consideration of the demerger, its shares to the shareholders of the demerged company on a [1][proportionate basis except where the resulting company itself is a shareholder of the demerged company];

(*v*) the shareholders holding not less than three-fourths in value of the shares in the demerged company (other than shares already held therein immediately before the demerger, or by a nominee for, the resulting company or, its subsidiary) become share-holders of the resulting company or companies by virtue of the demerger,

otherwise than as a result of the acquisition of the property or assets of the demerged company or any undertaking thereof by the resulting company;

(*vi*) the transfer of the undertaking is on a going concern basis;

(*vii*) the demerger is in accordance with the conditions, if any, notified under sub-section (*5*) of section 72A by the Central Government in this behalf.

*Explanation* 1.—For the purposes of this clause, "undertaking" shall include any part of an undertaking, or a unit or division of an undertaking or a business activity taken as a whole, but does not include individual assets or liabilities or any combination thereof not constituting a business activity.

*Explanation* 2.—For the purposes of this clause, the liabilities referred to in sub-clause (*ii*), shall include—

(*a*) the liabilities which arise out of the activities or operations of the undertaking;

(*b*) the specific loans or borrowings (including debentures) raised, incurred and utilised solely for the activities or operations of the undertaking; and

(*c*) in cases, other than those referred to in clause (*a*) or clause (*b*), so much of the amounts of general or multipurpose borrowings, if any, of the demerged company as stand in the same proportion which the value of the assets transferred in a demerger bears to the total value of the assets of such demerged company immediately before the demerger.

*Explanation* 3.—For determining the value of the property referred to in sub-clause (*iii*), any change in the value of assets consequent to their revaluation shall be ignored.

*Explanation* 4.—For the purposes of this clause, the splitting up or the reconstruction of any authority or a body constituted or established under a Central, State or Provincial Act, or a local authority or a public sector company, into separate authorities or bodies or local authorities or

---

1. Subs. by Act 23 of 2012, s. 3, for "proportionate basis" (w.e.f. 1-4-2013).

companies, as the case may be, shall be deemed to be a demerger if such split up or reconstruction fulfils [1][such conditions as may be notified in the Official Gazette, by the Central Government;]

[2][*Explanation* 5.—For the purposes of this clause, the reconstruction or splitting up of a company, which ceased to be a public sector company as a result of transfer of its shares by the Central Government, into separate companies, shall be deemed to be a demerger, if such reconstruction or splitting up has been made to give effect to any condition attached to the said transfer of shares and also fulfils such other conditions as may be notified by the Central Government in the Official Gazette.]

(*19AAA*) "demerged company" means the company whose undertaking is transferred, pursuant to a demerger, to a resulting company;]

(*19B*) "Deputy Commissioner (Appeals)" means a person appointed to be a Deputy Commissioner of Income-tax (Appeals) [3][or an Additional Commissioner of Income-tax (Appeals)] under sub-section (*1*) of section 117;]

[3][(*19C*) "Deputy Director" means a person appointed to be a Deputy Director of Income-tax [4]*** under sub-section (*1*) of section 117;]

(*20*) "director", "manager" and "managing agent", in relation to a company, have the meanings respectively assigned to them in the Companies Act, 1956 (1 of 1956);

[5][(*21*) "Director General or Director" means a person appointed to be a Director General of Income-tax or a Principal Director General of Income-tax or, as the case may be, a Director of Income-tax or a Principal Director of Income-tax, under sub-section (*1*) of section 117, and includes a person appointed under that sub-section to be an Additional Director of Income-tax or a Joint Director of Income-tax or an Assistant Director or Deputy Director of Income-tax;]

(*22*) "dividend" includes—

(*a*) any distribution by a company of accumulated profits, whether capitalised or not, if such distribution entails the release by the company to its shareholders of all or any part of the assets of the company;

(*b*) any distribution to its shareholders by a company of debentures, debenture-stock, or deposit certificates in any form, whether with or without interest, and any distribution to its preference shareholders of shares by way of bonus, to the extent to which the company possesses accumulated profits, whether capitalised or not;

(*c*) any distribution made to the shareholders of a company on its liquidation, to the extent to which the distribution is attributable to the accumulated profits of the company immediately before its liquidation, whether capitalised or not;

(*d*) any distribution to its shareholders by a company on the reduction of its capital, to the extent to which the company possesses accumulated profits which arose after the end of the previous year ending next before the 1st day of April, 1933, whether such accumulated profits have been capitalised or not;

---

1. Subs. by Act 10 of 2000, s. 3, for "the conditions specified in sub-clauses (*i*) to (*vii*) of this clause, to the extent applicable" (w.e.f. 1-4-2000).
2. Ins. by Act 47 of 2016, s. 2 (w.e.f. 1-4-2017).
3. Ins. by Act 32 of 1994, s. 3 (w.e.f. 1-6-1994).
4. The words "or an Additional Director of Income-tax" omitted by Act 21 of 1998, s. 4 (w.e.f. 1-10-1998).
5. Subs. by Act 25 of 2014, s. 3, for clause (*21*) (w.e.f. 1-6-2013).

(*e*) any payment by a company, not being a company in which the public are substantially interested, of any sum (whether as representing a part of the assets of the company or otherwise) [1][made after the 31st day of May, 1987, by way of advance or loan to a shareholder, being a person who is the beneficial owner of shares (not being shares entitled to a fixed rate of dividend whether with or without a right to participate in profits) holding not less than ten per cent. of the voting power, or to any concern in which such shareholder is a member or a partner and in which he has a substantial interest (hereafter in this clause referred to as the said concern)] or any payment by any such company on behalf, or for the individual benefit, of any such shareholder, to the extent to which the company in either case possesses accumulated profits;

but "dividend" does not include—

(*i*)  a distribution made in accordance with sub-clause (*c*) or sub-clause (*d*) in respect of any share issued for full cash consideration, where the holder of the share is not entitled in the event of liquidation to participate in the surplus assets;

[2][(*ia*) a distribution made in accordance with sub-clause (*c*) or sub-clause (*d*) in so far as such distribution is attributable to the capitalised profits of the company representing bonus shares allotted to its equity shareholders after the 31st day of March, 1964 [3][and before the 1st day of April, 1965];]

(*ii*) any advance or loan made to a shareholder [4][or the said concern] by a company in the ordinary course of its business, where the lending of money is a substantial part of the business of the company;

(*iii*) any dividend paid by a company which is set off by the company against the whole or any part of any sum previously paid by it and treated as a dividend within the meaning of sub-clause (*e*), to the extent to which it is so set off;

[5][(*iv*) any payment made by a company on purchase of its own shares from a shareholder in accordance with the provisions of section 77A of the Companies Act, 1956 (1 of 1956);

(*v*) any distribution of shares pursuant to a demerger by the resulting company to the shareholders of the demerged company (whether or not there is a reduction of capital in the demerged company).]

*Explanation* 1.—The expression "accumulated profits", wherever it occurs in this clause, shall not include capital gains arising before the 1st day of April, 1946, or after the 31st day of March, 1948, and before the 1st day of April, 1956.

*Explanation* 2.—The expression "accumulated profits" in sub-clauses (*a*), (*b*), (*d*) and (*e*), shall include all profits of the company up to the date of distribution or payment referred to in those sub-clauses, and in sub-clause (*c*) shall include all profits of the company up to the date of liquidation,[6][but shall not, where the liquidation is consequent on the compulsory acquisition of its undertaking by the Government or a corporation owned or controlled by the Government under any law for the time being in force, include any profits of the company prior to three successive previous years immediately preceding the previous year in which such acquisition took place].

---

1. Subs. by Act 11 of 1987, s. 3, for "by way of advance or loan to a shareholder, being a person who has a substantial interest in the company," (w.e.f. 1-4-1988).
2. Ins. by Act 10 of 1965, s. 4 (w.e.f. 1-4-1965).
3. Ins. by Act 13 of 1966, s. 4 (w.e.f. 1-4-1966).
4. Ins. by Act 11 of 1987, s. 3 (w.e.f. 1-4-1988).
5. Ins. by Act 27 of 1999, s. 3 (w.e.f. 1-4-2000).
6. Ins. by Act 31 of 1964, s. 2 (w.e.f. 1-4-1962).

[1][*Explanation* 3.—For the purposes of this clause,—

(*a*) "concern" means a Hindu undivided family, or a firm or an association of persons or a body of individuals or a company;

(*b*) a person shall be deemed to have a substantial interest in a concern, other than a company, if he is, at any time during the previous year, beneficially entitled to not less than twenty per cent. of the income of such concern;]

[2][(*22A*) "domestic company" means an Indian company, or any other company which, in respect of its income liable to tax under this Act, has made the prescribed arrangements for the declaration and payment, within India, of the dividends (including dividends on preference shares) payable out of such income;]

[3][(*22AA*) "document" includes an electronic record as defined in clause (*t*) of sub-section (*I*) of section 2 of the Information Technology Act, 2000 (21 of 2000);]

[4][(*22AAA*) "electoral trust" means a trust so approved by the Board in accordance with the scheme made in this regard by the Central Government;]

[5][[6][(*22B*)] "fair market value", in relation to a capital asset, means—

(*i*) the price that the capital asset would ordinarily fetch on sale in the open market on the relevant date; and

(*ii*) where the price referred to in sub-clause (*i*) is not ascertainable, such price as may be determined in accordance with the rules made under this Act;

[7][(*23*) (*i*) "firm" shall have the meaning assigned to it in the Indian Partnership Act, 1932 (9 of 1932), and shall include a limited liability partnership as defined in the Limited Liability Partnership Act, 2008 (6 of 2009);

(*ii*) "partner" shall have the meaning assigned to it in the Indian Partnership Act, 1932 (9 of 1932), and shall include,—

(*a*) any person who, being a minor, has been admitted to the benefits of partnership; and

(*b*) a partner of a limited liability partnership as defined in the Limited Liability Partnership Act, 2008 (6 of 2009);

(*iii*) "partnership" shall have the meaning assigned to it in the Indian Partnership Act, 1932 (9 of 1932), and shall include a limited liability partnership as defined in the Limited Liability Partnership Act, 2008 (6 of 2009);

[2][(*23A*) "foreign company" means a company which is not a domestic company;]

[8][(*23B*) "fringe benefits" means any fringe benefits referred to in section 115WB;]

---

1. Ins. by Act 11 of 1987, s. 3 (w.e.f. 1-4-1988).
2. Ins. by Act 4 of 1988, s. 3 (w.e.f. 1-4-1989).
3. Ins. by Act 14 of 2001, s. 3 (w.e.f. 1-6-2001).
4. Ins. by Act 33 of 2009, s. 3 (w.e.f. 1-4-2010).
5. Ins. by Act 5 of 1964, s. 4 (w.e.f. 1-4-1964).
6. Clause (*22A*) renumbered as clause (*22B*) thereof by Act 4 of 1988, s. 3 (w.e.f. 1-4-1989).
7. Subs. by Act 33 of 2009, s. 3, for clause (*23*) (w.e.f. 1-4-2010).
8. Ins. by Act 18 of 2005, s. 3 (w.e.f. 1-4-2006).

[1][(*23C*) "hearing" includes communication of data and documents through electronic mode;]

(*24*) "income" includes—

   (*i*)  profits and gains;

   (*ii*)  dividend;

[2][(*iia*) voluntary contributions received by a trust created wholly or partly for charitable or religious purposes or by an institution established wholly or partly for such purposes [3][or by an association or institution referred to in clause (*21*) or clause (*23*), or by a fund or trust or institution referred to in sub-clause (*iv*) or sub-clause (*v*) [4][or by any university or other educational institution referred to in sub-clause (*iiiad*) or sub-clause (*vi*) or by any hospital or other institution referred to in sub-clause (*iiiae*) or sub-clause (*via*)] of clause (*23C*), of section 10] [5][or by an electoral trust].]

*Explanation*.—For the purposes of this sub-clause, "trust" includes any other legal obligation;]

   (*iii*) the value of any perquisite or profit in lieu of salary taxable under clauses (*2*) and (*3*) of section 17;

[6][(*iiia*) any special allowance or benefit, other than perquisite included under sub-clause (*iii*), specifically granted to the assessee to meet expenses wholly, necessarily and exclusively for the performance of the duties of an office or employment of profit;

   (*iiib*) any allowance granted to the assessee either to meet his personal expenses at the place where the duties of his office or employment of profit are ordinarily performed by him or at a place where he ordinarily resides or to compensate him for the increased cost of living;]

   (*iv*) the value of any benefit or perquisite, whether convertible into money or not, obtained from a company either by a director or by a person who has a substantial interest in the company, or by a relative of the director or such person, and any sum paid by any such company in respect of any obligation which, but for such payment, would have been payable by the director or other person aforesaid;

[7][(*iva*) the value of any benefit or perquisite, whether convertible into money or not, obtained by any representative assessee mentioned in clause (*iii*) or clause (*iv*) of sub-section (*1*) of section 160 or by any person on whose behalf or for whose benefit any income is receivable by the representative assessee (such person being hereafter in this sub-clause referred to as the "beneficiary") and any sum paid by the representative assessee in respect of any obligation which, but for such payment, would have been payable by the beneficiary;]

   (*v*) any sum chargeable to income-tax under clauses (*ii*) and (*iii*) of section 28 or section 41 or section 59;

   [8][(*va*) any sum chargeable to income-tax under clause (*iiia*) of section 28;]

1. Ins. by Act 28 of 2016, s. 3 (w.e.f. 1-6-2016).
2. Ins. by Act 16 of 1972, s. 3 (w.e.f. 1-4-1973).
3. Subs. by Act 3 of 1989, s. 2, for "or by a trust or institution of national importance referred to in clause (*d*) of sub-section (*1*) of section 80F" (w.e.f. 1-4-1989).
4. Subs. by Act 21 of 2006, s. 3, for certain words, brackets, figures and letters (w.e.f. 1-4-2007). Earlier certain words inserted by s. 3, *ibid*. (w.e.f. 1-4-1999).
5. Ins. by Act 33 of 2009, s. 3 (w.e.f. 1-4-2010).
6. Ins. by Act 3 of 1989, s. 2 (w.e.f. 1-4-1962).
7. Ins. by Act 44 of 1980, s. 3 (w.e.f. 1-4-1980).
8. Ins. by Act 12 of 1990, s. 3 (w.e.f. 1-4- 1962).

[1][(*vb*) any sum chargeable to income-tax under clause (*iiib*) of section 28;]

[2][(*vc*) any sum chargeable to income-tax under clause (*iiic*) of section 28;]

[3][(*vd*)] the value of any benefit or perquisite taxable under clause (*iv*) of section 28;

[4][(*ve*) any sum chargeable to income-tax under clause (*v*) of section 28;]

(*vi*) any capital gains chargeable under section 45;

(*vii*) the profits and gains of any business of insurance carried on by a mutual insurance company or by a co-operative society, computed in accordance with section 44 or any surplus taken to be such profits and gains by virtue of provisions contained in the First Schedule;

[5][(*viia*) the profits and gains of any business of banking (including providing credit facilities) carried on by a co-operative society with its members;]

[6]*          *          *          *          *

[7][(*ix*) any winnings from lotteries, crossword puzzles, races including horse races, card games games and other games of any sort or from gambling or betting of any form or nature whatsoever.]

[8][*Explanation.*—For the purposes of this sub-clause,—

(*i*) "lottery" includes winnings from prizes awarded to any person by draw of lots or by chance or in any other manner whatsoever, under any scheme or arrangement by whatever name called;

(*ii*) "card game and other game of any sort" includes any game show, an entertainment programme on television or electronic mode, in which people compete to win prizes or any other similar game;]

[9][(*x*) any sum received by the assessee from his employees as contributions to any provident fund or superannuation fund or any fund set up under the provisions of the Employees' State Insurance Act, 1948 (34 of 1948), or any other fund for the welfare of such employees;]

[10][(*xi*) any sum received under a Keyman insurance policy including the sum allocated by way of bonus on such policy.

*Explanation.*—For the purposes of this clause, the expression "Keyman insurance policy" shall have the meaning assigned to it in the *Explanation* to clause (*10D*) ofsection 10;]

[11][(*xii*) any sum referred to in [12][clause (*va*) of section 28;]

---

1. Ins. by Act 12 of 1990, s. 3 (w.r.e.f. 1-4-1967).
2. Ins. by s. 3, *ibid*. (w.r.e.f. 1-4-1972).
3. Clause (*va*) renumbered as clause (*vd*) by s. 3, *ibid*. (w.r.e.f. 1-4-1962).
4. Ins. by Act 18 of 1992, s. 3 (w.e.f. 1-4-1993).
5. Ins. by Act 21 of 2006, s. 3 (w.e.f. 1-4-2007).
6. Clause (*viii*) omitted by Act 26 of 1988, s. 54 (w.e.f. 1-4-1988).
7. Ins. by Act 16 of 1972, s. 3 (w.e.f. 1-4-1972).
8. Ins. by Act 14 of 2001, s. 3 (w.e.f. 1-4-2002).
9. Ins. by Act 11 of 1987, s. 3 (w.e.f. 1-4-1988).
10. Ins. by Act 33 of 1996, s. 3 (w.e.f. 1-10-1996).
11. Ins. by Act 20 of 2002, s. 3 (w.e.f. 1-4-2003).
12. Subs. by Act 32 of 2003, s. 3, for "clause (*vii*)" (w.e.f. 1-4-2003).

[1][(*xiii*) any sum referred to in clause (*v*) of sub-section (*2*) of section 56;]

[2][(*xiv*) any sum referred to in clause (*vi*) of sub-section (*2*) of section 56;]

[3][(*xv*) any sum of money or value of property referred to in clause (*vii*) [4][or clause (*viia*)] of sub-section (*2*) of section 56;]

[5][(*xvi*) any consideration received for issue of shares as exceeds the fair market value of the shares referred to in clause (*viib*) of sub-section (*2*) of section 56;]

[6][(*xvii*) any sum of money referred to in clause (*ix*) of sub-section (*2*) of section 56;]

[7][(*xviia*) any sum of money or value of property referred to in clause (*x*) of sub-section (*2*) section 56;]

[8][(*xviii*) assistance in the form of a subsidy or grant or cash incentive or duty drawback or waiver or concession or reimbursement (by whatever name called) by the Central Government or a State Government or any authority or body or agency in cash or kind to the assessee [9][other than,—

(*a*) the subsidy or grant or reimbursement which is taken into account for determination of the actual cost of the asset in accordance with the provisions of *Explanation* 10 to clause (*1*) of section 43; or

(*b*) the subsidy or grant by the Central Government for the purpose of the corpus of a trust or institution established by the Central Government or a State Government, as the case may be];]

(*25*) "Income-tax Officer" means a person appointed to be an Income-tax Officer under [10]*** section 117;

[11][(*25A*) "India" means the territory of India as referred to in article 1 of the Constitution, its territorial waters, seabed and subsoil underlying such waters, continental shelf, exclusive economic zone or any other maritime zone as referred to in the Territorial Waters, Continental Shelf, Exclusive Economic Zone and other Maritime Zones Act, 1976 (80 of 1976), and the air space above its territory and territorial waters;]

(*26*) "Indian company" means a company formed and registered under the Companies Act, 1956 (1 of 1956), and includes—

(*i*) a company formed and registered under any law relating to companies formerly in force in any part of India [12][other than the State of Jammu and Kashmir and the Union territories specified in sub-clause (*iii*) of this clause];

[13][(*ia*) a corporation established by or under a Central, State or Provincial Act;]

(*ib*) any institution, association or body which is declared by the Board to be a company under clause (*17*);]

---

1. Ins. by Act 23 of 2004, s. 3 (w.e.f. 1-4-2005).
2. Ins. by Act 22 of 2007, s. 3 (w.e.f. 1-4-2007).
3. Ins. by Act 33 of 2009, s. 3 (w.e.f. 1-10-2009).
4. Ins. by Act 14 of 2010, s. 3 (w.e.f. 1-6-2010).
5. Ins. by Act 23 of 2012, s. 3 (w.e.f. 1-4-2013).
6. Ins. by Act 25 of 2014, s. 3 (w.e.f. 1-4-2015).
7. Ins. by Act 7 of 2017, s. 3 (w.e.f. 1-4-2017).
8. Ins. by Act 20 of 2015, s. 3 (w.e.f. 1-4--2016).
9. Subs. by Act 28 of 2016, s. 3, for "other than the subsidy or grant or reimbursement which is taken into account for determination of the actual cost of the asset in accordance with the provisions of *Explanation* 10 to clause (*1*) of section 43" by s. 3 (w.e.f. 1-4-2017).
10. The words, brackets and figures "sub-section (*1*) of" omitted by Act 3 of 1989, s. 2 (w.e.f. 1-4-1988).
11. Subs. by Act 22 of 2007, s. 3, for clause (*25A*) (w.e.f. 25-8-1976).
12. Subs. by the Taxation Laws (Extension to Union Territories) Regulation, 1963 (Reg. 3 of 1963), s. 3, for "(other than the State of Jammu and Kashmir)" (w.e.f. 1-4-1963).
13. Ins. by Act 32 of 1971, s. 3 (w.e.f. 01-4-1971).

(*ii*) in the case of the State of Jammu and Kashmir, a company formed and registered under any law for the time being in force in that State;

[1][(*iii*) in the case of any of the Union territories of Dadra and Nagar Haveli, Goa, Daman and Diu, and Pondicherry, a company formed and registered under any law for the time being in force in that Union territory:]

Provided that the [2][registered or, as the case may be, principal office of the company, corporation, institution, association or body] in all cases is in India;

[3][(*26A*) "infrastructure capital company" means such company which makes investments by way of acquiring shares or providing long-term finance to any enterprise or undertaking wholly engaged in the business referred to in sub-section (*4*) of section 80-IA or sub-section (*1*) of section 80-IAB or an undertaking developing and building a housing project referred to in sub-section (*10*) of section 80-IB or a project for constructing a hotel of not less than three-star category as classified by the Central Government or a project for constructing a hospital with at least one hundred beds for patients;

(*26B*) "infrastructure capital fund" means such fund operating under a trust deed registered under the provisions of the Registration Act, 1908 (16 of 1908) established to raise monies by the trustees for investment by way of acquiring shares or providing long-term finance to any enterprise or undertaking wholly engaged in the business referred to in sub-section (*4*) of section 80-IA or sub-section (*1*) of section 80-IAB or an undertaking developing and building a housing project referred to in sub-section (*10*) of section 80-IB or a project for constructing a hotel of not less than three-star category as classified by the Central Government or a project for constructing a hospital with at least one hundred beds for patients;]

[4]*          *          *          *          *

(*28*) "Inspector of Income-tax" means a person appointed to be an Inspector of Income-tax under [5][sub-section (*1*)] of section 117;

[6][(*28A*) "interest" means interest payable in any manner in respect of any moneys borrowed or debt incurred (including a deposit, claim or other similar right or obligation) and includes any service fee or other charge in respect of the moneys borrowed or debt incurred or in respect of any credit facility which has not been utilised;

[7][(*28B*) "interest on securities" means,—

(*i*) interest on any security of the Central Government or a State Government;

(*ii*) interest on debentures or other securities for money issued by or on behalf of a local authority or a company or a corporation established by a Central, State or Provincial Act;]

---

1. Ins. by the Taxation Laws (Extension to Union Territories) Regulation, 1963 (Reg. 3 of 1963), s. 3 (w.e.f. 1-4-1963).
2. Subs. by Act 32 of 1971, s. 3, for "registered office of the company" (w.e.f. 1-4-1971).
3. Ins. by Act 21 of 2006, s. 3 (w.e.f. 1-4-2006).
4. Clause (*27*) omitted by Act 4 of 1988, s. 3 (w.e.f. 1-4-1988).
5. Subs. by s. 3, *ibid.*, for "sub-section (2)" (w.e.f. 1-4-1988).
6. Ins. by Act 66 of 1976, s. 3 (w.e.f. 1-6-1976).
7. Ins. by Act 26 of 1988, s. 3 (w.e.f. 1-4-1989).

[1][(*28BB*) "insurer" means an insurer, being an Indian insurance company, as defined under clause (*7A*) of section 2 of the Insurance Act, 1938 (4 of 1938), which has been granted a certificate of registration under section 3 of that Act;]

[2][(*28C*) "Joint Commissioner" means a person appointed to be a Joint Commissioner of Income-tax or an Additional Commissioner of Income-tax under sub-section (*1*) of section 117;

(*28D*) "Joint Director" means a person appointed to be a Joint Director of Income-tax or an Additional Director of Income-tax under sub-section (*1*) of section 117;]

(*29*) "legal representative" has the meaning assigned to it in clause (*11*) of section 2 of the Code of Civil Procedure, 1908 (5 of 1908);

[3][(*29A*) "long-term capital asset" means a capital asset which is not a short-term capital asset;

(*29B*) "long-term capital gain" means capital gain arising from the transfer of a long-term capital asset;]

[4][(*29BA*) "manufacture", with its grammatical variations, means a change in a non-living physical object or article or thing,—

　　(*a*) resulting in transformation of the object or article or thing into a new and distinct object or article or thing having a different name, character and use; or

　　(*b*) bringing into existence of a new and distinct object or article or thing with a different chemical composition or integral structure;]

[5][(*29C*) "maximum marginal rate" means the rate of income-tax (including surcharge on income-tax, if any) applicable in relation to the highest slab of income in the case of an individual [6][, association of persons or, as the case may be, body of individuals] as specified in the Finance Act of the relevant year;]

[7][(*29D*) "National Tax Tribunal" means the National Tax Tribunal established under section 3 of the National Tax Tribunal Act, 2005;]

(*30*) "non-resident" means a person who is not a "resident" [8][, and for the purposes of sections 92, 93 [9]*** and 168, includes a person who is not ordinarily resident within the meaning of clause (*6*) of section 6;

(*31*) "person" includes—

　　(*i*) an individual,

　　(*ii*) a Hindu undivided family,

---

1. Ins. by Act 14 of 2001, s. 3 (w.e.f. 1-4-2002).
2. Ins. by Act 21 of 1998, s. 3 (w.e.f. 1-10-1998).
3. Ins. by Act 11 of 1987, s. 3 (w.e.f. 1-4-1988).
4. Ins. by Act 33 of 2009, s. 3 (w.r.e.f. 1-4-2009).
5. Ins. by Act 4 of 1988, s. 3 (w.e.f. 1-4-1989).
6. Ins. by Act 49 of 1991, s. 3 (w.e.f. 1-4-1991).
7. Ins. by Act 49 of 2005, s. 30 and the Schedule (w.e.f. 28-12-2005). This amendment has been struck down by the Supreme Court's order dated 25th September, 2014 in the Madras Bar Association Vs Union of India.
8. Ins. by Act 27 of 1999, s. 3 (w.e.f. 1-4-1999).
9. The figures ", 113" omitted by Act 10 of 1965, s. 4 (w.e.f. 1-4-1965).

(*iii*) a company,

(*iv*) a firm,

(*v*) an association of persons or a body of individuals, whether incorporated or not,

(*vi*) a local authority, and

(*vii*) every artificial juridical person, not falling within any of the preceding sub-clauses.

[1][*Explanation.*—For the purposes of this clause, an association of persons or a body of individuals or a local authority or an artificial juridical person shall be deemed to be a person, whether or not such person or body or authority or juridical person was formed or established or incorporated with the object of deriving income, profits or gains;]

(*32*) "person who has a substantial interest in the company", in relation to a company, means a person who is the beneficial owner of shares, not being shares entitled to a fixed rate of dividend whether with or without a right to participate in profits, carrying not less than twenty per cent. of the voting power ;

(*33*) "prescribed" means prescribed by rules made under this Act;

(*34*) "previous year" means the previous year as defined in section 3;

[2][(*34A*) "Principal Chief Commissioner of Income-tax" means a person appointed to be a Principal Chief Commissioner of Income-tax under sub-section (*1*) of section 117;

(*34B*) "Principal Commissioner of Income-tax" means a person appointed to be a Principal Commissioner of Income-tax under sub-section (*1*) of section 117;

(*34C*) "Principal Director of Income-tax" means a person appointed to be a Principal Director of Income-tax under sub-section (*1*) of section 117;

(*34D*) "Principal Director General of Income-tax" means a person appointed to be a Principal Director General of Income-tax under sub-section (*1*) of section 117;]

(*35*) "principal officer", used with reference to a local authority or a company or any other public body or any association of persons or any body of individuals, means—

(*a*)  the secretary, treasurer, manager or agent of the authority, company, association or body, or

(*b*)  any person connected with the management or administration of the local authority, company, association or body upon whom the [3][Assessing Officer] has served a notice of his intention of treating him as the principal officer thereof;

(*36*) "profession" includes vocation;

[4][(*36A*) "public sector company" means any corporation established by or under any Central, State or Provincial Act or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956);]

---

1. Ins. by Act 20 of 2002, s. 3 (w.e.f. 1-4-2002).
2. Ins. by Act 25 of 2014, s. 3 (w.r.e.f. 1-6-2013).
3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
4. Ins. by Act 11 of 1987, s. 3 (w.e.f. 1-4-1987).

(*37*) "public servant" has the same meaning as in section 21 of the Indian Penal Code (45 of 1860);

[1][(*37A*) "rate or rates in force" or "rates in force", in relation to an assessment year or financial year, means—

(*i*) for the purposes of calculating income-tax under the first proviso to sub-section (*5*) of section 132, or computing the income-tax chargeable under sub-section (*4*) of section 172 or sub-section (*2*) of section 174 or section 175 or sub-section (*2*) of section 176 or deducting income-tax under section 192 from income chargeable under the head "Salaries" [2]*** or [3][computation of the "advance tax" payable under Chapter XVIIC [4][in a case not falling under section 115A or [5][section 115B [6][or section 115BB or section 115BBB or section 115E] or section 164 or section 164A [7]*** [8][or section 167B]]], the rate or rates of income-tax specified in this behalf in the Finance Act of the relevant year, and for the purposes of computation of the "advance tax" payable under Chapter XVII-C [9][in a case falling under section 115A or [10][section      115B [6][or section      115BB or section      115BBB or section      115E] or section  164 or section  164A [7]***  [8][or section  167B]], the rate or rates specified in section 115A or [5][section 115B [6][or section 115BB or section 115BBB or section 115E] or section 164 or section 164A [7]*** [8][or section 167B], as the case may be,]] or the rate or rates of income-tax specified in this behalf in the Finance Act of the relevant year, whichever is applicable;]

(*ii*)      for      the      purposes      of      deduction      of      tax      under sections 193, 194, [11][194A, [12][194B, 194BB] [13][and 194D], the rate or rates of income-tax specified in this behalf in the Finance Act of the relevant year;]

(*iii*) for the purposes of deduction of tax under [14][section  194LBA or] [15][section 194LBB or section 194LBC or] section 195, the rate or rates of income-tax specified in this behalf in the Finance Act of the relevant year or the rate or rates of income-tax specified in [16][an agreement entered into by the Central Government under section 90, or an agreement notified by the Central Government under section 90A, whichever is applicable by virtue of the provisions of section 90, or section 90A, as the case may be];]

(*38*) "recognised provident fund" means a provident fund which has been and continues to be recognised by the [17][[18][Principal Chief Commissioner or Chief Commissioner] or [18][Principal Commissioner or Commissioner]] in accordance with the rules contained in Part A of the Fourth Schedule, and includes a provident fund established under a scheme framed under the Employees' Provident Funds Act, 1952 (19 of 1952);

---

1. Ins. by Act 20 of 1967, s. 4 (w.e.f. 1-4-1967).
2. The words, brackets, figures and letters "or sub-section (*9*) of section 80E from any payment referred to therein" omitted by Act 4 of 1988, s. 3 (w.e.f. 1-4-1989). Earlier the quoted words were inserted by Act 19 of 1968, s. 4 (w.e.f. 1-4-1968).
3. Subs. by Act 19 of 1970, s. 3, for "computation of the "advance tax" payable under Chapter XVII-C, the rate or rates of income-tax specified in this behalf in the Finance Act of the relevant year" (w.e.f. 1-4-1971).
4. Subs. by Act 66 of 1976, s. 3, for "in a case not falling under section 164" (w.e.f. 1-6-1976).
5. Subs. by Act 4 of 1988, s. 3, for "section 115B or section 164" (w.e.f 1-4-1988).
6. Subs. by Act 20 of 2002, s. 3, for "or section 115BB or section 115E" (w.e.f. 1-4-2003).
7. The words, figures and letters "or section 167A" omitted by Act 3 of 1989, s. 2 (w.e.f. 1-4-1989).
8. Ins. by Act 4 of 1988, s. 2 (w.e.f. 1-4-1989).
9. Subs.by Act 66 of 1976, s. 3, for "in a case falling under section 164, the rate specified in that section" (w.e.f. 1-6-1976).
10. Subs. by Act 4 of 1988, s. 3, for "section 115B or, as the case may be, section 164" (w.e.f. 1-4-1988).
11. Subs. by Act 16 of 1972, s. 3, for "194A" (w.e.f. 1-4-1972).
12. Subs. by Act 19 of 1978, s. 32, for "194B," (w.e.f. 1-4-1978).
13. Subs. by Act 49 of 1991, s. 3, for ", 194D and 195" (w.e.f. 1-10-1991).
14. Ins. by Act 20 of 2015, s. 3 (w.e.f. 1-4-2016).
15. Ins. by Act 28 of 2016, s.3 (w.ef. 1-6-2016).
16. Subs. by Act  21 of 2006, s. 3, for "an agreement entered into by the Central Government under section 90, whichever is applicable by virtue of the provisions of section 90" (w.e.f. 1-6-2006).
17. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
18. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

[1]*            *            *            *            *

(*40*) "regular assessment" means the assessment made under [2][sub-section (*3*) of section 143] or section 144;

(*41*) "relative", in relation to an individual, means the husband, wife, brother or sister or any lineal ascendant or descendant of that individual;

[3][(*41A*) "resulting company" means one or more companies (including a wholly owned subsidiary thereof) to which the undertaking of the demerged company is transferred in a demerger and, the resulting company in consideration of such transfer of undertaking, issues shares to the shareholders of the demerged company and includes any authority or body or local authority or public sector company or a company established, constituted or formed as a result of demerger;]

(*42*) "resident" means a person who is resident in India within the meaning of section 6;

[4][(*42A*) [5]["short-term capital asset" means a capital asset held by an assessee for not more than [6][thirty-sixmonths] immediately preceding the date of its transfer:]]

[7][Provided that in the case of [8][a security (other than a unit) listed in a recognised stock exchange in India) [9][or a unit of the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963) or [10][a unit of an equity oriented fund]][11][or a zero coupon bond], the provisions of this shall have effect as if for the words "thirty-six months", the words "twelve months" had been substituted:]

[12][Provided further that in case of a share of a company (not being a share listed in a recognised stock exchange) or a unit of a Mutual Fund specified under clause (23D) ofsection 10, which is transferred during the period beginning on the 1st day of April, 2014 and ending on the 10th day of July, 2014, the provisions of this clause shall have effect as if for the words "thirty-six months", the words "twelve months" had been substituted:]

[13][Provided also that in the case of a share of a company (not being a share listed in a recognised stock exchange in India), [14][or an immovable property, being land or building or both]the provisions this clause shall have effect as if for the words "thirty-six months", the words "twenty-four months" had been substituted.]

[15][*Explanation 1*].—(*i*) In determining the period for which any capital asset is held by the assessee—

(*a*) in the case of a share held in a company in liquidation, there shall be excluded the period subsequent to the date on which the company goes into liquidation;

(*b*) in the case of a capital asset which becomes the property of the assessee in the circumstances mentioned in [16][sub-section (*1*)] of section 49, there shall be included the period which the asset was held by the previous owner referred to in the said section;

1. Clause (*39*) omitted by Act 18 of 1992, s. 3 (w.e.f. 1-4-1993). Earlier clause (*39*) substituted by Act 36 of 1989, s. 2 (w.e.f. 1-4-1989) which was later omitted by Act 4 of 1988, s. 3 (w.e.f. 1-4-1989) and again restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).
2. Subs. by Act 12 of 1990, s. 3, for "section 143" (w.e.f. 1-4-1989).
3. Ins. by Act 27 of 1999, s. 3 (w.e.f. 1-4-2000).
4. Ins. by Act 20 of 1962, s. 3 (w.e.f. 1-4-1962).
5. Subs. by Act 21 of 1973, s. 3, for certain words (w.e.f. 1-4-1974).
6. Subs. by Act 29 of 1977, s. 3, for "sixty months" (w.e.f. 1-4-1978).
7. Ins. by Act 11 of 1987, s. 3 (w.e.f. 1-4-1988).
8. Subs. by Act 25 of 2014, s. 3, for "a share held in a company or any other security listed in a recognized stock exchange in India" (w.e.f. 1-4-2015).
9. Ins. by Act 32 of 1994, s. 3 (w.e.f. 1-4-1995).
10. Subs. by Act 25 of 2014, s. 3, for "a unit of a Mutual Fund specified under clause (*23D*) of section 10" (w.e.f. 1-4-2015)
11. Ins. by Act 18 of 2005, s. 3 (w.e.f. 1-4-2006).
12. Ins. by Act 25 of 2014, s. 3 (w.e.f. 1-4-2015).
13. Ins. by Act 28 of 2016, s. 3 (w.e.f. 1-4-2017).
14. Ins. by Act 7 of 2017, s. 3 (w.e.f. 1-4-2018).
15. Existing *Explanation* renumbered as *Explanation 1* by Act 32 of 1994, s. 3 (w.e.f. 1-4-1995).
16. Subs. by Act 20 of 1967, s. 4, for "clauses (*i*) to (*iii*)" (w.e.f. 1-4-1967).

[1][(*c*)  in the case of a capital asset being a share or shares in an Indian company, which becomes the property of the assessee in consideration of a transfer referred to in clause (*vii*) of section 47, there shall be included the period for which the share or shares in the amalgamating company were held by the assessee;]

[2][(*d*)  in the case of a capital asset, being a share or any other security (hereafter in this clause referred to as the financial asset) subscribed to by the assessee on the basis of his right to subscribe to such financial asset or subscribed to by the person in whose favour the assessee has renounced his right to subscribe to such financial asset, the period shall be reckoned from the date of allotment of such financial asset;

(*e*)  in the case of a capital asset, being the right to subscribe to any financial asset, which is renounced in favour of any other person, the period shall be reckoned from the date of the offer of such right by the company or institution, as the case may be, making such offer;]

[3][(*f*)  in the case of a capital asset, being a financial asset, allotted without any payment and on the basis of holding of any other financial asset, the period shall be reckoned from the date of the allotment of such financial asset;]

[4][(*g*)  in the case of a capital asset, being a share or shares in an Indian company, which becomes the property of the assessee in consideration of a demerger, there shall be included the period for which the share or shares held in the demerged company were held by the assessee;]

[5][(*h*)  in the case of a capital asset, being trading or clearing rights of a recognised stock exchange in India acquired by a person pursuant to demutualisation or corporatisation of the recognised stock exchange in India as referred to in clause (*xiii*) of section 47, there shall be included the period for which the person was a member of the recognised stock exchange in India immediately prior to such demutualisation or corporatisation;

(*ha*) in the case of a capital asset, being equity share or shares in a company allotted pursuant to demutualisation or corporatisation of a recognised stock exchange in India as referred to in clause (*xiii*) of section 47, there shall be included the period for which the person was a member of the recognised stock exchange in India immediately prior to such demutualisation or corporatisation;]

[6][(*hb*)  in the case of a capital asset, being any specified security or sweat equity shares allotted or transferred, directly or indirectly, by the employer free of cost or at concessional rate to his employees (including former employee or employees), the period shall be reckoned from the date of allotment or transfer of such specified security or sweat equity shares;]

[7][(*hc*) in the case of a capital asset, being a unit of a business trust, allotted pursuant to transfer of share or shares as referred to in clause (*xvii*) of section 47, there shall be included the period for which the share or shares were held by the assessee;]

[8][(*hd*)  in the case of a capital asset, being a unit or units, which becomes the property of the assessee in consideration of a transfer referred to in clause (*xviii*) of section 47, there shall be included the period for which the unit or units in the consolidating scheme of the mutual fund were held by the assessee;

(*he*)  in the case of a capital asset, being share or shares of a company, which is acquired by the non-resident assessee on redemption of Global Depository Receipts referred to in clause (*b*) of sub-section (*1*) of section 115AC held by such assessee, the period shall be reckoned from the date on which a request for such redemption was made;]

1. Ins. by Act 20 of 1967, s. 4 (w.e.f. 1-4-1967).
2. Ins. by Act 32 of 1994, s. 3 (w.e.f. 1-4-1995).
3. Ins. by Act 22 of 1995, s. 3 (w.e.f. 1-4-1996).
4. Ins. by Act 27 of 1999, s. 3 (w.e.f. 1-4-2000).
5. Ins. by Act 32 of 2003, s. 3 (w.e.f. 1-4-2004).
6. Ins. by Act 22 of 2007, s. 3 (w.e.f. 1-4-2008).
7. Ins. by Act 25 of 2014, s. 3 (w.e.f. 1-10-2014).
8. Ins. by Act 20 of 2015, s. 3 (w.e.f. 1-4-2016).

[1](*hf*) in the case of a capital asset, being equity shares in a company, which becomes the property of the assessee in consideration of a transfer referred to in clause (*xb*) of section 47, there shall be included the period for which the preference shares were held by the assessee;

(*hg*) in the case of a capital asset, being a unit or units, which becomes the property of the assessee in consideration of a transfer referred to in clause (*xix*) of section 47, there shall be included the period for which the unit or units in the consolidating plan of a mutual fund scheme were held by the assessee;]

(*ii*) In respect of capital assets other than those mentioned in clause (*i*), the period for which any capital asset is held by the assessee shall be determined subject to any ruleswhich the Board may make in this behalf.

[2][*Explanation 2*.—For the purposes of this clause, the expression "security" shall have the meaning assigned to it in clause (*h*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956).]

[3][*Explanation 3*.—For the purposes of this clause, the expressions "specified security" and "sweat equity shares" shall have the meanings respectively assigned to them in the Explanation to clause (*d*) of sub-section (*1*) of section 115WB.]

[4][*Explanation 4*.—For the purposes of this clause, the expression "equity oriented fund" shall have the meaning assigned to it in the *Explanation* to clause (*38*) of section 10;]

[5][(*42B*) "short-term capital gain" means capital gain arising from the transfer of a short-term capital asset;]

[6][(*42C*) "slump sale" means the transfer of one or more undertakings as a result of the sale for a lump sum consideration without values being assigned to the individual assets and liabilities in such sales.

*Explanation 1*.—For the purposes of this clause, "undertaking" shall have the meaning assigned to it in *Explanation 1* to clause (*19AA*).

*Explanation 2*.—For the removal of doubts, it is hereby declared that the determination of the value of an asset or liability for the sole purpose of payment of stamp duty, registration fees or other similar taxes or fees shall not be regarded as assignment of values to individual assets or liabilities;]

[7][(*43*) "tax" in relation to the assessment year commencing on the 1st day of April, 1965, and any subsequent assessment year means income-tax chargeable under the provisions of this Act, and in relation to any other assessment year income-tax and super-tax chargeable under the provisions of this Act prior to the aforesaid date [8][and in relation to the assessment year commencing on the 1st day of April, 2006, and any subsequent assessment year includes the fringe benefit tax payable under section 115WA];

(*43A*) "tax credit certificate" means a tax credit certificate granted to any person in accordance with the provisions of Chapter XXII-B and any scheme made thereunder;]

[9]*                    *                    *                    *                    *

[10][(*44*) "Tax Recovery Officer" means any Income-tax Officer who may be authorised by the [11][Principal Chief Commissioner or Chief Commissioner] or [12][Principal Commissioner or Commissioner], by general or special order in writing, to exercise the powers of a Tax Recovery

---

1. Ins. by Act 7 of 2017, s. 3 (w.e.f. 1-4-2018).
2. Ins. by Act 32 of 1994, s. 3 (w.e.f. 1-4-1995).
3. Ins. by Act 22 of 2007, s. 3 (w.e.f. 1-4-2008).
4. Ins. by Act 25 of 2014, s. 3 (w.e.f. 1-4-2015).
5. Ins. by Act 11 of 1987, s. 3 (w.e.f. 1-4-1988).
6. Ins. by Act 27 of 1999, s. 3 (w.e.f. 1-4-2000).
7. Subs. by Act 10 of 1965, s. 4, for clause (*43*) (w.e.f. 1-4-1965).
8. Subs. by Act 18 of 2005, s. 3, for "the aforesaid date" (w.e.f. 1-4-2006).
9. Clause (*43B*) omitted by Act 4 of 1988, s. 3 (w.e.f. 1-4-1989).
10. Subs. by s. 3, *ibid*., for clause (*44*) (w.e.f. 1-4-1989).
11. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
12. Subs. by s. 4, *ibid*., for "Commissioner" (w.e.f. 1-6-2013).

Officer [1][and also to exercise or perform such powers and functions which are conferred on, or assigned to, an Assessing Officer under this Act and which may be prescribed];]

(*45*) "total income" means the total amount of income referred to in section 5, computed in the manne**r** laid down in this Act;

[2]*               *               *               *               *

[3][(*47*) "transfer", in relation to a capital asset, includes,—

 (*i*)  the sale, exchange or relinquishment of the asset; or

(*ii*)  the extinguishment of any rights therein; or

(*iii*) the compulsory acquisition thereof under any law; or

(*iv*) in a case where the asset is converted by the owner thereof into, or is treated by him as, stock-in-trade of a business carried on by him, such conversion or treatment;] [4][or

[5][(*iva*) the maturity or redemption of a zero coupon bond; or]

[4][(*v*) any transaction involving the allowing of the possession of any immovable property to be taken or retained in part performance of a contract of the nature referred to in section 53A of the Transfer of Property Act, 1882 (4 of 1882); or

(*vi*) any transaction (whether by way of becoming a member of, or acquiring shares in, a co-operative society, company or other association of persons or by way of any agreement or any arrangement or in any other manner whatsoever) which has the effect of transferring, or enabling the enjoyment of, any immovable property.

[6][*Explanation 1*].—For the purposes of sub-clauses (*v*) and (*vi*), "immovable property" shall have the same meaning as in clause (*d*) of section 269UA.]

[7][*Explanation 2*.—For the removal of doubts, it is hereby clarified that "transfer" includes and shall be deemed to have always included disposing of or parting with an asset or any interest therein, or creating any interest in any asset in any manner whatsoever, directly or indirectly, absolutely or conditionally, voluntarily or involuntarily, by way of an agreement (whether entered into in India or outside India) or otherwise, notwithstanding that such transfer of rights has been characterised as being effected or dependent upon or flowing from the transfer of a share or shares of a company registered or incorporated outside India;]

[8][(*48*) "zero coupon bond" means a bond—

(*a*) issued by any infrastructure capital company or infrastructure capital fund or public sector company [9][or scheduled bank] on or after the 1st day of June, 2005;

(*b*) in respect of which no payment and benefit is received or receivable before maturity or redemption from infrastructure capital company or infrastructure capital fund or public sector company [9][or scheduled bank]; and

(*c*) which the Central Government may, by notification in the Official Gazette, specify in this behalf.

---

1. Ins. by Act 29 of 2006, s. 2 (w.e.f. 13-7-2006).
2. Clause (*46*) omitted by Act 10 of 1965, s. 4 (w.e.f. 1-4-1965).
3. Subs. by Act 67 of 1984, s. 2, for clause (*47*) (w.e.f. 1-4-1985).
4. Ins. by Act 11 of 1987, s. 3 (w.e.f. 1-4-1988).
5. Ins. by Act 18 of 2005, s. 3 (w.e.f. 1-4-2006).
6. The *Explanation* renumbered as *Explanation* 1 by Act 23 of 2012, s. 3 (w.e.f. 1-4-1962).
7. Ins. by s. 3, *ibid*. (w.e.f. 1-4-1962).
8. Ins. by Act 18 of 2005, s. 3 (w.e.f. 1-4-2006). Earlier clause (*48*) omitted by Act 4 of 1988, s. 3 (w.e.f. 1-4-1989) and later
   restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989) and again omitted by Act 18 of 1992, s. 2 (w.e.f. 1-4-1993).
9. Ins. by Act 33 of 2009, s. 3 (w.e.f. 1-4-2009).

[1][*Explanation*.—For the purposes of this clause, the expression "scheduled bank" shall have the meaning assigned to it in clause (*ii*) of the *Explanation* to sub-clause (*c*) of clause (*via*) of sub-section (*1*) of section 36.]]

[2][**3. "Previous year" defined**.—For the purposes of this Act, "previous year" means the financial year immediately preceding the assessment year:

Provided that, in the case of a business or profession newly set up, or a source of income newly coming into existence, in the said financial year, the previous year shall be the period beginning with the date of setting up of the business or profession or, as the case may be, the date on which the source of income newly comes into existence and ending with the said financial year.]

CHAPTER II

BASIS OF CHARGE

**4. Charge of income-tax**.—(*1*) Where any Central Act enacts that income-tax shall be charged for any assessment year at any rate or rates, income-tax at that rate or those rates shall be charged for that year in accordance with, and [3][subject to the provisions (including provisions for the levy of additional income-tax) of, this Act] in respect of the total income of the previous year[4]***of every person:

Provided that where by virtue of any provision of this Act income-tax is to be charged in respect of the income of a period other than the previous year, income-tax shall be charged accordingly.

(*2*) In respect of income chargeable under sub-section (*1*), income-tax shall be deducted at the source or paid in advance, where it is so deductible or payable under any provision of this Act.

**5. Scope of total income**.—(*1*) Subject to the provisions of this Act, the total income of any previous year of a person who is a resident includes all income from whatever source derived which—

(*a*)  is received or is deemed to be received in India in such year by or on behalf of such person; or

(*b*)  accrues or arises or is deemed to accrue or arise to him in India during such year; or

(*c*)  accrues or arises to him outside India during such year:

Provided that, in the case of a person not ordinarily resident in India within the meaning of sub-section (*6*) of section 6, the income which accrues or arises to him outside India shall not be so included unless it is derived from a business controlled in or a profession set up in India.

(*2*) Subject to the provisions of this Act, the total income of any previous year of a person who is a non-resident includes all income from whatever source derived which—

(*a*)  is received or is deemed to be received in India in such year by or on behalf of such person; or

(*b*)  accrues or arises or is deemed to accrue or arise to him in India during such year.

*Explanation 1*.—Income accruing or arising outside India shall not be deemed to be received in India within the meaning of this section by reason only of the fact that it is taken into account in a balance sheet prepared in India.

*Explanation 2*.—For the removal of doubts, it is hereby declared that income which has been included in the total income of a person on the basis that it has accrued or arisen or is deemed to have accrued or arisen to him shall not again be so included on the basis that it is received or deemed to be received by him in India.

---

1. Ins. by Act 33 of 2009, s. 3 (w.e.f. 1-4-2009).
2. Subs. by Act 27 of 1999, s. 4 (w.e.f. 1-4-2000).
3. Subs. by Act 4 of 1988, s. 5, for "subject to the provisions of this Act" (w.e.f. 1-4-1989).
4. The words "or previous years, as the case may be" omitted by s. 5, *ibid.* (w.e.f. 1-4-1989).

[1][**5A. Apportionment of income between spouses governed by Portuguese Civil Code.**—(*1*) Where the husband and wife are governed by the system of community of property (known under the Portuguese Civil Code of 1860 as "COMMUNIAO DOS BENS") in force in the State of Goa and in the Union territories of Dadra and Nagar Haveli and Daman and Diu, the income of the husband and of the wife under any head of income shall not be assessed as that of such community of property (whether treated as an association of persons or a body of individuals), but such income of the husband and of the wife under each head of income (other than under the head "Salaries") shall be apportioned equally between the husband and the wife and the income so apportioned shall be included separately in the total income of the husband and of the wife respectively, and the remaining provisions of this Act shall apply accordingly.

(*2*) Where the husband or, as the case may be, the wife governed by the aforesaid system of community of property has any income under the head "Salaries", such income shall be included in the total income of the spouse who has actually earned it.]

**6. Residence in India.**—For the purposes of this Act,—

(*1*) An individual is said to be resident in India in any previous year, if he—

(*a*) is in India in that year for a period or periods amounting in all to one hundred and eighty-two days or more; or

[2]*          *          *          *          *

(*c*) having within the four years preceding that year been in India for a period or periods amounting in all to three hundred and sixty-five days or more, is in India for a period or periods amounting in all to sixty days or more in that year.

[3][*Explanation* [4][1].—In the case of an individual,—

(*a*) being a citizen of India, who leaves India in any previous year [5][as a member of the crew of an Indian ship as defined in clause (*18*) of section 3 of the Merchant Shipping Act, 1958 (44 of 1958), or] for the purposes of employment outside India, the provisions of sub-clause (*c*) shall apply in relation to that year as if for the words "sixty days", occurring therein, the words "one hundred and eighty-two days" had been substituted;

(*b*) being a citizen of India, or a person of Indian origin within the meaning of *Explanation* to clause (*e*) of section 115C, who, being outside India, comes on a visit to India in any previous year, the provisions of sub-clause (*c*) shall apply in relation to that year as if for the words "sixty days", occurring therein, the words "one hundred and [6][eighty-two] days" had been substituted.]

[7][*Explanation* 2.—For the purposes of this clause, in the case of an individual, being a citizen of India and a member of the crew of a foreign bound ship leaving India, the period or periods of stay in India shall, in respect of such voyage, be determined in the manner and subject to such conditions as may be prescribed.]

(*2*) A Hindu undivided family, firm or other association of persons is said to be resident in India in any previous year in every case except where during that year the control and management of its affairs is situated wholly outside India.

---

1. Ins. by Act 32 of 1994, s. 4 (w.e.f. 1-4-1963).
2. Sub-clause (*b*) omitted by Act 14 of 1982, s. 3 (w.e.f. 1-4-1983).
3. Subs. by Act 36 of 1989, s. 3, for the "*Explanation*" (w.e.f. 1-4-1990).
4. *Explanation* renumbered as *Explanation1* thereof by Act 20 of 2015, s. 4 (w.e.f. 1-4-2015).
5. Ins. by Act 12 of 1990, s. 4 (w.e.f. 1-4-1990).
6. Subs. by Act 32 of 1994, s. 5 (w.e.f. 1-4-1995).
7. Ins. by Act 20 of 2015, s. 4 (w.e.f. 1-4-2015).

[1][(*3*) A company is said to be a resident in India in any previous year, if—

    (*i*)  it is an Indian company; or

    (*ii*)  its place of effective management, in that year, is in India.

*Explanation*.—For the purposes of this clause "place of effective management" means a place where key management and commercial decisions that are necessary for the conduct of business of an entity as a whole are, in substance made.]

(*4*) Every other person is said to be resident in India in any previous year in every case, except where during that year the control and management of his affairs is situated wholly outside India.

(*5*) If a person is resident in India in a previous year relevant to an assessment year in respect of any source of income, he shall be deemed to be resident in India in the previous year relevant to the assessment year in respect of each of his other sources of income.

[2][(*6*) A person is said to be "not ordinarily resident" in India in any previous year if such person is—

    (*a*)  an individual who has been a non-resident in India in nine out of the ten previous years preceding that year, or has during the seven previous years preceding that year been in India for a period of, or periods amounting in all to, seven hundred and twenty-nine days or less; or

    (*b*)  a Hindu undivided family whose manager has been a non-resident in India in nine out of the ten previous years preceding that year, or has during the seven previous years preceding that year been in India for a period of, or periods amounting in all to, seven hundred and twenty-nine days or less.]

**7. Income deemed to be received.**—The following incomes shall be deemed to be received in the previous year:—

    (*i*)  the annual accretion in the previous year to the balance at the credit of an employee participating in a recognised provident fund, to the extent provided in rule 6 of Part A of the Fourth Schedule;

    (*ii*)  the transferred balance in a recognised provident fund, to the extent provided in sub-rule (4) of rule 11 of Part A of the Fourth Schedule;

    [3][(*iii*)  the contribution made, by the Central Government [4][or any other employer] in the previous year, to the account of an employee under a pension scheme referred to in section 80CCD.]

**8. Dividend income.**—[5][For the purposes of inclusion in the total income of an assessee,—

    (*a*)  any dividend] declared by a company or distributed or paid by it within the meaning of sub-clause (*a*) or sub-clause (*b*) or sub-clause (*c*) or sub-clause (*d*) or sub-clause (*e*) of clause (*22*) of section 2 shall be deemed to be the income of the previous year in which it is so declared, distributed or paid, as the case may be;

    [6][(*b*)  any interim dividend shall be deemed to be the income of the previous year in which the amount of such dividend is unconditionally made available by the company to the member who is entitled to it.]

---

1. Subs. by Act 28 of 2016, s. 4, for clause (*3*) (w.e.f. 1-4-2017).
2. Subs. by Act 32 of 2003, s. 4, for certain words (w.e.f. 1-4-2004).
3. Ins. by Act 23 of 2004, s. 4 (w.e.f. 1-4-2004).
4. Subs. by Act 22 of 2007, s. 4 (w.e.f. 1-4-2004).
5. Subs. by Act 10 of 1965, s. 5, for "For the purposes of inclusion in the total income of an assessee, any dividend" (w.e.f. 1-4-1965).
6. Ins. by s. 5, *ibid.* (w.e.f. 1-4-1965).

**9. Income deemed to accrue or arise in India.**—(*1*) The following incomes shall be deemed to accrue or arise in India:—

(*i*) all income accruing or arising, whether directly or indirectly, through or from any business connection in India, or through or from any property in India, or through or from any asset or source of income in India, [1]*** or through the transfer of a capital asset situate in India.

*Explanation* [2][1].—For the purposes of this clause—

(*a*)  in the case of a business of which all the operations are not carried out in India, the income of the business deemed under this clause to accrue or arise in India shall be only such part of the income as is reasonably attributable to the operations carried out in India;

(*b*)  in the case of a non-resident, no income shall be deemed to accrue or arise in India to him through or from operations which are confined to the purchase of goods in India for the purpose of export;

[3]*          *          *          *          *

[4][(*c*)  in the case of a non-resident, being a person engaged in the business of running a news agency or of publishing newspapers, magazines or journals, no income shall be deemed to accrue or arise in India to him through or from activities which are confined to the collection of news and views in India for transmission out of India;]

[5][(*d*)  in the case of a non-resident, being—

(*1*) an individual who is not a citizen of India; or

(*2*) a firm which does not have any partner who is a citizen of India or who is resident in India; or

(*3*) a company which does not have any shareholder who is a citizen of India or who is resident in India,

no income shall be deemed to accrue or arise in India to such individual, firm or company through or from operations which are confined to the shooting of any cinematograph film in India;]

[6][(*e*)  in the case of a foreign company engaged in the business of mining of diamonds, no income shall be deemed to accrue or arise in India to it through or from the activities which are confined to the display of uncut and unassorted diamond in any special zone notified by the Central Government in the Official Gazette in this behalf.]

[7][*Explanation* 2.—For the removal of doubts, it is hereby declared that "business connection" shall include any business activity carried out through a person who, acting on behalf of the non-resident,—

(*a*)  has and habitually exercises in India, an authority to conclude contracts on behalf of the non-resident, unless his activities are limited to the purchase of goods or merchandise for the non-resident; or

(*b*)  has no such authority, but habitually maintains in India a stock of goods or merchandise from which he regularly delivers goods or merchandise on behalf of the non-resident; or

---

1. The words "or through or from any money lent at interest and brought into India in cash or in kind" omitted by Act 66 of 1976, s. 4 (w.e.f. 1-6-1976).
2. *Explanation* renumbered as *Explanation* 1 thereof by Act 32 of 2003, s. 5 (w.e.f. 1-4-2004).
3. The proviso omitted by Act 5 of 1964, s. 5 (w.e.f. 1-4-1964).
4. Ins. by Act 11 of 1983, s. 4 (w.e.f. 1-4-1962).
5. Ins. by Act 67 of 1984, s. 3 (w.e.f. 1-4-1982).
6. Ins. by Act 28 of 2016, s. 5 (w.e.f. 1-4-2016).
7. Ins. by Act 32 of 2003, s. 5 (w.e.f. 1-4-2004).

(*c*)  habitually secures orders in India, mainly or wholly for the non-resident or for that non-resident and other non-residents controlling, controlled by, or subject to the same common control, as that non-resident:

Provided that such business connection shall not include any business activity carried out through a broker, general commission agent or any other agent having an independent status, if such broker, general commission agent or any other agent having an independent status is acting in the ordinary course of his business:

Provided further that where such broker, general commission agent or any other agent works mainly or wholly on behalf of a non-resident (hereafter in this proviso referred to as the principal non-resident) or on behalf of such non-resident and other non-residents which are controlled by the principal non-resident or have a controlling interest in the principal non-resident or are subject to the same common control as the principal non-resident, he shall not be deemed to be a broker, general commission agent or an agent of an independent status.

*Explanation* 3.—Where a business is carried on in India through a person referred to in clause (*a*) or clause (*b*) or clause (*c*) of *Explanation* 2, only so much of income as is attributable to the operations carried out in India shall be deemed to accrue or arise in India.]

[1][*Explanation* 4.—For the removal of doubts, it is hereby clarified that the expression "through" shall mean and include and shall be deemed to have always meant and included "by means of", "in consequence of" or "by reason of".

*Explanation* 5.—For the removal of doubts, it is hereby clarified that an asset or a capital asset being any share or interest in a company or entity registered or incorporated outside India shall be deemed to be and shall always be deemed to have been situated in India, if the share or interest derives, directly or indirectly, its value substantially from the assets located in India:]

[2][Provided that nothing contained in this *Explanation* shall apply to an asset or capital asset, which is held by a non-resident by way of investment, directly or indirectly, in a Foreign Institutional Investor as referred to in clause (a) of the *Explanation* to section 115AD for an assessment year commencing on or after the 1st day of April, 2012 but before the 1st day of April, 2015:]

[3][Provided further that nothing contained in this *Explanation* shall apply to an asset or capital asset, which is held by a non-resident by way of investment, directly or indirectly, in Category-I or Category-II foreign portfolio investor under the Securities and Exchange Board of India (Foreign Portfolio Investors) Regulations, 2014, made under the Securities and Exchange Board of India Act, 1992.]

[4][*Explanation* 6.—For the purposes of this clause, it is hereby declared that—

 (*a*)  the share or interest, referred to in *Explanation* 5, shall be deemed to derive its value substantially from the assets (whether tangible or intangible) located in India, if, on the specified date, the value of such assets—

(*i*)  exceeds the amount of ten crore rupees; and

(*ii*)  represents at least fifty per cent. of the value of all the assets owned by the company or entity, as the case may be;

(*b*)  the value of an asset shall be the fair market value as on the specified date, of such asset without reduction of liabilities, if any, in respect of the asset, determined in such manner as may be prescribed;

(*c*)  "accounting period" means each period of twelve months ending with the 31st day of March:

Provided that where a company or an entity, referred to in *Explanation* 5, regularly adopts a period of twelve months ending on a day other than the 31st day of March for the purpose of—

 (*i*)  complying with the provisions of the tax laws of the territory, of which it is a resident, for tax purposes; or

1. Ins. by Act 23 of 2012, s. 4 (w.e.f. 1-4-1962).
2. The proviso inserted by Act 7 of 2017, s. 4 (w.e.f. 1-4-2012).
3. The proviso insertd by s. 4, *ibid*. (w.e.f. 1-4-2015).
4. Ins. by Act 20 of 2015, s. 5 (w.e.f. 1-4-2016).

(*ii*)  reporting to persons holding the share or interest,

then, the period of twelve months ending with the other day shall be the accounting period of the company or, as the case may be, the entity:

Provided further that the first accounting period of the company or, as the case may be, the entity shall begin from the date of its registration or incorporation and end with the 31st day of March or such other day, as the case may be, following the date of such registration or incorporation, and the later accounting period shall be the successive periods of twelve months:

Provided also that if the company or the entity ceases to exist before the end of accounting period, as aforesaid, then, the accounting period shall end immediately before the company or, as the case may be, the entity, ceases to exist;

(*d*) "specified date" means the—

(*i*)  date on which the accounting period of the company or, as the case may be, the entity ends preceding the date of transfer of a share or an interest; or

(*ii*)  date of transfer, if the book value of the assets of the company or, as the case may be, the entity on the date of transfer exceeds the book value of the assets as on the date referred to in sub-clause (*i*), by fifteen per cent.

*Explanation* 7.—For the purposes of this clause,—

(*a*)  no income shall be deemed to accrue or arise to a non-resident from transfer, outside India, of any share of, or interest in, a company or an entity, registered or incorporated outside India, referred to in the *Explanation* 5,—

(*i*)  if such company or entity directly owns the assets situated in India and the transferor (whether individually or along with its associated enterprises), at any time in the twelve months preceding the date of transfer, neither holds the right of management or control in relation to such company or entity, nor holds voting power or share capital or interest exceeding five per cent. of the total voting power or total share capital or total interest, as the case may be, of such company or entity; or

(*ii*)  if such company or entity indirectly owns the assets situated in India and the transferor (whether individually or along with its associated enterprises), at any time in the twelve months preceding the date of transfer, neither holds the right of management or control in relation to such company or entity, nor holds any right in, or in relation to, such company or entity which would entitle him to the right of management or control in the company or entity that directly owns the assets situated in India, nor holds such percentage of voting power or share capital or interest in such company or entity which results in holding of (either individually or along with associated enterprises) a voting power or share capital or interest exceeding five per cent. of the total voting power or total share capital or total interest, as the case may be, of the company or entity that directly owns the assets situated in India;

(*b*)  in a case where all the assets owned, directly or indirectly, by a company or, as the case may be, an entity referred to in the *Explanation* 5, are not located in India, the income of the non-resident transferor, from transfer outside India of a share of, or interest in, such company or entity, deemed to accrue or arise in India under this clause, shall be only such part of the income as is reasonably attributable to assets located in India and determined in such manner as may be prescribed;

(*c*)  "associated enterprise" shall have the meaning assigned to it in section 92A;]

(*ii*)  income which falls under the head "Salaries", if it is earned in India.

[1][*Explanation*.—For the removal of doubts, it is hereby declared that the income of the nature referred to in this clause payable for—

(*a*) service rendered in India; and

---

1. Subs. by Act 27 of 1999, s. 5, for the *Explanation* (w.e.f. 1-4-2000).

(*b*) the rest period or leave period which is preceded and succeeded by services rendered in India and forms part of the service contract of employment,

shall be regarded as income earned in India;]

(*iii*) income chargeable under the head "Salaries" payable by the Government to a citizen of India for service outside India;

(*iv*) a dividend paid by an Indian company outside India;

[1][(*v*) income by way of interest payable by—

(*a*) the Government; or

(*b*) a person who is a resident, except where the interest is payable in respect of any debt incurred, or moneys borrowed and used, for the purposes of a business or profession carried on by such person outside India or for the purposes of making or earning any income from any source outside India; or

(*c*) a person who is a non-resident, where the interest is payable in respect of any debt incurred, or moneys borrowed and used, for the purposes of a business or profession carried on by such person in India ;

[2][*Explanation.*—For the purposes of this clause,—

 (*a*)  it is hereby declared that in the case of a non-resident, being a person engaged in the business of banking, any interest payable by the permanent establishment in India of such non-resident to the head office or any permanent establishment or any other part of such non-resident outside India shall be deemed to accrue or arise in India and shall be chargeable to tax in addition to any income attributable to the permanent establishment in India and the permanent establishment in India shall be deemed to be a person separate and independent of the non-resident person of which it is a permanent establishment and the provisions of the Act relating to computation of total income, determination of tax and collection and recovery shall apply accordingly;

 (*b*) "permanent establishment" shall have the meaning assigned to it in clause (*iiia*) of section 92F;]

(*vi*) income by way of royalty payable by—

(*a*) the Government; or

(*b*) a person who is a resident, except where the royalty is payable in respect of any right, property or information used or services utilised for the purposes of a business or profession carried on by such person outside India or for the purposes of making or earning any income from any source outside India; or

(*c*) a person who is a non-resident, where the royalty is payable in respect of any right, property or information used or services utilised for the purposes of a business or profession carried on by such person in India or for the purposes of making or earning any income from any source in India:

Provided that nothing contained in this clause shall apply in relation to so much of the income by way of royalty as consists of lump sum consideration for the transfer outside India of, or the imparting of information outside India in respect of, any data, documentation, drawing or specification relating to any patent, invention, model, design, secret formula or process or trade mark or similar property, if such income is payable in pursuance of an agreement made before the 1st day of April, 1976, and the agreement is approved by the Central Government:

---

1. Ins. by Act 66 of 1976, s. 4 (w.e.f. 1-6-1976).
2. Ins. by Act 20 of 2015, s. 5 (w.e.f. 1-4-2016).

[1][Provided further that nothing contained in this clause shall apply in relation to so much of the income by way of royalty as consists of lump sum payment made by a person, who is a resident, for the transfer of all or any rights (including the granting of a licence) in respect of computer software supplied by a non-resident manufacturer along with a computer or computer-based equipment under any scheme approved under the Policy on Computer Software Export, Software Development and Training, 1986 of the Government of India.]

*Explanation* 1.—For the purposes of the [2][first proviso], an agreement made on or after the 1st day of April, 1976, shall be deemed to have been made before that date if the agreement is made in accordance with proposals approved by the Central Government before that date; so, however, that, where the recipient of the income by way of royalty is a foreign company, the agreement shall not be deemed to have been made before that date unless, before the expiry of the time allowed under sub-section (*1*) or sub-section (*2*) of section 139 (whether fixed originally or on extension) for furnishing the return of income for the assessment year commencing on the 1st day of April, 1977, or the assessment year in respect of which such income first becomes chargeable to tax under this Act, whichever assessment year is later, the company exercises an option by furnishing a declaration in writing to the [3][Assessing Officer] (such option being final for that assessment year and for every subsequent assessment year) that the agreement may be regarded as an agreement made before the 1st day of April, 1976.

*Explanation* 2.—For the purposes of this clause, "royalty" means consideration (including any lump sum consideration but excluding any consideration which would be the income of the recipient chargeable under the head "Capital gains") for—

(*i*)  the transfer of all or any rights (including the granting of a licence) in respect of a patent, invention, model, design, secret formula or process or trade mark or similar property;

(*ii*) the imparting of any information concerning the working of, or the use of, a patent, invention, model, design, secret formula or process or trade mark or similar property;

(*iii*) the use of any patent, invention, model, design, secret formula or process or trade mark or similar property;

(*iv*) the imparting of any information concerning technical, industrial, commercial or scientific knowledge, experience or skill;

[4][(*iva*) the use or right to use any industrial, commercial or scientific equipment but not including the amounts referred to in section 44BB;]

(*v*) the transfer of all or any rights (including the granting of a licence) in respect of any copyright, literary, artistic or scientific work including films or video tapes for use in connection with television or tapes for use in connection with radio broadcasting, but not including consideration for the sale, distribution or exhibition of cinematographic films; or

(*vi*) the rendering of any services in connection with the activities referred to in sub-clauses (*i*) to (*iv*), (*iva*) and (*v*).

[5][*Explanation* 3.—For the purposes of this clause, "computer software" means any computer programme recorded on any disc, tape, perforated media or other information storage device and includes any such programme or any customized electronic data.]

[6][*Explanation* 4.—For the removal of doubts, it is hereby clarified that the transfer of all or any rights in respect of any right, property or information includes and has always included transfer of all

---

1. Ins. by Act 49 of 1991, s. 4 (w.e.f. 1-4-1991).
2. Subs. by s. 4, *ibid.*, for "foregoing proviso" (w.e.f. 1-4-1991).
3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
4. Ins. by Act 14 of 2001, s. 4 (w.e.f. 1-4-2002).
5. Subs. by Act 10 of 2000, s. 4, for *Explanation* 3 (w.e.f. 1-4-2001).
6. Ins. by Act 23 of 2012, s. 4 (w.e.f. 1-6-1976).

or any right for use or right to use a computer software (including granting of a licence) irrespective of the medium through which such right is transferred.

*Explanation* 5.—For the removal of doubts, it is hereby clarified that the royalty includes and has always included consideration in respect of any right, property or information, whether or not—

(*a*)  the possession or control of such right, property or information is with the payer;

(*b*)  such right, property or information is used directly by the payer;

(*c*)  the location of such right, property or information is in India.]

*Explanation* 6.—For the removal of doubts, it is hereby clarified that the expression "process" includes and shall be deemed to have always included transmission by satellite (including up-linking, amplification, conversion for down-linking of any signal), cable, optic fibre or by any other similar technology, whether or not such process is secret;]

(*vii*) income by way of fees for technical services payable by—

(*a*)  the Government; or

(*b*)  a person who is a resident, except where the fees are payable in respect of services utilised in a business or profession carried on by such person outside India or for the purposes of making or earning any income from any source outside India; or

(*c*) a person who is a non-resident, where the fees are payable in respect of services utilised in a business or profession carried on by such person in India or for the purposes of making or earning any income from any source in India:

[1][Provided that nothing contained in this clause shall apply in relation to any incomebyway of fees for technical services payable in pursuance of an agreement made before the 1st day of April, 1976, and approved by the Central Government.]

[2][*Explanation* 1.—For the purposes of the foregoing proviso, an agreement made on or after the 1st day of April, 1976, shall be deemed to have been made before that date if the agreement is made in accordance with proposals approved by the Central Government before that date.]

*Explanation* [3][2].—For the purposes of this clause, "fees for technical services" means any consideration (including any lump sum consideration) for the rendering of any managerial, technical or consultancy services (including the provision of services of technical or other personnel) but does not include consideration for any construction, assembly, mining or like project undertaken by the recipient or consideration which would be income of the recipient chargeable under the head "Salaries".

(*2*) Notwithstanding anything contained in sub-section (*1*), any pension payable outside India to a person residing permanently outside India shall not be deemed to accrue or arise in India, if the pension is payable to a person referred to in article 314 of the Constitution or to a person who, having been appointed before the 15th day of August, 1947, to be a Judge of the Federal Court or of a High Court within the meaning of the Government of India Act, 1935, continues to serve on or after the commencement of the Constitution as a Judge in India.

*Explanation*.—For the removal of doubts, it is hereby declared that for the purposes of this section, income of a non-resident shall be deemed to accrue or arise in India under clause (*v*) or clause (*vi*) or clause (*vii*) of sub-section (*1*) and shall be included in the total income of the non-resident, whether or not,—

(*i*)  the non-resident has a residence or place of business or business connection in India; or

(*ii*)  the non-resident has rendered services in India.

1. The proviso ins. by Act 29 of 1977, s. 4 (w.e.f. 1-4-1977).
2. *Explanation* ins. by s. 4, *ibid*. (w.e.f. 1-4-1977).
3. *Explanation* renumbered as *Explanation* 2 thereof by s. 4, *ibid*. (w.e.f. 1-4-1977).

[1][**9A. Certain activities not to constitute business connection in India.**—(*1*) Notwithstanding anything contained in sub-section (*1*) of section 9 and subject to the provisions of this section, in the case of an eligible investment fund, the fund management activity carried out through an eligible fund manager acting on behalf of such fund shall not constitute business connection in India of the said fund.

(*2*) Notwithstanding anything contained in section 6, an eligible investment fund shall not be said to be resident in India for the purpose of that section merely because the eligible fund manager, undertaking fund management activities on its behalf, is situated in India.

(*3*) The eligible investment fund referred to in sub-section (*1*), means a fund established or incorporated or registered outside India, which collects funds from its members for investing it for their benefit and fulfils the following conditions, namely:—

(*a*) the fund is not a person resident in India;

(*b*) the fund is a resident of a country or a specified territory with which an agreement referred to in sub-section (*1*) of section 90 or sub-section (*1*) of section 90A has been entered into [2][or is established or incorporated or registered in a country or a specified territory notified by the Central Government in this behalf];

(*c*) the aggregate participation or investment in the fund, directly or indirectly, by persons resident in India does not exceed five per cent. of the corpus of the fund;

(*d*) the fund and its activities are subject to applicable investor protection regulations in the country or specified territory where it is established or incorporated or is a resident;

(*e*) the fund has a minimum of twenty-five members who are, directly or indirectly, not connected persons;

(*f*) any member of the fund along with connected persons shall not have any participation interest, directly or indirectly, in the fund exceeding ten per cent.;

(*g*) the aggregate participation interest, directly or indirectly, of ten or less members along with their connected persons in the fund, shall be less than fifty per cent;

(*h*) the fund shall not invest more than twenty per cent. of its corpus in any entity;

(*i*) the fund shall not make any investment in its associate entity;

(*j*) the monthly average of the corpus of the fund shall not be less than one hundred crore rupees:

Provided that if the fund has been established or incorporated in the previous year, the corpus of fund shall not be less than one hundred crore rupees at the end of such previous year:

[3][Provided further that nothing contained in this clause shall apply to a fund which has been wound up in the previous year;]

(*k*) the fund shall not carry on or control and manage, directly or indirectly, any business in India [4]***;

(*l*) the fund is neither engaged in any activity which constitutes a business connection in India nor has any person acting on its behalf whose activities constitute a business connection in India other than the activities undertaken by the eligible fund manager on its behalf;

(*m*) the remuneration paid by the fund to an eligible fund manager in respect of fund management activity undertaken by him on its behalf is not less than the arm's length price of the said activity:

---

1. Ins. by Act 20 of 2015, s. 6 (w.e.f. 1-4-2016).
2. Ins. by Act 28 of 2016, s. 6 (w.e.f. 1-4-2017).
3. The proviso inserted by Act 7 of 2017, s. 5 (w.e.f. 1-4-2016).
4. The words "or from India" omitted by Act 28 of 2016, s. 6 (w.e.f. 1-4-2017).

Provided that the conditions specified in clauses (*e*), (*f*) and (*g*) shall not apply in case of an investment fund set up by the Government or the Central Bank of a foreign State or a sovereign fund, or such other fund as the Central Government may subject to conditions, if any, by notification in the Official Gazette, specify in this behalf.

(*4*) The eligible fund manager, in respect of an eligible investment fund, means any person who is engaged in the activity of fund management and fulfils the following conditions, namely:—

(*a*) the person is not an employee of the eligible investment fund or a connected person of the fund;

(*b*) the person is registered as a fund manager or an investment advisor in accordance with the specified regulations;

(*c*) the person is acting in the ordinary course of his business as a fund manager;

(*d*) the person along with his connected persons shall not be entitled, directly or indirectly, to more than twenty per cent. of the profits accruing or arising to the eligible investment fund from the transactions carried out by the fund through the fund manager.

(*5*) Every eligible investment fund shall, in respect of its activities in a financial year, furnish within ninety days from the end of the financial year, a statement in the prescribed form, to the prescribed income-tax authority containing information relating to the fulfilment of the conditions specified in this section and also provide such other relevant information or documents as may be prescribed.

(*6*) Nothing contained in this section shall apply to exclude any income from the total income of the eligible investment fund, which would have been so included irrespective of whether the activity of the eligible fund manager constituted the business connection in India of such fund or not.

(*7*) Nothing contained in this section shall have any effect on the scope of total income or determination of total income in the case of the eligible fund manager.

(*8*) The provisions of this section shall be applied in accordance with such guidelines and in such manner as the Board may prescribe in this behalf.

(*9*) For the purposes of this section,—

(*a*) "associate" means an entity in which a director or a trustee or a partner or a member or a fund manager of the investment fund or a director or a trustee or a partner or a member of the fund manager of such fund, holds, either individually or collectively, share or interest, being more than fifteen per cent. of its share capital or interest, as the case may be;

(*b*) "connected person" shall have the meaning assigned to it in clause (*4*) of section 102;

(*c*) "corpus" means the total amount of funds raised for the purpose of investment by the eligible investment fund as on a particular date;

(*d*) "entity" means any entity in which an eligible investment fund makes an investment;

(*e*) "specified regulations" means the Securities and Exchange Board of India (Portfolio Managers) Regulations, 1993 or the Securities and Exchange Board of India (Investment Advisers) Regulations, 2013, or such other regulations made under the Securities and Exchange Board of India Act, 1992 (15 of 1992), which may be notified by the Central Government under this clause.]

CHAPTER III

INCOMES WHICH DO NOT FORM PART OF TOTAL INCOME

**10. Incomes not included in total income**.—In computing the total income of a previous year of any person, any income falling within any of the following clauses shall not be included—

(*I*) agricultural income;

(*2*) [1][subject to the provisions of sub-section (*2*) of section 64,] any sum received by an individual as a member of a Hindu undivided family, where such sum has been paid out of the income of the family, or, in the case of any impartible estate, where such sum has been paid out of the income of the estate belonging to the family;

[2][(*2A*) in the case of a person being a partner of a firm which is separately assessed as such, his share in the total income of the firm.

*Explanation*.—For the purposes of this clause, the share of a partner in the total income of a firm separately assessed as such shall, notwithstanding anything contained in any other law, be an amount which bears to the total income of the firm the same proportion as the amount of his share in the profits of the firm in accordance with the partnership deed bears to such profits;]

[3]*           *           *           *           *

[4][(*4*) (*i*) in the case of a non-resident, any income by way of interest on such securities or bonds as the Central Government may, by notification in the Official Gazette, specify in this behalf, including income by way of premium on the redemption of such bonds:

[5][Provided that the Central Government shall not specify, for the purposes of this sub-clause, such securities or bonds on or after the 1st day of June, 2002;]

[6][(*ii*) in the case of an individual, any income by way of interest on moneys standing to his credit in a Non-Resident (External) Account in any bank in India in accordance with [7][the Foreign Exchange Management Act, 1999 (42 of 1999)], and the rules made thereunder:

Provided that such individual is a person resident outside India as defined in [8][clause (*w*)] of section 2 of the said Act or is a person who has been permitted by the Reserve Bank of India to maintain the aforesaid Account;]]

[9]*           *           *           *           *

[10][(*4B*) in the case of an individual, being a citizen of India or a person of Indian origin, who is a non-resident, any income from interest on such [11][savings certificates issued before the 1st day of June, 2002] by the Central Government as that Government may, by notification in the Official Gazette, specify in this behalf:

Provided that the individual has subscribed to such certificates in convertible foreign exchange remitted from a country outside India in accordance with the provisions of [7][the Foreign Exchange Management Act, 1999 (42 of 1999)], and any rules made thereunder.

*Explanation*.—For the purposes of this clause,—

(*a*) a person shall be deemed to be of Indian origin if he, or either of his parents or any of his grandparents, was born in undivided India;

---

1. Ins. by Act 42 of 1970, s. 3 (w.e.f. 1-4-1971).
2. Ins. by Act 18 of 1992, s. 4 (w.e.f. 1-4-1993). Earlier ins. by Act 4 of 1988, s. 6 and omitted by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).
3. Clause (*3*) omitted by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
4. Subs. by Act 4 of 1988, s. 6, for clauses (*4*) and (*4A*) (w.e.f. 1-4-1989).
5. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
6. Subs. by Act 49 of 1991, s. 5, for sub-clause (*ii*) (w.e.f. 1-4-1991).
7. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
8. Subs. by Act 7 of 2017, s. 6, for "clause (*q*)" (w.e.f. 1-4-2013).
9. The Second proviso omitted by Act 18 of 2005, s. 4 (w.e.f. 1-4-2006).
10. Ins. by Act 14 of 1982, s. 4 (w.e.f. 1-4-1983).
11. Subs. by Act 20 of 2002, s. 4, for "savings certificates issued" (w.e.f. 1-4-2003).

(*b*) "convertible foreign exchange" means foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of [1][the Foreign Exchange Management Act, 1999 (42 of 1999)], and any rules made thereunder;]

[2][(*5*) in the case of an individual, the value of any travel concession or assistance received by, or due to, him,—

(*a*) from his employer for himself and his family, in connection with his proceeding on leave to any place in India;

(*b*) from his employer or former employer for himself and his family, in connection with his proceeding to any place in India after retirement from service or after the termination of his service,

subject to such conditions as may be prescribed(including conditions as to number of journeys and the amount which shall be exempt per head) having regard to the travel concession or assistance granted to the employees of the Central Government:

Provided that the amount exempt under this clause shall in no case exceed the amount of expenses actually incurred for the purpose of such travel.

*Explanation*.—For the purposes of this clause, "family", in relation to an individual, means—

(*i*) the spouse and children of the individual ; and

(*ii*) the parents, brothers and sisters of the individual or any of them, wholly or mainly dependent on the individual;]

[3]*          *          *          *          *

[4]*          *          *          *          *

(*6*) in the case of an individual who is not a citizen of India,—

[5]*          *          *          *          *

[6][(*ii*) the remuneration received by him as an official, by whatever name called, of an embassy, high commission, legation, commission, consulate or the trade representation of a foreign State, or as a member of the staff of any of these officials, for service in such capacity:

Provided that the remuneration received by him as a trade commissioner or other official representative in India of the Government of a foreign State (not holding office as such in an honorary capacity), or as a member of the staff of any of those officials, shall be exempt only if the remuneration of the corresponding officials or, as the case may be, members of the staff, if any, of the Government resident for similar purposes in the country concerned enjoys a similar exemption in that country:

1. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
2. Subs. by Act 36 of 1989, s. 4, for clause (5) (w.e.f. 1-4-1989).
3. Clause (*5A*) omitted by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
4. Clause (*5B*) omitted by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
5. Sub-clause (*i*) omitted by s. 4, *ibid*. (w.e.f. 1-4-2003).
6. Subs. by Act 26 of 1988, s. 4, for sub-clauses (*ii*) to (*v*) (w.e.f. 1-4-1989).

Provided further that such members of the staff are subjects of the country represented and are not engaged in any business or profession or employment in India otherwise than as members of such staff;]

(*vi*) the remuneration received by him as an employee of a foreign enterprise for services rendered by him during his stay in India, provided the following conditions are fulfilled—

(*a*) the foreign enterprise is not engaged in any trade or business in India;

(*b*) his stay in India does not exceed in the aggregate a period of ninety days in such previous year ; and

(*c*) such remuneration is not liable to be deducted from the income of the employer chargeable under this Act;

[1]*          *          *          *          *

[2]*          *          *          *          *

[3]*          *          *          *          *

(*viii*) any income chargeable under the head "Salaries" received by or due to any such individual being a non-resident as remuneration for services rendered in connection with his employment on a foreign ship where his total stay in India does not exceed in the aggregate a period of ninety days in the previous year;

[4]*          *          *          *          *

[5][(*xi*) the remuneration received by him as an employee of the Government of a foreign State during his stay in India in connection with his training in any establishment or office of, or in any undertaking owned by,—

(*i*) the Government ; or

(*ii*) any company in which the entire paid-up share capital is held by the Central Government, or any State Government or Governments, or partly by the Central Government and partly by one or more State Governments; or

(*iii*) any company which is a subsidiary of a company referred to in item (*ii*); or

(*iv*) any corporation established by or under a Central, State or Provincial Act; or

(*v*) any society registered under the Societies Registration Act, 1860 (14 of 1860), or under any other corresponding law for the time being in force and wholly financed by the Central Government, or any State Government or State Governments, or partly by the Central Government and partly by one or more State Governments;]

[6][(*6A*) where in the case of a foreign company deriving income by way of royalty or fees for technical services received from Government or an Indian concern in pursuance of an agreement

---

1. Sub-clause (*via*) omitted by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
2. Sub-clause (*vii*) omitted by Act 38 of 1993, s. 3 (w.e.f. 1-4-1993).
3. Sub-clause (*viia*) omitted by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
4. Sub-clause (*ix*) and (*x*) omitted by s. 5, *ibid*. (w.e.f. 1-4-1999).
5. Ins. by Act 66 of 1976, s. 5 (w.e.f. 1-4-1976).
6. Ins. by Act 11 of 1983, s. 5 (w.e.f. 1-4-1984).

made by the foreign company with Government or the Indian concern after the 31st day of March, 1976 [1][but before the 1st day of June, 2002] [2][and,—

(*a*) where the agreement relates to a matter included in the industrial policy, for the time being in force, of the Government of India, such agreement is in accordance with that policy; and

(*b*) in any other case, the agreement is approved by the Central Government,

the tax on such income is payable, under the terms of the agreement, by Government or the Indian concern to the Central Government, the tax so paid].

*Explanation*.—[3][For the purposes of this clause and clause (*6B*)],—

(*a*) "fees for technical services" shall have the same meaning as in *Explanation 2* to clause (*vii*) of sub-section (*1*) of section 9;

(*b*) "foreign company" shall have the same meaning as in section 80B;

(*c*) "royalty" shall have the same meaning as in *Explanation 2* to clause (*vi*) of sub-section (*1*) of section 9;]

[4][(*6B*) where in the case of a non-resident (not being a company) or of a foreign company deriving income (not being salary, royalty or fees for technical services) from Government or an Indian concern in pursuance of an [5][agreement entered into before the 1st day of June, 2002by the Central Government] with the Government of a foreign State or an international organisation, the tax on such income is payable by Government or the Indian concern to the Central Government under the terms of that agreement or any other [6][related agreement approved before that date] by the Central Government, the tax so paid;]

[7][(*6BB*) where in the case of the Government of a foreign State or a foreign enterprise deriving income from an Indian company engaged in the business of operation of aircraft, as a consideration of acquiring an aircraft or an aircraft engine (other than payment for providing spares, facilities or services in connection with the operation of leased aircraft) on lease under [8][an agreement entered into after the 31st day of March, 1997 but before the 1st day of April, 1999, [9][or entered into after the 31st day of March, 2007and approved by the Central Government in this behalf]] and the tax on such income is payable by such Indian company under the terms of that agreement to the Central Government, the tax so paid.

*Explanation*.—For the purposes of this clause, the expression "foreign enterprise" means a person who is a non-resident;]

---

1. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
2. Subs. by Act 18 of 1992, s. 4, for certain words (w.e.f. 1-6-1992).
3. Subs. by Act 26 of 1988, s. 4, for "For the purposes of this clause" (w.e.f. 1-4-1988).
4. Ins. by s. 4, *ibid*. (w.e.f. 1-4-1988).
5. Subs. by Act 20 of 2002, s. 4, for "agreement entered into by the Central Government" (w.e.f. 1-4-2003).
6. Subs. by s. 4, *ibid*. for "related agreement approved" (w.e.f. 1-4-2003).
7. Ins. by Act 26 of 1997, s. 3 (w.e.f. 1-4-1998).
8. Subs. by Act 23 of 2004, s. 5, for certain words, figures and letters (w.e.f. 1-4-2006).
9. Subs. by Act 21 of 2006, s. 4, for "or entered into after the 31st day of September, 2006 and approved by the Central Government in this behalf" (w.e.f. 1-4-2007).

[1][(*6C*) any income arising to such foreign company, as the Central Government may, by notification in the Official Gazette, specify in this behalf, [2][by way of royalty or fees] for technical services received in pursuance of an agreement entered into with that Government for providing services in or outside India in projects connected with security of India;]

(*7*) any allowances or perquisites paid or allowed as such outside India by the Government to a citizen of India for rendering service outside India;

(*8*) in the case of an individual who is assigned to duties in India in connection with any co-operative technical assistance programmes and projects in accordance with an agreement entered into by the Central Government and the Government of a foreign State (the terms whereof provide for the exemption given by this clause)—

(*a*) the remuneration received by him directly or indirectly from the Government of that foreign State for such duties, and

(*b*) any other income of such individual which accrues or arises outside India, and is not deemed to accrue or arise in India, in respect of which such individual is required to pay any income or social security tax to the Government of that foreign State;

[3][(*8A*) in the case of a consultant—

(*a*) any remuneration or fee received by him or it, directly or indirectly, out of the funds made available to an international organisation [hereafter referred to in this clause and clause (*8B*) as the agency] under a technical assistance grant agreement between the agency and the Government of a foreign State; and

(*b*) any other income which accrues or arises to him or it outside India, and is not deemed to accrue or arise in India, in respect of which such consultant is required to pay any income or social security tax to the Government of the country of his or its origin.

*Explanation*.—In this clause, "consultant" means—

(*i*) any individual, who is either not a citizen of India or, being a citizen of India, is not ordinarily resident in India; or

(*ii*) any other person, being a non-resident,

engaged by the agency for rendering technical services in India in connection with any technical assistance programme or project, provided the following conditions are fulfilled, namely:—

(*1*) the technical assistance is in accordance with an agreement entered into by the Central Government and the agency; and

(*2*) the agreement relating to the engagement of the consultant is approved by the prescribed authorityfor the purposes of this clause;

---

1. Ins. by Act 3 of 1989, s. 4 (w.e.f. 1-4-1989).
2. Subs. by Act 32 of 2003, s. 6, for "by way of fees" (w.e.f. 1-4-2004).
3. Ins. by Act 49 of 1991, s. 5 (w.e.f. 1-4-1991).

(*8B*) in the case of an individual who is assigned to duties in India in connection with any technical assistance programme and project in accordance with an agreement entered into by the Central Government and the agency—

(*a*) the remuneration received by him, directly or indirectly, for such duties from any consultant referred to in clause (*8A*); and

(*b*) any other income of such individual which accrues or arises outside India, and is not deemed to accrue or arise in India, in respect of which such individual is required to pay any income or social security tax to the country of his origin, provided the following conditions are fulfilled, namely :—

(*i*) the individual is an employee of the consultant referred to in clause (*8A*) and is either not a citizen of India or, being a citizen of India, is not ordinarily resident in India ; and

(*ii*) the contract of service of such individual is approved by the prescribed authority before the commencement of his service;]

(*9*) the income of any member of the family of any such individual as is referred to in clause (*8*) [1][or clause (*8A*) or, as the case may be, clause (*8B*)] accompanying him to India, which accrues or arises outside India, and is not deemed to accrue or arise in India, in respect of which such member is required to pay any income or social security tax to the Government of that foreign State [1][or, as the case may be, country of origin of such member];

[2][(*10*) (*i*) any death-cum-retirement gratuity received under the revised Pension Rules of the Central Government or, as the case may be, the Central Civil Services (Pension) Rules, 1972, or under any similar scheme applicable to the members of the civil services of the Union or holders of posts connected with defence or of civil posts under the Union (such members or holders being persons not governed by the said Rules) or to the members of the all-India services or to the members of the civil services of a State or holders of civil posts under a State or to the employees of a local authority or any payment of retiring gratuity received under the Pension Code or Regulations applicable to the members of the defence services;

(*ii*) any gratuity received under the Payment of Gratuity Act, 1972 (39 of 1972), to the extent it does not exceed an amount calculated in accordance with the provisions of sub-sections (*2*) and (*3*) of section 4 of that Act;

(*iii*) any other gratuity received by an employee on his retirement or on his becoming incapacitated prior to such retirement or on termination of his employment, or any gratuity received by his widow, children or dependants on his death, to the extent it does not, in either case, exceed one-half month's salary for each year of completed service, [3][calculated on the basis of the average salary for the ten months immediately preceding the month in which any such event occurs, subject to such limit as the Central Government may, by notification in the Official Gazette, specify in this behalf having regard to the limit applicable in this behalf to the employees of that Government]:

Provided that where any gratuities referred to in this clause are received by an employee from more than one employer in the same previous year, the aggregate amount exempt from income-tax under this clause [4][shall not exceed the limit so specified]:

---

1. Ins. by Act 49 of 1991, s. 5 (w.e.f. 1-4-1991).
2. Subs. by Act 20 of 1974, s. 3, for clause (10) (w.e.f. 1-4-1975).
3. Subs. by Act 4 of 1988, s. 6, for the certain words (w.e.f. 1-4-1989).
4. Subs. by s. 6, for clause (*10*), *ibid*, "shall not exceed thirty six thousand rupees" (w.e.f. 1-4-1989).

Provided further that where any such gratuity or gratuities was or were received in any one or more earlier previous years also and the whole or any part of the amount of such gratuity or gratuities was not included in the total income of the assessee of such previous year or years, the amount exempt from income-tax under this clause [1][shall not exceed the limit so specified] as reduced by the amount or, as the case may be, the aggregate amount not included in the total income of any such previous year or years.

[2]*    *    *    *    *

*Explanation*.—[3][In this clause, and in clause (*10AA*)], "salary" shall have the meaning assigned to it in clause (*h*) of rule 2 of Part A of the Fourth Schedule;]

[4][(*10A*) (*i*) any payment in commutation of pension received under the Civil Pensions (Commutation) Rules of the Central Government [5][or under any similar scheme applicable to the members of the civil services of the Union or holders of posts connected with defence or of civil posts under the Union (such members or holders being persons not governed by the said Rules) or to the members of the all-India services or to the members of the defence services or to the members of the civil services of a State or holders of civil posts under a State or to the employees of a local authority] or a corporation established by a Central, State or Provincial Act;

(*ii*) any payment in commutation of pension received under any scheme of any other employer, to the extent it does not exceed—

 (*a*) in a case where the employee receives any gratuity, the commuted value of one-third of the pension which he is normally entitled to receive, and

 (*b*) in any other case, the commuted value of one-half of such pension,

such commuted value being determined having regard to the age of the recipient, the state of his health, the rate of interest and officially recognised tables of mortality;

[6]*    *    *    *    *

[7][(*iii*) any payment in commutation of pension received from a fund under clause (*23AAB*);]

[8][(*10AA*) (*i*) any payment received by an employee of the Central Government or a State Government as the cash equivalent of the leave salary in respect of the period of earned leave at his credit at the time of his retirement [9][whether on superannuation]  or otherwise;

(*ii*) any payment of the nature referred to in sub-clause (*i*) received by an employee, other than an employee of the Central Government or a State Government, in respect of so much of the period of earned leave at his credit at the time of his retirement [9][whether on superannuation] or otherwise as does not exceed [10][ten months], calculated on the basis of the average salary drawn by the employee during

---

1. Subs. by Act 4 of 1988, s.6 for "shall not exceed thirty six thousand rupees" (w.e.f. 1-4-1989).
2. The third and fourth provisos omitted by s. 6, *ibid.* (w.e.f. 1-4-1989).
3. Subs. by s. 6, *ibid.,* for "In this clause" (w.e.f. 1-4-1989).
4. Ins. by Act 15 of 1965, s. 3 (w.e.f. 1-4-1962).
5. Subs. by Act 20 of 1974, s. 3 for the certain words (w.e.f. 1-4-1962).
6. The proviso omitted by Act 4 of 1988, s. 6 (w.e.f. 1-4-1989).
7. Ins. by Act 33 of 1996, s. 4 (w.e.f. 1-4-1997).
8. Ins. by Act 14 of 1982, s. 4 (w.e.f. 1-4-1978).
9. Subs. by Act 67 of 1984, s. 4 for "on superannuation" (w.e.f. 1-4-1978).
10. Subs. by Act 27 of 1999, s. 6 for "eight months" (w.e.f. 1-4-1989).

the period of ten months immediately preceding his retirement [1][whether on superannuation] or otherwise, [2][subject to such limit as the Central Government may, by notification in the Official Gazette, specify in this behalf having regard to the limit applicable in this behalf to the employees of that Government]:

Provided that where any such payments are received by an employee from more than one employer in the same previous year, the aggregate amount exempt from income-tax under this sub-clause [3][shall not exceed the limit so specified]:

Provided further that where any such payment or payments was or were received in any one or more earlier previous years also and the whole or any part of the amount of such payment or payments was or were not included in the total income of the assessee of such previous year or years, the amount exempt from income-tax under this sub-clause [3][shall not exceed the limit so specified], as reduced by the amount or, as the case may be, the aggregate amount not included in the total income of any such previous year or years.

[4]*                    *                    *                    *                    *

*Explanation*.—For the purposes of sub-clause (*ii*),—

[5]*** the entitlement to earned leave of an employee shall not exceed thirty days for every year of actual service rendered by him as an employee of the employer from whose service he has retired;

[6]*                    *                    *                    *                    *

[7][(*10B*) any compensation received by a workman under the Industrial Disputes Act, 1947 (14 of 1947), or under any other Act or Rules, orders or notifications issued thereunder or under any standing orders or under any award, contract of service or otherwise, [8][at the time of his retrenchment:

Provided that the amount exempt under this clause shall not exceed—

    (*i*) an amount calculated in accordance with the provisions of clause (*b*) of section 25F of the Industrial Disputes Act, 1947 (14 of 1947); or

    [9][(*ii*) such amount, not being less than fifty thousand rupees, as the Central Government may, by notification in the Official Gazette, specify in this behalf,]

whichever is less:

Provided further that the preceding proviso shall not apply in respect of any compensation received by a workman in accordance with any scheme which the Central Government may, having regard to the need for extending special protection to the workmen in the undertaking to which such scheme applies and other relevant circumstances, approve in this behalf.]

---

1. Subs. by Act 67 of 1984, s. 4 for "on superannuation"(w.e.f. 1-4-1978).
2. Subs. by Act 4 of 1988, s. 6, for "thirty thousand rupees, whichever is less" (w.e.f. 1-7-1986).
3. Subs. by s. 6, *ibid.*, for "shall not exceed thirty thousand rupees" (w.e.f. 1-7-1986).
4. The third and fourth provisos omitted by s. 6 *ibid.* (w.e.f. 1-7-1986).
5. The brackets and figure "(*i*)" omitted by s. 6 *ibid.* (w.e.f. 1-7-1986).
6. Clause (*ii*) omitted by s. 6, *ibid.,* (w.e.f. 1-7-1986).
7. Ins. by Act 25 of 1975, s. 3 (w.e.f. 1-4-1976).
8. Subs. by Act 32 of 1985, s. 4, for certain words (w.e.f. 1-4-1986).
9. Subs. by Act 4 of 1988, s. 6, for sub-clause (*ii*) (w.e.f. 1-4-1989).

*Explanation.*—For the purposes of this clause—

(*a*) compensation received by a workman at the time of the closing down of the undertaking in which he is employed shall be deemed to be compensation received at the time of his retrenchment;

(*b*) compensation received by a workman, at the time of the transfer (whether by agreement or by operation of law) of the ownership or management of the undertaking in which he is employed from the employer in relation to that undertaking to a new employer, shall be deemed to be compensation received at the time of his retrenchment if—

(*i*) the service of the workman has been interrupted by such transfer; or

(*ii*) the terms and conditions of service applicable to the workman after such transfer are in any way less favourable to the workman than those applicable to him immediately before the transfer; or

(*iii*) the new employer is, under the terms of such transfer or otherwise, legally not liable to pay to the workman, in the event of his retrenchment, compensation on the basis that his service has been continuous and has not been interrupted by the transfer;

(*c*) the expressions "employer" and "workman" shall have the same meanings as in the Industrial Disputes Act, 1947 (14 of 1947);]

[1][(*10BB*) any payments made under the Bhopal Gas Leak Disaster (Processing of Claims) Act, 1985 (21 of 1985), and any scheme framed thereunder except payment made to any assessee in connection with the Bhopal Gas Leak Disaster to the extent such assessee has been allowed a deduction under this Act on account of any loss or damage caused to him by such disaster;]

[2][(*10BC*) any amount received or receivable from the Central Government or a State Government or a local authority by an individual or his legal heir by way of compensation on account of any disaster, except the amount received or receivable to the extent such individual or his legal heir has been allowed a deduction under this Act on account of any loss or damage caused by such disaster.

*Explanation.*—For the purposes of this clause, the expression "disaster" shall have the meaning assigned to it under clause (*d*) of section 2 of the Disaster Management Act, 2005 (53 of 2005);]

[3][(*10C*) [4][any amount received or receivable by an employee of]—

(*i*) a public sector company; or

(*ii*) any other company; or

(*iii*) an authority established under a Central, State or Provincial Act; or

(*iv*) a local [5][authority; or]

[1][(*v*) a co-operative society; or

---

1. Ins. by Act 18 of 1992, s. 4 (w.e.f. 1-4-1992).
2. Ins. by Act 22 of 2007, s. 6 (w.e.f. 1-4-2005).
3. Subs. by Act 38 of 1993, s. 3, for clause (*10C*) (w.e.f. 1-4-1993).
4. Subs. by Act 32 of 2003, s. 6 for "any amount received by an employe of" (w.e.f. 1-4-2004).
5. Subs. by Act 32 of 1994, s. 6, for "authority," (w.e.f. 1-4-1995).
6. Ins. by s. 6, *ibid.* (w.e.f. 1-4-1995).

(*vi*) a University established or incorporated by or under a Central, State or Provincial Act and an institution declared to be a University under section 3 of the University Grants Commission Act, 1956(3 of 1956); or

(*vii*) an Indian Institute of Technology within the meaning of clause (*g*) of section 3 of the Institutes of Technology Act, 1961 (59 of 1961); or

[1][(*viia*) any State Government; or]

[2][(*viib*) the Central Government; or]

[3][(*viic*) an institution, having importance throughout India or in any State or States, as the Central Government may, by notification in the Official Gazette, specify in this behalf; or]

(*viii*) such institute of management as the Central Government may, by notification in the Official Gazette, specify in this behalf,]

[4]{on his [5][voluntary retirement} or termination of his service, in accordance with any scheme or schemes of voluntary retirement or in the case of a public sector company referred to in sub-clause (*i*), a scheme of voluntary separation, to the extent such amount does not exceed five lakh rupees]:

Provided that the schemes of the said companies or authorities [6][or societies or Universities or the Institutes referred to in sub-clauses (*vii*) and (*viii*)], as the case may be, governing the payment of such amount are framed in accordance with such guidelines (including inter alia criteria of economic viability) as may be prescribed [7]***:

Provided further that where exemption has been allowed to an employee under this clause for any assessment year, no exemption thereunder shall be allowed to him in relation to any other assessment year:]

[8][Provided also that where any relief has been allowed to an assessee under section 89 for any assessment year in respect of any amount received or receivable on his voluntary retirement or termination of service or voluntary separation, no exemption under this clause shall be allowed to him in relation to such, or any other, assessment year;]

[9][(*10CC*) in the case of an employee, being an individual deriving income in the nature of a perquisite, not provided for by way of monetary payment, within the meaning of clause (*2*) of section 17, the tax on such income actually paid by his employer, at the option of the employer, on behalf of such employee, notwithstanding anything contained in section 200 of the Companies Act, 1956 (1 of 1956);]

---

1. Ins. by Act 14 of 2001, s. 5 (w.e.f. 1-4-2002).
2. Ins. by s. 5, *ibid*, (w.e.f. 1-4-2002).
3. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2002).
4. Subs. by Act 32 of 2003, s. 6, for "at the time of his voluntary retirement" (w.e.f. 1-4-2004).
5. Subs. by Act 10 of 2000, s. 5, for certain words (w.e.f. 1-4-2001).
6. Ins. by Act 32 of 1994, s. 6 (w.e.f. 1-4-1995).
7. The certain words brackets and figures omitted by Act 10 of 2000, s. 5 (w.e.f. 1-4-2001).
8. Ins. by Act 33 of 2009, s. 4 (w.e.f. 1-4-2010).
9. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).

[1][(*10D*) any sum received under a life insurance policy, including the sum allocated by way of bonus on such policy, other than—

(*a*) any sum received under sub-section (*3*) of section 80DD or sub-section (*3*) of section 80DDA; or

(*b*) any sum received under a Keyman insurance policy; or

(*c*) any sum received under an insurance policy issued on or after the 1st day of April, 2003 [2][but on or before the 31st day of March, 2012] in respect of which the premium payable for any of the years during the term of the policy exceeds twenty per cent. of the actual capital sum [3][assured; or]

[4][(*d*) any sum received under an insurance policy issued on or after the 1st day of April, 2012 in respect of which the premium payable for any of the years during the term of the policy exceeds ten per cent. of the actual capital sum assured:]

Provided that the provisions of [5][sub-clauses (*c*) and (*d*)] shall not apply to any sum received on the death of a person:

Provided further that for the purpose of calculating the actual capital sum assured under [5][sub-clause(*c*)], effect shall be given to the [6][*Explanation* to sub-section (*3*) of section 80C or the *Explanation* to sub-section (*2A*) of section 88, as the case may be:]

[7][Provided also that where the policy, issued on or after the 1st day of April, 2013, is for insurance on life of any person, who is—

(*i*) a person with disability or a person with severe disability as referred to in section 80U; or

(*ii*) suffering from disease or ailment as specified in the rules made under section 80DDB,

the provisions of this sub-clause shall have effect as if for the words "ten per cent.", the words "fifteen per cent." had been substituted.]

[8][*Explanation 1*].—For the purposes of this clause, "Keyman insurance policy" means a life insurance policy taken by a person on the life of another person who is or was the employee of the first-mentioned person or is or was connected in any manner whatsoever with the business of the first-mentioned person] [7][and includes such policy which has been assigned to a person, at any time during the term of the policy, with or without any consideration;]

[9][*Explanation 2*.—For the purposes of sub-clause (*d*), the expression "actual capital sum assured" shall have the meaning assigned to it in the Explanation to sub-section (*3A*) of section 80C;]

---

1. Subs. by Act 32 of 2003, s. 6, for clause (*10D*) (w.e.f. 1-4-2004).
2. Ins. by Act 23 of 2012, s. 5 (w.e.f. 1-4-2013).
3. Subs. by s. 5, *ibid.*, for "assured" (w.e.f. 1-4-2013).
4. Ins. by s. 5, *ibid.* (w.e.f. 1-4-2013).
5. Subs. by s. 5, *ibid.*, for "this sub-clause" (w.e.f. 1-4-2013).
6. Subs. by Act 18 of 2005, s. 4 for "*Explanation* to sub-section (*2A*) of section 88" (w.e.f. 1-4-2006).
7. Ins. by Act 17 of 2013, s. 5 (w.e.f. 1-4-2014).
8. *Explanation* renumbered as *Explanation* 1 thereof by Act 23 of 2012, s. 5 (w.e.f. 1-4-2013).
9. Ins. by s. 5, *ibid.* (w.e.f. 1-4-2013).

(*11*) any payment from a provident fund to which the Provident Funds Act, 1925 (19 of 1925), applies [1][or from any other provident fund set up by the Central Government and notified by it in this behalf in the Official Gazette];

[2][(*11A*) any payment from an account, opened in accordance with the Sukanya Samriddhi Account Rules, 2014 made under the Government Savings Bank Act, 1873 (5 of 1873);]

(*12*) the accumulated balance due and becoming payable to an employee participating in a recognised provident fund, to the extent provided in rule 8 of Part A of the Fourth Schedule ;

[3][(*12A*) any payment from the National Pension System Trust to an employee on closure of his account or on his opting out of the pension scheme referred to in section 80CCD, to the extent it does not exceed forty per cent. of the total amount payable to him at the time of such closure or his opting out of the scheme;

[4][(*12B*) any payment from the National Pension System Trust to an employee under the pension scheme referred to in section 80CCD, on partial withdrawal made out of his account in accordance with the terms and conditions, specified under the Pension Fund Regulatory and Development Authority Act, 2013 (23 of 2013) and the regulations made thereunder, to the extent it does not exceed twenty-five per cent.. of the amount of contributions made by him;]

[5][(*13*) any payment from an approved superannuation fund made—

 (*i*) on the death of a beneficiary; or

 (*ii*) to an employee in lieu of or in commutation of an annuity on his retirement at or after a specified age or on his becoming incapacitated prior to such retirement; or

(*iii*) by way of refund of contributions on the death of a beneficiary ; or

(*iv*) by way of refund of contributions to an employee on his leaving the service in connection with which the fund is established otherwise than by retirement at or after a specified age or on his becoming incapacitated prior to such retirement, to the extent to which such payment does not exceed the contributions made prior to the commencement of this Act and any interest [6][thereon; or]

[3][(*v*) by way of transfer to the account of the employee under a pension scheme referred to in section 80CCD and notified by the Central Government;

[7][(*13A*) any special allowance specifically granted to an assessee by his employer to meet expenditure actually incurred on payment of rent (by whatever name called) in respect of residential accommodation occupied by the assessee, to such extent [8]*** as may be prescribed having regard to the area or place in which such accommodation is situate and other relevant considerations.]

[9][*Explanation*.—For the removal of doubts, it is hereby declared that nothing contained in this clause shall apply in a case where—

 (*a*) the residential accommodation occupied by the assessee is owned by him ; or

 (*b*) the assessee has not actually incurred expenditure on payment of rent (by whatever name called) in respect of the residential accommodation occupied by him;]

[10][(*14*) (*i*) any such special allowance or benefit, not being in the nature of a perquisite within the meaning of clause (*2*) of section 17, specifically granted to meet expenses wholly, necessarily and

---

1. Ins. by Act 19 of 1968, s. 30 and the third Schedule (w.e.f. 1-4-1969).
2. Ins. by Act 20 of 2015, s. 7 (w.e.f. 1-4-2015).
3. Ins. by Act 28 of 2016, s. 7 (w.e.f. 1-4-2017).
4. Ins. by Act 7 of 2017, s. 6 (w.e.f. 1-4-2018).
5. Subs. by Act 10 of 1965, s. 6 (w.r.e.f. 1-4-1962).
6. Subs. by Act 28 of 2016, s.7, for "thereon" (w.e.f. 1-4-2017).
7. Ins. by Act 13 of 1964, s. 3 (w.e.f. 6-10-1964).
8. The words "(not exceeding four hundred rupees per month" omitted by 23 of 1986, s. 3 (w.e.f. 1-4-1987).
9. The *Explanation* inserted by Act 67 of 1984, s. 4 (w.e.f. 1-4-1976).
10. Subs. by Act 4 of 1988, s. 6, for clause (*14*) (w.e.f. 1-4-1989).

exclusively incurred in the performance of the duties of an office or employment of profit, [1][as may be prescribed], to the extent to which such expenses are actually incurred for that purpose;

(*ii*) any such allowance granted to the assessee either to meet his personal expenses at the place where the duties of his office or employment of profit are ordinarily performed by him or at the place where he ordinarily resides, or to compensate him for the increased cost of living, [2][as may be prescribed and to the extent as may be prescribed]:]

[3][Provided that nothing in sub-clause (*ii*) shall apply to any allowance in the nature of personal allowance granted to the assessee to remunerate or compensate him for performing duties of a special nature relating to his office or employment unless such allowance is related to the place of his posting or residence;]

[4]*           *           *           *           *

(*15*) [5][(*i*) income by way of interest, premium on redemption or other payment on such securities, bonds, annuity certificates, savings certificates, other certificates issued by the Central Government and deposits as the Central Government may, by notification in the Official Gazette, specify in this behalf, subject to such conditions and limits as may be specified in the said notification;

[6][(*iib*) [7][in the case of an individual or a Hindu undivided family,] interest on such Capital Investment Bonds as the Central Government may, by notification in the Official Gazette, specify in this behalf:]

[8][Provided that the Central Government shall not specify, for the purposes of this sub-clause, such Capital Investment Bonds on or after the 1st day of June, 2002;]

[9][(*iic*) in the case of an individual or a Hindu undivided family, interest on such Relief Bonds as the Central Government may, by notification in the Official Gazette, specify in this behalf;]

[10][(*iid*) interest on such bonds, as the Central Government may, by notification in the Official Gazette, specify, arising to—

(*a*) a non-resident Indian, being an individual owning the bonds; or

(*b*) any individual owning the bonds by virtue of being a nominee or survivor of the non-resident Indian; or

(*c*) any individual to whom the bonds have been gifted by the non-resident Indian:

Provided that the aforesaid bonds are purchased by a non-resident Indian in foreign exchange and the interest and principal received in respect of such bonds, whether on their maturity or otherwise, is not allowable to be taken out of India:

Provided further that where an individual, who is a non-resident Indian in any previous year in which the bonds are acquired, becomes a resident in India in any subsequent year, the provisions of this sub-clause shall continue to apply in relation to such individual:

---

1. Subs. by Act 22 of 1995, s. 4, for "as the Central Government may, by notification in the Official Gazette, specify" (w.e.f. 1-7-1995).
2. Subs. by s. 4, *ibid.,* for "as the Central Government may, by notification in the Official Gazette, specify, to the extent specified in the notification" (w.e.f. 1-7-1995).
3. Added by Act 36 of 1989, s. 4 (w.e.f. 1-4-1989).
4. Clause (*14A*) omitted by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
5. Subs. by Act 4 of 1988, s. 6, for clause (*i*), (*ia*), (*ib*), (*ii*) and (*iia*) (w.e.f. 1-4-1989).
6. Ins. by Act 14 of 1982, s. 4 (w.e.f. 1-4-1983).
7. Subs. by Act 11 of 1983, s. 5, for "interest or such capital interest" (w.e.f. 1-4-1983).
8. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
9. Ins. by Act 26 of 1988, s. 4 (w.e.f. 1-4-1989).
10. Ins. by Act 3 of 1989, s. 4 (w.e.f. 1-4-1989).

Provided also that in a case where the bonds are encashed in a previous year prior to their maturity by an individual who is so entitled, the provisions of this sub-clause shall not apply to such individual in relation to the assessment year relevant to such previous year:

[1][Provided also that the Central Government shall not specify, for the purposes of this sub-clause, such bonds on or after the 1st day of June, 2002.]

*Explanation*.—For the purposes of this sub-clause, the expression "non-resident Indian" shall have the meaning assigned to it in clause (*e*) of section 115C;]

(*iii*) interest on securities held by the Issue Department of the Central Bank of Ceylon constituted under the Ceylon Monetary Law Act, 1949;

[2][(*iiia*) interest payable to any bank incorporated in a country outside India and authorised to perform central banking functions in that country on any deposits made by it, with the approval of the Reserve Bank of India, with any scheduled bank.

*Explanation*.—For the purposes of this sub-clause, "scheduled bank" shall have the meaning assigned to it in [3][clause (*ii*) of the *Explanation* to clause (*viia*) of sub-section (*1*) of section 36];]

[4][(*iiib*) interest payable to the Nordic Investment Bank, being a multilateral financial institution constituted by the Governments of Denmark, Finland, Iceland, Norway and Sweden, on a loan advanced by it to a project approved by the Central Government in terms of the Memorandum of Understanding entered into by the Central Government with that Bank on the 25th day of November, 1986;]

[5][(*iiic*) interest payable to the European Investment Bank, on a loan granted by it in pursuance of the framework-agreement for financial co-operation entered into on the 25th day of November, 1993 by the Central Government with that Bank;]

(*iv*) interest payable—

[6][(*a*) by Government or a local authority on moneys borrowed by it before the 1st day of June, 2001 from, or debts owed by it before the 1st day of June, 2001 to, sources outside India;]

(*b*) by an industrial undertaking in India on moneys borrowed by it under [7][a loan agreement entered into before the 1st day of June, 2001 with any such financial institution] in a foreign country as may be approved in this behalf by the Central Government by general or special order;

(*c*) by an industrial undertaking in India on any moneys borrowed or debt incurred by it [8][before the 1st day of June, 2001] in a foreign country in respect of the purchase outside India of raw materials [9][or components] or capital plant and machinery, [10][to the extent to which such interest does not exceed the amount of interest calculated at the rate approved by the Central Government in this behalf, having regard to the terms of the loan or debt and its repayment.]

[9][[11][*Explanation* 1.]—For the purposes of this item, "purchase of capital plant and machinery" includes the purchase of such capital plant and machinery under a hire-purchase agreement or a lease agreement with an option to purchase such plant and machinery.]

---

1. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
2. Ins. by Act 32 of 1985, s. 4 (w.e.f. 1-4-1985).
3. Subs. by Act 4 of 1988, s. 126, for "the *Explanation* to clause (*iii*) of sub-section (*6*) of section 11" (w.e.f. 1-4-1989).
4. Ins. by Act 54 of 2003, s. 2 (w.e.f. 1-4-2001).
5. Ins. by Act 23 of 2004, s. 5 (w.e.f. 1-4-2005).
6. Subs. by Act 14 of 2001, s. 5, for item (*a*) (w.e.f. 1-4-2002).
7. Subs. by s. 5, *ibid.*, for "a loan agreement entered into with any such financial institution" (w.e.f. 1-4-2002).
8. Subs. by s. 5, *ibid.*, for "moneys borrowed or debt incurred by it" (w.e.f. 1-4-2002).
9. Ins. by Act 11 of 1983, s. 5 (w.e.f. 1-4-1983).
10. Subs. by Act 5 of 1964, s. 6, for "in any case where the loan or debt is approved by the Central Government, having regard to its terms generally and in particular to the terms of its repayment" (w.e.f. 1-4-1964).
11. *Explanation* renumbered as *Explanation* 1 thereof by Act 54 of 2003, s. 2 (w.e.f. 1-4-1962).

[1][*Explanation* 2.—For the removal of doubts, it is hereby declared that the usance interest payable outside India by an undertaking engaged in the business of ship-breaking in respect of purchase of a ship from outside India shall be deemed to be the interest payable on a debt incurred in a foreign country in respect of the purchase outside India;]

[2][(*d*) by the Industrial Finance Corporation of India established by the Industrial Finance Corporation Act, 1948 (15 of 1948), or the Industrial Development Bank of India established under the Industrial Development Bank of India Act, 1964 (18 of 1964), [3][or the Export-Import Bank of India established under the Export-Import Bank of India Act, 1981 (28 of 1981),] [4][or the National Housing Bank established under section 3 of the National Housing Bank Act, 1987 (53 of 1987),] [5][or the Small Industries Development Bank of India established under section 3 of the Small Industries Development Bank of India Act, 1989 (39 of 1989),] or the Industrial Credit and Investment Corporation of India [a company formed and registered under the Indian Companies Act, 1913 (7 of 1913)], on [6][any moneys borrowed by it from sources outside Indiabefore the 1st day of June, 2001], to the extent to which such interest does not exceed the amount of interest calculated at the rate approved by the Central Government in this behalf, having regard to the terms of the loan and its repayment;]

(*e*) by any other financial institution established in India or a banking company to which the Banking Regulation Act, 1949 (10 of 1949), applies (including any bank or banking institution referred to in section 51 of that Act), on [6][any moneys borrowed by it from sources outside India before the 1st day of June, 2001] under a loan agreement approved by the Central Government where the moneys are borrowed either for the purpose of advancing loans to industrial undertakings in India for purchase outside India of raw materials or capital plant and machinery or for the purpose of importing any goods which the Central Government may consider necessary to import in the public interest, to the extent to which such interest does not exceed the amount of interest calculated at the rate approved by the Central Government in this behalf, having regard to the terms of the loan and its repayment;]

[7][(*f*) by an industrial undertaking in India on any moneys borrowed by it in foreign currency from sources outside India under [8][a loan agreement approved by the Central Government before the 1st day of June, 2001] having regard to the need for industrial development in India, to the extent to which such interest does not exceed the amount of interest calculated at the rate approved by the Central Government in this behalf, having regard to the terms of the loan and its repayment;

[9][(*fa*) by a scheduled bank [10]*** [11][to a non-resident or to a person who is not ordinarily resident within the meaning of sub-section (*6*) of section 6] on deposits in foreign currency where the acceptance of such deposits by the bank is approved by the Reserve Bank of India.

[12][*Explanation.*—For the purposes of this item, the expression "scheduled bank" means the State Bank of India constituted under the State Bank of India Act, 1955 (23 of 1955), a subsidiary bank as defined in the State Bank of India (Subsidiary Banks) Act, 1959 (38 of 1959), a corresponding new bank constituted under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1970 (5 of 1970), or under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1980 (40 of 1980), or any other bank being a bank included in the Second Schedule to the Reserve Bank of India Act, 1934 (2 of 1934), but does not include a co-operative bank;

---

1. Ins. by Act 54 of 2003 s. 2, (w.e.f. 1-4-1962).
2. Ins. by Act 26 of 1974, s. 2 (w.e.f. 1-4-1973).
3. Ins. by Act 11 of 1983, s. 5 (w.e.f. 1-4-1983).
4. Ins. by Act 49 of 1991, s. 5 (w.e.f. 1-4-1991).
5. Ins. by Act 18 of 1992, s. 4 (w.e.f. 1-4-1992).
6. Subs. by Act 14 of 2001, s. 5, for "any moneys borrowed by it from sources outside India" (w.e.f. 1-4-2002).
7. Ins. by Act 66 of 1976, s. 5 (w.e.f. 1-6-1976).
8. Subs. by, Act 14 of 2001 s. 5, for "a loan agreement approved by the Central Government" (w.e.f. 1-4-2001).
9. Ins. by Act 49 of 1991, s. 5 (w.e.f. 1-4-1991).
10. The words figures and letters "before the 1st day of April, 2005" omitted by Act 18 of 2005, s. 4 (w.e.f. 1-4-2006).
11. Ins. by Act 38 of 1993, s. 3 (w.e.f. 1-4-1993).
12. Subs. by Act 22 of 2007, s. 6, for the *Explanation* (w.e.f. 1-4-2007).

[1][(*g*) by a public company formed and registered in India with the main object of carrying on the business of providing long-term finance for construction or purchase of houses in India for residential purposes, [2][being a company eligible for deduction under clause (*viii*) of sub-section (*1*) of section 36 on any moneys borrowed by it in foreign currency from sources outside India under [3][a loan agreement approved by the Central Government before the 1st day of June, 2003], to the extent to which such interest does not exceed the amount of interest calculated at the rate approved by the Central Government in this behalf, having regard to the terms of the loan and its repayment.]

*Explanation*.—For the purposes of [4][items (*f*), (*fa*) and (*g*)], the expression "foreign currency" shall have the meaning assigned to it in the [5][Foreign Exchange Management Act, 1999 (42 of 1999)];]

[6][(*h*) by any public sector company in respect of such bonds or debentures and subject to such conditions, including the condition that the holder of such bonds or debentures registers his name and the holding with that company, as the Central Government may, by notification in the Official Gazette, specify in this behalf;]

[7][(*i*) by Government on deposits made by an employee of the Central Government or a State Government [8][or a public sector company], in accordance with such scheme as the Central Government may, by notification in the Official Gazette, frame in this behalf, out of the moneys due to him on account of his retirement, whether on superannuation or otherwise.]

[9][[10][*Explanation* 1].—For the purposes of this sub-clause, the expression "industrial undertaking" means any undertaking which is engaged in—

(*a*) the manufacture or processing of goods; or

[11][(*aa*) the manufacture of computer software or recording of programme on any disc, tape, perforated media or other information device; or]

(*b*) the business of generation or distribution of electricity or any other form of power; or

[12][(*ba*) the business of providing telecommunication services; or]

(*c*) mining; or

(*d*) the construction of ships; or

[13][(*da*) the business of ship-breaking; or]

[14][(*e*) the operation of ships or aircrafts or construction or operation of rail systems.]]

[15][*Explanation* 1A.—For the purposes of this sub-clause, the expression "interest" shall not include interest paid on delayed payment of loan or on default if it is in excess of two per cent. per annum over the rate of interest payable in terms of such loan.]

[16][*Explanation* 2.—For the purposes of this clause, the expression "interest" includes hedging transaction charges on account of currency fluctuation;]

1. Ins. by Act 11 of 1983, s. 5 (w.e.f. 1-4-1983).
2. Subs. by Act 10 of 2000, s. 5, for "being a company approved by the Central Government for the purposes of clause (*viii*) of sub-section (*1*) of section 36" (w.e.f. 1-4-2000).
3. Subs. by Act 32 of 2003, s. 6, for "a loan agreement approved by the Central Government" (w.e.f. 1-4-2004).
4. Subs. by Act 49 of 1991, s. 5 for "items (*f*) and (*g*)" (w.e.f. 1-4-1991).
5. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
6. Ins. by Act 11 of 1987, s. 4 (w.e.f. 1-4-1987).
7. Ins. by Act 13 of 1989, s. 4 (w.e.f. 1-4-1990).
8. Ins. by Act 12 of 1990, s. 5 (w.e.f. 1-4-1991).
9. Ins. by Act 49 of 1991, s. 5 (w.e.f. 1-4-1991).
10. *Explanation* renumbered as *Explanation* 1 thereof by the Act 27 of 1999, s. 6 (w.e.f. 1-4-2000).
11. Ins. by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
12. Ins. by 26 of 1997, s. 3 (w.e.f. 1-4-1998).
13. Ins. by Act 54 of 2003, s. 2 (w.e.f. 1-4-1991).
14. Subs. by Act 33 of 1996, s. 4, for clause (*e*) (w.e.f. 1-4-1997).
15. Subs. by Act 24 of 2001, s. 5, for *Explanation IA* (w.e.f. 1-4-2002).
16. Ins. by Act 27 of 1999, s. 6 (w.e.f. 1-4-2000)

[1][(*v*) interest on—

    (*a*) securities held by the Welfare Commissioner, Bhopal Gas Victims, Bhopal, in the Reserve Bank's SGL Account No. SL/DH 048;

    (*b*) deposits for the benefit of the victims of the Bhopal gas leak disaster held in such account, with the Reserve Bank of India or with a public sector bank, as the Central Government may, by notification in the Official Gazette, specify, whether prospectively or retrospectively but in no case earlier than the 1st day of April, 1994 in this behalf.

*Explanation*.—For the purposes of this sub-clause, the expression "public sector bank" shall have the meaning assigned to it in the *Explanation* to clause (*23D*);]

[2][(*vi*) interest on Gold Deposit Bonds issued under the Gold Deposit Scheme, 1999 [3][*or deposit certificates issued under the Gold Monetisation Scheme,* 2015] notified by the Central Government;

[4][(*vii*) interest on bonds—

    (*a*) issued by a local authority or by a State Pooled Finance Entity; and

    (*b*) specified by the Central Government by notification in the Official Gazette.

*Explanation*.—For the purposes of this sub-clause, the expression "State Pooled Finance Entity" shall mean such entity which is set up in accordance with the guidelines for the Pooled Finance Development Scheme notified by the Central Government in the Ministry of Urban Development;]

[5][(*viii*) any income by way of interest received by a non-resident or a person who is not ordinarily resident, in India on a deposit made on or after the 1st day of April, 2005, in an Offshore Banking Unit referred to in clause (*u*) of section 2 of the Special Economic Zones Act, 2005 (28 of 2005);]

[6][(*15A*) any payment made, by an Indian company engaged in the business of operation of aircraft, to acquire an aircraft or an aircraft engine (other than a payment for providing spares, facilities or services in connection with the operation of leased aircraft) on lease from the Government of a foreign State or a foreign enterprise under an agreement [7][ [8][, not being an agreement entered into between the 1st day of April, 1997 and the 31st day of March, 1999,] and] approved by the Central Government in this behalf:

[9][Provided that nothing contained in this clause shall apply to any such agreement entered into on or after the [10][1st day of April, [2007].]

*Explanation*.—For the purposes of this clause, the expression "foreign enterprise" means a person who is a non-resident;]

(*16*) scholarships granted to meet the cost of education;

[11][(*17*) any income by way of—

    (*i*) daily allowance received by any person by reason of his membership of Parliament or of any State Legislature or of any Committee thereof; [12]***

[13][(*ii*) any allowance received by any person by reason of his membership of Parliament under the Members of Parliament (Constituency Allowance) Rules, 1986;

[1][(*iii*) any constituency allowance received by any person by reason of his membership of any State Legislature under any Act or rules made by that State Legislature;]]]

---

1. Subs. by Act 22 of 1995, s. 4, for sub-clause (*v*) (w.e.f. 1-4-1995).
2. Ins. by Act 27 of 1999, s. 6 (w.e.f. 1-4-2000).
3. Ins. by Act 28 of 2016, s. 7 (w.e.f. 1-4-2016).
4. Subs. by Act 22 of 2007, s. 6, for sub-clause (*vii*) (w.e.f. 1-4-2008).
5. Ins. by Act 28 o 2005, s. 27 and the second Schedule (w.e.f. 10-2-2006).
6. Subs. by Act 22 of 1995, s. 4, for clause (*15A*) (w.e.f. 1-4-1996).
7. Ins. by Act 26 of 1997, s. 3 (w.e.f. 1-4-1998).
8. Subs. by Act 27 of 1999, s. 6"entered before the 1st day of April, 1997" (w.e.f. 1-4-2000).
9. Ins. by Act 23 of 2004, s. 5 (w.e.f. 1-4-2006).
10. Subs. by Act 21 of 2006, s. 4, for "the 1st day of April, 2006" (w.e.f. 1-4-2007).
11. Subs. by Act 46 of 1986, s. 3, for clause (*17*) (w.e.f. 1-4-1986).
12. The word "and" omitted by Act 11 of 1987, s. 4 (w.e.f. 1-4-1986).
13. Subs. by s. 4, *ibid*., for sub-clause (*ii*) (w.e.f. 1-4-1986).
14. Subs. by Act 21 of 2006, s. 4, for sub-clause (*iii*) (w.e.f. 1-4-2007).

[1][(*17A*) any payment made, whether in cash or in kind,—

(*i*) in pursuance of any award instituted in the public interest by the Central Government or any State Government or instituted by any other body and approved by the Central Government in this behalf; or

(*ii*) as a reward by the Central Government or any State Government for such purposes as may be approved by the Central Government in this behalf in the public interest;]

[2][(*18*) any income by way of—

(*i*) pension received by an individual who has been in the service of the Central Government or State Government and has been awarded "Param Vir Chakra" or "Maha Vir Chakra" or "Vir Chakra" or such other gallantry award as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*ii*) family pension received by any member of the family of an individual referred to in sub-clause (*i*).

*Explanation*.—For the purposes of this clause, the expression "family" shall have the meaning assigned to it in the *Explanation* to clause (*5*);]

[3]*          *          *          *          *

[4][(*19*) family pension received by the widow or children or nominated heirs, as the case may be, of a member of the armed forces (including para-military forces) of the Union, where the death of such member has occurred in the course of operational duties, in such circumstances and subject to such conditions, as may be prescribed;]

[5][(*19A*) the annual value of any one palace in the occupation of a Ruler, being a palace, the annual value whereof was exempt from income-tax before the commencement of the Constitution (Twenty-sixth Amendment) Act, 1971, by virtue of the provisions of the Merged States (Taxation Concessions) Order, 1949, or the Part B States (Taxation Concessions) Order, 1950, or, as the case may be, the Jammu and Kashmir (Taxation Concessions) Order, 1958:

Provided that for the assessment year commencing on the 1st day of April, 1972, the annual value of every such palace in the occupation of such Ruler during the relevant previous year shall be exempt from income-tax;]

(*20*) the income of a local authority which is chargeable under the head [6]*** "Income from house property", "Capital gains" or "Income from other sources" or from a trade or business carried on by it [7][which accrues or arises from the supply of a commodity or service (not being water or electricity) within its own jurisdictional area or from the supply of water or electricity within or outside its own jurisdictional area].

[8][*Explanation*.—For the purposes of this clause, the expression "local authority" means—

(*i*) Panchayat as referred to in clause (*d*) of article 243 of the Constitution; or

(*ii*) Municipality as referred to in clause (*e*) of article 243P of the Constitution; or

(*iii*) Municipal Committee and District Board,

---

1. Subs. by Act 4 of 1988, s. 6, for clauses (*17A*), (*17B*) and (*18*) (w.e.f. 1-4-1989).
2. Ins. by Act 27 of 1999, s. 6 (w.e.f. 1-4-2000).
3. Clause (*18A*) omitted by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
4. Ins. by Act 23 of 2004, s. 5 (w.e.f. 1-4-2005).
5. Ins. by Act 54 of 1972, s. 7 (w.e.f. 28-12-1971).
6. The words "Interest on securities" omitted by Act 26 of 1988, s. 4 (w.e.f. 1-4-1989).
7. Subs. by Act 32 of 1971, s. 4, for "which accrues or arises from the supply of a commodity or service within its own jurisdictional area" (w.e.f. 1-4-1972).
8. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).

legally entitled to, or entrusted by the Government with, the control or management of a Municipal or local fund; or

(*iv*) Cantonment Board as defined in section 3 of the Cantonments Act, 1924 (2 of 1924);]

[1]*          *          *          *          *

[2][(*21*) any income of a [3][research association] for the time being approved for the purpose of clause (*ii*) [4][or clause (*iii*)] of sub-section (*1*) of section 35:

Provided that the [3][research association]—

(*a*) applies its income, or accumulates it for application, wholly and exclusively to the objects for which it is established, and the provisions of sub-section (*2*) and sub-section (*3*) of section 11 shall apply in relation to such accumulation subject to the following modifications, namely:—

(*i*) in sub-section (*2*),—

(*1*) the words, brackets, letters and figure "referred to in clause (*a*) or clause (*b*) of sub-section (*1*) read with the *Explanation* to that sub-section" shall be omitted;

(*2*) for the words "to charitable or religious purposes", the words "for the purposes of [5][scientific research or research in social science or statistical research]" shall be substituted;

(*3*) the reference to "Assessing Officer" in clause (*a*) thereof shall be construed as a reference to the "prescribed authority" referred to in clause (*ii*) [4][or clause (*iii*)] of sub-section (*1*) of section 35;

(*ii*) in sub-section (*3*), in clause (*a*), for the words "charitable or religious purposes", the words "the purposes of [5][scientific research or research in social science or statistical research]" shall be substituted; and

[6][(*b*) does not invest or deposit its funds, other than—

(*i*) any assets held by the [3][research association] where such assets form part of the corpus of the fund of the association as on the 1st day of June, 1973;

(*ii*) any assets (being debentures issued by, or on behalf of, any company or corporation), acquired by the [3][research association] before the 1st day of March, 1983;

(*iii*) any accretion to the shares, forming part of the corpus of the fund mentioned in sub-clause (*i*), by way of bonus shares allotted to the [3][research association];

(*iv*) voluntary contributions received and maintained in the form of jewellery, furniture or any other article as the Board may, by notification in the Official Gazette, specify,

for any period during the previous year otherwise than in any one or more of the forms or modes specified in sub-section (*5*) of section 11:]

[1][Provided further that the exemption under this clause shall not be denied in relation to voluntary contribution, other than voluntary contribution in cash or voluntary contribution of the nature referred

---

1. Clause (*20A*) omitted by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
2. Subs. by Act 3 of 1989, s. 4, for clause (*21*) (w.e.f. 1-4-1990). Earlier Clause (*21*) amended by Act 11 of 1983, s. 5 (w.e.f. 1-4-1984) and then omitted by Act 4 of 1988, s. 6 and later restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).
3. Subs. by Act 14 of 2010, s. 5, for "scientific research association" (w.e.f. 1-4-2011).
4. Ins. by s. 5, *ibid*. (w.e.f. 1-4-2011).
5. Subs. by s. 5, *ibid*., for "scientific research" (w.e.f. 1-4-2011).
6. Subs. by Act 18 of 1992, s. 4, for clause (*b*) (w.e.f. 1-4-1990).
7. Subs. by Act 49 of 1991, s. 5, for "Provided further" (w.e.f. 1-4-1990).

to in clause (*b*) of the first proviso to this clause, subject to the condition that such voluntary contribution is not held by the [1][research association], otherwise than in any one or more of the forms or modes specified in sub-section (*5*) of section 11, after the expiry of one year from the end of the previous year in which such asset is acquired or the 31st day of March, 1992, whichever is later:

Provided also] that nothing contained in this clause shall apply in relation to any income of the [1][research association], bei ng profits and gains of business, unless the business is incidental to the attainment of its objectives and separate books of account are maintained by it in respect of such business:]

[2][Provided also that where the [1][research association] is approved by the Central Government and subsequently that Government is satisfied that—

(*i*) the [1][research association] has not applied its income in accordance with the provisions contained in clause (*a*) of the first proviso; or

(*ii*) the [1][research association] has not invested or deposited its funds in accordance with the provisions contained in clause (*b*) of the first proviso; or

(*iii*) the activities of the [1][research association] are not genuine; or

(*iv*) the activities of the [1][research association] are not being carried out in accordance with all or any of the conditions subject to which such association was approved,

it may, at any time after giving a reasonable opportunity of showing cause against the proposed withdrawal to the concerned association, by order, withdraw the approval and forward a copy of the order withdrawing the approval to such association and to the Assessing Officer;]

[3]*          *          *          *          *

[4][(*22B*) any income of such news agency set up in India solely for collection and distribution of news as the Central Government may, by notification in the Official Gazette, specify in this behalf:

Provided that the news agency applies its income or accumulates it for application solely for collection and distribution of news and does not distribute its income in any manner to its members:

Provided further that any notification issued by the Central Government under this clause shall, at any one time, have effect for such assessment year or years, not exceeding three assessment years (including an assessment year or years commencing before the date on which such notification is issued) as may be specified in the notification:]

[2][Provided also that where the news agency has been specified, by notification, by the Central Government and subsequently that Government is satisfied that such news agency has not applied or accumulated or distributed its income in accordance with the provisions contained in the first proviso, it may, at any time after giving a reasonable opportunity of showing cause, rescind the notification and forward a copy of the order rescinding the notification to such agency and to the Assessing Officer;]

[1]*          *          *          *          *

---

1. Subs. by Act 14 of 2010, s. 5, for "scientific research association" (w.e.f. 1-4-2011).
2. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
3. Clause (*22*) and (*22A*) omitted by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
4. Ins. by Act 32 of 1994, s. 6 (w.e.f. 1-4-1994).
5. Clause (*23*) omitted by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003). Earlier Clause (*23*) omitted by Act 4 of 1988, s. 6 (w.e.f. 1-4-1989) and then restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).

[1][(*23A*) any income (other than income chargeable under the head[2]***"Income from house property" or any income received for rendering any specific services or income by way of interest or dividends derived from its investments) of an association or institution established in India having as its object the control, supervision, regulation or encouragement of the profession of law, medicine, accountancy, engineering or architecture or such other profession as the Central Government may specify in this behalf, from time to time, by notification in the Official Gazette:

Provided that—

   (*i*) the association or institution applies its income, or accumulates it for application, solely to the objects for which it is established; and

   (*ii*) the association or institution is for the time being approved for the purpose of this clause by the Central Government by general or special order:]

[3][Provided further that where the association or institution has been approved by the Central Government and subsequently that Government is satisfied that—

   (*i*) such association or institution has not applied or accumulated its income in accordance with the provisions contained in the first proviso; or

   (*ii*) the activities of the association or institution are not being carried out in accordance with all or any of the conditions subject to which such association or institution was approved,

it may, at any time after giving a reasonable opportunity of showing cause against the proposed withdrawal to the concerned association or institution, by order, withdraw the approval and forward a copy of the order withdrawing the approval to such association or institution and to the Assessing Officer;]

[4][(*23AA*) any income received by any person on behalf of any Regimental Fund or Non-Public Fund established by the armed forces of the Union for the welfare of the past and present members of such forces or their dependants;]

[5][(*23AAA*) any income received by any person on behalf of a fund established, for such purposes as may be notified by the Board in the Official Gazette, for the welfare of employees or their dependants and of which fund such employees are members if such fund fulfils the following conditions, namely:—

   (*a*) the fund—

      (*i*) applies its income or accumulates it for application, wholly and exclusively to the objects for which it is established; and

      (*ii*) invests its funds and contributions and other sums received by it in the forms or modes specified in sub-section (*5*) of section 11;

   (*b*) the fund is approved by the [6][Principal Commissioner or Commissioner] in accordance with the rules made in this behalf:

   Provided that any such approval shall at any one time have effect for such assessment year or years not exceeding three assessment years as may be specified in the order of approval;]

---

1. Ins. by Act 15 of 1965, s. 3 (w.e.f. 1-4-1962).
2. The words "Interest on securities" or' omitted by Act 26 of 1988, s. 4 (w.e.f. 1-4-1989).
3. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
4. Ins. by Act 44 of 1980, s. 4 (w.e.f. 1-4-1962).
5. Ins. by Act 22 of 1995, s. 4 (w.e.f. 1-4-1996).
6. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

[1][(*23AAB*) any income of a fund, by whatever name called, set up by the Life Insurance Corporation of India on or after the 1st day of August, 1996 [2][or any other insurer under a pension scheme],—

(*i*) to which contribution is made by any person for the purpose of receiving pension from such fund;

(*ii*) which is approved by the Controller of Insurance [3][or the Insurance Regulatory and Development Authority established under sub-section (*1*) of section 3 of the Insurance Regulatory and Development Authority Act, 1999 (41 of 1999), as the case may be].

*Explanation*.—For the purposes of this clause, the expression "Controller of Insurance" shall have the meaning assigned to it in clause (*5B*) of section 2 of the Insurance Act, 1938 (4 of 1938);]

[4][(*23B*) any income of an institution constituted as a public charitable trust or registered under the Societies Registration Act, 1860 (21 of 1860), or under any law corresponding to that Act in force in any part of India, and existing solely for the development of khadi or village industries or both, and not for purposes of profit, to the extent such income is attributable to the business of production, sale, or marketing, of khadi or products of village industries:

Provided that—

(*i*) the institution applies its income, or accumulates it for application, solely for the development of khadi or village industries or both; and

(*ii*) the institution is, for the time being, approved for the purpose of this clause by the Khadi and Village Industries Commission:

Provided further that the Commission shall not, at any one time, grant such approval for more than three assessment years beginning with the assessment year next following the financial year in which it is granted:

[5][Provided also that where the institution has been approved by the Khadi and Village Industries Commission and subsequently that Commission is satisfied that—

(*i*) the institution has not applied or accumulated its income in accordance with the provisions contained in the first proviso; or

(*ii*) the activities of the institution are not being carried out in accordance with all or any of the conditions subject to which such institution was approved,

it may, at any time after giving a reasonable opportunity of showing cause against the proposed withdrawal to the concerned institution, by order, withdraw the approval and forward a copy of the order withdrawing the approval to such institution and to the Assessing Officer.]

*Explanation*.—For the purposes of this clause,—

(*i*) "Khadi and Village Industries Commission" means the Khadi and Village Industries Commission established under the Khadi and Village Industries Commission Act, 1956 (61 of 1956);

(*ii*) "khadi" and "village industries" have the meanings respectively assigned to them in that Act;]

[1][(*23BB*) any income of an authority (whether known as the Khadi and Village Industries Board or by any other name) established in a State by or under a State or Provincial Act for the development of khadi or village industries in the State.

---

1. Ins. by Act 33 of 1996, s. 4 (w.e.f. 1-4-1997).
2. Subs. by Act 14 of 2001, s. 5, for "under a pension scheme" (w.e.f. 1-4-2002).
3. Ins. by s. 5, *ibid*. (w.e.f. 1-4-2002).
4. Ins. by Act 20 of 1974, s. 3 (w.e.f. 1-6-1974).
5. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
6. Ins. by Act 21 of 1979, s. 3 (w.e.f. 1-4-1962).

*Explanation*.—For the purposes of this clause, "khadi" and "village industries" have the meanings respectively assigned to them in the Khadi and Village Industries Commission Act, 1956 (61 of 1956);

(*23BBA*) any income of any body or authority (whether or not a body corporate or corporation sole) established, constituted or appointed by or under any Central, State or Provincial Act which provides for the administration of any one or more of the following, that is to say, public religious or charitable trusts or endowments (including maths, temples, gurdwaras, wakfs, churches, synagogues, agiaries or other places of public religious worship) or societies for religious or charitable purposes registered as such under the Societies Registration Act, 1860 (21 of 1860), or any other law for the time being in force:

Provided that nothing in this clause shall be construed to exempt from tax the income of any trust, endowment or society referred to therein;]

[1][(*23BBB*) any income of the European Economic Community derived in India by way of interest, dividends or capital gains from investments made out of its funds under such scheme as the Central Government may, by notification in the Official Gazette, specify in this behalf.

*Explanation*.—For the purposes of this clause, "European Economic Community" means the European Economic Community established by the Treaty of Rome of 25th March, 1957;]

[2][(*23BBC*) any income of the SAARC Fund for Regional Projects set up by Colombo Declaration issued on the 21st day of December, 1991 by the Heads of State or Government of the Member Countries of South Asian Association for Regional Cooperation established on the 8th day of December, 1985 by the Charter of the South Asian Association for Regional Cooperation;]

[3][(*23BBD*) any income of the Secretariat of the Asian Organisation of the Supreme Audit Institutions registered as "ASOSAI-SECRETARIAT" under the Societies Registration Act, 1860 (21 of 1860) for [4][ten previous years relevant to the assessment years beginning on the 1st day of April, 2001 and ending on the 31st day of March, 2011];

(*23BBE*) any income of the Insurance Regulatory and Development Authority established under sub-section (*1*) of section 3 of the Insurance Regulatory and Development Authority Act, 1999 (41 of 1999);]

[5][(*23BBF*) any income of the North-Eastern Development Finance Corporation Limited, being a company formed and registered under the Companies Act, 1956 (1 of 1956):

Provided that in computing the total income of the North-Eastern Development Finance Corporation Limited, the amount to the extent of—

(*i*) twenty per cent. of the total income for assessment year beginning on the 1st day of April, 2006;

(*ii*) forty per cent. of the total income for assessment year beginning on the 1st day of April, 2007;

(*iii*) sixty per cent. of the total income for assessment year beginning on the 1st day of April, 2008;

(*iv*) eighty per cent. of the total income for assessment year beginning on the 1st day of April, 2009;

(*v*) one hundred per cent. of the total income for assessment year beginning on the 1st day of April, 2010 and any subsequent assessment year or years,

shall be included in such total income;]

---

1. Ins. by Act 38 of 1993, s. 3 (w.e.f. 1-4-1994).
2. Ins. by Act 33 of 1996, s. 4 (w.e.f. 1-4-1992).
3. Ins. by Act 14 of 2001, s. 5 (w.e.f. 1-4-2001).
4. Subs. by Act 22 of 2007, s. 6, for certain words, figures and letters (w.e.f. 1-4-2008).
5. Ins. by Act 29 of 2006, s. 3 (w.e.f. 1-4-2006).

[1][(*23BBG*) any income of the Central Electricity Regulatory Commission constituted under sub-section (*1*) of section 76 of the Electricity Act, 2003 (36 of 2003);]

[2][(*23BBH*) any income of the Prasar Bharati (Broadcasting Corporation of India) established under sub-section (*1*) of section 3 of the Prasar Bharati (Broadcasting Corporation of India) Act, 1990 (25 of 1990);]

[3][(*23C*) any income received by any person on behalf of—

(*i*) the Prime Minister's National Relief Fund; or

(*ii*) the Prime Minister's Fund (Promotion of Folk Art); or

(*iii*) the Prime Minister's Aid to Students Fund; or

[4][(*iiia*) the National Foundation for Communal Harmony; or]

[5][(*iiiaa*) the Swachh Bharat Kosh, set up by the Central Government; or

(*iiiaaa*) the Clean Ganga Fund, set up by the Central Government; or]

[6][(*iiiaaaa*) the Chief Minister's Relief Fund or the Lieutenant Governor's Relief Fund in respect of any State or Union territory as referred to in sub-clause (*iiihf*) of clause (*a*) of sub-section (*2*) of section 80G; or

[7][(*iiiab*) any university or other educational institution existing solely for educational purposes and not for purposes of profit, and which is wholly or substantially financed by the Government; or

(*iiiac*) any hospital or other institution for the reception and treatment of persons suffering from illness or mental defectiveness or for the reception and treatment of persons during convalescence or of persons requiring medical attention or rehabilitation, existing solely for philanthropic purposes and not for purposes of profit, and which is wholly or substantially financed by the Government.

[8][*Explanation*.—For the purposes of sub-clauses (*iiiab*) and (*iiiac*), any university or other educational institution, hospital or other institution referred therein, shall be considered as being substantially financed by the Government for any previous year, if the Government grant to such university or other educational institution, hospital or other institution exceeds such percentage of the total receipts including any voluntary contributions, as may be prescribed, of such university or other educational institution, hospital or other institution, as the case may be, during the relevant previous year;] or

(*iiiad*) any university or other educational institution existing solely for educational purposes and not for purposes of profit if the aggregate annual receipts of such university or educational institution do not exceed the amount of annual receipts as may be prescribed; or

(*iiiae*) any hospital or other institution for the reception and treatment of persons suffering from illness or mental defectiveness or for the reception and treatment of persons during convalescence or of persons requiring medical attention or rehabilitation, existing solely for philanthropic purposes and not for purposes of profit, if the aggregate annual receipts of such hospital or institution do not exceed the amount of annual receipts as may be prescribed; or]

---

1. Ins. by Act 22 of 2007, s. 6 (w.e.f. 1-4-2008).
2. Ins. by Act 23 of 2012, s. 5 (w.e.f. 1-4-2013).
3. Ins. by Act 41 of 1975, s. 3 (w.e.f. 1-4-1976).
4. Ins. by Act 38 of 1993, s. 3 (w.e.f. 1-4-1993).
5. Ins. by Act 20 of 2015, s. 7 (w.e.f. 1-4-2015).
6. Ins. by Act 7 of 2017, s. 6 (w.e.f. 1-4-1998).
7. Ins. by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
8. Ins. by Act 25 of 2014, s. 5 (w.e.f. 1-4-2015).

[1][(*iv*) any other fund or institution established for charitable purposes [2][which may be approved by the prescribed authority], having regard to the objects of the fund or institution and its importance throughout India or throughout any State or States; or

 (*v*) any trust (including any other legal obligation) or institution wholly for public religious purposes or wholly for public religious and charitable purposes, [2][which may be approved by the prescribed authority], having regard to the manner in which the affairs of the trust or institution are administered and supervised for ensuring that the income accruing thereto is properly applied for the objects thereof;

[3][(*vi*) any university or other educational institution existing solely for educational purposes and not for purposes of profit, other than those mentioned in sub-clause (*iiiab*) or sub-clause (*iiiad*) and which may be approved by the prescribed authority; or

(*via*) any hospital or other institution for the reception and treatment of persons suffering from illness or mental defectiveness or for the reception and treatment of persons during convalescence or of persons requiring medical attention or rehabilitation, existing solely for philanthropic purposes and not for purposes of profit, other than those mentioned in sub-clause (*iiiac*) or sub-clause (*iiiae*) and which may be approved by the prescribed authority:]

Provided that the fund or trust or institution [3][or any university or other educational institution or any hospital or other medical institution] referred to in sub-clause (*iv*) or sub-clause (*v*) [3][or sub-clause (*vi*) or sub-clause (*via*)] shall make an application in the prescribed form and manner to the prescribed authority for the purpose of grant of the exemption, or continuance thereof, under sub-clause (*iv*) or sub-clause (*v*) [3][or sub-clause (*vi*) or sub-clause (*via*)]:

[4][Provided further that the prescribed authority, before approving any fund or trust or institution or any university or other educational institution or any hospital or other medical institution, under sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*), may call for such documents (including audited annual accounts) or information from the fund or trust or institution or any university or other educational institution or any hospital or other medical institution, as the case may be, as it thinks necessary in order to satisfy itself about the genuineness of the activities of such fund or trust or institution or any university or other educational institution or any hospital or other medical institution, as the case may be, and the prescribed authority may also make such inquiries as it deems necessary in this behalf:]

Provided also that the fund or trust or institution [3][or any university or other educational institution or any hospital or other medical institution] referred to in sub-clause (*iv*) or sub-clause (*v*) [3][or sub-clause (*vi*) or sub-clause (*via*)]—

[1][(*a*) applies its income, or accumulates it for application, wholly and exclusively to the objects for which it is established and in a case where more than fifteen per cent. of its income is accumulated on or after the 1st day of April, 2002, the period of the accumulation of the amount exceeding fifteen per cent. of its income shall in no case exceed five years; and]

---

1. Subs. by Act 3 of 1989, s. 4, for sub-clauses (*iv*) and (*v*) (w.e.f. 1-4-1990).
2. Subs. by Act 22 of 2007, s. 6, for "which may be notified by the Central Government in the Official Gazette." (w.e.f. 1-6-2007).
3. Ins. by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
4. Subs. by Act 22 of 2007, s. 6, for the proviso (w.e.f. 1-6-2007).
5. Subs. by Act 20 of 2002, s. 4, for clause (*a*) (w.e.f. 1-4-2003).

[1][(*b*) does not invest or deposit its funds, other than—

(*i*) any assets held by the fund, trust or institution [2][or any university or other educational institution or any hospital or other medical institution] where such assets form part of the corpus of the fund, trust or institution [2][or any university or other educational institution or any hospital or other medical institution] as on the 1st day of June, 1973;

[3][(*ia*) any asset, being equity shares of a public company, held by any university or other educational institution or any hospital or other medical institution where such assets form part of the corpus of any university or other educational institution or any hospital or other medical institution as on the 1st day of June, 1998;]

(*ii*) any assets (being debentures issued by, or on behalf of, any company or corporation), acquired by the fund, trust or institution [2][or any university or other educational institution or any hospital or other medical institution] before the 1st day of March, 1983;

(*iii*) any accretion to the shares, forming part of the corpus mentioned in sub-clause (*i*) [3][and sub-clause (*ia*)], by way of bonus shares allotted to the fund, trust or institution [2][or any university or other educational institution or any hospital or other medical institution];

(*iv*) voluntary contributions received and maintained in the form of jewellery, furniture or any other article as the Board may, by notification in the Official Gazette, specify,

for any period during the previous year otherwise than in any one or more of the forms or modes specified in sub-section (*5*) of section 11:]

Provided also that the exemption under sub-clause (*iv*) or sub-clause (*v*) shall not be denied in relation to any funds invested or deposited before the 1st day of April, 1989, otherwise than in any one or more of the forms or modes specified in sub-section (*5*) of section 11 if such funds do not continue to remain so invested or deposited after the [4][30th day of March, [5][1993]]:

[2][Provided also that the exemption under sub-clause (*vi*) or sub-clause (*via*) shall not be denied in relation to any funds invested or deposited before the 1st day of June, 1998, otherwise than in any one or more of the forms or modes specified in sub-section (*5*) of section 11 if such funds do not continue to remain so invested or deposited after the 30th day of March, 2001:]

[6][Provided also that the exemption under sub-clause (*iv*) or sub-clause (*v*) [2][or sub-clause (*vi*) or sub-clause (*via*)] shall not be denied in relation to voluntary contribution, other than voluntary contribution in cash or voluntary contribution of the nature referred to in clause (*b*) of the third proviso to this sub-clause, subject to the condition that such voluntary contribution is not held by the trust or institution [2][or any university or other educational institution or any hospital or other medical institution], otherwise than in any one or more of the forms or modes specified in sub-section (*5*) of section 11, after the expiry of one year from the end of the previous year in which such asset is acquired or the 31st day of March, 1992, whichever is later:]

Provided also that nothing contained in sub-clause (*iv*) or sub-clause (*v*) [2][or sub-clause (*vi*) or sub-clause (*via*)] shall apply in relation to any income of the fund or trust or institution [2][or any university or other educational institution or any hospital or other medical institution], being profits and gains of business, unless the business is incidental to the attainment of its objectives and separate books of account are maintained by it in respect of such business:

---

1. Subs. by Act 18 of 1992, s. 4, for sub-clause (*b*) (w.e.f. 1-4-1990).
2. Ins. by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
3. Ins. by Act 14 of 2001, s. 5 (w.e.f. 1-4-2001).
4. Subs. by Act 49 of 1991, s. 5, for "the 30th day of March, 1990" (w.e.f. 1-4-1990).
5. Subs. by Act 18 of 1992, s. 4, for '1992' (w.e.f. 1-4-1992).
6. Ins. by Act 49 of 1991, s. 5 (w.e.f. 1-4-1990).

Provided also that any [1][notification issued by the Central Government under sub-clause (*iv*) or sub-clause (*v*), before the date on which the Taxation Laws (Amendment) Bill, 2006 receives the assent of the President, shall, at any one time, have effect for such assessment year or years], not exceeding three assessment years (including an assessment year or years commencing before the date on which such notification is issued) as may be specified in the notification:]

[2][Provided also that where an application under the first proviso is made on or after the date on which the Taxation Laws (Amendment) Bill, 2006 receives the assent of the President, every notification under sub-clause (*iv*) or sub-clause (*v*) shall be issued or approval under [3][sub-clause (*iv*) or sub-clause (*v*) or] sub-clause (*vi*) or sub-clause (*via*) shall be granted or an order rejecting the application shall be passed within the period of twelve months from the end of the month in which such application was received:

Provided also that where the total income, of the fund or trust or institution or any university or other educational institution or any hospital or other medical institution referred to in sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*), without giving effect to the provisions of the said sub-clauses, exceeds the maximum amount which is not chargeable to tax in any previous year, such trust or institution or any university or other educational institution or any hospital or other medical institution shall get its accounts audited in respect of that year by an accountant as defined in the Explanation below sub-section (*2*) of section 288 and furnish along with the return of income for the relevant assessment year, the report of such audit in the prescribed form duly signed and verified by such accountant and setting forth such particulars as may be prescribed:]

[4][Provided also that any amount of donation received by the fund or institution in terms of clause (*d*) of sub-section (*2*) of section 80G [5][in respect of which accounts of income and expenditure have not been rendered to the authority prescribed under clause (*v*) of sub-section (*5C*) of that section, in the manner specified in that clause, or] which has been utilised for purposes other than providing relief to the victims of earthquake in Gujarat or which remains unutilised in terms of sub-section (*5C*) of section 80G and not transferred to the Prime Minister's National Relief Fund on or before the 31st day of March, [6][2004] shall be deemed to be the income of the previous year and shall accordingly be charged to tax:]

[7][Provided also that any amount credited or paid out of income of any fund or trust or institution or any university or other educational institution or any hospital or other medical institution referred to in sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*), to any trust or institution registered under section 12AA, being voluntary contribution made with a specific direction that they shall form part of the corpus of the trust or institution, shall not be treated as application of income to the objects for which such fund or trust or institution or university or educational institution or hospital or other medical institution, as the case may be, is established:]

[8]*          *          *          *          *

[9][Provided also that where the fund or trust or institution or any university or other educational institution or any hospital or other medical institution referred to in sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*) does not apply its income during the year of receipt and accumulates it, any payment or credit out of such accumulation to any trust or institution registered under section 12AA or to any fund or trust or institution or any university or other educational institution or any hospital or other medical institution referred to in sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*) shall not be treated as application of income to the objects for

---

1. Subs. by Act 29 of 2006, s. 3, for certain words, brackets, figures and letters (w.e.f. 1-4-2006).
2. Ins. by s. 3, *ibid.* (w.e.f. 1-4-2006).
3. Subs. by Act 22 of 2007, s. 6, for certain words, brackets, figures and letters (w.e.f. 1-6-2007).
4. Ins. by Act 4 of 2001, s. 4 (w.e.f. 3-2-2001).
5. Ins. by Act 20 of 2002, s. 4 (w.e.f. 3-2-2001).
6. Subs. by Act 32 of 2003, s. 6, for "2003" (w.e.f. 3-2-2001).
7. Ins. by Act 7 of 2017, s. 6 (w.e.f. 1-4-2018).
8. The proviso omitted by Act 20 of 2002, s. 4 (w.e.f. 1-4-2002).
9. Ins. by s. 4 *ibid.* (w.e.f. 1-4-2003).

which such fund or trust or institution or university or educational institution or hospital or other medical institution, as the case may be, is established:

Provided also that where the fund or institution referred to in sub-clause (*iv*) or trust or institution referred to in sub-clause (*v*) is notified by the Central Government [1][or is approved by the prescribed authority, as the case may be,] or any university or other educational institution referred to in sub-clause (*vi*) or any hospital or other medical institution referred to in sub-clause (*via*), is approved by the prescribed authority and subsequently that Government or the prescribed authority is satisfied that—

(*i*) such fund or institution or trust or any university or other educational institution or any hospital or other medical institution has not—

(A) applied its income in accordance with the provisions contained in clause (*a*) of the third proviso; or

(B) invested or deposited its funds in accordance with the provisions contained in clause (b) of the third proviso; or

(*ii*) the activities of such fund or institution or trust or any university or other educational institution or any hospital or other medical institution—

(A) are not genuine; or

(B) are not being carried out in accordance with all or any of the conditions subject to which it was notified or approved,

it may, at any time after giving a reasonable opportunity of showing cause against the proposed action to the concerned fund or institution or trust or any university or other educational institution or any hospital or other medical institution, rescind the notification or, by order, withdraw the approval, as the case may be, and forward a copy of the order rescinding the notification or withdrawing the approval to such fund or institution or trust or any university or other educational institution or any hospital or other medical institution and to the Assessing Officer:]

[2][Provided also that in case the fund or trust or institution or any university or other educational institution or any hospital or other medical institution referred to in the first proviso makes an application on or after the 1st day of June, 2006 for the purposes of grant of exemption or continuance thereof, such application shall be [3][made on or before the 30th day of September of the relevant assessment year] from which the exemption is sought:]

[4][Provided also that any anonymous donation referred to in section 115BBC on which tax is payable in accordance with the provisions of the said section shall be included in the total income:]

[1][Provided also that all pending applications, on which no notification has been issued under sub-clause (*iv*) or sub-clause (*v*) before the 1st day of June, 2007, shall stand transferred on that day to the prescribed authority and the prescribed authority may proceed with such applications under those sub-clauses from the stage at which they were on that day:]

---

1. Ins. by Act 22 of 2007, s. 6 (w.e.f. 1-6-2007).
2. Ins. by Act 21 of 2006, s. 4 (w.e.f. 1-6-2006).
3. Subs. by Act 33 of 2009, s. 4 for "made at any time during the financial year immediately preceding the year" (w.e.f. 1-4-2009).
4. Ins. by Act 21 of 2006, s. 4 (w.e.f. 1-4-2007).

[1][Provided also that the income of a trust or institution referred to in sub-clause (*iv*) or sub-clause (*v*) shall be included in its total income of the previous year if the provisions of the first proviso to clause (*15*) of section 2 become applicable to such trust or institution in the said previous year, whether or not any approval granted or notification issued in respect of such trust or institution has been withdrawn or rescinded:]

[2][Provided also that where the fund or institution referred to in sub-clause (*iv*) or the trust or institution referred to in sub-clause (*v*) has been notified by the Central Government or approved by the prescribed authority, as the case may be, or any university or other educational institution referred to in sub-clause (*vi*) or any hospital or other medical institution referred to in sub-clause (*via*), has been approved by the prescribed authority, and the notification or the approval is in force for any previous year, then, nothing contained in any other provision of this section [other than clause (*1*) thereof] shall operate to exclude any income received on behalf of such fund or trust or institution or university or other educational institution or hospital or other medical institution, as the case may be, from the total income of the person in receipt thereof for that previous year.

*Explanation*.—In this clause, where any income is required to be applied or accumulated, then, for such purpose the income shall be determined without any deduction or allowance by way of depreciation or otherwise in respect of any asset, acquisition of which has been claimed as an application of income under this clause in the same or any other previous year;]

[3][(*23D*) [4][[5][ [6]*** [7][subject to the provisions of Chapter XII-E, any income of]—]

(*i*) a Mutual Fund registered under the Securities and Exchange Board of India Act, 1992 (15 of 1992) or regulations made thereunder;

(*ii*) such other Mutual Fund set up by a public sector bank or a public financial institution or authorised by the Reserve Bank of India and subject to such conditions as the Central Government may, by notification in the Official Gazette, specify in this behalf.]

*Explanation*.—For the purposes of this clause,—

(*a*) the expression "public sector bank" means the State Bank of India constituted under the State Bank of India Act, 1955 (23 of 1955), a subsidiary bank as defined in the State Bank of India (Subsidiary Banks) Act, 1959 (38 of 1959), a corresponding new Bank constituted under section 3 of the Banking Companies (Acquisition and Transfer of Under-takings) Act, 1970 (5 of 1970), or under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1980 (40 of 1980) [8][and a bank included in the category "other public sector banks" by the Reserve Bank of India;]

(*b*) the expression "public financial institution" shall have the meaning assigned to it in section 4A of the Companies Act, 1956 (1 of 1956);]

[1][(*c*) the expression "Securities and Exchange Board of India" shall have the meaning assigned to it in clause (*a*) of sub-section (*1*) of section 2 of the Securities and Exchange Board of India Act, 1992 (15 of 1992);]

---

1. Ins. by Act 23 of 2012, s. 5 (w.e.f. 1-4-2009).
2. Ins. by Act 25 of 2014, s. 5 (w.e.f. 1-4-2015).
3. Ins. by Act 4 of 1988, s. 6 (w.e.f. 1-4-1988).
4. Subs. by Act 22 of 1995, s. 4, for certain words (w.e.f. 1-7-1995).
5. Subs. by Act 27 of 1999, s. 6, for "any income of—" (w.e.f. 1-4-2000).
6. The words figures and letter "subject to the provisions of Chapter XII-E," omitted by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
7. Subs. by Act 32 of 2003, s. 6, for "any income of " (w.e.f. 1-4-2004).
8. Ins. by Act 33 of 2009, s. 4 (w.e.f. 1-4-2010).
9. Ins. by Act 18 of 1992, S. 4 (w.e.f. 1-4-1993).

[1][(*23DA*) any income of a securitisation trust from the activity of securitisation.

*Explanation*.—For the purposes of this clause,—

(*a*) "securitisation" shall have the same meaning as assigned to it,—

(*i*) in clause (*r*) of sub-regulation (*1*) of regulation 2 of the Securities and Exchange Board of India (Public Offer and Listing of Securitised Debt Instruments) Regulations, 2008 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992) and the Securities Contracts (Regulation) Act, 1956 (42 of 1956); or

[2][(*ia*) in clause (*z*) of sub-section (*1*) of section 2 of the Securitisation and Reconstruction of Financial Assets and Enforcement of Security Interest Act, 2002 (54 of 2002); or]

(*ii*) under the guidelines on securitisation of standard assets issued by the Reserve Bank of India;

(*b*) "securitisation trust" shall have the meaning assigned to it in the *Explanation* below [3][section 115TCA];]

[4]*                    *                    *                    *                    *

[5][(*23EA*) [6][any income, by way of contributions received from recognised stock exchanges and the members thereof,] of such Investor Protection Fund set up by recognised stock exchanges in India, either jointly or separately, as the Central Government may, by notification in the Official Gazette, specify in this behalf:

Provided that where any amount standing to the credit of the Fund and not charged to income-tax during any previous year is shared, either wholly or in part, with a recognised stock exchange, the whole of the amount so shared shall be deemed to be the income of the previous year in which such amount is so shared and shall accordingly be chargeable to income-tax;]

[7][(*23EB*) any income of the [8][Credit Guarantee Fund Trust for Small Industries], being a trust created by the Government of India and the Small Industries Development Bank of India established under sub-section (*1*) of section 3 of the Small Industries Development Bank of India Act, 1989 (39 of 1989), for five previous years relevant to the assessment years beginning on the 1st day of April, 2002 and ending on the 31st day of March, 2007;]

[9][(*23EC*) any income, by way of contributions received from commodity exchanges and the members thereof, of such Investor Protection Fund set up by commodity exchanges in India, either jointly or separately, as the Central Government may, by notification in the Official Gazette, specify in this behalf:

Provided that where any amount standing to the credit of the said Fund and not charged to income-tax during any previous year is shared, either wholly or in part, with a commodity exchange, the whole of the amount so shared shall be deemed to be the income of the previous year in which such amount is so shared and shall accordingly be chargeable to income-tax.

---

1. Ins. by Act 17 of 2013, s. 5 (w.e.f. 1-4-2014).
2. Ins. by Act 28 of 2016, s. 7 (w.e.f. 1-4-2017).
3. Subs. by s. 7, *ibid*., for "section 115TC" (w.e.f. 1-4-2017).
4. Clause (*23E*) omitted by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
5. Ins. by Act 10 of 2000, s. 5 (w.e.f. 1-4-2001).
6. Subs. by Act 21 of 2006, s. 4, for "any income" (w.e.f. 1-4-2007).
7. Ins. by Act 20 of 2002, s. 4 (w.e.f. 1-4-2002).
8. Subs. by Act 32 of 2003, s. 6, for "Credit Guarantee Fund Trust for Small Scale Industries" (w.e.f. 1-4-2002).
9. Ins. by Act 22 of 2007, s. 6 (w.e.f. 1-4-2008).

*Explanation*.—For the purposes of this clause, "commodity exchange" shall mean a "registered association" as defined in clause (*jj*) of section 2 of the Forward Contracts (Regulation) Act, 1952 (74 of 1952);]

[1][(*23ED*) any income, by way of contributions received from a depository, of such Investor Protection Fund set up in accordance with the regulations by a depository as the Central Government may, by notification in the Official Gazette, specify in this behalf:

Provided that where any amount standing to the credit of the Fund and not charged to income-tax during any previous year is shared, either wholly or in part with a depository, the whole of the amount so shared shall be deemed to be the income of the previous year in which such amount is so shared and shall, accordingly, be chargeable to income-tax.

*Explanation*.—For the purposes of this clause,—

(*i*) "depository" shall have the same meaning as assigned to it in clause (*e*) of sub-section (*1*) of section 2 of the Depositories Act, 1996 (22 of 1996);

(*ii*) "regulations" means the regulations made under the Securities and Exchange Board of India Act, 1992 (15 of 1992) and the Depositories Act, 1996 (22 of 1996);]

[2][(*23EE*) any specified income of such Core Settlement Guarantee Fund, set up by a recognised clearing corporation in accordance with the regulations, as the Central Government may, by notification in the Official Gazette, specify in this behalf:

Provided that where any amount standing to the credit of the Fund and not charged to income-tax during any previous year is shared, either wholly or in part with the specified person, the whole of the amount so shared shall be deemed to be the income of the previous year in which such amount is so shared and shall, accordingly, be chargeable to income-tax.

*Explanation*.—For the purposes of this clause,—

(*i*) "recognised clearing corporation" shall have the same meaning as assigned to it in clause (*o*) of sub-regulation (*1*) of regulation 2 of the Securities Contracts (Regulation) (Stock Exchanges and Clearing Corporations) Regulations, 2012 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992) and the Securities Contracts (Regulation) Act, 1956 (42 of 1956);

(*ii*) "regulations" means the Securities Contracts (Regulation) (Stock Exchanges and Clearing Corporations) Regulations, 2012 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992) and the Securities Contracts (Regulation) Act, 1956 (42 of 1956);

(*iii*) "specified income" shall mean,—

(*a*) the income by way of contribution received from specified persons;

(*b*) the income by way of penalties imposed by the recognised clearing corporation and credited to the Core Settlement Guarantee Fund; or

(*c*) the income from investment made by the Fund;

(*iv*) "specified person" shall mean,—

(*a*) any recognised clearing corporation which establishes and maintains the Core Settlement Guarantee Fund;

(*b*) any recognised stock exchange, being a shareholder in such recognised clearing corporation, or a contributor to the Core Settlement Guarantee Fund; and

1. Ins. by Act 17 of 2013, s. 5 (w.e.f. 1-4-2014).
2. Ins. by Act 20 of 2015, s. 7 (w.e.f. 1-4-2016).

(*c*) any clearing member contributing to the Core Settlement Guarantee Fund;]

[1][(*23F*) any income by way of dividends or long-term capital gains of a venture capital fund or a venture capital company from investments made by way of equity shares in a venture capital undertaking:

Provided that such venture capital fund or venture capital company is approved for the purposes of this clause by the prescribed authority in accordance with the rules made in this behalf and satisfies the prescribed conditions :

Provided further that any approval by the prescribed authority shall, at any one time, have effect for such assessment year or years, not exceeding three assessment years, as may be specified in the order of approval:

[2][Provided also that nothing contained in this clause shall apply in respect of any investment made after the 31st day of March, 1999.]

[3]*         *         *         *         *

*Explanation*.—For the purposes of this clause,—

   (*a*) "venture capital fund" means such fund, operating under a trust deed registered under the provisions of the Registration Act, 1908 (16 of 1908), established to raise monies by the trustees for investments mainly by way of acquiring equity shares of a venture capital undertaking in accordance with the prescribed guidelines;

   (*b*) "venture capital company" means such company as has made investments by way of acquiring equity shares of venture capital undertakings in accordance with the prescribed guidelines;

   [4][(*c*) "venture capital undertaking" means such domestic company whose shares are not listed in a recognised stock exchange in India and which is engaged in the business of generation or generation and distribution of electricity or any other form of power or engaged in the business of providing telecommunication services or in the business of developing, maintaining and operating any infrastructure facility or engaged in the manufacture or production of such articles or things (including computer software) as may be notified by the Central Government in this behalf;and

   (*d*) "infrastructure facility" means a road, highway, bridge, airport, port, rail system, a water supply project, irrigation project, sanitation and sewerage system or any other public facility of a similar nature as may be notified by the Board in this behalf in the Official Gazette and which fulfils the conditions specified in sub-section (*4A*) of section 80-IA;]]

[2][(*23FA*) any income by way of [1][dividends, other than dividends referred to in section 115-O], or long-term capital gains of a venture capital fund or a venture capital company from investments made by way of equity shares in a venture capital undertaking:

Provided that such venture capital fund or venture capital company is approved, for the purposes of this clause, by the Central Government on an application made to it in accordance with the rules made in this behalf and which satisfies the prescribed conditions:

---

1. Ins. by Act 22 of 1995, s. 4 (w.e.f. 1-4-1996).
2. Ins. by Act 27 of 1999, s. 6 (w.e.f. 1-4-2000).
3. The third and fourth provisos omitted by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
4. Subs. by s. 5, *ibid.,* for clause (*c*) (w.e.f. 1-4-1999).
5. Subs. by Act 32 of 2003, s. 6, for "dividends" (w.e.f. 1-4-2004).

Provided further that any approval by the Central Government shall, at any one time, have effect for such assessment year or years, not exceeding three assessment years, as may be specified in the order of approval:

[1][Provided also that nothing contained in this clause shall apply in respect of any investment made after the 31st day of March, 2000.]

*Explanation*.—For the purposes of this clause,—

(*a*) "venture capital fund" means such fund, operating under a trust deed registered under the provisions of the Registration Act, 1908 (16 of 1908), established to raise monies by the trustees for investments mainly by way of acquiring equity shares of a venture capital undertaking in accordance with the prescribed guidelines;

(*b*) "venture capital company" means such company as has made investments by way of acquiring equity shares of venture capital undertakings in accordance with the prescribed guidelines; and

(*c*) "venture capital undertaking" means such domestic company whose shares are not listed in a recognised stock exchange in India and which is engaged in the—

(*i*) business of—

(*A*) software;

(*B*) information technology;

(*C*) production of basic drugs in the pharmaceutical sector;

(*D*) bio-technology;

(*E*) agriculture and allied sectors; or

(*F*) such other sectors as may be notified by the Central Government in this behalf; or

(*ii*) production or manufacture of any article or substance for which patent has been granted to the National Research Laboratory or any other scientific research institution approved by the Department of Science and Technology;]

[1][(*23FB*) any income of a venture capital company or venture capital fund [2][from investment] in a venture capital undertaking:

[3][Provided that nothing contained in this clause shall apply in respect of any income of a venture capital company or venture capital fund, being an investment fund specified in clause (*a*) of the Explanation 1 to section 115UB, of the previous year relevant to the assessment year beginning on or after the 1st day of April, 2016.]

[1][*Explanation*.—For the purposes of this clause,—

(*a*) "venture capital company" means a company which—

(*A*) has been granted a certificate of registration, before the 21st day of May, 2012, as a Venture Capital Fund and is regulated under the Securities and Exchange Board of India (Venture Capital Funds) Regulations, 1996 (hereinafter referred to as the Venture Capital Funds Regulations) made under the Securities and Exchange Board of India Act, 1992 (15 of 1992); or

---

1. Ins. by Act 10 of 2000, s. 5 (w.e.f. 1-4-2001).
2. Subs. by Act 22 of 2007, s. 6, for "set up to raise funds for investment" (w.e.f. 1-4-2008).
3. Ins. by Act 20 of 2015, s. 7 (w.e.f. 1-4-2016).
4. Subs. by Act 17 of 2013, s. 5 for the *Explanation* 1 (w.e.f. 1-4-2013).

(*B*) has been granted a certificate of registration as Venture Capital Fund as a sub-category of Category I Alternative Investment Fund and is regulated under the Securities and Exchange Board of India (Alternative Investment Funds) Regulations, 2012 (hereinafter referred to as the Alternative Investment Funds Regulations) made under the Securities and Exchange Board of India Act, 1992 (15 of 1992), and which fulfils the following conditions, namely:—

(*i*) it is not listed on a recognised stock exchange;

(*ii*) it has invested not less than two-thirds of its investible funds in unlisted equity shares or equity linked instruments of venture capital undertaking; and

(*iii*) it has not invested in any venture capital undertaking in which its director or a substantial shareholder (being a beneficial owner of equity shares exceeding ten per cent. of its equity share capital) holds, either individually or collectively, equity shares in excess of fifteen per cent. of the paid-up equity share capital of such venture capital undertaking;

(*b*) "venture capital fund" means a fund—

(*A*) operating under a trust deed registered under the provisions of the Registration Act, 1908 (16 of 1908), which—

(*I*) has been granted a certificate of registration, before the 21st day of May, 2012, as a Venture Capital Fund and is regulated under the Venture Capital Funds Regulations; or

(*II*) has been granted a certificate of registration as Venture Capital Fund as a sub-category of Category I Alternative Investment Fund under the Alternative Investment Funds Regulations and which fulfils the following conditions, namely:—

(*i*) it has invested not less than two-thirds of its investible funds in unlisted equity shares or equity linked instruments of venture capital undertaking;

(*ii*) it has not invested in any venture capital undertaking in which its trustee or the settler holds, either individually or collectively, equity shares in excess of fifteen per cent. of the paid-up equity share capital of such venture capital undertaking; and

(*iii*) the units, if any, issued by it are not listed in any recognised stock exchange; or

(*B*) operating as a venture capital scheme made by the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963);

(*c*) "venture capital undertaking" means—

(*i*) a venture capital undertaking as defined in clause (*n*) of regulation 2 of the Venture Capital Funds Regulations; or

(*ii*) a venture capital undertaking as defined in clause (*aa*) of sub-regulation (*1*) of regulation 2 of the Alternative Investment Funds Regulations;]]

[1]*          *          *          *          *

---

1. The *Explanation* 2 omitted by Act 23 of 2004, s. 5 (w.e.f. 1-10-2004).

[1][(*23FBA*) any income of an investment fund other than the income chargeable under the head "Profits and gains of business or profession";

(*23FBB*) any income referred to in section 115UB, accruing or arising to, or received by, a unit holder of an investment fund, being that proportion of income which is of the same nature as income chargeable under the head "Profits and gains of business or profession".

*Explanation*.—For the purposes of clauses (*23FBA*) and (*23FBB*), the expression "investment fund" shall have the meaning assigned to it in clause (*a*) of the Explanation 1 to section 115UB;]

[2][(*23FC*) any income of a business trust [3][by way of—

(*a*) interest received or receivable from a special purpose vehicle; or

(*b*) divided referred to in sub-section (*7*) of section 115-O].

*Explanation*.—For the purposes of this clause, the expression "special purpose vehicle" means an Indian company in which the business trust holds controlling interest and any specific percentage of shareholding or interest, as may be required by the regulations under which such trust is granted registration;

[1][(*23FCA*) any income of a business trust, being a real estate investment trust, by way of renting or leasing or letting out any real estate asset owned directly by such business trust.

*Explanation*.—For the purposes of this clause, the expression "real estate asset" shall have the same meaning as assigned to it in clause (*zj*) of sub-regulation (*1*) of regulation 2 of the Securities and Exchange Board of India (Real Estate Investment Trusts) Regulations, 2014 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992);]

(*23FD*) any distributed income, referred to in section 115UA, received by a unit holder from the business trust, not being that proportion of the income which is of the same nature as the income referred to [4][in sub-clause (*a*) of clause (*23FC*)] [3][or clause (*23FCA*)];]

[5]*       *       *       *       *

[1][(*24*) any income chargeable under the heads "Income from house property" and "Income from other sources" of—

(*a*) a registered union within the meaning of the Trade Unions Act, 1926 (16 of 1926), formed primarily for the purpose of regulating the relations between workmen and employers or between workmen and workmen;

(*b*) an association of registered unions referred to in sub-clause (*a*);]

1. Ins. by Act 20 of 2015, s. 7 (w.e.f. 1-4-2016).
2. Ins. by Act 25 of 2014, s. 5 (w.e.f. 1-4-2015).
3. Subs. by Act 27 of 2016, s. 7, for "by way of interest received or receivable from a special purpose vehicle" (w.e.f. 1-4-2017).
4. Subs. by Act 27 of 2016, s. 7, for "in clause (*23FC*)" (w.e.f. 1-4-2017).
5. Clause (*23G*) omitted by Act 21 of 2006, s. 4 (w.e.f. 1-4-2007).
6. Subs. by Act 33 of 1996, s. 4, for clause (*24*) (w.e.f. 1-4-1997).

(*25*) (*i*) interest on securities which are held by, or are the property of, any provident fund to which the Provident Funds Act, 1925 (19 of 1925), applies, and any capital gains of the fund arising from the sale, exchange or transfer of such securities;

(*ii*) any income received by the trustees on behalf of a recognised provident fund;

(*iii*) any income received by the trustees on behalf of an approved superannuation fund;

[1][(*iv*) any income received by the trustees on behalf of an approved gratuity fund;]

[2][(*v*) any income received—

(*a*) by the Board of Trustees constituted under the Coal Mines Provident Funds and Miscellaneous Provisions Act, 1948 (46 of 1948), on behalf of the Deposit-linked Insurance Fund established under section 3G of that Act; or

(*b*) by the Board of Trustees constituted under the Employees' Provident Funds and Miscellaneous Provisions Act, 1952 (19 of 1952), on behalf of the Deposit-linked Insurance Fund established under section 6C of that Act;]

[3][(*25A*) any income of the Employees' State Insurance Fund set up under the provisions of the Employees' State Insurance Act, 1948 (34 of 1948);]

[4][(*26*) in the case of a member of a Scheduled Tribe as defined in clause (*25*) of article 366 of the Constitution, residing in any area specified in Part I or Part II of the Table appended to paragraph 20 of the Sixth Schedule to the Constitution or in the [5][States of Arunachal Pradesh, Manipur, Mizoram, Nagaland and Tripura] or in the areas covered by notification No. TAD/R/35/50/109, dated the 23rd February, 1951, issued by the Governor of Assam under the proviso to sub-paragraph (*3*) of the said paragraph 20 [as it stood immediately before the commencement of the North-Eastern Areas (Reorganisation) Act, 1971 (81 of 1971)] [6][or in the Ladakh region of the State of Jammu and Kashmir], any income which accrues or arises to him,—

(*a*) from any source in the areas [7][or States aforesaid], or

(*b*) by way of dividend or interest on securities;]

[1][(*26A*) any income accruing or arising to any person[2]*** from any source in the district of Ladakh or outside India in any previous year relevant to any assessment year commencing before the [3][1st day of April, 1989], where such person is resident in the said district in that previous year:

Provided that this clause shall not apply in the case of any such person unless he was resident in that district in the previous year relevant to the assessment year commencing on the 1st day of April, 1962.

---

1. Ins. by Act 16 of 1972, s. 4 (w.e.f. 1-4-1973).
2. Ins. by Act 99 of 1976, s. 40 (w.e.f. 1-8-1976).
3. Ins. by Act 22 of 1995, s. 4 (w.e.f. 1-4-1962).
4. Subs. by the North-Eastern Areas (Reorganisation) Adaptation of Laws on Union Subjects) Order, 1974, for clause 26 (w.e.f. 21-1-1972).
5. Subs. by Act 32 of 1994, s. 6, for "States of Nagaland, Manipur and Tripura or in the Union territories of Arunachal Pradesh and Mizoram" (w.e.f. 1-4-1995).
6. Ins. by Act 21 of 1998, s. 5 (w.e.f. 1-4-1999).
7. Subs. by Act 32 of 1994, s. 6, for "States or Union territories aforesaid" (w.e.f. 1-4-1995).
8. Ins. by Act 15 of 1965, s. 3 (w.e.f. 1-4-1962).
9. The brackets and words "(not being an individual who is in the service of Government)" omitted by Act 32 of 1971, s. 4 (w.e.f. 1-4-1962).
10. Subs. by Act 32 of 1985, s. 4, for "1st day of April, 1986" (w.e.f. 1-4-1985).

[1][*Explanation* 1].—For the purposes of this clause, a person shall be deemed to be resident in the district of Ladakh if he fulfils the requirements of sub-section (*1*)or sub-section (*2*) or sub-section (*3*) or sub-section (*4*) of section 6, as the case may be, subject to the modifications that—

(*i*) references in those sub-sections to India shall be construed as references to the said district; and

(*ii*) in clause (*i*) of sub-section (*3*), reference to Indian company shall be construed as reference to a company formed and registered under any law for the time being in force in the State of Jammu and Kashmir and having its registered office in that district in that year.]

[2][*Explanation* 2.—In this clause, references to the district of Ladakh shall be construed as references to the areas comprised in the said district on the 30th day of June, 1979;]

[3]*          *          *          *          *

[4][(*26AAA*) in case of an individual, being a Sikkimese, any income which accrues or arises to him—

(*a*) from any source in the State of Sikkim; or

(*b*) by way of dividend or interest on securities:

Provided that nothing contained in this clause shall apply to a Sikkimese woman who, on or after the 1st day of April, 2008, marries an individual who is not a Sikkimese.

*Explanation*.—For the purposes of this clause, "Sikkimese" shall mean—

(*i*) an individual, whose name is recorded in the register maintained under the Sikkim Subjects Regulation, 1961 read with the Sikkim Subject Rules, 1961 (hereinafter referred to as the "Register of Sikkim Subjects"), immediately before the 26th day of April, 1975; or

(*ii*) an individual, whose name is included in the Register of Sikkim Subjects by virtue of the Government of India Order No. 26030/36/90-I.C.I., dated the 7th August, 1990 and Order of even number dated the 8th April, 1991; or

(*iii*) any other individual, whose name does not appear in the Register of Sikkim Subjects, but it is established beyond doubt that the name of such individual's father or husband or paternal grand-father or brother from the same father has been recorded in that register;]

[1][(*26AAB*) any income of an agricultural produce market committee or board constituted under any law for the time being in force for the purpose of regulating the marketing of agricultural produce;]

[2][(*26B*) any income of a corporation established by a Central, State or Provincial Act or of any other body, institution or association (being a body, institution or association wholly financed by Government) where such corporation or other body or institution or association has been established or formed for promoting the interests of the [3][members of the Scheduled Castes or the Scheduled Tribes or backward classes or of any two or all of them].

---

1. The *Explanation* renumbered as *Explanation* 1 by Act 11 of 1983, s. 5 (w.e.f. 1-4-1980).
2. Ins. by s. 5, *ibid*. (w.e.f. 1-4-1980).
3. Clause (*26AA*) omitted by Act 26 of 1997, s. 3 (w.e.f. 1-4-1998).
4. Ins. by Act 18 of 2008, s. 4 (w.e.f. 1-4-1990).
5. Ins. by s. 4, *ibid*. (w.e.f. 1-4-2009).
6. Ins. by Act 13 of 1980, s. 3 (w.e.f. 1-4-1972).
7. Subs. by Act 32 of 1994, s. 6, for "members of either the Scheduled Castes or the Scheduled Tribes or of both" (w.e.f. 1-4-1993).

[1][*Explanation*.—For the purposes of this clause,—

(*a*) "Scheduled Castes" and "Scheduled Tribes" shall have the meanings respectively assigned to them in clauses (*24*) and (*25*) of article 366 of the Constitution;

(*b*) "backward classes" means such classes of citizens, other than the Scheduled Castes and the Scheduled Tribes, as may be notified—

(*i*) by the Central Government; or

(*ii*) by any State Government,

as the case may be, from time to time;]]

[2][(*26BB*) any income of a corporation established by the Central Government or any State Government for promoting the interests of the members of a minority community.

*Explanation*.—For the purposes of this clause, "minority community" means a community notified as such by the Central Government in the Official Gazette in this behalf;]

[3][(*26BBB*) any income of a corporation established by a Central, State or Provincial Act for the welfare and economic upliftment of ex-servicemen being the citizens of India.

*Explanation*.—For the purposes of this clause, "ex-serviceman" means a person who has served in any rank, whether as combatant or non-combatant, in the armed forces of the Union or armed forces of the Indian States before the commencement of the Constitution (but excluding the Assam Rifles, Defence Security Corps, General Reserve Engineering Force, Lok Sahayak Sena, Jammu and Kashmir Militia and Territorial Army) for a continuous period of not less than six months after attestation and has been released, otherwise than by way of dismissal or discharge on account of misconduct or inefficiency, and in the case of a deceased or incapacitated ex-serviceman includes his wife, children, father, mother, minor brother, widowed daughter and widowed sister, wholly dependant upon such ex-serviceman immediately before his death or incapacitation;]

[4][(*27*) any income of a co-operative society formed for promoting the interests of the members of either the Scheduled Castes or Scheduled Tribes or both referred to in clause (*26B*):

Provided that the membership of the co-operative society consists of only other co-operative societies formed for similar purposes and the finances of the society are provided by the Government and such other societies;]

[1]*                    *                    *                    *                    *

[2]*                    *                    *                    *                    *

[3][(*29A*) any income accruing or arising to—

(*a*) the Coffee Board constituted under section 4 of the Coffee Act, 1942 (7 of 1942) in any previous year relevant to any assessment year commencing on or after the 1st day of April, 1962 or the previous year in which such Board was constituted, whichever is later;

---

1. Subs. by Act 32 of 1994, s. 6, for the *Explanation* (w.e.f. 1-4-1993).
2. Ins. by Act 22 of 1995, s. 4 (w.e.f. 1-4-1995).
3. Ins. by Act 32 of 2003, s. 6 (w.e.f. 1-4-2004).
4. Ins. by Act 18 of 1992, s. 4 (w.e.f. 1-4-1989).
5. Clause (*28*) omitted by Act 26 of 1997, s. 3 (w.e.f. 1-4-1998).
6. Clause (*29*) omitted by Act 20 of 2002, s. 4 (w.e.f. 1-4-2003).
7. Ins. by Act 27 of 1999, s. 6 (w.e.f. 11-5-1999).

(*b*) the Rubber Board constituted under sub-section (*1*) of section 4 of the Rubber Board Act, 1947 (24 of 1947) in any previous year relevant to any assessment year commencing on or after the 1st day of April, 1962 or the previous year in which such Board was constituted, whichever is later;

(*c*) the Tea Board established under section 4 of the Tea Act, 1953 (29 of 1953) in any previous year relevant to any assessment year commencing on or after the 1st day of April, 1962 or the previous year in which such Board was constituted, whichever is later;

(*d*) the Tobacco Board constituted under the Tobacco Board Act, 1975 (4 of 1975) in any previous year relevant to any assessment year commencing on or after the 1st day of April, 1975 or the previous year in which such Board was constituted, whichever is later;

(*e*) the Marine Products Export Development Authority established under section 4 of the Marine Products Export Development Authority Act, 1972 (13 of 1972) in any previous year relevant to any assessment year commencing on or after the 1st day of April, 1972 or the previous year in which such Authority was constituted, whichever is later;

(*f*) the Agricultural and Processed Food Products Export Development Authority established under section 4 of the Agricultural and Processed Food Products Export Development Act, 1985 (2 of 1986) in any previous year relevant to any assessment year commencing on or after the 1st day of April, 1985 or the previous year in which such Authority was constituted, whichever is later;

(*g*) the Spices Board constituted under sub-section (*1*) of section 3 of the Spices Board Act, 1986 (10 of 1986) in any previous year relevant to any assessment year commencing on or after the 1st day of April, 1986 or the previous year in which such Board was constituted, whichever is later;]

[1][(*h*) the Coir Board established under section 4 of the Coir Industry Act, 1953 (45 of 1953);]

[2][(*30*) in the case of an assessee who carries on the business of growing and manufacturing tea in India, the amount of any subsidy received from or through the Tea Board under any such scheme for replantation or replacement of tea bushes [3][or for rejuvenation or consolidation of areas used for cultivation of tea] as the Central Government may, by notification in the Official Gazette, specify:

Provided that the assessee furnishes to the [1][Assessing Officer], along with his return of incomefor the assessment year concerned or within such further time as the [4][Assessing Officer] may allow, a certificate from the Tea Board as to the amount of such subsidy paid to the assessee during the previous year.

*Explanation*.—In this clause, "Tea Board" means the Tea Board established under section 4 of the Tea Act, 1953 (29 of 1953);]

[2][(*31*) in the case of an assessee who carries on the business of growing and manufacturing rubber, coffee, cardamom or such other commodity in India, as the Central Government may, by notification in the Official Gazette, specify in this behalf, the amount of any subsidy received from or through the concerned Board under any such scheme for replantation or replacement of rubber plants, coffee plants, cardamom plants or plants for the growing of such other commodity or for rejuvenation or consolidation of areas used for cultivation of rubber, coffee, cardamom or such other commodity as the Central Government may, by notification in the Official Gazette, specify:

1. Ins. by Act 18 of 2008, s. 4 (w.e.f. 1-4-2002).
2. Ins. by Act 42 of 1970, s. 3 (w.e.f. 1-4-1969).
3. Ins. by Act 21 of 1984, s. 3 (w.e.f. 1-4-1985).
4. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
5. Ins. by Act 26 of 1988, s. 4 (w.e.f. 1-4-1989).

Provided that the assessee furnishes to the Assessing Officer, along with his return of income for the assessment year concerned or within such further time as the Assessing Officer may allow, a certificate from the concerned Board, as to the amount of such subsidy paid to the assessee during the previous year.

*Explanation*.—In this clause, "concerned Board" means,—

(*i*) in relation to rubber, the Rubber Board constituted under section 4 of the Rubber Act, 1947 (24 of 1947),

(*ii*) in relation to coffee, the Coffee Board constituted under section 4 of the Coffee Act, 1942 (7 of 1942),

(*iii*) in relation to cardamom, the Spices Board constituted under section 3 of the Spices Board Act, 1986 (10 of 1986),

(*iv*) in relation to any other commodity specified under this clause, any Board or other authority established under any law for the time being in force which the Central Government may, by notification in the Official Gazette, specify in this behalf;]

[1][(*32*) in the case of an assessee referred to in sub-section (*1A*) of section 64, any income includible in his total income under that sub-section, to the extent such income does not exceed one thousand five hundred rupees in respect of each minor child whose income is so includible;]

[2][(*33*) any income arising from the transfer of a capital asset, being a unit of the Unit Scheme, 1964 referred to in Schedule I to the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002) and where the transfer of such asset takes place on or after the 1st day of April, 2002;]

[2][(*34*) any income by way of dividends referred to in section 115-O;

[3][Provided that nothing in this clause shall apply to any income by way of dividend chargeable to tax in accordance with the provisions of section 115BBDA;]

[4]*          *          *          *          *

[1][(*34A*) any income arising to an assessee, being a shareholder, on account of buy back of shares (not being listed on a recognised stock exchange) by the company as referred to in section 115QA;]

(*35*) any income by way of,—

(*a*) income received in respect of the units of a Mutual Fund specified under clause (*23D*); or

(*b*) income received in respect of units from the Administrator of the specified undertaking; or

(*c*) income received in respect of units from the specified company:

Provided that this clause shall not apply to any income arising from transfer of units of the Administrator of the specified undertaking or of the specified company or of a mutual fund, as the case may be.

*Explanation*.—For the purposes of this clause,—

(*a*) "Administrator" means the Administrator as referred to in clause (*a*) of section 2 of the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002);

1. Ins. by Act 18 of 1992, s. 4 (w.e.f. 1-4-1993).
2. Ins. by Act 32 of 2003, s. 6 (w.e.f. 1-4-2004).
3. Ins. by Act 28 of 2016, s. 7 (w.e.f. 1-4-2017).
4. The *Explanation* omitted by Act 8 of 2011, s. 4 (w.e.f. 1-6-2011).
5. Ins. by Act 17 of 2013, s. 5 (w.e.f. 1-4-2014).

(*b*) "specified company" means a company as referred to in clause (*h*) of section 2 of the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002);

[1][(*35A*) any income by way of distributed income referred to in section 115TA received from a securitisation trust by any person being an investor of that trust.

[2][Provided that nothing contained in this clause shall apply to any income by way of distributed income referred to in the said section, received on or after the 1st day of June, 2016.]

*Explanation*.—For the purposes of this clause, the expressions "investor" and "securitisation trust" shall have the meanings respectively assigned to them in the Explanation below[3][section 115TCA];

(*36*) any income arising from the transfer of a long-term capital asset, being an eligible equity share in a company purchased on or after the 1st day of March, 2003 and before the 1st day of March, 2004 and held for a period of twelve months or more.

*Explanation*.—For the purposes of this clause, "eligible equity share" means,—

(*i*) any equity share in a company being a constituent of BSE-500 Index of the Stock Exchange, Mumbai as on the 1st day of March, 2003 and the transactions of purchase and sale of such equity share are entered into on a recognised stock exchange in India;

(*ii*) any equity share in a company allotted through a public issue on or after the 1st day of March, 2003 and listed in a recognised stock exchange in India before the 1st day of March, 2004 and the transaction of sale of such share is entered into on a recognised stock exchange in India;

[4][(*37*) in the case of an assessee, being an individual or a Hindu undivided family, any income chargeable under the head "Capital gains" arising from the transfer of agricultural land, where—

(*i*) such land is situate in any area referred to in item (a) or item (b) of sub-clause (*iii*) of clause (*14*) of section 2;

(*ii*) such land, during the period of two years immediately preceding the date of transfer, was being used for agricultural purposes by such Hindu undivided family or individual or a parent of his;

(*iii*) such transfer is by way of compulsory acquisition under any law, or a transfer the consideration for which is determined or approved by the Central Government or the Reserve Bank of India;

(*iv*) such income has arisen from the compensation or consideration for such transfer received by such assessee on or after the 1st day of April, 2004.

*Explanation*.—For the purposes of this clause, the expression "compensation or consideration" includes the compensation or consideration enhanced or further enhanced by any court, Tribunal or other authority;

[1][(*37A*) any income chargeable under the head "Capital gains" in respect of transfer of a specified capital asset arising to an assessee, being an individual or a Hindu undivided family, who was the owner of such specified capital asset as on the 2nd day of June, 2014 and transfers that specified capital asset under the Land Pooling Scheme (herein referred to as "the scheme") covered under the Andhra Pradesh Capital City Land Pooling Scheme (Formulation and Implementation) Rules, 2015 made under the provisions of the Andhra Pradesh Capital Region Development Authority Act, 2014 (Andhra Pradesh 11 of 2014) and the rules, regulations and Schemes made under the said Act.

*Explanation*.—For the purposes of this clause, "specified capital asset" means,—

(*a*)the land or building or both owned by the assessee as on the 2nd day of June, 2014 and which has been transferred under the scheme; or

1. Ins. by Act 17 of 2013, s. 5 (w.e.f. 1-4-2014).
2. Ins. by Act 28 of 2016, s. 7 (w.e.f. 1-4-2017).
3. Subs. by s. 7, *ibid.*, for "section 115TC" (w.e.f. 1-4-2017).
4. Ins. by Act 23 of 2004, s. 5 (w.e.f. 1-4-2005).
5. Ins. by Act 7 of 2017, s. 6 (w.e.f. 1-4-2015).

(*b*) the land pooling ownership certificate issued under the scheme to the assessee in respect of land or building or both referred to in clause (*a*); or

(*c*) the reconstituted plot or land, as the case may be, received by the assessee *in lieu* of land or building or both referred to in clause (*a*) in accordance with the scheme, if such plot or land, as the case may be, so received is transferred within two years from the end of the financial year in which the possession of such plot or land was handed over to him;]

(*38*) any income arising from the transfer of a long-term capital asset, being an equity share in a company or a unit of an equity oriented fund[1][or a unit of a business trust] where—

(*a*) the transaction of sale of such equity share or unit is entered into on or after the date on which Chapter VII of the Finance (No. 2) Act, 2004 comes into force; and

(*b*) such transaction is chargeable to securities transaction tax under that Chapter:

[2][Provided that the income by way of long-term capital gain of a company shall be taken into account in computing the book profit and income-tax payable under section 115JB:]

[3]*          *          *          *          *

[4][Provided also that nothing contained in sub-clause (*b*) shall apply to a transaction undertaken on a recognised stock exchange located in any International Financial Services Centre and where the consideration for such transaction is paid or payable in foreign currency.]

[5][Provided also that nothing contained in this clause shall apply to any income arising from the transfer of a long-term capital asset, being an equity share in a company, if the transaction of acquisition, other than the acquisition notified by the Central Government in this behalf, of such equity share is entered into on or after the 1st day of October, 2004 and such transaction is not chargeable to securities transaction tax under Chapter VII of the Finance (No. 2) Act, 2004 (23 of 2004).]

[1][*Explanation*.—For the purposes of this clause,—

(*a*) "equity oriented fund" means a fund—

(*i*) where the investible funds are invested by way of equity shares in domestic companies to the extent of more than sixty-five per cent.. of the total proceeds of such fund; and

(*ii*) which has been set up under a scheme of a Mutual Fund specified under clause (*23D*):

Provided that the percentage of equity share holding of the fund shall be computed with reference to the annual average of the monthly averages of the opening and closing figures;]

(*b*) "International Financial Services Centre" shall have the same meaning as assigned to it in clause (*q*) of section 2 of the Special Economic Zones Act, 2005 (28 of 2005);

1. Ins. by Act 25 of 2014, s. 5 (w.e.f. 1-4-2015).
2. Ins. by Act 21 of 2006, s. 4 (w.e.f. 1-4-2007).
3. The second proviso omitted by Act 20 of 2015, s. 7 (w.e.f. 1-4-2016).
4. Ins. by Act 28 of 2016, s. 7 (w.e.f. 1-4-2016).
5. Ins. by Act 7 of 2017, s. 6 (w.e.f. 1-4-2018).
6. Subs. by Act 28 of 2016, s. 7, for the *Explanation* (w.e.f. 1-4-2016).

(*c*) "recognised stock exchange" shall have the meaning assigned to it in clause (*ii*) of the Explanation 1 to sub-section (*5*) of section 43;]

[1][(*39*) any specified income, arising from any international sporting event held in India, to the person or persons notified by the Central Government in the Official Gazette, if such international sporting event—

(*a*) is approved by the international body regulating the international sport relating to such event;

(*b*) has participation by more than two countries;

(*c*) is notified by the Central Government in the Official Gazette for the purposes of this clause.

*Explanation.*—For the purposes of this clause, "the specified income" means the income, of the nature and to the extent, arising from the international sporting event, which the Central Government may notify in this behalf;

(*40*) any income of any subsidiary company by way of grant or otherwise received from an Indian company, being its holding company engaged in the business of generation or transmission or distribution of power if receipt of such income is for settlement of dues in connection with reconstruction or revival of an existing business of power generation:

Provided that the provisions of this clause shall apply if reconstruction or revival of any existing business of power generation is by way of transfer of such business to the Indian company notified under sub-clause (*a*) of clause (*v*) of sub-section (*4*) of section 80-IA;

(*41*) any income arising from transfer of a capital asset, being an asset of an undertaking engaged in the business of generation or transmission or distribution of power where such transfer is effected on or before the 31st day of March, 2006, to the Indian company notified under sub-clause (*a*) of clause (*v*) of sub-section (*4*) of section 80-IA;]

[2][(*42*) any specified income arising to a body or authority which—

(*a*) has been established or constituted or appointed under a treaty or an agreement entered into by the Central Government with two or more countries or a convention signed by the Central Government;

(*b*) is established or constituted or appointed not for the purposes of profit;

(*c*) is notified by the Central Government in the Official Gazette for the purposes of this clause.

*Explanation.*—For the purposes of this clause, "specified income" means the income, of the nature and to the extent, arising to the body or authority referred to in this clause, which the Central Government may notify in this behalf;]

[1][(*43*) any amount received by an individual as a loan, either in lump sum or in instalment, in a transaction of reverse mortgage referred to in clause (*xvi*) of section 47;]

[2][(*44*) any income received by any person for, or on behalf of, the New Pension System Trust established on the 27th day of February, 2008 under the provisions of the Indian Trusts Act, 1882 (2 of 1882);]

[3][(*45*) any allowance or perquisite, as may be notified by the Central Government in the Official Gazette in this behalf, paid to the Chairman or a retired Chairman or any other member or retired member of the Union Public Service Commission;]

---

1. Ins. by Act 55 of 2005, s. 2 (w.e.f. 1-4-2006).
2. Ins. by Act 21 of 2006. s. 4 (w.e.f. 1-4-2007).
3. Ins. by Act 43 of 2008, s. 4 (w.e.f. 1-4-2008).
4. Ins. by Act 33 of 2009, s. 4 (w.e.f. 1-4-2009).
5. Ins. by Act 8 of 2011, s. 4 (w.e.f. 1-4-2008).

[1][(*46*) any specified income arising to a body or authority or Board or Trust or Commission (by whatever name called) which—

(*a*) has been established or constituted by or under a Central, State or Provincial Act, or constituted by the Central Government or a State Government, with the object of regulating or administering any activity for the benefit of the general public;

(*b*) is not engaged in any commercial activity; and

(*c*) is notified by the Central Government in the Official Gazette for the purposes of this clause.

*Explanation*.—For the purposes of this clause, "specified income" means the income, of the nature and to the extent arising to a body or authority or Board or Trust or Commission (by whatever name called) referred to in this clause, which the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*47*) any income of an infrastructure debt fund, set up in accordance with the guidelines as may be prescribed, which is notified by the Central Government in the Official Gazette for the purposes of this clause;]

[2][(*48*) any income received in India in Indian currency by a foreign company on account of [3][sale of crude oil, any other goods or rendering of services, as may be notified by the Central Government in this behalf, to any person] in India:

Provided that—

(*i*) receipt of such income in India by the foreign company is pursuant to an agreement or an arrangement entered into by the Central Government or approved by the Central Government;

(*ii*) having regard to the national interest, the foreign company and the agreement or arrangement are notified by the Central Government in this behalf; and

(*iii*) the foreign company is not engaged in any activity, other than receipt of such income, in India;

[1][(*48A*) any income accruing or arising to a foreign company on account of storage of crude oil in a facility in India and sale of crude oil therefrom to any person resident in India:

Provided that—

(*i*) the storage and sale by the foreign company is pursuant to an agreement or an arrangement entered into by the Central Government or approved by the Central Government; and

(*ii*) having regard to the national interest, the foreign company and the agreement or arrangement are notified by the Central Government in this behalf;]

[2][(*48B*) any income accruing or arising to a foreign company on account of sale of leftover stock of crude oil, if any, from the facility in India after the expiry of the agreement or the arrangement referred to in clause (*48A*) subject to such conditions as may be notified by the Central Government in this behalf;]

[3][(*49*) any income of the National Financial Holdings Company Limited, being a company set up by the Central Government, of any previous year relevant to any assessment year commencing on or before the 1st day of April, 2014;]

---

1. Ins. by Act 8 of 2011, s. 4 (w.e.f. 1-6-2011).
2. Ins. by Act 23 of 2012, s. 5 (w.e.f. 1-4-2012).
3. Subs. by Act 17 of 2013, s. 5, for "sale of crude oil to any person" (w.e.f. 1-4-2014).
4. Ins. by Act 28 of 2016, s. 7 (w.e.f. 1-4-2016).
5. Ins. by Act 7 of 2017, s. 6 (w.e.f. 1-4-2018).
6. Ins. by Act 17 of 2013, s. 5 (w.e.f. 1-4-2014).

[1][(*50*) any income arising from any specified service provided on or after the date on which the provisions of Chapter VIII of the Finance Act, 2016 comes into force and chargeable to equalisation levy under that Chapter.

*Explanation.*—For the purposes of this clause, "specified service" shall have the meaning assigned to it in clause (i) of section 164 of Chapter VIII of the Finance Act, 2016.]

[2][**10A. Special provision in respect of newly established undertakings in free trade zone, etc**.— (*1*) Subject to the provisions of this section, a deduction of such profits and gains as are derived by an undertaking from the export of articles or things or computer software for a period of ten consecutive assessment years beginning with the assessment year relevant to the previous year in which the undertaking begins to manufacture or produce such articles or things or computer software, as the case may be, shall be allowed from the total income of the assessee:

Provided that where in computing the total income of the undertaking for any assessment year, its profits and gains had not been included by application of the provisions of this section as it stood immediately before its substitution by the Finance Act, 2000, the undertaking shall be entitled to deduction referred to in this sub-section only for the unexpired period of the aforesaid ten consecutive assessment years:

Provided further that where an undertaking initially located in any free trade zone or export processing zone is subsequently located in a special economic zone by reason of conversion of such free trade zone or export processing zone into a special economic zone, the period of ten consecutive assessment years referred to in this sub-section shall be reckoned from the assessment year relevant to the previous year in which the [3][undertaking began to manufacture or produce such articles or things or computer software] in such free trade zone or export processing zone:

[4]*          *          *          *          *

[5][Provided also that for the assessment year beginning on the 1st day of April, 2003, the deduction under this sub-section shall be ninety per cent. of the profits and gains derived by an undertaking from the export of such articles or things or computer software:]

Provided also that no deduction under this section shall be allowed to any undertaking for the assessment year beginning on the [1][1st day of April, 2012] and subsequent years.

[2][(*1A*) Notwithstanding anything contained in sub-section (*1*), the deduction, in computing the total income of an undertaking, which begins to manufacture or produce articles or things or computer software during the previous year relevant to any assessment year commencing on or after the 1st day of April, 2003, in any special economic zone, shall be,—

(*i*) hundred per cent. of profits and gains derived from the export of such articles or things or computer software for a period of five consecutive assessment years beginning with the assessment year relevant to the previous year in which the undertaking begins to manufacture or produce such articles or things or computer software, as the case may be, and thereafter, fifty per cent. of such profits and gains for further two consecutive assessment years, and thereafter;

(*ii*) for the next three consecutive assessment years, so much of the amount not exceeding fifty per cent. of the profit as is debited to the profit and loss account of the previous year in respect of which the deduction is to be allowed and credited to a reserve account (to be called the "Special Economic Zone Re-investment Allowance Reserve Account") to be created and utilised for the purposes of the business of the assessee in the manner laid down in sub-section (*1B*):

1. Ins. by Act 28 of 2016, s. 7 (w.e.f. 1-6-2016).
2. Subs. by Act 10 of 2000. s. 6, for section 10A (w.e.f. 1-4-2001).
3. Subs. by Act 14 of 2001, s. 6, for "undertaking was first set up" (w.e.f. 1-4-2001).
4. The third proviso omitted by s. 6, *ibid.* (w.e.f. 1-4-2002).
5. Ins. by Act 20 of 2002, s. 5 (w.e.f. 1-4-2003).
6. Subs. by Act 33 of 2009, s. 5, for "1st day of April, 2011" (w.e.f. 1-4-2009).
7. Subs. by Act 32 of 2003, s. 7 (w.e.f. 1-4-2004).

[1][Provided that no deduction under this section shall be allowed to an assessee who does not furnish a return of his income on or before the due date specified under sub-section (*1*) of section 139.]

(*1B*) The deduction under clause (*ii*) of sub-section (*1A*) shall be allowed only if the following conditions are fulfilled, namely:—

(*a*) the amount credited to the Special Economic Zone Re-investment Allowance Reserve Account is to be utilised—

(*i*) for the purposes of acquiring new machinery or plant which is first put to use before the expiry of a period of three years next following the previous year in which the reserve was created; and

(*ii*) until the acquisition of new machinery or plant as aforesaid, for the purposes of the business of the undertaking other than for distribution by way of dividends or profits or for remittance outside India as profits or for the creation of any asset outside India;

(*b*) the particulars, as may be prescribed in this behalf, have been furnished by the assessee in respect of new machinery or plant along with the return of income for the assessment year relevant to the previous year in which such plant or machinery was first put to use.

(*1C*) Where any amount credited to the Special Economic Zone Re-investment Allowance Reserve Account under clause (*ii*) of sub-section (*1A*),—

(*a*) has been utilised for any purpose other than those referred to in sub-section (*1B*), the amount so utilised; or

(*b*) has not been utilised before the expiry of the period specified in sub-clause (*i*) of clause (*a*) of sub-section (*1B*), the amount not so utilised,

shall be deemed to be the profits,—

(*i*) in a case referred to in clause (*a*), in the year in which the amount was so utilised; or

(*ii*) in a case referred to in clause (*b*), in the year immediately following the period of three years specified in sub-clause (*i*) of clause (*a*) of sub-section (*1B*),

and shall be charged to tax accordingly.]

(*2*) This section applies to any undertaking which fulfils all the following conditions, namely :—

(*i*) it has begun or begins to manufacture or produce articles or things or computer software during the previous year relevant to the assessment year—

(*a*) commencing on or after the 1st day of April, 1981, in any free trade zone; or

(*b*) commencing on or after the 1st day of April, 1994, in any electronic hardware technology park, or, as the case may be, software technology park;

(*c*) commencing on or after the 1st day of April, 2001 in any special economic zone;

(*ii*) it is not formed by the splitting up, or the reconstruction, of a business already in existence:

Provided that this condition shall not apply in respect of any undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such undertakings as is referred to in section 33B, in the circumstances and within the period specified in that section;

(*iii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose.

---

1. Ins. by Act 18 of 2005, s. 5 (w.e.f. 1-4-2006).

*Explanation.*—The provisions of *Explanation* 1 and *Explanation* 2 to sub-section (*2*) of section 80-I shall apply for the purposes of clause (*iii*) of this sub-section as they apply for the purposes of clause (*ii*) of that sub-section.

(*3*) This section applies to the undertaking, if the sale proceeds of articles or things or computer software exported out of India are received in, or brought into, India by the assessee in convertible foreign exchange, within a period of six months from the end of the previous year or, within such further period as the competent authority may allow in this behalf.

*Explanation* 1.—For the purposes of this sub-section, the expression "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.

*Explanation* 2.—The sale proceeds referred to in this sub-section shall be deemed to have been received in India where such sale proceeds are credited to a separate account maintained for the purpose by the assessee with any bank outside India with the approval of the Reserve Bank of India.

[1][(*4*) For the purposes of [2][sub-sections (*1*) and (*1A*)], the profits derived from export of articles or things or computer software shall be the amount which bears to the profits of the business of the undertaking, the same proportion as the export turnover in respect of such articles or things or computer software bears to the total turnover of the business carried on by the undertaking.]

(*5*) The deduction under [3][this section] shall not be admissible for any assessment year beginning on or after the 1st day of April, 2001, unless the assessee furnishes in the prescribed form, along with the return of income, the report of an accountant, as defined in the Explanation below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed in accordance with the provisions of this section.

(*6*) Notwithstanding anything contained in any other provision of this Act, in computing the total income of the assessee of the previous year relevant to the assessment year immediately succeeding the last of the relevant assessment years, or of any previous year, relevant to any subsequent assessment year,—

(*i*) section 32, section 32A, section 33, section 35 and clause (*ix*) of sub-section (*1*) of section 36 shall apply as if every allowance or deduction referred to therein and relating to or allowable for any of the relevant assessment years [1][ending before the 1st day of April, 2001], in relation to any building, machinery, plant or furniture used for the purposes of the business of the undertaking in the previous year relevant to such assessment year or any expenditure incurred for the purposes of such business in such previous year had been given full effect to for that assessment year itself and accordingly sub-section (*2*) of section 32, clause (*ii*) of sub-section (*3*) of section 32A, clause (*ii*) of sub-section (*2*) of section 33, sub-section (*4*) of section 35 or the second proviso to clause (ix) of sub-section (*1*) of section 36, as the case may be, shall not apply in relation to any such allowance or deduction;

(*ii*) no loss referred to in sub-section (*1*) of section 72 or sub-section (*1*) or sub-section (*3*) of section 74, in so far as such loss relates to the business of the undertaking, shall be carried forward or set off where such loss relates to any of the relevant assessment years [4][ending before the 1st day of April, 2001];

(*iii*) no deduction shall be allowed under section 80HH or section 80HHA or section 80-I or section 80-IA or section 80-IB in relation to the profits and gains of the undertaking; and

(*iv*) in computing the depreciation allowance under section 32, the written down value of any asset used for the purposes of the business of the undertaking shall be computed as if the assessee had claimed and been actually allowed the deduction in respect of depreciation for each of the relevant assessment year.

---

1. Ins. by Act 14 of 2001, s. 6 (w.e.f. 1-4-2001).
2. Subs. by Act 32 of 2003, s. 7, for "sub-section (*1*)" (w.e.f. 1-4-2003).
3. Subs. by s. 7, *ibid.*, for "sub-section (*1*)" (w.e.f. 1-4-2003).
4. Ins. by s. 7, *ibid.* (w.e.f. 1-4-2001).

(*7*) The provisions of sub-section (*8*) and sub-section (*10*) of section 80-IA shall, so far as may be, apply in relation to the undertaking referred to in this section as they apply for the purposes of the undertaking referred to in section 80-IA.

[1][(*7A*) Where any undertaking of an Indian company which is entitled to the deduction under this section is transferred, before the expiry of the period specified in this section, to another Indian company in a scheme of amalgamation or demerger,—

(*a*) no deduction shall be admissible under this section to the amalgamating or the demerged company for the previous year in which the amalgamation or the demerger takes place; and

(*b*) the provisions of this section shall, as far as may be, apply to the amalgamated or the resulting company as they would have applied to the amalgamating or the demerged company if the amalgamation or demerger had not taken place.]

[2][(*7B*) The provisions of this section shall not apply to any undertaking, being a Unit referred to in clause (zc) of section 2 of the Special Economic Zones Act, 2005, which has begun or begins to manufacture or produce articles or things or computer software during the previous year relevant to the assessment year commencing on or after the 1st day of April, 2006 in any Special Economic Zone.

(*8*) Notwithstanding anything contained in the foregoing provisions of this section, where the assessee, before the due date for furnishing the return of income under sub-section (*1*) of section 139,furnishes to the Assessing Officer a declaration in writing that the provisions of this section may not be made applicable to him, the provisions of this section shall not apply to him for any of the relevant assessment years.

[3]*          *          *          *          *

[4]*          *          *          *          *

*Explanation* 2.—For the purposes of this section,—

(*i*) "computer software" means—

(*a*) any computer programme recorded on any disc, tape, perforated media or other information storage device; or

(*b*) any customized electronic data or any product or service of similar nature, as may be notified by the Board,

which is transmitted or exported from India to any place outside India by any means;

(*ii*) "convertible foreign exchange" means foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of [1][the Foreign Exchange Management Act, 1999 (42 of 1999), and any rules made thereunder or any other corresponding law for the time being in force;

(*iii*) "electronic hardware technology park" means any park set up in accordance with the Electronic Hardware Technology Park (EHTP) Scheme notified by the Government of India in the Ministry of Commerce and Industry;

(*iv*) "export turnover" means the consideration [2][in respect of export by the undertaking] of articles or things or computer software received in, or brought into, India by the assessee in convertible foreign exchange in accordance with sub-section (*3*), but does not include freight, telecommunication charges or insurance attributable to the delivery of the articles or things or computer software outside India or expenses, if any, incurred in foreign exchange in providing the technical services outside India;

1. Ins. by Act 32 of 2003, s. 7 (w.e.f. 1-4-2004).
2. Ins. by Act 28 of 2005, s. 37 and the Second Schedule (w.e.f. 10-2-2006).
3. Sub-sections (*9*) and (*9A*) omitted by Act 32 of 2003, s. 7 (w.e.f. 1-4-2003).
4. *Explanation* 1 omitted by s. 7, *ibid*. (w.e.f. 1-4-2004).
5. Subs. by Act 17 of 2013, s. 4, for "Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
6. Subs. by Act 14 of 2001, s. 6, for "in respect of export" (w.e.f. 1-4-2001).

(*v*) "free trade zone" means the Kandla Free Trade Zone and the Santacruz Electronics Export Processing Zone and includes any other free trade zone which the Central Government may, by notification in the Official Gazette, specify for the purposes of this section;

(*vi*) "relevant assessment year" means any assessment year falling within a period of ten consecutive assessment years referred to in this section;

(*vii*) "software technology park" means any park set up in accordance with the Software Technology Park Scheme notified by the Government of India in the Ministry of Commerce and Industry;

(*viii*) "special economic zone" means a zone which the Central Government may, by notification in the Official Gazette, specify as a special economic zone for the purposes of this section.]

[1][*Explanation* 3.—For the removal of doubts, it is hereby declared that the profits and gains derived from on site development of computer software (including services for development of software) outside India shall be deemed to be the profits and gains derived from the export of computer software outside India.]

[2][*Explanation* 4.—For the purposes of this section, "manufacture or produce" shall include the cutting and polishing of precious and semi-precious stones.]

**10AA.**[3][**Special provisions in respect of newly established Units in Special Economic Zones.**—(*1*) Subject to the provisions of this section, in computing the total income of an assessee, being an entrepreneur as referred to in clause (*j*) of section 2 of the Special Economic Zones Act, 2005, from his Unit, who begins to manufacture or produce articles or things or provide any services during the previous year relevant to any assessment year commencing on or after the 1st day of [4][April, 2006, a deduction of]—

(*i*) hundred per cent. of profits and gains derived from the export, of such articles or things or from services for a period of five consecutive assessment years beginning with the assessment year relevant to the previous year in which the Unit begins to manufacture or produce such articles or things or provide services, as the case may be, and fifty per cent. of such profits and gains for further five assessment years and thereafter;

(*ii*) for the next five consecutive assessment years, so much of the amount not exceeding fifty per cent. of the profit as is debited to the profit and loss account of the previous year in respect of which the deduction is to be allowed and credited to a reserve account (to be called the "Special Economic Zone Re-investment Reserve Account") to be created and utilized for the purposes of the business of the assessee in the manner laid down in sub-section (*2*).

[1][*Explanation*.—For the removal of doubts, it is hereby declared that the amount of deduction under this section shall be allowed from the total income of the assessee computed in accordance with the provisions of this Act, before giving effect to the provisions of this section and the deduction under this section shall not exceed such total income of the assessee.]

(*2*) The deduction under clause (*ii*) of sub-section (*1*) shall be allowed only if the following conditions are fulfilled, namely:—

(*a*) the amount credited to the Special Economic Zone Re-investment Reserve Account is to be utilised—

---

1. Ins. by Act 14 of 2001, s. 6 (w.e.f. 1-4-2001).
2. Ins. by Act 32 of 2003, s. 7 (w.e.f. 1-4-2004).
3. Ins. by Act 28 of 2005, s. 27 and the Second Schedule (w.e.f. 10-2-2006).
4. Subs. by Act 28 of 2016, s. 8, for the words, figures and letters "April, 2006, a deduction of" (w.e.f. 1-4-2017).
5. Ins. Act 7 of 2017, s. 7 (w.e.f. 1-4-2018).

(*i*) for the purposes of acquiring machinery or plant which is first put to use before the expiry of a period of three years following the previous year in which the reserve was created; and

(*ii*) until the acquisition of the machinery or plant as aforesaid, for the purposes of the business of the undertaking other than for distribution by way of dividends or profits or for remittance outside India as profits or for the creation of any asset outside India;

(*b*) the particulars, as may be specified by the Central Board of Direct Taxes in this behalf, under clause (*b*) of sub-section (*1B*) of section 10A have been furnished by the assessee in respect of machinery or plant along with the return of income for the assessment year relevant to the previous year in which such plant or machinery was first put to use.

(*3*) Where any amount credited to the Special Economic Zone Re-investment Reserve Account under clause (*ii*) of sub-section (*1*),—

(*a*) has been utilised for any purpose other than those referred to in sub-section (*2*), the amount so utilised; or

(*b*) has not been utilised before the expiry of the period specified in sub-clause (*i*) of clause (*a*) of sub-section (*2*), the amount not so utilised,

shall be deemed to be the profits,—

(*i*) in a case referred to in clause (*a*), in the year in which the amount was so utilised; or

(*ii*) in a case referred to in clause (*b*), in the year immediately following the period of three years specified in sub-clause (*i*) of clause (*a*) of sub-section (*2*),

and shall be charged to tax accordingly:

Provided that where in computing the total income of the Unit for any assessment year, its profits and gains had not been included by application of the provisions of sub-section (*7B*) of section 10A, the undertaking, being the Unit shall be entitled to deduction referred to in this sub-section only for the unexpired period of ten consecutive assessment years and thereafter it shall be eligible for deduction from income as provided in clause (*ii*) of sub-section (*1*).

*Explanation*.—For the removal of doubts, it is hereby declared that an undertaking, being the Unit, which had already availed, before the commencement of the Special Economic Zones Act, 2005, the deductions referred to in section 10A for ten consecutive assessment years, such Unit shall not be eligible for deduction from income under this section:

Provided further that where a Unit initially located in any free trade zone or export processing zone is subsequently located in a Special Economic Zone by reason of conversion of such free trade zone or export processing zone into a Special Economic Zone, the period of ten consecutive assessment years referred to above shall be reckoned from the assessment year relevant to the previous year in which the Unit began to manufacture, or produce or process such articles or things or services in such free trade zone or export processing zone:

Provided also that where a Unit initially located in any free trade zone or export processing zone is subsequently located in a Special Economic Zone by reason of conversion of such free trade zone or export processing zone into a Special Economic Zone and has completed the period of ten consecutive assessment years referred to above, it shall not be eligible for deduction from income as provided in clause (*ii*) of sub-section (*1*) with effect from the 1st day of April, 2006.

[1][(*4*) This section applies to any undertaking, being the Unit, which fulfils all the following conditions, namely:—

(*i*) it has begun or begins to manufacture or produce articles or things or provide services during the previous year relevant to the assessment year commencing on or after the 1st day of April, 2006 in any Special Economic Zone;

(*ii*) it is not formed by the splitting up, or the reconstruction, of a business already in existence:

Provided that this condition shall not apply in respect of any undertaking, being the Unit, which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such undertaking as is referred to in section 33B, in the circumstances and within the period specified in that section;

(*iii*) it is not formed by the transfer to a new business, of machinery or plant previously used for any purpose.

*Explanation.*—The provisions of *Explanations* 1 and 2 to sub-section (*3*) of section 80-IA shall apply for the purposes of clause (*iii*) of this sub-section as they apply for the purposes of clause (*ii*) of that sub-section.]

(*5*) Where any undertaking being the Unit which is entitled to the deduction under this section is transferred, before the expiry of the period specified in this section, to another undertaking, being the Unit in a scheme of amalgamation or demerger,—

(*a*) no deduction shall be admissible under this section to the amalgamating or the demerged Unit, being the company for the previous year in which the amalgamation or the demerger takes place; and

(*b*) the provisions of this section shall, as they would have applied to the amalgamating or the demerged Unit being the company as if the amalgamation or demerger had not taken place.

(*6*) Loss referred to in sub-section (*1*) of section 72 or sub-section (*1*) or sub-section (*3*) of section 74, in so far as such loss relates to the business of the undertaking, being the Unit shall be allowed to be carried forward or set off.]

(*7*) For the purposes of sub-section (*1*), the profits derived from the export of articles or things or services (including computer software) shall be the amount which bears to the profits of the business of the undertaking, being the Unit, the same proportion as the export turnover in respect of such articles or things or services bears to the total turnover of the business carried on [1][by the undertaking]:

[2][Provided that the provisions of this sub-section [as amended by section 6 of the Finance (No. 2) Act, 2009 (33 of 2009)] shall have effect for the assessment year beginning on the 1st day of April, 2006 and subsequent assessment years.]

(*8*) The provisions of sub-sections (*5*) and (*6*) of section 10A shall apply to the articles or things or services referred to in sub-section (*1*) as if—

(*a*) for the figures, letters and word "1st April, 2001", the figures, letters and word "1st April, 2006" had been substituted;

(*b*) for the word "undertaking", the words "undertaking, being the Unit" had been substituted.

(*9*) The provisions of sub-section (*8*) and sub-section (*10*) of section 80-IA shall, so far as may be, apply in relation to the undertaking referred to in this section as they apply for the purposes of the undertaking referred to in section 80-IA.

---

1. Subs. by Act 22 of 2007, s. 7, for certain words (w.e.f. 10-2-2006).
2. Subs. by Act 33 of 2009, s. 6, for "by the assessee" (w.e.f. 1-4-2010).
3. Ins. by Act 14 of 2010, s. 6 (w.e.f. 1-4-2010).

[1][(*10*) Where a deduction under this section is claimed and allowed in respect of profits of any of the specified business, referred to in clause (*c*) of sub-section (*8*) of section 35AD, for any assessment year, no deduction shall be allowed under the provisions of section 35AD in relation to such specified business for the same or any other assessment year.]

*Explanation 1.*—For the purposes of this section,—

(*i*) "export turnover" means the consideration in respect of export by the undertaking, being the Unit of articles or things or services received in, or brought into, India by the assessee but does not include freight, telecommunication charges or insurance attributable to the delivery of the articles or things outside India or expenses, if any, incurred in foreign exchange in rendering of services (including computer software) outside India;

(*ii*) "export in relation to the Special Economic Zones" means taking goods or providing services out of India from a Special Economic Zone by land, sea, air, or by any other mode, whether physical or otherwise;

(*iii*) "manufacture" shall have the same meaning as assigned to it in clause (*r*) of section 2 of the Special Economic Zones Act, 2005;

(*iv*) "relevant assessment year" means any assessment year falling within a period of fifteen consecutive assessment years referred to in this section;

(*v*) "Special Economic Zone" and "Unit" shall have the same meanings as assigned to them under clauses (*za*) and (*zc*) of section 2 of the Special Economic Zones Act, 2005.

*Explanation* 2.—For the removal of doubts, it is hereby declared that the profits and gains derived from on site development of computer software (including services for development of software) outside India shall be deemed to be the profits and gains derived from the export of computer software outside India.]

[2][**10B. Special provisions in respect of newly established hundred per cent. export-oriented undertakings.**— (*1*) Subject to the provisions of this section, a deduction of such profits and gains as are derived by a hundred per cent. export-oriented undertaking from the export of articles or things or computer software for a period of ten consecutive assessment years beginning with the assessment year relevant to the previous year in which the undertaking begins to manufacture or produce articles or things or computer software, as the case may be, shall be allowed from the total income of the assessee:

Provided that where in computing the total income of the undertaking for any assessment year, its profits and gains had not been included by application of the provisions of this section as it stood immediately before its substitution by the Finance Act, 2000, the undertaking shall be entitled to the deduction referred to in this sub-section only for the unexpired period of aforesaid ten consecutive assessment years:

[1][Provided [2][further] that for the assessment year beginning on the 1st day of April, 2003, the deduction under this sub-section shall be ninety per cent. of the profits and gains derived by an undertaking from the export of such articles or things or computer software:]

Provided also that no deduction under this section shall be allowed to any undertaking for the assessment year beginning on the [3][1st day of April, 2012] and subsequent years:

[4][Provided also that no deduction under this section shall be allowed to an assessee who does not furnish a return of his income on or before the due date specified under sub-section (*1*) of section 139.]

---

1. Ins. by Act 25 of 2014, s. 6, (w.e.f. 1-4-2015).
2. Subs. by Act 10 of 2000, s. 7, for section 10B (w.e.f. 1-4-2001).
3. Ins. by Act 20 of 2002, s. 6 (w.e.f. 1-4-2003).
4. Subs. by Act 21 of 2006, s. 5, for "also" (w.e.f. 1-4-2006).
5. Subs. by Act 33 of 2009 s. 7, for "1st day of April 2011" (w.e.f. 1-4-2009).
6. Ins. by Act 21 of 2006, s. 5 (w.e.f. 1-4-2006).

(*2*) This section applies to any undertaking which fulfils all the following conditions, namely:—

(*i*) it manufactures or produces any articles or things or computer software;

(*ii*) it is not formed by the splitting up, or the reconstruction, of a business already in existence:

Provided that this condition shall not apply in respect of any undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such undertaking as is referred to in section 33B, in the circumstances and within the period specified in that section;

(*iii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose.

*Explanation*.—The provisions of *Explanation* 1 and *Explanation* 2 to sub-section (*2*) of section 80-I shall apply for the purposes of clause (*iii*) of this sub-section as they apply for the purposes of clause (*ii*) of that sub-section.

(*3*) This section applies to the undertaking, if the sale proceeds of articles or things or computer software exported out of India are received in, or brought into, India by the assessee in convertible foreign exchange, within a period of six months from the end of the previous year or, within such further period as the competent authority may allow in this behalf.

*Explanation 1*.—For the purposes of this sub-section, the expression "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.

*Explanation 2*.—The sale proceeds referred to in this sub-section shall be deemed to have been received in India where such sale proceeds are credited to a separate account maintained for the purpose by the assessee with any bank outside India with the approval of the Reserve Bank of India.

[1][(*4*) For the purposes of sub-section (*1*), the profits derived from export of articles or things or computer software shall be the amount which bears to the profits of the business of the undertaking, the same proportion as the export turnover in respect of such articles or things or computer software bears to the total turnover of the business carried on by the undertaking.]

(*5*) The deduction under sub-section (*1*) shall not be admissible for any assessment year beginning on or after the 1st day of April, 2001, unless the assessee furnishes in the prescribed form, along with the return of income, the report of an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed in accordance with the provisions of this section.

(*6*) Notwithstanding anything contained in any other provision of this Act, in computing the total income of the assessee of the previous year relevant to the assessment year immediately succeeding the last of the relevant assessment years, or of any previous year, relevant to any subsequent assessment year,—

(*i*) section 32, section 32A, section 33, section 35 and clause (*ix*) of sub-section (*1*) of section 35 shall apply as if every allowance or deduction referred to therein and relating to or allowable for any of the relevant assessment years [1][ending before the 1st day of April, 2001], in relation to any building, machinery, plant or furniture used for the purposes of the business of the undertaking in the previous year relevant to such assessment year or any expenditure incurred for the purposes of such business in such previous year had been given full effect to for that assessment year itself and accordingly sub-section (*2*) of section 32, clause (*ii*) of sub-section (*3*) of section 32A, clause (*ii*) of sub-section (*2*) of section 33, , sub-section (*4*) of section 35 or the second proviso to clause (*ix*) of sub-section (*1*) of section 36, as the case may be, shall not apply in relation to any such allowance or deduction;

1. Subs. by Act 14 of 2001, s. 7, for sub-section (*4*) (w.e.f. 1-4-2001).
2. Ins. by Act 32 of 2003, s. 8, (w.r.e.f. 1-4-2001).

116

(*ii*) no loss referred to in sub-section (*1*) of section 72 or sub-section (*1*) or sub-section (*3*) of section 74, in so far as such loss relates to the business of the undertaking, shall be carried forward or set-off where such loss relates to any of the relevant assessment years [1][ending before the 1st day of April, 2001;]

(*iii*) no deduction shall be allowed under section 80HH or section 80HHA or section 80-I or section 80IA or section 80-IB in relation to the profits and gains of the undertaking; and

(*iv*) in computing the depreciation allowance under section 32, the written down value of any asset used for the purposes of the business of the undertaking shall be computed as if the assessee had claimed and been actually allowed the deduction in respect of depreciation for each of the relevant assessment year.

(*7*) The provisions of sub-section (*8*) and sub-section (*10*) of section 80-IA shall, so far as may be, apply in relation to the undertaking referred to in this section as they apply for the purposes of the undertaking referred to in section 80-IA.

[2][(*7A*) Where any undertaking of an Indian company which is entitled to the deduction under this section is transferred, before the expiry of the period specified in this section, to another Indian company in a scheme of amalgamation or demerger—

(*a*) no deduction shall be admissible under this section to the amalgamating or the demerged company for the previous year in which the amalgamation or the demerger takes place; and

(*b*) the provisions of this section shall, as far as may be, apply to the amalgamated or resulting company as they would have applied to the amalgamating or the demerged company if the amalgamation or the demerger had not taken place.]

(*8*) Notwithstanding anything contained in the foregoing provisions of this section, where the assessee, before the due date for furnishing the return of income under sub-section (*1*) of section 139, furnishes to the Assessing Officer a declaration in writing that the provisions of this section may not be made applicable to him, the provisions of this section shall not apply to him for any of the relevant assessment year.

[1]*          *          *          *          *

[2]*          *          *          *          *

[3]*          *          *          *          *

*Explanation 2.*—For the purposes of this section,—

(*i*) "computer software" means—

(*a*) any computer programme recorded on any disc, tape, perforated media or other information storage device; or

(*b*) any customized electronic data or any product or service of similar nature as may be notified by the Board,

which is transmitted or exported from India to any place outside India by any means;

---

1. Ins. by Act 32 of 2003, s. 8 (w.r.e.f. 1-4-2001).
2. Ins. by s. 8, *ibid.* (w.e.f. 1-4-2004).
3. Clause (*9*) omitted by, s. 8 (w.e.f. 1-4-2004).
4. Clause (*9A*) omitted by s. 8 *ibid.* (w.e.f. 1-4-2004).
5. *Explanation 1* omittedby s. 8 *ibid.* (w.e.f. 1-4-2004).

(*ii*) "convertible foreign exchange" means foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of [1][the Foreign Exchange Management Act, 1999 (42 of 1999)], and any rules made thereunder or any other corresponding law for the time being in force;

(*iii*) "export turnover" means the consideration [2][in respect of export by the undertaking] of articles or things or computer software received in, or brought into, India by the assessee in convertible foreign exchange in accordance with sub-section (*3*), but does not include freight, telecommunication charges or insurance attributable to the delivery of the articles or things or computer software outside India or expenses, if any, incurred in foreign exchange in providing the technical services outside India;

(*iv*) "hundred per cent. export-oriented undertaking" means an undertaking which has been approved as a hundred per cent. export-oriented undertaking by the Board appointed in this behalf by the Central Government in exercise of the powers conferred by section 14 of the Industries (Development and Regulation) Act, 1951 (65 of 1951), and the rules made under that Act;

(*v*) "relevant assessment years" means any assessment years falling within a period of ten consecutive assessment years, referred to in this section.]

[3][*Explanation* 3.—For the removal of doubts, it is hereby declared that the profits and gains derived from on site development of computer software (including services for development of software) outside India shall be deemed to be the profits and gains derived from the export of computer software outside India.]

[4][*Explanation* 4.—For the purposes of this section, "manufacture or produce" shall include the cutting and polishing of precious and semi-precious stones.]

[5][**10BA. Special provisions in respect of export of certain articles or things.**—(*1*) Subject to the provisions of this section, a deduction of such profits and gains as are derived by an undertaking from the export out of India of eligible articles or things, shall be allowed from the total income of the assessee:

Provided that where in computing the total income of the undertaking for any assessment year, deduction under section 10A or section 10B has been claimed, the undertaking shall not be entitled to the deduction under this section:

Provided further that no deduction under this section shall be allowed to any undertaking for the assessment year beginning on the 1st day of April, 2010 and subsequent years.

(*2*) This section applies to any undertaking which fulfils the following conditions, namely:—

(*a*) it manufactures or produces the eligible articles or things without the use of imported raw materials;

(*b*) it is not formed by the splitting up, or the reconstruction, of a business already in existence:

Provided that this condition shall not apply in respect of any undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such undertaking as is referred to in section 33B, in the circumstances and within the period specified in that section;

(*c*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose.

*Explanation*.—The provisions of *Explanation* 1 and *Explanation* 2 to sub-section (*2*) of section 80-I shall apply for the purposes of this clause as they apply for the purposes of clause (*ii*) of sub-section (*2*) of that section;

---

1. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
2. Subs. by Act 14 of 2001, s. 7, for the words "in the respect of export" (w.e.f. 1-4-2001).
3. Ins. by s. 7, *ibid*. (w.e.f. 1-4-2001).
4. Ins. by Act 32 of 2003, s. 8 (w.e.f. 1-4-2004).
5. Ins. by Act 54 of 2003, s. 3 (w.e.f. 1-4-2004).

(*d*) ninety per cent. or more of its sales during the previous year relevant to the assessment year are by way of exports of the eligible articles or things;

(*e*) it employs twenty or more workers during the previous year in the process of manufacture or production.

(*3*) This section applies to the undertaking, if the sale proceeds of the eligible articles or things exported out of India are received in or brought into, India by the assessee in convertible foreign exchange, within a period of six months from the end of the previous year or, within such further period as the competent authority may allow in this behalf.

*Explanation.*—For the purposes of this sub-section, the expression "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.

(*4*) For the purposes of sub-section (*1*), the profits derived from export out of India of the eligible articles or things shall be the amount which bears to the profits of the business of the undertaking, the same proportion as the export turnover in respect of such articles or things bears to the total turnover of the business carried on by the undertaking.

(*5*) The deduction under sub-section (*1*) shall not be admissible, unless the assessee furnishes in the prescribed form, along with the return of income, the report of an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed in accordance with the provisions of this section.

(*6*) Notwithstanding anything contained in any other provision of this Act, where a deduction is allowed under this section in computing the total income of the assessee, no deduction shall be allowed under any other section in respect of its export profits.

(*7*) The provisions of sub-section (*8*) and sub-section (*10*) of section 80-IA shall, so far as may be, apply in relation to the undertaking referred to in this section as they apply for the purposes of the undertaking referred to in section 80-IA.

*Explanation.*—For the purposes of this section,—

(*a*) "convertible foreign exchange" means foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of the Foreign Exchange Management Act, 1999 (42 of 1999), and any rules made thereunder or any other corresponding law for the time being in force;

(*b*) "eligible articles or things" means all hand-made articles or things, which are of artistic value and which requires the use of wood as the main raw material;

(*c*) "export turnover" means the consideration in respect of export by the undertaking of eligible articles or things received in, or brought into, India by the assessee in convertible foreign exchange in accordance with sub-section (*3*), but does not include freight, telecommunication charges or insurance attributable to the delivery of the articles or things outside India;

(*d*) "export out of India" shall not include any transaction by way of sale or otherwise, in a shop, emporium or any other establishment situate in India, not involving clearance of any customs station as defined in the Customs Act, 1962 (52 of 1962).]

[1][**10BB. Meaning of computer programmes in certain cases.—**The profits and gains derived by an undertaking from the production of computer programmes under section 10B, as it stood prior to its substitution by section 7 of the Finance Act, 2000 (10 of 2000), shall be construed as if for the words "computer programmes", the words "computer programmes or processing or management of electronic data" had been substituted in that section.]

---

1. Ins. by Act 14 of 2001, s. 8 (w.e.f. 1-4-1994).

[1]**[10C. Special provision in respect of certain industrial undertakings in North-Eastern Region.**—(*1*) Subject to the provisions of this section, any profits and gains derived by an assessee from an industrial undertaking, which has begun or begins to manufacture or produce any article or thing on or after the 1st day of April, 1998 in any Integrated Infrastructure Development Centre or Industrial Growth Centre located in the North-Eastern Region (hereafter in this section referred to as the industrial undertaking) shall not be included in the total income of the assessee.

(*2*) This section applies to any industrial undertaking which fulfils all the following conditions, namely:—

(*i*) it is not formed by the splitting up, or the reconstruction of, a business already in existence:

Provided that this condition shall not apply in respect of any industrial undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such industrial undertaking as is referred to in section 33B, in the circumstances and within the period specified in that section;

(*ii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose.

*Explanation*.—The provisions of *Explanation* 1 and *Explanation* 2 to sub-section (*3*) of section 80-IA shall apply for the purposes of clause (*ii*) of this sub-section as they apply for the purposes of clause (*ii*) of that sub-section.

(*3*) The profits and gains referred to in sub-section (*1*) shall not be included in the total income of the assessee in respect of ten consecutive assessment years beginning with the assessment year relevant to the previous year in which the industrial undertaking begins to manufacture or produce articles or things.

(*4*) Notwithstanding anything contained in any other provision of this Act, in computing the total income of the assessee of any previous year relevant to any subsequent assessment year,—

(*i*) section 32, section 35 and clause (*ix*) of sub-section (*1*) of section 36 shall apply as if deduction referred to therein and relating to or allowable for any of the relevant assessment years, in relation to any building, machinery, plant or furniture used for the purposes of the business of the industrial undertaking in the previous year relevant to such assessment year or any expenditure incurred for the purposes of such business in such previous year had been given full effect to for that assessment year itself and, accordingly, sub-section (2) of section 32, sub-section (4) of section 35 or the second proviso to clause (*ix*) of sub-section (*1*) of section 36, as the case may be, shall not apply in relation to any such deduction;

(*ii*) no loss referred to in sub-section (*1*) of section 72 or sub-section (*1*) or sub-section (*3*) of section 74, in so far as such loss relates to the business of the industrial undertaking, shall be carried forward or set off where such loss relates to any of the relevant assessment years;

(*iii*) no deduction shall be allowed under section 80HH or section 80HHA or section 80-I or section 80-IA or section 80-IB or section 80JJA in relation to the profits and gains of the industrial undertakings; and

(*iv*) in computing the depreciation allowance under section 32, the written down value of any asset used for the purposes of the business of the industrial undertaking shall be computed as if the assessee had claimed and been actually allowed the deduction in respect of depreciation for each of the relevant assessment years.

(*5*) The provisions of sub-section (*8*) and sub-section (*10*) of section 80-IA shall, so far as may be, apply in relation to the industrial undertaking referred to in this section as they apply for the purposes of the industrial undertaking referred to in section 80-IA or section 80IB, as the case may be.

_____

1. Ins. by Act 27 of 1999, s. 7 (w.e.f. 1-4-1999).

(*6*) Notwithstanding anything contained in the foregoing provisions of this section, where the assessee before the due date for furnishing the return of his income under sub-section (*1*) of section 139, furnishes to the Assessing Officer a declaration in writing that the provisions of this section may not be made applicable to him, the provisions of this section shall not apply to him in any of the relevant assessment years:

[1][Provided that no deduction under this section shall be allowed to any undertaking for the assessment year beginning on the 1st day of April, 2004 and subsequent years.]

*Explanation.*—For the purposes of this section,—

(*i*) "Integrated Infrastructure Development Centre" means such centres located in the States of the North-Eastern Region, which the Central Government, may, by notification in the Official Gazette, specify for the purposes of this section;

(*ii*) "Industrial Growth Centre" means such centres located in the States of the North-Eastern Region, which the Central Government may, by notification in the Official Gazette, specify for the purposes of this section;

(*iii*) "North-Eastern Region" means the region comprising the States of Arunachal Pradesh, Assam, Manipur, Meghalaya, Mizoram, Nagaland, Sikkim and Tripura;

(*iv*) "relevant assessment years" means the ten consecutive years beginning with the year in which the industrial undertaking begins to manufacture or produce articles or things.]

[2][**11. Income from property held for charitable or religious purposes.**—(*1*) Subject to the provisions of sections 60 to 63, the following income shall not be included in the total income of the previous year of the person in receipt of the income—

[1][(*a*) income derived from property held under trust wholly for charitable or religious purposes, to the extent to which such income is applied to such purposes in India; and, where any such income is accumulated or set apart for application to such purposes in India, to the extent to which the income so accumulated or set apart is not in excess of [2][fifteen per cent.] of the income from such property;

(*b*) income derived from property held under trust in part only for such purposes, the trust having been created before the commencement of this Act, to the extent to which such income is applied to such purposes in India; and, where any such income is finally set apart for application to such purposes in India, to the extent to which the income so set apart is not in excess of [4][fifteen per cent.] of the income from such property;

(*c*) income [3][derived from property held under trust]—

(*i*) created on or after the 1st day of April, 1952, for a charitable purpose which tends to promote international welfare in which India is interested, to the extent to which such income is applied to such purposes outside India, and

(*ii*) for charitable or religious purposes, created before the 1st day of April, 1952, to the extent to which such income is applied to such purposes outside India:

Provided that the Board, by general or special order, has directed in either case that it shall not be included in the total income of the person in receipt of such income;

---

1. Ins. by Act 32 of 2003, s. 9 (w.e.f. 1-4-2004).
2. Section 11 restored by Act 3 of 1989, s. 95 with amendments (w.e.f. 1-4-1989). Earlier omitted by Act 4 of 1988, s. 7 (w.e.f. 1-4-1989).
3. Subs. by Act 41 of 1975, s. 4, for clauses (*a*) and (*b*) (w.e.f. 1-4-1976).
4. Subs. by Act 20 of 2002, s. 7, for "twenty-five per cent." (w.e.f. 1-4-2003).
5. Ins. by Act 16 of 1972, s. 5 (w.e.f. 1-4-1973).

[1][(*d*) income in the form of voluntary contributions made with a specific direction that they shall form part of the corpus of the trust or institution.

[2][*Explanation* [3][1].—For the purposes of clauses (*a*) and (*b*),—

(*1*) in computing the [4][fifteen per cent.] of the income which may be accumulated or set apart, any such voluntary contributions as are referred to in section 12 shall be deemed to be part of the income;

(*2*) if, in the previous year, the income applied to charitable or religious purposes in India falls short of [5][eighty-five per cent.] of the income derived during that year from property held under trust, or, as the case may be, held under trust in part, by any amount—

(*i*) for the reason that the whole or any part of the income has not been received during that year, or

(*ii*) for any other reason,

then—

(*a*) in the case referred to in sub-clause (*i*), so much of the income applied to such purposes in India during the previous year in which the income is received or during the previous year immediately following as does not exceed the said amount, and

(*b*) in the case referred to in sub-clause (*ii*), so much of the income applied to such purposes in India during the previous year immediately following the previous year in which the income was derived as does not exceed the said amount,

may, at the option of the person in receipt of the income [1][(such option to be exercised before the expiry of the time allowed under sub-section (*1*) of section 139 for furnishing the return of income, in such form and manner as may be prescribed)] be deemed to be income applied to such purposes during the previous year in which the income was derived; and the income so deemed to have been applied shall not be taken into account in calculating the amount of income applied to such purposes, in the case referred to in sub-clause (*i*), during the previous year in which the income is received or during the previous year immediately following, as the case may be, and, in the case referred to in sub-clause (*ii*), during the previous year immediately following the previous year in which the income was derived.]

[2][*Explanation* 2.—Any amount credited or paid, out of income referred to in clause (*a*) or clause (*b*) read with *Explanation* 1, to any other trust or institution registered under section 12AA, being contribution with a specific direction that they shall form part of the corpus of the trust or institution, shall not be treated as application of income for charitable or religious purposes.]

[3][(*1A*) For the purposes of sub-section (*1*),—

(*a*) where a capital asset, being property held under trust wholly for charitable or religious purposes, is transferred and the whole or any part of the net consideration is utilised for acquiring another capital asset to be so held, then, the capital gain arising from the transfer shall be deemed to have been applied to charitable or religious purposes to the extent specified hereunder, namely:—

(*i*) where the whole of the net consideration is utilised in acquiring the new capital asset, the whole of such capital gain;

---

1. Ins. by Act 3 of 1989, s. 5 (w.e.f. 1-4-1989).
2. Subs. by Act 41 of 1975, s. 4, for *Explanation* (w.e.f. 1-4-1976).
3. The *Explanation* renumbered as *Explanation* 1 thereof by Act 7 of 2017, s. 8 (w.e.f. 1-4-2018).
4. Subs. by Act 20 of 2002, s. 7 for "twenty-five per cent." (w.e.f. 1-4-2003).
5. Subs. by s. 7, *ibid.,* for "seventy-five per cent." (w.e.f. 1-4-2003).
6. Subs. by Act 20 of 2015, s. 8, for "(such option to be exercised in writing before the expiry of the time allowed under sub-section (*1*) of section 139 for furnishing the return of income)" (w.e.f. 1-4-2016).
7. Ins. by Act 7 of 2017, s. 8 (w.e.f. 1-4-2018).
8. Ins. by Act 32 of 1971, s. 5 (w.r.e.f. 1-4-1962).

(*ii*) where only a part of the net consideration is utilised for acquiring the new capital asset, so much of such capital gain as is equal to the amount, if any, by which the amount so utilised exceeds the cost of the transferred asset;

(*b*) where a capital asset, being property held under trust in part only for such purposes, is transferred and the whole or any part of the net consideration is utilised for acquiring another capital asset to be so held, then, the appropriate fraction of the capital gain arising from the transfer shall be deemed to have been applied to charitable or religious purposes to the extent specified hereunder, namely:—

(*i*) where the whole of the net consideration is utilised in acquiring the new capital asset, the whole of the appropriate fraction of such capital gain;

(*ii*) in any other case, so much of the appropriate fraction of the capital gain as is equal to the amount, if any, by which the appropriate fraction of the amount utilised for acquiring the new asset exceeds the appropriate fraction of the cost of the transferred asset.

*Explanation.*—In this sub-section,—

(*i*) "appropriate fraction" means the fraction which represents the extent to which the income derived from the capital asset transferred was immediately before such transfer applicable to charitable or religious purposes;

(*ii*) "cost of the transferred asset" means the aggregate of the cost of acquisition (as ascertained for the purposes of section 48 and 49) of the capital asset which is the subject of the transfer and the cost of any improvement thereto within the meaning assigned to that expression in sub-clause (*b*) of clause (*1*) of section 55;

(*iii*) "net consideration" means the full value of the consideration received or accruing as a result of the transfer of the capital asset as reduced by any expenditure incurred wholly and exclusively in connection with such transfer.]

[1][(*1B*) Where any income in respect of which an option is exercised under clause (*2*) of the Explanation to sub-section (*1*) is not applied to charitable or religious purposes in India during the period referred to in sub-clause (*a*) or, as the case may be, sub-clause (*b*), of the said clause, then, such income shall be deemed to be the income of the person in receipt thereof—

(*a*) in the case referred to in sub-clause (*i*) of the said clause, of the previous year immediately following the previous year in which the income was received; or

(*b*) in the case referred to in sub-clause (*ii*) of the said clause, of the previous year immediately following the previous year in which the income was derived.

[2][(*2*) [3][Where [4][eighty-five per cent.] of the income referred to in clause (*a*) or clause (*b*) of sub-section (*1*) read with the Explanation to that sub-section is not applied, or is not deemed to have been applied, to charitable or religious purposes in India during the previous year but is accumulated or set apart, either in whole or in part, for application to such purposes in India, such income so accumulated or set apart shall not be included in the total income of the previous year of the person in receipt of the income, provided the following conditions are complied with, namely:—]

[5][(*a*) such person furnishes a statement in the prescribed form and in the prescribed[3] manner to the Assessing Officer, stating the purpose for which the income is being accumulated or set apart and

---

1. Ins. by Act 41 of 1975, s. 4 (w.e.f. 1-4-1976).

2. Subs. by Act 19 of 1970, s. 5, for sub-section (2) (w.e.f. 1-4-1971).

3. Subs. by Act 41 of 1975, s. 4, for certain words (w.e.f. 1-4-1976).

4. Subs. by Act 20 of 2002, s. 7, for "seventy-five per cent." (w.e.f. 1-4-2003).

5. Subs. by Act 20 of 2015, s. 8, for clauses (*a*), (*b*) and the first and second provisos (w.e.f. 1-4-2016).

the period for which the income is to be accumulated or set apart, which shall in no case exceed five years;

(*b*) the money so accumulated or set apart is invested or deposited in the forms or modes specified in sub-section (*5*);

(*c*) the statement referred to in clause (*a*) is furnished on or before the due date specified under sub-section (*1*) of section 139 for furnishing the return of income for the previous year:

Provided that in computing the period of five years referred to in clause (*a*), the period during which the income could not be applied for the purpose for which it is so accumulated or set apart, due to an order or injunction of any court, shall be excluded.]]

[1][*Explanation.*—Any amount credited or paid, out of income referred to in clause (*a*) or clause (*b*) of sub-section (*1*), read with the *Explanation* to that sub-section, which is not applied, but is accumulated or set apart, to any trust or institution registered under section 12AA or to any fund or institution or trust or any university or other educational institution or any hospital or other medical institution referred to in sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*) of clause (*23C*) of section 10, shall not be treated as application of income for charitable or religious purposes, either during the period of accumulation or thereafter.]

[2][(*3*) Any income referred to in sub-section (*2*) which—

(*a*) is applied to purposes other than charitable or religious purposes as aforesaid or ceases to be accumulated or set apart for application thereto, or

[3][(*b*) ceases to remain invested or deposited in any of the forms or modes specified in sub-section (*5*), or]

(*c*) is not utilised for the purpose for which it is so accumulated or set apart during the period referred to in clause (*a*) of that sub-section or in the year immediately following the expiry thereof,

[1][(*d*) is credited or paid to any trust or institution registered under section 12AA or to any fund or institution or trust or any university or other educational institution or any hospital or other medical institution referred to in sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*) of clause (*23C*) of section 10,]

shall be deemed to be the income of such person of the previous year in which it is so applied or ceases to be so accumulated or set apart or ceases to remain so invested or deposited or credited or paid or, as the case may be, of the previous year immediately following the expiry of the period aforesaid.

[1][(*3A*) Notwithstanding anything contained in sub-section (*3*), where due to circumstances beyond the control of the person in receipt of the income, any income invested or deposited in accordance with the provisions of clause (*b*) of sub-section (*2*) cannot be applied for the purpose for which it was accumulated or set apart, the [2][Assessing Officer ]may, on an application made to him in this behalf, allow such person to apply such income for such other charitable or religious purpose in India as is specified in the application by such person and as is in conformity with the objects of the trust; and thereupon the provisions of sub-section (*3*) shall apply as if the purpose specified by such person in the application under this sub-section were a purpose specified in the notice given to the [5][Assessing Officer] under clause (*a*) ofsub-section (*2*):

---

1. Ins. by Act 20 of 2002, s. 7 (w.e.f. 1-4-2003).
2. Subs. by Act 19 of 1970, s. 5, for sub-section (*3*) (w.e.f. 1-4-1971).
3. Subs. by Act 11 of 1983, s. 39, for clause (*b*) (w.e.f. 1-4-1983).
4. Ins. by Act 41 of 1975, s. 4 (w.e.f. 1-4-1976).
5. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

[1][Provided that the [2][Assessing Officer] shall not allow application of such income by way of payment or credit made for the purposes referred to in clause (*d*) of sub-section (*3*) of section 11:]

[3][Provided further that in case the trust or institution, which has invested or deposited its income in accordance with the provisions of clause (*b*) of sub-section (*2*), is dissolved, the [2][Assessing Officer] may allow application of such income for the purposes referred to in clause (*d*) of sub-section (*3*) in the year in which such trust or institution was dissolved.]

(*4*) For the purposes of this section "property held under trust" includes a business undertaking so held, and where a claim is made that the income of any such undertaking shall not be included in the total income of the persons in receipt thereof, the [2][Assessing Officer] shall have power to determine the income of such undertaking in accordance with the provisions of this Act relating to assessment; and where any income so determined is in excess of the income as shown in the accounts of the undertaking, such excess shall be deemed to be applied to purposes other than charitable or religious purposes [4]***.

[5][(*4A*) Sub-section (*1*) or sub-section (*2*) or sub-section (*3*) or sub-section (*3A*) shall not apply in relation to any income of a trust or an institution, being profits and gains of business, unless the business is incidental to the attainment of the objectives of the trust or, as the case may be, institution, and separate books of account are maintained by such trust or institution in respect of such business.]

[6][(*5*) The forms and modes of investing or depositing the money referred to in clause (*b*) of sub-section (*2*) shall be the following, namely:—

   (*i*) investment in savings certificates as defined in clause (c) of section 2 of the Government Savings Certificates Act, 1959 (46 of 1959), and any other securities or certificates issued by the Central Government under the Small Savings Schemes of that Government;

   (*ii*) deposit in any account with the Post Office Savings Bank;

   (*iii*) deposit in any account with a scheduled bank or a co-operative society engaged in carrying on the business of banking (including a co-operative land mortgage bank or a co-operative land development bank).

   *Explanation*.—In this clause, "scheduled bank" means the State Bank of India constituted under the State Bank of India Act, 1955 (23 of 1955), a subsidiary bank as defined in the State Bank of India (Subsidiary Banks) Act, 1959 (38 of 1959), a corresponding new bank constituted under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1970 (5 of 1970), or under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1980 (40 of 1980), or any other bank being a bank included in the Second Schedule to the Reserve Bank of India Act, 1934 (2 of 1934);

   (*iv*) investment in units of the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963);

   (*v*) investment in any security for money created and issued by the Central Government or a State Government;

---

1. Ins. byAct 20 of 2002, s. 7 (w.e.f. 1-4-2003).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Ins. by Act 32 of 2003, s. 10 (w.e.f. 1-4-2003).
4. The words brackets and figures "and accordingly chargeable to tax within the meaning of sub-section (*3*)" omitted by Act 19 of 1970, s. 5 (w.e.f. 1-4-1971).
5. Subs. by Act 49 of 1991, s. 6, for sub-section (*4A*) (w.e.f. 1-4-1992).
6. Ins. by Act 11 of 1983, s. 6 (w.e.f. 1-4-1984).

(*vi*) investment in debentures issued by, or on behalf of, any company or corporation both the principal whereof and the interest whereon are fully and unconditionally guaranteed by the Central Government or by a State Government;

(*vii*) investment or deposit in any [1][public sector company]:

[2][Provided that where an investment or deposit in any public sector company has been made and such public sector company ceases to be a public sector company,—

(*A*) such investment made in the shares of such company shall be deemed to be an investment made under this clause for a period of three years from the date on which such public sector company ceases to be a public sector company;

(*B*) such other investment or deposit shall be deemed to be an investment or deposit made under this clause for the period up to the date on which such investment or deposit becomes repayable by such company;]

(*viii*) deposits with or investment in any bonds issued by a financial corporation which is engaged in providing long-term finance for industrial development in India and [3][which is eligible for deduction under clause (*viii*) of sub-section (*1*) of section 36];

(*ix*) deposits with or investment in any bonds issued by a public company formed and registered in India with the main object of carrying on the business of providing long-term finance for construction or purchase of houses in India for residential purposes and [3][which is eligible for deduction under clause (*viii*) of sub-section (*1*) of section 36];

[1][(*ixa*) deposits with or investment in any bonds issued by a public company formed and registered in India with the main object of carrying on the business of providing long-term finance for urban infrastructure in India.

*Explanation*.—For the purposes of this clause,—

(*a*) "long-term finance" means any loan or advance where the terms under which moneys are loaned or advanced provide for repayment along with interest thereof during a period of not less than five years;

(*b*) "public company" shall have the meaning assigned to it in section 3 of the Companies Act, 1956 (1 of 1956);

(*c*) "urban infrastructure" means a project for providing potable water supply, sanitation and sewerage, drainage, solid waste management, roads, bridges and flyovers or urban transport;]

(*x*) investment in immovable property.

*Explanation*.—"Immovable property" does not include any machinery or plant (other than machinery or plant installed in a building for the convenient occupation of the building) even though attached to, or permanently fastened to, anything attached to the earth;]

---

1. Subs. by Act 3 of 1989, s. 5, for "Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956)" (w.e.f. 1-4-1989).

2. Ins. by Act 10 of 2000, s. 8 (w.e.f. 1-4-2001).

3. Subs. by s. 8, *ibid.*, for "which is approved by the Central Government of the purposes of clause (*viii*) of sub-section (*10*) of section 36" (w.e.f. 1-4-2001).

4. Ins. by s. 8, *ibid.* (w.e.f. 1-4-2001).

[1][(*xi*) deposits with the Industrial Development Bank of India established under the Industrial Development Bank of India Act, 1964 (18 of 1964);]

[2][(*xii*) any other form or mode of investment or deposit as may be prescribed.]

[3][(*6*) In this section where any income is required to be applied or accumulated or set apart for application, then, for such purposes the income shall be determined without any deduction or allowance by way of depreciation or otherwise in respect of any asset, acquisition of which has been claimed as an application of income under this section in the same or any other previous year.

(*7*) Where a trust or an institution has been granted registration under clause (*b*) of sub-section (*1*) of section 12AA or has obtained registration at any time under section 12A [as it stood before its amendment by the Finance (No. 2) Act, 1996 (33 of 1996)] and the said registration is in force for any previous year, then, nothing contained in section 10 [other than clause (*1*) and clause (*23C*) thereof] shall operate to exclude any income derived from the property held under trust from the total income of the person in receipt thereof for that previous year.]

[4][**12. Income of trusts or institutions from contributions.**—[5][(*1*)] Any voluntary contributions received by a trust created wholly for charitable or religious purposes or by an institution established wholly for such purposes (not being contributions made with a specific direction that they shall form part of the corpus of the trust or institution) shall for the purposes of section 11 be deemed to be income derived from property held under trust wholly for charitable or religious purposes and the provisions of that section and section 13 shall apply accordingly.]

[1][(*2*) The value of any services, being medical or educational services, made available by any charitable or religious trust running a hospital or medical institution or an educational institution, to any person referred to in clause (*a*) or clause (*b*) or clause (*c*) or clause (*cc*) or clause (*d*) of sub-section (*3*) of section 13, shall be deemed to be income of such trust or institution derived from property held under trust wholly for charitable or religious purposes during the previous year in which such services are so provided and shall be chargeable to income-tax notwithstanding the provisions of sub-section (*1*) of section 11.

*Explanation*.—For the purposes of this sub-section, the expression "value" shall be the value of any benefit or facility granted or provided free of cost or at concessional rate to any person referred to in clause (*a*) or clause (*b*) or clause (*c*) or clause (*cc*) or clause (*d*) of sub-section (*3*) of section 13.]

[2][(*3*) Notwithstanding anything contained in section 11, any amount of donation received by the trust or institution in terms of clause (*d*) of sub-section (*2*) of section 80G [3][in respect of which accounts of income and expenditure have not been rendered to the authority prescribed under clause (*v*) of sub-section (*5C*) of that section, in the manner specified in that clause, or] which has been utilised for purposes other than providing relief to the victims of earthquake in Gujarat or which remains unutilised in terms of sub-section (*5C*) of section 80G and not transferred to the Prime Minister's National Relief Fund on or before the 31st day of March, [4][2004] shall be deemed to be the income of the previous year and shall accordingly be charged to tax.]

1. Ins. by Act 21 of 1984, s. 4 (w.e.f. 1-4-1985).
2. Ins. by Act 3 of 1989, s. 5 (w.e.f. 1-4-1989).
3. Ins. by Act 25 of 2014, s. 7 (w.e.f. 1-4-2015).
4. Sections 12 and 12A restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier section 12 was omitted by Act 4 of 1988, s. 7 (w.e.f. 1-4-1989).
5. Section 12 renumbered as sub-section (*1*) therof by Act 10 of 2000, s. 9 (w.e.f. 1-4-2001).
6. Ins. by s. 9, *ibid*. (w.e.f. 1-4-2001).
7. Ins. by Act 4 of 2001, s. 5 (w.e.f. 3-2-2001).
8. Ins. by Act 20 of 2002, s. 8 (w.e.f. 3-2-2001).
9. Subs. by Act 32 of 2003, s. 11, for the figures "2003" (w.e.f. 3-2-2001).

**12A.** [1][**Conditions for applicability of sections 11 and 12.**]—[2][(*1*)] The provisions of section 11 and section 12 shall not apply in relation to the income of any trust or institution unless the following conditions are fulfilled, namely:—

(*a*) the person in receipt of the income has made an application for registration of the trust or institution in the prescribed form and in the prescribed manner to the [3]*** [4][Principal Commissioner or Commissioner] before the 1st day of July, 1973, or before the expiry of a period of one year from the date of the creation of the trust or the establishment of the institution, [5][whichever is later and such trust or institution is registered under section 12AA]:

[6][Provided that where an application for registration of the trust or institution is made after the expiry of the period aforesaid, the provisions of section 11 and 12 shall apply in relation to the income of such trust or institution,—

(*i*) from the date of the creation of the trust or the establishment of the institution if the [3]*** [4][Principal Commissioner or Commissioner] is, for reasons to be recorded in writing, satisfied that the person in receipt of the income was prevented from making the application before the expiry of the period aforesaid for sufficient reasons;

(*ii*) from the 1st day of the financial year in which the application is made, if the [3]*** [4][Principal Commissioner or Commissioner] is not so satisfied:]

[1][Provided further that the provisions of this clause shall not apply in relation to any application made on or after the 1st day of June, 2007;]

[7][(*aa*) the person in receipt of the income has made an application for registration of the trust or institution on or after the 1st day of June, 2007 in the prescribed form and manner to the [4][Principal Commissioner or Commissioner] and such trust or institution is registered under section 12AA;]

[2][(*ab*) the person in receipt of the income has made an application for registration of the trust or institution, in a case where a trust or an institution has been granted registration under section 12AA or has obtained registration at any time under section 12A [as it stood before its amendment by the Finance (No. 2) Act, 1996 (33 of 1996)], and, subsequently, it has adopted or undertaken modifications of the objects which do not conform to the conditions of registration, in the prescribed form and manner, within a period of thirty days from the date of said adoption or modification, to the Principal Commissioner or Commissioner and such trust or institution is registered under section 12AA;]

(*b*) where the total income of the trust or institution as computed under this Act without giving effect to the [3][provisions of section 11 and section 12 exceeds the maximum amount which is not chargeable to income-tax in any previous year], the accounts of the trust or institution for that year have been audited by an accountant as defined in the Explanation below sub-section (*2*) of section 288 and the person in receipt of the income furnishes along with the return of income for the relevant assessment year the report of such audit in the prescribed form duly signed and verified by such accountant and setting forth such particulars as may be prescribed.

---

1. Subs. by Act 22 of 2007, s. 8, for "Conditions as to registration of trusts, etc." (w.e.f. 1-6-2007).
2. Section 12A renumbered as sub-section (*1*) thereof by s. 8 *ibid*. (w.e.f. 1-6-2007).
3. The words "chief commissioner or" omitted by Act 27 of 1999, s. 8 (w.e.f. 1-6-1999).
4. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).
5. Subs. by Act 33 of 1996, s. 5, for "whichever is later" (w.e.f. 1-4-1997).
6. The proviso substituted by Act 49 of 1991, s. 7, (w.e.f. 1-10-1991).
7. Ins. by Act 22 of 2007, s. 8 (w.e.f. 1-6-2007).
8. Ins. by Act 7 of 2017, s. 9 (w.e.f. 1-4-2018).
9. Subs by Act 29 of 2006, s. 4, for certain words and figures (w.e.f. 1-4-2006).

[1][(*ba*) the person in receipt of the income has furnished the return of income for the previous year in accordance with the provisions of sub-section (*4A*) of section 139, within the time allowed under that section;]

[2]*          *          *          *          *

[3][(*2*) Where an application has been made on or after the 1st day of June, 2007, the provisions of sections 11 and 12 shall apply in relation to the income of such trust or institution from the assessment year immediately following the financial year in which such application is made:]

[4][Provided that where registration has been granted to the trust or institution under section 12AA, then, the provisions of sections 11 and 12 shall apply in respect of any income derived from property held under trust of any assessment year preceding the aforesaid assessment year, for which assessment proceedings are pending before the Assessing Officer as on the date of such registration and the objects and activities of such trust or institution remain the same for such preceding assessment year:

Provided further that no action under section 147 shall be taken by the Assessing Officer in case of such trust or institution for any assessment year preceding the aforesaid assessment year only for non-registration of such trust or institution for the said assessment year:

Provided also that provisions contained in the first and second proviso shall not apply in case of any trust or institution which was refused registration or the registration granted to it was cancelled at any time under section 12AA.]

[1][**12AA. Procedure for registration**.— (*1*) The [2]*** [3][Principal Commissioner or Commissioner], on receipt of an application for registration of a trust or institution made under clause (*a*) [4][or clause (*aa*) [5][or clause (*ab*)] of sub-section (*1*)] of section 12A, shall—

(*a*) call for such documents or information from the trust or institution as he thinks necessary in order to satisfy himself about the genuineness of activities of the trust or institution and may also make such inquiries as he may deem necessary in this behalf; and

(*b*) after satisfying himself about the objects of the trust or institution and the genuineness of its activities, he—

(*i*) shall pass an order in writing registering the trust or institution;

(*ii*) shall, if he is not so satisfied, pass an order in writing refusing to register the trust or institution,

and a copy of such order shall be sent to the applicant:

Provided that no order under sub-clause (*ii*) shall be passed unless the applicant has been given a reasonable opportunity of being heard.

---

1. Ins. by Act 7 of 2017, s. 9 (w.e.f. 1-4-2018).
2. Clause (*c*) omitted by Act 20 of 2002, s. 9 (w.e.f. 1-4-2002).
3. Ins. by Act 22 of 2007, s. 8 (w.e.f. 1-6-2007).
4. Ins. by Act 25 of 2014, s. 8 (w.e.f. 1-10-2014).
5. Ins. by Act 33 of 1996, s. 6 (w.e.f. 1-4-1997).
6. The words "chief commissioner or" omitted by Act 27 of 1999, s. 8 (w.e.f. 1-6-1999).
7. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013)
8. Ins. by Act 22 of 2007, s. 9 (w.e.f. 1-6-2007).
9. Ins. by Act 7 of 2017, s. 10 (w.e.f. 1-4-2018).

[1][(*1A*) All applications, pending before the [2][Principal Chief Commissioner or Chief Commissioner] on which no order has been passed under clause (*b*) of sub-section (*1*) before the 1st day of June, 1999, shall stand transferred on that day to the [3][Principal Commissioner or Commissioner] and the [3][Principal Commissioner or Commissioner] may proceed with such applications under that sub-section from the stage at which they were on that day.]

(*2*) Every order granting or refusing registration under clause (*b*) of sub-section (*1*) shall be passed before the expiry of six months from the end of the month in which the application was received under clause (*a*) [4][or clause (*aa*) [5][or clause (*ab*)] of sub-section (*1*)] of section 12A.]

[6][(*3*) Where a trust or an institution has been granted registration under clause (*b*) of sub-section (*1*) [7][or has obtained registration at any time under section 12A. [as it stood before its amendment by the Finance (No. 2) Act, 1996 (33 of 1996)]] and subsequently the [3][Principal Commissioner or Commissioner] is satisfied that the activities of such trust or institution are not genuine or are not being carried out in accordance with the objects of the trust or institution, as the case may be, he shall pass an order in writing cancelling the registration of such trust or institution:

Provided that no order under this sub-section shall be passed unless such trust or institution has been given a reasonable opportunity of being heard.]

[1][(*4*) Without prejudice to the provisions of sub-section (*3*), where a trust or an institution has been granted registration under clause (*b*) of sub-section (*1*) or has obtained registration at any time under section 12A [as it stood before its amendment by the Finance (No. 2) Act, 1996 (33 of 1996)] and subsequently it is noticed that the activities of the trust or the institution are being carried out in a manner that the provisions of sections 11 and 12 do not apply to exclude either whole or any part of the income of such trust or institution due to operation of sub-section (*1*) of section 13, then, the Principal Commissioner or the Commissioner may by an order in writing cancel the registration of such trust or institution:

Provided that the registration shall not be cancelled under this sub-section, if the trust or institution proves that there was a reasonable cause for the activities to be carried out in the said manner.]

---

1. Ins. by Act 27 of 1999, s. 9 (w.e.f. 1-6-1999).
2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013)
3. Subs. by s. 4, *ibid.,* for "Commissioner" (w.r.e.f. 1-6-2013)
4. Ins. by Act 22 of 2007, s. 9 (w.e.f. 1-6-2007).
5. Ins. by Act 7 of 2017, s. 10 (w.e.f. 1-4-2018).
6. Ins. by Act 23 of 2004, s. 6 (w.e.f. 1-10-2004).
7. Ins. by Act 14 of 2010, s. 7 (w.e.f. 1-6-2010).
8. Ins. by Act 25 of 2014, s. 9 (w.e.f. 1-10-2014).

[1][**13. Section 11 not to apply in certain cases**.—(*1*) [2][Nothing contained in section 11 or section 12] shall operate so as to exclude from the total income of the previous year of the person in receipt thereof—

(*a*) any part of the income from the property held under a trust for private religious purposes which does not enure for the benefit of the public;

(*b*) in the case of a trust for charitable purposes or a charitable institution created or established after the commencement of this Act, any income thereof if the trust or institution is created or established for the benefit of any particular religious community or caste;

[3]*               *               *               *               *

(*c*) in the case of a trust for charitable or religious purposes or a charitable or religious institution, any income thereof—

(*i*) if such trust or institution has been created or established after the commencement of this Act and under the terms of the trust or the rules governing the institution, any part of such income enures, or

(*ii*) if any part of such income or any property of the trust or the institution (whenever created or established) is during the previous year used or applied,

directly or indirectly for the benefit of any person referred to in sub-section (*3*):

Provided that in the case of a trust or institution created or established before the commencement of this Act, the provisions of sub-clause (*ii*) shall not apply to any use or application, whether directly or indirectly, of any part of such income or any property of the trust or institution for the benefit of any person referred to in sub-section (*3*), if such use or application is by way of compliance with a mandatory term of the trust or a mandatory rule governing the institution:

Provided further that in the case of a trust for religious purposes or a religious institution (whenever created or established) or a trust for charitable purposes or a charitable institution created or established before the commencement of this Act, the provisions of sub-clause (*ii*) shall not apply to any use or application, whether directly or indirectly, of any part of such income or any property of the trust or institution for the benefit of any person referred to in sub-section (*3*) insofar as such use or application relates to any period before the 1st day of June, 1970;

[1][(*d*) in the case of a trust for charitable or religious purposes or a charitable or religious institution, any income thereof, if for any period during the previous year—

(*i*) any funds of the trust or institution are invested or deposited after the 28th day of February, 1983 otherwise than in any one or more of the forms or modes specified in sub-section (*5*) of section 11; or

(*ii*) any funds of the trust or institution invested or deposited before the 1st day of March, 1983 otherwise than in any one or more of the forms or modes specified in sub-section (*5*) of section 11 continue to remain so invested or deposited after the 30th day of November, 1983; or

---

1. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier section 13 omitted by Act 4 of 1988, s. 7 (w.e.f. 1-4-1989).
2. Subs. by Act 16 of 1972, s. 7, for "Nothing contained in section 11" (w.e.f. 1-4-1973).
3. Clause (*bb*) omitted by Act 11 of 1983, s. 7 (w.e.f. 1-4-1984).
4. Subs. by s. 7, *ibid.*, for clause (*d*) (w.e.f. 1-4-1983).

[1](*iii*) any shares in a company, other than—

    (*A*) shares in a public sector company;

    (*B*) shares prescribed as a form or mode of investment under clause (*xii*) of sub-section (*5*) of section 11,

are held by the trust or institution after the 30th day of November, 1983:]

Provided that nothing in this clause shall apply in relation to—

    (*i*) any assets held by the trust or institution where such assets form part of the corpus of the trust or institution as on the 1st day of June, 1973 [2]***;

    [3][(*ia*) any accretion to the shares, forming part of the corpus mentioned in clause (*i*), by way of bonus shares allotted to the trust or institution;]

    (*ii*) any assets (being debentures issued by, or on behalf of, any company or corporation) acquired by the trust or institution before the 1st day of March, 1983;

    [4][(*iia*) any asset, not being an investment or deposit in any of the forms or modes specified in sub-section (*5*) of section 11, where such asset is not held by the trust or institution, otherwise than in any of the forms or modes specified in sub-section (*5*) of section 11, after the expiry of one year from the end of the previous year in which such asset is acquired or the 31st day of March, [1][1993], whichever is later;]

    (*iii*) any funds representing the profits and gains of business, being profits and gains of any previous year relevant to the assessment year commencing on the 1st day of April, 1984 or any subsequent assessment year.

    *Explanation*.—Where the trust or institution has any other income in addition to profits and gains of business, the provisions of clause (*iii*) of this proviso shall not apply unless the trust or institution maintains separate books of account in respect of such business.]

[2][*Explanation*.—For the purposes of sub-clause (*ii*) of clause (*c*), in determining whether any part of the income or any property of any trust or institution is during the previous year used or applied, directly or indirectly, for the benefit of any person referred to in sub-section (*3*), insofar as such use or application relates to any period before the 1st day of July, 1972, no regard shall be had to the amendments made to this section by section 7 [other than sub-clause (*ii*) of clause (*a*) thereof] of the Finance Act, 1972.]

(*2*) Without prejudice to the generality of the [3][provisions of clause (*c*) and clause (*d*)] of sub-section (*1*), the income or the property of the trust or institution or any part of such income or property shall, for the purposes of that clause, be deemed to have been used or applied for the benefit of a person referred to in sub-section (*3*),—

    (*a*) if any part of the income or property of the trust or institution is, or continues to be, lent to any person referred to in sub-section (*3*) for any period during the previous year without either adequate security or adequate interest or both;

---

1. Subs. by Act 22 of 2007, s. 10, for sub-clause (*iii*) (w.e.f. 1-4-1999).
2. The words "and such assets were not purchased by the trust or institution or acquired by it by conversion or in exchange for, any other asset" omitted by Act 18 of 1992, s. 5 (w.e.f. 1-4-1983).
3. Ins. by s. 5, *ibid*. (w.e.f. 1-4-1983).
4. Ins. by Act 49 of 1991, s. 8 (w.e.f. 1-4-1983).
5. Subs. by Act 18 of 1992, s. 5, for "1992" (w.e.f. 1-4-1992).
6. Ins. by Act 16 of 1972, s. 7 (w.e.f. 1-4-1973).
7. Subs. by Act 11 of 1983, s. 7, for "provisions of clause (*c*)" (w.e.f. 1-4-1983).

(*b*) if any land, building or other property of the trust or institution is, or continues to be, made available for the use of any person referred to in sub-section (*3*), for any period during the previous year without charging adequate rent or other compensation;

(*c*) if any amount is paid by way of salary, allowance or otherwise during the previous year to any person referred to in sub-section (*3*) out of the resources of the trust or institution for services rendered by that person to such trust or institution and the amount so paid is in excess of what may be reasonably paid for such services;

(*d*) if the services of the trust or institution are made available to any person referred to in sub-section (*3*) during the previous year without adequate remuneration or other compensation;

(*e*) if any share, security or other property is purchased by or on behalf of the trust or institution from any person referred to in sub-section (*3*) during the previous year for consideration which is more than adequate;

(*f*) if any share, security or other property is sold by or on behalf of the trust or institution to any person referred to in sub-section (*3*) during the previous year for consideration which is less than adequate;

[1][(*g*) if any income or property of the trust or institution is diverted during the previous year in favour of any person referred to in sub-section (*3*):

Provided that this clause shall not apply where the income, or the value of the property or, as the case may be, the aggregate of the income and the value of the property, so diverted does not exceed one thousand rupees;]

(*h*) if any funds of the trust or institution are, or continue to remain, invested for any period during the previous year (not being a period before the 1st day of January, 1971), in any concern in which any person referred to in sub-section (*3*) has a substantial interest.

(*3*) The persons referred to in clause (*c*) of sub-section (*1*) and sub-section (*2*) are the following, namely:—

(*a*) the author of the trust or the founder of the institution;

[2][(*b*) any person who has made a substantial contribution to the trust or institution, that is to say, any person whose total contribution up to the end of the relevant previous year exceeds [3][fifty thousand] rupees];

(*c*) where such author, founder or person is a Hindu undivided family, a member of the family;

[4][(*cc*) any trustee of the trust or manager (by whatever name called) of the institution;]

---

1. Subs. by Act 16 of 1972, s. 7, for clause (*g*) (w.e.f. 1-4-1973).
2. Subs. by Act 41 of 1975, s. 5, for clause (*b*) (w.e.f. 1-4-1977).
3. Subs. by Act 32 of 1994, s. 9, for "twenty-five thousand" (w.e.f. 1-4-1995).
4. Ins. by Act 16 of 1972, s. 7 (w.e.f. 1-4-1973).

(*d*) any relative of any such author, founder, person, [1][member, trustee or manager] as aforesaid;

(*e*) any concern in which any of the persons referred to in clauses (*a*), (*b*), [2][(*c*), (*cc*)] and (*d*) has a substantial interest.

(*4*) Notwithstanding anything contained in clause (*c*) of sub-section (*1*) [3][but without prejudice to the provisions contained in clause (*d*) of that sub-section, in a case where] the aggregate of the funds of the trust or institution invested in a concern in which any person referred to in sub-section (*3*) has a substantial interest, does not exceed five per cent. of the capital of that concern, the exemption under [4][section 11 or section 12] shall not be denied in relation to any income other than the income arising to the trust or the institution from such investment, by reason only that the [5][funds of the trust or the institution] have been invested in a concern in which such person has a substantial interest.

[6][(*5*) Notwithstanding anything contained in clause (*d*) of sub-section (*1*), where any assets (being debentures issued by, or on behalf of, any company or corporation) are acquired by the trust or institution after the 28th day of February, 1983 but before the 25th day of July, 1991, the exemption under section 11 or section 12 shall not be denied in relation to any income other than the income arising to the trust or the institution from such assets, by reason only that the funds of the trust or the institution have been invested in such assets if such funds do not continue to remain so invested in such assets after the 31st day of March, 1992.]

[7][(*6*) Notwithstanding anything contained in sub-section (*1*) or sub-section (*2*), but without prejudice to the provisions contained in sub-section (*2*) of section 12, in the case of a charitable or religious trust running an educational institution or a medical institution or a hospital, the exemption under section 11 or section 12 shall not be denied in relation to any income, other than the income referred to in sub-section (*2*) of section 12, by reason only that such trust has provided educational or medical facilities to persons referred to in clause (*a*) or clause (*b*) or clause (*c*) or clause (*cc*) or clause (*d*) of sub-section (*3*).]

[8][(*7*) Nothing contained in section 11 or section 12 shall operate so as to exclude from the total income of the previous year of the person in receipt thereof, any anonymous donation referred to in section 115BBC on which tax is payable in accordance with the provisions of that section.]

[9][(*8*) Nothing contained in section 11 or section 12 shall operate so as to exclude any income from the total income of the previous year of the person in receipt thereof if the provisions of the first proviso to clause (*15*) of section 2 become applicable in the case of such person in the said previous year.]

[10][(*9*) Nothing contained in sub-section (*2*) of section 11 shall operate so as to exclude any income from the total income of the previous year of a person in receipt thereof, if—

(*i*) the statement referred to in clause (*a*) of the said sub-section in respect of such income is not furnished on or before the due date specified under sub-section (*1*) of section 139 for furnishing the return of income for the previous year; or

1. Subs. by Act 16 of 1972, s. 7, for "or member" (w.e.f. 1-4-1973).
2. Subs. by s. 7, *ibid.,* for "(*c*)" (w.e.f. 1-4-1973).
3. Subs. by Act 11 of 1983, s. 7, for ", in a case where" (w.e.f. 1-4-1983).
4. Subs. by Act 16 of 1972, s. 7, for "section 11" (w.e.f. 1-4-1973).
5. Subs. by Act 32 of 1971, s. 6, for "money of the trust or the institution" (w.e.f. 1-4-1971).
6. Ins. by Act 49 of 1991, s. 8 (w.e.f. 1-4-1983).
7. Ins. by Act 10 of 2000, s. 10 (w.e.f. 1-4-2001).
8. Ins. by Act 21 of 2006, s. 6 (w.e.f. 1-4-2007).
9. Ins. by Act 23 of 2012, s. 6 (w.e.f. 1-4-2009).
10. Ins. by Act 20 of 2015, s. 9 (w.e.f. 1-4-2016).

(*ii*) the return of income for the previous year is not furnished by such person on or before the due date specified under sub-section (*1*) of section 139 for furnishing the return of income for the said previous year.]

[1][*Explanation* 1.—For the purposes of sections 11, 12, 12A and this section, "trust" includes any other legal obligation and for the purposes of this section "relative", in relation to an individual, means—

(*i*) spouse of the individual;

(*ii*) brother or sister of the individual;

(*iii*) brother or sister of the spouse of the individual;

(*iv*) any lineal ascendant or descendant of the individual;

(*v*) any lineal ascendant or descendant of the spouse of the individual;

(*vi*) spouse of a person referred to in sub-clause (*ii*), sub-clause (*iii*), sub-clause (*iv*) or sub-clause (*v*);

(*vii*) any lineal descendant of a brother or sister of either the individual or of the spouse of the individual.]

*Explanation* 2.—A trust or institution created or established for the benefit of Scheduled Castes, backward classes, Scheduled Tribes or women and children shall not be deemed to be a trust or institution created or established for the benefit of a religious community or caste within the meaning of clause (*b*) of sub-section (*1*).

*Explanation* 3.—For the purposes of this section, a person shall be deemed to have a substantial interest in a concern,—

(*i*) in a case where the concern is a company, if its shares (not being shares entitled to a fixed rate of dividend whether with or without a further right to participate in profits) carrying not less than twenty per cent. of the voting power are, at any time during the previous year, owned beneficially by such person or partly by such person and partly by one or more of the other persons referred to in sub-section (*3*);

(*ii*) in the case of any other concern, if such person is entitled, or such person and one or more of the other persons referred to in sub-section (*3*) are entitled in the aggregate, at any time during the previous year, to not less than twenty per cent. of the profits of such concern.]

[2][**13A. Special provision relating to incomes of political parties**.—Any income of a political party which is chargeable under the head [3]*** "Income from house property" or "Income from other sources" or [4][Capital gains or] any income by way of voluntary contributions received by a political party from any person shall not be included in the total income of the previous year of such political party:

---

1. Subs. by Act 16 of 1972, s. 7, for *Explanation* 1 (w.e.f. 1-4-1973).
2. Ins. by Act 29 of 1978, s. 2 (w.e.f. 1-4-1979).
3. The words "Interest on securities" omitted by Act 26 of 1988, s. 7 (w.e.f. 1-4-1989).
4. Ins. by Act 32 of 2003, s. 12 (w.e.f. 1-4-1979).

Provided that—

(*a*) such political party keeps and maintains such books of account and other documents as would enable the [1][Assessing Officer] to properly deduce its income therefrom;

(*b*) in respect of each such voluntary contribution [2][other than contribution by way of electoral bond] in excess of [3][twenty thousand rupees], such political party keeps and maintains a record of such contribution and the name and address of the person who has made such contribution; [4]***

(*c*) the accounts of such political party are audited by an accountant as defined in the *Explanation* below sub-section (*2*) of section 288 [2][; and]

[2][(*d*) no donation exceeding two thousand rupees is received by such political party otherwise than by an account payee cheque drawn on a bank or an account payee bank draft or use of electronic clearing system through a bank account or through electoral bond.

*Explanation*.—For the purposes of this proviso, "electoral bond" means a bond referred to in the *Explanation* to sub-section (*3*) of section 31 of the Reserve Bank of India Act, 1934 (2 of 1934):]

[5][Provided further that if the treasurer of such political party or any other person authorised by that political party in this behalf fails to submit a report under sub-section (*3*) of section 29C of the Representation of the People Act, 1951 (43 of 1951) for a financial year, no exemption under this section shall be available for that political party for such financial year:]

[2][Provided also that such political party furnishes a return of income for the previous year in accordance with the provisions of sub-section (*4B*) of section 139 on or before the due date under that section.]

[6][*Explanation*.—For the purposes of this section, "political party" means a political party registered under section 29A of the Representation of the People Act, 1951 (43 of 1951).]

[7][**13B. Special provisions relating to voluntary contributions received by electoral trust**.—Any voluntary contributions received by an electoral trust shall not be included in the total income of the previous year of such electoral trust, if—

(*a*) such electoral trust distributes to any political party, registered under section 29A of the Representation of the People Act, 1951 (43 of 1951), during the said previous year, ninety-five per cent. of the aggregate donations received by it during the said previous year along with the surplus, if any, brought forward from any earlier previous year; and

(*b*) such electoral trust functions in accordance with the rules made by the Central Government.]

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

2. Ins. by Act 7 of 2017, s. 11 (w.e.f. 1-4-2018).

3. Subs. by Act 46 of 2003, s. 8, for "ten thousand rupees" (w.e.f. 11-9-2003).

4. The word "and" omitted by Act 7 of 2017, s. 11 (w.e.f. 1-4-2018).

5. Ins. by Act 46 of 2003, s. 8 (w.e.f. 11-9-2003).

6. Subs. by s. 8, *ibid*., for the *Explanation* (w.e.f . 11-9-2003).

7. Ins. by Act 33 of 2009, s. 8 (w.e.f. 1-4-2010).

CHAPTER IV

COMPUTATION OF TOTAL INCOME

*Heads of income*

**14. Heads of income.**—Save as otherwise provided by this Act, all income shall, for the purposes of charge of income-tax and computation of total income, be classified under the following heads of income:—

*A*.—Salaries.

[1]*            *            *            *            *

*C*.—Income from house property.

*D*.—Profits and gains of business or profession.

*E*.—Capital gains.

*F*.—Income from other sources.

[2][**14A. Expenditure incurred in relation to income not includible in total income.**—[3][(*1*)] For the purposes of computing the total income under this Chapter, no deduction shall be allowed in respect of expenditure incurred by the assessee in relation to income which does not form part of the total income under this Act.]

[4][(*2*)  The Assessing Officer shall determine the amount of expenditure incurred in relation to such income which does not form part of the total income under this Act in accordance with such method as may be prescribed, if the Assessing Officer, having regard to the accounts of the assessee, is not satisfied with the correctness of the claim of the assessee in respect of such expenditure in relation to income which does not form part of the total income under this Act.

(*3*)  The provisions of sub-section (*2*) shall also apply in relation to a case where an assessee claims that no expenditure has been incurred by him in relation to income which does not form part of the total income under this Act:]

[5][Provided that nothing contained in this section shall empower the Assessing Officer either to reassess undersection 147 or pass an order enhancing the assessment or reducing a refund already made or otherwise increasing the liability of the assessee undersection 154, for any assessment year beginning on or before the 1st day of April, 2001.]

*A*.—*Salaries*

**15. Salaries**.—The following income shall be chargeable to income-tax under the head "Salaries"—

(*a*) any salary due from an employer or a former employer to an assessee in the previous year, whether paid or not;

(*b*) any salary paid or allowed to him in the previous year by or on behalf of an employer or a former employer though not due or before it became due to him;

---

1. The letter or words "*B*. —*Interest on securities*" omitted by Act 26 of 1988, s. 8 (w.e.f. 1-4-1989).
2. Ins. by Act 14 of 2001, s. 11 (w.e.f. 1-4-1962).
3. Section 14A renumbered as sub-section (*1*) thereof by Act 21 of 2006, s. 7 (w.e.f. 1-4-2007).
4. Ins. by s. 7, *ibid*. (w.e.f. 1-4-2007).
5. Ins. by Act 20 of 2002, s. 10 (w.e.f. 11-5-2001).

(*c*) any arrears of salary paid or allowed to him in the previous year by or on behalf of an employer or a former employer, if not charged to income-tax for any earlier previous year.

*Explanation* [1][1.]—For the removal of doubts, it is hereby declared that where any salary paid in advance is included in the total income of any person for any previous year it shall not be included again in the total income of the person when the salary becomes due.

[2][*Explanation* 2.—Any salary, bonus, commission or remuneration, by whatever name called, due to, or received by, a partner of a firm from the firm shall not be regarded as "salary" for the purposes of this section.]

**16. Deductions from salaries.**—The income chargeable under the head "Salaries" shall be computed after making the following deductions, namely:—

[3][[4]*             *             *             *             *

(*ii*) a deduction in respect of any allowance in the nature of an entertainment allowance specifically granted by an employer to the assessee who is in receipt of a salary from the Government, a sum equal to one-fifth of his salary (exclusive of any allowance, benefit or other perquisite) or five thousand rupees, whichever is less;]

[5][(*iii*) a deduction of any sum paid by the assessee on account of a tax on employment within the meaning of clause (2) of article 276 of the Constitution, leviable by or under any law.]

[6]*             *             *             *             *

**17. "Salary", "perquisite" and "profits in lieu of salary" defined.**—For the purposes of sections 15 and 16 and of this section,—

(*1*) "salary" includes—

(*i*) wages;

(*ii*) any annuity or pension;

(*iii*) any gratuity;

(*iv*) any fees, commissions, perquisites or profits in lieu of or in addition to any salary or wages;

(*v*) any advance of salary;

[7][(*va*) any payment received by an employee in respect of any period of leave not availed of by him;]

(*vi*) the annual accretion to the balance at the credit of an employee participating in a recognised provident fund, to the extent to which it is chargeable to tax under rule 6 of Part A of the Fourth Schedule;

(*vii*) the aggregate of all sums that are comprised in the transferred balance as referred to in sub-rule (2) of rule 11 of Part A of the Fourth Schedule of an employee participating in a recognised provident fund, to the extent to which it is chargeable to tax under sub-rule (4) thereof; and

---

1. *Explanation* renumbered as *Explanation* 1 thereof by Act 18 of 1992, s. 6 (w.e.f. 1-4-1993).
2. Ins. by s. 6, *ibid*. (w.e.f. 1-4-1993). Earlier inserted by Act 4 of 1988, s. 8 (w.e.f. 1-4-1989) and later omitted by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).
3. Subs. by Act 14 of 2001, s. 12, for clause (*i*) and (*ii*) (w.e.f. 1-4-2002).
4. Clause (*i*) omitted by Act 18 of 2005, s. 6 (w.e.f. 1-4-2006).
5. Ins. by Act 13 of 1989, s. 5 (w.e.f. 1-4-1990). Earlier clause (*iii*) omitted by Act 20 of 1974, s. 4 (w.e.f. 1-4-1975).
6. Clause (*iv*) and (*v*) omitted by Act 20 of 1974, s. 4 (w.e.f. 1-4-1975).
7. Ins. by Act 67 of 1984, s.  7 (w.e.f. 1-4-1978).

[1][(*viii*) the contribution made by the [2][Central Government or any other employer] in the previous year, to the account of an employee under a pension scheme referred to insection 80CCD;]

(*2*) "perquisite" includes—

(*i*) the value of rent-free accommodation provided to the assessee by his employer;

(*ii*) the value of any concession in the matter of rent respecting any accommodation provided to the assessee by his employer;

[3][*Explanation* 1.—For the purposes of this sub-clause, concession in the matter of rent shall be deemed to have been provided if,—

[4][(*a*) in a case where an unfurnished accommodation is provided by any employer other than the Central Government or any State Government and—

(*i*) the accommodation is owned by the employer, the value of the accommodation determined at the specified rate in respect of the period during which the said accommodation was occupied by the assessee during the previous year, exceeds the rent recoverable from, or payable by, the assessee;

(*ii*) the accommodation is taken on lease or rent by the employer, the value of the accommodation being the actual amount of lease rental paid or payable by the employer or fifteen per cent. of salary, whichever is lower, in respect of the period during which the said accommodation was occupied by the assessee during the previous year, exceeds the rent recoverable from, or payable by, the assessee;]

(*b*) in a case where a furnished accommodation is provided by the Central Government or any State Government, the licence fee determined by the Central Government or any State Government in respect of the accommodation in accordance with the rules framed by such Government as increased by the value of furniture and fixtures in respect of the period during which the said accommodation was occupied by the assessee during the previous year, exceeds the aggregate of the rent re-coverable from, or payable by, the assessee and any charges paid or payable for the furniture and fixtures by the assessee;

(*c*) in a case where a furnished accommodation is provided by an employer other than the Central Government or any State Government and—

(*i*) the accommodation is owned by the employer, the value of the accommodation determined under sub-clause (*i*) of clause (*a*) as increased by the value of the furniture and fixtures in respect of the period during which the said accommodation was occupied by the assessee during the previous year, exceeds the rent recoverable from, or payable by, the assessee;

(*ii*) the accommodation is taken on lease or rent by the employer, the value of the accommodation determined under sub-clause (*ii*) of clause (*a*) as increased by the value of the furniture and fixtures in respect of the period during which the said accommodation was occupied by the assessee during the previous year, exceeds the rent recoverable from, or payable by, the assessee;

(*d*) in a case where the accommodation is provided by the employer in a hotel (except where the assessee is provided such accommodation for a period not exceeding in aggregatefifteen days on his transfer from one place to another), the value of the

---

1. Ins. by Act 23 of 2004, s. 7 (w.e.f. 1-4-2004).
2. Subs. by Act 22 of 2007, s. 11, for "Central Government" (w.r.e.f. 1-4-2004).
3. Ins. by s. 11, *ibid*. (w.r.e.f. 1-4-2002).
4. Subs. by s. 11, *ibid*., for clause (*a*) (w.r.e.f. 1-4-2006).

accommodation determined at the rate of twenty-four per cent. of salary paid or payable for the previous year or the actual charges paid or payable to such hotel, whichever is lower, for the period during which such accommodation is provided, exceeds the rent recoverable from, or payable by, the assessee.

*Explanation* 2.—For the purposes of this sub-clause, value of furniture and fixture shall be ten per cent. per annum of the cost of furniture (including television sets, radio sets, refrigerators, other household appliances, air-conditioning plant or equipment or other similar appliances or gadgets) or if such furniture is hired from a third party, the actual hire charges payable for the same as reduced by any charges paid or payable for the same by the assessee during the previous year.

*Explanation* 3.—For the purposes of this sub-clause, "salary" includes the pay, allowances, bonus or commission payable monthly or otherwise or any monetary payment, by whatever name called, from one or more employers, as the case may be, but does not include the following, namely:—

(*a*) dearness allowance or dearness pay unless it enters into the computation of superannuation or retirement benefits of the employee concerned;

(*b*) employer's contribution to the provident fund account of the employee;

(*c*) allowances which are exempted from the payment of tax;

(*d*) value of the perquisites specified in this clause;

(*e*) any payment or expenditure specifically excluded under the proviso to this clause.]

[1][*Explanation* 4.—For the purposes of this sub-clause, "specified rate" shall be—

(*i*) fifteen per cent. of salary in cities having population exceeding twenty-five lakhs as per 2001 census;

(*ii*) ten per cent. of salary in cities having population exceeding ten lakhs but not exceeding twenty-five lakhs as per 2001 census; and

(*iii*) seven and one-half per cent. of salary in any other place;]

(*iii*) the value of any benefit or amenity granted or provided free of cost or at concessional rate in any of the following cases—

(*a*) by a company to an employee who is a director thereof;

(*b*) by a company to an employee being a person who has a substantial interest in the company;

(*c*) by any employer (including a company) to an employee to whom the provisions of paragraphs (a) and (b) of this sub-clause do not apply and whose income [2][under the head "Salaries" (whether due from, or paid or allowed by, one or more employers), exclusive of the value of all benefits or amenities not provided for by way of monetary payment, exceeds [3][fifty thousand rupees:]]

[4]*        *        *        *        *

---

1. Ins. by Act 22 of 2007, s. 11 (w.e.f. 1-4-2006).
2. Subs. by Act 32 of 1985, s. 6, for certain words (w.e.f. 1-4-1986).
3. Subs. by Act 14 of 2001, s. 13, for "twenty-four thousands rupees" (w.e.f. 1-4-2002).
4. The proviso omitted by Act 22 of 2007, s. 11 (w.e.f. 1-4-2008). Earlier the proviso inserted by Act 10 of 2000, s. 11 (w.e.f. 1-4-2001).

[1][*Explanation*.—For the removal of doubts, it is hereby declared that the use of any vehicle provided by a company or an employer for journey by the assessee from his residence to his office or other place of work, or from such office or place to his residence, shall not be regarded as a benefit or amenity granted or provided to him free of cost or at concessional rate for the purposes of this sub-clause;]

[2]*       *       *       *       *

(*iv*) any sum paid by the employer in respect of any obligation which, but for such payment, would have been payable by the assessee;

(*v*) any sum payable by the employer, whether directly or through a fund, other than a recognised provident fund or an approved superannuation fund [3][or a Deposit-linked Insurance Fund established under section 3G of the Coal Mines Provident Fund and Miscellaneous Provisions Act, 1948 (46 of 1948), or, as the case may be, section 6C of the Employees' Provident Funds and Miscellaneous Provisions Act, 1952 (19 of 1952)], to effect an assurance on the life of the assessee or to effect a contract for an [4][annuity;]

[5][(*vi*) the value of any specified security or sweat equity shares allotted or transferred, directly or indirectly, by the employer, or former employer, free of cost or at concessional rate to the assessee.

*Explanation*.—For the purposes of this sub-clause,—

(*a*) "specified security" means the securities as defined in clause (*h*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956) and, where employees' stock option has been granted under any plan or scheme therefor, includes the securities offered under such plan or scheme;

(*b*) "sweat equity shares" means equity shares issued by a company to its employees or directors at a discount or for consideration other than cash for providing know-how or making available rights in the nature of intellectual property rights or value additions, by whatever name called;

(*c*) the value of any specified security or sweat equity shares shall be the fair market value of the specified security or sweat equity shares, as the case may be, on the date on which the option is exercised by the assessee as reduced by the amount actually paid by, or recovered from, the assessee in respect of such security or shares;

(*d*) "fair market value" means the value determined in accordance with the method as may be prescribed;

(*e*) "option" means a right but not an obligation granted to an employee to apply for the specified security or sweat equity shares at a predetermined price;

(*vii*) the amount of any contribution to an approved superannuation fund by the employer in respect of the assessee, to the extent it exceeds [6][one lakh rupees]; and

(*viii*) the value of any other fringe benefit or amenity as may be prescribed:]

1. Ins. by Act 13 of 1989, s. 6 (w.e.f. 1-4-1990).
2. Sub-clause (*iiia*) omitted by Act 10 of 2000, s. 11 (w.e.f 1-4-2001).
3. Ins. by Act 99 of 1976, s. 40 (w.e.f. 1-8-1976).
4. Subs. by Act 33 of 2009, s. 9, for "annuity; and" (w.e.f. 1-4-2010).
5. Subs. by s. 9, *ibid.*, for sub-clause (*vi*) (w.e.f. 1-4-2010).
6. Subs. by Act 28 of 2016, s. 9, for "one lakh and fifty thousand rupees" (w.e.f. 1-4-2017).

[1][Provided that nothing in this clause shall apply to,—

(*i*) the value of any medical treatment provided to an employee or any member of his family in any hospital maintained by the employer;

[2][(*ii*) any sum paid by the employer in respect of any expenditure actually incurred by the employee on his medical treatment or treatment of any member of his family—

(*a*) in any hospital maintained by the Government or any local authority or any other hospital approved by the Government for the purposes of medical treatment of its employees;

(*b*) in respect of the prescribed diseases or ailments, in any hospital approved by the [3][Principal Chief Commissioner or Chief Commissioner] having regard to the prescribed guidelines:

Provided that, in a case falling in sub-clause (b), the employee shall attach with his return of income a certificate from the hospital specifying the disease or ailment for which medical treatment was required and the receipt for the amount paid to the hospital;]

(*iii*) any portion of the premium paid by an employer in relation to an employee, to effect or to keep in force an insurance on the health of such employee under any scheme approved by the Central Government [4][or the Insurance Regulatory and Development Authority established under sub-section (*1*) of section 3 of the Insurance Regulatory and Development Authority Act, 1999 (41 of 1999),] for the purposes of clause (*ib*) of sub-section (*1*) of section 36;

(*iv*) any sum paid by the employer in respect of any premium paid by the employee to effect or to keep in force an insurance on his health or the health of any member of his family under any scheme approved by the Central Government [4][or the Insurance Regulatory and Development Authority established under sub-section (*1*) of section 3 of the Insurance Regulatory and Development Authority Act, 1999 (41 of 1999),] for the purposes of section 80D;

(*v*) any sum paid by the employer in respect of any expenditure actually incurred by the employee on his medical treatment or treatment of any member of his family [other than the treatment referred to in clauses (*i*) and (*ii*)]; so, however, that such sum does not exceed [5][fifteen thousand rupees] in the previous year;

(*vi*) any expenditure incurred by the employer on—

(*1*) medical treatment of the employee, or any member of the family of such employee, outside India;

(*2*) [6][travel and stay] abroad of the employee or any member of the family of such employee for medical treatment;

(*3*) travel and stay abroad of one attendant who accompanies the patient in connection with such treatment,

1. Ins. by Act 49 of 1991, s. 9 (w.e.f. 1-4-1991).
2. Subs. by Act 32 of 1994, s. 10, for sub-clause (*ii*) (w.r.e.f. 1-4-1993). Earlier substituted by Act 18 of 1992, s. 8 (w.e.f. 1-4-1993).
3. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
4. Ins. by Act 21 of 2006, s. 8 (w.e.f. 1-4-2007).
5. Subs. by Act 21 of 1998, s. 7, for "ten thousand rupees" (w.e.f. 1-4-1999).
6. Subs. by Act 38 of 1993, s. 8, for "travel or stay" (w.e.f. 1-4-1993).

[1][subject to the condition that—

(*A*) the expenditure on medical treatment and stay abroad shall be excluded from perquisite only to the extent permitted by the Reserve Bank of India; and

(*B*) the expenditure on travel shall be excluded from perquisite only in the case of an employee whose gross total income, as computed before including therein the said expenditure, does not exceed two lakh rupees;]

(*vii*) any sum paid by the employer in respect of any expenditure actually incurred by the employee for any of the purposes specified in clause (*vi*) subject to the conditions specified in or under that clause:

[2][Provided further that for the assessment year beginning on the 1st day of April, 2002, nothing contained in this clause shall apply to any employee whose income under the head "Salaries" (whether due from, or paid or allowed by, one or more employers) exclusive of the value of all perquisites not provided for by way of monetary payment, does not exceed one lakh rupees.]

*Explanation.*—For the purposes of clause (*2*),—

(*i*) "hospital" includes a dispensary or a clinic [3][or a nursing home];

(*ii*) "family", in relation to an individual, shall have the same meaning as in clause (*5*) of section 10; and

(*iii*) "gross total income" shall have the same meaning as in clause (*5*) of section 80B;]

[4]*          *          *          *          *

(*3*) "profits in lieu of salary" includes—

(*i*) the amount of any compensation due to or received by an assessee from his employer or former employer at or in connection with the termination of his employment or the modification of the terms and conditions relating thereto;

(*ii*) any payment [other than any payment referred to in clause (*10*) [5][, clause (*10A*)] [6][, clause (*10B*)], clause (*11*), [7][clause (*12*) [8][, clause (*13*)] or clause (*13A*)] of section 10], due to or received by an assessee from an employer or a former employer or from a provident or other fund [9]***, to the extent to which it does not consist of contributions by the assessee or [10][interest on such contributions or any sum received under a Keyman insurance policy including the sum allocated by way of bonus on such policy.

*Explanation.*—For the purposes of this sub-clause, the expression "Keyman insurance policy" shall have the meaning assigned to it in clause (*10D*) of section 10;]

[11][(*iii*) any amount due to or received, whether in lump sum or otherwise, by any assessee from any person—

(*A*) before his joining any employment with that person; or

(*B*) after cessation of his employment with that person.]

---

1. Subs. by Act 38 of 1993, s. 8, for certain words (w.e.f. 1-4-1993).
2. Ins. by Act 20 of 2002, s. 11 (w.e.f,. 1-4-2002).
3. Ins. by Act 18 of 1992, s. 8 (w.e.f. 1-4-1993).
4. Sub-clause (*vi*) omitted by Act 32 of 1985, s. 7 (w.e.f. 1-4-1985).
5. Ins. by Act 15 of 1965, s. 4 (w.e.f. 1-4-1962).
6. Ins. by Act 25 of 1975, s. 24 (w.e.f. 1-4-1976).
7. Subs. by Act 31 of 1964, s. 4, for "or clause (*12*)" (w.e.f. 6-10-1964).
8. Ins. by Act 22 of 1995, s. 6 (w.e.f. 1-4-1996).
9. The brackets and words "(not being an approved superannuation fund)" omitted by s. 6, *ibid*. (w.e.f. 1-4-1996).
10. Subs. by Act 33 of 1996, s. 8, for "interest on such contributions." (w.e.f. 1-10-1996).
11. Ins. by Act 14 of 2001, s. 13 (w.e.f. 1-4-2002).

[1]*                    *                    *                    *                    *

**18.** [*Interest on securities*.]—*Omitted by the Finance Act,* 1988 (26 *of* 1988), *s*. 10 (*w.e.f.* 1-4-1989).

**19.** [*Deductions from interest on securities*.]—*Omitted by s*. 10, *ibid*. (*w.e.f.* 1-4-1989).

**20.** [*Deductions from interest on securities in the case of a banking company*.]—*Omitted by s*. 10, *ibid*. (*w.e.f.* 1-4-1989).

**21.** [*Amounts not deductible from interest on securities*.]—*Omitted by s*. 10, *ibid*. (*w.e.f.* 1-4-1989).

*C.—Income from house property*

**22. Income from house property**.—The annual value of property consisting of any buildings or lands appurtenant thereto of which the assessee is the owner, other than such portions of such property as he may occupy for the purposes of any business or profession carried on by him the profits of which are chargeable to income-tax, shall be chargeable to income-tax under the head "Income from house property".

[2][**23. Annual value how determined**.—(*1*) For the purposes of section 22, the annual value of any property shall be deemed to be—

(*a*) the sum for which the property might reasonably be expected to let from year to year; or

(*b*) where the property or any part of the property is let and the actual rent received or receivable by the owner in respect thereof is in excess of the sum referred to in clause (*a*), the amount so received or receivable; or

(*c*) where the property or any part of the property is let and was vacant during the whole or any part of the previous year and owing to such vacancy the actual rent received or receivable by the owner in respect thereof is less than the sum referred to in clause (*a*), the amount so received or receivable:

Provided that the taxes levied by any local authority in respect of the property shall be deducted (irrespective of the previous year in which the liability to pay such taxes was incurred by the owner according to the method of accounting regularly employed by him) in determining the annual value of the property of that previous year in which such taxes are actually paid by him.

*Explanation*.—For the purposes of clause (*b*) or clause (*c*) of this sub-section, the amount of actual rent received or receivable by the owner shall not include, subject to such rules as may be made in this behalf, the amount of rent which the owner cannot realise.

(*2*) Where the property consists of a house or part of a house which—

(*a*) is in the occupation of the owner for the purposes of his own residence; or

(*b*) cannot actually be occupied by the owner by reason of the fact that owing to his employment, business or profession carried on at any other place, he has to reside at that other place in a building not belonging to him,

the annual value of such house or part of the house shall be taken to be *nil*.

(*3*) The provisions of sub-section (*2*) shall not apply if—

(*a*) the house or part of the house is actually let during the whole or any part of the previous year; or

(*b*) any other benefit therefrom is derived by the owner.

(*4*) Where the property referred to in sub-section (*2*) consists of more than one house—

(*a*) the provisions of that sub-section shall apply only in respect of one of such houses, which the assessee may, at his option, specify in this behalf;

1. The heading "*B.—Interest on securities*" omitted by Act 26 of 1988, s. 10 (w.e.f. 1-4-1989).
2. Subs. by Act 14 of 2001, s. 14, for section 23 (w.e.f. 1-4-2002).

(*b*) the annual value of the house or houses, other than the house in respect of which the assessee has exercised an option under clause (*a*), shall be determined under sub-section (*1*) as if such house or houses had been let.]

[1][(*5*) Where the property consisting of any building or land appurtenant thereto is held as stock-in-trade and the property or any part of the property is not let during the whole or any part of the previous year, the annual value of such property or part of the property, for the period up to one year from the end of the financial year in which the certificate of completion of construction of the property is obtained from the competent authority, shall be taken to be *nil*.]

[2][**24. Deductions from income from house property.**—Income chargeable under the head "Income from house property" shall be computed after making the following deductions, namely:—

(*a*) a sum equal to thirty per cent. of the annual value;

(*b*) where the property has been acquired, constructed, repaired, renewed or reconstructed with borrowed capital, the amount of any interest payable on such capital:

Provided that in respect of property referred to in sub-section (*2*) of section 23, the amount of deduction shall not exceed thirty thousand rupees:

Provided further that where the property referred to in the first proviso is acquired or constructed with capital borrowed on or after the 1st day of April, 1999 and such acquisition or construction is completed [3][within [4][five years] from the end of the financial year in which capital was borrowed], the amount of deduction under this clause shall not exceed [5][two lakh rupees].

*Explanation*.—Where the property has been acquired or constructed with borrowed capital, the interest, if any, payable on such capital borrowed for the period prior to the previous year in which the property has been acquired or constructed, as reduced by any part thereof allowed as deduction under any other provision of this Act, shall be deducted under this clause in equal instalments for the said previous year and for each of the four immediately succeeding previous years:]

[6][Provided also that no deduction shall be made under the second proviso unless the assessee furnishes a certificate, from the person to whom any interest is payable on the capital borrowed, specifying the amount of interest payable by the assessee for the purpose of such acquisition or construction of the property, or, conversion of the whole or any part of the capital borrowed which remains to be repaid as a new loan.

*Explanation*.—For the purposes of this proviso, the expression "new loan" means the whole or any part of a loan taken by the assessee subsequent to the capital borrowed, for the purpose of repayment of such capital.]

**25. Amounts not deductible from income from house property**.— Notwithstanding anything contained in section 24, any [7]*** interest chargeable under this Act which is payable outside India (not being interest on a loan issued for public subscription before the 1st day of April, 1938), on which tax has not been paid or deducted under Chapter XVII-B and in respect of which there is no person in India who may be treated as an agent under section 163 shall not be deducted in computing the income chargeable under the head "Income from house property".

---

1. Ins. by Act 7 of 2017, s. 12 (w.e.f. 1-4-2018)
2. Subs. by Act 14 of 2001, s. 15, for section 24 (w.e.f. 1-4-2002).
3. Subs. by Act 20 of 2002, s. 12, for "before the 1st day of April, 2003" (w.e.f. 1-4-2003).
4. Subs. by Act 28 of 2016, s. 10, for "three years" (w.e.f. 1-4-2017).
5. Subs. by Act 25 of 2014, s. 10, for "one lakh fifty thousand rupees" (w.e.f. 1-4-2015).
6. Ins. by Act 20 of 2002, s. 12 (w.e.f. 1-4-2003).
7. The words "annual charge or" omitted by Act 14 of 2001, s. 16 (w.e.f. 1-4-2002).

[1][**25A. Special provision for arrears of rent and unrealised rent received subsequently.**—(*1*) The amount of arrears of rent received from a tenant or the unrealised rent realised subsequently from a tenant, as the case may be, by an assessee shall be deemed to be the income from house property in respect of the financial year in which such rent is received or realised, and shall be included in the total income of the assessee under the head "Income from house property", whether the assessee is the owner of the property or not in that financial year.

(*2*) A sum equal to thirty per cent. of the arrears of rent or the unrealised rent referred to in sub-section (*1*) shall be allowed as deduction.]

**26. Property owned by co-owners.**—Where property consisting of buildings or buildings and lands appurtenant thereto is owned by two or more persons and their respective shares are definite and ascertainable, such persons shall not in respect of such property be assessed as an association of persons, but the share of each such person in the income from the property as computed in accordance with sections 22 to 25 shall be included in his total income.

[2][*Explanation*.—For the purposes of this section, in applying the provisions of sub-section (*2*) of section 23 for computing the share of each such person as is referred to in this section, such share shall be computed, as if each such person is individually entitled to the relief provided in that sub-section.

**27. "Owner of house property", "annual charge", etc., defined.**—For the purposes of sections 22 to 26—

(*i*) an individual who transfers otherwise than for adequate consideration any house property to his or her spouse, not being a transfer in connection with an agreement to live apart, or to a minor child not being a married daughter, shall be deemed to be the owner of the house property so transferred;

(*ii*) the holder of an impartible estate shall be deemed to be the individual owner of all the properties comprised in the estate ;

[3][(*iii*) a member of a co-operative society, company or other association of persons to whom a building or part thereof is allotted or leased under a house building scheme of the society, company or association, as the case may be, shall be deemed to be the owner of that building or part thereof;

(*iiia*) a person who is allowed to take or retain possession of any building or part thereof in part performance of a contract of the nature referred to in section 53A of the Transfer of Property Act, 1882 (4 of 1882), shall be deemed to be the owner of that building or part thereof;

(*iiib*) a person who acquires any rights (excluding any rights by way of a lease from month to month or for a period not exceeding one year) in or with respect to any building or part thereof, by virtue of any such transaction as is referred to in clause (*f*) of section 269 UA, shall be deemed to be the owner of that building or part thereof;]

[4]* * * * *

(*vi*) taxes levied by a local authority in respect of any property shall be deemed to include service taxes levied by the local authority in respect of the property.

**28**. **Profits and gains of business or profession.**—The following income shall be chargeable to income-tax under the head "Profits and gains of business or profession",—

(*i*) the profits and gains of any business or profession which was carried on by the assessee at any time during the previous year;

(*ii*) any compensation or other payment due to or received by,—

(*a*) any person, by whatever name called, managing the whole or substantially the whole of the affairs of an Indian company, at or in connection with the termination of his management or the modification of the terms and conditions relating thereto;

1. Subs. by Act 28 of 2016, s. 11 for sections 25A, 25AA and 25B (w.e.f. 1-4-2017).
2. Ins. by Act 41 of 1975, s. 7 (w.e.f. 1-4-1976).
3. Subs. by Act 11 of 1987, s. 6, for clause (*iii*) (w.e.f. 1-4-1988).
4. Clauses (*iv*) and (*v*) omitted by Act 14 of 2001, s. 20 (w.e.f. 1-4-2002).

(*b*) any person, by whatever name called, managing the whole or substantially the whole of the affairs in India of any other company, at or in connection with the termination of his office or the modification of the terms and conditions relating thereto;

(*c*) any person, by whatever name called, holding an agency in India for any part of the activities relating to the business of any other person, at or in connection with the termination of the agency or the modification of the terms and conditions relating thereto ;

[1][(*d*) any person, for or in connection with the vesting in the Government, or in any corporation owned or controlled by the Government, under any law for the time being in force, of the management of any property or business;

(*iii*) income derived by a trade, professional or similar association from specific services performed for its members ;

[2][(*iiia*) profits on sale of a licence granted under the Imports (Control) Order, 1955, made under the Imports and Exports (Control) Act, 1947 (18 of 1947);]

[3][(*iiib*) cash assistance (by whatever name called) received or receivable by any person against exports under any scheme of the Government of India;]

[4][(*iiic*) any duty of customs or excise re-paid or re-payable as drawback to any person against exports under the Customs and Central Excise Duties Drawback Rules, 1971;]

[5][(*iiid*) any profit on the transfer of the Duty Entitlement Pass Book Scheme, being the Duty Remission Scheme under the export and import policy formulated and announced under section 5 of the Foreign Trade (Development and Regulation) Act, 1992 (22 of 1992);]

[6][(*iiie*) any profit on the transfer of the Duty Free Replenishment Certificate, being the Duty Remission Scheme under the export and import policy formulated and announced under section 5 of the Foreign Trade (Development and Regulation) Act, 1992 (22 of 1992);]

[7][(*iv*) the value of any benefit or perquisite, whether convertible into money or not, arising from business or the exercise of a profession;]

[8][(*v*) any interest, salary, bonus, commission or remuneration, by whatever name called, due to, or received by, a partner of a firm from such firm:

Provided that where any interest, salary, bonus, commission or remuneration, by whatever name called, or any part thereof has not been allowed to be deducted under clause (*b*) of section 40, the income under this clause shall be adjusted to the extent of the amount not so allowed to be deducted;]

[9][(*va*) any sum, whether received or receivable, in cash or kind, under an agreement for—

(*a*) not carrying out any activity in relation to any business [10][or profession]; or

---

1. Ins. by Act 21 of 1973, s. 4 (w.e.f. 1-4-1972).
2. Ins. by Act 12 of 1990, s. 6 (w.e.f. 1-4-1962).
3. Ins. by s. 6, *ibid*. (w.e.f. 1-4-1967).
4. Ins. by s. 6, *ibid*.(w.e.f. 1-4-1972).
5. Ins. by Act 55 of 2005, s. 3 (w.e.f. 1-4-1998).
6. Ins. by s. 3, *ibid*. (w.e.f. 1-4-2001).
7. Ins. by Act 5 of 1964, s. 7 (w.e.f. 1-4-1964).
8. Ins. by Act 18 of 1992, s. 11 (w.e.f. 1-4-1993). Earlier clause (v) was inserted by Act 4 of 1988, s. 9 (w.e.f. 1-4-1989) and later omitted by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).
9. Ins. by Act 20 of 2002, s. 13 (w.e.f. 1-4-2003).
10. Ins. by Act  28 of 2016, s. 12 (w.e.f. 1-4-2017)

147

(*b*) not sharing any know-how, patent, copyright, trade-mark, licence, franchise or any other business or commercial right of similar nature or information or technique likely to assist in the manufacture or processing of goods or provision for services:

Provided that sub-clause (*a*) shall not apply to—

(*i*) any sum, whether received or receivable, in cash or kind, on account of transfer of the right to manufacture, produce or process any article or thing or right to carry on any business [1][or profession], which is chargeable under the head "Capital gains";

(*ii*) any sum received as compensation, from the multi-lateral fund of the Montreal Protocol on Substances that Deplete the Ozone layer under the United Nations Environment Programme, in accordance with the terms of agreement entered into with the Government of India.

*Explanation*.—For the purposes of this clause,—

(*i*) "agreement" includes any arrangement or understanding or action in concert,—

(*A*) whether or not such arrangement, understanding or action is formal or in writing; or

(*B*) whether or not such arrangement, understanding or action is intended to be enforceable by legal proceedings;

(*ii*) "service" means service of any description which is made available to potential users and includes the provision of services in connection with business of any industrial or commercial nature such as accounting, banking, communication, conveying of news or information, advertising, entertainment, amusement, education, financing, insurance, chit funds, real estate, construction, transport, storage, processing, supply of electrical or other energy, boarding and lodging;]

[2][(*vi*) any sum received under a Keyman insurance policy including the sum allocated by way of bonus on such policy.

*Explanation*.—For the purposes of this clause, the expression "Keyman insurance policy" shall have the meaning assigned to it in clause (*10D*) of section 10;]

[3][(*vii*) any sum, whether received or receivable, in cash or kind, on account of any capital asset (other than land or goodwill or financial instrument) being demolished, destroyed, discarded or transferred, if the whole of the expenditure on such capital asset has been allowed as a deduction under section 35AD.]

[4]*          *          *          *          *

*Explanation 2*.—Where speculative transactions carried on by an assessee are of such a nature as to constitute a business, the business (hereinafter referred to as "speculation business") shall be deemed to be distinct and separate from any other business.

---

1. Ins. by Act 28 of 2016, s. 12 (w.e.f. 1-4-2017).
2. Ins. by Act 33 of 1996, s. 10 (w.e.f. 1-10-1996).
3. Ins. by Act 33 of 2009, s. 10 (w.e.f. 1-4-2010).
4. *Explanation 1* omitted by 4 of 1988, s. 9 (w.e.f. 1-4-1989).

**29. Income from profits and gains of business or profession, how computed**.—The income referred to in section 28 shall be computed in accordance with the provisions contained in sections 30 to [1][43D].

**30. Rent, rates, taxes, repairs and insurance for buildings**.—In respect of rent, rates, taxes, repairs and insurance for premises, used for the purposes of the business or profession, the following deductions shall be allowed—

(*a*) where the premises are occupied by the assessee—

(*i*) as a tenant, the rent paid for such premises; and further if he has undertaken to bear the cost of repairs to the premises, the amount paid on account of such repairs;

(*ii*) otherwise than as a tenant, the amount paid by him on account of current repairs to the premises;

(*b*) any sums paid on account of land revenue, local rates or municipal taxes;

(*c*) the amount of any premium paid in respect of insurance against risk of damage or destruction of the premises.

[2][*Explanation*.—For the removal of doubts, it is hereby declared that the amount paid on account of the cost of repairs referred to in sub-clause (*i*), and the amount paid on account of current repairs referred to in sub-clause (*ii*), of clause (*a*), shall not include any expenditure in the nature of capital expenditure.]

**31. Repairs and insurance of machinery, plant and furniture**.—In respect of repairs and insurance of machinery, plant or furniture used for the purposes of the business or profession, the following deductions shall be allowed—

(*i*) the amount paid on account of current repairs thereto;

(*ii*) the amount of any premium paid in respect of insurance against risk of damage or destruction thereof.

[3][*Explanation*.—For the removal of doubts, it is hereby declared that the amount paid on account of current repairs shall not include any expenditure in the nature of capital expenditure.]

**32. Depreciation**.—(*1*) [4][In respect of depreciation of—

(*i*) buildings, machinery, plant or furniture, being tangible assets;

(*ii*) know-how, patents, copyrights, trade marks, licences, franchises or any other business or commercial rights of similar nature, being intangible assets acquired on or after the 1st day of April, 1998,

owned, wholly or partly, by the assessee and used for the purposes of the business or profession, the following deductions shall be allowed—

[5][(*i*) in the case of assets of an undertaking engaged in generation or generation and distribution of power, such percentage on the actual cost thereof to the assessee as may be prescribed;]

---

1. Subs. by Act 49 of 1991, s. 10, for "43C" (w.e.f. 1-4-1992).
2. Ins. by Act 32 of 2003, s. 14 (w.e.f. 1-4-2004).
3. Ins. by s. 15, *ibid*. (w.e.f. 1-4-2004).
4. Subs. by Act 21 of 1998, s. 9, for certain words and figures (w.e.f. 1-4-1999).
5. Ins. by Act 7 of 1998, s. 2 (w.e.f. 1-4-1998).

(*ii*) [1][in the case of any block of assets, such percentage on the written down value thereof as may be prescribed:]

[2]*               *          *                 *                      *

[3][Provided [4]*** that no deduction shall be allowed under this clause in respect of—

(*a*) any motor car manufactured outside India, where such motor car is acquired by the assessee after the 28th day of February, 1975 [5][but before the 1st day of April, 2001], unless it is used—

(*i*) in a business of running it on hire for tourists; or

(*ii*) outside India in his business or profession in another country; and

(*b*) any machinery or plant if the actual cost thereof is allowed as a deduction in one or more years under an agreement entered into by the Central Government undersection 42:]

[6][Provided further that where an asset referred to in clause (*i*) [7][or clause (*ii*) or clause (*iia*)] [8][or the first proviso to clause (*iia*)], as the case may be, is acquired by the assessee during the previous year and is put to use for the purposes of business or profession for a period of less than one hundred and eighty days in that previous year, the deduction under this sub-section in respect of such asset shall be restricted to fifty per cent. of the amount calculated at the percentage prescribed for an asset under clause (*i*) [7][or clause (*ii*) or clause (*iia*)], as the case may be:]

[8][Provided also that where an asset referred to in clause (*iia*) or the first proviso to clause (*iia*), as the case may be, is acquired by the assessee during the previous year and is put to use for the purposes of business for a period of less than one hundred and eighty days in that previous year, and the deduction under this sub-section in respect of such asset is restricted to fifty per cent. of the amount calculated at the percentage prescribed for an asset under clause (*iia*) for that previous year, then, the deduction for the balance fifty per cent. of the amount calculated at the percentage prescribed for such asset under clause (*iia*) shall be allowed under this sub-section in the immediately succeeding previous year in respect of such asset:]

[9][Provided also that where an asset being commercial vehicle is acquired by the assessee on or after the 1st day of October, 1998 but before the 1st day of April, 1999 and is put to use before the 1st day of April, 1999 for the purposes of business or profession, the deduction in respect of such asset shall be allowed on such percentage on the written down value thereof as may be prescribed.

---

1. Subs. by Act 46 of 1986, s. 5, for the opening paragraph (w.e.f. 1-4-1988).
2. The first proviso omitted by Act 22 of 1995, s. 7 (w.e.f. 1-4-1996).
3. Subs. by Act 49 of 1991, s. 11, for the second proviso (w.e.f. 1-4-1992).
4. The word "further" omitted by Act 22 of 1995, s. 7 (w.e.f. 1-4-1996).
5. Ins. by Act 14 of 2001, s. 21 (w.e.f. 1-4-2002).
6. Subs. by Act 7 of 1998, s. 2, for the second proviso (w.e.f. 1-4-1998).
7. Subs. by Act 20 of 2002, s. 14, for "or clause (*ii*)" (w.e.f. 1-4-2003).
8. Ins. by Act 20 of 2015, s. 10 (w.e.f. 1-4-2016).
9. Ins. by Act 11 of 1999, s. 5 (w.e.f. 1-4-1999).

*Explanation*.—For the purposes of this proviso,—

(*a*) the expression "commercial vehicle" means "heavy goods vehicle", "heavy passenger motor vehicle", "light motor vehicle", "medium goods vehicle" and "medium passenger motor vehicle" but does not include "maxi-cab", "motor-cab", "tractor" and "road-roller";

(*b*) the expressions "heavy goods vehicle", "heavy passenger motor vehicle", "light motor vehicle", "medium goods vehicle", "medium passenger motor vehicle", "maxi-cab", "motor-cab", "tractor" and "road roller" shall have the meanings respectively as assigned to them in section 2 of the Motor Vehicles Act, 1988 (59 of 1988):]

[1][Provided also that, in respect of the previous year relevant to the assessment year commencing on the 1st day of April, 1991, the deduction in relation to any block of assets under this clause shall, in the case of a company, be restricted to seventy-five per cent. of the amount calculated at the percentage, on the written down value of such assets, prescribed under this Act immediately before the commencement of the Taxation Laws (Amendment) Act, 1991 (2 of 1991):]

[2][Provided also that the aggregate deduction, in respect of depreciation of buildings, machinery, plant or furniture, being tangible assets or know-how, patents, copyrights, trademarks, licences, franchises or any other business or commercial rights of similar nature, being intangible assets allowable to the predecessor and the successor in the case of succession referred to in [3][clause (*xiii*), clause (*xiiib*) and clause (*xiv*)] of section 47 or section 170 or to the amalgamating company and the amalgamated company in the case of amalgamation, or to the demerged company and the resulting company in the case of demerger, as the case may be, shall not exceed in any previous year the deduction calculated at the prescribed rates as if the succession or the amalgamation or the demerger, as the case may be, had not taken place, and such deduction shall be apportioned between the predecessor and the successor, or the amalgamating company and the amalgamated company, or the demerged company and the resulting company, as the case may be, in the ratio of the number of days for which the assets were used by them.]

[4][*Explanation* 1.—Where the business or profession of the assessee is carried on in a building not owned by him but in respect of which the assessee holds a lease or other right of occupancy and any capital expenditure is incurred by the assessee for the purposes of the business or profession on the construction of any structure or doing of any work in or in relation to, and by way of renovation or extension of, or improvement to, the building, then, the provisions of this clause shall apply as if the said structure or work is a building owned by the assessee.

*Explanation* 2.—[5][For the purposes of this sub-section] "written down value of the block of assets" shall have the same meaning as in clause (*c*) of sub-section (*6*) of section 43.]

[6][*Explanation* 3.—For the purposes of this sub-section, [7][the expression "assets"] shall mean—

(*a*) tangible assets, being buildings, machinery, plant or furniture;

---

1. Ins. by Act 2 of 1991, s. 4 (w.e.f. 15-1-1991). Later Act 2 of 1991 repealed by Act 23 of 2016, s. 2 and the First Schedule (except s. 6) (w.e.f. 6-5-2016).
2. Subs. by Act 27 of 1999, s. 12, for the fourth proviso (w.e.f. 1-4-2000).
3. Subs. by Act 14 of 2010, s. 8, for "clause (*xiii*) and clause (*xiv*)" (w.e.f. 1-4-2011).
4. Ins. by Act 46 of 1986, s. 5 (w.e.f. 1-4-1988).
5. Subs. by Act 20 of 2002, s. 14, for "For the purposes of this clause" (w.e.f. 1-4-2003).
6. Ins. by Act 21 of 1998, s. 9 (w.e.f. 1-4-1999).
7. Subs. by Act 33 of 2009, s. 11, for 'the expressions "assets" and "block of assets"' (w.e.f. 1-4-2010).

(*b*) intangible assets, being know-how, patents, copyrights, trade marks, licences, franchises or any other business or commercial rights of similar nature.

*Explanation* 4.—For the purposes of this sub-section, the expression "know-how" means any industrial information or technique likely to assist in the manufacture or processing of goods or in the working of a mine, oil-well or other sources of mineral deposits (including searching for discovery or testing of deposits for the winning of access thereto).]

[1][*Explanation* 5.—For the removal of doubts, it is hereby declared that the provisions of this sub-section shall apply whether or not the assessee has claimed the deduction in respect of depreciation in computing his total income;]

[2][(*iia*) in the case of any new machinery or plant (other than ships and aircraft), which has been acquired and installed after the 31st day of March, 2005, by an assessee engaged in the business of manufacture or production of any article or thing [3][4][or in the business of generation, transmission or distribution] of power], a further sum equal to twenty per cent. of the actual cost of such machinery or plant shall be allowed as deduction under clause (*ii*):

[5][Provided that where an assessee, sets up an undertaking or enterprise for manufacture or production of any article or thing, on or after the 1st day of April, 2015 in any backward area notified by the Central Government in this behalf, in the State of Andhra Pradesh or in the State of Bihar or in the State of Telangana or in the State of West Bengal, and acquires and installs any new machinery or plant (other than ships and aircraft) for the purposes of the said undertaking or enterprise during the period beginning on the 1st day of April, 2015 and ending before the 1st day of April, 2020 in the said backward area, then, the provisions of clause (*iia*) shall have effect, as if for the words "twenty per cent.", the words "thirty-five per cent." had been substituted:]

[6][Provided further] that no deduction shall be allowed in respect of—

(*A*) any machinery or plant which, before its installation by the assessee, was used either within or outside India by any other person; or

(*B*) any machinery or plant installed in any office premises or any residential accommodation, including accommodation in the nature of a guest-house; or

(*C*) any office appliances or road transport vehicles; or

(*D*) any machinery or plant, the whole of the actual cost of which is allowed as a deduction (whether by way of depreciation or otherwise) in computing the income chargeable under the head "Profits and gains of business or profession" of any one previous year;]

[7][(*iii*) in the case of any building, machinery, plant or furniture in respect of which depreciation is claimed and allowed under clause (*i*) and which is sold, discarded, demolished or destroyed in the previous year (other than the previous year in which it is first brought into use), the amount by which

---

1. Ins. by Act 14 of 2001, s. 21 (w.e.f. 1-4-2002).
2. Subs. by Act 18 of 2005, s. 8, for clause (*iia*) (w.e.f. 1-4-2006).
3. Ins. by Act 23 of 2012, s. 7 (w.e.f. 1-4-2013).
4. Subs. by Act 28 of 2016, s. 13, for "or in the business of generation or generation and distribution" (w.e.f. 1-4-2017).
5. Ins. by Act 20 of 2015, s. 10 (w.e.f. 1-4-2016).
6. Subs. by s. 10, *ibid.*, for "Provided" (w.e.f. 1-4-2016).
7. Ins. by Act 21 of 1998, s. 9 (w.e.f. 1-4-1998).

the moneys payable in respect of such building, machinery, plant or furniture, together with the amount of scrap value, if any, fall short of the written down value thereof:

Provided that such deficiency is actually written off in the books of the assessee.

*Explanation*.—For the purposes of this clause,—

(*1*) "moneys payable" in respect of any building, machinery, plant or furniture includes—

(*a*) any insurance, salvage or compensation moneys payable in respect thereof;

(*b*) where the building, machinery, plant or furniture is sold, the price for which it is sold,

so, however, that where the actual cost of a motor car is, in accordance with the proviso to clause (*1*) of section 43, taken to be twenty-five thousand rupees, the moneys payable in respect of such motor car shall be taken to be a sum which bears to the amount for which the motor car is sold or, as the case may be, the amount of any insurance, salvage or compensation moneys payable in respect thereof (including the amount of scrap value, if any) the same proportion as the amount of twenty-five thousand rupees bears to the actual cost of the motor car to the assessee as it would have been computed before applying the said proviso;

(*2*) "sold" includes a transfer by way of exchange or a compulsory acquisition under any law for the time being in force but does not include a transfer, in a scheme of amalgamation, of any asset by the amalgamating company to the amalgamated company where the amalgamated company is [1][an Indian company or in a scheme of amalgamation of a banking company, as referred to in clause (*c*) of section 5 of the Banking Regulation Act, 1949 (10 of 1949) with a banking institution as referred to in sub-section (*15*) of section 45 of the said Act, sanctioned and brought into force by the Central Government under sub-section (*7*) of section 45 of that Act of any asset by the banking company to the banking institution].]

[2]*          *          *          *          *

[3]*          *          *          *          *

[4][(*2*) Where, in the assessment of the assessee, full effect cannot be given to any allowance under sub-section (*1*) in any previous year, owing to there being no profits or gains chargeable for that previous year, or owing to the profits or gains chargeable being less than the allowance, then, subject to the provisions of sub-section (*2*) of section 72 and sub-section (*3*) of section 73, the allowance or the part of the allowance to which effect has not been given, as the case may be, shall be added to the amount of the allowance for depreciation for the following previous year and deemed to be part of that allowance, or if there is no such allowance for that previous year, be deemed to be the allowance for that previous year, and so on for the succeeding previous years.]

---

1. Subs. by Act 18 of 2005, s. 8, for "an Indian Company" (w.e.f. 1-4-2005).

2. Clauses (*iv*), (*v*) and (*vi*) omitted by Act 46 of 1986, s. 5 (w.e.f. 1-4-1988).

3. Sub-section (*1A*) omitted by s. 5, *ibid*. (w.e.f. 1-4-1988).

4. Subs. by Act 14 of 2001, s. 21, for sub-section (*2*) (w.e.f. 1-4-2002).

[1][**32A. Investment allowance**.—(*1*) In respect of a ship or an aircraft or machinery or plant specified in sub-section (*2*), which is owned by the assessee and is wholly used for the purposes of the business carried on by him, there shall, in accordance with and subject to the provisions of this section, be allowed a deduction, in respect of the previous year in which the ship or aircraft was acquired or the machinery or plant was installed or, if the ship, aircraft, machinery or plant is first put to use in the immediately succeeding previous year, then,. in respect of that previous year, of a sum by way of investment allowance equal to twenty-five per cent.. of the actual cost of the ship, aircraft, machinery or plant to the assessee:

[2][Provided that in respect of a ship or an aircraft or machinery or plant specified in sub-section (*8B*), this sub-section shall have effect as if for the words "twenty-five per cent.", the words "twenty per cent." had been substituted:

Provided further that] no deduction shall be allowed under this section in respect of—

(*a*) any machinery or plant installed in any office premises or any residential accommodation, including any accommodation in the nature of a guest-house ;

(*b*) anyoffice appliances or road transport vehicles;

(*c*) any ship, machinery or plant in respect of which the deduction by way of development rebate is allowable under section 33; and

(*d*) any machinery or plant, the whole of the actual cost of which is allowed as a deduction (whether by way of depreciation or otherwise) in computing the income chargeable under the head "Profits and gains of business or profession" of any one previous year.

[2][*Explanation*.—For the purposes of this sub-section, "actual cost" means the actual cost of the ship, aircraft, machinery or plant to the assessee as reduced by that part of such cost which has been met out of the amount released to the assessee under sub-section (*6*) of section 32AB.]

(*2*) The ship or aircraft or machinery or plant referred to in sub-section (*1*) shall be the following, namely:—

(*a*) a new ship or new aircraft acquired after the 31st day of March, 1976, by an assessee engaged in the business of operation of ships or aircraft ;

(*b*) any new machinery or plant installed after the 31st day of March, 1976,—

(*i*) for the purposes of business of generation or distribution of electricity or any other form of power; or

[3][(*ii*) in a small-scale industrial undertaking for the purposes of business of manufacture or production of any article or thing ; or

(*iii*) in any other industrial undertaking for the purposes of business of construction, manufacture or productionof any article or thing, not being an article or thing specified in the list in the Eleventh Schedule:]

[2][Provided that nothing contained in clauses (*a*) and (*b*) shall apply in relation to,—

(*i*) a new ship or new aircraft acquired, or

1. Ins. by Act 66 of 1976, s. 8 (w.e.f. 1-4-1976).
2. Ins. by Act 3 of 1989, s. 6 (w.e.f. 1-4-1989).
3. Subs. by Act 29 of 1977, s. 9, for sub-clauses (*ii*) and (*iii*) (w.e.f. 1-4-1978).

(*ii*) any new machinery or plant installed,

after the 31st day of March, 1987 but before the 1st day of April, 1988, unless such ship or aircraft is acquired or such machinery or plant is installed in the circumstances specified in clause (*a*) of sub-section (*8B*) and the assessee furnishes evidence to the satisfaction of the Assessing Officer as specified in that clause;]

[1][(*c*) any new machinery or plant installed after the 31st day of March, 1983, but before the [2][1st day of April, 1987,] for the purposes of business of repairs to ocean-going vessels or other powered craft if the business is carried on by an Indian company and the business so carried on is for the time being approved for the purposes of this clause by the Central Government.]

*Explanation.*—For the purposes of [3][this sub-section and sub-sections (*2B*), (*2C*) and (*4*)],—

[4][(*1*) (*a*) "new ship" or "new aircraft" includes a ship or aircraft which before the date of acquisition by the assessee was used by any other person, if it was not at any time previous to the date of such acquisition owned by any person resident in India;

(*b*) "new machinery or plant" includes machinery or plant which before its installation by the assessee was used outside India by any other person, if the following conditions are fulfilled, namely:—

(*i*) such machinery or plant was not, at any time previous to the date of such installation by the assessee, used in India;

(*ii*) such machinery or plant is imported into India from any country outside India; and

(*iii*) no deduction on account of depreciation in respect of such machinery or plant has been allowed or is allowable under the provisions of the Indian Income-tax Act, 1922 (11 of 1922), or this Act in computing the total income of any person for any period prior to the date of the installation of the machinery or plant by the assessee,]

(*2*) an industrial undertaking shall be deemed to be a small-scale industrial undertaking, if the aggregate value of the machinery and plant (other than tools, jigs, dies and moulds) installed, as on the last day of the previous year, for the purposes of [5][the business of the undertaking does not exceed,—

[6][(*i*) in a case where the previous year ends before the 1st day of August, 1980, ten lakh rupees;

(*ii*) in a case where the previous year ends after the 31st day of July, 1980, but before the 18th day of March, 1985, twenty lakh rupees; and

(*iii*) in a case where the previous year ends after the 17th day of March, 1985, thirty-five lakh rupees,]]

and for this purpose the value of any machinery or plant shall be,—

(*a*) in the case of any machinery or plant owned by the assessee, the actual cost thereof to the assessee; and

---

1. Ins. by Act 11 of 1983, s. 11 (w.e.f. 1-4-1984).
2. Subs. by Act 23 of 1986, s. 7, for "1st day of April, 1988," (w.e.f. 1-4-1987).
3. Subs. by Act 11 of 1983, s. 11, for "this sub-section and sub-sections (*2B*) and (*4*)" (w.e.f. 1-6-1983).
4. Subs. by Act 46 of 1986, s. 32, for clause (*1*) (w.e.f. 1-4-1988).
5. Subs. by Act 16 of 1981, s. 5, for certain words (w.e.f. 1-4-1981).
6. Subs.by Act 23 of 1986, s. 7, for sub-clause (*i*) (w.e.f. 1-4-1985).

(*b*) in the case of any machinery or plant hired by the assessee, the actual cost thereof as in the case of the owner of such machinery or plant.

[1][(*2A*) The deduction under sub-section (*1*) shall not be denied in respect of any machinery or plant installed and used mainly for the purposes of business of construction, manufacture or production of any article or thing, not being an article or thing specified in the list in the Eleventh Schedule, by reason only that such machinery or plant is also used for the purposes of business of construction, manufacture or production of any article or thing specified in the said list.

(*2B*) Where any new machinery or plant is installed after the 30th day of June, 1977, [2][but before the 1st day of April, 1987], for the purposes of business of manufacture or production of any article or thing and such article or thing—

(*a*) is manufactured or produced by using any technology (including any process) or other know how developed in, or

(*b*) is an article or thing invented in,

a laboratory owned or financed by the Government, or a laboratory owned by a public sector company or a University or by an institution recognised in this behalf by the prescribed authority,the provisions of sub-section (*1*) shall have effect in relation to such machinery or plant as if for the words "twenty-five per cent..", the words "thirty-five per cent.." had been substituted, if the following conditions are fulfilled, namely:—

(*i*) the right to use such technology (including any process) or other know-how or to manufacture or produce such article or thing has been acquired from the owner of such laboratory or any person deriving title from such owner ;

(*ii*) the assessee furnishes, along with his return of income for the assessment year for which the deduction is claimed, a certificate from the prescribed authority to the effect that such article or thing is manufactured or produced by using such technology (including any process) or other knowhow developed in such laboratory or is an article or thing invented in such laboratory; and

(*iii*) the machinery or plant is not used for the purpose of business of manufacture or production of any article or thing specified in the list in the Eleventh Schedule.

*Explanation*.—For the purposes of this sub-section,—

(*a*) "laboratory financed by the Government" means a laboratory owned by any body including a society registered under the Societies Registration Act, 1860 (21 of 1860) and financed wholly or mainly by the Government;

[3]*          *          *          *          *

(*c*) "University" means a University established or incorporated by or under a Central, State or Provincial Act and includes an institution declared under section 3 of the University Grants Commission Act, 1956 (3 of 1956) to be a University for the purposes of that Act.]

[4][(*2C*) Where any new machinery or plant, being machinery or plant which would assist in control of pollution or protection of environment and which has been notified in this behalf by the Central Government in the Official Gazette, is installed after the 31st day of May, 1983 but

---

1. Ins. by Act 29 of 1977, s. 9 (w.e.f. 1-4-1978).
2. Subs. by Act 14 of 1982, s. 8, for "but before the 1st day of April, 1982" (w.e.f. 1-4-1982).
3. Clause (*b*) omitted by Act 11 of 1987, s. 74 (w.e.f. 1-4-1987).
4. Ins. by Act 11 of 1983, s. 11 (w.e.f. 1-6-1983).

before the 1st day of April, 1987, in any industrial undertaking referred to in sub-clause (*i*) or sub-clause (*ii*) or sub-clause (*iii*) of clause (*b*) of sub-section (*2*), the provisions of sub-section (*1*) shall have effect in relation to such machinery or plant as if for the words "twenty-five per cent.", the words "thirty-five per cent.." had been substituted.]

(*3*) Where the total income of the assessee assessable for the assessment year relevant to the previous year in which the ship or aircraft was acquired or the machinery or plant was installed, or, as the case may be, the immediately succeeding previous year (the total income for this purpose being computed after deduction of the allowances under  section 33 and section 33A, but without making any deduction under sub-section (*1*) of this section or any deduction under Chapter VI-A) is nil or is less than the full amount of the investment allowance,—

(*i*) the sum to be allowed by way of investment allowance for that assessment year under sub-section (*1*) shall be only such amount as is sufficient to reduce the said total income to nil; and

(*ii*) the amount of the investment allowance, to the extent to which it has not been allowed as aforesaid, shall be carried forward to the following assessment year, and the investment allowance to be allowed for the following assessment year shall be such amount as is sufficient to reduce the total income of the assessee assessable for that assessment year, computed in the manner aforesaid, to nil, and the balance of the investment allowance, if any, still outstanding shall be carried forward to the following assessment year and so on, so, however, that no portion of the investment allowance shall be carried forward for more than eight assessment years immediately succeeding the assessment year relevant to the previous year in which the ship or aircraft was acquired or the machinery or plant was installed or, as the case may be, the immediately succeeding previous year.

*Explanation*.—Where for any assessment year, investment allowance is to be allowed in accordance with the provisions of this sub-section in respect of any ship or aircraft acquired or any machinery or plant installed in more than one previous year, and the total income of the assessee assessable for that assessment year (the total income for this purpose being computed after deduction of the allowances under  section 33 and section 33A, but without making any deduction under sub-section (*1*) of this section or any deduction under Chapter VI-A) is less than the aggregate of the amounts due to be allowed in respect of the assets aforesaid for that assessment year, the following procedure shall be followed,  namely:—

(*a*) the allowance under clause (*ii*) shall be made before any allowance under clause (*i*) is made; and

(*b*) where an allowance has to be made under clause (*ii*) in respect of amounts carried forward from more than one assessment year, the amount carried forward from an earlier assessment year shall be allowed before any amount carried forward from a later assessment year.

(*4*)  The deduction under sub-section (*1*) shall be allowed only if the following conditions are fulfilled, namely:—

(*i*) the particulars prescribed in this behalf have been furnished by the assessee in respect of the ship or aircraft or machinery or plant;

(*ii*) an amount equal to seventy-five per cent. of the investment allowance to be actually allowed is debited to the profit and loss account of [1][any previous year in respect of which the deduction is to be allowed under sub-section (*3*) or any earlier previous year (being a previous year not earlier than the year in which the ship or aircraft was acquired or the

_____
1. Subs. by Act 12 of 1990, s. 7, for "the previous year in respect of which the deduction is to be allowed" (w.e.f. 1-4-1976).

157

machinery or plant was installed or the ship, aircraft, machinery or plant was first put to use)] and credited to a reserve account (to be called the "Investment Allowance Reserve Account") to be utilised—

    (*a*) for the purposes of acquiring, before the expiry of a period of ten years next following the previous year in which the ship or aircraft was acquired or the machinery or plant was installed, a new ship or a new aircraft or new machinery or plant [other than machinery or plant of the nature referred to in clauses (*a*), (*b*) and (*d*) of [1][the second proviso] to sub-section (*1*)] for the purposes of the business of the undertaking; and

    (*b*) until the acquisition of a new ship or a new aircraft or new machinery or plant as aforesaid, for the purposes of the business of the undertaking other than for distribution by way of dividends or profits or for remittance outside India as profits or for the creation of any asset outside India:

    Provided that this clause shall have effect in respect of a ship as if for the word "seventy-five", the word "fifty" had been substituted.

*Explanation*.—Where the amount debited to the profit and loss account and credited to the Investment Allowance Reserve Account under this sub-section is not less than the amount required to be so credited on the basis of the amount of deduction in respect of investment allowance claimed in the return made by the assessee under section 139, but a higher deduction in respect of the investment allowance is admissible on the basis of the total income as proposed to be computed by the [2][Assessing Officer] under section 143, the [2][Assessing Officer] shall, by notice in writing in this behalf, allow the assessee an opportunity to credit within the time specified in the notice or within such further time as the [2][Assessing Officer] may allow, a further amount to the Investment Allowance Reserve Account out of the profits and gains of the previous year in which such notice is served on the assessee or of the immediately preceding previous year, if the accounts for that year have not been made up; and, if the assessee credits any further amount to such account within the time aforesaid, the amount so credited shall be deemed to have been credited to the Investment Allowance Reserve Account of the previous year in which the deduction is admissible and such amount shall not be taken into account in determining the adequacy of the reserve required to be created by the assessee in respect of the previous year in which such further credit is made:

Provided that such opportunity shall not be allowed by the [2][Assessing Officer] in a case where the difference in the total income as proposed to be computed by him and the total income as returned by the assessee arises out of the application of the proviso to sub-section (*1*) of section 145 or sub-section (*2*) of that section or the omission by the assessee to disclose his income fully and truly.

    (*5*) Any allowance made under this section in respect of any ship, aircraft, machinery or plant shall be deemed to have been wrongly made for the purposes of this Act—

    (*a*) if the ship, aircraft, machinery or plant is sold or otherwise transferred by the assessee to any person at any time before the expiry of eight years from the end of the previous year in which it was acquired or installed; or

    (*b*) if at any time before the expiry of ten years from the end of the previous year in which the ship or aircraft was acquired or the machinery or plant was installed, the assessee does not utilise the amount credited to the reserve account under sub-section (*4*) for the purposes of acquiring a new ship or a new aircraft or new machinery or plant [other than

---

1. Subs. by Act 3 of 1989, s. 6, for "the proviso" (w.e.f. 1-4-1989).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

machinery or plant of the nature referred to in clauses (*a*), (*b*) and (*d*) of [1][the second proviso] to sub-section (*1*)] for the purposes of the business of the undertaking; or

(*c*) if at any time before the expiry of the ten years aforesaid, the assessee utilises the amount credited to the reserve account under sub-section (*4*) for distribution by way of dividends or profits or for remittance outside India as profits or for the creation of any assets outside India or for any other purpose which is not a purpose of the business of the undertaking,

and the provisions of sub-section (*4A*) of section 155 shall apply accordingly:

Provided that nothing in clause (*a*) shall apply—

(*i*) where the ship, aircraft, machinery or plant is sold or otherwise transferred by the assessee to the Government, a local authority, a corporation established by a Central, State or Provincial Act or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956); or

(*ii*) where the sale or transfer of the ship, aircraft, machinery or plant is made in connection with the amalgamation or succession, referred to in sub-section (*6*) or sub-section (*7*).

(*6*) Where, in a scheme of amalgamation, the amalgamating company sells or otherwise transfers to the amalgamated company any ship, aircraft, machinery or plant, in respect of which investment allowance has been allowed to the amalgamating company under sub-section (*1*),—

(*a*) the amalgamated company shall continue to fulfil the conditions mentioned in sub-section (*4*) in respect of the reserve created by the amalgamating company and in respect of the period within which such ship, aircraft, machinery or plant shall not be sold or otherwise transferred and in default of any of these conditions, the provisions of sub-section (*4A*) of section 155 shall apply to the amalgamated company as they would have applied to the amalgamating company had it committed the default; and

(*b*) the balance of investment allowance, if any, still outstanding to the amalgamating company in respect of such ship, aircraft, machinery or plant, shall be allowed to the amalgamated company in accordance with the provisions of sub-section (*3*), so, however, that the total period for which the balance of investment allowance shall be carried forward in the assessments of the amalgamating company and the amalgamated company shall not exceed the period of eight years specified in sub-section (*3*) and the amalgamated company shall be treated as the assessee in respect of such ship, aircraft, machinery or plant for the purposes of this section.

(*7*) Where a firm is succeeded to by a company in the business carried on by it as a result of which the firm sells or otherwise transfers to the company any ship, aircraft, machinery or plant, the provisions of clauses (*a*) and (*b*) of sub-section (*6*) shall, so far as may be, apply to the firm and the company.

*Explanation*.—The provisions of this sub-section shall apply only where—

(*i*) all the property of the firm relating to the business immediately before the succession becomes the property of the company;

---

1. Subs. by Act 3 of 1989, s. 6, for "the proviso" (w.e.f. 1-4-1989).

(*ii*) all the liabilities of the firm relating to the business immediately before the succession become the liabilities of the company; and

(*iii*) all the shareholders of the company were partners of the firm immediately before the succession.

(*8*) The Central Government, if it considers necessary or expedient so to do, may, by notification in the Official Gazette, direct that the deduction allowable under this section shall not be allowed in respect of any ship or aircraft acquired or any machinery or plant installed after such date [1]*** as may be specified therein.

[2][(*8A*) The Central Government, if it considers necessary or expedient so to do, may, by notification in the Official Gazette, omit any article or thing from the list of articles or things specified in the Eleventh Schedule.]

[3][(*8B*) Notwithstanding anything contained in sub-section (*8*) or the notification of the Government of India in the Ministry of Finance (Department of Revenue) No. GSR 870(E), dated the 12th June, 1986, issued thereunder, the provisions of this section shall apply in respect of,—

(*a*) (*i*) a new ship or new aircraft acquired after the 31st day of March, 1987 but before the 1st day of April, 1988, if the assessee furnishes evidence to the satisfaction of the Assessing Officer that he had, before the 12th day of June, 1986, entered into a contract for the purchase of such ship or aircraft with the builder or manu-facturer or owner thereof, as the case may be;

(*ii*) any new machinery or plant installed after the 31st day of March, 1987 but before the 1st day of April, 1988, if the assessee furnishes evidence to the satisfaction of the Assessing Officer that before the 12th day of June, 1986, he had purchased such machinery or plant or had entered into a contract for the purchase of such machinery or plant with the manufacturer or owner of, or a dealer in, such machinery or plant, or had, where such machinery or plant has been manufactured in an undertaking owned by the assessee, taken steps for the manufacture of such machinery or plant:

Provided that nothing contained in sub-section (*1*) shall entitle the assessee to claim deduction in respect of a ship or aircraft or machinery or plant referred to in this clause in any previous year except the previous year relevant to the assessment year commencing on the 1st day of April, 1989;

(*b*)   a new ship or new aircraft acquired or any new machinery or plant installed after the 31st day of March, 1988, but before such date as the Central Government, if it considers necessary or expedient so to do, may, by notification in the Official Gazette, specify in this behalf.

(*8C*) Subject to the provisions of clause (*ii*) of sub-section (*3*), where a deduction has been allowed to an assessee under sub-section (*1*) in any assessment year, no deduction shall be allowed to the assessee under section 32AB in the said assessment year (hereinafter referred to as the initial assessment year) and a block of further period of four years beginning with the assessment year immediately succeeding the initial assessment year.]

[4]*          *          *          *          *

---

1. The words ", not being earlier than three years from the date of such notification," omitted by Act 23 of 1986, s. 7 (w.e.f. 1-4-1986).
2. Ins. by Act 29 of 1977, s. 9 (w.e.f. 1-4-1978).
3. Subs. by Act 3 of 1989, s. 6, for sub-section (*8B*) (w.e.f. 1-4-1989).
4. Sub-section (*9*) omitted by Act 12 of 1990, s. 7 (w.e.f. 1-4-1976).

[1][**32AB. Investment deposit account.**—(*1*) Subject to the other provisions of this section, where an assessee, whose total income includes income chargeable to tax under the head "Profits and gains of business or profession", has, out of such income,—

(*a*) deposited any amount in an account (hereafter in this section referred to as deposit account) maintained by him with the Development Bank before the expiry of six months from the end of the previous year or before furnishing the return of his income, whichever is earlier; or

(*b*) utilised any amount during the previous year for the purchase of any new ship, new aircraft, new machinery or plant, without depositing any amount in the deposit account under clause (*a*),

in accordance with, and for the purposes specified in, a scheme (hereafter in this section referred to as the scheme) to be framed by the Central Government, or if the assessee is carrying on the business of growing and manufacturing tea in India, to be approved in this behalf by the Tea Board, the assessee shall be allowed a [2][deduction (such deduction being allowed before the loss, if any, brought forward from earlier years is set off under section 72) of]—

(*i*) a sum equal to the amount, or the aggregate of the amounts, so deposited and any amount so utilised; or

(*ii*) a sum equal to twenty per cent. of the profits of [3]*** business or profession as computed in the accounts of the assessee audited in accordance with sub-section (*5*),

whichever is less:

[4][Provided that where such assessee is a firm, or any association of persons or any body of individuals, the deduction under this section shall not be allowed in the computation of the income of any partner, or as the case may be, any member of such firm, association of persons or body of individuals:]

[5][Provided further that no such deduction shall be allowed in relation to the assessment year commencing on the 1st day of April, 1991, or any subsequent assessment year.]

(*2*) For the purposes of this section,—

[6]*         *         *         *         *

[7][(*ii*) "new ship" or "new aircraft" includes a ship or aircraft which before the date of acquisition by the assessee was used by any other person, if it was not at any time previous to the date of such acquisition owned by any person resident in India;

(*iii*) "new machinery or plant" includes machinery or plant which before its installation by the assessee was used outside India by any other person, if the following conditions are fulfilled, namely :—

(*a*) such machinery or plant was not, at any time previous to the date of such installation by the assessee, used in India;

(*b*) such machinery or plant is imported into India from any country outside India; and

(*c*) no deduction on account of depreciation in respect of such machinery or plant has been allowed or is allowable under this Act in computing the total income of any person for any period prior to the date of the installation of the machinery or plant by the assessee;

---

1. Ins. by Act 23 of 1986, s. 8 (w.e.f. 1-4-1987).
2. Subs. by Act 11 of 1987, s. 7, for "deduction of" (w.e.f. 1-4-1987).
3. The word "eligible" omitted by Act 13 of 1989, s. 7 (w.e.f. 1-4-1991).
4. Ins. by Act 11 of 1987, s. 7 (w.e.f. 1-4-1987).
5. Ins. by Act 12 of 1990, s. 8 (w.e.f. 1-4-1990).
6. Clause (*i*) omitted by Act 13 of 1989, s. 7 (w.e.f. 1-4-1991).
7. Subs. by Act 11 of 1987, s. 7 for clause (*ii*) (w.e.f. 1-4-1987).

(*iv*) "Tea Board" means the Tea Board established under section 4 of the Tea Act, 1953 (29 of 1953).]

(*3*) [1][The profits of business or profession of an assessee for the purposes of sub-section (*1*) shall] be an amount arrived at after deducting an amount equal to the depreciation computed in accordance with the provisions of sub-section (*1*) of section 32 from the amounts of profits computed in accordance with the requirements of Parts II and III of the [2][Schedule VI] to the Companies Act, 1956 (1 of 1956), [3][as increased by the aggregate of—

(*i*) the amount of depreciation;

(*ii*) the amount of income-tax paid or payable, and provision therefor;

(*iii*) the amount of surtax paid or payable under the Companies (Profits) Surtax Act, 1964 (7 of 1964);

(*iv*) the amounts carried to any reserves, by whatever name called;

(*v*) the amount or amounts set aside to provisions made for meeting liabilities, other than ascertained liabilities;

(*vi*) the amount by way of provision for losses of subsidiary companies; and

(*vii*) the amount or amounts of dividends paid or proposed,

if any debited to the profit and loss account; and as reduced by any amount or amounts withdrawn from reserves or provisions, if such amounts are credited to the profit and loss account [4]***.]

[5]*          *          *          *          *

(*4*) No deduction under sub-section (*1*) shall be allowed in respect of any amount utilised for the purchase of—

(*a*) any machinery or plant to be installed in any office premises or residential accommodation, including any accommodation in the nature of a guest-house;

(*b*) any office appliances (not being computers);

(*c*) any road transport vehicles;

(*d*) any machinery or plant, the whole of the actual cost of which is allowed as a deduction (whether by way of depreciation or otherwise) in computing the income chargeable under the head "Profits and gains of business or profession" of any one previous year;

[6][(*e*) any new machinery or plant to be installed in an industrial undertaking, other than a small-scale industrial undertaking, as defined in section 80HHA, for the purposes of business of construction, manufacture or production of any article or thing specified in the list in the Eleventh Schedule.]

(*5*) The deduction under sub-section (*1*) shall not be admissible unless the accounts of the business or profession of the assessee for the previous year relevant to the assessment year for which the deduction is claimed have been audited by an accountant as defined in the Explanation below sub-section (*2*) of section 288 and the assessee furnishes, along with his return of income, the report of such audit in the prescribed form duly signed and verified by such accountant:

---

1. Subs. by Act 13 of 1989, s. 7, for certain words (w.e.f. 1-4-1991).
2. Subs. by s. 7, *ibid.,* for "Sixth Schedule" (w.e.f. 1-4-1991).
3. Subs. by Act 11 of 1987, s. 7, for certain words (w.e.f. 1-4-1987).
4. The word "and" omitted by Act 13 of 1989, s. 7 (w.e.f. 1-4-1991).
5. Clause (*b*) omitted by s. 7, *ibid.* (w.e.f. 1-4-1991).
6. Ins. by s. 7, *ibid.* (w.e.f. 1-4-1991).

Provided that in a case where the assessee is required by or under any other law to get his accounts audited, it shall be sufficient compliance with the provisions of this sub-section if such assessee gets the accounts of such business or profession audited under such law and furnishes the report of the audit as required under such other law and a further report in the form prescribed under this sub-section.

[1][(*5A*) Any amount standing to the credit of the assessee in the deposit account shall not be allowed to be withdrawn before the expiry of a period of five years from the date of deposit except for the purposes specified in the [2][scheme or] in the circumstances specified below :—

    (*a*) closure of business;

    (*b*) death of an assessee;

    (*c*) partition of a Hindu undivided family;

    (*d*) dissolution of a firm;

    (*e*) liquidation of a company.

[3][*Explanation.*—For the removal of doubts, it is hereby declared that nothing contained in this sub-section shall affect the operation of the provisions of sub-section (*5AA*) or sub-section (*6*) in relation to any withdrawals made from the deposit account either before or after the expiry of a period of five years from the date of deposit.]

[3][(*5AA*) Where any amount, standing to the credit of the assessee in the deposit account, is withdrawn during any previous year by the assessee in the circumstance specified in clause (*a*) or clause (*d*) of sub-section (*5A*), the whole of such amount shall be deemed to be the profits and gains of business or profession of that previous year and shall accordingly be chargeable to income-tax as the income of that previous year, as if the business had not closed or, as the case may be, the firm had not been dissolved.]

(*5B*) Where any amount standing to the credit of the assessee in the deposit account is utilised by the assessee for the purposes of any expenditure in connection with the [4]*** business or profession in accordance with the scheme, such expenditure shall not be allowed in computing the income chargeable under the head "Profits and gains of business or profession".]

(*6*) Where any amount, standing to the credit of the assessee in the deposit account, released during any previous year by the Development Bank for being utilised by the assessee for the purposes specified in the scheme or at the closure of the account [5][in circumstances other than the circumstances specified in clauses (*b*), (*c*) and (*e*) of sub-section (*5A*)], [6][is not utilised in accordance with and within the time specified in, the scheme], either wholly or in part, [7]*** the whole of such amount or, as the case may be, part thereof which is not so utilised shall be deemed to be the profits and gains of business or profession of that previous year and shall accordingly be chargeable to income-tax as the income of that previous year.

(*7*) Where any asset acquired in accordance with the scheme is sold or otherwise transferred in any previous year by the assessee to any person at any time before the expiry of eight years from the end of the previous year in which it was acquired, such part of the cost of such asset as is relatable to the deductions allowed under sub-section (*1*) shall be deemed to be the profits and gains of business or profession of the previous year in which the asset is sold or otherwise transferred and shall accordingly be chargeable to income-tax as the income of that previous year:

---

1. Ins. by Act 11 of 1987, s. 7 (w.e.f. 1-4-1987).
2. Subs. by Act 13 of 1989, s. 7, for "scheme and" (w.e.f. 1-4-1987).
3. Ins. by s. 7, *ibid*. (w.e.f. 1-4-1987).
4. The word "eligible" omitted by s. 7, *ibid*. (w.e.f. 1-4-1991).
5. Ins. by s. 7, *ibid*. (w.e.f. 1-4-1987).
6. Subs. by Act 11 of 1987, s. 7 for "is not utilised in accordance with the scheme" (w.e.f. 1-4-1987).
7. The words "within the previous year" omitted by s. 7, *ibid*. (w.e.f 1-4-1987).

Provided that nothing in this sub-section shall apply—

(*i*) where the asset is sold or otherwise transferred by the assessee to Government, a local authority, a corporation established by or under a Central, State or Provincial Act or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956); or

(*ii*) where the sale or transfer of the asset is made in connection with the succession of a firm by a company in the business or profession carried on by the firm as a result of which the firm sells or otherwise transfers to the company any asset and the scheme continues to apply to the company in the manner applicable to the firm.

*Explanation.*—The provisions of clause (*ii*) of the proviso shall apply only where—

(*i*) all the properties of the firm relating to the business or profession immediately before the succession become the properties of the company;

(*ii*) all the liabilities of the firm relating to the business or profession immediately before the succession become the liabilities of the company; and

(*iii*) all the shareholders of the company were partners of the firm immediately before the succession.

(*8*) The Central Government may, if it considers it necessary or expedient so to do, by notification in the Official Gazette, omit any article or thing from the list of articles or things specified in the Eleventh Schedule.

(*9*) The Central Government may, after making such inquiry as it may think fit, direct, by notification in the Official Gazette, that the provisions of this section shall not apply to any class of assessees, with effect from such date as it may specify in the notification.

[1][(*10*) Where a deduction has been allowed to an assessee under this section in any assessment year, no deduction shall be allowed to the assessee under sub-section (*1*) of section 32A in the said assessment year (hereinafter referred to as the initial assessment year) and a block of further period of four years beginning with the assessment year immediately succeeding the initial assessment year.]

*Explanation.*—In this section,—

(*a*) "computers" does not include calculating machines and calculating devices;

(*b*) "Development Bank" means—

(*i*) in the case of an assessee carrying on business of growing and manufacturing tea in India, the National Bank for Agriculture and Rural Development established under section 3 of the National Bank for Agriculture and Rural Development Act, 1981 (61 of 1981);

(*ii*) in the case of other assessees, the Industrial Development Bank of India established under the Industrial Development Bank of India Act, 1964 (18 of 1964) and includes such bank or institution as may be specified in the scheme in this behalf.

---

1. Subs. by Act 3 of 1989, s. 7, for sub-section (*10*) (w.e.f. 1-4-1989).

[1][**32AC. Investment in new plant or machinery.**—(*1*) Where an assessee, being a company, engaged in the business of manufacture or production of any article or thing, acquires and installs new asset after the 31st day of March, 2013 but before the 1st day of April, 2015 and the aggregate amount of actual cost of such new assets exceeds one hundred crore rupees, then, there shall be allowed a deduction,—

(*a*) for the assessment year commencing on the 1st day of April, 2014, of a sum equal to fifteen per cent. of the actual cost of new assets acquired and installed after the 31st day of March, 2013 but before the 1st day of April, 2014, if the aggregate amount of actual cost of such new assets exceeds one hundred crore rupees; and

(*b*) for the assessment year commencing on the 1st day of April, 2015, of a sum equal to fifteen per cent. of the actual cost of new assets acquired and installed after the 31st day of March, 2013 but before the 1st day of April, 2015, as reduced by the amount of deduction allowed, if any, under clause (*a*).

[2][(*1A*) Where an assessee, being a company, engaged in the business of manufacture or production of any article or thing, acquires and installs new assets and the amount of actual cost of such new assets [3][acquired during any previous year exceeds twenty-five crore rupees and such assets are installed on or before the 31st day of March, 2017], then, there shall be allowed a deduction of a sum equal to fifteen per cent. of the actual cost of such new assets for the assessment year relevant to that previous year:

[4][Provided that where the installation of the new assets are in a year other than the year of acquisition, the deduction under this sub-section shall be allowed in the year in which the new assets are installed:]

[5][Provided further that] no deduction under this sub-section shall be allowed for the assessment year commencing on the 1st day of April, 2015 to the assessee, which is eligible to claim deduction under sub-section (*1*) for the said assessment year.

(*1B*) No deduction under sub-section (*1A*) shall be allowed for any assessment year commencing on or after the 1st day of April, 2018.]

(*2*) If any new asset acquired and installed by the assessee is sold or otherwise transferred, except in connection with the amalgamation or demerger, within a period of five years from the date of its installation, the amount of deduction allowed under sub-section (*1*) [6][or sub-section (*1A*)] in respect of such new asset shall be deemed to be the income of the assessee chargeable under the head "Profits and gains of business or profession" of the previous year in which such new asset is sold or otherwise transferred, in addition to taxability of gains, arising on account of transfer of such new asset.

(*3*) Where the new asset is sold or otherwise transferred in connection with the amalgamation or demerger within a period of five years from the date of its installation, the provisions of sub-section (*2*) shall apply to the amalgamated company or the resulting company, as the case may be, as they would have applied to the amalgamating company or the demerged company.

(*4*) For the purposes of this section, "new asset" means any new plant or machinery (other than ship or aircraft) but does not include—

(*i*) any plant or machinery which before its installation by the assessee was used either within or outside India by any other person;

(*ii*) any plant or machinery installed in any office premises or any residential accommodation, including accommodation in the nature of a guest house;

---

1. Ins. by Act 17 of 2013, s. 6 (w.e.f. 1-4-2014).
2. Ins. by Act 25 of 2014, s. 11 (w.e.f. 1-4-2015).
3. Subs. by Act 28 of 2016, s. 14, for "acquired and installed during any previous year exceeds twenty-five crore rupees" (w.e.f. 1-4-2016).
4. The proviso inserted by s. 14, *ibid.* (w.e.f. 1-4-2016).
5. Subs. by s. 14, *ibid.*, for "Provided that" (w.e.f. 1-4-2016).
6. Ins. by Act 25 of 2014, s. 11 (w.e.f. 1-4-2015).

(*iii*) any office appliances including computers or computer software;

(*iv*) any vehicle; or

(*v*) any plant or machinery, the whole of the actual cost of which is allowed as deduction (whether by way of depreciation or otherwise) in computing the income chargeable under the head "Profits and gains of business or profession" of any previous year.]

[1][**32AD. Investment in new plant or machinery in notified backward areas in certain States.**— (*1*) Where an assessee, sets up an undertaking or enterprise for manufacture or production of any article or thing, on or after the 1st day of April, 2015 in any backward area notified by the Central Government in this behalf, in the State of Andhra Pradesh or in the State of Bihar or in the State of Telangana or in the State of West Bengal, and acquires and installs any new asset for the purposes of the said undertaking or enterprise during the period beginning on the 1st day of April, 2015 and ending before the 1st day of April, 2020 in the said backward area, then, there shall be allowed a deduction of a sum equal to fifteen per cent. of the actual cost of such new asset for the assessment year relevant to the previous year in which such new asset is installed.

(*2*) If any new asset acquired and installed by the assessee is sold or otherwise transferred, except in connection with the amalgamation or demerger or re-organisation of business referred to in clause (*xiii*) or clause (*xiiib*) or clause (*xiv*) of section 47, within a period of five years from the date of its installation, the amount of deduction allowed under sub-section (*1*) in respect of such new asset shall be deemed to be the income of the assessee chargeable under the head "Profits and gains of business or profession" of the previous year in which such new asset is sold or otherwise transferred, in addition to taxability of gains, arising on account of transfer of such new asset.

(*3*) Where the new asset is sold or otherwise transferred in connection with the amalgamation or demerger or re-organisation of business referred to in clause (*xiii*) or clause (*xiiib*) or clause (*xiv*) of section 47 within a period of five years from the date of its installation, the provisions of sub-section (*2*) shall apply to the amalgamated company or the resulting company or the successor referred to in clause (*xiii*) or clause (*xiiib*) or clause (*xiv*) of section 47, as the case may be, as they would have applied to the amalgamating company or the demerged company or the predecessor referred to in clause (*xiii*) or clause (*xiiib*) or clause (*xiv*) of section 47.

(*4*) For the purposes of this section, "new asset" means any new plant or machinery (other than a ship or aircraft) but does not include—

(*a*) any plant or machinery, which before its installation by the assessee, was used either within or outside India by any other person;

(*b*) any plant or machinery installed in any office premises or any residential accommodation, including accommodation in the nature of a guest house;

(*c*) any office appliances including computers or computer software;

(*d*) any vehicle; or

(*e*) any plant or machinery, the whole of the actual cost of which is allowed as deduction (whether by way of depreciation or otherwise) in computing the income chargeable under the head "Profits and gains of business or profession" of any previous year.]

---

1. Ins. by Act 20 of 2015, s. 11 (w.e.f. 1-4-2016).

**33. Development rebate.**—[1][(*1*) (*a*) In respect of a new ship or new machinery or plant (other than office appliances or road transport vehicles) which is owned by the assessee and is wholly used for the purposes of the business carried on by him, there shall, in accordance with and subject to the provisions of this section and of section 34, be allowed a deduction, in respect of the previous year in which the ship was acquired or the machinery or plant was installed or, if the ship, machinery or plant is first put to use in the immediately succeeding previous year, then, in respect of that previous year, a sum by way of development rebate as specified in clause (*b*).

(*b*)   The sum referred to in clause (a) shall be—

(*A*) in the case of a ship, forty per cent. of the actual cost thereof to the assessee;

(*B*) in the case of machinery or plant,—

(*i*) where the machinery or plant is installed for the purposes of business of construction, manufacture or production of any one or more of the articles or things specified in the list in the Fifth Schedule,—

(*a*) thirty-five per cent. of the actual cost of the machinery or plant to the assessee, where it is installed before the 1st day of April, 1970, and

(*b*) twenty-five per cent. of such cost, where it is installed after the 31st day of March, 1970;

(*ii*) where the machinery or plant is installed after the 31st day of March, 1967, by an assessee being an Indian company in premises used by it as a hotel and such hotel is for the time being approved in this behalf by the Central Government,—

(*a*) thirty-five per cent. of the actual cost of the machinery or plant to the assessee, where it is installed before the 1st day of April, 1970, and

(*b*) twenty-five per cent. of such cost, where it is installed after the 31st day of March, 1970;

(*iii*) where the machinery or plant is installed after the 31st day of March, 1967, being an asset representing expenditure of a capital nature on scientific research related to the business carried on by the assessee,—

(*a*) thirty-five per cent. of the actual cost of the machinery or plant to the assessee, where it is installed before the 1st day of April, 1970, and

(*b*) twenty-five per cent. of such cost, where it is installed after the 31st day of March, 1970;

(*iv*) in any other case,—

(*a*) twenty per cent. of the actual cost of the machinery or plant to the assessee, where it is installed before the 1st day of April, 1970, and

(*b*) fifteen per cent. of such cost, where it is installed after the 31st day of March, 1970.]

[2][(*1A*) (*a*) An assessee who, after the 31st day of March, 1964, acquires any ship which before the date of acquisition by him was used by any other person shall, subject to the provisions of section 34, also

---

1. Subs. by Act 20 of 1967, s. 33 and the Third Schedule, for sub-section (*1*) (w.e.f. 1-4-1968).
2. Ins. by Act 5 of 1964, s. 8 (w.e.f. 1-4-1964).

be allowed as a deduction a sum by way of development rebate at such rate or rates as may be prescribed, provided that the following conditions are fulfilled, namely:—

(*i*) such ship was not previous to the date of such acquisition owned at any time by any person resident in India;

(*ii*) such ship is wholly used for the purposes of the business carried on by the assessee; and

(*iii*) such other conditions as may be prescribed.

(*b*) An assessee who installs any machinery or plant (other than office appliances or road transport vehicles) which before such installation by the assessee was used outside India by any other person shall, subject to the provisions of section 34, also be allowed as a deduction a sum by way of development rebate at such rate or rates as may be prescribed, provided that the following conditions are fulfilled, namely:—

(*i*) such machinery or plant was not used in India at any time previous to the date of such installation by the assessee;

(*ii*) it is imported in India by the assessee from any country outside India;

(*iii*) no deduction on account of depreciation or development rebate in respect of such machinery or plant has been allowed or is allowable under the provisions of the Indian Income-tax Act, 1922 (11 of 1922), or this Act in computing the total income of any person for any period prior to the date of the installation of the machinery or plant by the assessee;

(*iv*) such machinery or plant is wholly used for the purposes of the business carried on by the assessee; and

(*v*) such other conditions as may be prescribed.

(*c*) The development rebate under this sub-section shall be allowed as a deduction in respect of the previous year in which the ship was acquired or the machinery or plant was installed or, if the ship, machinery or plant is first put to use in the immediately succeeding previous year, then, in respect of that previous year.]

(*2*) In the case of a ship acquired or machinery or plant installed after the 31st day of December, 1957, where the total income of the assessee assessable for the assessment year relevant to the previous year in which the ship was acquired or the machinery or plant installed or the immediately succeeding previous year, as the case may be [1][(the total income for this purpose being computed without making any allowance under sub-section (*1*) or sub-section (*1A*) of this section or sub-section (*1*) of section 33A or any deduction under Chapter VIA [2]***] is nil or is less than the full amount of the development rebate calculated [3][at the rate applicable thereto [4][under sub-section (*1*) or sub-section (*1A*), as the case may be],—

(*i*) the sum to be allowed by way of development rebate for that assessment year [4][under sub-section (*1*) or sub-section (*1A*)] shall be only such amount as is sufficient to reduce the said total income to *nil*; and

(*ii*) the amount of the development rebate, to the extent to which it has not been allowed as aforesaid, shall be carried forward to the following assessment year, and the development rebate to be

---

1. Ins. by Act 20 of 1967, s. 33 and the third Schedule, for certain brackets, words, figures and letters (w.e.f. 1-4-1968).

2. The words, figures and letter "or section 280-O" omitted by Act 26 of 1988, s. 54 (w.e.f. 1-4-1988).

3. Subs. by Act 5 of 1964, s. 8, for "at the rate applicable thereto under that sub-section" (w.e.f. 1-4-1965).

4. Subs. by s. 8, *ibid.*, for "under sub-section (*1*)" (w.e.f. 1-4-1965).

allowed for the following assessment year shall be such amount as is sufficient to reduce the total income of the assessee assessable for that assessment year, computed in the manner aforesaid, to *nil*, and the balance of the development rebate, if any, still outstanding shall be carried forward to the following assessment year and so on, so however, that no portion of the development rebate shall be carried forward for more than eight assessment years immediately succeeding the assessment year relevant to the previous year in which the ship was acquired or the machinery or plant installed or the immediately succeeding previous year, as the case may be.

*Explanation*.—Where for any assessment year development rebate is to be allowed in accordance with the provisions of sub-section (*2*) in respect of ships acquired or machinery or plant installed in more than one previous year, and the total income of the assessee assessable for that assessment year [1][(the total income for this purpose being computed without making any allowance under sub-section (*1*) or sub-section (*1A*) of this section or sub-section (*1*) of section 33A or any deduction under Chapter VI-A [2]***] is less than the aggregate of the amounts due to be allowed in respect of the assets aforesaid for that assessment year, the following procedure shall be followed, namely :—

(*i*) the allowance under clause (*ii*) of sub-section (*2*) shall be made before any allowance under clause (*i*) of that sub-section is made; and

(*ii*) where an allowance has to be made under clause (*ii*) of sub-section (*2*) in respect of amounts carried forward from more than one assessment year, the amount carried forward from an earlier assessment year shall be allowed before any amount carried forward from a later assessment year.

[3][(*3*) Where, in a scheme of amalgamation, the amalgamating company sells or otherwise transfers to the amalgamated company any ship, machinery or plant in respect of which development rebate has been allowed to the amalgamating company under sub-section (*1*) or sub-section (*1A*),—

(*a*) the amalgamated company shall continue to fulfil the conditions mentioned in sub-section (*3*) of section 34 in respect of the reserve created by the amalgamating company and in respect of the period within which such ship, machinery or plant shall not be sold or otherwise transferred and in default of any of these conditions, the provisions of sub-section (*5*) of section 155 shall apply to the amalgamated company as they would have applied to the amalgamating company had it committed the default; and

(*b*) the balance of development rebate, if any, still outstanding to the amalgamating company in respect of such ship, machinery or plant shall be allowed to the amalgamated company in accordance with the provisions of sub-section (*2*), so, however, that the total period for which the balance of development rebate shall be carried forward in the assessments of the amalgamating company and the amalgamated company shall not exceed the period of eight years specified in sub-section (*2*) and the amalgamated company shall be treated as the assessee in respect of such ship, machinery or plant for the purposes of this section and section 34.]

(*4*) Where a firm is succeeded to by a company in the business carried on by it as a result of which the firm sells or otherwise transfers to the company any ship, machinery or plant, the provisions of clauses (*a*) and (*b*) of sub-section (*3*) shall, so far as may be, apply to the firm and the company.

1. Subs. by Act 20 of 1967, s. 33 and the Third Schedule, for certain brackets, words, figures and letters (w.e.f. 1-4-1968).
2. The words, figures and letter "or section 280-O" omitted by Act 26 of 1988, s. 54 (w.e.f. 1-4-1988).
3. Subs. by Act 20 of 1967, s. 9, for sub-section (*3*) (w.e.f. 1-4-1967).

169

*Explanation*.—The provisions of this clause shall apply only where—

    (*i*) all the property of the firm relating to the business immediately before the succession becomes the property of the company;

    (*ii*) all the liabilities of the firm relating to the business immediately before the succession become the liabilities of the company; and

    (*iii*) all the shareholders of the company were partners of the firm immediately before the succession.

[1][(*5*) The Central Government, if it considers it necessary or expedient so to do, may, by notification in the Official Gazette, direct that the deduction allowable under this section shall not be allowed in respect of a ship acquired or machinery or plant installed after such date, not being earlier than three years from the date of such notification, as may be specified therein.]

[2][(*6*)  Notwithstanding anything contained in the foregoing provisions of this section, no deduction by way of development rebate shall be allowed in respect of any machinery or plant installed after the 31st day of March, 1965, in any office premises or any residential accommodation, including any accommodation in the nature of a guest-house:]

[3][Provided that the provisions of this sub-section shall not apply in the case of an assessee being an Indian company, in respect of any machinery or plant installed by it in premises used by it as a hotel, where the hotel is for the time being approved in this behalf by the Central Government.]

[4][**33A. Development allowance.**—(*1*) In respect of planting of tea bushes on any land in India owned by an assessee who carries on business of growing and manufacturing tea in India, a sum by way of development allowance equivalent to—

    (*i*) where tea bushes have been planted on any land not planted at any time with tea bushes or on any land which had been previously abandoned, [5][fifty per cent..] of the actual cost of planting; and

    (*ii*) where tea bushes are planted in replacement of tea bushes that have died or have become permanently useless on any land already planted, [6][thirty per cent..] of the actual cost of planting,

shall, subject to the provisions of this section, [7][be allowed as a deduction in the manner specified hereunder, namely:—

    (*a*) the amount of the development allowance shall, in the first instance, be computed with reference to that portion of the actual cost of planting which is incurred during the previous year in which the land is prepared for planting or replanting, as the case may be, and in the previous year next following, and the amount so computed shall be allowed as a deduction in respect of such previous year next following; and

---

1. Ins. by Act 5 of 1964, s. 8 (w.e.f. 1-4-1964).

2. Ins. by Act 10 of 1965, s. 8 (w.e.f. 1-4-1965).

3. Ins. by Act 20 of 1967, s. 33 and the Third Schedule (w.e.f. 1-4-1968).

4. Ins. by Act 10 of 1965, s. 9 (w.e.f. 1-4-1965).

5. Subs. by Act 13 of 1966, s. 8, for "forty per cent." (w.e.f. 1-4-1966).

6. Subs. by s. 8, *ibid.*, for "twenty per cent." (w.e.f. 1-4-1966).

7. Subs. by s. 3, *ibid.*, for "be allowed as a deduction in respect of the third secceeding previous year next following he previous year in which the land is prepared for planting or replanting, as the case may be" (w.e.f. 1-4-1966).

(*b*) thereafter, the development allowance shall again be computed with reference to the actual cost of planting, and if the sum so computed exceeds the amount allowed as a deduction under clause (*a*), the amount of the excess shall be allowed as a deduction in respect of the third succeeding previous year next following the previous year in which the land has been prepared for planting or replanting, as the case may be:]

[1][Provided that no deduction under clause (*i*) shall be allowed unless the planting has commenced after the 31st day of March, 1965, and been completed before the 1st day of April, 1990:

Provided further that no deduction shall be allowed under clause (*ii*) unless the planting has commenced after the 31st day of March, 1965, and been completed before the 1st day of April, 1970.]

(*2*) Where the total income of the assessee assessable for the assessment year relevant to [2][the previous year in respect of which the deduction is required to be allowed under sub-section (*1*)] [3][(the total income for this purpose being computed after deduction of the allowance under sub-section (*1*) or sub-section (*1A*) or clause (*ii*) of sub-section (*2*) of section 33, but without making any deduction under sub-section (*1*) of this section or any deduction under Chapter VI-A [4]***)] is nil or is less than the full amount of the development allowance [5][calculated at the rates and in the manner specified in sub-section (*1*)]—

(*i*) the sum to be allowed by way of development allowance for that assessment year under sub-section (*1*) shall be only such amount as is sufficient to reduce the said total income to *nil*; and

(*ii*) the amount of the development allowance, to the extent to which it has not been allowed as aforesaid, shall be carried forward to the following assessment year, and the development allowance to be allowed for the following assessment year shall be such amount as is sufficient to reduce the total income of the assessee assessable for that assessment year, computed in the manner aforesaid, to nil, and the balance of the development allowance, if any, still outstanding shall be carried forward to the following assessment year and so on, so, however, that no portion of the development allowance shall be carried forward for more than eight assessment years immediately succeeding the assessment year in which the deduction was first allowable.

*Explanation*.—Where for any assessment year development allowance is to be allowed in accordance with the provisions of sub-section (*2*) in respect of more than one previous year, and the total income of the assessee assessable for that assessment year [3][(the total income for this purpose being computed after deduction of the allowance under sub-section (*1*) or sub-section (*1A*) or clause (*ii*) of sub-section (*2*) of section 33, but without making any deduction under sub-section (*1*) of this section or any deduction under Chapter VIA [4]*** )] is less than the amount of the development allowance due to be made in respect of that assessment year, the following procedure shall be followed, namely:—

(*i*) the allowance under clause (*ii*) of sub-section (*2*) of this section shall be made before any allowance under clause (*i*) of that sub-section is made; and

---

1. Subs. by Act 12 of 1990, s. 9, for the proviso (w.e.f. 1-4-1990).
2. Subs. by Act 13 of 1966, s. 8, for "the third succeeding previous year next following the previous year in which the land has been prepared" (w.e.f. 1-4-1966).
3. Subs. by Act 20 of 1967, s. 33 and the third Schedule, for "(the total income for this purpose being computed after making the allowance under sub-section (*1*) or sub-section (*1A*) or clause (*ii*) of sub-section (*2*) of section 33 but without making any allowance under sub-section (*1*) of this section" (w.e.f. 1-4-1968).
4. The words, figures and letter "or section 280-O" omitted by Act 26 of 1988, s. 54 (w.e.f. 1-4-1988).
5. Subs. by Act 13 of 1966, s. 8, for "calculated at the rates specified in sub-section (*1*)" (w.e.f. 1-4-1966).

(*ii*) where an allowance has to be made under clause (*ii*) of sub-section (*2*) of this section in respect of amounts carried forward from more than one assessment year, the amount carried forward from an earlier assessment year shall be allowed before any amount carried forward from a later assessment year.

(*3*) The deduction under sub-section (*1*) shall be allowed only if the following conditions are fulfilled, namely:—

(*i*) the particulars prescribed in this behalf have been furnished by the assessee;

(*ii*) an amount equal to seventy-five per cent. of the development allowance to be actually allowed is debited to the profit and loss account of the relevant previous year and credited to a reserve account to be utilised by the assessee during a period of eight years next following for the purposes of the business of the undertaking, other than—

(*a*) for distribution by way of dividends or profits; or

(*b*) for remittance outside India as profits or for the creation of any asset outside India; and

(*iii*) such other conditions as may be prescribed.

(*4*) If any such land is sold or otherwise transferred by the assessee to any person at any time before the expiry of eight years from the end of the previous year in which the deduction under sub-section (*1*) was allowed, any allowance under this section shall be deemed to have been wrongly made for the purposes of this Act, and the provisions of sub-section (*5A*) of section 155 shall apply accordingly:

Provided that this sub-section shall not apply—

(*i*) where the land is sold or otherwise transferred by the assessee to the Government, a local authority, a corporation established by a Central, State or Provincial Act, or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956); or

(*ii*) where the sale or transfer of the land is made in connection with the amalgamation or succession referred to in sub-section (*5*) or sub-section (*6*).

[1][(*5*) Where, in a scheme of amalgamation, the amalgamating company sells or otherwise transfers to the amalgamated company any land in respect of which development allowance has been allowed to the amalgamating company under sub-section (*1*),—

(*a*) the amalgamated company shall continue to fulfil the conditions mentioned in sub-section (*3*) in respect of the reserve created by the amalgamating company and in respect of the period within which such land shall not be sold or otherwise transferred and in default of any of these conditions, the provisions of sub-section (*5A*) of section 155 shall apply to the amalgamated company as they would have applied to the amalgamating company had it committed the default; and

(*b*) the balance of development allowance, if any, still outstanding to the amalgamating company in respect of such land shall be allowed to the amalgamated company in accordance with the provisions of sub-section (*2*), so, however, that the total period for which the balance of development allowance shall be carried forward in the assessments of the amalgamating company and the amalgamated company shall not exceed the period of eight years specified in sub-section (*2*) and the amalgamated company shall be treated as the assessee in respect of such land for the purposes of this section.

---

1. Subs. by Act 20 of 1967, s. 10, for sub-section (*5*) (w.e.f. 1-4-1967).

(*6*)  Where a firm is succeeded to by a company in the business carried on by it as a result of which the firm sells or otherwise transfers to the company any land on which development allowance has been allowed, the provisions of clauses (*a*) and (*b*) of sub-section (*5*) shall, so far as may be, apply to the firm and the company.

*Explanation*.—The provisions of this sub-section shall apply if the conditions laid down in the *Explanation* to sub-section (*4*) of section 33 are fulfilled.

(*7*)  For the purposes of this section, "actual cost of planting" means the aggregate of—

(*i*) the cost of preparing the land;

(*ii*) the cost of seeds, cutting and nurseries;

(*iii*) the cost of planting and replanting; and

(*iv*) the cost of upkeep thereof for the previous year in which the land has been prepared and the three successive previous years next following such previous year,

reduced by that portion of the cost, if any, as has been met directly or indirectly by any other person or authority:

[1][Provided that where such cost exceeds—

(*i*) forty thousand rupees per hectare in respect of land situate in a hilly area comprised in the district of Darjeeling; or

(*ii*) thirty-five thousand rupees per hectare in respect of land situate in a hilly area comprised in an area other than the district of Darjeeling; or

(*iii*) thirty thousand rupees per hectare in any other area,

then, the excess shall be ignored.

*Explanation*.—For the purposes of this proviso, "district of Darjeeling" means the district of Darjeeling as on the 28th day of February, 1981, being the date of introduction of the Finance Bill, 1981, in the House of the People.]

(*8*) The Board may, having regard to the elevation and topography, by general or special order, declare any areas to be hilly areas for the purposes of this section and such order shall not be questioned before any court of law or any other authority.

[2][*Explanation*.—For the purposes of this section, an assessee having a leasehold or other right of occupancy in any land shall be deemed to own such land and where the assessee transfers such right, he shall be deemed to have sold or otherwise transferred such land.]

---

1. Subs. by Act 16 of 1981, s. 6, for the proviso and *Explanation* (w.e.f. 1-4-1982).
2. Ins. by Act 25 of 1975, s. 5 (w.e.f. 1-4-1962).

[1][**33AB. Tea development account** [2][**, coffee development account and rubber development account**].—(*1*) Where an assessee carrying on business of [3][growing and manufacturing tea or coffee or rubber] in India has, before the expiry of six months from the end of the previous year or before [4][the due date of furnishing the return of his income], [5][whichever is earlier,—

(*a*) deposited with the National Bank any amount or amounts in an account (hereafter in this section referred to as the special account) maintained by the assessee with that Bank in accordance with, and for the purposes specified in, a scheme (hereafter in this section referred to as the scheme) [6][approved in this behalf by the Tea Board or the Coffee Board or the Rubber Board]; or

(*b*) [7][deposited any amount in an account (hereafter in this section referred to as the Deposit Account) opened by the assessee in accordance with, and for the purposes specified in, a scheme framed by the Tea Board or the Coffee Board or the Rubber Board, as the case may be (hereafter in this section referred to as the deposit scheme), with the previous approval of the Central Government,]

the assessee shall, subject to the provisions of this section,] be allowed a deduction (such deduction being allowed before the loss, if any, brought forward from earlier years is set off under section 72 ) of—

(*a*) a sum equal to the amount or the aggregate of the amounts so deposited; or

(*b*) [8][a sum equal to forty per cent.. of the profits] of such business (computed under the head "Profits and gains of business or profession" before making any deduction under this section),

whichever is less:

Provided that where such assessee is a firm, or any association of persons or any body of individuals, the deduction under this section shall not be allowed in the computation of the income of any partner, or as the case may be, any member of such firm, association of persons or body of individuals:

Provided further that where any deduction, in respect of any amount deposited in the special account [9][, or in the [10][Deposit Account], has been allowed under this sub-section in any previous year, no deduction shall be allowed in respect of such amount in any other previous year.

(*2*) The deduction under sub-section (*1*) shall not be admissible unless the accounts of such business of the assessee for the previous year relevant to the assessment year for which the deduction is claimed have been audited by an accountant as defined in the *Explanation* below sub-section (*2*) of section 288 and the assessee furnishes, along with his return of income, the report of such audit in the prescribed formduly signed and verified by such accountant:

Provided that in a case where the assessee is required by or under any other law to get his accounts audited, it shall be sufficient compliance with the provisions of this sub-section if such assessee gets the accounts of such business audited under such law and furnishes the report of the audit as required under such other law and a further report in the form prescribed under this sub-section.

---

1. Subs. by Act 12 of 1990, s. 10, for section 33AB (w.e.f. 1-4-1991).
2. Ins. by Act 32 of 2003, s. 16 (w.e.f. 1-4-2004).
3. Subs. by s. 16, *ibid.*, for "growing and manufacturing tea" (w.e.f. 1-4-2004).
4. Subs. by s. 16, *ibid.*, for "furnishing the return of his income" (w.e.f. 1-4-2004).
5. Subs. by Act 32 of 1994, s. 12, for certain words (w.e.f. 1-4-1995).
6. Subs. by Act 32 of 2003, s. 16, for "approved in this behalf by the Tea Board" (w.e.f. 1-4-2004).
7. Subs. by s. 16, *ibid.*, for certain words (w.e.f. 1-4-2004).
8. Subs.by Act 14 of 2001, s. 22, for "a sum equal to twenty per cent. of the profits" (w.e.f. 1-4-2002).
9. Ins. by Act 32 of 1994, s. 12 (w.e.f. 1-4-1995).
10. Subs. by Act 32 of 2003, s. 16, for "Tea Deposit Account" (w.e.f. 1-4-2004).

(*3*) Any amount standing to the credit of the assessee in [1][the special account or the [2][Deposit Account] shall not be allowed to be withdrawn except for the purposes specified in the scheme or, as the case may be, in the deposit scheme] or in the circumstances specified below:—

(*a*) closure of business;

(*b*) death of an assessee;

(*c*) partition of a Hindu undivided family;

(*d*) dissolution of a firm;

(*e*) liquidation of a company.

[3][(*4*)  Notwithstanding anything contained in sub-section (*3*), where any amount standing to the credit of the assessee in the special account or in the Deposit Account is released during any previous year by the National Bank or withdrawn by the assessee from the Deposit Account, and such amount is utilised for the purchase of—

(*a*) any machinery or plant to be installed in any office premises or residential accommodation, including any accommodation in the nature of a guest-house;

(*b*) any office appliances (not being computers);

(*c*) any machinery or plant, the whole of the actual cost of which is allowed as a deduction (whether by way of depreciation or otherwise) in computing the income chargeable under the head "Profits and gains of business or profession" of any one previous year;

(*d*) any new machinery or plant to be installed in an industrial undertaking for the purposes of business of construction, manufacture or production of any article or thing specified in the list in the Eleventh Schedule,

the whole of such amount so utilised shall be deemed to be the profits and gains of business of that previous year and shall accordingly be chargeable to income-tax as the income of that previous year.]

(*5*) Where any amount, standing to the credit of the assessee in the special account [4][or in the [2][Deposit Account]], is withdrawn during any previous year by the assessee in the circumstance specified in clause (*a*) or clause (*d*) of sub-section (*3*), the whole of such amount shall be deemed to be the profits and gains of business or profession of that previous year and shall accordingly be chargeable to income-tax as the income of that previous year, as if the business had not closed or, as the case may be, the firm had not been dissolved.

(*6*) Where any amount standing to the credit of the assessee in the special account [4][or in the [2][Deposit Account]] is utilised by the assessee for the purposes of any expenditure in connection with such business in accordance with the scheme [4][or the deposit scheme], such expenditure shall not be allowed in computing the income chargeable under the head "Profits and gains of business or profession.

(*7*) Where any amount, standing to the credit of the assessee in the special account [4][or in the [2][Deposit Account]], which is released during any previous year by the National Bank [4][or which is withdrawn by the assessee from the [2][Deposit Account]]for being utilised by the assessee for the purposes of such business in accordance with the scheme [4][or the deposit scheme] is not so utilised, either wholly or in part, within that previous year, the whole of such amount or, as the case may be, part thereof which is not so utilised shall be deemed to be profits and gains of business and accordingly chargeable to income-tax as the income of that previous year:

---

1. Subs. by Act 32 of 1994, s. 12, for "the special account shall not be allowed to be withdrawn except for the purposes specified in the scheme" (w.e.f. 1-4-1995).

2. Subs. by Act 32 of 2003, s. 16, for "Tea Deposit Account" (w.e.f. 1-4-2004).

3. Subs. by s. 16, *ibid*., for sub-section (*4*) (w.e.f. 1-4-2004).

4. Ins. by Act 32 of 1994, s. 12 (w.e.f. 1-4-1995).

Provided that this sub-section shall not apply in a case where such amount is released during any previous year at the closure of the account in circumstances specified in clauses (*b*), (*c*) and (*e*) of sub-section (*3*).

(*8*) Where any asset acquired in accordance with the scheme [1][or the deposit scheme] is sold or otherwise transferred in any previous year by the assessee to any person at any time before the expiry of eight years from the end of the previous year in which it was acquired, such part of the cost of such asset as is relatable to the deduction allowed under sub-section (*1*) shall be deemed to be the profits and gains of business or profession of the previous year in which the asset is sold or otherwise transferred and shall accordingly be chargeable to income-tax as the income of that previous year:

Provided that nothing in this sub-section shall apply—

(*i*) where the asset is sold or otherwise transferred by the assessee to Government, a local authority, a corporation established by or under a Central, State or Provincial Act or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956); or

(*ii*) where the sale or transfer of the asset is made in connection with the succession of a firm by a company in the business or profession carried on by the firm as a result of which the firm sells or otherwise transfers to the company any asset and the scheme [1][or the deposit scheme] continues to apply to the company in the manner applicable to the firm.

*Explanation*.—The provisions of clause (*ii*) of the proviso shall apply only where—

(*i*) all the properties of the firm relating to the business or profession immediately before the succession become the properties of the company;

(*ii*) all the liabilities of the firm relating to the business or profession immediately before the succession become the liabilities of the company ; and

(*iii*) all the shareholders of the company were partners of the firm immediately before the succession.

(*9*) The Central Government, if it considers necessary or expedient so to do, may, by notification in the Official Gazette, direct that the deduction allowable under this section shall not be allowed after such date as may be specified therein.

*Explanation*.—In this section,—

[2][(*a*) "Coffee Board" means the Coffee Board constituted under section 4 of the Coffee Act, 1942 (7 of 1942);

(*aa*) "National Bank" means the National Bank for Agriculture and Rural Development established under section 3 of the National Bank for Agriculture and Rural Development Act, 1981 (61 of 1981);

(*ab*) "Rubber Board" means the Rubber Board constituted under sub-section (*1*) of section 4 of the Rubber Act, 1947 (24 of 1947);]

---

1. Ins. by Act 32 of 1994, s. 12 (w.e.f. 1-4-1995).

2. Subs. by Act 32 of 2003, s. 16, for clause (*a*) (w.e.f. 1-4-2004).

(*b*) "Tea Board" means the Tea Board established under section 4 of the Tea Act, 1953 (29 of 1953).]

[1][**33ABA. Site Restoration Fund.**—(*1*) Where an assessee is carrying on business consisting of the prospecting for, or extraction or production of, petroleum or natural gas or both in India and in relation to which the Central Government has entered into an agreement with such assessee for such business, has before the end of the previous year—

(*a*)  deposited with the State Bank of India any amount or amounts in an account (hereafter in this section referred to as the special account) maintained by the assessee with that Bank in accordance with, and for the purposes specified in, a scheme (hereafter in this section referred to as the scheme) approved in this behalf by the Government of India in the Ministry of Petroleum and Natural Gas; or

(*b*)  deposited any amount in an account (hereafter in this section referred to as the Site Restoration Account) opened by the assessee in accordance with, and for the purposes specified in, a scheme framed by the Ministry referred to in clause (*a*) (hereafter in this section referred to as the deposit scheme),

the assessee shall, subject to the provisions of this section, be allowed a deduction (such deduction being allowed before the loss, if any, brought forward from earlier years is set off under section 72) of—

(*i*)  a sum equal to the amount or the aggregate of the amounts so deposited; or

(*ii*) a sum equal to twenty per cent. of the profits of such business (computed under the head "Profits and gains of business or profession" before making any deduction under this section),

whichever is less:

Provided that where such assessee is a firm, or any association of persons or any body of individuals, the deduction under this section shall not be allowed in the computation of the income of any partner or, as the case may be, any member of such firm, association of persons or body of individuals:

Provided further that where any deduction, in respect of any amount deposited in the special account, or in the Site Restoration Account, has been allowed under this sub-section in any previous year, no deduction shall be allowed in respect of such amount in any other previous year:

Provided also that any amount credited in the special account or the Site Restoration Account by way of interest shall be deemed to be a deposit.

(*2*) The deduction under sub-section (*1*) shall not be admissible unless the accounts of such business of the assessee for the previous year relevant to the assessment year for which the deduction is claimed have been audited by an accountant as defined in the *Explanation* below sub-section (*2*) of section 288 and the assessee furnishes, along with his return of income, the report of such audit in the prescribed form duly signed and verified by such accountant:

Provided that in a case where the assessee is required by or under any other law to get his accounts audited, it shall be sufficient compliance with the provisions of this sub-section if such assessee gets the accounts of such business audited under such law and furnishes the report of the audit as required under such other law and a further report in the form prescribed under this sub-section.

(*3*) Any amount standing to the credit of the assessee in the special account or the Site Restoration Account shall not be allowed to be withdrawn except for the purposes specified in the scheme or, as the case may be, in the deposit scheme.

---

1. Ins. by Act 21 of 1998, s. 10 (w.e.f. 1-4-1999).

(*4*) Notwithstanding anything contained in sub-section (*3*), no deduction under sub-section (*1*) shall be allowed in respect of any amount utilised for the purchase of—

(*a*)  any machinery or plant to be installed in any office premises or residential accommodation, including any accommodation in the nature of a guest-house;

(*b*)  any office appliances (not being computers);

(*c*)  any machinery or plant, the whole of the actual cost of which is allowed as a deduction (whether by way of depreciation or otherwise) in computing the income chargeable under the head "Profits and gains of business or profession" of any one previous year;

(*d*)  any new machinery or plant to be installed in an industrial undertaking for the purposes of business of construction, manufacture or production of any article or thing specified in the list in the Eleventh Schedule.

(*5*) Where any amount standing to the credit of the assessee in the special account or in the Site Restoration Account is withdrawn on closure of the account during any previous year by the assessee, the amount so withdrawn from the account, as reduced by the amount, if any, payable to the Central Government by way of profit or production share as provided in the agreement referred to in section 42, shall be deemed to be the profits and gains of business or profession of that previous year and shall accordingly be chargeable to income-tax as the income of that previous year.

*Explanation*.—Where any amount is withdrawn on closure of the account in a previous year in which the business carried on by the assessee is no longer in existence, the provisions of this sub-section shall apply as if the business is in existence in that previous year.

(*6*) Where any amount standing to the credit of the assessee in the special account or in the Site Restoration Account is utilised by the assessee for the purposes of any expenditure in connection with such business in accordance with the scheme or the deposit scheme, such expenditure shall not be allowed in computing the income chargeable under the head "Profits and gains of business or profession".

(*7*) Where any amount, standing to the credit of the assessee in the special account or in the Site Restoration Account, which is released during any previous year by the State Bank of India or which is withdrawn by the assessee from the Site Restoration Account for being utilised by the assessee for the purposes of such business in accordance with the scheme or the deposit scheme is not so utilised, either wholly or in part, within that previous year, the whole of such amount or, as the case may be, part thereof which is not so utilised shall be deemed to be profits and gains of business and accordingly chargeable to income-tax as the income of that previous year.

[1]*                     *                     *                     *                     *

(*8*) Where any asset acquired in accordance with the scheme or the deposit scheme is sold or otherwise transferred in any previous year by the assessee to any person at any time before the expiry of eight years from the end of the previous year in which it was acquired, such part of the cost of such asset as is relatable to the deduction allowed under sub-section (*1*) shall be deemed to be the profits and gains of business or profession of the previous year in which the asset is sold or otherwise transferred and shall accordingly be chargeable to income-tax as the income of that previous year:

---

1. The proviso omitted by Act 27 of 1999, s. 13 (w.e.f. 1-4-1999).

Provided that nothing in this sub-section shall apply—

(*i*) where the asset is sold or otherwise transferred by the assessee to Government, a local authority, a corporation established by or under a Central, State or Provincial Act or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956); or

(*ii*) where the sale or transfer of the asset is made in connection with the succession of a firm by a company in the business or profession carried on by the firm as a result of which the firm sells or otherwise transfers to the company any asset and the scheme or the deposit scheme continues to apply to the company in the manner applicable to the firm.

*Explanation*.—The provisions of clause (ii) of the proviso shall apply only where—

(*i*) all the properties of the firm relating to the business or profession immediately before the succession become the properties of the company;

(*ii*) all the liabilities of the firm relating to the business or profession immediately before the succession become the liabilities of the company; and

(*iii*) all the shareholders of the company were partners of the firm immediately before the succession.

(*9*) The Central Government may, if it considers necessary or expedient so to do, by notification in the Official Gazette, direct that the deduction allowable under this section shall not be allowed after such date as may be specified therein.

*Explanation*.—For the purposes of this section,—

(*a*) "State Bank of India" means the State Bank of India constituted under the State Bank of India Act, 1955 (23 of 1955);

(*b*) the expression "amount standing to the credit of the assessee in the special account or the Site Restoration Account" includes interest accrued to such accounts.']

[1][**33AC. Reserves for shipping business**.—(*1*) [2][In the case of an assessee, being a Government company or a public company formed and registered in India with the main object of carrying on the business of operation of ships, there shall, in accordance with and subject to the provisions of this section, be allowed a deduction of an amount not exceeding fifty per cent. of profits derived from the business of operation of ships (computed under the head "Profits and gains of business or profession" and before making any deduction under this section), as is debited to the profit and loss account of the previous year in respect of which the deduction is to be allowed and credited to a reserve account, to be utilised in the manner laid down in sub-section (*2*):]

[3][Provided that where the aggregate of the amounts carried to such reserve account from time to time exceeds twice the aggregate of the amounts of the paid-up share capital, the general reserves and amount credited to the share premium account of the assessee, no allowance under this sub-section shall be made in respect of such excess:]

[4][Provided further that for five assessment years commencing on or after the 1st day of April, 2001 and ending before the 1st day of April, 2006, the provisions of this sub-section shall have effect as if for the words "an amount not exceeding fifty per cent.. of profits", the words "an amount not exceeding the profits" had been substituted:]

---

1. Ins. by Act 36 of 1989, s. 5 (w.e.f. 1-4-1990).
2. Subs. by Act 22 of 1995, s. 8, for certain words, brackets and figures (w.e.f. 1-4-1996).
3. Subs. by Act 20 of 2002, s. 15, for the first proviso (w.e.f. 1-4-2003).
4. Ins. by Act 10 of 2000, s. 15 (w.e.f. 1-4-2001).

[1][Provided also that no deduction shall be allowed under this section for any assessment year commencing on or after the 1st day of April, 2005.]

(2) The amount credited to the reserve account under sub-section (1) shall be utilised by the assessee before the expiry of a period of eight years next following the previous year in which the amount was credited—

   (a)  for acquiring a new ship for the purposes of the business of the assessee; and

   (b)  until the acquisition of a new ship, for the purposes of the business of the assessee other than for distribution by way of dividends or profits or for remittance outside India as profits or for the creation of any asset outside India.

(3) Where any amount credited to the reserve account under sub-section (1),—

   (a)  has been utilised for any purpose other than that referred to in clause (a) or clause (b) of sub-section (2), the amount so utilised; or

   (b)  has not been utilised for the purpose specified in clause (a) of sub-section (2), the amount not so utilised; or

   (c)  has been utilised for the purpose of acquiring a new ship as specified in clause (a) of sub-section (2), but such ship is [2][sold or otherwise transferred, other than in any scheme of demerger] by the assessee to any person at any time before the expiry of [3][three years] from the end of the previous year in which it was acquired, the amount so utilised in acquiring the ship,

shall be deemed to be the profits,—

   (i)  in a case referred to in clause (a), in the year in which the amount was so utilised; or

   (ii)  in a case referred to in clause (b), in the year immediately following the period of eight years specified in sub-section (2); or

   (iii)  in a case referred to in clause (c), in the year in which the sale or transfer took place,

and shall be charged to tax accordingly.

[4][(4) Where the ship is sold or otherwise transferred (other than in any scheme of demerger) after the expiry of the period specified in clause (c) of sub-section (3) and the sale proceeds are not utilised for the purpose of acquiring a new ship within a period of one year from the end of the previous year in which such sale or transfer took place, [5][so much of such sale proceeds which represent the amount credited to the reserve account and utilised for the purposes mentioned in clause (c) of sub-section (3)] shall be deemed to be the profits of the assessment year immediately following the previous year in which the ship is sold or transferred.]

Explanation.—For the purposes of this section,—

   (a)  "public company" shall have the meaning assigned to it in section 3 of the Companies Act, 1956 (1 of 1956);

---

1. Ins. by Act 23 of 2004, s. 9 (w.e.f. 1-4-2005).
2. Subs. by Act 27 of 1999, s. 14, for "sold or otherwise transferred" (w.e.f. 1-4-2000).
3. Subs. by Act 32 of 2003, s. 17, for "eight years" (w.e.f. 1-4-2004).
4. Ins. by s. 17, ibid. (w.e.f. 1-4-2004).
5. Subs. by Act 18 of 2005, s. 9, for "such sale proceeds" (w.e.f. 1-4-2004).

[1][(*aa*) "Government company" shall have the meaning assigned to it in section 617 of the Companies Act, 1956 (1 of 1956);]

(*b*) "new ship" shall have the same meaning as in clause (*ii*) of sub-section (*2*) of section 32AB.]

[2][**33B. Rehabilitation allowance**.—Where the business of any industrial undertaking carried on in India is discontinued in any previous year by reason of extensive damage to, or destruction of, any building, machinery, plant or furniture owned by the assessee and used for the purposes of such business as a direct result of—

(*i*) flood, typhoon, hurricane, cyclone, earthquake or other convulsion of nature; or

(*ii*) riot or civil disturbance; or

(*iii*) accidental fire or explosion; or

(*iv*) action by an enemy or action taken in combating an enemy (whether with or without a declaration of war),

and, thereafter, at any time before the expiry of three years from the end of such previous year, the business is re-established, reconstructed or revived by the assessee, he shall, in respect of the previous year in which the business is so re-established, reconstructed or revived, be allowed a deduction of a sum by way of rehabilitation allowance equivalent to sixty per cent.. of the amount of the deduction allowable to him under clause (*iii*) of sub-section (*1*) of section 32in respect of the building, machinery, plant or furniture so damaged or destroyed:

[3][Provided that no deduction under this section shall be allowed in relation to the assessment year commencing on the 1st day of April, 1985, or any subsequent assessment year.]

*Explanation*.—In this section, "industrial undertaking" means any undertaking which is mainly engaged in the business of generation or distribution of electricity or any other form of power or in the construction of ships or in the manufacture or processing of goods or in mining.]

## 34. Conditions for depreciation allowance and development rebate.—[4]* * * * *

(*3*) (*a*) The deduction referred to in  section 33 shall not be allowed unless an amount equal to seventy-five per cent.. of the development rebate to be actually allowed is debited to the profit and loss account of [5][any previous year in respect of which the deduction is to be allowed under sub-section (*2*) of that section or any earlier previous year (being a previous year not earlier than the year in which the ship was acquired or the machinery or plant was installed or the ship, machinery or plant was first put to use)] and credited to a reserve account to be utilised by the assessee during a period of eight years next following for the purposes of the business of the undertaking, other than—

(*i*) for distribution by way of dividends or profits; or

(*ii*) for remittance outside India as profits or for the creation of any asset outside India:

Provided that this clause shall not apply where the assessee is a company, being a licensee within the meaning of the Electricity (Supply) Act, 1948 (54 of 1948), or where the ship has been acquired or the machinery or plant has been installed before the 1st day of January, 1958:

[6][Provided further that where a ship has been acquired after the 28th day of February, 1966, this clause shall have effect in respect of such ship as if for the words "seventy-five", the word "fifty" had been substituted.]

---

1. Ins. by Act 18 of 1992, s. 12 (w.e.f. 1-4-1993).
2. Ins. by Act 20 of 1967, s. 11 (w.e.f. 1-4-1967).
3. Ins. by Act 21 of 1984, s. 5 (w.e.f. 1-4-1985).
4. Sub-sections (*1*) and (*2*) omitted by 46 of 1986, s. 6 (w.e.f. 1-4-1988).
5. Subs. by Act 12 of 1990, s. 11, for "the relevant previous year" (w.e.f. 1-4-1962).
6. Ins. by Act 13 of 1966, s. 9 (w.e.f. 1-4-1966).

[1]*          *          *          *          *

(*b*) If any ship, machinery or plant is sold or otherwise transferred by the assessee to any person at any time before the expiry of eight years from the end of the previous year in which it was acquired or installed, any allowance made under section 33or under the corresponding provisions of the Indian Income-tax Act, 1922 (11 of 1922), in respect of that ship, machinery or plant shall be deemed to have been wrongly made for the purposes of this Act, and the provisions of sub-section (*5*) of section 155shall apply accordingly:

Provided that this clause shall not apply—

(*i*)  where the ship has been acquired or the machinery or plant has been installed before the 1st day of January, 1958; or

(*ii*)  where the ship, machinery or plant is sold or otherwise transferred by the assessee to the Government, a local authority, a corporation established by a Central, State or Provincial Act or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956); or

(*iii*)  where the sale or transfer of the ship, machinery or plant is made in connection with the amalgamation or succession, referred to in sub-section (*3*) or sub-section (*4*) of section 33.

[2][**34A. Restriction on unabsorbed depreciation and unabsorbed investment allowance for limited period in case of certain domestic companies**.—(*1*) In computing the profits and gains of the business of a domestic company in relation to the previous year relevant to the assessment year commencing on the 1st day of April, 1992, where effect is to be given to the unabsorbed depreciation allowance or unabsorbed investment allowance or both in relation to any previous year relevant to the assessment year commencing on or before the 1st day of April, 1991, the deduction shall be restricted to two-third of such allowance or allowances and the balance,—

(*a*)  where it relates to depreciation allowance, be added to the depreciation allowance for the previous year relevant to the assessment year commencing on the 1st day of April, 1993 and be deemed to be part of that allowance or if there is no such allowance for that previous year, be deemed to be the allowance for that previous year and so on for the succeeding previous years;

(*b*)  where it relates to investment allowance, be carried forward to the assessment year commencing on the 1st day of April, 1993 and the balance of the investment allowance, if any, still outstanding shall be carried forward to the following assessment year and where the period of eight years has expired before the portion of such balance is adjusted, the said period shall be extended beyond eight years till such time the portion of the said balance is absorbed in the profits and gains of the business of the domestic company.

(*2*)  For the assessment year commencing on the 1st day of April, 1992, the provisions of sub-section (*2*) of section 32 and sub-section (*3*) of section 32Ashall apply to the extent such provisions are not inconsistent with the provisions of sub-section (*1*) of this section.

(*3*)  Nothing contained in sub-section (*1*) shall apply where the amount of unabsorbed depreciation allowance or of the unabsorbed investment allowance, as the case may be, or the aggregate amount of such allowances in the case of a domestic company is less than one lakh rupees.

(*4*)  Nothing contained in sections 234B and 234Cshall apply to any shortfall in the payment of any tax due on the assessed tax or, as the case may be, returned income where such shortfall is on account of restricting the amount of depreciation allowance or investment allowance under this section and the assessee has paid the amount of shortfall before furnishing the return of income under sub-section (*1*) of section 139.]

---

1. The *Explanation* omitted by Act 12 of 1990, s. 11 (w.e.f. 1-4-1962).
2. Ins. by Act 18 of 1992, s. 13 (w.e.f. 1-4-1992).

[1][**35. Expenditure on scientific research**.—(*1*) In respect of expenditure on scientific research, the following deductions shall be allowed—

(*i*) any expenditure (not being in the nature of capital expenditure) laid out or expended on scientific research related to the business.

[2][*Explanation*.—Where any such expenditure has been laid out or expended before the commencement of the business (not being expenditure laid out or expended before the 1st day of April, 1973) on payment of any salary [as defined in *Explanation* 2 below sub-section (*5*) of section 40A] to an employee engaged in such scientific research or on the purchase of materials used in such scientific research, the aggregate of the expenditure so laid out or expended within the three years immediately preceding the commencement of the business shall, to the extent it is certified by the prescribed authorityto have been laid out or expended on such scientific research, be deemed to have been laid out or expended in the previous year in which the business is commenced;]

(*ii*) [3][an amount equal to [4][one and one half] times of any sum paid] to a [5][research association] which has as its object the undertaking of scientific research or to a university, college or other institution to be used for scientific research:

[6][Provided that such association, university, college or other institution for the purposes of this clause—

(*A*) is for the time being approved, in accordance with the guidelines, in the manner and subject to such conditions as may be prescribed; and

(*B*) such association, university, college or other institution is specified as such, by notification in the Official Gazette, by the Central Government;]

[7][Provided further that where any sum is paid to such association, university, college or other institution in a previous year relevant to the assessment year beginning on or after the 1st day of April, 2021, the deduction under this clause shall be equal to the sum so paid;]

[8][(*iia*) [9]*** any sum paid to a company to be used by it for scientific research:

Provided that such company—

(*A*) is registered in India,

(*B*) has as its main object the scientific research and development,

(*C*) is, for the purposes of this clause, for the time being approved by the prescribed authority in the prescribed manner, and

(*D*) fulfils such other conditions as may be prescribed;]

---

1. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier omitted by Act 4 of 1988, s. 10 (w.e.f. 1-4-1989).
2. Ins. by Act 26 of 1974, s. 5 (w.e.f. 1-4-1974).
3. Subs. by Act 27 of 1999, s. 15, for "any sum paid" (w.e.f. 1-4-2000).
4. Subs. by Act 28 of 2016, s. 15 for "one and three fourth" (w.e.f. 1-4-2018).
5. Subs. by Act 14 of 2010, s. 9, for "scientific research association" (w.e.f. 1-4-2011).
6. Subs. by Act 29 of 2006, s. 5, for the proviso (w.e.f. 1-4-2006).
7. Ins. by Act 28 of 2016, s. 15 (we.f. 1-4-2018).
8. Ins. by Act 18 of 2008, s. 7 (w.e.f. 1-4-2009).
9. The words "an amount equal to one and one-fourth times of" omitted by Act 28 of 2016, s. 15 (w.e.f. 1-4-2018).

[1][(*iii*) [2][3]*** [4][any sum paid] to a research association which has as its object the undertaking of research in social science or statistical research or to a university], college or other institution to be used for research in social science or statistical research:

[5][Provided that [6][such association, university], college or other institution for the purposes of this clause—

(*A*)  is for the time being approved, in accordance with the guidelines, in the manner and subject to such conditions as may be prescribed; and

(*B*) [6][such association, university], college or other institution is specified as such, by notification in the Official Gazette, by the Central Government.]]

[7][*Explanation*.—The deduction, to which the assessee is entitled in respect of any sum paid to a [8][research association], university, college or other institution to which clause (*ii*) or clause (*iii*) applies, shall not be denied merely on the ground that, subsequent to the payment of such sum by the assessee, the approval granted to the association, university, college or other institution referred to in clause (*ii*) or clause (*iii*) has been withdrawn;]

(*iv*) in respect of any expenditure of a capital nature on scientific research related to the business carried on by the assessee, such deduction as may be admissible under the provisions of sub-section (*2*):

[9][Provided that the [8][research association], university, college or other institution referred to in clause (*ii*) or clause (*iii*) shall make an application in the prescribed form and manner to the [10][Central Government] for the purpose of grant of approval, or continuance thereof, under clause (*ii*) or, as the case may be, clause (*iii*):

Provided further that the [10][Central Government] may, before granting approval under clause (*ii*) or clause (*iii*), call for such documents (including audited annual accounts) or information from the [8][research association], university, college or other institution as it thinks necessary in order to satisfy itself about the genuineness of the activities of the [8][research association], university, college or other institution and that [11][Government] may also make such inquiries as it may deem necessary in this behalf:

Provided also that any [12][notification issued, by the Central Government under clause (*ii*) or clause (*iii*), before the date on which the Taxation Laws (Amendment) Bill, 2006 receives the assent of the President, shall, at any one time, have effect for such assessment year or years, not exceeding three assessment years] (including an assessment year or years commencing before the date on which such notification is issued) as may be specified in the notification:]

---

1. Subs. by Act 49 of 1991, s. 12, for clause (*iii*) (w.e.f. 1-4-1992).
2. Subs. by Act 27 of 1999, s. 15, for "any sum paid" (w.e.f. 1-4-2000).
3. The words "an amount equal to one and one-fourth times of" omitted by Act 28 of 2016, s. 15 (w.e.f. 1-4-2018).
4. Subs. by Act 14 of 2010, s. 9, for "any sum paid to a university" (w.e.f. 1-4-2011).
5. Subs. by Act 29 of 2006, s. 5, for the proviso (w.e.f. 1-4-2006).
6. Subs. by Act 14 of 2010, s. 9, for "such university" (w.e.f. 1-4-2011).
7. Ins. by Act 29 of 2006, s. 5 (w.e.f. 1-4-2006).
8. Subs. by Act 14 of 2010, s. 9, for "scientific research association" (w.e.f. 1-4-2011).
9. Ins. by Act 3 of 1989, s. 8 (w.e.f. 1-4-1989).
10. Subs. by Act 27 of 1999, s. 15, for "prescribed authority" (w.e.f. 1-4-2000).
11. Subs. by Act 29 of 2006, s. 5, for "authority" (w.e.f. 1-4-2006).
12. Subs. by s. 5, *ibid*., for "notification issued by the Central Government under clause (ii) or clause (iii) shall, at any one time, have effect for such assessment year or years, not exceeding three assessment years" (w.e.f. 1-4-2006).

[1][Provided also that where an application under the first proviso is made on or after the date on which the Taxation Laws (Amendment) Bill, 2006 receives the assent of the President, every notification under clause (*ii*) or clause (*iii*) shall be issued or an order rejecting the application shall be passed within the period of twelve months from the end of the month in which such application was received by the Central Government.]

(*2*) For the purposes of clause (*iv*) of sub-section (*I*),—

[2][(*i*)  in a case where such capital expenditure is incurred before the 1st day of April, 1967, one-fifth of the capital expenditure incurred in any previous year shall be deducted for that previous year; and the balance of the expenditure shall be deducted in equal instalments for each of the four immediately succeeding previous years;

(*ia*) in a case where such capital expenditure is incurred after the 31st day of March, 1967, the whole of such capital expenditure incurred in any previous year shall be deducted for that previous year:]

[3][Provided that no deduction shall be admissible under this clause in respect of any expenditure incurred on the acquisition of any land, whether the land is acquired as such or as part of any property, after the 29th day of February, 1984.]

[4][*Explanation* 1].—Where any capital expenditure has been incurred before the commencement of the business, the aggregate of the expenditure so incurred within the three years immediately preceding the commencement of the business shall be deemed to have been incurred in the previous year in which the business is commenced.

[3][*Explanation* 2.—For the purposes of this clause,—

(*a*) "land" includes any interest in land ; and

(*b*) the acquisition of any land shall be deemed to have been made by the assessee on the date on which the instrument of transfer of such land to him has been registered under the Registration Act, 1908 (16 of 1908), or where he has taken or retained the possession of such land or any part thereof in part performance of a contract of the nature referred to in section 53A of the Transfer of Property Act, 1882 (4 of 1882), the date on which he has so taken or retained possession of such land or part;]

(*ii*) notwithstanding anything contained in clause (*i*), where an asset representing expenditure of a capital nature [5][incurred before the 1st day of April, 1967], ceases to be used in a previous year for scientific research related to the business and the value of the asset at the time of the cessation, together with the aggregate of deductions already allowed under clause (*i*) falls short of the said expenditure, then—

(*a*) there shall be allowed a deduction for that previous year of an amount equal to such deficiency, and

---

1. Ins. by Act 29 of 2006, s. 5 (w.e.f. 1-4-2006).
2. Subs. by Act 20 of 1967, s. 33 and the Third Schedule, for clause (*i*) (w.e.f. 1-4-1968).
3. Ins. by Act 21 of 1984, s. 6 (w.e.f. 1-4-1984).
4. The *Explanation* numbered as *Explanation* 1 by s. 6, *ibid*. (w.e.f. 1-4-1984).
5. Ins. by Act 20 of 1967, s. 33 and the Third Schedule (w.e.f. 1-4-1968).

(*b*)  no deduction shall be allowed under that clause for that previous year or for any subsequent previous year;

(*iii*) if the asset mentioned in clause (*ii*) is sold, without having been used for other purposes, in the year of cessation, the sale price shall be taken to be the value of the asset at the time of the cessation ; and if the asset is sold, without having been used for other purposes, in a previous year subsequent to the year of cessation, and the sale price falls short of the value of the asset taken into account at the time of cessation, an amount equal to the deficiency shall be allowed as a deduction for the previous year in which the sale took place;

(*iv*) where a deduction is allowed for any previous year under this section in respect of expenditure represented wholly or partly by an asset, no deduction shall be allowed under [1][clause (*ii*) of sub-section (*1*)] of section 32 [2][for the same or any other previous year] in respect of that asset;

(*v*) [3][where the asset mentioned in clause (*ii*)is used] in the business after it ceases to be used for scientific research related to that business, depreciation shall be admissible under [4][clause (*ii*) of sub-section (*1*)] of section 32.

[5][(*2A*) [6][Where, before the 1st day of March, 1984,the assessee pays any sum] [7][(being any sum paid with a specific direction that the sum shall not be used for the acquisition of any land or building or construction of any building)] to a scientific research association or university or college or other institution referred to in clause (*ii*) of sub-section (*1*) [8][or to a public sector company] to be used for scientific research undertaken under a programme approved in this behalf by the prescribed authority having regard to the social, economic and industrial needs of India, then,—

(*a*)  there shall be allowed a deduction of a sum equal to one and one-third times the sum so paid; and

(*b*)  no deduction in respect of such sum shall be allowed under clause (*ii*) of sub-section (*1*) for the same or any other assessment year.]

[8][*Explanation*.—For the purposes of this sub-section, "public sector company" shall have the same meaning as in clause (*b*) of the *Explanation* below sub-section (*2B*) of section 32A.]

[9][(*2AA*) Where the assessee pays any sum to a National Laboratory [10][or a [11][University or an Indian Institute of  Technology or a specified person] with a specific direction that the said sum shall be used for scientific research undertaken under a programme approved in this behalf by the prescribed authority, then—

(*a*)  there shall be allowed a deduction of a sum equal to [12][one and one-half times] the sum so paid; and

---

1. Subs. by Act 46 of 1986, s. 32, for "clauses (*i*), (*ii*), (*iia*), (*iii*) and (*iv*) of sub-section (*1*) or under sub-section (*IA*)" (w.e.f. 1-4-1988).
2. Subs. by Act 44 of 1980, s. 7, for "for the same previous year" (w.e.f. 1-4-1962).
3. Subs. by Act 20 of 1967, s. 33 and the Third Schedule, for "where the asset is used" (w.e.f. 1-4-1968).
4. Subs. by Act 46 of 1986, s. 32, for "clauses (*i*), (*ii*) and (*iii*) of sub-section (*1*)" (w.e.f. 1-4-1988).
5. Ins. by Act 26 of 1974, s. 5 (w.e.f. 1-4-1974).
6. Subs. by Act 21 of 1984, s. 6, for "Where the assessee pays any sum" (w.e.f. 1-4-1984).
7. Ins. by Act 11 of 1983, s. 12 (w.e.f. 1-4-1984).
8. Ins. by Act 44 of 1980, s. 7 (w.e.f. 1-9-1980).
9. Ins. by Act 38 of 1993, s. 9 (w.e.f. 1-4-1994).
10. Ins. by Act 32 of 1994, s. 13 (w.e.f. 1-4-1995).
11. Subs. by Act 14 of 2001, s. 23, for "University or an Indian Institute of Technology" (w.e.f. 1-4-2002).
12. Subs. by Act 28 of 2016, s. 15, for "two times" (w.e.f. 1-4-2018).

(*b*)  no deduction in respect of such sum shall be allowed under any other provision of this Act:

[1][Provided that the prescribed authority shall, before granting approval, satisfy itself about the feasibility of carrying out the scientific research and shall submit its report to the [2][Principal Chief Commissioner or Chief Commissioner or] [3][Principal Director General or Director General] in such form as may be prescribed.]

[4][Provided further that where any sum is paid to such National Laboratory or university or Indian Institute of Technology or specified person in a previous year relevant to the assessment year beginning on or after the 1st day of April, 2021, the deduction under this sub-section shall be equal to the sum so paid.]

[5][*Explanation* 1.—The deduction, to which the assessee is entitled in respect of any sum paid to a National Laboratory, University, Indian Institute of Technology or a specified person for the approved programme referred to in this sub-section, shall not be denied merely on the ground that, subsequent to the payment of such sum by the assessee, the approval granted to,—

(*a*)  such Laboratory, or specified person has been withdrawn; or

(*b*)  the programme, undertaken by the National Laboratory, University, Indian Institute of Technology or specified person, has been withdrawn.]

[6][[7][*Explanation* 2].—For the purposes of this section,—

(*a*)  "National Laboratory" means a scientific laboratory functioning at the national level under the aegis of the Indian Council of Agricultural Research, the Indian Council of Medical Research, the Council of Scientific and Industrial Research, the Defence Research and Development Organisation, the Department of Electronics, the Department of Bio-Technology or the Department of Atomic Energy and which is approved as a National Laboratory by the prescribed authority in such manner as may be prescribed;

(*b*)  "University" shall have the same meaning as in Explanation to clause (*ix*) of section 47;

(*c*)  "Indian Institute of Technology" shall have the same meaning as that of "Institute" in clause (*g*) of section 3 of the Institutes of Technology Act, 1961 (59 of 1961);]

[8][(*d*)  "specified person" means such person as is approved by the prescribed authority.]

[9][(*2AB*) (*1*) Where a company [10][engaged in the business of bio-technology or in [11][any business of manufacture or production of any article or thing, not being an article or thing specified in the list of the

---

1. Subs. by Act 33 of 1996, s. 12, for the provisos (w.e.f. 1-10-1996).

2. Ins. by Act 20 of 2015, s. 12 (w.e.f. 1-4-2016).

3. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.e.f. 1-6-2013).

4. Ins. by Act 28 of 2016, s. 15 (w.e.f. 1-4-2018).

5. The *Explanation* inserted by Act 29 of 2006, s. 5 (w.e.f. 1-4-2006).

6. Subs. by Act 32 of 1994, s. 13, for the *Explanation* (w.e.f. 1-4-1995).

7. The *Explanation* renumbered as *Explanation* 2 thereof by Act 29 of 2006, s. 5 (w.e.f. 1-4-2006).

8. Ins. by Act 14 of 2001, s. 23 (w.e.f. 1-4-2002).

9. Ins. by Act 26 of 1997, s. 5 (w.e.f. 1-4-1998).

10. Subs. by Act 14 of 2001, s. 23, for "engaged in the business of" (w.e.f. 1-4-2002).

11. Subs. by Act 33 of 2009, s. 12, for "the business of manufacture or production of any drugs, pharmaceuticals, electronic equipments, computers, telecommunication equipments, chemicals or any other article or thing notified by the Board" (w.e.f. 1-4-2010).

Eleventh Schedule]] incurs any expenditure on scientific research (not being expenditure in the nature of cost of any land or building) on in-house research and development facility as approved by the prescribed authority, then, there shall be allowed a deduction of [1][a sum equal to [2][one and one-half times] of the expenditure] so incurred.

[3][Provided that where such expenditure on scientific research (not being expenditure in the nature of cost of any land or building) on in-house research and development facility is incurred in a previous year relevant to the assessment year beginning on or after the 1st day of April, 2021, the deduction under this clause shall be equal to the expenditure so incurred.]

[4][*Explanation.*—For the purposes of this clause, "expenditure on scientific research", in relation to drugs and pharmaceuticals, shall include expenditure incurred on clinical drug trial, obtaining approval from any regulatory authority under any Central, State or Provincial Act and filing an application for a patent under the Patents Act, 1970 (39 of 1970).]

(*2*) No deduction shall be allowed in respect of the expenditure mentioned in clause (*1*) under any other provision of this Act.

(*3*) No company shall be entitled for deduction under clause (*1*) unless it enters into an agreement with the prescribed authority for co-operation in such research and development facility and [5][fulfils such conditions with regard to maintenance of accounts and audit thereof and furnishing of reports in such manner as may be prescribed].

(*4*) The prescribed authority shall submit its report in relation to the approval of the said facility to the [6][Principal Chief Commissioner or Chief Commissioner or] [7][Principal Director General or Director General] in such form and within such time as may be prescribed.]

[8]*          *               *               *               *

[9][(*6*) No deduction shall be allowed to a company approved under sub-clause (*C*) of clause (*iia*) of sub-section (*1*) in respect of the expenditure referred to in clause (*1*) which is incurred after the 31st day of March, 2008.]

[10][(*2B*) (*a*) [11][Where, before the 1st day of March, 1984, an assessee has incurred any expenditure] (not being in the nature of capital expenditure incurred on the acquisition of any land or building or construction of any building) on scientific research undertaken under a programme approved in this

---

1. Subs. by Act 10 of 2000, s. 16, for "a sum equal to one and one-fourth times of the expenditure" (w.e.f. 1-4-2001).

2. Subs. by Act 28 of 2016, s. 15 for "two times" (w.e.f. 1-4-2018).

3. Ins. by s. 15, *ibid*. (w.e.f. 1-4-2018).

4. Ins. by Act 14 of 2001, s. 23 (w.e.f. 1-4-2002).

5. Subs. by Act 20 of 2015, s. 12, for "for audit of accounts maintained for that facility" (w.e.f. 1-4-2016).

6. Ins. by s. 12, *ibid*. (w.e.f. 1-4-2016).

7. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.e.f. 1-6-2013).

8. Clause (*5*) omitted by Act 28 of 2016, s. 15 (w.e.f. 1-4-2018).

9. Ins. by Act 18 of 2008, s. 7 (w.e.f. 1-4-2009).

10. Ins. by Act 44 of 1980, s. 7 (w.e.f. 1-9-1980).

11. Subs. by Act 21 of 1984, s. 6, for "Where an assessee has incurred any expenditure" (w.e.f. 1-4-1984).

behalf by the prescribed authority having regard to the social, economic and industrial needs of India, he shall, subject to the provisions of this sub-section, be allowed a deduction of a sum equal to one and one-fourth times the amount of the expenditure certified by the prescribed authority to have been so incurred during the previous year.

(*b*) Where a deduction has been allowed under clause (*a*) for any previous year in respect of any expenditure, no deduction in respect of such expenditure shall be allowed under clause (*i*) of sub-section (*1*) or clause (*ia*) of sub-section (*2*) for the same or any other previous year.

(*c*) Where a deduction is allowed for any previous year under this sub-section in respect of expenditure represented wholly or partly by an asset, no deduction shall be allowed in respect of that asset under [1][clause (*ii*) of sub-section (*1*)] of section 32 for the same or any subsequent previous year.

(*d*) Any deduction made under this sub-section in respect of any expenditure on scientific research in excess of the expenditure actually incurred shall be deemed to have been wrongly made for the purposes of this Act if the assessee fails to furnish within one year of the period allowed by the prescribed authority for completion of the programme, a certificate of its completion obtained from that authority, and the provisions of sub-section (*5B*) of section 155 shall apply accordingly.]

[2][(*3*) If any question arises under this section as to whether, and if so, to what extent, any activity constitutes or constituted, or any asset is or was being used for, scientific research, the Board shall refer the question to—

(*a*)  the Central Government, when such question relates to any activity under clauses (*ii*) and (*iii*) of sub-section (*1*), and its decision shall be final;

(*b*)  the prescribed authority, when such question relates to any activity other than the activity specified in clause (*a*), whose decision shall be final.]

(*4*) The provisions of sub-section (*2*) of section 32shall apply in relation to deductions allowable under clause (*iv*) of sub-section (*1*) as they apply in relation to deductions allowable in respect of depreciation.

[3][(*5*) Where, in a scheme of amalgamation, the amalgamating company sells or otherwise transfers to the amalgamated company (being an Indian company) any asset representing expenditure of a capital nature on scientific research,—

(*i*) the amalgamating company shall not be allowed the deduction under clause (*ii*) or clause (*iii*) of sub-section (*2*); and

(*ii*) the provisions of this section shall, as far as may be, apply to the amalgamated company as they would have applied to the amalgamating company if the latter had not so sold or otherwise transferred the asset.]

---

1. Subs. by Act 46 of 1986, s. 32, for "clauses (*i*), (*ii*), (*iia*) and (*iii*) of sub-section (*1*) or under sub-section (*1A*)" (w.e.f. 1-4-1988).
2. Subs. by Act 27 of 1999, s. 15, for sub-section (*3*) (w.e.f. 1-4-2000).
3. Ins. by Act 20 of 1967, s. 13 (w.e.f. 1-4-1967).

[1][**35A. Expenditure on acquisition of patent rights or copyrights.**— (*1*) In respect of any expenditure of a capital nature incurred after the 28th day of February, 1966 [2][but before the 1st day of April, 1998], on the acquisition of patent rights or copyrights (hereafter, in this section, referred to as rights) used for the purposes of the business, there shall, subject to and in accordance with the provisions of this section, be allowed for each of the relevant previous years, a deduction equal to the appropriate fraction of the amount of such expenditure.

*Explanation.*—For the purposes of this section,—

(*i*) "relevant previous years" means the fourteen previous years beginning with the previous year in which such expenditure is incurred or, where such expenditure is incurred before the commencement of the business, the fourteen previous years beginning with the previous year in which the business commenced :

Provided that where the rights commenced, that is to say, became effective, in any year prior to the previous year in which expenditure on the acquisition thereof was incurred by the assessee, this clause shall have effect with the substitution for the reference to fourteen years of a reference to fourteen years less the number of complete years which, when the rights are acquired by the assessee, have elapsed since the commencement thereof, and if fourteen years have elapsed as aforesaid, of a reference to one year;

(*ii*) "appropriate fraction" means the fraction the numerator of which is one and the denominator of which is the number of the relevant previous years.

(*2*) Where the rights come to an end without being subsequently revived or where the whole or any part of the rights is sold and the proceeds of the sale (so far as they consist of capital sums) are not less than the cost of acquisition thereof remaining unallowed, no deduction under sub-section (*1*) shall be allowed in respect of the previous year in which the rights come to an end or, as the case may be, the whole or any part of the rights is sold or in respect of any subsequent previous year.

(*3*) Where the rights either come to an end without being subsequently revived or are sold in their entirety and the proceeds of the sale (so far as they consist of capital sums) are less than the cost of acquisition thereof remaining unallowed, a deduction equal to such cost remaining unallowed or, as the case may be, such cost remaining unallowed as reduced by the proceeds of the sale, shall be allowed in respect of the previous year in which the rights come to an end, or, as the case may be, are sold.]

(*4*) Where the whole or any part of the rights is sold and the proceeds of the sale (so far as they consist of capital sums) exceed the amount of the cost of acquisition thereof remaining unallowed, so much of the excess as does not exceed the difference between the cost of acquisition of the rights and the amount of such cost remaining unallowed shall be chargeable to income-tax as income of the business of the previous year in which the whole or any part of the rights is sold.

*Explanation.*—Where the whole or any part of the rights is sold in a previous year in which the business is no longer in existence, the provisions of this sub-section shall apply as if the business is in existence in that previous year.

(*5*) Where a part of the rights is sold and sub-section (*4*) does not apply, the amount of the deduction to be allowed under sub-section (*1*) shall be arrived at by—

(*a*) subtracting the proceeds of the sale (so far as they consist of capital sums) from the amount of the cost of acquisition of the rights remaining unallowed; and

(*b*) dividing the remainder by the number of relevant previous years which have not expired at the beginning of the previous year during which the rights are sold.]

---

1. Ins. by Act 13 of 1966, s. 10 (w.e.f. 1-4-1966).
2. Ins. by Act 21 of 1998, s. 12 (w.e.f. 1-4-1999).

[1][(*6*) Where, in a scheme of amalgamation, the amalgamating company sells or otherwise transfers the rights to the amalgamated company (being an Indian company),—

(*i*) the provisions of sub-sections (*3*) and (*4*) shall not apply in the case of the amalgamating company; and

(*ii*) the provisions of this section shall, as far as may be, apply to the amalgamated company as they would have applied to the amalgamating company if the latter had not so sold or otherwise transferred the rights.]

[2][(*7*) Where in a scheme of demerger, the demerged company sells or otherwise transfers the rights to the resulting company (being an Indian company),—

(*i*) the provisions of sub-sections (*3*) and (*4*) shall not apply in the case of the demerged company; and

(*ii*) the provisions of this section shall, as far as may be, apply to the resulting company as they would have applied to the demerged company, if the latter had not sold or otherwise transferred the rights.]

[3][**35AB. Expenditure on know-how.**—(*1*) Subject to the provisions of sub-section (*2*), where the assessee has paid [4][in any previous year relevant to the assessment year commencing on or before the 1st day of April, 1998] any lump sum consideration for acquiring any know-how for use for the purposes of his business, one-sixth of the amount so paid shall be deducted in computing the profits and gains of the business for that previous year, and the balance amount shall be deducted in equal instalments for each of the five immediately succeeding previous years.

(*2*) Where the know-how referred to in sub-section (*1*) is developed in a laboratory, university or institution referred to in sub-section (*2B*) of section 32A, one-third of the said lump sum consideration paid in the previous year by the assessee shall be deducted in computing the profits and gains of the business for that year, and the balance amount shall be deducted in equal instalments for each of the two immediately succeeding previous years.

[5][(*3*) Where there is a transfer of an undertaking under a scheme of amalgamation or demerger and the amalgamating or the demerged company is entitled to a deduction under this section, then, the amalgamated company or the resulting company, as the case may be, shall be entitled to claim deduction under this section in respect of such undertaking to the same extent and in respect of the residual period as it would have been allowable to the amalgamating company or the demerged company, as the case may be, had such amalgamation or demerger not taken place.]

*Explanation.*—For the purposes of this section, "know-how" means any industrial information or technique likely to assist in the manufacture or processing of goods or in the working of a mine, oil well or other sources of mineral deposits (including the searching for, discovery or testing of deposits or the winning of access thereto).]

[6][**35ABA. Expenditure for obtaining right to use spectrum for telecommunication services.**—(*1*) In respect of any expenditure, being in the nature of capital expenditure, incurred for acquiring any right to use spectrum for telecommunication services either before the commencement of the business or thereafter at any time during any previous year and for which payment has actually been made to obtain a right to use spectrum, there shall, subject to and in accordance with the provisions of this section, be

1. Ins. by Act 26 of 1967, s. 14 (w.e.f. 1-4-1967).
2. Ins. by Act 27 of 1999, s. 16 (w.e.f. 1-4-2000).
3. Ins. by Act 32 of 1985, s. 8 (w.e.f. 1-4-1986).
4. Subs. by Act 21 of 1998, s. 12, for "in any previous year" (w.e.f. 1-4-1999).
5. Ins. by Act 27 of 1999, s. 17 (w.e.f. 1-4-2000).
6. Ins. by Act 28 of 2016, s. 16 (w.e.f. 1-4-2017).

allowed for each of the relevant previous years, a deduction equal to the appropriate fraction of the amount of such expenditure.

(*2*) The provisions contained in sub-sections (*2*) to (*8*) of section 35 ABB, shall apply as if for the word "licence", the word "spectrum" had been substituted.

(*3*) Where, in a previous year, any deduction has been claimed and granted to the assessee under sub-section (*1*), and, subsequently, there is failure to comply with any of the provisions of this section, then,—

(*a*) the deduction shall be deemed to have been wrongly allowed;

(*b*) the Assessing Officer may, notwithstanding anything contained in this Act, re-compute the total income of the assessee for the said previous year and make the necessary rectification;

(*c*) the provisions of section 154 shall, so far as may be, apply and the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which the failure to comply with the provisions of this section takes place.

*Explanation.*—For the purposes of this section,—

(*i*) "relevant previous years" means,—

(*A*) in a case where the spectrum fee is actually paid before the commencement of the business to operate telecommunication services, the previous years beginning with the previous year in which such business commenced;

(*B*) in any other case, the previous years beginning with the previous year in which the spectrum fee is actually paid,

and the subsequent previous year or years during which the spectrum, for which the fee is paid, shall be in force;

(*ii*) "appropriate fraction" means the fraction, the numerator of which is one and the denominator of which is the total number of the relevant previous years;

(*iii*) "payment has actually been made" means the actual payment of expenditure irrespective of the previous year in which the liability for the expenditure was incurred according to the method of accounting regularly employed by the assessee or payable in such manner as may be prescribed.]

[1][**35ABB. Expenditure for obtaining licence to operate telecommunication services.**—(*1*) In respect of any expenditure, being in the nature of capital expenditure, incurred [2][for acquiring any right to operate telecommunication services either before the commencement of the business to operate telecommunication services or thereafter at any time during any previous year] and for which payment has actually been made to obtain a licence, there shall, subject to and in accordance with the provisions of this section, be allowed for each of the relevant previous years, a deduction equal to the appropriate fraction of the amount of such expenditure.

*Explanation.*—For the purposes of this section,—

[3][(*i*) "relevant previous years" means,—

(*A*) in a case where the licence fee is actually paid before the commencement of the business to operate telecommunication services, the previous years beginning with the previous year in which such business commenced;

(*B*) in any other case, the previous years beginning with the previous year in which the licence fee is actually paid,

---

1. Ins. by Act 26 of 1997, s. 6 (w.e.f. 1-4-1996).
2. Subs. by Act 27 of 1999, s. 18, for "for acquiring any right to operate telecommunication services" (w.e.f. 1-4-1996).
3. Subs. by s. 18, for clause (*i*) (w.e.f. 1-4-1996).

and the subsequent previous year or years during which the licence, for which the fee is paid, shall be in force;]

(*ii*)  "appropriate fraction" means the fraction the numerator of which is one and the denominator of which is the total number of the relevant previous years;

(*iii*) "payment has actually been made" means the actual payment of expenditure irrespective of the previous year in which the liability for the expenditure was incurred according to the method of accounting regularly employed by the assessee.

(*2*) Where the licence is transferred and the proceeds of the transfer (so far as they consist of capital sums) are less than the expenditure incurred remaining unallowed, a deduction equal to such expenditure remaining unallowed, as reduced by the proceeds of the transfer, shall be allowed in respect of the previous year in which the licence is transferred.

(*3*) Where the whole or any part of the licence is transferred and the proceeds of the transfer (so far as they consist of capital sums) exceed the amount of the expenditure incurred remaining unallowed, so much of the excess as does not exceed the difference between the expenditure incurred to obtain the licence and the amount of such expenditure remaining unallowed shall be chargeable to income-tax as profits and gains of the business in the previous year in which the licence has been transferred.

*Explanation.*—Where the licence is transferred in a previous year in which the business is no longer in existence, the provisions of this sub-section shall apply as if the business is in existence in that previous year.

(*4*) Where the whole or any part of the licence is transferred and the proceeds of the transfer (so far as they consist of capital sums) are not less than the amount of expenditure incurred remaining unallowed, no deduction for such expenditure shall be allowed under sub-section (*1*) in respect of the previous year in which the licence is transferred or in respect of any subsequent previous year or years.

(*5*) Where a part of the licence is transferred in a previous year and sub-section (*3*) does not apply, the deduction to be allowed under sub-section (*1*) for expenditure incurred remaining unallowed shall be arrived at by—

(*a*)  subtracting the proceeds of transfer (so far as they consist of capital sums) from the expenditure remaining unallowed; and

(*b*)  dividing the remainder by the number of relevant previous years which have not expired at the beginning of the previous year during which the licence is transferred.

(*6*) Where, in a scheme of amalgamation, the amalgamating company sells or otherwise transfers the licence to the amalgamated company (being an Indian company),—

(*i*)  the provisions of sub-sections (*2*), (*3*) and (*4*) shall not apply in the case of the amalgamating company; and

(*ii*)  the provisions of this section shall, as far as may be, apply to the amalgamated company as they would have applied to the amalgamating company if the latter had not transferred the licence.]

[1][(*7*) Where, in a scheme of demerger, the demerged company sells or otherwise transfers the licence to the resulting company (being an Indian company),—

(*i*)  the provisions of sub-sections (*2*), (*3*) and (*4*) shall not apply in the case of the demerged company; and

(*ii*)  the provisions of this section shall, as far as may be, apply to the resulting company as they would have applied to the demerged company if the latter had not transferred the licence.]

1. Ins. by Act 27 of 1999, s. 18 (w.e.f. 1-4-2000).

[1][(8) Where a deduction for any previous year under sub-section (1) is claimed and allowed in respect of any expenditure referred to in that sub-section, no deduction shall be allowed under sub-section (1) of section 32 for the same previous year or any subsequent previous year.]

[2][**35AC. Expenditure on eligible projects or schemes.**— (1) Where an assessee incurs any expenditure by way of payment of any sum to a public sector company or a local authority or to an association or institution approved by the National Committee for carrying out any eligible project or scheme, the assessee shall, subject to the provisions of this section, be allowed a deduction of the amount of such expenditure incurred during the previous year :

Provided that a company may, for claiming the deduction under this sub-section, incur expenditure either by way of payment of any sum as aforesaid or directly on the eligible project or scheme.

(2) The deduction under sub-section (1) shall not be allowed unless the assessee furnishes along with his return of income a certificate—

(a) where the payment is to a public sector company or a local authority or an association or institution referred to in sub-section (1), from such public sector company or local authority or, as the case may be, association or institution;

(b) in any other case, from an accountant, as defined in the Explanation below sub-section (2) of section 288,

in such form, manner and containing such particulars (including particulars relating to the progress in the work relating to the eligible project or scheme during the previous year) as may be prescribed.

[3][*Explanation.*—The deduction, to which the assessee is entitled in respect of any sum paid to a public sector company or a local authority or to an association or institution for carrying out the eligible project or scheme referred to in this section applies, shall not be denied merely on the ground that subsequent to the payment of such sum by the assessee,—

(a) the approval granted to such association or institution has been withdrawn; or

(b) the notification notifying the eligible project or scheme carried out by the public sector company or local authority or association or institution has been withdrawn.]

(3) Where a deduction under this section is claimed and allowed for any assessment year in respect of any expenditure referred to in sub-section (1), deduction shall not be allowed in respect of such expenditure under any other provision of this Act for the same or any other assessment year.

[4][(4) Where an association or institution is approved by the National Committee under sub-section (1), and subsequently—

(i) that Committee is satisfied that the project or the scheme is not being carried on in accordance with all or any of the conditions subject to which approval was granted; or

(ii) such association or institution, to which approval has been granted, has not furnished to the National Committee, after the end of each financial year, a report in such form and setting forth such particulars and within such time as may be prescribed

the National Committee may, at any time, after giving a reasonable opportunity of showing cause against the proposed withdrawal to the concerned association or institution, withdraw the approval:

Provided that a copy of the order withdrawing the approval shall be forwarded by the National Committee to the Assessing Officer having jurisdiction over the concerned association or institution.

---

1. Ins. by Act 27 of 1999, s. 18 (w.e.f. 1-4-1996).
2. Ins. by Act 49 of 1991, s. 13 (w.e.f. 1-4-1992).
3. Ins. by Act 29 of 2006, s. 6 (w.e.f. 1-4-2006).
4. Subs by Act 23 of 2004, s. 10 for sub-section (4) (w.e.f. 1-10-2004).

(*5*) Where any project or scheme has been notified as an eligible project or scheme under clause (*b*) of the Explanation, and subsequently—

(*i*)  the National Committee is satisfied that the project or the scheme is not being carried on in accordance with all or any of the conditions subject to which such project or scheme was notified; or

(*ii*)  a report in respect of such eligible project or scheme has not been furnished after the end of each financial year, in such form and setting forth such particulars and within such time as may be prescribed,

such notification may be withdrawn in the same manner in which it was issued:

Provided that a reasonable opportunity of showing cause against the proposed withdrawal shall be given by the National Committee to the concerned association, institution, public sector company or local authority, as the case may be:

Provided further that a copy of the notification by which the notification of the eligible project or scheme is withdrawn shall be forwarded to the Assessing Officer having jurisdiction over the concerned association, institution, public sector company or local authority, as the case may be, carrying on such eligible project or scheme.]

[1][(*6*) Notwithstanding anything contained in any other provision of this Act, where—

(*i*)  the approval of the National Committee, granted to an association or institution, is withdrawn under sub-section (*4*) or the notification in respect of eligible project or scheme is withdrawn in the case of a public sector company or local authority or an association or institution under sub-section (*5*); or

(*ii*)  a company has claimed deduction under the proviso to sub-section (*1*) in respect of any expenditure incurred directly on the eligible project or scheme and the approval for such project or scheme is withdrawn by the National Committee under sub-section (*5*),

the total amount of the payment received by the public sector company or the local authority or the association or the institution, as the case may be, in respect of which such company or authority or association or institution has furnished a certificate referred to in clause (*a*) of sub-section (*2*) or the deduction claimed by a company under the proviso to sub-section (*1*) shall be deemed to be the income of such company or authority or association or institution, as the case may be, for the previous year in which such approval or notification is withdrawn and tax shall be charged on such income at the maximum marginal rate in force for that year.]

[2][(*7*) No deduction under this section shall be allowed in respect of any assessment year commencing on or after the 1st day of April, 2018.]

*Explanation.*—For the purposes of this section,—

(*a*)  "National Committee" means the Committee constituted by the Central Government, from amongst persons of eminence in public life, in accordance with the rules made under this Act;

(*b*)  "eligible project or scheme" means such project or scheme for promoting the social and economic welfare of, or the uplift of, the public as the Central Government may, by notification in the Official Gazette, specify in this behalf on the recommendations of the National Committee.]

[3][**35AD. Deduction in respect of expenditure on specified business.**— (*1*) An assessee shall be allowed a deduction in respect of the whole of any expenditure of capital nature incurred, wholly and exclusively, for the purposes of any specified business carried on by him during the previous year in which such expenditure is incurred by him:

1. Ins. by Act 20 of 2002, s. 16 (w.e.f. 1-4-2003).
2. Ins. by Act 28 of 2016, s. 17 (w.e.f. 1-4-2017).
3. Ins. by Act 33 of 2009, s. 13 (w.e.f. 1-4-2010).

Provided that the expenditure incurred, wholly and exclusively, for the purposes of any specified business, shall be allowed as deduction during the previous year in which he commences operations of his specified business, if—

(*a*) the expenditure is incurred prior to the commencement of its operations; and

(*b*) the amount is capitalised in the books of account of the assessee on the date of commencement of its operations.]

[1] *            *            *            *            *

(*2*) This section applies to the specified business which fulfils all the following conditions, namely:—

(*i*) it is not set up by splitting up, or the reconstruction, of a business already in existence;

(*ii*) it is not set up by the transfer to the specified business of machinery or plant previously used for any purpose;

(*iii*) where the business is of the nature referred to in sub-clause (*iii*) of clause (*c*) of sub-section (*8*), such business,—

(*a*) is owned by a company formed and registered in India under the Companies Act, 1956 (1 of 1956) or by a consortium of such companies or by an authority or a board or a corporation established or constituted under any Central or State Act;

(*b*) has been approved by the Petroleum and Natural Gas Regulatory Board established under sub-section (*1*) of section 3 of the Petroleum and Natural Gas Regulatory Board Act, 2006 (19 of 2006) and notified by the Central Government in the Official Gazette in this behalf;

(*c*) has made not less than [2][such proportion of its total pipeline capacity as specified by regulations made by the Petroleum and Natural Gas Regulatory Board established under sub-section (*1*) of section 3 of the Petroleum and Natural Gas Regulatory Board Act, 2006 (19 of 2006)] available for use on common carrier basis by any person other than the assessee or an associated person; and

(*d*) fulfils any other condition as may be prescribed.

[3][(*iv*) where the business is of the nature referred to in sub-clause (*xiv*) of clause (*c*) of sub-section (*8*), such business,—

(*A*) is owned by a company registered in India or by a consortium of such companies or by an authority or a board or corporation or any other body established or constituted under any Central or State Act;

(*B*) entity referred to in sub-clause (*A*) has entered into an agreement with the Central Government or a State Government or a local authority or any other statutory body for developing or operating and maintaining or developing, operating and maintaining, a new infrastructure facility.]

[4][(*3*) Where a deduction under this section is claimed and allowed in respect of the specified business for any assessment year, no deduction shall be allowed under the provisions of [5][section 10AA and]

---

1. Sub-section (*1A*) Omitted by Act 28 of 2016, s. 18 (w.e.f 1-4-2018).
2. Subs. by Act 14 of 2010, s. 10, for the words "one-third of its total pipeline capacity" (w.e.f. 1-4-2010).
3. Ins. by Act 28 of 2016, s. 18 (w.e.f. 1-4-2018).
4. Subs. by Act 14 of 2010, s. 10, for sub-section (*3*) (w.e.f. 1-4-2011).
5. Ins. by Act 25 of 2014, s. 12 (w.e.f. 1-4-2015).

Chapter VIA under the heading" C.—Deductions in respect of certain incomes" in relation to such specified business for the same or any other assessment year.]

(*4*) No deduction in respect of the expenditure referred to in sub-section (*1*) shall be allowed to the assessee under any other section in any previous year or under this section in any other previous year.

(*5*) The provisions of this section shall apply to the specified business referred to in sub-section (*2*) if it commences its operations,—

(*a*)  on or after the 1st day of April, 2007, where the specified business is in the nature of laying and operating a cross-country natural gas pipeline network for distribution, including storage facilities being an integral part of such network; [1]***

[2][(*aa*)  on or after the 1st day of April, 2010, where the specified business is in the nature of building and operating a new hotel of two-star or above category as classified by the Central Government;

(*ab*) on or after the 1st day of April, 2010, where the specified business is in the nature of building and operating a new hospital with at least one hundred beds for patients;

(*ac*) on or after the 1st day of April, 2010, where the specified business is in the nature of developing and building a housing project under a scheme for slum redevelopment or rehabilitation framed by the Central Government or a State Government, as the case may be, and which is notified by the Board in this behalf in accordance with the guidelines as may be prescribed; [3]***]

[4][(*ad*) on or after the 1st day of April, 2011, where the specified business is in the nature of developing and building a housing project under a scheme for affordable housing framed by the Central Government or a State Government, as the case may be, and notified by the Board in this behalf in accordance with the guidelines as may be prescribed;

(*ae*) on or after the 1st day of April, 2011, in a new plant or in a newly installed capacity in an existing plant for production of fertilizer; [5]***]

[6](*af*) on or after the 1st day of April, 2012, where the specified business is in the nature of setting up and operating an inland container depot or a container freight station notified or approved under the Customs Act, 1962 (52 of 1962);

(*ag*) on or after the 1st day of April, 2012, where the specified business is in the nature of bee-keeping and production of honey and beeswax;

(*ah*) on or after the 1st day of April, 2012, where the specified business is in the nature of setting up and operating a warehousing facility for storage of sugar; [7]***]

[8][(*ai*) on or after the 1st day of April, 2014, where the specified business is in the nature of laying and operating a slurry pipeline for the transportation of iron ore;

(*aj*) on or after the 1st day of April, 2014, where the specified business is in the nature of setting up and operating a semi-conductor wafer fabrication manufacturing unit, and which is notified by the Board in accordance with such guidelines as may be prescribed; [9]***]

1. The word "and" omitted by Act 14 of 2010, s. 10 (w.e.f. 1-4-2011).
2. Ins. by s. 10, *ibid*. (w.e.f. 1-4-2011).
3. The word "and" omitted by Act 8 of 2011, s. 6 (w.e.f. 1-4-2012).
4. Ins. by s. 6, *ibid*. (w.e.f. 1-4-2012).
5. The word "and" omitted by Act 23 of 2012, s. 9 (w.e.f. 1-4-2013).
6. Ins. by s. 9, *ibid*. (w.e.f. 1-4-2013).
7. The word "and" omitted by Act 25 of 2014, s. 12 (w.e.f. 1-4-2015).
8. Ins. by s. 12, *ibid*. (w.e.f. 1-4-2015).
9. The word "and" omitted by Act 28 of 2016, s. 18 (w.e.f. 1-4-2018).

[1][(*ak*) on or after the 1st day of April, 2017, where the specified business is in the nature of developing or operating and maintaining or developing, operating and maintaining, any infrastructure facility; and]

(*b*)  on or after the 1st day of April, 2009, in all other cases not falling under [2][any of the above clauses.]

(*6*) The assessee carrying on the business of the nature referred to in clause (*a*) of sub-section (*5*) shall be allowed, in addition to deduction under sub-section (*1*), a further deduction in the previous year relevant to the assessment year beginning on the 1st day of April, 2010, of an amount in respect of expenditure of capital nature incurred during any earlier previous year, if—

(*a*)  the business referred to in clause (*a*) of sub-section (*5*) has commenced its operation at any time during the period beginning on or after the 1st day of April, 2007 and ending on the 31st day of March, 2009; and

(*b*)  no deduction for such amount has been allowed or is allowable to the assessee in any earlier previous year.

[3][(*6A*) Where the assessee builds a hotel of two-star or above category as classified by the Central Government and subsequently, while continuing to own the hotel, transfers the operation thereof to another person, the assessee shall be deemed to be carrying on the specified business referred to in sub-clause (*iv*) of clause (*c*) of sub-section (*8*).]

(*7*) The provisions contained in sub-section (*6*) of section 80A and the provisions of sub-sections (*7*) and (*10*) of section 80-IA  shall, so far as may be, apply to this section in respect of goods or services or assets held for the purposes of the specified business.

[4][(*7A*) Any asset in respect of which a deduction is claimed and allowed under this section shall be used only for the specified business, for a period of eight years beginning with the previous year in which such asset is acquired or constructed.

(*7B*) Where any asset, in respect of which a deduction is claimed and allowed under this section, is used for a purpose other than the specified business during the period specified in sub-section (*7A*), otherwise than by way of a mode referred to in clause (*vii*) of section 28, the total amount of deduction so claimed and allowed in one or more previous years, as reduced by the amount of depreciation allowable in accordance with the provisions of section 32, as if no deduction under this section was allowed, shall be deemed to be the income of the assessee chargeable under the head "Profits and gains of business or profession" of the previous year in which the asset is so used.

(*7C*) Nothing contained in sub-section (*7B*) shall apply to a company which has become a sick industrial company under sub-section (*1*) of section 17 of the Sick Industrial Companies (Special Provisions) Act, 1985 (1 of 1986), during the period specified in sub-section (*7A*).]

(*8*) For the purposes of this section,—

(*a*)  an "associated person", in relation to the assessee, means a person,—

(*i*)  who participates, directly or indirectly, or through one or more intermediaries in the management or control or capital of the assessee;

---

1. Ins. by Act 28 of 2016, s. 18 (w.e.f. 1-4-2018).
2. Subs. by Act 23 of 2012, s. 9, for "clause (*a*), clause (*aa*), clause (*ab*) and clauses (*ac*)" (w.e.f. 1-4-2013).
3. Ins. by s. 9, *ibid*. (w.e.f. 1-4-2011).
4. Ins. by Act 25 of 2014, s. 12 (w.e.f. 1-4-2015).

(*ii*) who holds, directly or indirectly, shares carrying not less than twenty-six per cent of the voting power in the capital of the assessee;

(*iii*) who appoints more than half of the Board of directors or members of the governing board, or one or more executive directors or executive members of the governing board of the assessee; or

(*iv*) who guarantees not less than ten per cent of the total borrowings of the assessee;

(*b*)  "cold chain facility" means a chain of facilities for storage or transportation of agricultural and forest produce, meat and meat products, poultry, marine and dairy products, products of horticulture, floriculture and apiculture and processed food items under scientifically controlled conditions including refrigeration and other facilities necessary for the preservation of such produce;

[1][(*ba*) "infrastructure facility" means—

(*i*) a road including toll road, a bridge or a rail system;

(*ii*) a highway project including housing or other activities being an integral part of the highway project;

(*iii*) a water supply project, water treatment system, irrigation project, sanitation and sewerage system or solid waste management system;

(*iv*) a port, airport, inland waterway, inland port or navigational channel in the sea;]

(*c*) "specified business" means any one or more of the following business, namely :—

(*i*) setting up and operating a cold chain facility;

(*ii*) setting up and operating a warehousing facility for storage of agricultural produce;

(*iii*) laying and operating a cross-country natural gas or crude or petroleum oil pipeline network for distribution, including storage facilities being an integral part of such network;

[2][(*iv*) building and operating, anywhere in India, a [3][hotel] of two-star or above category as classified by the Central Government;

(*v*) building and operating, anywhere in India, a [4][hospital] with at least one hundred beds for patients;

(*vi*) developing and building a housing project under a scheme for slum redevelopment or rehabilitation framed by the Central Government or a State Government, as the case may be, and notified by the Board in this behalf in accordance with the guidelines as may be prescribed;

---

1. Ins. by Act 28 of 2016, s. 18 (w.e.f. 1-4-2018).
2. Ins. by Act 14 of 2010, s. 10 (w.e.f. 1-4-2011).
3. Subs. by Act 8 of 2011, s. 6, for "new hotel" (w.e.f. 1-4-2011).
4. Subs. by s. 6, *ibid.*, for "new hospital" (w.e.f. 1-4-2011).

[1][(*vii*) developing and building a housing project under a scheme for affordable housing framed by the Central Government or a State Government, as the case may be, and notified by the Board in this behalf in accordance with the guidelines as may be prescribed;

(*viii*) production of fertilizer in India;]

[2][(*ix*)  setting up and operating an inland container depot or a container freight station notified or approved under the Customs Act, 1962 (52 of 1962);

 (*x*)  bee-keeping and production of honey and beeswax;

(*xi*)  setting up and operating a warehousing facility for storage of sugar;]

[3][(*xii*) laying and operating a slurry pipeline for the transportation of iron ore;

(*xiii*) setting up and operating a semi-conductor wafer fabrication manufacturing unit notified by the Board in accordance with such guidelines as may be prescribed;]

[4][(*xiv*) developing or maintaining and operating or developing, maintaining and operating a new infrastructure facility;]

(*d*)  any machinery or plant which was used outside India by any person other than the assessee shall not be regarded as machinery or plant previously used for any purpose, if—

 (*i*)  such machinery or plant was not, at any time prior to the date of the installation by the assessee, used in India;

(*ii*)  such machinery or plant is imported into India from any country outside India; and

(*iii*) no deduction on account of depreciation in respect of such machinery or plant has been allowed or is allowable under the provisions of this Act in computing the total income of any person for any period prior to the date of installation of the machinery or plant by the assessee;

(*e*)  where in the case of a specified business, any machinery or plant or any part thereof previously used for any purpose is transferred to the specified business and the total value of the machinery or plant or part so transferred does not exceed twenty per cent of the total value of the machinery or plant used in such business, then, for the purposes of clause (*ii*) of sub-section (*2*), the condition specified therein shall be deemed to have been complied with;

(*f*) any expenditure of capital nature shall not include [5][any expenditure in respect of which the payment or aggregate of payments made to a person in a day, otherwise than by an account payee cheque drawn on a bank or an account payee bank draft or use of electronic clearing system through a bank account, exceeds ten thousand rupees or] any expenditure incurred on the acquisition of any land or goodwill or financial instrument.]

---

1. Ins. by Act 8 of 2011, s. 6 (w.e.f. 1-4-2012).
2. Ins. by Act 23 of 2012, s. 9 (w.e.f. 1-4-2013).
3. Ins. by Act 25 of 2014, s. 12 (w.e.f. 1-4-2015).
4. Ins. by Act 28 of 2016, s. 18 (w.e.f. 1-4-2018).
5. Ins. by Act 7 of 2017, s. 13 (w.e.f. 1-4-2018).

**35B.** [**Export markets development allowance**.]—*Omitted by the Direct Tax Laws (Amendment) Act*, 1987 (4 *of* 1988), *s.* 10 *as amended by Act* 3 *of* 1989, *s.* 95 (*w.e.f.*1-4-1989). *Earlier inserted by Act* 19 *of* 1968, *s.* 5 (*w.e.f.* 1-4-1968).

**35C.** [**Agricultural development allowance**.]—*Omitted by s. 10, ibid.* (*w.e.f.* 1-4-1988) *as amended by s.* 95, *ibid.* (*w.e.f.*1-4-1989). *Earlier inserted s.* 5, *ibid.* (*w.e.f.* 1-4-1968).

**35CC.** [**Rural development allowance**.]—*Omitted by s. 10, ibid. (w.e.f. 1-4-1988) as amended by s.* 95, *ibid.* (*w.e.f.*1-4-1989). *Earlier inserted s.* 5, *ibid.* (*w.e.f.* 1-4-1968).

[1][**35CCA.Expenditure by way of payment to associations and institutions for carrying out rural development programmes.**—[2][(*1*) Where an assessee incurs any expenditure by way of payment of any sum—

(*a*)  to an association or institution, which has as its object the undertaking of any programme of rural development, to be used for carrying out any programme of rural development approved by the prescribed authority; or

(*b*)  to an association or institution, which has as its object the training of persons for implementing programmes of rural development; [3][or]

[4][(*c*) to a rural development fund set up and notified by the Central Government in this [5][behalf; or]

[6][(*d*)  to the National Urban Poverty Eradication Fund set up and notified by the Central Government in this behalf,]

the assessee shall, subject to the provisions of sub-section (*2*), be allowed a deduction of the amount of such expenditure incurred during the previous year.]

[7][(*2*) The deduction under clause (*a*) of sub-section (*1*) shall not be allowed in respect of expenditure by way of payment of any sum to any association or institution referred to in the said clause unless the assessee furnishes a certificate from such association or institution to the effect that—

(*a*)  the programme of rural development had been approved by the prescribed authority before the 1st day of March, 1983; and

(*b*)  where such payment is made after the 28th day of February, 1983, such programme involves work by way of construction of any building or other structure (whether for use as a dispensary, school, training or welfare centre, workshop or for any other purpose) or the laying of any road or the construction or boring of a well or tube-well or the installation of any plant or machinery, and such work has commenced before the 1st day of March, 1983.]

(*2A*) The deduction under clause (*b*) of sub-section (*1*) shall not be allowed in respect of expenditure by way of payment of any sum to any association or institution unless the assessee furnishes a certificate from such association or institution to the effect that—

(*a*)  the prescribed authority had approved the association or institution before the 1st day of March, 1983; and

---

1. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier omitted by Act 4 of 1988, s. 10 (w.e.f 1-4-1988). Original s. 35CCA ins. by Act 19 of 1978, s. 7 (w.e.f. 1-6-1978).
2. Subs. by Act 21 of 1979, s. 5, for sub-section (*1*) (w.e.f. 1-6-1979).
3. Ins. by Act 11 of 1983, s. 16 (w.e.f. 1-4-1983).
4. Ins. by s. 16, *ibid.* (w.e.f. 1-4-1983).
5. Subs. by Act 22 of 1995, s. 9, for "behalf" (w.e.f. 1-4-1996).
6. Ins. by s. 9, *ibid.* (w.e.f. 1-4-1996).
7. Subs. by Act 11 of 1983, s. 16 for sub-section (*2*), (*2A*) and (*2B*) (w.e.f. 1-4-1983).

(*b*) the training of persons for implementing any programme of rural development had been started by the association or institution before the 1st day of March, 1983.]

[1][*Explanation*.—The deduction, to which the assessee is entitled in respect of any sum paid to an association or institution for carrying out the programme of rural development referred to in sub-section (*1*), shall not be denied merely on the ground that subsequent to the payment of such sum by the assessee, the approval granted to such programme of rural development, or as the case may be, to the association or institution has been withdrawn.]

(*2B*) No certificate of the nature referred to in sub-section (*2*) or sub-section (*2A*) shall be issued by any association or institution unless such association or institution has obtained from the prescribed authority authorisation in writing to issue certificates of such nature.]

*Explanation*.—For the purposes of this section, "programme of rural development" shall have the meaning assigned to it in the Explanation to sub-section (*1*) of section 35CC.

(*3*) Where a deduction under this section is claimed and allowed for any assessment year in respect of any expenditure referred to in sub-section (*1*), deduction shall not be allowed in respect of such expenditure under section 35C or section 35CC or section 80G or any other provision of this Act for the same or any other assessment year.]

[2][**35CCB. Expenditure by way of payment to associations and institutions for carrying out programmes of conservation of natural resources.**—[3][(*1*) [4][Where an assessee incurs any expenditure on or before the 31st day of March, 2002] by way of payment of any sum—

(*a*)  to an association or institution, which has as its object the undertaking of any programme of conservation of natural resources or of afforestation, to be used for carrying out any programme of conservation of natural resources or afforestation approved by the prescribed authority; or

(*b*)  to such fund for afforestation as may be notified by the Central Government,

the assessee shall, subject to the provisions of sub-section (*2*), be allowed a deduction of the amount of such expenditure incurred during the previous year.]

(*2*) The deduction under [5][clause (*a*) of] sub-section (*1*) shall not be allowed with respect to expenditure by way of payment of any sum to any association or institution, unless such association or institution is for the time being approved in this behalf by the prescribed authority:

Provided that the prescribed authority shall not grant such approval for more than three years at a time.

(*3*) Where a deduction under this section is claimed and allowed for any assessment year in respect of any expenditure referred to in sub-section (*1*), deduction shall not be allowed in respect of such expenditure under any other provision of this Act for the same or any other assessment year.]

[6][**35CCC.  Expenditure on agricultural extension project.**— (*1*) Where an assessee incurs any expenditure on agricultural extension project notified by the Board in this behalf in accordance with theguidelines as may be prescribed, then, there shall be allowed a deduction of a sum equal to one and one-half times of such expenditure.

1. Ins. by Act 29 of 2006, s. 7 (w.e.f. 1-4-2006).
2. Restored by Act 3 of 1989, s. 95 earlier omitted by Act 4 of 1988, s.10 (w.e.f. 1-4-1989). Original s. 35CCB was inserted by Act 14 of 1982, s. 9 (w.e.f. 1-6-1982).
3. Subs. by Act 12 of 1990, s. 12, for sub-section (*1*) (w.e.f. 1-4-1991).
4. Subs. by Act 20 of 2002, s. 17, for "Where an assessee incurs any expenditure" (w.e.f. 1-4-2003).
5. Ins. by Act 12 of 1990, s. 12 (w.e.f. 1-4-1991).
6. Ins. by Act 23 of 2012, s. 10 (w.e.f. 1-4-2013).

[1][Provided that for the assessment year beginning on or after the 1st day of April, 2021, the provisions of this sub-section shall have effect as if for the words "a sum equal to one and one-half times of", the words "a sum equal to" had been substituted.]

(*2*) Where a deduction under this section is claimed and allowed for any assessment year in respect of any expenditure referred to in sub-section (*1*), deduction shall not be allowed in respect of such expenditure under any other provisions of this Act for the same or any other assessment year.]

[2][**35CCD. Expenditure on skill development project.**— (*1*) Where a company incurs any expenditure (not being expenditure in the nature of cost of any land or building) on any skill development project notified by the Board in this behalf in accordance with the guidelines as may be prescribed, then, there shall be allowed a deduction of a sum equal to one and one-half times of such expenditure.

[3][Provided that for the assessment year beginning on or after the 1st day of April, 2021, the provisions of this sub-section shall have effect, as if for the words "an amount equal to one and one-half times of", the words "a sum equal to" had been substituted.]

(*2*) Where a deduction under this section is claimed and allowed for any assessment year in respect of any expenditure referred to in sub-section (*1*), deduction shall not be allowed in respect of such expenditure under any other provisions of this Act for the same or any other assessment year.]

[4][**35D. Amortisation of certain preliminary expenses.**— (*1*) Where an assessee, being an Indian company or a person (other than a company) who is resident in India, incurs, after the 31st day of March, 1970, any expenditure specified in sub-section (*2*),—

(*i*) before the commencement of his business, or

(*ii*) after the commencement of his business, in connection with the extension of his [5][undertaking] or in connection with his setting up a new [6][unit],

the assessee shall, in accordance with and subject to the provisions of this section, be allowed a deduction of an amount equal to one-tenth of such expenditure for each of the ten successive previous years beginning with the previous year in which the business commences or, as the case may be, the previous year in which the extension of the [5][undertaking] is completed or the new [6][unit] commences production or operation:

[7][Provided that where an assessee incurs after the 31st day of March, 1998, any expenditure specified in sub-section (*2*), the provisions of this sub-section shall have effect as if for the words "an amount equal to one-tenth of such expenditure for each of the ten successive previous years", the words "an amount equal to one-fifth of such expenditure for each of the five successive previous years" had been substituted.]

(*2*) The expenditure referred to in sub-section (*1*) shall be the expenditure specified in any one or more of the following clauses, namely :—

(*a*) expenditure in connection with—

(*i*) preparation of feasibility report;

(*ii*) preparation of project report;

---

1. Ins. by Act 28 of 2016, s. 19 (w.e.f. 1-4-2017).
2. Ins. by Act 23 of 2012, s. 10 (w.e.f. 1-4-2013).
3. Ins. by Act 28 of 2016, s. 20 (w.e.f. 1-4-2017).
4. Ins. by Act 42 of 1970, s. 8 (w.e.f. 1-4-1971).
5. Subs. by Act 18 of 2008, s. 8, for "industrial undertaking" (w.e.f. 1-4-2009).
6. Subs. by s. 8, *ibid.*, for "industrial unit" (w.e.f. 1-4-2009).
7. Ins. by Act 21 of 1998, s. 14 (w.e.f. 1-4-1999).

(*iii*)  conducting market survey or any other survey necessary for the business of the assessee;

(*iv*)  engineering services relating to the business of the assessee:

Provided that the work in connection with the preparation of the feasibility report or the project report or the conducting of market survey or of any other survey or the engineering services referred to in this clause is carried out by the assessee himself or by a concern which is for the time being approved in this behalf by the Board;

(*b*)  legal charges for drafting any agreement between the assessee and any other person for any purpose relating to the setting up or conduct of the business of the assessee;

(*c*)  where the assessee is a company, also expenditure—

(*i*)  by way of legal charges for drafting the Memorandum and Articles of Association of the company;

(*ii*)  on printing of the Memorandum and Articles of Association;

(*iii*)  by way of fees for registering the company under the provisions of the Companies Act, 1956 (1 of 1956);

(*iv*)  in connection with the issue, for public subscription, of shares in or debentures of the company, being underwriting commission, brokerage and charges for drafting, typing, printing and advertisement of the prospectus;

(*d*)  such other items of expenditure (not being expenditure eligible for any allowance or deduction under any other provision of this Act) as may be prescribed.

(*3*) Where the aggregate amount of the expenditure referred to in sub-section (*2*) exceeds an amount calculated at two and one-half per cent—

(*a*)  of the cost of the project, or

(*b*)  where the assessee is an Indian company, at the option of the company, of the capital employed in the business of the company,

the excess shall be ignored for the purpose of computing the deduction allowable under sub-section (*1*):

[1][Provided that where the aggregate amount of expenditure referred to in sub-section (*2*) is incurred after the 31st day of March, 1998, the provisions of this sub-section shall have effect as if for the words "two and one-half per cent", the words "five per cent" had been substituted.]

*Explanation*.—In this sub-section—

(*a*)  "cost of the project" means—

(*i*)  in a case referred to in clause (*i*) of sub-section (*1*), the actual cost of the fixed assets, being land, buildings, leaseholds, plant, machinery, furniture, fittings and railway sidings (including expenditure on development of land and buildings), which are shown in the books of the assessee as on the last day of the previous year in which the business of the assessee commences;

(*ii*)  in a case referred to in clause (*ii*) of sub-section (*1*), the actual cost of the fixed assets, being land, buildings, leaseholds, plant, machinery, furniture, fittings and railway sidings (including expenditure on development of land and buildings), which are shown in the books of the assessee as on the last day of the previous year in which the extension of the [2][undertaking] is

1. Ins. by Act 21 of 1998, s. 14 (w.e.f. 1-4-1999).
2. Subs. by Act 18 of 2008, s. 8, for "industrial undertaking" (w.e.f. 1-4-2009).

completed or, as the case may be, the new [1][unit] commences production or operation, in so far as such fixed assets have been acquired or developed in connection with the extension of the [2][undertaking] or the setting up of the new [1][unit] of the assessee;

(*b*)  "capital employed in the business of the company" means—

 (*i*)  in a case referred to in clause (*i*) of sub-section (*1*), the aggregate of the issued share capital, debentures and long-term borrowings as on the last day of the previous year in which the business of the company commences;

 (*ii*)  in a case referred to in clause (*ii*) of sub-section (*1*), the aggregate of the issued share capital, debentures and long-term borrowings as on the last day of the previous year in which the extension of the [2][undertaking] is completed or, as the case may be, the new [1][unit] commences production or operation, in so far as such capital, debentures and long-term borrowings have been issued or obtained in connection with the extension of the [2][undertaking] or the setting up of the new [2][unit] of the company;

(*c*)  "long-term borrowings" means—

 (*i*)  any moneys borrowed by the company from Government or the Industrial Finance Corporation of India or the Industrial Credit and Investment Corporation of India or any other financial institution[3][which is eligible for deduction under clause (*viii*) of sub-section (*1*) of section 36] or any banking institution (not being a financial institution referred to above), or

 (*ii*)  any moneys borrowed or debt incurred by it in a foreign country in respect of the purchase outside India of capital plant and machinery, where the terms under which such moneys are borrowed or the debt is incurred provide for the repayment thereof during a period of not less than seven years.

(*4*) Where the assessee is a person other than a company or a co-operative society, no deduction shall be admissible under sub-section (*1*) unless the accounts of the assessee for the year or years in which the expenditure specified in sub-section (*2*) is incurred have been audited by an accountant as defined in the Explanation below sub-section (*2*) of section 288, and the assessee furnishes, along with his return of income for the first year in which the deduction under this section is claimed, the report of such audit in the prescribed form duly signed and verified by such accountant and setting forth such particulars as may be prescribed.

(*5*) Where the undertaking of an Indian company which is entitled to the deduction under sub-section (*1*) is transferred, before the expiry of the period of ten years specified in sub-section (*1*), to another Indian company in a scheme of amalgamation,—

 (*i*)  no deduction shall be admissible under sub-section (*1*) in the case of the amalgamating company for the previous year in which the amalgamation takes place; and

 (*ii*) the provisions of this section shall, as far as may be, apply to the amalgamated company as they would have applied to the amalgamating company if the amalgamation had not taken place.

[4][(*5A*) Where the undertaking of an Indian company which is entitled to the deduction under sub-section (*1*) is transferred, before the expiry of the period specified in sub-section (1), to another company in a scheme of demerger,—

 (*i*)  no deduction shall be admissible under sub-section (*1*) in the case of the demerged company for the previous year in which the demerger takes place; and

---

1. Subs. by Act of 18 of 2008, s. 8, for "industrial unit" (w.e.f. 1-4-2009).
2. Subs. by s. 8, *ibid.*, for "industrial undertaking" (w.e.f. 1-4-2009).
3. Subs. by Act 10 of 2000, s. 17, for "which is for the time being approved by the Central Government for the purposes of clause (*viii*) of sub-section (*1*) of section 36" (w.e.f. 1-4-2000).
4. Ins. by Act 27 of 1999, s. 19 (w.e.f. 1-4-2000).

(*ii*) the provisions of this section shall, as far as may be, apply to the resulting company, as they would have applied to the demerged company, if the demerger had not taken place.]

(*6*) Where a deduction under this section is claimed and allowed for any assessment year in respect of any expenditure specified in sub-section (*2*), the expenditure in respect of which deduction is so allowed shall not qualify for deduction under any other provision of this Act for the same or any other assessment year.

[1][**35DD. Amortisation of expenditure in case of amalgamation or demerger.**—(*1*) Where an assessee, being an Indian company, incurs any expenditure, on or after the 1st day of April, 1999, wholly and exclusively for the purposes of amalgamation or demerger of an undertaking, the assessee shall be allowed a deduction of an amount equal to one-fifth of such expenditure for each of the five successive previous years beginning with the previous year in which the amalgamation or demerger takes place.

(*2*) No deduction shall be allowed in respect of the expenditure mentioned in sub-section (*1*) under any other provision of this Act.]

[2][**35DDA. Amortisation of expenditure incurred under voluntary retirement scheme.**—(*1*) Where an assessee incurs any expenditure in any previous year by way of payment of any sum to an employee [3][in connection with his voluntary retirement], in accordance with any scheme or schemes of voluntary retirement, one-fifth of the amount so paid shall be deducted in computing the profits and gains of the business for that previous year, and the balance shall be deducted in equal instalments for each of the four immediately succeeding previous years.]

[4][(*2*) Where the assessee, being an Indian company, is entitled to the deduction under sub-section (*1*) and the undertaking of such Indian company entitled to the deduction under sub-section (*1*) is transferred, before the expiry of the period specified in that sub-section, to another Indian company in a scheme of amalgamation, the provisions of this section shall, as far as may be, apply to the amalgamated company as they would have applied to the amalgamating company if the amalgamation had not taken place.

(*3*) Where the undertaking of an Indian company entitled to the deduction under sub-section (*1*) is transferred, before the expiry of the period specified in that sub-section, to another company in a scheme of demerger, the provisions of this section shall, as far as may be, apply to the resulting company, as they would have applied to the demerged company, if the demerger had not taken place.

(*4*) Where there has been reorganisation of business, whereby a firm is succeeded by a company fulfilling the conditions laid down in clause (*xiii*) of section 47 or a proprietary concern is succeeded by a company fulfilling the conditions laid down in clause (*xiv*) of section 47, the provisions of this section shall, as far as may be, apply to the successor company, as they would have applied to the firm or the proprietary concern, if reorganisation of business had not taken place.

[5][(*4A*) Where there has been reorganisation ofbusiness, whereby a private company or unlisted public company is succeeded by a limited liability partnership fulfilling the conditions laid down in the proviso to clause (*xiiib*) of section 47, the provisions of this section shall, as far as may be, apply to the successor limited liability partnership, as they would have applied to the said company, if reorganisation of business had not taken place.

(*5*) No deduction shall be allowed in respect of the expenditure mentioned in sub-section (*1*) in the case of the amalgamating company referred to in sub-section (*2*), in the case of demerged company referred to in [6][sub-section (*3*), in the case of a firm or proprietary concern referred to in sub-section (*4*)

1. Ins. by Act 27 of 1999, s. 20 (w.e.f. 1-4-2000).
2. Ins. by Act 14 of 2001, s. 24 (w.e.f. 1-4-2001).
3. Subs. by Act 18 of 2005, s. 11, for "at the time of his voluntary retirement" (w.e.f. 1-4-2004).
4. Subs. by Act 20 of 2002, s. 18, for sub-section (2) (w.e.f. 1-4-2001).
5. Ins. by Act 14 of 2010, s. 11 (w.e.f. 1-4-2011).
6. Subs. by s. 11, *ibid*., for "sub-section (*3*) and in the case of a firm or proprietary concern referred to in sub-section (*4*)" (w.e.f. 1-4-2011).

and in the case of a company referred to in sub-section (*4A*)] of this section, for the previous year in which amalgamation, demerger or succession, as the case may be, takes place.

(*6*) No deduction shall be allowed in respect of the expenditure mentioned in sub-section (*1*) under any other provision of this Act.]

**35E. Deduction for expenditure on prospecting, etc., for certain minerals.**—(*1*) Where an assessee, being an Indian company or a person (other than a company) who is resident in India, is engaged in any operations relating to prospecting for, or extraction or production of, any mineral and incurs, after the 31st day of March, 1970, any expenditure specified in sub-section (*2*), the assessee shall, in accordance with and subject to the provisions of this section, be allowed for each one of the relevant previous years a deduction of an amount equal to one-tenth of the amount of such expenditure.

(*2*) The expenditure referred to in sub-section (*1*) is that incurred by the assessee after the date specified in that sub-section at any time during the year of commercial production and any one or more of the four years immediately preceding that year, wholly and exclusively on any operations relating to prospecting for any mineral or group of associated minerals specified in Part A or Part B, respectively, of the Seventh Schedule or on the development of a mine or other natural deposit of any such mineral or group of associated minerals :

Provided that there shall be excluded from such expenditure any portion thereof which is met directly or indirectly by any other person or authority and any sale, salvage, compensation or insurance moneys realised by the assessee in respect of any property or rights brought into existence as a result of the expenditure.

(*3*) Any expenditure—

(*i*) on the acquisition of the site of the source of any mineral or group of associated minerals referred to in sub-section (*2*) or of any rights in or over such site;

(*ii*) on the acquisition of the deposits of such mineral or group of associated minerals or of any rights in or over such deposits;

(*iii*) of a capital nature in respect of any building, machinery, plant or furniture for which allowance by way of depreciation is admissible under section 32,

shall not be deemed to be expenditure incurred by the assessee for any of the purposes specified in sub-section (*2*).

(*4*) The deduction to be allowed under sub-section (*1*) for any relevant previous year shall be—

(*a*)  an amount equal to one-tenth of the expenditure specified in sub-section (*2*) (such one-tenth being hereafter in this sub-section referred to as the instalment); or

(*b*) such amount as is sufficient to reduce to nil the income (as computed before making the deduction under this section) of that previous year arising from the commercial exploitation [whether or not such commercial exploitation is as a result of the operations or development referred to in sub-section (*2*)] of any mine or other natural deposit of the mineral or any one or more of the minerals in a group of associated minerals as aforesaid in respect of which the expenditure was incurred,

207

whichever amount is less:

Provided that the amount of the instalment relating to any relevant previous year, to the extent to which it remains unallowed, shall be carried forward and added to the instalment relating to the previous year next following and deemed to be part of that instalment, and so on, for succeeding previous years, so, however, that no part of any instalment shall be carried forward beyond the tenth previous year as reckoned from the year of commercial production.

(5) For the purposes of this section,—

(a) "operation relating to prospecting" means any operation undertaken for the purposes of exploring, locating or proving deposits of any mineral, and includes any such operation which proves to be infructuous or abortive;

(b) "year of commercial production" means the previous year in which as a result of any operation relating to prospecting, commercial production of any mineral or any one or more of the minerals in a group of associated minerals specified in Part A or Part B, respectively, of the Seventh Schedule, commences;

(c) "relevant previous years" means the ten previous years beginning with the year of commercial production.

(6) Where the assessee is a person other than a company or a co-operative society, no deduction shall be admissible under sub-section (1) unless the accounts of the assessee for the year or years in which the expenditure specified in sub-section (2) is incurred have been audited by an accountant as defined in the Explanation below sub-section (2) of section 288, and the assessee furnishes, along with his return of income for the first year in which the deduction under this section is claimed, the report of such audit in the prescribed form duly signed and verified by such accountant and setting forth such particulars as may be prescribed.

(7) Where the undertaking of an Indian company which is entitled to the deduction under sub-section (1) is transferred, before the expiry of the period of ten years specified in sub-section (1), to another Indian company in a scheme of amalgamation—

(i) no deduction shall be admissible under sub-section (1) in the case of the amalgamating company for the previous year in which the amalgamation takes place; and

(ii) the provisions of this section shall, as far as may be, apply to the amalgamated company as they would have applied to the amalgamating company if the amalgamation had not taken place.

[1][(7A) Where the undertaking of an Indian company which is entitled to the deduction under sub-section (1) is transferred, before the expiry of the period of ten years specified in sub-section (1), to another Indian company in a scheme of demerger,—

(i) no deduction shall be admissible under sub-section (1) in the case of the demerged company for the previous year in which the demerger takes place; and

(ii) the provisions of this section shall, as far as may be, apply to the resulting company as they would have applied to the demerged company, if the demerger had not taken place.]

(8) Where a deduction under this section is claimed and allowed for any assessment year in respect of any expenditure specified in sub-section (2), the expenditure in respect of which deduction is so allowed shall not qualify for deduction under any other provision of this Act for the same or any other assessment year.]

---

1. Ins. by 27 of 1999, s. 21 (w.e.f. 1-4-2000).

**36. Other deductions**.—(*1*) The deductions provided for in the following clauses shall be allowed in respect of the matters dealt with therein, in computing the income referred to in section 28—

(*i*) the amount of any premium paid in respect of insurance against risk of damage or destruction of stocks or stores used for the purposes of the business or profession;

[1][(*ia*) the amount of any premium paid by a federal milk co-operative society to effect or to keep in force an insurance on the life of the cattle owned by a member of a co-operative society, being a primary society engaged in supplying milk raised by its members to such federal milk co-operative society;]

[2][(*ib*) the amount of any premium paid by any mode of payment other than cash by the assessee as an employer to effect or to keep in force an insurance on the health of his employees under a scheme framed in this behalf by—

(*A*) the General Insurance Corporation of India formed under section 9 of the General Insurance Business (Nationalisation) Act, 1972 (57 of 1972) and approved by the Central Government; or

(*B*) any other insurer and approved by the Insurance Regulatory and Development Authority established under sub-section (*1*) of section 3 of the Insurance Regulatory and Development Authority Act, 1999 (41 of 1999);]

(*ii*)  any sum paid to an employee as bonus or commission for services rendered, where such sum would not have been payable to him as profits or dividend if it had not been paid as bonus or commission;

[3]*          *          *          *          *

[4]*          *          *          *          *

(*iii*) the amount of the interest paid in respect of capital borrowed for the purposes of the business or profession:

[5][Provided that any amount of the interest paid, in respect of capital borrowed for acquisition of an asset [6]*** (whether capitalised in the books of account or not); for any period beginning from the date on which the capital was borrowed for acquisition of the asset till the date on which such asset was first put to use, shall not be allowed as deduction.

*Explanation*.—Recurring subscriptions paid periodically by shareholders, or subscribers in Mutual Benefit Societies which fulfill such conditions as may be prescribed, shall be deemed to be capital borrowed within the meaning of this clause;

[7][(*iiia*) the pro rata amount of discount on a zero coupon bond having regard to the period of life of such bond calculated in the manner as may be prescribed.

---

1. Ins. by Act 21 of 1979, s. 6 (w.e.f. 1-4-1980).
2. Subs. by Act 21 of 2006, s. 9, for clause (*ib*) (w.e.f. 1-4-2007).
3. The provisos omitted by Act 4 of 1988, s. 11 (w.e.f. 1-4-1989).
4. Clause (*iia*) omitted by Act 27 of 1999, s. 22 (w.e.f. 1-4-2000).
5. Ins. by Act 32 of 2003, s. 18 (w.e.f. 1-4-2004).
6. The words "for extension of existing business or profession" omitted by Act 20 of 2015, s. 13 (w.e.f. 1-4-2016).
7. Ins. by Act 18 of 2005, s. 12 (w.e.f. 1-4-2006).

*Explanation*.—For the purposes of this clause, the expressions—

(*i*) "discount" means the difference between the amount received or receivable by the infrastructure capital company or infrastructure capital fund or public sector company [1][or scheduled bank] issuing the bond and the amount payable by such company or fund or public sector company [1][or scheduled bank] on maturity or redemption of such bond;

(*ii*) "period of life of the bond" means the period commencing from the date of issue of the bond and ending on the date of the maturity or redemption of such bond;

[2]*          *          *          *          *]

(*iv*) any sum paid by the assessee as an employer by way of contribution towards a recognised provident fund or an approved superannuation fund, subject to such limits as may be prescribed for the purpose of recognising the provident fund or approving the superannuation fund, as the case may be; and subject to such conditions as the Board may think fit to specify in cases where the contributions are not in the nature of annual contributions of fixed amounts or annual contributions fixed on some definite basis by reference to the income chargeable under the head "Salaries" or to the contributions or to the number of members of the fund;

[3][(*iva*) any sum paid by the assessee as an employer by way of contribution towards a pension scheme, as referred to in section 80CCD, on account of an employee to the extent it does not exceed ten per cent of the salary of the employee in the previous year.

*Explanation*.—For the purposes of this clause, "salary" includes dearness allowance, if the terms of employment so provide, but excludes all other allowances and perquisites;]

(*v*) any sum paid by the assessee as an employer by way of contribution towards an approved gratuity fund created by him for the exclusive benefit of his employees under an irrevocable trust;

[4][(*va*) any sum received by the assessee from any of his employees to which the provisions of sub-clause (*x*) of clause (*24*) of section 2 apply, if such sum is credited by the assessee to the employee's account in the relevant fund or funds on or before the due date.

*Explanation*.—For the purposes of this clause, "due date" means the date by which the assessee is required as an employer to credit an employee's contribution to the employee's account in the relevant fund under any Act, rule, order or notification issued thereunder or under any standing order, award, contract of service or otherwise;]

(*vi*) in respect of animals which have been used for the purposes of the business or profession otherwise than as stock-in-trade and have died or become permanently useless for such purposes, the difference between the actual cost to the assessee of the animals and the amount, if any, realised in respect of the carcasses or animals;

(*vii*) subject to the provisions of sub-section (*2*), the amount of [5][any bad debt or part thereof which is written off as irrecoverable in the accounts of the assessee for the previous year:]

---

1. Ins. by Act 33 of 2009, s. 14 (w.e.f. 1-4-2009).

2. Clause (*iii*) omitted by Act 21 of 2006, s. 9 (w.e.f. 1-4-2007).

3. Ins. by Act 8 of 2011, s. 5 (w.e.f. 1-4-2012).

4. Ins. by Act 11 of 1987, s. 9 (w.e.f. 1-4-1988).

5. Subs. by Act 4 of 1988, s. 11, for "any debt, or part thereof, which is established to have become a bad debt in the previous year" (w.e.f. 1-4-1989).

[1][Provided that in the case of [2][an assesse] to which clause (*viia*) applies, the amount of the deduction relating to any such debt or part thereof shall be limited to the amount by which such debt or part thereof exceeds the credit balance in the provision for bad and doubtful debts account made under that clause:]

[3][Provided further that where the amount of such debt or part thereof has been taken into account in computing the income of the assessee of the previous year in which the amount of such debt or part thereof becomes irrecoverable or of an earlier previous year on the basis of income computation and disclosure standards notified under sub-section (*2*) of section 145 without recording the same in the accounts, then, such debt or part thereof shall be allowed in the previous year in which such debt or part thereof becomes irrecoverable and it shall be deemed that such debt or part thereof has been written off as irrecoverable in the accounts for the purposes of this clause.]

[4][[5][*Explanation*1].—For the purposes of this clause, any bad debt or part thereof written off as irrecoverable in the accounts of the assessee shall not include any provision for bad and doubtful debts made in the accounts of the assessee;]

[6][*Explanation* 2.—For the removal of doubts, it is hereby clarified that for the purposes of the proviso to clause (vii) of this sub-section and clause (*v*) of sub-section (*2*), the account referred to therein shall be only one account in respect of provision for bad and doubtful debts under clause (*viia*) and such account shall relate to all types of advances, including advances made by rural branches;]

[7][(*viia*) [8][in respect of any provision for bad and doubtful debts made by—

(*a*)  a scheduled bank [not being [9]*** a bank incorporated by or under the laws of a country outside India] or a non-scheduled bank [10][or a co-operative bank other than a primary agricultural credit society or a primary co-operative agricultural and rural development bank], an amount [11][not exceeding [12][eight and one-half per cent.]] of the total income (computed before making any deduction under this clause and Chapter VIA) and an amount not exceeding [13][ten per cent.] of the aggregate average advances made by the rural branches of such bank computed in the prescribed manner:

[14][Provided that a scheduled bank or a non-scheduled bank referred to in this sub-clause shall, at its option, be allowed in any of the relevant assessment years, deduction in respect of any provision made by it for any assets classified by the Reserve Bank of India as doubtful assets or loss assets in accordance with the guidelines issued by it in this behalf, for an amount not exceeding five per cent of the amount of such assets shown in the books of account of the bank on the last day of the previous year:]

---

1. Ins. by Act 32 of 1985, s. 10 (w.e.f. 1-4- 1985).
2. Subs. by Act 26 of 1997, s. 7, for "a bank" (w.e.f. 1-4-1992).
3. Ins. by Act 20 of 2015, s. 13 (w.e.f. 1-4-2016).
4. Ins. by Act 14 of 2001, s. 25 (w.e.f. 1-4-1989).
5. *Explanation* renumbered as *Explanation* 1 thereof by Act 17 of 2013, s. 7 (w.e.f. 1-4-2014).
6. Ins. by s. 7, *ibid.* (w.e.f. 1-4-2014).
7. Ins. by Act 21 of 1979, s. 6 (w.e.f. 1-4-1980).
8. Subs. by Act 26 of 1986, s. 2, for certain words (w.e.f. 1-4-1987).
9. The words "a bank approved by the Central Government for the purpose of clause (*viiia*) or" omitted by Act 32 of 1994, s. 14  (w.e.f. 1-4-1995).
10. Ins. by Act 20 of 2007, s. 13 (w.e.f. 1-4-2007).
11. Subs. by Act 20 of 2002, s. 19, for "not exceeding five per cent." (w.e.f. 1-4-2003).
12. Subs. by Act 7 of 2017, s. 14 for "seven and one-half per cent." (w.e.f. 1-4-2018).
13. Subs. by Act 32 of 1994, s. 14, for "four per cent." (w.e.f. 1-4-1995).
14. Ins. by Act 27 of 1999, s. 22 (w.e.f. 1-4-2000).

[1][Provided further that for the relevant assessment years commencing on or after the 1st day of April, 2003 and ending before the 1st day of April, 2005, the provisions of the first proviso shall have effect as if for the words "five per cent", the words "ten per cent." had been substituted:]

[2][Provided also that a scheduled bank or a non-scheduled bank referred to in this sub-clause shall, at its option, be allowed a further deduction in excess of the limits specified in the foregoing provisions, for an amount not exceeding the income derived from redemption of securities in accordance with a scheme framed by the Central Government:

Provided also that no deduction shall be allowed under the third proviso unless such income has been disclosed in the return of income under the head "Profits and gains of business or profession.]

*Explanation*.—For the purposes of this sub-clause, "relevant assessment years" means the five consecutive assessment years commencing on or after the 1st day of April, 2000 and ending before the 1st day of April, 2005;]

(*b*)  a bank, being a bank incorporated by or under the laws of a country outside India, an amount not exceeding five per cent of the total income (computed before making any deduction under this clause and Chapter VI-A);]

[3][(*c*)  a public financial institution or a State financial corporation or a State industrial investment corporation, an amount not exceeding five per cent of the total income (computed before making any deduction under this clause and Chapter VI-A):]

[1][Provided that a public financial institution or a State financial corporation or a State industrial investment corporation referred to in this sub-clause shall, at its option, be allowed in any of the two consecutive assessment years commencing on or after the 1st day of April, 2003 and ending before the 1st day of April, 2005, deduction in respect of any provision made by it for any assets classified by the Reserve Bank of India as doubtful assets or loss assets in accordance with the guidelines issued by it in this behalf, of an amount not exceeding ten per cent of the amount of such assets shown in the books of account of such institution or corporation, as the case may be, on the last day of the previous year.]

[4][(*d*)  a non-banking financial company, an amount not exceeding five per cent. of the total income (computed before making any deduction under this clause and Chapter VI-A).]

*Explanation*.—For the purposes of this clause,—

[5][(*i*)  "non-scheduled bank" means a banking company as defined in clause (*c*) of section 5 of the Banking Regulation Act, 1949 (10 of 1949), which is not a scheduled bank;

[6][(*ia*)]"rural branch" means a branch of a scheduled bank [7][or a non-scheduled bank] situated in a place which has a population of not more than ten thousand according to the last preceding census of which the relevant figures have been published before the first day of the previous year;

---

1. Ins. by Act 20 of 2002, s. 19 (w.e.f 1-4-2003).
2. Ins. by Act 32 of 2003, s. 18 (w.e.f. 1-4-2004).
3. Ins. by Act 49 of 1991, s. 14 (w.e.f. 1-4-1992).
4. Ins. by Act 28 of 2016, s. 21 (w.e.f. 1-4-2017).
5. Ins. by Act 14 of 1982, s. 10 (w.e.f. 1-4-983).
6. Clause (*i*) renumbered as clause (*ia*) thereof by Act 14 of 1982, s. 10 (w.e.f. 1-4-1983).
7. Ins. by s. 10, *ibid*. (w.e.f. 1-4-1983).

[1][(*ii*) "scheduled bank" means the State Bank of India constituted under the State Bank of India Act, 1955 (23 of 1955), a subsidiary bank as defined in the State Bank of India (Subsidiary Banks) Act, 1959 (38 of 1959), a corresponding new bank constituted under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1970 (5 of 1970), or under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1980 (40 of 1980), or any other bank being a bank included in the Second Schedule to the Reserve Bank of India Act, 1934 (2 of 1934) [2]***;]

[3][(*iii*) "public financial institution" shall have the meaning assigned to it in section 4A of the Companies Act, 1956 (1 of 1956);

(*iv*) "State financial corporation" means a financial corporation established under section 3 or section 3A or an institution notified under section 46 of the State Financial Corporations Act, 1951 (63 of 1951);

(*v*) "State industrial investment corporation" means a Government company within the meaning of section 617 of the Companies Act, 1956 (1 of 1956), engaged in the business of providing long-term finance for industrial projects and [4][eligible for deduction under clause (*viii*) of this sub-section];]

[5][(*vi*) "co-operative bank", "primary agricultural credit society" and "primary co-operative agricultural and rural development bank" shall have the meanings respectively assigned to them in the *Explanation* to sub-section (*4*) of section 80P;]

[6][(*vii*) "non-banking financial company" shall have the meaning assigned to it in clause (*f*) of section 45-I of the Reserve Bank of India Act, 1934 (2 of 1934);]

[7][(*viii*) in respect of any special reserve created and maintained by a specified entity, an amount not exceeding twenty per cent of the profits derived from eligible business computed under the head "Profits and gains of business or profession" (before making any deduction under this clause) carried to such reserve account:

Provided that where the aggregate of the amounts carried to such reserve account from time to time exceeds twice the amount of the paid up share capital and of the general reserves of the specified entity, no allowance under this clause shall be made in respect of such excess.

*Explanation.*—In this clause,—

(*a*) "specified entity" means,—

(*i*) a financial corporation specified in section 4A of the Companies Act, 1956 (1 of 1956);

(*ii*) a financial corporation which is a public sector company;

---

1. Subs. by Act 4 of 1988, s. 10, for clause (*ii*) (w.e.f. 1-4-1989).
2. The words "but does not include a co-operative bank" omitted by Act 22 of 2007, s. 11 (w.e.f. 1-4-2007).
3. Ins. by Act 49 of 1991, s. 12 (w.e.f. 1-4-1992).
4. Subs. by Act 10 of 2000, s. 18, for "a sum equal to one and one-fourth times of the expenditure" (w.e.f. 1-4-2000).
5. Ins. by Act 22 of 2007, s. 13 (w.e.f. 1-4-2007).
6. Ins. by Act 28 of 2016, s. 21 (w.e.f. 1-4-2017).
7. Subs. by Act 22 of 2007, s. 13, for clause (*viii*) (w.e.f. 1-4-2008).

(*iii*) a banking company;

(*iv*) a co-operative bank other than a primary agricultural credit society or a primary co-operative agricultural and rural development bank;

(*v*) a housing finance company; and

(*vi*) any other financial corporation including a public company;

(*b*) "eligible business" means,—

[1][(*i*) in respect of the specified entity referred to in sub-clause (*i*) or sub-clause (*ii*) or sub-clause (*iii*) or sub-clause (*iv*) of clause (*a*), the business of providing long-term finance for—

(*A*) industrial or agricultural development;

(*B*) development of infrastructure facility in India; or

(*C*) development of housing in India;]

(*ii*) in respect of the specified entity referred to in sub-clause (*v*) of clause (*a*), the business of providing long-term finance for the construction or purchase of houses in India for residential purposes; and

(*iii*) in respect of the specified entity referred to in sub-clause (*vi*) of clause (*a*), the business of providing long-term finance for development of infrastructure facility in India;

(*c*) "banking company" means a company to which the Banking Regulation Act, 1949 (10 of 1949) applies and includes any bank or banking institution referred to in section 51 of that Act;

(*d*) "co-operative bank", "primary agricultural credit society" and "primary co-operative agricultural and rural development bank" shall have the meanings respectively assigned to them in the Explanation to sub-section (*4*) of section 80P;

(*e*) "housing finance company" means a public company formed or registered in India with the main object of carrying on the business of providing long-term finance for construction or purchase of houses in India for residential purposes;

(*f*) "public company" shall have the meaning assigned to it in section 3 of the Companies Act, 1956 (1 of 1956);

(*g*) "infrastructure facility" means—

(*i*) an infrastructure facility as defined in the *Explanation* to clause (*i*) of sub-section (*4*) of section 80-IA, or any other public facility of a similar nature as may be notified by the Board in this behalf in the Official Gazette and which fulfils the conditions as may be prescribed;

(*ii*) an undertaking referred to in clause (*ii*) or clause (*iii*) or clause (*iv*) or clause (*vi*) of sub-section (*4*) of section 80-IA; and

---

1. Subs. by Act 33 of 2009, s. 14, for clause (*i*) (w.e.f. 1-4-2010).

(*iii*) an undertaking referred to in sub-section (*10*) of section 80-IB;

(*h*) "long-term finance" means any loan or advance where the terms under which moneys are loaned or advanced provide for repayment along with interest thereof during a period of not less than five years;]

[1]*          *          *          *          *

[2][(*ix*) any expenditure bona fide incurred by a company for the purpose of promoting family planning amongst its employees :

Provided that where such expenditure or any part thereof is of a capital nature, one-fifth of such expenditure shall be deducted for the previous year in which it was incurred; and the balance thereof shall be deducted in equal instalments for each of the four immediately succeeding previous years:

Provided further that the provisions of sub-section (*2*) of section 32 and of sub-section (*2*) of section 72 shall apply in relation to deductions allowable under this clause as they apply in relation to deductions allowable in respect of depreciation :

Provided further that the provisions of clauses (*ii*), (*iii*), (*iv*) and (*v*) of [3][sub-section (*2*) and sub-section (*5*) of section 35], of sub-section (*3*) of section 41 and of *Explanation* 1 to clause (*1*) of section 43 shall, so far as may be, apply in relation to an asset representing expenditure of a capital nature for the purposes of promoting family planning as they apply in relation to an asset representing expenditure of a capital nature on scientific research;]

[4]*          *          *          *          *

[5][(*xi*) any expenditure incurred by the assessee, on or after the 1st day of April, 1999 but before the 1st day of April, 2000, wholly and exclusively in respect of a non-Y2K compliant computer system, owned by the assessee and used for the purposes of his business or profession, so as to make such computer system Y2K compliant computer system:

Provided that no such deduction shall be allowed in respect of such expenditure under any other provisions of this Act:

Provided further that no such deduction shall be admissible unless the assessee furnishes in the prescribed form, along with the return of income, the report of an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed in accordance with the provisions of this clause.

---

1. Clause (*viiia*) omitted by Act 32 of 1994, s. 14 (w.e.f. 1-4-1995).

2. Ins. by Act 10 of 1965, s. 11 (w.e.f. 1-4-1965).

3. Subs. by Act 20 of 1967, s. 15, for "sub-section (*2*) of section 35" (w.e.f. 1-4-1967).

4. Clause (*x*) omitted by Act 22 of 2007, s. 13 (w.e.f. 1-4-2008).

5. Ins. by Act 27 of 1999, s. 22 (w.e.f. 1-4-2000).

*Explanation.*—For the purposes of this clause,—

(*a*) "computer system" means a device or collection of devices including input and output support devices and excluding calculators which are not programmable and capable of being used in conjunction with external files, or more of which contain computer programmes, electronic instructions, input data and output data, that performs functions including, but not limited to, logic, arithmetic, data storage and retrieval, communication and control;

(*b*) "Y2K compliant computer system" means a computer system capable of correctly processing, providing or receiving data relating to date within and between the twentieth and twenty-first century;]

[1][(*xii*) any expenditure (not being in the nature of capital expenditure) incurred by a corporation or a body corporate, by whatever name called, if,—

(*a*) it is constituted or established by gjma Central, State or Provincial Act;

(*b*) such corporation or body corporate, having regard to the objects and purposes of the Act referred to in sub-clause (*a*), is notified by the Central Government in the Official Gazette for the purposes of this clause; and

(*c*) the expenditure is incurred for the objects and purposes authorised by the Act under which it is constituted or established;]

[2][(*xiii*) any amount of banking cash transaction tax paid by the assessee during the previous year on the taxable banking transactions entered into by him.

*Explanation.*—For the purposes of this clause, the expressions "banking cash transaction tax" and "taxable banking transaction" shall have the same meanings respectively assigned to them under Chapter VII of the Finance Act, 2005;]

[3][(*xiv*) any sum paid by a public financial institution by way of contribution to such credit guarantee fund trust for small industries as the Central Government may, by notification in the Official Gazette, specify in this behalf.

*Explanation.*—For the purposes of this clause, "public financial institution" shall have the meaning assigned to it in section 4A of the Companies Act, 1956 (1 of 1956);]

[4][(*xv*) an amount equal to the securities transaction tax paid by the assessee in respect of the taxable securities transactions entered into in the course of his business during the previous year, if the income arising from such taxable securities transactions is included in the income computed under the head "Profits and gains of business or profession".

---

1. Subs. by Act 22 of 2007, s. 13, for clause (*xii*) (w.e.f. 1-4-2008).

2. Ins. by Act 18 of 2005, s. 12 (w.e.f. 1-4-2006).

3. Ins. by Act 22 of 2007, s. 13 (w.e.f. 1-4-2008).

4. Ins. by Act 18 of 2008, s. 9 (w.e.f. 1-4-2009).

216

*Explanation.*—For the purposes of this clause, the expressions "securities transaction tax" and "taxable securities transaction" shall have the meanings respectively assigned to them under Chapter VII of the Finance (No. 2) Act, 2004 (23 of 2004);

[1][(*xvi*) an amount equal to the commodities transaction tax paid by the assessee in respect of the taxable commodities transactions entered into in the course of his business during the previous year, if the income arising from such taxable commodities transactions is included in the income computed under the head "Profits and gains of business or profession".

*Explanation.*—For the purposes of this clause, the expressions "commodities transaction tax" and "taxable commodities transaction" shall have the meanings respectively assigned to them under Chapter VII of the Finance Act, 2013;]]

[2][(*xvii*) the amount of expenditure incurred by a co-operative society engaged in the business of manufacture of sugar for purchase of sugarcane at a price which is equal to or less than the price fixed or approved by the Government.]

(*2*) In making any deduction for a bad debt or part thereof, the following provisions shall apply—

[3][(*i*) no such deduction shall be allowed unless such debt or part thereof has been taken into account in computing the income of the assessee of the previous year in which the amount of such debt or part thereof is written off or of an earlier previous year, or represents money lent in the ordinary course of the business of banking or money-lending which is carried on by the assessee;]

(*ii*)  if the amount ultimately recovered on any such debt or part of debt is less than the difference between the debt or part and the amount so deducted, the deficiency shall be deductible in the previous year in which the ultimate recovery is made;

(*iii*)  any such debt or part of debt may be deducted if it has already been written off as irrecoverable in the accounts of an earlier previous year [4][(being a previous year relevant to the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year)], but the [5][Assessing Officer] had not allowed it to be deducted on the ground that it had not been established to have become a bad debt in that year;

(*iv*)  where any such debt or part of debt is written off as irrecoverable in the accounts of the previous year [4][(being a previous year relevant to the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year)] and the [5][Assessing Officer] is satisfied that such debt or part became a bad debt in any earlier previous year not falling beyond a period of four previous years immediately preceding the previous year in which such debt or part is written off, the provisions of sub-section (*6*) of section 155 shall apply;

[6][(*v*)  where such debt or part of debt relates to advances made by an assessee to which clause (*viia*) of sub-section (*1*) applies, no such deduction shall be allowed unless the assessee has debited the amount of such debt or part of debt in that previous year to the provision for bad and doubtful debts account made under that clause.]

---

1. Ins. by Act 17 of 2013, s. 7 (w.e.f. 1-4-2014).

2. Ins. by Act 20 of 2015, s. 13 (w.e.f. 1-4-2016).

3. Subs. by Act 4 of 1988, s. 11, for clause (*i*) (w.e.f. 1-4-1989).

4. Ins. by s. 11, *ibid*. (w.e.f. 1-4-1989).

5. Subs. by s. 11, *ibid.,* for "Income-tax Officer" (w.e.f. 1-4-1988).

6. Subs. by Act 26 of 1997, s. 7, for clause (*v*) (w.e.f. 1-4-1992).

**37. General.**—(*1*) Any expenditure (not being expenditure of the nature described in **sections 30 to 36** [1]*** and not being in the nature of capital expenditure or personal expenses of the assessee), laid out or expended wholly and exclusively for the purposes of the business or profession shall be allowed in computing the income chargeable under the head "Profits and gains of business or profession".

[2][ [3][*Explanation 1.*]—For the removal of doubts, it is hereby declared that any expenditure incurred by an assessee for any purpose which is an offence or which is prohibited by law shall not be deemed to have been incurred for the purpose of business or profession and no deduction or allowance shall be made in respect of such expenditure.]

[4][*Explanation 2.*—For the removal of doubts, it is hereby declared that for the purposes of sub-section (*1*), any expenditure incurred by an assessee on the activities relating to corporate social responsibility referred to in section 135 of the Companies Act, 2013 (18 of 2013) shall not be deemed to be an expenditure incurred by the assessee for the purposes of the business or profession.]

[5]*          *          *          *          *

[6][(*2B*) Notwithstanding anything contained in sub-section (*1*), no allowance shall be made in respect of expenditure incurred by an assessee on advertisement in any souvenir, brochure, tract, pamphlet or the like published by a political party.]

[7]*          *          *          *          *

[8]*          *          *          *          *

[9]*          *          *          *          *

**38. Building, etc., partly used for business, etc., or not exclusively so used.**— (*1*) Where a part of any premises is used as dwelling house by the assessee,—

(*a*) the deduction under sub-clause (*i*) of clause (*a*) of section 30, in the case of rent, shall be such amount as the [10][Assessing Officer] may determine having regard to the proportionate annual value of the part used for the purpose of the business or profession, and in the case of any sum paid for repairs, such sum as is proportionate to the part of the premises used for the purpose of the business or profession;

(*b*) the deduction under clause (*b*) of section 30 shall be such sum as the [8][Assessing Officer] may determine having regard to the part so used.

(*2*) Where any building, machinery, plant or furniture is not exclusively used for the purposes of the business or profession, the deductions under sub-clause (*ii*) of clause (*a*) and clause (*c*) of section 30,

---

1. The words "and section 80VV" omitted by Act 32 of 1985, s. 11 (w.e.f. 1-4-1986).

2. Ins. by Act 21 of 1998, s. 15 (w.e.f. 1-4-1962).

3. *Explanation* numbered as *Explanation 1* thereof by Act 25 of 2014, s. 13 (w.e.f. 1-4-2015).

4. Ins. by s. 13, *ibid*. (w.e.f. 1-4-2015).

5. Sub-section (*2*) omitted by Act 26 of 1997, s. 8 (w.e.f. 1-4-1998).

6. Ins. by Act 29 of 1978, s. 2 (w.e.f. 1-4-1979).

7. Sub-section (*3*) omitted by Act 26 of 1997, s. 8 (w.e.f. 1-4-1998).

8. Sub-sections (*3A*), (*3B*), (*3C*) and (*3D*) omitted by Act 32 of 1985, s. 11 (w.e.f. 1-4-1986).

9. Sub-sections (*4*) and (*5*) omitted by Act 26 of 1997, s. 8 (w.e.f. 1-4-1998).

10. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer", (w.e.f. 1-4-1988).

clauses (*i*) and (*ii*) of section 31 and [1][clause (*ii*) of sub-section (*1*)] of section 32 shall be restricted to a fair proportionate part thereof which the [2][Assessing Officer] may determine, having regard to the user of such building, machinery, plant or furniture for the purposes of the business or profession.

**39. Managing agency commission.**—*Omitted by the Direct Tax Laws* (*Amendment*) *Act*, 1987 (4 *of* 1988), *s*. 12, (*w.e.f.* 1-4-1989).

**40. Amounts not deductible.**—Notwithstanding anything to the contrary in [3][section 30 to 38], the following amounts shall not be deducted in computing the income chargeable under the head "Profits and gains of business or profession",—

(*a*) in the case of any assessee—

[4][(*i*) any interest (not being interest on a loan issued for public subscription before the 1st day of April, 1938), royalty, fees for technical services or other sum chargeable under this Act, which is payable,—

(*A*) outside India; or

(*B*) in India to a non-resident, not being a company or to a foreign company,

on which tax is deductible at source under Chapter XVII-B and such tax has not been deducted or, after deduction, has not been paid [5][on or before the due date specified in sub-section (*1*) of section 139]:

[6][Provided that where in respect of any such sum, tax has been deducted in any subsequent year, or has been deducted during the previous year but paid after the due date specified in sub-section (*1*) of section 139, such sum shall be allowed as a deduction in computing the income of the previous year in which such sum has been paid.]

*Explanation*.—For the purposes of this sub-clause,—

(*A*) "royalty" shall have the same meaning as in *Explanation* 2 to clause (*vi*) of sub-section (*1*) of section 9;

(*B*) "fees for technical services" shall have the same meaning as in *Explanation* 2 to clause (*vii*) of sub-section (*1*) of section 9;

(*ia*) [7][thirty per cent of any sum payable to a resident], on which tax is deductible at source under Chapter XVII-B and such tax has not been deducted or, after deduction, [8][has not been paid on or before the due date specified in sub-section (*1*) of section 139:]

[9][Provided that where in respect of any such sum, tax has been deducted in any subsequent year, or has been deducted during the previous year but paid after the due date specified in sub-section (*1*) of section 139, [10][thirty per cent of] such sum shall be allowed as a deduction in computing the income of the previous year in which such tax has been paid:]

---

1. Subs. by Act 46 of 1986, s. 32, for "clause (*i*), (*ii*), (*iia*) and (*iii*) of sub-section (*1*) and sub-section (*IA*)" (w.e.f. 1-4-1988).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Subs. by s. 13, *ibid*., for "section 30 to 39" (w.e.f. 1-4-1989).
4. Subs. by Act 23 of 2004, s. 11, for sub-clause (*i*) (w.e.f. 1-4-2005).
5. Subs. by Act 25 of 2014, s. 14, for certain words, brackets and figures (w.e.f. 1-4-2015).
6. Subs. by s. 14, *ibid*., for the proviso (w.e.f. 1-4-2015).
7. Subs. by s. 14, *ibid*., for certain words and brackets (w.e.f. 1-4-2015).
8. Subs. by Act 14 of 2010, s. 12, for certain words, brackets and figures (w.e.f. 1-4-2010).
9. Subs. by s. 12, *ibid*., for proviso (w.e.f. 1-4-2010).
10. Ins. by Act 25 of 2014, s. 14 (w.e.f. 1-4-2015).

[1][Provided further that where an assessee fails to deduct the whole or any part of the tax in accordance with the provisions of Chapter XVII-B on any such sum but is not deemed to be an assessee in default under the first proviso to sub-section (*1*) of section 201, then, for the purpose of this sub-clause, it shall be deemed that the assessee has deducted and paid the tax on such sum on the date of furnishing of return of income by the resident payee referred to in the said proviso.]

*Explanation*.—For the purposes of this sub-clause,—

(*i*) "commission or brokerage" shall have the same meaning as in clause (*i*) of the *Explanation* to section 194H;

(*ii*) "fees for technical services" shall have the same meaning as in *Explanation* 2 to clause (*vii*) of sub-section (*1*) of section 9;

(*iii*) "professional services" shall have the same meaning as in clause (*a*) of the *Explanation* to section 194J;

(*iv*) "work" shall have the same meaning as in *Explanation III* to section 194C;

[2][(*v*) "rent" shall have the same meaning as in clause (*i*) to the *Explanation* to section 194-I;

(*vi*) "royalty" shall have the same meaning as in *Explanation* 2 to clause (*vi*) of sub-section (*1*) of section 9;]

[3][(*ib*) any consideration paid or payable to a non-resident for a specified service on which equalisation levy is deductible under the provisions of Chapter VIII of the Finance Act, 2016, and such levy has not been deducted or after deduction, has not been paid on or before the due date specified in sub-section (*1*) of section 139:

Provided that where in respect of any such consideration, the equalisation levy has been deducted in any subsequent year or has been deducted during the previous year but paid after the due date specified in sub-section (*1*) of section 139, such sum shall be allowed as a deduction in computing the income of the previous year in which such levy has been paid;]]

[4][(*ic*) any sum paid on account of fringe benefit tax under Chapter XIIH;]

(*ii*) any sum paid on account of any rate or tax levied on the profits or gains of any business or profession or assessed at a proportion of, or otherwise on the basis of, any such profits or gains.

[5][*Explanation 1*.—For the removal of doubts, it is hereby declared that for the purposes of this sub-clause, any sum paid on account of any rate or tax levied includes and shall be deemed always to have included any sum eligible for relief of tax under section 90 or, as the case may be, deduction from the Indian income-tax payable under section 91.]

---

1. Ins. by Act 23 of 2012, s. 11 (w.e.f. 1-4-2013).
2. Ins. by Act 29 of 2006, s. 8 (w.e.f. 1-4-2006).
3. Ins. by Act 28 of 2016, s. 22 (w.e.f. 1-6-2016).
4. Ins. by Act 18 of 2005, s. 13 (w.e.f. 1-4-2006).
5. Ins. by Act 21 of 2006, s. 10 (w.e.f. 1-4-2006).

[1][*Explanation 2*.—For the removal of doubts, it is hereby declared that for the purposes of this sub-clause, any sum paid on account of any rate or tax levied includes any sum eligible for relief of tax under section 90A;]

[2][(*iia*) any sum paid on account of wealth-tax.

*Explanation*.—For the purposes of this sub-clause, "wealth-tax" means wealth-tax chargeable under the Wealth-tax Act, 1957 (27 of 1957), or any tax of a similar character chargeable under any law in force in any country outside India or any tax chargeable under such law with reference to the value of the assets of, or the capital employed in, a business or profession carried on by the assessee, whether or not the debts of the business or profession are allowed as a deduction in computing the amount with reference to which such tax is charged, but does not include any tax chargeable with reference to the value of any particular asset of the business or profession;]

[3][(*iib*) any amount—

(*A*) paid by way of royalty, licence fee, service fee, privilege fee, service charge or any other fee or charge, by whatever name called, which is levied exclusively on; or

(*B*) which is appropriated, directly or indirectly, from, a State Government undertaking by the State Government.

*Explanation*.—For the purposes of this sub-clause, a State Government undertaking includes—

(*i*) a corporation established by or under any Act of the State Government;

(*ii*) a company in which more than fifty per cent of the paid-up equity share capital is held by the State Government;

(*iii*) a company in which more than fifty per cent of the paid-up equity share capital is held by the entity referred to in clause (*i*) or clause (*ii*) (whether singly or taken together);

(*iv*) a company or corporation in which the State Government has the right to appoint the majority of the directors or to control the management or policy decisions, directly or indirectly, including by virtue of its shareholding or management rights or shareholders agreements or voting agreements or in any other manner;

(*v*) an authority, a board or an institution or a body established or constituted by or under any Act of the State Government or owned or controlled by the State Government;]

[4][(*iii*) any payment which is chargeable under the head "Salaries", if it is payable—

(*A*) outside India; or

(*B*) to a non-resident,

and if the tax has not been paid thereon nor deducted therefrom under Chapter XVII-B;]

1. Ins. by Act 21 of 2006, s. 10 (w.e.f. 1-6-2006).
2. Ins. by Act 41 of 1972, s. 2 (w.e.f. 1-4-1962).
3. Ins. by Act 17 of 2013, s. 8 (w.e.f. 1-4-2014).
4. Subs. by Act 32 of 2003, s. 19, for sub-clause (*iii*) (w.e.f. 1-4-2004).

(*iv*) any payment to a provident or other fund established for the benefit of employees of the assessee, unless the assessee has made effective arrangements to secure that tax shall be deducted at source from any payments made from the fund which are chargeable to tax under the head "Salaries";

[1][(*v*) any tax actually paid by an employer referred to in clause (*10CC*) of section 10;]

[2][(*b*) in the case of any firm assessable as such,—

(*i*) any payment of salary, bonus, commission or remuneration, by whatever name called (hereinafter referred to as "remuneration") to any partner who is not a working partner; or

(*ii*) any payment of remuneration to any partner who is a working partner, or of interest to any partner, which, in either case, is not authorised by, or is not in accordance with, the terms of the partnership deed; or

(*iii*) any payment of remuneration to any partner who is a working partner, or of interest to any partner, which, in either case, is authorised by, and is in accordance with, the terms of the partnership deed, but which relates to any period (falling prior to the date of such partnership deed) for which such payment was not authorised by, or is not in accordance with, any earlier partnership deed, so, however, that the period of authorisation for such payment by any earlier partnership deed does not cover any period prior to the date of such earlier partnership deed; or

(*iv*) any payment of interest to any partner which is authorised by, and is in accordance with, the terms of the partnership deed and relates to any period falling after the date of such partnership deed in so far as such amount exceeds the amount calculated at the rate of [3][twelve per cent.]  simple interest per annum; or

(*v*) any payment of remuneration to any partner who is a working partner, which is authorised by, and is in accordance with, the terms of the partnership deed and relates to any period falling after the date of such partnership deed in so far as the amount of such payment to all the partners during the previous year exceeds the aggregate amount computed as hereunder:—

| | |
|---|---|
| [4][(*a*) on the first Rs. 3,00,000 of the | Rs. 1,50,000 or at the  rate of 90 per cent. |
| book-profit or in case of a loss | of the book-profit, whichever is more; |
| (*b*) on the balance of the book-profit | at the rate of 60 per cent:] |

Provided that in relation to any payment under this clause to the partner during the previous year relevant to the assessment year commencing on the 1st day of April, 1993, the terms of the partnership deed may, at any time during the said previous year, provide for such payment.

*Explanation* 1.—Where an individual is a partner in a firm on behalf, or for the benefit, of any other person (such partner and the other person being hereinafter referred to as "partner in a representative capacity" and "person so represented", respectively),—

(*i*) interest paid by the firm to such individual otherwise than as partner in a representative capacity, shall not be taken into account for the purposes of this clause;

---

1. Ins. by Act 20 of 2002, s. 20 (w.e.f. 1-4-2003).
2. Subs. by Act 18 of 1992, s. 16, for clause (*b*) (w.e.f. 1-4-1993). Earlier amended by Act 67 of 1984, s. 10 (w.e.f. 1-4-1985), Act 4 of 1988, s. 13 and 3 of 1989, s. 95 (w.e.f. 1-4-1989).
3. Subs. by Act 20 of 2002, s. 20, for "eighteen per cent." (w.e.f. 1-6-2002).
4. Subs. by Act 33 of 2009, s. 15, for Items (*1*) and (*2*) (w.e.f. 1-4-2010).

(*ii*) interest paid by the firm to such individual as partner in a representative capacity and interest paid by the firm to the person so represented shall be taken into account for the purposes of this clause.

*Explanation* 2.—Where an individual is a partner in a firm otherwise than as partner in a representative capacity, interest paid by the firm to such individual shall not be taken into account for the purposes of this clause, if such interest is received by him on behalf, or for the benefit, of any other person.

*Explanation* 3.—For the purposes of this clause, "book-profit" means the net profit, as shown in the profit and loss account for the relevant previous year, computed in the manner laid down in Chapter IV-D as increased by the aggregate amount of the remuneration paid or payable to all the partners of the firm if such amount has been deducted while computing the net profit.

*Explanation* 4.—For the purposes of this clause, "working partner" means an individual who is actively engaged in conducting the affairs of the business or profession of the firm of which he is a partner;]

[1][(*ba*) in the case of an association of persons or body of individuals [other than a company or a co-operative society or a society registered under the Societies Registration Act, 1860 (21 of 1860), or under any law corresponding to that Act in force in any part of India], any payment of interest, salary, bonus, commission or remuneration, by whatever name called, made by such association or body to a member of such association or body.

*Explanation* 1.—Where interest is paid by an association or body to any member thereof who has also paid interest to the association or body, the amount of interest to be disallowed under this clause shall be limited to the amount by which the payment of interest by the association or body to the member exceeds the payment of interest by the member to the association or body.

*Explanation* 2.—Where an individual is a member of an association or body on behalf, or for the benefit, of any other person (such member and the other person being hereinafter referred to as "member in a representative capacity" and "person so represented", respectively),—

(*i*) interest paid by the association or body to such individual or by such individual to the association or body otherwise than as member in a representative capacity, shall not be taken into account for the purposes of this clause;

(*ii*) interest paid by the association or body to such individual or by such individual to the association or body as member in a representative capacity and interest paid by the association or body to the person so represented or by the person so represented to the association or body, shall be taken into account for the purposes of this clause.

*Explanation* 3.—Where an individual is a member of an association or body otherwise than as member in a representative capacity, interest paid by the association or body to such individual shall not be taken into account for the purposes of this clause, if such interest is received by him on behalf, or for the benefit, of any other person.]

[2]*          *          *          *          *

[3]*          *          *          *          *

---

1. Ins. by Act 3 of 1989, s. 9 (w.e.f. 1-4-1989).
2. Clause (*c*) omitted by Act 4 of 1988, s. 13 (w.e.f. 1-4-1989).
3. Clause (*d*) omitted by Act 26 of 1988, s. 11 (w.e.f. 1-4-1989).

[1][**40A. Expenses or payments not deductible in certain circumstances**.—(*1*) The provisions of this section shall have effect notwithstanding anything to the contrary contained in any other provision of this Act relating to the computation of income under the head "Profits and gains of business or profession".

(*2*) (*a*) Where the assessee incurs any expenditure in respect of which payment has been or is to be made to any person referred to in clause (*b*) of this sub-section, and the [2][Assessing Officer] is of opinion that such expenditure is excessive or unreasonable having regard to the fair market value of the goods, services or facilities for which the payment is made or the legitimate needs of the business or profession of the assessee or the benefit derived by or accruing to him therefrom, so much of the expenditure as is so considered by him to be excessive or unreasonable shall not be allowed as a deduction:

[3][Provided that [4][for an assessment year commencing on or before the 1st day of April, 2016] no disallowance, on account of any expenditure being excessive or unreasonable having regard to the fair market value, shall be made in respect of a specified domestic transaction referred to in section 92BA, if such transaction is at arm's length price as defined in clause (*ii*) of section 92F.]

(*b*) The persons referred to in clause (*a*) are the following, namely:—

  (*i*) where the assessee is an individual     any relative of the assessee;

  (*ii*) where the assessee is a company,       any director of the company, partner of the firm,

      firm, association  of persons or         or member of the association or family, or any

       Hindu un-divided family               relative of such director, partner or member;

  (*iii*) any individual who has a substantial interest in the business or profession of the assessee, or any relative of such individual;

  (*iv*) a company, firm, association of persons or Hindu undivided family having a substantial interest in the business or profession of the assessee or any director, partner or member of such company, firm, association or family, or any relative of such director, partner or member [5][or any other company carrying on business or profession in which the first mentioned company has substantial interest;]

  (*v*) a company, firm, association of persons or Hindu undivided family of which a director, partner or member, as the case may be, has a substantial interest in the business or profession of the assessee; or any director, partner or member of such company, firm, association or family or any relative of such director, partner or member;

  (*vi*) any person who carries on a business or profession,—

    (*A*) where the assessee being an individual, or any relative of such assessee, has a substantial interest in the business or profession of that person; or

---

1. Ins. by Act 19 of 1968, s. 7 (w.e.f 1-4-1968).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Ins. by Act 23 of 2012, s. 12 (w.e.f. 1-4-2013).
4. Ins. by Act 7 of 2017, s. 15 (w.e.f. 1-4-2018).
5. Ins. by Act 23 of 2012, s. 12 (w.e.f. 1-4-2013).

(*B*) where the assessee being a company, firm, association of persons or Hindu undivided family, or any director of such company, partner of such firm or member of the association or family, or any relative of such director, partner or member, has a substantial interest in the business or profession of that person.

*Explanation.*—For the purposes of this sub-section, a person shall be deemed to have a substantial interest in a business or profession, if,—

(*a*) in a case where the business or profession is carried on by a company, such person is, at any time during the previous year, the beneficial owner of shares (not being shares entitled to a fixed rate of dividend whether with or without a right to participate in profits) carrying not less than twenty per cent of the voting power; and

(*b*) in any other case, such person is, at any time during the previous year, beneficially entitled to not less than twenty per cent of the profits of such business or profession.

[1][(*3*) Where the assessee incurs any expenditure in respect of which a payment or aggregate of payments made to a person in a day, otherwise than by an account payee cheque drawn on a bank or account payee bank draft, [2][or use of electronic clearing system through a bank account, exceeds ten thousand rupees], no deduction shall be allowed in respect of such expenditure.

(*3A*) Where an allowance has been made in the assessment for any year in respect of any liability incurred by the assessee for any expenditure and subsequently during any previous year (hereinafter referred to as subsequent year) the assessee makes payment in respect thereof, otherwise than by an account payee cheque drawn on a bank or account payee bank draft [3][or use of electronic clearing system through a bank account], the payment so made shall be deemed to be the profits and gains of business or profession and accordingly chargeable to income-tax as income of the subsequent year if the payment or aggregate of payments made to a person in a day, exceeds [4][ten thousand rupees]:

Provided that no disallowance shall be made and no payment shall be deemed to be the profits and gains of business or profession under sub-section (*3*) and this sub-section where a payment or aggregate of payments made to a person in a day, otherwise than by an account payee cheque drawn on a bank or account payee bank draft, [2][or use of electronic clearing system through a bank account, exceeds ten thousand rupees], in such cases and under such circumstances as may be prescribed, having regard to the nature and extent of banking facilities available, considerations of business expediency and other relevant factors:]

[5][Provided further that in the case of payment made for plying, hiring or leasing goods carriages, the provisions of sub-sections (*3*) and (*3A*) shall have effect as if for the words [4][ten thousand rupees], the words "thirty-five thousand rupees" had been substituted.]

[6][(*4*) Notwithstanding anything contained in any other law for the time being in force or in any contract, where any payment in respect of any expenditure has to be made by [7][an account payee cheque drawn on a bank or account payee bank draft] [3][or use of electronic clearing system through a bank account] in order that such expenditure may not be disallowed as a deduction under sub-section (*3*), then the payment may be made by such cheque or draft; [8][or electronic clearing system] and where the

1. Subs. by Act 18 of 2008, s. 11, for sub-section (*3*) (w.e.f. 1-4-2009).
2. Subs. by Act 7 of 2017, s. 15, for "exceeds twenty thousand rupees" (w.e.f. 1-4-2018).
3. Ins. by s. 15, *ibid.* (w.e.f. 1-4-2018).
4. Subs. by s. 15, *ibid.,* for "twenty thousand rupees" (w.e.f. 1-4-2018).
5. Ins. by Act 33 of 2009, s. 16 (w.e.f. 1-10-2009).
6. Ins. by Act 14 of 1969, s. 5 (w.e.f. 1-4-1969).
7. Subs. by Act 29 of 2006, s. 9, for the words "a crossed cheque drawn on a bank or by a crossed bank draft" (w.e.f. 13-7-2006).
8. Ins. by Act 7 of 2017, s. 15 (w.e.f 1-4-2018).

payment is so made or tendered, no person shall be allowed to raise, in any suit or other proceeding, a plea based on the ground that the payment was not made or tendered in cash or in any other manner.]

[1]*          *          *          *          *

[2][(7) (a) Subject to the provisions of clause (b), no deduction shall be allowed in respect of any provision (whether called as such or by any other name) made by the assessee for the payment of gratuity to his employees on their retirement or on termination of their employment for any reason.

(b) Nothing in clause (a) shall apply in relation to any provision made by the assessee for the purpose of payment of a sum by way of any contribution towards an approved gratuity fund, or for the purpose of payment of any gratuity, that has become payable during the previous year.

*Explanation.*—For the removal of doubts, it is hereby declared that where any provision made by the assessee for the payment of gratuity to his employees on their retirement or termination of their employment for any reason has been allowed as a deduction in computing the income of the assessee for any assessment year, any sum paid out of such provision by way of contribution towards an approved gratuity fund or by way of gratuity to any employee shall not be allowed as a deduction in computing the income of the assessee of the previous year in which the sum is so paid.]

[3]*          *          *          *          *

[4][(9) No deduction shall be allowed in respect of any sum paid by the assessee as an employer towards the setting up or formation of, or as contribution to, any fund, trust, company, association of persons, body of individuals, society registered under the Societies Registration Act, 1860 (21 of 1860), or other institution for any purpose, except where such sum is so paid, for the purposes and to the extent provided by or under clause (iv) [5][or clause (iva)] or clause (v) of sub-section (1) of section 36, or as required by or under any other law for the time being in force.

(10) Notwithstanding anything contained in sub-section (9), where the [6][Assessing Officer] is satisfied that the fund, trust, company, association of persons, body of individuals, society or other institution referred to in that sub-section has, before the 1st day of March, 1984, bona fide laid out or expended any expenditure (not being in the nature of capital expenditure) wholly and exclusively for the welfare of the employees of the assessee referred to in sub-section (9) out of the sum referred to in that sub-section, the amount of such expenditure shall, in case no deduction has been allowed to the assessee in respect of such sum and subject to the other provisions of this Act, be deducted in computing the income referred to in section 28 of the assessee of the previous year in which such expenditure is so laid out or expended, as if such expenditure had been laid out or expended by the assessee.

(11) Where the assessee has, before the 1st day of March, 1984, paid any sum to any fund, trust, company, association of persons, body of individuals, society or other institution referred to in sub-section (9), then, notwithstanding anything contained in any other law or in any instrument, he shall be entitled—

(i) to claim that so much of the amount paid by him as has not been laid out or expended by such fund, trust, company, association of persons, body of individuals, society or other institution (such amount being hereinafter referred to as the unutilised amount) be repaid to him, and where any claim is so made, the unutilised amount shall be repaid, as soon as may be, to him;

---

1. Sub-sections (5) and (6) omitted by Act 4 of 1988, s. 14 (w.e.f. 1-4-1989).
2. Subs. by Act 27 of 1999, s. 23, for sub-section (7) (w.e.f. 1-4-2000).
3. Sub-section (8) omitted by Act 32 of 1985, s. 12 (w.e.f. 1-4-1986).
4. Ins. by Act 21 of 1984, s. 10 (w.e.f. 1-4-1980).
5. Ins. by Act 8 of 2011, s. 8 (w.e.f. 1-4-2012).
6. Subs. by Act 4 of 1988, s. 2 for "income-tax officer"(w.e.f. 1-4-1988).

(*ii*) to claim that any asset, being land, building, machinery, plant or furniture acquired or constructed by the fund, trust, company, association of persons, body of individuals, society or other institution out of the sum paid by the assessee, be transferred to him, and where any claim is so made, such asset shall be transferred, as soon as may be, to him.]

[1]*          *          *          *          *

**41. Profits chargeable to tax.—** [2][(*1*) Where an allowance or deduction has been made in the assessment for any year in respect of loss, expenditure or trading liability incurred by the assessee (hereinafter referred to as the first-mentioned person) and subsequently during any previous year,—

(*a*) the first-mentioned person has obtained, whether in cash or in any other manner whatsoever, any amount in respect of such loss or expenditure or some benefit in respect of such trading liability by way of remission or cessation thereof, the amount obtained by such person or the value of benefit accruing to him shall be deemed to be profits and gains of business or profession and accordingly chargeable to income-tax as the income of that previous year, whether the business or profession in respect of which the allowance or deduction has been made is in existence in that year or not; or

(*b*) the successor in business has obtained, whether in cash or in any other manner whatsoever, any amount in respect of which loss or expenditure was incurred by the first-mentioned person or some benefit in respect of the trading liability referred to in clause (*a*) by way of remission or cessation thereof, the amount obtained by the successor in business or the value of benefit accruing to the successor in business shall be deemed to be profits and gains of the business or profession, and accordingly chargeable to income-tax as the income of that previous year.

[3][*Explanation* 1.—For the purposes of this sub-section, the expression "loss or expenditure or some benefit in respect of any such trading liability by way of remission or cessation thereof" shall include the remission or cessation of any liability by a unilateral act by the first mentioned person under clause (*a*) or the successor in business under clause (*b*) of that sub-section by way of writing off such liability in his accounts.]

*Explanation* [4][2]—For the purposes of this sub-section, "successor in business" means,—

(*i*) where there has been an amalgamation of a company with another company, the amalgamated company;

(*ii*) where the first-mentioned person is succeeded by any other person in that business or profession, the other person;

(*iii*) where a firm carrying on a business or profession is succeeded by another firm, the other firm;]

[5][(*iv*) where there has been a demerger, the resulting company.]

[6][(*2*) Where any building, machinery, plant or furniture,—

(*a*) which is owned by the assessee;

---

1. Sub-section (*12*) omitted by Act 18 of 1992, s. 17 (w.e.f. 1-4-1993.)
2. Subs. by Act 18 of 1992, s. 18, for sub-section (*1*) (w.e.f. 1-4-1993).
3. Ins. by Act 33 of 1996, s. 16 (w.e.f. 1-4-1997).
4. *Explanation* renumbered as *Explanation2* thereof by s. 16, *ibid*. (w.e.f. 1-4-1997).
5. Ins. by Act 27 of 1999, s. 24 (w.e.f. 1-4-2000).
6.Ins. by Act 21 of 1998, s. 16 (w.e.f. 1-4-1998).

(*b*) in respect of which depreciation is claimed under clause (*i*) of sub-section (*1*) of section 32; and

(*c*) which was or has been used for the purposes of business,

is sold, discarded, demolished or destroyed and the moneys payable in respect of such building, machinery, plant or furniture, as the case may be, together with the amount of scrap value, if any, exceeds the written down value, so much of the excess as does not exceed the difference between the actual cost and the written down value shall be chargeable to income-tax as income of the business of the previous year in which the moneys payable for the building, machinery, plant or furniture became due.

*Explanation*.—Where the moneys payable in respect of the building, machinery, plant or furniture referred to in this sub-section become due in a previous year in which the business for the purpose of which the building, machinery, plant or furniture was being used is no longer in existence, the provision of this sub-section shall apply as if the business is in existence in that previous year.]

[1]*          *          *          *          *

(*3*) Where an asset representing expenditure of a capital nature on scientific research within the meaning of [2][clause (*iv*) of sub-section (*1*), or clause (*c*) of sub-section (*2B*), of section 35], read with clause (*4*) of section 43, is sold, without having been used for other purposes, and the proceeds of the sale together with the total amount of the deductions made under clause (*i*) [3][or, as the case may be, the amount of the deduction under clause (*ia*) of sub-section (*2*), or clause (*c*) of sub-section (*2B*), of section 35] exceed the amount of the capital expenditure, the excess or the amount of the deductions so made, whichever is the less, shall be chargeable to income-tax as income of the business or profession of the previous year in which the sale took place.

*Explanation*.—Where the moneys payable in respect of any asset referred to in this sub-section become due in a previous year in which the business is no longer in existence, the provisions of this sub-section shall apply as if the business is in existence in that previous year.

(*4*) Where a deduction has been allowed in respect of a bad debt or part of debt under the provisions of clause (*vii*) of sub-section (*1*) of section 36, then, if the amount subsequently recovered on any such debt or part is greater than the difference between the debt or part of debt and the amount so allowed, the excess shall be deemed to be profits and gains of business or profession, and accordingly chargeable to income-tax as the income of the previous year in which it is recovered, whether the business or profession in respect of which the deduction has been allowed is in existence in that year or not.

[4][*Explanation*.—For the purposes of sub-section (*3*),—

(*1*) "moneys payable" in respect of any building, machinery, plant or furniture includes—

(*a*) any insurance, salvage or compensation moneys payable in respect thereof;

(*b*) where the building, machinery, plant or furniture is sold, the price for which it is sold,

so, however, that where the actual cost of a motor car is, in accordance with the proviso to clause (*1*) of section 43, taken to be twenty-five thousand rupees, the moneys payable in respect of such motor car shall be taken to be a sum which bears to the amount for which the motor car is sold or, as the case may be, the amount of any insurance, salvage or compensation moneys payable in respect thereof (including the amount of scrap value, if any) the same proportion as the amount of twenty-five thousand rupees bears to

---

1. Sub-section (*2A*) omitted by Act 46 of 1986, s. 7 (w.e.f. 1-4-1988).
2. Subs. by Act 44 of 1980, s. 11, for the words, brackets and figures "clause (*iv*) of subsection (*1*) of section 35" (w.e.f. 1-4-1981).
3. Subs. by s. 11, *ibid.,* for "clause (*ia*) of sub-section (*2*) of section 35" (w.e.f. 1-4-1981). Earlier Quoted portion "or, as the case may be, the amount of the deduction under clause (*ia*)" inserted by Act 20 of 1967, s. 33 and the Third Schedule (w.e.f 1-4-1968).
4. Subs. by Act 46 of 1986, s. 7, for the *Explanation* (w.e.f. 1-4-1988).

the actual cost of the motor car to the assessee as it would have been computed before applying the said proviso;

(*2*) "sold" includes a transfer by way of exchange or a compulsory acquisition under any law for the time being in force but does not include a transfer, in a scheme of amalgamation, of any asset by the amalgamating company to the amalgamated company where the amalgamated company is an Indian company.]

[1][(*4A*) Where a deduction has been allowed in respect of any special reserve created and maintained under clause (*viii*) of sub-section (*1*) of section 36, any amount subsequently withdrawn from such special reserve shall be deemed to be the profits and gains of business or profession and accordingly be chargeable to income-tax as the income of the previous year in which such amount is withdrawn.

*Explanation*.—Where any amount is withdrawn from the special reserve in a previous year in which the business is no longer in existence, the provisions of this sub-section shall apply as if the business is in existence in that previous year.]

(*5*) Where the business or profession referred to in this section is no longer in existence and there is income chargeable to tax under sub-section (*1*), [2]*** sub-section (*3*) , [3][sub-section (*4*) or sub-section (*4A*)] in respect of that business or profession, any loss, not being a loss sustained in speculation [4]*** business, which arose in that business or profession during the previous year in which it ceased to exist and which could not be set off against any other income of that previous year shall, so far as may be, be set off against the income chargeable to tax under the sub-sections aforesaid.

[5][(*6*) References in sub-section (*3*) to any other provision of this Act which has been amended or omitted by the Direct Tax Laws (Amendment) Act, 1987 shall, notwithstanding such amendment or omission, be construed, for the purposes of that sub-section, as if such amendment or omission had not been made.]

**42. Special provision for deductions in the case of business for prospecting, etc., for mineral oil.**—[6][(*1*)] For the purpose of computing the profits or gains of any business consisting of the prospecting for or extraction or production of mineral oils in relation to which the Central Government has entered into an agreement with any person for the [7][association or participation of the Central Government or any person authorised by it in such business] (which agreement has been laid on the Table of each House of Parliament), there shall be made in lieu of, or in addition to, the allowances admissible under this Act, such allowances as are specified in the agreement in relation—

(*a*) to expenditure by way of infructuous or abortive exploration expenses in respect of any area surrendered prior to the beginning of commercial production by the assessee;

(*b*) after the beginning of commercial production, to expenditure incurred by the assessee, whether before or after such commercial production, in respect of drilling or exploration activities or services or in respect of physical assets used in that connection, except assets on which allowance for depreciation is admissible under section 32: [8]***

[9][Provided that in relation to any agreement entered into after the 31st day of March, 1981, this clause shall have effect subject to the modification that the words and figures "except assets on which allowance for depreciation is admissible under section 32" had been omitted; and]

---

1. Ins. by Act 26 of 1997, s. 9 (w.e.f. 1-4-1998).
2. The words, brackets and figures "sub-section (*2*), sub-section (*2A*)"omitted by Act 46 of 1986, s. 7 (w.e.f. 1-4-1988).
3. Subs. by Act 26 of 1997, s. 9, for "or sub-section (*4*)" (w.e.f. 1-4-1998).
4. The words "or under the head Capital gains" omitted by Act 11 of 1987, s. 74 (w.e.f. 1-4-1988).
5. Ins. by Act 4 of 1988, s. 126(w.e.f. 1-4-1989).
6. Section 42 renumbered as sub-section (*1*) thereof by Act 21 of 1998, s. 17 (w.e.f. 1-4-1999).
7. Subs. by Act 16 of 1981, s. 8, for "the association or participation in such business of the Central Government" (w.e.f. 1-4-1981).
8. The word "and" omitted bys. 8, *ibid*.(w.e.f. 1-4-1981).
9. Ins. by s. 8, *ibid*. (w.e.f. 1-4-1981)

(*c*) to the depletion of mineral oil in the mining area in respect of the assessment year relevant to the previous year in which commercial production is begun and for such succeeding year or years as may be specified in the agreement;

and such allowances shall be computed and made in the manner specified in the agreement, the other provisions of this Act being deemed for this purpose to have been modified to the extent necessary to give effect to the terms of the agreement.

[1][(*2*) Where the business of the assessee consisting of the prospecting for or extraction or production of petroleum and natural gas is transferred wholly or partly or any interest in such business is transferred in accordance with the agreement referred to in sub-section (*1*), subject to the provisions of the said agreement and where the proceeds of the transfer (so far as they consist of capital sums)—

(*a*) are less than the expenditure incurred remaining unallowed, a deduction equal to such expenditure remaining unallowed, as reduced by the proceeds of transfer, shall be allowed in respect of the previous year in which such business or interest, as the case may be, is transferred;

(*b*) exceed the amount of the expenditure incurred remaining unallowed, so much of the excess as does not exceed the difference between the expenditure incurred in connection with the business or to obtain interest therein and the amount of such expenditure remaining unallowed, shall be chargeable to income-tax as profits and gains of the business in the previous year in which the business or interest therein, whether wholly or partly, had been transferred:

Provided that in a case where the provisions of this clause do not apply, the deduction to be allowed for expenditure incurred remaining unallowed shall be arrived at by subtracting the proceeds of transfer (so far as they consist of capital sums) from the expenditure remaining unallowed.

*Explanation*.—Where the business or interest in such business is transferred in a previous year in which such business carried on by the assessee is no longer in existence, the provisions of this clause shall apply as if the business is in existence in that previous year;

(*c*) are not less than the amount of the expenditure incurred remaining unallowed, no deduction for such expenditure shall be allowed in respect of the previous year in which the business or interest in such business is transferred or in respect of any subsequent year or years:

[2][Provided that where in a scheme of amalgamation or demerger, the amalgamating or the demerged company sells or otherwise transfers the business to the amalgamated or the resulting company (being an Indian company), the provisions of this sub-section—

(*i*)  shall not apply in the case of the amalgamating or the demerged company; and

(*ii*) shall, as far as may be, apply to the amalgamated or the resulting company as they would have applied to the amalgamating or the demerged company if the latter had not transferred the business or interest in the business.]]

[3][*Explanation*.—For the purposes of this section, "mineral oil" includes petroleum and natural gas.]

---

1. Ins. by Act 21 of 1998, s. 17 (w.e.f. 1-4-1999).

2. Subs. by Act 27 of 1999, s. 25, for "the proviso" (w.e.f. 1-4-2000).

3. Ins. by Act 16 of 1981, s. 8 (w.e.f. 1-4-1981).

**43. Definitions of certain terms relevant to income from profits and gains of business or profession**.—In section 28 to 41 and in this section, unless the context otherwise requires—

(*1*) "actual cost" means the actual cost of the assets to the assessee, reduced by that portion of the cost thereof, if any, as has been met directly or indirectly by any other person or authority:

[1][Provided that where the actual cost of an asset, being a motor car which is acquired by the assessee after the 31st day of March, 1967 [2][, but before the 1st day of March, 1975,] and is used otherwise than in a business of running it on hire for tourists, exceeds twenty-five thousand rupees, the excess of the actual cost over such amount shall be ignored, and the actual cost thereof shall be taken to be twenty-five thousand rupees:]

[3][Provided further that where the assessee incurs any expenditure for acquisition of any asset or part thereof in respect of which a payment or aggregate of payments made to a person in a day, otherwise than by an account payee cheque drawn on a bank or an account payee bank draft or use of electronic clearing system through a bank account, exceeds ten thousand rupees, such expenditure shall be ignored for the purposes of determination of actual cost.]

*Explanation* 1.—Where an asset is used in the business after it ceases to be used for scientific research related to that business and a deduction has to be made under [4][clause (*ii*) of sub-section (*1*)] of section 32 in respect of that asset, the actual cost of the asset to the assessee shall be the actual cost to the assessee as reduced by the amount of any deduction allowed under clause (*iv*) of sub-section (*1*) of section 35 or under any corresponding provision of the Indian Income-tax Act, 1922 (11 of 1922).

[5][*Explanation* 2.—Where an asset is acquired by the assessee by way of gift or inheritance, the actual cost of the asset to the assessee shall be the actual cost to the previous owner, as reduced by—

(*a*) the amount of depreciation actually allowed under this Act and the corresponding provisions of the Indian Income-tax Act, 1922 (11 of 1922), in respect of any previous year relevant to the assessment year commencing before the 1st day of April, 1988; and

(*b*) the amount of depreciation that would have been allowable to the assessee for any assessment year commencing on or after the 1st day of April, 1988, as if the asset was the only asset in the relevant block of assets.]

*Explanation* 3.—Where, before the date of acquisition by the assessee, the assets were at any time used by any other person for the purposes of his business or profession and the [6][Assessing Officer] is satisfied that the main purpose of the transfer of such assets, directly or indirectly to the assessee, was the reduction of a liability to income-tax (by claiming depreciation with reference to an enhanced cost), the actual cost to the assessee shall be such an amount as the [6][Assessing Officer] may, with the previous approval of the [7][Joint Commissioner], determine having regard to all the circumstances of the case.

---

1. Ins. by Act 20 of 1967, s. 33 and the Third Schedule (w.e.f. 1-4-1968).

2. Ins. by Act 25 of 1975, s. 7 (w.e.f. 1-4-1975).

3. Ins. by Act 7 of 2017, s. 16 (w.e.f. 1-4-2018).

4.Subs. by Act 46 of 1986, s. 8, for "clause (*i*), clause (*ii*) or clause (*iii*) or sub-section (*1*) or sub-section (*1A*)" (w.e.f. 1-4-1988).

5. Subs. by s. 8, *ibid.*, for *Explanation* 2 (w.e.f. 1-4-1988).

6. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

7. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998).

[1][*Explanation* 4.—Where any asset which had once belonged to the assessee and had been used by him for the purposes of his business or profession and thereafter ceased to be his property by reason of transfer or otherwise, is re-acquired by him, the actual cost to the assessee shall be—

(*i*)  the actual cost to him when he first acquired the asset as reduced by—

(*a*)  the amount of depreciation actually allowed to him under this Act or under the corresponding provisions of the Indian Income-tax Act, 1922 (11 of 1922), in respect of any previous year relevant to the assessment year commencing before the 1st day of April, 1988; and

(*b*)  the amount of depreciation that would have been allowable to the assessee for any assessment year commencing on or after the 1st day of April, 1988, as if the asset was the only asset in the relevant block of assets; or

(*ii*) the actual price for which the asset is re-acquired by him,

whichever is less.]

[2][*Explanation* 4A.—Where before the date of acquisition by the assessee (hereinafter referred to as the first mentioned person), the assets were at any time used by any other person (hereinafter referred to as the second mentioned person) for the purposes of his business or profession and depreciation allowance has been claimed in respect of such assets in the case of the second mentioned person and such person acquires on lease, hire or otherwise assets from the first mentioned person, then, notwithstanding anything contained in *Explanation* 3, the actual cost of the transferred assets, in the case of first mentioned person, shall be the same as the written down value of the said assets at the time of transfer thereof by the second mentioned person.]

*Explanation* 5.—Where a building previously the property of the assessee is brought into use for the purpose of the business or profession after the 28th day of February, 1946, the actual cost to the assessee shall be the actual cost of the building to the assessee, as reduced by an amount equal to the depreciation calculated at the rate in force on that date that would have been allowable had the building been used for the aforesaid purposes since the date of its acquisition by the assessee.

[3][*Explanation* 6.—When any capital asset is transferred by a holding company to its subsidiary company or by a subsidiary company to its holding company, then, if the conditions of clause (iv) or, as the case may be, of clause (v) of section 47 are satisfied, the actual cost of the transferred capital asset to the transferee-company shall be taken to be the same as it would have been if the transferor-company had continued to hold the capital asset for the purposes of its business.]

[4][*Explanation* 7.—Where, in a scheme of amalgamation, any capital asset is transferred by the amalgamating company to the amalgamated company and the amalgamated company is an Indian company, the actual cost of the transferred capital asset to the amalgamated company shall be taken to be the same as it would have been if the amalgamating company had continued to hold the capital asset for the purposes of its own business.]

1. Subs. by Act 46 of 1986, s. 8, for *Explanation* 8 (w.e.f. 1-4-1988).
2. Ins. by Act 33 of 1996, s. 17 (w.e.f. 1-10-1996).
3. Ins. by Act 10 of 1965, s. 14 (w.e.f. 1-4-1965).
4. Ins. by Act 20 of 1967, s. 16 (w.e.f. 1-4-1967).

[1][*Explanation* 7A.—Where, in a demerger, any capital asset is transferred by the demerged company to the resulting company and the resulting company is an Indian company, the actual cost of the transferred capital asset to the resulting company shall be taken to be the same as it would have been if the demerged company had continued to hold the capital asset for the purpose of its own business:

Provided that such actual cost shall not exceed the written down value of such capital asset in the hands of the demerged company.]

[2][*Explanation* 8.—For the removal of doubts, it is hereby declared that where any amount is paid or is payable as interest in connection with the acquisition of an asset, so much of such amount as is relatable to any period after such asset is first put to use shall not be included, and shall be deemed never to have been included, in the actual cost of such asset.]

[3][*Explanation* 9.—For the removal of doubts, it is hereby declared that where an asset is or has been acquired on or after the 1st day of March, 1994 by an assessee, the actual cost of asset shall be reduced by the amount of duty of excise or the additional duty leviable under section 3 of the Customs Tariff Act, 1975 (51 of 1975) in respect of which a claim of credit has been made and allowed under the Central Excise Rules, 1944.]

[4][E*xplanation* 10.—Where a portion of the cost of an asset acquired by the assessee has been met directly or indirectly by the Central Government or a State Government or any authority established under any law or by any other person, in the form of a subsidy or grant or reimbursement (by whatever name called), then, so much of the cost as is relatable to such subsidy or grant or reimbursement shall not be included in the actual cost of the asset to the assessee:

Provided that where such subsidy or grant or reimbursement is of such nature that it cannot be directly relatable to the asset acquired, so much of the amount which bears to the total subsidy or reimbursement or grant the same proportion as such asset bears to all the assets in respect of or with reference to which the subsidy or grant or reimbursement is so received, shall not be included in the actual cost of the asset to the assessee.]

[1][*Explanation* 11.—Where an asset which was acquired outside India by an assessee, being a non-resident, is brought by him to India and used for the purposes of his business or profession, the actual cost of the asset to the assessee shall be the actual cost to the assessee, as reduced by an amount equal to the amount of depreciation calculated at the rate in force that would have been allowable had the asset been used in India for the said purposes since the date of its acquisition by the assessee.]

[5][*Explanation* 12.—Where any capital asset is acquired by the assessee under a scheme for corporatisation of a recognised stock exchange in India, approved by the Securities and Exchange Board of India established under section 3 of the Securities and Exchange Board of India Act, 1992 (15 of 1992), the actual cost of the asset shall be deemed to be the amount which would have been regarded as actual cost had there been no such corporatization.]

---

1. Ins. by Act 27of 1999, s. 26 (w.e.f. 1-4-2000).

2. Ins. by Act 23 of 1986, s. 9 (w.e.f. 1-4-1974).

3. Ins. by Act 21 of 1998, s. 18 (w.e.f. 1-4-1994).

4. Ins. by s. 18, *ibid*. (w.e.f. 1-4-1999).

5. Ins. by Act 14 of 2001, s. 26 (w.e.f. 1-4-2002).

[1][*Explanation* 13.—The actual cost of any capital asset on which deduction has been allowed or is allowable to the assessee under section 35AD, shall be treated as '*nil*',—

(*a*) in the case of such assessee; and

(*b*) in any other case if the capital asset is acquired or received,—

(*i*)  by way of gift or will or an irrevocable trust;

(*ii*)  on any distribution on liquidation of the company; and

(*iii*) by such mode of transfer as is referred to in clauses (*i*), (*iv*), (*v*), (*vi*), (*vib*), [2][(*xiii*), (*xiiib*) and (*xiv*)] of section 47:]

[3][Provided that where any capital asset in respect of which deduction or part of deduction allowed under section 35AD is deemed to be the income of the assessee in accordance with the provisions of sub-section (*7B*) of the said section, the actual cost of the asset to the assessee shall be the actual cost to the assessee, as reduced by an amount equal to the amount of depreciation calculated at the rate in force that would have been allowable had the asset been used for the purpose of business since the date of its acquisition.]

(*2*) "paid" means actually paid or incurred according to the method of accounting upon the basis of which the profits or gains are computed under the head "Profits and gains of business or profession";

(*3*) "plant" includes ships, vehicles, books, scientific apparatus and surgical equipment used for the purposes of the business or profession [4][but does not include tea bushes or livestock][5][or buildings or furniture and fittings];

(*4*) (*i*) "scientific research" means any activities for the extension of knowledge in the fields of natural or applied science including agriculture, animal husbandry or fisheries;

(*ii*) references to expenditure incurred on scientific research include all expenditure incurred for the prosecution, or the provision of facilities for the prosecution, of scientific research, but do not include any expenditure incurred in the acquisition of rights in, or arising out of, scientific research;

(*iii*) references to scientific research related to a business or class of business include—

(*a*) any scientific research which may lead to or facilitate an extension of that business or, as the case may be, all businesses of that class;

(*b*) any scientific research of a medical nature which has a special relation to the welfare of workers employed in that business or, as the case may be, all businesses of that class;

(*5*) "speculative transaction" means a transaction in which a contract for the purchase or sale of any commodity, including stocks and shares, is periodically or ultimately settled otherwise than by the actual delivery or transfer of the commodity or scrips:

Provided that for the purposes of this clause—

(*a*) a contract in respect of raw materials or merchandise entered into by a person in the course of his manufacturing or merchanting business to guard against loss through future price fluctuations in respect of his contracts for actual delivery of goods manufactured by him or merchandise sold by him; or

---

1. Ins. by Act 33 of 2009, s. 17 (w.e.f. 1-4-2010).
2. Subs. by Act 14 of 2010, s. 13, for "(*xiii*) and (*xiv*)" (w.e.f. 1-4-2011).
3. The proviso ins by Act 7 of 2017, s. 16 (w.e.f. 1-4-2018).
4. Ins. by Act 22 of 1995, s. 12 (w.e.f. 1-4-1962).
5. Ins. by Act 32 of 2003, s. 20 (w.e.f. 1-4-2004).

(*b*) a contract in respect of stocks and shares entered into by a dealer or investor therein to guard against loss in his holdings of stocks and shares through price fluctuations; or

(*c*) a contract entered into by a member of a forward market or a stock exchange in the course of any transaction in the nature of jobbing or arbitrage to guard against loss which may arise in the ordinary course of his business as such member; [1][or]

[1][(*d*) an eligible transaction in respect of trading in derivatives referred to in clause [2][(*ac*)] of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956) carried out in a recognised stock exchange; [3][or]]

[3][(*e*) an eligible transaction in respect of trading in commodity derivatives carried out in a recognised association [4][, which is chargeable to commodities transaction tax under Chapter VII of the Finance Act, 2013 (17 of 2013),]]

shall not be deemed to be a speculative transaction.

[1] [5][*Explanation* 1].—For the purposes of [6][clause (*d*)], the expressions—

(*i*)  "eligible transaction" means any transaction,—

(*A*) carried out electronically on screen-based systems through a stock broker or sub-broker or such other intermediary registered under section 12 of the Securities and Exchange Board of India Act, 1992 (15 of 1992) in accordance with the provisions of the Securities Contracts (Regulation) Act, 1956 (42 of 1956) or the Securities and Exchange Board of India Act, 1992 (15 of 1992) or the Depositories Act, 1996 (22 of 1996) and the rules, regulations or bye-laws made or directions issued under those Acts or by banks or mutual funds on a recognised stock exchange; and

(*B*) which is supported by a time stamped contract note issued by such stock broker or sub-broker or such other intermediary to every client indicating in the contract note the unique client identity number allotted under any Act referred to in sub-clause (*A*) and permanent account number allotted under this Act;

(*ii*) "recognised stock exchange" means a recognised stock exchange as referred to in clause (*f*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956) and which fulfils such conditions as may be prescribed and notified by the Central Government for this purpose.]

[7][*Explanation* 2.—For the purposes of clause (*e*), the expressions—

(*i*)  "commodity derivative" shall have the meaning as assigned to it in Chapter VII of the Finance Act, 2013;

---

1. Ins. by Act 18 of 2005, s. 14 (w.e.f. 1-4-2006).
2. Subs. by Act 21 of 2006, s. 11, for "(*aa*)" (w.e.f. 1-4-2006).
3. Ins. by Act 17 of 2013, s. 9 (w.e.f. 1-4-2014).
4. Subs. by Act 25 of 2014, s. 15, for "recognised association" (w.e.f. 1-4-2014).
5. The *Explanation* renumbered as *Explanation* 1 by Act 17 of 2013,  s. 9 (w.e.f. 1-4-2014).
6. Subs. by s. 9, *ibid*., "this clause" (w.e.f. 1-4-2013).
7. Ins. by s. 9, *ibid*. (w.e.f. 1-4-2014).

(*ii*) "eligible transaction" means any transaction,—

(*A*) carried out electronically on screen-based systems through member or an intermediary, registered under the bye-laws, rules and regulations of the recognised association for trading in commodity derivative in accordance with the provisions of the Forward Contracts (Regulation) Act, 1952 (74 of 1952) and the rules, regulations or bye-laws made or directions issued under that Act on a recognised association; and

(*B*) which is supported by a time stamped contract note issued by such member or intermediary to every client indicating in the contract note, the unique client identity number allotted under the Act, rules, regulations or bye-laws referred to in sub-clause (*A*), unique trade number and permanent account number allotted under this Act;

(*iii*) "recognised association" means a recognised association as referred to in clause (*j*) of section 2 of the Forward Contracts (Regulation) Act, 1952 (74 of 1952) and which fulfils such conditions as may be prescribed and is notified by the Central Government for this purpose;]

(*6*) "written down value" means—

(*a*) in the case of assets acquired in the previous year, the actual cost to the assessee;

(*b*) in the case of assets acquired before the previous year, the actual cost to the assessee less all depreciation actually allowed to him under this Act, or under the Indian Income-tax Act, 1922 (11 of 1922), or any Act repealed by that Act, or under any executive orders issued when the Indian Income-tax Act, 1886 (2 of 1886), was in force:

[1][Provided that in determining the written down value in respect of buildings, machinery or plant for the purposes of clause (*ii*) of sub-section (*1*) of section 32, "depreciation actually allowed" shall not include depreciation allowed under sub-clauses (*a*), (*b*) and (*c*) of clause (*vi*) of sub-section (*2*) of section 10 of the Indian Income-tax Act, 1922 (11 of 1922), where such depreciation was not deductible in determining the written down value for the purposes of the said clause (*vi*);]

[2][(*c*) in the case of any block of assets,—

(*i*) in respect of any previous year relevant to the assessment year commencing on the 1st day of April, 1988, the aggregate of the written down values of all the assets falling within that block of assets at the beginning of the previous year and adjusted,—

(*A*) by the increase by the actual cost of any asset falling within that block, acquired during the previous year;

(*B*) by the reduction of the moneys payable in respect of any asset falling within that block, which is sold or discarded or demolished or destroyed during that previous year together with the amount of the scrap value, if any, so, however, that the amount of such reduction does not exceed the written down value as so increased; and

[3][(*C*) in the case of a slump sale, decrease by the actual cost of the asset falling within that block as reduced—

(*a*) by the amount of depreciation actually allowed to him under this Act or under the corresponding provisions of the Indian Income-tax Act, 1922 (11 of 1922) in respect of any previous year relevant to the assessment year commencing before the 1st day of April, 1988; and

---

1. Ins. by Act 15 of 1965, s. 6 (w.e.f. 1-4-1962).
2. Ins. by Act 46 of 1986, s. 8 (w.e.f. 1-4-1988).
3. Ins. by Act 27 of 1999, s. 26 (w.e.f. 1-4-2000).

(*b*) by the amount of depreciation that would have been allowable to the assessee for any assessment year commencing on or after the 1st day of April, 1988 as if the asset was the only asset in the relevant block of assets, so, however, that the amount of such decrease does not exceed the written down value;]

(*ii*) in respect of any previous year relevant to the assessment year commencing on or after the 1st day of April, 1989, the written down value of that block of assets in the immediately preceding previous year as reduced by the depreciation actually allowed in respect of that block of assets in relation to the said preceding previous year and as further adjusted by the increase or the reduction referred to in item (*i*).]

*Explanation* 1.—When in a case of succession in business or profession, an assessment is made on the successor under sub-section (*2*) of section 170 the written down [1][value of any asset or any block of assets] shall be the amount which would have been taken as its written down value if the assessment had been made directly on the person succeeded to.

[2][*Explanation* 2.—Where in any previous year, any block of assets is transferred,—

(*a*) by a holding company to its subsidiary company or by a subsidiary company to its holding company and the conditions of clause (*iv*) or, as the case may be, of clause (*v*) of section 47 are satisfied; or

(*b*) by the amalgamating company to the amalgamated company in a scheme of amalgamation, and the amalgamated company is an Indian company,

then, notwithstanding anything contained in clause (*1*), the actual cost of the block of assets in the case of the transferee-company or the amalgamated company, as the case may be, shall be the written down value of the block of assets as in the case of the transferor-company or the amalgamating company for the immediately preceding previous year as reduced by the amount of depreciation actually allowed in relation to the said preceding previous year.]

[3][*Explanation* 2A.—Where in any previous year, any asset forming part of a block of assets is transferred by a demerged company to the resulting company, then, notwithstanding anything contained in clause (*1*), the written down value of the block of assets of the demerged company for the immediately preceding previous year shall be reduced by the [4][written down value of the assets] transferred to the resulting company pursuant to the demerger.

*Explanation* 2B.—Where in a previous year, any asset forming part of a block of assets is transferred by a demerged company to the resulting company, then, notwithstanding anything contained in clause (*1*), the written down value of the block of assets in the case of the resulting company shall be the [5][written down value of the transferred assets [6]***] of the demerged company immediately before the demerger.

---

1. Subs. by Act 46 of 1986, s. 8, for "any asset" (w.e.f. 1-4-1988).

2. Subs. by s. 8, *ibid.,* for *Explanation* 2 and *Explanation* 2A (w.e.f. 1-4-1988).

3. Ins. by Act 27 of 1999, s. 26 (w.e.f. 1-4-2000).

4. Subs. by Act 10 of 2000, s. 19, for "book value of the assets" (w.e.f. 1-4-2000).

5. Subs. by s. 19, *ibid.,* for "value of the assets as appearing in the books of account" (w.e.f. 1-4-2000).

6. The words "as appearing in the books of account" omitted by Act 32 of 2003, s. 20 (w.e.f. 1-4-2004).

[1][*Explanation* 2C.—Where in any previous year, any block of assets is transferred by a private company or unlisted public company to a limited liability partnership and the conditions specified in the proviso to clause (*xiiib*) of section 47 are satisfied, then, notwithstanding anything contained in clause (*1*), the actual cost of the block of assets in the case of the limited liability partnership shall be the written down value of the block of assets as in the case of the said company on the date of conversion of the company into the limited liability partnership.]

[2]*          *          *          *          *

*Explanation* 3.—Any allowance in respect of any depreciation carried forward under sub-section (*2*) of section 32 shall be deemed to be depreciation "actually allowed".

[3][*Explanation* 4.—For the purposes of this clause, the expressions "moneys payable" and "sold" shall have the same meanings as in the *Explanation* below sub-section (*4*) of section 41.]

[4][*Explanation* 5.—Where in a previous year, any asset forming part of a block of assets is transferred by a recognised stock exchange in India to a company under a scheme for corporatisation approved by the Securities and Exchange Board of India established under section 3 of the Securities and Exchange Board of India Act, 1992 (15 of 1992), the written down value of the block of assets in the case of such company shall be the written down value of the transferred assets immediately before such transfer.]

[5][*Explanation* 6.—Where an assessee was not required to compute his total income for the purposes of this Act for any previous year or years preceding the previous year relevant to the assessment year under consideration,—

(*a*) the actual cost of an asset shall be adjusted by the amount attributable to the revaluation of such asset, if any, in the books of account;

(*b*) the total amount of depreciation on such asset, provided in the books of account of the assessee in respect of such previous year or years preceding the previous year relevant to the assessment year under consideration shall be deemed to be the depreciation actually allowed under this Act for the purposes of this clause; and

(*c*) the depreciation actually allowed under clause (*b*) shall be adjusted by the amount of depreciation attributable to such revaluation of the asset.]

[6][*Explanation* 7.—For the purposes of this clause, where the income of an assessee is derived, in part from agriculture and in part from business chargeable to income-tax under the head "Profits and gains of business or profession", for computing the written down value of assets acquired before the previous year, the total amount of depreciation shall be computed as if the entire income is derived from the business of the assessee under the head "Profits and gains of business or profession" and the depreciation so computed shall be deemed to be the depreciation actually allowed under this Act.]

---

1. Ins. by Act 14 of 2010, s. 13 (w.e.f. 1-4-2011).
2. The proviso omitted by Act 10 of 2000, s. 19 (w.e.f. 1-4-2000).
3. Ins. by Act 46 of 1986, s. 8 (w.e.f 1-4-1988).
4. Ins. by Act 14 of 2001, s. 26 (w.e.f. 1-4-2002).
5. Ins. by Act 18 of 2008, s. 12 (w.e.f. 1-4-2003).
6.  Ins. by Act 33 of 2009, s. 17 (w.e.f. 1-4-2010).

[1][**43A. Special provisions consequential to changes in rate of exchange ofcurrency.—**] Notwithstanding anything contained in any other provision of this Act, where an assessee has acquired any asset in any previous year from a country outside India for the purposes of his business or profession and, in consequence of a change in the rate of exchange during any previous year after the acquisition of such asset, there is an increase or reduction in the liability of the assessee as expressed in Indian currency (as compared to the liability existing at the time of acquisition of the asset) at the time of making payment—

    (*a*)  towards the whole or a part of the cost of the asset; or

    (*b*)  towards repayment of the whole or a part of the moneys borrowed by him from any person, directly or indirectly, in any foreign currency specifically for the purpose of acquiring the asset along with interest, if any,

the amount by which the liability as aforesaid is so increased or reduced during such previous year and which is taken into account at the time of making the payment, irrespective of the method of accounting adopted by the assessee, shall be added to, or, as the case may be, deducted from—

    (*i*)  the actual cost of the asset as defined in clause (*1*) of section 43; or

    (*ii*)  the amount of expenditure of a capital nature referred to in clause (*iv*) of sub-section (*1*) of section 35; or

    (*iii*) the amount of expenditure of a capital nature referred to in section 35A; or

    (*iv*) the amount of expenditure of a capital nature referred to in clause (*ix*) of sub-section (*1*) of section 36; or

    (*v*)  the cost of acquisition of a capital asset (not being a capital asset referred to in section 50) for the purposes of section 48,

and the amount arrived at after such addition or deduction shall be taken to be the actual cost of the asset or the amount of expenditure of a capital nature or, as the case may be, the cost of acquisition of the capital asset as aforesaid:

Provided that where an addition to or deduction from the actual cost or expenditure or cost of acquisition has been made under this section, as it stood immediately before its substitution by the Finance Act, 2002, on account of an increase or reduction in the liability as aforesaid, the amount to be added to, or, as the case may be, deducted under this section from, the actual cost or expenditure or cost of acquisition at the time of making the payment shall be so adjusted that the total amount added to, or, as the case may be, deducted from, the actual cost or expenditure or cost of acquisition, is equal to the increase or reduction in the aforesaid liability taken into account at the time of making payment.

*Explanation* 1.—In this section, unless the context otherwise requires,—

    (*a*)  "rate of exchange" means the rate of exchange determined or recognised by the Central Government for the conversion of Indian currency into foreign currency or foreign currency into Indian currency;

    (*b*)  "foreign currency" and "Indian currency" have the meanings respectively assigned to them in section 2 of the Foreign Exchange Management Act, 1999 (42 of 1999).

---

1. Subs. by Act 20 of 2002, s. 21, for section 43A (w.e.f. 1-4-2003).

*Explanation* 2.—Where the whole or any part of the liability aforesaid is met, not by the assessee, but, directly or indirectly, by any other person or authority, the liability so met shall not be taken into account for the purposes of this section.

*Explanation* 3.—Where the assessee has entered into a contract with an authorised dealer as defined in section 2 of the Foreign Exchange Management Act, 1999 (42 of 1999), for providing him with a specified sum in a foreign currency on or after a stipulated future date at the rate of exchange specified in the contract to enable him to meet the whole or any part of the liability aforesaid, the amount, if any, to be added to, or deducted from, the actual cost of the asset or the amount of expenditure of a capital nature or, as the case may be, the cost of acquisition of the capital asset under this section shall, in respect of so much of the sum specified in the contract as is available for discharging the liability aforesaid, be computed with reference to the rate of exchange specified therein.]

[1][**43B. Certain deductions to be only on actual payment.**—Notwithstanding anything contained in any other provision of this Act, a deduction otherwise allowable under this Act in respect of—

[2][(*a*) any sum payable by the assessee by way of tax, duty, cess or fee, by whatever name called, under any law for the time being in force, or]

(*b*) any sum payable by the assessee as an employer by way of contribution to any provident fund or superannuation fund or gratuity fund or any other fund for the welfare of employees, [3][or]

[3][(*c*) any sum referred to in clause (*ii*) of sub-section (*1*) of section 36,] [4][or]

[4][(*d*) any sum payable by the assessee as interest on any loan or borrowing from any public financial institution[5][or a State financial corporation or a State industrial investment corporation], in accordance with the terms and conditions of the agreement [6][governing such loan or borrowing; or]

[7][(*e*) any sum payable by the assessee as interest on any [8][loan or advances] from a scheduled bank [9][or a co-operative bank other than a primary agricultural credit society or a primary co-operative agricultural and rural development bank] in accordance with the terms and conditions of the agreement governing [10][such loan or advances], [11][or]

[11][(*f*) any sum payable by the assessee as an employer in lieu of any leave at the credit of his [12][employee, or]]

[13][(*g*) any sum payable by the assessee to the Indian Railways for the use of railway assets,]

---

1. Ins. by Act 11 of 1983, s. 18 (we.f. 1-4-1984).
2. Subs. by Act 26 of 1988, s. 12, for clause (*a*) (w.e.f. 1-4-1989).
3. Ins. by Act 4 of 1988, s. 15 (w.e.f. 1-4-1989).
4. Ins. by Act 26 of 1988, s. 12 (w.e.f. 1-4-1989).
5. Ins. by Act 12 of 1990, s. 13 (w.e.f. 1-4-1991).
6. Subs. by Act 33 of 1996, s. 18, for "governing such loan or borrowing" (w.e.f. 1-4-1997).
7. Ins. by s. 18, *ibid*. (w.e.f. 1-4-1997).
8. Subs. by Act 32 of 2003, s. 21, for "term loan" (w.e.f. 1-4-2004).
9. Ins. by Act 7 of 2017, s. 17 (w.e.f. 1-4-2018).
10. Subs. by Act 32 of 2003, s. 21, for "such loan" (w.e.f. 1-4-2004).
11. Ins. by Act 14 of 2001, s. 27 (w.e.f. 1-4-2002).
12. Subs. by Act 28 of 2016, s.  23, for "employee" ( w.e.f. 1-4-2017).
13. Ins. by s. 23, *ibid*. (w.e.f. 1-4-2017).

shall be allowed (irrespective of the previous year in which the liability to pay such sum was incurred by the assessee according to the method of accounting regularly employed by him) only in computing the income referred to in section 28 of that previous year in which such sum is actually paid by him:

[1][Provided that nothing contained in this section shall apply in relation to any sum [2]*** which is actually paid by the assessee on or before the due date applicable in his case for furnishing the return of income under sub-section (*1*) of section 139 in respect of the previous year in whichthe liability to pay such sum was incurred as aforesaid and the evidence of such payment is furnished by the assessee along with such return.

[3]*          *          *          *          *]

*Explanation* [4][1].—For the removal of doubts, it is hereby declared that where a deduction in respect of any sum referred to in clause (*a*) or clause (*b*) of this section is allowed in computing the income referred to in section 28 of the previous year (being a previous year relevant to the assessment year commencing on the 1st day of April, 1983, or any earlier assessment year) in which the liability to pay such sum was incurred by the assessee, the assessee shall not be entitled to any deduction under this section in respect of such sum in computing the income of the previous year in which the sum is actually paid by him:]

[5][*Explanation* 2.—For the purposes of clause (*a*), as in force at all material times, "any sum payable" means a sum for which the assessee incurred liability in the previous year even though such sum might not have been payable within that year under the relevant law.]

[6][*Explanation* [7][3].—For the removal of doubts it is hereby declared that where a deduction in respect of any sum referred to in clause (*c*)[8][or clause (*d*)] of this section is allowed in computing the income referred to in section 28 of the previous year (being a previous year relevant to the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year) in which the liability to pay such sum was incurred by the assessee, the assessee shall not be entitled to any deduction under this section in respect of such sum in computing the income of the previous year in which the sum is actually paid by him.]

[9][*Explanation* 3A.—For the removal of doubts, it is hereby declared that where a deduction in respect of any sum referred to in clause (*e*) of this section is allowed in computing the income referred to in section 28 of the previous year (being a previous year relevant to the assessment year commencing on the 1st day of April, 1996, or any earlier assessment year) in which the liability to pay such sum was incurred by the assessee, the assessee shall not be entitled to any deduction under this section in respect of such sum in computing the income of the previous year in which the sum is actually paid by him.]

[10][*Explanation* 3B.—For the removal of doubts, it is hereby declared that where a deduction in respect of any sum referred to in clause (*f*) of this section is allowed in computing the income, referred to in section 28, of the previous year (being a previous year relevant to the assessment year commencing on the 1st day of April, 2001, or any earlier assessment year) in which the liability to pay such sum was incurred by the assessee, the assessee shall not be entitled to any deduction under this section in respect of such sum in computing the income of the previous year in which the sum is actually paid by him.]

---

1. Ins. by Act 11 of 1987, s. 10 (w.e.f. 1-4-1988).
2. The words "referred to in clause (*a*) or clauses (*c*) or clause (*d*) or clause (*f*)" omitted by Act 32 of 2003, s. 21 (w.e.f. 1-4-2004).
3. The second proviso omitted by s. 21, *ibid*. (w.e.f. 1-4-2004).
4. The *Explanation* numbered as *Explanation* 1 thereof by Act 4 of 1988, s. 15 (w.e.f. 1-4-1989).
5. Ins. by Act 13 of 1989, s. 9 (w.e.f. 1-4-1984).
6. Ins. by Act 4 of 1988, s. 15 (w.e.f 1-4-1989).
7. *Explanation* 2 renumbered as *Explanation* 3 thereof by Act 13 of 1989, s. 9 (w.e.f. 1-4-1984).
8. Ins. by Act 26 of 1988, s. 12 (w.e.f. 1-4-1989).
9. Ins. by Act 33 of 1996, s. 18 (w.e.f. 1-4-1997).
10. Ins. by Act 14 of 2001, s. 27 (w.e.f. 1-4-2002).

[1][*Explanation 3C.*—For the removal of doubts, it is hereby declared that a deduction of any sum, being interest payable under clause (*d*) of this section, shall be allowed if such interest has been actually paid and any interest referred to in that clause which has been converted into a loan or borrowing shall not be deemed to have been actually paid.]

[2][*Explanation 3D.*—For the removal of doubts, it is hereby declared that a deduction of any sum, being interest payable under clause (*e*) of this section, shall be allowed if such interest has been actually paid and any interest referred to in that clause which has been converted into a loan or advance shall not be deemed to have been actually paid.]

[3][*Explanation 4.*—For the purposes of this section,—

(*a*) "public financial institutions" shall have the meaning assigned to it in section 4A of the Companies Act, 1956 (1 of 1956);

[4][(*aa*) "scheduled bank" shall have the meaning assigned to it in the *Explanation* to clause (*iii*) of sub-section (*5*) of section 11;]

(*b*) "State financial corporation" means a financial corporation established under section 3 or section 3A or an institution notified under section 46 of the State Financial Corporations Act, 1951 (63 of 1951);

(*c*) "State industrial investment corporation" means a Government company within the meaning of section 617 of the Companies Act, 1956 (1 of 1956), engaged in the business of providing long-term finance for industrial projects and [5][eligible for deduction under clause (*viii*) of sub-section (*1*) ofsection 36].]

[6][(*d*) "co-operative bank", primary agricultural credit society" and "primary co-operative agricultural and rural development bank" shall have the meanings respectively assigned to them in the *Explanation* to sub-section (*4*) of section 80P.]

[7][**43C. Special provision for computation of cost of acquisition of certain assets.**—(*1*) Where an asset [not being an asset referred to in sub-section (*2*) of section 45] which becomes the property of an amalgamated company under a scheme of amalgamation, is sold after the 29th day of February, 1988, by the amalgamated company as stock-in-trade of the business carried on by it, the cost of acquisition of the said asset to the amalgamated company in computing the profits and gains from the sale of such asset shall be the cost of acquisition of the said asset to the amalgamating company, as increased by the cost, if any, of any improvement made thereto, and the expenditure, if any, incurred, wholly and exclusively in connection with such transfer by the amalgamating company.

(*2*) Where an asset [not being an asset referred to in sub-section (*2*) of section 45] which becomes the property of the assessee on the total or partial partition of a Hindu undivided family or under a gift or will or an irrevocable trust, is sold after the 29th day of February, 1988, by the assessee as stock-in-trade of the business carried on by him, the cost of acquisition of the said asset to the assessee in computing the profits and gains from the sale of such asset shall be the cost of acquisition of the said asset to the transferor or the donor, as the case may be, as increased by the cost, if any, of any improvement made thereto, and the expenditure, if any, incurred, wholly and exclusively in connection with such transfer (by way of effecting the partition, acceptance of the gift, obtaining probate in respect of the will or the creation of the trust), including the payment of gift-tax, if any, incurred by the transferor or the donor, as the case may be.]

1. Ins. by Act 21 of 2006, s. 12 (w.e.f. 1-4-1989).
2. Ins. by s. 12, *ibid*. (w. e. f. 1-4-1997).
3. Ins. by Act 12 of 1990, s. 13 (w.e.f. 1-4-1991).
4. Subs. by Act 27 of 1999, s. 27 (w.e.f. 1-4-2000).
5. Subs. by Act 10 of 2000, s. 20 (w.e.f. 1-4-2000).
6. Ins. by Act 7 of 2017, s. 17 (w.e.f. 1-4-2018).
7. Ins. by Act 26 of 1988, s. 13 (w.e.f. 1-4-1988).

[1][**43CA. Special provision for full value of consideration for transfer of assets other than capital assets in certain cases.**—(*1*) Where the consideration received or accruing as a result of the transfer by an assessee of an asset (other than a capital asset), being land or building or both, is less than the value adopted or assessed or assessable by any authority of a State Government for the purpose of payment of stamp duty in respect of such transfer, the value so adopted or assessed or assessable shall, for the purposes of computing profits and gains from transfer of such asset, be deemed to be the full value of the consideration received or accruing as a result of such transfer.

(*2*) The provisions of sub-section (*2*) and sub-section (*3*) of section 50C shall, so far as may be, apply in relation to determination of the value adopted or assessed or assessable under sub-section (*1*).

(*3*) Where the date of agreement fixing the value of consideration for transfer of the asset and the date of registration of such transfer of asset are not the same, the value referred to in sub-section (*1*) may be taken as the value assessable by any authority of a State Government for the purpose of payment of stamp duty in respect of such transfer on the date of the agreement.

(*4*) The provisions of sub-section (*3*) shall apply only in a case where the amount of consideration or a part thereof has been received by any mode other than cash on or before the date of agreement for transfer of the asset.]

[2][**43D. Special provision in case of income of public financial institutions, public companies, etc.**—Notwithstanding anything to the contrary contained in any other provision of this Act,—

(*a*) in the case of a public financial institution or a scheduled bank or [3][a co-operative bank other than a primary agricultural credit society or a primary co-operative agricultural and rural development bank or] a State financial corporation or a State industrial investment corporation, the income by way of interest in relation to such categories of bad or doubtful debts as may be prescribed having regard to the guidelines issued by the Reserve Bank of India in relation to such debts;

(*b*) in the case of a public company, the income by way of interest in relation to such categories of bad or doubtful debts as may be prescribed having regard to the guidelines issued by the National Housing Bank in relation to such debts,

shall be chargeable to tax in the previous year in which it is credited by the public financial institution or the scheduled bank or [3][a co-operative bank other than a primary agricultural credit society or a primary co-operative agricultural and rural development bank or] the State financial corporation or the State industrial investment corporation or the public company to its profit and loss account for that year or, as the case may be, in which it is actually received by that institution or bank or corporation or company, whichever is earlier.

*Explanation.*—For the purposes of this section,—

(*a*) "National Housing Bank" means the National Housing Bank established under section 3 of the National Housing Bank Act, 1987 (53 of 1987);

(*b*) "public company" means a company,—

(*i*) which is a public company within the meaning of section 3 of the Companies Act, 1956 (1 of 1956);

(*ii*) whose main object is carrying on the business of providing long-term finance for construction or purchase of houses in India for residential purposes; and

(*iii*) which is registered in accordance with the Housing Finance Companies (NHB) Directions, 1989 given under section 30 and section 31 of the National Housing Bank Act, 1987 (53 of 1987);

---

1. Ins. by Act 17 of 2013, s. 10 (w.e.f. 1-4-2014).
2. Subs. by Act 27 of 1999, s. 28, for Section 43D (w.e.f. 1-4-2000).
3. Ins. by Act 7 of 2017, s. 18 (w.e.f. 1-4-2018).

(*c*) "public financial institution" shall have the meaning assigned to it in section 4A of the Companies Act, 1956 (1 of 1956);

(*d*) "scheduled bank" shall have the meaning assigned to it in clause (*ii*) of the *Explanation* to clause (*viia*) of sub-section (*1*) of section 36;

(*e*) "State financial corporation" means a financial corporation established under section 3 or section 3A or an institution notified under section 46 of the State Financial Corporations Act, 1951 (63 of 1951);

(*f*) "State industrial investment corporation" means a Government company within the meaning of section 617 of the Companies Act, 1956 (1 of 1956), engaged in the business of providing long-term finance for industrial projects.]

[1][(*g*) "co-operative bank", "primary agricultural credit society" and "primary co-operative agricultural and rural development bank" shall have the meanings respectively assigned to them in the *Explanation* to sub-section (*4*) of section 80P.]

**44. Insurance business.**—Notwithstanding anything to the contrary contained in the provisions of this Act relating to the computation of income chargeable under the head "Interest on securities", "Income from house property", "Capital gains" or "Income from other sources", or in section 199 or in [2][section 28 to 43B], the profits and gains of any business of insurance, including any such business carried on by a mutual insurance company or by a co-operative society, shall be computed in accordance with the rules contained in the First Schedule.

[3][**44A. Special provision for deduction in the case of trade, professional or similar association.**— (*1*) Notwithstanding anything to the contrary contained in this Act, where the amount received during a previous year by any trade, professional or similar association (other than an association or institution referred to in clause (*23A*) of section 10) from its members, whether by way of subscription or otherwise (not being remuneration received for rendering any specific services to such members) falls short of the expenditure incurred by such association during that previous year (not being expenditure deductible in computing the income under any other provision of this Act and not being in the nature of capital expenditure) solely for the purposes of protection or advancement of the common interests of its members, the amount so fallen short (hereinafter referred to as deficiency) shall, subject to the provisions of this section, be allowed as a deduction in computing the income of the association assessable for the relevant assessment year under the head "Profits and gains of business or profession" and if there is no income assessable under that head or the deficiency allowable exceeds such income, the whole or the balance of the deficiency, as the case may be, shall be allowed as a deduction in computing the income of the association assessable for the relevant assessment year under any other head.

(*2*) In computing the income of the association for the relevant assessment year under sub-section (*1*), effect shall first be given to any other provision of this Act under which any allowance or loss in respect of any earlier assessment year is carried forward and set off against the income for the relevant assessment year.

(*3*) The amount of deficiency to be allowed as a deduction under this section shall in no case exceed one-half of the total income of the association as computed before making any allowance under this section.

(*4*) This section applies only to that trade, professional or similar association the income of which or any part thereof is not distributed to its members except as grants to any association or institution affiliated to it.]

---

1. Ins. by Act 7 of 2017, s. 18 (w.e.f. 1-4-2018).
2. Subs. by Act 4 of 1988, s. 126, for "section 28 to 43A" (w.e.f 1-4-1989).
3. Ins. by Act 5 of 1964, s. 11 (w.e.f. 1-4-1964).

[1][**44AA. Maintenance of accounts by certain persons carrying on profession or business.**—(*1*) Every person carrying on legal, medical, engineering or architectural profession or the profession of accountancy or technical consultancy or interior decoration or any other profession as is notified by the Board in the Official Gazette shall keep and maintain such books of account and other documents as may enable the [2][Assessing Officer] to compute his total income in accordance with the provisions of this Act.

(*2*) Every person carrying on business or profession [not being a profession referred to in sub-section (*1*)] shall,—

(*i*)  if his income from business or profession exceeds [3][one lakh twenty thousand] rupees or his total sales, turnover or gross receipts, as the case may be, in business or profession exceed or exceeds [4][ten lakh] rupees in any one of the three years immediately preceding the previous year; or

(*ii*) where the business or profession is newly set up in any previous year, if his income from business or profession is likely to exceed [3][one lakh twenty thousand] rupees or his total sales, turnover or gross receipts, as the case may be, in business or profession are or is likely to exceed [4][ten lakh] rupees, [5][during such previous year; or

(*iii*) where the profits and gains from the business are deemed to be the profits and gains of the assessee under [6][section 44AE] [7][or section 44BB or section 44BBB], as the case may be, and the assessee has claimed his income to be lower than the profits or gains so deemed to be the profits and gains of his business, as the case may be, during such [8][previous year; or]]

[9][(*iv*) where the provisions of sub-section (*4*) of section 44AD are applicable in his case and his income exceeds the maximum amount which is not chargeable to income-tax in any previous year,]

keep and maintain such books of account and other documents as may enable the [2][Assessing Officer] to compute his total income in accordance with the provisions of this Act.

[10][Provided that in the case of a person being an individual or a Hindu undivided family, the provisions of clause (*i*) and clause (*ii*) shall have effect, as if for the words "one lakh twenty thousand rupees", the words "two lakh fifty thousand rupees" had been substituted:

Provided further that in the case of a person being an individual or a Hindu undivided family, the provisions of clause (*i*) and clause (*ii*) shall have effect, as if for the words "ten lakh rupees", the words "twenty-five rupees" had been substituted.]

(*3*) The Board may, having regard to the nature of the business or profession carried on by any class of persons, prescribe, by rules, the books of account and other documents (including inventories, wherever necessary) to be kept and maintained under sub-section (*1*) or sub-section (*2*), the particulars to be contained therein and the form and the manner in which and the place at which they shall be kept and maintained.

(*4*) Without prejudice to the provisions of sub-section (*3*), the Board may prescribe, by rules, the period for which the books of account and other documents to be kept and maintained under sub-section (*1*) or sub-section (*2*) shall be retained.]

---

1. Ins. by Act 41 of 1975, s. 11 (w.e.f. 1-4-1976).
2. Subs. by Act 4 of 1988, s. 2, for Income-tax Officer" (w.e.f. 1-4-1988).
3. Subs. by Act 21 of 1998, s. 20, for "forty thousand" (w.e.f. 1-4-1999).
4. Subs. by s. 20, *ibid.*, for "five hundred thousand" (w.e.f. 1-4-1999).
5. Subs. by Act 26 of 1997, s. 10, for "during such previous year" (w.e.f. 1-4-1998).
6. Subs. by Act  33 of 2009, s. 18, for "section 44AD or section 44AE or section 44AF" (w.e.f. 1-4-2011).
7. Ins. by Act 32 of 2003, s.  22 (w.e.f. 1-4-2004).
8. Subs. by Act 33 of 2009. S. 18, for "previous year" (w.e.f. 1-4-2011).
9. Subs. by Act 28 of 2016, s. 24, for clause (*iv*) (w.e.f. 1-4-2017).
10. Ins. by Act 7 of 2017, s. 19 (w.e.f. 1-4-2018).

[1][**44AB. Audit of accounts of certain persons carrying on business or profession**.—Every person,—

(*a*) carrying on business shall, if his total sales, turnover or gross receipts, as the case may be, in business exceed or exceeds [2][one crore rupees] in any previous year [3]\*\*\*; or

(*b*) carrying on profession shall, if his gross receipts in profession exceed [4][fifty lakh rupees] in any [5][previous year; or

(*c*) carrying on the business shall, if the profits and gains from the business are deemed to be the profits and gains of such person under [6][section 44AE] [7][or section 44BB or section 44BBB], as the case may be, and he has claimed his income to be lower than the profits or gains so deemed to be the profits and gains of his business, as the case may be, in any [8][previous year; or] [3]\*\*\*]

[9][(*d*) carrying on the [10][profession] shall, if the profits and gains from the [10][profession] are deemed to be the profits and gains of such person [11][under section 44ADA] and he has claimed such income to be lower than the profits and gains so deemed to be the profits and gains of his [10][profession] and his income exceeds the maximum amount which is not chargeable to income-tax in any [12][previous year; or]]

[13][(*e*) carrying on the business shall, if the provisions of sub-section (*4*) of section 44AD are applicable in his case and his income exceeds the maximum amount which is not chargeable to income-tax in any previous year,]

get his accounts of [14][such previous year] audited by an accountant before the specified date and [15][furnish by] that date the report of such audit in the prescribed form duly signed and verified by such accountant and setting forth such particulars as may be prescribed:

[16][Provided that this section shall not apply to the person, who declares profits and gains for the previous year in accordance with the provisions of sub-section (*1*) of section 44AD and his total sales, turnover or gross receipts, as the case may be, in business does not exceed two crore rupees in such previous year:]

[17][[18][Provided further that] this section shall not apply to the person, who derives income of the nature referred to in [19]\*\*\* section 44B or [20][section 44BBA], on and from the 1st day of April, 1985 or, as the case may be, the date on which the relevant section came into force, whichever is later:

---

1. Ins. by Act 21 of 1984, s. 11 (w.e.f. 1-4-1985).
2. Subs. by Act 23 of 2012, s. 13, for "sixty lakh rupees" (w.e.f. 1-4-2013).
3. The words and figures "or years relevant to the assessment year commencing on the first day of April, 1985, or any subsequent assessment year" omitted by Act 26 of 1988, s. 14 (w.e.f. 1-4-1989).
4. Subs. by Act 28 of 2016, s. 25, for "twenty-five lakh rupees" (w.e.f. 1-4-2017).
5. Subs. by Act 26 of 1997, s. 11, for "previous year" (w.e.f. 1-4-1998).
6. Subs. by Act 33 of 2009, s. 19, for "section 44AD or section 44AE or section 44AF" (w.e.f. 1-4-2011).
7. Ins. by Act 32 of 2003, s. 23 (w.e.f. 1-4-2004).
8. Subs. by Act 33 of 2009, s. 19, for "previous year," (w.e.f. 1-4-2011).
9. Ins. by s. 19, *ibid*. (w.e.f. 1-4-2011).
10. Subs. by Act 28 of 2016, s. 25, for "Business" (w.e.f. 1-4-2017).
11. Subs. by s. 25, *ibid.*, for "under section 44AD" (w.e.f. 1-4-2017).
12. Subs. by s. 25, *ibid.*, for "previous year" (w.e.f. 1-4-2017).
13. Ins. by s. 25, *ibid*. (w.e.f. 1-4-2017).
14. Subs. by Act 26 of 1988, s. 14, for "such previous year or years" (w.e.f. 1-4-1989).
15. Subs. by Act 22 of 1995, s. 13, for "obtain before" (w.e.f. 1-7-1995).
16. Ins. by Act 7 of 2017, s. 20 (w.e.f. 1-4-2017).
17. Subs. by Act 18 of 1992, s. 20, for "Provided that" (w.e.f. 1-4-1985).
18. Subs. by Act 7 of 2017, s. 20, for "Provided that" (w.e.f. 1-4-2017).
19. The words, figures and letters "section 44AC or" omitted by Act 22 of 1995, s. 13 (w.e.f. 1-7-1995).
20. Subs. by Act 32 of 2003, s. 23, for "section 44BB or section 44BBA or section 44BBB" (w.e.f. 1-4-2004).

[1][Provided also) that] in a case where such person is required by or under any other law to get his accounts audited [2]****, it shall be sufficient compliance with the provisions of this section if such person gets the accounts of such business or profession audited under such law before the specified date and [3][furnishes by] that date the report of the audit as required under such other law and a further report [4][by an accountant] in the form prescribed under this section.

*Explanation.*—For the purposes of this section,—

(*i*)  "accountant" shall have the same meaning as in the *Explanation* below sub-section (*2*) of section 288;

[5][(*ii*) "specified date", in relation to the accounts of the assessee of the previous year relevant to an assessment year, means [6][the due date for furnishing the return of income under sub-section (*1*) of section 139].]]

**44AC.**[**Special provision for computing profits and gains from the business of trading in certain goods.**] *Omitted by the Finance Act,* 1992 (18 *of* 1992)*, s.* 21 ( *w.e.f.* 1-4-1993).

[7][**44AD. Special provision for computing profits and gains of business on presumptive basis.**—(*1*) Notwithstanding anything to the contrary contained in sections 28 to 43C,in the case of an eligible assessee engaged in an eligible business, a sum equal to eight per cent of the total turnover or gross receipts of the assessee in the previous year on account of such business or, as the case may be, a sum higher than the aforesaid sum claimed to have been earned by the eligible assessee, shall be deemed to be the profits and gains of such business chargeable to tax under the head "Profits and gains of business or profession".

[8][Provided that this sub-section shall have effect as if for the words "eight per cent.", the words "six per cent." had been substituted, in respect of the amount of total turnover or gross receipts which is received by an account payee cheque or an account payee bank draft or use of electronic clearing system through a bank account during the previous year or before the due date specified in sub-section (*1*) of section 139 in respect of that previous year.]

(*2*) Any deduction allowable under the provisions of sections 30 to 38 shall, for the purposes of sub-section (*1*), be deemed to have been already given full effect to and no further deduction under those sections shall be allowed:

[9]*             *             *             *             *

(*3*) The written down value of any asset of an eligible business shall be deemed to have been calculated as if the eligible assessee had claimed and had been actually allowed the deduction in respect of the depreciation for each of the relevant assessment years.

[10][(*4*) Where an eligible assessee declares profit for any previous year in accordance with the provisions of this section and he declares profit for any of the five assessment years relevant to the previous year succeeding such previous year not in accordance with the provisions of sub-section (*1*), he shall not be eligible to claim the benefit of the provisions of this section for five assessment years subsequent to the assessment year relevant to the previous year in which the profit has not been declared in accordance with the provisions of sub-section (*1*).

---

1. Subs. by Act 7 of 2017, s. 20, for "Provided further" (w.e.f. 1-4-2017).
2. The words "by an accountant" omitted by Act 32 of 1985, s. 13 (w.e.f. 1-4-1985).
3. Subs. by Act 22 of 1995, s. 13, for "obtains before" (w.e.f. 1-7-1995).
4. Ins. by Act 14 of 2001, s. 28 (w.e.f. 1-4-2001).
5. Subs. by s. 28, *ibid.*, for clause (*ii*) (w.e.f. 1-4-2001).
6. Subs. by Act 23 of 2012, s. 13, for "the 30th day of September of the assessment year" (w.e.f. 1-4-2012).
7. Subs. by Act 33 of 2009, s. 20, for section 44AD (w.e.f. 1-4-2011).
8. Ins. by Act 7 of 2017, s. 21 (w.e.f. 1-4-2017).
9. The proviso omitted by Act 28 of 2016, s. 26 (w.e.f. 1-4-2017).
10. Subs. by s. 26, *ibid.*, for sub-sections (*4*) and (*5*) (w.e.f. 1-4-2017).

(*5*) Notwithstanding anything contained in the foregoing provisions of this section, an eligible assessee to whom the provisions of sub-section (*4*) are applicable and whose total income exceeds the maximum which is not chargeable to income-tax, shall be required to keep and maintain such books of account and other documents as required under sub-section (*2*) of section 44AA and get them audited and furnish a report of such audit as required under section 44AB.]

[1][(*6*) The provisions of this section, notwithstanding anything contained in the foregoing provisions, shall not apply to—

(*i*)  a person carrying on profession as referred to in sub-section (*1*) of  section 44AA;

(*ii*)  a person earning income in the nature of commission or brokerage; or

(*iii*) a person carrying on any agency business.]

*Explanation*.—For the purposes of this section,—

(*a*)  "eligibleassessee" means,—

(*i*)  an individual, Hindu undivided family or a partnership firm, who is a resident, but not a limited liability partnership firm as defined under clause (*n*) of sub-section (*1*) of section 2 of the Limited Liability Partnership Act, 2008 (6 of 2009); and

(*ii*)  who has not claimed deduction under any of the sections 10A, 10AA, 10B, 10BAor deduction under any provisions of Chapter VIA under the heading "C. - Deductions in respect of certain incomes" in the relevant assessment year;

(*b*)  "eligible business" means,—

(*i*)  any business except the business of plying, hiring or leasing goods carriages referred to in section 44AE; and

(*ii*)  whose total turnover or gross receipts in the previous year does not exceed an amount of [2][two crore rupees].]

[3][**44ADA. Special provision for computing profits and gains of profession on presumptive basis**.—(*1*) Notwithstanding anything contained in sections 28 to 43C, in the case of an assessee, being a resident in India, who is engaged in a profession referred to in sub-section (*1*) of section 44AAand whose total gross receipts do not exceed fifty lakh rupees in a previous year, a sum equal to fifty per cent. of the total gross receipts of the assessee in the previous year on account of such profession or, as the case may be, a sum higher than the aforesaid sum claimed to have been earned by the assessee, shall be deemed to be the profits and gains of such profession chargeable to tax under the head "Profits and gains of business or profession".

(*2*) Any deduction allowable under the provisions of sections 30 to 38shall, for the purposes of sub-section (*1*), be deemed to have been already given full effect to and no further deduction under those sections shall be allowed.

---

1. Ins. by Act 23 of 2012, s. 14 (w.e.f. 1-4-2011).
2. Subs. by Act 28 of 2016, s. 26, for "one crore rupees" (w.e.f. 1-4-2017).
3. Ins. by s. 27, *ibid*. (w.e.f. 1-4-2017).

(*3*) The written down value of any asset used for the purposes of profession shall be deemed to have been calculated as if the assessee had claimed and had been actually allowed the deduction in respect of the depreciation for each of the relevant assessment years.

(*4*) Notwithstanding anything contained in the foregoing provisions of this section, an assessee who claims that his profits and gains from the profession are lower than the profits and gains specified in sub-section (*1*) and whose total income exceeds the maximum amount which is not chargeable to income-tax, shall be required to keep and maintain such books of account and other documents as required under sub-section (*1*) of section 44AA and get them audited and furnish a report of such audit as required under section 44AB.]

[1][**44AE. Special provision for computing profits and gains of business of plying, hiring or leasing goods carriages.**—(*1*) Notwithstanding anything to the contrary contained in sections 28 to 43A, in the case of an assessee, who owns not more than ten goods carriages [2][at any time during the previous year] and who is engaged in the business of plying, hiring or leasing such goods carriages, the income of such business chargeable to tax under the head "Profits and gains of business or profession" shall be deemed to be the aggregate of the profits and gains, from all the goods carriages owned by him in the previous year, computed in accordance with the provisions of sub-section (*2*).

[3][(*2*) For the purpose of sub-section (*1*), the profits and gains from each goods carriage shall be an amount equal to seven thousand five hundred rupees for every month or part of a month during which the goods carriage is owned by the assessee in the previous year or an amount claimed to have been actually earned from the vehicle, whichever is higher.]

(*3*) Any deduction allowable under the provisions of sections 30 to 38shall, for the purposes of sub-section (*1*), be deemed to have been already given full effect to and no further deduction under those sections shall be allowed:

[4][Provided that where the assessee is a firm, the salary and interest paid to its partners shall be deducted from the income computed under sub-section (*1*) subject to the conditions and limits specified in clause (*b*) of section 40.]

(*4*) The written down value of any asset used for the purpose of the business referred to in sub-section (*1*) shall be deemed to have been calculated as if the assessee had claimed and had been actually allowed the deduction in respect of the depreciation for each of the relevant assessment years.

(*5*) The provisions of sections 44AA and 44ABshall not apply in so far as they relate to the business referred to in sub-section (*1*) and in computing the monetary limits under those sections, the gross receipts or, as the case may be, the income from the said business shall be excluded.

[5][(*6*) Nothing contained in the foregoing provisions of this section shall apply, where the assessee claims and produces evidence to prove that the profits and gains from the aforesaid business during the previous year relevant to the assessment year commencing on the 1st day of April, 1997 or any earlier assessment year, are lower than the profits and gains specified in sub-sections (*1*) and (*2*), and thereupon the Assessing Officer shall proceed to make an assessment of the total income or loss of the assessee and determine the sum payable by the assessee on the basis of assessment made under sub-section (*3*) of section 143.]

---

1. Ins. by Act 32 of 1994, s. 16 (w.e.f. 1-4-1994).
2. Ins. by Act 32 of 2003, s. 24 (w.e.f. 1-4-2004).
3. Subs. by Act 25 of 2014, s. 16, for sub-section (*2*) (w.e.f. 1-4-2015).
4. Ins. by Act 26 of 1997, s. 13 (w.e.f. 1-4-1994).
5. Ins. by Act 11 of 1999, s. 7 (w.e.f. 1-4-1997).

[1][(*7*) Notwithstanding anything contained in the foregoing provisions of this section, an assessee may claim lower profits and gains than the profits and gains specified in sub-sections (*1*) and (*2*), if he keeps and maintains such books of account and other documents as required under sub-section (*2*) of section 44AA and gets his accounts audited and furnishes a report of such audit as required under section 44AB.]

*Explanation*.—For the purposes of this section,—

[2][(*a*) the expression "goods carriage" shall have the meaning assigned to it in section 2 of the Motor Vehicles Act, 1988 (59 of 1988);]

(*b*) anassessee, who is in possession of a goods carriage, whether taken on hire purchase or on instalments and for which the whole or part of the amount payable is still due, shall be deemed to be the owner of such goods carriage.]

[3][**44AF. Special provisions for computing profits and gains of retail business.**—(*1*) Notwithstanding anything to the contrary contained in sections 28 to 43C,in the case of an assessee engaged in retail trade in any goods or merchandise, a sum equal to five per cent of the total turnover in the previous year on account of such business or, as the case may be, a sum higher than the aforesaid sum as declared by the assessee in his return of income shall be deemed to be the profits and gains of such business chargeable to tax under the head "Profits and gains of business or profession":

Provided that nothing contained in this sub-section shall apply in respect of an assessee whose total turnover exceeds an amount of forty lakh rupees in the previous year.

(*2*) Any deduction allowable under the provisions of sections 30 to 38 shall, for the purposes of sub-section (*1*), be deemed to have been already given full effect to and no further deduction under those sections shall be allowed:

Provided that where the assessee is a firm, the salary and interest paid to its partners shall be deducted from the income computed under sub-section (*1*) subject to the conditions and limits specified in clause (*b*) of section 40.

(*3*) The written down value of any asset used for the purpose of the business referred to in sub-section (*1*) shall be deemed to have been calculated as if the assessee had claimed and had been actually allowed the deduction in respect of the depreciation for each of the relevant assessment years.

(*4*) The provisions of sections 44AA and 44AB shall not apply in so far as they relate to the business referred to in sub-section (*1*) and in computing the monetary limits under those sections, the total turnover or, as the case may be, the income from the said business shall be excluded.]

[4][(*5*) Notwithstanding anything contained in the foregoing provisions of this section, an assessee may claim lower profits and gains than the profits and gains specified in sub-section (*1*), if he keeps and maintains such books of account and other documents as required under sub-section (*2*) of section 44AAand gets his accounts audited and furnishes a report of such audit as required under section 44AB.]

[5][(*6*) Nothing contained in this section shall apply to any assessment year beginning on or after the 1st day of April, 2011.]

---

1. Ins. by Act 27 of 1999, s. 30 (w.e.f. 1-4-1998).
2. Subs. by Act 25 of 2014, s. 16, for clause (*a*) (w.e.f. 1-4-2015).
3. Ins. by Act 26 of 1997, s. 14 (w.e.f. 1-4-1998).
4. Ins. by Act 27 of 1999, s. 31 (w.e.f. 1-4-1998).
5. Ins. by Act 33 of 2009, s. 22 (w.e.f. 1-4-2009).

[1][**44B. Special provision for computing profits and gains of shipping business in the case of non-residents**.—(*1*) Notwithstanding anything to the contrary contained in sections 28 to 43A, in the case of an assessee, being a non-resident, engaged in the business of operation of ships, a sum equal to seven and a half per cent of the aggregate of the amounts specified in sub-section (*2*) shall be deemed to be the profits and gains of such business chargeable to tax under the head "Profits and gains of business or profession".

(*2*) The amounts referred to in sub-section (*1*) shall be the following, namely:—

(*i*)  the amount paid or payable (whether in or out of India) to the assessee or to any person on his behalf on account of the carriage of passengers, livestock, mail or goods shipped at any port in India; and

(*ii*) the amount received or deemed to be received in India by or on behalf of the assessee on account of the carriage of passengers, livestock, mail or goods shipped at any port outside India.]

[2][*Explanation*.—For the purposes of this sub-section, the amount referred to in clause (*i*) or clause (*ii*) shall include the amount paid or payable or received or deemed to be received, as the case may be, by way of demurrage charges or handling charges or any other amount of similar nature.]

[3][**44BB. Special provision for computing profits and gains in connection with the business of exploration, etc., of mineral oils**.—(*1*) Notwithstanding anything to the contrary contained in sections 28 to 41 and sections 43 and 43A, [4][in the case of an assessee, being a non-resident,] engaged in the business of providing services or facilities in connection with, or supplying plant and machinery on hire used, or to be used, in the prospecting for, or extraction or production of, mineral oils, a sum equal to ten per cent of the aggregate of the amounts specified in sub-section (*2*) shall be deemed to be the profits and gains of such business chargeable to tax under the head "Profits and gains of business or profession":

Provided that this sub-section shall not apply in a case where the provisions of section 42 or section 44D or [5][section 44DA or] section 115A or section 293A apply for the purposes of computing profits or gains or any other income referred to in those sections.

(*2*) The amounts referred to in sub-section (*1*) shall be the following, namely:—

(*a*) the amount paid or payable (whether in or out of India) to the assessee or to any person on his behalf on account of the provision of services and facilities in connection with, or supply of plant and machinery on hire used, or to be used, in the prospecting for, or extraction or production of, mineral oils in India; and

(*b*) the amount received or deemed to be received in India by or on behalf of the assessee on account of the provision of services and facilities in connection with, or supply of plant and machinery on hire used, or to be used, in the prospecting for, or extraction or production of, mineral oils outside India.

[6][(*3*) Notwithstanding anything contained in sub-section (*1*), an assessee may claim lower profits and gains than the profits and gains specified in that sub-section, if he keeps and maintains such books of account and other documents as required under sub-section (*2*) of  section 44AA and gets his accounts audited and furnishes a report of such audit as required under section 44AB, and thereupon the Assessing

1. Ins. by Act 25 of 1975, s. 8 (w.e.f. 1-4-1976).
2. Ins. by Act 26 of 1997, s. 15 (w.e.f. 1-4-1976).
3. Ins. by Act 11 of 1987, s. 11 (w.e.f. 1-4-1983).
4. Subs. by Act 26 of 1988, s. 16, for "in the case of an assessee" (w.e.f. 1-4-1983).
5. Ins. by Act 14 of 2010, s. 16 (w.e.f. 1-4-2011).
6. Ins. by Act 32 of 2003, s. 25 (w.e.f. 1-4-2004).

Officer shall proceed to make an assessment of the total income or loss of the assessee under sub-section (*3*) of section 143 and determine the sum payable by, or refundable to, the assessee.]

*Explanation*.—For the purposes of this section,—

(*i*) "plant" includes ships, aircraft, vehicles, drilling units, scientific apparatus and equipment, used for the purposes of the said business;

(*ii*) "mineral oil" includes petroleum and natural gas.]

[1][**44BBA. Special provision for computing profits and gains of the business of operation of aircraft in the case of non-residents**.—(*1*) Notwithstanding anything to the contrary contained in sections 28 to 43A, in the case of an assessee, being a non-resident, engaged in the business of operation of aircraft, a sum equal to five per cent. of the aggregate of the amounts specified in sub-section (*2*) shall be deemed to be the profits and gains of such business chargeable to tax under the head "Profits and gains of business or profession".

(*2*) The amounts referred to in sub-section (*1*) shall be the following, namely:—

(*a*) the amount paid or payable (whether in or out of India) to the assessee or to any person on his behalf on account of the carriage of passengers, livestock, mail or goods from any place in India; and

(*b*) the amount received or deemed to be received in India by or on behalf of the assessee on account of the carriage of passengers, livestock, mail or goods from any place outside India.]

[2][**44BBB. Special provision for computing profits and gains of foreign companies engaged in the business of civil construction, etc., in certain turnkey power projects**.—[3][(*1*)] Notwithstanding anything to the contrary contained insections 28 to 44AA, in the case of an assessee, being a foreign company, engaged in the business of civil construction or the business of erection of plant or machinery or testing or commissioning thereof, in connection with a turnkey power project approved by the Central Government in this behalf [4]***, a sum equal to ten per cent. of the amount paid or payable (whether in or out of India) to the said assessee or to any person on his behalf on account of such civil construction, erection, testing or commissioning shall be deemed to be the profits and gains of such business chargeable to tax under the head "Profits and gains of business or profession".]

[5][(*2*) Notwithstanding anything contained in sub-section (*1*), an assessee may claim lower profits and gains than the profits and gains specified in that sub-section, if he keeps and maintains such books of account and other documents as required under sub-section (*2*) of section 44AA and gets his accounts audited and furnishes a report of such audit as required under section 44AB, and thereupon the Assessing Officer shall proceed to make an assessment of the total income or loss of the assessee under sub-section (*3*) of section 143 and determine the sum payable by, or refundable to, the assessee.]

[6][**44C. Deduction of head office expenditure in the case of non-residents**.—Notwithstanding anything to the contrary contained in sections 28 to 43A, in the case of an assessee, being a non-resident, no allowance shall be made, in computing the income chargeable under the head "Profits and gains of business or profession", in respect of so much of the expenditure in the nature of head office expenditure as is in excess of the amount computed as hereunder, namely:—

(*a*) an amount equal to five per cent of the adjusted total income; or

---

1. Ins. by Act 11 of 1987, s. 12 (w.e.f. 1-4-1988).
2. Ins. by Act 13 of 1989, s. 10 (w.e.f. 1-4-1990).
3. The existing section numbered as sub-section (*1*) thereof by Act 32 of 2003, s. 26 (w.e.f. 1-4-2004).
4. The words "and financed under any international aid programme" omitted by s. 26, *ibid.* (w.e.f. 1-4-2004).
5. Ins. by s. 26, *ibid.* (w.e.f. 1-4-2004).
6. Ins. by Act 66 of 1976, s. 10 (w.e.f. 1-6-1976).

[1]*　　　　　*　　　　　*　　　　　*　　　　　*

(*c*) the amount of so much of the expenditure in the nature of head office expenditure incurred by the assessee as is attributable to the business or profession of the assessee in India,

whichever is the least:

Provided that in a case where the adjusted total income of the assessee is a loss, the amount under clause (*a*) shall be computed at the rate of five per cent.of the average adjusted total income of the assessee.

*Explanation*.—For the purposes of this section,—

(*i*) "adjusted total income" means the total income computed in accordance with the provisions of this Act, without giving effect to the allowance referred to in this section or in sub-section (*2*) of section 32or the deduction referred to in section 32Aor section 33or section 33A or the first proviso to clause (*ix*) of sub-section (*1*) of section 36 or any loss carried forward under sub-section (*1*) of section 72 or sub-section (*2*) of section 73 or [2][sub-section (*1*) or sub-section (*3*) of  section 74] or sub-section (*3*) of  section 74A or the deductions under Chapter VI-A;

(*ii*) "average adjusted total income" means,—

(*a*) in a case where the total income of the assessee is assessable for each of the three assessment years immediately preceding the relevant assessment year, one-third of the aggregate amount of the adjusted total income in respect of the previous years relevant to the aforesaid three assessment years;

(*b*) in a case where the total income of the assessee is assessable only for two of the aforesaid three assessment years, one-half of the aggregate amount of the adjusted total income in respect of the previous years relevant to the aforesaid two assessment years;

(*c*) in a case where the total income of the assessee is assessable only for one of the aforesaid three assessment years, the amount of the adjusted total income in respect of the previous year relevant to that assessment year;

[3]*　　　　　*　　　　　*　　　　　*　　　　　*

(*iv*) "head office expenditure" means executive and general administration expenditure incurred by the assessee outside India, including expenditure incurred in respect of—

(*a*) rent, rates, taxes, repairs or insurance of any premises outside India used for the purposes of the business or profession;

(*b*) salary, wages, annuity, pension, fees, bonus, commission, gratuity, perquisites or profits in lieu of or in addition to salary, whether paid or allowed to any employee or other person employed in, or managing the affairs of, any office outside India;

(*c*) travelling by any employee or other person employed in, or managing the affairs of, any office outside India; and

(*d*) such other matters connected with executive and general administration as may be prescribed.]

---

1. Clause (*b*) omitted by Act 38 of 1993, s. 11 (w.e.f. 1-4-1993).
2. Subs. by Act 11 of 1987, s. 74, for "sub-section (*1*) of section 74" (w.e.f. 1-4-1988).
3. Clause (*iii*) omitted by Act 38 of 1993, s. 11 (w.e.f. 1-4-1993).

[1][**44D. Special provisions for computing income by way of royalties, etc., in the case of foreign companies.**—Notwithstanding anything to the contrary contained in sections 28 to 44C, in the case of an assessee, being a foreign company,—

(*a*) the deductions admissible under the said sections in computing the income by way of royalty or fees for technical services received [2][from Government or an Indian concern in pursuance of an agreement made by the foreign company with Government or with the Indian concern] before the 1st day of April, 1976, shall not exceed in the aggregate twenty per cent after the gross amount of such royalty or fees as reduced by so much of the gross amount of such royalty as consists of lump sum consideration for the transfer outside India of, or the imparting of information outside India in respect of, any data, documentation, drawing or specification relating to any patent, invention, model, design, secret formula or process or trade mark or similar property;

(*b*) no deduction in respect of any expenditure or allowance shall be allowed under any of the said sections in computing the income by way of royalty or fees for technical services received [from Government or an Indian concern in pursuance of an agreement made by the foreign company with Government or with the Indian concern] after the 31st day of March, 1976 [3][but before the 1st day of April, 2003;]

[4]*          *          *          *          *

*Explanation*.—For the purposes of this section,—

(*a*) "fees for technical services" shall have the same meaning as in [5][*Explanation* 2 to clause (*vii*) of sub-section (*1*) of section 9] ;

(*b*) "foreign company" shall have the same meaning as in section 80B;

(*c*) "royalty" shall have the same meaning as in [6][*Explanation* 2 to clause (*vi*) of sub-section (*1*) of section 9];

(*d*) royalty received [2][from Government or an Indian concern in pursuance of an agreement made by a foreign company with Government or with the Indian concern] after the 31st day of March, 1976, shall be deemed to have been received in pursuance of an agreement made before the 1st day of April, 1976, if such agreement is deemed, for the purposes of the proviso to clause (*vi*) of sub-section (*1*) of section 9, to have been made before the 1st day of April, 1976.]

[7][**44DA. Special provision for computing income by way of royalties, etc., in case of non-residents.**— (*1*) The income by way of royalty or fees for technical services received from Government or an Indian concern in pursuance of an agreement made by a non-resident (not being a company) or a foreign company with Government or the Indian concern after the 31st day of March, 2003, where such non-resident (not being a company) or a foreign company carries on business in India through a permanent establishment situated therein, or performs professional services from a fixed place of

---

1. Ins. by Act 66 of 1976, s. 10 (w.e.f. 1-6-1976).
2. Subs. by Act 11 of 1983, s. 19, for certain words (w.e.f. 1-6-1983).
3. Ins. by Act 32 of 2003, s. 27 (w.e.f. 1-4-2004).
4. Clause (*c*) and (*d*) omitted by Act 32 of 1994, s. 17 (w.e.f. 1-4-1995).
5. Subs. by Act 29 of 1977, s. 29, for "the *Explanation* to, clause (*vii*) of sub-section (*1*) of section  9" (w.e.f. 1-4-1977).
6. Subs. by s. 29, *ibid*., for "the *Explanation* to clause (*vi*) of sub- section (*1*) of section 9" (w.e.f 1-4-1977).
7. Ins. by Act 32 of 2003, s. 28 (w.e.f 1-4-2004).

profession situated therein, and the right, property or contract in respect of which the royalties or fees for technical services are paid is effectively connected with such permanent establishment or fixed place of profession, as the case may be, shall be computed under the head "Profits and gains of business or profession" in accordance with the provisions of this Act :

Provided that no deduction shall be allowed,—

(*i*) in respect of any expenditure or allowance which is not wholly and exclusively incurred for the business of such permanent establishment or fixed place of profession in India; or

(*ii*) in respect of amounts, if any, paid (otherwise than towards reimbursement of actual expenses) by the permanent establishment to its head office or to any of its other offices :

[1][Provided further that the provisions of section 44BB shall not apply in respect of the income referred to in this section.]

(*2*) Every non-resident (not being a company) or a foreign company shall keep and maintain books of account and other documents in accordance with the provisions contained in section 44AA and get his accounts audited by an accountant as defined in the *Explanation* below sub-section (*2*) of section 288 and furnish along with the return of income, the report of such audit in the prescribed form duly signed and verified by such accountant.

*Explanation*.—For the purposes of this section,—

(*a*) "fees for technical services" shall have the same meaning as in *Explanation* 2 to clause (*vii*) of sub-section (*1*) of section  9;

(*b*) "royalty" shall have the same meaning as in *Explanation* 2 to clause (*vi*) of sub-section (*1*) of section 9;

(*c*) "permanent establishment" shall have the same meaning as in clause (*iiia*) of section 92F.]

[2][**44DB. Special provision for computing deductions in the case of business reorganization of co-operative banks.**—(*1*) The deduction under section 32, section 35D, section 35DD or section 35DDA shall, in a case where business reorganisation of a co-operative bank has taken place during the financial year, be allowed in accordance with the provisions of this section.

(*2*) The amount of deduction allowable to the predecessor co-operative bank under section 32, section 35D, section 35DD or section DDA shall be determined in accordance with the formula—

$$A \ \times \ \frac{B}{C}$$

where A = the amount of deduction allowable to the predecessor co-operative bank if the business reorganisation had not taken place;

B = the number of days comprised in the period beginning with the 1st day of the financial year and ending on the day immediately preceding the date of business reorganisation; and

C = the total number of days in the financial year in which the business reorganisation has taken place.

---

1. Ins. by Act 14 of 2010, s. 17 (w.e.f. 1-4-2011).
2. Ins. by Act 22 of 2007, s. 15 (w.e.f. 1-4-2008).

(3) The amount of deduction allowable to the successor co-operative bank under section 32, section 35D, section 35DD or section 35DDA shall be determined in accordance with the formula—

$$A \ X \ \frac{B}{C}$$

where A = the amount of deduction allowable to the predecessor co-operative bank if the business reorganisation had not taken place;

B = the number of days comprised in the period beginning with the date of business reorganisation and ending on the last day of the financial year; and

C = the total number of days in the financial year in which the business reorganisation has taken place.

(4) The provisions of section  35D, section 35DD or section 35DDA shall, in a case where an undertaking of the predecessor co-operative bank entitled to the deduction under the said section is transferred before the expiry of the period specified therein to a successor co-operative bank on account of business reorganisation, apply to the successor co-operative bank in the financial years subsequent to the year of business reorganisation as they would have applied to the predecessor co-operative bank, as if the business reorganisation had not taken place.

(5) For the purposes of this section,—

(a) "amalgamated co-operative bank" means—

(i) a co-operative bank with which one or more amalgamating co-operative banks merge; or

(ii) a co-operative bank formed as a result of merger of two or more amalgamating co-operative banks;

(b) "amalgamating co-operative bank" means—

(i) a co-operative bank which merges with another co-operative bank; or

(ii) every co-operative bank merging to form a new co-operative bank;

(c) "amalgamation" means the merger of an amalgamating co-operative bank or banks with an amalgamated co-operative bank, in such manner that—

(i) all the assets and liabilities of the amalgamating co-operative bank or banks immediately before the merger (other than the assets transferred, by sale or distribution on winding up, to the amalgamated co-operative bank) become the assets and liabilities of the amalgamated co-operative bank;

(ii) the members holding seventy-five per cent or more voting rights in the amalgamating co-operative bank become members of the amalgamated co-operative bank; and

(*iii*) the shareholders holding seventy-five per cent or more in value of the shares in the amalgamating co-operative bank (other than the shares held by the amalgamated co-operative bank or its nominee or its subsidiary, immediately before the merger) become shareholders of the amalgamated co-operative bank;

(*d*) "business reorganisation" means the reorganisation of business involving the amalgamation or demerger of a co-operative bank;

(*e*) "co-operative bank" shall have the meaning assigned to it in clause (*cci*) of section 5 of the Banking Regulation Act, 1949 (10 of 1949);

(*f*) "demerger" means the transfer by a demerged co-operative bank of one or more of its undertakings to any resulting co-operative bank, in such manner that—

 (*i*)  all the assets and liabilities of the undertaking or undertakings immediately before the transfer become the assets and liabilities of the resulting co-operative bank;

 (*ii*)  the assets and the liabilities are transferred to the resulting co-operative bank at values (other than change in the value of assets consequent to their revaluation) appearing in its books of account immediately before the transfer;

 (*iii*) the resulting co-operative bank issues, in consideration of the transfer, its membership to the members of the demerged co-operative bank on a proportionate basis;

 (*iv*) the shareholders holding seventy-five per cent or more in value of the shares in the demerged co-operative bank (other than shares already held by the resulting bank or its nominee or its subsidiary immediately before the transfer), become shareholders of the resulting co-operative bank, otherwise than as a result of the acquisition of the assets of the demerged co-operative bank or any undertaking thereof by the resulting co-operative bank;

 (*v*)  the transfer of the undertaking is on a going concern basis; and

 (*vi*) the transfer is in accordance with the conditions specified by the Central Government, by notification in the Official Gazette, having regard to the necessity to ensure that the transfer is for genuine business purposes;

(*g*) "demerged co-operative bank" means the co-operative bank whose undertaking is transferred, pursuant to a demerger, to a resulting bank;

(*h*) "predecessor co-operative bank" means the amalgamating co-operative bank or the demerged co-operative bank, as the case may be;

 (*i*)  "successor co-operative bank" means the amalgamated co-operative bank or the resulting bank, as the case may be;

(*j*)  "resulting co-operative bank" means—

 (*i*) one or more co-operative banks to which the undertaking of the demerged co-operative bank is transferred in a demerger; or

 (*ii*) any co-operative bank formed as a result of demerger.]

*E. — Capital gains*

**45. Capital gains.** — [1][(*I*)] Any profits or gains arising from the transfer of a capital asset effected in previous year shall, save as otherwise provided in [2][sections [3]*** 54, [4]*** [5][54B, [6][54D, [7][54E, [8][54EA, 54EB,] 54F, [9][54G and 54H]]]]], be chargeable to income-tax under the head "Capital gains", and shall be deemed to be the income of the previous year in which the transfer took place.

[10][(*IA*) Notwithstanding anything contained in sub-section (*I*), where any person receives at any time during any previous year any money or other assets under an insurance from an insurer on account of damage to, or destruction of, any capital asset, as a result of—

   (*i*)  flood, typhoon, hurricane, cyclone, earthquake or other convulsion of nature; or

   (*ii*)  riot or civil disturbance; or

   (*iii*) accidental fire or explosion; or

   (*iv*) action by an enemy or action taken in combating an enemy (whether with or without a declaration of war),

then, any profits or gains arising from receipt of such money or other assets shall be chargeable to income-tax under the head "Capital gains" and shall be deemed to be the income of such person of the previous year in which such money or other asset was received and for the purposes of section 48, value of any money or the fair market value of other assets on the date of such receipt shall be deemed to be the full value of the consideration received or accruing as a result of the transfer of such capital asset.

*Explanation.*—For the purposes of this sub-section, the expression "insurer" shall have the meaning assigned to it in clause (*9*) of section 2 of the Insurance Act, 1938 (4 of 1938).]

[11][(*2*) Notwithstanding anything contained in sub-section (*I*), the profits or gains arising from the transfer by way of conversion by the owner of a capital asset into, or its treatment by him as stock-in-trade of a business carried on by him shall be chargeable to income-tax as his income of the previous year in which such stock-in-trade is sold or otherwise transferred by him and, for the purposes of section 48, the fair market value of the asset on the date of such conversion or treatment shall be deemed to be the full value of the consideration received or accruing as a result of the transfer of the capital asset.]

[12][(*2A*) Where any person has had at any time during previous year any beneficial interest in any securities, then, any profits or gains arising from transfer made by the depository or participant of such beneficial interest in respect of securities shall be chargeable to income-tax as the income of the beneficial owner of the previous year in which such transfer took place and shall not be regarded as

---

1. Sub-section (*I*) renumbered as sub-section (*I*) thereof by Act 5 of 1964, s. 12 (w.e.f. 1-4-1964).
2. Subs. by Act 19 of 1970, s. 11, for "sections 53 and 54" (w.e.f. 1-4-1970).
3. The figures "53," omitted by Act 18 of 1992, s. 22 (w.e.f. 1-4-1993).
4. The figures and letter "54C" omitted by Act 66 of 1976, s. 26 (w.e.f. 1-4-1976).
5. Subs. by Act 29 of 1977, s. 29, for "54B and 54D" (w.e.f. 1-4-1978).
6. Subs. by Act 14 of 1982, s. 32 for "54D and 54E" (w.e.f. 1-4-1983)
7. Subs. by Act 11 of 1987, s. 13, for "54E and 54F (w.e.f. 1-10-1987).
8. Subs. by Act 33 of 1996, s. 19, for "54E" (w.e.f. 1-10-1996).
9. Subs. by Act 49 of 1991, s. 17, for "and 54G" (w.e.f. 1-4-1991).
10. Ins. by Act 27 of 1999, s. 32 (w.e.f. 1-4-2000).
11. Ins. by Act 67 of 1984, s. 12 (w.e.f. 1-4-1985).
12. Ins. by Act 22 of 1996, s. 30 and the Schedule (w.e.f. 20-9-1995).

income of the depository who is deemed to be the registered owner of securities by virtue of sub-section (*1*) of section 10 of the Depositories Act, 1996, and for the purposes of—

(*i*)  section 48; and

(*ii*)  proviso to clause (*42A*) of section 2,

 the cost of acquisition and the period of holding of any securities shall be determined on the basis of the first-in-first-out method.

*Explanation*.—For the purposes of this sub-section, the expressions "beneficial owner", "depository" and "security" shall have the meanings respectively assigned to them in clauses (*a*), (*e*) and (*l*) of sub-section (*1*) of section 2 of the Depositories Act, 1996.]

[1][(*3*) The profits or gains arising from the transfer of a capital asset by a person to a firm or other association of persons or body of individuals (not being a company or a co-operative society) in which he is or becomes a partner or member, by way of capital contribution or otherwise, shall be chargeable to tax as his income of the previous year in which such transfer takes place and, for the purposes of section 48, the amount recorded in the books of account of the firm, association or body as the value of the capital asset shall be deemed to be the full value of the consideration received or accruing as a result of the transfer of the capital asset.

(*4*) The profits or gains arising from the transfer of a capital asset by way of distribution of capital assets on the dissolution of a firm or other association of persons or body of individuals (not being a company or a co-operative society) or otherwise, shall be chargeable to tax as the income of the firm, association or body, of the previous year in which the said transfer takes place and, for the purposes of section 48, the fair market value of the asset on the date of such transfer shall be deemed to be the full value of the consideration received or accruing as a result of the transfer.]

 (*5*) Notwithstanding anything contained in sub-section (*1*), where the capital gain arises from the transfer of a capital asset, being a transfer by way of compulsory acquisition under any law, or a transfer the consideration for which was determined or approved by the Central Government or the Reserve Bank of India, and the compensation or the consideration for such transfer is enhanced or further enhanced by any court, Tribunal or other authority, the capital gain shall be dealt with in the following manner, namely:—

(*a*) the capital gain computed with reference to the compensation awarded in the first instance or, as the case may be, the consideration determined or approved in the first instance by the Central Government or the Reserve Bank of India shall be chargeable as [2][income under the head "Capital gains" of the previous year in which such compensation or part thereof, or such consideration or part thereof, was first received]; and

(*b*) the amount by which the compensation or consideration is enhanced or further enhanced by the court, Tribunal or other authority shall be deemed to be income chargeable under the head "Capital gains" of the previous year in which such amount is received by the assessee:

[3][Provided that any amount of compensation received in pursuance of an interim order of a court, Tribunal or other authority shall be deemed to be income chargeable under the head "Capital gains" of the previous year in which the final order of such court, Tribunal or other authority is made;]

---

1. Ins. by Act 11 of 1987, s. 13 (w.e.f. 1-4-1988).
2. Subs. by Act 49 of 1991, s. 17, for "income under the head "Capital gains" of the previous year in which the transfer took place" (w.e.f. 1-4-1988).
3. Ins. by Act 25 of 2014, s. 17 (w.e.f. 1-4-2015).

[1][(*c*) where in the assessment for any year, the capital gain arising from the transfer of a capital asset is computed by taking the compensation or consideration referred to in clause (*a*) or, as the case may be, enhanced compensation or consideration referred to in clause (*b*), and subsequently such compensation or consideration is reduced by any court, Tribunal or other authority, such assessed capital gain of that year shall be recomputed by taking the compensation or consideration as so reduced by such court, Tribunal or other authority to be the full value of the consideration.]

*Explanation*.—For the purposes of this sub-section,—

(*i*) in relation to the amount referred to in clause (*b*), the cost of acquisition and the cost of improvement shall be taken to be nil;

(*ii*) the provisions of this sub-section shall apply also in a case where the transfer took place prior to the 1st day of April, 1988;

(*iii*) where by reason of the death of the person who made the transfer, or for any other reason, the enhanced compensation or consideration is received by any other person, the amount referred to in clause (*b*) shall be deemed to be the income, chargeable to tax under the head "Capital gains", of such other person.]

[2][(*5A*) Notwithstanding anything contained in sub-section (*1*), where the capital gain arises to an assessee, being an individual or a Hindu undivided family, from the transfer of a capital asset, being land or building or both, under a specified agreement, the capital gains shall be chargeable to income-tax as income of the previous year in which the certificate of completion for the whole or part of the project is issued by the competent authority; and for the purposes of section 48, the stamp duty value, on the date of issue of the said certificate, of his share, being land or building or both in the project, as increased by the consideration received in cash, if any, shall be deemed to be the full value of the consideration received or accruing as a result of the transfer of the capital asset:

Provided that the provisions of this sub-section shall not apply where the assessee transfers his share in the project on or before the date of issue of the said certificate of completion, and the capital gains shall be deemed to be the income of the previous year in which such transfer takes place and the provisions of this Act, other than the provisions of this sub-section, shall apply for the purpose of determination of full value of consideration received or accruing as a result of such transfer.

*Explanation*.—For the purposes of this sub-section, the expression—

(*i*) "competent authority" means the authority empowered to approve the building plan by or under any law for the time being in force;

(*ii*) "specified agreement" means a registered agreement in which a person owning land or building or both, agrees to allow another person to develop a real estate project on such land or building or both, in consideration of a share, being land or building or both in such project, whether with or without payment of part of the consideration in cash;

(*iii*) "stamp duty value" means the value adopted or assessed or assessable by any authority of the Government for the purpose of payment of stamp duty in respect of an immovable property being land or building or both.'.]

[3][(*6*) Notwithstanding anything contained in sub-section (*1*), the difference between the repurchase price of the units referred to in sub-section (*2*) of section 80CCB and the capital value of such units shall be deemed to be the capital gains arising to the assessee in the previous year in which such repurchase takes place or the plan referred to in that section is terminated and shall be taxed accordingly.

*Explanation*.—For the purposes of this sub-section, "capital value of such units" means any amount invested by the assessee in the units referred to in sub-section (*2*) of section 80CCB.]

1. Ins. by Act 32 of 2003, s. 29 (w.e.f. 1-4-2004).
2. Ins. by Act 7 of 2017, s. 22 (w.e.f 1-4-2018).
3. Ins. by Act 12 of 1990, s. 15 (w.e.f. 1-4-1991).

260

**46. Capital gains on distribution of assets by companies in liquidation.**—(*1*) Notwithstanding anything contained in section, where the assets of a company are distributed to its shareholders on its liquidation, such distribution shall not be regarded as a transfer by the company for the purposes of section 45.

(*2*) Where a shareholder on the liquidation of a company receives any money or other assets from the company, he shall be chargeable to income-tax under the head "Capital gains", in respect of the money so received or the market value of the other assets on the date of distribution, as reduced by the amount assessed as dividend within the meaning of sub-clause (c) of clause (22) of section 2 and the sum so arrived at shall be deemed to be the full value of the consideration for the purposes of section 48.

[1][**46A. Capital gains on purchase by company of its own shares or other specified securities.**— Where a shareholder or a holder of other specified securities receives any consideration from any company for purchase of its own shares or other specified securities held by such shareholder or holder of other specified securities, then, subject to the provisions of section 48, the difference between the cost of acquisition and the value of consideration received by the shareholder or the holder of other specified securities, as the case may be, shall be deemed to be the capital gains arising to such shareholder or the holder of other specified securities, as the case may be, in the year in which such shares or other specified securities were purchased by the company.

*Explanation*.—For the purposes of this section, "specified securities" shall have the meaning assigned to it in *Explanation* to section 77A of the Companies Act, 1956 (1 of 1956).]

**47. Transactions not regarded as transfer**.—Nothing contained in section 45 shall apply to the following transfers:—

(*i*)  any distribution of capital assets on the total or partial partition of a Hindu undivided family;

[2]*          *          *          *          *

(*iii*) any transfer of a capital asset under a gift or will or an irrevocable trust :

[3][Provided that this clause shall not apply to transfer under a gift or an irrevocable trust of a capital asset being shares, debentures or warrants allotted by a company directly or indirectly to its employees under [4][any Employees' Stock Option Plan or Scheme of the company offered to such employees in accordance with the guidelines issued by the Central Government in this behalf];]

(*iv*) any transfer of a capital asset by a company to its subsidiary company, if—

(*a*) the parent company or its nominees hold the whole of the share capital of the subsidiary company, and

(*b*) the subsidiary company is an Indian company;

[5][(*v*) any transfer of a capital asset by a subsidiary company to the holding company, if—

(*a*) the whole of the share capital of the subsidiary company is held by the holding company, and

(*b*) the holding company is an Indian company:]

---

1. Ins. by Act 27 of 1999, s. 33 (w.e.f. 1-4-2000).
2. Clause (*ii*) omitted by Act 11 of 1987, s. 14 (w.e.f. 1-4-1988).
3. Ins. by Act 10 of 2000, s. 21 (w.e.f. 1-4-2001).
4. Subs. by Act 14 of 2001, s. 29, for "the Employees' Stock option Plan or Scheme" (w.e.f. 1-4-2001).
5. Ins. by Act 10 of 1965, s. 15 (w.e.f. 1-4-1965).

[1][Provided that nothing contained in clause (*iv*) or clause (*v*) shall apply to the transfer of a capital asset made after the 29th day of February, 1988, as stock-in-trade;]

[2][(*vi*) any transfer, in a scheme of amalgamation, of a capital asset by the amalgamating company to the amalgamated company if the amalgamated company is an Indian company;

[3][(*via*) any transfer, in a scheme of amalgamation, of a capital asset being a share or shares held in an Indian company, by the amalgamating foreign company to the amalgamated foreign company, if—

(*a*) at least twenty-five per cent of the shareholders of the amalgamating foreign company continue to remain shareholders of the amalgamated foreign company, and

(*b*) such transfer does not attract tax on capital gains in the country, in which the amalgamating company is incorporated;]

[4][(*viaa*) any transfer, in a scheme of amalgamation of a banking company with a banking institution sanctioned and brought into force by the Central Government under sub-section (*7*) of section 45 of the Banking Regulation Act, 1949 (10 of 1949), of a capital asset by the banking company to the banking institution.

*Explanation*.—For the purposes of this clause,—

(*i*) "banking company" shall have the same meaning assigned to it in clause (c) of section 5 of the Banking Regulation Act, 1949 (10 of 1949);

(*ii*) "banking institution" shall have the same meaning assigned to it in sub-section (*15*) of section 45 of the Banking Regulation Act, 1949 (10 of 1949);]

[5][(*viab*) any transfer, in a scheme of amalgamation, of a capital asset, being a share of a foreign company, referred to in the *Explanation* 5 to clause (*i*) of sub-section (*1*) of section 9, which derives, directly or indirectly, its value substantially from the share or shares of an Indian company, held by the amalgamating foreign company to the amalgamated foreign company, if—

(*A*) at least twenty-five per cent. of the shareholders of the amalgamating foreign company continue to remain shareholders of the amalgamated foreign company; and

(*B*) such transfer does not attract tax on capital gains in the country in which the amalgamating company is incorporated;]

[6][(*vib*) any transfer, in a demerger, of a capital asset by the demerged company to the resulting company, if the resulting company is an Indian company;

(*vic*) any transfer in a demerger, of a capital asset, being a share or shares held in an Indian company, by the demerged foreign company to the resulting foreign company, if—

(*a*) the shareholders holding not less than three-fourths in value of the shares of the demerged foreign company continue to remain shareholders of the resulting foreign company; and

---

1. Ins. by Act 26 of 1988, s. 17 (w.e.f. 1-4-1988).
2. Ins. by Act 20 of 1967, s. 19 (w.e.f. 1-4-1967).
3. Ins. by Act 18 of 1992, s. 23 (w.e.f. 1-4-1993).
4. Ins. by Act 18 of 2005, s. 15 (w.e.f. 1-4-2005).
5. Ins. by Act 20 of 2015, s. 14 (w.e.f. 1-4-2016).
6. Ins. by Act 27 of 1999, s. 34 (w.e.f. 1-4-2000).

(*b*) such transfer does not attract tax on capital gains in the country, in which the demerged foreign company is incorporated:

Provided that the provisions of sections 391 to 394 of the Companies Act, 1956 (1 of 1956) shall not apply in case of demergers referred to in this clause;

[1][(*vica*) any transfer in a business reorganisation, of a capital asset by the predecessor co-operative bank to the successor co-operative bank;

(*vicb*) any transfer by a shareholder, in a business reorganisation, of a capital asset being a share or shares held by him in the predecessor co-operative bank if the transfer is made in consideration of the allotment to him of any share or shares in the successor co-operative bank.

*Explanation*.—For the purposes of clauses (*vica*) and (*vicb*), the expressions "business reorganisation", "predecessor co-operative bank" and "successor co-operative bank" shall have the meanings respectively assigned to them in section 44DB;]

[2][(*vicc*) any transfer in a demerger, of a capital asset, being a share of a foreign company, referred to in the *Explanation* 5 to clause (*i*) of sub-section (*1*) of section 9, which derives, directly or indirectly, its value substantially from the share or shares of an Indian company, held by the demerged foreign company to the resulting foreign company, if—

(*a*) the shareholders, holding not less than three-fourths in value of the shares of the demerged foreign company, continue to remain shareholders of the resulting foreign company; and

(*b*) such transfer does not attract tax on capital gains in the country in which the demerged foreign company is incorporated:

Provided that the provisions of sections 391 to 394 of the Companies Act, 1956 (1 of 1956) shall not apply in case of demergers referred to in this clause;]

(*vid*) any transfer or issue of shares by the resulting company, in a scheme of demerger to the shareholders of the demerged company if the transfer or issue is made in consideration of demerger of the undertaking;]

(*vii*) any transfer by a shareholder, in a scheme of amalgamation, of a capital asset being a share or shares held by him in the amalgamating company, if—

(*a*) the transfer is made in consideration of the allotment to him of any share or shares in the amalgamated company except where the shareholder itself is the amalgamated company, and

(*b*) the amalgamated company is an Indian company;

[3][(*viia*) any transfer of a capital asset, being bonds or [4][Global Depository Receipts] referred to in sub-section (*1*) of section 115AC, made outside India by a non-resident to another non-resident;

[5][(*viiaa*) any transfer, made outside India, of a capital asset being rupee denominated bond of an Indian company outside India, by a non-resident to another non-resident;]

---

1. Ins. by Act 22 of 2007, s. 16 (w.e.f. 1-4-2008).
2. Ins. by Act 20 of 2015, s. 14 (w.e.f. 1-4-2016).
3. Ins. by Act 18 of 1992, s. 23 (w.e.f. 1-6-1992).
4. Subs. by Act 14 of 2001, s. 29, for "shares" (w.e.f. 1-4-2002).
5. Ins. by Act 7 of 2017, s. 23 (w.e.f. 1-4-2018).

[1][(*viib*) any transfer of a capital asset, being a Government Security carrying a periodic payment of interest, made outside India through an intermediary dealing in settlement of securities, by a non-resident to another non-resident.

*Explanation*.—For the purposes of this clause, "Government Security" shall have the meaning assigned to it in clause (*b*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956);]

[2][(*viic*) any transfer of Sovereign Gold Bond issued by the Reserve Bank of India under the Sovereign Gold Bond Scheme, 2015, by way of redemption, by an assessee being an individual;]

[3][(*viii*) any transfer of agricultural land in India effected before the 1st day of March, 1970;]

[4][(*ix*) any transfer of a capital asset, being any work of art, archaeological, scientific or art collection, book, manuscript, drawing, painting, photograph or print, to the Government or a University or the National Museum, National Art Gallery, National Archives or any such other public museum or institution as may be notified by the Central Government in the Official Gazette to be of national importance or to be of renown throughout any State or States.

*Explanation*.—For the purposes of this clause, "University" means a University established or incorporated by or under a Central, State or Provincial Act and includes an institution declared under section 3 of the University Grants Commission Act, 1956 (3 of 1956), to be a University for the purposes of that Act;]

[5][(*x*) any transfer by way of [6][conversion of bonds or debentures], debenture-stock or deposit certificates in any form, of a company into shares or debentures of that company;]

[7][(*xa*) any transfer by way of conversion of bonds referred to in clause (*a*) of sub-section (*1*) of section 115AC into shares or debentures of any company;]

[8][(*xb*) any transfer by way of conversion of preference shares of a company into equity shares of that company;]

[9][(*xi*) any transfer made on or before the [10][31st day of December, 1998] by a person (not being a company) of a capital asset being membership of a recognised stock exchange to a company in exchange of shares allotted by that company to the transferor.

*Explanation*.—For the purposes of this clause, the expression "membership of a recognised stock exchange" means the membership of a stock exchange in India which is recognised under the provisions of the Securities Contracts (Regulation) Act, 1956 (42 of 1956);

(*xii*) any transfer of a capital asset, being land of a sick industrial company, made under a scheme prepared and sanctioned under section 18 of the Sick Industrial Companies (Special Provisions) Act, 1985 (1 of 1986) where such sick industrial company is being managed by its workers' co-operative:

---

1. Ins. by Act 25 of 2014, s. 18 (w.e.f. 1-4-2015).
2. Ins. by Act 28 of 2016, s. 28 (w.e.f. 1-4-2017).
3. Ins. by Act 19 of 1970, s. 11 (w.e.f. 1-4-1970).
4. Ins. by Act 66 of 1976, s. 11 (w.e.f. 1-4-1977).
5. Ins. by Act 49 of 1991, s. 18 (w.e.f. 1-4-1962).
6. Subs. by Act 18 of 1992, s. 23 for "conversion of debentures" (w.e.f. 1-4-1962).
7. Ins. by Act 18 of 2008, s. 14 (w.e.f. 1-4-2008).
8. Ins. by Act 7 of 2017, s. 23 (w.e.f. 1-4-2018).
9. Ins. by Act 26 of 1997, s. 16 (w.e.f. 1-4-1998).
10. Subs. by Act 21 of 1998, s. 21 for "31st day of December, 1997" (w.e.f. 1-4-1998).

Provided that such transfer is made during the period commencing from the previous year in which the said company has become a sick industrial company under sub-section (*1*) of section 17 of that Act and ending with the previous year during which the entire net worth of such company becomes equal to or exceeds the accumulated losses.

*Explanation*.—For the purposes of this clause, "net worth" shall have the meaning assigned to it in clause (*ga*) of sub-section (*1*) of section 3 of the Sick Industrial Companies (Special Provisions) Act, 1985 (1 of 1986);]

[1][(*xiii*) [2][any transfer of a capital asset or intangible asset by a firm to a company as a result of succession of the firm by a company in the business carried on by the firm, or any transfer of a capital asset to a company in the course of [3][demutualisation or corporatisation] of a recognised stock exchange in India as a result of which an association of persons or body of individuals is succeeded by such company:]

Provided that—

(*a*) all the assets and liabilities of the firm or of the association of persons or body of individuals relating to the business immediately before the succession become the assets and liabilities of the company;

(*b*) all the partners of the firm immediately before the succession become the shareholders of the company in the same proportion in which their capital accounts stood in the books of the firm on the date of the succession;

(*c*) the partners of the firm do not receive any consideration or benefit, directly or indirectly, in any form or manner, other than by way of allotment of shares in the company; and

(*d*) the aggregate of the shareholding in the company of the partners of the firm is not less than fifty per cent of the total voting power in the company and their shareholding continues to be as such for a period of five years from the date of the succession;

[4][(*e*) the [3][demutualisation or corporatisation] of a recognised stock exchange in India is carried out in accordance with a scheme for [3][demutualisation or corporatisation] which is approved by the Securities and Exchange Board of India established under section 3 of the Securities and Exchange Board of India Act, 1992 (15 of 1992);]

[5][(*xiiia*) any transfer of a capital asset being a membership right held by a member of a recognised stock exchange in India for acquisition of shares and trading or clearing rights acquired by such member in that recognised stock exchange in accordance with a scheme for demutualisation or corporatisation which is approved by the Securities and Exchange Board of India established under section 3 of the Securities and Exchange Board of India Act, 1992 (15 of 1992);]

[6][(*xiiib*) any transfer of a capital asset or intangible asset by a private company or unlisted public company (hereafter in this clause referred to as the company) to a limited liability partnership or any transfer of a share or shares held in the company by a shareholder as a result of conversion of the company into a limited liability partnership in accordance with the provisions of section 56 or section 57 of the Limited Liability Partnership Act, 2008 (6 of 2009):

1. Ins. by Act 21 of 1998, s. 21 (w.e.f.1-4-1999).
2. Subs. by Act 14 of 2001, s. 29, for certain words (w.e.f. 1-4-2002).
3. Subs. by Act 32 of 2003, s. 30, for "corporatisation" (w.e.f. 1-4-2004).
4. Ins. by Act 14 of 2001, s. 29 (w.e.f. 1-4-2002).
5. Ins. by Act 32 of 2003, s. 30 (w.e.f. 1-4-2004).
6. Ins. by Act 14 of 2010, s. 18 (w.e.f. 1-4-2011).

Provided that—

(*a*) all the assets and liabilities of the company immediately before the conversion become the assets and liabilities of the limited liability partnership;

(*b*) all the shareholders of the company immediately before the conversion become the partners of the limited liability partnership and their capital contribution and profit sharing ratio in the limited liability partnership are in the same proportion as their shareholding in the company on the date of conversion;

(*c*) the shareholders of the company do not receive any consideration or benefit, directly or indirectly, in any form or manner, other than by way of share in profit and capital contribution in the limited liability partnership;

(*d*) the aggregate of the profit sharing ratio of the shareholders of the company in the limited liability partnership shall not be less than fifty per cent at any time during the period of five years from the date of conversion;

(*e*) the total sales, turnover or gross receipts in the business of the company in any of the three previous years preceding the previous year in which the conversion takes place does not exceed sixty lakh rupees; [1]***

[2][(*ea*) the total value of the assets as appearing in the books of account of the company in any of the three previous years preceding the previous year in which the conversion takes place does not exceed five crore rupees; and]

(*f*) no amount is paid, either directly or indirectly, to any partner out of balance of accumulated profit standing in the accounts of the company on the date of conversion for a period of three years from the date of conversion.

*Explanation*.—For the purposes of this clause, the expressions "private company" and "unlisted public company" shall have the meanings respectively assigned to them in the Limited Liability Partnership Act, 2008 (6 of 2009);]

(*xiv*) where a sole proprietary concern is succeeded by a company in the business carried on by it as a result of which the sole proprietary concern sells or otherwise transfers any capital asset or intangible asset to the company :

Provided that—

(*a*) all the assets and liabilities of the sole proprietary concern relating to the business immediately before the succession become the assets and liabilities of the company;

(*b*) the shareholding of the sole proprietor in the company is not less than fifty per cent of the total voting power in the company and his shareholding continues to remain as such for a period of five years from the date of the succession; and

(*c*) the sole proprietor does not receive any consideration or benefit, directly or indirectly, in any form or manner, other than by way of allotment of shares in the company;

---

1. The word "and" omitted by Act 28 of 2016, s. 28 (w.e.f. 1-4-2017).
2. Ins. by s. 28, *ibid*. (w.e.f. 1-4-2017).

(*xv*) any transfer in a scheme for lending of any securities under an agreement or arrangement, which the assessee has entered into with the borrower of such securities and which is subject to the guidelines issued by the Securities and Exchange Board of India, established under section 3 of the Securities and Exchange Board of India Act, 1992 (15 of 1992) [1][or the Reserve Bank of India constituted under sub-section (*1*) of section 3 of the Reserve Bank of India Act, 1934 (2 of 1934)], in this regard;

[2][(*xvi*) any transfer of a capital asset in a transaction of reverse mortgage under a scheme made and notified by the Central Government;]

[3][(*xvii*) any transfer of a capital asset, being share of a special purpose vehicle to a business trust in exchange of units allotted by that trust to the transferor.

*Explanation*.—For the purposes of this clause, the expression "special purpose vehicle" shall have the meaning assigned to it in the *Explanation* to clause (*23FC*) of section 10;]

[4][(*xviii*) any transfer by a unit holder of a capital asset, being a unit or units, held by him in the consolidating scheme of a mutual fund, made in consideration of the allotment to him of a capital asset, being a unit or units, in the consolidated scheme of the mutual fund:

Provided that the consolidation is of two or more schemes of equity oriented fund or of two or more schemes of a fund other than equity oriented fund.

*Explanation*.—For the purposes of this clause,—

(*a*) "consolidated scheme" means the scheme with which the consolidating scheme merges or which is formed as a result of such merger;

(*b*) "consolidating scheme" means the scheme of a mutual fund which merges under the process of consolidation of the schemes of mutual fund in accordance with the Securities and Exchange Board of India (Mutual Funds) Regulations, 1996 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992);

(*c*) "equity oriented fund" shall have the meaning assigned to it in clause (*38*) of section 10;

(*d*) "mutual fund" means a mutual fund specified under clause (23D) of section 10.]

[5][(*xix*) any transfer by a unit holder of a capital asset, being a unit or units, held by him in the consolidating plan of a mutual fund scheme, made in consideration of the allotment to him of a capital asset, being a unit or units, in the consolidated plan of that scheme of the mutual fund.

*Explanation.*—For the purposes of this clause,—

(*a*) "consolidating plan" means the plan within a scheme of a mutual fund which merges under the process of consolidation of the plans within a scheme of mutual fund in accordance

---

1. Ins. by Act 20 of 2002, s. 23 (w.e.f. 1-4-2003).
2. Ins. by Act 18 of 2008, s. 14 (w.e.f. 1-4-2008).
3. Ins. by Act 25 of 2014, s. 18 (w.e.f. 1-4-2015).
4. Ins. by Act 20 of 2015, s. 14 (w.e.f. 1-4-2016).
5. Ins. by Act 28 of 2016, s. 28 (w.e.f. 1-4-2017).

with the Securities and Exchange Board of India (Mutual Funds) Regulations, 1996 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992);

(*b*) "consolidated plan" means the plan with which the consolidating plan merges or which is formed as a result of such merger;

(*c*) "mutual fund" means a mutual fund specified under clause (*23D*) of section 10.]

[1][**47A. Withdrawal of exemption in certain cases**.—(*1*) Where at any time before the expiry of a period of eight years from the date of the transfer of a capital asset referred to in clause (*iv*) or, as the case may be, clause (v) of section 147,—

(*i*) such capital asset is converted by the transferee company into, or is treated by it as, stock-in-trade of its business; or

(*ii*) the parent company or its nominees or, as the case may be, the holding company ceases or cease to hold the whole of the share capital of the subsidiary company,

the amount of profits or gains arising from the transfer of such capital asset not charged under section 45 by virtue of the provisions contained in clause (*iv*) or, as the case may be, clause (*v*) of section 47 shall, notwithstanding anything contained in the said clauses, be deemed to be income chargeable under the head "Capital gains" of the previous year in which such transfer took place.]

[2][(*2*) Where at any time, before the expiry of a period of three years from the date of the transfer of a capital asset referred to in clause (*xi*) of section 47, any of the shares allotted to the transferor in exchange of a membership in a recognised stock exchange are transferred, the amount of profits and gains not charged under section 45 by virtue of the provisions contained in clause (*xi*) of section 47 shall, notwithstanding anything contained in the said clause, be deemed to be the income chargeable under the head "Capital gains" of the previous year in which such shares are transferred.]

[3][(*3*) Where any of the conditions laid down in the proviso to clause (*xiii*) or the proviso to clause (*xiv*) of section 47 are not complied with, the amount of profits or gains arising from the transfer of such capital asset or intangible asset not charged under section 45 by virtue of conditions laid down in the proviso to clause (*xiii*) or the proviso to clause (*xiv*) of section 47 shall be deemed to be the profits and gains chargeable to tax of the successor company for the previous year in which the requirements of the proviso to clause (*xiii*) or the proviso to clause (*xiv*), as the case may be, are not complied with.]

[4][(*4*) Where any of the conditions laid down in the proviso to clause (*xiiib*) of section 47 are not complied with, the amount of profits or gains arising from the transfer of such capital asset or intangible assets or share or shares not charged under section 45 by virtue of conditions laid down in the said proviso shall be deemed to be the profits and gains chargeable to tax of the successor limited liability partnership or the shareholder of the predecessor company, as the case may be, for the previous year in which the requirements of the said proviso are not complied with.]

---

1. Ins. by Act 67 of 1984, s. 13 (w.e.f. 1-4-1985).
2. Ins. by Act 26 of 1997, s. 17 (w.e.f. 1-4-1998).
3. Ins.by Act 21 of 1998, s. 22 (w.e.f. 1-4-1999).
4. Ins. by Act 14 of 2010, s. 19 (w.e.f. 1-4-2011).

[1][**48. Mode of computation.**—The income chargeable under the head "Capital gains" shall be computed, by deducting from the full value of the consideration received or accruing as a result of the transfer of the capital asset the following amounts, namely:—

    (*i*)  expenditure incurred wholly and exclusively in connection with such transfer;

    (*ii*)  the cost of acquisition of the asset and the cost of any improvement thereto:

Provided that in the case of an assessee, who is a non-resident, capital gains arising from the transfer of a capital asset being shares in, or debentures of, an Indian company shall be computed by converting the cost of acquisition, expenditure incurred wholly and exclusively in connection with such transfer and the full value of the consideration received or accruing as a result of the transfer of the capital asset into the same foreign currency as was initially utilised in the purchase of the shares or debentures, and the capital gains so computed in such foreign currency shall be reconverted into Indian currency, so, however, that the aforesaid manner of computation of capital gains shall be applicable in respect of capital gains accruing or arising from every reinvestment thereafter in, and sale of, shares in, or debentures of, an Indian company:

Provided further that where long-term capital gain arises from the transfer of a long-term capital asset, other than capital gain arising to a non-resident from the transfer of shares in, or debentures of, an Indian company referred to in the first proviso, the provisions of clause (*ii*) shall have effect as if for the words "cost of acquisition" and "cost of any improvement", the words "indexed cost of acquisition" and "indexed cost of any improvement" had respectively been substituted:

[2][Provided also that nothing contained in the second proviso shall apply to the long-term capital gain arising from the transfer of a long-term capital asset being bond or debenture other than capital indexed bonds issued by the Government:]

[3][Provided also that nothing contained in the second proviso shall apply to the long-term capital gain arising from the transfer of a long-term capital asset, being a bond or debenture other than—

    (*a*)  capital indexed bonds issued by the Government; or

    (*b*)  Sovereign Gold Bond issued by the Reserve Bank of India under the Sovereign Gold Bond Scheme, 2015:

Provided also that in case of an assessee being a non-resident, any gains arising on account of appreciation of rupee against a foreign currency at the time of redemption of rupee denominated bond of an Indian company [4][held] by him, shall be ignored for the purposes of computation of full value of consideration under this section:]

[5][Provided also that where shares, debentures or warrants referred to in the proviso to clause (*iii*) of section 47 are transferred under a gift or an irrevocable trust, the market value on the date of such transfer shall be deemed to be the full value of consideration received or accruing as a result of transfer for the purposes of this section:]

[6][Provided also that no deduction shall be allowed in computing the income chargeable under the head "Capital gains" in respect of any sum paid on account of securities transaction tax under Chapter VII of the Finance (No. 2) Act, 2004 (23 of 2004).]

---

1.  Subs. by Act 18 of 1992, s. 24, for section 48 (w.e.f. 1-4-1993).

2.  Ins. by Act 26 of 1997, s. 18 (w.e.f. 1-4-1998).

3.  Subs. by Act 28 of 2016, s. 29, for the third proviso (w.e.f. 1-4-2017).

4.  Subs. by Act 7 of 2017, s. 24 to read as "subscribed" (w.e.f. 1-4-2018).

5.  Ins. by Act 10 of 2000, s. 22 (w.e.f. 1-4-2001).

6.  Ins. by Act 23 of 2004, s. 12 (w.e.f. 1-4-2005).

*Explanation.*—For the purposes of this section,—

(*i*) "foreign currency" and "Indian currency" shall have the meanings respectively assigned to them in section 2 of [1][the Foreign Exchange Management Act, 1999 (42 of 1999);]

(*ii*) the conversion of Indian currency into foreign currency and the reconversion of foreign currency into Indian currency shall be at the rate of exchange prescribed in this behalf;

(*iii*) "indexed cost of acquisition" means an amount which bears to the cost of acquisition the same proportion as Cost Inflation Index for the year in which the asset is transferred bears to the Cost Inflation Index for the first year in which the asset was held by the assessee or for the year beginning on the [2][1st day of April, 2001,] whichever is later;

(*iv*) "indexed cost of any improvement" means an amount which bears to the cost of improvement the same proportion as Cost Inflation Index for the year in which the asset is transferred bears to the Cost Inflation Index for the year in which the improvement to the asset took place;

[3][(*v*) "Cost Inflation Index", in relation to a previous year, means such Index as the Central Government may, having regard to seventy-five per cent of average rise in the [4][Consumer Price Index (urban)] for the immediately preceding previous year to such previous year, by notification in the Official Gazette, specify, in this behalf.]]

**49. Cost with reference to certain modes of acquisition.**—[5][(*1*)] Where the capital asset became the property of the assessee—

(*i*)  on any distribution of assets on the total or partial partition of a Hindu undivided family;

(*ii*)  under a gift or will;

(*iii*) (*a*) by succession, inheritance or devolution, or

[6][(*b*) on any distribution of assets on the dissolution of a firm, body of individuals, or other association of persons, where such dissolution had taken place at any time before the 1st day of April, 1987, or]

(*c*) on any distribution of assets on the liquidation of a company, or

(*d*) under a transfer to a revocable or an irrevocable trust, or

(*e*)  under any such transfer as is referred to in clause (*iv*) [7][or clause (*v*)] [8][or clause (*vi*)] [9][or clause (*via*)] [10][or clause (*viaa*) or clause (*viab*) or clause (*vib*) [11][or clause (*vic*)] or clause (*vica*) or clause (*vicb*) or clause (*vicc*)] [12][or clause (*xiii*) or clause (*xiiib*) or clause (*xiv*) of section 47];

[13][(*iv*) such assessee being a Hindu undivided family, by the mode referred to in sub-section (*2*) of section 64 at any time after the 31st day of December, 1969,]

---

1. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
2. Subs. by Act 7 of 2017, s. 24 for "1st day of April, 1981" (w.e.f. 1-4-2018).
3. Subs. by Act 10 of 2000, s. 22, for clause (*v*) (w.e.f. 1-4-1993).
4. Subs. by Act 25 of 2014, s. 19, for "Consumer Price Index for Urban non-manual employees" (w.e.f. 1-4-2016).
5. Section 49 re-numbered as sub-section (*1*) thereof by Act 20 of 1967, s. 20 (w.e.f. 1-4-1967).
6. Subs. by Act 11 of 1987, s. 16, for sub-clause (*b*) (w.e.f. 1-4-1988).
7. Ins. by Act 10 of 1965, s. 16 (w.e.f. 1-4-1965).
8. Ins. by Act 20 of 1967, s. 20 (w.e.f. 1-4-1967).
9. Ins. by Act 18 of 1992, s. 25 (w.e.f. 1-4-1993).
10. Subs. by Act 20 of 2015, s. 15, for "or clause (*viaa*) or clause (*vica*) or clause (*vicb*)" (w.e.f. 1-4-2016).
11. Ins. by Act 7 of 2017, s. 25 (w.e.f. 1-4-2018).
12. Subs. by Act 23 of 2012, s. 16, for "clause (*xiiib*) of section 47" (w.e.f. 1-4-1999).
13. Ins. by Act 41 of 1975, s. 12 (w.e.f. 1-4-1976).

the cost of acquisition of the asset shall be deemed to be the cost for which the previous owner of the property acquired it, as increased by the cost of any improvement of the assets incurred or borne by the previous owner or the assessee, as the case may be.

[1][*Explanation.*—In this [2][sub-section] the expression "previous owner of the property" in relation to any capital asset owned by an assessee means the last previous owner of the capital asset who acquired it by a mode of acquisition other than that referred to in clause (*i*) or [3][clause (*ii*) or clause (*iii*) or clause (*iv*)] of this [2][sub-section].]

[4][(*2*) Where the capital asset being a share or shares in an amalgamated company which is an Indian company became the property of the assessee in consideration of a transfer referred to in clause (*vii*) of section 47, the cost of acquisition of the asset shall be deemed to be the cost of acquisition to him of the share or shares in the amalgamating company.]

[5][(*2A*) Where the capital asset, being a share or debenture of a company, became the property of the assessee in consideration of a transfer referred to in clause (*x*) or clause (*xa*) of section 47, the cost of acquisition of the asset to the assessee shall be deemed to be that part of the cost of debenture, debenture-stock, bond or deposit certificate in relation to which such asset is acquired by the assessee.]

[6][(*2AA*) Where the capital gain arises from the transfer of specified security or sweat equity shares referred to in sub-clause (*vi*) of clause (*2*) of section 17, the cost of acquisition of such security or shares shall be the fair market value which has been taken into account for the purposes of the said sub-clause.]

[7][(*2AAA*) Where the capital asset, being rights of a partner referred to in section 42 of the Limited Liability Partnership Act, 2008 (6 of 2009), became the property of the assessee on conversion as referred to in clause (*xiiib*) of section 47, the cost of acquisition of the asset shall be deemed to be the cost of acquisition to him of the share or shares in the company immediately before its conversion.]

[8][(*2AB*) Where the capital gain arises from the transfer of specified security or sweat equity shares, the cost of acquisition of such security or shares shall be the fair market value which has been taken into account while computing the value of fringe benefits under clause (*ba*) of sub-section (*1*) of section 115WC.]

[9][(*2ABB*) Where the capital asset, being share or shares of a company, is acquired by a non-resident assessee on redemption of Global Depository Receipts referred to in clause (*b*) of sub-section (*1*) of section 115AC held by such assessee, the cost of acquisition of the share or shares shall be the price of such share or shares prevailing on any recognised stock exchange on the date on which a request for such redemption was made.

*Explanation.*—For the purposes of this sub-section, "recognised stock exchange" shall have the meaning assigned to it in clause (*ii*) of the *Explanation* 1 to sub-section (*5*) of section 43.]

[10][(*2AC*) Where the capital asset, being a unit of a business trust, became the property of the assessee in consideration of a transfer as referred to in clause (*xvii*) of section 47, the cost of acquisition of the asset shall be deemed to be the cost of acquisition to him of the share referred to in the said clause.]

[9][(*2AD*) Where the capital asset, being a unit or units in a consolidated scheme of a mutual fund, became the property of the assessee in consideration of a transfer referred to in clause (*xviii*) of section 47, the cost of acquisition of the asset shall be deemed to be the cost of acquisition to him of the unit or units in the consolidating scheme of the mutual fund.]

---

1. Ins. by Act 10 of 1965, s. 16 (w.e.f. 1-4-1965).
2. Subs. by Act 20 of 1967, s. 20, for "section" (w.e.f. 1-4-1967).
3. Subs. by Act 41 of 1975, s. 12, for "clause (*ii*) or clause (*iii*)" (w.e.f. 1-4-1976).
4. Ins. by Act 20 of 1967, s. 20 (w.e.f. 1-4-1967).
5. Subs. by Act 18 of 2008, s. 15, for sub-section (*2A*) (w.e.f. 1-4-2008).
6. Subs. by Act 33 of 2009, s. 23, for sub-section (*2AA*) (w.e.f. 1-4-2010).
7. Ins. by Act 14 of 2010, s. 20 (w.e.f. 1-4-2011).
8. Ins. by Act 22 of 2007, s. 17 (w.e.f 1-4-2008).
9. Ins. by Act 20 of 2015, s. 15 (w.e.f. 1-4-2015).
10. Ins. by Act 25 of 2014, s. 20 (w.e.f. 1-4-2015).

[1][(*2AE*) Where the capital asset, being equity share of a company, became the property of the assessee in consideration of a transfer referred to in clause (*xb*) of section 47, the cost of acquisition of the asset shall be deemed to be that part of the cost of the preference share in relation to which such asset is acquired by the assessee.]

[2][(*2AF*) Where the capital asset, being a unit or units in a consolidated plan of a mutual fund scheme, became the property of the assessee in consideration of a transfer referred to in clause (*xix*) of section 47, the cost of acquisition of the asset shall be deemed to be the cost of acquisition to him of the unit or units in the consolidating plan of the scheme of the mutual fund.]

[3]*               *               *               *               *

[4][(*2C*) The cost of acquisition of the shares in the resulting company shall be the amount which bears to the cost of acquisition of shares held by the assessee in the demerged company the same proportion as the net book value of the assets transferred in a demerger bears to the net worth of the demerged company immediately before such demerger.

(*2D*) The cost of acquisition of the original shares held by the shareholder in the demerged company shall be deemed to have been reduced by the amount as so arrived at under sub-section (*2C*).]

[5][(*2E*) The provisions of sub-section (*2*), sub-section (*2C*) and sub-section (*2D*) shall, as far as may be, also apply in relation to business reorganisation of a co-operative bank as referred to in section 44DB.]

*Explanation*.—For the purposes of this section, "net worth" shall mean the aggregate of the paid up share capital and general reserves as appearing in the books of account of the demerged company immediately before the demerger.]

[6][(*3*) Notwithstanding anything contained in sub-section (*1*), where the capital gain arising from the transfer of a capital asset referred to in clause (*iv*) or, as the case may be, clause (*v*) of section 47 is deemed to be income chargeable under the head "Capital gains" by virtue of the provisions contained in section 47A, the cost of acquisition of such asset to the transferee-company shall be the cost for which such asset was acquired by it.]

[7][(*4*) Where the capital gain arises from the transfer of a property, the value of which has been subject to income-tax under clause (*vii*) [8][or clause (*viia*)] [2][or clause (*x*)] of sub-section (*2*) of section 56, the cost of acquisition of such property shall be deemed to be the value which has been taken into account for the purposes of the said clause (*vii*) [8][or clause (*viia*)] [2][or clause (*x*)].]

[9][(*5*) Where the capital gain arises from the transfer of an asset declared under the Income Declaration Scheme, 2016, and the tax, surcharge and penalty have been paid in accordance with the provisions of the Scheme on the fair market value of the asset as on the date of commencement of the Scheme, the cost of acquisition of the asset shall be deemed to be the fair market value of the asset which has been taken into account for the purposes of the said Scheme.]

---

1. Ins. by Act 7 of 2017, s. 25 (w.e.f. 1-4-2018).
2. Ins. by s. 25, *ibid*. (w.e.f. 1-4-2017).
3. Sub-section (*2B*) omitted by Act 10 of 2000, s. 23 (w.e.f. 1-4-2000).
4. Ins. by Act 27 of 1999, s. 35 (w.e.f. 1-4-2000).
5. Ins. by Act 22 of 2007, s. 17 (w.e.f. 1-4-2008).
6. Ins. by Act 67 of 1984, s. 14 (w.e.f. 1-4-1985).
7. Ins. by Act 33 of 2009, s. 23 (w.e.f. 1-10-2009).
8. Ins. by Act 14 of 2010, s. 20 (w.e.f. 1-6-2010).
9. Ins. by Act 28 of 2016, s. 30 (w.e.f. 1-4-2017).

[1][(*6*) Where the capital gain arises from the transfer of a specified capital asset referred to in clause (*c*) of the *Explanation* to clause (*37A*) of section 10, which has been transferred after the expiry of two years from the end of the financial year in which the possession of such asset was handed over to the assessee, the cost of acquisition of such specified capital asset shall be deemed to be its stamp duty value as on the last day of the second financial year after the end of the financial year in which the possession of the said specified capital asset was handed over to the assessee.

*Explanation*.—For the purposes of this sub-section, "stamp duty value" means the value adopted or assessed or assessable by any authority of the State Government for the purpose of payment of stamp duty in respect of an immovable property.

(*7*) Where the capital gain arises from the transfer of a capital asset, being share in the project, in the form of land or building or both, referred to in sub-section (*5A*) of section 45, not being the capital asset referred to in the proviso to the said sub-section, the cost of acquisition of such asset, shall be the amount which is deemed as full value of consideration in that sub-section;]

[2][(*8*) Where the capital gain arises from the transfer of an asset, being the asset held by a trust or an institution in respect of which accreted income has been computed and the tax has been paid thereon in accordance with the provisions of Chapter XII-EB, the cost of acquisition of such asset shall be deemed to be the fair market value of the asset which has been taken into account for computation of accreted income as on the specified date referred to in sub-section (*2*) of section 115TD.".]

[3][**50. Special provision for computation of capital gains in case of depreciable assets.**— Notwithstanding anything contained in clause (*42A*) of section 2, where the capital asset is an asset forming part of a block of assets in respect of which depreciation has been allowed under this Act or under the Indian Income-tax Act, 1922 (11 of 1922), the provisions of sections 48 and 49 shall be subject to the following modifications:—

(*1*) where the full value of the consideration received or accruing as a result of the transfer of the asset together with the full value of such consideration received or accruing as a result of the transfer of any other capital asset falling within the block of the assets during the previous year, exceeds the aggregate of the following amounts, namely:—

(*i*) expenditure incurred wholly and exclusively in connection with such transfer or transfers;

(*ii*) the written down value of the block of assets at the beginning of the previous year; and

(*iii*) the actual cost of any asset falling within the block of assets acquired during the previous year,

such excess shall be deemed to be the capital gains arising from the transfer of short-term capital assets;

(*2*) where any block of assets ceases to exist as such, for the reason that all the assets in that block are transferred during the previous year, the cost of acquisition of the block of assets shall be the written down value of the block of assets at the beginning of the previous year, as increased by the actual cost of any asset falling within that block of assets, acquired by the assessee during the previous year and the income received or accruing as a result of such transfer or transfers shall be deemed to be the capital gains arising from the transfer of short-term capital assets.]

[4][**50A. Special provision for cost of acquisition in case of depreciable asset**.—Where the capital asset is an asset in respect of which a deduction on account of depreciation under clause (*i*) of sub-section (*1*) of section 32 has been obtained by the assessee in any previous year, the provisions of section 48 and 49 shall apply subject to the modification that the written down value, as defined in clause (*6*) of section 43, of the asset, as adjusted, shall be taken as the cost of acquisition of the asset.]

---

1. Ins. by Act 7 of 2017, s. 25 (w.e.f. 1-4-2018).
2. Ins. by s. 25, *ibid*. (w.e.f. 1-6-2016).
3. Subs. by Act 46 of 1986, s. 9, for section 50 (w.e.f. 1-4-1988).
4. Ins. by Act 21 of 1998, s. 23 (w.e.f. 1-4-1998).

[1][**50B. Special provision for computation of capital gains in case of slump sale.**—(*1*) Any profits or gains arising from the slump sale effected in the previous year shall be chargeable to income-tax as capital gains arising from the transfer of long-term capital assets and shall be deemed to be the income of the previous year in which the transfer took place:

Provided that any profits or gains arising from the transfer under the slump sale of any capital asset being one or more undertakings owned and held by an assessee for not more than thirty-six months immediately preceding the date of its transfer shall be deemed to be the capital gains arising from the transfer of short-term capital assets.

(*2*) In relation to capital assets being an undertaking or division transferred by way of such sale, the "net worth" of the undertaking or the division, as the case may be, shall be deemed to be the cost of acquisition and the cost of improvement for the purposes of section 48 and 49 and no regard shall be given to the provisions contained in the second proviso to section 48.

(3) Every assessee, in the case of slump sale, shall furnish in the prescribed form along with the return of income, a report of an accountant as defined in the *Explanation* below sub-section (*2*) of section 288, indicating the computation of the net worth of the undertaking or division, as the case may be, and certifying that the net worth of the undertaking or division, as the case may be, has been correctly arrived at in accordance with the provisions of this section.

[2][*Explanation* 1.—For the purposes of this section, "net worth" shall be the aggregate value of total assets of the undertaking or division as reduced by the value of liabilities of such undertaking or division as appearing in its books of account:

Provided that any change in the value of assets on account of revaluation of assets shall be ignored for the purposes of computing the net worth.

*Explanation* 2.—For computing the net worth, the aggregate value of total assets shall be,—

(*a*) in the case of depreciable assets, the written down value of the block of assets determined in accordance with the provisions contained in sub-item (*C*) of item (*i*) of sub-clause (*c*) of clause (*6*) of section 43; [3]***

[4][(*b*) in the case of capital assets in respect of which the whole of the expenditure has been allowed or is allowable as a deduction under section 35AD, nil; and

(*c*) in the case of other assets, the book value of such assets.]]]

[5][**50C. Special provision for full value of consideration in certain cases.** — (*1*) Where the consideration received or accruing as a result of the transfer by an assessee of a capital asset, being land or building or both, is less than the value adopted [6][or assessed or assessable] by any authority of a State Government (hereafter in this section referred to as the "stamp valuation authority") for the purpose of payment of stamp duty in respect of such transfer, the value so adopted [6][or assessed or assessable] shall, for the purposes of section 48, be deemed to be the full value of the consideration received or accruing as a result of such transfer.]

[7][Provided that where the date of the agreement fixing the amount of consideration and the date of registration for the transfer of the capital asset are not the same, the value adopted or assessed or assessable by the stamp valuation authority on the date of agreement may be taken for the purposes of computing full value of consideration for such transfer:

---

1. Ins. by Act 27 of 1999, s. 36 (w.e.f. 1-4-2000).
2. Subs. by Act 10 of 2000, s. 24, for the *Explanation* (w.e.f. 1-4-2000).
3. The word "and" omitted by Act 33 of 2009, s. 24 (w.e.f. 1-4-2010).
4. Subs. by s. 24, *ibid.*, for clause (*b*)  (w.e.f. 1-4-2010).
5. Ins. by Act 20 of 2002, s. 24 (w.e.f. 1-4-2003).
6. Subs. by Act 33 of 2009, s. 25, for "or assessed" (w.e.f. 1-10-2009).
7. Ins. by Act 28 of 2016, s. 31 ( w.e.f. 1-4-2017).

Provided further that the first proviso shall apply only in a case where the amount of consideration, or a part thereof, has been received by way of an account payee cheque or account payee bank draft or by use of electronic clearing system through a bank account, on or before the date of the agreement for transfer.]

(*2*) Without prejudice to the provisions of sub-section (*1*), where—

(*a*) the assessee claims before any Assessing Officer that the value adopted [1][or assessed or assessable] by the stamp valuation authority under sub-section (*1*) exceeds the fair market value of the property as on the date of transfer;

(*b*) the value so adopted [1][or assessed or assessable] by the stamp valuation authority under sub-section (*1*) has not been disputed in any appeal or revision or no reference has been made before any other authority, court or the High Court,

the Assessing Officer may refer the valuation of the capital asset to a Valuation Officer and where any such reference is made, the provisions of sub-sections (*2*), (*3*), (*4*), (*5*) and (*6*) of section 16A, clause (*i*) of sub-section (*1*) and sub-sections (*6*) and (*7*) of section 23A, sub-section (*5*) of section 24, section 34AA, section 35 and section 37 of the Wealth-tax Act, 1957 (27 of 1957), shall, with necessary modifications, apply in relation to such reference as they apply in relation to a reference made by the Assessing Officer under sub-section (*1*) of section 16A of that Act.

[2][*Explanation* 1.]—For the purposes of this section, "Valuation Officer" shall have the same meaning as in clause (*r*) of section 2 of the Wealth-tax Act, 1957 (27 of 1957).

[3][*Explanation* 2.—For the purposes of this section, the expression "assessable" means the price which the stamp valuation authority would have, notwithstanding anything to the contrary contained in any other law for the time being in force, adopted or assessed, if it were referred to such authority for the purposes of the payment of stamp duty.]

(*3*) Subject to the provisions contained in sub-section (*2*), where the value ascertained under sub-section (*2*) exceeds the value adopted [1][or assessed or assessable] by the stamp valuation authority referred to in sub-section (*1*), the value so adopted [1][or assessed or assessable] by such authority shall be taken as the full value of the consideration received or accruing as a result of the transfer.]

[4][**50CA. Special provision for full value of consideration for transfer of share other than quoted share.—**(*1*) Where the consideration received or accruing as a result of the transfer by an assessee of a capital asset, being share of a company other than a quoted share, is less than the fair market value of such share determined in such manner as may be prescribed, the value so determined shall, for the purposes of section 48, be deemed to be the full value of consideration received or accruing as a result of such transfer.

*Explanation.*—For the purposes of this section, "quoted share" means the share quoted on any recognised stock exchange with regularity from time to time, where the quotation of such share is based on current transaction made in the ordinary course of business.]

[5][**50D. Fair market value deemed to be full value of consideration in certain cases.** —Where the consideration received or accruing as a result of the transfer of a capital asset by an assessee is not ascertainable or cannot be determined, then, for the purpose of computing income chargeable to tax as capital gains, the fair market value of the said asset on the date of transfer shall be deemed to be the full value of the consideration received or accruing as a result of such transfer.]

---

1. Subs. by Act 33 of 2009, s. 25, for "or assessed" (w.e.f. 1-10-2009).
2. The *Explanation* renumbered as *Explanation* 1 thereof by s. 25, *ibid.* (w.e.f. 1-10-2009).
3. Ins. by s. 25, *ibid.* (w.e.f. 1-10-2009).
4. Ins. by Act 7 of 2017, s. 26 (w.e.f. 1-4-2018).
5. Ins. by Act 23 of 2012, s. 17 (w.e.f. 1-4-2013).

**51. Advance money received.**—Where any capital asset was on any previous occasion the subject of negotiations for its transfer, any advance or other money received and retained by the assessee in respect of such negotiations shall be deducted from the cost for which the asset was acquired or the written down value or the fair market value, as the case may be, in computing the cost of acquisition:

[1][Provided that where any sum of money, received as an advance or otherwise in the course of negotiations for transfer of a capital asset, has been included in the total income of the assessee for any previous year in accordance with the provisions of clause (*ix*) of sub-section (2) of section 56, then, such sum shall not be deducted from the cost for which the asset was acquired or the written down value or the fair market value, as the case may be, in computing the cost of acquisition.]

**52.** [**Consideration for transfer in cases of understatement.**]—*Omitted by the Finance Act,* 1987 (11 *of* 1987), *s.* 17 (*w.e.f.* 1-4-1988). *Earlier amended by Act* 5 *of* 1964, *s.* 13 (*w.e.f.* 1-4-1964), *Act* 25 *of* 1975, s. 9 (*w.e.f.* 1-4-1974) *and Act* 19 *of* 1978, *s.* 9 (*w.e.f.* 1-4-1974).

**53.** [**Exemption of capital gains from a residential house.**]—*Omitted by the Finance Act,* 1992 (18 *of* 1992), *s.* 26 (*w.e.f.* 1-4-1993). *Earlier substituted by Act* 67 *of* 1984, *s.* 15 (*w.e.f.* 1-4-1985) *and amended by Act* 11 *of* 1987, *s.* 18 (*w.e.f.* 1-4-1988).

**54. Profit on sale of property used for residence.**—[2][(*1*)] [3][4][Subject to the provisions of sub-section (2), where, in the case of an assessee being an individual or a Hindu undivided family], the capital gain arises from the transfer of a long-term capital asset [5]***, being buildings or lands appurtenant thereto, and being a residential house, the income of which is chargeable under the head "Income from house property" (hereafter in this section referred to as the original asset), and the assessee has within a period of [6][one year before or two years after the date on which the transfer took place purchased], or has within a period of three years after that date [7][constructed, one residential house in India], then], instead of the capital gain being charged to income-tax as income of the previous year in which the transfer took place, it shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*i*)  if the amount of the capital gain [8][is greater than the cost of [9][the residential house] so purchased or constructed (hereafter in this section referred to as the new asset)], the difference between the amount of the capital gain and the cost of the new asset shall be charged under section 45 as the income of the previous year; and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its purchase or construction, as the case may be, the cost shall be nil; or

(*ii*)  if the amount of the capital gain is equal to or less than the cost of the new asset, the capital gain shall not be charged under section 45;and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its purchase or construction, as the case may be, the cost shall be reduced by the amount of the capital gain.

[10]*          *          *          *          *

[11][(2) The amount of the capital gain which is not appropriated by the assessee towards the purchase of the new asset made within one year before the date on which the transfer of the original asset took place, or which is not utilised by him for the purchase or construction of the new asset before the date of furnishing the return of income under  section 139, shall be deposited by him before furnishing such return [such deposit being made in any case not later than the due date applicable in the case of the

---

1. Ins. by Act 25 of 2014, s. 21 (w.e.f. 1-4-2015).
2. Section 54 renumbered as sub-section (*1*) thereof by Act 19 of 1978, s. 10 (w.e.f. 1-4-1974).
3. Subs. by Act 14 of 1982, s. 11, for certain words (w.e.f. 1-4-1983).
4. Subs. by Act 11 of 1987, s. 19, for "Where, in the case of an assessee being an individual" (w.e.f. 1-4-1988).
5. The words and figures "to which the provisions of section 53 are not applicable" omitted by Act 32 of 1985, s. 14 (w.e.f. 1-4-1985).
6. Subs. by Act 23 of 1986, s. 11, for "one year before or after the date on which the transfer took place purchased" (w.e.f. 1-4-1987).
7. Subs. by Act 25 of 2014, s. 22, for "constructed, a residential house" (w.e.f. 1-4-2015).
8. Subs. by Act 19 of 1978, s. 10, for "is greater than the cost of the new asset" (w.e.f. 1-4-1974).
9. Subs. by Act 14 of 1982, s. 11, for "the house property" (w.e.f. 1-4-1983).
10. The *Explanation* omitted by Act 11 of 1987, s. 19 (w.e.f. 1-4-1988).
11. Subs. by s. 19, *ibid.,* for sub-section (2) (w.e.f. 1-4-1988).

assessee for furnishing the return of income under sub-section (*1*) of section 139]in an account in any such bank or institution as may be specified in, and utilised in accordance with, any scheme which the Central Government may, by notification in the Official Gazette, frame in this behalf and such return shall be accompanied by proof of such deposit; and, for the purposes of sub-section (*1*), the amount, if any, already utilised by the assessee for the purchase or construction of the new asset together with the amount so deposited shall be deemed to be the cost of the new asset:

Provided that if the amount deposited under this sub-section is not utilised wholly or partly for the purchase or construction of the new asset within the period specified in sub-section (*1*), then,—

(*i*)  the amount not so utilised shall be charged under section 45 as the income of the previous year in which the period of three years from the date of the transfer of the original asset expires; and

(*ii*)  theassessee shall be entitled to withdraw such amount in accordance with the scheme aforesaid.

[1]*               *               *               *               *

**54A.** [**Relief of tax on capital gains in certain cases**.]—*Omitted by the Finance* (*No.* 2) *Act,* 1971 (32 *of* 1971)*, s.* 11 (*w.e.f.* 1-4-1972)*. Earlier inserted by Act* 10 *of* 1965*, s.* 17 (1-4-1965)*. Again inserted by Act* 4 *of* 1988*, s.* 16 (*w.e.f.* 1-4-1988) *and omitted by Act* 3 *of* 1989*, s.* 95 (*w.e.f.* 1-4-1989)*.

[2][**54B. Capital gain on transfer of land used for agricultural purposes not to be charged in certain cases.**—[3][(*1*)] [4][Subject to the provisions of sub-section (*2*), where the capital gain arises] from the transfer of a capital asset being land which, in the two years immediately preceding the date on which the transfer took place, was being used by [5][the assessee being an individual or his parent, or a Hindu undivided family] for agricultural purposes [6][(hereinafter referred to as the original asset)], and the assessee has, within a period of two years after that date, purchased any other land for being used for agricultural purposes, then, instead of the capital gain being charged to income-tax as income of the previous year in which the transfer took place, it shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*i*)  if the amount of the capital gain is greater than the cost of the land so purchased (hereinafter referred to as the new asset), the difference between the amount of the capital gain and the cost of the new asset shall be charged under section 45 as the income of the previous year; and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its purchase, the cost shall be nil; or

(*ii*) if the amount of the capital gain is equal to or less than the cost of the new asset, the capital gain shall not be charged under section 45; and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its purchase, the cost shall be reduced, by the amount of the capital gain.]

[7][(*2*) The amount of the capital gain which is not utilised by the assessee for the purchase of the new asset before the date of furnishing the return of income under section 139, shall be deposited by him before furnishing such return [such deposit being made in any case not later than the due date applicable in the case of the assessee for furnishing the return of income under sub-section (*1*) of section 139] in an account in any such bank or institution as may be specified in, and utilised in accordance with, any scheme which the Central Government may, by notification in the Official Gazette, frame in this behalf and such return shall be accompanied by proof of such deposit; and, for the purposes of sub-section (*1*), the amount, if any, already utilised by the assessee for the purchase of the new asset together with the amount so deposited shall be deemed to be the cost of the new asset:

Provided that if the amount deposited under this sub-section is not utilised wholly or partly for the purchase of the new asset within the period specified in sub-section (*1*), then,—

1. The *Explanation* omitted by Act 18 of 1992, s. 27 (w.e.f. 1-4-1993).
2. Ins. by Act 19 of 1970, s. 11 (w.e.f. 1-4-1970).
3. Section 54B renumbered as sub-section (*1*) thereof by Act 19 of 1978, s. 11 (w.e.f. 1-4-1974).
4. Subs. by Act 11 of 1987, s. 20, for "Where the capital gain arises" (w.e.f. 1-4-1988).
5. Subs. by Act 23 of 2012, s. 18, for "the assessee or a parent of his" (w.e.f. 1-4-2013).
6. Ins. by Act 19 of 1978, s. 11 (w.e.f. 1-4-1974).
7. Subs. by Act 11 of 1987, s. 20, for sub-section (*2*) (w.e.f. 1-4-1988).

(*i*)  the amount not so utilised shall be charged under section 45as the income of the previous year in which the period of two years from the date of the transfer of the original asset expires; and

(*ii*)  the assessee shall be entitled to withdraw such amount in accordance with the scheme aforesaid.

¹*          *          *          *          *

**54C.** [**Capital gain on transfer of jewellery held for personal use not to be charged in certain cases**.]—*Omitted by the Finance Act,* 1976 (66 *of* 1976) (*w.e.f.* 1-4-1976). *Earlier inserted by Act* 16 *of* 1972, *s.* 9 (*w.e.f.* 1-4-1973).

²[**54D. Capital gain on compulsory acquisition of lands and buildings not to be charged in certain cases.**—³[(*1*)] ⁴[Subject to the provisions of sub-section (*2*), where the capital gain arises] from the transfer by way of compulsory acquisition under any law of a capital asset, being land or building or any right in land or building, forming part of an industrial undertaking belonging to the assessee which, in the two years immediately preceding the date on which the transfer took place, was being used by the assessee for the purposes of the business of the said undertaking ⁵[(hereafter in this section referred to as the original asset)], and the assessee has within a period of three years after that date purchased any other land or building or any right in any other land or building or constructed any other building for the purposes of shifting or re-establishing the said undertaking or setting up another industrial undertaking, then, instead of the capital gain being charged to income-tax as the income of the previous year in which the transfer took place, it shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*i*)  if the amount of the capital gain is greater than the cost of the land, building or right so purchased or the building so constructed (such land, building or right being hereafter in this section referred to as the new asset), the difference between the amount of the capital gain and the cost of the new asset shall be charged under section 45as the income of the previous year; and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its purchase or construction, as the case may be, the cost shall be nil; or

(*ii*) if the amount of the capital gain is equal to or less than the cost of the new asset, the capital gain shall not be charged under section 45;and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its purchase or construction, as the case may be, the cost shall be reduced by the amount of the capital gain.]

⁶[(*2*) The amount of the capital gain which is not utilised by the assessee for the purchase or construction of the new asset before the date of furnishing the return of income under section 139,shall be deposited by him before furnishing such return [such deposit being made in any case not later than the due date applicable in the case of the assessee for furnishing the return of income under sub-section (*1*) of section 139] in an account in any such bank or institution as may be specified in, and utilised in accordance with, any scheme which the Central Government may, by notification in the Official Gazette, frame in this behalf and such return shall be accompanied by proof of such deposit; and, for the purposes of sub-section (*1*), the amount, if any, already utilised by the assessee for the purchase or construction of the new asset together with the amount so deposited shall be deemed to be the cost of the new asset:

Provided that if the amount deposited under this sub-section is not utilised wholly or partly for the purchase or construction of the new asset within the period specified in sub-section (*1*), then,—

(*i*)  the amount not so utilised shall be charged under section 45as the income of the previous year in which the period of three years from the date of the transfer of the original asset expires; and

(*ii*)  the assessee shall be entitled to withdraw such amount in accordance with the scheme aforesaid.

¹*          *          *          *          *

1. The *Explanation* omitted by Act 18 of 1992, s. 28 (w.e.f. 1-4-1993).
2. Ins. by Act 21 of 1973, s. 7 (w.e.f. 1-4-1974).
3. Section 54D numbered as sub-section (*1*) thereof by Act 19 of 1978, s. 12 (w.e.f. 1-4-1974).
4. Subs. by Act 11 of 1987, s. 21, for "Where the capital gain arises" (w.e.f. 1-4-1988).
5 Ins. by Act 19 of 1978, s. 12 (w.e.f. 1-4-1974).
6. Subs. by Act 11 of 1987, s. 21, for sub-section (*2*) (w.e.f. 1-4-1988).
7. The *Explanation* omitted by Act 18 of 1992, s. 29 (w.e.f. 1-4-1993).

278

[1][**54E. Capital gain on transfer of capital not to be assets charged in certain cases**.—(*1*) Where the capital gain arises from the transfer of a [2][long-term capital asset] [3][before the 1st day of April, 1992], (the capital asset so transferred being hereafter in this section referred to as the original asset) and the assessee has, within a period of six months after the date of such transfer, invested or deposited the [4][whole or any part of the net consideration] in any specified asset (such specified asset being hereafter in this section referred to as the new asset), the capital gain shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*a*)  if the cost of the new asset is not less than the [5][net consideration] in respect of the original asset, the whole of such capital gain shall not be charged under section 45;

(*b*)  if the cost of the new asset is less than the [5][net consideration] in respect of the original asset, so much of the capital gain as bears to the whole of the capital gain the same proportion as the cost of acquisition of the new asset bears to the [6][net consideration] shall not be charged under section 45:

[7][Provided that in a case where the original asset is transferred after the 28th day of February, 1983, the provisions of this sub-section shall not apply unless the assessee has invested or deposited the whole or, as the case may be, any part of the net consideration in the new asset by initially subscribing to such new asset:]

[8][Provided further that in a case where the transfer of the original asset is by way of compulsory acquisition under any law and the full amount of compensation awarded for such acquisition is not received by the assessee on the date of such transfer, the period of six months referred to in this sub-section shall, in relation to so much of such compensation as is not received on the date of the transfer, be reckoned from the date immediately following the date on which such compensation is received by the assessee [9][or the 31st day of March, 1992, whichever is earlier].]

*Explanation 1*.—[10][For the purposes of this sub-section, "specified asset" means,—

(*a*) in a case where the original asset is transferred before the 1st day of March, 1979, any of the following assets, namely:—]

(*i*) securities of the Central Government or a State Government;

(*ii*) savings certificates as defined in clause (*c*) of section 2 of the Government Savings Certificates Act, 1959 (46 of 1959);

(*iii*) units in the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963);

---

1. Ins. by Act 29 of 1977, s. 13 (w.e.f. 1-4-1978).
2. Subs. by Act 11 of 1987, s. 22, for "capital asset, not being a short-term capital asset" (w.e.f. 1-4-1988).
3. Ins. by Act 18 of 1992, s. 30 (w.e.f. 1-4-1992).
4. Subs. by Act 21 of 1979, s. 8, for "full value of the consideration or any part thereof received or accruing as a result of such transfer" (w.e.f. 1-4-1979).
5. Subs. by s. 8, *ibid.*, for "full value of consideration received or accruing" (w.e.f. 1-4-1979).
6. Subs. by s. 8, *ibid.*, for "full value of such consideration" (w.e.f. 1-4-1979).
7. Ins. by Act 11 of 1983, s. 20 (w.e.f. 1-4-1983).
8. Ins. by Act 67 of 1984, s. 16 (w.e.f. 1-4-1984).
9. Ins. by Act 18 of 1992, s. 30 (w.e.f. 1-4-1992).
10. Subs. by Act 21 of 1979, s. 8, for 'For the purposes of this sub-section and sub-section (*3*), "specified asset" means any of the following assets, namely:—'(w.e.f. 1-4-1979).

(*iv*) debentures specified by the Central Government for the purposes of clause (*ii*) of sub-section (*1*) of section 80L;

(*v*) shares in any Indian company which are issued to the public or are listed in a recognised stock exchange in India in accordance with the Securities Contracts (Regulation) Act, 1956 (42 of 1956), and any rules made thereunder, where the investment in such shares is made before the 1st day of March, 1978;

[1](*va*) equity shares forming part of any eligible issue of capital, where the investment in such shares is made after the 28th day of February, 1978;]

(*vi*) deposits for a period of not less than three years with the State Bank of India established under the State Bank of India Act, 1955 (23 of 1955), or any subsidiary bank as defined in the State Bank of India (Subsidiary Banks) Act, 1959 (38 of 1959) or any nationalised bank, that is to say, any corresponding new bank, constituted under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1970 (5 of 1970), or any co-operative society engaged in carrying on the business of banking (including a co-operative land mortgage bank or a co-operative land development bank);

[2](*b*)  in a case where the original asset is transferred after the 28th day of February, 1979 [3][but before the 1st day of March, 1983], such National Rural Development Bonds as the Central Government may notify in this behalf in the Official Gazette;]

[3](*c*)  in a case where the original asset is transferred after the 28th day of February, 1983 [4][but before the 1st day of April, 1986], any of the following assets, namely:—

(*i*)  securities of the Central Government which that Government may, by notification in the Official Gazette, specify in this behalf;

(*ii*)  special series of units of the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963), which the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*iii*) such National Rural Development Bonds as have been notified under clause (*b*) of *Explanation* 1 or as may be notified in this behalf under this clause by the Central Government;

(*iv*) such debentures issued by the Housing and Urban Development Corporation Limited [a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956)], as the Central Government may, by notification in the Official Gazette, specify in this behalf;]

[4](*d*)  in a case where the original asset is transferred after the 31st day of March, 1986, any of the assets specified in clause (*c*) and such bonds issued by any public sector company, as the Central Government may, by notification in the Official Gazette, specify in this behalf;]

---

1. Ins. by Act 19 of 1978, s. 13 (w.e.f. 1-4-1978).
2. Ins. by Act 21 of 1979, s. 8 (w.e.f. 1-4-1979).
3. Ins. by Act 11 of 1983, s. 20 (w.e.f. 1-4-1983).
4. Ins. by Act 23 of 1986, s. 12 (w.e.f. 1-4-1987).

[1]*            *            *            *            *]

[2][(e) in a case where the original asset is transferred after the 31st day of March, 1989, any of the assets specified in clauses (c) and (d) and such debentures or bonds issued by the National Housing Bank established under section 3 of the National Housing Bank Act, 1987 (53 of 1987), as the Central Government may, by notification in the Official Gazette, specify in this behalf.]

[3][Explanation 2.—"Eligible issue of capital" shall have the meaning assigned to it in sub-section (3) of section 80CC.

Explanation 3.—An assessee shall not be deemed to have invested [4][the whole or any part of the net consideration in any equity shares referred to in sub-clause (va) of clause (a)] of Explanation 1, unless the assessee has subscribed to or purchased the shares in the manner specified in sub-section (4) of section 80CC. ]

[5][Explanation 4].—"Cost", in relation to any new asset, being a deposit referred to in [6][sub-clause (vi) of clause (a)] of Explanation 1, means the amount of such deposit.

[7][Explanation 5.—"Net consideration", in relation to the transfer of a capital asset, means the full value of the consideration received or accruing as a result of the transfer of the capital asset as reduced by any expenditure incurred wholly and exclusively in connection with such transfer.]

[8][(1A) Where the assessee deposits after the 27th day of April, 1978, the [9][whole or any part of the net consideration in respect] of the original asset in any new asset, being a deposit [10][referred to in sub-clause (vi) of clause (a)] of Explanation 1 below sub-section (1), the cost of such new asset shall not be taken into account for the purposes of that sub-section unless the following conditions are fulfilled, namely:—

(a) the assessee furnishes, along with the deposit, a declaration in writing, to the bank or the co-operative society referred to in the [11][said sub-clause (vi)] with which such deposit is made, to the effect that the assessee will not take any loan or advance on the security of such deposit during a period of three years from the date on which the deposit is made;

(b) the assessee furnishes, along with the return of income for the assessment year relevant to the previous year in which the transfer of the original asset was effected or within such further time as may be allowed by the [1][Assessing Officer], a copy of the declaration referred to in clause (a) duly attested by an officer not below the rank of sub-agent, agent or manager of such bank or an officer of corresponding rank of such co-operative society.

1. The Explanation omitted by Act 11 of 1987, s. 74 (w.e.f. 1-4-1987).
2. Ins. by Act 13 of 1989, s. 12 (w.e.f. 1-4-1990).
3. Ins. by Act 19 of 1978, s. 13 (w.e.f. 1-4-1978).
4. Subs. by Act 21 of 1979, s. 8, for "the full value of the consideration or any part thereof in any equity shares referred to in clause (va)" (w.e.f. 1-4-1979).
5. Explanation 2 renumbered as Explanation 4 by Act 19 of 1978, s. 13 (w.e.f. 1-4-1978).
6. Subs. by Act 21 of 1979, s. 8, for "clause (vi)" (w.e.f. 1-4-1979).
7. Ins. by s. 8, ibid. (w.e.f. 1-4-1979).
8. Ins. by Act 19 of 1978, s. 13 (w.e.f. 1-4-1978).
9. Subs. by Act 21 of 1979, s. 8, for "full value of the consideration or any part thereof received or accruing as a result of the transfer" (w.e.f. 1-4-1979).
10. Subs. by s. 8, ibid., for "referred to in clause (vi)" (w.e.f. 1-4-1979).
11. Subs. by s. 8, ibid., for "said clause (vi)" (w.e.f. 1-4-1979).
12. Subs. by Act 4 of 1988, s. 2, "Income-tax Officer" (w.e.f. 1-4-1988).

(*1B*) Where on the fulfilment of the conditions specified in sub-section (*1A*), the cost of the new asset referred to in that sub-section is taken into account for the purposes of sub-section (*1*), the assessee shall, within a period of ninety days from the expiry of the period of three years reckoned from the date of such deposit, furnish to the [1][Assessing Officer] a certificate from the officer referred to in clause (*b*) of sub-section (*1A*) to the effect that the assessee has not taken any loan or advance on the security of such deposit during the said period of three years.]

[2][(*1C*) Notwithstanding anything contained in sub-section (*1*), where the capital gain arises from the transfer of the original asset, made after the 31st day of March, 1992, in respect of which the assessee had received any amount by way of advance on or before the 29th day of February, 1992 and had invested or deposited the whole or any part of such amount in the new asset on or before the later date, then, the provisions of clauses (*a*) and (*b*) of sub-section (*1*) shall apply in the case of such investment or deposit as they apply in the case of investment or deposit under that sub-section.]

(*2*) Where the new asset is transferred, or converted (otherwise than by transfer) into money, within a period of three years from the date of its acquisition, the amount of capital gain arising from the transfer of the original asset not charged under  section 45 on the basis of the cost of such new asset as provided in clause (*a*) or, as the case may be, clause (*b*), of sub-section (*1*) shall be deemed to be income chargeable under the head "Capital gains" relating to [3][long-term capital assets] of the previous year in which the new asset is transferred or converted (otherwise than by transfer) into money.]

[4][5][*Explanation1*].—Where the assessee deposits after the 27th day of April, 1978, the [6][whole or any part of the net consideration in respect] of the original asset in any new asset, being a deposit referred to in [7][sub-clause (*vi*) of clause (*a*)] of *Explanation* 1 below sub-section (*1*), and such assessee takes any loan or advance on the security of such deposit, he shall be deemed to have converted (otherwise than by transfer) such deposit into money on the date on which such loan or advance is taken.]

[8][*Explanation 2*.—In a case where the original asset is transferred after the 28th day of February, 1983 and the assessee invests the whole or any part of the net consideration in respect of the original asset in any new asset and such assessee takes any loan or advance on the security of such new asset, he shall be deemed to have converted (otherwise than by transfer) such new asset on the date on which such loan or advance is taken.]

[9]*          *          *          *          *

[1][(*3*)] Where the cost of the equity shares referred to in [2][sub-clause (*va*) of clause (*a*)] of *Explanation* 1 below sub-section (*1*) is taken into account for the purposes of clause (*a*) or clause (*b*) of sub-section (*1*) [3]***, a deduction with reference to such cost shall not be allowed under section 80CC.

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 18 of 1992, s. 30 (w.e.f. 1-4-1992).
3. Subs. by Act 11 of 1987, s. 22, for "capital assets other than short-term capital assets" (w.e.f. 1-4-1988).
4. Ins. by Act 19 of 1978, s. 13 (w.e.f. 1-4-1978).
5. The *Explanation* numbered as *Explanation* 1 by Act 11 of 1983, s. 20 (w.e.f. 1-4-1983).
6. Subs. by Act 21 of 1979, s. 8, for "full value of the consideration or any part thereof received or accruing as a result of the transfer" (w.e.f. 1-4-1979).
7. Subs. by s. 8, *ibid.*, for "clause (*vi*)" (w.e.f. 1-4-1979).
8. Ins. by Act 11 of 1983, s. 20 (w.e.f. 1-4-1983).
9. Sub-sections (*3*), (*4*) and (*5*) omitted by Act 11 of 1987, s. 22 (w.e.f. 1-4-1988).
10. Sub-section (*6*) renumbered as sub-section (*3*) by s. 22, *ibid.* (w.e.f. 1-4-1988).
11. Subs. by Act 21 of 1979, s. 8, for "clause (*va*)" (w.e.f. 1-4-1979).
12. The words, brackets, letters and figure "or clause (*a*) or clause (*b*) of sub-section (*3*)" omitted by Act 11 of 1987, s. 22 (w.e.f. 1-4-1988).

**[1][54EA. Capital gain on transfer of long-term capital assets not to be charged in the case of investment in [2][specified securities].**—(*1*) Where the capital gain arises from the transfer of a long-term capital asset [3][before the 1st day of April, 2000] (the capital asset so transferred being hereafter in this section referred to as the original asset) and the assessee has, at any time within a period of six months after the date of such transfer, invested the whole or any part of the net consideration in any of the [4][bonds, debentures, shares of a public company or units of any mutual fund referred to in clause (*23D*) of section 10,]specified by the Board in this behalf by notification in the Official Gazette (such assets hereafter in this section referred to as the [2][specified securities]), the capital gain shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*a*) if the cost of the [2][specified securities] is not less than the net consideration in respect of the original asset, the whole of such capital gain shall not be charged under section 45;

(*b*) if the cost of the [2][specified securities] is less than the net consideration in respect of the original asset, so much of the capital gain as bears to the whole of the capital gain the same proportion as the cost of acquisition of the [2][specified securities] bears to the net consideration shall not be charged under section 45.

(*2*) Where the [2][specified securities] are transferred or converted (otherwise than by transfer) into money at any time within a period of three years from the date of their acquisition, the amount of capital gain arising from the transfer of the original asset not charged under section 45 on the basis of the cost of such [2][specified securities] as provided in clause (*a*) or clause (*b*) of sub-section (*1*) shall be deemed to be the income chargeable under the head "Capital gains" relating to long-term capital assets of the previous year in which the [2][specified securities] are transferred or converted (otherwise than by transfer) into money.

*Explanation*.—In a case where the original asset is transferred and the assessee invests the whole or any part of the net consideration in respect of the original asset in any [2][specified securities] and such assessee takes any loan or advance on the security of such [2][specified securities], he shall be deemed to have converted (otherwise than by transfer) such [2][specified securities] into money on the date on which such loan or advance is taken.

(*3*) Where the cost of the [2][specified securities] has been taken into account for the purposes of clause (*a*) or clause (*b*) of sub-section (*1*), a rebate with reference to such cost shall not be allowed under section 88.

*Explanation*.—For the purposes of this section,—

(*a*) "cost", in relation to any [2][specified securities], means the amount invested in such [2][specified securities] out of the net consideration received or accruing as a result of the transfer of the original asset;

(*b*) "net consideration", in relation to the transfer of a capital asset, means the full value of the consideration received or accruing as a result of the transfer of the capital asset as reduced by the expenditure incurred wholly and exclusively in connection with such transfer.]

---

1. Ins. by Act 33 of 1996, s. 20 (w.e.f. 1-10-1996).
2. Subs. by Act 14 of 1997, s. 2, for "specified bonds or debentures" (w.e.f. 1-10-1996).
3. Ins. by Act 10 of 2000, s. 25 (w.e.f. 1-4-2001).
4. Subs. by Act 14 of 1997, s. 2, for "bonds, debentures or units of any mutual fund referred to in clause (23D) of section 10" (w.e.f. 1-10-1996).

**54EB. Capital gain on transfer of long-term capital assets not to be charged in certain cases.**—(*1*) Where the capital gain arises from the transfer of a long-term capital asset [1][before the 1st day of April, 2000] (the capital asset so transferred being hereafter in this section referred to as the original asset), and the assessee has, at any time within a period of six months after the date of such transfer invested the whole or any part of capital gains, in any of the assets specified by the Board in this behalf by notification in the Official Gazette (such assets hereafter in this section referred to as the long-term specified assets), the capital gain shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*a*) if the cost of the long-term specified asset is not less than the capital gain arising from the transfer of the original asset, the whole of such capital gain shall not be charged under section 45;

(*b*) if the cost of the long-term specified asset is less than the capital gain arising from the transfer of the original asset, so much of the capital gain as bears to the whole of the capital gain the same proportion as the cost of acquisition of the long-term specified asset bears to the whole of the capital gain, shall not be charged under section 45.

*Explanation*.—"Cost", in relation to any long-term specified asset, means the amount invested in such specified asset out of capital gains received or accruing as a result of the transfer of the original asset.

(*2*) Where the long-term specified asset is transferred or converted (otherwise than by transfer) into money at any time within a period of seven years from the date of its acquisition, the amount of capital gains arising from the transfer of the original asset not charged under section 45 on the basis of the cost of such long-term specified asset as provided in clause (a), or as the case may be, clause (b) of sub-section (*1*) shall be deemed to be the income chargeable under the head "Capital gains" relating to long-term capital assets of the previous year in which the long-term specified asset is transferred or converted (otherwise than by transfer) into money.

*Explanation*.—In a case where the original asset is transferred and the assessee invests the whole or any part of the capital gain received or accrued as a result of transfer of the original asset in any long-term specified asset and such assessee takes any loan or advance on the security of such specified asset, he shall be deemed to have converted (otherwise than by transfer) such specified asset into money on the date on which such loan or advance is taken.

(*3*) Where the cost of the long-term specified asset has been taken into account for the purposes of clause (*a*) or clause (*b*) of sub-section (*1*), a deduction from the amount of income-tax with reference to such cost shall not be allowed under section 88.]

[1][**54EC. Capital gain not to be charged on investment in certain bonds**.—(*1*) Where the capital gain arises from the transfer of a long-term capital asset (the capital asset so transferred being hereafter in this section referred to as the original asset) and the assessee has, at any time within a period of six months after the date of such transfer, invested the whole or any part of capital gains in the long-term specified asset, the capital gain shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*a*) if the cost of the long-term specified asset is not less than the capital gain arising from the transfer of the original asset, the whole of such capital gain shall not be charged under section 45;

---

1. Ins. by Act 10 of 2000, s. 26 (w.e.f. 1-4-2001).
2. Ins. by s. 27, *ibid.* (w.e.f. 1-4-2001).

(*b*) if the cost of the long-term specified asset is less than the capital gain arising from the transfer of the original asset, so much of the capital gain as bears to the whole of the capital gain the same proportion as the cost of acquisition of the long-term specified asset bears to the whole of the capital gain, shall not be charged under section 45:

[1][Provided that the investment made on or after the 1st day of April, 2007 in the long-term specified asset by an assessee during any financial year does not exceed fifty lakh rupees:]

[2][Provided further that the investment made by an assessee in the long-term specified asset, from capital gains arising from transfer of one or more original assets, during the financial year in which the original asset or assets are transferred and in the subsequent financial year does not exceed fifty lakh rupees.]

(*2*) Where the long-term specified asset is transferred or converted (otherwise than by transfer) into money at any time within a period of three years from the date of its acquisition, the amount of capital gains arising from the transfer of the original asset not charged under section 45 on the basis of the cost of such long-term specified asset as provided in clause (*a*) or, as the case may be, clause (*b*) of sub-section (*1*) shall be deemed to be the income chargeable under the head "Capital gains" relating to long-term capital asset of the previous year in which the long-term specified asset is transferred or converted (otherwise than by transfer) into money.

*Explanation*.—In a case where the original asset is transferred and the assessee invests the whole or any part of the capital gain received or accrued as a result of transfer of the original asset in any long-term specified asset and such assessee takes any loan or advance on the security of such specified asset, he shall be deemed to have converted (otherwise than by transfer) such specified asset into money on the date on which such loan or advance is taken.

[3][(*3*) Where the cost of the long-term specified asset has been taken into account for the purposes of clause (*a*) or clause (*b*) of sub-section (*1*),—

(*a*) a deduction from the amount of income-tax with reference to such cost shall not be allowed under section 88 for any assessment year ending before the 1st day of April, 2006;

(*b*) a deduction from the income with reference to such cost shall not be allowed under section 80C for any assessment year beginning on or after the 1st day of April, 2006.]

*Explanation*.—For the purposes of this section,—

(*a*) "cost", in relation to any long-term specified asset, means the amount invested in such specified asset out of capital gains received or accruing as a result of the transfer of the original asset;

[1][(*b*) "long-term specified asset" for making any investment under this section during the period commencing from the 1st day of April, 2006 and ending with the 31st day of March, 2007, means any bond, redeemable after three years and issued on or after the 1st day of April, 2006, but on or before the 31st day of March, 2007,—

---

1. Ins. by Act 22 of 2007, s. 18 (w.e.f. 1-4-2007).
2. Ins. by Act 25 of 2014, s. 23 (w.e.f. 1-4-2015).
3. Ins. by Act 18 of 2005, s. 17 (w.e.f. 1-4-2006).
4. Subs. by Act 22 of 2007, s. 18, for clause (*b*) (w.e.f. 1-4-2006).

(*i*) by the National Highways Authority of India constituted under section 3 of the National Highways Authority of India Act, 1988 (68 of 1988); or

(*ii*) by the Rural Electrification Corporation Limited, a company formed and registered under the Companies Act, 1956 (1 of 1956),

and notified by the Central Government in the Official Gazette for the purposes of this section with such conditions (including the condition for providing a limit on the amount of investment by an assessee in such bond) as it thinks fit:]

[1][Provided that where any bond has been notified before the 1st day of April, 2007, subject to the conditions specified in the notification, by the Central Government in the Official Gazette under the provisions of clause (b) as they stood immediately before their amendment by the Finance Act, 2007 (22 of 2007), such bond shall be deemed to be a bond notified under this clause;

[2][(*ba*) "long-term specified asset" for making any investment under this section on or after the 1st day of April, 2007 means any bond, redeemable after three years and issued on or after the 1st day of April, 2007 by the National Highways Authority of India constituted under section 3 of the National Highways Authority of India Act, 1988 (68 of 1988) or by the Rural Electrification Corporation Limited, a company formed and registered under [3][the Companies Act, 1956 (1 of 1956)].

[4][**54ED. Capital gain on transfer of certain listed securities or unit not to be charged in certain cases.**—(*1*) Where the capital gain arises [5][from the transfer before the 1st day of April, 2006, of a long-term capital asset,] being listed securities or unit (the capital asset so transferred being hereafter in this section referred to as the original asset), and the assessee has, within a period of six months after the date of such transfer, invested the whole or any part of the capital gain in acquiring equity shares forming part of an eligible issue of capital (such equity shares being hereafter in this section referred to as the specified equity shares), the said capital gain shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*a*) if the cost of the specified equity shares is not less than the capital gain arising from the transfer of the original asset, the whole of such capital gain shall not be charged under section 45;

(*b*) if the cost of the specified equity shares is less than the capital gain arising from the transfer of the original asset, so much of the capital gain as bears to the whole of the capital gain the same proportion as the cost of the specified equity shares acquired bears to the whole of the capital gain shall not be charged under section 45.

*Explanation.*—For the purposes of this sub-section,—

(*i*) "eligible issue of capital" means an issue of equity shares which satisfies the following conditions, namely:—

(*a*) the issue is made by a public company formed and registered in India;

(*b*) the shares forming part of the issue are offered for subscription to the public;

---

1. Ins. by Act 22 of 2007, s. 18 (w.e.f. 1-4-2006).
2. Ins. by s. 18, *ibid*. (w.e.f. 1-4-2007).
3. The words and figure in brackets shall stand substituted by Act 7 of 2017, s. 27, to read us "the Companies Act, 1956 (1 of 1956); or any other bond notified by the Central Government in this behalf" (w.e.f. 1-4-2018).
4. Ins. by Act 14 of 2001, s. 32 (w.e.f. 1-4-2002).
5. Subs. by Act 21 of 2006, s. 14, for "from the transfer of a long-term capital asset" (w.e.f. 1-4-2007).

(*ii*) "listed securities" shall have the same meaning as in clause (*a*) of the *Explanation* to sub-section (*1*) of section 112;

(*iii*) "unit" shall have the meaning assigned to it in clause (*b*) of the *Explanation* to section 115AB.

(*2*) Where the specified equity shares are sold or otherwise transferred within a period of one year from the date of their acquisition, the amount of capital gain arising from the transfer of the original asset not charged under section 45 on the basis of the cost of such specified equity shares as provided in clause (*a*) or, as the case may be, clause (*b*), of sub-section (*1*) shall be deemed to be the income chargeable under the head "Capital gains" relating to long-term capital assets of the previous year in which such equity shares are sold or otherwise transferred.

[1][(*3*) Where the cost of the specified equity shares has been taken into account for the purposes of clause (*a*) or clause (*b*) of sub-section (*1*),—

(*a*) a deduction from the amount of income-tax with reference to such cost shall not be allowed under section 88 for any assessment year ending before the 1st day of April, 2006;

(*b*) a deduction from the income with reference to such cost shall not be allowed under section 80C for any assessment year beginning on or after the 1st day of April, 2006.]]

[2][**54EE. Capital gain not to be charged on investment in units of a specified fund**.—(*1*) Where the capital gain arises from the transfer of a long-term capital asset (herein in this section referred to as the original asset) and the assessee has, at any time within a period of six months after the date of such transfer, invested the whole or any part of capital gains in the long-term specified asset, the capital gain shall be dealt with in accordance with the following provisions of this section, namely:—

(*a*) if the cost of the long-term specified asset is not less than the capital gain arising from the transfer of the original asset, the whole of such capital gain shall not be charged under section 45;

(*b*) if the cost of the long-term specified asset is less than the capital gain arising from the transfer of the original asset, so much of the capital gain as bears to the whole of the capital gain the same proportion as the cost of acquisition of the long-term specified asset bears to the whole of the capital gain, shall not be charged under section 45:

Provided that the investment made on or after the 1st day of April, 2016, in the long-term specified asset by an assessee during any financial year does not exceed fifty lakh rupees:

Provided further that the investment made by an assessee in the long-term specified asset, from capital gains arising from the transfer of one or more original assets, during the financial year in which the original asset or assets are transferred and in the subsequent financial year does not exceed fifty lakh rupees.

(*2*) Where the long-term specified asset is transferred by the assessee at any time within a period of three years from the date of its acquisition, the amount of capital gains arising from the transfer of the original asset not charged under section 45 on the basis of the cost of such long-term specified asset as provided in clause (*a*) or, as the case may be, clause (*b*) of sub-section (*1*) shall be deemed to be the income chargeable under the head "Capital gains" relating to long-term capital asset of the previous year in which the long-term specified asset is transferred.

1. Ins. by Act 18 of 2005, s. 18 (w.e.f. 1-4-2006).
2. Ins. by Act 28 of 2016, s. 32 (w.e.f 1-4-2017).

*Explanation* 1.—In a case where the original asset is transferred and the assessee invests the whole or any part of the capital gain received or accrued as a result of transfer of the original asset in any long-term specified asset and such assessee takes any loan or advance on the security of such specified asset, he shall be deemed to have transferred such specified asset on the date on which such loan or advance is taken.

*Explanation* 2.—For the purposes of this section,—

(*a*) "cost", in relation to any long -term specified asset, means the amount invested in such specified asset out of capital gains received or accruing as a result of the transfer of the original asset;

(*b*) "long-term specified asset" means a unit or units, issued before the 1st day of April, 2019, of such fund as may be notified by the Central Government in this behalf.]

[1][**54F. Capital gain on transfer of certain capital assets not to be charged in case of investment in residential house.—**(*1*) [2][Subject to the provisions of sub-section (*4*), where, in the case of an assessee being an individual or a Hindu undivided family, the capital gain arises from the transfer of any long-term capital asset, not being a residential house (hereafter in this section referred to as the original asset), and the assessee has, within a period of one year before or [3][two years] after the date on which the transfer took place purchased, or has within a period of three years after that date [4][constructed, one residential house in India] (hereafter in this section referred to as the new asset), the capital gain shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*a*) if the cost of the new asset is not less than the net consideration in respect of the original asset, the whole of such capital gain shall not be charged under section 45;

(*b*) if the cost of the new asset is less than the net consideration in respect of the original asset, so much of the capital gain as bears to the whole of the capital gain the same proportion as the cost of the new asset bears to the net consideration, shall not be charged under section 45:

[5][Provided that nothing contained in this sub-section shall apply where—

(*a*) theassessee,—

(*i*) owns more than one residential house, other than the new asset, on the date of transfer of the original asset; or

(*ii*) purchases any residential house, other than the new asset, within a period of one year after the date of transfer of the original asset; or

(*iii*) constructs any residential house, other than the new asset, within a period of three years after the date of transfer of the original asset; and

(*b*) the income from such residential house, other than the one residential house owned on the date of transfer of the original asset, is chargeable under the head "Income from house property".]

*Explanation*.—For the purposes of this section,—

[1]*         *         *         *         *

---

1. Ins. by Act 14 of 1982, s. 12 (w.e.f. 1-4-1983).
2. Subs. by Act 11 of 1987, s. 23, for "Where, in the case of an assesse being an individual" (w.e.f. 1-4-1988).
3. Ins. by s. 23, *ibid.* (w.e.f 1-4-1988).
4. Subs. by Act 25 of 2014, s. 24, for "constructed, a residential house" (w.e.f. 1-4-2015).
5. Subs. by Act 10 of 2000, s. 28, for the proviso (w.e.f 1-4-2001).
6. Clause (*i*) omitted by Act 11 of 1987, s. 23 (w.e.f. 1-4-1988).

[1]*** "net consideration", in relation to the transfer of a capital asset, means the full value of the consideration received or accruing as a result of the transfer of the capital asset as reduced by any expenditure incurred wholly and exclusively in connection with such transfer.

(*2*) Where the assessee purchases, within the period of [2][two years] after the date of the transfer of the original asset, or constructs, within the period of three years after such date, any residential house, the income from which is chargeable under the head "Income from house property", other than the new asset, the amount of capital gain arising from the transfer of the original asset not charged under section 45 on the basis of the cost of such new asset as provided in clause (*a*), or, as the case may be, clause (*b*), of sub-section (*1*), shall be deemed to be income chargeable under the head "Capital gains" relating to long-term capital assets of the previous year in which such residential house is purchased or constructed.

(*3*) Where the new asset is transferred within a period of three years from the date of its purchase or, as the case may be, its construction, the amount of capital gain arising from the transfer of the original asset not charged under section 45 on the basis of the cost of such new asset as provided in clause (*a*) or, as the case may be, clause (*b*), of sub-section (*1*) shall be deemed to be income chargeable under the head "Capital gains" relating to long-term capital assets of the previous year in which such new asset is transferred.]

[3][(*4*) The amount of the net consideration which is not appropriated by the assessee towards the purchase of the new asset made within one year before the date on which the transfer of the original asset took place, or which is not utilised by him for the purchase or construction of the new asset before the date of furnishing the return of income under section 139, shall be deposited by him before furnishing such return [such deposit being made in any case not later than the due date applicable in the case of the assessee for furnishing the return of income under sub-section (*1*) of section 139] in an account in any such bank or institution as may be specified in, and utilised in accordance with, any scheme which the Central Government may, by notification in the Official Gazette, frame in this behalf and such return shall be accompanied by proof of such deposit; and, for the purposes of sub-section (*1*), the amount, if any, already utilised by the assessee for the purchase or construction of the new asset together with the amount so deposited shall be deemed to be the cost of the new asset:

Provided that if the amount deposited under this sub-section is not utilised wholly or partly for the purchase or construction of the new asset within the period specified in sub-section (*1*), then,—

(*i*) the amount by which—

(*a*) the amount of capital gain arising from the transfer of the original asset not charged under section 45 on the basis of the cost of the new asset as provided in clause (*a*) or, as the case may be, clause (*b*) of sub-section (*1*), exceeds

(*b*) the amount that would not have been so charged had the amount actually utilised by the assessee for the purchase or construction of the new asset within the period specified in sub-section (*1*) been the cost of the new asset,

shall be charged under section 45 as income of the previous year in which the period of three years from the date of the transfer of the original asset expires; and

---

1. The bracket and figure "(*ii*)" omitted by Act 11 of 1987, s. 23 (w.e.f. 1-4-1988).
2. Subs. by s. 23, *ibid.*, for "one year" (w.e.f. 1-4-1988).
3. Ins. by s. 23, *ibid.* (w.e.f. 1-4-1988).

(*ii*) the assessee shall be entitled to withdraw the unutilised amount in accordance with the scheme aforesaid.

¹*       *       *       *       *]

²**[54G. Exemption of capital gains on transfer of assets in cases of shifting of industrial undertaking from urban area.**—(*1*) Subject to the provisions of sub-section (*2*), where the capital gain arises from the transfer of a capital asset, being machinery or plant or building or land or any rights in building or land used for the purposes of the business of an industrial undertaking situate in an urban area, effected in the course of, or in consequence of, the shifting of such industrial undertaking (hereafter in this section referred to as the original asset) to any area (other than an urban area) and the assessee has within a period of one year before or three years after the date on which the transfer took place,—

(*a*) purchased new machinery or plant for the purposes of business of the industrial undertaking in the area to which the said undertaking is shifted ;

(*b*) acquired building or land or constructed building for the purposes of his business in the said area;

(*c*) shifted the original asset and transferred the establishment of such undertaking to such area; and

(*d*) incurred expenses on such other purpose as may be specified in a scheme framed by the Central Government for the purposes of this section,

then, instead of the capital gain being charged to income-tax as income of the previous year in which the transfer took place, it shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*i*) if the amount of the capital gain is greater than the cost and expenses incurred in relation to all or any of the purposes mentioned in clauses (*a*) to (*d*) (such cost and expenses being hereafter in this section referred to as the new asset), the difference between the amount of the capital gain and the cost of the new asset shall be charged under section 45 as the income of the previous year ; and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its being purchased, acquired, constructed or transferred, as the case may be, the cost shall be nil ; or

(*ii*) if the amount of the capital gain is equal to, or less than, the cost of the new asset, the capital gain shall not be charged under section 45; and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its being purchased, acquired, constructed or transferred, as the case may be, the cost shall be reduced by the amount of the capital gain.

*Explanation*.—In this sub-section, "urban area" means any such area within the limits of a municipal corporation or municipality as the Central Government may, having regard to the population, concentration of industries, need for proper planning of the area and other relevant factors, by general or special order, declare to be an urban area for the purposes of this sub-section.

1. The *Explanation* omitted by 18 of 1992, s. 31 (w.e.f. 1-4-1993).
2. Ins. by Act 11 of 1987, s. 24 (w.e.f. 1-4-1988).

(*2*) The amount of capital gain which is not appropriated by the assessee towards the cost and expenses incurred in relation to all or any of the purposes mentioned in clauses (*a*) to (*d*) of sub-section (*1*) within one year before the date on which the transfer of the original asset took place, or which is not utilised by him for all or any of the purposes aforesaid before the date of furnishing the return of income under section 139, shall be deposited by him before furnishing such return [such deposit being made in any case not later than the due date applicable in the case of the assessee for furnishing the return of income under sub-section (*1*) of section 139] in an account in any such bank or institution as may be specified in, and utilised in accordance with, any scheme which the Central Government may, by notification in the Official Gazette, frame in this behalf and such return shall be accompanied by proof of such deposit ; and, for the purposes of sub-section (*1*), the amount, if any, already utilised by the assessee for all or any of the purposes aforesaid together with the amount, so deposited shall be deemed to be the cost of the new asset:

Provided that if the amount deposited under this sub-section is not utilised wholly or partly for all or any of the purposes mentioned in clauses (a) to (d) of sub-section (*1*) within the period specified in that sub-section, then,—

(*i*) the amount not so utilised shall be charged under section 45 as the income of the previous year in which the period of three years from the date of the transfer of the original asset expires; and

(*ii*) theassessee shall be entitled to withdraw such amount in accordance with the scheme aforesaid.

[1]*                 *                 *                 *                 *

[2][**54GA. Exemption of capital gains on transfer of assets in cases of shifting of industrial undertaking from urban area to any Special Economic Zone**.—(*1*) Notwithstanding anything contained in section 54G, where the capital gain arises from the transfer of a capital asset, being machinery or plant or building or land or any rights in building or land used for the purposes of the business of an industrial undertaking situate in an urban area, effected in the course of, or in consequence of the shifting of such industrial undertaking to any Special Economic Zone, whether developed in any urban area or any other area and the assessee has within a period of one year before or three years after the date on which the transfer took place,—

(*a*) purchased machinery or plant for the purposes of business of the industrial undertaking in the Special Economic Zone to which the said undertaking is shifted;

(*b*) acquired building or land or constructed building for the purposes of his business in the Special Economic Zone;

(*c*) shifted the original asset and transferred the establishment of such undertaking to the Special Economic Zone; and

(*d*) incurred expenses on such other purposes as may be specified in a scheme framed by the Central Government for the purposes of this section,

---

1. The *Explanation* omitted by Act 18 of 1992, s. 32 (w.e.f. 1-4-1993).
2. Ins. by Act 28 of 2005, s. 27 and the Second Schedule (w.e.f. 10-2-2006).

then, instead of the capital gain being charged to income-tax as income of the previous year in which the transfer took place, it shall, subject to the provisions of sub-section (*2*), be dealt with in accordance with the following provisions of this section, that is to say,—

(*i*) if the amount of the capital gain is greater than the cost and expenses incurred in relation to all or any of the purposes mentioned in clauses (*a*) to (*d*) (such cost and expenses being hereafter in this section referred to as the new asset), the difference between the amount of the capital gain and the cost of the new asset shall be charged under section 45 as the income of the previous year; and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its being purchased, acquired, constructed or transferred, as the case may be, the cost shall be Nil; or

(*ii*) if the amount of the capital gain is equal to, or less than, the cost of the new asset, the capital gain shall not be charged under section 45, and for the purpose of computing in respect of the new asset any capital gain arising from its transfer within a period of three years of its being purchased, acquired, constructed or transferred, as the case may be, the cost shall be reduced by the amount of the capital gain.

*Explanation*.—In this sub-section,—

(*a*) "Special Economic Zone" shall have the meaning assigned to it in clause (*za*) of the Special Economic Zones Act, 2005;

(*b*) "urban area" means any such area within the limits of a municipal corporation or municipality as the Central Government may, having regard to the population, concentration of industries, need for proper planning of the area and other relevant factors, by general or special order, declare to be an urban area for the purposes of this sub-section.

(*2*) The amount of capital gain which is not appropriated by the assessee towards the cost and expenses incurred in relation to all or any of the purposes mentioned in clauses (*a*) to (*d*) of sub-section (*1*) within one year before the date on which the transfer of the original asset took place, or which is not utilised by him for all or any of the purposes aforesaid before the date of furnishing the return of income under section 139, shall be deposited by him before furnishing such return [such deposit being made in any case not later than the due date applicable in the case of the assessee for furnishing the return of income under sub-section (*1*) of section 139] in an account in any such bank or institution as may be specified in, and utilised in accordance with, any scheme which the Central Government may, by notification, frame in this behalf and such return shall be accompanied by proof of such deposit; and, for the purposes of sub-section (1), the amount, if any, already utilised by the assessee for all or any of the aforesaid purposes together with the amount so deposited shall be deemed to be the cost of the new asset:

Provided that if the amount deposited under this sub-section is not utilised wholly or partly for all or any of the purposes mentioned in clauses (a) to (d) of sub-section (1) within the period specified in that sub-section, then,—

(*i*) the amount not so utilised shall be charged under section 45 as the income of the previous year in which the period of three years from the date of the transfer of the original asset expires; and

(*ii*) the assessee shall be entitled to withdraw such amount in accordance with the scheme aforesaid.]

[1][**54GB. Capital gain on transfer of residential property not to be charged in certain cases**.—(*1*) Where,—

(*i*) the capital gain arises from the transfer of a long-term capital asset, being a residential property (a house or a plot of land), owned by the eligible assessee (herein referred to as the assessee); and

(*ii*) the assessee, before the due date of furnishing of return of income under sub-section (*1*) of section 139, utilises the net consideration for subscription in the equity shares of an eligible company (herein referred to as the company); and

(*iii*) the company has, within one year from the date of subscription in equity shares by the assessee, utilised this amount for purchase of new asset,

then, instead of the capital gain being charged to income-tax as the income of the previous year in which the transfer takes place, it shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*a*) if the amount of the net consideration is greater than the cost of the new asset, then, so much of the capital gain as it bears to the whole of the capital gain the same proportion as the cost of the new asset bears to the net consideration, shall not be charged under section 45 as the income of the previous year; or

(*b*) if the amount of the net consideration is equal to or less than the cost of the new asset, the capital gain shall not be charged under section 45 as the income of the previous year.

(*2*) The amount of the net consideration, which has been received by the company for issue of shares to the assessee, to the extent it is not utilised by the company for the purchase of the new asset before the due date of furnishing of the return of income by the assessee under section 139, shall be deposited by the company, before the said due date in an account in any such bank or institution as may be specified and shall be utilised in accordance with any scheme which the Central Government may, by notification in the Official Gazette, frame in this behalf and the return furnished by the assessee shall be accompanied by proof of such deposit having been made.

(*3*) For the purposes of sub-section (*1*), the amount, if any, already utilised by the company for the purchase of the new asset together with the amount deposited under sub-section (*2*) shall be deemed to be the cost of the new asset:

Provided that if the amount so deposited is not utilised, wholly or partly, for the purchase of the new asset within the period specified in sub-section (*1*), then,—

(*i*) the amount by which—

(*a*) the amount of capital gain arising from the transfer of the residential property not charged under section 45 on the basis of the cost of the new asset as provided in sub-section (*1*),

exceeds—

(*b*) the amount that would not have been so charged had the amount actually utilised for the purchase of the new asset within the period specified in sub-section (*1*)been the cost of the new asset,

shall be charged under section 45 as income of the assessee for the previous year in which the period of one year from the date of the subscription in equity shares by the assessee expires; and

(*ii*) the company shall be entitled to withdraw such amount in accordance with the scheme.

---

1. Ins. by Act 23 of 2012, s. 19 (w.e.f. 1-4-2013).

(*4*) If the equity shares of the company or the new asset acquired by the company are sold or otherwise transferred within a period of five years from the date of their acquisition, the amount of capital gain arising from the transfer of the residential property not charged under section 45 as provided in sub-section (*1*) shall be deemed to be the income of the assessee chargeable under the head "Capital gains" of the previous year in which such equity shares or such new asset are sold or otherwise transferred, in addition to taxability of gains, arising on account of transfer of shares or of the new asset, in the hands of the assessee or the company, as the case may be.

(*5*) The provisions of this section shall not apply to any transfer of residential property made after the 31st day of March, 2017.

[1][Provided that in case of an investment in eligible start-up, the provisions of this sub-section shall have the effect as if for the figures, letters and words "31st day of March, 2017", the figures, letters and words "31st day of March, 2019" had been substituted.]

(*6*) For the purposes of this section,—

(*a*) "eligible assessee" means an individual or a Hindu undivided family;

(*b*) "eligible company" means a company which fulfils the following conditions, namely:—

(*i*) it is a company incorporated in India during the period from the 1st day of April of the previous year relevant to the assessment year in which the capital gain arises to the due date of furnishing of return of income under sub-section (*1*) of section 139 by the assessee;

(*ii*) it is engaged in the business of manufacture of an article or a thing [1][or in an eligible business;]

(*iii*) it is a company in which the assessee has more than fifty per cent. share capital or more than fifty per cent. voting rights after the subscription in shares by the assessee; and

(*iv*) it is a company which qualifies to be a small or medium enterprise under the Micro, Small and Medium Enterprises Act, 2006 (27 of 2006) [1][or is an eligible start-up];

[1][(*ba*) "eligible start-up" and "eligible business" shall have the meanings respectively assigned to them in *Explanation* below sub-section (*4*) of section 80-IAC;]

(*c*) "net consideration" shall have the meaning assigned to it in the *Explanation* to section 54F;

(*d*) "new asset" means new plant and machinery but does not include—

(*i*) any machinery or plant which, before its installation by the assessee, was used either within or outside India by any other person;

(*ii*) any machinery or plant installed in any office premises or any residential accommodation, including accommodation in the nature of a guest-house;

(*iii*) any office appliances including computers or computer software;

(*iv*) any vehicle; or

(*v*) any machinery or plant, the whole of the actual cost of which is allowed as a deduction (whether by way of depreciation or otherwise) in computing the income chargeable under the head "Profits and gains of business or profession" of any previous year.]

---

1. The proviso ins. by Act 28 of 2016, s. 33 (1-4-2017).

[1][Provided that in the case of an eligible start-up, being a technology driven start-up so certified by the Inter-Ministerial Board of Certification notified by the Central Government in the Official Gazette, the new asset shall include computers or computer software.]

[2][**54H. Extension of time for acquiring new asset or depositing or investing amount of capital gain.**—Notwithstanding anything contained in sections 54, 54B, 54D [3]*** [4][, 54EC] and 54F, where the transfer of the original asset is by way of compulsory acquisition under any law and the amount of compensation awarded for such acquisition is not received by the assessee on the date of such transfer, the period for acquiring the new asset by the assessee referred to in those sections or, as the case may be, the period available to the assessee under those sections for depositing or investing the amount of capital gain in relation to such compensation as is not received on the date of the transfer, shall be reckoned from the date of receipt of such compensation:

Provided that where the compensation in respect of transfer of the original asset by way of compulsory acquisition under any law is received before the 1st day of April, 1991, the aforesaid period or periods, if expired, shall extend up to the 31st day of December, 1991.]

**55. Meaning of "adjusted", "cost of improvement" and "cost of acquisition".**—(*1*) For the purposes of [5][sections 48 and 49],—

[6]*           *           *           *           *

[7][(*b*) "cost of any improvement",—

(*1*) in relation to a capital asset being goodwill of a business [8][or a right to manufacture, produce or process any article or thing] [9][or right to carry on any business [10][or profession]] shall be taken to be nil ; and

(*2*) in relation to any other capital asset,—]

(*i*) where the capital asset became the property of the previous owner or the assessee before the [1][1st day of April, [2][1981]], [3]*** means all expenditure of a capital nature incurred in making any additions or alterations to the capital asset on or after the said date by the previous owner or the assessee, and

(*ii*) in any other case, means all expenditure of a capital nature incurred in making any additions or alterations to the capital asset by the assessee after it became his property, and, where the capital asset became the property of the assessee by any of the modes specified in [4][sub-section (*1*) of section 49], by the previous owner,

but does not include any expenditure which is deductible in computing the income chargeable under the head "Interest on securities", "Income from house property", "Profits and gains of business or profession", or "Income from other sources", and the expression "improvement" shall be construed accordingly.

---

1. Proviso ins. by Act 28 of 2016, s. 33 (w.e.f. 1-4-2017).
2. Ins. by Act 49 of 1991, s. 21 (w.e.f. 1-10-1991).
3. The figures and letter ", 54E" omitted by Act 18 of 1992, s. 33 (w.e.f 1-4-1992).
4. Subs. by Act 14 of 2001, s. 33, for ", 54EA, 54EB" (w.e.f. 1-4-2001).
5. Subs. by Act 46 of 1986, s. 32, for "sections 48, 49 and 50" (w.e.f. 1-4-1988).
6. Clause (*a*) omitted by s. 32, *ibid*. (w.e.f. 1-4-1988).
7. Subs. by 11 of 1987, s. 25, for clause (*b*) (w.e.f. 1-4-1988).
8. Ins. by Act 26 of 1997, s. 19 (w.e.f. 1-4-1998).
9. Ins. by Act 20 of 2002, s. 26 (w.e.f. 1-4-2003).
10. Ins. by Act 28 of 2016, s. 34 (w.e.f. 1-4-2017).
11. Subs. by Act 23 of 1986, s. 13, for "1st day of January, 1964" (w.e.f. 1-4-1987).
12. Subs. by Act 18 of 1992, s. 34, for "1974" (w.e.f. 1-4-1993).
13. The words "and the fair market value of the asset on that day is taken as the cost of acquisition at the option of the assessee," omitted by s. 34, *ibid*. (w.e.f. 1-4-1993).
14. Subs. by Act 20 of 1967, s. 21, for "section 49" (w.e.f. 1-4-1967).

(2) [1][For the purposes of sections 48 and 49, "cost of acquisition",—

[2][(a) in relation to a capital asset, being goodwill of a business [3][or a trade mark or brand name associated with a business][4][or a right to manufacture, produce or process any article or thing][5][or right to carry on any business [6][or profession]], tenancy rights, stage carriage permits or loom hours,—

(i) in the case of acquisition of such asset by the assessee by purchase from a previous owner, means the amount of the purchase price; and

(ii) in any other case [not being a case falling under sub-clauses (i) to (iv) of sub-section (1) of section 49], shall be taken to be nil ;

(aa) [7][in a case where, by virtue of holding a capital asset, being a share or any other security, within the meaning of clause (h) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956) (hereafter in this clause referred to as the financial asset), the assessee—

(A) becomes entitled to subscribe to any additional financial asset; or

(B) is allotted any additional financial asset without any payment,

then, subject to the provisions of sub-clauses (i) and (ii) of clause (b),—

(i) in relation to the original financial asset, on the basis of which the assessee becomes entitled to any additional financial asset, means the amount actually paid for acquiring the original financial asset;

(ii) in relation to any right to renounce the said entitlement to subscribe to the financial asset, when such right is renounced by the assessee in favour of any person, shall be taken to be nil in the case of such assessee;

(iii) in relation to the financial asset, to which the assessee has subscribed on the basis of the said entitlement, means the amount actually paid by him for acquiring such asset;

[1][(iiia) in relation to the financial asset allotted to the assessee without any payment and on the basis of holding of any other financial asset, shall be taken to be nil in the case of such assessee;] and

(iv) in relation to any financial asset purchased by any person in whose favour the right to subscribe to such asset has been renounced, means the aggregate of the amount of the purchase price paid by him to the person renouncing such right and the amount paid by him to the company or institution, as the case may be, for acquiring such financial asset;]

[2][(ab) in relation to a capital asset, being equity share or shares allotted to a shareholder of a recognised stock exchange in India under a scheme for [3][demutualisation or corporatisation] approved by the Securities and Exchange Board of India established under section 3 of the Securities and Exchange Board of India Act, 1992 (15 of 1992), shall be the cost of acquisition of his original membership of the exchange:

---

1. Subs. by Act 11 of 1987, s. 25, for the "For the purposes of sections 48 and 49, "cost of acquisition", in relation to a capital asset,—" (w.e.f. 1-4-1988).
2. Subs. by Act 32 of 1994, s. 18, for clause (a) (w.e.f. 1-4-1995).
3. Ins. by 14 of 2001, s. 34 (w.e.f. 1-4-2002).
4. Ins. by Act 26 of 1997, s. 19 (w.e.f. 1-4-1998).
5. Ins. by 20 of 2002, s. 26 (w.e.f. 1-4-2003).
6. Ins. by Act 28 of 2016, s. 34 (w.e.f. 1-4-2017).
7. Subs. by Act 22 of 1995, s. 14, for "in a case where, "and ending with "sub-clauses (i) and (ii) of clause (b)" (w.e.f. 1-4-1996).
8. Ins. by Act 22 of 1995, s. 14 (w.e.f. 1-4-1996).
9. Ins. by Act 14 of 2001, s. 34 (w.e.f. 1-4-2002).
10. Subs. by Act 32 of 2003, s. 31, for "corporatisation" (w.e.f. 1-4-2004).

[1][Provided that the cost of a capital asset, being trading or clearing rights of the recognised stock exchange acquired by a shareholder who has been allotted equity share or shares under such scheme of demutualisation or corporatisation, shall be deemed to be *nil*;]

(*b*) in relation to any other capital asset,—]

(*i*) where the capital asset became the property of the assessee before the [2][1st day of April, [3][1981]], means the cost of acquisition of the asset to the assessee or the fairmarket value of the asset on the [2][1st day of April, [3][1981]], at the option of the assessee;

(*ii*) where the capital asset became the property of the assessee by any of the modes specified in [4][sub-section (*1*) of section 49], and the capital asset became the property of the previous owner before the [2][1st day of April, [3][1981], means the cost of the capital asset to the previous owner or the fairmarket value of the asset on the [2][1st day of April, [3][1981]], at the option of the assessee;

(*iii*) where the capital asset became the property of the assessee on the distribution of the capital assets of a company on itsliquidation and the assessee has been assessed to income-tax under the head "Capital gains" in respect of that asset under section 46, means the fairmarket value of the asset on the date of distribution;

[5]*          *          *          *          *

[6][(*v*) where the capital asset, being a share or a stock of a company, became the property of the assessee on—

(*a*) the consolidation and division of all or any of the sharecapital of the company into shares of larger amount than its existing shares,

(*b*) the conversion of any shares of the company into stock,

(*c*) the re-conversion of any stock of the company into shares,

(*d*) the sub-division of any of the shares of the company into shares of smaller amount, or

(*e*) the conversion of one kind of shares of the company into another kind,

means the cost of acquisition of the asset calculated with reference to the cost of acquisition of the shares or stock from which such asset is derived.]

(*3*) Where the cost for which the previous owner acquired the property cannot be ascertained, the cost of acquisition to the previous owner means the fair market value on the date on which the capital asset became the property of the previous owner.

[1][**55A. Reference to Valuation Officer.**—With a view to ascertaining the fair market value of a capital asset for the purposes of this Chapter, the [2][Assessing Officer] may refer the valuation of capital asset to a Valuation Officer—

(*a*) in a case where the value of the asset as claimed by the assessee is in accordance with the estimate made by a registered valuer, if the [8][Assessing Officer] is of opinion that the value so claimed [3][is at variance with its fair market value];

1. Ins. by Act 32 of 2003, s. 31 (w.e.f. 1-4-2004).
2. Subs. by Act 23 of 1986, s. 13, for "1st day of January, 1964" (w.e.f. 1-4-1987).
3. Subs. by Act 18 of 1992, s. 34, for "1974" (w.e.f. 1-4-1993).
4. Subs. by Act 20 of 1967, s. 21, for "section 49" (w.e.f. 1-4-1967).
5. Omitted by Act 13 of 1966, s. 14 (w.e.f 1-4-1967).
6. Ins. by Act 5 of 1964, s. 14 (w.e.f. 1-4-1964).
7. Ins. by Act 45 of 1972, s. 2 (w.e.f. 1-1-1973).
8. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
9. Subs. by Act 23 of 2012, s. 20, for "is less than its fair market value" (w.e.f. 1-7-2012).

(*b*) in any other case, if the [1][Assessing Officer] is of opinion—

(*i*) that the fair market value of the asset exceeds the value of the asset as claimed by the assessee by more than such percentage of the value of the asset as so claimed or by more than such amountas may be prescribed in this behalf; or

(*ii*) that having regard to the nature of the asset and other relevant circumstances, it is necessary so to do,

and where any such reference is made, the provisions of sub-sections (*2*), (*3*), (*4*), (*5*) and (*6*) of section 16A, clauses (*ha*) and (*i*) of sub-section (*1*) and sub-sections (*3A*) and (*4*) of section 23, sub-section (*5*) of section 24, section 34AA, section 35 and section 37 of the Wealth-tax Act, 1957 (27 of 1957), shall with the necessary modifications, apply in relation to such reference as they apply in relation to a reference made by the [1][Assessing Officer] under sub-section (*1*) of section 16A of that Act.

*Explanation*.—In this section, "Valuation Officer" has the same meaning, as in clause (*r*) of section 2 of the Wealth-tax Act, 1957 (27 of 1957).]

**56. Income from other sources.**—(*1*) Income of every kind which is not to be excluded from the total income under this Act shall be chargeable to income-tax under the head "Income from other sources", if it is not chargeable to income-tax under any of the heads specified in section 14, items A to E.

(*2*) In particular, and without prejudice to the generality of the provisions of sub-section (*1*), the following incomes, shall be chargeable to income-tax under the head "Income from other sources", namely:—

(*i*) dividends;

[2][(*ia*) income referred to in sub-clause (*viii*) of clause (*24*) of section 2;]

[3][(*ib*) income referred to in sub-clause (*ix*) of clause (*24*) of section 2;]

[1][(*ic*) income referred to in sub-clause (*x*) of clause (*24*) of section 2, if such income is not chargeable to income-tax under the head "Profits and gains of business or profession";]

[2][(*id*) income by way of interest on securities, if the income is not chargeable to income-tax under the head "Profits and gains of business or profession";]

(*ii*) income from machinery, plant or furniture belonging to the assessee and let on hire, if the income is not chargeable to income-tax under the head "Profits and gains of business or profession";

(*iii*) where an assessee lets on hire machinery, plant or furniture belonging to him and also buildings, and the letting of the buildings is inseparable from the letting of the said machinery, plant or furniture, the income from such letting, if it is not chargeable to income-tax under the head "Profits and gains of business or profession";

[3][(*iv*) income referred to in sub-clause (*xi*) of clause (*24*) of section 2, if such income is not chargeable to income-tax under the head "Profits and gains of business or profession" or under the head "Salaries";]

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 10 of 1965, s. 18 (w.e.f. 1-4-1965).
3. Ins. by Act 16 of 1972, s. 10 (w.e.f. 1-4-1972).
4. Ins. by Act 11 of 1987, s. 26 (w.e.f. 1-4-1988).
5. Ins. by Act 26 of 1988, s.18 (w.e.f. 1-4-1989).
6. Ins. by Act 33 of 1996, s. 21 (w.e.f. 1-10-1996).

[1][(*v*) where any sum of money exceeding twenty-five thousand rupees is received without consideration by an individual or a Hindu undivided family from any person on or after the 1st day of September, 2004 [2][but before the 1st day of April, 2006], the whole of such sum:

Provided that this clause shall not apply to any sum of money received—

(*a*) from any relative; or

(*b*) on the occasion of the marriage of the individual; or

(*c*) under a will or by way of inheritance; or

(*d*) in contemplation of death of the payer; or

[3][(*e*) from any local authority as defined in the *Explanation* to clause (*20*) of section 10; or

(*f*) from any fund or foundation or university or other educational institution or hospital or other medical institution or any trust or institution referred to in clause (*23C*) of section 10; or

(*g*) from any trust or institution registered under section 12AA.]

*Explanation*.—For the purposes of this clause, "relative" means—

(*i*) spouse of the individual;

(*ii*) brother or sister of the individual;

(*iii*) brother or sister of the spouse of the individual;

(*iv*) brother or sister of either of the parents of the individual;

(*v*) any lineal ascendant or descendant of the individual;

(*vi*) any lineal ascendant or descendant of the spouse of the individual;

(*vii*) spouse of the person referred to in clauses (*ii*) to (*vi*);]

[1][(*vi*) where any sum of money, the aggregate value of which exceeds fifty thousand rupees, is received without consideration, by an individual or a Hindu undivided family, in any previous year from any person or persons on or after the 1st day of April, 2006 [2][but before the 1st day of October, 2009], the whole of the aggregate value of such sum:

Provided that this clause shall not apply to any sum of money received—

(*a*) from any relative; or

(*b*) on the occasion of the marriage of the individual; or

(*c*) under a will or by way of inheritance; or

(*d*) in contemplation of death of the payer; or

(*e*) from any local authority as defined in the *Explanation* to clause (*20*) of section 10; or

---

1. Ins. by Act 23 of 2004, s. 13 (w.e.f. 1-4-2005).
2. Ins. by Act 29 of 2006, s. 10 (w.e.f. 1-4-2006).
3. Ins. by Act 22 of 2007, s. 19 (w.e.f. 1-4-2005).
4. Ins. by Act 29 of 2006, s. 10 (w.e.f. 1-4-2007).
5. Ins. by Act 33 of 2009, s. 26 (w.e.f. 1-10-2009).

(*f*) from any fund or foundation or university or other educational institution or hospital or other medical institution or any trust or institution referred to in clause (*23C*) of section 10; or

(*g*) from any trust or institution registered under section 12AA.

*Explanation*.—For the purposes of this clause, "relative" means—

(*i*) spouse of the individual;

(*ii*) brother or sister of the individual;

(*iii*) brother or sister of the spouse of the individual;

(*iv*) brother or sister of either of the parents of the individual;

(*v*) any lineal ascendant or descendant of the individual;

(*vi*) any lineal ascendant or descendant of the spouse of the individual;

(*vii*) spouse of the person referred to in clauses (*ii*) to (*vi*);]

[1][(*vii*) where an individual or a Hindu undivided family receives, in any previous year, from any person or persons on or after the 1st day of October, 2009,—

(*a*) any sum of money, without consideration, the aggregate value of which exceeds fifty thousand rupees, the whole of the aggregate value of such sum;

[2][(*b*) any immovable property,—

(*i*) without consideration, the stamp duty value of which exceeds fifty thousand rupees, the stamp duty value of such property;

(*ii*) for a consideration which is less than the stamp duty value of the property by an amount exceeding fifty thousand rupees, the stamp duty value of such property as exceeds such consideration:

Provided that where the date of the agreement fixing the amount of consideration for the transfer of immovable property and the date of registration are not the same, the stamp duty value on the date of the agreement may be taken for the purposes of this sub-clause:

Provided further that the said proviso shall apply only in a case where the amount of consideration referred to therein, or a part thereof, has been paid by any mode other than cash on or before the date of the agreement for the transfer of such immovable property;]

(*c*) any property, other than immovable property,—

(*i*) without consideration, the aggregate fair market value of which exceeds fifty thousand rupees, the whole of the aggregate fair market value of such property;

(*ii*) for a consideration which is less than the aggregate fair market value of the property by an amount exceeding fifty thousand rupees, the aggregate fair market value of such property as exceeds such consideration:

Provided that where the stamp duty value of immovable property as referred to in sub-clause (*b*) is disputed by the assessee on grounds mentioned in sub-section (*2*) of section 50C, the Assessing Officer may refer the valuation of such property to a

---

1. Ins. by Act 33 of 2009, s. 26 (w.e.f. 1-10-2009).
2. Ins. by Act 17 of 2013, s. 11 (w.e.f. 1-4-2014).

Valuation Officer, and the provisions of section 50C and sub-section (*15*) of section 155 shall, as far as may be, apply in relation to the stamp duty value of such property for the purpose of sub-clause (*b*) as they apply for valuation of capital asset under those sections:

Provided further that this clause shall not apply to any sum of money or any property received—

(*a*) from any relative; or

(*b*) on the occasion of the marriage of the individual; or

(*c*) under a will or by way of inheritance; or

(*d*) in contemplation of death of the payer or donor, as the case may be; or

(*e*) from any local authority as defined in the *Explanation* to clause (*20*) of section 10; or

(*f*) from any fund or foundation or university or other educational institution or hospital or other medical institution or any trust or institution referred to in clause (*23C*) ofsection 10; or

(*g*) from any trust or institution registered under [1][section 12AA; or]

(*h*) by way of transaction not regarded as transfer under clause (*vicb*) or clause (*vid*) or clause (*vii*) of section 47.

*Explanation*.—For the purposes of this clause,—

(*a*) "assessable" shall have the meaning assigned to it in the *Explanation* 2 to sub-section (*2*) of section 50C;

(*b*) "fair market value" of a property, other than an immovable property, means the value determined in accordance with the method as may be prescribed;

(*c*) "jewellery" shall have the meaning assigned to it in the *Explanation* to sub-clause (*ii*) of clause (*14*) of section 2;

(*d*) "property" [1][means the following capital asset of the assessee, namely:—]

(*i*) immovable property being land or building or both;

(*ii*) shares and securities;

(*iii*) jewellery;

(*iv*) archaeological collections;

(*v*) drawings;

(*vi*) paintings;

(*vii*) sculptures; [2]***

(*viii*) any work of art; [3][or]

[4][(*ix*) bullion;]

---

1. Subs. by Act 28 of 2016, s. 35, for "section 12AA" (w.e.f. 1-4-2017).
2. Subs. by Act 14 of 2010, s. 21, for "means—" (w.e.f. 1-6-2010).
3. The word "or" omitted by s. 21, *ibid*. (w.e.f. 1-10-2010).
4. Ins. by s. 21, *ibid*. (w.e.f. 1-10-2010).

[1][(*e*) "relative" means,—

    (*i*) in case of an individual—

        (*A*) spouse of the individual;

        (*B*) brother or sister of the individual;

        (*C*) brother or sister of the spouse of the individual;

        (*D*) brother or sister of either of the parents of the individual;

        (*E*) any lineal ascendant or descendant of the individual;

        (*F*) any lineal ascendant or descendant of the spouse of the individual;

        (*G*) spouse of the person referred to in items (*B*) to (*F*); and

    (*ii*) in case of a Hindu undivided family, any member thereof;]

(*f*) "stamp duty value" means the value adopted or assessed or assessable by any authority of the Central Government or a State Government for the purpose of payment of stamp duty in respect of an immovable property;]

[1][(*viia*) where a firm or a company not being a company in which the public are substantially interested, receives, in any previous year, from any person or persons, on or after the 1st day of June, 2010, any property, being shares of a company not being a company in which the public are substantially interested,—

    (*i*) without consideration, the aggregate fair market value of which exceeds fifty thousand rupees, the whole of the aggregate fair market value of such property;

    (*ii*) for a consideration which is less than the aggregate fair market value of the property by an amount exceeding fifty thousand rupees, the aggregate fair market value of such property as exceeds such consideration:

    Provided that this clause shall not apply to any such property received by way of a transaction not regarded as transfer under clause (*via*) or clause (*vic*) or clause (*vicb*) or clause (*vid*) or clause (*vii*) of section 47.

*Explanation*.—For the purposes of this clause, "fair market value" of a property, being shares of a company not being a company in which the public are substantially interested, shall have the meaning assigned to it in the *Explanation* to clause (*vii*);]

---

1. Ins. by Act 23 of 2012, s. 21 (w.e.f. 1-10-2009).
2. Ins. by Act 14 of 2010, s. 21 (w.e.f. 1-6-2010).

[1][(*viib*) where a company, not being a company in which the public are substantially interested, receives, in any previous year, from any person being a resident, any consideration for issue of shares that exceeds the face value of such shares, the aggregate consideration received for such shares as exceeds the fair market value of the shares:

Provided that this clause shall not apply where the consideration for issue of shares is received—

(*i*) by a venture capital undertaking from a venture capital company or a venture capital fund; or

(*ii*) by a company from a class or classes of persons as may be notified by the Central Government in this behalf.

*Explanation*.—For the purposes of this clause,—

(*a*) the fair market value of the shares shall be the value—

(*i*) as may be determined in accordance with such method as may be prescribed; or

(*ii*) as may be substantiated by the company to the satisfaction of the Assessing Officer, based on the value, on the date of issue of shares, of its assets, including intangible assets being goodwill, know-how, patents, copyrights, trademarks, licences, franchises or any other business or commercial rights of similar nature,

whichever is higher;

(*b*) "venture capital company", "venture capital fund" and "venture capital undertaking" shall have the meanings respectively assigned to them in clause (*a*), clause (*b*) and clause (*c*) of [1][*Explanation*] to clause (*23FB*) of section 10;]

[2][(*viii*) income by way of interest received on compensation or on enhanced compensation referred to in clause (*b*) of section 145A;]

[3][(*ix*) any sum of money received as an advance or otherwise in the course of negotiations for transfer of a capital asset, if,—

(*a*) such sum is forfeited; and

(*b*) the negotiations do not result in transfer of such capital asset.]

**57. Deductions.**—The income chargeable under the head "Income from other sources" shall be computed after making the following deductions, namely:—

(*i*) [4][in the case of dividends, other than dividends referred to in section 115-O], [5][or interest on securities], any reasonable sum paid by way of commission or remuneration to a banker or any other person for the purpose of realising such dividend [6][or interest] on behalf of the assessee;

1. Ins. by Act 23 of 2012, s. 21 (w.e.f. 1-4-2013).
2. Subs. by Act 17 of 2013, s. 11, for "*Explanation I*" (w.e.f. 1-4-2014).
3. Ins. by Act 33 of 2009, s. 26 (w.e.f. 1-4-2010).
4. Ins. by Act 25 of 2014, s. 25 (w.e.f. 1-4-2015).
5. Subs. by Act 32 of 2003, s. 32, for "in the case of dividends" (w.e.f. 1-4-2004).
6. Ins. by Act 26 of 1988, s.19 (w.e.f. 1-4-1989).

[1][(*ia*) in the case of income of the nature referred to in sub-clause (*x*) of clause (*24*) of section 2 which is chargeable to income-tax under the head "Income from other sources", deductions, so far as may be, in accordance with the provisions of clause (*va*) of sub-section (*1*) of section 36;]

(*ii*) in the case of income of the nature referred to in clauses (*ii*) and (*iii*) of sub-section (*2*) of section 56, deductions, so far as may be, in accordance with the provisions of sub-clause (*ii*) of clause (*a*) and clause (*c*) of section 30, section 31 and [2][sub-sections (*1*) [3]*** and (*2*) of section 32] and subject to the provisions of [4][section 38];

[5][(*iia*) in the case of income in the nature of family pension, a deduction of a sum equal to thirty-three and one-third per cent of such income or [6][fifteen thousand rupees], whichever is less.

*Explanation*.—For the purposes of this clause, "family pension" means a regular monthly amount payable by the employer to a person belonging to the family of an employee in the event of his death;]

(*iii*) any other expenditure (not being in the nature of capital expenditure) laid out or expended wholly and exclusively for the purposeof making or earning such income;

[7][(*iv*) in the case of income of the nature referred to in clause (*viii*) of sub-section (*2*) of section 56, a deduction of a sum equal to fifty per cent of such income and no deduction shall be allowed under any other clause of this section.]

[1]*          *          *          *          *

[2]*          *          *          *          *

**58. Amounts not deductible.**—[3][(*1*)] Notwithstanding anything to the contrary contained in section 57, the following amounts shall not be deductible in computing the income chargeable under the head "Income from other sources", namely:—

(*a*) in the case of any assessee,—

(*i*) any personal expenses of the assessee;

[4][(*ia*) any expenditure of the nature referred to in sub-section (*12*) of section 40A;]

(*ii*) any interest chargeable under this Act which is payable outside India (not being interest on a loan issued for public subscription before the 1st day of April, 1938) on which tax has not been paid or deducted under Chapter XVII-B [5]***;

(*iii*) any payment which is chargeable under the head "Salaries", if it is payable outside India, unless tax has been paid thereon or deducted therefrom under Chapter XVII-B;

[6]*          *          *          *          *

[7]*          *          *          *          *

---

1. Ins. by Act 11 of 1987, s. 27 (w.e.f. 1-4-1988).

2. Subs. by Act 42 of 1970, s. 14, for "sub-sections (*1*) and (*2*) of section 32" (w.e.f. 1-4-1970).

3. The brackets, figure and letter "(*1A*)" omitted by Act 46 of 1986, s. 32 (w.e.f. 1-4-1988).

4. Subs. by s. 32, *ibid.*, for "sections 34 and 38" (w.e.f. 1-4-1988).

5. Ins. by Act 13 of 1989, s. 13 (w.e.f. 1-4-1990).

6. Subs. by Act 26 of 1997, s. 20, for "twelve thousand rupees" (w.e.f. 1-4-1998).

7. Ins. by Act 33 of 2009, s. 27 (w.e.f. 1-4-2010).

8. The proviso omitted by Act 32 of 1994, s. 19 (w.e.f. 1-1995).

9. *Explanation* omitted by Act 26 of 1988, s. 19 (w.e.f. 1-4-1989).

10. Section 58 renumbered as sub-section (*1*) thereof by Act 19 of 1968, s.8 (w.e.f. 1-4-1968).

11. Ins. by Act 32 of 1985, s. 15 (w.e.f. 1-4-1986).

12. The words "and in respect of which there is no person in India who may be treated as in agent under section 163" omitted by Act 26 of 1988, s. 20 (w.e.f. 1-4-1989).

13. Clause (*iv*) omitted by Act 32 of 1971, s. 12 (w.e.f. 1-4-1972).

13. Clause (*b*) omitted by Act 26 of 1988, s. 20 (w.e.f. 1-4-1989).

[1][(*1A*) The provisions of sub-clause (*iia*) of clause (*a*) of section 40 shall, so far as may be, apply in computing the income chargeable under the head "Income from other sources" as they apply in computing the income chargeable under the head "Profits and gains of business or profession".]

[2][(*2*) The provisions of section 40A shall, so far as may be, apply in computing the income chargeable under the head "Income from other sources" as they apply in computing the income chargeable under the head "Profits and gains of business or profession".]

[3][(*3*) In the case of an assessee, being a foreign company, the provisions of section 44D shall, so far as may be, apply in computing the income chargeable under the head "Income from other sources" as they apply in computing the income chargeable under the head "Profits and gains of business or profession".]

[4][(*4*) In the case of an assessee having income chargeable under the head "Income from other sources", no deduction in respect of any expenditure or allowance in connection with such income shall be allowed under any provision of this Act in computing the income by way of any winnings from lotteries, crossword puzzles, races including horse races, card games and other games of any sort or from gambling or betting of any form or nature, whatsoever:

Provided that nothing contained in this sub-section shall apply in computing the income of an assessee, being the owner of horses maintained by him for running in horse races, from the activity of owning and maintaining such horses.

*Explanation*.—For the purposes of this sub-section, "horse race" means a horse race upon which wagering or betting may be lawfully made.]

**59. Profits chargeable to tax.**—(*1*) The provisions of sub-section (*1*) of section 41 shall apply, so far as may be, in computing the income of an assessee under section 56, as they apply in computing the income of an assessee under the head "Profits and gains of business or profession".

[5]*         *         *         *         *

[6]*         *         *         *         *

CHAPTER V

INCOME OF OTHER PERSONS, INCLUDED IN ASSESSEE'S TOTAL INCOME

**60. Transfer of income where there is no transfer of assets.**—All income arising to any person by virtue of a transfer whether revocable or not and whether effected before or after the commencement of this Act shall, where there is no transfer of the assets from which the income arises, be chargeable to income-tax as the income of the transferor and shall be included in his total income.

**61. Revocable transfer of assets.**—All income arising to any person by virtue of a revocable transfer of assets shall be chargeable to income-tax as the income of the transferor and shall be included in his total income.

**62. Transfer irrevocable for a specified period.**—(*1*) The provisions of section 61 shall not apply to any income arising to any person by virtue of a transfer—

(*i*) by way of trust which is not revocable during the lifetime of the beneficiary, and, in the case of any other transfer, which is not revocable during the lifetime of the transferee; or

---

1. Ins. by Act 41 of 1972, s. 3 (w.e.f. 1-4-1962).
2. Ins. by Act 19 of 1968, s. 8 (w.e.f. 1-4-1968).
3. Ins. by Act 66 of 1976, s. 14 (w.e.f. 1-6-1976).
4. Ins. by Act 23 of 1986, s. 14 (w.e.f. 1-4-1987).
5. Sub-sections (*2*) and (*3*) omitted by Act of 46 of 1986, s. 32 (w.e.f. 1-4-1988).
6. The *Explanation* omitted by s. 32, *ibid*. (w.e.f. 1-4-1988).

(*ii*) made before the 1st day of April, 1961, which is not revocable for a period exceeding six years:

Provided that the transferor derives no direct or indirect benefit from such income in either case.

(*2*) Notwithstanding anything contained in sub-section (*1*), all income arising to any person by virtue of any such transfer shall be chargeable to income-tax as the income of the transferor as and when the power to revoke the transfer arises, and shall then be included in his total income.

**63. "Transfer" and "revocable transfer" defined.** —For the purposes of sections 60, 61 and 62 and of this section,—

(*a*) a transfer shall be deemed to be revocable if—

(*i*) it contains any provision for the re-transfer directly or indirectly of the whole or any part of the income or assets to the transferor, or

(*ii*) it, in any way, gives the transferor a right to re-assume power directly or indirectly over the whole or any part of the income or assets ;

(*b*) "transfer" includes any settlement, trust, covenant, agreement or arrangement.

**64. Income of individual to include income of spouse, minor child, etc.** — [1][2][(*I*)] In computing the total income of any individual, there shall be included all such income as arises directly or indirectly—

[3]*          *          *          *          *

(*ii*) to the spouse of such individual by way of salary, commission, fees or any other form of remuneration whether in cash or in kind from a concern in which such individual has a substantial interest:

[1][Provided that nothing in this clause shall apply in relation to any income arising to the spouse where the spouse possesses technical or professional qualifications and the income is solely attributable to the application of his or her technical or professional knowledge and experience ;

[2]*          *          *          *          *

(*iv*) subject to the provisions of clause (*i*) of section 27, [3]*** to the spouse of such individual from assets transferred directly or indirectly to the spouse by such individual otherwise than for adequate consideration or in connection with an agreement to live apart;

[4]*          *          *          *          *

(*vi*) to the son's wife, [5]*** of such individual, from assets transferred directly or indirectly on or after the 1st day of June, 1973, to the son's wife [7]*** by such individual otherwise than for adequate consideration; [6]***

(*vii*) to any person or association of persons from assets transferred directly or indirectly otherwise than for adequate consideration to the person or association of persons by such individual, to the extent to which the income from such assets is for the immediate or deferred benefit of his or her spouse; [7]*** and

1. Subs. by Act 41 of 1975, s. 13, for sub-section (*1*) (w.e.f. 1-4-1976).
2. Section 64 re-numbered as sub-section (*1*) of that section by Act 42 of 1970, s. 16 (w.e.f. 1-4-1971).
3. Clause (*i*) omitted by Act 18 of 1992, s. 35 (w.e.f. 1-4-1993). Restored by Act 3 of 1989, s. 95 as earlier omitted by Act 4 of 1988, s. 17 (w.e.f. 1-4-1988).
4. Restored to its original position by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier subs. by Act 4 of 1988, s. 17 (w.e.f. 1-4-1988).
5. Clause (*iii*) omitted by Act 18 of 1992, s. 35 (w.e.f. 1-4-1993). Prior to omission restored by Act 4 of 1988, s. 17 (w.e.f. 1-4-1989). Restored by Act 3 of 1989, s. 95 as earlier omitted by Act 4 of 1988, s. 17 (w.e.f. 1-4-1988).
6. The words, brackets and figures "in a case not falling under clause (*i*) of this sub-section" omitted by s. 35, *ibid*. (w.e.f. 1-4-1993).
7. Clause (*v*) omitted by s. 35 *ibid*. (w.e.f. 1-4-1993).
8. The words "or son's minor child" omitted by s. 35, *ibid*. (w.e.f. 1-4-1993).
9. The words "and" omitted by Act 67 of 1984, s. 17 (w.e.f. 1-4-1985).
10. The words "or minor child or both" omitted by Act 18 of 1992, s. 35 (w.e.f. 1-4-1993).

[1][(*viii*) to any person or association of persons from assets transferred directly or indirectly on or after the 1st day of June, 1973, otherwise than for adequate consideration, to the person or association of persons by such individual, to the extent to which the income from such assets is for the immediate or deferred benefit of his son's wife [2]***.]

[3][*Explanation* 1.—For the purposes of clause (*ii*), the individual in computing whose total income the income referred to in that clause is to be included, shall be the husband or wife whose total income (excluding the income referred to in that clause) is greater ; and where any such income is once included in the total income of either spouse, any such income arising in any succeeding year shall not be included in the total income of the other spouse unless the Assessing Officer is satisfied, after giving that spouse an opportunity of being heard, that it is necessary so to do.]

*Explanation* 2.—For the purposes of clause (*ii*), an individual shall be deemed to have a substantial interest in a concern—

(*i*) in a case where the concern is a company, if its shares (not being shares entitled to a fixed rate of dividend whether with or without a further right to participate in profits) carrying not less than twenty per cent of the voting power are, at any time during the previous year, owned beneficially by such person or partly by such person and partly by one or more of his relatives;

(*ii*) in any other case, if such person is entitled, or such person and one or more of his relatives are entitled in the aggregate, at any time during the previous year, to not less than twenty per cent of the profits of such concern.

[1]***

[2][*Explanation* 3.—For the purposes of clauses (*iv*) and (*vi*), where the assets transferred directly or indirectly by an individual to his spouse or son's wife (hereafter in this Explanation referred to as "the transferee") are invested by the transferee,—

(*i*) in any business, such investment being not in the nature of contribution of capital as a partner in a firm or, as the case may be, for being admitted to the benefits of partnership in a firm, that part of the income arising out of the business to the transferee in any previous year, which bears the same proportion to the income of the transferee from the business as the value of the assets aforesaid as on the first day of the previous year bears to the total investment in the business by the transferee as on the said day;

(*ii*) in the nature of contribution of capital as a partner in a firm, that part of the interest receivable by the transferee from the firm in any previous year, which bears the same proportion to the interest receivable by the transferee from the firm as the value of investment aforesaid as on the first day of the previous year bears to the total investment by way of capital contribution as a partner in the firm as on the said day,

shall be included in the total income of the individual in that previous year.]

[3][(*1A*) In computing the total income of any individual, there shall be included all such income as arises or accrues to his minor child [4][, not being a minor child suffering from any disability of the nature specified in section 80U:]

Provided that nothing contained in this sub-section shall apply in respect of such income as arises or accrues to the minor child on account of any—

(*a*) manual work done by him; or

---

1. Ins. by Act 67 of 1984, s. 17 (w.e.f. 1-4-1985).
2. The words "or minor child or both" omitted by Act 18 of 1992, s. 35 (w.e.f. 1-4-1993).
3. Subs. by s. 35, *ibid.*, for *Explanations* 1 and 1A (w.e.f. 1-4-1993).
4. *Explanation* 2A omitted by s. 35, *ibid.* (w.e.f. 1-4-1993).
5. Subs. by s. 35, *ibid.*, for *Explanation* 3 (w.e.f. 1-4-1993).
6. Ins. by s. 35, *ibid.* (w.e.f. 1-4-1993).
7. Ins. by Act 32 of 1994, s. 20 (w.e.f. 1-4-1995).

(*b*) activity involving application of his skill, talent or specialised knowledge and experience.

*Explanation*.—For the purposes of this sub-section, the income of the minor child shall be included,—

(*a*) where the marriage of his parents subsists, in the income of that parent whose total income (excluding the income includible under this sub-section) is greater ; or

(*b*) where the marriage of his parents does not subsist, in the income of that parent who maintains the minor child in the previous year,

and where any such income is once included in the total income of either parent, any such income arising in any succeeding year shall not be included in the total income of the other parent, unless the Assessing Officer is satisfied, after giving that parent an opportunity of being heard, that it is necessary so to do.]

[1][(*2*) Where, in the case of an individual being a member of a Hindu undivided family, any property having been the separate property of the individual has, at any time after the 31st day of December, 1969, been converted by the individual into property belonging to the family through the act of impressing such separate property with the character of property belonging to the family or throwing it [2][into the common stock of the family or been transferred by the individual, directly or indirectly, to the family otherwise than for adequate consideration (the property so converted or transferred being hereinafter referred to as the converted property)], then, notwithstanding anything contained in any other provision of this Act or in any other law for the time being in force, for the purpose of computation of the total income of the individual under this Act for any assessment year commencing on or after the 1st day of April, 1971,—

(*a*) the individual shall be deemed to have transferred the converted property, through the family, to the members of the family for being held by them jointly ;

(*b*) the income derived from the converted property or any part thereof [1]*** shall be deemed to arise to the individual and not to the family ;

[2][(*c*) where the converted property has been the subject-matter of a partition (whether partial or total) amongst the members of the family, the income derived from such converted property as is received by the spouse [3]*** on partition shall be deemed to arise to the spouse [5]*** from assets transferred indirectly by the individual to the spouse [5]*** and the provisions of sub-section (*1*) shall, so far as may be, apply accordingly:]

Provided that the income referred to in clause (*b*) or clause (*c*) shall, on being included in the total income of the individual, be excluded from the total income of the family or, as the case may be, the spouse [5]*** of the individual.

*Explanation* [4][1].—For the purposes of sub-section (*2*),—

[5]*** "property" includes any interest in property, movable or immovable, the proceeds of sale thereof and any money or investment for the time being representing the proceeds of sale thereof and where the property is converted into any other property by any method, such other property.

[6]*          *          *          *          *

[7][*Explanation* 2.—For the purposes of this section, "income" includes loss.]

---

1. Ins. by Act 42 of 1970, s. 16 (w.e.f. 1-4-1971).
2. Subs. by Act 21 of 1979, s. 9 for "into the common stock of the family (such property being hereinafter referred to as the converted property)" (w.e.f. 1-4-1980).
3. The words "in so far as it is attributable to the interest of the individual in the property of the family" omitted by Act 41 of 1975, s. 13 (w.e.f. 1-4-1976).
4. Subs. by s. 13, *ibid.*,for clause (*c*) (w.e.f. 1-4-1976).
5. The words "or minor child" omitted by Act 18 of 1992, s. 35 (w.e.f. 1-4-1993).
6. The *Explanation* renumbered as *Explanation* 1 thereof by Act of 21 of 1979, s. 9 (w.e.f. 1-4-1980).
7. The brackets and figure "(*1*)" omitted by Act 41 of 1975, s. 13 (w.e.f. 1-4-1976).
8. Clause (2) omitted by s. 13, *ibid.* (w.e.f. 1-4-1976).
9. Ins. by Act 21 of 1979, s. 9 (w.e.f. 1-4-1980).

**65. Liability of person in respect of income included in the income of another person.**—Where, by reason of the provisions contained in this Chapter or in clause (*i*) of section 27, the income from any asset or from membership in a firm of a person other than the assessee is included in the total income of the assessee, the person in whose name such asset stands or who is a member of the firm shall, notwithstanding anything to the contrary contained in any other law for the time being in force, be liable, on the service of a notice of demand by the [1][Assessing Officer] in this behalf, to pay that portion of the tax levied on the assessee which is attributable to the income so included, and the provisions of Chapter XVII-D shall, so far as may be, apply accordingly:

Provided that where any such asset is held jointly by more than one person, they shall be jointly and severally liable to pay the tax which is attributable to the income from the assets so included.

CHAPTER VI

AGGREGATION OF INCOME AND SET OFF OR CARRY FORWARD OF LOSS

*Aggregation of income*

**66. Total income.**—In computing the total income of an assessee, there shall be included all income on which no income-tax is payable under Chapter VII[1]***.

**67.** [**Method of computing a partner's share in the income of the firm.**] *Omitted by the Finance Act,* 1992, (18 *of* 1992), *s.* 36 (*w.e.f.* 1-4-1993). *Earlier amended by Act* 19 *of* 1968, *s.* 30 *and the Third Schedule* (*w.e.f.* 1-4-1969), *Act* 32 *of* 1971, *s.* 13 (*w.e.f.* 1-4-1971), *subs. by Act* 4 *of* 1988, *s.* 18 (*w.e.f.* 1-4-1988) *or restored by Act* 3 *of* 1989, *s.* 95 (*w.e.f.* 1-4-1989).

[2][**67A. Method of computing a member's share in income of association of persons or body of individuals.**—(*1*) In computing the total income of an assessee who is a member of an association of persons or a body of individuals wherein the shares of the members are determinate and known [other than a company or a cooperative society or a society registered under the Societies Registration Act, 1860 (21 of 1860), or under any law corresponding to that Act in force in any part of India], whether the net result of the computation of the total income of such association or body is a profit or a loss, his share (whether a net profit or net loss) shall be computed as follows, namely:—

(*a*) any interest, salary, bonus, commission or remuneration by whatever name called, paid to any member in respect of the previous year shall be deducted from the total income of the association or body and the balance ascertained and apportioned among the members in the proportions in which they are entitled to share in the income of the association or body;

(*b*) where the amount apportioned to a member under clause (*a*) is a profit, any interest, salary, bonus, commission or remuneration aforesaid paid to the member by the association or body in respect of the previous year shall be added to that amount, and the result shall be treated as the member's share in the income of the association or body;

(*c*) where the amount apportioned to a member under clause (*a*) is a loss, any interest, salary, bonus, commission or remuneration aforesaid paid to the member by the association or body in

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. The words, figures and letters "and any amount in respect of which the assessee is entitled to a deduction from the amount of income-tax on his total income with which he is chargeable for any assessment year in accordance with, and to the extent provided in sections 87, 87A and 88" omitted by Act 20 of 1967, s. 33 and the Third Schedule (w.e.f. 1-4-1968).
3. Ins. by Act 3 of 1989, s. 12 (w.e.f. 1-4-1989).

respect of the previous year shall be adjusted against that amount, and the result shall be treated as the member's share in the income of the association or body.

(2) The share of a member in the income or loss of the association or body, as computed under sub-section (1), shall, for the purposes of assessment, be apportioned under the various heads of income in the same manner in which the income or loss of the association or body has been determined under each head of income.

(3) Any interest paid by a member on capital borrowed by him for the purposes of investment in the association or body shall, in computing his share chargeable under the head "Profits and gains of business or profession" in respect of his share in the income of the association or body, be deducted from his share.

*Explanation*.—In this section, "paid" has the same meaning as is assigned to it in clause (2) of section 43.]

**68. Cash credits.**—Where any sum is found credited in the books of an assessee maintained for any previous year, and the assessee offers no explanation about the nature and source thereof or the *explanation* offered by him is not, in the opinion of the [1][Assessing Officer], satisfactory, the sum so credited may be charged to income-tax as the income of the assessee of that previous year:

[2][Provided that where the assessee is a company (not being a company in which the public are substantially interested), and the sum so credited consists of share application money, share capital, share premium or any such amount by whatever name called, any explanation offered by such assessee-company shall be deemed to be not satisfactory, unless—

(a) the person, being a resident in whose name such credit is recorded in the books of such company also offers an explanation about the nature and source of such sum so credited; and

(b) such explanation in the opinion of the Assessing Officer aforesaid has been found to be satisfactory:

Provided further that nothing contained in the first proviso shall apply if the person, in whose name the sum referred to therein is recorded, is a venture capital fund or a venture capital company as referred to in clause (23FB) of section 10.]

**69. Unexplained investments.**—Where in the financial year immediately preceding the assessment year the assessee has made investments which are not recorded in the books of account, if any, maintained by him for any source of income, and the assessee offers no explanation about the nature and source of the investments or the explanation offered by him is not, in the opinion of the [1][Assessing Officer], satisfactory, the value of the investments may be deemed to be the income of the assessee of such financial year.

[3][**69A. Unexplained money, etc.**—Where in any financial year the assessee is found to be the owner of any money, bullion, jewellery or other valuable article and such money, bullion, jewellery or valuable article is not recorded in the books of account, if any, maintained by him for any source of income, and

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 23 of 2012, s. 22 (w.e.f. 1-4-2013).
3. Ins. by Act 5 of 1964, s. 16 (w.e.f. 1-4-1964).

the assessee offers no explanation about the nature and source of acquisition of the money, bullion, jewellery or other valuable article, or the explanation offered by him is not, in the opinion of the [1][Assessing Officer], satisfactory, the money and the value of the bullion,jewellery or other valuable article may be deemed to be the income of the assessee for such financial year.]

[2][**69B. Amount of investments, etc., not fully disclosed in books of account.**—Where in any financial year the assessee has made investments or is found to be the owner of any bullion, jewellery or other valuable article, and the [1][Assessing Officer] finds that the amount expended on making such investments or in acquiring such bullion, jewellery or other valuable article exceeds the amount recorded in this behalf in the books of account maintained by the assessee for any source of income, and the assessee offers no explanation about such excess amount or the explanation offered by him is not, in the opinion of the [1][Assessing Officer], satisfactory, the excess amount may be deemed to be the income of the assessee for such financial year.]

[3][**69C. Unexplained expenditure, etc.** —Where in any financial year an assessee has incurred any expenditure and he offers no explanation about the source of such expenditure or part thereof, or the explanation, if any, offered by him is not, in the opinion of the [1][Assessing Officer], satisfactory, the amount covered by such expenditure or part thereof, as the case may be, may be deemed to be the income of the assessee for such financial year:

[1][Provided that, notwithstanding anything contained in any other provision of this Act, such unexplained expenditure which is deemed to be the income of the assessee shall not be allowed as a deduction under any head of income.]

**69D. Amount borrowed or repaid on *hundi*.**—Where any amount is borrowed on a *hundi* from, or any amount due thereon is repaid to, any person otherwise than through an account payee cheque drawn on a bank, the amount so borrowed or repaid shall be deemed to be the income of the person borrowing or repaying the amount aforesaid for the previous year in which the amount was borrowed or repaid, as the case may be:

Provided that, if in any case any amount borrowed on a *hundi* has been deemed under the provisions of this section to be the income of any person, such person shall not be liable to be assessed again in respect of such amount under the provisions of this section on repayment of such amount.

*Explanation*.—For the purposes of this section, the amount repaid shall include the amount of interest paid on the amount borrowed.]

*Set off, or carry forward and set off*

[2][**70. Set off of loss from one source against income from another source under the same head of income.**—(*1*) Save as otherwise provided in this Act, where the net result for any assessment year in respect of any source falling under any head of income, other than "Capital gains", is a loss, the assessee shall be entitled to have the amount of such loss set off against his income from any other source under the same head.

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 10 of 1965, s. 19 (w.e.f. 1-4-1965).
3. Ins. by Act 41 of 1975, s. 14 (w.e.f. 1-4-1976).
4. Ins. by Act 21 of 1998, s. 25 (w.e.f. 1-4-1999).
5. Subs. by Act 20 of 2002, s. 27, for section 70 (w.e.f. 1-4-2003).

(*2*) Where the result of the computation made for any assessment year under sections 48 to 55 in respect of any short-term capital asset is a loss, the assessee shall be entitled to have the amount of such loss set off against the income, if any, as arrived at under a similar computation made for the assessment year in respect of any other capital asset.

(*3*) Where the result of the computation made for any assessment year under sections 48 to 55 in respect of any capital asset (other than a short-term capital asset) is a loss, the assessee shall be entitled to have the amount of such loss set off against the income, if any, as arrived at under a similar computation made for the assessment year in respect of any other capital asset not being a short-term capital asset.]

[1] [**71. Set off of loss from one head against income from another.**—(*1*) Where in respect of any assessment year the net result of the computation under any head of income, other than "Capital gains", is a loss and the assessee has no income under the head "Capital gains", he shall, subject to the provisions of this Chapter, be entitled to have the amount of such loss set off against his income, if any, assessable for that assessment year under any other head.

(*2*) Where in respect of any assessment year, the net result of the computation under any head of income, other than "Capital gains", is a loss and the assessee has income assessable under the head "Capital gains", such loss may, subject to the provisions of this Chapter, be set off against his income, if any, assessable for that assessment year under any head of income including the head "Capital gains" (whether relating to short-term capital assets or any other capital assets).

[1] [(*2A*) Notwithstanding anything contained in sub-section (*1*) or sub-section (*2*), where in respect of any assessment year, the net result of the computation under the head "Profits and gains of business or profession" is a loss and the assessee has income assessable under the head "Salaries", the assessee shall not be entitled to have such loss set off against such income.]

(*3*) Where in respect of any assessment year, the net result of the computation under the head "Capital gains" is a loss and the assessee has income assessable under any other head of income, the assessee shall not be entitled to have such loss set off against income under the other head.]

[2] [(*3A*) Notwithstanding anything contained in sub-section (*1*) or sub-section (*2*), where in respect of any assessment year, the net result of the computation under the head "Income from house property" is a loss and the assessee has income assessable under any other head of income, the assessee shall not be entitled to set off such loss, to the extent the amount of the loss exceeds two lakh rupees, against income under the other head.]

[3] [(*4*) Where the net result of the computation under the head "Income from house property" is a loss, in respect of the assessment years commencing on the 1st day of April, 1995 and the 1st day of April, 1996, such loss shall be first set off under sub-sections (*1*) and (*2*) and thereafter the loss referred to in section 71A shall be set off in the relevant assessment year in accordance with the provisions of that section.]

[4] [**71A. Transitional provisions for set off of loss under the head "Income from house property".**—Where in respect of the assessment year commencing on the 1st day of April, 1993 or the 1st day of April, 1994, the net result of the computation under the head "Income from house property" is a loss, such loss in so far as it relates to interest on borrowed capital referred to

---

1. Subs. by Act 49 of 1991, s. 23, for section 71 (w.e.f. 1-4-1992).
2. Ins. by Act 23 of 2004, s. 14 (w.e.f. 1-4-2005).
3. Ins.by Act 7 of 2017, s. 31 (w.e.f. 1-4-2018).
4. Subs. by Act 32 of 1994, s. 21, for sub-section (*4*) (w.e.f. 1-4-1995).
5. Subs. by s. 22, *ibid*., for section 71A (w.e.f. 1-4-1995).

in clause (*vi*) of sub-section (*1*) of  section 24 and to the extent it has not been set off shall be carried forward and set off in the assessment year commencing on the 1st day of April, 1995, and the balance, if any, in the assessment year commencing on the 1st day of April, 1996, against the income under any head.]

[1][**71B. Carry forward and set off of loss from house property.**—Where for any assessment year the net result of computation under the head "Income from house property" is a loss to the assessee and such loss cannot be or is not wholly set off against income from any other head of income in accordance with the provisions of  section 71, so much of the loss as has not been so set-off or where he has no income under any other head, the whole loss shall, subject to the other provisions of this Chapter, be carried forward to the following assessment year and—

  (*i*) be set off against the income from house property assessable for that assessment year; and

  (*ii*) the loss, if any, which has not been set off wholly, the amount of loss not so set off,

shall be carried forward to the following assessment year, not being more than eight assessment years immediately succeeding the assessment year for which the loss was first computed.]

  **72. Carry forward and set off of business losses.**—[1][(*1*) Where for any assessment year, the net result of the computation under the head "Profits and gains of business or profession" is a loss to the assessee, not being a loss sustained in a speculation business, and such loss cannot be or is not wholly set off against income under any head of income in accordance with the provisions of  section 71, so much of the loss as has not been so set off or, [2]*** where he has no income under any other head, the whole loss shall, subject to the other provisions of this Chapter, be carried forward to the following assessment year, and—

  (*i*) it shall be set off against the profits and gains, if any, of any business or profession carried on by him and assessable for that assessment year;

  [3]*    *    *    *    *

  (*ii*) if the loss cannot be wholly so set off, the amount of loss not so set off shall be carried forward to the following assessment year and so on:]

[4][Provided that where the whole or any part of such loss is sustained in any such business as is referred to in  section 33B which is discontinued in the circumstances specified in that section, and, thereafter, at any time before the expiry of the period of three years referred to in that section, such business is re-established, reconstructed or revived by the assessee, so much of the loss as is attributable to such business shall be carried forward to the assessment year relevant to the previous year in which the business is so re-established, reconstructed or revived, and—

  (*a*) it shall be set off against the profits and gains, if any, of that business or any other business carried on by him and assessable for that assessment year; and

---

1. Ins. by Act 21 of 1998, s. 26 (w.e.f. 1-4-1999).
2. Subs. by Act 20 of 1962, s. 6, for sub-section (*1*) (w.e.f. 1-4-1962).
3. The words, brackets and figure 'where the assessee has income only under the head "capital gains" relating to capital assets other than short-term capital assets and has exercised the option under sub-section (*2*) of that section or' omitted by Act 11 of 1987, s. 30 (w.e.f. 1-4-1988).
4. The proviso omitted by Act 27 of 1999, s. 37 (w.e.f. 1-4-2000).
5. Added by Act 20 of 1967, s. 22 (w.e.f. 1-4-1967).

(*b*) if the loss cannot be wholly so set off, the amount of loss not so set off shall, in case the business so re-established, reconstructed or revived continues to be carried on by the assessee, be carried forward to the following assessment year and so on for seven assessment years immediately succeeding.]

(*2*) Where any allowance or part thereof is, under sub-section (*2*) of section 32 or sub-section (*4*) of section 35, to be carried forward, effect shall first be given to the provisions of this section.

(*3*) No loss [1][(other than the loss referred to in the proviso to sub-section (*1*) of this section)] shall be carried forward under this section for more than eight assessment years immediately succeeding the assessment year for which the loss was first computed.

[2][**72A. Provisions relating to carry forward and set off of accumulated loss and unabsorbed depreciation allowance in amalgamation or demerger, etc.**—[1][(*1*) Where there has been an amalgamation of—

(*a*) a company owning an industrial undertaking or a ship or a hotel with another company; or

(*b*) a banking company referred to in clause (*c*) of section 5 of the Banking Regulation Act, 1949 (10 of 1949) with a specified bank; or

(*c*) one or more public sector company or companies engaged in the business of operation of aircraft with one or more public sector company or companies engaged in similar business,

then, notwithstanding anything contained in any other provision of this Act, the accumulated loss and the unabsorbed depreciation of the amalgamating company shall be deemed to be the loss or, as the case may be, allowance for unabsorbed depreciation of the amalgamated company for the previous year in which the amalgamation was effected, and other provisions of this Act relating to set off and carry forward of loss and allowance for depreciation shall apply accordingly.]

[2][(*2*) Notwithstanding anything contained in sub-section (*1*), the accumulated loss shall not be set off or carried forward and the unabsorbed depreciation shall not be allowed in the assessment of the amalgamated company unless—

(*a*) the amalgamating company—

(*i*) has been engaged in the business, in which the accumulated loss occurred or depreciation remains unabsorbed, for three or more years;

(*ii*) has held continuously as on the date of the amalgamation at least three-fourths of the book value of fixed assets held by it two years prior to the date of amalgamation;

(*b*) the amalgamated company—

(*i*) holds continuously for a minimum period of five years from the date of amalgamation at least three-fourths of the book value of fixed assets of the amalgamating company acquired in a scheme of amalgamation;

---

1. Ins. by Act 20 of 1967, s. 22 (w.e.f. 1-4-1967).
2. Subs. by Act 27 of 1999, s. 38, for section 72A (w.e.f. 1-4-2000).
3. Subs. by Act 22 of 2007, s. 20, for sub-section (*1*) (w.e.f. 1-4-2008).
4. Subs. by Act 32 of 2003, s. 33, for sub-section (2) (w.e.f. 1-4-2004).

(*ii*) continues the business of the amalgamating company for a minimum period of five years from the date of amalgamation;

(*iii*) fulfils such other conditions as may be prescribedto ensure the revival of the business of the amalgamating company or to ensure that the amalgamation is for genuine business purpose.]

(*3*) In a case where any of the conditions laid down in sub-section (*2*) are not complied with, the set off of loss or allowance of depreciation made in any previous year in the hands of the amalgamated company shall be deemed to be the income of the amalgamated company chargeable to tax for the year in which such conditions are not complied with.

(*4*) Notwithstanding anything contained in any other provisions of this Act, in the case of a demerger, the accumulated loss and the allowance for unabsorbed depreciation of the demerged company shall—

(*a*) where such loss or unabsorbed depreciation is directly relatable to the undertakings transferred to the resulting company, be allowed to be carried forward and set off in the hands of the resulting company;

(*b*) where such loss or unabsorbed depreciation is not directly relatable to the undertakings transferred to the resulting company, be apportioned between the demerged company and the resulting company in the same proportion in which the assets of the undertakings have been retained by the demerged company and transferred to the resulting company, and be allowed to be carried forward and set off in the hands of the demerged company or the resulting company, as the case may be.

(*5*) The Central Government may, for the purposes of this Act, by notification in the Official Gazette, specify such conditions as it considers necessary to ensure that the demerger is for genuine business purposes.

(*6*) Where there has been reorganisation of business, whereby, a firm is succeeded by a company fulfilling the conditions laid down in clause (*xiii*) of  section 47 or a proprietary concern is succeeded by a company fulfilling the conditions laid down in clause (*xiv*) of section 47, then, notwithstanding anything contained in any other provision of this Act, the accumulated loss and the unabsorbed depreciation of the predecessor firm or the proprietary concern, as the case may be, shall be deemed to be the loss or allowance for depreciation of the successor company for the purpose of previous year in which business reorganisation was effected and other provisions of this Act relating to set off and carry forward of loss and allowance for depreciation shall apply accordingly:

Provided that if any of the conditions laid down in the proviso to clause (*xiii*) or the proviso to clause (*xiv*)to section 47 are not complied with, the set off of loss or allowance of depreciation made in any previous year in the hands of the successor company, shall be deemed to be the income of the company chargeable to tax in the year in which such conditions are not complied with.

[1][(*6A*) Where there has been reorganisation of business whereby a private company or unlisted public company is succeeded by a limited liability partnership fulfilling the conditions laid down in the proviso to clause (*xiiib*) of section 47, then, notwithstanding anything contained in any other provision of this Act, the accumulated loss and the unabsorbed depreciation of the predecessor company, shall be deemed to be

---

1. Ins. by Act 14 of 2010, s. 22 (w.e.f. 1-4-2011).

the loss or allowance for depreciation of the successor limited liability partnership for the purpose of the previous year in which business reorganisation was effected and other provisions of this Act relating to set off and carry forward of loss and allowance for depreciation shall apply accordingly:

Provided that if any of the conditions laid down in the proviso to clause (*xiiib*) of section 47 are not complied with, the set off of loss or allowance of depreciation made in any previous year in the hands of the successor limited liability partnership, shall be deemed to be the income of the limited liability partnership chargeable to tax in the year in which such conditions are not complied with.]

(*7*) For the purposes of this section,—

[1][(*a*) "accumulated loss" means so much of the loss of the predecessor firm or the proprietary concern or the private company or unlisted public company before conversion into limited liability partnership or the amalgamating company or the demerged company, as the case may be, under the head "Profits and gains of business or profession" (not being a loss sustained in a speculation business) which such predecessor firm or the proprietary concern or the company or amalgamating company or demerged company, would have been entitled to carry forward and set off under the provisions of  section 72if the reorganisation of business or conversion or amalgamation or demerger had not taken place;]

[1][(*aa*) "industrial undertaking" means any undertaking which is engaged in—

(*i*) the manufacture or processing of goods; or

(*ii*) the manufacture of computer software; or

(*iii*) the business of generation or distribution of electricity or any other form of power; or

[2][(*iiia*) the business of providing telecommunication services, whether basic or cellular, including radio paging, domestic satellite service, network of trunking, broadband network and internet services; or]

(*iv*) mining; or

(*v*) the construction of ships, aircrafts or rail systems;]

(*b*) "unabsorbed depreciation" means so much of the allowance for depreciation of the predecessor firm or the proprietary concern or the private company or unlisted public company before conversion into limited liability partnership or the amalgamating company or the demerged company, as the case may be, which remains to be allowed and which would have been allowed to the predecessor firm or the proprietary concern or the company or amalgamating company or demerged company, as the case may be, under the provisions of this Act, if the reorganisation of business or conversion or amalgamation or demerger had not taken place;]

[3][(*c*) "specified bank" means the State Bank of India constituted under the State Bank of India Act, 1955 (23 of 1955) or a subsidiary bank as defined in the State Bank of India (Subsidiary Banks) Act, 1959 (38 of 1959) or a corresponding new bank constituted under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1970 (5 of 1970) or under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1980 (40 of 1980).]

---

1. Subs. by Act 14 of 2010, s. 22, for clauses (*a*) and (*b*) (w.e.f. 1-4-2011).

2. Ins. by Act 14 of 2001, s. 35 (w.e.f. 1-4-2000).

3. Ins. by Act 20 of 2002, s. 28 (w.e.f. 1-4-2003).

4. Ins. by Act 32 of 2003, s. 33 (w.e.f. 1-4-2004).

[1][**72AA. Provisions relating to carry forward and set-off of accumulated loss and unabsorbed depreciation allowance in scheme of amalgamation of banking company in certain cases.**—Notwithstanding anything contained in sub-clauses (*i*) to (*iii*) of clause (*1B*) of section 2 or section 72A where there has been an amalgamation of a banking company with any other banking institution under a scheme sanctioned and brought into force by the Central Government under sub-section (*7*) of section 45 of the Banking Regulation Act, 1949 (10 of 1949), the accumulated loss and the unabsorbed depreciation of such banking company shall be deemed to be the loss or, as the case may be, allowance for depreciation of such banking institution for the previous year in which the scheme of amalgamation was brought into force and other provisions of this Act relating to set-off and carry forward of loss and allowance for depreciation shall apply accordingly.

*Explanation.*—For the purposes of this section,—

(*i*) "accumulated loss" means so much of the loss of the amalgamating banking company under the head "Profits and gains of business or profession" (not being a loss sustained in a speculation business) which such amalgamating banking company, would have been entitled to carry forward and set-off under the provisions of section 72 if the amalgamation had not taken place;

(*ii*) "banking company" shall have the same meaning assigned to it in clause (*c*) of section 5 of the Banking Regulation Act, 1949 (10 of 1949);

(*iii*) "banking institution" shall have the same meaning assigned to it in sub-section (*15*) of section 45 of the Banking Regulation Act, 1949 (10 of 1949);

(*iv*) "unabsorbed depreciation" means so much of the allowance for depreciation of the amalgamating banking company which remains to be allowed and which would have been allowed to such banking company if amalgamation had not taken place.]

[1][**72AB. Provisions relating to carry forward and set off of accumulated loss and unabsorbed depreciation allowance in business reorganisation of co-operative banks.**—(*1*) The assessee, being a successor co-operative bank, shall, in a case where the amalgamation has taken place during the previous year, be allowed to set off the accumulated loss and the unabsorbed depreciation, if any, of the predecessor co-operative bank as if the amalgamation had not taken place, and all the other provisions of this Act relating to set off and carry forward of loss and allowance for depreciation shall apply accordingly.

(*2*) The provisions of this section shall apply if—

(*a*) the predecessor co-operative bank—

(*i*) has been engaged in the business of banking for three or more years; and

(*ii*) has held at least three-fourths of the book value of fixed assets as on the date of the business reorganisation, continuously for two years prior to the date of business reorganisation;

(*b*) the successor co-operative bank—

(*i*) holds at least three-fourths of the book value of fixed assets of the predecessor co-operative bank acquired through business reorganisation, continuously for a minimum period of five years immediately succeeding the date of business reorganisation;

(*ii*) continues the business of the predecessor co-operative bank for a minimum period of five years from the date of business reorganisation; and

(*iii*) fulfils such other conditions as may be prescribed to ensure the revival of the business of the predecessor co-operative bank or to ensure that the business reorganisation is for genuine business purpose.

---

1. Ins. by Act 18 of 2005, s. 19 (w.e.f. 1-4-2005).
2. Ins. by Act 22 of 2007, s. 21 (w.e.f. 1-4-2008).

(*3*) The amount of set-off of the accumulated loss and unabsorbed depreciation, if any, allowable to the assessee being a resulting co-operative bank shall be,—

(*i*) the accumulated loss or unabsorbed depreciation of the demerged co-operative bank if the whole of the amount of such loss or unabsorbed depreciation is directly relatable to the undertakings transferred to the resulting co-operative bank; or

(*ii*) the amount which bears the same proportion to the accumulated loss or unabsorbed depreciation of the demerged co-operative bank as the assets of the undertaking transferred to the resulting co-operative bank bears to the assets of the demerged co-operative bank if such accumulated loss or unabsorbed depreciation is not directly relatable to the undertakings transferred to the resulting co-operative bank.

(*4*) The Central Government may, for the purposes of this section, by notification in the Official Gazette, specify such other conditions as it considers necessary, other than those prescribed under sub-clause (iii) of clause (b) of sub-section (*2*), to ensure that the business reorganisation is for genuine business purposes.

(*5*) The period commencing from the beginning of the previous year and ending on the date immediately preceding the date of business reorganisation, and the period commencing from the date of such business reorganisation and ending with the previous year shall be deemed to be two different previous years for the purposes of set off and carry forward of loss and allowance for depreciation.

(*6*) In a case where the conditions specified in sub-section (*2*) or notified under sub-section (*4*) are not complied with, the set off of accumulated loss or unabsorbed depreciation allowed in any previous year to the successor co-operative bank shall be deemed to be the income of the successor co-operative bank chargeable to tax for the year in which the conditions are not complied with.

(*7*) For the purposes of this section,—

(*a*) "accumulated loss" means so much of loss of the amalgamating co-operative bank or the demerged co-operative bank, as the case may be, under the head "Profits and gains of business or profession" (not being a loss sustained in a speculation business) which such amalgamating co-operative bank or the demerged co-operative bank, would have been entitled to carry forward and set-off under the provisions of section 72 as if the business reorganisation had not taken place;

(*b*) "unabsorbed depreciation" means so much of the allowance for depreciation of the amalgamating co-operative bank or the demerged co-operative bank, as the case may be, which remains to be allowed and which would have been allowed to such bank as if the business reorganisation had not taken place;

(*c*) the expressions "amalgamated co-operative bank", "amalgamating co-operative bank", "amalgamation", "business reorganisation", "co-operative bank", "demerged co-operative bank", "demerger", "predecessor co-operative bank", "successor co-operative bank" and "resulting co-operative bank" shall have the meanings respectively assigned to them in section 44DB.]

**73. Losses in speculation business.**—(*1*) Any loss, computed in respect of a speculation business carried on by the assessee, shall not be set off except against profits and gains, if any, of another speculation business.

(*2*) Where for any assessment year any loss computed in respect of a speculation business has not been wholly set off under sub-section (*1*), so much of the loss as is not so set off or the whole loss where the assessee had no income from any other speculation business, shall, subject to the other provisions of this Chapter, be carried forward to the following assessment year, and—

(*i*) it shall be set off against the profits and gains, if any, of any speculation business carried on by him assessable for that assessment year; and

(*ii*) if the loss cannot be wholly so set off, the amount of loss not so set off shall be carried forward to the following assessment year and soon.

(*3*) In respect of allowance on account of depreciation or capital expenditure on scientific research, the provisions of sub-section (*2*) of section 72 shall apply in relation to speculation business as they apply in relation to any other business.

(*4*) No loss shall be carried forward under this section for more than [1][four assessment years] immediately succeeding the assessment year for which the loss was first computed.

[2][*Explanation*.—Where any part of the business of a company ([3][other than a company whose gross total income consists mainly of income which is chargeable under the heads "Interest on securities", "Income from house property", "Capital gains" and "Income from other sources"], or a company [4][the principal business of which is the business of trading in shares or banking] or the granting of loans and advances) consists in the purchase and sale of shares of other companies, such company shall, for the purposes of this section, be deemed to be carrying on a speculation business to the extent to which the business consists of the purchase and sale of such shares.]

[1][**73A. Carry forward and set off of losses by specified business.**—(*1*) Any loss, computed in respect of any specified business referred to in section 35AD shall not be set off except against profits and gains, if any, of any other specified business.

(*2*) Where for any assessment year any loss computed in respect of the specified business referred to in sub-section (*1*) has not been wholly set off under sub-section (*1*), so much of the loss as is not so set off or the whole loss where the assessee has no income from any other specified business, shall, subject to the other provisions of this Chapter, be carried forward to the following assessment year, and—

(*i*) it shall be set off against the profits and gains, if any, of any specified business carried on by him assessable for that assessment year; and

(*ii*) if the loss cannot be wholly so set off, the amount of loss not so set off shall be carried forward to the following assessment year and so on.]

[2][**74. Losses under the head "Capital gains".**—[3][(*1*) Where in respect of any assessment year, the net result of the computation under the head "Capital gains" is a loss to the assessee, the whole loss shall, subject to the other provisions of this Chapter, be carried forward to the following assessment year, and—

(*a*) in so far as such loss relates to a short-term capital asset, it shall be set off against income, if any, under the head "Capital gains" assessable for that assessment year in respect of any other capital asset;

(*b*) in so far as such loss relates to a long-term capital asset, it shall be set off against income, if any, under the head "Capital gains" assessable for that assessment year in respect of any other capital asset not being a short-term capital asset;

(*c*) if the loss cannot be wholly so set off, the amount of loss not so set off shall be carried forward to the following assessment year and so on.]

(*2*) No loss shall be carried forward under this section for more than eight assessment years immediately succeeding the assessment year for which the loss was first computed.

---

1. Subs. by Act 18 of 2005, s. 20, for "eight assessment years" (w.e.f. 1-4-2006).
2. Ins. by Act 41 of 1975, s. 15 (w.e.f. 1-4-1977).
3. Subs. by Act 11 of 1987, s. 74, for "other than an investment company, as defined in clause (*ii*) of section 109" (w.e.f. 1-4-1988).
4. Subs. by Act 25 of 2014, s. 26, for "the principal business of which is the business of banking" (w.e.f. 1-4-2015).
5. Ins. by Act 33 of 2009, s. 28 (w.e.f. 1-4-2010).
6. Subs. by Act 11 of 1987, s. 31, for section 74 (w.e.f. 1-4-1988).
7. Subs. by Act 20 of 2002, s. 29, for sub-section (*1*) (w.e.f. 1-4-2003).

[1]*                    *                    *                    *                    *]

[2][**74A. Losses from certain specified sources falling under the head "Income from other sources".**—[3]*                    *                    *                    *                    *

[4][(*3*) [5]*** In the case of an assessee, being the owner of horses maintained by him for running in horse races (such horses being hereafter in this sub-section referred to as race horses), [6][the amount of loss incurred by the assessee in the activity of owning and maintaining race horses in any assessment year shall not be set  off against income, if any, from any source other than the activity of owning and maintaining race horses in that year and] shall, subject to the other provisions of this Chapter, be carried forward to the following assessment year and—

(*a*) it shall be set off against the income, if any, [1][from the activity of owning and maintaining race horses,] assessable for that assessment year:

Provided that the activity of owning and maintaining race horses is carried on by him in the previous year relevant for that assessment year; and

(*b*) if the loss cannot be wholly so set off, the amount of loss not so set off shall be carried forward to the following assessment year and so on; so, however, that no portion of the loss shall be carried forward for more than four assessment years immediately succeeding the assessment year for which the loss was first computed.

*Explanation*.—For the purposes of this sub-section—

(*a*) "amount of loss incurred by the assessee in the activity of owning and maintaining race horses" means—

(*i*) in a case where the assessee has no income by way of stake money, the amount of expenditure (not being in the nature of capital expenditure) laid out or expended by him wholly and exclusively for the purposes of maintaining race horses;

(*ii*) in a case where the assessee has income by way of stake money, the amount by which such income falls short of the amount of expenditure (not being in the nature of capital expenditure) laid out or expended by the assessee wholly and exclusively for the purposes of maintaining race horses;

(*b*) "horse race" means a horse race upon which wagering or betting may be lawfully made;

(*c*) "income by way of stake money" means the gross amount of prize money received on a race horse or race horses by the owner thereof on account of the horse or horses or any one or more of the horses winning or being placed second or in any lower position in horse races.]

[2][**75. Losses of firms.**—Where the assessee is a firm, any loss in relation to the assessment year commencing on or before the 1st day of April, 1992, which could not be set off against any other income of the firm and which had been apportioned to a partner of the firm but could not be set off by such partner prior to the assessment year commencing on the 1st day of April, 1993, then, such loss shall be allowed to be set off against the income of the firm subject to the condition that the partner continues in the said firm and to be carried forward for set off under sections 70, 71, 72, 73, 74 and 74A.]

---

1. Sub-section (*3*) omitted by Act 20 of 2002, s. 29 (w.e.f. 1-4-2003).
2. Ins. by Act 16 of 1972, s. 11 (w.e.f. 1-4-1972).
3. Sub-sections (*1*) and (*2*) omitted by Act 23 of 1986, s. 16 (w.e.f. 1-4-1987).
4. Ins. by Act 20 of 1974, s. 6 (w.e.f. 1-4-1975).
5. The words "Where for any assessment year" omitted by Act 23 of 1986, s. 16 (w.e.f. 1-4-1987).
6. Subs. by s. 16, *ibid.*, for certain words (w.e.f. 1-4-1987).
7. Subs. by s. 16, *ibid.*, for "from the source specified in clause (*c*) of sub-section (*2*)" (w.e.f. 1-4-1987).
8. Subs. by Act 18 of 1992, s. 39, for sections 75, 76 and 77 (w.e.f. 1-4-1993). Earlier amended by Act 20 of 1974, s. 13 (w.e.f 1-4-1975), Act 11 of 1987, s. 74 (w.e.f. 1-4-1988), omitted by Act 4 of 1988, s. 19 (w.e.f. 1-4-1989) and restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).

**78. Carry forward and set off of losses in case of change in constitution of firm or on succession.**—[1][(*1*) Where a change has occurred in the constitution of a firm, nothing in this Chapter shall entitle the firm to have carried forward and set off so much of the loss proportionate to the share of a retired or deceased partner as exceeds his share of profits, if any, in the firm in respect of the previous year.]

(*2*) Where any person carrying on any business or profession has been succeeded in such capacity by another person otherwise than by inheritance, nothing in this Chapter shall entitle any person other than the person incurring the loss to have it carried forward and set off against his income.

**79. Carry forward and set off of losses in the case of certain companies.**—Notwithstanding anything contained in this Chapter, where a change in shareholding has taken place in a previous year in the case of a company, not being a company in which the public are substantially interested, no loss incurred in any year prior to the previous year shall be carried forward and set off against the income of the previous year unless—

(*a*) on the last day of the previous year the shares of the company carrying not less than fifty-one per cent of the voting power were beneficially held by persons who beneficially held shares of the company carrying not less than fifty-one per cent of the voting power on the last day of the year or years in which the loss was incurred [1]***:

[2][Provided that nothing contained in this section shall apply to a case where a change in the said voting power takes place in a previous year consequent upon the death of a shareholder or on account of transfer of shares by way of gift to any relative of the shareholder making such gift:]

[3][Provided further that nothing contained in this section shall apply to any change in the shareholding of an Indian company which is a subsidiary of a foreign company as a result of amalgamation or demerger of a foreign company subject to the condition that fifty-one per cent shareholders of the amalgamating or demerged foreign company continue to be the shareholders of the amalgamated or the resulting foreign company.]

[4]*          *          *          *          *

**80. Submission of return for losses.**—Notwithstanding anything contained in this Chapter, no loss which has not been determined in pursuance of a return filed [5][in accordance with the provisions of sub-section (*3*) of section 139], shall be carried forward and set off under sub-section (*1*) of section 72 or sub-section (*2*) of section 73 [6][or sub-section (*2*) of section 73A] or [7][sub-section (*1*) or sub-section (*3*) of section 74] [8][or sub-section (*3*) of section 74A].

[9][CHAPTER VIA

DEDUCTIONS TO BE MADE IN COMPUTING TOTAL INCOME

*A.—General*

**80A. Deductions to be made in computing total income.**—(*1*) In computing the total income of an assessee, there shall be allowed from his gross total income, in accordance with and subject to the provisions of this Chapter, the deductions specified in section 80C to [10][80U].

1. Subs. by Act 18 of 1992, s. 40, for sub-section (*1*) (w.e.f. 1-4-1993). Earlier subs. by Act 4 of 1988, s. 20 (w.e.f. 1-4-1989) and restored by Act 3 of 1989, s. 95 (1-4-1989).
2. The word "or" omitted by Act 26 of 1988, s. 21 (w.e.f. 1-4-1989).
3. Ins. by s. 21, *ibid.* (w.e.f. 1-4-1989).
4. Ins. by Act 27 of 1999, s. 39 (w.e.f. 1-4-2000).
5. Clause (*b*) omitted by Act 26 of 1988, s. 21 (w.e.f. 1-4-1989).
6. Subs. by Act 4 of 1988, s. 126, for "within the time allowed under sub-section (*1*) of section 139 or within such further time as may be allowed by the Income-tax Officer" (w.e.f. 1-4-1989).
7. Ins. by Act 28 of 2016, s. 36 (w.e.f. 1-4-2016).
8. Subs. by Act 11 of 1987, s. 74, for "sub-section (*1*) of section 74" (w.e.f. 1-4-1988).
9. Ins. by Act 20 of 1974, s. 13 (w.e.f. 1-4-1975).
10. Subs. by Act 20 of 1967, s. 33 and the Third Schedule, for Chapter VIA (w.e.f. 1-4-1968).
11. Subs. by Act 32 of 1985, s. 36, for "80VV" (w.e.f. 1-4-1986).

(*2*) The aggregate amount of the deductions under this Chapter shall not, in any case, exceed the gross total income of the assessee.

[1][(*3*) Where, in computing the total income of an association of persons or a body of individuals, any deduction is admissible under section 80G or section 80GGA [2][or section 80GGC] or section 80HH or section 80HHA or section 80HHB or section 80HHC or section 80HHD or section 80-I or section 80-IA [3][or section 80-IB] [4][or section 80-IC] [5][or section 80-ID or section 80-IE] *[ or section 80J] **[ or section 80JJ], no deduction under the same section shall be made in computing the total income of a member of the association of persons or body of individuals in relation to the share of such member in the income of the association of persons or body of individuals.]

[1][(*4*) Notwithstanding anything to the contrary contained in section 10A or section 10AA or section 10B or section 10BA or in any provisions of this Chapter under the heading "*C.—Deductions in respect of certain incomes*", where, in the case of an assessee, any amount of profits and gains of an undertaking or unit or enterprise or eligible business is claimed and allowed as a deduction under any of those provisions for any assessment year, deduction in respect of, and to the extent of, such profits and gains shall not be allowed under any other provisions of this Act for such assessment year and shall in no case exceed the profits and gains of such undertaking or unit or enterprise or eligible business, as the case may be.

(*5*) Where the assessee fails to make a claim in his return of income for any deduction under section 10A or section 10AA or section 10B or section 10BA or under any provision of this Chapter under the heading "*C.—Deductions in respect of certain incomes*", no deduction shall be allowed to him thereunder.]

(*6*) Notwithstanding anything to the contrary contained in section 10A or section 10AA or section 10B or section 10BA or in any provisions of this Chapter under the heading "*C.—Deductions in respect of certain incomes*", where any goods or services held for the purposes of the undertaking or unit or enterprise or eligible business are transferred to any other business carried on by the assessee or where any goods or services held for the purposes of any other business carried on by the assessee are transferred to the undertaking or unit or enterprise or eligible business and, the consideration, if any, for such transfer as recorded in the accounts of the undertaking or unit or enterprise or eligible business does not correspond to the market value of such goods or services as on the date of the transfer, then, for the purposes of any deduction under this Chapter, the profits and gains of such undertaking or unit or enterprise or eligible business shall be computed as if the transfer, in either case, had been made at the market value of such goods or services as on that date.

*Explanation.*—For the purposes of this sub-section, the expression "market value",—

(*i*) in relation to any goods or services sold or supplied, means the price that such goods or services would fetch if these were sold by the undertaking or unit or enterprise or eligible business in the open market, subject to statutory or regulatory restrictions, if any;

(*ii*) in relation to any goods or services acquired, means the price that such goods or services would cost if these were acquired by the undertaking or unit or enterprise or eligible business from the open market, subject to statutory or regulatory restrictions, if any;]

[2][(*iii*) in relation to any goods or services sold, supplied or acquired means the arm's length price as defined in clause (*ii*) of section 92F of such goods or services, if it is a specified domestic transaction referred to in section 92BA.]

---

1. Subs. by Act 18 of 1992, s. 41, for sub-section (*3*) (w.e.f. 1-4-1993). Earlier substituted by Act 4 of 1988, s. 21 (w.e.f. 1-4-1989) and then restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).
2. Subs. by Act 46 of 2003, s. 9, for "section 80GGA" (w.e.f. 11-9-2003).
3. Ins. by Act 27 of 1999, s. 90 (w.e.f. 1-4-2000).
4. Ins. by Act 22 of 2007, s. 22 (w.r.e.f. 1-4-2004).
5. Ins. by s. 22, *ibid.* (w.e.f. 1-4-2008).
* Now Section 80J omitted by Act 33 of 1996, s. 29 (w.e.f. 1-4-1989).
** Now Section 80JJ omitted by Act 26 of 1997, s. 26 (w.e.f. 1-4-1988).
6. Ins. by Act 33 of 2009, s. 29 (w.e.f. 1-4-2003).
7. Ins. by Act 23 of 2012, s. 23 (w.e.f. 1-4-2013).

[1][(*7*) Where a deduction under any provision of this Chapter under the heading "C.—Deductions in respect of certain incomes" is claimed and allowed in respect of profits of any of the specified business referred to in clause (c) of sub-section (*8*) of section 35D for any assessment year, no deduction shall be allowed under the provisions of section 35AD in relation to such specified business for the same or any other assessment year.]

**80AA.** [**Computation of deduction under section 80M].**—*Omitted by the Finance Act*, 1997 (26 of 1997), *s.* 21 (*w.e.f.* 1-4-1998)]. Earlier inserted by Act 44 of 1980, s. 12 (w.e.f. 1-4-1968).

[2][**80AB. Deductions to be made with reference to the income included in the gross total income.** Where any deduction is required to be made or allowed under any section [3]*** included in this Chapter under the heading "C.—*Deductions in respect of certain incomes*" in respect of any income of the nature specified in that section which is included in the gross total income of the assessee, then, notwithstanding anything contained in that section, for the purpose of computing the deduction under that section, the amount of income of that nature as computed in accordance with the provisions of this Act (before making any deduction under this Chapter) shall alone be deemed to be the amount of income of that nature which is derived or received by the assessee and which is included in his gross total income.]

[1][**80AC. Deduction not to be allowed unless return furnished.**—Where in computing the total income of an assessee of the previous year relevant to the assessment year commencing on the 1st day of April, 2006 or any subsequent assessment year, any deduction is admissible under section 80-IA or section 80-IAB or section 80-IB or section 80-IC [2][or section 80-ID or section 80-IE], no such deduction shall be allowed to him unless he furnishes a return of his income for such assessment year on or before the due date specified under sub-section (*1*) of section 139.]

**80B. Definitions.**—In this Chapter—

[3]*       *       *       *       *

[4]*       *       *       *       *

[5]*       *       *       *       *

[6]*       *       *       *       *

(*5*) "gross total income" means the total income computed in accordance with the provisions of this Act, before making any deduction under this Chapter [7]*** [8]***;

[9]*       *       *       *       *

[10]*       *       *       *       *

[11]*       *       *       *       *

[12]*       *       *       *       *

1. Ins. by Act 14 of 2010, s. 23 (w.e.f. 1-4-2011).
2. Ins. by Act 44 of 1980, s. 12 (w.e.f. 1-4-1968).
3. The brackets, words, figures and letters "(except section 80M)" omitted by Act 26 of 1997, s. 22 (w.e.f. 1-4-1998).
4. Ins. by Act 21 of 2006, s. 15 (w.e.f. 1-4-2006).
5. Ins. by Act 22 of 2007, s. 23 (w.e.f. 1-4-2008).
6. Clause (*1*) omitted by Act 41 of 1975, s. 17 (w.e.f. 1-4-1976).
7. Clause (*2*) omitted by Act 4 of 1988, s. 22 (w.e.f. 1-4-1989).
8. Clause (*3*) omitted by Act 19 of 1968, s. 30 and the Third Schedule (w.e.f. 1-4-1969).
9. Clause (*4*) omitted by Act 4 of 1988, s. 22 (w.e.f. 1-4-1989).
10. The words, figures and letter "or under section 280-O" omitted by Act 26 of 1988, s. 54 (w.e.f. 1-4-1988).
8. The words and figures "and without applying the provisions of section 64" omitted by Act 42 of 1970, s. 18 (w.e.f. 1-4-1968).
12. Clause (*6*) omitted by Act 4 of 1988, s. 22 (w.e.f. 1-4-1989).
13. Clause (*7*) omitted by Act 16 of 1972, s. 15 (w.e.f. 1-4-1973).
14. Clause (*8*) omitted by Act 4 of 1988, s. 22 (w.e.f. 1-4-1989).
15. Clause (*9*) omitted by Act 41 of 1975, s. 17 (w.e.f. 1-4-1976).

[1][**80C. Deduction in respect of life insurance premia, deferred annuity, contributions to provident fund, subscription to certain equity shares or debentures, etc.**—(*1*) In computing the total income of an assessee, being an individual or a Hindu undivided family, there shall be deducted, in accordance with and subject to the provisions of this section, the whole of the amount paid or deposited in the previous year, being the aggregate of the sums referred to in sub-section (*2*), as does not exceed [2][one hundred and fifty thousand rupees].

(*2*) The sums referred to in sub-section (*1*) shall be any sums paid or deposited in the previous year by the assessee—

(*i*) to effect or to keep in force an insurance on the life of persons specified in sub-section (*4*);

(*ii*) to effect or to keep in force a contract for a deferred annuity, not being an annuity plan referred to in clause (*xii*), on the life of persons specified in sub-section (*4*):

Provided that such contract does not contain a provision for the exercise by the insured of an option to receive a cash payment in lieu of the payment of the annuity;

(*iii*) by way of deduction from the salary payable by or on behalf of the Government to any individual being a sum deducted in accordance with the conditions of his service, for the purpose of securing to him a deferred annuity or making provision for his spouse or children, in so far as the sum so deducted does not exceed one-fifth of the salary;

(*iv*) as a contribution by an individual to any provident fund to which the Provident Funds Act, 1925 (19 of 1925) applies;

(*v*) as a contribution to any provident fund set up by the Central Government and notified by it in this behalf in the Official Gazette, where such contribution is to an account standing in the name of any person specified in sub-section (*4*);

(*vi*) as a contribution by an employee to a recognised provident fund;

(*vii*) as a contribution by an employee to an approved superannuation fund;

(*viii*) [1][as subscription, in the name of any person specified in sub-section (*4*), to] any such security of the Central Government or any such deposit scheme as that Government may, by notification in the Official Gazette, specify in this behalf;

(*ix*) as subscription to any such savings certificate as defined in clause (*c*) of section 2 of the Government Savings Certificates Act, 1959 (46 of 1959), as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*x*) as a contribution, in the name of any person specified in sub-section (*4*), for participation in the Unit-linked Insurance Plan, 1971 (hereafter in this section referred to as the Unit-linked Insurance Plan) specified in Schedule II of the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002);

(*xi*) as a contribution in the name of any person specified in sub-section (*4*) for participation in any such unit-linked insurance plan of the LIC Mutual Fund [2][referred to in clause (*23D*)] of section 10, as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*xii*) to effect or to keep in force a contract for such annuity plan of the Life Insurance Corporation or any other insurer as the Central Government may, by notification in the Official Gazette, specify;

---

1. Ins. by Act 18 of 2005, s. 21 (w.e.f. 1-4-2006). Earlier omitted by Act 12 of 1990, s. 50 (w.e.f. 1-4-1991).
2. Subs. by Act 25 of 2014, s. 27, for "one lakh rupees" (w.e.f. 1-4-2015).
3. Subs. by Act 20 of 2015, s. 16, for "as subscription to" (w.e.f. 1-4-2015).
4. Subs. by Act 21 of 2006, s. 16, for "notified under clause (*23D*)" (w.e.f. 1-4-2007).

(*xiii*) as subscription to any units of any Mutual Fund [1][referred to in clause (*23D*)] of section 10 or from the Administrator or the specified company under any plan formulated in accordance with such scheme as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*xiv*) as a contribution by an individual to any pension fund set up by any Mutual Fund [1][referred to in clause (*23D*)] of section 10 or by the Administrator or the specified company, as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*xv*) as subscription to any such deposit scheme of, or as a contribution to any such pension fund set up by, the National Housing Bank established under section 3 of the National Housing Bank Act, 1987 (53 of 1987) (hereafter in this section referred to as the National Housing Bank), as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*xvi*) as subscription to any such deposit scheme of—

(*a*) a public sector company which is engaged in providing long-term finance for construction or purchase of houses in India for residential purposes; or

(*b*) any authority constituted in India by or under any law enacted either for the purpose of dealing with and satisfying the need for housing accommodation or for the purpose of planning, development or improvement of cities, towns and villages, or for both,

as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*xvii*) as tuition fees (excluding any payment towards any development fees or donation or payment of similar nature), whether at the time of admission or thereafter,—

(*a*) to any university, college, school or other educational institution situated within India;

(*b*) for the purpose of full-time education of any of the persons specified in sub-section (*4*);

(*xviii*) for the purposes of purchase or construction of a residential house property the income from which is chargeable to tax under the head "Income from house property" (or which would, if it had not been used for the assessee's own residence, have been chargeable to tax under that head), where such payments are made towards or by way of—

(*a*) any instalment or part payment of the amount due under any self-financing or other scheme of any development authority, housing board or other authority engaged in the construction and sale of house property on ownership basis; or

(*b*) any instalment or part payment of the amount due to any company or co-operative society of which the assessee is a shareholder or member towards the cost of the house property allotted to him; or

(*c*) repayment of the amount borrowed by the assessee from—

(*1*) the Central Government or any State Government, or

(*2*) any bank, including a co-operative bank, or

(*3*) the Life Insurance Corporation, or

(*4*) the National Housing Bank, or

(*5*) any public company formed and registered in India with the main object of carrying on the business of providing long-term finance for construction or purchase of houses in India for residential purposes which is eligible for deduction under clause (*viii*) of sub-section (*1*) of section 36, or

---

1. Subs. by Act 21 of 2006, s. 16, for "notified under clause (*23D*)" (w.e.f. 1-4-2007).

(*6*) any company in which the public are substantially interested or any co-operative society, where such company or co-operative society is engaged in the business of financing the construction of houses, or

(*7*) the assessee's employer where such employer is an authority or a board or a corporation or any other body established or constituted under a Central or State Act, or

(*8*) the assessee's employer where such employer is a public company or a public sector company or a university established by law or a college affiliated to such university or a local authority or a co-operative society; or

(*d*) stamp duty, registration fee and other expenses for the purpose of transfer of such house property to the assessee,

but shall not include any payment towards or by way of—

(*A*) the admission fee, cost of share and initial deposit which a shareholder of a company or a member of a co-operative society has to pay for becoming such shareholder or member; or

(*B*) the cost of any addition or alteration to, or renovation or repair of, the house property which is carried out after the issue of the completion certificate in respect of the house property by the authority competent to issue such certificate or after the house property or any part thereof has either been occupied by the assessee or any other person on his behalf or been let out; or

(*C*) any expenditure in respect of which deduction is allowable under the provisions of section 24;

(*xix*) as subscription to equity shares or debentures forming part of any eligible issue of capital approved by the Board on an application made by a public company or as subscription to any eligible issue of capital by any public financial institution in the prescribed form.

*Explanation*.—For the purposes of this clause,—

(*i*) "eligible issue of capital" means an issue made by a public company formed and registered in India or a public financial institution and the entire proceeds of the issue are utilised wholly and exclusively for the purposes of any business referred to in sub-section (*4*) of section 80-IA;

(*ii*) "public company" shall have the meaning assigned to it in section 3 of the Companies Act, 1956 (1 of 1956);

(*iii*) "public financial institution" shall have the meaning assigned to it in section 4A of the Companies Act, 1956 (1 of 1956);

(*xx*) as subscription to any units of any mutual fund referred to in clause (*23D*) of section 10 and approved by the Board on an application made by such mutual fund in the prescribed form:

Provided that this clause shall apply if the amount of subscription to such units is subscribed only in the eligible issue of capital of any company.

*Explanation*.—For the purposes of this clause "eligible issue of capital" means an issue referred to in clause (*i*) of the *Explanation* to clause (*xix*) of sub-section (*2*);

[1][(*xxi*) as term deposit—

(*a*) for a fixed period of not less than five years with a scheduled bank; and

(*b*) which is in accordance with a scheme framed and notified, by the Central Government, in the Official Gazette for the purposes of this clause.

---

1. Ins. by Act 21 of 2006, s. 16 (w.e.f. 1-4-2007).

*Explanation*.—For the purposes of this clause, "scheduled bank" means the State Bank of India constituted under the State Bank of India Act, 1955 (23 of 1955), or a subsidiary bank as defined in the State Bank of India (Subsidiary Banks) Act, 1959 (38 of 1959), or a corresponding new bank constituted under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1970 (5 of 1970), or under section 3 of the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1980 (40 of 1980), or any other bank, being a bank included in the Second Schedule to the Reserve Bank of India Act, 1934 (2 of 1934);]

[1][(*xxii*) as subscription to such bonds issued by the National Bank for Agriculture and Rural Development, as the Central Government may, by notification in the Official Gazette, specify in this behalf;]

[2][(*xxiii*) in an account under the Senior Citizens Savings Scheme Rules, 2004;

(*xxiv*) as five year time deposit in an account under the Post Office Time Deposit Rules, 1981.]

(*3*) The provisions of sub-section (*2*) shall apply only to so much of any premium or other payment made on an [1][insurance policy, other than a contract for a deferred annuity, issued on or before the 31st day of March, 2012,] as is not in excess of twenty per cent of the actual capital sum assured.

*Explanation*.—In calculating any such actual capital sum assured, no account shall be taken—

(*i*) of the value of any premiums agreed to be returned, or

(*ii*) of any benefit by way of bonus or otherwise over and above the sum actually assured, which is to be or may be received under the policy by any person.

[2][(*3A*) The provisions of sub-section (*2*) shall apply only to so much of any premium or other payment made on an insurance policy, other than a contract for a deferred annuity, issued on or after the 1st day of April, 2012 as is not in excess of ten per cent of the actual capital sum assured:

[3][Provided that where the policy, issued on or after the 1st day of April, 2013, is for insurance on life of any person, who is—

(*a*) a person with disability or a person with severe disability as referred to in section 80U, or

(*b*) suffering from disease or ailment as specified in the rules made under section 80DDB,

the provisions of this sub-section shall have effect as if for the words "ten per cent.", the words "fifteen per cent." had been substituted.]

*Explanation*.—For the purposes of this sub-section, "actual capital sum assured" in relation to a life insurance policy shall mean the minimum amount assured under the policy on happening of the insured event at any time during the term of the policy, not taking into account—

(*i*) the value of any premium agreed to be returned; or

(*ii*) any benefit by way of bonus or otherwise over and above the sum actually assured, which is to be or may be received under the policy by any person.]

(*4*) The persons referred to in sub-section (*2*) shall be the following, namely:—

(*a*) for the purposes of clauses (*i*), (*v*), (*x*) and (*xi*) of that sub-section,—

(*i*) in the case of an individual, the individual, the wife or husband and any child of such individual, and

---

1. Ins. by Act 22 of 2007, s. 24 (w.e.f. 1-4-2008).
2. Ins. by Act 18 of 2008, s. 16 (w.e.f. 1-4-2008).
3. Subs. by Act 23 of 2012, s. 24, for "insurance policy other than a contract for a deferred annuity" (w.e.f. 1-4-2013).
4. Ins. by s. 24, *ibid*. (w.e.f. 1-4-2013).
5. Ins. by Act 17 of 2013, s. 12 (w.e.f. 1-4-2014).

(*ii*) in the case of a Hindu undivided family, any member thereof;

(*b*) for the purposes of clause (*ii*) of that sub-section, in the case of an individual, the individual, the wife or husband and any child of such individual;

[1][(*ba*) for the purposes of clause (*viii*) of that sub-section, in the case of an individual, the individual or any girl child of that individual, or any girl child for whom such person is the legal guardian, if the scheme so specifies;]

(*c*) for the purposes of clause (*xvii*) of that sub-section, in the case of an individual, any two children of such individual.

(*5*) Where, in any previous year, an assessee—

(*i*) terminates his contract of insurance referred to in clause (*i*) of sub-section (*2*), by notice to that effect or where the contract ceases to be in force by reason of failure to pay any premium, by not reviving contract of insurance,—

(*a*) in case of any single premium policy, within two years after the date of commencement of insurance; or

(*b*) in any other case, before premiums have been paid for two years; or

(*ii*) terminates his participation in any unit-linked insurance plan referred to in clause (*x*) or clause (*xi*) of sub-section (*2*), by notice to that effect or where he ceases to participate by reason of failure to pay any contribution, by not reviving his participation, before contributions in respect of such participation have been paid for five years; or

(*iii*) transfers the house property referred to in clause (*xviii*) of sub-section (*2*) before the expiry of five years from the end of the financial year in which possession of such property is obtained by him, or receives back, whether by way of refund or otherwise, any sum specified in that clause,

then,—

(*a*) no deduction shall be allowed to the assessee under sub-section (*1*) with reference to any of the sums, referred to in clauses (*i*), (*x*), (*xi*) and (*xviii*) of sub-section (*2*), paid in such previous year; and

(*b*) the aggregate amount of the deductions of income so allowed in respect of the previous year or years preceding such previous year, shall be deemed to be the income of the assessee of such previous year and shall be liable to tax in the assessment year relevant to such previous year.

(*6*) If any equity shares or debentures, with reference to the cost of which a deduction is allowed under sub-section (*1*), are sold or otherwise transferred by the assessee to any person at any time within a period of three years from the date of their acquisition, the aggregate amount of the deductions of income so allowed in respect of such equity shares or debentures in the previous year or years preceding the previous year in which such sale or transfer has taken place shall be deemed to be the income of the assessee of such previous year and shall be liable to tax in the assessment year relevant to such previous year.

*Explanation*.—A person shall be treated as having acquired any shares or debentures on the date on which his name is entered in relation to those shares or debentures in the register of members or of debenture-holders, as the case may be, of the public company.

[1][(*6A*) If any amount, including interest accrued thereon, is withdrawn by the assessee from his account referred to in clause (*xxiii*) or clause (*xxiv*) of sub-section (*2*), before the expiry of the period of five years from the date of its deposit, the amount so withdrawn shall be deemed to be the income of the

---

1. Ins. by Act 20 of 2015, s. 16 (w.e.f. 1-4-2015).
2. Ins. by Act 18 of 2008, s. 16 (w.e.f. 1-4-2008).

assessee of the previous year in which the amount is withdrawn and shall be liable to tax in the assessment year relevant to such previous year:

Provided that the amount liable to tax shall not include the following amounts, namely:—

(*i*) any amount of interest, relating to deposits referred to in clause (*xxiii*) or clause (*xxiv*) of sub-section (*2*), which has been included in the total income of the assessee of the previous year or years preceding such previous year; and

(*ii*) any amount received by the nominee or legal heir of the assessee, on the death of such assessee, other than interest, if any, accrued thereon, which was not included in the total income of the assessee for the previous year or years preceding such previous year.]

(*7*) For the purposes of this section,—

(*a*) the insurance, deferred annuity, provident fund and superannuation fund referred to in clauses (*i*) to (*vii*);

(*b*) unit-linked insurance plan and annuity plan referred to in clauses (*xii*) to (*xiiia*);

(*c*) pension fund and subscription to deposit scheme referred to in clauses (*xiiic*) to (*xiva*);

(*d*) amount borrowed for purchase or construction of a residential house referred to in clause (*xv*),

of sub-section (*2*) of section 88 shall be eligible for deduction under the corresponding provisions of this section and the deduction shall be allowed in accordance with the provisions of this section.

(*8*) In this section,—

(*i*) "Administrator" means the Administrator as referred to in clause (*a*) of section 2 of the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002);

(*ii*) "contribution" to any fund shall not include any sums in repayment of loan;

(*iii*) "insurance" shall include—

(*a*) a policy of insurance on the life of an individual or the spouse or the child of such individual or a member of a Hindu undivided family securing the payment of specified sum on the stipulated date of maturity, if such person is alive on such date notwithstanding that the policy of insurance provides only for the return of premiums paid (with or without any interest thereon) in the event of such person dying before the said stipulated date;

(*b*) a policy of insurance effected by an individual or a member of a Hindu undivided family for the benefit of a minor with the object of enabling the minor, after he has attained majority to secure insurance on his own life by adopting the policy and on his being alive on a date (after such adoption) specified in the policy in this behalf;

(*iv*) "Life Insurance Corporation" means the Life Insurance Corporation of India established under the Life Insurance Corporation Act, 1956 (31 of 1956);

(*v*) "public company" shall have the same meaning as in section 3 of the Companies Act, 1956 (1 of 1956);

(*vi*) "security" means a Government security as defined in clause (*2*) of section 2 of the Public Debt Act, 1944 (18 of 1944);

(*vii*) "specified company" means a company as referred to in clause (*h*) of section 2 of the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002);

(*viii*) "transfer" shall be deemed to include also the transactions referred to in clause (*f*) of section 269UA.]

**80CC.** [**Deduction in respect of investment in certain new shares**].—*Omitted by the Finance* (*No.* 2) *Act*, 1996 (33 *of* 1996), *s.* 22 (*w.e.f.* 1-4-1993).

[1][**80CCA. Deduction in respect of deposits under National Savings Scheme or payment to a deferred annuity plan.**—(*1*) Where an assessee, being—

    (*a*) an individual, or

    (*b*) a Hindu undivided family, [2]***

[3]*    *    *    *    *

has in the previous year—

    (*i*) deposited any amount in accordance with such scheme as the Central Government may, by notification in the Official Gazette, specify in this behalf [1]***; or

    (*ii*) paid any amount to effect or to keep in force a contract for such annuity plan of the Life Insurance Corporation as the Central Government may, by notification in the Official Gazette, specify,

out of his income chargeable to tax, he shall, in accordance with, and subject to, the provisions of this section, be allowed a deduction in the computation of his total income of the whole of the amount deposited or paid (excluding interest or bonus accrued or credited to the assessee's account, if any) as does not exceed the amount of twenty thousand rupees in the previous year:

[2][Provided that in relation to—

    (*a*) the assessment years commencing on the 1st day of April, 1989 and the 1st day of April, 1990, this sub-section shall have effect as if for the words "twenty thousand rupees", the words "thirty thousand rupees" had been substituted;

    (*b*) the assessment year commencing on the 1st day of April, 1991 and subsequent assessment years, this sub-section shall have effect as if for the words "twenty thousand rupees", the words "forty thousand rupees" had been substituted:]

    [3][Provided further that no deduction under this sub-section shall be allowed in relation to any amount deposited or paid under clauses (*i*) and (*ii*) on or after the 1st day of April, 1992.]

(*2*) Where any amount—

    (*a*) standing to the credit of the assessee [4][under the scheme referred to in clause (*i*) of sub-section (*1*)] in respect of which a deduction has been allowed under sub-section (*1*) together with the interest accrued on such amount is withdrawn in whole or in part in any previous year, or

    (*b*) is received on account of the surrender of the policy or as annuity or bonus in accordance with the annuity plan of the Life Insurance Corporation in any previous year,

---

1. Subs. by Act 26 of 1988, s. 23, for section 80CCA (w.e.f. 1-4-1988).
2. The words "or" omitted by Act 32 of 1994, s. 50 (w.e.f. 1-4-1988.)
3. Clause (*c*) omitted by s. 50, *ibid.* (w.e.f. 1-4-1988).
4. The brackets and words "(hereafter in this section referred to as the National Savings Scheme)" omitted by Act 49 of 1991, s. 25 (w.e.f. 1-10-1991).
5. Subs. by Act 12 of 1990, s. 16, for the proviso (w.e.f. 1-4-1991).
6. Ins. by Act 18 of 1992, s. 42 (w.e.f. 1-4-1993).
7. Subs. by Act 49 of 1991, s. 25, for "under the National Savings Scheme" (w.e.f. 1-10-1991).

an amount equal to the whole of the amount referred to in clause (*a*) or clause (*b*) shall be deemed to be the income of the assessee of that previous year in which such withdrawal is made or, as the case may be, amount is received, and shall, accordingly, be chargeable to tax as the income of that previous year:

[1][Provided that nothing contained in this sub-section shall apply to any amount received by the assessee on account of the surrender of the policy in accordance with the terms of the annuity plan of the Life Insurance Corporation where the assessee elects to surrender before the 1st day of October, 1992, the said annuity plan in respect of which he had paid any amount under clause (*ii*) of sub-section (*1*) before the 1st day of April, 1992.]

[2][(*3*) Notwithstanding anything contained in any other provision of this Act, where a partition has taken place among the members of a Hindu undivided family or where an association of persons has been dissolved after a deduction has been allowed under sub-section (*1*), the provisions of sub-section (*2*) shall apply as if the person in receipt of income referred to therein is the assessee.]

*Explanation* I.—For the removal of doubts, it is hereby declared that interest on the deposits made [1][under the scheme referred to in clause (*i*) of sub-section (*1*)] shall not be chargeable to tax except in the manner and to the extent specified in sub-section (*2*).

*Explanation* II.—For the purposes of this section, "Life Insurance Corporation" shall have the same meaning as in clause (*a*) of sub-section (*8*) of section 80C.

### [2][80CCB. Deduction in respect of investment made under Equity Linked Savings Scheme.—(*1*) Where an assessee, being—

    (*a*) an individual, or

    (*b*) a Hindu undivided family,[3]***

[4]*         *         *         *         *

has acquired in the previous year, out of his income chargeable to tax, units of any Mutual Fund specified under clause (23D) of section 10 or of the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963), under any plan formulated in accordance with such scheme as the Central Government may, by notification in the Official Gazette, specify in this behalf (hereafter in this section referred to as the Equity Linked Savings Scheme), he shall, in accordance with, and subject to, the provisions of this section, be allowed a deduction in the computation of his total income of so much of the amount invested as does not exceed the amount of ten thousand rupees in the previous year:

[5][Provided that no deduction shall be allowed in relation to any amount invested under this sub-section on or after the 1st day of April, 1992.]

(*2*) Where any amount invested by the assessee in the units issued under a plan formulated under the Equity Linked Savings Scheme in respect of which a deduction has been allowed under sub-section (*1*) is returned to him in whole or in part either by way of repurchase of such units or on the termination of the plan, by the Fund or the Trust, as the case may be, in any previous year, it shall be deemed to be the income of the assessee of that previous year and chargeable to tax accordingly.

---

1. Ins. by Act 18 of 1992, s. 42 (w.e.f. 1-4-1993).
2. Ins. by Act 12 of 1990, s. 16 (w.e.f. 1-4-1991).
3. Subs. by Act 49 of 1991, s. 25, for "under the National Savings Scheme" (w.e.f. 1-4-1991).
4. Ins. by Act 12 of 1990, s. 17 (w.e.f. 1-4-1991).
5. The word "or" omitted by Act 32 of 1994, s. 50 (w.e.f. 1-4-1991).
6. Clause (*c*) omitted by s. 50, *ibid.* (w.e.f. 1-4-1991).
7. Ins. by Act 18 of 1992, s. 43 (w.e.f. 1-4-1993).

(*3*) Notwithstanding anything contained in any other provision of this Act, where a partition has taken place among the members of a Hindu undivided family or where an association of persons has been dissolved after a deduction has been allowed under sub-section (*1*), the provisions of sub-section (*2*) shall apply as if the person in receipt of income referred to therein is the assessee.]

[1][**80CCC. Deduction in respect of contribution to certain pension funds.**—(*1*) Where an assessee being an individual has in the previous year paid or deposited any amount out of his income chargeable to tax to effect or keep in force a contract for any annuity plan of Life Insurance Corporation of India [2][or any other insurer] for receiving pension from the fund referred to in clause (*23AAB*) of section 10, he shall, in accordance with, and subject to, the provisions of this section, be allowed a deduction in the computation of his total income, of the whole of the amount paid or deposited (excluding interest or bonus accrued or credited to the assessee's account, if any) as does not exceed the amount of [3][one hundred and fifty thousand rupees] in the previous year.

(*2*) Where any amount standing to the credit of the assessee in a fund, referred to in sub-section (*1*) in respect of which a deduction has been allowed under sub-section (*1*), together with the interest or bonus accrued or credited to the assessee's account, if any, is received by the assessee or his nominee—

　(*a*) on account of the surrender of the annuity plan whether in whole or in part, in any previous year, or

　(*b*) as pension received from the annuity plan,

an amount equal to the whole of the amount referred to in clause (*a*) or clause (*b*) shall be deemed to be the income of the assessee or his nominee, as the case may be, in that previous year in which such withdrawal is made or, as the case may be, pension is received, and shall accordingly be chargeable to tax as income of that previous year.

[1][(*3*) Where any amount paid or deposited by the assessee has been taken into account for the purposes of this section,—

　(*a*) a rebate with reference to such amount shall not be allowed under section 88 for any assessment year ending before the 1st day of April, 2006;

　(*b*) a deduction with reference to such amount shall not be allowed under section 80C for any assessment year beginning on or after the 1st day of April, 2006.]]

[2][**80CCD. Deduction in respect of contribution to pension scheme of Central Government.**—(*1*) [3][Where an assessee, being an individual employed by the Central Government on or after the 1st day of January, 2004 or, being an individual employed by any other employer], [4][or any other assessee, being an individual] has in the previous year paid or deposited any amount in his account under a pension scheme notified or as may be notified by the Central Government, he shall, in accordance with, and subject to, the provisions of this section, be allowed a deduction in the computation of his total income, of the whole of the amount so paid or deposited [5][as does not exceed,—

　(*a*) in the case of an employee, ten per cent of his salary in the previous year; and

---

1. Ins. by Act 33 of 1996, s. 23 (w.e..f 1-4-1997).
2. Ins. by Act 14 of 2001, s. 36 (w.e.f. 1-4-2002).
3. Subs. by Act 20 of 2015, s. 17, for "one lakh rupees" (w.e.f. 1-4-2016).
4. Subs. by Act 18 of 2005, s. 22, for sub-section (*3*) (w.e.f. 1-4-2006).
5. Ins. by Act 23 of 2004, s. 15 (w.e.f. 1-4-2004).
6. Subs. by Act 25 of 2014, s. 28, for "Where an assessee, being an individual employed by the Central Government or any other employer on or after the 1st day of January, 2004" (w.e.f. 1-4-2015).
7. Ins. by Act 33 of 2009, s. 30 (w.e.f. 1-4-2009).
8. Subs. by s. 30, *ibid.*, for "as does not exceed ten per cent. of his salary in the previous year" (w.e.f. 1-4-2009).

(*b*) in any other case, [1][twenty per cent.] of his gross total income in the previous year.]

[2]*          *          *          *          *

[3][(*1B*) An assessee referred to in sub-section (*1*), shall be allowed a deduction in computation of his total income, whether or not any deductions is allowed under sub-section (*1*), of the whole of the amount paid or deposited in the previous year in his account under a pension scheme notified or as may be notified by the Central Government, which shall not exceed fifty thousand rupees:

Provided that no deduction under this sub-section shall be allowed in respect of the amount on which a deduction has been claimed and allowed under sub-section (*1*).]

(*2*) Where, in the case of an assessee referred to in sub-section (*1*), the [4][Central Government or any other employer] makes any contribution to his account referred to in that sub-section, the assessee shall be allowed a deduction in the computation of his total income, of the whole of the amount contributed by the [4][Central Government or any other employer] as does not exceed ten per cent of his salary in the previous year.

(*3*) Where any amount standing to the credit of the assessee in his account referred to in [1][sub-section (*1*) or sub-section (*1B*)], in respect of which a deduction has been allowed [2][under those sub-sections] or sub-section (*2*), together with the amount accrued thereon, if any, is received by the assessee or his nominee, in whole or in part, in any previous year,—

(*a*) on account of closure or his opting out of the pension scheme referred to in [5][sub-section (*1*)  or sub-section (*1B*)]; or

(*b*) as pension received from the annuity plan purchased or taken on such closure or opting out,

the whole of the amount referred to in clause (*a*) or clause (*b*) shall be deemed to be the income of the assessee or his nominee, as the case may be, in the previous year in which such amount is received, and shall accordingly be charged to tax as income of that previous year.

[3][Provided that the amount received by the nominee, on the death of the assessee, under the circumstances referred to in clause (*a*), shall not be deemed to be the income of the nominee.]

[4][(*4*) Where any amount paid or deposited by the assessee has been allowed as a deduction under [5][sub-section (*1*) or sub-section (*1B*)],—

(*a*) no rebate with reference to such amount shall be allowed under section 88 for any assessment year ending before the 1st day of April, 2006;

(*b*) no deduction with reference to such amount shall be allowed under section 80C for any assessment year beginning on or after the 1st day of April, 2006.]

[5][(*5*) For the purposes of this section, the assessee shall be deemed not to have received any amount in the previous year if such amount is used for purchasing an annuity plan in the same previous year.]

*Explanation*.—For the purposes of this section, "salary" includes dearness allowance, if the terms of employment so provide, but excludes all other allowances and perquisites.]

---

1. Subs. by Act 7 of 2017, s. 33 for "ten per cent." (w.e.f. 1-4-2018).
2. Sub-section (*1A*) omitted by Act 20 of 2015, s. 18 (w.e.f. 1-4-2016).
3. Ins. by s. 18, *ibid.* (w.e.f. 1-4-2016).
4. Subs. by Act 22 of 2007, s. 25, for "Central Government" (w.e.f. 1-4-2004).
5. Subs. by Act 20 of 2015, s. 18, for "sub-section (*1*)" (w.e.f. 1-4-2016).
6. Subs. by s. 18, *ibid.*, for " under that sub-section" (w.e.f. 1-4-2016).
7. Ins. by Act 28 of 2016, s. 37 (w.e.f. 1-4-2017).
8. Subs. by Act 18 of 2005, s. 23, for sub-section (*4*) (w.e.f. 1-4-2006).
9. Ins. by Act 33 of 2009, s. 30 (w.e.f. 1-4-2009).

[1][**80CCE. Limit on deductions under section 80C, section 80CCC and 80CCD.**—The aggregate amount of deductions under section 80C, section 80CCC and [2][sub-section (*1*) of section 80CCD] shall not, in any case, exceed [3][one hundred and fifty thousand rupees].]

[4][**80CCF. Deduction in respect of subscription to long-term infrastructure bonds.**—In computing the total income of an assessee, being an individual or a Hindu undivided family, there shall be deducted, the whole of the amount, to the extent such amount does not exceed twenty thousand rupees, paid or deposited, during the previous year relevant to the assessment year beginning on the 1st day of April, 2011 [5][or to the assessment year beginning on the 1st day of April, 2012], as subscription to long-term infrastructure bonds as may, for the purposes of this section, be notified by the Central Government.]

[1][**80CCG. Deduction in respect of investment made under an equity savings scheme.**—(*1*) Where an assessee, being a resident individual, has, in a previous year, acquired listed equity shares [2][or listed units of an equity oriented fund] in accordance with a scheme, as may be notified by the Central Government in this behalf, he shall, subject to the provisions of sub-section (*3*), be allowed a deduction, in the computation of his total income of the assessment year relevant to such previous year, of fifty per cent of the amount invested in such equity shares [7][or units] to the extent such deduction does not exceed twenty-five thousand rupees.

[3][(2) The deduction under sub-section (*1*) shall be allowed in accordance with, and subject to, the provisions of this section for three consecutive assessment years, beginning with the assessment year relevant to the previous year in which the listed equity shares or listed units of equity oriented fund were first acquired.]

(*3*) The deduction under sub-section (*1*) shall be subject to the following conditions, namely:—

(*i*) the gross total income of the assessee for the relevant assessment year shall not exceed [4][twelve lakh rupees];

(*ii*) the assessee is a new retail investor as may be specified under the scheme referred to in sub-section (*1*);

(*iii*) the investment is made in such listed equity shares [7][or listed units of equity oriented fund] as may be specified under the scheme referred to in sub-section (*1*);

(*iv*) the investment is locked-in for a period of three years from the date of acquisition in accordance with the scheme referred to in sub-section (*1*); and

(*v*) such other condition as may be prescribed.

(*4*) If the assessee, in any previous year, fails to comply with any condition specified in sub-section (*3*), the deduction originally allowed shall be deemed to be the income of the assessee of such previous year and shall be liable to tax for the assessment year relevant to such previous year.]

---

1. Ins. by Act 18 of 2005, s. 24 (w.e.f. 1-4-2006).
2. Subs. by Act 8 of 2011, s. 9, for "section 80CCD" (w.e.f. 1-4-2012).
3. Subs. by Act 25 of 2014, s. 29, for "one lakh rupees" (w.e.f. 1-4-2015).
4. Ins. by Act 14 of 2010, s. 24 (w.e.f. 1-4-2011).
5. Ins. by Act 8 of 2011, s. 10 (w.e.f. 1-4-2012).
6. Ins. by Act 23 of 2012, s. 25 (w.e.f. 1-4-2013).
7. Ins. by Act 17 of 2013, s. 13 (w.e.f. 1-4-2014).
8. Subs. by s. 13, *ibid.*, for sub-section (2) (w.e.f. 1-4-2014).
9. Subs. by s. 13, *ibid.*, for "ten lakh rupees" (w.e.f. 1-4-2014).

[1][*Explanation*.—For the purposes of this section, "equity oriented fund" shall have the meaning assigned to it in the *Explanation* to clause (*38*) of section 10.]

[2][**80D. Deduction in respect of health insurance premia.**—(*1*) In computing the total income of an assessee, being an individual or a Hindu undivided family, there shall be deducted such sum, as specified in sub-section (*2*) or sub-section (*3*), payment of which is made by any mode [3][as specified in sub-section (*2B*)], in the previous year out of his income chargeable to tax.

(*2*) Where the assessee is an individual, the sum referred to in sub-section (*1*) shall be the aggregate of the following, namely:—

(*a*) the whole of the amount paid to effect or to keep in force an insurance on the health of the assessee or his family [1][or any contribution made to the Central Government Health Scheme] [2][or such other scheme as may be notified by the Central Government in this behalf] [3][or any payment made on account of preventive health check-up of the assessee or his family] as does not exceed in the aggregate [4][twenty-five thousand rupees]; and

(*b*) the whole of the amount paid to effect or to keep in force an insurance on the health of the parents or parents of the assessee [6][or any payment made on account of preventive health check-up of the parent or parents of the assessee] as does not exceed in the aggregate [7][twenty-five thousand rupees];

[5][(*c*) the whole of the amount paid on account of medical expenditure incurred on the health of the assessee or any member of his family as does not exceed in the aggregate thirty thousand rupees; and

(*d*) the whole of the amount paid on account of medical expenditure incurred on the health of any parent of the assessee, as does not exceed in the aggregate thirty thousand rupees:

Provided that the amount referred to in clause (*c*) or clause (*d*) is paid in respect of a very senior citizen and no amount has been paid to effect or to keep in force an insurance on the health of such person:

Provided further that the aggregate of the sum specified under clause (*a*) and clause (*c*) or the aggregate of the sum specified under clause (*b*) and clause (*d*) shall not exceed thirty thousand rupees.]

*Explanation*.—For the purposes of clause (*a*), "family" means the spouse and dependant children of the assessee.

[6][(*2A*) Where the amounts referred to in clauses (*a*) and (*b*) of sub-section (*2*) are paid on account of preventive health check-up, the deduction for such amounts shall be allowed to the extent it does not exceed in the aggregate five thousand rupees.

---

1. Ins. by Act 17 of 2013, s. 13 (w.e.f. 1-4-2014).
2. Subs. by Act 18 of 2008, s. 17, for section 80D (w.e.f. 1-4-2009).
3. Subs. by Act 23 of 2012, s. 26, for ", other than cash," (w.e.f. 1-4-2013).
4. Ins. by Act 14 of 2010, s. 25 (w.e.f. 1-4-2011).
5. Ins. by Act 17 of 2013, s. 14 (w.e.f. 1-4-2014).
6. Ins. by Act 23 of 2012, s. 26 (w.e.f. 1-4-2013).
7. Subs. by Act 20 of 2015, s. 19, for "fifteen thousand rupees" (w.e.f. 1-4-2016).
8. Ins. by s. 19, *ibid*. (w.e.f. 1-4-2016).

(*2B*) For the purposes of deduction under sub-section (*1*), the payment shall be made by—

(*i*) any mode, including cash, in respect of any sum paid on account of preventive health check-up;

(*ii*) any mode other than cash in all other cases not falling under clause (*i*).]

[1][(*3*) Where the assessee is a Hindu undivided family, the sum referred to in sub-section (*1*), shall be the aggregate of the following, namely:—

(*a*) whole of the amount paid to effect or to keep in force an insurance on the health of any member of that Hindu undivided family as does not exceed in the aggregate twenty-five thousand rupees; and

(*b*) the whole of the amount paid on account of medical expenditure incurred on the health of any member of the Hindu undivided family as does not exceed in the aggregate thirty thousand rupees:

Provided that the amount referred to in clause (*b*) is paid in respect of a very senior citizen and no amount has been paid to effect or to keep in force an insurance on the health of such person:

Provided further that the aggregate of the sum specified under clause (*a*) and clause (*b*) shall not exceed thirty thousand rupees.]

(*4*) Where the sum specified in clause (*a*) or clause (*b*) of sub-section (*2*) [1][or clause (*a*) of sub-section (*3*)] is paid to effect or keep in force an insurance on the health of any person specified therein, and who is a senior citizen, [2][or a very senior citizen], the provisions of this section shall have effect as if for the words [3][twenty-five thousand rupees], the words [4][thirty thousand rupees] had been substituted.

[5]*          *          *          *          *

(*5*) The insurance referred to in this section shall be in accordance with a scheme made in this behalf by—

(*a*) the General Insurance Corporation of India formed under section 9 of the General Insurance Business (Nationalisation) Act, 1972 (57 of 1972) and approved by the Central Government in this behalf; or

(*b*) any other insurer and approved by the Insurance Regulatory and Development Authority established under sub-section (*1*) of section 3 of the Insurance Regulatory and Development Authority Act, 1999 (41 of 1999).]

[6][*Explanation*.—For the purposes of this section,—

(*i*) "senior citizen" means an individual resident in India who is of the age of sixty years or more at any time during the relevant previous year;

---

1. Subs. by Act 20 of 2015, s. 19, for sub-section (*3*) (w.e.f. 1-4-2016).
2. Subs. by s. 19, *ibid.*, for "or in sub-section (*3*)" (w.e.f. 1-4-2016).
3. Ins. by s. 19, *ibid.* (w.e.f. 1-4-2016).
4. Subs. by s. 19, *ibid.,* for "fifteen thousand rupees" (w.e.f. 1-4-2016).
5. Subs. by s. 19, *ibid.*, for "twenty thousand rupees" (w.e.f. 1-4-2016).
6. *Explanation* omitted by s. 19, *ibid.* (w.e.f. 1-4-2016).
7. Ins. by s. 19, *ibid.* (w.e.f. 1-4-2016).

(*ii*) "very senior citizen" means an individual resident in India who is of the age of eighty years or more at any time during the relevant previous year.]

[1][**80DD. Deduction in respect of maintenance including medical treatment of a dependant who is a person with disability.**—[2][(*1*) Where an assessee, being an individual or a Hindu undivided family, who is a resident in India, has, during the previous year,—

    (*a*) incurred any expenditure for the medical treatment (including nursing), training and rehabilitation of a dependant, being a person with disability; or

    (*b*) paid or deposited any amount under a scheme framed in this behalf by the Life Insurance Corporation or any other insurer or the Administrator or the specified company subject to the conditions specified in sub-section (*2*) and approved by the Board in this behalf for the maintenance of a dependant, being a person with disability,

the assessee shall, in accordance with and subject to the provisions of this section, be allowed a deduction of a sum of seventy-five thousand rupees from his gross total income in respect of the previous year:

Provided that where such dependant is a person with severe disability, the provisions of this sub-section shall have effect as if for the words "seventy-five thousand rupees", the words "one hundred and twenty-five thousand rupees" had been substituted.]

(*2*) The deduction under clause (*b*) of sub-section (*1*) shall be allowed only if the following conditions are fulfilled, namely:—

    (*a*) the scheme referred to in clause (*b*) of sub-section (*1*) provides for payment of annuity or lump sum amount for the benefit of a dependant, being a person with disability, in the event of the death of the individual or the member of the Hindu undivided family in whose name subscription to the scheme has been made;

    (*b*) the assessee nominates either the dependant, being a person with disability, or any other person or a trust to receive the payment on his behalf, for the benefit of the dependant, being a person with disability.

(*3*) If the dependant, being a person with disability, predeceases the individual or the member of the Hindu undivided family referred to in sub-section (*2*), an amount equal to the amount paid or deposited under clause (*b*) of sub-section (*1*) shall be deemed to be the income of the assessee of the previous year in which such amount is received by the assessee and shall accordingly be chargeable to tax as the income of that previous year.

(*4*) The assessee, claiming a deduction under this section, shall furnish a copy of the certificate issued by the medical authority in the prescribed form and manner, along with the return of income under section 139, in respect of the assessment year for which the deduction is claimed:

Provided that where the condition of disability requires reassessment of its extent after a period stipulated in the aforesaid certificate, no deduction under this section shall be allowed for any assessment year relating to any previous year beginning after the expiry of the previous year during which the aforesaid certificate of disability had expired, unless a new certificate is obtained from the medical authority in the form and manner, as may be prescribed, and a copy thereof is furnished along with the return of income.

1. Subs. by Act 32 of 2003, s. 34, for section 80DD (w.e.f. 1-4-2004).

2. Subs. by Act 20 of 2015, s. 20, for sub-section (*1*) (w.e.f. 1-4-2016).

*Explanation*.—For the purposes of this section,—

(*a*) "Administrator" means the Administrator as referred to in clause (*a*) of section 2 of the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002);

(*b*) "dependant" means—

(*i*) in the case of an individual, the spouse, children, parents, brothers and sisters of the individual or any of them;

(*ii*) in the case of a Hindu undivided family, a member of the Hindu undivided family,

dependant wholly or mainly on such individual or Hindu undivided family for his support and maintenance, and who has not claimed any deduction under section 80U in computing his total income for the assessment year relating to the previous year;

(*c*) "disability" shall have the meaning assigned to it in clause (*i*) of section 2 of the Persons with Disabilities (Equal Opportunities, Protection of Rights and Full Participation) Act, 1995 (1 of 1996) [1][and includes "autism", "cerebral palsy" and "multiple disability" referred to in clauses (*a*), (*c*) and (*h*) of section 2 of the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999 (44 of 1999)];

(*d*) "Life Insurance Corporation" shall have the same meaning as in clause (*iii*) of sub-section (*8*) of section 88;

(*e*) "medical authority" means the medical authority as referred to in clause (*p*) of section 2 of the Persons with Disabilities (Equal Opportunities, Protection of Rights and Full Participation) Act, 1995 (1 of 1996) [1][or such other medical authority as may, by notification, be specified by the Central Government for certifying "autism", "cerebral palsy", "multiple disabilities", "person with disability" and "severe disability" referred to in clauses (*a*), (*c*), (*h*), (*j*) and (*o*) of section 2 of the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999 (44 of 1999)];

(*f*) "person with disability" means a person as referred to in clause (t) of section 2 of the Persons with Disabilities (Equal Opportunities, Protection of Rights and Full Participation) Act, 1995 (1 of 1996) [1][or clause (*j*) of section 2 of the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999 (44 of 1999)];

[2][(*g*) "person with severe disability" means—

(*i*) a person with eighty per cent or more of one or more disabilities, as referred to in sub-section (*4*) of section 56 of the Persons with Disabilities (Equal Opportunities, Protection of Rights and Full Participation) Act, 1995 (1 of 1996); or

(*ii*) a person with severe disability referred to in clause (*o*) of section 2 of the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999 (44 of 1999);]

(*h*) "specified company" means a company as referred to in clause (*h*) of section 2 of the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002).]

---

1. Ins. by Act 23 of 2004, s. 16 (w.e.f. 1-4-2005).
2. Subs. by s. 16, *ibid.*, for clause (*g*) (w.e.f. 1-4-2005).

[1]**[80DDB. Deduction in respect of medical treatment, etc.**—Where an assessee who is resident in India has, during the previous year, actually paid any amount for the medical treatment of such disease or ailment as may be specified in the rules made in this behalf by the Board—

(*a*) for himself or a dependant, in case the assessee is an individual; or

(*b*) for any member of a Hindu undivided family, in case the assessee is a Hindu undivided family,

the assessee shall be allowed a deduction of the amount actually paid or a sum of forty thousand rupees, whichever is less, in respect of that previous year in which such amount was actually paid :

[1][Provided that no such deduction shall be allowed unless the assessee obtains the prescription for such medical treatment from a neurologist, an oncologist, a urologist, a haematologist, an immunologist or such other specialist, as may be prescribed:]

Provided further that the deduction under this section shall be reduced by the amount received, if any, under an insurance from an insurer, or reimbursed by an employer, for the medical treatment of the person referred to in clause (*a*) or clause (*b*):

Provided als**o** that where the amount actually paid is in respect of the assessee or his dependant or any member of a Hindu undivided family of the assessee and who is a senior citizen, the provisions of this section shall have effect as if for the words "forty thousand rupees", the words "sixty thousand rupees" had been substituted:

[2][Provided also that where the amount actually paid is in respect of the assessee or his dependant or any member of a Hindu undivided family of the assessee and who is a very senior citizen, the provisions of this section shall have effect as if for the words "forty thousand rupees", the words "eighty thousand rupees" had been substituted.]

*Explanation*.—For the purposes of this section,—

(*i*) "dependant" means—

(*a*) in the case of an individual, the spouse, children, parents, brothers and sisters of the individual or any of them,

(*b*) in the case of a Hindu undivided family, a member of the Hindu undivided family,

dependant wholly or mainly on such individual or Hindu undivided family for his support and maintenance;

---

1. Subs. by Act 32 of 2003, s. 35, for section 80DDB (w.e.f. 1-4-2004).
2. Subs. by Act 20 of 2015, s. 21, for the proviso (w.e.f. 1-4-2016).
3. Ins. by s. 21, *ibid*. (w.e.f. 1-4-2016).

[1]*               *               *               *               *

(*iii*) "insurer" shall have the meaning assigned to it in clause (9) of section 2 of the Insurance Act, 1938 (4 of 1938);

(*iv*) "senior citizen" means an individual resident in India who is of the age of [2][sixty years] or more at any time during the relevant previous year;

[1][(*v*) "very senior citizen" means an individual resident in India who is of the age of eighty years or more at any time during the relevant previous year.]

[2][**80E. Deduction in respect of interest on loan taken for higher education.**—(*1*) In computing the total income of an assessee, being an individual, there shall be deducted, in accordance with and subject to the provisions of this section, any amount paid by him in the previous year, out of his income chargeable to tax, by way of interest on loan taken by him from any financial institution or any approved charitable institution for the purpose of pursuing his higher education [3][or for the purpose of higher education of his relative].

(*2*) The deduction specified in sub-section (*1*) shall be allowed in computing the total income in respect of the initial assessment year and seven assessment years immediately succeeding the initial assessment year or until the interest referred to in sub-section (*1*) is paid by the assessee in full, whichever is earlier.

(*3*) For the purposes of this section,—

(*a*) "approved charitable institution" means an institution specified in, or, as the case may be, an institution established for charitable purposes and [4][approved by the prescribed authority] under clause (*23C*) of section 10 or an institution referred to in clause (*a*) of sub-section (*2*) of section 80G;

(*b*) "financial institution" means a banking company to which the Banking Regulation Act, 1949 (10 of 1949) applies (including any bank or banking institution referred to in section 51 of that Act); or any other financial institution which the Central Government may, by notification in the Official Gazette, specify in this behalf;

[5][(*c*) "higher education" means any course of study pursued after passing the Senior Secondary Examination or its equivalent from any school, board or university recognised by the Central Government or State Government or local authority or by any other authority authorised by the Central Government or State Government or local authority to do so;]

(*d*) "initial assessment year" means the assessment year relevant to the previous year, in which the assessee starts paying the interest on the loan;]

---

1. Clause (*ii*) omitted by Act 20 of 2015, s. 21 (w.e.f. 1-4-2016).
2. Subs. by Act 23 of 2012, s. 27, for "sixty-five years" (w.e.f. 1-4-2013).
3. Ins. by Act 20 of 2015, s. 21 (w.e.f. 1-4-2016).
4. Subs. by Act 18 of 2005, s. 25 (w.e.f. 1-4-2006). Earlier omitted by Act 4 of 1988, s. 33 (w.e.f. 1-4-1989) and ins. by Act 32 of 1994, s. 23 (w.e.f. 1-4-1995).
5. Ins. by Act 22 of 2007, s. 27 (w.e.f. 1-4-2008).
6. Subs. by s. 27, *ibid.*, for "notified by the Central Government" (w.e.f. 1-4-2008).
5. Subs. by Act 33 of 2009, s. 32, for clause (*c*) (w.e..f 1-4-2010).

[1][(*e*) "relative", in relation to an individual, means the spouse and children of that individual or the student for whom the individual is the legal guardian.]

[2][**80EE. Deduction in respect of interest on loan taken for residential house property.**—(*1*) In computing the total income of an assessee, being an individual, there shall be deducted, in accordance with and subject to the provisions of this section, interest payable on loan taken by him from any financial institution for the purpose of acquisition of a residential property.

(*2*) The deduction under sub-section (*1*) shall not exceed fifty thousand rupees and shall be allowed in computing the total income of the individual for the assessment year beginning on the 1st day of April, 2017 and subsequent assessment years.

(*3*) The deduction under sub-section (*1*) shall be subject to the following conditions, namely:—

(*i*) the loan has been sanctioned by the financial institution during the period beginning on the 1st day of April, 2016 and ending on the 31st day of March, 2017;

(*ii*) the amount of loan sanctioned for acquisition of the residential house property does not exceed thirty-five lakh rupees;

(*iii*) the value of residential house property does not exceed fifty lakh rupees;

(*iv*) the assessee does not own any residential house property on the date of sanction of loan.

(*4*) Where a deduction under this section is allowed for any interest referred to in sub-section (*1*), deduction shall not be allowed in respect of such interest under any other provision of this Act for the same or any other assessment year.

(*5*) For the purposes of this section,—

(*a*) "financial institution" means a banking company to which the Banking Regulation Act, 1949 (10 of 1949) applies, or any bank or banking institution referred to in section 51 of that Act or a housing finance company;

(*b*) "housing finance company" means a public company formed or registered in India with the main object of carrying on the business of providing long-term finance for construction or purchase of houses in India for residential purposes.]

**80F.** [**Deduction in respect of educational expenses in certain cases**].—*Omitted by the Finance Act*, 1985 (32 *of* 1985), *s*. 17 (*w.e.f.* 1-4-1986). *Before omission by Act* 3 *of* 1989, *s. 95 it was ins. by Act* 4 *of* 1988, *s*. 24 (*w.e.f.* 1-4-1989).

**80FF.** [**Deduction in respect of expenses on higher education in certain cases**].—*Omitted by the Finance* (*No*. 2) *Act*, 1980 (44 *of* 1980), *s*. 14 (*w.e.f.* 1-4-1981). *Earlier inserted by Act* 25 of 1975 *s.* 11 (*w.e.f.* 1-4-1976).

---

1. Subs. by Act 33 of 2009, s. 32, for clause (*e*) (w.e.f. 1-4-2010).
2. Subs. by Act 28 of 2016, s. 38, for section 80EE (w.e.f. 1-4-2017).

**80G. Deduction in respect of donations to certain funds, charitable institutions, etc.**—[1][(*1*) In computing the total income of an assessee, there shall be deducted, in accordance with and subject to the provisions of this section,—

[2][(*i*) in a case where the aggregate of the sums specified in sub-section (*2*) includes any sum or sums of the nature specified [3][in sub-clause (*i*) or in [4][sub-clause (*iiia*)] [5][or in sub-clause (*iiiaa*) [6][or in sub-clause (*iiiab*)] [7][or in sub-clause (*iiib*)] [8][or in sub-clause (*iiie*)] [9][or in sub-clause (*iiif*)] [10][or in sub-clause (*iiig*)] [1][or in sub-clause (*iiiga*)] [2][or sub-clause (*iiih*)] [3][or sub-clause (*iiiha*) or          sub-clause (*iiihb*) or sub-clause (*iiihc*)] [4][or sub-clause (*iiihd*)] [5][or sub-clause (*iiihe*)] [6][or sub-clause (*iiihf*)] [7][or sub-clause (*iiihg*) or sub-clause (*iiihh*)] [8][or sub-clause (*iiihi*)] [9][or sub-clause (*iiihj*)] or] [10][sub-clause (*iiihk*) or sub-clause (*iiihl*) or] [20][sub-clause (*iiihm*) or] in] sub-clause (*vii*) of clause (*a*) [11][or in clause (*c*)] [11][or in clause (*d*)] thereof, an amount equal to the whole of the sum or, as the case may be, sums of such nature plus fifty per cent of the balance of such aggregate; and]

(*ii*) in any other case, an amount equal to fifty per cent of the aggregate of the sums specified in sub-section (*2*).]

(*2*) The sums referred to in sub-section (*1*) shall be the following, namely:—

(*a*) any sums paid by the assessee in the previous year as donations to—

(*i*) the National Defence Fund set up by the Central Government; or

(*ii*) the Jawaharlal Nehru Memorial Fund referred to in the Deed of Declaration of Trust adopted by the National Committee at its meeting held on the 17th day of August, 1964; or

(*iii*) the Prime Minister's Drought Relief Fund; or

[12][(*iiia*) the Prime Minister's National Relief Fund; or]

[5][(*iiiaa*) the Prime Minister's Armenia Earthquake Relief Fund; or]

[13][(*iiiab*) the Africa (Public Contributions-India) Fund; or]

[14][(*iiib*) the National Children's Fund; or]

[15][(*iiic*) the Indira Gandhi Memorial Trust, the deed of declaration in respect whereof was registered at New Delhi on the 21st day of February, 1985; or]

---

1. Subs. by Act 66 of 1976, s. 17, for sub-section (*1*) (w.e.f. 1-4-1977).
2. Subs. by Act 32 of 1985, s. 18, for clause (*i*) (1-4-1986).
3. Subs. by Act 28 of 1999, s. 2, for "in sub-clause (*iiia*)" (w.e.f. 1-4-2000).
4. Restored by Act 3 of 1989 s. 95, Earlier subs. by Act 4 of 1988, s. 25 (w.e.f. 1-1989).
5. Ins. by Act 11 of 1989, s. 3 (w.e.f. 24-1-1989).
6. Ins. by Act 49 of 1991, s. 26 (w.e.f. 1-4-1991).
7. Ins. by Act 17 of 2013, s. 16 (w.e.f. 1-4-2014).
8. Ins. by Act 38 of 1993, s. 13 (w.e.f. 1-4-1993).
9. Ins. by s. 13, *ibid*. (w.e.f. 1-4-1994).
10. Ins. by Act 32 of 1994, s. 26 (w.e.f. 1-4-1994).
11. Ins. by Act 4 of 2001, s. 6 (w.e.f. 3-2-2001).
12. Ins. by Act 22 of 1995, s. 16 (w.e.f. 1-4-1996).
13. Ins. by Act 33 of 1996, s. 24 (w.e.f. 1-4-1997).
14. Ins. by Act 35 of 1996, s. 2 (w.e.f. 14-11-1996).
15. Ins. by Act 14 of 1997, s. 3 (w.e.f. 1-4-1997).
16. Ins. by Act 26 of 1997, s. 23 (w.e.f. 1-4-1998).
17. Ins. by Act 21 of 1998, s. 29 (w.e.f. 1-4-1999).
18. Ins. b y Act 27 of 1999, s. 43 (w.e.f. 1-4-2000).
19. Ins. by Act 14 of 2001, s. 39 (w.e.f. 1-4-2002).
20. Ins. by Act 20 of 2015, s. 22 (w.e.f. 1-4-2016).
11. Ins. by Act 10 of 2000, s. 31 (w.e.f. 1-4-2001).
12. Ins. by Act 1 of 1976, s. 2 (9-9-1975).
23. Ins. by Act 49 of 1991, s. 26 (w.e.f. 1-4-1991).
24. Ins. by Act 14 of 1982, s. 15 (w.e.f 1-4-1983).
25. Ins. by Act 32 of 1985, s. 18 (w.e.f. 1-4-1985).

[1][(*iiid*) the Rajiv Gandhi Foundation, the deed of declaration in respect whereof was registered at New Delhi on the 21st day of June, 1991; or]

[2][(*iiie*) the National Foundation for Communal Harmony; or]

[3][(*iiif*) a University or any educational institution of national eminence as may be approved by the prescribed authority in this behalf; or]

[4][(*iiig*) the Maharashtra Chief Minister's Relief Fund during the period beginning on the 1st day of October, 1993 and ending on the 6th day of October, 1993 or to the Chief Minister's Earthquake Relief Fund, Maharashtra; or]

[5][(*iiiga*) any fund set up by the State Government of Gujarat exclusively for providing relief to the victims of earthquake in Gujarat; or]

[1][(*iiih*) any Zila Saksharta Samiti constituted in any district under the chairmanship of the Collector of that district for the purposes of improvement of primary education in villages and towns in such district and for literacy and postliteracy activities.

*Explanation*.—For the purposes of this sub-clause, "town" means a town which has a population not exceeding one lakh according to the last preceding census of which the relevant figures have been published before the first day of the previous year; or]

[2][(*iiiha*) the National Blood Transfusion Council or to any State Blood Transfusion Council which has its sole object the control, supervision, regulation or encouragement in India of the services related to operation and requirements of blood banks.

*Explanation*.—For the purposes of this sub-clause,—

(*a*) "National Blood Transfusion Council" means a society registered under the Societies Registration Act, 1860 (21 of 1860) and has an officer not below the rank of an Additional Secretary to the Government of India dealing with the AIDS Control Project as its Chairman, by whatever name called;

(*b*) "State Blood Transfusion Council" means a society registered, in consultation with the National Blood Transfusion Council, under the Societies Registration Act, 1860 (21 of 1860) or under any law corresponding to that Act in force in any part of India and has Secretary to the Government of that State dealing with the Department of Health, as its Chairman, by whatever name called; or

(*iiihb*) any fund set up by a State Government to provide medical relief to the poor; or

(*iiihc*) the Army Central Welfare Fund or the Indian Naval Benevolent Fund or the Air Force Central Welfare Fund established by the armed forces of the Union for the welfare of the past and present members of such forces or their dependants; or]

[3][(*iiihd*) the Andhra Pradesh Chief Minister's Cyclone Relief Fund, 1996; or]

[4][(*iiihe*) the National Illness Assistance Fund; or]

[5][(*iiihf*) the Chief Minister's Relief Fund or the Lieutenant Governor's Relief Fund in respect of any State or Union territory, as the case may be:

---

1. Ins. by Act 49 of 1991, s. 26 (w.e.f. 1-4-1991).
2. Ins. by Act 38 of 1993, s. 13 (w.e.f. 1-4-1993).
3. Ins. s. 13, *ibid.* (w.e.f. 1-4-1994).
4. Ins. by Act 32 of 1994, s. 24 (w.e.f. 1-4-1994).
5. Ins. by Act 4 of 2001, s. 6 (w.e.f. 3-2-2001).
6. Ins. by Act 22 of 1995, s. 16 (w.e.f. 1-4-1996).
7. Ins. by Act 33 of 1996, s. 26 (w.e.f. 1-4-1997).
8. Ins. by Act 35 of 1996, s. 2 (w.e.f. 14-11-1996).
9. Ins. by Act 14 of 1997, s. 3 (w.e.f. 1-4-1997).
10. Ins. by Act 26 of 1997, s. 23 (w.e.f. 1-4-1998).

Provided that such Fund is—

(*a*) the only Fund of its kind established in the State or the Union territory, as the case may be;

(*b*) under the overall control of the Chief Secretary or the Department of Finance of the State or the Union territory, as the case may be;

(*c*) administered in such manner as may be specified by the State Government or the Lieutenant Governor, as the case may be; or]

[1][(*iiihg*) the National Sports Fund to be set up by the Central Government; or

(*iiihh*) the National Cultural Fund set up by the Central Government; or]

[2][(*iiihi*) the Fund for Technology Development and Application set up by the Central Government; or]

[1][(*iiihj*) the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities constituted under sub-section (*1*) of section 3 of the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999 (44 of 1999); or]

[2][(*iiihk*) the Swachh Bharat Kosh, set up by the Central Government, other than the sum spent by the assessee in pursuance of Corporate Social Responsibility under sub-section (*5*) of section 135 of the Companies Act, 2013 (18 of 2013); or

(*iiihl*) the Clean Ganga Fund, set up by the Central Government, where such assessee is a resident and such sum is other than the sum spent by the assessee in pursuance of Corporate Social Responsibility under sub-section (*5*) of section 135 of the Companies Act, 2013 (18 of 2013); or]

[3][(*iiihm*) the National Fund for Control of Drug Abuse constituted under section 7A of the Narcotic Drugs and Psychotropic Substances Act, 1985 (61 of 1985); or]

(*iv*) any other fund or any institution to which this section applies; or

(*v*) the Government or any local authority, to be utilised [4][for any charitable purpose other than the purpose of promoting family planning; or]

[5][[6][(*vi*) an authority constituted in India by or under any law enacted either for the purpose of dealing with and satisfying the need for housing accommodation or for the purpose of planning, development or improvement of cities, towns and villages, or for both;]

[7][(*via*) any corporation referred to in clause (*26BB*) of section 10; or]

(*vii*) the Government or to any such local authority, institution or association as may be approved in this behalf by the Central Government, to be utilised for the purpose of promoting family planning;]

(*b*) any sums paid by the assessee in the previous year as donations for the renovation or repair of any such temple, mosque, gurdwara, church or other place as is notified by the Central Government in the Official Gazette to be of historic, archaeological or artistic importance or to be a place of public worship of renown throughout any State or States;

1. Ins. by Act 21 of 1998, s. 29 w.e.f. 1-4-1999).
2. Ins. by Act 27 of 1999, s. 43 (w.e.f. 1-4-2000).
3. Ins. by Act 14 of 2001, s. 39 (w.e.f. 1-4-2002).
4. Ins. by Act 20 of 2015, s. 22 (w.e.f. 1-4-2015).
5. Ins. by s. 22, *ibid*. (w.e.f. 1-4-2016).
6. Subs. by Act 66 of 1976, s. 17, for "for any charitable purpose;" (w.e.f. 1-4-1977).
7. Ins. by s. 17, *ibid*. (w.e.f. 1-4-1977).
8. Subs. by Act 20 of 2002, s. 30, for sub-clause (*vi*) (w.e.f. 1-4-2003).
9. Ins. by Act 22 of 1995, s. 16 (w.e.f. 1-4-1995).

[1][(*c*) any sums paid by the assessee, being a company, in the previous year as donations to the Indian Olympic Association or to any other association or institution [2][established in India, as the Central Government may, having regard to the prescribed guidelines, by notification in the Official Gazette, specify in this behalf] for—

      (*i*) the development of infrastructure for sports and games; or

      (*ii*) the sponsorship of sports and games,

in India;]

[3][ (*d*) any sums paid by the assessee, during the period beginning on the 26th day of January, 2001 and ending on the 30th day of September, 2001, to any trust, institution or fund to which this section applies for providing relief to the victims of earthquake in Gujarat.]

[1]*        *        *        *        *

[2][(*4*) Where the aggregate of the sums referred to in sub-clauses (*iv*), (*v*), [3][(*vi*), (*via*) and (*vii*)] of clause (a) and in [4][clauses (*b*) and (*c*)] of sub-section (*2*) exceeds ten per cent of the gross total income (as reduced by any portion thereof on which income-tax is not payable under any provision of this Act and by any amount in respect of which the assessee is entitled to a deduction under any other provision of this Chapter), then the amount in excess of ten per cent of the gross total income shall be ignored for the purpose of computing the aggregate of the sums in respect of which deduction is to be allowed under sub-section (*1*).]

(*5*) This section applies to donations to any institution or fund referred to in sub-clause (*iv*) of clause (a) of sub-section (*2*), only if it is established in India for a charitable purpose and if it fulfils the following conditions, namely:—

[5][(*i*) where the institution or fund derives any income, such income would not be liable to inclusion in its total income under the provisions of sections 11 and 12 [6]*** [7]*** [8][or clause (*23AA*) or clause (*23C*)] of section 10:]

[9][Provided that where an institution or fund derives any income, being profits and gains of business, the condition that such income would not be liable to inclusion in its total income under the provisions of section 11 shall not apply in relation to such income, if—

      (*a*) the institution or fund maintains separate books of account in respect of such business;

      (*b*) the donations made to the institution or fund are not used by it, directly or indirectly, for the purposes of such business; and

      (*c*) the institution or fund issues to a person making the donation a certificate to the effect that it maintains separate books of account in respect of such business and that the donations received by it will not be used, directly or indirectly, for the purposes of such business;]

  (*ii*) the instrument under which the institution or fund is constituted does not, or the rules governing the institution or fund do not, contain any provision for the transfer or application at any time of the whole or any part of the income or assets of the institution or fund for any purpose other than a charitable purpose;

---

1. Ins. by Act 10 of 2000, s. 31 (w.e.f. 1-4-2001).
2. Subs. by Act 20 of 2002, s. 30, for "as notified by the Central Government under clause (*23*) of section 10" (w.e.f. 1-4-2003).
3. Ins. by Act 4 of 2001, s. 6 (w.e.f. 3-2-2001).
4. Sub-section (*3*) omitted by Act 32 of 1994, s. 24 (w.e.f. 1-4-1994).
5. Subs. by Act 4 of 1988, s. 25, for sub-section (*4*) (w.e.f. 1-4-1989).
6. Subs. by Act 22 of 1995, s. 16, for "(*vi*) and (*vii*)" (w.e.f. 1-4-1995).
7. Subs. by Act 10 of 2000, s. 31, for "clause (*b*)" (w.e.f. 1-4-2001).
8. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier subs. by Act 4 of 1988, s. 25 (w.e.f. 1-4-1989).
9. The words, brackets, figures and letter "or clause (22) or clause (*22A*)" omitted by Act 21 of 1998, s. 29 (w.e.f. 1-4-1999).
10. The words, brackets and figures "or clause (*23*)" omitted by Act 20 of 2002, s. 30 (w.e.f. 1-4-2003).
11. Subs. by Act 11 of 1987, s. 35, for "or clause (*23C*)" (w.e.f. 1-4-1988).
12. The proviso added by Act 11 of 1983, s. 39 (w.e.f. 1-4-1984).

(*iii*) the institution or fund is not expressed to be for the benefit of any particular religious community or caste;

(*iv*) the institution or fund maintains regular accounts of its receipts and expenditure; [1]***

(*v*) the institution or fund is either constituted as a public charitable trust or is registered under the Societies Registration Act, 1860 (21 of 1860), or under any law corresponding to that Act in force in any part of India or under section 25 of the Companies Act, 1956 (1 of 1956), or is a University established by law, or is any other educational institution recognised by the Government or by a University established by law, or affiliated to any University established by law, [2]*** or is an institution financed wholly or in part by the Government or a local authority; [3]***

[1][(*vi*) in relation to donations made after the 31st day of March, 1992, the institution or fund is for the time being approved by the Commissioner in accordance with the rules [2][made in this behalf; and]]

[3]*          *          *          *          *

[4][(*vii*) where any institution or fund had been approved under clause (*vi*) for the previous year beginning on the 1st day of April, 2007 and ending on the 31st day of March, 2008, such institution or fund shall, for the purposes of this section and notwithstanding anything contained in the proviso to clause (15) of section 2, be deemed to have been,—

(*a*) established for charitable purposes for the previous year beginning on the 1st day of April, 2008 and ending on the 31st day of March, 2009; and

(*b*) approved under the said clause (*vi*) for the previous year beginning on the 1st day of April, 2008 and ending on the 31st day of March, 2009.]

[5][(*5A*) Where a deduction under this section is claimed and allowed for any assessment year in respect of any sum specified in sub-section (*2*), the sum in respect of which deduction is so allowed shall not qualify for deduction under any other provision of this Act for the same or any other assessment year.]

[6][(*5B*) Notwithstanding anything contained in clause (*ii*) of sub-section (*5*) and Explanation 3, an institution or fund which incurs expenditure, during any previous year, which is of a religious nature for an amount not exceeding five per cent of its total income in that previous year shall be deemed to be an institution or fund to which the provisions of this section apply.]

[7][(*5C*) [8][This section] applies in relation to amounts referred to in clause (*d*) of sub-section (*2*) only if the trust or institution or fund is established in India for a charitable purpose and it fulfils the following conditions, namely :—

(*i*) it is approved in terms of clause (*vi*) of sub-section (*5*);

(*ii*) it maintains separate accounts of income and expenditure for providing relief to the victims of earthquake in Gujarat;

(*iii*) the donations made to the trust or institution or fund are applied only for providing relief to the earthquake victims of Gujarat [9][on or before the 31st day of March, [10][2004]];

---

1. The word "and" omitted by Act 32 of 1994, s. 24 (w.e.f. 1-4-1994).
2. The words, brackets and figures "or is an institution approved by the Central Government for the purposes of clause (23) of section 10", omitted by Act 20 of 2002, s. 30 (w.e.f. 1-4-2003).
3. The word "and" omitted by Act 33 of 2009, s. 33 (w.e.f. 1-4-2009).
4. Ins. by Act 49 of 1991, s. 26 (w.e.f. 1-10-1991).
5. Subs. by Act 33 of 2009, s. 33, for "made in this behalf:" (w.e.f. 1-4-2009).
6. The proviso omitted by s. 33, *ibid*., (w.e.f. 1-10-2009).
7. Ins. by s. 33, *ibid*. (w.e.f. 1-10-2009).
8. Ins. by Act 44 of 1980, s. 15 (w.r.e.f. 1-4-1962).
9. Ins. by Act 27 of 1999, s. 43 (w.e.f. 1-4-2000).
10. Ins. by Act 4 of 2001, s. 6 (w.e.f. 3-2-2001).
11. Subs. by Act 20 of 2002, s. 30, for "This sub-section" (w.e.f. 3-2-2001).
12. Subs. by s. 30, *ibid*., for "on or before the 31st day of March, 2002" (w.e.f. 3-2-2001).
13. Subs. by Act 32 of 2003, s. 36, for "2003" (w.e.f. 3-2-2001).

[1][(*iv*) the amount of donation remaining unutilised on the 31st day of March, [2][2004] is transferred to the Prime Minister's National Relief Fund on or before the 31st day of March, [2][2004];]

(*v*) it renders accounts of income and expenditure to such authority and in such manner as may be prescribed, [3][on or before the 30th day of June, [2][2004]].]

[4][(*5D*) No deduction shall be allowed under this section in respect of donation of any sum exceeding [1][two thousand rupees] unless such sum is paid by any mode other than cash.]

*Explanation* 1.—An institution or fund established for the benefit of Scheduled Castes, backward classes, Scheduled Tribes or of women and children shall not be deemed to be an institution or fund expressed to be for the benefit of a religious community or caste within the meaning of clause (*iii*) of sub-section (*5*).

[2][*Explanation* 2.—For the removal of doubts, it is hereby declared that a deduction to which the assessee is entitled in respect of any donation made to an institution or fund to which sub-section (*5*) applies shall not be denied merely on either or both of the following grounds, namely:—

[3][(*i*) that, subsequent to the donation, any part of the income of the institution or fund has become chargeable to tax due to non-compliance with any of the provisions of [4][section 11, section 12 or section 12A;

(*ii*) that, under clause (*c*) of sub-section (*I*) of section 13, the exemption under [5][section 11 or section 12] is denied to the institution or fund in relation to any income arising to it from any investment referred to in clause (*h*) of sub-section (*2*) of section 13 where the aggregate of the funds invested by it in a concern referred to in the said clause (*h*) does not exceed five per cent of the capital of that concern].]

*Explanation* 3.—In this section, "charitable purpose" does not include any purpose the whole or substantially the whole of which is of a religious nature.

[6][*Explanation* 4.—For the purposes of this section, an association or institution having as its object the control, supervision, regulation or encouragement in India of such games or sports as the Central Government may, by notification in the Official Gazette, specify in this behalf, shall be deemed to be an institution established in India for a charitable purpose.]

[7][*Explanation* 5.—For the removal of doubts, it is hereby declared that no deduction shall be allowed under this section in respect of any donation unless such donation is of a sum of money.]

[8]*       *            *             *              *

---

1. Subs. by Act 20 of 2002, s. 30, for clause (*iv*) (w.e.f. 3-2-2001).

2. Subs. by Act 32 of 2003, s. 36, for "2003" (w.e.f. 3-2-2001).

3. Subs. by s. 30, *ibid.,* for "on or before the 30th day of June, 2002" (w.e.f. 3-2-2001).

4. Ins. by Act 23 of 2012, s. 28 (w.e.f. 1-4-2013).

5. Subs by Act 7 of 2017, s. 35  for "ten thousand rupees" (w.e.f. 1-4-2018).

6. Subs. by Act 19 of 1970, s. 13, for the *Explanation* 2 (w.e.f. 1-4-1971) earlier substituted by Act 20 of 1967, s. 33 and the Third Schedule (w.e.f. 1-4-1967).

7. Restored by Act 3 of 1989, s. 95 (*h*) (w.e.f. 1-4-1989). Earlier subs. by Act 4 of 1988, s. 25 (w.e.f. 1-4-1989).

8. Subs. by Act 16 of 1972, s. 17, for "section 11" (w.e.f. 1-4-1973).

9. Subs. by s. 17, for "section 11" (w.e.f. 1-4-1973).

10. Subs. by Act 20 of 2002, s. 30, for the *Explanation 4* (w.e.f. 1-4-2003).

11. Ins. by Act 66 of 1976, s. 17 (w.e.f. 1-4-1976).

12. Sub-section (*6*) omitted by Act 19 of 1968, s. 30 and the Third Schedule (w.e.f. 1-4-1969).

[1]**[80GG. Deductions in respect of rents paid.**—In computing the total income of an assessee, not being an assessee having any income falling within clause (*13A*) of section 10, there shall be deducted any expenditure incurred by him in excess of ten per cent of his total income towards payment of rent (by whatever name called) in respect of any furnished or unfurnished accommodation occupied by him for the purposes of his own residence, to the extent to which such excess expenditure does not exceed [2][five thousand rupees] per month or twenty-five per cent of his total income for the year, whichever is less, and subject to such other conditions or limitations as may be prescribed, having regard to the area or place in which such accommodation is situated and other relevant considerations:

Provided that nothing in this section shall apply to an assessee in any case where any residential accommodation is—

(*i*) owned by the assessee or by his spouse or minor child or, where such assessee is a member of a Hindu undivided family, by such family at the place where he ordinarily resides or performs duties of his office or employment or carries on his business or profession; or

(*ii*) owned by the assessee at any other place, being accommodation in the occupation of the assessee, the value of which is to be determined [1][under clause (*a*) of sub-section (*2*) or, as the case may be, clause (*a*) of sub-section (*4*) of section 23].

*Explanation*.—In this section, the expressions "ten per cent of his total income" and "twenty-five per cent of his total income" shall mean ten per cent or twenty-five per cent, as the case may be, of the assessee's total income before allowing deduction for any expenditure under this section.]

[2]**[80GGA. Deduction in respect of certain donations for scientific research or rural development.**—(*1*) In computing the total income of an assessee, there shall be deducted, in accordance with and subject to the provisions of this section, the sums specified in sub-section (*2*).

(*2*) The sums referred to in sub-section (*1*) shall be the following, namely:—

(*a*) any sum paid by the assessee in the previous year to a [3][research association] which has as its object the undertaking of scientific research or to a University, college or other institution to be used for scientific research:

Provided that such association, University, college or institution is for the time being approved for the purposes of clause (*ii*) of sub-section (*1*) of section 35;

[4][(*aa*) any sum paid by the assessee in the previous year [5][to a research association which has as its object the undertaking of research in social science or statistical research or to a University], college or other institution to be used for research in social science or statistical research:

---

1. Ins. by Act 21 of 1998, s. 30 (w.e.f. 1-4-1998).
2. Subs. by Act 28 of 2016, s. 39, for "two thousand rupees" w.e.f. 1-4-2017.
3. Subs. by Act 14 of 2001, s. 40, for "under sub-clause (*i*) of clause (*a*) or, as the case may be, clause (*b*) of sub-section (*2*) of section 23" (w.e.f. 1-4-2002).
4. Ins. by Act 21 of 1979, s. 11 (w.e.f. 1-4-1980). Restored to its original position by Act 3 of 1989 s. 95 (w.e.f. 1-4-1989). Earlier omitted by Act 4 of 1988 s. 26 (w.e.f. 1-4-1989).
5. Subs. by Act 14 of 2010, s. 26, for "scientific research association" (w.e.f. 1-4-2011).
6. Ins. by Act 49 of 1991, s. 27 (w.e.f. 1-4-1992).
7. Subs. by Act 14 of 2010, s. 26, for "to a University" (w.e.f. 1-4-2011).

Provided that [1][such association, University], college or institution is for the time being approved for the purposes of clause (*iii*) of sub-section (*1*) of section 35.]

[2][*Explanation.*—The deduction, to which the assessee is entitled in respect of any sum paid to a [3][research association], University, college or other institution to which clause (*a*) or clause (*aa*) applies, shall not be denied merely on the ground that, subsequent to the payment of such sum by the assessee, the approval to such association, University, college or other institution referred to in clause (*a*) or clause (*aa*), as the case may be, has been withdrawn;]

(*b*) any sum paid by the assessee in the previous year—

(*i*) to an association or institution, which has as its object the undertaking of any programme of rural development, to be used for carrying out any programme of rural development approved for the purposes of section 35CCA; or

(*ii*) to an association or institution which has as its object the training of persons for implementing programmes of rural development:

[1][Provided that the assessee furnishes the certificate referred to in sub-section (*2*) or, as the case may be, sub-section (*2A*) of section 35CCA from such association or institution.]

[2][*Explanation.*—The deduction, to which the assessee is entitled in respect of any sum paid to an association or institution for carrying out the programme of rural development to which this clause applies, shall not be denied merely on the ground that subsequent to the payment of such sum by the assessee, the approval granted to such programme, or as the case may be, to the association or institution has been withdrawn;]

[2][(*bb*) any sum paid by the assessee in the previous year to a public sector company or a local authority or to an association or institution approved by the National Committee, for carrying out any eligible project or scheme:

Provided that the assessee furnishes the certificate referred to in clause (*a*) of sub-section (*2*) of section 35AC from such public sector company or local authority or, as the case may be, association or institution.

[2][*Explanation* 1.—The deduction, to which the assessee is entitled in respect of any sum paid to a public sector company, or to a local authority or to an association or institution for carrying out the eligible project or scheme referred to in section 35AC, shall not be denied merely on the ground that subsequent to the payment of such sum by the assessee,—

(*a*) the approval granted to such association or institution has been withdrawn; or

---

1. Subs. by Act 14 of 2010 s. 26, for "such University" (w.e.f. 1-4-2011).

2. Ins. by Act 29 of 2006, s. 11 (w.e.f. 1-4-2006).

3. Subs. by Act of 2010, s. 26, for "scientific research association" (w.e.f. 1-4-2011).

4. Subs. by Act 23 of 1983, s. 23, for the proviso (w.e.f. 1-4-1983).

5. Ins. by Act 49 of 1991, s. 27 (w.e.f. 1-4-1992).

(*b*) the notification notifying the eligible project or scheme referred to in section 3535AC carried out by the public sector company, or local authority or association or institution has been withdrawn.]

*Explanation* [1][2].—For the purposes of this clause, the expressions "National Committee" and "eligible project or scheme" shall have the meanings respectively assigned to them in the Explanation to section 35AC;]

[1](*c*) [2][any sum paid by the assessee in any previous year ending on or before the 31st day of March, 2002] to an association or institution, which has as its object the undertaking of any programme of conservation of natural resources [3][or of afforestation], to be used for carrying out any programme of conservation of natural resources [4][or of afforestation] approved for the purposes of section 35CCB:

Provided that the association or institution is for the time being approved for the purposes of sub-section (*2*) of section 35CCB;]

[4][(*cc*) any sum paid by the assessee in any previous year ending on or before the 31st day of March, 2002 to such fund for afforestation as is notified by the Central Government under clause (*b*) of sub-section (*1*) of section 35CCB;]

[4][(*d*) any sum paid by the assessee in the previous year to a rural development fund set up and notified by the Central Government for the purposes of clause (*c*) of sub-section (*1*) of section 35CCA;]

[5][(*e*) any sum paid by the assessee in the previous year to the National Urban Poverty Eradication Fund set up and notified by the Central Government for the purposes of clause (*d*) of sub-section (*1*) of section 35CCA.]

[6][(*2A*) No deduction shall be allowed under this section in respect of any sum exceeding ten thousand rupees unless such sum is paid by any mode other than cash.]

(*3*) Notwithstanding anything contained in sub-section (*1*), no deduction under this section shall be allowed in the case of an assessee whose gross total income includes income which is chargeable under the head "Profits and gains of business or profession".

(*4*) Where a deduction under this section is claimed and allowed for any assessment year in respect of any payments of the nature specified in sub-section (*2*), deduction shall not be allowed in respect of such payments under any other provision of this Act for the same or any other assessment year.]

[7][**80GGB. Deduction in respect of contributions given by companies to political parties.**—In computing the total income of an assessee, being an Indian company, there shall be deducted any sum contributed by it, in the previous year to any political party [8][or an electoral trust]:

---

1. *Explanation* renumbered as *Explanation* 2 thereof by Act 29 of 2006, s. 11 (w.e.f. 1-4-2006).
2. Ins. by Act 14 of 1982, s. 17 (w.e.f. 1-6-1982).
3. Subs. by Act 20 of 2002, s. 31, for "any sum paid by the assessee in the previous year" (w.e.f. 1-4-2003).
4. Ins. by Act 12 of 1990, s. 19 (w.e.f. 1-4-1991).
5. Ins. by Act 23 of 1983, s. 23 (w.e.f. 1-4-1983).
6. Ins. by Act 22 of 1995, s. 17 (w.e.f. 1-4-1996).
7. Ins. by Act 23 of 2012, s. 29 (w.e.f. 1-4-2013).
8. Ins. by Act 46 of 2003, s. 10 (w.e.f. 11-9-2003).
9. Ins. by Act 33 of 2009, s. 34 (w.e.f. 1-4-2010).

[1][Provided that no deduction shall be allowed under this section in respect of any sum contributed by way of cash.]

*Explanation*.—For the removal of doubts, it is hereby declared that for the purposes of this section, the word "contribute", with its grammatical variation, has the meaning assigned to it under section 293A of the Companies Act, 1956 (1 of 1956).]

**80GGC. Deduction in respect of contributions given by any person to political parties.**—In computing the total income of an assessee, being any person, except local authority and every artificial juridical person wholly or partly funded by the Government, there shall be deducted any amount of contribution made by him, in the previous year, to a political party or an electoral trust:

[1][Provided that no deduction shall be allowed under this section in respect of any sum contributed by way of cash.]

*Explanation*.—For the purposes of sections 80GGB and 80GGC, "political party" means a political party registered under section 29A of the Representation of the People Act, 1951 (43 of 1951).]

*C.—Deductions in respect of certain incomes*

**80H.** [**Deduction in case of new industrial undertakings employing displaced persons, etc.**]—*Omitted by the Taxation Laws* (*Amendment*) *Act,* 1975, *s*. 20 (*w.e.f.* 1-4-1976).

[2][**80HH. Deduction in respect of profits and gains from newly established industrial undertakings or hotel business in backward areas.**—Where the gross total income of an assessee includes any profits and gains derived from an industrial undertaking, or the business of a hotel, to which this section applies, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction from such profits and gains of an amount equal to twenty per cent thereof.

(*2*) This section applies to any industrial undertaking which fulfils all the following conditions, namely:—

(*i*) it has begun or begins to manufacture or produce articles after the 31st day of December, 1970 [3][but before the 1st day of April, 1990], in any backward area;

(*ii*) it is not formed by the splitting up, or the reconstruction, of a business already in existence in any backward area :

Provided that this condition shall not apply in respect of any industrial undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such industrial undertaking as is referred to in section 33B, in the circumstances and within the period specified in that section;

---

1. Ins. by Act 17 of 2013, s. 17 (w.e.f. 1-4-2014).
2. Ins. by s. 18, *ibid.* (w.e.f. 1-4-2014).
3. Ins. by Act 26 of 1974, s. 9 (w.e.f. 1-4-1974).
4. Ins. by Act 12 of 1990, s. 20 (w.e.f. 1-4-1990).

(*iii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose in any backward area;

(*iv*) it employs ten or more workers in a manufacturing process carried on with the aid of power, or employs twenty or more workers in a manufacturing process carried on without the aid of power.

*Explanation*.—Where any machinery or plant or any part thereof previously used for any purpose in any backward area is transferred to a new business in that area or in any other backward area and the total value of the machinery or plant or part so transferred does not exceed twenty per cent of the total value of the machinery or plant used in the business, then, for the purposes of clause (*iii*) of this sub-section, the condition specified therein shall be deemed to have been fulfilled.

(*3*) This section applies to the business of any hotel, where all the following conditions are fulfilled, namely:—

(*i*) the business of the hotel has started or starts functioning after the 31st day of December, 1970 [1][but before the 1st day of April, 1990], in any backward area;

(*ii*) the business of the hotel is not formed by the splitting up, or the reconstruction, of a business already in existence;

(*iii*) the hotel is for the time being approved for the purposes of this sub-section by the Central Government.

(*4*) The deduction specified in sub-section (*1*) shall be allowed in computing the total income in respect of each of the ten assessment years beginning with the assessment year relevant to the previous year in which the industrial undertaking begins to manufacture or produce articles or the business of the hotel starts functioning:

Provided that,—

(*i*) in the case of an industrial undertaking which has begun to manufacture or produce articles, and

(*ii*) in the case of the business of a hotel which has started functioning,

after the 31st day of December, 1970, but before the 1st day of April, 1973, this sub-section shall have effect as if the reference to ten assessment years were a reference to ten assessment years as reduced by the number of assessment years which expired before the 1st day of April, 1974.

(*5*) Where the assessee is a person other than a company or a co-operative society, the deduction under sub-section (*1*) shall not be admissible unless the accounts of the industrial undertaking or the business of the hotel for the previous year relevant to the assessment year for which the deduction is claimed have been audited by an accountant as defined in the *Explanation* below sub-section (*2*) of section 288 and the assessee furnishes, along with his return of income, the report of such audit in the prescribed form duly signed and verified by such accountant.

1. Ins. by Act 12 of 1990, s. 20 (w.e.f. 1-4-1990).

(*6*) Where any goods held for the purposes of the business of the industrial undertaking or the hotel are transferred to any other business carried on by the assessee, or where any goods held for the purposes of any other business carried on by the assessee are transferred to the business of the industrial undertaking or the hotel and, in either case, the consideration, if any, for such transfer as recorded in the accounts of the business of the industrial undertaking or the hotel does not correspond to the market value of such goods as on the date of the transfer, then, for the purposes of the deduction under this section, the profits and gains of the industrial undertaking or the business of the hotel shall be computed as if the transfer, in either case, had been made at the market value of such goods as on that date :

Provided that where, in the opinion of the [1][Assessing Officer], the computation of the profits and gains of the industrial undertaking or the business of the hotel in the manner hereinbefore specified presents exceptional difficulties, the [1][Assessing Officer] may compute such profits and gains on such reasonable basis as he may deem fit.

*Explanation*.—In this sub-section, "market value" in relation to any goods means the price that such goods would ordinarily fetch on sale in the open market.

(*7*) Where it appears to the [1][Assessing Officer] that, owing to the close connection between the assessee carrying on the business of the industrial undertaking or the hotel to which this section applies and any other person, or for any other reason, the course of business between them is so arranged that the business transacted between them produces to the assessee more than the ordinary profits which might be expected to arise in the business of the industrial undertaking or the hotel, the [1][Assessing Officer] shall, in computing the profits and gains of the industrial undertaking or the hotel for the purposes of the deduction under this section, take the amount of profits as may be reasonably deemed to have been derived therefrom.

[2]*            *            *            *            *

(*9*) In a case where the assessee is entitled also to the deduction [3][under section 80-I or section 80J] in relation to the profits and gains of an industrial undertaking or the business of a hotel to which this section applies, effect shall first be given to the provisions of this section.

[4][(*9A*) Where a deduction in relation to the profits and gains of a small-scale industrial undertaking to which section 80HHA applies is claimed and allowed under that section for any assessment year, deduction in relation to such profits and gains shall not be allowed under this section for the same or any other assessment year.]

(*10*) Nothing contained in this section shall apply in relation to any undertaking engaged in mining.]

[5][(*11*) For the purposes of this section, "backward area" means such area as the Central Government may, having regard to the stage of development of that area, by notification in the Official Gazette, specify in this behalf:

Provided that any notification under this sub-section may be issued so as to have retrospective effect to a date not earlier than the 1st day of April, 1983.]

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Sub-section (*8*) omitted by Act 41 of 1975, s. 21 (w.e.f. 1-4-1976).
3. Subs. by Act 44 of 1980, s. 35, for "under section 80J" (w.e.f. 1-4-1981).
4. Ins. by Act 29 of 1977, s. 17 (w.e.f. 1-4-1978).
5. Subs. by Act 46 of 1986, s. 10, for the *Explanation* (w.e.f. 10-9-1986).

[1][**80HHA. Deduction in respect of profits and gains from newly established small-scale industrial undertakings in certain areas.**—(*1*) Where the gross total income of an assessee includes any profits and gains derived from a small-scale industrial undertaking to which this section applies, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction from such profits and gains of an amount equal to twenty per cent thereof.

(*2*) This section applies to any small-scale industrial undertaking which fulfils all the following conditions, namely:—

(*i*) it begins to manufacture or produce articles after the 30th day of September, 1977 [1][but before the 1st day of April, 1990], in any rural area;

(*ii*) it is not formed by the splitting up, or the reconstruction, of a business already in existence:

Provided that this condition shall not apply in respect of any small-scale industrial undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such industrial undertaking as is referred to in section 33B, in the circumstances and within the period specified in that section;

(*iii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose;

(*iv*) it employs ten or more workers in a manufacturing process carried on with the aid of power, or employs twenty or more workers in a manufacturing process carried on without the aid of power.

*Explanation*.—Where in the case of a small-scale industrial undertaking, any machinery or plant or any part thereof previously used for any purpose is transferred to a new business and the total value of the machinery or plant or part so transferred does not exceed twenty per cent of the total value of the machinery or plant used in the business, then, for the purposes of clause (*iii*) of this sub-section, the condition specified therein shall be deemed to have been fulfilled.

(*3*) The deduction specified in sub-section (*1*) shall be allowed in computing the total income [2][of each of the ten previous years beginning with the previous year in which the industrial undertaking] begins to manufacture or produce articles:

[3][Provided that such deduction shall not be allowed in computing the total income of any of the ten previous years aforesaid in respect of which the industrial undertaking is not a small-scale industrial undertaking within the meaning of clause (*b*) of the *Explanation* below sub-section (*8*).]

(*4*) Where the assessee is a person, other than a company or a co-operative society, the deduction under sub-section (*1*) shall not be admissible unless the accounts of the small-scale industrial undertaking for the previous year relevant to the assessment year for which the deduction is claimed have been audited by an accountant as defined in the Explanation below sub-section (*2*) of section 288 and the assessee furnishes, along with his return of income, the report of such audit in the prescribed form duly signed and verified by such accountant.

---

1. Ins. by Act 29 of 1977, s. 18 (w.e.f. 1-4-1978).

2. Ins. by 12 of 1990, s. 21 (w.e.f. 1-4-1990).

3. Subs. by Act 16 of 1981, s. 10, for "in respect of each of the ten assessment years beginning with the assessment year relevant to the previous year in which the small-scale industrial undertaking" (w.e.f. 1-4-1981).

4. Ins. by s. 10, *ibid*. (w.e.f. 1-4-1981).

(*5*) The provisions of sub-sections (*6*) and (*7*) of section 80HH shall, so far as may be, apply in relation to the computation of the profits and gains of a small-scale industrial undertaking for the purposes of the deduction under this section as they apply in relation to the computation of the profits and gains of an industrial undertaking for the purposes of the deduction under that section.

(*6*) In a case where the assessee is entitled also to the deduction [1][under section 80-I or section 80J] in relation to the profits and gains of a small-scale industrial undertaking to which this section applies, effect shall first be given to the provisions of this section.

(*7*) Where a deduction in relation to the profits and gains of a small-scale industrial undertaking to which section 80HH applies is claimed and allowed under that section for any assessment year, deduction in relation to such profits and gains shall not be allowed under this section for the same or any other assessment year.

(*8*) Nothing contained in this section shall apply in relation to any small-scale industrial undertaking engaged in mining.

*Explanation*.—For the purposes of this section,—

[2][(*a*) "rural area" means any area other than—

(*i*) an area which is comprised within the jurisdiction of a municipality (whether known as a municipality, municipal corporation, notified area committee, town area committee, town committee or by any other name) or a cantonment board and which has a population of not less than ten thousand according to the last preceding census of which the relevant figures have been published before the first day of the previous year; or

(*ii*) an area within such distance, not being more than fifteen kilometres from the local limits of any municipality or cantonment board referred to in sub-clause (*i*), as the Central Government may, having regard to the stage of development of such area (including the extent of, and scope for, urbanisation of such area) and other relevant considerations specify in this behalf by notification in the Official Gazette;]

[3][(*b*) an industrial undertaking shall be deemed to be a small-scale industrial undertaking which is, on the last day of the previous year, regarded as a small-scale industrial undertaking under section 11B of the Industries (Development and Regulation) Act, 1951 (65 of 1951).]

[4][**80HHB. Deduction in respect of profits and gains from projects outside India.**—(*1*) Where the gross total income of an assessee being an Indian company or a person (other than a company) who is resident in India includes any profits and gains derived from the business of—

(*a*) the execution of a foreign project undertaken by the assessee in pursuance of a contract entered into by him, or

1. Subs. by Act 44 of 1980, s. 35, for "under section 80J" (w.e.f. 1-4-1981).
2. Subs. by Act 4 of 1988, s. 126, for clause (*a*) (w.e.f. 1-4-1989).
3. Subs. by Act 27 of 1999, s. 44, for clause (*b*) (w.e.f. 1-4-1978).
4. Ins. by Act 14 of 1982, s. 18 (w.e.f. 1-4-1983).

(*b*) the execution of any work undertaken by him and forming part of a foreign project undertaken by any other person in pursuance of a contract entered into by such other person,

with the Government of a foreign State or any statutory or other public authority or agency in a foreign State, or a foreign enterprise, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, [1][a deduction from such profits and gains of an amount equal to—

(*i*) forty per cent. thereof for an assessment year beginning on the 1st day of April, 2001;

(*ii*) thirty per cent. thereof for an assessment year beginning on the 1st day of April, 2002;

(*iii*) twenty per cent. thereof for an assessment year beginning on the 1st day of April, 2003;

(*iv*) ten per cent. thereof for an assessment year beginning on the 1st day of April, 2004,

and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year:]

Provided that the consideration for the execution of such project or, as the case may be, of such work is payable in convertible foreign exchange.

(*2*) For the purposes of this section,—

(*a*) "convertible foreign exchange" means foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of [2][the Foreign Exchange Management Act, 1999 (42 of 1999)], and any rules made thereunder;

(*b*) "foreign project" means a project for—

(*i*) the construction of any building, road, dam, bridge or other structure outside India ;

(*ii*) the assembly or installation of any machinery or plant outside India ;

(*iii*) the execution of such other work (of whatever nature) as may be prescribed.

(*3*) The deduction under this section shall be allowed only if the following conditions are fulfilled, namely:—

(*i*) the assessee maintains separate accounts in respect of the profits and gains derived from the business of the execution of the foreign project, or, as the case may be, of the work forming part of the foreign project undertaken by him and, where the assessee is a person other than an Indian company or a co-operative society, such accounts have been audited by an accountant as defined in the Explanation below sub-section (*2*) of section 288 and the assessee furnishes, along with his return of income, the report of such audit in the prescribed form duly signed and verified by such accountant;

---

1. Subs. by Act 10 of 2000, s. 32, for "a deduction from such profits and gains of an amount equal to fifty per cent. thereof" (w.e.f. 1-4-2001).
2. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).

[1][(*ia*) the assessee furnishes, along with his return of income, a certificate in the prescribed form from an accountant as defined in the Explanation below sub-section (*2*) of section 288, duly signed and verified by such accountant, certifying that the deduction has been correctly claimed in accordance with the provisions of this section;]

(*ii*) an amount equal to [1][such percentage of the profits and gains as is referred to in sub-section (*1*) in relation to the relevant assessment year] is debited to the profit and loss account of the previous year in respect of which the deduction under this section is to be allowed and credited to a reserve account (to be called the "Foreign Projects Reserve Account") to be utilised by the assessee during a period of five years next following for the purposes of his business other than for distribution by way of dividends or profits;

(*iii*) an amount equal to [2][such percentage of the profits and gains as is referred to in sub-section (*1*) in relation to the relevant assessment year] is brought by the assessee in convertible foreign exchange into India, in accordance with the provisions of the Foreign Exchange Management Act, 1999 (42 of 1999), and any rules made thereunder, within a period of six months from the end of the previous year referred to in clause (*ii*) or, [2][within such further period as the competent authority may allow in this behalf:]

Provided that where the amount credited by the assessee to the Foreign Projects Reserve Account in pursuance of clause (*ii*) or the amount brought into India by the assessee in pursuance of clause (*iii*) or each of the said amounts is less than [2][such percentage of the profits and gains as is referred to in sub-section (*1*) in relation to the relevant assessment year], the deduction under that sub-section shall be limited to the amount so credited in pursuance of clause (*ii*) or the amount so brought into India in pursuance of clause (*iii*), whichever is less.

[1][*Explanation*.—For the purposes of clause (*iii*), the expression "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.]

(*4*) If at any time before the expiry of five years from the end of the previous year in which the deduction under sub-section (*1*) is allowed, the assesseeutilises the amount credited to the Foreign Projects Reserve Account for distribution by way of dividends or profits or for any other purpose which is not a purpose of the business of the assessee, the deduction originally allowed under sub-section (*1*) shall be deemed to have been wrongly allowed, and the [3][Assessing Officer] may, notwithstanding anything contained in this Act, recompute the total income of the assessee for the relevant previous year and make the necessary amendment; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which the money was so utilised.

(*5*) Notwithstanding anything contained in any other provision of this Chapter under the heading" C.—Deductions in respect of certain incomes", no part of the consideration or of the income comprised in the consideration payable to the assessee for the execution of a foreign project referred to in clause (*a*) of sub-section (*1*) or of any work referred to in clause (*b*) of that sub-section shall qualify for deduction for any assessment year under any such other provision.]

---

1. Ins. by Act 27 of 1999, s. 45 (w.e.f. 1-6-1999).

2. Subs. by Act 10 of 2000, s. 33, for "fifty per cent. of the profits and gains referred to in sub-section (*1*)" (w.e.f. 1-4-2001).

3. Subs. by Act 27 of 1999, s. 45, for certain words (w.e.f. 1-6-1999).

4. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

[1][**80HHBA. Deduction in respect of profits and gains from housing projects in certain cases.**—(*1*) Where the gross total income of an assessee being an Indian company or a person (other than a company) who is a resident in India includes any profits and gains derived from the execution of a housing project awarded to the assessee on the basis of global tender and such project is aided by the World Bank, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, [1][a deduction from such profits and gains of an amount equal to—

(*i*) forty per cent. thereof for an assessment year beginning on the 1st day of April, 2001;

(*ii*) thirty per cent. thereof for an assessment year beginning on the 1st day of April, 2002;

(*iii*) twenty per cent. thereof for an assessment year beginning on the 1st day of April, 2003;

(*iv*) ten per cent. thereof for an assessment year beginning on the 1st day of April, 2004,

and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year.]

(*2*) The deductions under this section shall be allowed only if the following conditions are fulfilled, namely:—

(*i*) the assessee maintains separate accounts in respect of the profits and gains derived from the business of the execution of the housing project undertaken by him and, where the assessee is a person other than an Indian company or a co-operative society, such accounts have been audited by an accountant as defined in the Explanation below sub-section (*2*) of section 288 and the assessee furnishes along with his return of income the report of such audit in the prescribed form duly signed and verified by such accountant;

(*ii*) an amount equal to [2][such percentage of the profits and gains as is referred to in sub-section (*1*) in relation to the relevant assessment year] is debited to the profit and loss account of the previous year in respect of which the deduction under this section is to be allowed and credited to a reserve account (to be called the Housing Projects Reserve Account) to be utilised by the assessee during a period of five years next following for the purposes of his business other than for distribution by way of dividends or profit:

Provided that where the amount credited by the assessee to the Housing Projects Reserve Account in pursuance of clause (*ii*) is less than [3][such percentage of the profits and gains as is referred to in sub-section (*1*) in relation to the relevant assessment year], the deduction under this section shall be limited to the amount so credited in pursuance of clause (*ii*).

(*3*) If at any time before the expiry of five years from the end of the previous year in which the deduction under sub-section (*1*) is allowed, the assesseeutilises the amount credited to the Housing Projects Reserve Account for distribution by way of dividends or profit or for any other purpose which is not a purpose of the business of the assessee, the deduction originally allowed under sub-section (*1*) shall be deemed to have been wrongly allowed and the Assessing Officer may, notwithstanding anything contained in this Act, recompute the total income of the assessee for the relevant previous year and make necessary amendment and the provision of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which the money was so utilised.

---

1. Ins. by Act 21 of 1998, s. 31 (w.e.f. 1-4-1999).
1. Subs. by Act 10 of 2000, s. 33, for "a deduction from such profits and gains of an amount equal to fifty per cent.thereof" (w.e.f. 1-4-2001).
3. Subs. by Act 10 of 2000, s. 33, for "fifty per cent. of the profits and gains referred to in sub-section (*1*)" (w.e.f. 1-4-2001).

(*4*) Notwithstanding anything contained in any other provision of this Chapter under heading "C.— Deduction in respect of certain incomes", no part of the income payable to the assessee for the execution of a housing project under sub-section (*1*) shall qualify for deduction for any assessment year under any other provision.

*Explanation.*—For the purposes of this section,—

(*a*) "housing project" means a project for—

(*i*) the construction of any building, road, bridge or other structure in any part of India;

(*ii*) the execution of such other work (of whatever nature) as may be prescribed;

(*b*) "World Bank" means the International Bank for Reconstruction and Development Bank referred to in the International Monetary Fund and Bank Act, 1945.]

[1][**80HHC.Deduction in respect of profits retained for export business.**—[2][(*1*) Where an assessee, being an Indian company or a person (other than a company) resident in India, is engaged in the business of export out of India of any goods or merchandise to which this section applies, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, [3][a deduction to the extent of profits, referred to in sub-section (*1B*)], derived by the assessee from the export of such goods or merchandise:

Provided that if the assessee, being a holder of an Export House Certificate or a Trading House Certificate (hereafter in this section referred to as an Export House or a Trading House, as the case may be,) issues a certificate referred to in clause (*b*) of sub-section (*4A*), that in respect of the amount of the export turnover specified therein, the deduction under this sub-section is to be allowed to a supporting manufacturer, then the amount of deduction in the case of the assessee shall be reduced by such amount which bears to the [4][total profits derived by the assessee from the export of trading goods, the same proportion as the amount of export turnover specified in the said certificate bears to the total export turnover of the assessee in respect of such trading goods].

(*1A*) Where the assessee, being a supporting manufacturer, has during the previous year, sold goods or merchandise to any Export House or Trading House in respect of which the Export House or Trading House has issued a certificate under the proviso to sub-section (*1*), there shall, in accordance with and subject to the provisions of this section, be allowed in computing the total income of the assessee, [3][a deduction to the extent of profits, referred to in sub-section (*1B*)], derived by the assessee from the sale of goods or merchandise to the Export House or Trading House in respect of which the certificate has been issued by the Export House or Trading House.]

[5][(*1B*) For the purposes of sub-sections (*1*) and (*1A*), the extent of deduction of the profits shall be an amount equal to—

(*i*) eighty per cent. thereof for an assessment year beginning on the 1st day of April, 2001;

---

1. Subs. by Act 32 of 1985, s. 19, for section HHC (w.e.f. 1-4-1986).

2. Subs. by Act 26 of 1988, s. 24, for sub-section (*1*) (w.e.f. 1-4-1989).

3. Subs. by Act 10 of 2000, s. 34, for "a deduction of the profits" (w.e.f. 1-4-2001).

4. Subs. by Act 18 of 1992, s.46, for "total profits of the export business of the assessee the same proportion as the amount of export turnover specified in the said certificate bears to the total export turnover of the assessee" (w.e.f. 1-4-1992).

5. Ins. by Act 10 of 2000, s. 34 (w.e.f. 1-4-2001).

[1][(*ii*) seventy per cent. thereof for an assessment year beginning on the 1st day of April, 2002;

(*iii*) fifty per cent. thereof for an assessment year beginning on the 1st day of April, 2003;

(*iv*) thirty per cent. thereof for an assessment year beginning on the 1st day of April, 2004,]

and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year.]

(*2*) (*a*) This section applies to all goods or merchandise, other than those specified in clause (*b*), if the sale proceeds of such goods or merchandise exported out of India are [2][received in, or brought into, India] by the assessee [3][(other than the supporting manufacturer)] in convertible foreign exchange [4][, within a period of six months from the end of the previous year or, [5][within such further period as the competent authority may allow in this behalf].]

[6][*Explanation*.—For the purposes of this clause, the expression "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.]

(*b*) This section does not apply to the following goods or merchandise, namely:—

(*i*) mineral oil ; and

(*ii*) minerals and ores [7][(other than processed minerals and ores specified in the Twelfth Schedule)].

[8][*Explanation* 1.—The sale proceeds referred to in clause (*a*) shall be deemed to have been received in India where such sale proceeds are credited to a separate account maintained for the purpose by the assessee with any bank outside India with the approval of the Reserve Bank of India.

*Explanation* 2.—For the removal of doubts, it is hereby declared that where any goods or merchandise are transferred by an assessee to a branch, office, warehouse or any other establishment of the assessee situate outside India and such goods or merchandise are sold from such branch, office, warehouse or establishment, then, such transfer shall be deemed to be export out of India of such goods and merchandise and the value of such goods or merchandise declared in the shipping bill or bill of export as referred to in sub-section (*1*) of section 50 of the Customs Act, 1962 (52 of 1962), shall, for the purposes of this section, be deemed to be the sale proceeds thereof.]

---

1. Subs. by Act 14 of 2001, s. 41, for   sub-clauses (*ii*), (*iii*) and (*iv*)(w.e.f. 1-4-2002).

2. Subs. by Act 12 of 1990, s. 22, for "receivable" (w.e.f. 1-4-1991).

3. Ins. by s. 22, *ibid*. (w.e.f. 1-4-1989).

4. Ins. by s. 22, *ibid*. (w.e.f. 1-4-1991).

5. Subs. by Act 27 of 1999, s. 46, for certain words (w.e.f. 1-6-1999).

6. Ins. by s. 46, *ibid*. (w.e.f. 1-6-1999).

7. Ins. by Act 49 of 1991, s. 28 (w.e.f. 1-4-1991).

8. Ins. by s. 28, *ibid*. (w.e.f. 1-4-1992).

[1][(3) For the purposes of sub-section (1),—

(a) where the export out of India is of goods or merchandise [1][manufactured or processed by the assessee], the profits derived from such export shall be the amount which bears to the profits of the business, the same proportion as the export turnover in respect of such goods bears to the total turnover of the business carried on by the assessee;

(b) where the export out of India is of trading goods, the profits derived from such export shall be the export turnover in respect of such trading goods as reduced by the direct costs and indirect costs attributable to such export;

(c) where the export out of India is of goods or merchandise [2][manufactured or processed by the assessee] and of trading goods, the profits derived from such export shall,—

(i) in respect of the goods or merchandise [2][manufactured or processed by the assessee], be the amount which bears to the adjusted profits of the business, the same proportion as the adjusted export turnover in respect of such goods bears to the adjusted total turnover of the business carried on by the assessee; and

(ii) in respect of trading goods, be the export turnover in respect of such trading goods as reduced by the direct and indirect costs attributable to export of such trading goods :

Provided that the profits computed under clause (a) or clause (b) or clause (c) of this sub-section shall be further increased by the amount which bears to ninety per cent of any sum referred to in clause (iiia) (not being profits on sale of a licence acquired from any other person), and clauses (iiib) and (iiic) of section 28, the same proportion as the export turnover bears to the total turnover of the business carried on by the assessee:

[2][Provided further that in the case of an assessee having export turnover not exceeding rupees ten crores during the previous year, the profits computed under clause (a) or clause (b) or clause (c) of this sub-section or after giving effect to the first proviso, as the case may be, shall be further increased by the amount which bears to ninety per cent of any sum referred to in clause (iiid) or clause (iiie), as the case may be, of section 28, the same proportion as the export turnover bears to the total turnover of the business carried on by the assessee :

Provided also that in the case of an assessee having export turnover exceeding rupees ten crores during the previous year, the profits computed under clause (a) or clause (b) or clause (c) of this sub-section or after giving effect to the first proviso, as the case may be, shall be further increased by the amount which bears to ninety per cent. of any sum referred to in clause (iiid) of section 28, the same proportion as the export turnover bears to the total turnover of the business carried on by the assessee, if the assessee has necessary and sufficient evidence to prove that,—

(a) he had an option to choose either the duty drawback or the Duty Entitlement Pass Book Scheme, being the Duty Remission Scheme; and

(b) the rate of drawback credit attributable to the customs duty was higher than the rate of credit allowable under the Duty Entitlement Pass Book Scheme, being the Duty Remission Scheme:

---

1. Subs. by Act 49 of 1991, s. 28, for sub-section (3) (w.e.f. 1-4-1992).
2. Subs. by Act 18 of 1992, s.46, for "manufactured by the assessee" (w.e.f. 1-4-1992).
3. Ins. by Act 55 of 2005, s. 4 (w.e.f. 1-4-1998).

Provided also that in the case of an assessee having export turnover exceeding rupees ten crores during the previous year, the profits computed under clause (*a*) or clause (*b*) or clause (*c*) of this sub-section or after giving effect to the first proviso, as the case may be, shall be further increased by the amount which bears to ninety per cent of any sum referred to in clause (*iiie*) of section 28, the same proportion as the export turnover bears to the total turnover of the business carried on by the assessee, if the assessee has necessary and sufficient evidence to prove that,—

    (*a*) he had an option to choose either the duty drawback or the Duty Free Replenishment Certificate, being the Duty Remission Scheme; and

    (*b*) the rate of drawback credit attributable to the customs duty was higher than the rate of credit allowable under the Duty Free Replenishment Certificate, being the Duty Remission Scheme.

*Explanation*.—For the purposes of this clause, "rate of credit allowable" means the rate of credit allowable under the Duty Free Replenishment Certificate, being the Duty Remission Scheme calculated in the manner as may be notified by the Central Government:]

[1][Provided also that in case the computation under clause (*a*) or clause (*b*) or clause (*c*) of this sub-section is a loss, such loss shall be set off against the amount which bears to ninety per cent of—

    (*a*) any sum referred to in clause (*iiia*) or clause (*iiib*) or clause (*iiic*), as the case may be, or

    (*b*) any sum referred to in clause (*iiid*) or clause (*iiie*), as the case may be, of section 28, as applicable in the case of an assessee referred to in the second or the third or the fourth proviso, as the case may be,

the same proportion as the export turnover bears to the total turnover of the business carried on by the assessee.]

*Explanation*.—For the purposes of this sub-section,—

    (*a*) "adjusted export turnover" means the export turnover as reduced by the export turnover in respect of trading goods;

    (*b*) "adjusted profits of the business" means the profits of the business as reduced by the profits derived from the business of export out of India of trading goods as computed in the manner provided in clause (*b*) of sub-section (*3*);

    (*c*) "adjusted total turnover" means the total turnover of the business as reduced by the export turnover in respect of trading goods;

    (*d*) "direct costs" means costs directly attributable to the trading goods exported out of India including the purchase price of such goods;

    (*e*) "indirect costs" means costs, not being direct costs, allocated in the ratio of the export turnover in respect of trading goods to the total turnover;

    (*f*) "trading goods" means goods which are not [2][manufactured or processed by the assessee].

---

1. Ins. by Act 55 of 2005, s. 4 (w.e.f. 1-4-1992).
2. Subs. by Act 18 of 1992, s.46, for "manufactured by the assessee" (w.e.f. 1-4-1992).

[1][(*3A*) For the purposes of sub-section (*1A*), profits derived by a supporting manufacturer from the sale of goods or merchandise shall be,—

(*a*) in a case where the business carried on by the supporting manufacturer consists exclusively of sale of goods or merchandise to one or more Export Houses or Trading Houses, the profits of the business [2]***;

(*b*) in a case where the business carried on by the supporting manufacturer does not consist exclusively of sale of goods or merchandise to one or more Export Houses or Trading Houses, the amount which bears to the profits of the business[2]*** the same proportion as the turnover in respect of sale to the respective Export House or Trading House bears to the total turnover of the business carried on by the assessee.]

[3][(*4*) The deduction under sub-section (*1*) shall not be admissible unless the assessee furnishes in the prescribed form, along with the return of income, the report of an accountant, as defined in the Explanation below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed [4][in accordance with the provisions of this section:]]

[5][Provided that in the case of an undertaking referred to in sub-section (*4C*), the assessee shall also furnish along with the return of income, a certificate from the undertaking in the special economic zone containing such particulars as may be prescribed, duly certified by the auditor auditing the accounts of the undertaking in the special economic zone under the provisions of this Act or under any other law for the time being in force.]

[1][(*4A*) The deduction under sub-section (*1A*) shall not be admissible unless the supporting manufacturer furnishes in the prescribed form along with his return of income,—

(*a*) the report of an accountant, as defined in the Explanation below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed on the basis of the [6][profits] of the supporting manufacturer in respect of his sale of goods or merchandise to the Export House or Trading House; and

(*b*) a certificate from the Export House or Trading House containing such particulars as may be prescribed and verified in the manner prescribed that in respect of the export turnover mentioned in the certificate, the Export House or Trading House has not claimed the deduction under this section:

Provided that the certificate specified in clause (*b*) shall be duly certified by the auditor auditing the accounts of the Export House or Trading House under the provisions of this Act or under any other law.]

[7][(*4B*) For the purposes of computing the total income under sub-section (*1*) or sub-section (*1A*), any income not charged to tax under this Act shall be excluded.]

[5][(*4C*) The provisions of this section shall apply to an assessee,—

(*a*) for an assessment year beginning after the 31st day of March, 2004 and ending before the 1st day of April, 2005;

---

1. Ins. by Act 26 of 1988, s. 24 (w.e.f. 1-4-1989).
2. The words "as computed under the head "Profits and gains of business or profession" omitted by Act 49 of 1991, s. 28 (w.e.f. 1-4-1992).
3. Ins. by Act 46 of 1986, s. 11 (w.e.f. 1-4-1987).
4. Subs. by Act 49 of 1991, s. 28, for "on the basic of the amount of export turnover" (w.e.f. 1-4-1992).earlier the words "export turnover" were substituted for certain words by Act 46 of 1986, s. 11 (w.e.f. 1-4-1989).
5. Ins. by Act 32 of 2003, s. 37 (w.e.f 1-4-2004).
6. Subs. by Act 3 of 1989, s. 15 (w.e.f. 1-4-1989). Earlier subs-section (*4A*) inserted by 26 of 1988, s. 24 (w.e.f. 1-4-1989).
7. Ins. by Act 27 of 1999,s. 46 (w.e.f. 1-4-1992).

(*b*) who owns any undertaking which manufactures or produces goods or merchandise anywhere in India (outside any special economic zone) and sells the same to any undertaking situated in a special economic zone which is eligible for deduction under section 10A and such sale shall be deemed to be export out of India for the purposes of this section.]

*Explanation.*—For the purposes of this section,—

(*a*) "convertible foreign exchange" means foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of [1][the Foreign Exchange Management Act, 1999 (42 of 1999)], and any rules made thereunder;

[2][(*aa*) "export out of India" shall not include any transaction by way of sale or otherwise, in a shop, emporium or any other establishment situate in India, not involving clearance at any customs station as defined in the Customs Act, 1962 (52 of 1962);]

(*b*) "export turnover" means the sale proceeds [3][received in, or brought into, India] by the assessee in convertible foreign exchange [4][in accordance with clause (*a*) of sub-section (*2*)] of any goods or merchandise to which this section applies and which are exported out of India, but does not include freight or insurance attributable to the transport of the goods or merchandise beyond the customs station as defined in the Customs Act, 1962 (52 of 1962);]

[5][(*ba*) "total turnover" shall not include freight or insurance attributable to the transport of the goods or merchandise beyond the customs station as defined in the Customs Act, 1962 (52 of 1962):

Provided that in relation to any assessment year commencing on or after the 1st day of April, 1991, the expression "total turnover" shall have effect as if it also excluded any sum referred to in clauses (*iiia*), (*iiib*) [6][, (*iiic*), (*iiid*) and (*iiie*)] of section 28;]

[7][(*baa*) "profits of the business" means the profits of the business as computed under the head "Profits and gains of business or profession" as reduced by—

(*1*) ninety per cent. of any sum referred to in clauses (*iiia*), (*iiib*)[5][, (*iiic*), (*iiid*) and (*iiie*)] of section 28 or of any receipts by way of brokerage, commission, interest, rent, charges or any other receipt of a similar nature included in such profits; and

(*2*) the profits of any branch, office, warehouse or any other establishment of theassessee situate outside India;

[8]*       *       *       *       *

[9][[10][(*c*)] "Export House Certificate" or "Trading House Certificate" means a valid Export House Certificate or Trading House Certificate, as the case may be, issued by the Chief Controller of Imports and Exports, Government of India;

[11][(*d*)] "supporting manufacturer" means a person being an Indian company or a person (other than a company) resident in India, [12][manufacturing (including processing) goods] or merchandise and selling such goods or merchandise to an Export House or a Trading House for the purposes of export;

[13][(*e*)] "special economic zone" shall have the meaning assigned to it in clause (*viii*) of the *Explanation* 2 to section 10A.]

---

1. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
2. Ins. by Act 49 of 1991, s. 28 (w.e.f. 1-4-1986).
3. Subs. by Act 12 of 1990, s. 22, for "receivable" (w.e.f. 1-4-1991).
4. Ins. by s. 22, *ibid*. (w.e.f. 1-4-1991).
5. Ins. by Act 49 of 1991, s. 28 (w.e.f. 1-4-1987).
6. Subs. by Act 55 of 2005, s. 4, for "and (*iiic*)" (w.e.f. 1-4-1998).
7. Ins. by Act 49 of 1991, s. 28 (w.e.f. 1-4-1992).
8. Clause (*bb*) omitted s. 28, *ibid*. (w.e.f. 1-4-1991).
9. Ins. by Act 26 of 1988, s. 24 (w.e.f. 1-4-1989).
10. Clause (*d*) relettered as clause (*c*) thereof by Act 3 of 1989, s. 15 (w.e.f. 1-4-1989).
11. Clause (*e*) relettered as clause (*d*) thereof by s. 15, *ibid*. (w.e.f. 1-4-1989).
12. Subs. by 12 of 1990, s. 22, for "manufacturing goods" (w.e.f. 1-4-1991).
13. Ins. by Act 32 of 2003, s. 37 (w.e.f. 1-4-2004).

[1][**80HHD. Deduction in respect of earnings in convertible foreign exchange.**—(*1*) Where an assessee, being an Indian company or a person (other than a company) resident in India, is engaged in the business of a hotel or of a tour operator, approved by the prescribed authority in this behalf or of a travel agent, there shall, in accordance with and subject to the provisions of this section, be allowed, [2][in computing the total income of the assessee—

    (*a*) for an assessment year beginning on the 1st day of April, 2001, a deduction of a sum equal to the aggregate of—

        (*i*) forty per cent. of the profits derived by him from services provided to foreign tourists; and

        (*ii*) so much of the amount not exceeding forty per cent of the profits referred to in sub-clause (*i*) as is debited to the profit and loss account of the previous year in respect of which the deduction is to be allowed and credited to a reserve account to be utilised for the purposes of the business of the assessee in the manner laid down in sub-section (*4*);

    (*b*) for an assessment year beginning on the 1st day of April, 2002, a deduction of a sum equal to the aggregate of—

        (*i*) thirty per cent of the profits derived by him from services provided to foreign tourists; and

        (*ii*) so much of the amount not exceeding thirty per cent of the profits referred to in sub-clause (*i*) as is debited to the profit and loss account of the previous year in respect of which the deduction is to be allowed and credited to a reserve account to be utilised for the purposes of the business of the assessee in the manner laid down in sub-section (*4*);

    (*c*) for an assessment year beginning on the 1st day of April, 2003, a deduction of a sum equal to the aggregate of—

        (*i*) [3][twenty-five per cent.] of the profits derived by him from services provided to foreign tourists; and

        (*ii*) so much of the amount not exceeding [3][twenty-five per cent.] of the profits referred to in sub-clause (*i*) as is debited to the profit and loss account of the previous year in respect of which the deduction is to be allowed and credited to a reserve account to be utilised for the purposes of the business of the assessee in the manner laid down in sub-section (*4*);

    (*d*) for an assessment year beginning on the 1st day of April, 2004, a deduction of a sum equal to the aggregate of—

        (*i*) [4][fifteen per cent.] of the profits derived by him from services provided to foreign tourists; and

---

1. Ins. by Act 3 of 1989, s. 16 (w.e.f. 1-4-1989).

2. Subs. by Act 10 of 2000, s. 35, for certain words, brackets, letters and figures (w.e.f. 1-4-2001).

3. Subs. by Act 20 of 2002, s. 32, for "twenty per cent." (w.e.f. 1-4-2003).

4. Subs. by s. 32, *ibid.,* for "ten per cent." (w.e.f. 1-4-2003).

(*ii*) so much of the amount not exceeding [1][fifteen per cent.] of the profits referred to in sub-clause (*i*) as is debited to the profit and loss account of the previous year in respect of which the deduction is to be allowed and credited to a reserve account to be utilised for the purposes of the business of the assessee in the manner laid down in sub-section (*4*),

and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year]:

[2][Provided that a hotel or, as the case may be, a tour operator approved by the prescribed authority on or after the 30th day of November, 1989 and before the 1st day of October, 1991, shall be deemed to have been approved by the prescribed authority for the purposes of this section in relation to the assessment year commencing on the 1st day of April, 1989 or the 1st day of April, 1990 or, as the case may be, the 1st day of April, 1991 if the assessee was engaged in the business of such hotel or as such tour operator during the previous year relevant to any of the said assessment years.]

(*2*) This section applies only to services provided to foreign tourists the receipts in relation to which are received [3][in, or brought into, India by the assessee in convertible foreign exchange within a period of six months from the end of the previous year or, [4][within such further period as the competent authority may allow in this behalf]].

[5][*Explanation*[6][*1*].—For the purposes of this sub-section, any payment received by an assessee, engaged in the business of a hotel or of a tour operator or of a travel agent, in Indian currency obtained by conversion of foreign exchange brought into India through an authorised dealer, [7][from another hotelier, tour operator or travel agent, as the case may be,] on behalf of a foreign tourist or group of foreign tourists, shall be deemed to have been received by the assessee in convertible foreign exchange if the person making the payment furnishes to the assessee a certificate specified in sub-section (*2A*).]

[8][*Explanation* 2.—For the purposes of this sub-section, the expression "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.]

[9][(*2A*) Every person making payment to an assessee referred to in the [10][*Explanation* 1] to sub-section (*2*) out of Indian currency obtained by conversion of foreign exchange received from or on behalf of a foreign tourist or a group of foreign tourists shall furnish to that assessee a certificate in the prescribed form indicating the amount received in foreign exchange, its conversion into Indian currency and such other particulars as may be prescribed.]

[11][(*3*) For the purposes of sub-section (*1*), profits derived from services provided to foreign tourists shall be the amount which bears to the profits of the business (as computed under the head "Profits and gains of business or profession") the same proportion as the receipts specified in sub-section (*2*) [12][as reduced by any payment, referred to in sub-section (*2A*), made by the assessee] bear to the total receipts of the business carried on by the assessee.]

---

1. Subs. by Act 20 of 2002, s. 32, for "ten per cent." (w.e.f. 1-4-2003).
2. Ins. by Act 49 of 1991, s. 29 (w.e.f. 1-10-1991).
3. Subs. by Act 12 of 1990, s. 23, for "by the assessee in convertible foreign exchange" (w.e.f. 1-4-1991).
4. Subs. by Act 27 of 1999, s. 47, for certain words and brackets (w.e.f. 1-6-1999).
5. Ins. by Act 49 of 1991, s. 29 (w.e.f. 1-4-1992).
6. *Explanation* renumbered as *Explanation* 1 thereof by Act 27 of 1999, s. 47 (w.e.f. 1-6-1999).
7. Subs. by Act 32 of 1994, s. 25, for "from a tour operator or, as the case may be, a travel agent" (w.e.f. 1-4-1995).
8. Ins. by Act 27 of 1999, s. 47 (w.e.f. 1-6-1999).
9. Ins. by Act 49 of 1991, s. 29 (w.e.f. 1-4-1992).
10. Subs. by Act 27 of 1999, s. 47, for "*Explanation*" (w.e.f. 1-6-1999).
11. Subs. by Act 12 of 1990, s. 23, for sub-section (*3*) (w.e.f. 1-4-1991).
12. Ins. by Act 32 of 1994, s. 25 (w.e.f. 1-4-1995).

(*4*) The amount credited to the reserve account under clause (*b*) of sub-section (*1*), shall be utilised by the assessee before the expiry of a period of five years next following the previous year in which the amount was credited for the following purposes, namely:—

(*a*) construction of new hotels approved by the prescribed authority in this behalf or expansion of facilities in existing hotels already so approved;

(*b*) purchase of new cars and new coaches by tour operators already so approved or by travel agents;

(*c*) purchase of sports' equipment for mountaineering, trekking, golf, river-rafting and other sports in or on water;

(*d*) construction of conference or convention centres;

(*e*) provision of such new facilities for the growth of Indian tourism as the Central Government may, by notification in the Official Gazette, specify in this behalf;

[1][(*f*) subscription to equity shares forming part of any eligible issue of capital made by a public company:]

Provided that where any of the activities referred to in [2][clauses (*a*) to (*f*)] would result in creation of any asset owned by the assessee outside India, such asset should be created only after obtaining prior approval of the prescribed authority.

(*5*) Where any amount credited to the reserve account under clause (*b*) of sub-section (*1*),—

(*a*) has been utilised for any purpose other than those referred to in sub-section (*4*), the amount so utilised; or

(*b*) has not been utilised in the manner specified in sub-section (*4*), the amount not so utilised,

shall be deemed to be the profits,—

(*i*) in a case referred to in clause (*a*), in the year in which the amount was so utilised; or

(*ii*) in a case referred to in clause (*b*), in the year immediately following the period of five years specified in sub-section (*4*),

and shall be charged to tax accordingly.

[3][(*5A*) Where any amount credited to the reserve account under clause (*b*) of sub-section (*1*) has been utilised for subscription to any equity shares referred to in clause (*f*) of sub-section (*4*) and either whole or any part of such equity shares are transferred or converted into money by the assessee at any time within a period of three years from the date of their acquisition, the aggregate amount so utilised in respect of such equity shares shall be deemed to be the profits of the previous year in which the equity shares are transferred or converted into money.

---

1. Ins. by Act 27 of 1999, s. 47 (w.e.f. 1-4-2000).
2. Subs. by s. 47, *ibid.*, for "clauses (*a*) to (*e*)" (w.e.f. 1-4-2000).
3. Ins. by Act 27 of 1999, s. 47 (w.e.f. 1-4-2000).

*Explanation*.—A person shall be treated as having acquired any shares on the date on which his name is entered in relation to those shares in the register of members of the public company.]

(*6*) The deduction under sub-section (*1*) shall not be admissible unless the assessee furnishes in the prescribed form, along with the return of income, the report of an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed on the basis of the [1][2]*** amount of convertible foreign exchange received by the assessee for services provided by him to foreign tourists [3][, payments made by him to any assessee referred to in sub-section (*2A*)] and the payments received by him in Indian currency as referred to in the [4][*Explanation* 1 to sub-section (*2*)].]

[5][(*7*) Where a deduction under sub-section (*1*) is claimed and allowed in respect of profits derived from the business of a hotel, such part of profits shall not qualify to that extent for deduction for any assessment year under any other provisions of this Chapter under the heading "C.—Deductions in respect of certain incomes", and shall in no case exceed the profits and gains of such hotel.]

*Explanation*.—For the purposes of this section,—

(*a*) "travel agent" means a travel agent or other person (not being an airline or a shipping company) who holds a valid licence granted by the Reserve Bank of India under section 32 of [6][the Foreign Exchange Management Act, 1999 (42 of 1999)];

(*b*) "convertible foreign exchange" shall have the meaning assigned to it in clause (*a*) of the Explanation to section 80HHC;

(*c*) "services provided to foreign tourists" shall not include services by way of sale in any shop owned or managed by the person who carries on the business of a hotel or of a tour operator or of a travel agent;

[7][*d*) "authorised dealer", "foreign exchange" and "Indian currency" shall have the meanings respectively assigned to them in clauses (*b*), (*h*) and (*k*) of section 2 of the [7][Foreign Exchange Management Act, 1999 (42 of 1999)];]

[8][(*e*) "eligible issue of capital" means an issue made by a public company formed and registered in India and the entire proceeds of the issue is utilised wholly and exclusively for the purpose of carrying on the business of—

(*i*) setting up and running of new hotels approved by the prescribed authority; or

(*ii*) providing such new facility for the growth of tourism in India, as the Central Government may, by notification in the Official Gazette, specify.]

---

1. Subs. by Act 49 of 1991, s. 29, for "amount of convertible foreign exchange received by the assessee for services provided by him to the foreign tourist" (w.e.f. 1-4-1992).

2. The words "aggregate of the" omitted by Act 32 of 1994, s. 25 (w.e.f. 1-4-1995).

3. Ins. by Act 32 of 1994, s. 25 (w.e.f. 1-4-1995).

4. Subs. by Act 27 of 1999, s. 47, for "*Explanation* to sub-section (*2*)" (w.e.f. 1-6-1999).

5. Ins. by Act 21 of 1998, s. 32 (w.e.f. 1-4-1999).

6. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973" (w.e.f. 1-4-2013).

7. Ins. by Act 49 of 1991, s. 29 (w.e.f. 1-4-1992).

8. Ins. by Act 27 of 1999, s. 47 (w.e.f. 1-4-2000).

[1][**80HHE.Deduction in respect of profits form export of computer software, etc.**—(*1*) Where an assessee, being an Indian company or a person (other than a company) resident in India, is engaged in the business of,—

     (*i*) export out of India of computer software or its transmission from India to a place outside India by any means;

     (*ii*) providing technical services outside India in connection with the development or production of computer software,

there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, [2][a deduction to the extent of the profits, referred to in sub-section (*1B*),] derived by the assessee from such business:

[3]*       *       *       *       *

[4][Provided that if the assessee, being a company, engaged in the export out of India of computer software, issues a certificate referred to in clause (*b*) of sub-section (*4A*), that in respect of the amount of the export specified therein, the deduction under this sub-section is to be allowed to a supporting software developer, then the amount of deduction in the case of an assessee shall be reduced by such amount which bears to the total profits derived by the assessee from the export, the same proportion as the amount of the export turnover specified in such certificate bears to the total export turnover of the assessee.

[5][*Explanation.*—For the removal of doubts, it is hereby declared that the profits and gains derived from on site development of computer software (including services for development of software) outside India shall be deemed to be the profits and gains derived from the export of computer software outside India.]

(*1A*) Where the assessee, being a supporting software developer, has during the previous year, developed and sold computer software to an exporting company in respect of which the said company has issued a certificate under the proviso to sub-section (*1*), there shall, in accordance with and subject to the provisions of this section, be allowed in computing the total income of the assessee a deduction of the profits derived by the assessee from the developing and selling of computer software to the exporting company in respect of which the certificate has been issued by the said company [6][to such extent and for such years as specified in sub-section (*1B*)].]

[6][(*1B*) For the purposes of sub-sections (*1*) and (*1A*), the extent of deduction of profits shall be an amount equal to—

     (*i*) eighty per cent. of such profits for an assessment year beginning on the 1st day of April, 2001;

     [7][(*ii*) seventy per cent. thereof for an assessment year beginning on the 1st day of April, 2002;

     (*iii*) fifty per cent. thereof for an assessment year beginning on the 1st day of April, 2003;

     (*iv*) thirty per cent. thereof for an assessment year beginning on the 1st day of April, 2004,]

---

1. Ins. by Act 49 of 1991, s. 30 (w.e.f. 1-4-1991).
2. Subs. by Act 10 of 2000, s. 36, for "a deduction of the profits" (w.e.f. 1-4-2001).
3. The proviso omitted by 22 of 1995, s. 18 (w.e.f. 1-4-1996).
4. Ins. by Act 21 of 1998, s.33 (w.e.f. 1-4-1999).
5. Ins. by Act 14 of 2001, s. 42 (w.e.f. 1-4-2001).
6. Ins. by Act 10 of 2000, s. 36 (w.e.f. 1-4-2001).
7. Subs. by Act 14 of 2001, s. 42, for sub-clauses (*ii*), (*iii*) and (*iv*) (w.e.f. 1-4-2002).

and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year.]

(*2*) The deduction specified in sub-section (*1*) shall be allowed only if the consideration in respect of the computer software referred to in that sub-section is received in, or brought into, India by the assessee in convertible foreign exchange, within a period of six months from the end of the previous year or, [1][within such further period as the competent authority may allow in this behalf.]

*Explanation*[2][1].—The said consideration shall be deemed to have been received in India where it is credited to a separate account maintained for the purpose by the assessee with any bank outside India with the approval of the Reserve Bank of India.

[3]*[Explanation* 2.—For the purposes of this sub-section, the expression "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.]

(*3*) For the purposes of sub-section (*1*), profits derived from the business referred to in that sub-section shall be the amount which bears to the profits of the business, the same proportion as the export turnover bears to the total turnover of the business carried on by the assessee.

[4][(*3A*) For the purposes of sub-section (*1A*), profits derived by a supporting software developer shall be,—

(*i*) in a case where the business carried on by the supporting software developer consists exclusively of developing and selling of computer software to one or more exporting companies solely engaged in exports, the profits of such business;

(*ii*) in a case where the business carried on by a supporting software developer does not consist exclusively of developing and selling of computer software to one or more exporting companies, the amount which bears to the profits of the business, the same proportion as the turnover in respect of sale to the respective exporting company bears to the total turnover of the business carried on by the assessee.]

(*4*) The deduction under sub-section (*1*) shall not be admissible unless the assessee furnishes in the prescribed form, along with the return of income, the report of an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed in accordance with the provisions of this section.

[4][(*4A*) The deduction under sub-section (*1A*) shall not be admissible unless the supporting software developer furnishes in the prescribed form along with his return of income,—

(*i*) the report of an accountant, as defined in the Explanation below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed on the basis of the profits of the supporting software developer in respect of sale of computer software to the exporting company; and

(*ii*) a certificate from the exporting company containing such particulars as may be prescribed and verified in the manner prescribed that in respect of the export turnover mentioned in the certificate, the exporting company has not claimed deduction under this section:

1. Subs. by Act 27 of 1999, s.48, for certain words (w.e.f. 1-6-1999).
2. *Explanation* relettered as *Explanation* 1 thereof by s. 48, *ibid.* (w.e.f. 1-6-1999)
3. Ins. by s. 48, *ibid*. (w.e.f. 1-6-1999).
4. Ins. by Act 21 of 1998, s.33 (w.e.f. 1-4-1999).

Provided that the certificate specified in clause (*b*) shall be duly certified by the auditor auditing the accounts of the exporting assessee under the provisions of this Act or under any other law.]

(*5*) Where a deduction under this section is claimed and allowed in respect of profits of the business referred to in sub-section (*1*) for any assessment year, no deduction shall be allowed in relation to such profits under any other provision of this Act for the same or any other assessment year.

*Explanation*.—For the purposes of this section,—

(*a*) "convertible foreign exchange" shall have the meaning assigned to it in clause (*a*) of the *Explanation* to section 80HHC;

[1][(*b*) "computer software" means,—

(*i*) any computer programme recorded on any disc, tape, perforated media or other information storage device; or

(*ii*) anycustomised electronic data or any product or service of similar nature as may be notified by the Board,

which is transmitted or exported from India to a place outside India by any means;]

(*c*) "export turnover" means the consideration in respect of computer software received in, or brought into, India by the assessee in convertible foreign exchange in accordance with sub-section (*2*), but does not include freight, telecommunication charges or insurance attributable to the delivery of the computer software outside India or expenses, if any, incurred in foreign exchange in providing the technical services outside India;

[1][(*ca*) "exporting company" means a company referred to in sub-section (*1*) making actual export of computer software;]

(*d*) "profits of the business" means the profits of the business as computed under the head "Profits and gains of business or profession" as reduced by—

(*1*) ninety per cent of any receipts by way of brokerage, commission, interest, rent, charges or any other receipt of a similar nature included in such profits; and

(*2*) the profits of any branch, office, warehouse or any other establishment of the assessee situate outside India;]

(*e*) "total turnover" shall not include—

(*i*) any sum referred to in clauses (*iiia*), (*iiib*) and (*iiic*) of section 28;

(*ii*) any freight, telecommunication charges or insurance attributable to the delivery of the computer software outside India; and

(*iii*) expenses, if any, incurred in foreign exchange in providing the technical services outside India;]

[2][(*ea*) "supporting software developer" means an Indian company or a person (other than a company) resident in India, developing and selling computer software to an exporting company for the purposes of export.]

---

1. Subs. by Act 10 of 2000, s. 36, for sub-clause (*b*) (w.e.f. 1-4-2001).
2. Ins. by Act 21 of 1998, s. 33 (w.e.f. 1-4-1999).

[1][**80HHF. Deduction in respect of profits and gains from export or transfer of film software, etc.**—(*1*) Where an assessee, being an Indian company [2][or a person (other than a company) resident in India], is engaged in the business of export or transfer by any means out of India, of any film software, television software, music software, television news software, including telecast rights (hereafter in this section referred to as the software or software rights), there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, [3][a deduction to the extent of profits, referred to in sub-section (*1A*),] derived by the assessee from such business.

[4][(*1A*) For the purposes of sub-section (*1*), the extent of deduction of profits shall be an amount equal to—

    (*i*) eighty per cent. of such profits for an assessment year beginning on the 1st day of April, 2001;

    [5][(*ii*) seventy per cent. thereof for an assessment year beginning on the 1st day of April, 2002;

    (*iii*) fifty per cent. thereof for an assessment year beginning on the 1st day of April, 2003;

    (*iv*) thirty per cent. thereof for an assessment year beginning on the 1st day of April, 2004,]

and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year.

(*2*) The deduction specified in sub-section (*1*) shall be allowed only if the consideration in respect of the software or software rights referred to in that sub-section is received in, or brought into, India by the assessee in convertible foreign exchange, within a period of six months from the end of the previous year or within such further period as the competent authority may allow in this behalf.

(*3*) For the purposes of sub-section (*1*), profits derived from the business referred to in that sub-section shall be the amount which bears to the profits of the business, the same proportion as the export turnover bears to the total turnover of the business carried on by the assessee.

(*4*) The deduction under sub-section (*1*) shall not be admissible unless the assessee furnishes in the prescribed form, along with the return of income, the report of an accountant, as defined in the Explanation below sub-section (*2*) of setion 288, certifying that the deduction has been correctly claimed in accordance with the provisions of this section.

(*5*) Where a deduction under this section is claimed and allowed in respect of profits of the business referred to in sub-section (*1*) for any assessment year, no deduction shall be allowed in relation to such profits under any other provision of this Act for the same or any other assessment year.

(*6*) Notwithstanding anything contained in this section, no deduction shall be allowed in respect of the software or software rights referred to in sub-section (*1*), if such business is prohibited by any law for the time being in force.

*Explanation.*—For the purposes of this section,—

    (*a*) "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange;

---

1. Ins. by Act 27 of 1999, s.49 (w.e.f. 1-4-2000).
2. Ins. by Act 10 of 2000, s. 37 (w.e.f. 1-4-2000).
3. Subs. by s. 37, *ibid.*, for "a deduction of the profits" (w.e.f. 1-4-2001).
4. Ins. by s. 37, *ibid.* (w.e.f. 1-4-2001).
5. Subs. by Act 14 of 2001, s. 43, for clauses (*ii*), (*iii*) and (*iv*) (w.e.f. 1-4-2002).

(*b*) "convertible foreign exchange" shall have the meaning assigned to it in clause (*a*) of the *Explanation* to section 80HHC;

(*c*) "export turnover" means the consideration in respect of the software or software rights specified in clauses (*d*), (*e*), (*g*), (*h*) and (*i*), received in, or brought into, India by the assessee in convertible foreign exchange in accordance with sub-section (*2*), but does not include freight, telecommunication charges or insurance attributable to the delivery of such software outside India or expenses, if any, incurred in foreign exchange in providing the technical services outside India;

(*d*) "film software" means a copy of a cinematograph film made by any process analogous to cinematography on acetate polyester or celluloid film positive, magnetic tape, digital media or other optical or magnetic devices and certified by the Board of film certification constituted by the Central Government under section 3 of the Cinematograph Act, 1952 (37 of 1952);

(*e*) "music software"includes series of sounds or music recorded on magnetic tape, cassette, compact discs and digital media which can be played or reproduced on any appropriate apparatus;

(*f*) "profits of the business" means the profits of the business as computed under the head "Profits and gains of business or profession" as reduced by—

    (*A*) ninety per cent of any receipts by way of brokerage, commission, interest, rent, charges or any other receipt of a similar nature included in such profits; and

    (*B*) the profits of any branch, office, warehouse or any other establishment of the assessee situated outside India;

(*g*) "telecast rights" means a licence or contract to exhibit motion pictures or television programmes over a television network either through terrestrial transmission or through a satellite broadcast in a specified territory;

(*h*) "television news software" means a collection of sounds and images, reportage, data and voice of actualities broadcast either through terrestrial transmission, wire or satellite, live or pre-recorded on video cassettes or digital media;

(*i*) "television software" means any programme or series of sounds and images recorded on film or tape or digital media or broadcast through terrestrial transmitter, satellite or any other means of diffusion;

(*j*) "total turnover" shall not include—

    (*A*) any sum referred to in clauses (*iiia*), (*iiib*) and (*iiic*) of section 28;

    (*B*) any freight, telecommunication charges or insurance attributable to the delivery of the film software, music software, telecast rights, television news software, or television software as defined in clause (*d*), (*e*), (*g*), (*h*) or (*i*), as the case may be, outside India;

    (*C*) expenses, if any, incurred in foreign exchange in providing the technical services outside India.]

[1][**80-I. Deduction in respect of profits and gains from industrial undertakings after a certain date, etc.**—(*1*) Where the gross total income of an assessee includes any profits and gains derived from an industrial undertaking or a ship or the business of a hotel [2][or the business of repairs to ocean-going vessels or other powered craft], to which this section applies, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction from such profits and gains of an amount equal to twenty per cent. thereof:

Provided that in the case of an assessee, being a company, the provisions of this sub-section [3][shall have effect in relation to profits and gains derived from an industrial undertaking or a ship or the business of a hotel] as if for the words "twenty per cent.", the words "twenty-five per cent." had been substituted.

[4][(*1A*) Notwithstanding anything contained in sub-section (*1*), in relation to any profits and gains derived by an assessee from—

(*i*) an industrial undertaking which begins to manufacture or produce articles or things or to operate its cold storage plant or plants; or

(*ii*) a ship which is first brought into use; or

(*iii*) the business of a hotel which starts functioning,

on or after the 1st day of April, 1990, [5][but before the 1st day of April, 1991], there shall, in accordance with and subject to the provisions of this section, be allowed in computing the total income of the assessee, a deduction from such profits and gains of an amount equal to twenty-five per cent. thereof:

Provided that in the case of an assessee, being a company, the provisions of this sub-section shall have effect in relation to profits and gains derived from an industrial undertaking or a ship or the business of a hotel as if for the words "twenty-five per cent.", the words "thirty per cent." had been substituted.]

(*2*) This section applies to any industrial undertaking which fulfils all the following conditions, namely:—

(*i*) it is not formed by the splitting up, or the reconstruction, of a business already in existence;

(*ii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose;

(*iii*) it manufactures or produces any article or thing, not being any article or thing specified in the list in the Eleventh Schedule, or operates one or more cold storage plant or plants, in any part of India, and begins to manufacture or produce articles or things or to operate such plant or plants, at any time within the period of [6][ten years] next following the 31st day of March, 1981, or such further period as the Central Government may, by notification in the Official Gazette, specify with reference to any particular industrial undertaking;

(*iv*) in a case where the industrial undertaking manufactures or produces articles or things, the undertaking employs ten or more workers in a manufacturing process carried on with the aid of power, or employs twenty or more workers in a manufacturing process carried on without the aid of power:

Provided that the condition in clause (*i*) shall not apply in respect of any industrial undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such industrial undertaking as is referred to in section 33B, in the circumstances and within the period specified in that section:

---

1. Ins. by Act 44 of 1980, s. 16 (w.e.f. 1-4-1981).
2. Ins. by Act 11 of 1983, s. 25 (w.e.f. 1-4-1984).
3. Subs. by s. 25, *ibid.*, for "shall have effect" (w.e.f. 1-4-1984).
4. Ins. by Act 12 of 1990, s. 24 (w.e.f. 1-4-1990).
5. Ins. by Act 49 of 1991, s. 31 (w.e.f. 1-4-1991).
6. Subs. by, s. 31, *ibid.*, for "fourteen years" (w.e.f. 1-4-1991). Earlier "fourteen years" was subs. for "nine years" by Act 12 of 1990 s. 24 (w.e.f. 1-4-1990) which was earlier subs. for "four years" by Act 32 of 1985, s. 20  (w.e.f. 1-4-1985).

Provided further that the condition in clause (*iii*) shall, in relation to a small-scale industrial undertaking, apply as if the words "not being any article or thing specified in the list in the Eleventh Schedule" had been omitted.

*Explanation* 1.—For the purposes of clause (*ii*) of this sub-section, any machinery or plant which was used outside India by any person other than the assessee shall not be regarded as machinery or plant previously used for any purpose, if the following conditions are fulfilled, namely:—

(*a*) such machinery or plant was not, at any time previous to the date of the installation by the assessee, used in India;

(*b*) such machinery or plant is imported into India from any country outside India; and

(*c*) no deduction on account of depreciation in respect of such machinery or plant has been allowed or is allowable under the provisions of this Act in computing the total income of any person for any period prior to the date of the installation of the machinery or plant by the assessee.

*Explanation* 2.—Where in the case of an industrial undertaking, any machinery or plant or any part thereof previously used for any purpose is transferred to a new business and the total value of the machinery or plant or part so transferred does not exceed twenty per cent of the total value of the machinery or plant used in the business, then, for the purposes of clause (*ii*) of this sub-section, the condition specified therein shall be deemed to have been complied with.

*Explanation* 3.—For the purposes of this sub-section, "small-scale industrial undertaking" shall have the same meaning as in clause (*b*) of the *Explanation* below sub-section (*8*) of section 80HHA.

(*3*) This section applies to any ship, where all the following conditions are fulfilled, namely:—

(*i*) it is owned by an Indian company and is wholly used for the purposes of the business carried on by it;

(*ii*) it was not, previous to the date of its acquisition by the Indian company, owned or used in Indian territorial waters by a person resident in India; and

(*iii*) it is brought into use by the Indian company at any time within the period of [1][ten years] next following the 1st day of April, 1981.

(*4*) This section applies to the business of any hotel, where all the following conditions are fulfilled, namely:—

(*i*) the business of the hotel is not formed by the splitting up, or the reconstruction, of a business already in existence or by the transfer to a new business of a building previously used as a hotel or of any machinery or plant previously used for any purpose;

(*ii*) the business of the hotel is owned and carried on by a company registered in India with a paid-up capital of not less than five hundred thousand rupees;

(*iii*) the hotel is for the time being approved for the purposes of this sub-section by the Central Government;

(*iv*) the business of the hotel starts functioning after the 31st day of March, 1981, but [2][before the 1st day of April, [3][1991]].

_____

1. Subs. by 49 of 1991, s. 31, for "fourteen years" (w.e.f. 1-4-1991). Earlier "fourteen years" was subs. for "nine years" by Act 12 of 1990 s. 24 (w.e.f. 1-4-1990) which was earlier substituted for "four years" by Act 32 of 1985, s. 20 (w.e.f. 1-4-1985).
2. Subs. by Act 12 of 1990, s. 24, for "before the first day of April, 1990" (w.e.f. 1-4-1990). Earlier "1990" was substituted for "1985" by 32 of 1985, s. 20 (w.e.f. 1-4-1985).
3. Subs. by Act 49 of 1991, s. 31, for "1995" (w.e.f. 1-4-1991).

[1][(*4A*) This section applies to the business of repairs to ocean-going vessels or other powered craft which fulfils all the following conditions, namely:—

(*i*) the business is not formed by the splitting up, or the reconstruction, of a business already in existence;

(*ii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose;

(*iii*) it is carried on by an Indian company and the work by way of repairs to ocean-going vessels or other powered craft has been commenced by such company after the 31st day of March, 1983, but before the 1st day of April, 1988; and

(*iv*) it is for the time being approved for the purposes of this sub-section by the Central Government.]

(*5*) The deduction specified in sub-section (*1*) shall be allowed in computing the total income in respect of the assessment year relevant to the previous year in which the industrial undertaking begins to manufacture or produce articles or things, or to operate its cold storage plant or plants or the ship is first brought into use or the business of the hotel starts functioning [1][or the company commences work by way of repairs to ocean-going vessels or other powered craft] (such assessment year being hereafter in this section referred to as the initial assessment year) and each of the seven assessment years immediately succeeding the initial assessment year:

Provided that in the case of an assessee, being a co-operative society, the provisions of this sub-section shall have effect as if for the words "seven assessment years", the words "nine assessment years" had been substituted:

[1][Provided further that in the case of an assessee carrying on the business of repairs to ocean-going vessels or other powered craft, the provisions of this sub-section shall have effect as if for the words "seven assessment years", the words "four assessment years" had been substituted]:

[2][Provided also that in the case of—

(*i*) an industrial undertaking which begins to manufacture or produce articles or things or to operate its cold storage plant or plants; or

(*ii*) a ship which is first brought into use; or

(*iii*) the business of a hotel which starts functioning,

on or after the 1st day of April, 1990 [3][but before the 1st day of April, 1991], provisions of this sub-section shall have effect as if for the words "seven assessment years", the words "nine assessment years" had been substituted:

Provided also that in the case of an assessee, being a co-operative society, deriving profits and gains from an industrial undertaking or a ship or a hotel referred to in the third proviso, the provisions of that proviso shall have effect as if for the words "nine assessment years", the words "eleven assessment years" had been substituted.]

(*6*) Notwithstanding anything contained in any other provision of this Act, the profits and gains of an industrial undertaking or a ship or the business of a hotel [1][or the business of repairs to ocean-going vessels or other powered craft] to which the provisions of sub-section (*1*) apply shall, for the purposes of determining the quantum of deduction under sub-section (*1*) for the assessment year immediately succeeding the initial assessment year or any subsequent assessment year, be computed as if such industrial undertaking or ship or the business of the hotel [1][or the business of repairs to ocean-going

---

1. Ins. by Act 11 of 1983, s. 25 (w.e.f. 1-4-1984).
2. Ins. by Act 12 of 1990, s. 24 (w.e.f. 1-4-1990).
3. Ins. by Act 49 of 1991, s. 31 (w.e.f. 1-4-1991).

vessels or other powered craft] were the only source of income of the assessee during the previous years relevant to the initial assessment year and to every subsequent assessment year up to and including the assessment year for which the determination is to be made.

(*7*) Where the assessee is a person other than a company or a co-operative society, the deduction under sub-section (*1*) from profits and gains derived from an industrial undertaking shall not be admissible unless the accounts of the industrial undertaking for the previous year relevant to the assessment year for which the deduction is claimed have been audited by an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, and the assessee furnishes, along with his return of income, the report of such audit in the prescribed form duly signed and verified by such accountant.

(*8*) Where any goods held for the purposes of the business of the industrial undertaking or the hotel or the operation of the ship [1][or the business of repairs to ocean-going vessels or other powered craft] are transferred to any other business carried on by the assessee, or where any goods held for the purposes of any other business carried on by the assessee are transferred to the business of the industrial undertaking or the hotel or the operation of the ship [1][or the business of repairs to ocean-going vessels or other powered craft] and, in either case, the consideration, if any, for such transfer as recorded in the accounts of the business of the industrial undertaking or the hotel or the operation of the ship [1][or the business of repairs to ocean-going vessels or other powered craft] does not correspond to the market value of such goods as on the date of the transfer, then, for the purposes of the deduction under this section, the profits and gains of the industrial undertaking or the business of the hotel or the operation of the ship [1][or the business of repairs to ocean-going vessels or other powered craft shall be computed as if the transfer, in either case, had been made at the market value of such goods as on that date:

Provided that where, in the opinion of the [2][Assessing Officer], the computation of the profits and gains of the industrial undertaking or the business of the hotel or the operation of the ship [1][or the business of repairs to ocean-going vessels or other powered craft] in the manner hereinbefore specified presents exceptional difficulties, the [2][Assessing Officer] may compute such profits and gains on such reasonable basis as he may deem fit.

*Explanation*.—In this sub-section, "market value", in relation to any goods, means the price that such goods would ordinarily fetch on sale in the open market.

(*9*) Where it appears to the [2][Assessing Officer] that, owing to the close connection between the assessee carrying on the business of the industrial undertaking or the hotel or the operation of the ship [1][or the business of repairs to ocean-going vessels or other powered craft] to which this section applies and any other person, or for any other reason, the course of business between them is so arranged that the business transacted between them produces to the assessee more than the ordinary profits which might be expected to arise in the business of the industrial undertaking or the hotel or the operation of the ship [1][or the business of repairs to ocean-going vessels or other powered craft], the [2][Assessing Officer] shall, in computing the profits and gains of the industrial undertaking or the hotel or the ship [1][or the business of repairs to ocean-going vessels or other powered craft] for the purposes of the deduction under this section, take the amount of profits as may be reasonably deemed to have been derived therefrom.

(*10*) The Central Government may, after making such inquiry as it may think fit, direct, by notification in the Official Gazette, that the exemption conferred by this section shall not apply to any class of industrial undertakings with effect from such date as it may specify in the notification.]

---

1. Ins. by Act 11 of 1983, s. 25 (w.e.f. 1-4-1984).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

[1][**80-IA. Deductions in respect of profits and gains from industrial undertakings or enterprises engaged in infrastructure development, etc.**—[2][(*1*)] Where the gross total income of an assessee includes any profits and gains derived by an undertaking or an enterprise from any business referred to in sub-section (*4*) (such business being hereinafter referred to as the eligible business), there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction of an amount equal to hundred per cent. of the profits and gains derived from such business for ten consecutive assessment years.]

(*2*) The deduction specified in sub-section (*1*) may, at the option of the assessee, be claimed by him for any ten consecutive assessment years out of fifteen years beginning from the year in which the undertaking or the enterprise develops and begins to operate any infrastructure facility or starts providing telecommunication service or develops an industrial park [3][ [4][or develops a special economic zone referred to in clause (*iii*) of sub-section (*4*)]] or generates power or commences transmission or distribution of power [5][or undertakes substantial renovation and modernisation of the existing transmission or distribution lines [6]***]:

[7][Provided that where the assessee develops or operates and maintains or develops, operates and maintains any infrastructure facility referred to in clause (*a*) or clause (*b*) or clause (*c*) of the *Explanation* to clause (*i*) of sub-section (*4*), the provisions of this sub-section shall have effect as if for the words "fifteen years", the words "twenty years" had been substituted.]

[8][(*2A*) Notwithstanding anything contained in sub-section (*1*) or sub-section (*2*), the deduction in computing the total income of an undertaking providing telecommunication services, specified in clause (*ii*) of sub-section (*4*), shall be hundred per cent of the profits and gains of the eligible business for the first five assessment years commencing at any time during the periods as specified in sub-section (*2*) and thereafter, thirty per cent of such profits and gains for further five assessment years.]

(*3*) This section applies to [9][an [10][11][undertaking] referred to in clause (*ii*) [12][or clause (*iv*) [13]***] of sub-section (*4*)] which fulfils all the following conditions, namely:—

(*i*) it is not formed by splitting up, or the reconstruction, of a business already in existence:

Provided that this condition shall not apply in respect of an [10][undertaking] which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such [10][undertaking] as is referred to in section 33B, in the circumstances and within the period specified in that section;

---

1. Subs. by Act 27 of 1999, s. 50, for section 80-IA (w.e.f. 1-4-2000), earlier inserted by Act 49 of 1991, s. 32 (w.e.f. 1-4-1991), and later on amended by Act  18 of 1992, s. 47 (w.e.f. 1-4-1993), which was earlier amended by Act 38 of 1993,   s. 15 (w.e.f. 1-4-1994), earlier amended by Act 32 of 1994, s. 27 (w.e.f. 1-4-1994), earlier amended by Act 22 of 1995,  s. 19 (w.e.f. 1-4-1996), amended by Act 38 of 1996, s. 15 (w.e.f. 1-4-1997), amended by Act 26 of 1997, s. 26 (w.e.f. 1-4-1996), as so amended by Act 7 of 1998, s. 3 (w.e.f. 1-4-1998), amended by Act 21 of 1998, s. 34 (w.e.f. 1-4-1998).

2. Subs. by Act 14 of 2001, s. 44, for sub-section (*1*) (w.e.f. 1-4-2002).

3. Ins. by Act 20 of 2002, s. 33 (w.e.f. 1-4-2003).

4. Subs. by Act 32 of 2003, s. 38 for "or develops or develops and operates or maintains and operates a special economic zone" (w.e.f. 1-4-2002).

5. Ins. by Act 23 of 2004, s. 17 (w.e.f. 1-4-2005).

6. The words "or lays and begins to operate a cross-country natural gas distribution network" omitted by Act 33 of 2009, s. 36 (w.e.f. 1-4-2010).

7. The proviso substituted by Act 14 of 2001, s. 44 (w.e.f. 1-4-2002).

8. Ins. by s. 44, *ibid.* (w.e.f. 1-4-2001).

9. Subs. by Act 10 of 2000, s. 38, for "any industrial undertaking " (w.e.f. 1-4-2000).

10. Subs. by Act 14 of 2001, s. 44, for "industrial undertaking" (w.e.f. 1-4-2002).

11. Subs. by Act 23 of 2004, s. 17, for "undertaking referred to in clause (*iv*)" (w.e.f. 1-4-2005).

12. Subs. by Act 22 of 2007, s. 28, for "clause (*iv*)" (w.e.f. 1-4-2008).

13. The words, brackets and figures "or clause (*vi*)" omitted by Act 33 of 2009, s. 36 (w.e.f. 1-4-2010).

(*ii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose:

[1][Provided that nothing contained in this sub-section shall apply in the case of transfer, either in whole or in part, of machinery or plant previously used by a State Electricity Board referred to in clause (*7*) of section 2 of the Electricity Act, 2003 (36 of 2003), whether or not such transfer is in pursuance of the splitting up or reconstruction or reorganisation of the Board under Part XIII of that Act.]

*Explanation* 1.—For the purposes of clause (*ii*), any machinery or plant which was used outside India by any person other than the assessee shall not be regarded as machinery or plant previously used for any purpose, if the following conditions are fulfilled, namely :—

(*a*) such machinery or plant was not, at any time previous to the date of the installation by the assessee, used in India;

(*b*) such machinery or plant is imported into India from any country outside India; and

(*c*) no deduction on account of depreciation in respect of such machinery or plant has been allowed or is allowable under the provisions of this Act in computing the total income of any person for any period prior to the date of the installation of machinery or plant by the assessee.

*Explanation* 2.—Where in the case of an [2][undertaking], any machinery or plant or any part thereof previously used for any purpose is transferred to a new business and the total value of the machinery or plant or part so transferred does not exceed twenty per cent of the total value of the machinery or plant used in the business, then, for the purposes of clause (*ii*) of this sub-section, the condition specified therein shall be deemed to have been complied with.

(*4*) This section applies to—

(*i*) any enterprise carrying on the business [3][of (*i*) developing or (*ii*) operating and maintaining or (*iii*) developing, operating and maintaining] any infrastructure facility which fulfils all the following conditions, namely :—

(*a*) it is owned by a company registered in India or by a consortium of such companies [4][or by an authority or a board or a corporation or any other body established or constituted under any Central or State Act]:

[5][(*b*) it has entered into an agreement with the Central Government or a State Government or a local authority or any other statutory body for (*i*) developing or (*ii*) operating and maintaining or (*iii*) developing, operating and maintaining a new infrastructure facility;]

(*c*) it has started or starts operating and maintaining the infrastructure facility on or after the 1st day of April, 1995:

Provided that where an infrastructure facility is transferred on or after the 1st day of April, 1999 by an enterprise which developed such infrastructure facility (hereafter referred to in this section as the transferor enterprise) to another enterprise (hereafter in this section referred to as the transferee enterprise) for the purpose of operating and maintaining the infrastructure facility on its behalf in accordance with the agreement with the Central

---

1. Ins. by Act 23 of 2004, s. 17 (w.e.f. 1-4-2005).
2. Subs. by Act 14 of 2001, s. 44, for "industrial undertaking" (w.e.f. 1-4-2002).
3. Subs. by s. 44, *ibid.*, for "of (*i*) developing, (*ii*) maintaining and operating or (*iii*) developing, maintaining and operating" (w.e.f. 1-4-2002).
4. Ins. by Act 18 of 2005, s. 26 (w.e.f. 1-4-2006).
5. Subs. by Act 14 of 2001, s. 44, for clause (*b*) (w.e.f. 1-4-2002).

Government, State Government, local authority or statutory body, the provisions of this section shall apply to the transferee enterprise as if it were the enterprise to which this clause applies and the deduction from profits and gains would be available to such transferee enterprise for the unexpired period during which the transferor enterprise would have been entitled to the deduction, if the transfer had not taken place:

[1][Provided further that nothing contained in this section shall apply to any enterprise which starts the development or operation and maintenance of the infrastructure facility on or after the 1st day of April, 2017.]

[2][*Explanation*.—For the purposes of this clause, "infrastructure facility" means—

(*a*) a road including toll road, a bridge or a rail system;

(*b*) a highway project including housing or other activities being an integral part of the highway project;

(*c*) a water supply project, water treatment system, irrigation project, sanitation and sewerage system or solid waste management system;

(*d*) a port, airport, inland waterway [3][, inland port or navigational channel in the sea];]

[4][(*ii*) any undertaking which has started or starts providing telecommunication services, whether basic or cellular, including radio paging, domestic satellite service, network of trunking, broadband network and internet services on or after the 1st day of April, 1995, but on or before the [5][31st day of March, 2005].]

*Explanation*.—For the purposes of this clause, "domestic satellite" means a satellite owned and operated by an Indian company for providing telecommunication service;

(*iii*) any undertaking which develops, develops and operates or maintains and operates an industrial park [6][or special economic zone] notified by the Central Government in accordance with the scheme framed and notified by that Government for the period beginning on the 1st day of April, 1997 and ending on [7][the 31st day of March, 2006]:

[8][Provided that in a case where an undertaking develops an industrial park on or after the 1st day of April, 1999 or a special economic zone on or after the 1st day of April, 2001 and transfers the operation and maintenance of such industrial park or such special economic zone, as the case may be, to another undertaking (hereafter in this section referred to as the transferee undertaking), the deduction under sub-section (*1*) shall be allowed to such transferee undertaking for the remaining period in the ten consecutive assessment years as if the operation and maintenance were not so transferred to the transferee undertaking:]

[9][Provided further that in the case of any undertaking which develops, develops and operates or maintains and operates an industrial park, the provisions of this clause shall have effect as if for the

---

1. Ins. by Act 28 of 2016, s. 4 (w.e.f. 1-4-2017).
2. Subs. by Act 14 of 2001, s. 44, for *Explanation* (w.e.f. 1-4-2002).
3. Subs. by Act 22 of 2007, s. 28, for "inland port" (w.e.f. 1-4-2008).
4. Subs. by Act 14 of 2001, s. 44, for clause (*ii*) (w.e.f. 1-4-2001).
5. Subs. by Act 23 of 2004, s. 17, for "31st March, 2004" (w.e.f. 1-4-2005).
6. Ins. by Act 14 of 2001, s. 44, (w.e.f. 1-4-2002).
7. Subs. by s. 44, *ibid.*, for "the 31st March, 2002" (w.e.f. 1-4-2001).
8. Subs. by Act 32 of 2003, s. 38, for the proviso (w.e.f. 1-4-2002).
9. Subs. by Act 21 of 2006, s. 18, for the proviso (w.e.f. 1-4-2007).

figures, letters and words "31st day of March, 2006", the figures, letters and words [1][31st day of March, 2011] had been substituted;]

(*iv*) an [2][undertaking] which,—

(*a*) is set up in any part of India for the generation or generation and distribution of power if it begins to generate power at any time during the period beginning on the 1st day of April, 1993 and ending on [3][the 31st day of March, 2017];

(*b*) starts transmission or distribution by laying a network of new transmission or distribution lines at any time during the period beginning on the 1st day of April, 1999 and ending on [3][the 31st day of March, 2017]:

Provided that the deduction under this section to an [2][undertaking] under sub-clause (*b*) shall be allowed only in relation to the profits derived from laying of such network of new lines for transmission or distribution;

[4][(*c*) undertakes substantial renovation and modernisation of the existing network of transmission or distribution lines at any time during the period beginning on the 1st day of April, 2004 and ending on [3][the 31st day of March, 2017].

*Explanation.*—For the purposes of this sub-clause, "substantial renovation and modernisation" means an increase in the plant and machinery in the network of transmission or distribution lines by at least fifty per cent of the book value of such plant and machinery as on the 1st day of April, 2004;]

[5][(*v*) an undertaking owned by an Indian company and set up for reconstruction or revival of a power generating plant, if—

(*a*) such Indian company is formed before the 30th day of November, 2005 with majority equity participation by public sector companies for the purposes of enforcing the security interest of the lenders to the company owning the power generating plant and such Indian company is notified before the 31st day of December, 2005 by the Central Government for the purposes of this clause;

(*b*) such undertaking begins to generate or transmit or distribute power before [6][the 31st day of March, 2011];]

[7]*        *        *        *        *

(*5*) Notwithstanding anything contained in any other provision of this Act, the profits and gains of an eligible business to which the provisions of sub-section (*1*) apply shall, for the purposes of determining the quantum of deduction under that sub-section for the assessment year immediately succeeding the initial assessment year or any subsequent assessment year, be computed as if such eligible business were the only source of income of the assessee during the previous year relevant to the initial assessment year and to every subsequent assessment year up to and including the assessment year for which the determination is to be made.

---

1. Subs. by Act 33 of 2009, s. 36, for "31st day of March, 2009" (w.e.f. 1-4-2009).
2. Subs. by Act 14 of 2001, s. 44, for "industrial undertaking" (w.e.f. 1-4-2002).
3. Subs. by Act 25 of 2014, s. 30, for "the 31st day of March, 2014" (w.e.f. 1-4-2015).
4. Ins. by Act 23 of 2004, s. 17 (w.e.f 1-4-2005).
5. Ins. by Act 55 of 2005, s. 5 (w.e.f. 1-4-2006).
6. Subs. by Act 33 of 2009, s. 36, for "the 31st day of March, 2008" (w.e.f. 1-4-2008).
7. Clause (*vi*) omitted by Act 33 of 2009, s. 36 (w.e.f. 1-4-2010).

(*6*) Notwithstanding anything contained in sub-section (*4*), where housing or other activities are an integral part of the highway project and the profits of which are computed on such basis and manner as may be prescribed, such profit shall not be liable to tax where the profit has been transferred to a special reserve account and the same is actually utilised for the highway project excluding housing and other activities before the expiry of three years following the year in which such amount was transferred to the reserve account; and the amount remaining unutilised shall be chargeable to tax as income of the year in which such transfer to reserve account took place.

(*7*) [1][The deduction] under sub-section (*1*) from profits and gains derived from an [2][undertaking] shall not be admissible unless the accounts of the [2][undertaking] for the previous year relevant to the assessment year for which the deduction is claimed have been audited by an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, and the assessee furnishes, along with his return of income, the report of such audit in the prescribed form duly signed and verified by such accountant.

(*8*) Where any [3][goods or services] held for the purposes of the eligible business are transferred to any other business carried on by the assessee, or where any [3][goods or services] held for the purposes of any other business carried on by the assessee are transferred to the eligible business and, in either case, the consideration, if any, for such transfer as recorded in the accounts of the eligible business does not correspond to the market value of such [3][goods or services] as on the date of the transfer, then, for the purposes of the deduction under this section, the profits and gains of such eligible business shall be computed as if the transfer, in either case, had been made at the market value of such [3][goods or services] as on that date:

Provided that where, in the opinion of the Assessing Officer, the computation of the profits and gains of the eligible business in the manner hereinbefore specified presents exceptional difficulties, the Assessing Officer may compute such profits and gains on such reasonable basis as he may deem fit.

[4][*Explanation.*—For the purposes of this sub-section, "market value", in relation to any goods or services, means—

(*i*) the price that such goods or services would ordinarily fetch in the open market; or

(*ii*) the arm's length price as defined in clause (*ii*) of section 92F, where the transfer of such goods or services is a specified domestic transaction referred to in section 92BA.]

(*9*) Where any amount of profits and gains of an [2][undertaking] or of an enterprise in the case of an assessee is claimed and allowed under this section for any assessment year, deduction to the extent of such profits and gains shall not be allowed under any other provisions of this Chapter under the heading" *C.—Deductions in respect of certain incomes*", and shall in no case exceed the profits and gains of such eligible business of [2][undertaking] or enterprise, as the case may be.

---

1. Subs. by Act 20 of 2002, s. 33, for "Where the assessee is a person other than a company or a co-operative society, the deduction" (w.e.f. 1-4-2003).
2. Subs. by Act 14 of 2001, s. 44, for "industrial undertaking" (w.e.f. 1-4-2002).
3. Subs. by s. 44, *ibid.,* for "goods" (w.e.f. 1-4-2002).
4. Subs. by Act 23 of 2012, s. 30, for the *Explanation* (w.e.f. 1-4-2013).

(*10*) Where it appears to the Assessing Officer that, owing to the close connection between the assessee carrying on the eligible business to which this section applies and any other person, or for any other reason, the course of business between them is so arranged that the business transacted between them produces to the assessee more than the ordinary profits which might be expected to arise in such eligible business, the Assessing Officer shall, in computing the profits and gains of such eligible business for the purposes of the deduction under this section, take the amount of profits as may be reasonably deemed to have been derived therefrom:

[1][Provided that in case the aforesaid arrangement involves a specified domestic transaction referred to in section 92BA, the amount of profits from such transaction shall be determined having regard to arm's length price as defined in clause (*ii*) of section 92F.]

(*11*) The Central Government may, after making such inquiry as it may think fit, direct, by notification in the Official Gazette, that the exemption conferred by this section shall not apply to any class of industrial undertaking or enterprise with effect from such date as it may specify in the notification.

(*12*) Where any undertaking of an Indian company which is entitled to the deduction under this section is transferred, before the expiry of the period specified in this section, to another Indian company in a scheme of amalgamation or demerger—

(*a*) no deduction shall be admissible under this section to the amalgamating or the demerged company for the previous year in which the amalgamation or the demerger takes place; and

(*b*) the provisions of this section shall, as far as may be, apply to the amalgamated or the resulting company as they would have applied to the amalgamating or the demerged company if the amalgamation or demerger had not taken place.

[2][(*12A*) Nothing contained in sub-section (*12*) shall apply to any enterprise or undertaking which is transferred in a scheme of amalgamation or demerger on or after the 1st day of April, 2007.]

[3][(*13*) Nothing contained in this section shall apply to any Special Economic Zones notified on or after the 1st day of April, 2005 in accordance with the scheme referred to in sub-clause (*iii*) of clause (*c*) of sub-section (*4*).]

[4][*Explanation*.—For the removal of doubts, it is hereby declared that nothing contained in this section shall apply in relation to a business referred to in sub-section (*4*) which is in the nature of a works contract awarded by any person (including the Central or State Government) and executed by the undertaking or enterprise referred to in sub-section (*1*).]

---

1. Ins. by Act 23 of 2012, s. 30 (w.e.f. 1-4-2013).
2. Ins. by Act 22 of 2007, s. 28 (w.e.f. 1-4-2008).
3. Ins. by Act 28 of 2005, s. 27 and the Second Schedule (w.e.f. 10-2-2006).
4. Ins. by Act 33 of 2009, s. 36 (w.e.f. 1-4-2000).

[1][**80-IAB. Deductions in respect of profits and gains by an undertaking or enterprise engaged in development of Special Economic Zone.**—(*1*) Where the gross total income of an assessee, being a Developer, includes any profits and gains derived by an undertaking or an enterprise from any business of developing a Special Economic Zone, notified on or after the 1st day of April, 2005 under the Special Economic Zones Act, 2005, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction of an amount equal to one hundred per cent of the profits and gains derived from such business for ten consecutive assessment years.

[2][Provided that the provisions of this section shall not apply to an assessee, being a developer, where the development of Special Economic Zone begins on or after the 1st day of April, 2017.]

(*2*) The deduction specified in sub-section (*1*) may, at the option of the assessee, be claimed by him for any ten consecutive assessment years out of fifteen years beginning from the year in which a Special Economic Zone has been notified by the Central Government:

Provided that where in computing the total income of any undertaking, being a Developer for any assessment year, its profits and gains had not been included by application of the provisions of sub-section (*13*) of sectopm 80-IA, the undertaking being the Developer shall be entitled to deduction referred to in this section only for the unexpired period of ten consecutive assessment years and thereafter it shall be eligible for deduction from income as provided in sub-section (*1*) or sub-section (*2*), as the case may be:

Provided further that in a case where an undertaking, being a Developer who develops a Special Economic Zone on or after the 1st day of April, 2005 and transfers the operation and maintenance of such Special Economic Zone to another Developer (hereafter in this section referred to as the transferee Developer), the deduction under sub-section (*1*) shall be allowed to such transferee Developer for the remaining period in the ten consecutive assessment years as if the operation and maintenance were not so transferred to the transferee Developer.

(*3*) The provisions of sub-section (*5*) and sub-sections (*7*) to (*12*) of section 80-JIA shall apply to the Special Economic Zones for the purpose of allowing deductions under sub-section (*1*).

*Explanation.*—For the purposes of this section, "Developer" and "Special Economic Zone" shall have the same meanings respectively as assigned to them in clauses (*g*) and (*za*) of section 2 of the Special Economic Zones Act, 2005.]

[3][**80-IAC. Special provision in respect of specified business.**—(*1*) Where the gross total income of an assessee, being an eligible start-up, includes any profits and gains derived from eligible business, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction of an amount equal to one hundred per cent of the profits and gains derived from such business for three consecutive assessment years.

(*2*) The deduction specified in sub-section (*1*) may, at the option of the assessee, be claimed by him for any three consecutive assessment years out of [4][seven years] beginning from the year in which the eligible start-up is incorporated.

(*3*) This section applies to a start-up which fulfils the following conditions, namely:—

(*i*) it is not formed by splitting up, or the reconstruction, of a business already in existence:

1. Ins. by Act 28 of 2005, s. 27 and the Second Schedule (w.e.f. l0-2-2006).
2. Ins. by Act 28 of 2016, s. 41 (w.e.f. 1-4-2017).
3. Ins. by s. 42, *ibid*. (w.e.f. 1-4-2017).
4. Subs. by Act 7 of 2017, s. 36, for "five years" (w.e.f. 1-4-2018).

Provided that this condition shall not apply in respect of a start-up which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such undertaking as referred to in section 33B, in the circumstances and within the period specified in that section;

(*ii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose.

*Explanation* 1.—For the purposes of this clause, any machinery or plant which was used outside India by any person other than the assessee shall not be regarded as machinery or plant previously used for any purpose, if all the following conditions are fulfilled, namely:—

(*a*) such machinery or plant was not, at any time previous to the date of the installation by the assessee, used in India;

(*b*) such machinery or plant is imported into India;

(*c*) no deduction on account of depreciation in respect of such machinery or plant has been allowed or is allowable under the provisions of this Act in computing the total income of any person for any period prior to the date of the installation of the machinery or plant by the assessee.

*Explanation* 2.—Where in the case of a start-up, any machinery or plant or any part thereof previously used for any purpose is transferred to a new business and the total value of the machinery or plant or part so transferred does not exceed twenty per cent of the total value of the machinery or plant used in the business, then, for the purposes of clause (*ii*) of this sub-section, the condition specified therein shall be deemed to have been complied with.

(*4*) The provisions of sub-section (*5*) and sub-sections (*7*) to (*11*) of section 80-IA shall apply to the start-ups for the purpose of allowing deductions under sub-section (*1*).

*Explanation*.—For the purposes of this section,—

(*i*) "eligible business" means a business which involves innovation, development, deployment or commercialisation of new products, processes or services driven by technology or intellectual property;

(*ii*) "eligible start-up" means a company or a limited liability partnership engaged in eligible business which fulfils the following conditions, namely:—

(*a*) it is incorporated on or after the 1st day of April, 2016 but before the 1st day of April, 2019;

(*b*) the total turnover of its business does not exceed twenty-five crore rupees in any of the previous years beginning on or after the 1st day of April, 2016 and ending on the 31st day of March, 2021; and

(*c*) it holds a certificate of eligible business from the Inter-Ministerial Board of Certification as notified in the Official Gazette by the Central Government;

(*iii*) "limited liability partnership" means a partnership referred to in clause (*n*) of sub-section (*1*) of section 2 of the Limited Liability Partnership Act, 2008 (6 of 2009).]

**80-IB. Deduction in respect of profits and gains from certain industrial undertakings other than infrastructure development undertakings.**—(*1*) Where the gross total income of an assessee includes any profits and gains derived from any business referred to in sub-sections (*3*) to [1](*11*), (*11A*) and (*11B*)] (such business being hereinafter referred to as the eligible business), there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction from such profits and gains of an amount equal to such percentage and for such number of assessment years as specified in this section.

(*2*) This section applies to any industrial undertaking which fulfils all the following conditions, namely:—

(*i*) it is not formed by splitting up, or the reconstruction, of a business already in existence:

Provided that this condition shall not apply in respect of an industrial undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such industrial undertaking as is referred to in section 33B, in the circumstances and within the period specified in that section;

(*ii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose;

(*iii*) it manufactures or produces any article or thing, not being any article or thing specified in the list in the Eleventh Schedule, or operates one or more cold storage plant or plants, in any part of India:

Provided that the condition in this clause shall, in relation to a small scale industrial undertaking or an industrial undertaking referred to in sub-section (*4*) shall apply as if the words "not being any article or thing specified in the list in the Eleventh Schedule" had been omitted.

*Explanation 1.*—For the purposes of clause (*ii*), any machinery or plant which was used outside India by any person other than the assessee shall not be regarded as machinery or plant previously used for any purpose, if the following conditions are fulfilled, namely:—

(*a*) such machinery or plant was not, at any time previous to the date of the installation by the assessee, used in India;

(*b*) such machinery or plant is imported into India from any country outside India; and

(*c*) no deduction on account of depreciation in respect of such machinery or plant has been allowed or is allowable under the provisions of this Act in computing the total income of any person for any period prior to the date of the installation of the machinery or plant by the assessee.

*Explanation 2.*—Where in the case of an industrial undertaking, any machinery or plant or any part thereof previously used for any purpose is transferred to a new business and the total value of the machinery or plant or part so transferred does not exceed twenty per cent. of the total value of the machinery or plant used in the business, then, for the purposes of clause (*ii*) of this sub-section, the condition specified therein shall be deemed to have been complied with;

(*iv*) in a case where the industrial undertaking manufactures or produces articles or things, the undertaking employs ten or more workers in a manufacturing process carried on with the aid of power, or employs twenty or more workers in a manufacturing process carried on without the aid of power.

---

1. Subs. by Act 23 of 2004, s. 18, for "(*11*) and (*11A*)" (w.e.f. 1-4-2005). Earlier "(*3*) to (*11*) and (*11A*)" subs. by Act 14 of 2001, s. 45 (w.e.f. 1-4-2002).

(*3*) The amount of deduction in the case of an industrial undertaking shall be twenty-five per cent. (or thirty per cent. where the assessee is a company), of the profits and gains derived from such industrial undertaking for a period of ten consecutive assessment years (or twelve consecutive assessment years where the assessee is a co-operative society) beginning with the initial assessment year subject to the fulfilment of the following conditions, namely:—

(*i*) it begins to manufacture or produce, articles or things or to operate such plant or plants at any time during the period beginning from the 1st day of April, 1991 and ending on the 31st day of March, 1995 or such further period as the Central Government may, by notification in the Official Gazette, specify with reference to any particular undertaking;

(*ii*) where it is an industrial undertaking being a small scale industrial undertaking, it begins to manufacture or produce articles or things or to operate its cold storage plant [not specified in sub-section (*4*) or sub-section (*5*)] at any time during the period beginning on the 1st day of April, 1995 and ending on the [1][31st day of March, 2002].

(*4*) The amount of deduction in the case of an industrial undertaking in an industrially backward State specified in the Eighth Schedule shall be hundred per cent of the profits and gains derived from such industrial undertaking for five assessment years beginning with the initial assessment year and thereafter twenty-five per cent. (or thirty per cent. where the assessee is a company) of the profits and gains derived from such industrial undertaking:

Provided that the total period of deduction does not exceed ten consecutive assessment years (or twelve consecutive assessment years where the assessee is a co-operative society) subject to fulfilment of the condition that it begins to manufacture or produce articles or things or to operate its cold storage plant or plants during the period beginning on the 1st day of April, 1993 and ending on the [2][31st day of March, 2004]:

Provided further that in the case of such industries in the North-Eastern Region, as may be notified by the Central Government, the amount of deduction shall be hundred per cent. of profits and gains for a period of ten assessment years, and the total period of deduction shall in such a case not exceed ten assessment years:

[3][Provided also that no deduction under this sub-section shall be allowed for the assessment year beginning on the 1st day of April, 2004 or any subsequent year to any undertaking or enterprise referred to in sub-section (*2*) of section 80-IC:]

[4][Provided also that in the case of an industrial undertaking in the State of Jammu and Kashmir, the provisions of the first proviso shall have effect as if for the figures, letters and words "31st day of March, 2004", the figures, letters and words [5][31st day of March, 2012] had been substituted:

Provided also that no deduction under this sub-section shall be allowed to an industrial undertaking in the State of Jammu and Kashmir which is engaged in the manufacture or production of any article or thing specified in Part C of the Thirteenth Schedule.]

---

1. Subs. by Act 10 of 2000, s. 39, for "31st day of March, 2000" (w.e.f. 1-4-2001).
2. Subs. by Act 20 of 2002, s. 34, for "31st day of March, 2002" (w.e.f. 1-4-2003).
3. Ins. by Act 32 of 2003, s. 39 (w.e.f. 1-4-2004).
4. Subs. by Act 23 of 2004, s. 18, for the proviso (w.e.f. 1-4-2005).
5. Subs. by Act 22 of 2007, s. 29, for "31st day of March, 2007" (w.e.f. 1-4-2008).

(*5*) The amount of deduction in the case of an industrial undertaking located in such industrially backward districts as the Central Government may, having regard to the prescribed guidelines, by notification in the Official Gazette, specify in this behalf as industrially backward district of category 'A' or an industrially backward district of category 'B' shall be,—

(*i*) hundred per cent of the profits and gains derived from an industrial undertaking located in a backward district of category 'A' for five assessment years beginning with the initial assessment year and thereafter, twenty-five per cent. (or thirty per cent. where the assessee is a company) of the profits and gains of an industrial undertaking :

Provided that the total period of deduction shall not exceed ten consecutive assessment years or where the assessee is a co-operative society, twelve consecutive assessment years:

Provided further that the industrial undertaking begins to manufacture or produce articles or things or to operate its cold storage plant or plants at any time during the period beginning on the 1st day of October, 1994 and ending on the [1][31st day of March, 2004];

(*ii*) hundred per cent. of the profits and gains derived from an industrial undertaking located in a backward district of category 'B' for three assessment years beginning with the initial assessment year and thereafter, twenty-five per cent (or thirty per cent where the assessee is a company) of the profits and gains of an industrial undertaking:

Provided that the total period of deduction does not exceed eight consecutive assessment years (or where the assessee is a co-operative society, twelve consecutive assessment years):

Provided further that the industrial undertaking begins to manufacture or produce articles or things or to operate its cold storage plant or plants at any time during the period beginning on the 1st day of October, 1994 and ending on the [1][31st day of March, 2004].

(*6*) The amount of deduction in the case of the business of a ship shall be thirty per cent. of the profits and gains derived from such ship for a period of ten consecutive assessment years including the initial assessment year provided that the ship—

(*i*) is owned by an Indian company and is wholly used for the purposes of the business carried on by it;

(*ii*) was not, previous to the date of its acquisition by the Indian company, owned or used in Indian territorial waters by a person resident in India; and

(*iii*) is brought into use by the Indian company at any time during the period beginning on the 1st day of April, 1991 and ending on the 31st day of March, 1995.

(*7*) The amount of deduction in the case of any hotel shall be—

(*a*) fifty per cent. of the profits and gains derived from the business of such hotel for a period of ten consecutive years beginning from the initial assessment year as is located in a hilly area or a rural area or a place of pilgrimage or such other place as the Central Government may, having regard to the need for development of infrastructure for tourism in any place and other relevant considerations, specify by notification in the Official Gazette and such hotel starts functioning at any time during the period beginning on the 1st day of April, 1990 and ending on the 31st day of March, 1994 or beginning on the 1st day of April, 1997 and ending on the 31st day of March, 2001:

---

1. Subs. by Act 20 of 2002, s. 34, for "31st day of March, 2002" (w.e.f. 1-4-2003).

Provided that nothing contained in this clause shall apply to a hotel located at a place within the municipal jurisdiction (whether known as a municipality, municipal corporation, notified area committee or a cantonment board or by any other name) of Calcutta, Chennai, Delhi or Mumbai, which has started or starts functioning on or after the 1st day of April, 1997 and before the 31st day of March, 2001:

Provided further that the said hotel is approved by the prescribed authority for the purpose of this clause in accordance with the rules made under this Act and where the said hotel is approved by the prescribed authority before the 31st day of March, 1992, shall be deemed to have been approved by the prescribed authority for the purpose of this section in relation to the assessment year commencing on the 1st day of April, 1991;

(*b*) thirty per cent. of the profits and gains derived from the business of such hotel as is located in any place other than those mentioned in sub-clause (*a*) for a period of ten consecutive years beginning from the initial assessment year if such hotel has started or starts functioning at any time during the period beginning on the 1st day of April, 1991 and ending on the 31st day of March, 1995 or beginning on the 1st day of April, 1997 and ending on the 31st day of March, 2001:

Provided that nothing contained in this clause shall apply to a hotel located at a place within the municipal jurisdiction (whether known as a municipality, municipal corporation, notified area committee, town area committee or a cantonment board or by any other name) of Calcutta, Chennai, Delhi or Mumbai, which has started or starts functioning on or after the 1st day of April, 1997 and before the 31st day of March, 2001;

(*c*) the deduction under clause (*a*) or clause (*b*) shall be available only if—

(*i*) the business of the hotel is not formed by the splitting up, or the reconstruction, of a business already in existence or by the transfer to a new business of a building previously used as a hotel or of any machinery or plant previously used for any purpose;

(*ii*) the business of the hotel is owned and carried on by a company registered in India with a paid-up capital of not less than five hundred thousand rupees;

(*iii*) the hotel is for the time being approved by the prescribed authority:

Provided that any hotel approved by the prescribed authority before the 1st day of April, 1999 shall be deemed to have been approved under this sub-section.

[1][(*7A*) The amount of deduction in the case of any multiplex theatre shall be—

(*a*) fifty per cent of the profits and gains derived, from the business of building, owning and operating a multiplex theatre, for a period of five consecutive years beginning from the initial assessment year in any place:

Provided that nothing contained in this clause shall apply to a multiplex theatre located at a place within the municipal jurisdiction (whether known as a municipality, municipal corporation, notified area committee or a cantonment board or by any other name) of Chennai, Delhi, Mumbai or Kolkata;

---

1. Ins. by Act 20 of 2002, s. 34 (w.e.f. 1-4-2003).

(*b*) the deduction under clause (*a*) shall be allowable only if—

(*i*) such multiplex theatre is constructed at any time during the period beginning on the 1st day of April, 2002 and ending on the 31st day of March, 2005;

(*ii*) the business of the multiplex theatre is not formed by the splitting up, or the reconstruction, of a business already in existence or by the transfer to a new business of any building or of any machinery or of plant previously used for any purpose;

(*iii*) the assessee furnishes alongwith the return of income, the report of an audit in such form and containing such particulars as may be prescribed and duly signed and verified by an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed.

(*7B*) The amount of deduction in the case of any convention centre shall be—

(*a*) fifty per cent of the profits and gains derived, by the assessee from the business of building, owning and operating a convention centre, for a period of five consecutive years beginning from the initial assessment year;

(*b*) the deduction under clause (*a*) shall be allowable only if—

(*i*) such convention centre is constructed at any time during the period beginning on the 1st day of April, 2002 and ending on the 31st day of March, 2005;

(*ii*) the business of the convention centre is not formed by the splitting up, or the reconstruction, of a business already in existence or by the transfer to a new business of any building or of any machinery or plant previously used for any purpose;

(*iii*) the assessee furnishes alongwith the return of income, the report of an audit in such form and containing such particulars as may be prescribed, and duly signed and verified by an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed.]

(*8*) The amount of deduction in the case of any company carrying on scientific research and development shall be hundred per cent of the profits and gains of such business for a period of five assessment years beginning from the initial assessment year if such company—

(*a*) is registered in India;

(*b*) has the main object of scientific and industrial research and development;

(*c*) is for the time being approved by the prescribed authority at any time before the 1st day of April, 1999.

[1][(*8A*) The amount of deduction in the case of any company carrying on scientific research and development shall be hundred per cent of the profits and gains of such business for a period of ten consecutive assessment years, beginning from the initial assessment year, if such company—

---

1. Ins. by Act 10 of 2000, s. 39 (w.e.f. 1-4-2001).

(*i*) is registered in India;

(*ii*) has its main object the scientific and industrial research and development;

(*iii*) is for the time being approved by the prescribed authority at any time after the 31st day of March, 2000 but before the [1][1st day of April, 2007];

(*iv*) fulfils such other conditions as may be prescribed.]

[2][(*9*) The amount of deduction to an undertaking shall be hundred per cent of the profits for a period of seven consecutive assessment years, including the initial assessment year, if such undertaking fulfils any of the following, namely:—

(*i*) is located in North-Eastern Region and has begun or begins commercial production of mineral oil before the 1st day of April, 1997;

(*ii*) is located in any part of India and has begun or begins commercial production of mineral oil on or after the 1st day of April, 1997 [3][but not later than the 31st day of March, 2017]:

[4][Provided that the provisions of this clause shall not apply to blocks licensed under a contract awarded after the 31st day of March, 2011 under the New Exploration Licencing Policy announced by the Government of India *vide* Resolution No. O-19018/22/95-ONG.DO.VL, dated the 10th February, 1999 or in pursuance of any law for the time being in force or by the Central or a State Government in any other manner;]

(*iii*) is engaged in refining of mineral oil and begins such refining on or after the 1st day of October, 1998 [5][but not later than the 31st day of March, 2012];

[6][(*iv*) is engaged in commercial production of natural gas in blocks licensed under the VIII Round of bidding for award of exploration contracts (hereafter referred to as "NELP-VIII") under the New Exploration Licencing Policy announced by the Government of India *vide* Resolution No. O-19018/22/95-ONG.DO.VL, dated 10th February, 1999 and begins commercial production of natural gas on or after the 1st day of April, 2009 [5][but not later than the 31st day of March, 2017];

(*v*) is engaged in commercial production of natural gas in blocks licensed under the IV Round of bidding for award of exploration contracts for Coal Bed Methane blocks and begins commercial production of natural gas on or after the 1st day of April, 2009 [5][but not later than the 31st day of March, 2017].]

*Explanation.*—For the purposes of claiming deduction under this sub-section, all blocks licensed under a single contract, which has been awarded under the New Exploration Licencing Policy announced by the Government of India *vide* Resolution No. O-19018/22/95-ONG.DO.VL, dated 10th February, 1999 or has been awarded in pursuance of any law for the time being in force or has been awarded by the Central or a State Government in any other manner, shall be treated as a single "undertaking".]

1. Subs. by Act 18 of 2005, s. 27, for "1st day of April, 2005" (w.e.f. 1-4-2006). Earlier substituted by Act 23 of 2004, s. 18 (w.e.f. 1-4-2005), which was substituted by 32 of 2003, s. 39 (w.e.f. 1-4-2004).
2. Subs. by Act 33 of 2009, s. 37, for sub-section (9) (w.e.f. 1-4-2009).
3. Ins. by Act 28 of 2016, s. 43 (w.e.f. 1-4-2017).
4. Ins. by Act 8 of 2011, s. 12 (w.e.f. 1-4-2012).
5. Ins. by Act 33 of 2009, s. 37 (w.e.f. 1-4-2009).
6. Ins. by s. 37 *ibid.* (w.e.f. 1-4-2010).

[1][(*10*) The amount of deduction in the case of an undertaking developing and building housing projects approved before the [2][31st day of March, 2008] by a local authority shall be hundred per cent of the profits derived in the previous year relevant to any assessment year from such housing project if,—

(*a*) such undertaking has commenced or commences development and construction of the housing project on or after the 1st day of October, 1998 and completes such construction,—

(*i*) in a case where a housing project has been approved by the local authority before the 1st day of April, 2004, on or before the 31st day of March, 2008;

(*ii*) in a case where a housing project has been, or, is approved by the local authority on or after the 1st day of April, 2004 [3][but not later than the 31st day of March, 2005], within four years from the end of the financial year in which the housing project is approved by the local authority;

[3][(*iii*) in a case where a housing project has been approved by the local authority on or after the 1st day of April, 2005, within five years from the end of the financial year in which the housing project is approved by the local authority.]

*Explanation.*—For the purposes of this clause,—

(*i*) in a case where the approval in respect of the housing project is obtained more than once, such housing project shall be deemed to have been approved on the date on which the building plan of such housing project is first approved by the local authority;

(*ii*) the date of completion of construction of the housing project shall be taken to be the date on which the completion certificate in respect of such housing project is issued by the local authority;

(*b*) the project is on the size of a plot of land which has a minimum area of one acre:

Provided that nothing contained in clause (*a*) or clause (*b*) shall apply to a housing project carried out in accordance with a scheme framed by the Central Government or a State Government for reconstruction or redevelopment of existing buildings in areas declared to be slum areas under any law for the time being in force and such scheme is notified by the Board in this behalf;

(*c*) the residential unit has a maximum built-up area of one thousand square feet where such residential unit is situated within the city of Delhi or Mumbai or within twenty-five kilometres from the municipal limits of these cities and one thousand and five hundred square feet at [4][any other place;]

(*d*) the built-up area of the shops and other commercial establishments included in the housing project does not exceed [5][three per cent.] of the aggregate built-up area of the housing project or [6][five thousand square feet], whichever is higher;

---

1. Subs. by Act 23 of 2004, s. 18, for sub-section (*10*) (w.e.f. 1-4-2005). As later on amended by Act 10 of 2000, s. 29 (w.e.f. 1-4-2001).
2. Subs. by Act 33 of 2009, s. 37, for "31st day of March, 2007" (w.e.f. 1-4-2009).
3. Ins. by Act 14 of 2010, s. 27 (w.e.f. 1-4-2010).
4. Subs. by Act 33 of 2009, s. 37, for "any other place; and" (w.e.f. 1-4-2010).
5. Subs. by Act 14 of 2010, s. 27, for "five per cent." (w.e.f. 1-4-2010).
6. Subs. by s. 27, *ibid.*, for "two thousand square feet, whichever is less" (w.e.f. 1-4-2010).

[1][(*e*) not more than one residential unit in the housing project is allotted to any person not being an individual; and

(*f*) in a case where a residential unit in the housing project is allotted to a person being an individual, no other residential unit in such housing project is allotted to any of the following persons, namely:—

(*i*) the individual or the spouse or the minor children of such individual,

(*ii*) the Hindu undivided family in which such individual is the karta,

(*iii*) any person representing such individual, the spouse or the minor children of such individual or the Hindu undivided family in which such individual is the karta.]

[2][*Explanation.*—For the removal of doubts, it is hereby declared that nothing contained in this sub-section shall apply to any undertaking which executes the housing project as a works contract awarded by any person (including the Central or State Government).]

(*11*) Notwithstanding anything contained in clause (*iii*) of sub-section (*2*) and sub-sections (*3*), (*4*) and (*5*), the amount of deduction in a case of industrial undertaking deriving profit from the business of setting up and operating a cold chain facility for agricultural produce, shall be hundred per cent of the profits and gains derived from such industrial undertaking for five assessment years beginning with the initial assessment year and thereafter, twenty-five per cent. (or thirty per cent where the assessee is a company) of the profits and gains derived from the operation of such facility in a manner that the total period of deduction does not exceed ten consecutive assessment years (or twelve consecutive assessment years where the assessee is a co-operative society) and subject to fulfilment of the condition that it begins to operate such facility on or after the 1st day of April, 1999 but before the [3][1st day of April, 2004].

[4][(*11A*) The amount of deduction in a case of [5][an undertaking deriving profit from the business of processing, preservation and packaging of fruits or vegetables or [1][meat and meat products or poultry or marine or dairy products or from] the integrated business of handling, storage and transportation of foodgrains, shall be hundred per cent of the profits and gains derived from such undertaking for five assessment years beginning with the initial assessment year and thereafter, twenty-five per cent. (or thirty per cent. where the assessee is a company) of the profits and gains derived from the operation of such business in a manner that the total period of deduction does not exceed ten consecutive assessment years and subject to fulfilment of the condition that it begins to operate such business on or after the 1st day of April, 2001]:

[1][Provided that the provisions of this section shall not apply to an undertaking engaged in the business of processing, preservation and packaging of meat or meat products or poultry or marine or dairy products if it begins to operate such business before the 1st day of April, 2009.]

[6][(*11B*) The amount of deduction in the case of an undertaking deriving profits from the business of operating and maintaining a hospital in a rural area shall be hundred per cent. of the profits and gains of such business for a period of five consecutive assessment years, beginning with the initial assessment year, if—

(*i*) such hospital is constructed at any time during the period beginning on the 1st day of October, 2004 and ending on the 31st day of March, 2008;

---

1. Ins. by Act 33 of 2009, s. 37 (w.e.f. 1-4-2010).
2. Ins. by s. 37, *ibid*. (w.e.f. 1-4-2001).
3. Subs. by Act 32 of 2003, s. 39, for "31st day of March, 2004" (w.e.f. 1-4-2004).
4. Ins. by Act 14 of 2001, s. 45 (w.e.f. 1-4-2002).
5. Subs. by Act 23 of 2004, s. 18, for "an undertaking deriving profit from" (w.e.f. 1-4-2005).
6. Ins. by s. 18, *ibid*. (w.e.f. 1-4-2005).

(*ii*) the hospital has at least one hundred beds for patients;

(*iii*) the construction of the hospital is in accordance with the regulations, for the time being in force, of the local authority; and

(*iv*) the assessee furnishes along with the return of income, the report of audit in such form and containing such particulars as may be prescribed, and duly signed and verified by an accountant, as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed.

*Explanation.*—For the purposes of this sub-section, a hospital shall be deemed to have been constructed on the date on which a completion certificate in respect of such construction is issued by the concerned local authority.]

[1][(*11C*) The amount of deduction in the case of an undertaking deriving profits from the business of operating and maintaining a hospital located anywhere in India, other than the excluded area, shall be hundred per cent of the profits and gains derived from such business for a period of five consecutive assessment years, beginning with the initial assessment year, if—

(*i*) the hospital is constructed and has started or starts functioning at any time during the period beginning on the 1st day of April, 2008 and ending on the 31st day of March, 2013;

(*ii*) the hospital has at least one hundred beds for patients;

(*iii*) the construction of the hospital is in accordance with the regulations or bye-laws of the local authority; and

(*iv*) the assessee furnishes along with the return of income, a report of audit in such form and containing such particulars, as may be prescribed, and duly signed and verified by an accountant, as defined in the *Explanation* to sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed.

*Explanation.*—For the purposes of this sub-section—

(*a*) a hospital shall be deemed to have been constructed on the date on which a completion certificate in respect of such construction is issued by the local authority concerned;

(*b*) "initial assessment year" means the assessment year relevant to the previous year in which the business of the hospital starts functioning;

(*c*) "excluded area" shall mean an area comprising—

(*i*) Greater Mumbai urban agglomeration;

(*ii*) Delhi urban agglomeration;

(*iii*) Kolkata urban agglomeration;

(*iv*) Chennai urban agglomeration;

(*v*) Hyderabad urban agglomeration;

(*vi*) Bangalore urban agglomeration;

1. Ins. by Act 18 of 2008, s. 18 (w.e.f. 1-4-2009).

(*vii*) Ahmedabad urban agglomeration;

(*viii*) District of Faridabad;

(*ix*) District of Gurgaon;

(*x*) District of Gautam Budh Nagar;

(*xi*) District of Ghaziabad;

(*xii*) District of Gandhinagar; and

(*xiii*) City of Secunderabad;

(*d*) the area comprising an urban agglomeration shall be the area included in such urban agglomeration on the basis of the 2001 census.]

(*12*) Where any undertaking of an Indian company which is entitled to the deduction under this section is transferred, before the expiry of the period specified in this section, to another Indian company in a scheme of amalgamation or demerger—

(*a*) no deduction shall be admissible under this section to the amalgamating or the demerged company for the previous year in which the amalgamation or the demerger takes place; and

(*b*) the provisions of this section shall, as far as may be, apply to the amalgamated or the resulting company as they would have applied to the amalgamating or the demerged company if the amalgamation or demerger had not taken place.

(*13*) The provisions contained in sub-section (*5*) and sub-sections (*7*) to (*12*) of section 80-IA shall, so far as may be, apply to the eligible business under this section.

(*14*) For the purposes of this section,—

[1][(*a*) "built-up area" means the inner measurements of the residential unit at the floor level, including the projections and balconies, as increased by the thickness of the walls but does not include the common areas shared with other residential units;]

[2][(*aa*)]"cold chain facility" means a chain of facilities for storage or transportation of agricultural produce under scientifically controlled conditions including refrigeration and other facilities necessary for the preservation of such produce;

[3][[4][(*ab*)]"convention centre" means a building of a prescribed area comprising of convention halls to be used for the purpose of holding conferences and seminars, being of such size and number and having such other facilities and amenities, as may be prescribed;]

(*b*) "hilly area" means any area located at a height of one thousand metres or more above the sea level;

(*c*) "initial assessment year"—

(*i*) in the case of an industrial undertaking or cold storage plant or ship or hotel, means the assessment year relevant to the previous year in which the industrial undertaking begins to manufacture or produce articles or things, or to operate its cold storage plant or plants or the cold chain facility or the ship is first brought into use or the business of the hotel starts functioning;

---

1. Ins. by Act 23 of 2004, s. 18 (w.e.f. 1-4-2005).

2. Clause (*a*) re-lettered as clause (*aa*) thereof by s. 18, *ibid*. (w.e.f. 1-4-2005).

3. Ins. by Act 20 of 2002, s. 34 (w.e.f. 1-4-2003).

4. Clause (*aa*) re-lettered as clause (*ab*) thereof by Act 23 of 2004, s. 18 (w.e.f. 1-4-2005).

(*ii*) in the case of a company carrying on scientific and industrial research and development, means the assessment year relevant to the previous year in which the company is approved by the prescribed authority for the purposes of sub-section (*8*);

(*iii*) in the case of an undertaking engaged in the business of commercial production or refining of mineral oil referred to in sub-section (*9*), means the assessment year relevant to the previous year in which the undertaking commences the commercial production or refining of mineral oil;

¹[(*iv*) in the case of an undertaking engaged ²[in the business of processing, preservation and packaging of fruits or vegetables or] in the integrated business of handling, storage and transportation of foodgrains, means the assessment year relevant to the previous year in which the undertaking begins such business;]

³[(*v*) in the case of a multiplex theatre, means the assessment year relevant to the previous year in which a cinema hall, being a part of the said multiplex theatre, starts operating on a commercial basis;

(*vi*) in the case of a convention centre, means the assessment year relevant to the previous year in which the convention centre starts operating on a commercial basis;]

²[(*vii*) in the case of an undertaking engaged in operating and maintaining a hospital in a rural area, means the assessment year relevant to the previous year in which the undertaking begins to provide medical services;]

(*d*) "North-Eastern Region" means the region comprising the States of Arunachal Pradesh, Assam, Manipur, Meghalaya, Mizoram, Nagaland, Sikkim and Tripura;

³[(*da*) "multiplex theatre" means a building of a prescribed area, comprising of two or more cinema theatres and commercial shops of such size and number and having such other facilities and amenities as may be prescribed;]

(*e*) "place of pilgrimage" means a place where any temple, mosque, gurdwara, church or other place of public worship of renown throughout any State or States is situated;

(*f*) "rural area" means any area other than—

(*i*) an area which is comprised within the jurisdiction of a municipality (whether known as a municipality, municipal corporation, notified area committee, town area committee or by any other name) or a cantonment board and which has a population of not less than ten thousand according to the preceding census of which relevant figures have been published before the first day of the previous year; or

(*ii*) an area within such distance not being more than fifteen kilometres from the local limits of any municipality or cantonment board referred to in sub-clause (*i*), as the Central Government may, having regard to the stage of development of such area including the extent of, and scope for, urbanisation of such area and other relevant considerations specify in this behalf by notification in the Official Gazette;

(*g*) "small-scale industrial undertaking" means an industrial undertaking which is, as on the last day of the previous year, regarded as a small-scale industrial undertaking under section 11B of the Industries (Development and Regulation) Act, 1951 (65 of 1951).

---

1. Ins. by Act 14 of 2001, s. 45 (w.e.f. 1-4-2002).
2. Ins. by Act 23 of 2004, s. 18 (w.e.f. 1-4-2005).
3. Ins. by Act 20 of 2002, s. 34 (w.e.f. 1-4-2003).

[1][**80-IBA. Deductions in respect of profits and gains from housing projects.**—(*1*) Where the gross total income of an assessee includes any profits and gains derived from the business of developing and building housing projects, there shall, subject to the provisions of this section, be allowed, a deduction of an amount equal to hundred per cent of the profits and gains derived from such business.

(*2*) For the purposes of sub-section (*1*), a housing project shall be a project which fulfils the following conditions, namely:—

(*a*) the project is approved by the competent authority after the 1st day of June, 2016, but on or before the 31st day of March, 2019;

(*b*) the project is completed within a period of [2][five years] from the date of approval by the competent authority:

Provided that,—

(*i*) where the approval in respect of a housing project is obtained more than once, the project shall be deemed to have been approved on the date on which the building plan of such housing project was first approved by the competent authority; and

(*ii*) the project shall be deemed to have been completed when a certificate of completion of project as a whole is obtained in writing from the competent authority;

(*c*) the [3][carpet area] of the shops and other commercial establishments included in the housing project does not exceed three per cent. of the aggregate [3][carpet area];

(*d*) the project is on a plot of land measuring not less than—

(*i*) one thousand square metres, where the project is located within the cities of Chennai, Delhi, Kolkata or Mumbai [4]***; or

(ii) two thousand square metres, where the project is located in any other place;

(*e*) the project is the only housing project on the plot of land as specified in clause (*d*);

(*f*) the [3][carpet area] of the residential unit comprised in the housing project does not exceed—

(*i*) thirty square metres, where the project is located within the cities of Chennai, Delhi, Kolkata or Mumbai [4]***; or

(ii) sixty square metres, where the project is located in any other place;

---

1. Ins. by Act 28 of 2016, s. 44 (w.e.f. 1-4-2017).
2. Subs. by Act 7 of 2017, s. 37, for "three years" (w.e.f. 1-4-2018).
3. Subs. by 37, *ibid.,* for "built-up area" (w.e.f. 1-4-2018).
4. The words "or within the distance, measured aerially, of twenty-five kilometres from the municipal limits of these cities" omitted by s. 37, *ibid.,* (w.e.f. 1-4-2018).

(*g*) where a residential unit in the housing project is allotted to an individual, no other residential unit in the housing project shall be allotted to the individual or the spouse or the minor children of such individual;

(*h*) the project utilises—

(*i*) not less than ninety per cent of the floor area ratio permissible in respect of the plot of land under the rules to be made by the Central Government or the State Government or the local authority, as the case may be, where the project is located within the cities of Chennai, Delhi, Kolkata or Mumbai [1]*** , or

(*ii*) not less than eighty per cent of such floor area ratio where such project is located in any place other than the place referred to in sub-clause (*i*); and

(*i*) the assessee maintains separate books of account in respect of the housing project.

(*3*) Nothing contained in this section shall apply to any assessee who executes the housing project as a works-contract awarded by any person (including the Central Government or the State Government).

(*4*) Where the housing project is not completed within the period specified under clause (*b*) of sub-section (*2*) and in respect of which a deduction has been claimed and allowed under this section, the total amount of deduction so claimed and allowed in one or more previous years, shall be deemed to be the income of the assessee chargeable under the head "Profits and gains of business or profession" of the previous year in which the period for completion so expires.

(*5*) Where any amount of profits and gains derived from the business of developing and building housing projects is claimed and allowed under this section for any assessment year, deduction to the extent of such profit and gains shall not be allowed under any other provisions of this Act.

(*6*) For the purposes of this section,—

[2][(*a*) "carpet area" shall have the same meaning as assigned to it in clause (*k*) of section 2 of the Real Estate (Regulation and Development) Act, 2016 (16 of 2016).]

(*b*) "competent authority" means the authority empowered to approve the building plan by or under any law for the time being in force;

(*c*) "floor area ratio" means the quotient obtained by dividing the total covered area of plinth area on all the floors by the area of the plot of land;

(*d*) "housing project" means a project consisting predominantly of residential units with such other facilities and amenities as the competent authority may approve subject to the provisions of this section;

(*e*) "residential unit" means an independent housing unit with separate facilities for living, cooking and sanitary requirements, distinctly separated from other residential units within the building, which is directly accessible from an outer door or through an interior door in a shared hallway and not by walking through the living space of another household.]

---

1. The words "or within the distance, measured aerially, of twenty-five kilometres from the municipal limits of these cities" omitted by Act 7 of 2017, s. 37 (w.e.f. 1-4-2018).

2. Subs. by s. 37, *ibid*., for clause (*a*) (w.e.f. 1-4-2018).

[1][**80-IC. Special provisions in respect of certain undertakings or enterprises in certain special category States.**—(*1*) Where the gross total income of an assessee includes any profits and gains derived by an undertaking or an enterprise from any business referred to in sub-section (*2*), there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction from such profits and gains, as specified in sub-section (*3*).

(*2*) This section applies to any undertaking or enterprise,—

(*a*)  which has begun or begins to manufacture or produce any article or thing, not being any article or thing specified in the Thirteenth Schedule, or which manufactures or produces any article or thing, not being any article or thing specified in the Thirteenth Schedule and undertakes substantial expansion during the period beginning—

(*i*)  on the 23rd day of December, 2002 and ending before the [2][1st day of April, 2007], in any Export Processing Zone or Integrated Infrastructure Development Centre or Industrial Growth Centre or Industrial Estate or Industrial Park or Software Technology Park or Industrial Area or Theme Park, as notified by the Board in accordance with the scheme framed and notified by the Central Government in this regard, in the State of Sikkim; or

(*ii*)  on the 7th day of January, 2003 and ending before the 1st day of April, 2012, in any Export Processing Zone or Integrated Infrastructure Development Centre or Industrial Growth Centre or Industrial Estate or Industrial Park or Software Technology Park or Industrial Area or Theme Park, as notified by the Board in accordance with the scheme framed and notified by the Central Government in this regard, in the State of Himachal Pradesh or the State of Uttaranchal; or

(*iii*)  on the 24th day of December, 1997 and ending before the 1st day of April, 2007, in any Export Processing Zone or Integrated Infrastructure Development Centre or Industrial Growth Centre or Industrial Estate or Industrial Park or Software Technology Park or Industrial Area or Theme Park, as notified by the Board in accordance with the scheme framed and notified by the Central Government in this regard, in any of the North-Eastern States;

(*b*)  which has begun or begins to manufacture or produce any article or thing, specified in the Fourteenth Schedule or commences any operation specified in that Schedule, or which manufactures or produces any article or thing, specified in the Fourteenth Schedule or commences any operation specified in that Schedule and undertakes substantial expansion during the period beginning—

(*i*)  on the 23rd day of December, 2002 and ending before the [2][1st day of April, 2007], in the State of Sikkim; or

(*ii*)  on the 7th day of January, 2003 and ending before the 1st day of April, 2012, in the State of Himachal Pradesh or the State of Uttaranchal; or

(*iii*)  on the 24th day of December, 1997 and ending before the 1st day of April, 2007, in any of the North-Eastern States.

(*3*) The deduction referred to in sub-section (*1*) shall be—

(*i*)  in the case of any undertaking or enterprise referred to in sub-clauses (*i*) and (*iii*) of clause (*a*) or sub-clauses (*i*) and (*iii*) of clause (*b*), of sub-section (*2*), one hundred per cent. of such profits and gains for ten assessment years commencing with the initial assessment year;

(*ii*)  in the case of any undertaking or enterprise referred to in sub-clause (*ii*) of clause (*a*) or sub-clause (*ii*) of clause (*b*), of sub-section (*2*), one hundred per cent of such profits and gains for five assessment years commencing with the initial assessment year and thereafter, twenty-five per cent. (or thirty per cent. where the assessee is a company) of the profits and gains.

---

1. Ins. by Act 32 of 2003, s. 40 (w.e.f. 1-4-2004).
2. Subs. by Act 22 of 2007, s. 30, for "1st day of April, 2012" (w.e.f. 1-4-2008).

(*4*) This section applies to any undertaking or enterprise which fulfils all the following conditions, namely:—

(*i*) it is not formed by splitting up, or the reconstruction, of a business already in existence :

Provided that this condition shall not apply in respect of an undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such undertaking as is referred to in section 33B, in the circumstances and within the period specified in that section;

(*ii*) it is not formed by the transfer to a new business of machinery or plant previously used for any purpose.

*Explanation.*—The  provisions  of *Explanations* 1 and 2 to  sub-section  (*3*)  of  sectopm  80-IA shall apply for the purposes of clause (*ii*) of this sub-section as they apply for the purposes of clause (*ii*) of that sub-section.

(*5*) Notwithstanding anything contained in any other provision of this Act, in computing the total income of the assessee, no deduction shall be allowed under any other section contained in Chapter VIA or in section 10A or section 10B, in relation to the profits and gains of the undertaking or enterprise.

(*6*) Notwithstanding anything contained in this Act, no deduction shall be allowed to any undertaking or enterprise under this section, where the total period of deduction inclusive of the period of deduction under this section, or under the second proviso to sub-section (*4*) of section 80-IB or under section 10C, as the case may be, exceeds ten assessment years.

(*7*) The provisions contained in sub-section (*5*) and sub-sections (*7*) to (*12*) of section 80-IA shall, so far as may be, apply to the eligible undertaking or enterprise under this section.

(*8*) For the purposes of this section,—

(*i*)  "Industrial Area" means such areas, which the Board, may, by notification in the Official Gazette, specify in accordance with the scheme framed and notified by the Central Government;

(*ii*)  "Industrial Estate" means such estates, which the Board, may, by notification in the Official Gazette, specify in accordance with the scheme framed and notified by the Central Government;

(*iii*) "Industrial Growth Centre" means such centres, which the Board, may, by notification in the Official Gazette, specify in accordance with the scheme framed and notified by the Central Government;

(*iv*) "Industrial Park" means such parks, which the Board, may, by notification in the Official Gazette, specify in accordance with the scheme framed and notified by the Central Government;

(*v*)  "Initial assessment year" means the assessment year relevant to the previous year in which the undertaking or the enterprise begins to manufacture or produce articles or things, or commences operation or completes substantial expansion;

(*vi*) "Integrated Infrastructure Development Centre" means such centres, which the Board, may, by notification in the Official Gazette, specify in accordance with the scheme framed and notified by the Central Government;

(*vii*) "North-Eastern States" means the States of Arunachal Pradesh, Assam, Manipur, Meghalaya, Mizoram, Nagaland and Tripura;

(*viii*) "Software Technology Park" means any park set up in accordance with the Software Technology Park Scheme notified by the Government of India in the Ministry of Commerce and Industry;

(*ix*) "Substantial expansion" means increase in the investment in the plant and machinery by at least fifty per cent of the book value of plant and machinery (before taking depreciation in any year), as on the first day of the previous year in which the substantial expansion is undertaken;

(*x*)  "Theme Park" means such parks, which the Board, may, by notification in the Official Gazette, specify in accordance with the scheme framed and notified by the Central Government.]

[1][**80-ID. Deduction in respect of profits and gains from business of hotels and convention centres in specified area.**—(*1*) Where the gross total income of an assessee includes any profits and gains derived by an undertaking from any business referred to in sub-section (*2*) (such business being hereinafter referred to as the eligible business), there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction of an amount equal to hundred per cent of the profits and gains derived from such business for five consecutive assessment years beginning from the initial assessment year.

(*2*) This section applies to any undertaking,—

(*i*)  engaged in the business of hotel located in the specified area, if such hotel is constructed and has started or starts functioning at any time during the period beginning on the 1st day of April, 2007 and ending on [2][the 31st day of July, 2010]; or

(*ii*) engaged in the business of building, owning and operating a convention centre, located in the specified area, if such convention centre is constructed at any time during the period beginning on the 1st day of April, 2007 and ending on [2][the 31st day of July, 2010];

[3][(*iii*) engaged in the business of hotel located in the specified district having a World Heritage Site, if such hotel is constructed and has started or starts functioning at any time during the period beginning on the 1st day of April, 2008 and ending on the 31st day of March, 2013.]

(*3*) The deduction under sub-section (*1*) shall be available only if—

(*i*)  the eligible business is not formed by the splitting up, or the reconstruction, of a business already in existence;

(*ii*)  the eligible business is not formed by the transfer to a new business of a building previously used as a hotel or a convention centre, as the case may be;

(*iii*) the eligible business is not formed by the transfer to a new business of machinery or plant previously used for any purpose.

*Explanation*.—The provisions of *Explanations* 1 and 2 to sub-section (*3*) of section 80-IA shall apply for the purposes of clause (iii) of this sub-section as they apply for the purposes of clause (*ii*) of that sub-section;

(*iv*) the assessee furnishes along with the return of income, the report of an audit in such form and containing such particulars as may be prescribed, and duly signed and verified by an accountant, as defined in the Explanation below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed.

(*4*) Notwithstanding anything contained in any other provision of this Act, in computing the total income of the assessee, no deduction shall be allowed under any other section contained in Chapter VIA or section 10AA, in relation to the profits and gains of the undertaking.

(*5*) The provisions contained in sub-section (*5*) and sub-sections (*8*) to (*11*) of section 80-IA shall, so far as may be, apply to the eligible business under this section.

(*6*) For the purposes of this section,—

(*a*)  "convention centre" means a building of a prescribed area comprising of convention halls to be used for the purpose of holding conferences and seminars, being of such size and number and having such other facilities and amenities, as may be prescribed;

(*b*)  "hotel" means a hotel of two-star, three-star or four-star category as classified by the Central Government;

---

1. Ins. by Act 22 of 2007, s. 31 (w.e.f. 1-4-2008).
2. Subs. by Act 14 of 2010, s. 28, for "the 31st day of March, 2010" (w.e.f. 1-4-2011).
3. Ins. by Act 18 of 2008, s. 19 (w.e.f. 1-4-2009).

(*c*) "initial assessment year"—

(*i*)  in the case of a hotel, means the assessment year relevant to the previous year in which the business of the hotel starts functioning;

(*ii*)  in the case of a convention centre, means the assessment year relevant to the previous year in which the convention centre starts operating on a commercial basis;

(*d*) "specified area" means the National Capital Territory of Delhi and the districts of Faridabad, Gurgaon, Gautam Budh Nagar and Ghaziabad;]

[1][(*e*) "specified district having a World Heritage Site" means districts, specified in column (2) of the Table below, of the States, specified in the corresponding entry in column (3) of the said Table:

<div align="center">TABLE</div>

| S.No. | Name of district | Name of State |
|-------|------------------|---------------|
| (*1*) | (*2*) | (*3*) |
| 1. | Agra | Uttar Pradesh |
| 2. | Jalgaon | Maharashtra |
| 3. | Aurangabad | Maharashtra |
| 4. | Kancheepuram | Tamil Nadu |
| 5. | Puri | Orissa |
| 6. | Bharatpur | Rajasthan |
| 7. | Chhatarpur | Madhya Pradesh |
| 8. | Thanjavur | Tamil Nadu |
| 9. | Bellary | Karnataka |
| 10. | South 24 Parganas | West Bengal |
| | (excluding areas falling within the Kolkata urban agglomeration on the basis of the 2001 census) | |
| 11. | Chamoli | Uttarakhand |
| 12. | Raisen | Madhya Pradesh |
| 13. | Gaya | Bihar |
| 14. | Bhopal | Madhya Pradesh |
| 15. | Panchmahal | Gujarat |
| 16. | Kamrup | Assam |
| 17. | Goalpara | Assam |
| 18. | Nagaon | Assam |
| 19. | North Goa | Goa |
| 20. | South Goa | Goa |
| 21. | Darjeeling | West Bengal |
| 22. | Nilgiri | Tamil Nadu.] |

1. Ins. by Act 18 of 2008, s. 19 (w.e.f. 1-4-2009).

[1]**[80-IE. Special provisions in respect of certain undertakings in North-Eastern States.**—(*1*) Where the gross total income of an assessee includes any profits and gains derived by an undertaking, to which this section applies, from any business referred to in sub-section (*2*), there shall be allowed, in computing the total income of the assessee, a deduction of an amount equal to hundred per cent of the profits and gains derived from such business for ten consecutive assessment years commencing with the initial assessment year.

(*2*) This section applies to any undertaking which has, during the period beginning on the 1st day of April, 2007 and ending before the 1st day of April, 2017, begun or begins, in any of the North-Eastern States,—

(*i*)  to manufacture or produce any eligible article or thing;

(*ii*)  to undertake substantial expansion to manufacture or produce any eligible article or thing;

(*iii*) to carry on any eligible business.

(*3*) This section applies to any undertaking which fulfils all the following conditions, namely:—

(*i*)  it is not formed by splitting up, or the reconstruction, of a business already in existence:

Provided that this condition shall not apply in respect of an undertaking which is formed as a result of the re-establishment, reconstruction or revival by the assessee of the business of any such undertaking as referred to in section 33B, in the circumstances and within the period specified in the said section;

(*ii*)  it is not formed by the transfer to a new business of machinery or plant previously used for any purpose.

*Explanation*.—The provisions of *Explanations* 1 and 2 to sub-section (*3*) of section 80-IA shall apply for the purposes of clause (*ii*) of this sub-section as they apply for the purposes of clause (*ii*) of that sub-section.

(*4*) Notwithstanding anything contained in any other provision of this Act, in computing the total income of the assessee, no deduction shall be allowed under any other section contained in Chapter VIA or in section 10A or section 10AA or section 10B or section 10BA, in relation to the profits and gains of the undertaking.

(*5*) Notwithstanding anything contained in this Act, no deduction shall be allowed to any undertaking under this section, where the total period of deduction inclusive of the period of deduction under this section, or under section 80-IC or under the second proviso to sub-section (*4*) of section 80-IB or under section 10C, as the case may be, exceeds ten assessment years.

(*6*) The provisions contained in sub-section (*5*) and sub-sections (*7*) to (*12*) of section 80-IA shall, so far as may be, apply to the eligible undertaking under this section.

---

1. Ins. by Act 22 of 2007, s. 32 (w.e.f. 1-4-2008).

(*7*) For the purposes of this section,—

(*i*)  "initial assessment year" means the assessment year relevant to the previous year in which the undertaking begins to manufacture or produce articles or things, or completes substantial expansion;

(*ii*)  "North-Eastern States" means the States of Arunachal Pradesh, Assam, Manipur, Meghalaya, Mizoram, Nagaland, Sikkim and Tripura;

(*iii*) "substantial expansion" means increase in the investment in the plant and machinery by at least twenty-five per cent of the book value of plant and machinery (before taking depreciation in any year), as on the first day of the previous year in which the substantial expansion is undertaken;

(*iv*) "eligible article or thing" means the article or thing other than the following :—

(*a*)  goods falling under Chapter 24 of the First Schedule to the Central Excise Tariff Act, 1985 (5 of 1986), which pertains to tobacco and manufactured tobacco substitutes;

(*b*)  pan masala as covered under Chapter 21 of the First Schedule to the Central Excise Tariff Act, 1985 (5 of 1986);

(*c*)  plastic carry bags of less than 20 microns as specified by the Ministry of Environment and Forests vide Notification No. S.O. 705(E), dated the 2nd September, 1999 and S.O. 698(E), dated the 17th June, 2003; and

(*d*)  goods falling under Chapter 27 of the First Schedule to the Central Excise Tariff Act, 1985 (5 of 1986), produced by petroleum oil or gas refineries;

(*v*)  "eligible business" means the business of,—

(*a*)  hotel (not below two star category);

(*b*)  adventure and leisure sports including ropeways;

(*c*)  providing medical and health services in the nature of nursing home with a minimum capacity of 25 beds;

(*d*)  running an old-age home;

(*e*)  operating vocational training institute for hotel management, catering and food craft, entrepreneurship development, nursing and para-medical, civil aviation related training, fashion designing and industrial training;

(*f*)  running information technology related training centre;

(*g*)  manufacturing of information technology hardware; and

(*h*)  bio-technology.]

**80J.** [**Deduction in respect of profits and gains from newly established industrial undertakings or ships or hotel business in certain cases**].—*Omitted by the Finance* (*No.* 2) *Act,* 1996 (33 *of* 1996), *s.* 29 (*w.r.e.f.* 1-4-1989).

**80JJ.** [**Deduction in respect of profits and gains from business of poultry farming**].—*Omitted by the Finance Act,* 1997 (26 of 1997), s. 26 (*w.e.f.* 1-4-1998).

[1][**80JJA. Deduction in respect of profits and gains from business of collecting and processing of bio-degradable waste.**—Where the gross total income of an assessee includes any profits and gains derived from the business of collecting and processing or treating of bio-degradable waste for generating power [2][or producing bio-fertilizers, bio-pesticides or other biological agents or for producing bio-gas or] making pellets or briquettes for fuel or organic manure, there shall be allowed, in computing the total income of the assessee, [3][a deduction of an amount equal to the whole of such profits and gains for a period of five consecutive assessment years beginning with the assessment year relevant to the previous year in which such business commences].

[4][**80JJAA. Deduction in respect of employment of new employees.**—(*1*) Where the gross total income of an assessee to whom section 44AB applies, includes any profits and gains derived from business, there shall, subject to the conditions specified in sub-section (*2*), be allowed a deduction of an amount equal to thirty per cent. of additional employee cost incurred in the course of such business in the previous year, for three assessment years including the assessment year relevant to the previous year in which such employment is provided.

(*2*) No deduction under sub-section (*1*) shall be allowed,—

(*a*) if the business is formed by splitting up, or the reconstruction, of an existing business:

Provided that nothing contained in this clause shall apply in respect of a business which is formed as a result of re-establishment, reconstruction or revival by the assessee of the business in the circumstances and within the period specified in section 33B;

(*b*) if the business is acquired by the assessee by way of transfer from any other person or as a result of any business reorganisation;

(*c*) unless the assessee furnishes alongwith the return of income the report of the accountant, as defined in the Explanation to section 288 giving such particulars in the report as may be prescribed.

*Explanation*.—For the purposes of this section,—

(*i*) "additional employee cost" means total emoluments paid or payable to additional employees employed during the previous year:

Provided that in the case of an existing business, the additional employee cost shall be nil, if—

(*a*) there is no increase in the number of employees from the total number of employees employed as on the last day of the preceding year;

---

1. Ins. by Act 21 of 1998, s. 35 (w.e.f. 1-4-1999). Earlier section 80JJA was inserted by Act 21 of 1979, s. 13 (w.e.f. 1-4-1980) and later omitted by Act 11 of 1983, s. 27 (w.e.f. 1-4-1984).

2. Subs. by Act 27 of 1999, s. 51, for ", producing bio-gas" (w.e.f. 1-4-2000).

3. Subs. by s. 51, *ibid.*, for "a deduction from such profits and gains of an amount equal to the whole of such income, or five lakh rupees, whichever is less" (w.e.f. 1-4-2000).

4. Subs. by Act 28 of 2016, s. 45, for section 80JJAA (w.e.f. 1-4-2017). Earlier section 80JJAA was inserted by Act 21 of 1998, s. 36 (w.e.f. 1-4-1999).

(*b*) emoluments are paid otherwise than by an account payee cheque or account payee bank draft or by use of electronic clearing system through a bank account:

Provided further that in the first year of a new business, emoluments paid or payable to employees employed during that previous year shall be deemed to be the additional employee cost;

(*ii*) "additional employee" means an employee who has been employed during the previous year and whose employment has the effect of increasing the total number of employees employed by the employer as on the last day of the preceding year, but does not include,—

(*a*) an employee whose total emoluments are more than twenty-five thousand rupees per month; or

(*b*) an employee for whom the entire contribution is paid by the Government under the Employees' Pension Scheme notified in accordance with the provisions of the Employees' Provident Funds and Miscellaneous Provisions Act, 1952 (19 of 1952); or

(c) an employee employed for a period of less than two hundred and forty days during the previous year; or

(*d*) an employee who does not participate in the recognised provident fund:

[1][Provided that in the case of an assessee who is engaged in the business of manufacturing of apparel, the provisions of sub-clause (*c*) shall have effect as if for the words "two hundred and forty days", the words "one hundred and fifty days" had been substituted.]

(*iii*) "emoluments" means any sum paid or payable to an employee in lieu of his employment by whatever name called, but does not include—

(*a*) any contribution paid or payable by the employer to any pension fund or provident fund or any other fund for the benefit of the employee under any law for the time being in force; and

(*b*) any lump-sum payment paid or payable to an employee at the time of termination of his service or superannuation or voluntary retirement, such as gratuity, severance pay, leave encashment, voluntary retrenchment benefits, commutation of pension and the like.

(*3*) The provisions of this section, as they stood immediately prior to their amendment by the Finance Act, 2016, shall apply to an assessee eligible to claim any deduction for any assessment year commencing on or before the 1st day of April, 2016.]

**80K. [Deduction in respect of dividends attributable to profits and gains from new industrial undertakings or ships or hotel business**].—*Omitted by the Finance Act*, 1986 (23 *of* 1986), *s*. 19 (*w.e.f.* 1-4-1987).

---

1. Ins. by Act 47 of 2016, s. 3 (w.e.f. 1-4-2017).

**80L.** [**Deductions in respect of interest on certain securities, dividends, etc**].—*Omitted by the Finance Act*, 2005 (18 *of* 2005), *s*. 28 (*w.e.f.* 1-4-2006).

[1][**80LA. Deductions in respect of certain incomes of Offshore Banking Units and International Financial Services Centre.**—(*1*) Where the gross total income of an assessee,—

(*i*) being a scheduled bank, or, any bank incorporated by or under the laws of a country outside India; and having an Offshore Banking Unit in a Special Economic Zone; or

(*ii*) being a Unit of an International Financial Services Centre,

includes any income referred to in sub-section (*2*), there shall be allowed, in accordance with and subject to the provisions of this section, a deduction from such income, of an amount equal to—

(*a*)  one hundred per cent of such income for five consecutive assessment years beginning with the assessment year relevant to the previous year in which the permission, under clause (*a*) of sub-section (*1*) of section 23 of the Banking Regulation Act, 1949 (10 of 1949) or permission or registration under the Securities and Exchange Board of India Act, 1992 (15 of 1992) or any other relevant law was obtained, and thereafter;

(*b*)  fifty per cent. of such income for five consecutive assessment years.

(*2*) The income referred to in sub-section (*1*) shall be the income—

(*a*)  from an Offshore Banking Unit in a Special Economic Zone; or

(*b*)  from the business referred to in sub-section (*1*) of section 6 of the Banking Regulation Act, 1949 (10 of 1949) with an undertaking located in a Special Economic Zone or any other undertaking which develops, develops and operates or develops, operates and maintains a Special Economic Zone; or

(*c*)  from any Unit of the International Financial Services Centre from its business for which it has been approved for setting up in such a Centre in a Special Economic Zone.

(*3*) No deduction under this section shall be allowed unless the assessee furnishes along with the return of income,—

(*i*)  the report, in the form specified by the Central Board of Direct Taxes under clause (*i*) of sub-section (*2*) of section 80LA, as it stood immediately before its substitution by this section, of an accountant as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the deduction has been correctly claimed in accordance with the provisions of this section; and

(*ii*)  a copy of the permission obtained under clause (*a*) of sub-section (*1*) of section 23 of the Banking Regulation Act, 1949 (10 of 1949).

---

1. Subs. by Act 28 of 2005, s. 27 and the Second Schedule, for section 80LA (w.e.f. 10-2-2006). Earlier inserted by 32 of 2003, s. 42 (w.e.f. 1-4-2004).

*Explanation*.—For the purposes of this section,—

(*a*)  "International Financial Services Centre" shall have the same meaning as assigned to it in clause (*q*) of section 2 of the Special Economic Zones Act, 2005;

(*b*)  "scheduled bank" shall have the same meaning as assigned to it in clause (*e*) of section 2 of the Reserve Bank of India Act, 1934 (2 of 1934);

(*c*)  "Special Economic Zone" shall have the same meaning as assigned to it in clause (*za*) of section 2 of the Special Economic Zones Act, 2005;

(*d*) "Unit" shall have the same meaning as assigned to it in clause (*zc*) of section 2 of the Special Economic Zones Act, 2005.]

**80M.** [**Deduction in respect of certain inter-corporate dividends**].—*Omitted by the Finance Act*, 2003 (32 *of* 2003), *s*. 43 (*w.e.f.* 1-4-2004).

**80MM. [Deduction in the case of an Indian company in respect of royalties, etc., received from any concern in India**].—*Omitted by the Finance Act*, 1983 (11 *of* 1983), *s*. 29 (*w.e.f.* 1-4-1984). *Original section was inserted by the Finance Act*, 1969 (14 *of* 1969), *s*. 9 (*w.e.f.* 1-4-1970).

**80N. [Deduction in respect of dividends received from certain foreign companies**].—*Omitted by the Finance Act*, 1985 (32 *of* 1985), *s*. 22 (*w.e.f.* 1-4-1986). *Section 85B which was inserted by the Finance Ac*t, 1966 (13 *of* 1966), *s*. 17 (*w.e.f.* 1-4-1966). *Omitted section 80N was inserted in place of section* 85B *which was deleted by the Finance* (*No*. 2) *Act*, 1967 (20 *of* 1967), s. 33 *and the Third Schedule* (*w.e.f.* 1-4-1968).

[1][**80-O.Deduction in respect of royalties, etc., from certain foreign enterprises.**—[2][Where the gross total income of an assessee, being an Indian company] [3][or a person (other than a company) who is resident in India,] includes [4][any income received by the assessee from the Government of a foreign State or foreign enterprise in consideration for the use outside India of any patent, invention, design or registered trade mark] [5]*** [6][and such income is received in convertible foreign exchange in India, or having been received in convertible foreign exchange outside India, or having been converted into convertible foreign exchange outside India, is brought into India, by or on behalf of the assessee in accordance with any law for the time being in force for regulating payments and dealings in foreign exchange, there shall be allowed, in accordance with and subject to the provisions of this section, [7][a deduction of an amount equal to—

(*i*)  forty per cent. for an assessment year beginning on the 1st day of April, 2001;

---

1. Subs. by Act 32 of 1971, s. 21, for section 80-O (w.e.f. 1-4-1972). Earlier was inserted by Act 13 of 1966, s. 17 (w.e.f. 1-4-1966). Section 80N was inserted in place of section 85B which was deleted by the Finance (No. 2) Act, 1967 (20 of 1967), s. 33 and the Third Schedule (w.e.f. 1-4-1968).

2. Subs. by Act 20 of 1974, s. 9, for "(*1*) Where the gross total income of an assessee, being an Indian company or a person (other than a company) who is resident in India," (w.e.f. 1-4-1975).

3. Ins. by Act 49 of 1991, s. 34 (w.e.f. 1-4-1992).

4. Subs. by Act 26 of 1997, s. 29, for certain words (w.e.f. 1-4-1998). Earlier amended by Act 49 of 1991, s. 34 (w.e.f. 1-4-1992).

5. The words "under an agreement approved in this behalf by the Chief Commissioner or the Director General;" omitted by Act 49 of 1991, s. 34 (w.e.f. 1-4-1992).Earlier these words were substituted by Act 26 of 1988, s. 26 (w.e.f. 1-4-1989).

6. Subs. by Act 26 of 1988, s. 26, for certain words (w.e.f. 1-4-1988). Earlier section was amended by Act 20 of 1974, s. 9 (w.e.f. 1-4-1972). Later on amended by Act  21 of 1984, s. 18 (w.e.f. 1-4-1985).

7. Subs. by Act 10 of 2000, s. 41, for certain words (w.e.f. 1-4-2001).

(*ii*)  thirty per cent. for an assessment year beginning on the 1st day of April, 2002;

(*iii*) twenty per cent. for an assessment year beginning on the 1st day of April, 2003;

(*iv*) ten per cent. for an assessment year beginning on the 1st day of April, 2004,

of the income so received in, or brought into, India, in computing the total income of the assessee and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year]]:

[1]*          *          *          *          *

[2][[3][Provided] that such income is received in India within a period of six months from the end of the previous year, or [4][within such further period as the competent authority may allow in this behalf]:]

[5][Provided further that no deduction under this section shall be allowed unless the assessee furnishes a certificate, in the prescribed form, along with the return of income, certifying that the deduction has been correctly claimed in accordance with the provisions of this section.]

[6][*Explanation.*—For the purposes of this section,—

(*i*)  "convertible foreign exchange" means foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of the law for the time being in force for regulating payments and dealings in foreign exchange;

[2][(*ii*) "foreign enterprise" means a person who is a non-resident;]]

[7][(*iii*) services rendered or agreed to be rendered outside India shall include services rendered from India but shall not include services rendered in India;]

[8][(*iv*) "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.]

[9]*          *          *          *          *

[**80P. Deduction in respect of income of co-operative societies.**—(*1*) Where, in the case of an assessee being a co-operative society, the gross total income includes any income referred to in sub-section (*2*), there shall be deducted, in accordance with and subject to the provisions of this section, the sums specified in sub-section (*2*), in computing the total income of the assessee.

(*2*) The sums referred to in sub-section (*1*) shall be the following, namely:—

(*a*)  in the case of a co-operative society engaged in—

---

1. The provisos omitted by Act 49 of 1991, s. 34 (w.e.f. 1-4-1992).

2. Ins. by Act 11 of 1987, s. 36 (w.e.f. 1-4-1988).

3. Subs. by Act 49 of 1991, s. 34, for "Provided also" (w.e.f. 1-4-1992).

4. Subs. by Act 27 of 1999, s. 53, for certain words (w.e.f. 1-6-1999).earlier amended by Act 20 of 1974, s. 9 (w.e.f. 1-4-1975).

5. Ins. by s. 53, *ibid*. (w.e.f. 1-6-1999).

6. Subs. by Act 32 of 1985, s. 36, for *Explanation* (w.e.f. 1-4-1986).

7. Ins. by Act 49 of 1991, s. 34 (w.e.f. 1-4-1992).

8. Ins. by Act 27 of 1999, s. 53 (w.e.f. 1-6-1999).

9. Sub-section (*2*) omitted by Act 20 of 1974, s. 9 (w.e.f. 1-4-1975).

(*i*)  carrying on the business of banking or providing credit facilities to its members, or

(*ii*)  a cottage industry, or

[(*iii*)  the marketing of agricultural produce grown by its members, or]

(*iv*)  the purchase of agricultural implements, seeds, livestock or other articles intended for agriculture for the purpose of supplying them to its members, or

(*v*)  the processing, without the aid of power, of the agricultural produce of its members, or

[(*vi*)  the collective disposal of the labour of its members, or]

(*vii*) fishing or allied activities, that is to say, the catching, curing, processing, preserving, storing or marketing of fish or the purchase of materials and equipment in connection therewith for the purpose of supplying them to its members,]

the whole of the amount of profits and gains of business attributable to any one or more of such activities:

[Provided that in the case of a co-operative society falling under sub-clause (*vi*), or sub-clause (*vii*), the rules and bye-laws of the society restrict the voting rights to the following classes of its members, namely:—

(*1*) the individuals who contribute their labour or, as the case may be, carry on the fishing or allied activities;

(*2*) the co-operative credit societies which provide financial assistance to the society;

(*3*) the State Government;]

[(*b*)  in the case of a co-operative society, being a primary society engaged in supplying milk, oilseeds, fruits or vegetables raised or grown by its members to—

(*i*) a federal co-operative society, being a society engaged in the business of supplying milk, oilseeds, fruits, or vegetables, as the case may be; or

(*ii*) the Government or a local authority; or

(*iii*)  a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956), or a corporation established by or under a Central, State or Provincial Act (being a company or corporation engaged in supplying milk, oilseeds, fruits or vegetables, as the case may be, to the public),

the whole of the amount of profits and gains of such business;]

(*c*)  in the case of a co-operative society engaged in activities other than those specified in clause (*a*) or clause (*b*) (either independently of, or in addition to, all or any of the activities so specified), [so much of its profits and gains attributable to such activities as does not exceed,—

1. Subs. by Act 11 of 1999, s. 8, for sub-clause (*iii*) (w.r.e.f. 1-4-1968).
2. Ins. by Act 32 of 1971, s. 22 (w.e.f. 1-4-1972).
3. Subs. by Act 11 of 1983, s. 30, for clause (*b*) (w.e.f. 1-4-1984). Earlier substituted by Act 19 of 1978, s. 18 (w.e.f. 1-4-1979).
4. Subs. by Act 21 of 1979, s. 14, for "does not exceed twenty thousand rupees" (w.e.f. 1-4-1980). Earlier substituted by Act 14 of 1969, s. 10 (w.e.f. 1-4-1970).

(*i*)  where such co-operative society is a consumers' co-operative society, [1][one hundred thousand rupees]; and

(*ii*)  in any other case, [2][fifty thousand rupees].

*Explanation*.—In this clause, "consumers' co-operative society" means a society for the benefit of the consumers;]

(*d*)  in respect of any income by way of interest or dividends derived by the co-operative society from its investments with any other co-operative society, the whole of such income;

(*e*)  in respect of any income derived by the co-operative society from the letting of godowns or warehouses for storage, processing or facilitating the marketing of commodities, the whole of such income;

(*f*)  in the case of a co-operative society, not being a housing society or an urban consumers' society or a society carrying on transport business or a society engaged in the performance of any manufacturing operations with the aid of power, where the gross total income does not exceed twenty thousand rupees, the amount of any income by way of interest on securities [3]*** or any income from house property chargeable under section 22.

*Explanation*.—For the purposes of this section, an "urban consumers' co-operative society" means a society for the benefit of the consumers within the limits of a municipal corporation, municipality, municipal committee, notified area committee, town area or cantonment.

(*3*) In a case where the assessee is entitled also to the deduction under [4][5]*** [6][section 80HH or section 80HHA] [7][or section 80HHB [8][or section 80HHC [9][or section 80HHD]]] [10][or section 80-I [11][or section 80-IA]] [12]*** [13]***], the deduction under sub-section (*1*) of this section, in relation to the sums specified in clause (*a*) or clause (*b*) or clause (*c*) of sub-section (*2*), shall be allowed with reference to the income, if any, as referred to in those clauses included in the gross total income as reduced by the [14][deductions under [15][section 80HH, [16][section HHA, [17][section 80HHB, section HHC, [18][section 80HHD], section 80-I, [19][section 80-IA], [20][section 80J and section 80JJ]]].

---

1. Subs. by Act 21 of 1998, s. 37, for "forty thousand rupees" (w.e.f. 1-4-1999).

2. Subs. by s. 37, *ibid.*, for "twenty thousand rupees" (w.e.f. 1-4-1999).

3. The word "chargeable under section 18" omitted by Act 26 of 1988, s. 27 (w.e.f. 1-4-1989).

4. Subs.by Act 26 of 1974, s. 11, for "section 80H or section 80J" (w.e.f. 1-4-1974).

5. The words, figures, and letter "section 80H or" omitted by Act 41 of 1975, s. 24 (w.e.f. 1-4-1976).

6. Subs. by Act 29 of 1977, s. 29, for "section 80HH or section 80J" (w.e.f. 1-4-1978).

7. Ins. by Act 14 of 1982, s. 32 (w.e.f. 1-4-1983).

8. Ins. by Act 11 of 1983, s. 39 (w.e.f. 1-4-1983).

9. Ins. by Act 3 of 1989, s. 57 (w.e.f. 1-4-1989).

10. Ins. by Act 44 of 1980, s. 35 (w.e.f. 1-4-1981).

11. Ins. by Act 38 of 1993, s. 18 (w.e.f. 1-4-1991).

12. Now section 80J omitted by Act 33 of 1996, s. 29 (w.r.e.f. 1-4-1989).

13. The words, figures and letters "or section 80JJA" omitted by Act 11 of 1983, s. 39 (w.e.f. 1-4-1984). Earlier which was inserted by Act 21 of 1979, s. 22 (w.e.f 1-4-1976).

14. Subs. by Act 41 of 1975, s. 24, for "deduction under section 80H, section 80HH, section 80J and section 80JJ" (w.e.f. 1-4-1976). Section 80J also omitted by s. 25 (w.e.f. 1-4-1976).

15. Subs.  by Act 29 of 1977, s. 29, for "section 80HH or section 80J" (w.e.f. 1-4-1978).

16. Subs. by Act 16 of 1981, s. 25,for "section 80HHA, section 80J" (w.e.f. 1-4-1981).

17. Subs. by Act 11 of 1983, s. 39, for "section 80J, section 80JJ or section 80 JJA" (w.e.f. 1-4-1983).

18. Ins. by Act 3 of 1989, s. 57 (w.e.f. 1-4-1989).

19. Ins. by Act 38 of 1993, s. 18 (w.e.f. 1-4-1991).

20. Subs. by Act 11 of 1983, s. 39, for "section 80J, section 80JJ and section 80JJA" (w.e.f. 1-4-1984). Now, section 80J omitted by Act 33 of 1996, s. 29 (w.e.f. 1-4-1989) and section 80JJ omitted by Act 26 of 1997, s. 26 (w.e.f. 1-4-1998).

[1][(*4*) The provisions of this section shall not apply in relation to any co-operative bank other than a primary agricultural credit society or a primary co-operative agricultural and rural development bank.

*Explanation*.—For the purposes of this sub-section,—

(*a*) "co-operative bank" and "primary agricultural credit society" shall have the meanings respectively assigned to them in Part V of the Banking Regulation Act, 1949 (10 of 1949);

(*b*) "primary co-operative agricultural and rural development bank" means a society having its area of operation confined to a taluk and the principal object of which is to provide for long-term credit for agricultural and rural development activities.]

[2][**80Q. Deduction in respect of profits and gains from the business of publication of books.**—(*1*) Where in the case of an assessee the gross total income of the previous year relevant to the assessment year commencing on the 1st day of April, 1992, or to any one of the four assessment years next following that assessment year, includes any profits and gains derived from a business carried on in India of printing and publication of books or publication of books, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction from such profits and gains of an amount equal to twenty per cent thereof.

(*2*) In a case where the assessee is entitled also to the deduction under section 80HH or section 80HHA or section 80HHC or section 80-I or section 80-IA or section 80J or section 80P, in relation to any part of the profits and gains referred to in sub-section (*1*), the deduction under sub-section (*1*) shall be allowed with reference to such profits and gains included in the gross total income as reduced by the deductions under section 80HH, section 80HHA, section 80HHC, section 80-I, section 80-IA, section 80J and section 80P.

(*3*) For the purposes of this section, "books" shall not include newspapers, journals, magazines, diaries, brochures, tracts, pamphlets and other publications of a similar nature by whatever name called.]

**80QQ. [Deduction in respect of profits and gains from the business of publication of books].**—*Omitted by the Direct Tax Laws* (*Amendment*) *Act*, 1987 (4 *of* 1987), *s*. 26 (*w.e.f.* 1-4-1989). *Original section was inserted by the Taxation* Laws (*Amendment*) *Act*, 1970 (42 *of* 1970), *s*. 21 (*w.e.f.* 1-4-1971).

---

1. Ins. by Act 21 of 2006, s. 19 (w.e.f. 1-4-2007).

2. Ins. by Act 49 of 1991, s. 35 (w.e.f. 1-4-1992). Earlier section 80Q omitted by Act 16 of 1972, s. 21 (w.e.f. 1-4-1973).

[1][**80QQA. Deduction in respect of professional income of authors of text books in Indian languages.**—(*1*) Where, in the case of an individual resident in India, being an author, the gross total income of the previous year relevant to the assessment year [2][commencing on—

(*a*) the 1st day of April, 1980, or to any one of the nine assessment years next following that assessment year; or

(*b*) the 1st day of April, 1992, or to any one of the four assessment years next following that assessment year,]

includes any income derived by him in the exercise of his profession on account of any lump sum consideration for the assignment or grant of any of his interests in the copyright of any book, or of royalties or copyright fees (whether receivable in lump sum or otherwise) in respect of such book, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction from such income of an amount equal to twenty-five per cent. thereof.

(*2*) No deduction under sub-section (*1*) shall be allowed unless—

(*a*) the book is either in the nature of a dictionary, thesaurus or encyclopaedia or is one that has been prescribed or recommended as a text book, or included in the curriculum, by any University, for a degree or post-graduate course of that University; and

(*b*) the book is written in any language specified in the Eighth Schedule to the Constitution or in any such other language as the Central Government may, by notification in the Official Gazette, specify in this behalf having regard to the need for promotion of publication of books of the nature referred to in clause (*a*) in that language and other relevant factors.

*Explanation*.—For the purposes of this section,—

(*i*) "author" includes a joint author;

(*ii*) "lump sum", in regard to royalties or copyright fees, includes an advance payment on account of such royalties or copyright fees which is not returnable;

(*iii*) "University" shall have the same meaning as in the *Explanation* to clause (*ix*) of section 47.]

[3][**80QQB. Deduction in respect of royalty income, etc., of authors of certain books other than text-books.**—(*1*) Where, in the case of an individual resident in India, being an author, the gross total income includes any income, derived by him in the exercise of his profession, on account of any lump sum consideration for the assignment or grant of any of his interests in the copyright of any book being a work of literary, artistic or scientific nature, or of royalty or copyright fees (whether receivable in lump sum or otherwise) in respect of such book, there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee, a deduction from such income, computed in the manner specified in sub-section (*2*).

(*2*) The deduction under this section shall be equal to the whole of such income referred to in sub-section (*1*), or an amount of three lakh rupees, whichever is less:

Provided that where the income by way of such royalty or the copyright fee, is not a lump sum consideration in lieu of all rights of the assessee in the book, so much of the income, before allowing expenses attributable to such income, as is in excess of fifteen per cent. of the value of such books sold during the previous year shall be ignored:

1. Ins. by Act 21 of 1979, s. 15 (w.e.f. 1-4-1980).
2. Subs. by Act 49 of 1991, s. 36, for "commencing on the 1st day of April, 1980, or to any one of the nine assessment years next following that assessment year, includes" (w.e.f. 1-4-1992). Earlier "nine" was substituted for "four" by Act 32 of 1985, s. 23 (w.e.f. 1-4-1985).
3. Ins. by Act 32 of 2003, s. 44 (w.e.f. 1-4-2004).

Provided further that in respect of any income earned from any source outside India, so much of the income shall be taken into account for the purpose of this section as is brought into India by, or on behalf of, the assessee in convertible foreign exchange within a period of six months from the end of the previous year in which such income is earned or within such further period as the competent authority may allow in this behalf.

(*3*) No deduction under this section shall be allowed unless the assessee furnishes a certificate in the prescribed form and in the prescribed manner, duly verified by any person responsible for making such payment to the assessee as referred to in sub-section (*1*), along with the return of income, setting forth such particulars as may be prescribed.

(*4*) No deduction under this section shall be allowed in respect of any income earned from any source outside India, unless the assessee furnishes a certificate, in the prescribed form from the prescribed authority, along with the return of income in the prescribed manner.

(*5*) Where a deduction for any previous year has been claimed and allowed in respect of any income referred to in this section, no deduction in respect of such income shall be allowed under any other provision of this Act in any assessment year.

*Explanation.*—For the purposes of this section,—

(*a*) "author" includes a joint author;

(*b*) "books" shall not include brochures, commentaries, diaries, guides, journals, magazines, newspapers, pamphlets, text-books for schools, tracts and other publications of similar nature, by whatever name called;

(*c*) "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange;

(*d*) "lump sum", in regard to royalties or copyright fees, includes an advance payment on account of such royalties or copyright fees which is not returnable.]

**80R. Deduction in respect of remuneration from certain foreign sources in the case of professors, teachers, etc.**—Where the gross total income of an individual who is a citizen of India includes any remuneration received by him outside India from any University or other educational institution established outside India or [1][any other association or body established outside India], for any service rendered by him during his stay outside India in his capacity as a professor, teacher or research worker in such University, institution, association or body, there shall be [2][allowed, in computing the total income of the individual, [3][a deduction from such remuneration of an amount equal to—

(*i*) sixty per cent. of such remuneration for an assessment year beginning on the 1st day of April, 2001;

(*ii*) forty-five per cent. of such remuneration for an assessment year beginning on the 1st day of April, 2002;

(*iii*) thirty per cent. of such remuneration for an assessment year beginning on the 1st day of April, 2003;

(*iv*) fifteen per cent. of such remuneration for an assessment year beginning on the 1st day of April, 2004,

as is brought into India by, or on behalf of, the assessee in convertible foreign exchange within a period of six months from the end of the previous year or within such further period as the competent authority may

---

1. Subs. by Act 11 of 1983, s. 31, for "such other association or body established outside India as may be notified in this behalf by the Central Government in the Official Gazette" (w.e.f. 1-4-1984).
2. Subs. by Act 12 of 1990, s. 27, for "allowed a deduction from such remuneration of an amount equal to fifty per cent. thereof, in computing the total income of the individual" (w.e.f. 1-4-1991).
3. Subs. by Act 10 of 2000, s. 42, for certain words (w.e.f. 1-4-2001).

allow in this behalf and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year:]]

Provided that no deduction under this section shall be allowed unless the assessee furnishes a certificate, in the prescribed form, along with the return of income, certifying that the deduction has been correctly claimed in accordance with the provisions of this section.]

[1]*          *          *          *          *

[2][*Explanation*.—For the purposes of this section, the expression "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.]

[3][**80RR. Deduction in respect of professional income from foreign sources in certain cases.**—Where the gross total income of an individual resident in India, being an author, playwright, artist, [4][musician, actor or sportsman (including an athlete)], includes any income derived by him in the exercise of his profession from the Government of a foreign State or any person not resident in India, [5][there shall be allowed, in computing the total income of the individual, [6][a deduction from such income of an amount equal to—

(*i*)  sixty per cent. of such income for an assessment year beginning on the 1st day of April, 2001;

(*ii*)  forty-five per cent. of such income for an assessment year beginning on the 1st day of April, 2002;

(*iii*) thirty per cent. of such income for an assessment year beginning on the 1st day of April, 2003;

(*iv*) fifteen per cent. of such income for an assessment year beginning on the 1st day of April, 2004,

as is brought into India by, or on behalf of, the assessee in convertible foreign exchange within a period of six months from the end of the previous year or within such further period as the competent authority may allow in this behalf and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year:]

Provided that no deduction under this section shall be allowed unless the assessee furnishes a certificate, in the prescribed form, along with the return of income, certifying that the deduction has been correctly claimed in accordance with the provisions of this section.]]]

[7][*Explanation*.—For the purposes of this section, the expression "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.]

[8][**80RRA. Deduction in respect of remuneration received for services rendered outside India.**—(*1*) Where the gross total income of an individual who is a citizen of India includes any remuneration received by him in foreign currency from any employer (being a foreign employer or an Indian concern) for any service rendered by him outside India, there shall, in accordance with and subject

1. The proviso omitted by Act 12 of 1990, s. 27 (w.e.f. 1-4-1991).
2. Ins. by Act 27 of 1999, s. 54 ( w.e.f. 1-6-1999).
3. Ins. by Act 14 of 1969, s. 11 (w.e.f. 1-4-1970).
4. Subs. by Act 44 of 1980, s. 20, for "musician or actor" (w.e.f. 1-4-1980).
5. Subs. by Act 12 of 1990, s. 28, for "and such income is received in, or brought into, India by him or on his behalf in accordance with the Foreign Exchange Regulation Act, 1947, and any rules made thereunder, there shall be allowed a deduction from such income of an amount equal to twenty-five per cent. of the income. so received or brought, in computing the total income of the individual" (w.e.f. 1-4-1991).
6. Subs. by Act 10 of 2000, s. 43, for certain words (w.e.f. 1-4-2001).
7. Ins. by Act 27 of 1999, s. 55 (w.e.f. 1-6-1999).
8. Subs. by Act 29 of 1977, s. 19, for section 80RRA (w.e.f. 1-4-1978). Earlier section 80RRA inserted by Act 25 of 1975, s. 17 (w.e.f. 1-4-1975).

to the provisions of this section, be allowed, in computing the total income of the individual, [1][a deduction from such remuneration of an amount equal to—

(*i*) sixty per cent. of such remuneration for an assessment year beginning on the 1st day of April, 2001;

(*ii*) forty-five per cent. of such remuneration for an assessment year beginning on the 1st day of April, 2002;

(*iii*) thirty per cent. of such remuneration for an assessment year beginning on the 1st day of April, 2003;

(*iv*) fifteen per cent. of such remuneration for an assessment year beginning on the 1st day of April, 2004,

as is brought into India by, or on behalf of, the assessee in convertible foreign exchange within a period of six months from the end of the previous year or within such further period as the competent authority may allow in this behalf and no deduction shall be allowed in respect of the assessment year beginning on the 1st day of April, 2005 and any subsequent assessment year:]

Provided that no deduction under this sub-section shall be allowed unless the assessee furnishes a certificate, in the prescribed form, along with the return of income, certifying that the deduction has been correctly claimed in accordance with the provisions of this section.]

[2]*          *          *          *          *

(*2*) The deduction under this section shall be allowed—

(*i*) in the case of an individual who is or was, immediately before undertaking such service, in the employment of the Central Government or any State Government, only if such service is sponsored by the Central Government;

(*ii*) in the case of any other individual, only if he is a technician and the terms and conditions of his service outside India are approved in this behalf by the Central Government or the prescribed authority.

*Explanation.*—For the purposes of this section,—

(*a*) "foreign currency" shall have the meaning assigned to it in the [3][Foreign Exchange Management Act, 1999 (42 of 1999)];

(*b*) "foreign employer" means,—

(*i*) the Government of a foreign State; or

(*ii*) a foreign enterprise; or

(*iii*) any association or body established outside India;

(*c*) "technician" means a person having specialised knowledge and experience in—

(*i*) constructional or manufacturing operations or mining or the generation or distribution of electricity or any other form of power; or

(*ii*) agriculture, animal husbandry, dairy farming, deep sea fishing or ship building; or

(*iii*) public administration or industrial or business management; or

(*iv*) accountancy; or

(*v*) any field of natural or applied science (including medical science) or social science; or

(*vi*) any other field which the Board may prescribe in this behalf,

who is employed in a capacity in which such specialised knowledge and experience are actually utilised;

[4][(*d*) "competent authority" means the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange.]

---

1. Subs. by Act 10 of 2000, s. 44, for certain words (w.e.f. 1-4-2001).
2. The proviso omitted by Act 12 of 1990, s. 29 (w.e.f. 1-4-1991).
3. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
4. Ins. by Act 27 of 1999, s. 56 (w.e.f. 1-6-1999).

[1]**[80RRB.Deduction in respect of royalty on patents.**—(*1*) Where in the case of an assessee, being an individual, who is—

(*a*)  resident in India;

(*b*)  a patentee;

(*c*)  in receipt of any income by way of royalty in respect of a patent registered on or after the 1st day of April, 2003 under the Patents Act, 1970 (39 of 1970), and

his gross total income of the previous year includes royalty, there shall, in accordance with and subject to the provisions of this section, be allowed a deduction, from such income, of an amount equal to the whole of such income or three lakh rupees, whichever is less:

Provided that where a compulsory licence is granted in respect of any patent under the Patents Act, 1970 (39 of 1970), the income by way of royalty for the purpose of allowing deduction under this section shall not exceed the amount of royalty under the terms and conditions of a licence settled by the Controller under that Act:

Provided further that in respect of any income earned from any source outside India, so much of the income, shall be taken into account for the purpose of this section as is brought into India by, or on behalf of, the assessee in convertible foreign exchange within a period of six months from the end of the previous year in which such income is earned or within such further period as the competent authority referred to in clause (*c*) of the *Explanation* to section 80QQB may allow in this behalf.

(*2*) No deduction under this section shall be allowed unless the assessee furnishes a certificate in the prescribed form, duly signed by the prescribed authority, along with the return of income setting forth such particulars as may be prescribed.

(*3*) No deduction under this section shall be allowed in respect of any income earned from any source outside India, unless the assessee furnishes a certificate in the prescribed form, from the authority or authorities, as may be prescribed, along with the return of income.

(*4*) Where a deduction for any previous year has been claimed and allowed in respect of any income referred to in this section, no deduction in respect of such income shall be allowed, under any other provision of this Act in any assessment year.

*Explanation*.—For the purposes of this section,—

(*a*)  "Controller" shall have the meaning assigned to it in clause (*b*) of sub-section (*1*) of section 2 of the Patents Act, 1970 (39 of 1970);

(*b*)  "lump sum" includes an advance payment on account of such royalties which is not returnable;

(*c*)  "patent" means a patent (including a patent of addition) granted under the Patents Act, 1970 (39 of 1970);

(*d*)  "patentee" means the person, being the true and first inventor of the invention, whose name is entered on the patent register as the patentee, in accordance with the Patents Act, 1970 (39 of 1970), and includes every such person, being the true and first inventor of the invention, where more than one person is registered as patentee under that Act in respect of that patent;

(*e*)  "patent of addition" shall have the meaning assigned to it in clause (*q*) of sub-section (*1*) of section 2 of the Patents Act, 1970 (39 of 1970);

(*f*)  "patented article" and "patented process" shall have the meanings respectively assigned to them in clause (*o*) of sub-section (*1*) of section 2 of the Patents Act, 1970 (39 of 1970);

---

1. Ins. by Act 32 of 2003, s. 45 (w.e.f. 1-4-2004).

(*g*) "royalty", in respect of a patent, means consideration (including any lump sum consideration but excluding any consideration which would be the income of the recipient chargeable under the head "Capital gains" or consideration for sale of product manufactured with the use of patented process or of the patented article for commercial use) for—

(*i*)  the transfer of all or any rights (including the granting of a licence) in respect of a patent; or

(*ii*)  the imparting of any information concerning the working of, or the use of, a patent; or

(*iii*)  the use of any patent; or

(*iv*)  the rendering of any services in connection with the activities referred to in sub-clauses (*i*) to (*iii*);

(*h*) "true and first inventor" shall have the meaning assigned to it in clause (*y*) of sub-section (*1*) of section 2 of the Patents Act, 1970 (39 of 1970).]

**80S.** [**Deduction in respect of compensation for termination of managing agency, etc., in the case of assessees other than companies**.]—*Omitted by the Finance Act*, 1986 (23 *of* 1986), *s.* 22 (*w.e.f.* 1-4-1987). *Original section was introduced in place of old section* 112 *by the Finance* (*No.* 2) *Act*, 1967 (20 *of* 1967), *s.* 33 *and the Third Schedule* (*w.e.f.* 1-4-1968).

**80T.** [**Deduction in respect of long-term capital gains in the case of assessees other than companies**.]—*Omitted by the Finance Act,* 1987 (11 *of* 1987), *s.* 38 (*w.e.f.* 1-4-1988). *Original section was inserted by the Finance* (*No.* 2) *Act*, 1967 (20 *of* 1967), *s.* 33 *and the Third Schedule* (*w.e.f.* 1-4-1968) *in replacement of section* 114.

**80TT.** [**Deduction in respect of winnings from lottery**.]—*Omitted by the Finance Act*, 1986 (23 *of* 1986), *s.* 24 (*w.e.f.* 1-4-1987). *Original section was inserted by the Finance Act*, 1972 (16 *of* 1972), s. 22 (*w.e.f.* 1-4-1972) *and amended by the Finance* (*No.* 2) *Act*, 1980, (*w.e.f.* 1-4-1981).

[1][*CA.—Deductions in respect of other incomes*

**80TTA.Deduction in respect of interest on deposits in savings account.**—(*1*) Where the gross total income of an assessee, being an individual or a Hindu undivided family, includes any income by way of interest on deposits (not being time deposits) in a savings account with—

(*a*)  a banking company to which the Banking Regulation Act, 1949 (10 of 1949), applies (including any bank or banking institution referred to in section 51 of that Act);

(*b*)  a co-operative society engaged in carrying on the business of banking (including a co-operative land mortgage bank or a co-operative land development bank); or

(*c*)  a Post Office as defined in clause (*k*) of section 2 of the Indian Post Office Act, 1898 (6 of 1898),

there shall, in accordance with and subject to the provisions of this section, be allowed, in computing the total income of the assessee a deduction as specified hereunder, namely:—

(*i*)  in a case where the amount of such income does not exceed in the aggregate ten thousand rupees, the whole of such amount; and

(*ii*)  in any other case, ten thousand rupees.

(*2*) Where the income referred to in this section is derived from any deposit in a savings account held by, or on behalf of, a firm, an association of persons or a body of individuals, no deduction shall be allowed under this section in respect of such income in computing the total income of any partner of the firm or any member of the association or any individual of the body.

*Explanation*.—For the purposes of this section, "time deposits" means the deposits repayable on expiry of fixed periods.]

---

1. Ins. by Act 23 of 2012, s. 31 (w.e.f. 1-4-2013).

[1][*D.—Other deductions*

**80U.** [2][**Deduction in case of a person with disability.**—[3][(*1*) In computing the total income of an individual, being a resident, who, at any time during the previous year, is certified by the medical authority to be a person with disability, there shall be allowed a deduction of a sum of seventy-five thousand rupees:

Provided that where such individual is a person with severe disability, the provisions of this sub-section shall have effect as if for the words "seventy-five thousand rupees", the words "one hundred and twenty-five thousand rupees" had been substituted.]

(*2*) Every individual claiming a deduction under this section shall furnish a copy of the certificate issued by the medical authority in the form and manner, as may be prescribed, along with the return of income under section 139, in respect of the assessment year for which the deduction is claimed :

Provided that where the condition of disability requires reassessment of its extent after a period stipulated in the aforesaid certificate, no deduction under this section shall be allowed for any assessment year relating to any previous year beginning after the expiry of the previous year during which the aforesaid certificate of disability had expired, unless a new certificate is obtained from the medical authority in the form and manner, as may be prescribed, and a copy thereof is furnished along with the return of income under section 139.

[4][*Explanation.*—For the purposes of this section,—

(*a*)  "disability" shall have the meaning assigned to it in clause (*i*) of section 2 of the Persons with Disabilities (Equal Opportunities, Protection of Rights and Full Participation) Act, 1995 (1 of 1996), and includes "autism", "cerebral palsy" and "multiple disabilities" referred to in clauses (*a*), (*c*) and (*h*) of section 2 of the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999 (44 of 1999);

(*b*)  "medical authority" means the medical authority as referred to in clause (*p*) of section 2 of the Persons with Disabilities (Equal Opportunities, Protection of Rights and Full Participation) Act, 1995 (1 of 1996), or such other medical authority as may, by notification, be specified by the Central Government for certifying "autism", "cerebral palsy", "multiple disabilities", "person with disability" and "severe disability" referred to in clauses (*a*), (*c*), (*h*), (*j*) and (*o*) of section 2 of the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999 (44 of 1999);

(*c*)  "person with disability" means a person referred to in clause (*t*) of section 2 of the Persons with Disabilities (Equal Opportunities, Protection of Rights and Full Participation) Act, 1995 (1 of 1996), or clause (*j*) of section 2 of the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999 (44 of 1999);

(*d*)  "person with severe disability" means—

(*i*) a person with eighty per cent or more of one or more disabilities, as referred to in sub-section (*4*) of section 56 of the Persons with Disabilities (Equal Opportunities, Protection of Rights and Full Participation) Act, 1995 (1 of 1996); or

(*ii*) a person with severe disability referred to in clause (*o*) of section 2 of the National Trust for Welfare of Persons with Autism, Cerebral Palsy, Mental Retardation and Multiple Disabilities Act, 1999 (44 of 1999).]]]

**80V.** [**Deduction from gross total income of the parent in certain cases.**]—*Omitted by the Finance Act,* 1994 (32 *of* 1994), *s*. 28(*w.e.f.* 1-4-1995).

**80VV.** [**Deduction in respect of expenses incurred in connection with certain proceedings under the Act.**]—*Omitted by the Finance Act*, 1985 (32 *of* 1985), *s*. 25(*w.e.f.* 1-4-1986). *Original section was inserted by the Taxation Laws* (*Amendment*) *Act*, 1975 (41 *of* 1975), *s*. 26(*w.e.f.* 1-4-1976).

---

1. Ins. by Act 19 of 1968, s. 30 and the Third Schedule (w.e.f. 1-4-1969).
2. Subs. by Act 32 of 2003, s. 46, for section 80U (w.e.f. 1-4-2004). Earlier substituted by Act 49 of 1991, s. 37 (w.e.f. 1-4-1992).
3. Subs. by Act 20 of 2015, s. 24, for sub-section (*1*) (w.e.f. 1-4-2016).
4. Subs. by Act 23 of 2004, s. 19, for the *Explanation* (w.e.f. 1-4-2005).

## CHAPTER VI-B

### RESTRICTION ON CERTAIN DEDUCTIONS IN THE CASE OF COMPANIES

[Chapter VI-B, *omitted by the Finance Act*, 1987 (11 *of* 1987), *s.* 40 (*w.e.f.* 1-4-1988). *Original Chapter was inserted by the Finance Act*, 1983 (11 *of* 1983), s. 32 (*w.e.f.* 1-4-1984) *and amended by the Finance Act*, 1985, (*w.e.f.* 1-4-1986) *and Finance Act*, 1986 (32 *of* 1985), *s.* 25(*w.e.f.* 1-4-1987).]

## CHAPTER VII

### INCOMES FORMING PART OF TOTAL INCOME ON WHICH NO INCOME-TAX IS PAYABLE

**81.** to **85C.** *Omitted by the Finance* (No. 2) Act, 1967 (20 of 1967), s. 33 *and the Third Schedule* (w.e.f. 1-4-1968). *Provisions of sections* 81, 82, 83, 84, 85, 85A, 85B *and* 85C *were incorporated from the same date in sections* 80P, 80Q, 10(29), 80J (*now omitted*), 80*K* (*now omitted*), 80M (*now omitted*), 80N (*now omitted*) *and* 80-O, *respectively*.

[1][**86.Share of member of an association of persons or body of individuals in the income of the association or body.**—Where the assessee is a member of an association of persons or body of individuals (other than a company or a co-operative society or a society registered under the Societies Registration Act, 1860 (21 of 1860), or under any law corresponding to that Act in force in any part of India),income-tax shall not be payable by the assessee in respect of his share in the income of the association or body computed in the manner provided in section 67A:

Provided that,—

    (*a*)  where the association or body is chargeable to tax on its total income at the maximum marginal rate or any higher rate under any of the provisions of this Act, the share of a member computed as aforesaid shall not be included in his total income;

    (*b*)  in any other case, the share of a member computed as aforesaid shall form part of his total income:

    Provided further that where no income-tax is chargeable on the total income of the association or body, the share of a member computed as aforesaid shall be chargeable to tax as part of his total income and nothing contained in this section shall apply to the case.]

**86A.** [**Deduction from tax on certain securities.**]—*Omitted by the Finance Act*, 1988 (26 *of* 1988), *s.* 28 (*w.e.f.* 1-4-1989)*. Original section was inserted by the Finance Act*, 1965 (10 *of* 1985), *s.* 22 (*w.e.f.* 1-4-1965).

### CHAPTER VIII

### [2][REBATES AND RELIEFS]

#### [3][A.—*Rebate of income-tax*]

**87. Rebate to be allowed in computing income-tax.**—(*1*) In computing the amount of income-tax on the total income of an assessee with which he is chargeable for any assessment year, there shall be allowed from the amount of income-tax (as computed before allowing the deductions under this Chapter), in accordance with and subject to the provisions of [4][5][sections 87A, 88], 88A, 88B, 88C, 88D and 88E], the deductions specified in those sections.

---

1. Subs. by Act 18 of 1992, s. 49, for section 86 (w.e.f. 1-4-1993).

2. Subs. by Act 12 of 1990, s. 30, for Heading (w.e.f. 1-4-1991).

3. Ins. by s. 30, *ibid*. (w.e.f. 1-4-1991).

4. Subs. by Act 23 of 2004, s. 20, for "section 88, 88A, 88B and 88C" (w.e.f. 1-4-2005). Earlier section amended by Act 18 of 1992, s. 50 (w.e.f. 1-4-1993) and Act

5. Subs. by Act 17 of 2013, s. 21, for "sections 88" (w.e.f. 1-4-2014).

(*2*)  The  aggregate  amount  of  the  deductions  under  [1][section  87A or section  88]  or section 88A [2][or section 88B] [3][or section 88C] [4][or section 88D or section 88E] shall not, in any case, exceed the amount of income-tax (as computed before allowing the deductions under this Chapter) on the total income of the assessee with which he is chargeable for any assessment year.

[5][**87A. Rebate of income-tax in case of certain individuals.**—An assessee, being an individual resident in India, whose total income does not exceed five hundred thousand rupees, shall be entitled to a deduction, from the amount of income-tax (as computed before allowing the deductions under this Chapter) on his total income with which he is chargeable for any assessment year, of an amount equal to hundred per cent of such income-tax or an amount of [6][five thousand rupees], whichever is less.]

**88. Rebate on life insurance premia, contribution to provident fund, etc.**—[7][(*1*) Subject to the provisions of this section, an assessee, being an individual, or a Hindu undivided family, shall be entitled to a deduction, from the amount of income-tax (as computed before allowing the deductions under this Chapter) on his total income with which he is chargeable for any assessment year, of an amount equal to—

(*i*)  in the case of an individual or a Hindu undivided family, whose gross total income before giving effect to deductions under Chapter VI-A, is one lakh fifty thousand rupees or less, twenty per cent of the aggregate of the sums referred to in sub-section (*2*):

Provided that an individual shall be entitled to a deduction of an amount equal to thirty per cent of the aggregate of the sums referred to in sub-section (*2*) if his income under the head "Salaries"—

(*a*) does not exceed one lakh rupees during the previous year before allowing the deduction under section 16; and

(*b*) is not less than ninety per cent of his gross total income, as defined in sub-section (*5*) of section 80B;

(*ii*)  in the case of an individual or a Hindu undivided family, whose gross total income before giving effect to deductions under Chapter VI-A, is more than one lakh fifty thousand rupees but does not exceed five lakh rupees, fifteen per cent of the aggregate of the sums referred to in sub-section (*2*);

(*iii*)  in the case of an individual or a Hindu undivided family, whose gross total income before giving effect to deductions under Chapter VI-A, exceeds five lakh rupees, nil.]

(*2*) The sums referred to in sub-section (*1*) shall be any sums paid or deposited in the previous year by the assessee [8]***—

(*i*)  to effect or to keep in force an insurance on the life of persons specified in sub-section (*4*);

(*ii*)  to effect or to keep in force a contract for a deferred annuity, [9][not being an annuity plan referred to in clause (*xiiia*)], on the life of persons specified in sub-section (*4*):

---

1. Subs. by Act 17 of 2013, s. 21, for "section 88" (w.e.f. 1-4-2014).
2. Ins. by Act 18 of 1992, s. 50 (w.e.f. 1-4-1993).
3. Ins. by Act 10 of 2000, s. 45 (w.e.f. 1-4-2001).
4. Ins. by Act 23 of 2004, s. 20 (w.e.f. 1-4-2005).
5. Ins. by Act 17 of 2013, s. 21 (w.e.f. 1-4-2014).
6. Subs. by Act 28 of 2016,   s. 46, for "two thousand rupees" (w.e.f. 1-4-2017).
7. Subs. by Act 20 of 2002, s. 37, for sub-section (*1*) (w.e.f. 1-4-2003). Earlier sub-section (1) was amended by Act 12 of 1990, s. 30 (w.e.f. 1-4-1991), Act 18 of 1992, s. 51 (w.e.f. 1-4-1993), Act 32 of 1994, s. 29 (w.r.e.f. 1-4-1991) and Act 14 of 2001,   s. 47 (w.e.f. 1-4-2002).
8. The words "out of his income chargeable to tax" omitted by Act 20 of 2002, s. 37 (w.e.f. 1-4-2003).
9. Subs. by Act 18 of 1992, s. 51, for "not being an annuity plan referred to in clause (ii) of sub-section (1) of section 80CCA" (w.e.f. 1-4-1993).

Provided that such contract does not contain a provision for the exercise by the insured of an option to receive a cash payment in lieu of the payment of the annuity;

(*iii*) by way of deduction from the salary payable by or on behalf of the Government to any individual being a sum deducted in accordance with the conditions of his service, for the purpose of securing to him a deferred annuity or making provision for his wife or children, in so far as the sum so deducted does not exceed one-fifth of the salary;

(*iv*) as a contribution by an individual to any provident fund to which the Provident Funds Act, 1925 (19 of 1925), applies;

(*v*) as a contribution to any provident fund set up by the Central Government and notified by it in this behalf in the Official Gazette, where such contribution is to an account standing in the name of any person specified in sub-section (*4*);

(*vi*) as a contribution by an employee to a recognised provident fund;

(*vii*) as a contribution by an employee to an approved superannuation fund;

(*viii*) in a ten-year account or a fifteen-year account under the Post Office Savings Bank (Cumulative Time Deposits) Rules, 1959, as amended from time to time, where such sums are deposited in an account standing in the name of the persons specified in sub-section (*4*);

(*ix*) as subscription to any such security of the Central Government [1][or any such deposit scheme] as that Government may, by notification in the Official Gazette, specify in this behalf;

(*x*) as subscription to the National Savings Certificates (VI Issue) and National Savings Certificates (VII Issue) issued under the Government Savings Certificates Act, 1959 (46 of 1959);

(*xi*) as subscription to any such savings certificate as defined in clause (*c*) of section 2 of the Government Savings Certificates Act, 1959 (46 of 1959), as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*xii*) as a contribution, [2][in the name of any person] specified in sub-section (*4*), for participation in the Unit-linked Insurance Plan, 1971 (hereafter in this section referred to as the Unit-linked Insurance Plan) deemed to have been made under sub-clause (*a*) of clause (*8*) of section 19 of the Unit Trust of India Act, 1963 (52 of 1963);

(*xiii*) as a contribution [3][in the name of any person specified in sub-section (*4*)] for participation in any such unit-linked insurance plan of the LIC Mutual Fund notified under clause (*23D*) of section 10, as the Central Government may, by notification in the Official Gazette, specify in this behalf;

[1][(*xiiia*) to effect or to keep in force a contract for such annuity plan of the Life Insurance Corporation [4][or any other insurer] as the Central Government may, by notification in the Official Gazette, specify;

(*xiiib*) as subscription, not exceeding ten thousand rupees, to any units of any Mutual Fund notified under clause (*23D*) of section 10 or the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963), under any plan formulated in accordance with such scheme as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*xiiic*) as a contribution by an individual to any pension fund set up by any Mutual Fund notified under clause (*23D*) of section 10 [5][or by the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963)], as the Central Government may, by notification in the Official Gazette, specify in this behalf;]

---

1. Ins. by Act 18 of 1992, s. 51 (w.e.f. 1-4-1993).
2. Subs. by Act 32 of 1994, s. 29, for "by any person" (w.e.f. 1-4-1991).
3. Subs. by s. 29, *ibid.*, for "by any individual" (w.e.f. 1-4-1991).
4. Ins. by Act 14 of 2001, s. 47 (w.e.f. 1-4-2002).
5. Ins. by Act 32 of 1994, s. 29 (w.e.f. 1-4-1995).

(*xiv*) as subscription to any such deposit scheme of [1][, or as a contribution to any such pension fund set up by], the National Housing Bank established under section 3 of the National Housing Bank Act, 1987 (53 of 1987) (hereafter in this section referred to as the National Housing Bank), as the Central Government may, by notification in the Official Gazette, specify in this behalf;

[2][(*xiva*) as subscription to any such deposit scheme of—

(*a*) a public sector company which is engaged in providing long-term finance for construction or purchase of houses in India for residential purposes; or

(*b*) any authority constituted in India by or under any law enacted either for the purpose of dealing with and satisfying the need for housing accommodation or for the purpose of planning, development or improvement of cities, towns and villages, or for both,

not being a scheme the interest on deposits whereunder qualifies for the purposes of computing the deduction under section 80L, as the Central Government may, by notification in the Official Gazette, specify in this behalf;]

[3][(*xivb*) as tuition fees (excluding any payment towards any development fees or donation or payment of similar nature), whether at the time of admission or thereafter,—

(*a*) to any university, college, school or other educational institution situated within India;

(*b*) for the purpose of full-time education of any of the persons specified in sub-section (*4*);]

(*xv*) for the purposes of purchase or construction of a residential house property [4]*** the income from which is chargeable to tax under the head "Income from house property" (or which would, if it had not been used for the assessee's own residence, have been chargeable to tax under that head), where such payments are made towards or by way of—

(*a*) any instalment or part payment of the amount due under any self-financing or other scheme of any development authority, housing board or other authority engaged in the construction and sale of house property on ownership basis; or

(*b*) any instalment or part payment of the amount due to any company or co-operative society of which the assessee is a shareholder or member towards the cost of the house property allotted to him; or

(*c*) repayment of the amount borrowed by the assessee from—

(*1*) the Central Government or any State Government, or

(*2*) any bank, including a co-operative bank, or

(*3*) the Life Insurance Corporation, or

(*4*) the National Housing Bank, or

(*5*) any public company formed and registered in India with the main object of carrying on the business of providing long-term finance for construction or purchase of houses in India for residential purposes [5][which is eligible for deduction under clause (*viii*) of sub-section (*1*) of section 36], or

---

1. Ins. by Act 18 of 1992, s. 51 (w.e.f. 1-4-1993).
2. Ins. by Act 49 of 1991, s. 38 (w.e.f. 1-4-1992).
3. Ins. by Act 32 of 2003, s. 47 (w.e.f. 1-4-2004).
4. The words "construction of which is completed after the 31st day of March, 1987, and the" omitted by Act 49 of 1991, s. 38 (w.e.f. 1-4-1992).
5. Subs. by Act 10 of 2000, s. 46, for "which is approved for the purposes of clause (*viii*) of sub-section (*1*) of section 36 (w.e.f. 1-4-2000).

(*6*) any company in which the public are substantially interested or any co-operative society, where such company or co-operative society is engaged in the business of financing the construction of houses, or

[1][(*6A*) the assessee's employer where such employer is an authority or a board or a corporation or any other body established or constituted under a Central or State Act, or]

(*7*) the assessee's employer where such employer is a public company or a public sector company or a University established by law or a college affiliated to such University or a local authority [2][or a co-operative society];

(*d*) stamp duty, registration fee and other expenses for the purpose of transfer of such house property to the assessee,

but shall not include any payment towards or by way of—

(*A*) the admission fee, cost of share and initial deposit which a shareholder of a company or a member of a co-operative society has to pay for becoming such shareholder or member; or

[3]*         *         *         *         *

(*C*) the cost of any addition or alteration to, or renovation or repair of, the house property which is carried out after the issue of the completion certificate in respect of the house property by the authority competent to issue such certificate or after the house property or any part thereof has either been occupied by the assessee or any other person on his behalf or been let out; or

(*D*) any expenditure in respect of which deduction is allowable under the provisions of section 24;

[4][(*xvi*) as subscription to equity shares or debentures forming part of any eligible issue of capital approved by the Board on an application made by a public company [5][or as subscription to any eligible issue of capital by any public financial institution] in the prescribed form:

Provided that where a deduction is claimed and allowed under this clause with reference to the cost of any equity shares or debentures, the cost of such shares or debentures shall not be taken into account for the purposes of sections 54EA and 54EB.

[6][*Explanation.*—For the purposes of this clause,—

(*i*) "eligible issue of capital" means an issue made by a public company formed and registered in India or a public financial institution and the entire proceeds of the issue are utilised wholly and exclusively for the purposes of any business referred to in sub-section (*4*) of section 80-IA;

(*ii*) "public company" shall have the meaning assigned to it in section 3 of the Companies Act, 1956 (1 of 1956);

(*iii*) "public financial institution" shall have the meaning assigned to it in section 4A of the Companies Act, 1956 (1 of 1956);]]

1. Ins. by Act 23 of 2004, s. 21 (w.e.f. 1-4-2005).
2. Ins. by Act 18 of 1992, s. 51 (w.e.f. 1-4-1992).
3. Clause (*B*) omitted by Act 49 of 1991, s. 38 (w.e.f. 1-4-1992).
4. Ins. by Act 33 of 1996, s. 34 (w.e.f. 1-4-1997).
5. Ins. by Act 26 of 1997, s. 30 (w.e.f. 1-4-1998).
6. Subs. by Act 32 of 2003, s. 47, for the *Explanation* (w.e.f. 1-4-2004). Earlier it was amended by Act 33 of 1996, s. 34 (w.e.f. 1-4-1997), Act 26 of 1997, s. 30 (w.e.f. 1-4-1998), Act 27 of 1999, s. 90 (w.e.f. 1-4-2000).

(*xvii*) as subscription to any units of any mutual fund referred to in clause (*23D*) of section 10 and approved by the Board on an application made by such mutual fund in the prescribed form:

Provided that where a deduction is claimed and allowed under this clause with reference to the cost of units, the cost of such units shall not be taken into account for the purposes of sections 54EA and 54EB:

Provided further that this clause shall apply if the amount of subscription to such units is subscribed only in the eligible issue of capital of any company.

*Explanation*.—For the purposes of this clause "eligible issue of capital" means an issue referred to in clause (*i*) of the Explanation to clause (*xvi*) of sub-section (*2*) of section 88.

[1][(*2A*) The provisions of sub-section (*2*) shall apply only to so much of any premium or other payment made on an insurance policy other than a contract for a deferred annuity as is not in excess of twenty per cent of the actual capital sum assured.

*Explanation*.—In calculating any such actual capital sum, no account shall be taken—

(*i*) of the value of any premiums agreed to be returned, or

(*ii*) of any benefit by way of bonus or otherwise over and above the sum actually assured, which is to be, or, may be, received under the policy by any person.]

[2][(*3*) The sums referred to in sub-section (*2*) shall be paid or deposited at any time during the previous year, and the assessee, being an individual or a Hindu undivided family, shall be entitled to a deduction under sub-section (*1*) on so much of the aggregate of such sums paid or deposited as does not exceed the total income of the assessee, chargeable to tax during the relevant previous year.]

(*4*) The persons referred to in sub-section (*2*) shall be the following, namely:—

[3][(*a*)  for the purposes of clauses (*i*), (*v*), (*xii*) and (*xiii*) of that sub-section,—

(*i*)  in the case of an individual, the individual, the wife or husband and any child of such individual, and

(*ii*) in the case of a Hindu undivided family, any member thereof;]

(*b*)  for the purposes of clause (*ii*) of that sub-section,—

(*i*)  in the case of an individual, the individual, the wife or husband and any child of such individual, and

[4]*          *          *          *          *

(*c*)  for the purposes of [5][clause (*viii*)] of that sub-section,—

(*i*)  in the case of an individual, such individual or a minor of whom he is the guardian;

(*ii*)  in the case of a Hindu undivided family, any member of the family;

---

1. Ins. by Act 32 of 2003, s. 47 (w.e.f. 1-4-2004).
2. Ins. by Act 20 of 2002, s. 37 (w.e.f. 1-4-2003). Earlier sub-section (*3*) was omitted by Act 22 of 1995, s. 22 (w.e.f. 1-4-1996).
3. Subs. by Act 32 of 1994, s. 29, for clause (*a*) (w.e.f. 1-4-1991).
4. Sub-clause (*ii*) omitted by s. 29, *ibid*. (w.e.f. 1-4-1991).
5. Subs. by s. 29, *ibid*., for "clauses (*v*) and (*viii*)" (w.e.f. 1-4-1991).

[1]*　　　　　*　　　　　*　　　　　*　　　　　*

[2][(*d*) for the purpose of clause (*xivb*) of that sub-section, in the case of an individual, any two children of such individual.]

[3][(*5*) Where the aggregate of any sums specified in clause (*i*) to clause (*xvii*) of sub-section (*2*) exceeds an amount of one hundred thousand rupees, a deduction under sub-section (*1*) shall be allowed with reference to so much of the aggregate as does not exceed an amount of one hundred thousand rupees:

Provided that where the aggregate of any sums specified in clause (*i*) to clause (*xv*) of sub-section (*2*) exceeds an amount of seventy thousand rupees, a deduction under sub-section (*1*) in respect of such sums shall be allowed with reference to so much of the aggregate as does not exceed an amount of seventy thousand rupees:

Provided further that where the aggregate of any sums specified in clause (*xv*) of sub-section (*2*) exceeds an amount of twenty thousand rupees, a deduction under sub-section (*1*) in respect of such sums shall be allowed with reference to so much of the aggregate as does not exceed an amount of twenty thousand rupees:

[4][Provided also that where the aggregate of any sum specified in clause (*xivb*) of sub-section (*2*) exceeds an amount of twelve thousand rupees in respect of a child, a deduction under sub-section (*1*) in respect of such sum shall be allowed with reference to so much of the aggregate as does not exceed an amount of twelve thousand rupees in respect of such child.]

[5]*　　　　　*　　　　　*　　　　　*　　　　　*

(*7*) Where, in any previous year, an assessee—

(*i*)  terminates his contract of insurance referred to in clause (*i*) of sub-section (*2*), by notice to that effect or where the contract ceases to be in force by reason of failure to pay any premium, by not reviving [6][contract of insurance,—

(*a*)  in case of any single premium policy, within two years after the date of commencement of insurance; or

(*b*)  in any other case, before premiums have been paid for two years; or]

(*ii*) terminates his participation in any unit-linked insurance plan referred to in clause (*xii*) or clause (*xiii*) of sub-section (*2*), by notice to that effect or where he ceases to participate by reason of failure to pay any contribution, by not reviving his participation, before contributions in respect of such participation have been paid for five years; or

(*iii*) transfers the house property referred to in clause (*xv*) of sub-section (*2*) before the expiry of five years from the end of the financial year in which possession of such property is obtained by him, or receives back, whether by way of refund or otherwise, any sum specified in that clause,

---

1. Sub-clause (*iii*) omitted by Act 32 of 1994, s. 29 (w.e.f. 1-4-1991).
2. Ins. by Act 32 of 2003, s. 47 (w.e.f. 1-4-2004). Earlier clause (*d*) omitted by Act 32 of 1994, s. 29 (w.e.f. 1-4-1991).
3. Subs. by Act 20 of 2002, s. 37, for sub-section (*5*) (w.e.f. 1-4-2003).
4. Ins. by Act 32 of 2003, s. 47 (w.e.f. 1-4-2004).
5. Sub-sections (*5A*) and (*6*) omitted by Act 20 of 2002, s. 37 (w.e.f. 1-4-2003).
6. Subs. by Act 22 of 1995, s. 22, for "contract of insurance, before premiums have been paid for two years; or" (w.e.f. 1-4-1996).

then,—

(*a*) no deduction shall be allowed to the assessee under sub-section (*1*) with reference to any of the sums, referred to in clauses (*i*), (*xii*), (*xiii*) and (*xv*) of sub-section (*2*), paid in such previous year; and

(*b*) the aggregate amount of the deductions of income-tax so allowed in respect of the previous year or years preceding such previous year, shall be deemed to be tax payable by the assessee in the assessment year relevant to such previous year and shall be added to the tax on the total income of the assessee with which he is chargeable for such assessment year.

[1][(*7A*) If any equity shares or debentures, with reference to the cost of which a deduction is allowed under sub-section (*1*), are sold or otherwise transferred by the assessee to any person at any time within a period of three years from the date of their acquisition, the aggregate amount of the deductions of income-tax so allowed in respect of such equity shares or debentures in the previous year or years preceding the previous year in which such sale or transfer has taken place shall be deemed to be tax payable by the assessee for the assessment year relevant to such previous year and shall be added to the amount of income-tax on the total income of the assessee with which he is chargeable for such assessment year.

*Explanation*.—A person shall be treated as having acquired any shares or debentures on the date on which his name is entered in relation to those shares or debentures in the register of members or of debenture-holders, as the case may be, of the public company.]

(*8*) In this section,—

(*i*) "contribution" to any fund shall not include any sums in repayment of loan;

(*ii*) "insurance" shall include—

(*a*)  a policy of insurance on the life of an individual or the spouse or the child of such individual or a member of a Hindu undivided family securing the payment of specified sum on the stipulated date of maturity, if such person is alive on such date notwithstanding that the policy of insurance provides only for the return of premiums paid (with or without any interest thereon) in the event of such person dying before the said stipulated date;

(*b*)  a policy of insurance effected by an individual or a member of a Hindu undivided family for the benefit of a minor with the object of enabling the minor, after he has attained majority to secure insurance on his own life by adopting the policy and on his being alive on a date (after such adoption) specified in the policy in this behalf;

(*iii*) "Life Insurance Corporation" means the Life Insurance Corporation of India established under the Life Insurance Corporation Act, 1956 (31 of 1956);

(*iv*) "public company" shall have the same meaning as in section 3 of the Companies Act, 1956 (1 of 1956);

(*v*) "security" means a Government security as defined in clause (*2*) of section 2 of the Public Debt Act, 1944 (18 of 1944);

(*vi*) "transfer" shall be deemed to include also the transactions referred to in clause (*f*) of section 269UA.

[2][(*9*) No deduction from the amount of income-tax shall be allowed under this section to an assessee, being an individual or a Hindu undivided family for the assessment year beginning on the 1st day of April, 2006 and subsequent years.]

1. Ins. by Act 33 of 1996, s. 34 (w.e.f. 1-4-1997).
2. Ins. by Act 18 of 2005, s. 29 (w.e.f. 1-4-2006).

**88A.** [**Rebate in respect of investment in certain new shares or units**]*.—Omitted by the Finance* (*No*. 2) *Act* (33 *of* 1996), *s*. 35 (*w.e.f.* 1-4-1994).

**88B.** [**Rebate of income-tax in case of individuals of sixty-five years or above**].*—Omitted by the Finance Act*, 2005 (18 *of* 2005), *s*. 30 (*w.e.f.* 1-4-2006).

**88C.** [**Rebate of income-tax in case of women below sixty-five years**].*—Omitted by s.* 31*, ibid.,* (*w.e.f.* 1-4-2006).

**88D.** [**Rebate of income-tax in case of certain individuals**].*—Omitted by s.*32*, ibid.,* (*w.e.f.*1-4-2006).

[1][**88E. Rebate in respect of securities transaction tax.**—(*1*) Where the total income of an assessee in a previous year includes any income, chargeable under the head "Profits and gains of business or profession", arising from taxable securities transactions, he shall be entitled to a deduction, from the amount of income-tax on such income arising from such transactions, computed in the manner provided in sub-section (*2*), of an amount equal to the securities transaction tax paid by him in respect of the taxable securities transactions entered into in the course of his business during that previous year:

Provided that no deduction under this sub-section shall be allowed unless the assessee furnishes along with the return of income, evidence of payment of securities transaction tax in the prescribed form:

Provided further that the amount of deduction under this sub-section shall not exceed the amount of income-tax on such income computed in the manner provided in sub-section (*2*).

(*2*) For the purposes of sub-section (*1*), the amount of income-tax on the income arising from the taxable securities transactions, referred to in that sub-section, shall be equal to the amount calculated by applying the average rate of income-tax on such income.

[2][(*3*) No deduction under this section shall be allowed in, or after, the assessment year beginning on the 1st day of April, 2009.]

*Explanation.*—For the purposes of this section, the expressions, "taxable securities transaction" and "securities transaction tax" shall have the same meanings respectively assigned to them under Chapter VII of the Finance (No. 2) Act, 2004.]

*B.—Relief for income-tax*

[3][**89. Relief when salary, etc., is paid in arrears or in advance.**—Where an assessee is in receipt of a sum in the nature of salary, being paid in arrears or in advance or is in receipt, in any one financial year, of salary for more than twelve months or a payment which under the provisions of clause (*3*) of section 17 is a profit in lieu of salary, or is in receipt of a sum in the nature of family pension as defined in the *Explanation* to clause (*iia*) of section 57, being paid in arrears, due to which his total income is assessed at a rate higher than that at which it would otherwise have been assessed, the Assessing Officer shall, on an application made to him in this behalf, grant such relief as may be prescribed:]

[4][Provided that no such relief shall be granted in respect of any amount received or receivable by an assessee on his voluntary retirement or termination of his service, in accordance with any scheme or schemes of voluntary retirement or in the case of a public sector company referred to in sub-clause (*i*) of clause (*10C*) of section 10, a scheme of voluntary separation, if an exemption in respect of any amount received or receivable on such voluntary retirement or termination of his service or voluntary separation has been claimed by the assessee under clause (*10C*) of section 10 in respect of such, or any other, assessment year.]

1. Subs. by Act 23 of 2004, s. 23, for section 88E (w.e.f. 1-4-2005).
2. Ins. by Act 18 of 2008, s. 20 (w.e.f. 1-4-2008).
3. Subs. by Act 20 of 2002, s.38, for section 89 (w.e.f. 1-4-1996). Earlier section substituted by42 of 1970, s. 23 (w.e.f. 1-4-1971).
4. Ins. by Act 33 of 2009, s. 39 (w.e.f. 1-4-2010).

**89A.** [**Tax relief in relation to export turnover**].—*Omitted by the Finance Act,* 1983 (11 *of* 1983), *s.* 33 (*w.e.f.* 1-4-1983). *The provisions of this section were later substituted by scheme contained in section* 80*HHC, inserted by the Finance Act,* 1983 (11 *of* 1983), *s.* 24 (*w.e.f.* 1-4-1983). *Originally section* 89*A was inserted by the Finance Act,* 1982 (29 *of* 1983), *s.* 22 (*w.e.f.* 1-6-1982).

CHAPTER IX

DOUBLE TAXATION RELIEF

[1][**90. Agreement with foreign countries or specified territories.**—(*1*) The Central Government may enter into an agreement with the Government of any country outside India or specified territory outside India,—

(*a*) for the granting of relief in respect of—

(*i*) income on which have been paid both income-tax under this Act and income-tax in that country or specified territory, as the case may be, or

(*ii*) income-tax chargeable under this Act and under the corresponding law in force in that country or specified territory, as the case may be, to promote mutual economic relations, trade and investment, or

(*b*) for the avoidance of double taxation of income under this Act and under the corresponding law in force in that country or specified territory, as the case may be, or

(*c*) for exchange of information for the prevention of evasion or avoidance of income-tax chargeable under this Act or under the corresponding law in force in that country or specified territory, as the case may be, or investigation of cases of such evasion or avoidance, or

(*d*) for recovery of income-tax under this Act and under the corresponding law in force in that country or specified territory, as the case may be,

and may, by notification in the Official Gazette, make such provisions as may be necessary for implementing the agreement.

(*2*) Where the Central Government has entered into an agreement with the Government of any country outside India or specified territory outside India, as the case may be, under sub-section (*1*) for granting relief of tax, or as the case may be, avoidance of double taxation, then, in relation to the assessee to whom such agreement applies, the provisions of this Act shall apply to the extent they are more beneficial to that assessee.

[2][(*2A*) Notwithstanding anything contained in sub-section (*2*), the provisions of Chapter X A of the Act shall apply to the assessee even if such provisions are not beneficial to him.]

(*3*) Any term used but not defined in this Act or in the agreement referred to in sub-section (*1*) shall, unless the context otherwise requires, and is not inconsistent with the provisions of this Act or the agreement, have the same meaning as assigned to it in the notification issued by the Central Government in the Official Gazette in this behalf.

---

1. Subs. by Act 33 of 2009, s. 40, for section 90 (w.e.f. 1-10-2009). Earlier section amended by Act 16 of 1972, s. 23 (w.e.f. 1-4-1972). Further amended by Act 49 of 1991, s. 39 (w.e.f. 1-4-1972). Earlier substituted by Act 14 of 2001, s. 90 (w.e.f. 1-4-1962).
2. Ins. by Act 17 of 2013, s. 23 (w.e.f. 1-4-2016). Earlier inserted by Act 23 of 2012, s. 33 (w.e.f. 1-4-2013), and later on omitted by Act 17 of 2013, s. 23 (w.e.f. 1-4-2013).

[1][(*4*) An assessee, not being a resident, to whom an agreement referred to in sub-section (*1*) applies, shall not be entitled to claim any relief under such agreement unless [2][a certificate of his being a resident] in any country outside India or specified territory outside India, as the case may be, is obtained by him from the Government of that country or specified territory.]

[3][(*5*) The assessee referred to in sub-section (*4*) shall also provide such other documents and information, as may be prescribed.]

*Explanation 1*.—For the removal of doubts, it is hereby declared that the charge of tax in respect of a foreign company at a rate higher than the rate at which a domestic company is chargeable, shall not be regarded as less favourable charge or levy of tax in respect of such foreign company.

*Explanation 2*.—For the purposes of this section, "specified territory" means any area outside India which may be notified as such by the Central Government.

[4][*Explanation 3*.—For the removal of doubts, it is hereby declared that where any term is used in any agreement entered into under sub-section (*1*) and not defined under the said agreement or the Act, but is assigned a meaning to it in the notification issued under sub-section (*3*) and the notification issued thereunder being in force, then, the meaning assigned to such term shall be deemed to have effect from the date on which the said agreement came into force.]

[5][*Explanation 4*.—For the removal of doubts, it is hereby declared that where any term used in an agreement entered into under sub-section (*1*) is defined under the said agreement, the said term shall have the same meaning as assigned to it in the agreement; and where the term is not defined in the said agreement, but defined in the Act, it shall have the same meaning as assigned to it in the Act and explanation, if any, given to it by the Central Government.]

[6][**90A. Adoption by Central Government of agreement between specified associations for double taxation relief.**—(*1*) Any specified association in India may enter into an agreement with any specified association in the specified territory outside India and the Central Government may, by notification in the Official Gazette, make such provisions as may be necessary for adopting and implementing such agreement—

(*a*) for the granting of relief in respect of—

(*i*) income on which have been paid both income-tax under this Act and income-tax in any specified territory outside India; or

(*ii*) income-tax chargeable under this Act and under the corresponding law in force in that specified territory outside India to promote mutual economic relations, trade and investment, or

(*b*) for the avoidance of double taxation of income under this Act and under the corresponding law in force in that specified territory outside India, or

(*c*) for exchange of information for the prevention of evasion or avoidance of income-tax chargeable under this Act or under the corresponding law in force in that specified territory outside India, or investigation of cases of such evasion or avoidance, or

---

1. Ins. by Act 23 of 2012, s. 32 (w.e.f. 1-4-2013).
2. Subs. by Act 17 of 2013, s. 23, for "a certificate, containing such particulars as may be prescribed, of his being a resident" (w.e.f. 1-4-2013).
3. Ins. by s. 23, *ibid*. (w.e.f. 1-4-2013).
4. The *Explanation* 3 inserted by Act 23 of 2012, s. 32 (w.e.f. 1-10-2009).
5. Ins. by Act 7 of 2017, s. 39 (w.e.f. 1-4-2018).
6. Ins. by Act 21 of 2006, s. 20 (w.e.f. 1-6-2006).

(*d*) for recovery of income-tax under this Act and under the corresponding law in force in that specified territory outside India.

(*2*) Where a specified association in India has entered into an agreement with a specified association of any specified territory outside India under sub-section (*1*) and such agreement has been notified under that sub-section, for granting relief of tax, or as the case may be, avoidance of double taxation, then, in relation to the assessee to whom such agreement applies, the provisions of this Act shall apply to the extent they are more beneficial to that assessee.

[1][(*2A*) Notwithstanding anything contained in sub-section (*2*), the provisions of Chapter XA of the Act shall apply to the assessee even if such provisions are not beneficial to him.]

(*3*) Any term used but not defined in this Act or in the agreement referred to in sub-section (*1*) shall, unless the context otherwise requires, and is not inconsistent with the provisions of this Act or the agreement, have the same meaning as assigned to it in the notification issued by the Central Government in the Official Gazette in this behalf.

[2][(*4*) An assessee, not being a resident, to whom the agreement referred to in sub-section (*1*) applies, shall not be entitled to claim any relief under such agreement unless [3][a certificate of his being a resident] in any specified territory outside India, is obtained by him from the Government of that specified territory.]

[4][(*5*) The assessee referred to in sub-section (*4*) shall also provide such other documents and information, as may be prescribed.]

*Explanation* 1.—For the removal of doubts, it is hereby declared that the charge of tax in respect of a company incorporated in the specified territory outside India at a rate higher than the rate at which a domestic company is chargeable, shall not be regarded as less favourable charge or levy of tax in respect of such company.

*Explanation* 2.—For the purposes of this section, the expressions—

(*a*) "specified association" means any institution, association or body, whether incorporated or not, functioning under any law for the time being in force in India or the laws of the specified territory outside India and which may be notified as such by the Central Government for the purposes of this section;

(*b*) "specified territory" means any area outside India which may be notified as such by the Central Government for the purposes of this section.

[5][*Explanation* 3.—For the removal of doubts, it is hereby declared that where any term is used in any agreement entered into under sub-section (*1*) and not defined under the said agreement or the Act, but is assigned a meaning to it in the notification issued under sub-section (*3*) and the notification issued thereunder being in force, then, the meaning assigned to such term shall be deemed to have effect from the date on which the said agreement came into force.]

---

1. Ins. by Act 17 of 2013, s. 24 (w.e.f. 1-4-2016). Earlier sub-section (*2A*) was inserted by Act 23 of 2012, s. 33 (w.e.f. 1-4-2013) and later omitted by Act 17 of 2013, s. 24 (w.e.f. 1-4-2013).
2. Ins. by Act 23 of 2012, s. 33 (w.e.f. 1-4-2013).
3. Subs. by Act 17 of 2013, s. 24, for "a certificate, containing such particulars as may be prescribed, of his being a resident" (w.e.f. 1-4-2013).
4. Ins. by s. 24, *ibid.* (w.e.f. 1-4-2013).
5. Ins. by Act 23 of 2012, s. 33 (w.e.f. 1-6-2006).

[1][*Explanation* 4.—For the removal of doubts, it is hereby declared that where any term used in an agreement entered into under sub-section (*1*) is defined under the said agreement, the said term shall have the same meaning as assigned to it in the agreement; and where the term is not defined in the said agreement, but defined in the Act, it shall have the same meaning as assigned to it in the Act and explanation, if any, given to it by the Central Government.]

**91. Countries with which no agreement exists.**—(*1*) If any person who is resident in India in any previous year proves that, in respect of his income which accrued or arose during that previous year outside India (and which is not deemed to accrue or arise in India), he has paid in any country with which there is no agreement under section 90 for the relief or avoidance of double taxation, income-tax, by deduction or otherwise, under the law in force in that country, he shall be entitled to the deduction from the Indian income-tax payable by him of a sum calculated on such doubly taxed income at the Indian rate of tax or the rate of tax of the said country, whichever is the lower, or at the Indian rate of tax if both the rates are equal.

(*2*) If any person who is resident in India in any previous year proves that in respect of his income which accrued or arose to him during that previous year in Pakistan he has paid in that country, by deduction or otherwise, tax payable to the Government under any law for the time being in force in that country relating to taxation of agricultural income, he shall be entitled to a deduction from the Indian income-tax payable by him—

(*a*) of the amount of the tax paid in Pakistan under any law aforesaid on such income which is liable to tax under this Act also; or

(*b*) of a sum calculated on that income at the Indian rate of tax;

whichever is less.

(*3*) If any non-resident person is assessed on his share in the income of a registered firm assessed as resident in India in any previous year and such share includes any income accruing or arising outside India during that previous year (and which is not deemed to accrue or arise in India) in a country with which there is no agreement under section 90 for the relief or avoidance of double taxation and he proves that he has paid income-tax by deduction or otherwise under the law in force in that country in respect of the income so included he shall be entitled to a deduction from the Indian income-tax payable by him of a sum calculated on such doubly taxed income so included at the Indian rate of tax or the rate of tax of the said country, whichever is the lower, or at the Indian rate of tax if both the rates are equal.

*Explanation*.—In this section,—

(*i*) the expression "Indian income-tax" means income-tax [2]*** charged in accordance with the provisions of this Act;

(*ii*) the expression "Indian rate of tax" means the rate determined by dividing the amount of Indian income-tax after deduction of any relief due under the provisions of this Act but before deduction of [3][any relief due under this Chapter], by the total income;

(*iii*) the expression "rate of tax of the said country" means income-tax and super-tax actually paid in the said country in accordance with the corresponding laws in force in the said country after deduction of all relief due, but before deduction of any relief due in the said country in respect of double taxation, divided by the whole amount of the income as assessed in the said country;

---

1. Ins. by Act 7 of 2017, s. 40 (w.e.f. 1-4-2018).

2. The words "and super-tax" omitted by Act 10 of 1965, s. 28 (w.e.f. 1-4-1965).

3. Subs. by Act 5 of 1964, s. 20, for "any relief due under this section" (w.e.f. 1-4-1964).

(*iv*) the expression "income-tax" in relation to any country includes any excess profits tax or business profits tax charged on the profits by the Government of any part of that country or a local authority in that country.

CHAPTER X

SPECIAL PROVISIONS RELATING TO AVOIDANCE OF TAX

[1][**92. Computation of income from international transaction having regard to arm's length price.—**(*1*) Any income arising from an international transaction shall be computed having regard to the arm's length price.

*Explanation.*—For the removal of doubts, it is hereby clarified that the allowance for any expense or interest arising from an international transaction shall also be determined having regard to the arm's length price.

(*2*) Where in an [2][international transaction or specified domestic transaction], two or more associated enterprises enter into a mutual agreement or arrangement for the allocation or apportionment of, or any contribution to, any cost or expense incurred or to be incurred in connection with a benefit, service or facility provided or to be provided to any one or more of such enterprises, the cost or expense allocated or apportioned to, or, as the case may be, contributed by, any such enterprise shall be determined having regard to the arm's length price of such benefit, service or facility, as the case may be.

[3][(*2A*) Any allowance for an expenditure or interest or allocation of any cost or expense or any income in relation to the specified domestic transaction shall be computed having regard to the arm's length price.]

(*3*) The provisions of this section shall not apply in a case where the computation of income under[4][sub-section (*1*) or sub-section (*2A*)] or the determination of the allowance for any expense or interest under [5][sub-section (*1*) or sub-section (*2A*)], or the determination of any cost or expense allocated or apportioned, or, as the case may be, contributed under sub-section (*2*) [3][or sub-section (*2A*)], has the effect of reducing the income chargeable to tax or increasing the loss, as the case may be, computed on the basis of entries made in the books of account in respect of the previous year in which the [2][international transaction or specified domestic transaction] was entered into.]

**92A. Meaning of associated enterprise.—**(*1*) For the purposes of this section andsections 92, 92B, 92C, 92D, 92E and 92F, "associated enterprise", in relation to another enterprise, means an enterprise—

(*a*) which participates, directly or indirectly, or through one or more intermediaries, in the management or control or capital of the other enterprise; or

(*b*) in respect of which one or more persons who participate, directly or indirectly, or through one or more intermediaries, in its management or control or capital, are the same persons who participate, directly or indirectly, or through one or more intermediaries, in the management or control or capital of the other enterprise.

---

1. Subs. by Act 20 of 2002, s. 39, for section 92 (w.e.f. 1-4-2002).earlier subs. by Act 14 of 2001, s. 49 (w.e.f. 1-4-2002).

2. Subs. by Act 23 of 2012, s. 34, for "international transaction" (we.f. 1-4-2013).

3. Ins. by s. 34, *ibid*. (we.f. 1-4-2013).

4. Subs. by s. 34, *ibid*., for "sub-section (*1*)" (we.f. 1-4-2013).

5. Subs. by s. 34, *ibid*., for "that sub-section" (we.f. 1-4-2013).

[1][(*2*) For the purposes of sub-section (*1*), two enterprises shall be deemed to be associated enterprises if, at any time during the previous year,—]

(*a*) one enterprise holds, directly or indirectly, shares carrying not less than twenty-six per cent. of the voting power in the other enterprise; or

(*b*) any person or enterprise holds, directly or indirectly, shares carrying not less than twenty-six per cent. of the voting power in each of such enterprises; or

(*c*) a loan advanced by one enterprise to the other enterprise constitutes not less than fifty-one per cent of the book value of the total assets of the other enterprise; or

(*d*) one enterprise guarantees not less than ten per cent. of the total borrowings of the other enterprise; or

(*e*) more than half of the board of directors or members of the governing board, or one or more executive directors or executive members of the governing board of one enterprise, are appointed by the other enterprise; or

(*f*) more than half of the directors or members of the governing board, or one or more of the executive directors or members of the governing board, of each of the two enterprises are appointed by the same person or persons; or

(*g*) the manufacture or processing of goods or articles or business carried out by one enterprise is wholly dependent on the use of know-how, patents, copyrights, trade-marks, licences, franchises or any other business or commercial rights of similar nature, or any data, documentation, drawing or specification relating to any patent, invention, model, design, secret formula or process, of which the other enterprise is the owner or in respect of which the other enterprise has exclusive rights; or

(*h*) ninety per cent or more of the raw materials and consumables required for the manufacture or processing of goods or articles carried out by one enterprise, are supplied by the other enterprise, or by persons specified by the other enterprise, and the prices and other conditions relating to the supply are influenced by such other enterprise; or

(*i*) the goods or articles manufactured or processed by one enterprise, are sold to the other enterprise or to persons specified by the other enterprise, and the prices and other conditions relating thereto are influenced by such other enterprise; or

(*j*) where one enterprise is controlled by an individual, the other enterprise is also controlled by such individual or his relative or jointly by such individual and relative of such individual; or

(*k*) where one enterprise is controlled by a Hindu undivided family, the other enterprise is controlled by a member of such Hindu undivided family or by a relative of a member of such Hindu undivided family or jointly by such member and his relative; or

(*l*) where one enterprise is a firm, association of persons or body of individuals, the other enterprise holds not less than ten per cent interest in such firm, association of persons or body of individuals; or

(*m*) there exists between the two enterprises, any relationship of mutual interest, as may be prescribed.

---

1. Subs. by Act 20 of 2002, s. 40, for "(*2*) Two enterprises shall be deemed to be associated enterprises, if, at any time during the previous year,—" (w.e.f. 1-4-2002).

**92B. Meaning of international transaction.**—(*1*) For the purposes of this section and sections 92, 92C, 92D and 92E, "international transaction" means a transaction between two or more associated enterprises, either or both of whom are non-residents, in the nature of purchase, sale or lease of tangible or intangible property, or provision of services, or lending or borrowing money, or any other transaction having a bearing on the profits, income, losses or assets of such enterprises, and shall include a mutual agreement or arrangement between two or more associated enterprises for the allocation or apportionment of, or any contribution to, any cost or expense incurred or to be incurred in connection with a benefit, service or facility provided or to be provided to any one or more of such enterprises.

(*2*) A transaction entered into by an enterprise with a person other than an associated enterprise shall, for the purposes of sub-section (*1*), be [1][deemed to be an international transaction] entered into between two associated enterprises, if there exists a prior agreement in relation to the relevant transaction between such other person and the associated enterprise, or the terms of the relevant transaction are determined in substance between such other person and the associated enterprise [2][where the enterprise or the associated enterprise or both of them are non-residents irrespective of whether such other person is a non-resident or not].

[3][*Explanation.*—For the removal of doubts, it is hereby clarified that—

(*i*) the expression "international transaction" shall include—

(*a*) the purchase, sale, transfer, lease or use of tangible property including building, transportation vehicle, machinery, equipment, tools, plant, furniture, commodity or any other article, product or thing;

(*b*) the purchase, sale, transfer, lease or use of intangible property, including the transfer of ownership or the provision of use of rights regarding land use, copyrights, patents, trademarks, licences, franchises, customer list, marketing channel, brand, commercial secret, know-how, industrial property right, exterior design or practical and new design or any other business or commercial rights of similar nature;

(*c*) capital financing, including any type of long-term or short-term borrowing, lending or guarantee, purchase or sale of marketable securities or any type of advance, payments or deferred payment or receivable or any other debt arising during the course of business;

(*d*) provision of services, including provision of market research, market development, marketing management, administration, technical service, repairs, design, consultation, agency, scientific research, legal or accounting service;

(*e*) a transaction of business restructuring or reorganisation, entered into by an enterprise with an associated enterprise, irrespective of the fact that it has bearing on the profit, income, losses or assets of such enterprises at the time of the transaction or at any future date;

(*ii*) the expression "intangible property" shall include—

(*a*) marketing related intangible assets, such as, trademarks, trade names, brand names, logos;

(*b*) technology related intangible assets, such as, process patents, patent applications, technical documentation such as laboratory notebooks, technical know-how;

---

1. Subs. by Act 25 of 2014, s. 31, for "deemed to be a transaction" (w.e.f. 1-4-2015).
2. Ins. by s. 31, *ibid*. (w.e.f. 1-4-2015).
3. Ins. by Act 23 of 2012, s. 35 (w.e.f. 1-4-2002).

(*c*) artistic related intangible assets, such as, literary works and copyrights, musical compositions, copyrights, maps, engravings;

(*d*) data processing related intangible assets, such as, proprietary computer software, software copyrights, automated databases, and integrated circuit masks and masters;

(*e*) engineering related intangible assets, such as, industrial design, product patents, trade secrets, engineering drawing and schematics, blueprints, proprietary documentation;

(*f*) customer related intangible assets, such as, customer lists, customer contracts, customer relationship, open purchase orders;

(*g*) contract related intangible assets, such as, favourable supplier, contracts, licence agreements, franchise agreements, non-compete agreements;

(*h*) human capital related intangible assets, such as, trained and organised work force, employment agreements, union contracts;

(*i*) location related intangible assets, such as, leasehold interest, mineral exploitation rights, easements, air rights, water rights;

(*j*) goodwill related intangible assets, such as, institutional goodwill, professional practice goodwill, personal goodwill of professional, celebrity goodwill, general business going concern value;

(*k*) methods, programmes, systems, procedures, campaigns, surveys, studies, forecasts, estimates, customer lists, or technical data;

(*l*) any other similar item that derives its value from its intellectual content rather than its physical attributes.]

[1][**92BA. Meaning of specified domestic transaction.**—For the purposes of this section and sections 92, 92C, 92D and 92E, "specified domestic transaction" in case of an assessee means any of the following transactions, not being an international transaction, namely:—

[2]*                    *                    *                    *                    *

(*ii*) any transaction referred to in section 80A;

(*iii*) any transfer of goods or services referred to in sub-section (*8*) of section 80-IA;

(*iv*) any business transacted between the assessee and other person as referred to in sub-section (*10*) of section 80-IA;

(*v*) any transaction, referred to in any other section under Chapter VI-A or section 10AA, to which provisions of sub-section (*8*) or sub-section (*10*) of section 80-IA are applicable; or

(*vi*) any other transaction as may be prescribed,

and where the aggregate of such transactions entered into by the assessee in the previous year exceeds a sum of [3][twentycrore rupees].]

---

1. Ins. by Act 23 of 2012, s. 36 (w.e.f. 1-4-2013).
2. Clause (*i*) omitted by Act 7 of 2017, s. 41 (w.e.f. 1-4-2017).
3. Subs. by Act 20 of 2015, s. 25, for "five crore rupees" (w.e.f. 1-4-2016).

**92C. Computation of arm's length price.**—(*1*) The arm's length price in relation to an [1][international transaction or specified domestic transaction] shall be determined by any of the following methods, being the most appropriate method, having regard to the nature of transaction or class of transaction or class of associated persons or functions performed by such persons or such other relevant factors as the Board may prescribe, namely:—

   (*a*)  comparable uncontrolled price method;

   (*b*)  resale price method;

   (*c*)  cost plus method;

   (*d*)  profit split method;

   (*e*)  transactional net margin method;

   (*f*)  such other method as may be prescribed by the Board.

(*2*) The most appropriate method referred to in sub-section (*1*) shall be applied, for determination of arm's length price, in the manner as may be prescribed:

[2][Provided that where more than one price is determined by the most appropriate method, the arm's length price shall be taken to be the arithmetical mean of such prices:

Provided further that if the variation between the arm's length price so determined and price at which the [1][international transaction or specified domestic transaction] has actually been undertaken does not exceed [3][such percentage [4][not exceeding three per cent.] of the latter], as may be notified] by the Central Government in the Official Gazette in this behalf, the price at which the [1][international transaction or specified domestic transaction] has actually been undertaken shall be deemed to be the arm's length price:]

[5][Provided also that where more than one price is determined by the most appropriate method, the arm's length price in relation to an international transaction or specified domestic transaction undertaken on or after the 1st day of April, 2014, shall be computed in such manner as may be prescribed and accordingly the first and second proviso shall not apply.]

[6][*Explanation.*—For the removal of doubts, it is hereby clarified that the provisions of the second proviso shall also be applicable to all assessment or reassessment proceedings pending before an Assessing Officer as on the 1st day of October, 2009.]

[7][(*2A*) Where the first proviso to sub-section (*2*) as it stood before its amendment by the Finance (No. 2) Act, 2009 (33 of 2009), is applicable in respect of an international transaction for an assessment year and the variation between the arithmetical mean referred to in the said proviso and the price at which such transaction has actually been undertaken exceeds five per cent of the arithmetical mean, then, the assessee shall not be entitled to exercise the option as referred to in the said proviso.]

[8][(*2B*) Nothing contained in sub-section (*2A*) shall empower the Assessing Officer either to assess or reassess under section 147 or pass an order enhancing the assessment or reducing a refund already made or otherwise increasing the liability of the assessee under section 154 for any assessment year the proceedings of which have been completed before the 1st day of October, 2009.]

(*3*) Where during the course of any proceeding for the assessment of income, the Assessing Officer is, on the basis of material or information or document in his possession, of the opinion that—

   (*a*)  the price charged or paid in an [1][internationaltransaction or specified domestic transaction] has not been determined in accordance with sub-sections (*1*) and (*2*); or

---

1. Subs. by Act 23 of 2012, s. 38, for "international transaction"  (w.e.f. 1-4-2013).
2. Ins. by Act 33 of 2009, s. 41 (w.e.f. 1-10-2009). Earlier substituted by Act 20 of 2002, s. 41, for proviso (w.e.f. 1-4-2002).
3. Subs. by Act 8 of 2011, s. 13, for "five per cent. of the latter" (w.e.f. 1-4-2012).
4. Subs. by Act 23 of 2012, s. 37, for "does not exceed such percentage of latter as may be notified" (w.e.f. 1-4-2013)
5. Ins. by Act 25 of 2014, s. 32 (w.e.f. 1-4-2015).
6. Ins. by Act 23 of 2012, s. 37 (w.r.e.f. 1-10-2009).
7. Ins. by s. 37, *ibid.*  (w.r.e.f. 1-4-2002).
8. Ins. by Act 23 of 2012, s. 37 (w.e.f. 1-7-2012).

(*b*)  any information and document relating to an [1][internationaltransaction or specified domestic transaction] have not been kept and maintained by the assessee in accordance with the provisions contained in sub-section (*1*) of section 92D and the rules made in this behalf; or

(*c*)  the information or data used in computation of the arm's length price is not reliable or correct; or

(*d*)  the assessee has failed to furnish, within the specified time, any information or document which he was required to furnish by a notice issued under sub-section (*3*) of section 92D,

the Assessing Officer may proceed to determine the arm's length price in relation to the said [1][internationaltransaction or specified domestic transaction] in accordance with sub-sections (*1*) and (*2*), on the basis of such material or information or document available with him:

Provided that an opportunity shall be given by the Assessing Officer by serving a notice calling upon the assessee to show cause, on a date and time to be specified in the notice, why the arm's length price should not be so determined on the basis of material or information or document in the possession of the Assessing Officer.

(*4*) Where an arm's length price is determined by the Assessing Officer under sub-section (*3*), the Assessing Officer may compute the total income of the assessee having regard to the arm's length price so determined:

Provided that no deduction under section 10A or [2][section 10AA] or section 10B or under Chapter VI-A shall be allowed in respect of the amount of income by which the total income of the assessee is enhanced after computation of income under this sub-section:

Provided further that where the total income of an associated enterprise is computed under this sub-section on determination of the arm's length price paid to another associated enterprise from which tax has been deducted [3][or was deductible] under the provisions of Chapter XVIIB, the income of the other associated enterprise shall not be recomputed by reason of such determination of arm's length price in the case of the first mentioned enterprise.

[4][**92CA.Reference to Transfer Pricing Officer.**—(*1*) Where any person, being the assessee, has entered into an [1][international transaction or specified domestic] transaction in any previous year, and the Assessing Officer considers it necessary or expedient so to do, he may, with the previous approval of the [5][Principal Commissioner or Commissioner], refer the computation of the arm's length price in relation to the said [1][international transaction or specified domestic] transaction under section 92C to the Transfer Pricing Officer.

(*2*) Where a reference is made under sub-section (*1*), the Transfer Pricing Officer shall serve a notice on the assessee requiring him to produce or cause to be produced on a date to be specified therein, any evidence on which the assessee may rely in support of the computation made by him of the arm's length price in relation to the [1][international transaction or specified domestic] transaction referred to in sub-section (*1*).

[6][(*2A*) Where any other international transaction [other than an international transaction referred under sub-section (*1*),] comes to the notice of the Transfer Pricing Officer during the course of the proceedings before him, the provisions of this Chapter shall apply as if such other international transaction is an international transaction referred to him under sub-section (*1*).]

[7][(*2B*) Where in respect of an international transaction, the assessee has not furnished the report under section 92E and such transaction comes to the notice of the Transfer Pricing Officer during the course of the proceeding before him, the provisions of this Chapter shall apply as if such transaction is an international transaction referred to him under sub-section (*1*).]

---

1. Subs. by Act 23 of 2012, s. 38, for "international transaction" (w.e.f. 1-4-2013).
2. Subs. by Act 21 of 2006, s. 21, for "section 10A or section 10M or section 10B" (w.e.f. 1-4-2007).
3. Ins. by Act 20 of 2002, s. 41 (w.e.f. 1-4-2002).
4. Ins. by s. 42, *ibid.* (1-6-2012).
5. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).
6. Ins. by Act 8 of 2011, s. 14 (w.e.f. 1-6-2011).
7. Ins. by Act 23 of 2012, s. 39 (w.e.f. 1-6-2002).

[1][(*2C*) Nothing contained in sub-section (*2B*) shall empower the Assessing Officer either to assess or reassess under section 147 or pass an order enhancing the assessment or reducing a refund already made or otherwise increasing the liability of the assessee under section 154, for any assessment year, proceedings for which have been completed before the 1st day of July, 2012.]

(*3*) On the date specified in the notice under sub-section (*2*), or as soon thereafter as may be, after hearing such evidence as the assessee may produce, including any information or documents referred to in sub-section (*3*) of section 92D and after considering such evidence as the Transfer Pricing Officer may require on any specified points and after taking into account all relevant materials which he has gathered, the Transfer Pricing Officer shall, by order in writing, determine the arm's length price in relation to the [2][internationaltransaction or specified domestic] transaction in accordance with sub-section (*3*) of section 92C and send a copy of his order to the Assessing Officer and to the assessee.

[3][(*3A*) Wherea reference was made under sub-section (*1*) before the 1st day of June, 2007 but the order under sub-section (*3*) has not been made by the Transfer Pricing Officer before the said date, or a reference under sub-section (*1*) is made on or after the 1st day of June, 2007, an order under sub-section (*3*) may be made at any time before sixty days prior to the date on which the period of limitation referred to in section 153, or as the case may be, in section 153B for making the order of assessment or reassessment or recomputation or fresh assessment, as the case may be, expires:]

[4][Provided that in the circumstances referred to in clause (*ii*) or clause (*x*) of *Explanation* 1 to section 153, if the period of limitation available to the Transfer Pricing Officer for making an order is less than sixty days, such remaining period shall be extended to sixty days and the aforesaid period of limitation shall be deemed to have been extended accordingly.**]**

[3][(*4*) On receipt of the order under sub-section (*3*), the Assessing Officer shall proceed to compute the total income of the assessee under sub-section (*4*) of section 92C in conformity with the arm's length price as so determined by the Transfer Pricing Officer.]

(*5*) With a view to rectifying any mistake apparent from the record, the Transfer Pricing Officer may amend any order passed by him under sub-section (*3*), and the provisions of section 154 shall, so far as may be, apply accordingly.

(*6*) Where any amendment is made by the Transfer Pricing Officer under sub-section (*5*), he shall send a copy of his order to the Assessing Officer who shall thereafter proceed to amend the order of assessment in conformity with such order of the Transfer Pricing Officer.

(*7*) The Transfer Pricing Officer may, for the purposes of determining the arm's length price under this section, exercise all or any of the powers specified in clauses (*a*) to (*d*) of sub-section (*1*) ofsection 131 or sub-section (*6*) of section 133 [5][or section 133A].

*Explanation*.—For the purposes of this section, "Transfer Pricing Officer" means a Joint Commissioner or Deputy Commissioner or Assistant Commissioner authorised by the Board to perform all or any of the functions of an Assessing Officer specified in section 92C and 92D in respect of any person or class of persons.]

[6][**92CB.Power of Board to make safe harbour rules.**—(*1*) The determination of arm's length price under section 92C or section 92CA shall be subject to safe harbour rules.

(*2*) The Board may, for the purposes of sub-section (*1*), make rules for safe harbour.

*Explanation.*—For the purposes of this section, "safe harbour" means circumstances in which the income-tax authorities shall accept the transfer price declared by the assessee.]

---

1. Ins. by Act 23 of 2012, s. 39 (w.e.f. 1-7-2012).
2. Subs. by s. 38, *ibid.*, for "international transaction" (w.e.f. 1-4-2013).
3. Ins. by Act 22 of 2007, s. 33 (w.e.f. 1-6-2007).
4. Ins. by Act 28 of 2016, s. 47 (w.e.f. 1-6-2016).
5. Ins. by Act 8 of 2011, s. 14 (w.e.f. 1-6-2011).
6. Ins. by Act 33 of 2009, s. 41 (w.e.f. 1-4-2009).

[1][**92CC. Advance pricing agreement.**—(*1*) The Board, with the approval of the Central Government, may enter into an advance pricing agreement with any person, determining the arm's length price or specifying the manner in which arm's length price is to be determined, in relation to an international transaction to be entered into by that person.

(*2*) The manner of determination of arm's length price referred to in sub-section (*1*), may include the methods referred to in sub-section (*1*) of section 92C or any other method, with such adjustments or variations, as may be necessary or expedient so to do.

(*3*) Notwithstanding anything contained in section 92C or section 92CA, the arm's length price of any international transaction, in respect of which the advance pricing agreement has been entered into, shall be determined in accordance with the advance pricing agreement so entered.

(*4*) The agreement referred to in sub-section (*1*) shall be valid for such period not exceeding five consecutive previous years as may be specified in the agreement.

(*5*) The advance pricing agreement entered into shall be binding—

(*b*) on the person in whose case, and in respect of the transaction in relation to which, the agreement has been entered into; and

(*b*) on the [2][Principal Commissioner or] Commissioner, and the income-tax authorities subordinate to him, in respect of the said person and the said transaction.

(*6*) The agreement referred to in sub-section (*1*) shall not be binding if there is a change in law or facts having bearing on the agreement so entered.

(*7*) The Board may, with the approval of the Central Government, by an order, declare an agreement to be *void abinitio*, if it finds that the agreement has been obtained by the person by fraud or misrepresentation of facts.

(*8*) Upon declaring the agreement void *ab initio*,—

(*a*) all the provisions of the Act shall apply to the person as if such agreement had never been entered into; and

(*b*) notwithstanding anything contained in the Act, for the purpose of computing any period of limitation under this Act, the period beginning with the date of such agreement and ending on the date of order under sub-section (*7*) shall be excluded:

Provided that where immediately after the exclusion of the aforesaid period, the period of limitation, referred to in any provision of this Act, is less than sixty days, such remaining period shall be extended to sixty days and the aforesaid period of limitation shall be deemed to be extended accordingly.

(*9*) The Board may, for the purposes of this section, prescribe a scheme specifying therein the manner, form, procedure and any other matter generally in respect of the advance pricing agreement.

---

1. Ins. by Act 23 of 2012, s. 40 (w.e.f. 1-7-2012).
2. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

[1][(*9A*) The agreement referred to in sub-section (*1*), may, subject to such conditions, procedure and manner as may be prescribed, provide for determining the arm's length price or specify the manner in which arm's length price shall be determined in relation to the international transaction entered into by the person during any period not exceeding four previous years preceding the first of the previous years referred to in sub-section (*4*), and the arm's length price of such international transaction shall be determined in accordance with the said agreement.]

(*10*) Where an application is made by a person for entering into an agreement referred to in sub-section (*1*), the proceeding shall be deemed to be pending in the case of the person for the purposes of the Act.

**92CD. Effect to advance pricing agreement.**—(*1*) Notwithstanding anything to the contrary contained in section 139, where any person has entered into an agreement and prior to the date of entering into the agreement, any return of income has been furnished under the provisions of section 139 for any assessment year relevant to a previous year to which such agreement applies, such person shall furnish, within a period of three months from the end of the month in which the said agreement was entered into, a modified return in accordance with and limited to the agreement.

(*2*) Save as otherwise provided in this section, all other provisions of this Act shall apply accordingly as if the modified return is a return furnished under section 139.

(*3*) If the assessment or reassessment proceedings for an assessment year relevant to a previous year to which the agreement applies have been completed before the expiry of period allowed for furnishing of modified return under sub-section (*1*), the Assessing Officer shall, in a case where modified return is filed in accordance with the provisions of sub-section (*1*), proceed to assess or reassess or recompute the total income of the relevant assessment year having regard to and in accordance with the agreement.

(*4*) Where the assessment or reassessment proceedings for an assessment year relevant to the previous year to which the agreement applies are pending on the date of filing of modified return in accordance with the provisions of sub-section (*1*), the Assessing Officer shall proceed to complete the assessment or reassessment proceedings in accordance with the agreement taking into consideration the modified return so furnished.

(*5*) Notwithstanding anything contained in section 153 or section 153B or section 144C,—

(*a*) the order of assessment, reassessment or recomputation of total income under sub-section (*3*) shall be passed within a period of one year from the end of the financial year in which the modified return under sub-section (*1*) is furnished;

(*b*) the period of limitation as provided in section 153 or section 153B or section 144C for completion of pending assessment or reassessment proceedings referred to in sub-section (*4*) shall be extended by a period of twelve months.

(*6*) For the purposes of this section,—

(*i*) "agreement" means an agreement referred to in sub-section (*1*) of section 92CC;

(*ii*) the assessment or reassessment proceedings for an assessment year shall be deemed to have been completed where—

(*a*) an assessment or reassessment order has been passed; or

---

1. Ins. by Act 25 of 2014, s. 33 (w.e.f. 1-10-2014).

(*b*) no notice has been issued under sub-section (*2*) of section 143 till the expiry of the limitation period provided under the said section.]

[1]**[92CE. Secondary adjustment in certain cases.**—(*1*) Where a primary adjustment to transfer price,—

(*i*) has been made suomotu by the assessee in his return of income;

(*ii*) made by the Assessing Officer has been accepted by the assessee;

(*iii*) is determined by an advance pricing agreement entered into by the assessee under section 92CC;

(*iv*) is made as per the safe harbour rules framed under section 92CB; or

(*v*) is arising as a result of resolution of an assessment by way of the mutual agreement procedure under an agreement entered into under section 90 or section 90A for avoidance of double taxation,

the assessee shall make a secondary adjustment:

Provided that nothing contained in this section shall apply, if,—

(*i*) the amount of primary adjustment made in any previous year does not exceed one crore rupees; and

(*ii*) the primary adjustment is made in respect of an assessment year commencing on or before the 1st day of April, 2016.

(*2*) Where, as a result of primary adjustment to the transfer price, there is an increase in the total income or reduction in the loss, as the case may be, of the assessee, the excess money which is available with its associated enterprise, if not repatriated to India within the time as may be prescribed, shall be deemed to be an advance made by the assessee to such associated enterprise and the interest on such advance, shall be computed in such manner as may be prescribed.

(*3*) For the purposes of this section,—

(*i*) "associated enterprise" shall have the meaning assigned to it in sub-section (*1*) and sub-section (*2*) of section 92A;

(*ii*) "arm's length price" shall have the meaning assigned to it in clause (*ii*) of section 92F;

(*iii*) "excess money" means the difference between the arm's length price determined in primary adjustment and the price at which the international transaction has actually been undertaken;

(*iv*) "primary adjustment" to a transfer price, means the determination of transfer price in accordance with the arm's length principle resulting in an increase in the total income or reduction in the loss, as the case may be, of the assessee;

(*v*) "secondary adjustment" means an adjustment in the books of account of the assessee and its associated enterprise to reflect that the actual allocation of profits between the assessee and its associated enterprise are consistent with the transfer price determined as a result of primary adjustment, thereby removing the imbalance between cash account and actual profit of the assessee.]

---

1. Ins. by Act 7 of 2017, s. 42 (w.e.f. 1-4-2018).

**92D.Maintenance and keeping of information and document by persons entering into an** [1][**international** transaction **or specified domestic transaction].**—(*1*) Every person who has entered into an [1][international transaction or specified domestic transaction] shall keep and maintain such information and document in respect thereof, as may be prescribed.

[2][Provided thatthe person, being a constituent entity of an international group, shall also keep and maintain such information and document in respect of an international group as may be prescribed.

*Explanation*.—For the purposes of this section,—

(*A*) "constituent entity" shall have the meaning assigned to it in clause (*d*) of sub-section (*9*) of section 286;

(*B*) "international group" shall have the meaning assigned to it in clause (*g*) of sub-section (*9*) of section 286.]

(*2*) Without prejudice to the provisions contained in sub-section (*1*), the Board may prescribe the period for which the information and document shall be kept and maintained under that sub-section.

(*3*) The Assessing Officer or the Commissioner (Appeals) may, in the course of any proceeding under this Act, require any person who has entered into an [1][international transaction or specified domestic transaction] to furnish any information or document in respect thereof, as may be prescribed under sub-section (*1*), within a period of thirty days from the date of receipt of a notice issued in this regard:

Provided that the Assessing Officer or the Commissioner (Appeals) may, on an application made by such person, extend the period of thirty days by a further period not exceeding thirty days.

[2][(*4*) Withoutprejudice to the provisions of sub-section (*3*), the person referred to in the proviso to sub-section (*1*) shall furnish the information and document referred to in the said proviso to the authority prescribed under sub-section (*1*) of section 286, in such manner, on or before the date, as may be prescribed.]

**92E.Report from an accountant to be furnished by persons entering into** [1][**international** transaction **or specified domestic transaction].**—Every person who has entered into an[1][internationaltransaction or specified domestic transaction] during a previous year shall obtain a report from an accountant and furnish such report on or before the specified date in the prescribed form duly signed and verified in the prescribed manner by such accountant and setting forth such particulars as may be prescribed.

**92F.Definitions of certain terms relevant to computation of arm's length price, etc.**—In section 92, 92A, 92B, 92C, 92D and 92E, unless the context otherwise requires,—

(*i*) "accountant" shall have the same meaning as in the *Explanation* below sub-section (*2*) of section 288;

(*ii*) "arm's length price" means a price which is applied or proposed to be applied in a transaction between persons other than associated enterprises, in uncontrolled conditions;

(*iii*) "enterprise" means a person (including a permanent establishment of such person) who is, or has been, or is proposed to be, engaged in any activity, relating to the production, storage, supply, distribution, acquisition or control of articles or goods, or know-how, patents, copyrights, trade-marks, licences, franchises or any other business or commercial rights of similar nature, or any data, documentation, drawing or specification relating to any patent, invention, model, design, secret formula or process, of which the other enterprise is the owner or in respect of which the other

1. Subs. by Act 23 of 2012, s. 38, for "international transaction" (w.e.f. 1-3-2013).
2. Ins. by Act 28 of 2016, s. 48 (w.e.f. 1-4-2017).

enterprise has exclusive rights, or the provision of services of any kind, [1][or in carrying out any work in pursuance of a contract,] or in investment, or providing loan or in the business of acquiring, holding, underwriting or dealing with shares, debentures or other securities of any other body corporate, whether such activity or business is carried on, directly or through one or more of its units or divisions or subsidiaries, or whether such unit or division or subsidiary is located at the same place where the enterprise is located or at a different place or places;

[1][(*iiia*) "permanent establishment", referred to in clause (*iii*), includes a fixed place of business through which the business of the enterprise is wholly or partly carried on;]

[2][(*iv*) "specified date" shall have the same meaning as assigned to "due date" in *Explanation* 2 below sub-section (*1*) of section 139;

(*v*)  "transaction" includes an arrangement, understanding or action in concert,—

(*A*)  whether or not such arrangement, understanding or action is formal or in writing; or

(*B*)  whether or not such arrangement, understanding or action is intended to be enforceable by legal proceeding.]

**93. Avoidance of income-tax by transactions resulting in transfer of income to non-residents.**— (*1*) Where there is a transfer of assets by virtue or in consequence whereof, either alone or in conjunction with associated operations, any income becomes payable to a non-resident, the following provisions shall apply—

(*a*)  where any person has, by means of any such transfer, either alone or in conjunction with associated operations, acquired any rights by virtue of which he has, within the meaning of this section, power to enjoy, whether forthwith or in the future, any income of a non-resident person which, if it were income of the first-mentioned person, would be chargeable to income-tax, that income shall, whether it would or would not have been chargeable to income-tax apart from the provisions of this section, be deemed to be income of the first-mentioned person for all the purposes of this Act;

(*b*)  where, whether before or after any such transfer, any such first-mentioned person receives or is entitled to receive any capital sum the payment whereof is in any way connected with the transfer or any associated operations, then any income which, by virtue or in consequence of the transfer, either alone or in conjunction with associated operations, has become the income of a non-resident shall, whether it would or would not have been chargeable to income-tax apart from the provisions of this section, be deemed to be the income of the first-mentioned person for all the purposes of this Act.

*Explanation*.—The provisions of this sub-section shall apply also in relation to transfers of assets and associated operations carried out before the commencement of this Act.

(*2*) Where any person has been charged to income-tax on any income deemed to be his under the provisions of this section and that income is subsequently received by him, whether as income or in any other form, it shall not again be deemed to form part of his income for the purposes of this Act.

(*3*) The provisions of this section shall not apply if the first-mentioned person in sub-section (*1*) shows to the satisfaction of the [3][Assessing Officer] that—

(*a*)  neither the transfer nor any associated operation had for its purpose or for one of its purposes the avoidance of liability to taxation; or

(*b*)  the transfer and all associated operations were bona fide commercial transactions and were not designed for the purpose of avoiding liability to taxation.

---

1. Ins. by Act 20 of 2002, s. 43 (w.e.f. 1-4-2002).
2. Subs. by s. 43, *ibid.,* for clause (*iv*) (w.e.f. 1-4-2002).
3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

*Explanation.*—For the purposes of this section,—

(*a*)  references to assets representing any assets, income or accumulations of income include references to shares in or obligation of any company to which, or obligation of any other person to whom, those assets, that income or those accumulations are or have been transferred;

(*b*)  any body corporate incorporated outside India shall be treated as if it were a non-resident;

(*c*)  a person shall be deemed to have power to enjoy the income of a non-resident if—

(*i*)  the income is in fact so dealt with by any person as to be calculated at some point of time and, whether in the form of income or not, to ensure for the benefit of the first-mentioned person in sub-section (*1*), or

(*ii*)  the receipt or accrual of the income operates to increase the value to such first-mentioned person of any assets held by him or for his benefit, or

(*iii*)  such first-mentioned person receives or is entitled to receive at any time any benefit provided or to be provided out of that income or out of moneys which are or will be available for the purpose by reason of the effect or successive effects of the associated operations on that income and assets which represent that income, or

(*iv*)  such first-mentioned person has power by means of the exercise of any power of appointment or power of revocation or otherwise to obtain for himself, whether with or without the consent of any other person, the beneficial enjoyment of the income, or

(*v*)  such first-mentioned person is able, in any manner whatsoever and whether directly or indirectly, to control the application of the income;

(*d*)  in determining whether a person has power to enjoy income, regard shall be had to the substantial result and effect of the transfer and any associated operations, and all benefits which may at any time accrue to such person as a result of the transfer and any associated operations shall be taken into account irrespective of the nature or form of the benefits.

(*4*) (*a*)  "Assets" includes property or rights of any kind and "transfer" in relation to rights includes the creation of those rights;

(*b*)  "associated operation", in relation to any transfer, means an operation of any kind effected by any person in relation to—

(*i*)  any of the assets transferred, or

(*ii*)  any assets representing, whether directly or indirectly, any of the assets transferred, or

(*iii*)  the income arising from any such assets, or

(*iv*)  any assets representing, whether directly or indirectly, the accumulations of income arising from any such assets;

(*c*)  "benefit" includes a payment of any kind;

(*d*)  "capital sum" means—

(*i*)  any sum paid or payable by way of a loan or repayment of a loan; and

(*ii*)  any other sum paid or payable otherwise than as income, being a sum which is not paid or payable for full consideration in money or money's worth.

**94. Avoidance of tax by certain transactions in securities.**—(*1*) Where the owner of any securities [in this sub-section and in sub-section (*2*) referred to as "the owner"] sells or transfers those securities, and buys back or reacquires the securities, then, if the result of the transaction is that any interest becoming payable in respect of the securities is receivable otherwise than by the owner, the interest payable as aforesaid shall, whether it would or would not have been chargeable to income-tax apart from the provisions of this sub-section, be deemed, for all the purposes of this Act, to be the income of the owner and not to be the income of any other person.

*Explanation*.—The references in this sub-section to buying back or reacquiring the securities shall be deemed to include references to buying or acquiring similar securities, so, however, that where similar securities are bought or acquired, the owner shall be under no greater liability to income-tax than he would have been under if the original securities had been bought back or reacquired.

(*2*) Where any person has had at any time during any previous year any beneficial interest in any securities, and the result of any transaction relating to such securities or the income thereof is that, in respect of such securities within such year, either no income is received by him or the income received by him is less than the sum to which the income would have amounted if the income from such securities had accrued from day to day and been apportioned accordingly, then the income from such securities for such year shall be deemed to be the income of such person.

(*3*) The provisions of sub-section (*1*) or sub-section (*2*) shall not apply if the owner, or the person who has had a beneficial interest in the securities, as the case may be, proves to the satisfaction of the [1][Assessing Officer]—

(*a*) that there has been no avoidance of income-tax, or

(*b*) that the avoidance of income-tax was exceptional and not systematic and that there was not in his case in any of the three preceding years any avoidance of income-tax by a transaction of the nature referred to in sub-section (*1*) or sub-section (*2*).

(*4*) Where any person carrying on a business which consists wholly or partly in dealing in securities, buys or acquires any securities and sells back or retransfers the securities, then, if the result of the transaction is that interest becoming payable in respect of the securities is receivable by him but is not deemed to be his income by reason of the provisions contained in sub-section (*1*), no account shall be taken of the transaction in computing for any of the purposes of this Act the profits arising from or loss sustained in the business.

(*5*) Sub-section (*4*) shall have effect, subject to any necessary modifications, as if references to selling back or retransferring the securities included references to selling or transferring similar securities.

(*6*) The [1][Assessing Officer] may, by notice in writing, require any person to furnish him within such time as he may direct (not being less than twenty-eight days), in respect of all securities of which such person was the owner or in which he had a beneficial interest at any time during the period specified in the notice, such particulars as he considers necessary for the purposes of this section and for the purpose of discovering whether income-tax has been borne in respect of the interest on all those securities.

[2][(*7*) Where—

(*a*) any person buys or acquires any securities or unit within a period of three months prior to the record date;

[3][(*b*) such person sells or transfers—

(*i*) such securities within a period of three months after such date; or

(*ii*) such unit within a period of nine months after such date;]

(*c*) the dividend or income on such securities or unit received or receivable by such person is exempt,

then, the loss, if any, arising to him on account of such purchase and sale of securities or unit, to the extent such loss does not exceed the amount of dividend or income received or receivable on such securities or unit, shall be ignored for the purposes of computing his income chargeable to tax.]

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 14 of 2001, s. 50 (w.e.f. 1-4-2002).
3. Subs. by Act 23 of 2004, s. 25, for clause (*b*) (w.e.f. 1-4-2005).

[1][(*8*) Where—

    (*a*) any person buys or acquires any units within a period of three months prior to the record date;

    (*b*) such person is allotted additional units without any payment on the basis of holding of such units on such date;

    (*c*) such person sells or transfers all or any of the units referred to in clause (*a*) within a period of nine months after such date, while continuing to hold all or any of the additional units referred to in clause (*b*),

then, the loss, if any, arising to him on account of such purchase and sale of all or any of such units shall be ignored for the purposes of computing his income chargeable to tax and notwithstanding anything contained in any other provision of this Act, the amount of loss so ignored shall be deemed to be the cost of purchase or acquisition of such additional units referred to in clause (*b*) as are held by him on the date of such sale or transfer.]

*Explanation*.—For the purposes of this section,—

    (*a*) "interest" includes a dividend;

[2][(*aa*) "record date" means such date as may be fixed by—

    (*i*) a company for the purposes of entitlement of the holder of the securities to receive dividend; or

    (*ii*) a Mutual Fund or the Administrator of the specified undertaking or the specified company as referred to in the *Explanation* to clause (*35*) of section 10, for the purposes of entitlement of the holder of the units to receive income, or additional unit without any consideration, as the case may be;

    (*b*) "securities" includes stocks and shares;

    (*c*) securities shall be deemed to be similar if they entitle their holders to the same rights against the same persons as to capital and interest and the same remedies for the enforcement of those rights, notwithstanding any difference in the total nominal amounts of the respective securities or in the form in which they are held or in the manner in which they can be transferred;

[2][(*d*) "unit" shall have the meaning assigned to it in clause (*b*) of the *Explanation* to section 115AB.]

[3][**94A. Special measures in respect of transactions with persons located in notified jurisdictional area.**—(*1*) The Central Government may, having regard to the lack of effective exchange of information with any country or territory outside India, specify by notification in the Official Gazette such country or territory as a notified jurisdictional area in relation to transactions entered into by any assessee.

(*2*) Notwithstanding anything to the contrary contained in this Act, if an assessee enters into a transaction where one of the parties to the transaction is a person located in a notified jurisdictional area, then—

    (*i*) all the parties to the transaction shall be deemed to be associated enterprises within the meaning of section 92A;

    (*ii*) any transaction in the nature of purchase, sale or lease of tangible or intangible property or provision of service or lending or borrowing money or any other transaction having a bearing on the profits, income, losses or assets of the assessee including a mutual agreement or arrangement for allocation or apportionment of, or any contribution to, any cost or expense incurred or to be incurred in connection with a benefit, service or facility provided or to be provided by or to the assessee shall be deemed to be an international transaction within the meaning of section 92B,

and the provisions of sections 92, 92A, 92B, 92C except the second proviso to sub-section (*2*), 92CA,92CB, 92CD, 92E and 92F shall apply accordingly.

1. Ins. by Act 23 of 2004, s. 25 (w.e.f. 1-4-2005).
2. Ins. by Act 14 of 2001, s. 50 (w.e.f. 1-4-2002).
3. Ins. by Act 8 of 2011, s. 15 (w.e.f. 1-6-2011).

(*3*) Notwithstanding anything to the contrary contained in this Act, no deduction,—

(*a*)  in respect of any payment made to any financial institution located in a notified jurisdictional area shall be allowed under this Act, unless the assessee furnishes an authorisation in the prescribedform authorisingthe Board or any other income-tax authority acting on its behalf to seek relevant information from the said financial institution on behalf of such assessee; and

(*b*)  in respect of any other expenditure or allowance (including depreciation) arising from the transaction with a person located in a notified jurisdictional area shall be allowed under any other provision of this Act, unless the assessee maintains such other documents and furnishes such information as may be prescribed, in this behalf.

(*4*) Notwithstanding anything to the contrary contained in this Act, where, in any previous year, the assessee has received or credited any sum from any person located in a notified jurisdictional area and the assessee does not offer any explanation about the source of the said sum in the hands of such person or in the hands of the beneficial owner (if such person is not the beneficial owner of the said sum) or the explanation offered by the assessee, in the opinion of the Assessing Officer, is not satisfactory, then, such sum shall be deemed to be the income of the assessee for that previous year.

(*5*) Notwithstanding anything contained in any other provisions of this Act, where any person located in a notified jurisdictional area is entitled to receive any sum or income or amount on which tax is deductible under Chapter XVIIB, the tax shall be deducted at the highest of the following rates, namely:—

(*a*) at the rate or rates in force;

(*b*) at the rate specified in the relevant provisions of this Act;

(*c*) at the rate of thirty per cent.

(*6*) In this section,—

(*i*)  "person located in a notified jurisdictional area" shall include,—

(*a*)  a person who is resident of the notified jurisdictional area;

(*b*)  a person, not being an individual, which is established in the notified jurisdictional area; or

(*c*)  a permanent establishment of a person not falling in sub-clause (*a*) or sub-clause (*b*), in the notified jurisdictional area;

(*ii*)  "permanent establishment" shall have the same meaning as defined in clause (*iiia*) of section 92F;

(*iii*) "transaction" shall have the same meaning as defined in clause (*v*) of section 92F.]

[1][**94B. Limitation on interest deduction in certain cases.**—(*1*) Notwithstanding anything contained in this Act, where an Indian company, or a permanent establishment of a foreign company in India, being the borrower, incurs any expenditure by way of interest or of similar nature exceeding one crore rupees which is deductible in computing income chargeable under the head "Profits and gains of business or profession" in respect of any debt issued by a nonresident, being an associated enterprise of such borrower, the interest shall not be deductible in computation of income under the said head to the extent that it arises from excess interest, as specified in sub-section (*2*):

Provided that where the debt is issued by a lender which is not associated but an associated enterprise either provides an implicit or explicit guarantee to such lender or deposits a corresponding and matching amount of funds with the lender, such debt shall be deemed to have been issued by an associated enterprise.

---

1. Ins. by Act 7 of 2017, s. 43 (w.e.f. 1-4-2018).

(*2*) For the purposes of sub-section (*1*), the excess interest shall mean an amount of total interest paid or payable in excess of thirty per cent. of earnings before interest, taxes, depreciation and amortisation of the borrower in the previous year or interest paid or payable to associated enterprises for that previous year, whichever is less.

(*3*) Nothing contained in sub-section (*1*) shall apply to an Indian company or a permanent establishment of a foreign company which is engaged in the business of banking or insurance.

(*4*) Where for any assessment year, the interest expenditure is not wholly deducted against income under the head "Profits and gains of business or profession", so much of the interest expenditure as has not been so deducted, shall be carried forward to the following assessment year or assessment years, and it shall be allowed as a deduction against the profits and gains, if any, of any business or profession carried on by it and assessable for that assessment year to the extent of maximum allowable interest expenditure in accordance with sub-section (*2*):

Provided that no interest expenditure shall be carried forward under this sub-section for more than eight assessment years immediately succeeding the assessment year for which the excess interest expenditure was first computed.

(*5*) For the purposes of this section, the expressions—

(*i*) "associated enterprise" shall have the meaning assigned to it in sub-section (*1*) and sub-section (*2*) of section 92A;

(*ii*) "debt" means any loan, financial instrument, finance lease, financial derivative, or any arrangement that gives rise to interest, discounts or other finance charges that are deductible in the computation of income chargeable under the head "Profits and gains of business or profession";

(*iii*) "permanent establishment" includes a fixed place of business through which the business of the enterprise is wholly or partly carried on.'.]

[1][CHAPTER XA

GENERAL ANTI-AVOIDANCE RULE

**95. Applicability of General Anti-Avoidance Rule.**—[2][(*1*)] Notwithstanding anything contained in the Act, an arrangement entered into by an assessee may be declared to be an impermissible avoidance arrangement and the consequence in relation to tax arising therefrom may be determined subject to the provisions of this Chapter.

[3][(*2*) This Chapter shall apply in respect of any assessment year beginning on or after the 1st day of April, 2018.]

*Explanation*.—For the removal of doubts, it is hereby declared that the provisions of this Chapter may be applied to any step in, or a part of, the arrangement as they are applicable to the arrangement.

**96. Impermissible avoidance arrangement.**—(*1*) An impermissible avoidance arrangement means an arrangement, the main purpose of which is to obtain a tax benefit, and it—

(*a*) creates rights, or obligations, which are not ordinarily created between persons dealing at arm's length;

(*b*) results, directly or indirectly, in the misuse, or abuse, of the provisions of this Act;

(*c*) lacks commercial substance or is deemed to lack commercial substance under section 97, in whole or in part; or

---

1. Ins. by Act 17 of 2013, s. 26 (w.e.f. 1-4-2016). Earlier inserted by Act 23 of 2012, s. 41 (w.e.f. 1-4-2014)
2. Section 95 renumbered as sub-section (*1*) thereof by Act 20 of 2015, s. 26 (w.e.f. 1-4-2015).
3. Ins. by s. 26, *ibid.* (w.e.f. 1-4-2015).

(*d*)  is entered into, or carried out, by means, or in a manner, which are not ordinarily employed for bona fide purposes.

(*2*) An arrangement shall be presumed, unless it is proved to the contrary by the assessee, to have been entered into, or carried out, for the main purpose of obtaining a tax benefit, if the main purpose of a step in, or a part of, the arrangement is to obtain a tax benefit, notwithstanding the fact that the main purpose of the whole arrangement is not to obtain a tax benefit.

**97. Arrangement to lack commercial substance.**—(*1*) An arrangement shall be deemed to lack commercial substance, if—

(*a*)  the substance or effect of the arrangement as a whole, is inconsistent with, or differs significantly from, the form of its individual steps or a part; or

(*b*)  it involves or includes—

 (*i*) round trip financing;

 (*ii*)  an accommodating party;

(*iii*) elements that have effect of offsetting or cancelling each other; or

(*iv*)  a transaction which is conducted through one or more persons and disguises the value, location, source, ownership or control of funds which is the subject matter of such transaction; or

(*c*)  it involves the location of an asset or of a transaction or of the place of residence of any party which is without any substantial commercial purpose other than obtaining a tax benefit (but for the provisions of this Chapter) for a party; or

(*d*)  it does not have a significant effect upon the business risks or net cash flows of any party to the arrangement apart from any effect attributable to the tax benefit that would be obtained (but for the provisions of this Chapter).

(*2*) For the purposesof sub-section (*1*), round trip financing includes any arrangementof in which, through a series of transactions—

(*a*)  funds are transferred among the parties to the arrangement; and

(*b*)  such transactions do not have any substantial commercial purpose other than obtaining the tax benefit (but for the provisions of this Chapter),

without having any regard to—

(*A*) whether or not the funds involved in the round trip financing can be traced to any funds transferred to, or received by, any party in connection with the arrangement;

(*B*)  the time, or sequence, in which the funds involved in the round trip financing are transferred or received; or

(*C*)  the means by, or manner in, or mode through, which funds involved in the round trip financing are transferred or received.

(*3*) For the purposes of this Chapter, a party to an arrangement shall be an accommodating party, if the main purpose of the direct or indirect participation of that party in the arrangement, in whole or in part, is to obtain, directly or indirectly, a tax benefit (but for the provisions of this Chapter) for the assessee whether or not the party is a connected person in relation to any party to the arrangement.

(*4*) For the removal of doubts, it is hereby clarified that the following may be relevant but shall not be sufficient for determining whether an arrangement lacks commercial substance or not, namely:—

(*i*) the period or time for which the arrangement (including operations therein) exists;

(*ii*)  the fact of payment of taxes, directly or indirectly, under the arrangement;

(*iii*) the fact that an exit route (including transfer of any activity or business or operations) is provided by the arrangement.

**98. Consequences of impermissible avoidance arrangement.**—(*1*) If an arrangement is declared to be an impermissible avoidance arrangement, then, the consequences, in relation to tax, of the arrangement, including denial of tax benefit or a benefit under a tax treaty, shall be determined, in such manner as is deemed appropriate, in the circumstances of the case, including by way of but not limited to the following, namely:—

(*a*) disregarding, combining or recharacterising any step in, or a part or whole of, the impermissible avoidance arrangement;

(*b*) treating the impermissible avoidance arrangement as if it had not been entered into or carried out;

(*c*) disregarding any accommodating party or treating any accommodating party and any other party as one and the same person;

(*d*) deeming persons who are connected persons in relation to each other to be one and the same person for the purposes of determining tax treatment of any amount;

(*e*) reallocating amongst the parties to the arrangement—

(*i*) any accrual, or receipt, of a capital nature or revenue nature; or

(*ii*) any expenditure, deduction, relief or rebate;

(*f*) treating—

(*i*) the place of residence of any party to the arrangement; or

(*ii*) thesitus of an asset or of a transaction,

at a place other than the place of residence, location of the asset or location of the transaction as provided under the arrangement; or

(*g*) considering or looking through any arrangement by disregarding any corporate structure.

(*2*) For the purposes of sub-section (*1*),—

(*i*) any equity may be treated as debt or vice versa;

(*ii*) any accrual, or receipt, of a capital nature may be treated as of revenue nature or vice versa; or

(*iii*) any expenditure, deduction, relief or rebate may be recharacterised.

**99. Treatment of connected person and accommodating party.**—For the purposes of this Chapter, in determining whether a tax benefit exists,—

(*i*) the parties who are connected persons in relation to each other may be treated as one and the same person;

(*ii*) any accommodating party may be disregarded;

(*iii*) the accommodating party and any other party may be treated as one and the same person;

(*iv*) the arrangement may be considered or looked through by disregarding any corporate structure.

**100. Application of this Chapter.**—The provisions of this Chapter shall apply in addition to, or in lieu of, any other basis for determination of tax liability.

**101. Framing of guidelines.**—The provisions of this Chapter shall be applied in accordance with such guidelines and subject to such conditions, as may be prescribed.

**102. Definitions.**—In this Chapter, unless the context otherwise requires,—

(*1*) "arrangement" means any step in, or a part or whole of, any transaction, operation, scheme, agreement or understanding, whether enforceable or not, and includes the alienation of any property in such transaction, operation, scheme, agreement or understanding;

(*2*) "asset" includes property, or right, of any kind;

(*3*) "benefit" includes a payment of any kind whether in tangible or intangible form;

(*4*) "connected person" means any person who is connected directly or indirectly to another person and includes,—

(*a*) any relative of the person, if such person is an individual;

(*b*) any director of the company or any relative of such director, if the person is a company;

(*c*) any partner or member of a firm or association of persons or body of individuals or any relative of such partner or member, if the person is a firm or association of persons or body of individuals;

(*d*) any member of the Hindu undivided family or any relative of such member, if the person is a Hindu undivided family;

(*e*) any individual who has a substantial interest in the business of the person or any relative of such individual;

(*f*) a company, firm or an association of persons or a body of individuals, whether incorporated or not, or a Hindu undivided family having a substantial interest in the business of the person or any director, partner, or member of the company, firm or association of persons or body of individuals or family, or any relative of such director, partner or member;

(*g*) a company, firm or association of persons or body of individuals, whether incorporated or not, or a Hindu undivided family, whose director, partner, or member has a substantial interest in the business of the person, or family or any relative of such director, partner or member;

(*h*) any other person who carries on a business, if—

(*i*) the person being an individual, or any relative of such person, has a substantial interest in the business of that other person; or

(*ii*) the person being a company, firm, association of persons, body of individuals, whether incorporated or not, or a Hindu undivided family, or any director, partner or member of such company, firm or association of persons or body of individuals or family, or any relative of such director, partner or member, has a substantial interest in the business of that other person;

(*5*) "fund" includes—

(*a*) any cash;

(*b*) cash equivalents; and

(*c*) any right, or obligation, to receive or pay, the cash or cash equivalent;

(*6*) "party" includes a person or a permanent establishment which participates or takes part in an arrangement;

(*7*) "relative" shall have the meaning assigned to it in the *Explanation* to clause (*vi*) of sub-section (*2*) of section 56;

(*8*) a person shall be deemed to have a substantial interest in the business, if,—

(*a*) in a case where the business is carried on by a company, such person is, at any time during the financial year, the beneficial owner of equity shares carrying twenty per cent or more, of the voting power; or

(*b*) in any other case, such person is, at any time during the financial year, beneficially entitled to twenty per cent or more, of the profits of such business;

(*9*) "step" includes a measure or an action, particularly one of a series taken in order to deal with or achieve a particular thing or object in the arrangement;

(*10*) "tax benefit" includes,—

(*a*) a reduction or avoidance or deferral of tax or other amount payable under this Act; or

(*b*) an increase in a refund of tax or other amount under this Act; or

(*c*) a reduction or avoidance or deferral of tax or other amount that would be payable under this Act, as a result of a tax treaty; or

(*d*) an increase in a refund of tax or other amount under this Act as a result of a tax treaty; or

(*e*) a reduction in total income; or

(*f*) an increase in loss,

in the relevant previous year or any other previous year;

(*11*) "tax treaty" means an agreement referred to in sub-section (*1*) of section 90 or sub-section (*1*) of section 90A.]

## CHAPTER XI

### ADDITIONAL INCOME-TAX ON UNDISTRIBUTED PROFITS

**104.** [**Income-tax on undistributed income of certain companies.**]—*Omitted by the Finance Act,* 1987 (11 *of* 1987), *s*. 41 (*w.e.f.* 1-4-1988).

**105.** [**Special provisions for certain companies.**]—*Omitted by the Finance Act,* 1987 (11 *of* 1987), *s*. 41 (*w.e.f.* 1-4-1988).

**106.** [**Period of limitation for making orders under section 104.**]—*Omitted by the Finance Act,* 1987 (11 *of* 1987), *s*. 41 (*w.e.f.* 1-4-1988).

**107.** [**Approval of Inspecting Assistant Commissioner for orders under section 104.**]—*Omitted by the Finance Act*, 1987 (11 *of* 1987), *s*. 41 (*w.e.f.* 1-4-1988).

**107A.** [**Reduction of minimum distribution in certain cases.**]—*Omitted by the Finance Act,* 1987 (11 *of* 1987), *s*. 41 (*w.e.f.* 1-4-1988). *Earlier s*. 107A *was inserted by the Finance Act,* 1964 (20 *of* 1964), *s*. 26 (*w.e.f.* 1-4-1964).

**108.** [**Savings for company in which public are substantially interested.**]—*Omitted by the Finance Act*, 1987 (11 *of* 1987), *s*. 41 (*w.e.f.* 1-4-1988).

**109.** [**"Distributable income", "investment company" and "statutory percentage" defined.**]—*Omitted by the Finance Act*, 1987 (11 *of* 1987), *s*. 41 (*w.e.f.* 1-4-1988).

## CHAPTER XII

### DETERMINATION OF TAX IN CERTAIN SPECIAL CASES

[1][**110. Determination of tax where total income includes income on which no tax is payable.**—Where there is included in the total income of an assessee any income on which no income-tax is payable under the provisions of this Act, the assessee shall be entitled to a deduction, from the amount of income-tax with which he is chargeable on his total income, of an amount equal to the income-tax calculated at the average rate of income-tax on the amount on which no income-tax is payable.]

---

1. Subs. by Act 10 of 1965, s. 32, for section 110 (w.e.f. 1-4-1965).

**111. Tax on accumulated balance of recognised provident fund.**—(*1*) Where the accumulated balance due to an employee participating in a recognised provident fund is included in his total income, owing to the provisions of rule 8 of Part A of the Fourth Schedule not being applicable, the [1][Assessing Officer] shall calculate the total of the various sums of [2][tax] in accordance with the provisions of sub-rule (*1*) of rule 9 thereof.

(*2*) Where the accumulated balance due to an employee participating in a recognised provident fund which is not included in his total income under the provisions of rule 8 of Part A of the Fourth Schedule becomes payable, super-tax shall be calculated in the manner provided in sub-rule (*2*) of rule 9 thereof.

[3][**111A. Tax on short-term capital gains in certain cases.**—(*1*) Where the total income of an assessee includes any income chargeable under the head "Capital gains", arising from the transfer of a short-term capital asset, being an equity share in a company or a unit of an equity oriented fund [4][or a unit of a business trust] and—

(*a*) the transaction of sale of such equity share or unit is entered into on or after the date on which Chapter VII of the Finance (No. 2) Act, 2004 comes into force; and

(*b*) such transaction is chargeable to securities transaction tax under that Chapter,

the tax payable by the assessee on the total income shall be the aggregate of—

(*i*)  the amount of income-tax calculated on such short-term capital gains at the rate of [5][fifteen per cent.]; and

(*ii*) the amount of income-tax payable on the balance amount of the total income as if such balance amount were the total income of the assessee:

Provided that in the case of an individual or a Hindu undivided family, being a resident, where the total income as reduced by such short-term capital gains is below the maximum amount which is not chargeable to income-tax, then, such short-term capital gains shall be reduced by the amount by which the total income as so reduced falls short of the maximum amount which is not chargeable to income-tax and the tax on the balance of such short-term capital gains shall be computed at the rate of [6][fifteen per cent.].

[7][Provided further that nothing contained in clause (*b*) shall apply to a transaction undertaken on a recognised stock exchange located in any International Financial Services Centre and where the consideration for such transaction is paid or payable in foreign currency.]

(*2*) Where the gross total income of an assessee includes any short-term capital gains referred to in sub-section (*1*), the deduction under Chapter VIA shall be allowed from the gross total income as reduced by such capital gains.

(*3*) Where the total income of an assessee includes any short-term capital gains referred to in sub-section (*1*), the rebate under section 88 shall be allowed from the income-tax on the total income as reduced by such capital gains.

[8][*Explanation.*—For the purposes of this section,—

(*a*) "equity oriented fund" shall, have the meaning assigned to it in the *Explanation* to clause (*38*) of section 10;

(*b*) "International Financial Services Centre" shall have the same meaning as assigned to it in clause (*q*) of section 2 of the Special Economic Zones Act, 2005 (28 of 2005);

(*c*) "recognised stock exchange" shall have the meaning assigned to it in clause (*ii*) of the *Explanation* 1 to sub-section (*5*) of section 43.]]

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Subs. by Act 10 of 1965, s. 33, for "income-tax and super-tax" (w.e.f. 1-4-1965).
3. Ins. by Act 23 of 2004, s. 26 (w.e.f. 1-4-2005).
4. Ins. by Act 25 of 2014, s. 34 (w.e.f. 1-4-2015).
5. Subs. by Act 18 of 2008, s. 21, for "ten per cent." (w.e.f. 1-4-2009).
6. Subs. by Act 23 of 2012, s. 42, for "ten per cent." (w.e.f. 1-4-2009).
7. Ins. by Act 28 of 2016, s. 49 (w.e.f. 1-4-2017). The second proviso omitted by Act 20 of 2015, s. 27 (w.e.f. 1-4-2016). Earlier the same proviso was inserted by Act 25 of 2014, s. 34 (w.e.f. 1-4-2015).
8. Subs. by s. 49, *ibid.*, for the *Explanation* (w.e.f. 1-4-2017).

[1][**112. Tax on long-term capital gains.**—(*1*) Where the total income of an assessee includes any income, arising from the transfer of a long-term capital asset, which is chargeable under the head "Capital gains", the tax payable by the assessee on the total income shall be the aggregate of,—

(*a*) in the case of an individual or a Hindu undivided family, [2][being a resident,]—

(*i*)  the amount of income-tax payable on the total income as reduced by the amount of such long-term capital gains, had the total income as so reduced been his total income; and

(*ii*)  the amount of income-tax calculated on such long-term capital gains at the rate of twenty per cent.:

Provided that where the total income as reduced by such long-term capital gains is below the maximum amount which is not chargeable to income-tax, then, such long-term capital gains shall be reduced by the amount by which the total income as so reduced falls short of the maximum amount which is not chargeable to income-tax and the tax on the balance of such long-term capital gains shall be computed at the rate of twenty per cent.;

(*b*) in the case of a [3][domestic company],—

(*i*)  the amount of income-tax payable on the total income as reduced by the amount of such long-term capital gains, had the total income as so reduced been its total income; and

(*ii*)  the amount of income-tax calculated on such long-term capital gains at the rate of [4][twenty per cent.]:

[5]*          *          *          *          *

[2][(*c*) in the case of a non-resident (not being a company) or a foreign company,—

(*i*)  the amount of income-tax payable on the total income as reduced by the amount of such long-term capital gains, had the total income as so reduced been its total income; and

[6][(*ii*) the amount of income-tax calculated on long-term capital gains [except where such gain arises from transfer of capital asset referred to in sub-clause (*iii*)] at the rate of twenty per cent.; and]

(*iii*) the amount of income-tax on long-term capital gains arising from the transfer of a capital asset, being [7][unlisted securities or shares of a company not being a company in which the public are substantially interested], calculated at the rate of ten per cent. on the capital gains in respect of such asset as computed without giving effect to the first and second proviso to section 48;]]

[8][(*d*)  in any other case [9][of a resident],—

(*i*)  the amount of income-tax payable on the total income as reduced by the amount of long-term capital gains, had the total income as so reduced been its total income; and

(*ii*) the amount of income-tax calculated on such long-term capital gains at the rate of [10][twenty per cent.; and]

---

1. Ins. by Act 18 of 1992, s. 53 (w.e.f. 1-4-1993). Earlier section 112 was omitted by 20 of 1967, s. 33 and the Third Schedule (w.e.f. 1-4-1968)
2. Ins. by 32 of 1994, s. 31 (w.e.f. 1-4-1995).
3. Subs. by s. 31, *ibid*., for "company" (w.e.f. 1-4-1995).
4. Subs. by Act 33 of 1996, s. 37, for "thirty per cent." (w.e.f. 1-4-1997).Earlier substituted by Act 32 of 1994, s. 31, for "forty per cent." (w.e.f. 1-4-1995).
5. Proviso omitted  by Act 22 of 1995, s. 23 (w.e.f. 1-4-1996). Prior to its omission, the proviso, as amended by the 22 of 1995, s. 23 (w.e.f. 1-4-1996). Prior to its omission, the proviso, as amended by the 32 of 1994, s. 31 (1-4-1995).
6. Subs. by Act 23 of 2012, s. 43, for sub-clause (*ii*) (w.e.f. 1-4-2013).
7. Subs. by 28 of 2016, s. 50, for "unlisted securities" (w.e.f. 1-4-2017).
8. Clause (*c*) relettered as Clause (*d*) thereof by Act 32 of 1994, s. 31 (w.e.f. 1-4-1995).
9. Ins. by s. 31, *ibid*., (w.e.f. 1-4-1995).
10. Subs. by Act 33 of 1996, s. 37, for "thirty per cent." (w.e.f. 1-4-1997).

[1]*                *                *                *                *

[2][Provided that where the tax payable in respect of any income arising from the transfer of a long-term capital asset, [3][being listed securities (other than a unit)] [4][or zero coupon bond], exceeds ten per cent of the amount of capital gains before giving effect to the provisions of the second proviso to section 48, then, such excess shall be ignored for the purpose of computing the tax payable by the assessee:

[5][Provided further that where the tax payable in respect of any income arising from the transfer of a long-term capital asset, being a unit of a Mutual Fund specified under clause (*23D*) of section 10, during the period beginning on the 1st day of April, 2014 and ending on the 10th day of July, 2014, exceeds ten per cent. of the amount of capital gains, before giving effect to the provisions of the second proviso to section 48, then, such excess shall be ignored for the purpose of computing the tax payable by the assessee.]

[6][*Explanation.*—For the purposes of this sub-section,—

[7][(*a*)  the expression "securities" shall have the meaning assigned to it in clause (*h*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (32 of 1956);

(*aa*) "listed securities" means the securities which are listed on any recognised stock exchange in India;

(*ab*) "unlisted securities" means securities other than listed securities.

[8]*                *                *                *]]]

(*2*) Where the gross total income of an assessee includes any income arising from the transfer of a long-term capital asset, the gross total income shall be reduced by the amount of such income and the deduction under Chapter VI-A shall be allowed as if the gross total income as so reduced were the gross total income of the assessee.

(*3*) Where the total income of an assessee includes any income arising from the transfer of a long-term capital asset, the total income shall be reduced by the amount of such income and the rebate under section 88 shall be allowed from the income-tax on the total income as so reduced.]

**112A. [Tax on interest on National Savings Certificates (First Issue)].**—*Omitted by the Finance Act* (26 *of* 1988), *s.* 30 (*w.e.f.* 1-4-1989). *Original section* 112A *was inserted by the Finance* (*No.* 2) *Act* (15 *of* 1965), *s*. 11 (*w.e.f.* 11-9-1965) *and later on amended by the Finance Act* (*13 of* 1966), *s.* 22 (*w.e.f.* 1-4-1966) *Finance* (*No.* 2) *Act*, 1967, (*w.e.f.* 1-4-1968), *Taxation Laws* (*Amendment*) *Act*, 1970 (42 *of* 1970), s. 24 (*w.e.f.* 1-4-1968/1969) *and Finance Act*, 1973 (21 *of* 1973), *s.* 14 (*w.e.f.* 1-4-1972).

---

1. The *Explanation* omitted by Act 22 of 1995, s. 23 (w.e.f. 1-4-1996).

2. Ins. by Act 27 of 1999, s. 57 (w.e.f. 1-4-2000).

3. Subs. by Act 25 of 2014, s. 35, "being listed securities or unit" (w.e.f. 1-4-2015).

4. Ins. by 18 of 2005, s. 33 (w.e.f. 1-4-2006).

5. Ins. by Act 25 of 2014, s. 35 (w.e.f. 1-4-2015).

6. Subs. by Act 10 of 2000, s. 49, for the *Explanation* (w.e.f. 1-4-2000). Prior to its Inserted by Act 27 of 1999, s. 57 (w.e.f. 1-4-2000).

7. Subs. by Act 23 of 2012, s. 43, for clause (*a*) (w.e.f. 1-4-2013).

8. Clause (*b*) omitted by Act 25 of 2014, s. 35 (w.e.f. 1-4-2015).

[1][**113. Tax in the case of block assessment of search cases**.—The total undisclosed income of the block period, determined under section 158BC, shall be chargeable to tax at the rate of sixty per cent.:]

[2][Provided that the tax chargeable under this section shall be increased by a surcharge, if any, levied by any Central Act and applicable in the assessment year relevant to the previous year in which the search is initiated under section 132 or the requisition is made under section 132A.]

**114.** [**Tax on capital gains in cases of assessees other than companies**.]—*Omitted by the Finance* (*No.* 2) *Act,* 1967, *w.e.f.* 1-4-1968 *and reintroduced with material modifications in section 80T. Section* 114 *was substituted first by the Finance* (*No.* 2) *Act,* 1962, *w.e.f.* 1-4-1962 *and later on amended by the Finance Act,* 1964, *w.e.f.* 1-4-1964, *the Finance Act,* 1965, *w.e.f.* 1-4-1965, *the Finance* (*No.* 2) *Act,* 1965, *w.e.f.* 11-9-1965 *and the Finance Act,* 1966, *w.e.f.* 1-4-1966.

**115.** [**Tax on capital gains in case of companies**.]—*Omitted by the Finance Act,* 1987 (11 *of* 1987), s. 42 (*w.e.f.* 1-4-1988).

[3][**115A. Tax on dividends, royalty and technical service fees in the case of foreign companies**.—[4][(*1*) Where the total income of—

(*a*)  a non-resident (not being a company) or of a foreign company, includes any income by way of—

(*i*)  [5][dividends other than dividends referred to in section 115-O]; or

(*ii*)  interest received from Government or an Indian concern on monies borrowed or debt incurred by Government or the Indian concern in foreign currency [6][not being interest of the nature referred to in [7][sub-clause (*iia*) or sub-clause (*iiaa*)]]; or

[6][(*iia*) interest received from an infrastructure debt fund referred to in clause (*47*) of section 10; or]

[8][(*iiaa*) interest of the nature and extent referred to in section 194LC; or]

[9][(*iiab*) interest of the nature and extent referred to in section 194LD; or]

[10][(*iiac*) distributed income being interest referred to in sub-section (*2*) of section 194LBA;]

(*iii*)  income received in respect of units, purchased in foreign currency, of a Mutual Fund specified under clause (*23D*) of section 10 or of the Unit Trust of India,

the income-tax payable shall be aggregate of—

(*A*) the amount of income-tax calculated on the amount of income by way of [5][dividends other than dividends referred to in section 115-O], if any, included in the total income, at the rate of twenty per cent;

(*B*) the amount of income-tax calculated on the amount of income by way of interest referred to in sub-clause (*ii*), if any, included in the total income, at the rate of twenty per cent;

[6][(*BA*) the amount of income-tax calculated on the amount of income by way of interest referred to in sub-clause (*iia*) [11][or sub-clause (*iiaa*)] [9][or sub-clause (*iiab*)] [10][or sub-clause (*iiac*)], if any, included in the total income, at the rate of five per cent;]

---

1. Ins. by Act 22 of 1995, s. 24 (w.e.f. 1-7-1995). Earlier section 113 dealing with "Tax in the case of non-resident" omitted by Act 10 of 1965, s. 35 (w.e.f. 1-4-1965).
2. Ins. by Act 20 of 2002, s. 44 (w.e.f. 1-6-2002).
3. Ins. by Act 66 of 1976, s. 20 (w.e.f. 1-6-1976).
4. Subs. by Act 32 of 1994, s. 32, for sub-section (*1*) (w.e.f. 1-4-1995).
5. Subs. by Act 32 of 2003, s. 50, for "dividends" (w.e.f. 1-4-2004). Earlier the word "dividends" substituted by Act 26 of 1997, s. 32 (w.e.f. 1-4-1998) and the words, figures and letter "other than dividends referred to in section 115-O" omitted by Act 20 of 2002, s. 45 (w.e.f. 1-4-2003).
6. Ins. by Act 8 of 2011, s. 16 (w.e.f. 1-6-2011).
7. Subs. by Act 23 of 2012, s. 44, for "clause (*iia*)" (w.e.f. 1-7-2012).
8. Ins. by s. 44, *ibid* (w.e.f. 1-7-2012).
9. Ins. by Act 17 of 2013, s. 27 (w.e.f. 1-4-2014).
10. Ins. by Act 25 of 2014, s. 36 (w.e.f. 1-4-2015).
11. Ins. by Act 23 of 2012, s. 44 (w.e.f. 1-7-2012).

(*C*) the amount of income-tax calculated on the income in respect of units referred to in sub-clause (*iii*), if any, included in the total income, at the rate of twenty per cent; and

(*D*) the amount of income-tax with which he or it would have been chargeable had his or its total income been reduced by the amount of income referred to in sub-clause (*i*), sub-clause (*ii*) [1][, sub-clause (*iia*)] [2][, sub-clause (*iiaa*)] [3][, sub-clause (*iiab*)] [4][, sub-clause (*iiac*)] and sub-clause (*iii*);

(*b*) [5][a non-resident (not being a company) or a foreign company, includes any income by way of royalty or fees for technical services other than income referred to in sub-section (*1*) of section 44DA] received from Government or an Indian concern in pursuance of an agreement made by the foreign company with Government or the Indian concern after the 31st day of March, 1976, and where such agreement is with an Indian concern, the agreement is approved by the Central Government or where it relates to a matter included in the industrial policy, for the time being in force, of the Government of India, the agreement is in accordance with that policy, then, subject to the provisions of sub-sections (*1A*) and (*2*), the income-tax payable shall be the aggregate of,—

[6][(*A*)  the amount of income-tax calculated on the income by way of royalty, if any, included in the total income, at the rate of [7][ten per cent.];

(*B*)  the amount of income-tax calculated on the income by way of fees for technical services, if any, included in the total income, at the rate of [7][ten  per cent.]; and]

(*C*)  the amount of income-tax with which it would have been chargeable had its total income been reduced by the amount of income by way of royalty and fees for technical services.

*Explanation.*—For the purposes of this section,—

(*a*)  "fees for technical services" shall have the same meaning as in *Explanation 2* to clause (*vii*) of sub-section (*1*) of section 9;

(*b*)  "foreign currency" shall have the same meaning as in the *Explanation* below item (*g*) of sub-clause (*iv*) of clause (*15*) of section 10;

(*c*)  "royalty" shall have the same meaning as in *Explanation 2* to clause (*vi*) of sub-section (*1*) of section 9;

(*d*)  "Unit Trust of India" means the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963).]

[8][(*1A*) Where the royalty referred to in clause (*b*) of sub-section (*1*) is in consideration for the transfer of all or any rights (including the granting of a licence) in respect of copyright in any book to an Indian concern [9][or in respect of any computer software to a person resident in India], the provisions of sub-section (*1*) shall apply in relation to such royalty as if the words [10][ [11][the agreement is approved by the Central Government or where it relates to a matter] included in the industrial policy, for the time being in force, of the Government of India, the agreement is in accordance with that policy] occurring in the said clause had been omitted:

1. Ins. by Act 8 of 2011, s. 16 (w.e.f. 1-6-2011).
2. Ins. by Act 23 of 2012, s. 44 (w.e.f. 1-7-2012).
3. Ins. by Act 17 of 2013, s. 27 (w.e.f. 1-4-2014).
4. Ins. by Act 25 of 2014, s. 36 (w.e.f. 1-4-2015).
5. Subs. by Act 32 of 2003, s. 50, for "a foreign company, includes any income by way of royalty or fees for technical services" (w.e.f. 1-4-2004).
6. Subs. by Act 17 of 2013, s. 27 for sub-clauses (*A*), (*AA*), (*B*) and (*BB*) (w.e.f. 1-4-2014).
7. Subs. by Act 20 of 2015, s. 28 for "Twenty-five per cent." (w.e.f. 1-4-2016).
8. Ins. by Act 29 of 1977, s. 22 (w.e.f. 1-4-1978).
9. Ins. by Act 49 of 1991, s. 40 (w.e.f. 1-4-1991).
10. Subs. by Act 18 of 1992, s. 54, for "and approved by the Central Government" (w.e.f. 1-6-1992).
11. Subs. by 32 of 1994, s. 32, for "approved by the Central Government or where the agreement relates to a matter" (w.e.f. 1-4-1995).

Provided that such book is on a subject, the books on which are permitted, according to the Import Trade Control Policy of the Government of India for the period commencing from the 1st day of April, 1977, and ending with the 31st day of March, 1978, to be imported into India under an Open General Licence:

[1][Provided further that such computer software is permitted according to the Import Trade Control Policy of the Government of India for the time being in force to be imported into India under an Open General Licence.]

[2][*Explanation 1*].—In this sub-section, "Open General Licence" means an Open General Licence issued by the Central Government in pursuance of the Imports (Control) Order, 1955.]

[3][*Explanation 2*.—In this sub-section, the expression "computer software" shall have the meaning assigned to it in clause (*b*) of the *Explanation* to section 80HHE.]

(*2*) Nothing contained in sub-section (*1*) shall apply in relation to any income by way of royalty received by a foreign company from an Indian concern in pursuance of an agreement made by it with the Indian concern after the 31st day of March, 1976, if such agreement is deemed, for the [4][purposes of the first proviso] to clause (*vi*) of sub-section (*1*) of section 9, to have been made before the 1st day of April, 1976; and the provisions of the annual Finance Act for calculating, charging, deducting or computing income-tax shall apply in relation to such income as if such income had been received in pursuance of an agreement made before the 1st day of April, 1976.]

[5][(*3*) No deduction in respect of any expenditure or allowance shall be allowed to the assessee under sections 28 to 44C and section 57 in computing his or its income referred to in sub-section (*1*).

(*4*) Where in the case of an assessee referred to in sub-section (*1*),—

(*a*)  the gross total income consists only of the income referred to in clause (*a*) of that sub-section, no deduction shall be allowed to him or it under Chapter VI-A;

(*b*)  the gross total income includes any income referred to in clause (*a*) of that sub-section, the gross total income shall be reduced by the amount of such income and the deduction under Chapter VI-A shall be allowed as if the gross total income as so reduced were the gross total income of the assessee.

(*5*) It shall not be necessary for an assessee referred to in sub-section (*1*) to furnish under sub-section (*1*) of section 139 a return of his or its income if—

(*a*)  his or its total income in respect of which he or it is assessable under this Act during the previous year consisted only of income referred to in clause (*a*) of sub-section (*1*); and

(*b*) the tax deductible at source under the provisions of Chapter XVII-B has been deducted from such income.]

[6][**115AB. Tax on income from units purchased in foreign currency or capital gains arising from their transfer.**—(*1*) Where the total income of an assessee, being an overseas financial organisation (hereinafter referred to as Offshore Fund) includes—

(*a*) income received in respect of units purchased in foreign currency; or

(*b*) income by way of long-term capital gains arising from the transfer of units purchased in foreign currency,

the income-tax payable shall be the aggregate of—

(*i*)  the amount of income-tax calculated on the income in respect of units referred to in clause (*a*), if any, included in the total income, at the rate of ten per cent;

(*ii*) the amount of income-tax calculated on the income by way of long-term capital gains referred to in clause (*b*), if any, included in the total income, at the rate of ten per cent; and

---

1. Ins. by Act 49 of 1991, s. 40 (w.e.f. 1-4-1991).
2. The existing *Explanation* renumbered as *Explanation 1* by s. 40, *ibid* (w.e.f. 1-4-1991).
3. Ins. by s. 40, *ibid*. (w.e.f. 1-4-1991).
4. Subs. by s. 40, *ibid*., for "purposes of the proviso" (w.e.f. 1-4-1991).
5. Ins. by Act 32 of 1994, s. 32 (w.e.f. 1-4-1995).
6. Ins. by Act 49 of 1991, s. 41 (w.e.f. 1-4-1992).

(*iii*) the amount of income-tax with which the Offshore Fund would have been chargeable had its total income been reduced by the amount of income referred to in clause (*a*) and clause (*b*).

(*2*) Where the gross total income of the Offshore Fund,—

(*a*) consists only of income from units or income by way of long-term capital gains arising from the transfer of units, or both, no deduction shall be allowed to the assessee under sections 28 to 44C [1]*** or clause (*i*) or clause (*iii*) of section 57 or under Chapter VI-A [2][and nothing contained in the provisions of the second proviso to section 48 shall apply to income referred to in clause (*b*) of sub-section (*1*)];

(*b*) includes any income referred to in clause (*a*), the gross total income shall be reduced by the amount of such income and the deduction under Chapter VI-A shall be allowed as if the gross total income as so reduced were the gross total income of the assessee.

*Explanation.*—For the purposes of this section,—

(*a*) "overseas financial organisation" means any fund, institution, association or body, whether incorporated or not, established under the laws of a country outside India, which has entered into an arrangement for investment in India with any public sector bank or public financial institution or a mutual fund specified under clause (*23D*) of section 10 and such arrangement is approved by the [3][Securities and Exchange Board of India, established under the Securities and Exchange Board of India Act, 1992 (15 of 1992),] for this purpose;

(*b*) "unit" means unit of a mutual fund specified under clause (*23D*) of section 10 or of the Unit Trust of India;

(*c*) "foreign currency" shall have the meaning as in [4][the Foreign Exchange Management Act, 1999 (42 of 1999)];

(*d*) "public sector bank" shall have the meaning assigned to it in clause (*23D*) of section 10;

(*e*) "public financial institution" shall have the meaning assigned to it in section 4A of the Companies Act, 1956 (1 of 1956);

(*f*) "Unit Trust of India" means the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963)].

[5][**115AC. Tax on income from bonds or Global Depository Receipts purchased in foreign currency or capital gains arising from their transfer.**—(*1*) Where the total income of an assessee, being a non- resident, includes—

(*a*) income by way of interest on bonds of an Indian company issued in accordance with such scheme as the Central Government may, by notification in the Official Gazette, specify in this behalf, or on bonds of a public sector company sold by the Government, and purchased by him in foreign currency; or

(*b*) income by way of dividends [6][, other than dividends referred to in section 115-O,] on Global Depository Receipts—

(*i*) issued in accordance with such scheme as the Central Government may, by notification in the Official Gazette, specify in this behalf, against the initial issue of shares of an Indian company and purchased by him in foreign currency through an approved intermediary; or

(*ii*) issued against the shares of a public sector company sold by the Government and purchased by him in foreign currency through an approved intermediary; or

1. The words, brackets and figures "or sub-section (*2*) of section 48" omitted by Act 18 of 1992, s. 55 (w.e.f. 1-4-1993).
2. Ins. by s. 55, *ibid*. (w.e.f. 1-4-1993).
3. Subs. by Act 14 of 2001, s. 51, for "Central Government" (w.e.f. 1-6-2001).
4. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
5. Subs. by Act 14 of 2001, s. 52, for section 115AC (w.e.f. 1-4-2002).
6. Subs. by Act 32 of 2003, s. 50, for "dividends" (w.e.f. 1-4-2004). Earlier the words, figures and letter "other than dividends referred to in section 115-O" omitted by Act 20 of 2002, s. 45 (w.e.f. 1-4-2003).

(*iii*) [1][issued or re-issued] in accordance with such scheme as the Central Government may, by notification in the Official Gazette, specify in this behalf, against the existing shares of an Indian company purchased by him in foreign currency through an approved intermediary; or

[2]*          *          *          *          *

(*c*) income by way of long-term capital gains arising from the transfer of bonds referred to in clause (*a*) or, as the case may be, Global Depository Receipts referred to in clause (*b*),

the income-tax payable shall be the aggregate of—

(*i*) the amount of income-tax calculated on the income by way of interest or dividends [3][, other than dividends referred to in section 115-O], as the case may be, in respect of bonds referred to in clause (*a*) or Global Depository Receipts referred to in clause (*b*), if any, included in the total income, at the rate of ten per cent;

(*ii*) the amount of income-tax calculated on the income by way of long-term capital gains referred to in clause (*c*), if any, at the rate of ten per cent; and

(*iii*) the amount of income-tax with which the non-resident would have been chargeable had his total income been reduced by the amount of income referred to in clauses (*a*), (*b*) and (*c*).

(*2*) Where the gross total income of the non-resident—

(*a*) consists only of income by way of interest or dividends [2][, other than dividends referred to in section 115-O] in respect of bonds referred to in clause (*a*) of sub-section (*1*) or, as the case may be, Global Depository Receipts referred to in clause (*b*) of that sub-section, no deduction shall be allowed to him under sections 28 to 44C or clause (*i*) or clause (*iii*) of section 57 or under Chapter VI-A;

(*b*) includes any income referred to in clause (*a*) or clause (*b*) or clause (*c*) of sub-section (1), the gross total income shall be reduced by the amount of such income and the deduction under Chapter VI-A shall be allowed as if the gross total income as so reduced, were the gross total income of the assessee.

(*3*) Nothing contained in the first and second provisos to section 48 shall apply for the computation of long-term capital gains arising out of the transfer of long-term capital asset, being bonds or Global Depository Receipts referred to in clause (*c*) of sub-section (*1*).

(*4*) It shall not be necessary for a non-resident to furnish under sub-section (*1*) of section 139 a return of his income if—

(*a*) his total income in respect of which he is assessable under this Act during the previous year consisted only of income referred to in clauses (*a*) and (*b*) of sub-section (*1*); and

(*b*) the tax deductible at source under the provisions of Chapter XVII-B has been deducted from such income.

(*5*) Where the assessee acquired Global Depository Receipts or bonds in an amalgamated or resulting company by virtue of his holding Global Depository Receipts or bonds in the amalgamating or demerged company, as the case may be, in accordance with the provisions of sub-section (*1*), the provisions of that sub-section shall apply to such Global Depository Receipts or bonds.

*Explanation*.—For the purposes of this section,—

(*a*) "approved intermediary" means an intermediary who is approved in accordance with such scheme as may be notified by the Central Government in the Official Gazette;

(*b*) "Global Depository Receipts" shall have the same meaning as in clause (*a*) of the *Explanation* to section 115ACA.]

---

1. Subs. by Act 20 of 2002, s. 46, for "re-issued" (w.e.f. 1-4-2002).
2. Sub-clause (*iv*) omitted by s. 46, *ibid* (w.e.f. 1-4-2002).
3. Subs. by Act 32 of 2003, s. 51, for "dividends" (w.e.f. 1-4-2004).

**[1][115ACA. Tax on income from Global Depository Receipts purchased in foreign currency or capital gains arising from their transfer.**—[2][(1) Where the total income of an assessee, being an individual, who is a resident and an employee of an Indian company engaged in specified knowledge based industry or service, or an employee of its subsidiary engaged in specified knowledge based industry or service (hereafter in this section referred to as the resident employee), includes—

(a) [3][income by way of dividends, other than dividends referred to in section 115-O], on Global Depository Receipts of an Indian company engaged in specified knowledge based industry or service, issued in accordance with such Employees' Stock Option Scheme as the Central Government may, by notification in the Official Gazette, specify in this behalf and purchased by him in foreign currency; or

(b) income by way of long-term capital gains arising from the transfer of Global Depository Receipts referred to in clause (a),

the income-tax payable shall be the aggregate of—

(i) the amount of income-tax calculated on the [3][income by way of dividends, other than dividends referred to in section 115-O], in respect of Global Depository Receipts referred to in clause (a), if any, included in the total income, at the rate of ten per cent;

(ii) the amount of income-tax calculated on the income by way of long-term capital gains referred to in clause (b), if any, at the rate of ten per cent; and

(iii) the amount of income-tax with which the resident employee would have been chargeable had his total income been reduced by the amount of income referred to in clauses (a) and (b).

*Explanation.*—For the purposes of this sub-section,—

(a) "specified knowledge based industry or service" means—

(i) information technology software;

(ii) information technology service;

(iii) entertainment service;

(iv) pharmaceutical industry;

(v) bio-technology industry; and

(vi) any other industry or service, as may be specified by the Central Government, by notification in the Official Gazette;

(b) "subsidiary" shall have the meaning assigned to it in section 4 of the Companies Act, 1956 (1 of 1956) and includes subsidiary incorporated outside India.]

(2) Where the gross total income of the resident employee—

(a) consists only of [3][income by way of dividends, other than dividends referred to in section 115-O], in respect of Global Depository Receipts referred to in clause (a) of sub-section (1), no deduction shall be allowed to him under any other provision of this Act;

(b) includes any income referred to in clause (a) or clause (b) of sub-section (1), the gross total income shall be reduced by the amount of such income and the deduction under any provision of this Act shall be allowed as if the gross total income as so reduced were the gross total income of the assessee.

(3) Nothing contained in the first and second provisos to section 48 shall apply for the computation of long-term capital gains arising out of the transfer of long-term capital asset, being Global Depository Receipts referred to in clause (b) of sub-section (1).

---

1. Ins. by Act 27 of 1999, s. 59 (w.e.f. 1-4-2000).
2. Subs. by Act 14 of 2001, s. 53, for sub-section (1) (w.e.f. 1-4-2001).
3. Subs. by Act 32 of 2003, s. 52, for "income by way of dividends" (w.e.f. 1-4-2004).

*Explanation.*—For the purposes of this section,—

(*a*) "Global Depository Receipts" means any instrument in the form of a depository receipt or certificate (by whatever name called) created by the Overseas Depository Bank outside India and [1][issued to investors against the issue of,—

(*i*) ordinary shares of issuing company, being a company listed on a recognised stock exchange in India; or

(*ii*) foreign currency convertible bonds of issuing company];

(*b*) "information technology service" means any service which results from the use of any information technology software over a system of information technology products for realising value addition;

(*c*) "information technology software" means any representation of instructions, data, sound or image, including source code and object code, recorded in a machine readable form and capable of being manipulated or providing inter-activity to a user, by means of an automatic data processing machine falling under heading information technology products but does not include non-information technology products;

(*d*) "Overseas Depository Bank" means a bank authorised by the issuing company to issue Global Depository Receipts against issue of Foreign Currency Convertible Bonds or ordinary shares of the issuing company.]

[2][**115AD. Tax on income of Foreign Institutional Investors from securities or capital gains arising from their transfer.**—(*1*) Where the total income of a Foreign Institutional Investor includes—

[3][(*a*) [4][income other than income by way of dividends referred to in section 115-O] received in respect of securities (other than units referred to in section 115AB); or]

(*b*) income by way of short-term or long-term capital gains arising from the transfer of such securities,

the income-tax payable shall be the aggregate of—

(*i*) the amount of income-tax calculated on the income in respect of securities referred to in clause (*a*), if any, included in the total income, at the rate of twenty per cent:

[5][Provided that the amount of income-tax calculated on the income by way of interest referred to in section 194LD shall be at the rate of five per cent. ;]

(*ii*) the amount of income-tax calculated on the income by way of short-term capital gains referred to in clause (*b*), if any, included in the total income, at the rate of thirty per cent:

[1][Provided that the amount of income-tax calculated on the income by way of short-term capital gains referred to in section 111A shall be at the rate of [2][fifteen per cent.];]

---

1. Subs. by Act 20 of 2015, s. 29, for "issued to non-resident inventors against the issue of ordinary shares or foreign currency convertible bonds of issuing company" (w.e.f. 1-4-2016).
2. Ins. by Act 38 of 1993, s. 21 (w.e.f. 1-4-1993).
3. Subs. by Act 21 of 1998, s. 38, for clasue (*a*) (w.e.f. 1-4-1999).
4. Subs. by Act 32 of 2003, s. 53, for "income" (w.e.f. 1-4-2004).
5. Ins. by Act 17 of 2013, s. 28 (w.e.f. 1-4-2014).
6. Ins. by Act 23 of 2004, s. 27 (w.e.f. 1-4-2005).
7. Subs. by Act 18 of 2008, s. 22, for "ten per cent." (w.e.f. 1-4-2009).

(*iii*) the amount of income-tax calculated on the income by way of long-term capital gains referred to in clause (*b*), if any, included in the total income, at the rate of ten per cent.; and

(*iv*) the amount of income-tax with which the Foreign Institutional Investor would have been chargeable had its total income been reduced by the amount of income referred to in clause (*a*) and clause (*b*).

(*2*) Where the gross total income of the Foreign Institutional Investor—

(*a*) consists only of income in respect of securities referred to in clause (*a*) of sub-section (*1*), no deduction shall be allowed to it under sections 28 to 44C or clause (*i*) or clause (*iii*) of section 57 or under Chapter VIA;

(*b*) includes any income referred to in clause (*a*) or clause (*b*) of sub-section (*1*), the gross total income shall be reduced by the amount of such income and the deduction under Chapter VIA shall be allowed as if the gross total income as so reduced, were the gross total income of the Foreign Institutional Investor.

(*3*) Nothing contained in the first and second provisos to section 48 shall apply for the computation of capital gains arising out of the transfer of securities referred to in clause (*b*) of sub-section (*1*).

*Explanation.*—For the purposes of this section,—

(*a*) the expression "Foreign Institutional Investor" means such investor as the Central Government may, by notification in the Official Gazette, specify in this behalf;

(*b*) the expression "securities" shall have the meaning assigned to it in clause (*h*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956).]

**115B. Tax on profits and gains of life insurance business.**—[1][(*1*)] Where the total income of an assessee includes any profits and gains from life insurance business, the income-tax payable shall be the aggregate of—

(*i*) the amount of income-tax calculated on the amount of profits and gains of the life insurance business included in the total income, at the rate of twelve and one-half per cent; and

(*ii*) the amount of income-tax with which the assessee would have been chargeable had the total income of the assessee been reduced by the amount of profits and gains of the life insurance business.

[2][(*2*) Notwithstanding anything contained in sub-section (*1*) or in any other law for the time being in force or any instrument having the force of law, the assessee shall, in addition to the payment of income-tax computed under sub-section (*1*), deposit, during [1][the previous years relevant to the assessment years commencing on the 1st day of April, 1989 and the 1st day of April, 1990], an amount equal to thirty-three and one-third per cent of the amount of income-tax computed under clause (*i*) of sub-section (*1*), in such social security fund (hereafter in this sub-section referred to as the security fund), as the Central Government may, by notification in the Official Gazette, specify in this behalf:

---

1. Section 115B renumbered as sub-section (*1*) by Act 26 of 1988, s. 31 (w.e.f. 1-4-1989).
2. Ins. by s. 31, *ibid.* (w.e.f. 1-4-1989).
3. Subs. by Act 13 of 1989, s. 18, for "the previous year relevant to the assessment year commencing on the 1st day of April, 1989" (w.e.f. 1-4-1990).

Provided that where the assessee makes during the said [1][previous years] any deposit of an amount of not less than two and one-half per cent of the profits and gains of the life insurance business in the security fund, the amount of income-tax payable by the assessee under the said clause (*i*) shall be reduced by an amount equal to two and one-half per cent of such profits and gains and, accordingly, the deposit of thirty-three and one-third per cent required to be made under this sub-section shall be calculated on the income-tax as so reduced].]

[2][**115BA. Tax on income of certain domestic companies.**—(*1*) Notwithstanding anything contained in this Act but subject to the provisions of section 111A and section 112, the income-tax payable in respect of the total income of a person, being a domestic company, for any previous year relevant to the assessment year beginning on or after the 1st day of April, 2017, shall, at the option of such person, be computed at the rate of twenty-five per cent, if the conditions contained in sub-section (*2*) are satisfied.

(*2*) For the purposes of sub-section (*1*), the following conditions shall apply, namely:—

(*a*) the company has been set-up and registered on or after the 1st day of March, 2016;

(*b*) the company is not engaged in any business other than the business of manufacture or production of any article or thing and research in relation to, or distribution of, such article or thing manufactured or produced by it; and

(*c*) the total income of the company has been computed,—

(*i*) without any deduction under the provisions of section 10AA or clause (*iia*) of sub-section (*1*) of section 32 or section 32AC or section 32AD or section 33AB or section 33ABA or sub-clause (*ii*) or sub-clause (*iia*) or sub-clause (*iii*) of sub-section (*1*) or sub-section (*2AA*) or sub-section (*2AB*) of section 35 or section 35AC or section 35AD or section 35CCC or section 35CCD or under any provisions of Chapter VIA under the heading "C.— Deductions in respect of certain incomes" other than the provisions of section 80JJAA;

(*ii*) without set off of any loss carried forward from any earlier assessment year if such loss is attributable to any of the deductions referred to in sub-clause (*i*); and

(*iii*) depreciation under section 32, other than clause (*iia*) of sub-section (*1*) of the said section, is determined in the manner as may be prescribed.

(*3*) The loss referred to in sub-clause (*ii*) of clause (*c*) of sub-section (*2*) shall be deemed to have been already given full effect to and no further deduction for such loss shall be allowed for any subsequent year.

(*4*) Nothing contained in this section shall apply unless the option is exercised by the person in the prescribed manner on or before the due date specified under sub-section (*1*) of section 139 for furnishing the first of the returns of income which the person is required to furnish under the provisions of this Act:

Provided that once the option has been exercised for any previous year, it cannot be subsequently withdrawn for the same or any other previous year.]

[3][**115BB. Tax on winnings from lotteries, crossword puzzles, races including horse races, card games and other games of any sort or gambling or betting of any form or nature whatsoever.**—Where the total income of an assessee includes any income by way of winnings from any lottery or crossword puzzle or race including horse race (not being income from the activity of owning and maintaining race horses) or card game and other game of any sort or from gambling or betting of any form or nature whatsoever, the income-tax payable shall be the aggregate of—

(*i*) the amount of income-tax calculated on income by way of winnings from such lottery or crossword puzzle or race including horse race or card game and other game of any sort or from gambling or betting of any form or nature whatsoever, at the rate of [1][thirty per cent.]; and

1. Subs. by Act 13 of 1989, s. 18, for "previous year" (w.e.f. 1-4-1990).
2. Ins. by Act 28 of 2016, s. 51 (w.e.f. 1-4-2017).
3. Ins. by Act 3 of 1986, s. 26 (w.e.f. 1-4-1987).
4. Subs. by Act 14 of 2001, s. 54, for "forty per cent." (w.e.f. 1-4-2002).

(*ii*)  the amount of income-tax with which the assessee would have been chargeable had his total income been reduced by the amount of income referred to in clause (*i*).

*Explanation*.—For the purposes of this section, "horse race" shall have the same meaning as in section 74A.]

[1][**115BBA. Tax on non-resident sportsmen or sports associations.**—(*1*) Where the total income of an assessee,—

(*a*)  being a sportsman (including an athlete), who is not a citizen of India and is a non-resident, includes any income received or receivable by way of—

(*i*)  participation in India in any game (other than a game the winnings wherefrom are taxable under section 115BB) or sport; or

(*ii*)  advertisement; or

(*iii*) contribution of articles relating to any game or sport in India in newspapers, magazines or journals; or

(*b*) being a non-resident sports association or institution, includes any amount guaranteed to be paid or payable to such association or institution in relation to any game (other than a game the winnings wherefrom are taxable under section 115BB) or sport played in India [2][; or]

[2][(*c*) being an entertainer, who is not a citizen of India and is a non-resident, includes any income received or receivable from his performance in India,]

the income-tax payable by the assessee shall be the aggregate of—

(*i*)  the amount of income-tax calculated on income referred to in [3][clause (*a*) or clause (*b*) or clause (*c*)] at the rate of [4][twenty per cent.]; and

(*ii*)  the amount of income-tax with which the assessee would have been chargeable had the total income of the assessee been reduced by the amount of income referred to in [3][clause (*a*) or clause (*b*) or clause (*c*)]:

Provided that no deduction in respect of any expenditure or allowance shall be allowed under any provision of this Act in computing the income referred to in [3][clause (*a*) or clause (*b*) or clause (*c*)].

(*2*) It shall not be necessary for the assessee to furnish under sub-section (*1*) of section 139 a return of his income if—

(*a*) his total income in respect of which he is assessable under this Act during the previous year consisted only of income referred to in [3][clause (*a*) or clause (*b*) or clause (*c*)] of sub-section (*1*); and

(*b*) the tax deductible at source under the provisions of Chapter XVIIB has been deducted from such income.]

---

1. Ins. by Act 36 of 1989, s. 10 (w.e.f. 1-4-1990).
2. Ins. by Act 23 of 2012, s. 45 (w.e.f. 1-4-2013).
3. Subs. by s. 45, *ibid*., for "clause (*a*) or clause (*b*)" (w.e.f. 1-4-2013).
4. Subs. by s. 45, *ibid*., for "ten per cent." (w.e.f. 1-4-2013).

[1][**115BBB. Tax on income from units of an open-ended equity oriented fund of the Unit Trust of India or of Mutual Funds.**—(*1*) Where the total income of an assessee includes any income from units of an open-ended equity oriented fund of the Unit Trust of India or of a Mutual Fund, the income-tax payable shall be the aggregate of—

(*a*) the amount of income-tax calculated on income from units of an open-ended equity oriented fund of the Unit Trust of India or of a Mutual Fund, at the rate of ten per cent; and

(*b*) the amount of income-tax with which the assessee would have been chargeable had his total income been reduced by the amount of income referred to in clause (*a*).

(*2*) Nothing contained in sub-section (*1*) shall apply in relation to any income from units of an open-ended equity oriented fund of the Unit Trust of India or of the Mutual Fund arising after the 31st day of March, 2003.

*Explanation*.—For the purposes of this section, the expressions "Mutual Fund", "open-ended equity oriented fund" and "Unit Trust of India" shall have the meanings respectively assigned to them in the *Explanation* to section 115T.]

[2][**115BBC. Anonymous donations to be taxed in certain cases.**—(*1*) Where the total income of an assessee, being a person in receipt of income on behalf of any university or other educational institution referred to in sub-clause (*iiiad*) or sub-clause (*vi*) or any hospital or other institution referred to in sub-clause (*iiiae*) or sub-clause (*via*) or any fund or institution referred to in sub-clause (*iv*) or any trust or institution referred to in sub-clause (*v*) of clause (*23C*) of section 10 or any trust or institution referred to in section 11, includes any income by way of any anonymous donation, the income-tax payable shall be the aggregate of—

[3][(*i*) the amount of income-tax calculated at the rate of thirty per cent. on the aggregate of anonymous donations received in excess of the higher of the following, namely:—

(*A*) five per cent of the total donations received by the assessee; or

(*B*) one lakh rupees, and]

[4][(*ii*) the amount of income-tax with which the assessee would have been chargeable had his total income been reduced by the aggregate of anonymous donations received in excess of the amount referred to in sub-clause (*A*) or sub-clause (*B*) of clause (*i*), as the case may be.]

(*2*) The provisions of sub-section (*1*) shall not apply to any anonymous donation received by—

(*a*) any trust or institution created or established wholly for religious purposes;

(*b*) any trust or institution created or established wholly for religious and charitable purposes other than any anonymous donation made with a specific direction that such donation is for any university or other educational institution or any hospital or other medical institution run by such trust or institution.

(*3*) For the purposes of this section, "anonymous donation" means any voluntary contribution referred to in sub-clause (*iia*) of clause (*24*) of section 2, where a person receiving such contribution does not maintain a record of the identity indicating the name and address of the person making such contribution and such other particulars as may be prescribed.]

1. Ins. by Act 20 of 2002, s. 49 (w.e.f. 1-4-2003).
2. Ins. by Act 21 of 2006, s. 22 (w.e.f. 1-4-2007).
3. Subs. by Act 33 of 2009, s. 43, for clause (*i*) (w.e.f. 1-4-2010).
4. Subs. by Act 25 of 2014, s. 37, for clause (*ii*) (w.e.f. 1-4-2015).

[1][**115BBD. Tax on certain dividends received from foreign companies.**—(*1*) Where the total income of an assessee, being an Indian company, [2]*** includes any income by way of dividends declared, distributed or paid by a specified foreign company, the income-tax payable shall be the aggregate of—

(*a*) the amount of income-tax calculated on the income by way of such dividends, at the rate of fifteen per cent; and

(*b*) the amount of income-tax with which the assessee would have been chargeable had its total income been reduced by the aforesaid income by way of dividends.

(*2*) Notwithstanding anything contained in this Act, no deduction in respect of any expenditure or allowance shall be allowed to the assessee under any provision of this Act in computing its income by way of dividends referred to in sub-section (*1*).

(*3*) In this section,—

(*i*)  "dividends" shall have the same meaning as is given to "dividend" in clause (*22*) of section 2 but shall not include sub-clause (*e*) thereof;

(*ii*)  "specified foreign company" means a foreign company in which the Indian company holds twenty-six per cent or more in nominal value of the equity share capital of the company.]

[3][**115BBDA. Tax on certain dividends received from domestic companies.**—(*1*) Notwithstanding anything contained in this Act, where the total income of [4][a specified assessee,] resident in India, includes any income in aggregate exceeding ten lakh rupees, by way of dividends declared, distributed or paid by a domestic company or companies, the income-tax payable shall be the aggregate of—

(*a*)  the amount of income-tax calculated on the income by way of such dividends in aggregate exceeding ten lakh rupees, at the rate of ten per cent; and

(*b*)  the amount of income-tax with which the assessee would have been chargeable had the total income of the assessee been reduced by the amount of income by way of dividends.

(*2*) No deduction in respect of any expenditure or allowance or set off of loss shall be allowed to the assessee under any provision of this Act in computing the income by way of dividends referred to in clause (*a*) of sub-section (*1*).

(*3*) In this section, "dividends" shall have the same meaning as is given to "dividend" in clause (*22*) of section 2 but shall not include sub-clause (*e*) thereof.]

[1][*Explanation*.—For the purposes of this section,—

(*a*) "dividend" shall have the meaning assigned to it in clause (*22*) of section 2 but shall not include sub-clause (*e*) thereof;

---

1. Ins. by Act 8 of 2011, s. 17 (w.e.f. 1-4-2012).

2. The words "for the previous year relevant to the assessment year beginning on the 1st day of April, 2012 or beginning on the 1st day of April, 2013 or beginning on the 1st day of April, 2014" omitted  by Act 25 of 2014, s. 38 (w.e.f. 1-4-2015).

3. Ins. by Act 28 of 2016, s. 52 (w.e.f. 1-4-2017).

4. Subs. by Act 7 of 2017, s. 44, for "an assessee, being an individual, a Hindu Undivided Family or a firm" (w.e.f. 1-4-2018).

5. Subs. by s. 44, *ibid*., for the *Explanation* (w.e.f. 1-4-2018).

(*b*) "specified assessee" means a person other than,—

(*i*)  a domestic company; or

(*ii*)  a fund or institution or trust or any university or other educational institution or any hospital or other medical institution referred to in sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*) of clause (*23C*) of section 10; or

(*iii*)  a trust or institution registered under section 12A or section 12AA.]

[1][**115BBE. Tax on income referred to in section 68 or section 69 or section 69A or section 69B or section 69C or section 69D.**—[2][(*1*) Where the total income of an assessee,—

(*a*)  includes any income referred to in section 68, section 69, section 69A, section 69B, section 69C or section 69D and reflected in the return of income furnished under section 139; or

(*b*)  determined by the Assessing Officer includes any income referred to in section 68, section 69, section 69A, section 69B, section 69C or section 69D, if such income is not covered under clause (*a*),

the income-tax payable shall be the aggregate of—

(*i*)  the amount of income-tax calculated on the income referred to in clause (*a*) and clause (*b*), at the rate of sixty per cent; and

(*ii*)  the amount of income-tax with which the assessee would have been chargeable had his total income been reduced by the amount of income referred to in clause (*i*).]

(*2*) Notwithstanding anything contained in this Act, no deduction in respect of any expenditure or allowance [3][or set off of any loss] shall be allowed to the assessee under any provision of this Act in computing his income referred to in clause (*a*) of sub-section (*1*).]

[4][**115BBF. Tax on income from patent**.—(*1*) Where the total income of an eligible assessee includes any income by way of royalty in respect of a patent developed and registered in India, the incometax payable shall be the aggregate of—

(*a*) the amount of income-tax calculated on the income by way of royalty in respect of the patent at the rate of ten per cent.; and

(*b*) the amount of income-tax with which the assessee would have been chargeable had his total income been reduced by the income referred to in clause (*a*).

(*2*) Notwithstanding anything contained in this Act, no deduction in respect of any expenditure or allowance shall be allowed to the eligible assessee under any provision of this Act in computing his income referred to in clause (*a*) of sub-section (*1*).

(*3*) The eligible assessee may exercise the option for taxation of income by way of royalty in respect of a patent developed and registered in India in accordance with the provisions of this section, in the prescribed manner, on or before the due date specified under sub-section (*1*) of section 139 for furnishing the return of income for the relevant previous year.

---

1. Ins. by Act 23 of 2012, s. 47 (w.e.f. 1-4-2013).
2. Subs. by Act 48 of 2016, s. 2, for section 115BBE (w.e.f. 1-4-2017).
3. Ins. by Act 28 of 2016, s. 53 (w.e.f. 1-4-2017).
4. Ins. by s. 54, *ibid*. (w.e.f. 1-4-2017).

(*4*) Where an eligible assessee opts for taxation of income by way of royalty in respect of a patent developed and registered in India for any previous year in accordance with the provisions of this section and the assessee offers the income for taxation for any of the five assessment years relevant to the previous year succeeding the previous year not in accordance with the provisions of sub-section (*1*), then, the assessee shall not be eligible to claim the benefit of the provisions of this section for five assessment years subsequent to the assessment year relevant to the previous year in which such income has not been offered to tax in accordance with the provisions of sub-section (*1*).

*Explanation*.—For the purposes of this section,—

(*a*) "developed" means at least seventy-five per cent. of the expenditure incurred in India by the eligible assessee for any invention in respect of which a patent is granted under the Patents Act, 1970 (herein referred to as the Patents Act);

(*b*) "eligibleassessee" means a person resident in India and who is a patentee;

(*c*) "invention" shall have the meaning assigned to it in clause (*j*) of sub-section (*1*) of section 2 of the Patents Act;

(*d*) "lump sum" includes an advance payment on account of such royalties which is not returnable;

(*e*) "patent" shall have the meaning assigned to it in clause (*m*) of sub-section (*1*) of section 2 of the Patents Act;

(*f*) "patentee" means the person, being the true and first inventor of the invention, whose name is entered on the patent register as the patentee, in accordance with the Patents Act, and includes every such person, being the true and first inventor of the invention, where more than one person is registered as patentee under that Act in respect of that patent;

(*g*) "patented article" and "patented process" shall have the meanings respectively assigned to them in clause (*o*) of sub-section (*1*) of section 2 of the Patents Act;

(*h*) "royalty", in respect of a patent, means consideration (including any lump sum consideration but excluding any consideration which would be the income of the recipient chargeable under the head "Capital gains" or consideration for sale of product manufactured with the use of patented process or the patented article for commercial use) for the—

(*i*) transfer of all or any rights (including the granting of a licence) in respect of a patent; or

(*ii*) imparting of any information concerning the working of, or the use of, a patent; or

(*iii*) use of any patent; or

(*iv*) rendering of any services in connection with the activities referred to in sub-clauses (*i*) to (*iii*);

(*i*) "true and first inventor" shall have the meaning assigned to it in clause (*y*) of sub-section (*1*) of section 2 of the Patents Act.]

[1]**[115BBG. Tax on income from transfer of carbon credits.**—(*1*) Where the total income of an assessee includes any income by way of transfer of carbon credits, the income-tax payable shall be the aggregate of—

(*a*)  the amount of income-tax calculated on the income by way of transfer of carbon credits, at the rate of ten per cent; and

(*b*)  the amount of income-tax with which the assessee would have been chargeable had his total income been reduced by the amount of income referred to in clause (*a*).

(*2*) Notwithstanding anything contained in this Act, no deduction in respect of any expenditure or allowance shall be allowed to the assessee under any provision of this Act in computing his income referred to in clause (*a*) of sub-section (*1*).

*Explanation.*—For the purposes of this section, "carbon credit" in respect of one unit shall mean reduction of one tonne of carbon dioxide emissions or emissions of its equivalent gases which is validated by the United Nations Framework on Climate Change and which can be traded in market at its prevailing market price.]

[2][CHAPTER XII-A

SPECIAL PROVISIONS RELATING TO CERTAIN INCOMES OF NON-RESIDENTS

**115C. Definitions.**—In this Chapter, unless the context otherwise requires,—

(*a*) "convertible foreign exchange" means foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of [3][the Foreign Exchange Management Act, 1999 (42 of 1999),] and any rules made thereunder;

(*b*) "foreign exchange asset" means any specified asset which the assessee has acquired or purchased with, or subscribed to in, convertible foreign exchange;

(*c*) "investment income" means any [4][income derived other than dividends referred to in section 115-O] from a foreign exchange asset;

(*d*) "long-term capital gains" means income chargeable under the head "Capital gains" relating to a capital asset, being a foreign exchange asset which is not a short-term capital asset;

(*e*) "non-resident Indian" means an individual, being a citizen of India or a person of Indian origin who is not a "resident".

*Explanation.*—A person shall be deemed to be of Indian origin if he, or either of his parents or any of his grand-parents, was born in undivided India;

(*f*) "specified asset" means any of the following assets, namely:—

(*i*)  shares in an Indian company;

(*ii*) debentures issued by an Indian company which is not a private company as defined in the Companies Act, 1956 (1 of 1956);

(*iii*) deposits with an Indian company which is not a private company as defined in the Companies Act, 1956 (1 of 1956);

1. Ins. by Act 7 of 2017, s. 45 (w.e.f. 1-4-2018).
2. Ins. by Act 11 of 1983, s. 36 (w.e.f. 1-6-1983).
3. Subs. by Act 17 of 2013, s. 4, for "The Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
4. Subs. by Act 32 of 2003, s. 54, for "income-derive" (w.e.f. 1-4-2004).

(*iv*) any security of the Central Government as defined in clause (*2*) of section 2 of the Public Debt Act, 1944 (18 of 1944);

(*v*) such other assets as the Central Government may specify in this behalf by notification in the Official Gazette.

**115D. Special provision for computation of total income of non-residents.**—(*1*) No deduction in respect of any expenditure or allowance shall be allowed under any provision of this Act in computing the investment income of a non-resident Indian.

(*2*) Where in the case of an assessee, being a non-resident Indian,—

(*a*)  the gross total income consists only of investment income or income by way of long-term capital gains or both, no deduction shall be allowed to the assessee [1][under Chapter VI-A and nothing contained in the provisions of the second proviso to section 48 shall apply to income chargeable under the head "Capital gains"];

(*b*)  the gross total income includes any income referred to in clause (*a*), the gross total income shall be reduced by the amount of such income and the deductions under Chapter VIA shall be allowed as if the gross total income as so reduced were the gross total income of the assessee.

[2][**115E. Tax on investment income and long-term capital gains.**—Where the total income of an assessee, being a non-resident Indian, includes—

(*a*)  any income from investment or income from long-term capital gains of an asset other than a specified asset;

(*b*)  income by way of long-term capital gains,

the tax payable by him shall be the aggregate of—

(*i*)  the amount of income-tax calculated on the income in respect of investment income referred to in clause (*a*), if any, included in the total income, at the rate of twenty per cent;

(*ii*)  the amount of income-tax calculated on the income by way of long-term capital gains referred to in clause (*b*), if any, included in the total income, at the rate of ten per cent; and

(*iii*)  the amount of income-tax with which he would have been chargeable had his total income been reduced by the amount of income referred to in clauses (*a*) and (*b*).]

**115F. Capital gains on transfer of foreign exchange assets not to be charged in certain cases.**— (*1*) Where, in the case of an assessee being a non-resident Indian, any long-term capital gains arise from the transfer of a foreign exchange asset (the asset so transferred being hereafter in this section referred to as the original asset), and the assessee has, within a period of six months after the date of such transfer, invested [1]*** the whole or any part of the net consideration in any specified asset [2]***, or in any savings certificates referred to in clause (*4B*) of section 10 (such specified asset [3]***, or such savings certificates being hereafter in this section referred to as the new asset), the capital gain shall be dealt with in accordance with the following provisions of this section, that is to say,—

(*a*)  if the cost of the new asset is not less than the net consideration in respect of the original asset, the whole of such capital gain shall not be charged under section 45;

---

1. Subs. by Act 18 of 1992, s. 57, for "under sub-section (*2*) of section 48 or under Chapter VIA" (w.e.f. 1-4-1993).
2. Subs. by Act 26 of 1997, s. 36, for section 115E (w.e.f. 1-4-1998).
3. The words "or deposited" omitted by Act 26 of 1988, s. 32 (w.e.f. 1-4-1989).
4. The words, brackets, figure and letter "or in an account referred to in clause (*4A*)" omitted by s. 32, *ibid*. (w.e.f. 1-4-1989).
5. The words "or such deposit in the account aforesaid" omitted by s. 32, *ibid*. (w.e.f. 1-4-1989).

(*b*)  if the cost of the new asset is less than the net consideration in respect of the original asset, so much of the capital gain as bears to the whole of the capital gain the same proportion as the cost of acquisition of the new asset bears to the net consideration shall not be charged under section 45.

*Explanation.*—For the purposes of this sub-section,—

(*i*)  "cost", in relation to any new asset, being a deposit [1]*** referred to in sub-clause (*iii*), or specified under sub-clause (*v*), of clause (*f*) of section 115C, means the amount of such deposit;

(*ii*)  "net consideration", in relation to the transfer of the original asset, means the full value of the consideration received or accruing as a result of the transfer of such asset as reduced by any expenditure incurred wholly and exclusively in connection with such transfer.

(*2*) Where the new asset is transferred or converted (otherwise than by transfer) into money, within a period of three years from the date of its acquisition, the amount of capital gain arising from the transfer of the original asset not charged under section 45 on the basis of the cost of such new asset as provided in clause (*a*) or, as the case may be, clause (*b*), of sub-section (*1*) shall be deemed to be income chargeable under the head "Capital gains" relating to capital assets other than short-term capital assets of the previous year in which the new asset is transferred or converted (otherwise than by transfer) into money.

**115G. Return of income not to be filed in certain cases.** It shall not be necessary for a non-resident Indian to furnish under sub-section (*1*) of section 139 a return of his income if—

(*a*)  his total income in respect of which he is assessable under this Act during the previous year consisted only of investment income or income by way of long-term capital gains or both; and

(*b*)  the tax deductible at source under the provisions of Chapter XVIIB has been deducted from such income.

**115H. Benefit under Chapter to be available in certain cases even after the assessee becomes resident.**—Where a person, who is a non-resident Indian in any previous year, becomes assessable as resident in India in respect of the total income of any subsequent year, he may furnish to the [2][Assessing Officer] a declaration in writing along with his return of income under section 139 for the assessment year for which he is so assessable, to the effect that the provisions of this Chapter shall continue to apply to him in relation to the investment income derived from any foreign exchange asset being an asset of the nature referred to in sub-clause (*ii*) or sub-clause (*iii*) or sub-clause (*iv*) or sub-clause (*v*) of clause (*f*) of section 115C; and if he does so, the provisions of this Chapter shall continue to apply to him in relation to such income for that assessment year and for every subsequent assessment year until the transfer or conversion (otherwise than by transfer) into money of such assets.

**115-I. Chapter not to apply if the assessee so chooses.**—A non-resident Indian may elect not to be governed by the provisions of this Chapter for any assessment year by furnishing his return of income for that assessment year under section 139 declaring therein that the provisions of this Chapter shall not apply to him for that assessment year and if he does so, the provisions of this Chapter shall not apply to him for that assessment year and his total income for that assessment year shall be computed and tax on such total income shall be charged in accordance with the other provisions of this Act.]

---

1. The words, brackets, figures and letter "referred to in clause (*4A*) of section 10 or" omitted by Act 26 of 1988, s. 32 (w.e.f. 1-4-1989).

2. Subs. by Act 4 of 1988, s. 2, for "Income-tax officer" (w.e.f. 1-4-1989).

[1][CHAPTER XII-B

SPECIAL PROVISIONS RELATING TO CERTAIN COMPANIES

**115J. Special provisions relating to certain companies.**—(*1*) Notwithstanding anything contained in any other provision of this Act, where in the case of an assessee being a company [2][(other than a company engaged in the business of generation or distribution of electricity)], the total income, as computed under this Act in respect of any previous year relevant to the assessment year commencing on or after the 1st day of April, 1988 [3][but before the 1st day of April, 1991] (hereafter in this section referred to as the relevant previous year), is less than thirty per cent of its book profit, the total income of such assessee chargeable to tax for the relevant previous year shall be deemed to be an amount equal to thirty per cent of such book profit.

[4][(*1A*) Every assessee, being a company, shall, for the purposes of this section, prepare its profit and loss account for the relevant previous year in accordance with the provisions of Parts II and III of Schedule VI to the Companies Act, 1956 (1 of 1956).]

*Explanation.*—For the purposes of this section, "book profit" means the net profit as shown in the profit and loss account for the relevant previous year [5][prepared under sub-section (*1A*)], as increased by—

(*a*)  the amount of income-tax paid or payable, and the provision therefor; or

(*b*)  the amounts carried to any reserves [2][(other than the reserves specified in section 80HHD [6][or sub-section (*1*) of section 33AC)]], by whatever name called; or

(*c*)  the amount or amounts set aside to provisions made for meeting liabilities, other than ascertained liabilities; or

(*d*)  the amount by way of provision for losses of subsidiary companies; or

(*e*)  the amount or amounts of dividends paid or proposed; or

(*f*)  the amount or amounts of expenditure relatable to any income to which any of the provisions of Chapter III [7][applies; or]

[2][(*g*)  the amount withdrawn from the reserve account under section 80HHD, where it has been utilised for any purpose other than those referred to in sub-section (*4*) of that section; or

(*h*)  the amount credited to the reserve account under section 80HHD, to the extent that amount has not been utilised within the period specified in sub-section (*4*) of that section;]

[6][(*ha*) the amount deemed to be the profits under sub-section (*3*) of section 33AC,]

[1][if any amount referred to in clauses (*a*) to (*f*) is debited or, as the case may be, the amount referred to in clauses (*g*) and (*h*) is not credited] to the profit and loss account, and as reduced by,—

(*i*)  the amount withdrawn from reserves [2][(other than the reserves specified in section 80HHD)] or provisions, if any such amount is credited to the [2][profit and loss account:

---

1. Ins. by Act 11 of 1987, s. 43 (w.e.f. 1-4-1988).
2. Ins. by Act 3 of 1989, s. 19 (w.e.f. 1-4-1989).
3. Ins. by Act 12 of 1990, s. 32 (w.e.f. 1-4-1990).
4. Ins. by Act 13 of 1989, s. 19 (w.e.f. 1-4-1989).
5. Subs. by s. 19, *ibid.*, for "prepared in accordance with the provisions of Parts II and III of the Sixth Schedule to the Companies Act, 1956 (1 of 1956)" (w.e.f. 1-4-1989).
6. Ins. by Act 36 of 1989, s. 12 (w.e.f. 1-4-1990).
7. Subs. by Act 3 of 1989, s. 19, for "applies," (w.e.f. 1-4-1989).
8. Subs. by s. 19, *ibid.*, for "if any such amount is debited" (w.e.f. 1-4-1989).
9. Subs. by Act 13 of 1989, s. 19, for "profit and loss account; or" (w.e.f. 1-4-1988).

Provided that, where this section is applicable to an assessee in any previous year (including the relevant previous year), the amount withdrawn from reserves created or provisions made in a previous year relevant to the assessment year commencing on or after the 1st day of April, 1988 shall not be reduced from the book profit unless the book profit of such year has been increased by those reserves or provisions (out of which the said amount was withdrawn) under this *Explanation*; or]

(*ii*)  the amount of income to which any of the provisions of Chapter III applies, if any such amount is credited to the profit and loss account; or

[1][(*iii*) the amounts [as arrived at after increasing the net profit by the amounts referred to in clauses (*a*) to (*f*) and reducing the net profit by the amounts referred to in clauses (*i*) and (*ii*)] attributable to the business, the profits from which are eligible for deduction under section 80HHC or section 80HHD; so, however, that such amounts are computed in the manner specified in sub-section (*3*) or sub-section (*3A*) of section 80HHC or sub-section (*3*) of section 80HHD, as the case may be; or]

[2][(*iv*)] the amount of the loss or the amount of depreciation which would be required to be set off against the profit of the relevant previous year as if the provisions of clause (*b*) of the first proviso to sub-section (*1*) of section 205 of the Companies Act, 1956 (1 of 1956), are applicable.

(*2*) Nothing contained in sub-section (*1*) shall affect the determination of the amounts in relation to the relevant previous year to be carried forward to the subsequent year or years under the provisions of sub-section (*2*) of section 32 or sub-section (*3*) of section 32A or clause (*ii*) of sub-section (*1*) of section 72 or section 73 or section 74 or sub-section (*3*) of section 74A or sub-section (*3*) of section 80J.]

[3][**115JA. Deemed income relating to certain companies.**—(*1*) Notwithstanding anything contained in any other provisions of this Act, where in the case of an assessee, being a company, the total income, as computed under this Act in respect of any previous year relevant to the assessment year commencing on or after the 1st day of April, 1997 [4][but before the 1st day of April, 2001] (hereafter in this section referred to as the relevant previous year) is less than thirty per cent of its book profit, the total income of such assessee chargeable to tax for the relevant previous year shall be deemed to be an amount equal to thirty per cent of such book profit.

(*2*) Every assessee, being a company, shall, for the purposes of this section prepare its profit and loss account for the relevant previous year in accordance with the provisions of Parts II and III of Schedule VI to the Companies Act, 1956 (1 of 1956):

Provided that while preparing profit and loss account, the depreciation shall be calculated on the same method and rates which have been adopted for calculating the depreciation for the purpose of preparing the profit and loss account laid before the company at its annual general meeting in accordance with the provisions of section 210 of the Companies Act, 1956 (1 of 1956):

Provided further that where a company has adopted or adopts the financial year under the Companies Act, 1956 (1 of 1956), which is different from the previous year under the Act, the method and rates for calculation of depreciation shall correspond to the method and rates which have been adopted for calculating the depreciation for such financial year or part of such financial year falling within the relevant previous year.

---

1. Ins. by Act 3 of 1989, s. 19 (w.e.f. 1-4-1989).
2. Clause (*iv*) renumbered as clause (*iv*) by s. 19, *ibid*. (w.e.f. 1-4-1989).
3. Ins. by Act 33 of 1996, s. 39 (w.e.f. 1-4-1997).
4. Ins. by Act 10 of 2000, s. 50 (w.e.f. 1-4-2001).

*Explanation*.—For the purposes of this section, "book profit" means the net profit as shown in the profit and loss account for the relevant previous year prepared under sub-section (*2*), as increased by—

(*a*)  the amount of income-tax paid or payable, and the provision therefor; or

(*b*)  the amounts carried to any reserves by whatever name called; or

(*c*)  the amount or amounts set aside to provisions made for meeting liabilities, other than ascertained liabilities; or

(*d*)  the amount by way of provision for losses of subsidiary companies; or

(*e*)  the amount or amounts of dividends paid or proposed; or

(*f*)  the amount or amounts of expenditure relatable to any income to which any of the provisions of Chapter III applies;

[1][(*g*)  the amount or amounts set aside as provision for diminution in the value of any asset,

if any amount referred to in clauses (*a*) to (*g*) is debited to the profit and loss account, and as reduced by,—]

(*i*)  the amount withdrawn from any reserves or provisions if any such amount is credited to the profit and loss account:

Provided that, where this section is applicable to an assessee in any previous year (including the relevant previous year), the amount withdrawn from reserves created or provisions made in a previous year relevant to the assessment year commencing on or after the 1st day of April, 1997 [2][but ending before the 1st day of April, 2001] shall not be reduced from the book profit unless the book profit of such year has been increased by those reserves or provisions (out of which the said amount was withdrawn) under this *Explanation*; or

(*ii*)  the amount of income to which any of the provisions of Chapter III applies, if any such amount is credited to the profit and loss account; or

[1][(*iii*)  the amount of loss brought forward or unabsorbed depreciation, whichever is less as per books of account.

*Explanation*.—For the purposes of this clause,—

(*a*)  the loss shall not include depreciation;

(*b*)  the provisions of this clause shall not apply if the amount of loss brought forward or unabsorbed depreciation is *nil;* or]

(*iv*) the amount of profits derived by an industrial undertaking from the business of generation or generation and distribution of power; or

---

1. Subs. by Act 33 of 2009, s. 44, for "if any amount referred to in clauses (*a*) to (*f*) is debited to the profit and loss account, and as reduced by, —" (w.e.f. 1-4-1998).

2. Ins. by Act 10 of 2000, s. 50 (w.e.f. 1-4-2001).

3. Subs. by Act 20 of 2002, s. 51, for "clause (*iii*) and the *Explanation* thereto" (w.e.f. 1-4-1997).

(*v*)  the amount of profits derived by an industrial undertaking located in an industrially backward State or district as referred to in [1][sub-section (*4*) and sub-section (*5*) of section 80-IB], for the assessment years such industrial undertaking is eligible to claim a deduction of hundred per cent of the [2][profits and gains under sub-section (*4*) or sub-section (*5*) of section 80-IB]; or

(*vi*) the amount of profits derived by an industrial undertaking from the business of developing, maintaining and operating any infrastructure facility [3][as defined in the *Explanation* to sub-section (*4*) of section 80-IA and subject to fulfilling the conditions laid down in that sub-section]; or

(*vii*) the amount of profits of sick industrial company for the assessment year commencing from the assessment year relevant to the previous year in which the said company has become a sick industrial company under sub-section (*1*) of section 17 of the Sick Industrial Companies (Special Provisions) Act, 1985 (1 of 1986) and ending with the assessment year during which the entire net worth of such company becomes equal to or exceeds the accumulated losses.

*Explanation.*—For the purposes of this clause, "net worth" shall have the meaning assigned to it in clause (*ga*) of sub-section (*1*) of section 3 of the Sick Industrial Companies (Special Provisions) Act, 1985 (1 of 1986); [4][or]

[5][(*viii*) the amount of profits eligible for deduction under section 80HHC, computed under clause (*a*), (*b*) or (*c*) of sub-section (*3*) or sub-section (*3A*), as the case may be, of that section, and subject to the conditions specified in sub-sections (*4*) and (*4A*) of that section;

(*ix*)  the amount of profits eligible for deduction under section 80HHE, computed under sub-section (*3*) of that section.]

(*3*) Nothing contained in sub-section (*1*) shall affect the determination of the amounts in relation to the relevant previous year to be carried forward to the subsequent year or years under the provisions of sub-section (*2*) of section 32 or sub-section (*3*) of section 32A or clause (*ii*) of sub-section (*1*) of section 72 or section 73 or section 74 or sub-section (*3*) of section 74A.

(*4*) Save as otherwise provided in this section, all other provisions of this Act shall apply to every assessee, being a company, mentioned in this section.]

[1][**115JAA. Tax credit in respect of tax paid on deemed income relating to certain companies.**—(*1*) Where any amount of tax is paid under sub-section (*1*) of section 115JA by an assessee being a company for any assessment year, then, credit in respect of tax so paid shall be allowed to him in accordance with the provisions of this section.

[2][(*1A*) Where any amount of tax is paid under sub-section (*1*) of section 115JB by an assessee, being a company for the assessment year commencing on the 1st day of April, 2006 and any subsequent assessment year, then, credit in respect of tax so paid shall be allowed to him in accordance with the provisions of this section.]

---

1. Subs. by Act 27 of 1999, s. 90, for "sub-clause (*b*) or sub-clause (*c*) of clause (*iv*) of sub-section (*2*) of section 80-IA" (w.e.f. 1-4-2000).

2. Subs. by s. 90, *ibid.*, for "profits and gains under sub-section (*5*) of section 80-IA" (w.e.f. 1-4-2000).

3. Subs. by s. 90, *ibid.*, for "under sub-section (*12*) of section 80-IA, and subject to fulfilling the conditions laid down in sub-section (*4A*) of section 80-IA" (w.e.f. 1-4-2000).

4. Ins. by Act 26 of 1997, s. 37 (w.e.f. 1-4-1997).

5. Ins. by s. 37, *ibid.* (w.e.f. 1-4-1998).

6. Ins. by Act 26 of 1997, s. 38 (w.e.f. 1-4-1997).

7. Ins. by Act 18 of 2005, s. 35 (w.e.f. 1-4-2006).

[1][(*2*) The tax credit to be allowed under sub-section (*1*) shall be the difference of the tax paid for any assessment year under sub-section (*1*) of section 115JA and the amount of tax payable by the assessee on his total income computed in accordance with the other provisions of this Act:

Provided that no interest shall be payable on the tax credit allowed under sub-section (*1*).

(*2A*) The tax credit to be allowed under sub-section (*1A*) shall be the difference of the tax paid for any assessment year under sub-section (*1*) of section 115JB and the amount of tax payable by the assessee on his total income computed in accordance with the other provisions of this Act:

Provided that no interest shall be payable on the tax credit allowed under sub-section (*1A*):

[2][Provided further that where the amount of tax credit in respect of any income-tax paid in any country or specified territory outside India, under section 90 or section 90A or section 91, allowed against the tax payable under the provisions of sub-section (*1*) of section 115JB exceeds the amount of such tax credit admissible against the tax payable by the assessee on its income in accordance with the other provisions of this Act, then, while computing the amount of credit under this sub-section, such excess amount shall be ignored.]

(*3*) The amount of tax credit determined under sub-section (*2*) shall be carried forward and set off in accordance with the provisions of sub-sections (*4*) and (*5*) but such carry forward shall not be allowed beyond the fifth assessment year immediately succeeding the assessment year in which tax credit becomes allowable under sub-section (*1*).

(*3A*) The amount of tax credit determined under sub-section (*2A*) shall be carried forward and set off in accordance with the provisions of sub-sections (*4*) and (*5*) but such carry forward shall not be allowed beyond the [3][fifteenth assessment year] immediately succeeding the assessment year in which tax credit becomes allowable under sub-section (*1A*).]

(*4*) The tax credit shall be allowed set-off in a year when tax becomes payable on the total income computed in accordance with the provisions of this Act other than section 115JA [4][or section 115JB, as the case may be].

(*5*) Set off in respect of brought forward tax credit shall be allowed for any assessment year to the extent of the difference between the tax on his total income and the tax which would have been payable under the provisions of sub-section (*1*) of section 115JA [4][or section 115JB, as the case may be] for that assessment year.

(*6*) Where as a result of an order under sub-section (*1*) or sub-section (*3*) of section 143, section 144, section 147, section 154, section 155, sub-section (*4*) of section 245D, section 250, section 254, section 260, section 262, section 263 or section 264, the amount of tax payable under this Act is reduced or increased, as the case may be, the amount of tax credit allowed under this section shall also be increased or reduced accordingly.

[1][(*7*) In case of conversion of a private company or unlisted public company into a limited liability partnership under the Limited Liability Partnership Act, 2008 (6 of 2009), the provisions of this section shall not apply to the successor limited liability partnership.

*Explanation*.—For the purposes of this section, the expressions "private company" and "unlisted public company" shall have the meanings respectively assigned to them in the Limited Liability Partnership Act, 2008 (6 of 2009).]]

---

1. Subs. by Act 21 of 2006, s. 23, for sub-sections (*2*) and (*3*) (w.e.f. 1-4-2007).

2. Ins. by Act 7 of 2017, s. 46 (w.e.f. 1-4-2018).

3. Subs. by, s. 46, *ibid*., for "tenth assessment year" (w.e.f. 1-4-2018).

4. Ins. by Act 10 of 2000, s. 51 (w.e.f. 1-4-2001).

5. Ins. by Act 14 of 2010, s. 29 (w.e.f. 1-4-2011).

[1][**115JB. Special provision for payment of tax by certain companies.**—(*1*) Notwithstanding anything contained in any other provision of this Act, where in the case of an assessee, being a company, the income-tax, payable on the total income as computed under this Act in respect of any previous year relevant to the assessment year commencing on or after [2][the 1st day of April, 2012], is less than [3][eighteen and one-half per cent.] of its book profit, [4][such book profit shall be deemed to be the total income of the assessee and the tax payable by the assessee on such total income shall be the amount of income-tax at the rate of [3][eighteen and one-half per cent.]].

(*2*) [5][Every assessee,—

(*a*) being a company, other than a company referred to in clause (*b*), shall, for the purposes of this section, prepare its [6][statement of profit and loss] for the relevant previous year in accordance with the provisions of [7][Schedule III] to [8][the Companies Act, 2013 (18 of 2013)]; or

(*b*) being a company, to which the [9][second proviso to sub-section (*1*) of section 129] of [8][the Companies Act, 2013 (18 of 2013)] is applicable, shall, for the purposes of this section, prepare its [6][statement of profit and loss] for the relevant previous year in accordance with the provisions of the Act governing such company:]

Provided that while preparing the annual accounts including [6][statement of profit and loss],—

(*i*)  the accounting policies;

(*ii*)  the accounting standards adopted for preparing such accounts including [6][statement of profit and loss;

(*iii*) the method and rates adopted for calculating the depreciation,

shall be the same as have been adopted for the purpose of preparing such accounts including [6][statement of profit and loss] and laid before the company at its annual general meeting in accordance with the provisions of [1][section 210] of [8][the Companies Act, 2013 (18 of 2013)]:

Provided further that where the company has adopted or adopts the financial year under [8][the Companies Act, 2013 (18 of 2013)], which is different from the previous year under this Act,—

(*i*)  the accounting policies;

(*ii*)  the accounting standards adopted for preparing such accounts including [6][statement of profit and loss];

(*iii*) the method and rates adopted for calculating the depreciation,

---

1. Ins. by Act 10 of 2000, s. 52 (w.e.f. 1-4-2001).

2. Subs. by Act 8 of 2011, s. 18, for "the 1st day of April, 2011" (w.e.f. 1-4-2012).

3. Subs. by s. 18, *ibid.*, for "eighteen per cent." (w.e.f. 1-4-2012).

4. Subs. by Act 20 of 2002, s. 52, for "the tax payable for the relevant previous year shall be deemed to be seven and one-half per cent. of such book profit" (w.e.f. 1-4-2001).

5. Subs. by Act 23 of 2012, s. 48, for the portion beginning with the words "Every assessee," and ending with the words and figures "the Companies Act, 1956 (1 of 1956):" (w.e.f. 1-4-2013).

6. Subs. by Act 7 of 2017, s. 47, for "profit and loss account" (w.e.f. 1-4-2017).

7. Subs. by s. 47, *ibid.*, for "Part II of Schedule VI" (w.e.f. 1-4-2017).

8. Subs. by s. 47, *ibid.*, for "the Companies Act, 1956 (1 of 1956)" (w.e.f. 1-4-2017).

9. Subs. by s. 47, *ibid.*, for "proviso to sub-section (2) of section 211" (w.e.f. 1-4-2017).

10. Subs. by s. 47, *ibid.*, for "section 210" (w.e.f. 1-4-2017).

shall correspond to the accounting policies, accounting standards and the method and rates for calculating the depreciation which have been adopted for preparing such accounts including [1][statement of profit and loss] for such financial year or part of such financial year falling within the relevant previous year.

*Explanation* [2][*1*].—For the purposes of this section, "book profit" means the [3][profit] as shown in the [1][statement of profit and loss] for the relevant previous year prepared under sub-section (*2*), as increased by—

(*a*) the amount of income-tax paid or payable, and the provision therefor; or

(*b*) the amounts carried to any reserves, by whatever name called [4][, other than a reserve specified under section 33AC]; or

(*c*) the amount or amounts set aside to provisions made for meeting liabilities, other than ascertained liabilities; or

(*d*) the amount by way of provision for losses of subsidiary companies; or

(*e*) the amount or amounts of dividends paid or proposed; or

(*f*) the amount or amounts of expenditure relatable to any income to which [5][section 10 (other than the provisions contained in clause (*38*) thereof) or [6]*** section 11 or section 12 apply; or]

[7][(*fa*) the amount or amounts of expenditure relatable to income, being share of the assessee in the income of an association of persons or body of individuals, on which no income-tax is payable in accordance with the provisions of section 86; or

(*fb*) the amount or amounts of expenditure relatable to income accruing or arising to an assessee, being a foreign company, from,—

(*A*) the capital gains arising on transactions in securities; or

(*B*) the interest, royalty or fees for technical services chargeable to tax at the rate or rates specified in Chapter XII,

if the income-tax payable thereon in accordance with the provisions of this Act, other than the provisions of this Chapter, is at a rate less than the rate specified in sub-section (*1*); or

(*fc*) the amount representing notional loss on transfer of a capital asset, being share of a special purpose vehicle, to a business trust in exchange of units allotted by the trust referred to in clause (*xvii*) of section 47 or the amount representing notional loss resulting from any change in carrying amount of said units or the amount of loss on transfer of units referred to in clause (*xvii*) of section 47; or]

[1][(*fd*) the amount or amounts of expenditure relatable to income by way of royalty in respect of patent chargeable to tax under section 115BBF; or]

[2][(*g*) the amount of depreciation,]

---

1. Subs. by Act 7 of 2017, s. 47, for "profit and loss account" (w.e.f. 1-4-2017).
2. The *Explanation* numbered as *Explanation* 1 by Act 18 of 2008, s. 23 (w.e.f. 1-4-2001).
3. Subs. by Act 7 of 2017, s. 47, for "net profit" (w.e.f. 1-4-2017).
4. Ins. by Act 20 of 2002, s. 52 (w.e.f. 1-4-2003).
5. Subs. by Act 21 of 2006, s. 24, for "section 10 (other than the provisions contained in clause (23G) thereof) or section 10A or section 10B or section 11 or section 12 apply," (w.e.f. 1-4-2007).
6. The words, figures and letters "section 10A or section 10B or" omitted by Act 22 of 2007, s. 34 (w.e.f. 1-4-2008).
7. Ins. by Act 20 of 2015, s. 30 (w.e.f. 1-4-2016).
8. Ins. by Act 28 of 2016, s. 55 (w.e.f. 1-4-2017).
9. Ins. by Act 21 of 2006, s. 24 (w.e.f. 1-4-2007).

[1][(*h*)  the amount of deferred tax and the provision therefor,

[2][(*i*)  the amount or amounts set aside as provision for diminution in the value of any asset,

[3][(*j*)  the amount standing in revaluation reserve relating to revalued asset on the retirement or disposal of such asset,

[4][(*k*)  the amount of gain on transfer of units referred to in clause (*xvii*) of section 47 computed by taking into account the cost of the shares exchanged with units referred to in the said clause or the carrying amount of the shares at the time of exchange where such shares are carried at a value other than the cost through [5][statement of profit and loss], as the case may be;]

if any amount referred to in clauses (*a*) to (*i*) is debited to the [5][statement of profit and loss] or if any amount referred to in clause (*j*) is not credited to the [5][statement of profit and loss], and as reduced by,—]]]

[6][(*i*) the amount withdrawn from any reserve or provision (excluding a reserve created before the 1st day of April, 1997 otherwise than by way of a debit to the [5][statement of profit and loss]), if any such amount is credited to the [5][statement of profit and loss]:

Provided that where this section is applicable to an assessee in any previous year, the amount withdrawn from reserves created or provisions made in a previous year relevant to the assessment year commencing on or after the 1st day of April, 1997 shall not be reduced from the book profit unless the book profit of such year has been increased by those reserves or provisions (out of which the said amount was withdrawn) under this *Explanation* or *Explanation* below the second proviso to section 115JA, as the case may be; or]

(*ii*) the amount of income to which any of the provisions of [1][section 10 (other than the provisions contained in clause (*38*) thereof)] or [2]*** section 11 or section 12 apply, if any such amount is credited to the [5][statement of profit and loss]; or

[3][(*iia*) the amount of depreciation debited to the [5][statement of profit and loss] (excluding the depreciation on account of revaluation of assets); or

(*iib*) the amount withdrawn from revaluation reserve and credited to the [5][statement of profit and loss], to the extent it does not exceed the amount of depreciation on account of revaluation of assets referred to in clause (*iia*); or]

[4][(*iic*) the amount of income, being the share of the assessee in the income of an association of persons or body of individuals, on which no income-tax is payable in accordance with the provisions of section 86, if any, such amount is credited to the [5][statement of profit and loss]; or

---

1. Subs. by Act 18 of 2008, s. 23, for the portion beginning with the words "if any amount referred" and ending with the words "as reduced by—" (w.e.f. 1-4-2001).
2. Subs. by Act 33 of 2009, s. 46, for "if any amount referred to in clauses (*a*) to (*h*) is debited to the profit and loss account, and as reduced by—" (1-4-2001)
3. Subs. by Act 23 of 2012, s. 48, for "if any amount referred to in clauses (*a*) to (*i*) is debited to the profit and loss account, and as reduced by, —" (w.e.f. 1-4-2013).
4. Ins. by Act 20 of 2015, s. 30 (w.e.f. 1-4-2016).
5. Subs. by Act 7 of 2017, s. 47, for "profit or loss account" (w.e.f. 1-4-2017).
6. Subs. by Act 20 of 2002, s. 52, for clause (*i*) and the proviso (w.e.f. 1-4-2001).
7. Subs. by Act 21 of 2006, s. 24, for "section 10 (other than the provisions contained in clause (23G) thereof)" (w.e.f. 1-4-2007).
8. The words, figures and letters "section 10A or section 10B or" omitted by Act 22 of 2007, s. 34 (w.e.f. 1-4-2008).
9. Ins. by Act 21 of 2006, s. 24 (w.e.f. 1-4-2007).
10. Ins. by Act 20 of 2015, s. 30 (w.e.f. 1-4-2016).

(*iid*)  the amount of income accruing or arising to an assessee, being a foreign company, from,—

(*A*) the capital gains arising on transactions in securities; or

(*B*) the interest, royalty or fees for technical services chargeable to tax at the rate or rates specified in Chapter XII,

if such income is credited to the [1][statement of profit and loss] and the income-tax payable thereon in accordance with the provisions of this Act, other than the provisions of this Chapter, is at a rate less than the rate specified in sub-section (*1*); or

(*iie*) the amount representing,—

(*A*) notional gain on transfer of a capital asset, being share of a special purpose vehicle to a business trust in exchange of units allotted by that trust referred to in clause (*xvii*) of section 47; or

(*B*) notional gain resulting from any change in carrying amount of said units; or

(*C*) gain on transfer of units referred to in clause (*xvii*) of section 47,

if any, credited to the [1][statement of profit and loss]; or

(*iif*) the amount of loss on transfer of units referred to in clause (*xvii*) of section 47 computed by taking into account the cost of the shares exchanged with units referred to in the said clause or the carrying amount of the shares at the time of exchange where such shares are carried at a value other than the cost through profit or loss account, as the case may be; or]

[2][(*iig*) the amount of income by way of royalty in respect of patent chargeable to tax under section 115BBF; ] or

[3][(*iii*) the amount of loss brought forward or unabsorbed depreciation, whichever is less as per books of account.

*Explanation*.—For the purposes of this clause,—

(*a*) the loss shall not include depreciation;

(*b*) the provisions of this clause shall not apply if the amount of loss brought forward or unabsorbed depreciation is *nil*; or]

[1]*            *            *            *            *

(*vii*) the amount of profits of sick industrial company for the assessment year commencing on and from the assessment year relevant to the previous year in which the said company has become a sick industrial company under sub-section (*1*) of section 17 of the Sick Industrial Companies (Special Provisions) Act, 1985 (1 of 1986) and ending with the assessment year during which the entire net worth of such company becomes equal to or exceeds the accumulated losses.

*Explanation*.—For the purposes of this clause, "net worth" shall have the meaning assigned to it in clause (*ga*) of sub-section (*1*) of section 3 of the Sick Industrial Companies (Special Provisions) Act, 1985 (1 of 1986); or

[2][(*viii*) the amount of deferred tax, if any such amount is credited to the [1][statement of profit and loss].]

1. Subs. by Act 7 of 2017, s. 47, for "profit and loss account" (w.e.f. 1-4-2017).
2. Ins. by Act 28 of 2016, s. 55 (w.e.f. 1-4-2017).
3. Subs. by Act 20 of 2002, s. 52, for clause (*iii*) and the *Explanation* (w.e.f. 1-4-2001).
4. Clause (*iv*), clause (*v*) and clause (*vi*) omitted by Act 8 of 2011, s. 18 (w.e.f. 1-4-2005).
5. Ins. by Act 18 of 2008, s. 23 (w.e.f. 1-4-2001).

[1][*Explanation* 2.—For the purposes of clause (*a*) of *Explanation* 1, the amount of income-tax shall include—

   (*i*) any tax on distributed profits under section 115-O or on distributed income under section 115R;

   (*ii*) any interest charged under this Act;

   (*iii*) surcharge, if any, as levied by the Central Acts from time to time;

   (*iv*) Education Cess on income-tax, if any, as levied by the Central Acts from time to time; and

   (*v*) Secondary and Higher Education Cess on income-tax, if any, as levied by the Central Acts from time to time.]

[2][*Explanation* 3.—For the removal of doubts, it is hereby clarified that for the purposes of this section, the assessee, being a company to which the [3][second proviso to sub-section (*1*) of section 129 of the Companies Act, 2013 (18 of 2013)] is applicable, has, for an assessment year commencing on or before the 1st day of April, 2012, an option to prepare its [4][statement of profit and loss] for the relevant previous year either in accordance with the provisions of [5][Schedule III to the Companies Act, 2013 (18 of 2013)] or in accordance with the provisions of the Act governing such company.

[6][*Explanation* 4.—For the removal of doubts, it is hereby clarified that the provisions of this section shall not be applicable and shall be deemed never to have been applicable to an assessee, being a foreign company, if—

   (*i*) the assessee is a resident of a country or a specified territory with which India has an agreement referred to in sub-section (*1*) of section 90 or the Central Government has adopted any agreement under sub-section (*1*) of section 90A and the assessee does not have a permanent establishment in India in accordance with the provisions of such agreement; or

   (*ii*) the assessee is a resident of a country with which India does not have an agreement of the nature referred to in clause (*i*) and the assessee is not required to seek registration under any law for the time being in force relating to companies.]

[1][[2][*Explanation* 5].—For the purposes of sub-section (*2*), the expression "securities" shall have the same meaning as assigned to it in clause (*h*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956).]

[3][(*2A*) For a company whose financial statements are drawn up in compliance to the Indian Accounting Standards specified in Annexure to the Companies (Indian Accounting Standards) Rules, 2015, the book profit as computed in accordance with *Explanation 1* to sub-section (*2*) shall be further—

   (*a*) increased by all amounts credited to other comprehensive income in the statement of profit and loss under the head "Items that will not be re-classified to profit or loss;

   (*b*) decreased by all amounts debited to other comprehensive income in the statement of profit and loss under the head "Items that will not be re-classified to profit or loss;

1. Ins. by Act 18 of 2008, s. 23 (w.e.f. 1-4-2001).
2. Ins. by Act 23 of 2012, s. 48 (w.e.f. 1-4-2013).
3. Subs. by Act 7 of 2017, s. 47, for "proviso to sub-section (*2*) of section 211 of the Companies Act, 1956 (1 of 1956)" (w.e.f. 1-4-2017).
4. Subs. by s. 47, *ibid.*, for "profit and loss account" (w.e.f. 1-4-2017).
5. Subs. by s. 47, *ibid.*, for "Part II and Part III of Schedule VI to the Companies Act, 1956 (1 of 1956)" (w.e.f. 1-4-2017).
6. Ins. by Act 28 of 2016, s. 55 (w.e.f. 1-4-2001).
7. Ins. by Act 20 of 2015, s. 30 (w.e.f. 1-4-2016).
8. *Explanation* 4 renumbered as *Explanation* 5 thereof by Act 28 of 2016, s. 55 (w.e.f. 1-4-2001).
9. Ins. by Act 7 of 2017, s. 47 (w.e.f. 1-4-2018).

(*c*) increased by amounts or aggregate of the amounts debited to the statement of profit and loss on distribution of non-cash assets to shareholders in a demerger in accordance with Appendix A of the Indian Accounting Standards 10;

(*d*) decreased by all amounts or aggregate of the amounts credited to the statement of profit and loss on distribution of non-cash assets to shareholders in a demerger in accordance with Appendix A of the Indian Accounting Standards 10:

Provided that nothing contained in clause (*a*) or clause (*b*) shall apply to the amount credited or debited to other comprehensive income under the head "Items that will not be re-classified to profit or loss" in respect of—

(*i*) revaluation surplus for assets in accordance with the Indian Accounting Standards 16 and Indian Accounting Standards 38; or

(*ii*) gains or losses from investments in equity instruments designated at fair value through other comprehensive income in accordance with the Indian Accounting Standards 109:

Provided further that the book profit of the previous year in which the asset or investment referred to in the first proviso is retired, disposed, realised or otherwise transferred shall be increased or decreased, as the case may be, by the amount or the aggregate of the amounts referred to in the first proviso for the previous year or any of the preceding previous years and relatable to such asset or investment.

(*2B*) In the case of a resulting company, where the property and the liabilities of the undertaking or undertakings being received by it are recorded at values different from values appearing in the books of account of the demerged company immediately before the demerger, any change in such value shall be ignored for the purpose of computation of book profit of the resulting company under this section.

(*2C*) For a company referred to in sub-section (*2A*), the book profit of the year of convergence and each of the following four previous years, shall be further increased or decreased, as the case may be, by one-fifth of the transition amount:

Provided that the book profit of the previous year in which the asset or investment referred to in sub-clauses (*B*) to (*E*) of clause (*iii*) of the *Explanation* is retired, disposed, realised or otherwise transferred, shall be increased or decreased, as the case may be, by the amount or the aggregate of the amounts referred to in the said sub-clauses relatable to such asset or investment:

Provided further that the book profit of the previous year in which the foreign operation referred to in sub-clause (*F*) of clause (*iii*) of the *Explanation* is disposed or otherwise transferred, shall be increased or decreased, as the case may be, by the amount or the aggregate of the amounts referred to in the said sub-clauses relatable to such foreign operations.

*Explanation*.—For the purposes of this sub-section, the expression—

(*i*) "year of convergence" means the previous year within which the convergence date falls;

(*ii*) "convergence date" means the first day of the first Indian Accounting Standards reporting period as defined in the Indian Accounting Standards 101;

(*iii*) "transition amount" means the amount or the aggregate of the amounts adjusted in the other equity (excluding capital reserve and securities premium reserve) on the convergence date but not including the following:—

(*A*) amount or aggregate of the amounts adjusted in the other comprehensive income on the convergence date which shall be subsequently re-classified to the profit or loss;

(*B*) revaluation surplus for assets in accordance with the Indian Accounting Standards 16 and Indian Accounting Standards 38 adjusted on the convergence date;

(*C*) gains or losses from investments in equity instruments designated at fair value through other comprehensive income in accordance with the Indian Accounting Standards 109 adjusted on the convergence date;

(*D*) adjustments relating to items of property, plant and equipment and intangible assets recorded at fair value as deemed cost in accordance with paragraphs D5 and D7 of the Indian Accounting Standards 101 on the convergence date;

(*E*) adjustments relating to investments in subsidiaries, joint ventures and associates recorded at fair value as deemed cost in accordance with paragraph D15 of the Indian Accounting Standards 101 on the convergence date; and

(*F*) adjustments relating to cumulative translation differences of a foreign operation in accordance with paragraph D13 of the Indian Accounting Standards 101 on the convergence date.]

(*3*) Nothing contained in sub-section (*1*) shall affect the determination of the amounts in relation to the relevant previous year to be carried forward to the subsequent year or years under the provisions of sub-section (*2*) of section 32 or sub-section (*3*) of section 32A or clause (*ii*) of sub-section (*1*) of section 72 or section 73 or section 74 or sub-section (*3*) of section 74A.

(*4*) Every company to which this section applies, shall furnish a report in the prescribed form from an accountant as defined in the *Explanation* below sub-section (*2*) of section 288, certifying that the book profit has been computed in accordance with the provisions of this section along with the return of income filed under sub-section (*1*) of section 139 or along with the return of income furnished in response to a notice under clause (*i*) of sub-section (*1*) of section 142.

(*5*) Save as otherwise provided in this section, all other provisions of this Act shall apply to every assessee, being a company, mentioned in this section.]

[1][(*5A*) The provisions of this section shall not apply to any income accruing or arising to a company from life insurance business referred to in section 115B.]

[1][(*6*) The provisions of this section shall not apply to the income accrued or arising on or after the 1st day of April, 2005 from any business carried on, or services rendered, by an entrepreneur or a Developer, in a Unit or Special Economic Zone, as the case may be:]

[2][Provided that the provisions of this sub-section shall cease to have effect in respect of any previous year relevant to the assessment year commencing on or after the 1st day of April, 2012.]

[3][(*7*) Notwithstanding anything contained in sub-section (*1*), where the assessee referred to therein, is a unit located in an International Financial Services Centre and derives its income solely in convertible foreign exchange, the provisions of sub-section (*1*) shall have the effect as if for the words "eighteen and one-half per cent" wherever occurring in that sub-section, the words "nine per cent" had been substituted.

*Explanation*.—For the purposes of this sub-section,—

(*a*) "International Financial Services Centre" shall have the same meaning as assigned to it in clause (*q*) of section 2 of the Special Economic Zones Act, 2005 (28 of 2005);

(*b*) "unit" means a unit established in an International Financial Services Centre;

(*c*) "convertible foreign exchange" means a foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of the Foreign Exchange Management Act, 1999 (42 of 1999) and the rules made thereunder.]

---

1. Ins. by Act 23 of 2012, s. 48 (w.e.f. 1-4-2001).

2. Ins. by Act 28 of 2005, s. 27 and the Second Schedule (w.e.f. 10-2-2006).

3. Ins. by Act 8 of 2011, s. 18 (w.e.f. 1-4-2012).

4. Ins. by Act 28 of 2016, s. 55 (w.e.f. 1-4-2017).

[1][CHAPTER XIIBA

SPECIAL PROVISIONS RELATING TO CERTAIN [2][PERSONS OTHER THAN A COMPANY]

[3][**115JC. Special provisions for payment of tax by certain persons other than a company.**—(*1*) Notwithstanding anything contained in this Act, where the regular income-tax payable for a previous year by a person, other than a company, is less than the alternate minimum tax payable for such previous year, the adjusted total income shall be deemed to be the total income of that person for such previous year and he shall be liable to pay income-tax on such total income at the rate of eighteen and one-half per cent.

(*2*) Adjusted total income referred to in sub-section (*1*) shall be the total income before giving effect to this Chapter as increased by—

(*i*) deductions claimed, if any, under any section (other than section 80P) included in Chapter VIA under the heading "C.—Deductions in respect of certain incomes"; [4]***

(*ii*) deduction claimed, if any, [5][under section 10AA; and]

[6][(*iii*) deduction claimed, if any, under section 35AD as reduced by the amount of depreciation allowable in accordance with the provisions of section 32 as if no deduction under section 35AD was allowed in respect of the assets on which the deduction under that section is claimed.]

(*3*) Every person to whom this section applies shall obtain a report, in such form as may be prescribed, from an accountant, certifying that the adjusted total income and the alternate minimum tax have been computed in accordance with the provisions of this Chapter and furnish such report on or before the due date of furnishing of return of income under sub-section (*1*) of section 139.]

**115JD. Tax credit for alternate minimum tax.**—(*1*) The credit for tax paid by [1][a person under section 115JC shall be allowed to him] in accordance with the provisions of this section.

(*2*) The tax credit of an assessment year to be allowed under sub-section (*1*) shall be the excess of alternate minimum tax paid over the regular income-tax payable of that year.

[2][Provided that where the amount of tax credit in respect of any income-tax paid in any country or specified territory outside India under section 90 or section 90A or section 91, allowed against the alternate minimum tax payable, exceeds the amount of the tax credit admissible against the regular income-tax payable by the assessee, then, while computing the amount of credit under this sub-section, such excess amount shall be ignored.]

(*3*) No interest shall be payable on tax credit allowed under sub-section (*1*).

---

1. Ins. by Act 8 of 2011, s. 19 (w.e.f. 1-4-2012).

2. Subs. by Act 23 of 2012, s. 49, for "LIMITED LIABILITY PARTERSHIPS" (w.e.f. 1-4-2013).

3. Subs. by s. 50, *ibid*., for section 115JC (w.e.f. 1-4-2013).

4. The "word" omitted by Act 25 of 2014, s. 39 (w.e.f. 1-4-2015).

5. Subs. by s. 39, *ibid*., for "under section 10AA" (w.e.f. 1-4-2015).

6. Ins. by s. 39, *ibid*. (w.e.f. 1-4-2015).

7. Subs. by Act 23 of 2012, s. 51, for "a limited liability partnership under section 115JC shall be allowed to it" (w.e.f. 1-4-2013).

8. Ins. by Act 7 of 2017, s. 48 (w.e.f. 1-4-2018).

(*4*) The amount of tax credit determined under sub-section (*2*) shall be carried forward and set off in accordance with the provisions of sub-sections (*5*) and (*6*) but such carry forward shall not be allowed beyond the [1][fifteenth assessment year] immediately succeeding the assessment year for which tax credit becomes allowable under sub-section (*1*).

(*5*) In any assessment year in which the regular income-tax exceeds the alternate minimum tax, the tax credit shall be allowed to be set off to the extent of the excess of regular income-tax over the alternate minimum tax and the balance of the tax credit, if any, shall be carried forward.

(*6*) If the amount of regular income-tax or the alternate minimum tax is reduced or increased as a result of any order passed under this Act, the amount of tax credit allowed under this section shall also be varied accordingly.

**115JE. Application of other provisions of this Act.**—Save as otherwise provided in this Chapter, all other provisions of this Act shall apply to a [2][person] referred to in this Chapter.

[3][**115JEE. Application of this Chapter to certain persons.**—(*1*) The provisions of this Chapter shall apply to a person who has claimed any deduction under—

(*a*) any section (other than section 80P) included in Chapter VI-A under the heading "C.—*Deductions in respect of certain incomes*"; or

[4][(*b*) section 10AA; or

(*c*) section 35AD.]

(*2*) The provisions of this Chapter shall not apply to an individual or a Hindu undivided family or an association of persons or a body of individuals, whether incorporated or not, or an artificial juridical person referred to in sub-clause (*vii*) of clause (*31*) of section 2, if the adjusted total income of such person does not exceed twenty lakh rupees.]

[1][(*3*) Notwithstanding anything contained in sub-section (*1*) or sub-section (*2*), the credit for tax paid under section 115JC shall be allowed in accordance with the provisions of section 115JD.]

**115JF. Interpretation in this Chapter.**In this Chapter—

(*a*) "accountant" shall have the same meaning as in the Explanation below sub-section (*2*) of section 288;

(*b*) "alternate minimum tax" means the amount of tax computed on adjusted total income at a rate of eighteen and one-half per cent;

[2]*                    *                    *                    *                    *

(*d*) "regular income-tax" means the income-tax payable for a previous year by [3][a person on his total income] in accordance with the provisions of this Act other than the provisions of this Chapter.]

---

1. Subs. by Act 7 of 2017, s. 48, for "tenth assessment year" (w.e.f. 1-4-2018).
2. Subs. by Act 23 of 2012, s. 52, for "a limited liability partnership" (w.e.f. 1-4-2013).
3. Ins. by s. 53, *ibid*. (w.e.f. 1-4-2013).
4. Subs. by Act 25 of 2014, s. 40, for clause (*b*) (w.e.f. 1-4-2015).
5. Ins. by s. 40, *ibid*. (w.e.f. 1-4-2015).
6. Clause (*c*) omitted by Act 23 of 2012, s. 54 (w.e.f. 1-4-2013).
7. Subs. by s. 54, *ibid*., for "a limited liability partnership on its total income" (w.e.f. 1-4-2013).

487

¹[CHAPTER XIIBB

SPECIAL PROVISIONS RELATING TO CONVERSION OF INDIAN BRANCH OF A FOREIGN BANK INTO A SUBSIDIARY COMPANY

**115JG. Conversion of an Indian branch of foreign company into subsidiary Indian company.**—(*1*) Where a foreign company is engaged in the business of banking in India through its branch situate in India and such branch is converted into a subsidiary company thereof, being an Indian company (hereafter referred to as an Indian subsidiary company) in accordance with the scheme framed by the Reserve Bank of India, then, notwithstanding anything contained in the Act and subject to the conditions as may be notified by the Central Government in this behalf,—

(*i*)  the capital gains arising from such conversion shall not be chargeable to tax in the assessment year relevant to the previous year in which such conversion takes place;

(*ii*)  the provisions of this Act relating to treatment of unabsorbed depreciation, set off or carry forward and set off of losses, tax credit in respect of tax paid on deemed income relating to certain companies and the computation of income in the case of the foreign company and Indian subsidiary company shall apply with such exceptions, modifications and adaptations as may be specified in that notification.

(*2*) In case of failure to comply with any of the conditions specified in the scheme or in the notification issued under sub-section (*1*), all the provisions of this Act shall apply to the foreign company and the said Indian subsidiary company without any benefit, exemption or relief under sub-section (*1*).

(*3*) Where, in a previous year, any benefit, exemption or relief has been claimed and granted to the foreign company or the Indian subsidiary company in accordance with the provisions of sub-section (*1*) and, subsequently, there is failure to comply with any of the conditions specified in the scheme or in the notification issued under sub-section (*1*), then,—

(*i*)  such benefit, exemption or relief shall be deemed to have been wrongly allowed;

(*ii*)  the Assessing Officer may, notwithstanding anything contained in this Act, re-compute the total income of the assessee for the said previous year and make the necessary amendment; and

(*iii*)  the provisions of section 154 shall, so far as may be, apply thereto and the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which the failure to comply with the condition referred to in sub-section (*1*) takes place.

(*4*) Every notification issued under this section shall be laid before each House of Parliament.]

¹[CHAPTER XIIBC

SPECIAL PROVISIONS RELATING TO FOREIGN COMPANY SAID TO BE RESIDENT IN INDIA

**115JH. Foreign company said to be resident in India.**—(*1*) Where a foreign company is said to be resident in India in any previ- ous year and such foreign company has not been resident in India in any of the previous years preceding the said previous year, then, notwithstanding anything contained in this Act and subject to the conditions as may be notified by the Central Government in this behalf, the provisions of this Act relating to the computation of total income, treatment of unabsorbed depreciation, set off or carry forward and set off of losses, collection and recovery and special provisions relating to avoidance of tax shall apply with such exceptions, modifications and adaptations as may be specified in that notification for the said previous year:

---

1. Ins. by Act 23 of 2012, s. 55 (w.e.f. 1-4-2013).

2. Ins. by Act 28 of 2016, s. 56 (w.e.f. 1-4-2017).

Provided that where the determination regarding foreign company to be resident in India has been made in the assessment proceedings relevant to any previous year, then, the provisions of this sub-section shall also apply in respect of any other previous year, succeeding such previous year, if the foreign company is resident in India in that previous year and the previous year ends on or before the date on which such assessment proceeding is completed.

(*2*) Where, in a previous year, any benefit, exemption or relief has been claimed and granted to the foreign company in accordance with the provisions of sub-section (*1*), and, subsequently, there is failure to comply with any of the conditions specified in the notification issued under sub-section (*1*), then,—

(*i*) such benefit, exemption or relief shall be deemed to have been wrongly allowed;

(*ii*) the Assessing Officer may, notwithstanding anything contained in this Act, re-compute the total income of the assessee for the said previous year and make the necessary amendment as if the exceptions, modifications and adaptations referred to in sub-section (*1*) did not apply; and

(*iii*) the provisions of section 154 shall, so far as may be, apply thereto and the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which the failure to comply with the condition referred to in sub-section (*1*) takes place.

(*3*) Every notification issued under this section shall be laid before each House of Parliament.]

[1]*          *          *          *          *

**115K.** [**Special provision for computation of income in certain cases.**]—*Omitted by the Finance Act* 1997 (26 *of* 1997), *s*. 39 (*w.e.f.* 1-4-1998).

**115L. [Return of income not to be filed in certain cases**.]—*Omitted by the Finance Act*, 1997 (26 *of* 1997), *s*. 39 (*w.e.f.* 1-4-1998).

**115M.** [**Special provision for disallowance of deductions and rebate of income-tax.**]—*Omitted by the Finance Act,* 1997 (26 *of* 1997), *s*. 39, (*w.e.f.* 1-4-1998).

**115N. [Bar of proceedings in certain cases.]**—*Omitted by the Finance Act*, 1997 (26 *of* 1997), *s*. 39, (*w.e.f.* 1-4-1998).

[1][CHAPTER XIID

SPECIAL PROVISIONS RELATING TO TAX ON DISTRIBUTED PROFITS OF DOMESTIC COMPANIES

**115-O. Tax on distributed profits of domestic companies.**—[2][(*1*) Notwithstanding anything contained in any other provision of this Act and subject to the provisions of this section, in addition to the income-tax chargeable in respect of the total income of a domestic company for any assessment year, any amount declared, distributed or paid by such company by way of dividends (whether interim or otherwise) on or after the 1st day of April, 2003, whether out of current or accumulated profits shall be charged to additional income-tax (hereafter referred to as tax on distributed profits) [3][at the rate of fifteen per cent.]]

---

1. Chapter XIIC consisting of sections 115K to 115N omitted by Act 26 of 1997, s. 39 (w.e.f. 1-4-1998). Earlier Chapter XIIC was inserted by the Act 18 of 1992, s. 58 (w.e.f. 1-4-1993).

2. Ins. by s. 40, ibid. (w.e.f. 1-6-1997).

3. Subs. by Act 32 of 2003, s. 55, for sub-section (*1*) (w.e.f. 1-4-2003). Earlier sub-section (*1*) was amended by Act 10 of 2000,   s. 53 (w.e.f. 1-6-2000), Act 14 of 2001, s. 55 (w.e.f. 1-6-2001), and Act 20 of 2002, s. 53 (w.e.f. 1-4-2003).

4. Subs. by Act 22 of 2007, s. 35, for "at the rate of twelve and one-half per cent." (w.e.f. 1-4-2007).

[1][(*1A*) The amount referred to in sub-section (*1*) shall be reduced by,—

[2][(*i*)  the amount of dividend, if any, received by the domestic company during the financial year, if such dividend is received from its subsidiary and,—

(*a*) where such subsidiary is a domestic company, the subsidiary has paid the tax which is payable under this section on such dividend; or

(*b*)  where such subsidiary is a foreign company, the tax is payable by the domestic company under section 115BBD on such dividend:

Provided that the same amount of dividend shall not be taken into account for reduction more than once;]

(*ii*) the amount of dividend, if any, paid to any person for, or on behalf of, the New Pension System Trust referred to in clause (*44*) of section 10.

*Explanation.*—For the purposes of this sub-section, a company shall be a subsidiary of another company, if such other company, holds more than half in nominal value of the equity share capital of the company.]

[3][(*1B*) For the purposes of determining the tax on distributed profits payable in accordance with this section, any amount by way of dividends referred to in sub-section (*1*) as reduced by the amount referred to in sub-section (*1A*) [hereafter referred to as net distributed profits], shall be increased to such amount as would, after reduction of the tax on such increased amount at the rate specified in sub-section (*1*), be equal to the net distributed profits.]

(*2*) Notwithstanding that no income-tax is payable by a domestic company on its total income computed in accordance with the provisions of this Act, the tax on distributed profits under sub-section (*1*) shall be payable by such company.

(*3*) The principal officer of the domestic company and the company shall be liable to pay the tax on distributed profits to the credit of the Central Government within fourteen days from the date of—

(*a*)  declaration of any dividend; or

(*b*)  distribution of any dividend; or

(*c*)  payment of any dividend,

whichever is earliest.

(*4*) The tax on distributed profits so paid by the company shall be treated as the final payment of tax in respect of the amount declared, distributed or paid as dividends and no further credit therefor shall be claimed by the company or by any other person in respect of the amount of tax so paid.

(*5*) No deduction under any other provision of this Act shall be allowed to the company or a shareholder in respect of the amount which has been charged to tax under sub-section (*1*) or the tax thereon.

[1][(*6*) Notwithstanding anything contained in this section, no tax on distributed profits shall be chargeable in respect of the total income of an undertaking or enterprise engaged in developing or developing and operating or developing, operating and maintaining a Special Economic Zone for any assessment year on any amount declared, distributed or paid by such Developer or enterprise, by way of dividends (whether interim or otherwise) on or after the 1st day of April, 2005 out of its current income either in the hands of the Developer or enterprise or the person receiving such dividend [2]*** ]:

---

1. Subs. by Act 33 of 2009, s. 47, for sub-section (*1A*) (w.r.e.f. (1-4-2009). Earlier sub-section (*1A*) was inserted by Act 18 of 2008, s. 24 (w.e.f. 1-4-2008).
2. Subs. by Act 17 of 2013, s. 30, for clause (*i*) (w.e.f. 1-6-2013).
3. Ins. by Act 25 of 2014, s. 41 (w.e.f. 1-10-2014).
4. Ins. by Act 28 of 2005, s. 27 and the Second Schedule (w.e.f. 10-2-2006).
5. The words "not falling under clause (*23G*)" omitted by Act 21 of 2006, s. 25 (w.e.f. 1-4-2007).

[1][Provided that the provisions of this sub-section shall cease to have effect from the 1st day of June, 2011.]

[2][(*7*) No tax on distributed profits shall be chargeable under this section in respect of any amount declared, distributed or paid by the specified domestic company by way of dividends (whether interim or otherwise) to a business trust out of its current income on or after the specified date:

Provided that nothing contained in this sub-section shall apply in respect of any amount declared, distributed or paid, at any time, by the specified domestic company by way of dividends (whether interim or otherwise) out of its accumulated profits and current profits up to the specified date.

*Explanation*.—For the purposes of this sub-section,—

(*a*) "specified domestic company" means a domestic company in which a business trust has become the holder of whole of the nominal value of equity share capital of the company (excluding the equity share capital required to be held mandatorily by any other person in accordance with any law for the time being in force or any directions of Government or any regulatory authority, or equity share capital held by any Government or Government body);

(*b*) "specified date" means the date of acquisition by the business trust of such holding as is referred to in clause (*a*).]

[3][(*8*) Notwithstanding anything contained in this section, no tax on distributed profits shall be chargeable in respect of the total income of a company, being a unit of an International Financial Services Centre, deriving income solely in convertible foreign exchange, for any assessment year on any amount declared, distributed or paid by such company, by way of dividends (whether interim or otherwise) on or after the 1st day of April, 2017, out of its current income, either in the hands of the company or the person receiving such dividend.

*Explanation*.—For the purposes of this sub-section,—

(*a*) "International Financial Services Centre" shall have the same meaning as assigned to it in clause (*q*) of section 2 of the Special Economic Zones Act, 2005 (28 of 2005);

(*b*) "unit" means a unit established in an International Financial Services Centre, on or after the 1st day of April, 2016;

(*c*) "convertible foreign exchange" means foreign exchange which is for the time being treated by the Reserve Bank of India as convertible foreign exchange for the purposes of the Foreign Exchange Management Act, 1999 (42 of 1999) and the rules made thereunder.]

**115P. Interest payable for non-payment of tax by domestic companies.**—Where the principal officer of a domestic company and the company fails to pay the whole or any part of the tax on distributed profits referred to in sub-section (*1*) of section 115-O, within the time allowed under sub-section (*3*) of that section, he or it shall be liable to pay simple interest at the rate of [1][one per cent.] for every month or part thereof on the amount of such tax for the period beginning on the date immediately after the last date on which such tax was payable and ending with the date on which the tax is actually paid.

**115Q. When company is deemed to be in default.**—If any principal officer of a domestic company and the company does not pay tax on distributed profits in accordance with the provisions of section 115O, then, he or it shall be deemed to be an assessee in default in respect of the amount of tax payable by him or it and all the provisions of this Act for the collection and recovery of income-tax shall apply.

*Explanation*.—For the purposes of this Chapter, the expression "dividends" shall have the same meaning as is given to "dividend" in clause (*22*) of section 2 but shall not include sub-clause (*e*) thereof.]

1. Ins. by Act 8 of 2011, s. 20 (w.e.f. 1-6-2011).
2. Ins. by Act 28 of 2016, s. 57 (w.e.f. 1-6-2016).
3. Ins. by s. 57, *ibid.* (w.e.f. 1-4-2017).
4. Subs. by Act 54 of 2003, s. 4, for "one and one-fourth per cent." (w.e.f. 8-9-2003). Earlier the quoted words were amended by Act 10 of 2000, s. 54 (w.e.f. 1-6-2000).

[1][CHAPTER XIIDA

SPECIAL PROVISIONS RELATING TO TAX ON DISTRIBUTED INCOME OF DOMESTIC COMPANY FOR BUY-BACK OF SHARES

**115QA. Tax on distributed income to shareholders.**—(*1*) Notwithstanding anything contained in any other provision of this Act, in addition to the income-tax chargeable in respect of the total income of a domestic company for any assessment year, any amount of distributed income by the company on buy-back of shares (not being shares listed on a recognised stock exchange) from a shareholder shall be charged to tax and such company shall be liable to pay additional income-tax at the rate of twenty per cent on the distributed income.

*Explanation*.—For the purposes of this section,—

(*i*) "buy-back" means purchase by a company of its own shares in accordance with the provisions of [2][any law for the time being in force relating to companies];

(*ii*) "distributed income" means the consideration paid by the company on buy-back of shares as reduced by [3][the amount, which was received by the company for issue of such shares, determined in the manner as may be prescribed].

(*2*) Notwithstanding that no income-tax is payable by a domestic company on its total income computed in accordance with the provisions of this Act, the tax on the distributed income under sub-section (*1*) shall be payable by such company.

(*3*) The principal officer of the domestic company and the company shall be liable to pay the tax to the credit of the Central Government within fourteen days from the date of payment of any consideration to the shareholder on buy-back of shares referred to in sub-section (*1*).

(*4*) The tax on the distributed income by the company shall be treated as the final payment of tax in respect of the said income and no further credit therefor shall be claimed by the company or by any other person in respect of the amount of tax so paid.

(*5*) No deduction under any other provision of this Act shall be allowed to the company or a shareholder in respect of the income which has been charged to tax under sub-section (*1*) or the tax thereon.

**115QB. Interest payable for non-payment of tax by company.**—Where the principal officer of the domestic company and the company fails to pay the whole or any part of the tax on the distributed income referred to in sub-section (*1*) of section 115QA, within the time allowed under sub-section (*3*) of that section, he or it shall be liable to pay simple interest at the rate of one per cent for every month or part thereof on the amount of such tax for the period beginning on the date immediately after the last date on which such tax was payable and ending with the date on which the tax is actually paid.

---

1. Ins. by Act 17 of 2013, s. 31 (w.e.f. 1-6-2013).
2. Subs. by Act 28 of 2016, s. 58, for "section 77A of the Companies Act, 1956 (1 of1956)" (w.e.f. 1-6-2016).
3. Subs. by s. 58, *ibid.*, for "the amount, which was received by the company for issue of such shares, determined in the manner as may be prescribed" (1-6-2016).

**115QC. When company is deemed to be assessee in default.**—If any principal officer of a domestic company and the company does not pay tax on distributed income in accordance with the provisions of section 115QA, then, he or it shall be deemed to be an assessee in default in respect of the amount of tax payable by him or it and all the provisions of this Act for the collection and recovery of income-tax shall apply.]

[1][CHAPTER XIIE

SPECIAL PROVISIONS RELATING TO TAX ON DISTRIBUTED INCOME

**115R. Tax on distributed income to unit holders.**—(*1*) Notwithstanding anything contained in any other provisions of this Act and section 32 of the Unit Trust of India Act, 1963 (52 of 1963), [2][any amount of income distributed on or before the 31st day of March, 2002 by the Unit Trust of India to its unit holders] shall be chargeable to tax and the Unit Trust of India shall be liable to pay additional income-tax on such distributed income at the rate of [3][ten per cent]:

Provided that nothing contained in this sub-section shall apply in respect of any income distributed to a unit holder of open-ended equity oriented funds in respect of any distribution made from such fund for a period of three years commencing from the 1st day of April, 1999.

[1][(2) Notwithstanding anything contained in any other provision of this Act, any amount of income distributed by the specified company or a Mutual Fund to its unit holders shall be chargeable to tax and such specified company or Mutual Fund shall be liable to pay additional income-tax on such distributed income [2][at the rate of—

[3][(*i*) twenty-five per cent. on [4][income distributed to any person being an individual or a Hindu undivided family] by a money market mutual fund or a liquid fund;

[5][(*ia*) thirty per cent. on income distributed to any other person by a money market mutual fund or a liquid fund;]

(*ii*) [6][twenty-five per cent.] on income distributed to any person being an individual or a Hindu undivided family by a fund other than a money market mutual fund or a liquid fund; and

(*iii*) [7][thirty per cent.] on income distributed to any other person by a fund other than a money market mutual fund or a liquid fund:]

---

1. Ins. by Act 27 of 1999, s. 61 (w.e.f. 1-6-1999).
2. Subs. by Act 20 of 2002, s. 54, for "any amount of income distributed on or before the 31st day of March, 2002 by the Unit Trust of India to its unit holders" (w.e.f. 1-4-2003).
3. Subs. by Act 14 of 2001, s. 57, for "twenty per cent." (w.e.f. 1-6-2001), earlier substituted by Act 10 of 2000, s. 55 (w.e.f. 1-6-2001).
4. Subs. by Act 32 of 2003, s. 56, for sub-section (*2*) (w.e.f. 1-4-2003), Earlier amended by 20 of 2002, s. 54 (w.e.f. 1-4-2003).
5. Subs. by Act 23 of 2004, s. 29, for "at the rate of twelve and one-half per cent." (w.e.f. 9-7-2004).
6. Subs. by Act 22 of 2007, s. 36, for clauses (*i*) and (*ii*) (w.e.f. 1-4-2007).
7. Subs. by Act 8 of 2011, s. 21, for "income distributed" (w.e.f. 1-6-2011).
5. Ins. by s. 21, *ibid.* (w.e.f. 1-6-2011).
9. Subs. by Act 17 of 2013, s. 32, for "twelve and one-half per cent." (w.e.f. 1-6-2013).
10. Subs. by Act 8 of 2011, s. 21, for "twenty per cent." (w.e.f. 1-6-2011).

[1][Provided that where any income is distributed by a mutual fund under an infrastructure debt fund scheme to a non-resident (not being a company) or a foreign company, the mutual fund shall be liable to pay additional income-tax at the rate of five per cent on income so distributed:]

[2][Provided further that] nothing contained in this sub-section shall apply in respect of any income distributed,—

   (*a*)  by the Administrator of the specified undertaking, to the unit holders; or

   (*b*)  to a unit holder of [3]*** equity oriented funds in respect of any distribution made from such funds [4]***.

[5][*Explanation.*—For the purposes of this sub-section,—

   (*i*) "administrator" and "specified company" shall have the meanings respectively assigned to them in the *Explanation* to clause (*35*) of section 10;

   (*ii*) "infrastructure debt fund scheme" shall have the same meaning as assigned to it in clause (*1*) of regulation 49L of the Securities and Exchange Board of India (Mutual Funds) Regulations, 1996 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992).]

[1][(*2A*) For the purposes of determining the additional income-tax payable in accordance with sub-section (*2*), the amount of distributed income referred therein shall be increased to such amount as would, after reduction of the additional income-tax on such increased amount at the rate specified in sub-section (*2*), be equal to the amount of income distributed by the Mutual Fund.]

   (*3*) The person responsible for making payment of the income distributed by the Unit Trust of India or a Mutual Fund and the Unit Trust of India or the Mutual Fund, as the case may be, shall be liable to pay tax to the credit of the Central Government within fourteen days from the date of distribution or payment of such income, whichever is earlier.

   [2]*                    *                    *                    *

   (*4*) No deduction under any other provision of this Act shall be allowed to the Unit Trust of India or to a Mutual Fund in respect of the income which has been charged to tax under sub-section (*1*) or sub-section (*2*).

---

1. Ins. by Act 17 of 2013, s. 32 (w.e.f. 1-6-2013).

2. Subs. by s. 32, *ibid.*, for "Provided that" (w.e.f. 1-6-2013).

3. The word "open-ended" omitted by Act 21 of 2006, s. 26 (w.e.f. 1-6-2006).

4. The words, figures and letters "for a period of one year commencing from the 1st day of April 2003" by s. 29, *ibid.* (w.e.f1-4-2004).

5. Subs. by Act 17 of 2013, s. 32, for the *Explanation* (w.e.f. 1-6-2013).

6. Ins. by Act 25 of 2014, s. 42 (w.e.f. 1-10-2014).

7. Sub-section (*3A*) omitted by s. 42, *ibid.* (w.e.f. 1-4-2015).Earlier inserted by Act 10 of 2000, s. 55 (w.e.f. 1-6-2000).

**115S. Interest payable for non-payment of tax.**—Where the person responsible for making payment of the income distributed by the [1][specified company as referred to in clause (*h*) of section 2 of the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002) or a Mutual Fund and the specified company] or the Mutual Fund, as the case may be, fails to pay the whole or any part of the tax referred to in sub-section (*1*) or sub-section (*2*) of section 115R, within the time allowed under sub-section (*3*) of that section, he or it shall be liable to pay simple interest at the rate of [2][one per cent.] every month or part thereof on the amount of such tax for the period beginning on the date immediately after the last date on which such tax was payable and ending with the date on which the tax is actually paid.

**115T. Unit Trust of India or Mutual Fund to be an assessee in default.**—If any person responsible for making payment of the income distributed by the [1][specified company as referred to in clause (*h*) of section 2 of the Unit Trust of India (Transfer of Undertaking and Repeal) Act, 2002 (58 of 2002) or a Mutual Fund and the specified company] or the Mutual Fund, as the case may be, does not pay tax, as is referred to in sub-section (*1*) or sub-section (*2*) of section 115R, then, he or it shall be deemed to be an assessee in default in respect of the amount of tax payable by him or it and all the provisions of this Act for the collection and recovery of income-tax shall apply.

*Explanation.*—For the purposes of this Chapter,—

(*a*) "Mutual Fund" means a Mutual Fund specified under clause (*23D*) of section 10;

(*b*) "[1]*** equity oriented fund" means—

(*i*) the Unit Scheme, 1964 made by the Unit Trust of India; and

(*ii*) such fund where the investible funds are invested by way of equity shares in domestic companies to the extent of more than [2][sixty-five per cent.] of the total proceeds of such fund:

Provided that the percentage of equity shareholding of the fund shall be computed with reference to the annual average of the monthly averages of the opening and closing figures;

(*c*) "Unit Trust of India" means the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963);

[3][(*d*) "money market mutual fund" means a money market mutual fund as defined in sub-clause (*p*) of clause (*2*) of the Securities and Exchange Board of India (Mutual Funds) Regulations, 1996;

(*e*) "liquid fund" means a scheme or plan of a mutual fund which is classified by the Securities and Exchange Board of India as a liquid fund in accordance with the guidelines issued by it in this behalf under the Securities and Exchange Board of India Act, 1992 (15 of 1992) or regulations made thereunder.]

---

1. Subs. by Act 32 of 2003, s. 57, for "Unit Trust of India or a Mutual Fund and the Unit Trust of India" (w.e.f. 1-4-2003).

2. Subs. by Act 54 of 2003, s. 5, for "one and one-fourth per cent." (w.e.f. 8-9-2003).

3. The word "open-ended" omitted by Act 21 of 2006, s. 27 (w.e.f. 1-6-2006).

4. Subs. by s. 27, *ibid.*, for "fifty per cent." (w.e.f. 1-6-2006).

5. Ins. by Act 22 of 2007, s. 37 (w.e.f. 1-4-2007).

[1][CHAPTER XIIEA

SPECIAL PROVISIONS RELATING TO TAX ON DISTRIBUTED
INCOME BY SECURITISATION TRUSTS

**115TA. Tax on distributed income to investors.**—(*1*) Notwithstanding anything contained in any other provisions of the Act, any amount of income distributed by the securitisation trust to its investors shall be chargeable to tax and such securitisation trust shall be liable to pay additional income-tax on such distributed income at the rate of—

(*i*)  twenty-five per cent. on income distributed to any person being an individual or a Hindu undivided family;

(*ii*) thirty per cent. on income distributed to any other person:

Provided that nothing contained in this sub-section shall apply in respect of any income distributed by the securitisation trust to any person in whose case income, irrespective of its nature and source, is not chargeable to tax under the Act.

(*2*) The person responsible for making payment of the income distributed by the securitisation trust shall be liable to pay tax to the credit of the Central Government within fourteen days from the date of distribution or payment of such income, whichever is earlier.

[2]*           *           *           *           *

(*4*) No deduction under any other provisions of this Act shall be allowed to the securitisation trust in respect of the income which has been charged to tax under sub-section (*1*).

[1][(5) Nothing contained in this section shall apply in respect of any income distributed by a securitisation trust to its investors on or after the 1st day of June, 2016.]

**115TB. Interest payable for non-payment of tax.**—Where the person responsible for making payment of the income distributed by the securitisation trust and the securitisation trust fails to pay the whole or any part of the tax referred to in sub-section (*1*) of section 115TA, within the time allowed under sub-section (*2*) of that section, he or it shall be liable to pay simple interest at the rate of one per cent. every month or part thereof on the amount of such tax for the period beginning on the date immediately after the last date on which such tax was payable and ending with the date on which the tax is actually paid.

**115TC. Securitisation trust to be assessee in default.**—If any person responsible for making payment of the income distributed by the securitisation trust and the securitisation trust does not pay tax, as referred to in sub-section (*1*) of section 115TA, then, he or it shall be deemed to be an assessee in default in respect of the amount of tax payable by him or it and all the provisions of this Act for the collection and recovery of income-tax shall apply.

[2][**115TCA. Tax on income from securitisation trusts.**—(*1*) Notwithstanding anything contained in this Act, any income accruing or arising to, or received by, a person, being an investor of a securitisation trust, out of investments made in the securitisation trust, shall be chargeable to income-tax in the same manner as if it were the income accruing or arising to, or received by, such person, had the investments by the securitisation trust been made directly by him.

---

1. Ins. by Act 17 of 2013, s. 33 (w.e.f. 1-6-2013).
2. Sub-section (*3*) omitted by Act 25 of 2014, s. 43 (w.e.f. 1-4-2015).
3. Ins. by Act 28 of 2016, s. 59 (w.e.f. 1-6-2016).
4. Ins. by s. 61, *ibid.* (w.e.f. 1-4-2017).

(*2*) The income paid or credited by the securitisation trust shall be deemed to be of the same nature and in the same proportion in the hands of the person referred to in sub-section (*1*), as if it had been received by, or had accrued or arisen to, the securitisation trust during the previous year.

(*3*) The income accruing or arising to, or received by, the securitisation trust, during a previous year, if not paid or credited to the person referred to in sub-section (*1*), shall be deemed to have been credited to the account of the said person on the last day of the previous year in the same proportion in which such person would have been entitled to receive the income had it been paid in the previous year.

(*4*) The person responsible for crediting or making payment of the income on behalf of securitisation trust and the securitisation trust shall furnish, within such period, as may be prescribed, to the person who is liable to tax in respect of such income and to the prescribed income-tax authority, a statement in such form and verified in such manner, giving details of the nature of the income paid or credited during the previous year and such other relevant details, as may be prescribed.

(*5*) Any income which has been included in the total income of the person referred to in sub-section (*1*), in a previous year, on account of it having accrued or arisen in the said previous year, shall not be included in the total income of such person in the previous year in which such income is actually paid to him by the securitisation trust.

*Explanation.*—For the purposes of this Chapter,—

(*a*) "investor" means a person who is holder of any securitised debt instrument or securities [1][or security receipt] issued by the securitisation trust;

(*b*) "securities" means debt securities issued by a Special Purpose Vehicle as referred to in the guidelines on securitisation of standard assets issued by the Reserve Bank of India;

(*c*) "securitised debt instrument" shall have the same meaning as assigned to it in clause (*s*) of sub-regulation (1) of regulation 2 of the Securities and Exchange Board of India (Public Offer and Listing of Securitised Debt Instruments) Regulations, 2008 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992) and the Securities Contracts (Regulation) Act, 1956 (42 of 1956);

(*d*) "securitisation trust" means a trust, being a—

(*i*) "special purpose distinct entity" as defined in clause (*u*) of sub-regulation (1) of regulation 2 of the Securities and Exchange Board of India (Public Offer and Listing of Securitised Debt Instruments) Regulations, 2008 made under the Securities and Exchange Board of India Act, 1992 (15 of 1992) and the Securities Contracts (Regulation) Act, 1956 (42 of 1956), and regulated under the said regulations; or

(*ii*) "Special Purpose Vehicle" as defined in, and regulated by, the guidelines on securitisation of standard assets issued by the Reserve Bank of India; [1][or]

[1][(*iii*) trust set-up by a securitisation company or a reconstruction company formed, for the purposes of the Securitisation and Reconstruction of Financial Assets and Enforcement of Security Interest Act, 2002 (54 of 2002), or in pursuance of any guidelines or directions issued for the said purposes by the Reserve Bank of India,]

which fulfils such conditions, as may be prescribed.]

[1][(*e*) "security receipt" shall have the same meaning as assigned to it in clause (*zg*) of sub-section (*1*) of section 2 of the Securitisation and Reconstruction of Financial Assets and Enforcement of Security Interest Act, 2002 (54 of 2002).]

1. Ins. by Act 28 of 2016, s. 60 (w.e.f. 1-6-2016).

[1][CHAPTER XIIEB

SPECIAL PROVISIONS RELATING TO TAX ON ACCRETED INCOME OF CERTAIN TRUSTS AND
INSTITUTIONS

**115TD.Tax on accreted income.**—(*1*) Notwithstanding anything contained in this Act, where in any previous year, a trust or institution registered under section 12AA has—

(*a*)  converted into any form which is not eligible for grant of registration under section 12AA;

(*b*)  merged with any entity other than an entity which is a trust or institution having objects similar to it and registered under section 12AA; or

(*c*)  failed to transfer upon dissolution all its assets to any other trust or institution registered under section 12AA or to any fund or institution or trust or any university or other educational institution or any hospital or other medical institution referred to in sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*) of clause (*23C*) of section 10, within a period of twelve months from the end of the month in which the dissolution takes place,

then, in addition to the income-tax chargeable in respect of the total income of such trust or institution, the accreted income of the trust or the institution as on the specified date shall be charged to tax and such trust or institution, as the case may be, shall be liable to pay additional income-tax (herein referred to as tax on accreted income) at the maximum marginal rate on the accreted income.

(*2*) The accreted income for the purposes of sub-section (*1*) means the amount by which the aggregate fair market value of the total assets of the trust or the institution, as on the specified date, exceeds the total liability of such trust or institution computed in accordance with the method of valuation as may be prescribed:

Provided that so much of the accreted income as is attributable to the following asset and liability, if any, related to such asset shall be ignored for the purposes of sub-section (*1*), namely:—

(*i*)  any asset which is established to have been directly acquired by the trust or institution out of its income of the nature referred to in clause (*1*) of section 10;

(*ii*)  any asset acquired by the trust or institution during the period beginning from the date of its creation or establishment and ending on the date from which the registration under section 12AA became effective, if the trust or institution has not been allowed any benefit of section 11 and 12 during the said period:

Provided further that where due to the first proviso to sub-section (*2*) of section 12A, the benefit of section 11 and 12 have been allowed to the trust or the institution in respect of any previous year or years beginning prior to the date from which the registration under section 12AA is effective, then, for the purposes of clause (*ii*) of the first proviso, the registration shall be deemed to have become effective from the first day of the earliest previous year:

Provided also that while computing the accreted income in respect of a case referred to in clause (*c*) of sub-section (*1*), assets and liabilities, if any, related to such asset, which have been transferred to any other trust or institution registered under section 12AA or to any fund or institution or trust or any university or other educational institution or any hospital or other medical institution referred to in sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*) of clause (*23C*) of section 10, within the period specified in the said clause, shall be ignored.

_____
1. Ins. by Act 28 of 2016, s. 62 (w.e.f. 1-6-2016).

(*3*) For the purposes of sub-section (*1*), a trust or an institution shall be deemed to have been converted into any form not eligible for registration under section 12AA in a previous year, if,—

    (*i*) the registration granted to it under section 12AA has been cancelled; or

    (*ii*) it has adopted or undertaken modification of its objects which do not conform to the conditions of registration and it,—

        (*a*) has not applied for fresh registration under section 12AA in the said previous year; or

        (*b*) has filed application for fresh registration under section 12AA but the said application has been rejected.

(*4*) Notwithstanding that no income-tax is payable by a trust or the institution on its total income computed in accordance with the provisions of this Act, the tax on the accreted income under sub-section (*1*) shall be payable by such trust or the institution.

(*5*) The principal officer or the trustee of the trust or the institution, as the case may be, and the trust or the institution shall also be liable to pay the tax on accreted income to the credit of the Central Government within fourteen days from,—

    (*i*)  the date on which,—

        (*a*)  the period for filing appeal under section 253 against the order cancelling the registration expires and no appeal has been filed by the trust or the institution; or

        (*b*)  the order in any appeal, confirming the cancellation of the registration, is received by the trust or institution,

in a case referred to in clause (*i*) of sub-section (*3*);

    (*ii*)  the end of the previous year in a case referred to in sub-clause (*a*) of clause (*ii*) of sub-section (*3*);

    (*iii*) the date on which,—

        (*a*)  the period for filing appeal under section 253 against the order rejecting the application expires and no appeal has been filed by the trust or the institution; or

        (*b*)  the order in any appeal, confirming the cancellation of the application, is received by the trust or institution,

in a case referred to in sub-clause (*b*) of clause (*ii*) of sub-section (*3*);

    (*iv*) the date of merger in a case referred to in clause (*b*) of sub-section (*1*);

    (*v*)  the date on which the period of twelve months referred to in clause (*c*) of sub-section (*1*) expires.

(*6*) The tax on the accreted income by the trust or the institution shall be treated as the final payment of tax in respect of the said income and no further credit therefor shall be claimed by the trust or the institution or by any other person in respect of the amount of tax so paid.

(*7*) No deduction under any other provision of this Act shall be allowed to the trust or the institution or any other person in respect of the income which has been charged to tax under sub-section (*1*) or the tax thereon.

*Explanation.*—For the purposes of this section,—

(*i*) "date of conversion" means,—

(*a*) the date of the order cancelling the registration under section 12AA, in a case referred to in clause (*i*) of sub-section (*3*); or

(*b*) the date of adoption or modification of any object, in a case referred to in clause (*ii*) of sub-section (*3*);

(*ii*) "specified date" means,—

(*a*) the date of conversion in a case falling under clause (*a*) of sub-section (*1*);

(*b*) the date of merger in a case falling under clause (*b*) of sub-section (*1*); and

(*c*) the date of dissolution in a case falling under clause (*c*) of sub-section (*1*);

(*iii*) registration under section 12AA shall include any registration obtained under section 12A as it stood before its amendment by the Finance (No. 2) Act, 1996 (33 of 1996).

**115TE. Interest payable for non-payment of tax by trust or institution.**—Where the principal officer or the trustee of the trust or the institution and the trust or the institution fails to pay the whole or any part of the tax on the accreted income referred to in sub-section (*1*) of section 115TD, within the time allowed under sub-section (*5*) of that section, he or it shall be liable to pay simple interest at the rate of one per cent for every month or part thereof on the amount of such tax for the period beginning on the date immediately after the last date on which such tax was payable and ending with the date on which the tax is actually paid.

**115TF. When trust or institution is deemed to be assessee in default.**—(*1*) If any principal officer or the trustee of the trust or the institution and the trust or the institution does not pay tax on accreted income in accordance with the provisions of section 115TD, then, he or it shall be deemed to be an assessee in default in respect of the amount of tax payable by him or it and all the provisions of this Act for the collection and recovery of income-tax shall apply.

(*2*) Notwithstanding anything contained in sub-section (*1*), in a case where the tax on accreted income is payable under the circumstances referred to in clause (*c*) of sub-section (*1*) of section 115TD, the person to whom any asset forming part of the computation of accreted income under sub-section (*2*) thereof has been transferred, shall be deemed to be an assessee in default in respect of such tax and interest thereon and all the provisions of this Act for the collection and recovery of income-tax shall apply:

Provided that the liability of the person referred to in this sub-section shall be limited to the extent to which the asset received by him is capable of meeting the liability.]

[1][CHAPTER XIIF

SPECIAL PROVISIONS RELATING TO TAX ON INCOME RECEIVED FROM VENTURE CAPITAL COMPANIES AND VENTURE CAPITAL FUNDS

**115U. Tax on income in certain cases.**—(*1*) Notwithstanding anything contained in any other provisions of this Act, any [2][income accruing or arising to or received] by a person out of investments made in a venture capital company or venture capital fund shall be chargeable to income-tax in the same manner as if it were the [2][income accruing or arising to or received] by such person had he made investments directly in the venture capital undertaking.

(*2*) [3][The person responsible for crediting or making] payment of the income on behalf of a venture capital company or a venture capital fund and the venture capital company or venture capital fund shall furnish, within such time as may be prescribed, [4][to the person who is liable to tax in respect of such income] and to the prescribed income-tax authority, a statement in the prescribed form and verified in the prescribed manner, giving details of the nature of the [5][income paid or credited] during the previous year and such other relevant details as may be prescribed.

(*3*) [5][The income paid or credited] by the venture capital company and the venture capital fund shall be deemed to be of the same nature and in the same proportion in the hands of [1][the person referred to in sub-section (*1*) as it had been] received by, or [2][had accrued or arisen] to, the venture capital company or the venture capital fund, as the case may be, during the previous year.

(*4*) The provisions of Chapter XII-D or Chapter XII-E or Chapter XVIIB shall not apply to the income paid by a venture capital company or venture capital fund under this Chapter.

[3][(*5*) The income accruing or arising to or received by the venture capital company or venture capital fund, during a previous year, from investments made in venture capital undertaking if not paid or credited to the person referred to in sub-section (*1*), shall be deemed to have been credited to the account of the said person on the last day of the previous year in the same proportion in which such person would have been entitled to receive the income had it been paid in the previous year.]

[4][(*6*) Nothing contained in this Chapter shall apply in respect of any income, of a previous year relevant to the assessment year beginning on or after the 1st day of April, 2016, accruing or arising to, or received by, a person from investments made in a venture capital company or venture capital fund, being an investment fund specified in clause (*a*) of the *Explanation* 1 to section 115UB.]

*Explanation* [5][*1*].—For the purposes of this Chapter, "venture capital company", "venture capital fund" and "venture capital undertaking" shall have the meanings respectively assigned to them in clause (*23FB*) of section 10.

[6][*Explanation 2.*—For the removal of doubts, it is hereby declared that any income which has been included in total income of the person referred to in sub-section (*1*) in a previous year, on account of it having accrued or arisen in the said previous year, shall not be included in the total income of such person in the previous year in which such income is actually paid to him by the venture capital company or the venture capital fund.]

---

1. Ins. by 10 of 2000, s. 57 (w.e.f. 1-4-2001).
2. Subs. by Act 23 of 2012, s. 57, for "income received" (w.e.f. 1-4-2013).
3. Subs. by s. 57, *ibid.*, for "The person responsible for making" (w.e.f. 1-4-2013).
4. Subs. by s. 57, *ibid.*, for "to the person receiving such income" (w.e.f. 1-4-2013).
5. Subs. by s. 57, *ibid.*, for "income paid" (w.e.f. 1-4-2013).
6. Subs. by s. 57, *ibid.*, for "the person receiving such income as it had been" (w.e.f. 1-4-2013).
7. Subs. by s. 57, *ibid.*, for "had accrued" (w.e.f. 1-4-2013).
8. Ins. by s. 57, *ibid.* (w.e.f. 1-4-2013).
9. Ins. by Act 20 of 2015, s. 31 (w.e.f. 1-4-2016).
10. The *Explanation* renumbered as *Explanation* 1 thereof by Act 23 of 2012, s. 57 (w.e.f. 1-7-2012).
11. Ins. by s. 57, *ibid.* (w.e.f. 1-7-2012).

<sup>1</sup>[CHAPTER XIIFA

SPECIAL PROVISIONS RELATING TO BUSINESS TRUSTS

**115UA. Tax on income of unit holder and business trust.**—(*1*) Notwithstanding anything contained in any other provisions of this Act, any income distributed by a business trust to its unit holders shall be deemed to be of the same nature and in the same proportion in the hands of the unit holder as it had been received by, or accrued to, the business trust.

(*2*) Subject to the provisions of section 111A and section 112, the total income of a business trust shall be charged to tax at the maximum marginal rate.

(*3*) If in any previous year, the distributed income or any part thereof, received by a unit holder from the business trust is of the nature as referred to <sup>2</sup>[in sub-clause (*a*) of clause (*23FC*)] <sup>3</sup>[or clause (*23FCA*)] of section 10, then, such distributed income or part thereof shall be deemed to be income of such unit holder and shall be charged to tax as income of the previous year.

(*4*) Any person responsible for making payment of the income distributed on behalf of a business trust to a unit holder shall furnish a statement to the unit holder and the prescribed authority, within such time and in such form and manner as may be prescribed, giving the details of the nature of the income paid during the previous year and such other details as may be prescribed.]

<sup>1</sup>[CHAPTER XIIFB

SPECIAL PROVISIONS RELATING TO TAX ON INCOME OF INVESTMENT FUNDS AND INCOME RECEIVED FROM
SUCH FUNDS

**115UB. Tax on income of investment fund and its unit holders.**—(*1*) Notwithstanding anything contained in any other provisions of this Act and subject to the provisions of this Chapter, any income accruing or arising to, or received by, a person, being a unit holder of an investment fund, out of investments made in the investment fund, shall be chargeable to income-tax in the same manner as if it were the income accruing or arising to, or received by, such person had the investments made by the investment fund been made directly by him.

(*2*) Where in any previous year, the net result of computation of total income of the investment fund [without giving effect to the provisions of clause (*23FBA*) of section 10] is a loss under any head of income and such loss cannot be or is not wholly set-off against income under any other head of income of the said previous year, then,—

(*i*)  such loss shall be allowed to be carried forward and it shall be set-off by the investment fund in accordance with the provisions of Chapter VI; and

(*ii*)  such loss shall be ignored for the purposes of sub-section (*1*).

(*3*) The income paid or credited by the investment fund shall be deemed to be of the same nature and in the same proportion in the hands of the person referred to in sub-section (*1*), as if it had been received by, or had accrued or arisen to, the investment fund during the previous year subject to the provisions of sub-section (*2*).

---

1. Ins. by Act 25 of 2014, s. 44 (w.e.f. 1-4-2015).

2. Subs. by Act 28 of 2016, s. 63, for "in clause (23FC)" (w.e.f. 1-4-2017).

3. Ins. by Act 20 of 2015, s. 32 (w.e.f. 1-4-2016).

4. Ins. by s. 33, *ibid.* (w.e.f. 1-4-2016).

(*4*) The total income of the investment fund shall be charged to tax—

(*i*) at the rate or rates as specified in the Finance Act of the relevant year, where such fund is a company or a firm; or

(*ii*) at maximum marginal rate in any other case.

(*5*) The provisions of Chapter XIID or Chapter XIIE shall not apply to the income paid by an investment fund under this Chapter.

(*6*) The income accruing or arising to, or received by, the investment fund, during a previous year, if not paid or credited to the person referred to in sub-section (*1*), shall subject to the provisions of sub-section (*2*), be deemed to have been credited to the account of the said person on the last day of the previous year in the same proportion in which such person would have been entitled to receive the income had it been paid in the previous year.

(*7*) The person responsible for crediting or making payment of the income on behalf of an investment fund and the investment fund shall furnish, within such time as may be prescribed[2], to the person who is liable to tax in respect of such income and to the prescribed income-tax authority, a statement in the prescribed form and verified in such manner, giving details of the nature of the income paid or credited during the previous year and such other relevant details, as may be prescribed.

*Explanation 1.*—For the purposes of this Chapter,—

(*a*) "investment fund" means any fund established or incorporated in India in the form of a trust or a company or a limited liability partnership or a body corporate which has been granted a certificate of registration as a Category I or a Category II Alternative Investment Fund and is regulated under the Securities and Exchange Board of India (Alternative Investment Fund) Regulations, 2012, made under the Securities and Exchange Board of India Act, 1992 (15 of 1992);

(*b*) "trust" means a trust established under the Indian Trusts Act, 1882 (2 of 1882) or under any other law for the time being in force;

(*c*) "unit" means beneficial interest of an investor in the investment fund or a scheme of the investment fund and shall include shares or partnership interests.

*Explanation 2.*—For the removal of doubts, it is hereby declared that any income which has been included in total income of the person referred to in sub-section (*1*) in a previous year, on account of it having accrued or arisen in the said previous year, shall not be included in the total income of such person in the previous year in which such income is actually paid to him by the investment fund.]

[1][CHAPTER XIIG

SPECIAL PROVISIONS RELATING TO INCOME OF SHIPPING COMPANIES

*A.—Meaning of certain expressions*

**115V. Definitions.**—In this Chapter, unless the context otherwise requires,—

(*a*) "bareboat charter" means hiring of a ship for a stipulated period on terms which give the charterer possession and control of the ship, including the right to appoint the master and crew;

(*b*) "bareboat charter-*cum*-demise" means a bareboat charter where the ownership of the ship is intended to be transferred after a specified period to the company to whom it has been chartered;

(*c*) "Director-General of Shipping" means the Director-General of Shipping appointed by the Central Government under sub-section (*1*) of section 7 of the Merchant Shipping Act, 1958 (44 of 1958);

1. Ins. by Act 23 of 2004, s. 30 (w.e.f. 1-4-2005).

(*d*) "factory ship" includes a vessel providing processing services in respect of processing of the fishing produce;

(*e*) "fishing vessel" shall have the meaning assigned to it in clause (*12*) of section 3 of the Merchant Shipping Act, 1958 (44 of 1958);

(*f*) "pleasure craft" means a ship of a kind whose primary use is for the purposes of sport or recreation;

(*g*) "qualifying company" means a company referred to in section 115VC;

(*h*) "qualifying ship" means a ship referred to in section 115VD;

(*i*) "seagoing ship" means a ship if it is certified as such by the competent authority of any country;

(*j*) "tonnage income" means the income of a tonnage tax company computed in accordance with the provisions of this Chapter;

(*k*) "tonnage tax activities" means the activities referred to in sub-sections (*2*) and (*5*) of section 115V-I;

(*l*) "tonnage tax company" means a qualifying company in relation to which tonnage tax option is in force;

(*m*) "tonnage tax scheme" means a scheme for computation of profits and gains of business of operating qualifying ships under the provisions of this Chapter.

*B.—Computation of tonnage income from business of operating qualifying ships*

**115VA. Computation of profits and gains from the business of operating qualifying ships.**— Notwithstanding anything to the contrary contained in sections 28 to 43C, in the case of a company, the income from the business of operating qualifying ships, may, at its option, be computed in accordance with the provisions of this Chapter and such income shall be deemed to be the profits and gains of such business chargeable to tax under the head "Profits and gains of business or profession".

**115VB. Operating ships.**—For the purposes of this Chapter, a company shall be regarded as operating a ship if it operates any ship whether owned or chartered by it and includes a case where even a part of the ship has been chartered in by it in an arrangement such as slot charter, space charter or joint charter:

**Provided** that a company shall not be regarded as the operator of a ship which has been chartered out by it on bareboat charter-*cum*-demise terms or on bareboat charter terms for a period exceeding three years.

**115VC. Qualifying company.**—For the purposes of this Chapter, a company is a qualifying company if—

(*a*) it is an Indian company;

(*b*) the place of effective management of the company is in India;

(*c*) it owns at least one qualifying ship; and

(*d*) the main object of the company is to carry on the business of operating ships.

*Explanation.*—For the purposes of this section, "place of effective management of the company" means—

(*A*) the place where the board of directors of the company or its executive directors, as the case may be, make their decisions; or

(*B*)  in a case where the board of directors routinely approve the commercial and strategic decisions made by the executive directors or officers of the company, the place where such executive directors or officers of the company perform their functions.

**115VD. Qualifying ship.**—For the purposes of this Chapter, a ship is a qualifying ship if—

(*a*)  it is a sea going ship or vessel of fifteen net tonnage or more;

(*b*)  it is a ship registered under the Merchant Shipping Act, 1958 (44 of 1958), or a ship registered outside India in respect of which a licence has been issued by the Director-General of Shipping under section 406 or section 407 of the Merchant Shipping Act, 1958 (44 of 1958); and

(*c*)  a valid certificate in respect of such ship indicating its net tonnage is in force,

but does not include—

(*i*)  a sea going ship or vessel if the main purpose for which it is used is the provision of goods or services of a kind normally provided on land;

(*ii*)  fishing vessels;

(*iii*) factory ships;

(*iv*) pleasure crafts;

(*v*)  harbour and river ferries;

(*vi*) offshore installations;

[1]*                      *                      *                      *

(*viii*) a qualifying ship which is used as a fishing vessel for a period of more than thirty days during a previous year.

**115VE. Manner of computation of income under tonnage tax scheme.**—(*1*) A tonnage tax company engaged in the business of operating qualifying ships shall compute the profits from such business under the tonnage tax scheme.

(*2*) The business of operating qualifying ships giving rise to income referred to in sub-section (*1*) of section 115V-I shall be considered as a separate business (hereafter in this Chapter referred to as the tonnage tax business) distinct from all other activities or business carried on by the company.

(*3*) The profits referred to in sub-section (*1*) shall be computed separately from the profits and gains from any other business.

(*4*) The tonnage tax scheme shall apply only if an option to that effect is made in accordance with the provisions of section 115VP.

(*5*) Where a company engaged in the business of operating qualifying ships is not covered under the tonnage tax scheme or, has not made an option to that effect, as the case may be, the profits and gains of such company from such business shall be computed in accordance with the other provisions of this Act.

**115VF. Tonnage income.**—Subject to the other provisions of this Chapter, the tonnage income shall be computed in accordance with section 115VG and the income so computed shall be deemed to be the profits chargeable under the head "Profits and gains of business or profession" and the relevant shipping income referred to in sub-section (*1*) of section 115V-I shall not be chargeable to tax.

---

1. Clause (*vii*) omitted by Act 18 of 2005, s. 36 (w.e.f 1-4-2006).

**115VG. Computation of tonnage income.**—(*1*) The tonnage income of a tonnage tax company for a previous year shall be the aggregate of the tonnage income of each qualifying ship computed in accordance with the provisions of sub-sections (*2*) and (*3*).

(*2*) For the purposes of sub-section (*1*), the tonnage income of each qualifying ship shall be the daily tonnage income of each such ship multiplied by—

(*a*)  the number of days in the previous year; or

(*b*)  the number of days in part of the previous year in case the ship is operated by the company as a qualifying ship for only part of the previous year, as the case may be.

(*3*) For the purposes of sub-section (*2*), the daily tonnage income of a qualifying ship having tonnage referred to in column (1) of the Table below shall be the amount specified in the corresponding entry in column (2) of the Table:

[1][TABLE

| *Qualifying ship having net tonnage* | *Amount of daily tonnage income* |
|---|---|
| (1) | (2) |
| up to 1,000 | Rs. 70 for each 100 tons |
| exceeding 1,000 but not more than 10,000 | Rs. 700 *plus* Rs. 53 for each 100 tons exceeding 1,000 tons |
| exceeding 10,000 but not more than 25,000 | Rs. 5,470 *plus* Rs. 42 for each 100 tons exceeding 10,000 tons |
| exceeding 25,000 | Rs. 11,770 *plus* Rs. 29 for each 100 tons exceeding 25,000 tons.] |

(*4*) For the purposes of this Chapter, the tonnage shall mean the tonnage of a ship indicated in the certificate referred to in section 115VX and includes the deemed tonnage computed in the prescribed manner.

*Explanation.*—For the purposes of this sub-section, "deemed tonnage" shall be the tonnage in respect of an arrangement of purchase of slots, slot charter and an arrangement of sharing of break-bulk vessel.

(*5*) The tonnage shall be rounded off to the nearest multiple of hundred tons and for this purpose any tonnage consisting of kilograms shall be ignored and thereafter if such tonnage is not a multiple of hundred, then, if the last figure in that amount is fifty tons or more, the tonnage shall be increased to the next higher tonnage which is a multiple of hundred and if the last figure is less than fifty tons, the tonnage shall be reduced to the next lower tonnage which is a multiple of hundred; and the tonnage so rounded off shall be the tonnage of the ship for the purposes of this section.

(*6*) Notwithstanding anything contained in any other provision of this Act, no deduction or set off shall be allowed in computing the tonnage income under this Chapter.

**115VH. Calculation in case of joint operation, etc.**—(*1*) Where a qualifying ship is operated by two or more companies by way of joint interest in the ship or by way of an agreement for the use of the ship and their respective shares are definite and ascertainable, the tonnage income of each such company shall be an amount equal to a share of income proportionate to its share of that interest.

---

1. Subs. by Act 23 of 2012, s. 58, for the Table (w.e.f. 1-4-2013).

(*2*) Subject to the provisions of sub-section (*1*), where two or more companies are operators of a qualifying ship, the tonnage income of each company shall be computed as if each had been the only operator.

**115VI. Relevant shipping income.**—(*1*) For the purposes of this Chapter, the relevant shipping income of a tonnage tax company means—

  (*i*)  its profits from core activities referred to in sub-section (*2*);

  (*ii*)  its profits from incidental activities referred to in sub-section (*5*):

Provided that where the aggregate of all such incomes specified in clause (*ii*) exceeds one-fourth per cent of the turnover from core activities referred to in sub-section (*2*), such excess shall not form part of the relevant shipping income for the purposes of this Chapter and shall be taxable under the other provisions of this Act.

(*2*) The core activities of a tonnage tax company shall be—

  (*i*)  its activities from operating qualifying ships; and

  (*ii*)  other ship-related activities mentioned as under:—

    (*A*)  shipping contracts in respect of—

      (*i*)  earning from pooling arrangements;

      (*ii*)  contracts of affreightment.

    *Explanation.*—For the purposes of this sub-clause,—

      (*a*)  "pooling arrangement" means an agreement between two or more persons for providing services through a pool or operating one or more ships and sharing earnings or operating profits on the basis of mutually agreed terms;

      (*b*)  "contract of affreightment" means a service contract under which a tonnage tax company agrees to transport a specified quantity of specified products at a specified rate, between designated loading and discharging ports over a specified period;

    (*B*)  specific shipping trades, being—

      (*i*)  on-board or on-shore activities of passenger ships comprising of fares and food and beverages consumed on board;

      (*ii*)  slot charters, space charters, joint charters, feeder services, container box leasing of container shipping.

(*3*) The Central Government, if it considers necessary or expedient so to do, may, by notification in the Official Gazette, exclude any activity referred to in clause (*ii*) of sub-section (*2*) or prescribe the limit up to which such activities shall be included in the core activities for the purposes of this section.

(*4*) Every notification issued under this Chapter shall be laid, as soon as may be after it is issued, before each House of Parliament, while it is in session for a total period of thirty days which may be comprised in one session or in two or more successive sessions, and if, before the expiry of the session immediately following the session or the successive sessions aforesaid, both Houses agree in making any modification in the notification, or both Houses agree that the notification should not be issued, the notification shall thereafter have effect only in such modified form or be of no effect, as the case may be; so, however, that any such modification or annulment shall be without prejudice to the validity of anything previously done under that notification.

(*5*) The incidental activities shall be the activities which are incidental to the core activities and which may be prescribed for the purpose.

(*6*) Where a tonnage tax company operates any ship, which is not a qualifying ship, the income attributable to operating such non-qualifying ship shall be computed in accordance with the other provisions of this Act.

(*7*) Where any goods or services held for the purposes of tonnage tax business are transferred to any other business carried on by a tonnage tax company, or where any goods or services held for the purposes of any other business carried on by such tonnage tax company are transferred to the tonnage tax business and, in either case, the consideration, if any, for such transfer as recorded in the accounts of the tonnage tax business does not correspond to the market value of such goods or services as on the date of the transfer, then, the relevant shipping income under this section shall be computed as if the transfer, in either case, had been made at the market value of such goods or services as on that date:

Provided that where, in the opinion of the Assessing Officer, the computation of the relevant shipping income in the manner hereinbefore specified presents exceptional difficulties, the Assessing Officer may compute such income on such reasonable basis as he may deem fit.

*Explanation.*—For the purposes of this sub-section, "market value", in relation to any goods or services, means the price that such goods or services would ordinarily fetch on sale in the open market.

(*8*) Where it appears to the Assessing Officer that, owing to the close connection between the tonnage tax company and any other person, or for any other reason, the course of business between them is so arranged that the business transacted between them produces to the tonnage tax company more than the ordinary profits which might be expected to arise in the tonnage tax business, the Assessing Officer shall, in computing the relevant shipping income of the tonnage tax company for the purposes of this Chapter, take the amount of income as may reasonably be deemed to have been derived therefrom.

*Explanation.*—For the purposes of this Chapter, in case the relevant shipping income of a tonnage tax company is a loss, then, such loss shall be ignored for the purposes of computing tonnage income.

**115VJ. Treatment of common costs.**—(*1*) Where a tonnage tax company also carries on any business or activity other than the tonnage tax business, common costs attributable to the tonnage tax business shall be determined on a reasonable basis.

(*2*) Where any asset, other than a qualifying ship, is not exclusively used for the tonnage tax business by the tonnage tax company, depreciation on such asset shall be allocated between its tonnage tax business and other business on a fair proportion to be determined by the Assessing Officer, having regard to the use of such asset for the purpose of the tonnage tax business and for the other business.

**115VK. Depreciation.**—(*1*) For the purposes of computing depreciation under clause (*iv*) of section 115VL, the depreciation for the first previous year of the tonnage tax scheme (hereafter in this section referred to as the first previous year) shall be computed on the written down value of the qualifying ships as specified under sub-section (*2*).

(*2*) The written down value of the block of assets, being ships, as on the first day of the first previous year, shall be divided in the ratio of the book written down value of the qualifying ships (hereafter in this section referred to as the qualifying assets) and the book written down value of the non-qualifying ships (hereafter in this section referred to as the other assets).

(*3*) The block of qualifying assets as determined under sub-section (*2*) shall constitute a separate block of assets for the purposes of this Chapter.

(*4*) For the purposes of sub-section (*2*), the book written down value of the block of qualifying assets and the block of other assets shall be computed in the following manner, namely:—

(*a*)  the book written down value of each qualifying asset and each other asset as on the first day of the previous year and which form part of the block of assets to be divided shall be determined by taking the book written down value of each asset appearing in the books of account as on the last day of the preceding previous year:

Provided that any change in the value of the assets consequent to their revaluation after the date on which the Finance (No. 2) Act, 2004 receives the assent of the President shall be ignored;

(*b*)  the book written down value of all the qualifying assets and other assets shall be aggregated; and

(*c*)  the ratio of the aggregate book written down value of the qualifying assets to the aggregate book written down value of the other assets shall be determined.

(*5*) Where an asset forming part of a block of qualifying assets begins to be used for purposes other than the tonnage tax business, an appropriate portion of the written down value allocable to such asset shall be reduced from the written down value of that block and shall be added to the block of other assets.

*Explanation.*—For the purposes of this sub-section, appropriate portion of the written down value allocable to the asset, which begins to be used for purposes other than the tonnage tax business, shall be an amount which bears the same proportion to the written down value of the block of qualifying assets as on the first day of the previous year as the book written down value of the asset beginning to be used for purposes other than tonnage tax business bears to the book written down value of all the assets forming the block of qualifying asset.

(*6*) Where an asset forming part of a block of other assets begins to be used for tonnage tax business, an appropriate portion of the written down value allocable to such asset shall be reduced from the written down value of the block of other assets and shall be added to the block of qualifying asset.

*Explanation.*—For the purposes of this sub-section, appropriate portion of written down value allocable to the asset which begins to be used for the tonnage tax business shall be an amount which bears the same proportion to the written down value of the block of other assets as on the first day of the previous year as the book written down value of the asset beginning to be used for tonnage tax business bears to the total book written down value of all the assets forming the block of other assets.

(*7*) For the purposes of computing depreciation under clause (*iv*) of section 115VL in respect of an asset mentioned in sub-sections (*5*) and (*6*), depreciation computed for the previous year shall be allocated in the ratio of the number of days for which the asset was used for the tonnage tax business and for purposes other than tonnage tax business.

*Explanation 1.*—For the removal of doubts, it is hereby declared that for the purposes of this Act, depreciation on the block of qualifying assets and block of other assets so created shall be allowed as if such written down value referred to in sub-section (*2*) had been brought forward from the preceding previous year.

*Explanation 2.*—For the purposes of this section, "book written down value" means the written down value as appearing in the books of account.

**115VL. General exclusion of deduction and set off, etc.**—Notwithstanding anything contained in any other provision of this Act, in computing the tonnage income of a tonnage tax company for any previous year (hereafter in this section referred to as the "relevant previous year") in which it is chargeable to tax in accordance with this Chapter—

(*i*)   sections 30 to 43B shall apply as if every loss, allowance or deduction referred to therein and relating to or allowable for any of the relevant previous years, had been given full effect to for that previous year itself;

(*ii*)  no loss referred to in sub-sections (*1*) and (*3*) of section 70 or sub-sections (*1*) and (*2*) of section 71 or sub-section (*1*) of section 72 or sub-section (*1*) of section 72A, in so far as such loss relates to the business of operating qualifying ships of the company, shall be carried forward or set off where such loss relates to any of the previous years when the company is under the tonnage tax scheme;

(*iii*) no deduction shall be allowed under Chapter VIA in relation to the profits and gains from the business of operating qualifying ships; and

(*iv*) in computing the depreciation allowance under section 32, the written down value of any asset used for the purposes of the tonnage tax business shall be computed as if the company has claimed and has been actually allowed the deduction in respect of depreciation for the relevant previous years.

**115VM. Exclusion of loss.**—(*1*) Section 72 shall apply in respect of any losses that have accrued to a company before its option for tonnage tax scheme and which are attributable to its tonnage tax business, as if such losses had been set off against the relevant shipping income in any of the previous years when the company is under the tonnage tax scheme.

(*2*) The losses referred to in sub-section (*1*) shall not be available for set off against any income other than relevant shipping income in any previous year beginning on or after the company exercises its option under section 115VP.

(*3*) Any apportionment necessary to determine the losses referred to in sub-section (*1*) shall be made on a reasonable basis.

**115VN. Chargeable gains from transfer of tonnage tax assets.**—Any profits or gains arising from the transfer of a capital asset being an asset forming part of the block of qualifying assets shall be chargeable to income-tax in accordance with the provisions of section 45, read with section 50, and the capital gains so arising shall be computed in accordance with the provisions of sections 45 to 51:

Provided that for the purpose of computing such profits or gains, the provisions of section 50 shall have effect as if for the words "written down value of the block of assets", the words "written down value of the block of qualifying assets" had been substituted.

*Explanation.*—For the purposes of this Chapter, "written down value of the block of qualifying assets" means the written down value computed in accordance with the provisions of sub-section (*2*) of section 115VK.

**115V-O. Exclusion from provisions of section 115JB.**—The book profit or loss derived from the activities of a tonnage tax company, referred to in sub-section (*1*) of section 115V-I, shall be excluded from the book profit of the company for the purposes of section 115JB.

*C.—Procedure for option of tonnage tax scheme*

**115VP. Method and time of opting for tonnage tax scheme.**—(*1*) A qualifying company may opt for the tonnage tax scheme by making an application to the Joint Commissioner having jurisdiction over the company in the form and manner as may be prescribed, for such scheme.

(*2*) The application under sub-section (*1*) may be made by any existing qualifying company at any time after the 30th day of September, 2004 but before the 1st day of January, 2005 (hereafter referred to as the "initial period"):

Provided that—

(*i*)  a company incorporated after the initial period; or

(*ii*)  a qualifying company incorporated before the initial period but which becomes a qualifying company for the first time after the initial period,

may make an application within three months of the date of its incorporation or the date on which it became a qualifying company, as the case may be.

(*3*) On receipt of an application for option for tonnage tax scheme under sub-section (*1*), the Joint Commissioner may call for such information or documents from the company as he thinks necessary in order to satisfy himself about the eligibility of the company and after satisfying himself about such eligibility of the company to make such option for tonnage tax scheme, he—

(*i*)  shall pass an order in writing approving the option for tonnage tax scheme; or

(*ii*)  shall, if he is not so satisfied, pass an order in writing refusing to approve the option for tonnage tax scheme,

and a copy of such order shall be sent to the applicant:

Provided that no order under clause (*ii*) shall be passed unless the applicant has been given a reasonable opportunity of being heard.

(*4*) Every order granting or refusing the approval of the option for tonnage tax scheme under clause (*i*) or clause (*ii*), as the case may be, of sub-section (*3*) shall be passed before the expiry of one month from the end of the month in which the application was received under sub-section (*1*).

(*5*) Where an order granting approval is passed under sub-section (*3*), the provisions of this Chapter shall apply from the assessment year relevant to the previous year in which the option for tonnage tax scheme is exercised.

**115VQ. Period for which tonnage tax option to remain in force.**—(*1*) An option for tonnage tax scheme, after it has been approved under sub-section (*3*) of section 115VP, shall remain in force for a period of ten years from the date on which such option has been exercised and shall be taken into account from the assessment year relevant to the previous year in which such option is exercised.

(*2*) An option for tonnage tax scheme shall cease to have effect from the assessment year relevant to the previous year in which—

(*a*)  the qualifying company ceases to be a qualifying company;

(*b*)  a default is made in complying with the provisions contained in section 115VT or  section 115VU or  section 115VV;

(*c*)  the tonnage tax company is excluded from the tonnage tax scheme under  section 115VZC;

(*d*)  the qualifying company furnishes to the Assessing Officer, a declaration in writing to the effect that the provisions of this Chapter may not be made applicable to it,

and the profits and gains of the company from the business of operating qualifying ships shall be computed in accordance with the other provisions of this Act.

**115VR. Renewal of tonnage tax scheme.**—(*1*) An option for tonnage tax scheme approved under sub-section (*3*) of section 115VP may be renewed within one year from the end of the previous year in which the option ceases to have effect.

(*2*) The provisions of sections 115VP and 115VQ shall apply in relation to a renewal of the option for tonnage tax scheme in the same manner as they apply in relation to the approval of option for tonnage tax scheme.

**115VS. Prohibition to opt for tonnage tax scheme in certain cases.**—A qualifying company, which, on its own, opts out of the tonnage tax scheme or makes a default in complying with the provisions of section 115VT or section 115VU or section 115VV or whose option has been excluded from tonnage tax scheme in pursuance of an order made under sub-section (*1*) of section 115VZC, shall not be eligible to opt for tonnage tax scheme for a period of ten years from the date of opting out or default or order, as the case may be.

*D.—Conditions for applicability of tonnage tax scheme*

**115VT. Transfer of profits to Tonnage Tax Reserve Account.**—(*1*) A tonnage tax company shall, subject to and in accordance with the provisions of this section, be required to credit to a reserve account (hereafter in this section referred to as the Tonnage Tax Reserve Account) an amount not less than twenty per cent of the book profit derived from the activities referred to in clauses (*i*) and (*ii*) of sub-section (*1*) of section 115V-I in each previous year to be utilised in the manner laid down in sub-section (*3*):

Provided that a tonnage tax company may transfer a sum in excess of twenty per cent of the book profit and such excess sum transferred shall also be utilised in the manner laid down in sub-section (*3*).

*Explanation.*—For the purposes of this section, "book profit" shall have the same meaning as in the *Explanation* to sub-section (*2*) of section 115JB so far as it relates to the income derived from the activities referred to in clauses (*i*) and (*ii*) of sub-section (*1*) of section 115V-I.

(*2*) Where the company has book profit from the business of operating qualifying ships and book loss from any other sources, and consequently, the company is not in a position to create the full or any part of the reserves under sub-section (*1*), the company shall create the reserves to the extent possible in that previous year and the shortfall, if any, shall be added to the amount of the reserves required to be created for the following previous year and such shortfall shall be deemed to be part of the reserve requirement of that following previous year:

Provided that to the extent the shortfall in creation of reserves during a particular previous year is carried forward to the following previous year under this sub-section, the company shall be considered as having created sufficient reserves for the first mentioned previous year:

Provided further that nothing contained in the first proviso shall apply in respect of the second year in case the shortfall in creation of reserves continues for two consecutive previous years.

(*3*) The amount credited to the Tonnage Tax Reserve Account under sub-section (*1*) shall be utilised by the company before the expiry of a period of eight years next following the previous year in which the amount was credited—

(*a*)  for acquiring a new ship for the purposes of the business of the company; and

(*b*)  until the acquisition of a new ship, for the purposes of the business of operating qualifying ships other than for distribution by way of dividends or profits or for remittance outside India as profits or for the creation of any asset outside India.

(*4*) Where any amount credited to the Tonnage Tax Reserve Account under sub-section (*1*),—

(*a*)  has been utilised for any purpose other than that referred to in clause (*a*) or clause (*b*) of sub-section (*3*); or

(*b*)  has not been utilised for the purpose specified in clause (*a*) of sub-section (3); or

(*c*)  has been utilised for the purpose of acquiring a new ship as specified in clause (*a*) of sub-section (*3*), but such ship is sold or otherwise transferred, other than in any scheme of demerger by the company to any person at any time before the expiry of three years from the end of the previous year in which it was acquired,

an amount which bears the same proportion to the total relevant shipping income of the year in which such reserve was created, as the amount out of such reserve so utilised or not utilised bears to the total reserve created during that year under sub-section (*1*) shall be taxable under the other provisions of this Act—

(*i*)  in a case referred to in clause (*a*), in the year in which the amount was so utilised; or

(*ii*)  in a case referred to in clause (*b*), in the year immediately following the period of eight years specified in sub-section (*3*); or

(*iii*) in a case referred to in clause (*c*), in the year in which the sale or transfer took place:

Provided that the income so taxable under the other provisions of this Act shall be reduced by the proportionate tonnage income charged to tax in the year of creation of such reserves.

(*5*) Notwithstanding anything contained in any other provision of this Chapter, where the amount credited to the Tonnage Tax Reserve Account in accordance with sub-section (*1*) is less than the minimum amount required to be credited under sub-section (*1*), an amount which bears the same proportion to the total relevant shipping income, as the shortfall in credit to the reserves bears to the minimum reserve required to be credited under sub-section (*1*) shall not be taxable under the tonnage tax scheme and shall be taxable under the other provisions of this Act.

(*6*) If the reserve required to be created under sub-section (*1*) is not created for any two consecutive previous years, the option of the company for tonnage tax scheme shall cease to have effect from the beginning of the previous year following the second consecutive previous year in which the failure to create the reserve under sub-section (*1*) had occurred.

*Explanation.*—For the purposes of this section, "new ship" includes a qualifying ship which, before the date of acquisition by the qualifying company was used by any other person, if it was not at any time previous to the date of such acquisition owned by any person resident in India.

**115VU. Minimum training requirement for tonnage tax company.**—(*1*) A tonnage tax company, after its option has been approved under sub-section (*3*) of   section 115VP, shall comply with the minimum training requirement in respect of trainee officers in accordance with the guidelines framed by the Director-General of Shipping and notified in the Official Gazette by the Central Government.

(*2*) The tonnage tax company shall be required to furnish a copy of the certificate issued by the Director-General of Shipping along with the return of income under section 139 to the effect that such company has complied with the minimum training requirement in accordance with the guidelines referred to in sub-section (*1*) for the previous year.

(*3*) If the minimum training requirement is not complied with for any five consecutive previous years, the option of the company for tonnage tax scheme shall cease to have effect from the beginning of the previous year following the fifth consecutive previous year in which the failure to comply with the minimum training requirement under sub-section (*1*) had occurred.

**115VV. Limit for charter in of tonnage.**—(*1*) In the case of every company which has opted for tonnage tax scheme, not more than forty-nine per cent of the net tonnage of the qualifying ships operated by it during any previous year shall be chartered in.

(*2*) The proportion of net tonnage referred to in sub-section (*1*) in respect of a previous year shall be calculated based on the average of net tonnage during that previous year.

(*3*) For the purposes of sub-section (*2*), the average of net tonnage shall be computed in such manner as may be prescribed in consultation with the Director-General of Shipping.

(*4*) Where the net tonnage of ships chartered in exceeds the limit under sub-section (*1*) during any previous year, the total income of such company in relation to that previous year shall be computed as if the option for tonnage tax scheme does not have effect for that previous year.

(*5*) Where the limit under sub-section (*1*) had exceeded in any two consecutive previous years, the option for tonnage tax scheme shall cease to have effect from the beginning of the previous year following the second consecutive previous year in which the limit had exceeded.

*Explanation.*—For the purposes of this section, the term "chartered in" shall exclude a ship chartered in by the company on bareboat charter-*cum*-demise terms.

**115VW. Maintenance and audit of accounts.**—An option for tonnage tax scheme by a tonnage tax company shall not have effect in relation to a previous year unless such company—

(*i*)  maintains separate books of account in respect of the business of operating qualifying ships; and

(*ii*)  furnishes, along with the return of income for that previous year, the report of an accountant, in the prescribed form duly signed and verified by such accountant.

*Explanation.*—For the purposes of this section, "accountant" shall have the same meaning as in the *Explanation* below sub-section (*2*) of section 288.

**115VX. Determination of tonnage.**—(*1*) For the purposes of this Chapter,—

(*a*)  the tonnage of a ship shall be determined in accordance with the valid certificate indicating its tonnage;

(*b*)  "valid certificate" means,—

(*i*)  in case of ships registered in India—

(*a*)  having a length of less than twenty-four metres, a certificate issued under the Merchant Shipping (Tonnage Measurement of Ship) Rules, 1987 made under the Merchant Shipping Act, 1958 (44 of 1958);

(*b*)  having a length of twenty-four metres or more, an international tonnage certificate issued under the provisions of the Convention on Tonnage Measurement of Ships, 1969, as specified in the Merchant Shipping (Tonnage Measurement of Ship) Rules, 1987 made under the Merchant Shipping Act, 1958 (44 of 1958);

(*ii*)  in case of ships registered outside India, a licence issued by the Director-General of Shipping under section 406 or section 407 of the Merchant Shipping Act, 1958 (44 of 1958) specifying the net tonnage on the basis of Tonnage Certificate issued by the Flag State Administration where the ship is registered or any other evidence acceptable to the Director-General of Shipping produced by the ship owner while seeking permission for chartering in the ship.

*E.—Amalgamation and demerger of shipping companies*

**115VY. Amalgamation.**—Where there has been an amalgamation of a company with another company or companies, then, subject to the other provisions of this section, the provisions relating to the tonnage tax scheme shall, as far as may be, apply to the amalgamated company if it is a qualifying company:

Provided that where the amalgamated company is not a tonnage tax company, it shall exercise an option for tonnage tax scheme under sub-section (*1*) of section 115VP within three months from the date of the approval of the scheme of amalgamation:

Provided further that where the amalgamating companies are tonnage tax companies, the provisions of this Chapter shall, as far as may be, apply to the amalgamated company for such period as the option for tonnage tax scheme which has the longest unexpired period continues to be in force:

Provided also that where one of the amalgamating companies is a qualifying company as on the 1st day of October, 2004 and which has not exercised the option for tonnage tax scheme within the initial period, the provisions of this Chapter shall not apply to the amalgamated company and the income of the amalgamated company from the business of operating qualifying ships shall be computed in accordance with the other provisions of this Act.

**115VZ. Demerger.**—Where in a scheme of demerger, the demerged company transfers its business to the resulting company before the expiry of the option for tonnage tax scheme, then, subject to the other provisions of this Chapter, the tonnage tax scheme shall, as far as may be, apply to the resulting company for the unexpired period if it is a qualifying company:

Provided that the option for tonnage tax scheme in respect of the demerged company shall remain in force for the unexpired period of the tonnage tax scheme if it continues to be a qualifying company.

*F.—Miscellaneous*

**115VZA.Effect of temporarily ceasing to operate qualifying ships.**—(*1*) A temporary cessation (as against permanent cessation) of operating any qualifying ship by a company shall not be considered as a cessation of operating of such qualifying ship and the company shall be deemed to be operating such qualifying ship for the purposes of this Chapter.

(*2*) Where a qualifying company continues to operate a ship, which temporarily ceases to be a qualifying ship, such ship shall not be considered as a qualifying ship for the purposes of this Chapter.

*G.—Provisions of this Chapter not to apply in certain cases*

**115VZB. Avoidance of tax.**—(*1*) Subject to the provisions of this Chapter, the tonnage tax scheme shall not apply where a tonnage tax company is a party to any transaction or arrangement which amounts to an abuse of the tonnage tax scheme.

(*2*) For the purposes of sub-section (*1*), a transaction or arrangement shall be considered an abuse if the entering into or the application of such transaction or arrangement results, or would but for this section have resulted, in a tax advantage being obtained for—

   (*i*)  a person other than a tonnage tax company; or

   (*ii*)  a tonnage tax company in respect of its non-tonnage tax activities.

*Explanation.*—For the purposes of this section, "tax advantage" include,—

   (*i*)  the determination of the allowance for any expense or interest, or the determination of any cost or expense allocated or apportioned, or, as the case may be, which has the effect of reducing the income or increasing the loss, as the case may be, from activities other than tonnage tax activities chargeable to tax, computed on the basis of entries made in the books of account in respect of the previous year in which the transaction was entered into; or

   (*ii*)  a transaction or arrangement which produces to the tonnage tax company more than ordinary profits which might be expected to arise from tonnage tax activities.

**115VZC. Exclusion from tonnage tax scheme**.—(*1*) Where a tonnage tax company is a party to any transaction or arrangement referred to in sub-section (*1*) of section 115VZB, the Assessing Officer shall, by an order in writing, exclude such company from the tonnage tax scheme:

Provided that an opportunity shall be given by the Assessing Officer by serving a notice calling upon such company to show cause, on a date and time to be specified in the notice, why it should not be excluded from the tonnage tax scheme:

Provided further that no order under this sub-section shall be passed without the previous approval of the [1][Principal Chief Commissioner or Chief Commissioner].

(*2*) The provisions of this section shall not apply where the company shows to the satisfaction of the Assessing Officer that the transaction or arrangement was a *bona fide* commercial transaction and had not been entered into for the purpose of obtaining tax advantage under this Chapter.

(*3*) Where an order has been passed under sub-section (*1*) by the Assessing Officer excluding the tonnage tax company from the tonnage tax scheme, the option for tonnage tax scheme shall cease to be in force from the first day of the previous year in which the transaction or arrangement was entered into.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

[1][CHAPTER XIIH

INCOME-TAX ON FRINGE BENEFITS

*A.—Meaning of certain expressions*

**115W. Definitions.**—In this Chapter, unless the context otherwise requires,—

(*a*)  "employer" means,—

(*i*)  a company;

(*ii*)  a firm;

[2][(*iii*) an association of persons or a body of individuals, whether incorporated or not;]

(*iv*)  a local authority; and

(*v*)  every artificial juridical person, not falling within any of the preceding sub-clauses:

[1][Provided that any person eligible for exemption under clause (*23C*) of section 10 or registered under section 12AA or a political party registered under section 29A of the Representation of the People Act, 1951 (43 of 1951) shall not be deemed to be an employer for the purposes of this Chapter;]

(*b*)  "fringe benefit tax" or "tax" means the tax chargeable under section 115WA.

*B.—Basis of charge*

**115WA. Charge of fringe benefit tax.**—(*1*) In addition to the income-tax charged under this Act, there shall be charged for every assessment year commencing on or after the 1st day of April, 2006, additional income-tax (in this Act referred to as fringe benefit tax) in respect of the fringe benefits provided or deemed to have been provided by an employer to his employees during the previous year at the rate of thirty per cent on the value of such fringe benefits.

(*2*) Notwithstanding that no income-tax is payable by an employer on his total income computed in accordance with the provisions of this Act, the tax on fringe benefits shall be payable by such employer.

**115WB. Fringe benefits.**—(*1*) For the purposes of this Chapter, "fringe benefits" means any consideration for employment provided by way of—

(*a*)  any privilege, service, facility or amenity, directly or indirectly, provided by an employer, whether by way of reimbursement or otherwise, to his employees (including former employee or employees);

(*b*)  any free or concessional ticket provided by the employer for private journeys of his employees or their family members; [2]***

(*c*)  any contribution by the employer to an approved superannuation fund for [3][employees; and]

[5][(*d*)  anyspecified security or sweat equity shares allotted or transferred, directly or indirectly, by the employer free of cost or at concessional rate to his employees (including former employee or employees).

---

1. Ins. by Act 18 of 2005, s. 37 (w.e.f. 1-4-2006).
2. Subs. by Act 55 of 2005, s. 6, for Clause (*iii*) (w.e.f. 1-4-2006).Earlier substituted by Act 18 of 2005, s. 37 (w.e.f. 1-4-2006).
3. Ins. by s. 6, *ibid*. (w.e.f. 1-4-2006).
4. The word "and" omitted by Act 22 of 2007, s. 38 (w.e.f. 1-4-2008).
5. Ins. by s. 38, *ibid*. (w.e.f. 1-4-2008).

516

*Explanation.*—For the purposes of this clause,—

(*i*)  "specified security" means the securities as defined in clause (*h*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956) [1][and, where employees' stock option has been granted under any plan or scheme therefor, includes the securities offered under such plan or scheme];

(*ii*)  "sweat equity shares" means equity shares issued by a company to its employees or directors at a discount or for consideration other than cash for providing know-how or making available rights in the nature of intellectual property rights or value additions, by whatever name called.]

(*2*) The fringe benefits shall be deemed to have been provided by the employer to his employees, if the employer has, in the course of his business or profession (including any activity whether or not such activity is carried on with the object of deriving income, profits or gains) incurred any expense on, or made any payment for, the following purposes, namely:—

(*A*)  entertainment;

(*B*)  provision of hospitality of every kind by the employer to any person, whether by way of provision of food or beverages or in any other manner whatsoever and whether or not such provision is made by reason of any express or implied contract or custom or usage of trade but does not include—

(*i*)  any expenditure on, or payment for, food or beverages provided by the employer to his employees in office or factory;

(*ii*)  any expenditure on or payment through paid vouchers which are not transferable and usable only at eating joints or outlets;

[1][(*iii*)  any expenditure on or payment through non-transferable pre-paid electronic meal card usable only at eating joints or outlets and which fulfils such other conditions as may be prescribed;]

(*C*) conference (other than fee for participation by the employees in any conference).

*Explanation.*—For the purposes of this clause, any expenditure on conveyance, tour and travel (including foreign travel), on hotel, or boarding and lodging in connection with any conference shall be deemed to be expenditure incurred for the purposes of conference;

(*D*)  sales promotion including publicity:

Provided that any expenditure on advertisement,—

(*i*)  being the expenditure (including rental) on advertisement of any form in any print (including journals, catalogues or price lists) or electronic media or transport system;

(*ii*)  being the expenditure on the holding of, or the participation in, any press conference or business convention, fair or exhibition;

(*iii*)  being the expenditure on sponsorship of any sports event or any other event organised by any Government agency or trade association or body;

(*iv*) being the expenditure on the publication in any print or electronic media of any notice required to be published by or under any law or by an order of a court or tribunal;

(*v*)  being the expenditure on advertisement by way of signs, art work, painting, banners, awnings, direct mail, electric spectaculars, kiosks, hoardings,[2][bill boards, display of products] or by way of such other medium of advertisement; [3]***

---

1. Subs. by Act 18 of 2008, s. 25, for "and includes employees' stock option" (w.e.f. 1-4-2008).
2. Ins. by s. 25, *ibid*. (w.e.f. 1-4-2009).
3. Subs. by Act 22 of 2007, s. 38, for "bill boards" (w.e.f. 1-4-2008).
4. The word "and" omitted by Act 21 of 2006, s. 28 (w.e.f. 1-4-2007).

(*vi*)  being the expenditure by way of payment to any advertising agency for the purposes of clauses (*i*) to (*v*) above;

[1][2][(*vii*) being the expenditure on distribution of samples either free of cost or at concessional rate; and]

(*viii*) being the expenditure by way of payment to any person of repute for promoting the sale of goods or services of the business of the employer,]

shall not be considered as expenditure on sales promotion including publicity;

(*E*)  employees' welfare.

[3][*Explanation.*—For the purposes of this clause, any expenditure incurred or payment made to—

 (*i*)  fulfil any statutory obligation; or

 (*ii*)  mitigate occupational hazards; or

(*iii*)  provide first aid facilities in the hospital or dispensary run by the employer; or

(*iv*)  provide creche facility for the children of the employee; or

(*v*)  sponsor a sportsman, being an employee; or

(*vi*)  organise sports events for employees,

shall not be considered as expenditure for employees' welfare;]

(*F*)  conveyance;[1]***

(*G*)  use of hotel, boarding and lodging facilities;

(*H*)  repair, running (including fuel), maintenance of motor cars and the amount of depreciation thereon;

(*I*)  repair, running (including fuel) and maintenance of aircrafts and the amount of depreciation thereon;

(*J*)  use of telephone (including mobile phone) other than expenditure on leased telephone lines;

[2]*                              *                              *                              *

(*L*)  festival celebrations;

(*M*) use of health club and similar facilities;

(*N*) use of any other club facilities;

(*O*) gifts; and

(*P*) scholarships;

[3][(*Q*) tour and travel (including foreign travel).]

---

1. Ins. by Act 21 of 2006, s. 28 (w.e.f. 1-4-2007).
2. Subs. by Act 22 of 2007, s. 38, for clause (vii) (w.e.f. 1-4-2008).
3. Subs. by Act 18 of 2008, s. 25, for the *Explanation* (w.e.f. 1-4-2009).
4. The words and brackets ", tour and travel (including foreign travel)" omitted by Act 21 of 2006, s. 28 (w.e.f. 1-4-2007).
5. Clause (k) omitted by Act 18 of 2008, s. 25 (w.e.f. 1-4-2009).
6. Ins. by Act 21 of 2006, s. 28 (w.e.f. 1-4-2007).

(*3*) For the purposes of sub-section (*1*), the privilege, service, facility or amenity does not include perquisites in respect of which tax is paid or payable by the employee [1][or any benefit or amenity in the nature of free or subsidised transport or any such allowance provided by the employer to his employees for journeys by the employees from their residence to the place of work or such place of work to the place of residence.]

**115WC. Value of fringe benefits.**—(*1*) For the purposes of this Chapter, the value of fringe benefits shall be the aggregate of the following, namely:—

(*a*) cost at which the benefits referred to in clause (*b*) of sub-section (*1*) of section 115WB, is provided by the employer to the general public as reduced by the amount, if any, paid by, or recovered from, his employee or employees:

Provided that in a case where the expenses of the nature referred to in clause (*b*) of sub-section (*1*) of section 115WB are included in any other clause of sub-section (*2*) of the said section, the total expenses included under such other clause shall be reduced by the amount of expenditure referred to in the said clause (*b*) for computing the value of fringe benefits;

[1][(*b*) the amount of contribution, referred to in clause (*c*) of sub-section (*1*) of section 115WB, which exceeds one lakh rupees in respect of each employee;]

[2][(*ba*) the fair market value of the specified security or sweat equity shares referred to in clause (*d*) of sub-section (*1*) of section 115WB, on the date on which the option vests with the employee as reduced by the amount actually paid by, or recovered from, the employee in respect of such security or shares.

*Explanation*.—For the purposes of this clause,—

(*i*) "fair market value" means the value determined in accordance with the method as may be prescribed by the Board;

(*ii*) "option" means a right but not an obligation granted to an employee to apply for the specified security or sweat equity shares at a predetermined price;]

(*c*) twenty per cent of the expenses referred to in [3][clauses (*A*) to (*L*)] of sub-section (*2*) of section 115WB;

(*d*) fifty per cent of the expenses referred to in [4][clauses (*M*) to (*P*)] of sub-section (*2*) of section 115WB;

[5][(*e*) five per cent. of the expenses referred to in clause (*Q*) of sub-section (*2*) of section 115WB.]

(*2*) Notwithstanding anything contained in sub-section (*1*),—

(*a*) in the case of an employer engaged in the business of hotel, the value of fringe benefits for the purposes referred to in clause (*B*) of sub-section (*2*) of section 115WB shall be "five per cent." instead of "twenty per cent." referred to in clause (*c*) of sub-section (*1*);

[6][(*aa*) in the case of an employer engaged in the business of carriage of passengers or goods by aircraft, the value of fringe benefits for the purposes referred to in clause (*B*) of sub-section (*2*) of section 115WB shall be "five per cent" instead of "twenty per cent" referred to in clause (*c*) of sub-section (*1*);

1. Ins. by Act 21 of 2006, s. 28. (w.e.f. 1-4-2007).
2. Subs. by s. 29, *ibid*., for clause (*b*) (w.e.f. 1-4-2007).
3. Ins. by Act 22 of 2007, s. 39 (w.e.f. 1-4-2008).
4. Subs. by Act 18 of 2008, s. 26, for "clauses (A) to (K)" (w.e.f. 1-4-2009).
5. Subs. by s. 26, *ibid.,* for "clauses (L) to (P)" (w.e.f. 1-4-2009).
6. Ins. by Act 21 of 2006, s. 29 (w.e.f. 1-4-2007).

(*ab*) in the case of an employer engaged in the business of carriage of passengers or goods by ship, the value of fringe benefits for the purposes referred to in clause (*B*) of sub-section (*2*) of section 115WB shall be "five per cent" instead of "twenty per cent." referred to in clause (*c*) of sub-section (*1*);]

(*b*)  in the case of an employer engaged in the business of construction, the value of fringe benefits for the purposes referred to in clause (*F*) of sub-section (*2*) of section 115WB shall be "five per cent" instead of "twenty per cent" referred to in clause (*c*) of sub-section (*1*);

(*c*)  in the case of an employer engaged in the business of manufacture or production of pharmaceuticals, the value of fringe benefits for the purposes referred to in clauses (*F*) and (*G*) of sub-section (*2*) of section 115WB shall be "five per cent" instead of "twenty per cent" referred to in clause (*c*) of sub-section (*1*);

(*d*)  in the case of an employer engaged in the business of manufacture or production of computer software, the value of fringe benefits for the purposes referred to in clauses (*F*) and (*G*) of sub-section (*2*) of section 115WB shall be "five per cent" instead of "twenty per cent" referred to in clause (*c*) of sub-section (1);

[1][(*da*) in the case of an employer engaged in the business of carriage of passengers or goods by aircraft, the value of fringe benefits for the purposes referred to in clause (*G*) of sub-section (*2*) of section 115WB shall be "five per cent" instead of "twenty per cent" referred to in clause (*c*) of sub-section (*1*);

(*db*) in the case of an employer engaged in the business of carriage of passengers or goods by ship, the value of fringe benefits for the purposes referred to in clause (*G*) of sub-section (*2*) of section 115WB shall be "five per cent" instead of "twenty per cent" referred to in clause (*c*) of sub-section (*1*);]

(*e*)  in the case of an employer engaged in the business of carriage of passengers or goods by motor car, the value of fringe benefits for the purposes referred to in clause (*H*) of sub-section (*2*) of section 115WB shall be "five per cent" instead of "twenty per cent" referred to in clause (*c*) of sub-section (*1*);

(*f*)  in the case of an employer engaged in the business of carriage of passengers or goods by aircraft, the value of fringe benefits for the purposes referred to in clause (*I*) of sub-section (*2*) of section 115WB shall be taken as *Nil*.

*C.—Procedure for filing of return in respect of fringe benefits, assessment and payment of tax in respect thereof*

**115WD. Return of fringe benefits.**—(*1*) Without prejudice to the provisions contained in section 139, every employer who during a previous year has paid or made provision for payment of fringe benefits to his employees, shall, on or before the due date, furnish or cause to be furnished a return of fringe benefits to the Assessing Officer in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed, in respect of the previous year.

*Explanation.*—In this sub-section, "due date" means,—

(*a*)  where the employer is—

(*i*)  a company; or

(*ii*)  a person (other than a company) whose accounts are required to be audited under this Act or under any other law for the time being in force,

the [2][30th day of September] of the assessment year;

---

1. Ins. by Act 21 of 2006, s. 29 (w.e.f. 1-4-2007).
2. Subs. by Act 18 of 2008, s. 27, for "31st day of October" (w.e.f. 1-4-2008).

(*b*) in the case of any other employer, the 31st day of July of the assessment year.

(*2*) In the case of any employer who, in the opinion of the Assessing Officer, is responsible for paying fringe benefit tax under this Act and who has not furnished a return under sub-section (*1*), the Assessing Officer may, after the due date, issue a notice to him and serve the same upon him, requiring him to furnish within thirty days from the date of service of the notice, the return in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed.

(*3*) Any employer responsible for paying fringe benefit tax who has not furnished a return within the time allowed under sub-section (*1*) or within the time allowed under a notice issued under sub-section (*2*), may furnish the return for any previous year, at any time before the expiry of one year from the end of the relevant assessment year or before the completion of the assessment, whichever is earlier.

(*4*) If any employer, having furnished a return under sub-section (*1*), or in pursuance of a notice issued under sub-section (*2*), discovers any omission or any wrong statement therein, he may furnish a revised return at any time before the expiry of one year from the end of the relevant assessment year or before the completion of the assessment, whichever is earlier.

**115WE. Assessment.**—[1][(*1*) Where a return has been made under section 115WD, such return shall be processed in the following manner, namely:—

(*a*) the value of fringe benefits shall be computed after making the following adjustments, namely:—

(*i*) any arithmetical error in the return; or

(*ii*) an incorrect claim, if such incorrect claim is apparent from any information in the return;

(*b*) the tax and interest, if any, shall be computed on the basis of the value of fringe benefits computed under clause (*a*);

(*c*) the sum payable by, or the amount of refund due to, the assessee shall be determined after adjustment of the tax and interest, if any, computed under clause (*b*) by any advance tax paid, any tax paid on self-assessment and any amount paid otherwise by way of tax or interest;

(*d*) an intimation shall be prepared or generated and sent to the assessee specifying the sum determined to be payable by, or the amount of refund due to, the assessee under clause (*c*); and

(*e*) the amount of refund due to the assessee in pursuance of the determination under clause (*c*) shall be granted to the assessee:

Provided that no intimation under this sub-section shall be sent after the expiry of one year from the end of the financial year in which the return is made.

*Explanation.*—For the purposes of this sub-section,—

(*a*) "an incorrect claim apparent from any information in the return" shall mean a claim, on the basis of an entry, in the return,—

(*i*) of an item, which is inconsistent with another entry of the same or some other item in such return;

(*ii*) in respect of which the information required to be furnished to substantiate such entry has not been so furnished under this Act; or

(*iii*) in respect of a deduction or value of fringe benefits, where such deduction or value exceeds specified statutory limit which may have been expressed as monetary amount or percentage or ratio or fraction;

_____

1. Subs. by Act 18 of 2008, s. 28, for sub-section (1) (w.e.f. 1-4-2008).

(*b*)  the acknowledgement of the return shall be deemed to be the intimation in a case where no sum is payable by, or refundable to, the assessee under clause (*c*), and where no adjustment has been made under clause (*a*).

(*1A*) For the purposes of processing of returns under sub-section (1), the Board may make a scheme for centralised processing of returns with a view to expeditiously determining the tax payable by, or the refund due to, the assessee as required under that sub-section.

(*1B*) Save as otherwise expressly provided, for the purpose of giving effect to the scheme made under sub-section (*1A*), the Central Government may, by notification in the Official Gazette, direct that any of the provisions of this Act relating to processing of returns shall not apply or shall apply with such exceptions, modifications and adaptations as may be specified in that notification; so, however, that no direction shall be issued [1][after the 31st day of March, 2011].

(*1C*) Every notification issued under sub-section (*1B*), along with the scheme made under sub-section (*1A*), shall, as soon as may be after the notification is issued, be laid before each House of Parliament.]

(*2*) Where a return has been furnished under section 115WD, the Assessing Officer shall, if he considers it necessary or expedient to ensure that the assessee has not understated the value of fringe benefits or has not underpaid the tax in any manner, serve on the assessee a notice requiring him on a date to be specified therein, either to attend his office or to produce, or cause to be produced, any evidence on which the assessee may rely in support of the return:

Provided that no notice under this sub-section shall be served on the assessee after the expiry of [2][six months from the end of the financial year] in which the return is furnished.

(*3*) On the day specified in the notice issued under sub-section (*2*), or as soon afterwards as may be, after hearing such evidence as the assessee may produce and such other evidence as the Assessing Officer may require on specified points, and after taking into account all relevant material which he has gathered, the Assessing Officer shall, by an order in writing, make an assessment of the value of the fringe benefits paid or payable by the assessee, and determine the sum payable by him or refund of any amount due to him on the basis of such assessment.

(*4*) Where a regular assessment under sub-section (*3*) or section 115WF is made,—

(*a*)  any tax or interest paid by the assessee under sub-section (*1*) shall be deemed to have been paid towards such regular assessment;

(*b*)  if no refund is due on regular assessment or the amount refunded under sub-section (*1*) exceeds the amount refundable on regular assessment, the whole or the excess amount so refunded shall be deemed to be tax payable by the assessee and the provisions of this Act shall apply accordingly.

**115WF. Best judgment assessment.**—If any person, being an employer—

(*a*)  fails to make the return required under sub-section (*1*) of section 115WD and has not made a return under sub-section (*3*) or a revised return under sub-section (*4*) of that section, or

(*b*)  fails to comply with all the terms of a notice issued under sub-section (*2*) of section 115WD or fails to comply with a direction issued under sub-section (*2A*) of section 142, or

(*c*)  having made a return, fails to comply with all the terms of a notice issued under sub-section (*2*) of section 115WE,

the Assessing Officer, after taking into account all relevant material which the Assessing Officer has gathered, shall, after giving the assessee an opportunity of being heard, make the assessment of the fringe benefits to the best of his judgment and determine the sum payable by the assessee on the basis of such assessment:

---

1. Subs. by Act 14 of 2010, s. 31, for "after the 31st day of March, 2010" (w.e.f. 1-4-2010). Earlier substituted by Act 33 of 2009, s. 48 (w.e.f. 1-4-2009).
2. Subs. by Act 18 of 2008, s. 28, for "twelve months form the end of the month" (w.e.f. 1-4-2008).

Provided that such opportunity shall be given by the Assessing Officer by serving a notice calling upon the assessee to show cause, on a date and time to be specified in the notice as to why the assessment should not be completed to the best of his judgment:

Provided further that it shall not be necessary to give such opportunity in a case where a notice under sub-section (*2*) of section 115WD has been issued prior to the making of an assessment under this section.

**115WG. Fringe benefits escaping assessment.**—If the Assessing Officer has reason to believe that any fringe benefits chargeable to tax have escaped assessment for any assessment year, he may, subject to the provisions of section 115WH, 150 and 153, assess or reassess such fringe benefits and also any other fringe benefits chargeable to tax which have escaped assessment and which come to his notice subsequently in the course of the proceedings under this section, for the assessment year concerned (hereafter referred to as the relevant assessment year).

*Explanation.*—For the purposes of this section, the following shall also be deemed to be cases where fringe benefits chargeable to tax have escaped assessment, namely:—

(*a*)  where no return of fringe benefits has been furnished by the assessee;

(*b*)  where a return of fringe benefits has been furnished by the assessee but no assessment has been made and it is noticed by the Assessing Officer that the assessee has understated the value of fringe benefits in the return;

(*c*)  where an assessment has been made, but the fringe benefits chargeable to tax have been under-assessed.

**115WH. Issue of notice where fringe benefits have escaped assessment.**—(*1*) Before making the assessment or reassessment under section 115WG, the Assessing Officer shall serve on the assessee a notice requiring him to furnish within such period as may be specified in the notice, a return of the fringe benefits in respect of which he is assessable under this Chapter during the previous year corresponding to the relevant assessment year, in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed, and the provisions of this Chapter shall, so far as may be, apply accordingly as if such return were a return required to be furnished under section 115WD.

(*2*) The Assessing Officer shall, before issuing any notice under this section, record his reasons for doing so.

(*3*) No notice under sub-section (*1*) shall be issued for the relevant assessment year after the expiry of six years from the end of the relevant assessment year.

*Explanation.*—In determining fringe benefits chargeable to tax which have escaped assessment for the purposes of this sub-section, the provisions of the *Explanation* to section 115WG shall apply as they apply for the purposes of that section.

(*4*) In a case where an assessment under sub-section (*3*) of section 115WE or section 115WG has been made for the relevant assessment year, no notice shall be issued under sub-section (*1*) by an Assessing Officer, after the expiry of four years from the end of the relevant assessment year, unless the [1][Principal Chief Commissioner or Chief Commissioner] or [2][Principal Commissioner or Commissioner] is satisfied, on the reasons recorded by the Assessing Officer, that it is a fit case for the issue of such notice.

**115WI. Payment of fringe benefit tax.**—Notwithstanding that the regular assessment in respect of any fringe benefits is to be made in a later assessment year, the tax on such fringe benefits shall be payable in advance during any financial year, in accordance with the provisions of section 115WJ, in respect of the fringe benefits which would be chargeable to tax for the assessment year immediately following that financial year, such fringe benefits being hereafter in this Chapter referred to as the "current fringe benefits".

---

1. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
2. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

**115WJ. Advance tax in respect of fringe benefits**.—(*1*) Every assessee who is liable to pay advance tax under section 115WI, shall on his own accord, pay advance tax on his current fringe benefits calculated in the manner laid down in sub-section (*2*).

[1][(*2*) Advance tax on the current fringe benefits shall be payable by—

(*a*) all the companies, who are liable to pay the same in four instalments during each financial year and the due date of each instalment and the amount of such instalment shall be as specified in Table I below:

TABLE I

| Due date of instalment | Amount payable |
|---|---|
| On or before the 15th June | Not less than fifteen per cent of such advance tax. |
| On or before the 15th September | Not less than forty-five per cent of such advance tax as reduced by the amount, if any, paid in the earlier instalment. |
| On or before the 15th December | Not less than seventy-five per cent of such advance tax as reduced by the amount or amounts, if any, paid in the earlier instalment or instalments. |
| On or before the 15th March | The whole amount of such advance tax as reduced by the amount or amounts, if any, paid in the earlier instalment or instalments; |

(*b*) all the assessees (other than companies), who are liable to pay the same in three instalments during each financial year and the due date of each instalment and the amount of such instalment shall be as specified in Table II below:

TABLE II

| Due date of instalment | Amount payable |
|---|---|
| On or before the 15th September | Not less than thirty per cent of such advance tax. |
| On or before the 15th December | Not less than sixty per cent of such advance tax as reduced by the amount, if any, paid in the earlier instalment. |
| On or before the 15th March | The whole amount of such advance tax as reduced by the amount or amounts, if any, paid in the earlier instalment or instalments. |

(*3*) Where an assessee, being a company, has failed to pay the advance tax payable by him on or before the due date for any instalment or where the advance tax paid by him is less than the amount payable by the due date, he shall be liable to pay simple interest calculated at the rate of—

(*i*) one per cent per month, for three months on an amount by which the advance tax paid on or before the 15th June of the financial year falls short of fifteen per cent of the advance tax payable;

(*ii*) one per cent per month, for three months on an amount by which the advance tax paid on or before the 15th September of the financial year falls short of forty-five per cent of the advance tax payable;

---

1. Subs. by Act 22 of 2007, s. 40, for sub-sections (*2*) and (*3*) (w.e.f. 1-6-2007).

(*iii*) one per cent. per month, for three months on an amount by which the advance tax paid on or before the 15th December of the financial year falls short of seventy-five per cent. of the advance tax payable; and

(*iv*) one per cent. on an amount by which the advance tax paid on or before the 15th March of the financial year falls short of hundred per cent. of the advance tax payable.

(*4*) Where an assessee, being a person other than a company, has failed to pay the advance tax payable by him on or before the due date for any instalment or where the advance tax paid by him is less than the amount payable by the due date, he shall be liable to pay simple interest calculated at the rate of—

(*i*)  one per cent. per month, for three months on an amount by which the advance tax paid on or before the 15th September of the financial year falls short of thirty per cent. of the advance tax payable;

(*ii*)  one per cent. per month, for three months on an amount by which the advance tax paid on or before the 15th December of the financial year falls short of sixty per cent of the advance tax payable; and

(*iii*) one per cent. on an amount by which the advance tax paid on or before the 15th March of the financial year falls short of hundred per cent. of the advance tax payable.

(*5*) Where an assessee has failed to pay the advance tax payable by him during a financial year or where the advance tax paid by him is less than ninety per cent. of the tax assessed under section 115WE or section 115WF or section 115WG, the assessee shall be liable to pay simple interest at the rate of one per cent. per month, for every month or part of a month comprised in the period from the 1st day of April next following such financial year to the date of assessment of tax under section 115WE or section 115WF or section 115WG.]

**115WK. Interest for default in furnishing return of fringe benefits**.—(*1*) Where the return of fringe benefits for any assessment year under sub-section (*1*) or sub-section (*3*) of section 115WD or in response to a notice under sub-section (*2*) of that section, is furnished after the due date, or is not furnished, the employer shall be liable to pay simple interest at the rate of one per cent. for every month or part of a month comprised in the period commencing on the date immediately following the due date, and,—

(*a*)  where the return is furnished after the due date, ending on the date of furnishing of the return; or

(*b*)  where no return has been furnished, ending on the date of completion of the assessment under section 115WF,

on the amount of the tax on the value of fringe benefits as determined under sub-section (*1*) of section 115WE or regular assessment as reduced by the advance tax paid under section 115WJ.

*Explanation 1.*—In this section, "due date" means the date specified in the *Explanation* to sub-section (*1*) of section 115WD as applicable in the case of the employer.

*Explanation 2.*—Where, in relation to an assessment year, an assessment is made for the first time under section 115WG, the assessment so made shall be regarded as a regular assessment for the purposes of this section.

(*2*) The provisions contained in sub-sections (*2*) to (*4*) of section 234A shall, so far as may be, apply to this section.

[1][**115WKA. Recovery of fringe benefit tax by the employer from the employee**.— Notwithstanding anything contained in any agreement or scheme under which any specified security or sweat equity shares referred to in clause (*d*) of sub-section (*1*) of section 115WB has been allotted or transferred, directly or indirectly, by the employer on or after the 1st day of April, 2007, it shall be lawful for the employer to vary the agreement or scheme under which such specified security or sweat equity shares has been allotted or transferred so as to recover from the employee the fringe benefit tax to the extent to which such employer is liable to pay the fringe benefit tax in relation to the value of fringe benefits provided to the employee and determined under clause (*ba*) of sub-section (*1*) of section 115WC.]

[2][**115WKB. Deemed payment of tax by employee**.—(*1*) Where an employer has paid any fringe benefit tax with respect to allotment or transfer of specified security or sweat equity shares, referred to in clause (*d*) of sub-section (*1*) of section 115WB, and has recovered such tax subsequently from an employee, it shall be deemed that the fringe benefit tax so recovered is the tax paid by such employee in relation to the value of the fringe benefit provided to him only to the extent to which the amount thereof relates to the value of the fringe benefit provided to such employee, as determined under clause (*ba*) of sub-section (*1*) of section 115WC.

(*2*) Notwithstanding anything contained in any other provisions of this Act, where the fringe benefit tax recovered from the employee is deemed to be the tax paid by such employee under sub-section (*1*), such employee shall, under this Act, not be entitled to claim—

(*i*)  any refund out of such payment of tax; or

(*ii*)  any credit of such payment of tax against tax liability on other income or against any other tax liability.]

**115WL. Application of other provisions of this Act**.—Save as otherwise provided in this Chapter, all other provisions of this Act shall, as far as may be, apply in relation to fringe benefits also.

[3][**115WM. Chapter XII-H not to apply after a certain date**.—Nothing contained in this Chapter shall apply, in respect of any assessment for the assessment year commencing on the 1st day of April, 2010 or any subsequent assessment year.]

## CHAPTER XIII

### INCOME-TAX AUTHORITIES

#### A.—*Appointment and control*

[4][**116. Income-tax authorities.**—There shall be the following classes of income-tax authorities for the purposes of this Act, namely:—

(*a*)  the Central Board of Direct Taxes constituted under the Central Boards of Revenue Act, 1963 (54 of 1963),

[5][(*aa*) Principal Directors General of Income-tax or Principal Chief Commissioners of Income-tax,]

(*b*) Directors-General of Income-tax or Chief Commissioners of Income-tax,

[5][(*ba*) Principal Directors of Income-tax or Principal Commissioners of Income-tax,]

---

1. Ins. by Act 22 of 2007, s. 41 (w.e.f. 1-4-2007).
2. Ins. by Act 18 of 2008, s. 29 (w.e.f. 1-4-2008).
3. Ins. by Act 33 of 2009, s. 49 (w.e.f. 1-4-2009).
4. Subs. by Act 4 of 1988, s. 30, for sections 116, 117 and 118 (w.e.f. 1-4-1988).
5. Ins. by Act 25 of 2014, s. 45 (w.e.f. 1-6-2013).

(*c*)  Directors of Income-tax or Commissioners of Income-tax or Commissioners of Income-tax (Appeals),

[1](*cc*)  Additional Directors of Income-tax or Additional Commissioners of Income-tax or Additional Commissioners of Income-tax (Appeals),

[2][(*cca*) Joint Directors of Income-tax or Joint Commissioners of Income-tax,]

(*d*)  Deputy Directors of Income-tax or Deputy Commissioners of Income-tax or Deputy Commissioners of Income-tax (Appeals),

(*e*)  Assistant Directors of Income-tax or Assistant Commissioners of Income-tax,

(*f*)  Income-tax Officers,

(*g*)  Tax Recovery Officers,

(*h*)  Inspectors of Income-tax.

**117. Appointment of income-tax authorities.**—(*1*) The Central Government may appoint such persons as it thinks fit to be income-tax authorities.

(*2*) Without prejudice to the provisions of sub-section (*1*), and subject to the rules and orders of the Central Government regulating the conditions of service of persons in public services and posts, the Central Government may authorise the Board, or a [3][Principal Director General or Director-General], a [4][Principal Chief Commissioner or Chief Commissioner] or a [5][Principal Director or Director] or a [6][Principal Commissioner or Commissioner] to appoint income-tax authorities below the rank of an [7][Assistant Commissioner or Deputy Commissioner].

(*3*) Subject to the rules and orders of the Central Government regulating the conditions of service of persons in public services and posts, an income-tax authority authorised in this behalf by the Board may appoint such executive or ministerial staff as may be necessary to assist it in the execution of its functions.

**118. Control of income-tax authorities.**—The Board may, by notification in the Official Gazette, direct that any income-tax authority or authorities specified in the notification shall be subordinate to such other income-tax authority or authorities as may be specified in such notification.]

[8][**119. Instructions to subordinate authorities.**—(*1*) The Board may, from time to time, issue such orders, instructions and directions to other income-tax authorities as it may deem fit for the proper administration of this Act, and such authorities and all other persons employed in the execution of this Act shall observe and follow such orders, instructions and directions of the Board:

Provided that no such orders, instructions or directions shall be issued—

(*a*)  so as to require any income-tax authority to make a particular assessment or to dispose of a particular case in a particular manner; or

---

1. Ins. by Act 32 of 1994, s. 35 (w.e.f. 1-6-1994).
2. Ins. by Act 21 of 1998, s. 39 (w.e.f. 1-10-1998).
3. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Chief Commissioner" (w.e.f. 1-6-2013).
5. Subs. by s. 4, *ibid.*, for "Director" (w.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
7. Subs. by Act 21 of 1998, s. 3, for "Assistant Commissioner" (w.e.f. 1-10-1998).
8. Subs. by Act 42 of 1970, s. 25, for section 119 (w.e.f. 1-4-1971).

(*b*)  so as to interfere with the discretion of the [1]*** [2][Commissioner (Appeals)] in the exercise of his appellate functions.

(*2*) Without prejudice to the generality of the foregoing power,—

(*a*) the Board may, if it considers it necessary or expedient so to do, for the purpose of proper and efficient management of the work of assessment and collection of revenue, issue, from time to time (whether by way of relaxation of any of the provisions of sections [3][115P, 115S, 115WD, 115WE, 115WF, 115WG, 115WH, 115WJ, 115WK,] [4][139,] 143, 144, 147, 148, 154, 155 [5][, 158BFA], [6][sub-section (1A) of section 201, sections 210, 211, 234A, 234B, 234C [7][, 234E]], [8][270A,] 271 [9][, 271C, 271CA] and 273 or otherwise), general or special orders in respect of [10][any class of incomes or fringe benefits] or class of cases, setting forth directions or instructions (not being prejudicial to assessees) as to the guidelines, principles or procedures to be followed by other income-tax authorities in the work relating to assessment or collection of revenue or the initiation of proceedings for the imposition of penalties and any such order may, if the Board is of opinion that it is necessary in the public interest so to do, be published and circulated in the prescribed manner for general information;

(*b*) the Board may, if it considers it desirable or expedient so to do for avoiding genuine hardship in any case or class of cases, by general or special order, authorise [11][any income-tax authority, not being a [12]*** Commissioner (Appeals)] to admit an application or claim for any exemption, deduction, refund or any other relief under this Act after the expiry of the period specified by or under this Act for making such application or claim and deal with the same on merits in accordance with law;

[13][(*c*) the Board may, if it considers it desirable or expedient so to do for avoiding genuine hardship in any case or class of cases, by general or special order for reasons to be specified therein, relax any requirement contained in any of the provisions of Chapter IV or Chapter VI-A, where the assessee has failed to comply with any requirement specified in such provision for claiming deduction thereunder, subject to the following conditions, namely:—

(*i*) the default in complying with such requirement was due to circumstances beyond the control of the assessee; and

(*ii*) the assessee has complied with such requirement before the completion of assessment in relation to the previous year in which such deduction is claimed:

Provided that the Central Government shall cause every order issued under this clause to be laid before each House of Parliament.]

[14]*            *            *            *            *

---

1. The words and brackets "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998). Earlier amended by Act 29 of 1977, s. 39 and The Fifth Schedule (w.e.f. 10-7-1978) and 4 of 1988, s. 65 (w.e.f. 1-4-1988).
2. Ins. by Act 29 of 1977, s. 39 and The Fifth Schedule (w.e.f. 10-7-1978).
3. Subs. by Act 18 of 2005, s. 38, for "sections 115P, 115S" (w.e.f. 1-4-2006).
4. Ins. by Act 12 of 1990, s. 33 (w.e.f. 1-4-1990).
5. Ins. by Act 20 of 2002, s. 55 (w.e.f. 1-6-2002).
6. Subs. by Act 49 of 1991, s. 42, for "210, 234A, 234B" (w.e.f. 1-4-1991).
7. Ins. by Act 25 of 2014, s. 46 (w.e.f. 1-10-2014).
8. Ins. by Act 28 of 2016, s. 64 (w.e.f. 1-4-2017).
9. Ins. by Act 7 of 2017, s. 49 (w.e.f. 1-4-2017).
10. Subs. by Act 18 of 2005, s. 38, for "any class of incomes" (w.e.f. 1-4-2006).
11. Subs. by Act 4 of 1988, s. 31, for "the Commissioner or the Income-tax Officer" (w.e.f. 1-4-1988).
12. The words and brackets "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998).
13. Ins. by Act 49 of 1991, s. 42 (w.e.f. 1-10-1991).
14. Sub-section (*3*) omitted by Act 4 of 1988, s. 31 (w.e.f. 1-4-1988).

[1][**120. Jurisdiction of income-tax authorities.**—(*1*) Income-tax authorities shall exercise all or any of the powers and perform all or any of the functions conferred on, or, as the case may be, assigned to such authorities by or under this Act in accordance with such directions as the Board may issue for the exercise of the powers and performance of the functions by all or any of those authorities.

[2][*Explanation.*—For the removal of doubts, it is hereby declared that any income-tax authority, being an authority higher in rank, may, if so directed by the Board, exercise the powers and perform the functions of the income-tax authority lower in rank and any such direction issued by the Board shall be deemed to be a direction issued under sub-section (*1*).]

(*2*) The directions of the Board under sub-section (*1*) may authorise any other income-tax authority to issue orders in writing for the exercise of the powers and performance of the functions by all or any of the other income-tax authorities who are subordinate to it.

(*3*) In issuing the directions or orders referred to in sub-sections (*1*) and (*2*), the Board or other income-tax authority authorised by it may have regard to any one or more of the following criteria, namely :—

(*a*)  territorial area;

(*b*)  persons or classes of persons;

(*c*)  incomes or classes of income; and

(*d*)  cases or classes of cases.

(*4*) Without prejudice to the provisions of sub-sections (*1*) and (*2*), the Board may, by general or special order, and subject to such conditions, restrictions or limitations as may be specified therein,—

(*a*)  authorise any [3][Principal Director General or Director General] or [4][Principal Director or Director] to perform such functions of any other income-tax authority as may be assigned to him by the Board;

(*b*)  empower the [3][Principal Director General or Director General] or [5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Commissioner or Commissioner] to issue orders in writing that the powers and functions conferred on, or as the case may be, assigned to, the Assessing Officer by or under this Act in respect of any specified area or persons or classes of persons or incomes or classes of income or cases or classes of cases, shall be exercised or performed by [7][an Additional Commissioner or] [8][an Additional Director or] a [9][Joint Commissioner] or a [10][Joint Director]] and, where any order is made under this clause, references in any other provision of this Act, or in any rule made thereunder to the Assessing Officer shall be deemed to be references to such [11][an Additional Commissioner or] [12][Additional Director or] a [9][Joint Commissioner] or [10][Joint Director] by whom the powers and functions are to be exercised or performed under such order, and any provision of this Act requiring approval or sanction of the [9][Joint Commissioner] shall not apply.

---

1. Subs. by Act 4 of 1988, s. 32, for section 120 (w.e.f. 1-4-1988).
2. Ins. by Act 21 of 2006, s. 30 (w.r.e.f. 1-4-1988)
3. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.r.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Director" (w.r.e.f. 1-6-2013).
5. Subs. by s. 4, *ibid.*, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).
7. Ins. by Act 22 of 2007, s. 42 (w.r.e.f. 1-6-1994).
8. Ins. by s. 42, *ibid.* (w.r.e.f. 1-10-1996).
9. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.r.e.f 1-10-1998).
10. Subs. by s. 3, *ibid.*, for "Deputy Director" (w.e.f. 1-10-1998).
[1]1. Ins. by Act 22 of 2007, s. 42 (w.r.e.f. 1-6-1994).
12. Ins. by s. 42, *ibid.* (w.r.e.f. 1-10-1996).

(*5*) The directions and orders referred to in sub-sections (*1*) and (*2*) may, wherever considered necessary or appropriate for the proper management of the work, require two or more Assessing Officers (whether or not of the same class) to exercise and perform, concurrently, the powers and functions in respect of any area or persons or classes of persons or incomes or classes of income or cases or classes of cases; and, where such powers and functions are exercised and performed concurrently by the Assessing Officers of different classes, any authority lower in rank amongst them shall exercise the powers and perform the functions as any higher authority amongst them may direct, and, further, references in any other provision of this Act or in any rule made thereunder to the Assessing Officer shall be deemed to be references to such higher authority and any provision of this Act requiring approval or sanction of any such authority shall not apply.

(*6*) Notwithstanding anything contained in any direction or order issued under this section, or in section 124, the Board may, by notification in the Official Gazette, direct that for the purpose of furnishing of the return of income or the doing of any other act or thing under this Act or any rule made thereunder by any person or class of persons, the income-tax authority exercising and performing the powers and functions in relation to the said person or class of persons shall be such authority as may be specified in the notification.]

[**121. Jurisdiction of Commissioners.**] *Omitted by the Direct Tax Laws* (*Amendment*) *Act* 1987 (4 *of* 1987), *s*. 33 (*w.e.f.* 1-4-1988).]

[**121A. Jurisdiction of Commissioners (Appeals).**] *Omitted by s.* 33, *ibid* (*w.e.f.* 1-4-1988). *Original section was inserted by the Financ*e (*No.* 2) *Act*, 1977 (29 *of* 1977), *s*. 39 *and the Fifth Schedule* (*w.e.f.* 10-7-1978).

[**122. Jurisdiction of Appellate Assistant Commissioners.**] *Omitted by s.* 33, *ibid.* (*w.e.f.* 1-4-1988).

[**123. Jurisdiction of Inspecting Assistant Commissioners.**] *Omitted by s*. 33, *ibid.* (*w.e.f.* 1-4-1988).

[1][**124. Jurisdiction of Assessing Officers.**—(*1*) Where by virtue of any direction or order issued under sub-section (*1*) or sub-section (*2*) of section 120, the Assessing Officer has been vested with jurisdiction over any area, within the limits of such area, he shall have jurisdiction—

(*a*) in respect of any person carrying on a business or profession, if the place at which he carries on his business or profession is situate within the area, or where his business or profession is carried on in more places than one, if the principal place of his business or profession is situate within the area, and

(*b*) in respect of any other person residing within the area.

(*2*) Where a question arises under this section as to whether an Assessing Officer has jurisdiction to assess any person, the question shall be determined by the [2][Principal Director General or Director General] or the [3][Principal Chief Commissioner or Chief Commissioner] or the [4][Principal Commissioner or Commissioner]; or where the question is one relating to areas within the jurisdiction of different [2][Principal Director General or Director General] or [3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner], by the [2][Principal Director General or Director General] or [3][Principal Chief Commissioners or Chief Commissioners] or [4][Principal Commissioner or Commissioner] concerned or, if they are not in agreement, by the Board or by such [2][Principal Director General or Director General] or [3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner] as the Board may, by notification in the Official Gazette, specify.

---

1. Subs. by Act 4 of 1988, s. 34, for section 124 (w.e.f. 1-4-1988).
2. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.r.e.f. 1-6-2013).
3. Subs. by s. 4, *ibid.*, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).

(*3*) No person shall be entitled to call in question the jurisdiction of an Assessing Officer—

(*a*)  where he has made a return [1][under sub-section (*1*) of section 115WD or under sub-section (*1*) of section 139], after the expiry of one month from the date on which he was served with a notice under sub-section (*1*) of section 142 or [2][sub-section (*2*) of section 115WE or sub-section (*2*) of section 143] or after the completion of the assessment, whichever is earlier;

(*b*)  where he has made no such return, after the expiry of the time allowed by the notice under [3][sub-section (*2*) of section 115WD or sub-section (*1*) of section 142 or under section (*1*) of section 115WH or under section 148 for the making of the return or by the notice under the first proviso to section 115WF or under the first proviso to section 144] to show cause why the assessment should not be completed to the best of the judgment of the Assessing Officer, whichever is earlier;

[4][(*c*) where an action has been taken under section 132 or section 132A, after the expiry of one month from the date on which he was served with a notice under sub-section (*1*) of section 153A or sub-section (*2*) of section 153C or after the completion of the assessment, whichever is earlier.]

(*4*) Subject to the provisions of sub-section (*3*), where an assessee calls in question the jurisdiction of an Assessing Officer, then the Assessing Officer shall, if not satisfied with the correctness of the claim, refer the matter for determination under sub-section (*2*) before the assessment is made.

(*5*) Notwithstanding anything contained in this section or in any direction or order issued under section 120, every Assessing Officer shall have all the powers conferred by or under this Act on an Assessing Officer in respect of the income accruing or arising or received within the area, if any, over which he has been vested with jurisdiction by virtue of the directions or orders issued under sub-section (*1*) or sub-section (*2*) of section 120.

**[125.  Powers of Commissioner respecting specified areas, cases, persons, etc.]** *Omitted by the Direct Tax Laws* (*Amendment*) *Act*, 1987 (4 *of* 1988), *s*. 33 (*w.e.f.* 1-4-1988).

**[125A. Concurrent jurisdiction of Inspecting Assistant Commissioner and Income-tax Officer.]***Omitted by the Direct Tax Laws* (*Amendment*) *Act*, 1987 (4 *of* 1988), *s*. 33 (*w.e.f.* 1-4-1988). *Original section was inserted by the Taxation Laws* (*Amendment*) *Act*, 1975, (*w.e.f.* 1-10-1975).]

**[126. Powers of Board respecting specified area, classes of persons or incomes.]***Omitted by the Direct Tax Laws* (*Amendment*) *Act*, 1987 (4 *of* 1988), *s*. 33 (*w.e.f.* 1-4-1988).

**127.Power to transfer cases.**—(*1*)  The [5][Principal Director General or Director General] or [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner] may, after giving the assessee a reasonable opportunity of being heard in the matter, wherever it is possible to do so, and after recording his reasons for doing so, transfer any case from one or more Assessing Officers subordinate to him (whether with or without concurrent jurisdiction) to any other Assessing Officer or Assessing Officers (whether with or without concurrent jurisdiction) also subordinate to him.

(*2*)  Where the Assessing Officer or Assessing Officers from whom the case is to be transferred and the Assessing Officer or Assessing Officers to whom the case is to be transferred are not subordinate to the same [5][Principal Director General or Director General] or [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner],—

(*a*)  where the [5][Principal Director General or Director General] or [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner] to whom such

---

1. Subs. by Act 18 of 2005, s. 39, for "under sub-section (*1*) of section 139" (w.e.f. 1-4-2006).
2. Subs. by s. 39, *ibid.*, for "sub-section (2) of section 143" (w.e.f. 1-4-2006).
3. Subs. by s. 39, *ibid.*, for "sub-section (*1*) of section 142 or under section 148 for the making of the return or by the notice under the first proviso to section 144" (w.e.f. 1-4-2006).
4. Ins. by Act 28 of 2016, s. 65 (w.e.f. 1-6-2016).
5. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.r.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid.*, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
7. Subs. by s. 4, *ibid.*, for "Commissioner"  (w.r.e.f. 1-6-2013).

Assessing Officers are subordinate are in agreement, then the [1][Principal Director General or Director General] or [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner] from whose jurisdiction the case is to be transferred may, after giving the assessee a reasonable opportunity of being heard in the matter, wherever it is possible to do so, and after recording his reasons for doing so, pass the order;

(*b*) where the [1][Principal Directors General or Directors General] or [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner] aforesaid are not in agreement, the order transferring the case may, similarly, be passed by the Board or any such [1][Principal Director General or Director General] or [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner] as the Board may, by notification in the Official Gazette, authorise in this behalf.

(*3*) Nothing in sub-section (*1*) or sub-section (*2*) shall be deemed to require any such opportunity to be given where the transfer is from any Assessing Officer or Assessing Officers (whether with or without concurrent jurisdiction) to any other Assessing Officer or Assessing Officers (whether with or without concurrent jurisdiction) and the offices of all such officers are situated in the same city, locality or place.

(*4*) The transfer of a case under sub-section (*1*) or sub-section (*2*) may be made at any stage of the proceedings, and shall not render necessary the re-issue of any notice already issued by the Assessing Officer or Assessing Officers from whom the case is transferred.]

*Explanation.*—In section 120 and this section, the word "case", in relation to any person whose name is specified in any order or direction issued thereunder, means all proceedings under this Act in respect of any year which may be pending on the date of such order or direction or which may have been completed on or before such date, and includes also all proceedings under this Act which may be commenced after the date of such order or direction in respect of any year.

**[128. Functions of Inspectors of Income-tax.]** *Omitted by the Direct Tax Laws* (*Amendment*) *Act*, 1987 (4 *of* 1988), *s*. 33 (*w.e.f.* 1-4-1988).

**129. Change of incumbent of an office.**—Whenever in respect of any proceeding under this Act an income-tax authority ceases to exercise jurisdiction and is succeeded by another who has and exercises jurisdiction, the income-tax authority so succeeding may continue the proceeding from the stage at which the proceeding was left by his predecessor:

Provided that the assessee concerned may demand that before the proceeding is so continued the previous proceeding or any part thereof be reopened or that before any order of assessment is passed against him, he be reheard.

**[130. Commissioner competent to perform any function or functions.]***Omitted by the Direct Tax Laws* (*Amendment*) *Act*, 1987 (4 *of* 1988), *s*. 33 (*w.e.f.* 1-4-1988).

**[130A. Income-tax Officer competent to perform any function or functions.]***Omitted by the Direct Tax Laws* (*Amendment*) *Act*, 1987 (4 *of* 1988), *s*. 33 (*w.e.f.* 1-4-1988). *Original section was inserted by the Finance* (*No.* 2) *Act*, 1967 (20 *of* 1967), *s*. 27 (*w.e.f.* 1-4-1967).

---

1. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.r.e.f. 1-6-2013).

2. Subs. by s. 4, *ibid.,* for "Chief Commissioner" (w.r.e.f. 1-6-2013).

3. Subs. by s. 4, *ibid*., for "Commissioner"  (w.r.e.f. 1-6-2013).

**131. Power regarding discovery, production of evidence, etc.**—(*1*) The [1][Assessing Officer], [2][Deputy Commissioner (Appeals)], [3][,Commissioner (Appeals)] [4][, [5][Principal Chief Commissioner or Chief Commissioner or [6][Principal Commissioner or Commissioner] and Dispute Resolution Panel referred to in clause (*a*) of sub-section (15) of section 144C]] shall, for the purposes of this Act, have the same powers as are vested in a court under the Code of Civil Procedure, 1908 (5 of 1908), when trying a suit in respect of the following matters, namely:—

    (*a*) discovery and inspection;

    (*b*) enforcing the attendance of any person, including any officer of a banking company and examining him on oath;

    (*c*) compelling the production of books of account and other documents; and

    (*d*) issuing commissions.

[7][(*1A*) [8][If the [9][Principal Director General or Director General] or [10][Principal Director or Director] or [11][Joint Director] or [12][Assistant Director or Deputy Director], or the authorised officer referred to in sub-section (*1*) of section 132 before he takes action under clauses (*i*) to (*v*) of that sub-section,] has reason to suspect that any income has been concealed, or is likely to be concealed, by any person or class of persons, within his jurisdiction, then, for the purposes of making any enquiry or investigation relating thereto, it shall be competent for him to exercise the powers conferred under sub-section (*1*) on the income-tax authorities referred to in that sub-section, notwithstanding that no proceedings with respect to such person or class of persons are pending before him or any other income-tax authority.

[13][(*2*) For the purpose of making an inquiry or investigation in respect of any person or class of persons in relation to an agreement referred to in section 90 or section 90A, it shall be competent for any income-tax authority not below the rank of Assistant Commissioner of Income-tax, as may be notified by the Board in this behalf, to exercise the powers conferred under sub-section (*1*) on the income-tax authorities referred to in that sub-section, notwithstanding that no proceedings with respect to such person or class of persons are pending before it or any other income-tax authority.]

(*3*) Subject to any rules made in this behalf, any authority referred to in sub-section (*1*) [7][or sub-section (*1A*)] [13][or sub-section (*2*)] may impound and retain in its custody for such period as it thinks fit any books of account or other documents produced before it in any proceeding under this Act:

Provided that [14][an [15][Assessing Officer] or an [16][Assistant Director or Deputy Director]] shall not—

    (*a*) impound any books of account or other documents without recording his reasons for so doing, or

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Subs. by s. 2, *ibid.*, for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).
3. Subs. by Act 29 of 1977, s. 3 and the Fifth Schedule, for "and Commissioner" (w.e.f. 10-7-1978).
4. Subs. by Act 33 of 2009, s. 50, for "and Chief Commissioner or Commissioner" (w.e.f. 1-10-2009).
5. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid.,* for "Commissioner" (w.e.f. 1-6-2013).
7. Ins. by Act 41 of 1975, s. 34 (w.e.f. 1-10-1975).
8. Subs. by Act 26 of 1988, s. 33, for "If the Assistant Director of Inspection" (w.e.f. 1-6-1988).
9. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.e.f. 1-6-2013).
10. Subs. by s. 4, *ibid.*, for "Director" (w.e.f. 1-6-2013).
11. Subs. by Act 21 of 1998, s. 3, for "Deputy Director" (w.e.f. 1-10-1998).
12. Subs. by s. 3, *ibid.*, for "Assistant Director" (w.e.f. 1-10-1998).
13. Ins. by Act 8 of 2011, s. 22 (w.e.f. 1-6-2011).
14. Subs. by Act 41 of 1975, s. 34, for "an Income-tax Officer" (w.e.f. 1-10-1975).
15. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
16. Subs. by Act 21 of 1998, s. 3, for "Assistant Director" (w.e.f. 1-10-1998). Earlier substituted as "Assistant Director" by Act 4 of 1988, s. 2, for "Assistant Director of Inspection" (w.e.f. 1-4-1988).

(*b*)  retain in his custody any such books or documents for a period exceeding fifteen days (exclusive of holidays) without obtaining the approval of [1][ the [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Director General or Director General] or [4][Principal Commissioner or Commissioner ]or [5][Principal Director or Director] therefor, as the case may be.]

[6][**132. Search and seizure**.—(*1*) Where the [7][3][Principal Director General or Director General] or [5][Principal Director or Director]] or the [8][2][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner]] [9][or Additional Director or Additional Commissioner] [10][or Joint Director or Joint Commissioner] in consequence of information in his possession, has reason to believe that—

(*a*)  any person to whom a summons under sub-section (*1*) of section 37 of the Indian Income-tax Act, 1922 (11 of 1922), or under sub-section (*1*) of section 131 of this Act, or a notice under sub-section (*4*) of section 22 of the Indian Income-tax Act, 1922, or under sub-section (*1*) of section 142 of this Act was issued to produce, or cause to be produced, any books of account or other documents has omitted or failed to produce, or cause to be produced, such books of account or other documents as required by such summons or notice, or

(*b*)  any person to whom a summons or notice as aforesaid has been or might be issued will not, or would not, produce or cause to be produced, any books of account or other documents which will be useful for, or relevant to, any proceeding under the Indian Income-tax Act, 1922 (11 of 1922), or under this Act, or

(*c*)  any person is in possession of any money, bullion, jewellery or other valuable article or thing and such money, bullion, jewellery or other valuable article or thing represents either wholly or partly income or property [11][which has not been, or would not be, disclosed] for the purposes of the Indian Income-tax Act, 1922 (11 of 1922), or this Act (hereinafter in this section referred to as the undisclosed income or property),

[12][then,—

(*A*)  the [7][3][Principal Director General or Director General] or [5][Principal Director or Director] or the [8][2][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner], as the case may be, may authorise any [13][Additional Director or Additional

---

1. Subs. by Act 26 of 1988, s. 33, for "the Chief Commissioner or Commissioner therefor" (w.e.f. 1-6-1988). Earlier substituted as "Chief Commissioner or Commissioner" for "Commissioner" by 4 of 1988, s. 2 (w.e.f. 1-4-1988).

2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

3. Subs. by s. 4, *ibid.*, for "Director General" (w.e.f. 1-6-2013).

4. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

5. Subs. by s. 4, *ibid.*, for "Director" (w.e.f. 1-6-2013).

6. Subs. by Act 1 of 1965, s. 2, for section 132 (w.e.f. 12-3-1965).

7. Subs. by Act 4 of 1988, s. 2, for "Director of Inspection" (w.e.f. 1-4-1988).

8. Subs. by Act s. 2, *ibid.*, for "Commissioner" (w.e.f. 1-4-1988).

9. Subs. by Act 33 of 2009, s. 51, for "or any such Joint Director or Joint Commissioner as may be empowered in this behalf by the Board," (w.e.f. 1-6-1994). Earlier amended by Act 41 of 1975, s. 35 (w.e.f. 1-10-1975), 21 of 1998, s. 3 (w.e.f. 1-10-1998) and 4 of 1988, s. 2 (w.e.f. 1-4-1988).

10. Ins. by s. 51, *ibid.* (w.e.f. 1-10-1998).

11. Subs. by Act 41 of 1975, s. 35, for "which has not been disclosed" (w.e.f. 1-10-1975).

12. Subs. by s. 35, *ibid.*, for "he may authorise any Deputy Director of Inspection, Inspecting Assistant Commissioner, Assistant Director of Inspection or Income-tax Officer (hereinafter referred to as the authorized officer) to—" (w.e.f. 1-10-1975).

13. Ins. by Act 33 of 2009, s. 51 (w.e.f. 1-6-1994).

Commissioner or] [1][Joint Director], [2][Joint Commissioner], [3][Assistant Director or Deputy Director], [4][Assistant Commissioner or Deputy Commissioner] or Income-tax Officer, or

(*B*) such [5][Additional Director or Additional Commissioner or] [1][Joint Director], or [2][Joint Commissioner], as the case may be, may authorise any [3][Assistant Director or Deputy Director], [4][Assistant Commissioner or Deputy Commissioner ]or Income-tax Officer,

(the officer so authorised in all cases being hereinafter referred to as the authorised officer) to—]

(*i*)  enter and search any [6][building, place, vessel, vehicle or aircraft] where he has reason to suspect that such books of account, other documents, money, bullion, jewellery or other valuable article or thing are kept;

(*ii*)  break open the lock of any door, box, locker, safe, almirah or other receptacle for exercising the powers conferred by clause (*i*) where the keys thereof are not available;

[7][(*iia*) search any person who has got out of, or is about to get into, or is in, the building, place, vessel, vehicle or aircraft, if the authorised officer has reason to suspect that such person has secreted about his person any such books of account, other documents, money, bullion, jewellery or other valuable article or thing;]

[8][(*iib*) require any person who is found to be in possession or control of any books of account or other documents maintained in the form of electronic record as defined in clause (*t*) of sub-section (*1*) of section 2 of the Information Technology Act, 2000 (21 of 2000), to afford the authorised officer the necessary facility to inspect such books of account or other documents;]

(*iii*)  seize any such books of account, other documents, money, bullion, jewellery or other valuable article or thing found as a result of such search:

[9][Provided that bullion, jewellery or other valuable article or thing, being stock-in-trade of the business, found as a result of such search shall not be seized but the authorised officer shall make a note or inventory of such stock-in-trade of the business;]

(*iv*) place marks of identification on any books of account or other documents or make or cause to be made extracts or copies therefrom;

(*v*)  make a note or an inventory of any such money, bullion, jewellery or other valuable article or thing:

---

1. Subs. by Act 21 of 1998, s. 3, for "Deputy Director" (w.e.f. 1-10-1998). Earlier substituted as "Deputy Director" for "Deputy Director of Inspection" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).

2. Subs. by s. 3, *ibid*., for "Deputy Commissioner" (w.e.f. 1-10-1998). Earlier substituted as "Deputy Commissioner" for "Inspecting Assistant Commissioner" by s. 2, *ibid*. (w.e.f. 1-4-1988).

3. Subs. by s. 3, *ibid*., for "Assistant Director" (w.e.f. 1-10-1998). Earlier substituted as "Assistant Director" for "Assistant Director of Inspection" by s. 2, *ibid*. (w.e.f. 1-4-1988).

4. Subs. by s. 3, *ibid*., "Assistant Commissioner" (w.e.f. 1-10-1998). Earlier substituted as "Assistant Commissioner" for "or Income tax officer" by s. 37, *ibid*. (w.e.f. 1-4-1988).

5. Ins. by Act 33 of 2009, s. 51 (w.e.f. 1-6-1994).

6. Subs. by Act 41 of 1975, s. 35, for "building or place" (w.e.f. 1-10-1975).

7. Ins. by s. 35, *ibid*. (w.e.f. 1-10-1975).

8. Ins. by Act 20 of 2002, s. 56 (w.e.f. 1-6-2002).

9. Ins. by Act 32 of 2003, s. 59 (w.e.f. 1-6-2003).

[1][Provided that where any building, place, vessel, vehicle or aircraft referred to in clause (*i*) is within the area of jurisdiction of any [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner], but such [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner] has no jurisdiction over the person referred to in clause (*a*) or clause (*b*) or clause (*c*), then, notwithstanding anything contained in [4][section 120], it shall be competent for him to exercise the powers under this sub-section in all cases where he has reason to believe that any delay in getting the authorisation from the [5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Commissioner or Commissioner] having jurisdiction over such person may be prejudicial to the interests of the revenue:]

[7][Provided further that where it is not possible or practicable to take physical possession of any valuable article or thing and remove it to a safe place due to its volume, weight or other physical characteristics or due to its being of a dangerous nature, the authorised officer may serve an order on the owner or the person who is in immediate possession or control thereof that he shall not remove, part with or otherwise deal with it, except with the previous permission of such authorised officer and such action of the authorised officer shall be deemed to be seizure of such valuable article or thing under clause (*iii*):]

[8][Provided also that nothing contained in the second proviso shall apply in case of any valuable article or thing, being stock-in-trade of the business:]

[9][Provided also that no authorisation shall be issued by the Additional Director or Additional Commissioner or Joint Director or Joint Commissioner on or after the 1st day of October, 2009 unless he has been empowered by the Board to do so.]

[10][*Explanation*.—For the removal of doubts, it is hereby declared that the reason to believe, as recorded by the income-tax authority under this sub-section, shall not be disclosed to any person or any authority or the Appellate Tribunal.]

[11][(*IA*) Where any [5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Commissioner or Commissioner], in consequence of information in his possession, has reason to suspect that any books of account, other documents, money, bullion, jewellery or other valuable article or thing in respect of which an officer has been authorised by the [12][Principal Director General or Director General] or [13][Principal Director or Director] or any other [5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Commissioner or Commissioner] or [14][Additional Director or Additional Commissioner]

---

1. Ins. by Act 41 of 1975, s. 35(w.e.f. 1-10-1975).
2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013). Earlier substituted as "Chief Commissioner or Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
3. Subs. by s. 4, *ibid.,* for "Commissioner" (w.e.f. 1-6-2013). Earlier substituted as "Chief Commissioner or Commissioner" by s. 2, *ibid.* (w.e.f. 1-4-1988).
4. Subs. by Act 4 of 1988, s. 37, for "section 121" (w.e.f. 1-4-1988).
5. Subs. by Act 25 of 2014, s. 4, "Chief Commissioner or Commissioner" (w.e.f. 1-6-2013). Earlier substituted as "Chief Commissioner or Commissioner" for "Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
6. Subs. by s. 4, *ibid.,* for "Commissioner" (w.e.f. 1-6-2013).
7. Ins. by Act 26 of 1988, s. 34 (w.e.f. 1-4-1989).
8. Ins. by Act 32 of 2003, s. 59 (w.e.f. 1-6-2003).
9. Ins. by Act 33 of 2009, s. 51 (w.e.f. 1-4-2009).
10. Ins. by Act 7 of 2017, s. 50 (w.e.f. 1-4-1962).
11. Ins. by Act 41 of 1975, s. 35 (w.e.f. 1-10-1975).
12. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.e.f. 1-6-2013). Earlier substituted as "Director General or Director" for "Director of Inspection" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
13. Subs. by s. 4, *ibid.,* for "Director" (w.e.f. 1-6-2013).
14. Subs. by Act 33 of 2009, s. 51, for "any such Joint Director or Joint Commissioner as may be empowered in this behalf by the Board" (w.e.f. 1-6-1994).

[1][or Joint Director or Joint Commissioner] to take action under clauses (*i*) to (*v*) of sub-section (*1*) are or is kept in any building, place, vessel, vehicle or aircraft not mentioned in the authorisation under sub-section (*1*), such [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner] may, notwithstanding anything contained in [4][section 120], authorise the said officer to take action under any of the clauses aforesaid in respect of such building, place, vessel, vehicle or aircraft.]

[5][*Explanation.*—For the removal of doubts, it is hereby declared that the reason to suspect, as recorded by the income-tax authority under this sub-section, shall not be disclosed to any person or any authority or the Appellate Tribunal.]

(*2*) The authorised officer may requisition the services of any police officer or of any officer of the Central Government, or of both, to assist him for all or any of the purposes specified in sub-section (*1*) [6][or sub-section (*1A*)] and it shall be the duty of every such officer to comply with such requisition.

(*3*) The authorised officer may, where it is not practicable to seize any such books of account, other documents, money, bullion, jewellery or other valuable article or thing, [7][for reasons other than those mentioned in the second proviso to sub-section (*1*),] serve an order on the owner or the person who is in immediate possession or control thereof that he shall not remove, part with or otherwise deal with it except with the previous permission of such officer and such officer may take such steps as may be necessary for ensuring compliance with this sub-section.

[8][*Explanation.*—For the removal of doubts, it is hereby declared that serving of an order as aforesaid under this sub-section shall not be deemed to be seizure of such books of account, other documents, money, bullion, jewellery or other valuable article or thing under clause (*iii*) of sub-section (*1*).]

(*4*) The authorised officer may, during the course of the search or seizure, examine on oath any person who is found to be in possession or control of any books of account, documents, money, bullion, jewellery or other valuable article or thing and any statement made by such person during such examination may thereafter be used in evidence in any proceeding under the Indian Income-tax Act, 1922 (11 of 1922), or under this Act.

[8][*Explanation.*—For the removal of doubts, it is hereby declared that the examination of any person under this sub-section may be not merely in respect of any books of account, other documents or assets found as a result of the search, but also in respect of all matters relevant for the purposes of any investigation connected with any proceeding under the Indian Income-tax Act, 1922 (11 of 1922), or under this Act.]

[6][(*4A*) Where any books of account, other documents, money, bullion, jewellery or other valuable article or thing are or is found in the possession or control of any person in the course of a search, it may be presumed—

(*i*) that such books of account, other documents, money, bullion, jewellery or other valuable article or thing belong or belongs to such person;

1. Ins. by Act 33 of 2009, s. 51, (w.e.f. 1-10-1998).
2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013). Earlier substituted as "Chief Commissioner or Commissioner" for "Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
3. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
4. Subs. by Act 4 of 1988, s. 37, for "section 121" (w.e.f. 1-4-1988).
5. Ins. by Act 7 of 2017, s. 50 (w.e.f. 1-10-1975).
6. Ins. by Act 41 of 1975, s. 35 (w.e.f. 1-10-1975).
7. Ins. by Act 26 of 1988, s. 34 (w.e.f. 1-4-1989).
8. Ins. by Act 4 of 1988, s. 37 (w.e.f. 1-4-1989).

(*ii*)  that the contents of such books of account and other documents are true; and

(*iii*) that the signature and every other part of such books of account and other documents which purport to be in the handwriting of any particular person or which may reasonably be assumed to have been signed by, or to be in the handwriting of, any particular person, are in that person's handwriting, and in the case of a document stamped, executed or attested, that it was duly stamped and executed or attested by the person by whom it purports to have been so executed or attested.]

[1]*                    *                    *                    *                    *

(*8*) The books of account or other documents seized under sub-section (*1*) [2][or sub-section (*1A*)] shall not be retained by the authorised officer for a period exceeding [3][thirty days from the date of the order of assessment under [4][section 153A or clause (*c*) of section 158BC]] unless the reasons for retaining the same are recorded by him in writing and the approval of the [5][6][Principal Chief Commissioner or Chief Commissioner], [7][Principal Commissioner or Commissioner], [8][Principal Director General or Director General] or [9][Principal Director or Director]] for such retention is obtained:

Provided that the [5][6][Principal Chief Commissioner or Chief Commissioner], [7][Principal Commissioner or Commissioner], [8][Principal Director General or Director General] or [9][Principal Director or Director]] shall not authorise the retention of the books of account and other documents for a period exceeding thirty days after all the proceedings under the Indian Income-tax Act, 1922 (11 of 1922), or this Act in respect of the years for which the books of account or other documents are relevant are completed.

[10][(*8A*) An order under sub-section (*3*) shall not be in force for a period exceeding sixty days from the date of the order.]

(*9*) The person from whose custody any books of account or other documents are seized under sub-section (*1*) [2][or sub-section (*1A*)] may make copies thereof, or take extracts therefrom, in the presence of the authorised officer or any other person empowered by him in this behalf, at such place and time as the authorised officer may appoint in this behalf.

[11][(*9A*) Where the authorised officer has no jurisdiction over the person referred to in clause (*a*) or clause (*b*) or clause (*c*) of sub-section (*1*), the books of account or other documents, or any money, bullion, jewellery or other valuable article or thing (hereafter in this section and in sections 132A and 132B referred to as the assets) seized under that sub-section shall be handed over by the authorised officer to the Assessing Officer having jurisdiction over such person within a period of sixty days from the date on which the last of the authorisations for search was executed and thereupon the powers exercisable by the authorised officer under sub-section (*8*) or sub-section (*9*) shall be exercisable by such Assessing Officer.]

[12][(*9B*) Where, during the course of the search or seizure or within a period of sixty days from the date on which the last of the authorisations for search was executed, the authorised officer, for reasons to

1. Sub-sections (*5*) to (*7*) omitted by Act 20 of 2002, s. 56 (w.e.f. 1-6-2002).
2. Ins. by Act 41 of 1975, s. 35 (w.e.f. 1-10-1975).
3. Subs. by Act 20 of 2002, s. 56, for "one hundred and eighty days from the date of the seizure" (w.e.f. 1-6-2002).
4. Subs. by Act 32 of 2003, s. 59, for "under clause (*c*) of section 158BC" (w.e.f. 1-6-2003).
5. Subs. by Act 26 of 1997, s. 41, for "Chief Commissioner or Commissioner" (w.e.f. 1-10-1996).
6. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
7. Subs. by s. 4, *ibid*., for "Commissioner" (w.e.f. 1-6-2013).
8. Subs. by s. 4, *ibid*., for "Director General" (w.e.f. 1-6-2013).
9. Subs. by s. 4, *ibid*., for "Director" (w.e.f. 1-6-2013).
10. Subs. by Act 20 of 2002, s. 56, for sub-section (*8A*) (w.e.f. 1-6-2002).
11. Subs. by s. 56, *ibid*., for sub-section (*9A*) (w.e.f. 1-6-2002).
12. Ins. by Act 7 of 2017, s. 50 (w.e.f. 1-4-2017).

be recorded in writing, is satisfied that for the purpose of protecting the interest of revenue, it is necessary so to do, he may with the previous approval of the Principal Director General or Director General or the Principal Director or Director, by order in writing, attach provisionally any property belonging to the assessee, and for the said purpose, the provisions of the Second Schedule shall, *mutatis mutandis*, apply.

(*9C*) Every provisional attachment made under sub-section (*9B*) shall cease to have effect after the expiry of a period of six months from the date of the order referred to in sub-section (*9B*).

(*9D*) The authorised officer may, during the course of the search or seizure or within a period of sixty days from the date on which the last of the authorisations for search was executed, make a reference to a Valuation Officer referred to in section 142A, who shall estimate the fair market value of the property in the manner provided under that section and submit a report of the estimate to the said officer within a period of sixty days from the date of receipt of such reference.]

(*10*) If a person legally entitled to the books of account or other documents seized under sub-section (*1*) [1][or sub-section (1A)] objects for any reason to the approval given by the [2][3][Principal Chief Commissioner or Chief Commissioner], [4][Principal Commissioner or Commissioner], [5][Principal Director General or Director General] or [6][Principal Director or Director]] under sub-section (*8*), he may make an application to the Board stating therein the reasons for such objection and requesting for the return of the books of account or other documents [7][and the Board may, after giving the applicant an opportunity of being heard, pass such orders as it thinks fit].

[8]*          *          *          *          *

[9][(*13*) The provisions of the Code of Criminal Procedure, 1973 (2 of 1974), relating to searches and seizure shall apply, so far as may be, to searches and seizure under sub-section (*1*) or sub-section (*1A*).]

(*14*) The Board may make rules in relation to any search or seizure under this section; in particular, and without prejudice to the generality of the foregoing power, such rules may provide for the procedure to be followed by the authorised officer—

(*i*)  for obtaining ingress into [10][any building, place, vessel, vehicle or aircraft] to be searched where free ingress thereto is not available;

(*ii*)  for ensuring safe custody of any books of account or other documents or assets seized.

[11][*Explanation* 1.—For the purposes of sub-sections (*9A*), (*9B*) and (*9D*), with respect to "execution of an authorisation for search", the provisions of sub-section (2) of section 153B shall apply.]

*Explanation* 2.—In this section, the word "proceeding" means any proceeding in respect of any year, whether under the Indian Income-tax Act, 1922 (11 of 1922), or this Act, which may be pending on the date on which a search is authorised under this section or which may have been completed on or before such date and includes also all proceedings under this Act which may be commenced after such date in respect of any year.]

---

1. Ins. by Act 41 of 1975, s. 35 (w.e.f. 1-10-1975).
2. Subs. by Act 26 of 1997, s. 41, for "Chief Commissioner or Commissioner" (w.e.f. 1-10-1996).
3. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
5. Subs. by s. 4, *ibid.*, for "Director General" (w.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid.*, for "Director" (w.e.f. 1-6-2013).
7. Ins. by Act 20 of 2002, s. 56 (w.e.f. 1-6-2002).
8. Sub-sections (*11*), (*11A*) and (*12*) omitted by Act 20 of 2002, s. 56 (w.e.f. 1-6-2002).
9. Subs. by Act 41 of 1975, s. 35, for sub-section (*13*) (w.e.f. 1-10-1975).
10. Subs. by s. 35, *ibid.*, for "such building or place" (w.e.f. 1-10-1975).
11. Subs. by Act 7 of 2017, s. 50, for *Explanation* 1 (w.e.f. 1-4-2017).

[1][**132A. Powers to requisition books of account, etc.**—(*1*) Where the [2][ [3][Principal Director General or Director General] or [4][Principal Director or Director]] or the [5][ [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner]], in consequence of information in his possession, has reason to believe that—

(*a*) any person to whom a summons under sub-section (*1*) of section 37 of the Indian Income-tax Act, 1922 (11 of 1922), or under sub-section (*1*) of section 131 of this Act, or a notice under sub-section (4) of section 22 of the Indian Income-tax Act, 1922, or under sub-section (1) of section 142 of this Act was issued to produce, or cause to be produced, any books of account or other documents has omitted or failed to produce, or cause to be produced, such books of account or other documents, as required by such summons or notice and the said books of account or other documents have been taken into custody by any officer or authority under any other law for the time being in force, or

(*b*) any books of account or other documents will be useful for, or relevant to, any proceeding under the Indian Income-tax Act, 1922 (11 of 1922), or under this Act and any person to whom a summons or notice as aforesaid has been or might be issued will not, or would not, produce or cause to be produced, such books of account or other documents on the return of such books of account or other documents by any officer or authority by whom or which such books of account or other documents have been taken into custody under any other law for the time being in force, or

(*c*) any assets represent either wholly or partly income or property which has not been, or would not have been, disclosed for the purposes of the Indian Income-tax Act, 1922 (11 of 1922), or this Act by any person from whose possession or control such assets have been taken into custody by any officer or authority under any other law for the time being in force,

then, the [2][ [3][Principal Director General or Director General] or [8][Principal Director or Director]] or the [5][ [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner]] may authorise any [9][Additional Director, Additional Commissioner,] [10][Joint Director], [11][Joint Commissioner], [12][Assistant Director or Deputy Director] or [13][Assessing Officer] [hereafter in this section and in sub-section (*2*) of section 278D referred to as the requisitioning officer] to require the officer or authority referred to in clause (*a*) or clause (*b*) or clause (*c*), as the case may be, to deliver such books of account, other documents or assets to the requisitioning officer.

1. Ins. by Act 41 of 1975, s. 36 (w.e.f. 1-10-1975).

2. Subs. by Act 4 of 1988, s. 2, for "Director of Inspection" (w.e.f. 1-4-1988).

3. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.r.e.f. 1-6-2013).

4. Subs. by s. 4, *ibid.,* for "Director" (w.r.e.f. 1-6-2013).

5. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).

6. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).

7. Subs. by s. 4, *ibid.,* for "Commissioner" (w.r.e.f. 1-6-2013).

8. Subs. by s. 4, *ibid.,* for "Director" (w.r.e.f. 1-6-2013).

9. Ins. by Act 33 of 2009, s. 52 (w.e.f. 1-6-1994).

10. Subs. by Act 21 of 1998, s. 3, for "Deputy Director" (w.e.f. 1-10-1998). Earlier substituted as "Deputy Director" by Act 4 of 1988, s. 2, for "Deputy Director of Inspection" (w.e.f. 1-4-1988).

11. Subs. by s. 3, *ibid.,* for "Deputy Commissioner" (w.e.f. 1-10-1998). Earlier substituted as "Deputy Commissioner" by Act 4 of 1988, s. 2, for "Inspecting Assistant Commissioner" (w.e.f. 1-4-1988).

12. Subs. by s. 3, *ibid.,* for "Assistant Director" (w.e.f. 1-10-1998). Earlier substituted as "Assistant Director" by Act 4 of 1988, s. 2 for "Assistant Director of Inspection" (w.e.f. 1-4-1988).

13. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

[1][*Explanation*:—For the removal of doubts, it is hereby declared that the reason to believe, as recorded y the income-tax authority under this sub-section, shall not be disclosed to any person or any authority or the Appellate Tribunal.]

(*2*) On a requisition being made under sub-section (*1*), the officer or authority referred to in clause (*a*) or clause (*b*) or clause (*c*), as the case may be, of that sub-section shall deliver the books of account, other documents or assets to the requisitioning officer either forthwith or when such officer or authority is of the opinion that it is no longer necessary to retain the same in his or its custody.

(*3*) Where any books of account, other documents or assets have been delivered to the requisitioning officer, the provisions of sub-sections (*4A*) to (*14*) (both inclusive) of section 132 and section 132B shall, so far as may be, apply as if such books of account, other documents or assets had been seized under sub-section (*1*) of section 132 by the requisitioning officer from the custody of the person referred to in clause (*a*) or clause (b) or clause (*c*), as the case may be, of sub-section (*1*) of this section and as if for the words "the authorised officer" occurring in any of the aforesaid sub-sections (*4A*) to (*14*), the words "the requisitioning officer" were substituted.]

[2][3][**132B. Application of seized or requisitioned assets.**—(*1*) The assets seized under section 132 or requisitioned under section 132A may be dealt with in the following manner, namely:—

(*i*)  the amount of any existing liability under this Act, the Wealth-tax Act, 1957 (27 of 1957), the Expenditure-tax Act, 1987 (35 of 1987), the Gift-tax Act, 1958 (18 of 1958) and the Interest-tax Act, 1974 (45 of 1974), and the amount of the liability determined on completion of the assessment [4][under section 153A and the assessment of the year relevant to the previous year in which search is initiated or requisition is made, or the amount of liability determined on completion of the assessment under Chapter XIV-B for the block period, as the case may be] (including any penalty levied or interest payable in connection with such assessment) and in respect of which such person is in default or is [5][deemed to be in default, or the amount of liability arising on an application made before the Settlement Commission under sub-section (*1*) of section 245C, may be recovered out of such assets]:

[6][Provided that where the person concerned makes an application to the Assessing Officer within thirty days from the end of the month in which the asset was seized, for release of asset and the nature and source of acquisition of any such asset is explained] to the satisfaction of the Assessing Officer, the amount of any existing liability referred to in this clause may be recovered out of such asset and the remaining portion, if any, of the asset may be released, with the prior approval of the [7][Principal Chief Commissioner or Chief Commissioner] or [8][Principal Commissioner or Commissioner], to the person from whose custody the assets were seized:

Provided further that such asset or any portion thereof as is referred to in the first proviso shall be released within a period of one hundred and twenty days from the date on which the last of the authorisations for search under section 132 or for requisition under section 132A, as the case may be, was executed:

---

1. Ins. by Act 7 of 2017, s. 51 (w.e.f. 1-10-1975).

2. Section 132A renumbered as section 132B thereof by Act 41 of 1975, s. 36 (w.e.f. 1-10-1975).

3. Subs. by Act 20 of 2002, s. 57, for section 132B (w.e.f. 1-6-2002).

4. Subs. by Act 32 of 2003, s. 60, for "under Chapter XIVB for the block period" (w.e.f. 1-6-2003).

5. Subs. by Act 20 of 2015, s. 34, for "deemed to be in default, may be recovered out of such assets" (w.e.f. 1-6-2015).

6. Subs. by Act 32 of 2003, s. 60, for "Provided that where the nature and source of acquisition of any such asset is explained" (w.e.f. 1-6-2003).

7. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

8. Subs. by s. 4, *ibid.,* for "Commissioner" (w.e.f. 1-6-2013).

(*ii*) if the assets consist solely of money, or partly of money and partly of other assets, the Assessing Officer may apply such money in the discharge of the liabilities referred to in clause (*i*) and the assessee shall be discharged of such liability to the extent of the money so applied;

(*iii*) the assets other than money may also be applied for the discharge of any such liability referred to in clause (*i*) as remains undischarged and for this purpose such assets shall be deemed to be under distraint as if such distraint was effected by the Assessing Officer or, as the case may be, the Tax Recovery Officer under authorisation from the [1][Principal Chief Commissioner or Chief Commissioner] or [2][Principal Commissioner or Commissioner] under sub-section (*5*) of section 226 and the Assessing Officer or, as the case may be, the Tax Recovery Officer may recover the amount of such liabilities by the sale of such assets and such sale shall be effected in the manner laid down in the Third Schedule.

(*2*) Nothing contained in sub-section (*1*) shall preclude the recovery of the amount of liabilities aforesaid by any other mode laid down in this Act.

(*3*) Any assets or proceeds thereof which remain after the liabilities referred to in clause (*i*) of sub-section (*1*) are discharged shall be forthwith made over or paid to the persons from whose custody the assets were seized.

(*4*) (*a*) The Central Government shall pay simple interest at the rate of [3][one-half per cent. for every month or part of a month] on the amount by which the aggregate amount of money seized under section 132 or requisitioned under section 132A, as reduced by the amount of money, if any, released under the first proviso to clause (*i*) of sub-section (*1*), and of the proceeds, if any, of the assets sold towards the discharge of the existing liability referred to in clause (*i*) of sub-section (*1*), exceeds the aggregate of the amount required to meet the liabilities referred to in clause (*i*) of sub-section (*1*) of this section.

(*b*) Such interest shall run from the date immediately following the expiry of the period of one hundred and twenty days from the date on which the last of the authorisations for search under section 132 or requisition under section 132A was executed to the date of completion of the assessment [4][under section 153A or under Chapter XIVB].

[5][*Explanation 1*.]—In this section,—

(*i*) "block period" shall have the meaning assigned to it in clause (a) of section 158B;

(*ii*) "execution of an authorisation for search or requisition" shall have the same meaning as assigned to it in Explanation 2 to section 158BE.]

[6][*Explanation 2*.—For the removal of doubts, it is hereby declared that the "existing liability" does not include advance tax payable in accordance with the provisions of Part C of Chapter XVII.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
2. Subs. by s. 4, *ibid.,* for "Commissioner" (w.e.f. 1-6-2013).
3. Subs. by Act 22 of 2007, s. 43, for "six per cent. per annum" (w.e.f. 1-4-2008). Earlier "six" was substituted for "eight" by Act 54 of 2003, s. 6 (w.e.f. 8-9-2003).
4. Subs. by Act 32 of 2003, s. 60, for "under Chapter XIV-B" (w.e.f. 1-6-2003).
5. The *Explanation* renumbered as *Explanation* 1 thereof by Act 17 of 2013, s. 34 (w.e.f. 1-6-2013).
6. Ins. by s. 34, *ibid.* (w.e.f. 1-6-2013).

**133. Power to call for information.**—The [1][Assessing Officer], the [2][Deputy Commissioner (Appeals)], [3][the [4][Joint Commissioner] or the Commissioner (Appeals)] may, for the purposes of this Act,—

(*1*) require any firm to furnish him with a return of the names and addresses of the partners of the firm and their respective shares;

(*2*) require any Hindu undivided family to furnish him with a return of the names and addresses of the manager and the members of the family;

(*3*) require any person whom he has reason to believe to be a trustee, guardian or agent, to furnish him with a return of the names of the persons for or of whom he is trustee, guardian or agent, and of their addresses;

(*4*) require any assessee to furnish a statement of the names and addresses of all persons to whom he has paid in any previous year rent, interest, commission, royalty or brokerage, or any annuity, not being any annuity taxable under the head "Salaries" amounting to more than [5][one thousand rupees, or such higher amount as may be prescribed], together with particulars of all such payments made;

(*5*) require any dealer, broker or agent or any person concerned in the management of a stock or commodity exchange to furnish a statement of the names and addresses of all persons to whom he or the exchange has paid any sum in connection with the transfer, whether by way of sale, exchange or otherwise, of assets, or on whose behalf or from whom he or the exchange has received any such sum, together with particulars of all such payments and receipts;

(*6*) require any person, including a banking company or any officer thereof, to furnish information in relation to such points or matters, or to furnish statements of accounts and affairs verified in the manner specified by the [1][Assessing Officer], the [6][Deputy Commissioner (Appeals)], [3][the [7][Joint Commissioner] or the Commissioner (Appeals)], giving information in relation to such points or matters as, in the opinion of the [1][Assessing Officer], the [6][Deputy Commissioner (Appeals)], [3][the [7][Joint Commissioner] or the Commissioner (Appeals)], will be useful for, or relevant to, any [8][enquiry or] proceeding under this Act:

[9][Provided that the powers referred to in clause (*6*), may also be exercised by the [10][Principal Director General or Director General], the [11][Principal Chief Commissioner or Chief Commissioner], the [12][Principal Director or Director] [13][and the Principal Commissioner or Commissioner or the Joint Director or Deputy Director or Assistant Director]:

[8][Provided further that the power in respect of an inquiry, in a case where no proceeding is pending, shall not be exercised by any income-tax authority below the rank of [12][Principal Director or Director] or [13][Principal Commissioner or Commissioner [14][, other than the Joint Director or Deputy Director or Assistant Director,]] without the prior approval of the [12][Principal Director or Director] or, as the case may be, the [13][Principal Commissioner or Commissioner]:]

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax" (w.e.f. 1-4-1988).
2. Subs. by s. 2, *ibid.,* for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988)
3. Subs. by Act 29 of 1977, s. 39 and the Fifth Schedule, for "or the Inspecting Assistant Commissioner" (w.e.f. 10-7-1978).
4. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998). Earlier Substituted by 4 of 1988, s. 2 (w.e.f. 1-4-1988).
5. Subs. by Act 4 of 1988, s. 39, for "four hundred rupees" (w.e.f. 1-4-1988).
6. Subs. by s. 2, *ibid.,* for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).
7. Subs. by 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998). Earlier Substituted as "Deputy Commissioner" for "Inspecting  Assistant Commissioner" by 4 of 1988, s. 2 (w.e.f. 1-4-1988).
8. Ins. by Act 22 of 1995, s. 27 (w.e.f. 1-7-1995).
9. Ins. by Act 4 of 1988, s. 39 (w.e.f. 1-4-1989).
10. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.r.e.f. 1-6-2013).
11. Subs. by s. 4, *ibid.,* for "Chief Commissioner" (w.r.e.f. 1-6-2013).
12. Subs. by s. 4, *ibid.,* for "Director" (w.r.e.f. 1-6-2013).
13. Subs. by Act 7 of 2017, s. 52, for "and the Principal Commissioner or Commissioner" (w.e.f. 1-4-2017).
14. Ins. by s. 52, *ibid.* (w.e.f. 1-4-2017).

[1][Provided also that for the purposes of an agreement referred to in section 90 or section 90A, an income-tax authority notified under sub-section (2) of section 131 may exercise all the powers conferred under this section, notwithstanding that no proceedings are pending before it or any other income-tax authority.]

[2][**133A. Power of survey.**—(1) Notwithstanding anything contained in any other provision of this Act, an income-tax authority may enter—

    (a) any place within the limits of the area assigned to him, or

    (b) any place occupied by any person in respect of whom he exercises jurisdiction, [3][or

    [3][(c) any place in respect of which he is authorised for the purposes of this section by such income-tax authority, who is assigned the area within which such place is situated or who exercises jurisdiction in respect of any person occupying such place,]

[4][at which a business or profession or an activity for charitable purpose is carried on, whether such place be the principal place or not of such business or profession or of such activity for charitable purpose, and require any proprietor, trustee, employee or any other person who may at that time and place be attending in any manner to, or helping in, the carrying on of such business or profession or such activity for charitable purpose—]

    (i) to afford him the necessary facility to inspect such books of account or other documents as he may require and which may be available at such place,

    (ii) to afford him the necessary facility to check or verify the cash, stock or other valuable article or thing which may be found therein, and

    (iii) to furnish such information as he may require as to any matter which may be useful for, or relevant to, any proceeding under this Act.

*Explanation*.—For the purposes of this sub-section, a place where a business or profession [5][or activity for charitable purpose] is carried on shall also include any other place, whether any business or profession [5][or activity for charitable purpose] is carried on therein or not, in which the person carrying on the business or profession [5][or activity for charitable purpose] states that any of his books of account or other documents or any part of his cash or stock or other valuable article or thing relating to his business or profession [5][or activity for charitable purpose] are or is kept.

    (2) An income-tax authority may enter any place of business or profession referred to in sub-section (1) only during the hours at which such place is open for the conduct of business or profession and, in the case of any other place, only after sunrise and before sunset.

[6][(2A) Without prejudice to the provisions of sub-section (1), an income-tax authority acting under this sub-section may for the purpose of verifying that tax has been deducted or collected at source in accordance with the provisions under sub-heading B of Chapter XVII or under sub-heading BB of Chapter XVII, as the case may be, enter, after sunrise and before sunset, any office, or any other place where business or profession is carried on, within the limits of the area assigned to him, or any place in respect of which he is authorised for the purposes of this section by such income-tax authority who is assigned the area within which such place is situated, where books of account or documents are kept and

---

1. Ins. by Act 8 of 2011, s. 23 (w.e.f. 1-6-2011).
2. Subs. by Act 41 of 1975, s. 37, for section 133A (w.e.f. 1-10-1975).
3. Ins. by Act 22 of 1995, s. 28 (w.e.f. 1-7-1995).
4. Subs. by Act 7 of 2017, s. 53, for certain words (w.e.f. 1-4-2017).
5. Ins. by s. 53, *ibid.* (w.e.f. 1-4-2017).
6. Ins. by Act 25 of 2014, s. 47 (w.e.f. 1-10-2014).

require the deductor or the collector or any other person who may at that time and place be attending in any manner to such work,—

(*i*)  to afford him the necessary facility to inspect such books of account or other documents as he may require and which may be available at such place, and

(*ii*)  to furnish such information as he may require in relation to such matter.]

(*3*) An income-tax authority acting under this section may,—

(*i*)  if he so deems necessary, place marks of identification on the books of account or other documents inspected by him and make or cause to be made extracts or copies therefrom,

[1][(*ia*) impound and retain in his custody for such period as he thinks fit any books of account or other documents inspected by him:

Provided that such income-tax authority shall not—

(*a*)  impound any books of account or other documents except after recording his reasons for so doing; or

[2][(*b*) retain in his custody any such books of account or other documents for a period exceeding fifteen days (exclusive of holidays) without obtaining the approval of the Principal Chief Commissioner or the Chief Commissioner or the Principal Director General or the Director General or the Principal Commissioner or the Commissioner or the Principal Director or the Director therefor, as the case may be,]]

(*ii*)  make an inventory of any cash, stock or other valuable article or thing checked or verified by him,

(*iii*) record the statement of any person which may be useful for, or relevant to, any proceeding under this Act :

[3][Provided that no action under clause (*ia*) or clause (*ii*) shall be taken by an income-tax authority acting under sub-section (*2A*).]

(*4*) An income-tax authority acting under this section shall, on no account, remove or cause to be removed from the place wherein he has entered, [4]*** any cash, stock or other valuable article or thing.

(*5*) Where, having regard to the nature and scale of expenditure incurred by an assessee, in connection with any function, ceremony or event, the income-tax authority is of the opinion that it is necessary or expedient so to do, he may, at any time after such function, ceremony or event, require the assessee by whom such expenditure has been incurred or any person who, in the opinion of the income-tax authority, is likely to possess information as respects the expenditure incurred, to furnish such information as he may require as to any matter which may be useful for, or relevant to, any proceeding under this Act and may have the statements of the assessee or any other person recorded and any statement so recorded may thereafter be used in evidence in any proceeding under this Act.

(*6*) If a person under this section is required to afford facility to the income-tax authority to inspect books of account or other documents or to check or verify any cash, stock or other valuable article or thing or to furnish any information or to have his statement recorded either refuses or evades to do so, the income-tax authority shall have all the powers under [5][sub-section (*1*) of section 131] for enforcing compliance with the requirement made:

---

1. Ins. by Act 20 of 2002, s. 58 (w.e.f. 1-6-2002).
2. Subs. by Act 25 of 2014, s. 47, *ibid*., for clause (*ia*) (w.e.f. 1-10-2014).
3. Ins. by s. 47, *ibid*. (w.e.f. 1-10-2014).
4. The words "any books of account or other documents or" omitted by Act 20 of 2002, s. 58 (w.e.f. 1-6-2002).
5. Subs. by Act 4 of 1988, s. 126, for "sub-sections (*1*) and (*2*) of section 131 (w.e.f. 1-4-1989).

[1][Provided that no action under sub-section (*1*) shall be taken by an Assistant Director or a Deputy Director or an Assessing Officer or a Tax Recovery Officer or an Inspector of Income-tax without obtaining the approval of the Joint Director or the Joint Commissioner, as the case may be.]

*Explanation.*—In this section,—

[2][(*a*) "income-tax authority" means a [3][Principal Commissioner or Commissioner], a Joint Commissioner, a [4][Principal Director or Director], a Joint Director, an Assistant Director or a Deputy Director or an Assessing Officer, or a Tax Recovery Officer, and for the purposes of clause (i) of sub-section (1), clause (i) of sub-section (3) and sub-section (5), includes an Inspector of Income-tax;]

(*b*) "proceeding" means any proceeding under this Act in respect of any year which may be pending on the date on which the powers under this section are exercised or which may have been completed on or before such date and includes also all proceedings under this Act which may be commenced after such date in respect of any year.

[5][**133B. Power to collect certain information.**—(*1*) Notwithstanding anything contained in any other provision of this Act, an income-tax authority may, for the purpose of collecting any information which may be useful for, or relevant to, the purposes of this Act, enter—

(*a*) any building or place within the limits of the area assigned to such authority ; or

(*b*) any building or place occupied by any person in respect of whom he exercises jurisdiction,

at which a business or profession is carried on, whether such place be the principal place or not of such business or profession, and require any proprietor, employee or any other person who may at that time and place be attending in any manner to, or helping in, the carrying on of such business or profession to furnish such information as may be prescribed.

(*2*) An income-tax authority may enter any place of business or profession referred to in sub-section (*1*) only during the hours at which such place is open for the conduct of business or profession.

(*3*) For the removal of doubts, it is hereby declared that an income-tax authority acting under this section shall, on no account, remove or cause to be removed from the building or place wherein he has entered, any books of account or other documents or any cash, stock or other valuable article or thing.

*Explanation.*—In this section, "income-tax authority" means a [6][Joint Commissioner], an [7][Assistant Director]or [8][Deputy Director] or an [9][Assessing Officer], and includes an Inspector of Income-tax who has been authorised by the [9][Assessing Officer] to exercise the powers conferred under this section in relation to the area in respect of which the [9][Assessing Officer] exercises jurisdiction or part thereof.]

[10][**133C. Power to call for information by prescribed income-tax authority.**—[11][(*1*)] The prescribed income-tax authority may, for the purposes of verification of information in its possession relating to any person, issue a notice to such person requiring him, on or before a date to be specified therein, to furnish information or documents verified in the manner specified therein, which may be useful for, or relevant to, any inquiry or proceeding under this Act.

---

1. Ins. by Act 32 of 2003, s. 61 (w.e.f. 1-6-2003).
2. Subs.by s. 61, *ibid.,* for clause (*a*) (w.e.f. 1-6-2003).
3. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.,* for "Director" (w.r.e.f. 1-6-2013).
5. Ins. by Act 23 of 1986, s. 27 (w.e.f. 13-5-1986).
6. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998). Earlier "Deputy Commissioner" was substituted for "Inspecting Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
7. Subs. by Act 4 of 1988, s. 2, for "Assistant Director of Inspection" (w.e.f. 1-4-1988).
8. Subs. by s. 2, *ibid.,* for "Deputy Director of Inspection" (w.e.f. 1-4-1988).
9. Subs. by s. 2, *ibid.,* for "Income-tax Officer" (w.e.f. 1-4-1988).
10. Ins. by Act 25 of 2014, s. 48 (w.e.f. 1-10-2014).
11. Section 133C renumbered as sub-section (*1*) thereof by Act 28 of 2016, s. 66 (w.e.f. 1-6-2016).

[1][(*2*) Where any information or document has been received in response to a notice issued under sub-section (*1*), the prescribed income-tax authority may process such information or document and make available the outcome of such processing to the Assessing Officer.]

[2][(*3*) The Board may make a scheme for centralized issuance of notice and for processing of information or documents and making available the outcome of the processing to the Assessing Officer.]

*Explanation.*—In this section, the term "proceeding" shall have the meaning assigned to it in clause (*b*) of the *Explanation* to section 133A.]

**134. Power to inspect registers of companies.**—The [3][Assessing Officer], the [4][Deputy Commissioner (Appeals)], [5][the [6][Joint Commissioner] or the Commissioner (Appeals)], or any person subordinate to him authorised in writing in this behalf by the [3][Assessing Officer], the [4][Deputy Commissioner (Appeals)], [5][the [6][Joint Commissioner] or the Commissioner (Appeals)], may inspect, and if necessary, take copies, or cause copies to be taken, of any register of the members, debenture holders or mortgagees of any company or of any entry in such register.

**135. Power of** [7][8][**Principal Director General or Director General]] or** [9][Principal **Director orDirector],** [10][11][Principal Chief **Commissioner or Chief Commissioner]] or** [12][Principal Commissioner **or Commissioner] and** [13][Joint Commissioner].—The [8][Principal Director General or Director General] or [9][Principal Director or Director], the [10][11][Principal Chief Commissioner or Chief Commissioner]] or [12][Principal Commissioner or Commissioner] and the [13][Joint Commissioner] shall be competent to make any enquiry under this Act, and for this purpose shall have all the powers that an [3][Assessing Officer] has under this Act in relation to the making of enquiries.

**136. Proceedings before income-tax authorities to be judicial proceedings.**—Any proceeding under this Act before an income-tax authority shall be deemed to be a judicial proceeding within the meaning of sections 193 and 228 and for the purposes of section 196 of the Indian Penal Code (45 of 1860) [14][and every income-tax authority shall be deemed to be a Civil Court for the purposes of section 195, but not for the purposes of Chapter XXVI of the Code of Criminal Procedure, 1973 (2 of 1974).]

*D. Disclosure of information*

**[137. Disclosure of information prohibited.]***Omitted by the Finance Act*, 1964 (5 *of* 1964), *s.* 32 (*w.e.f.* 1-4-1964).

---

1. Ins. by Act 28 of 2016, s. 66  (w.e.f. 1-6-2016).
2. Ins. by Act 7 of 2017, s. 54 (w.e.f. 1-4-2017).
3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
4. Subs. by s. 2, *ibid.,* for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).
5. Subs. by Act 29 of 1977, s. 10, for "or the Inspecting Assistant Commissioner" (w.e.f. 10-7-1978).Earlier Subs. by Act 21 of 1998, s. 3, for "Deputy commissioner" (w.e.f. 1-10-1998). Which was earlier subs. by 4 of 1988, s. 2, for "Inspecting Assistant Commissioner" (w.e.f. 1-4-1988).
6. Subs. by Act 21 of 1998, s. 3, for "Deputy commissioner" (w.e.f. 1-10-1998). Earlier "Deputy commissioner" was substituted for "Inspecting Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
7. Subs. by Act 4 of 1988, s. 2, for "Director of Inspection" (w.e.f. 1-4-1988).
8. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.r.e.f. 1-6-2013).
9. Subs. by s. 4, *ibid.,* for "Director" (w.r.e.f. 1-6-2013)
10. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998). Earlier "Deputy Commissioner" was substituted for "Inspecting Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
11. Subs. by Act 25 of 2014,s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
12. Subs. by s. 4, *ibid.,* for "Commissioner" (w.r.e.f.  1-6-2013).
13. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998).
14. Ins. by Act 32 of 1985, s. 28 (w.e.f. 1-4-1974).

[1][**138. Disclosure of information respecting assessees.**—[2][(*1*)(*a*) The Board or any other income-tax authority specified by it by a general or special order in this behalf may furnish or cause to be furnished to—

(*i*) any officer, authority or body performing any functions under any law relating to the imposition of any tax, duty or cess, or to dealings in foreign exchange as defined in [3][clause (*n*) of section 2 of the Foreign Exchange Management Act, 1999 (42 of 1999)]; or

(*ii*) such officer, authority or body performing functions under any other law as the Central Government may, if in its opinion it is necessary so to do in the public interest, specify by notification in the Official Gazette in this behalf,

any such information [4][received or obtained by any income-tax authority in the performance of his functions under this Act], as may, in the opinion of the Board or other income-tax authority, be necessary for the purpose of enabling the officer, authority or body to perform his or its functions under that law.

(b) Where a person makes an application to the [5][6][PrincipalChief Commissioner or Chief Commissioner] or [7][PrincipalCommissioner or Commissioner]] in the prescribed form for any information relating to any assessee[8][received or obtained by any income-tax authority in the performance of his functions under this Act], the [5][6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner]] may, if he is satisfied that it is in the public interest so to do, furnish or cause to be furnished the information asked for [9]*** and his decision in this behalf shall be final and shall not be called in question in any court of law.]

(*2*) Notwithstanding anything contained in sub-section (*1*) or any other law for the time being in force, the Central Government may, having regard to the practices and usages customary or any other relevant factors, by order notified in the Official Gazette, direct that no information or document shall be furnished or produced by a public servant in respect of such matters relating to such class of assessees or except to such authorities as may be specified in the order.]

_____

1. Subs. by Act 5 of 1964, s. 33, for section 138 (w.e.f. 1-4-1964).

2. Subs. by Act 20 of 1967, s. 28, for sub-section (*1*) (w.e.f. 1-4-1967).

3. Subs. by Act 17 of 2013, s. 35, for "section 2 (*d*) of the Foreign Exchange Regulation Act, 1947 (7 of 1947)" (w.e.f. 1-4-2013).

4. Subs. by Act 4 of 1988, s. 41, for "relating to any assessee in respect of any assessment made under this Act or under the Indian Income-tax Act, 1922 (11 of 1922)" (w.e.f. 1-4-1989).

5. Subs. by s. 2, *ibid.*, for "Commissioner" (w.e.f. 1-4-1988).

6. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).

7. Subs. by s. 4, *ibid.,* for "Commissioner" (w.r.e.f. 1-6-2013).

8. Subs. by Act 4 of 1988, s. 41, for "in respect of any assessment made under this Act or the Indian Income-tax Act, 1922 (11 of 1922), on or after the 1st day of April, 1960" (w.e.f. 1-4-1989).

9. The words "in respect of that assessment only" omitted by s. 41, *ibid*. (w.e.f. 1-4-1989).

CHAPTER XIV

PROCEDURE FOR ASSESSMENT

**139. Return of income.—**[1][(*1*) Every person,—

(*a*) being a [2][company or a firm]; or

(*b*) being a person [3][other than a company or a firm], if his total income or the total income of any other person in respect of which he is assessable under this Act during the previous year exceeded the maximum amount which is not chargeable to income-tax,

shall, on or before the due date, furnish a return of his income or the income of such other person during the previous year, in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed :

Provided that a person referred to in clause (*b*), who is not required to furnish a return under this sub-section and residing in such area as may be specified by the Board in this behalf by notification in the Official Gazette, and who [4][during the previous year incurs an expenditure of fifty thousand rupees or more towards consumption of electricity or at any time during the previous year]fulfils any one of the following conditions, namely:—

(*i*) is in occupation of an immovable property exceeding a specified floor area, whether by way of ownership, tenancy or otherwise, as may be specified by the Board in this behalf; or

(*ii*) is the owner or the lessee of a motor vehicle other than a two-wheeled motor vehicle, whether having any detachable side car having extra wheel attached to such two-wheeled motor vehicle or not; or

[5]*          *          *          *          *

(*iv*) has incurred expenditure for himself or any other person on travel to any foreign country; or

(*v*) is the holder of a credit card, not being an "add-on" card, issued by any bank or institution; or

(*vi*) is a member of a club where entrance fee charged is twenty-five thousand rupees or more,

shall furnish a return, of his income [6][during any previous year ending before the 1st day of April, 2005], on or before the due date in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed :

Provided further that the Central Government may, by notification in the Official Gazette, specify the class or classes of persons to whom the provisions of the first proviso shall not apply:

Providedalso that every [2][company or a firm] shall furnish on or before the due date the return in respect of its income or loss in every previous year:

---

1. Subs. by Act 14 of 2001, s. 59, for sub-section (*1*) (w.e.f. 1-4-2001). Earlier substituted by 13 of 1963, s. 8 (w.r.e.f. 1-4-1962). As amended by Act 27 of 1967, s. 4 (w.e.f. 1-10-1967). As so amended by Act 42 of 1970, s. 26 (w.e.f. 1-4-1970). As amended by Act 16 of 1972, s. 26 (w.e.f. 1-4-1972). Amended by Act 4 of 1988, s. 42 (w.e.f. 1-4-1988). As so amended by Act 3 of 1989, s. 20 (w.e.f. 1-4-1989).Earlier amended by Act 12 of 1990, s. 34 (w.e.f. 1-4-1991). Amended by Act 18 of 1992, s. 59 (w.e.f. 1-4-1993).
2. Subs. by Act 18 of 2005, s. 40, for "company" (w.e.f. 1-4-2006).
3. Subs. by s. 40, *ibid.*, for "other than a company" (w.e.f. 1-4-2006).
4. Subs. by s. 40, *ibid.*,for "at any time during the previous year" (w.e.f. 1-4-2006).
5. Clause (*iii*) omitted by s. 40, *ibid.* (w.e.f. 1-4-2006).
6. Subs. by Act 21 of 2006, s. 31, for "during the previous year" (w.e.f. 1-4-2006).

549

[1][Provided also that a person, being a resident other than not ordinarily resident in India within the meaning of clause (*6*) of section 6, who is not required to furnish a return under this sub-section and who at any time during the previous year,—

    (*a*) holds, as a beneficial owner or otherwise, any asset (including any financial interest in any entity) located outside India or has signing authority in any account located outside India; or

    (*b*) is a beneficiary of any asset (including any financial interest in any entity) located outside India,

shall furnish, on or before the due date, a return in respect of his income or loss for the previous year in such form and verified in such manner and setting forth such other particulars as may be prescribed:

Provided also that nothing contained in the fourth proviso shall apply to an individual, being a beneficiary of any asset (including any financial interest in any entity) located outside India where, income, if any, arising from such asset is includible in the income of the person referred to in clause (*a*) of that proviso in accordance with the provisions of this Act:]

[2][Provided alsothat every person, being an individual or a Hindu undivided family or an association of persons or a body of individuals, whether incorporated or not, or an artificial juridical person, if his total income or the total income of any other person in respect of which he is assessable under this Act during the previous year, without giving effect to the [3][provisions of clause (*38*) of section 10 or section 10 or section 10B or section 10BA] or Chapter VIA exceeded the maximum amount which is not chargeable to income-tax, shall, on or before the due date, furnish a return of his income or the income of such other person during the previous year, in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed.]

*Explanation 1.*—For the purposes of this sub-section, the expression "motor vehicle" shall have the meaning assigned to it in clause (*28*) of section 2 of the Motor Vehicles Act, 1988 (59 of 1988).

*Explanation 2.*—In this sub-section, "due date" means,—

    (*a*) where the assessee[4][other than an assessee referred to in clause (*aa*)] is—

        (*i*) a company[5]***; or

        (*ii*) a person (other than a company) whose accounts are required to be audited under this Act or under any other law for the time being in force; or

        (*iii*) a working partner of a firm whose accounts are required to be audited under this Act or under any other law for the time being in force,

The [6][30th day of September] of the assessment year;

    [7][(*aa*) in the case of an assessee[8][who] is required to furnish a report referred to in section 92E, the 30th day of November of the assessment year;

    (*b*) in the case of a person other than a company, referred to in the first proviso to this sub-section, the 31st day of October of the assessment year;

    (*c*) in the case of any other assessee, the 31st day of July of the assessment year.

---

1. Subs. by Act 20 of 2015, s. 35, for the proviso (w.e.f. 1-4-2016). Earlier Substituted by Act 23 of 2012, s. 59 (w.e.f. 1-4-2012).

2. Ins. by Act 18 of 2005, s. 40 (w.e.f. 1-4-2006).

3. Subs. by Act 28 of 2016, s. 67, for "provisions of section 10A" (w.e.f. 1-4-2017).

4. Ins. by Act 23 of 2012, s. 59 (w.e.f. 1-4-2012).

5. The words, brackets and letter "other than a company referred to in clause (*aa*)" omitted by s. 59, *ibid*. (w.e.f. 1-4-2012). Earlier the words were inserted by Act 8 of 2011, s. 24 (w.e.f. 1-4-2011).

6. Subs. by Act 18 of 2008, s. 30, for "30th day of October" (w.e.f. 1-4-2008).

7. Ins. by Act 8 of 2011, s. 24 (w.e.f. -4-2011).

8. Subs. by Act 23 of 2012, s. 59, for "being a company, which" (w.e.f. 1-4-2012).

*Explanation 3.*—For the purposes of this sub-section, the expression "travel to any foreign country" does not include travel to the neighbouring countries or to such places of pilgrimage as the Board may specify in this behalf by notification in the Official Gazette.]

[1][*Explanation* 4.—For the purposes of this section "beneficial owner" in respect of an asset means an individual who has provided, directly or indirectly, consideration for the asset for the immediate or future benefit, direct or indirect, of himself or any other person.

*Explanation* 5.—For the purposes of this section "beneficiary" in respect of an asset means an individual who derives benefit from the asset during the previous year and the consideration for such asset has been provided by any person other than such beneficiary.]

[2][(*1A*) Without prejudice to the provisions of sub-section (*1*), any person, being an individual who is in receipt of income chargeable under the head "Salaries" may, at his option, furnish a return of his income for any previous year to his employer, in accordance with such scheme as may be specified by the Board in this behalf, by notification in the Official Gazette, and subject to such conditions as may be specified therein, and such employer shall furnish all returns of income received by him on or before the due date, in such form (including on a floppy, diskette, magnetic cartridge tape, CD-ROM or any other computer readable media) and manner as may be specified in that scheme, and in such case, any employee who has filed a return of his income to his employer shall be deemed to have furnished a return of income under sub-section (*1*), and the provisions of this Act shall apply accordingly.]

[3]*          *          *          *          *

[4][(*1B*) Without prejudice to the provisions of sub-section (*1*), any person, being a company or being a person other than a company, required to furnish a return of income under sub-section (*1*), may, at his option, on or before the due date, furnish a return of his income for any previous year in accordance with such scheme as may be specified by the Board in this behalf by notification in the Official Gazette and subject to such conditions as may be specified therein, in such form (including on a floppy, diskette, magnetic cartridge tape, CD-ROM or any other computer readable media) and in the manner as may be specified in that scheme, and in such case, the return of income furnished under such scheme shall be deemed to be a return furnished under sub-section (*1*), and the provisions of this Act shall apply accordingly.]

[5][(*1C*) Notwithstanding anything contained in sub-section (*1*), the Central Government may, by notification in the Official Gazette, exempt any class or classes of persons from the requirement of furnishing a return of income having regard to such conditions as may be specified in that notification.]

[6]*          *          *          *          *

(*3*) If any person who [7]*** has sustained a loss in any previous year under the head "Profits and gains of business or profession" or under the head "Capital gains" and claims that the loss or any part thereof should be carried forward under sub-section (*1*) of section 72, or sub-section (*2*) of section 73, [8][or sub-section (*2*) of section 73A] or [9][sub-section (*1*) or sub-section (*3*) of section 74], [10][or sub-section (*3*) of section 74A], he may furnish, within the time allowed under sub-section (*1*), [11]*** a return of loss in the prescribed form and verified in the prescribed manner and containing such other particulars as may be prescribed, and all the provisions of this Act shall apply as if it were a return under sub-section (*1*).

---

1. Ins. by Act 20 of 2015, s. 35 (w.e.f. 1-4-2016).
2. Ins. by Act 20 of 2002, s. 59 (w.e.f. 1-4-2002).Earlier sub-section (*1A*) was amended by 13 of 1963, s. 8 (w.e.f. 14-1962). Earlier amended by 19 of 1970, s. 20 (w.e.f. 1-4-1971).
3. *Explanation* omitted by Act 67 of 1984, s. 25 (w.e.f. 1-4-1985).
4. Ins. by Act 32 of 2003, s. 62 (w.e.f. 1-4-2003).
5. Ins. by Act 8 of 2011, s. 24 (w.e.f. 1-6-2011).
6. Sub-section (*2*) omitted by Act 4 of 1988, s. 42 (w.e.f. 1-4-1989).
7. The words "has not been served with a notice under sub-section (*2*)" omitted by Act 4 of 1988, s. 42 (w.e.f. 1-4-1989).
8. Ins. by Act 28 of 2016, s. 67 (w.e.f. 1-4-2016).
9. Subs. by Act 11 of 1987, s. 74, for "sub-section (*1*) of section 74" (w.e.f. 1-4-1988).
10. Ins. by Act 20 of 1974, s. 10 (w.e.f. 1-4-1975).
11. The words "or by the thirty-first day of July of the assessment year relevant to the previous year during which the loss was sustained" by Act 4 of 1988, s. 42 (w.e.f. 1-4-1989).

[1][2][(*4*) Anyperson who has not furnished a return within the time allowed to him under sub-section (*1*), may furnish the return for any previous year at any time before the end of the relevant assessment year or before the completion of the assessment, whichever is earlier.]

[3][(*4A*) Every person in receipt of income derived from property held under trust or other legal obligation wholly for charitable or religious purposes or in part only for such purposes, or of income being voluntary contributions referred to in sub-clause (*iia*) of clause (*24*) of section 2, shall, if the total income in respect of which he is assessable as a representative assessee (the total income for this purpose being computed under this Act without giving effect to the provisions of sections 11 and 12) exceeds the maximum amount which is not chargeable to income-tax, furnish a return of such income of the previous year in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed and all the provisions of this Act shall, so far as may be, apply as if it were a return required to be furnished under sub-section (*1*).]]

[4][(*4B*) The chief executive officer (whether such chief executive officer is known as Secretary or by any other designation) of every political party shall, if the total income in respect of which the political party is assessable (the total income for this purpose being computed under this Act without giving effect to the provisions of section 13A) exceeds the maximum amount which is not chargeable to income-tax, furnish a return of such income of the previous year in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed and all the provisions of this Act, shall, so far as may be, apply as if it were a return required to be furnished under sub-section (*1*).]

[5][(*4C*) Every—

(*a*) [6][researchassociation] referred to in clause (*21*) of section 10;

(*b*) news agency referred to in clause (*22B*) of section 10;

(*c*) association or institution referred to in clause (*23A*) of section 10;

[7][(*ca*)person referred to in clause (*23AAA*) of section 10;]

(*d*) institution referred to in clause (*23B*) of section 10;

(*e*) fund or institution referred to in sub-clause (*iv*) or trust or institution referred to in sub-clause (*v*) or any university or other educational institution referred to in [8][sub-clause (*iiiab*) or] [9][sub-clause (*iiiad*) or sub-clause (*vi*)] or any hospital or other medical institution referred to in [8][sub-clause (*iiiac*) or] [10][sub-clause (*iiiae*) or sub-clause (*via*)] of clause (*23C*) of section 10;

[11][(*ea*) Mutual Fund referred to in clause (*23D*) of section 10;

(*eb*) securitisation trust referred to in clause (*23DA*) of section 10;

[7][(*eba*) InvestorProtection Fund referred to in clause (*23EC*) or clause (*23ED*) of section 10;

(*ebb*) Core Settlement Guarantee Fund referred to in clause (*23EE*) of section 10;]

(*ec*) venture capital company or venture capital fund referred to in clause (*23FB*) of section 10;]

1. Subs. by Act 4 of 1988, s. 42, for sub-sections (*4*) and (*4a*) (w.e.f. 1-4-1989).
2. Subs. by Act 28 of 2016, s. 67, for sub-section (*4*) (w.e.f. 1-4-2017). Earlier sub-section (*4*) was substituted by Act 4 of 1988, s. 42 (w.e.f. 1-4-1989).
3. Subs. by Act 3 of 1989, s. 20, for sub-section (*4A*) (w.e.f. 1-4-1989). Original sub-section (*4A*) was inserted by Act 19 of 1970, s. 20 (w.e.f. 1-4-1971) and substituted by Act 16 of 1972, s. 26 (w.e.f. 1-4-1973).
4. Ins. by Act 29 of 1978, s. 2 (w.e.f. 1-4-1979).
5. Ins. by Act 20 of 2002, s. 59 (w.e.f. 1-4-2003).
6. Subs. by Act 14 of 2010, s. 32, for "scientific research association" (w.e.f. 1-4-2011).
7. Ins. by Act 7 of 2017, s. 55 (w.e.f. 1-4-2018).
8. Ins. by Act 20 of 2015, s. 35 (w.e.f. 1-4-2016).
9. Subs. by Act 29 of 2006, s. 12, for "sub-clause (*vi*)" (w.r.e.f. 1-4-2006).
10. Subs. by s. 12,*ibid*., for "sub-clause (*via*)" (w.e.f. 1-4-2006).
11. Ins. by Act 25 of 2014, s. 49 (w.e.f. 1-4-2015).

(*f*) trade union referred to in sub-clause (*a*) or association referred to in sub-clause (*b*) of clause (*24*) of section 10;

[1][(*fa*) Board or Authority referred to in clause (*29A*) of section 10;]

[2][(*g*) body or authority or Board or Trust or Commission (by whatever name called) referred to in clause (*46*) of section 10;

(*h*) infrastructure debt fund referred to in clause (*47*) of section 10,]

shall, if the total income in respect of which such [3][research association], news agency, association or institution, [1][person or] fund or trust or university or other educational institution or any hospital or other medical institution or trade union [2][or body or authority or Board or Trust or Commission or infrastructure debt fund][4][or Mutual Fund or securitisation trust or venture capital company or venture capital fund] is assessable, without giving effect to the provisions of section 10, exceeds the maximum amount which is not chargeable to income-tax, furnish a return of such income of the previous year in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed and all the provisions of this Act shall, so far as may be, apply as if it were a return required to be furnished under sub-section (*1*).]

[5][(*4D*) Every university, college or other institution referred to in clause (*ii*) and clause (*iii*) of sub-section (*1*) of section 35, which is not required to furnish return of income or loss under any other provision of this section, shall furnish the return in respect of its income or loss in every previous year and all the provisions of this Act shall, so far as may be, apply as if it were a return required to be furnished under sub-section (*1*).]

[4][(*4E*) Every business trust, which is not required to furnish return of income or loss under any other provisions of this section, shall furnish the return of its income in respect of its income or loss in every previous year and all the provisions of this Act shall, so far as may be, apply if it were a return required to be furnished under sub-section (*1*).]

[6][(*4F*) Every investment fund referred to in section 115UB, which is not required to furnish return of income or loss under any other provisions of this section, shall furnish the return of income in respect of its income or loss in every previous year and all the provisions of this Act shall, so far as may be, apply as if it were a return required to be furnished under sub-section (*1*).]

[1][(*5*) If any person, having furnished a return under sub-section (*1*) or sub-section (*4*), discovers any omission or any wrong statement therein, he may furnish a revised return at any time before [2]*** the end of the relevant assessment year or before the completion of the assessment, whichever is earlier.]

---

1. Ins. by Act 7 of 2017, s. 55 (w.e.f. 1-4-2018).

2. Ins. by Act 8 of 2011, s. 24 (w.e.f. 1-6-2011).

3. Subs. by Act 14 of 2010, s. 32, for "scientific research association" (w.e.f. 1-4-2011).

4. Ins. by Act 25 of 2014, s. 49 (w.e.f. 1-4-2015).

5. Ins. by Act 29 of 2006, s. 12 (w.e.f. 1-4-2006).

6. Ins. by Act 20 of 2015, s. 35 (w.e.f. 1-4-2016).

7. Subs. by Act 28 of 2016, s. 67, for sub-section (*5*) (w.e.f. 1-4-2017). Earlier sub-section (*5*) was substituted by Act 4 of 1988, s. 42 (w.e.f. 1-4-1988).

8. The words "the expiry of one year from" omitted by Act 7 of 2017, s. 55 (w.e.f. 1-4-2018).

[1][(6) The prescribed form of the returns referred to [2][in sub-sections (1) and (3) of this section, and in clause (i) of sub-section (1) of section 142] shall, in such cases as may be prescribed, require the assessee to furnish the particulars of income exempt from tax, [3][assets of the prescribed nature and [4][value, held by him as a beneficial owner or otherwise in which he is a beneficiary], his bank account and credit card held by him], expenditure exceeding the prescribed limits incurred by him under prescribed heads and such other out-goings as may be prescribed.

(6A) Without prejudice to the provisions of sub-section (6), the prescribed form of the returns referred to [5][in [6]*** this section, and in clause (i) of sub-section (1) of section 142]shall, in the case of an assessee engaged in any business or profession, also require him to furnish [7][the report of any audit[8][referred to in section 44AB,or, where the report has been furnished prior to the furnishing of the return, a copy of such report together with proof of furnishing the report]], the particulars of the location and style of the principal place where he carries on the business or profession and all the branches thereof, the names and addresses of his partners, if any, in such business or profession and, if he is a member of an association or body of individuals, the names of the other members of the association or the body of individuals and the extent of the share of the assessee and the shares of all such partners or the members, as the case may be, in the profits of the business or profession and any branches thereof.]

[9]*          *          *          *          *

[10][(8) (a) [11][Where the return under sub-section (1) or sub-section (2) or sub-section (4) for an assessment year is furnished after the specified date, or is not furnished, then [whether or not the [12][Assessing Officer] has extended the date for furnishing the return under sub-section (1) or sub-section (2)], the assessee shall be liable to pay simple interest at [13][fifteen per cent.] per annum, reckoned from day immediately following the specified date to the date of the furnishing of the return or, where no return has been furnished, the date of completion of the assessment under section 144, on the amount of the tax payable on the total income as determined on regular assessment, as reduced by the advance tax, if any, paid, and any tax deducted at source:

Provided that the [12][Assessing Officer] may, in such cases and under such circumstances as may be prescribed, reduce or waive the interest payable by any assessee under this sub-section.

*Explanation 1.*—For the purposes of this sub-section, "specified date", in relation to a return for an assessment year, means,—

(a) in the case of every assessee whose total income, or the total income of any person in respect of which he is assessable under this Act, includes any income from business or profession, the date of the expiry of four months from the end of the previous year or where there is more than one previous year, from the end of the previous year which expired last before the commencement of the assessment year or the 30th day of June of the assessment year, whichever is later;

---

1. Subs. by Act 41 of 1975, s. 38, for sub-section (6) (w.e.f. 1-4-1976).

2. Subs. by Act 4 of 1988, s. 42, for "in sub-sections (1), (2) and (3)" (w.e.f. 1-4-1989).

3. Subs. by Act 20 of 2015, s. 35, for "assets of the prescribed nature, value and belonging to him" (w.e.f. 1-4-2016).

4.  Subs. by Act 27 of 1999, s. 62, for "and value and belonging to him" (w.e.f. 1-6-1999).

5. Subs. by Act 4 of 1988, s. 42, for "in sub-sections (1), (2) and (3)"(w.e.f. 1-4-1989).

6. The words "sub-sections (1) and (3) of" omitted by Act 22 of 1995, s. 29 (w.e.f. 1-7-1995).

7. Ins. by Act 26 of 1988, s. 35 (w.e.f. 1-4-1989).

8. Subs. by Act 22 of 1995, s. 29, for "obtained under section 44AB" (w.e.f. 1-7-1995).

9. Sub-section (7) omitted by Act 4 of 1988, s. 42 (w.e.f. 1-4-1989).

10. Subs. by Act 42 of 1970, s. 26, for sub-section (8) (w.e.f. 1-4-1971). Earlier sub-section (8) was inserted by Act 13 of
     1963,        s. 8 (w.e.f. 28-4-1963).

11. Subs. by Act 16 of 1972, s. 26, for the portion beginning with "Where the return" and ending with "under this sub-
     section" (w.e.f. 1-4-1972).

12. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

13. Subs. by Act 67 of 1984, s. 25, for "twelve per cent." (w.e.f. 1-10-1984).

(*b*) in the case of every other assessee, the 30th day of June of the assessment year.]

[1][*Explanation 2.*—Where, in relation to an assessment year, an assessment is made for the first time under section 147, the assessment so made shall be regarded as a regular assessment for the purposes of this sub-section.]

[2][(*b*) Where as a result of an order under section 147 or section 154 or section 155 or section 250 or section 254 or section 260 or section 262 or section 263 or section 264 [3][or an order of the Settlement Commission under sub-section (4) of section 245D], the amount of tax on which interest was payable under this sub-section has been increased or reduced, as the case may be, the interest shall be increased or reduced accordingly, and—

(*i*) in a case where the interest is increased, the [4][Assessing Officer] shall serve on the assessee, a notice of demand in the prescribed form specifying the sum payable, and such notice of demand shall be deemed to be a notice under section 156 and the provisions of this Act shall apply accordingly;

(*ii*) in a case where the interest is reduced, the excess interest paid, if any, shall be refunded.]]

[5][(*c*) The provisions of this sub-section shall apply in respect of the assessment for the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year, and references therein to the other provisions of this Act shall be construed as references to the said provisions as they were applicable to the relevant assessment year.]

[6][(*9*) Where the [4][Assessing Officer] considers that the return of income furnished by the assessee is defective, he may intimate the defect to the assessee and give him an opportunity to rectify the defect within a period of fifteen days from the date of such intimation or within such further period which, on an application made in this behalf, the [4][Assessing Officer] may, in his discretion, allow; and if the defect is not rectified within the said period of fifteen days or, as the case may be, the further period so allowed, then, notwithstanding anything contained in any other provision of this Act, the return shall be treated as an invalid return and the provisions of this Act shall apply as if the assessee had failed to furnish the return:

Provided that where the assessee rectifies the defect after the expiry of the said period of fifteen days or the further period allowed, but before the assessment is made, the [4][Assessing Officer] may condone the delay and treat the return as a valid return.

*Explanation*.—For the purposes of this sub-section, a return of income shall be regarded as defective unless all the following conditions are fulfilled, namely:—

(*a*) the annexures, statements and columns in the return of income relating to computation of income chargeable under each head of income, computation of gross total income and total income have been duly filled in;

[1]*            *            *            *            *

---

1. Subs. by Act 67 of 1984, s. 25, for *Explanation2* (w.e.f. 1-4-1985). Earlier the *Explanation* was renumbered as *Explanation2* thereof by Act 16 of 1972, s. 26 (w.e.f. 1-4-1971).
2. Subs. by Act 67 of 1984, s. 25, for clause (b) (w.e.f. 1-4-1985).
3. Ins. by Act 4 of 1988, s. 126 (w.e.f. 1-4-1989).
4. Subs. by s. 2, *ibid.*,for "Income-tax Officer" (w.e.f. 1-4-1988).
5. Ins. by s. 42, *ibid*. (w.e.f. 1-4-1989).
6. Ins. by Act 44 of 1980, s. 24 (w.e.f. 1-9-1980).
7. Clause (*aa*) omitted by Act 28 of 2016, s. 67 (w.e.f. 1-4-2017). Earlier clause (*aa*) omitted by Act 17 of 2013, s. 36 (w.e.f. 1-6-2013).

(*b*) the return is accompanied by a statement showing the computation of the tax payable on the basis of the return;

[1][(*bb*) the return is accompanied by the report of the audit referred to in section 44AB, or, where the report has been furnished prior to the furnishing of the return, by a copy of such report together with proof of furnishing the report;]

(*c*) the return is accompanied by proof of—

(*i*) the tax, if any, claimed to have been [2][deducted or collected at source][3]*** and the advance tax and tax on self-assessment, if any, claimed to have been paid:

[4][Provided that where the return is not accompanied by proof of the tax, if any, [5][claimed to have been deducted or collected at source], the return of income shall not be regarded as defective if—

[6][(*a*) a certificate for tax deducted or collected was not furnished under section 203 or section 206C to the person furnishing his return of income;]

(*b*) such certificate is produced within a period of two years specified under sub-section (*14*) of section 155;]

(*ii*) the amount of compulsory deposit, if any, claimed to have been made under the Compulsory Deposit Scheme (Income-tax Payers) Act, 1974 (38 of 1974);

(*d*) where regular books of account are maintained by the assessee, the return is accompanied by copies of—

(*i*) manufacturing account, trading account, profit and loss account or, as the case may be, income and expenditure account or any other similar account and balance sheet;

(*ii*) in the case of a proprietary business or profession, the personal account of the proprietor; in the case of a firm, association of persons or body of individuals, personal accounts of the partners or members; and in the case of a partner or member of a firm, association of persons or body of individuals, also his personal account in the firm, association of persons or body of individuals;

(*e*) where the accounts of the assessee have been audited, the return is accompanied by copies of the audited profit and loss account and balance sheet and the [7][auditor's report and, where an audit of cost accounts of the assessee has been conducted under section 233B of the Companies Act, 1956 (1 of 1956), also the report under that section];

(*f*) where regular books of account are not maintained by the assessee, the return is accompanied by a statement indicating the amounts of turnover or, as the case may be, gross receipts, gross profit, expenses and net profit of the business or profession and the basis on which such amounts have been computed, and also disclosing the amounts of total sundry debtors, sundry creditors, stock-in-trade and cash balance as at the end of the previous year.]

[1]*　　　　　*　　　　　*　　　　　*　　　　　*

[2]*　　　　　*　　　　　*　　　　　*　　　　　*

---

1. Subs. by Act 22 of 1995, s. 29, for clause (*bb*) (w.e.f. 1-7-1995). Earlier clause (*bb*) was inserted by Act 26 of 1988, s. 35 (w.e.f. 1-4-1989).
2. Subs. by Act 21 of 2006, s. 31, for "deducted at source" (w.e.f. 1-4-2007).
3. The words "before the 1st day of April, 2008" omitted by Act 18 of 2008, s. 30 (w.e.f. 1-4-2008).
4. Ins. by Act 20 of 2002, s. 59 (w.e.f. 1-6-2002).
5. Subs. by Act 21 of 2006, s. 31, for "claimed to have been deducted at source" (w.e.f. 1-4-2007).
6. Subs. by s. 31, *ibid*., for clause (*a*) (w.e.f. 1-4-2018).
7. Subs. by Act 32 of 1985, s. 29, for "auditor's report" (w.e.f. 1-4-1985).
8. The proviso omitted by Act 22 of 2007, s. 44 (w.e.f. 1-6-2006). Earlier the proviso inserted by Act 21 of 2006, s. 31 (w.e.f. 1-6-2006).
9. Sub-section (*10*) omitted by Act 49 of 1991, s. 44 (w.e.f. -4-1991).

[1][**139A. Permanent account number**.—(*1*) Every person,——

(*i*) if his total income or the total income of any other person in respect of which he is assessable under this Act during any previous year exceeded the maximum amount which is not chargeable to income-tax; or

(*ii*) carrying on any business or profession whose total sales, turnover or gross receipts are or is likely to exceed [2][five lakhrupees] in any previous year; or

(*iii*) who is required to furnish a return of income under [3][sub-section (4A) of section 139;or

(*iv*) being an employer, who is required to furnish a return of fringe benefits under section 115WD,]

and who has not been allotted a permanent account number shall, within such time, as may be prescribed, apply to the Assessing Officer for the allotment of a permanent account number.

[4][(*1A*) Notwithstanding anything contained in sub-section (*1*), the Central Government may, by notification in the Official Gazette, specify, any class or classes of persons by whom tax is payable under this Act or any tax or duty is payable under any other law for the time being in force including importers and exporters whether any tax is payable by them or not and such persons shall, within such time as mentioned in that notification, apply to the Assessing Officer for the allotment of a permanent account number.]

[5][(*1B*) Notwithstanding anything contained in sub-section (*1*), the Central Government may, for the purpose of collecting any information which may be useful for or relevant to the purposes of this Act, by notification in the Official Gazette, specify, any class or classes of persons who shall apply to the Assessing Officer for the allotment of the permanent account number and such persons shall, within such time as mentioned in that notification, apply to the Assessing Officer for the allotment of a permanent account number.]

[6][(*2*) The Assessing Officer, having regard to the nature of the transactions as may be prescribed, may also allot a permanent account number, to any other person (whether any tax is payable by him or not), in the manner and in accordance with the procedure as may be prescribed.]

(*3*) Any person, not falling under sub-section (*1*) or sub-section (*2*), may apply to the Assessing Officer for the allotment of a permanent account number and, thereupon, the Assessing Officer shall allot a permanent account number to such person forthwith.

(*4*) For the purpose of allotment of permanent account numbers under the new series, the Board may, by notificationin the Official Gazette, specify the date from which the persons referred to in sub-sections (*1*) and (*2*) and other persons who have been allotted permanent account numbers and residing in a place to be specified in such notification, shall, within such time as may be specified, apply to the Assessing Officer for the allotment of a permanent account number under the new series and upon allotment of such permanent account number to a person, the permanent account number, if any, allotted to him earlier shall cease to have effect:

Provided that the persons to whom permanent account number under the new series has already been allotted shall not apply for such number again.

(*5*) Every person shall——

(*a*) quote such number in all his returns to, or correspondence with, any income-tax authority;

---

1. Subs. by Act 22 of 1995, s. 30, for section 139A (w.e.f. 1-7-1995).
2. Subs. by Act 21 of 1998, s. 41, for "fifty thousand rupees" (w.e.f. 1-8-1998).
3. Subs. by Act 18 of 2005, s. 41, for "sub-section (4A) of section 139" (w.e.f. 1-4-2006).
4. Ins. by Act 10 of 2000, s. 58 (w.e.f. 1-6-2000).
5. Ins. by Act 21 of 2006, s. 32 (w.e.f. 1-6-2006).
6. Subs. by s. 32, *ibid*., for sub-section (2) (w.e.f. 1-6-2006).

(*b*) quote such number in all challans for the payment of any sum due under this Act;

(*c*) quote such number in all documents pertaining to such transactions as may be prescribedby the Board in the interests of the revenue, and entered into by him:

Provided that the Board may prescribe different dates for different transactions or class of transactions or for different class of persons:

[1][Provided further that a person may quote General Index Register Number till such time Permanent Account Number is allotted to such person;]

(*d*) intimate the Assessing Officer any change in his address or in the name and nature of his business on the basis of which the permanent account number was allotted to him.

[2][(*5A*) Every person receiving any sum or income or amount from which tax has been deducted under the provisions of Chapter XVIIB, shall intimate his permanent account number to the person responsible for deducting such tax under that Chapter:

[3]*          *          *          *          *

Provided further that a person referred to in this sub-section shall intimate the General Index Register Number till such time permanent account number is allotted to such person.

(*5B*) Where any sum or income or amount has been paid after deducting tax under Chapter XVIIB, every person deducting tax under that Chapter shall quote the permanent account number of the person to whom such sum or income or amount has been paid by him—

(*i*) in the statement furnished in accordance with the provisions of sub-section (*2C*) of section 192;

(*ii*) in all certificates furnished in accordance with the provisions of section 203;

(*iii*) in all returns prepared and delivered or caused to be delivered in accordance with the provisions of section 206 to any income-tax authority;

[4][(*iv*) in all [5]*** statements prepared and delivered or caused to be delivered in accordance with the provisions of sub-section (*3*) of section 200:]

Provided that the Central Government may, by notification in the Official Gazette, specify different dates from which the provisions of this sub-section shall apply in respect of any class or classes of persons:

Provided further that nothing contained in sub-sections (*5A*) and (*5B*) shall apply in case of a person whose total income is not chargeable to income-tax or who is not required to obtain permanent account number under any provision of this Act if such person furnishes to the person responsible for deducting tax, a declaration referred to in section 197A in the form and manner prescribed thereunder to the effect that the tax on his estimated total income of the previous year in which such income is to be included in computing his total income will be *nil*.

(*5C*) Every [1][buyer or licensee or lessee] referred to in section 206C shall intimate his permanent account number to the [2][person responsible for collecting tax] referred to in that section.

(*5D*) Every [7][person] collecting tax in accordance with the provisions of section 206C shall quote the permanent account number of every [6][buyer or licensee or lessee] referred to in that section—

(*i*) in all certificates furnished in accordance with the provisions of sub-section (*5*) of section 206C;

---

1. Ins. by Act 21 of 1998, s. 41 (w.e.f. 1-8-1998).
2. Ins. by Act 14 of 2001, s. 60 (w.e.f. 1-6-2001).
3. The first proviso omitted by Act 23 of 2004, s. 33 (w.e.f. 1-4-2005).
4. Ins. by Act 21 of 2006, s. 32 (w.e.f. 1-6-2006).
5. The word "quarterly" omitted by Act 33 of 2009, s. 53 (w.e.f. 1-10-2009).
6. Subs. by Act 23 of 2004, s. 33, for "buyer" (w.e.f. 1-10-2004).
7. Subs. by Act 21 of 2006, s. 32, for "seller" (w.e.f. 1-4-2007).

(*ii*) in all returns prepared and delivered or caused to be delivered in accordance with the provisions of sub-section (*5A*) or sub-section (*5B*) of  section 206C to an income-tax authority;]

[1][(*iii*) in all [2]*** statements prepared and delivered or caused to be delivered in accordance with the provisions of sub-section (*3*) of  section 206C.]

(*6*) Every person receiving any document relating to a transaction prescribed under clause (*c*) of sub-section (*5*) shall ensure that the Permanent Account Number [3][or the General Index Register Number] has been duly quoted in the document.

(*7*) No person who has already been allotted a permanent account number under the new series shall apply, obtain or possess another permanent account number.

[4][*Explanation.*—For the removal of doubts, it is hereby declared that any person, who has been allotted a permanent account number under any clause other than clause (*iv*) of sub-section (*1*), shall not be required to obtain another permanent account number and the permanent account number already allotted to him shall be deemed to be the permanent account number in relation to fringe benefit tax.]

 (*8*) The Board may make rules providing for—

(*a*) the form and the manner in which an application may be made for the allotment of a permanent account number and the particulars which such application shall contain;

(*b*) the categories of transactions in relation to which Permanent Account Numbers [3][or the General Index Register Number] shall be quoted by every person in the documents pertaining to such transactions;

(*c*) the categories of documents pertaining to business or profession in which such numbers shall be quoted by every person;

[3][(*d*) class or classes of persons to whom the provisions of this section shall not apply;

(*e*) the form and the manner in which the person who has not been allotted a Permanent Account Number or who does not have General Index Register Number shall make his declaration;

(*f*) the manner in which the Permanent Account Number or the General Index Register Number shall be quoted in respect of the categories of transactions referred to in clause (*c*);

(*g*) the time and the manner in which the transactions referred to in clause (*c*) shall be intimated to the prescribed authority.]

*Explanation*.—For the purposes of this section,—

(*a*) "Assessing Officer" includes an income-tax authority who is assigned the duty of allotting permanent account numbers;

(*b*) "permanent account number" means a number which the Assessing Officer may allot to any person for the purpose of identification and includes a permanent account number allotted under the new series;

(*c*) "permanent account number under the new series" means a permanent account number having ten alphanumeric characters and issued in the form of a laminated card;]

[3][(*d*) "General Index Register Number" means a number given by an Assessing Officer to an assessee in the General Index Register maintained by him and containing the designation and particulars of the ward or circle or range of the Assessing Officer.]

---

1. Ins. by Act 21 of 2006, s. 32 (w.e.f. 1-6-2006).
2. The word "quarterly" omitted by Act 33 of 2009, s. 53 (w.e.f. 1-10-2009).
3. Ins. by Act 21 of 1998, s. 41 (w.e.f. 1-8-1998).
4. Ins. by Act 18 of 2005, s. 41 (w.e.f. 1-4-2006).

[1][**139AA.Quoting of Aadhaar number**.—(*1*) Every person who is eligible to obtain Aadhaar number shall, on or after the 1st day of July, 2017, quote Aadhaar number—

(*i*) in the application form for allotment of permanent account number;

(*ii*) in the return of income:

Provided that where the person does not possess the Aadhaar Number, the Enrolment ID of Aadhaar application form issued to him at the time of enrolment shall be quoted in the application for permanent account number or, as the case may be, in the return of income furnished by him.

(*2*) Every person who has been allotted permanent account number as on the 1st day of July, 2017, and who is eligible to obtain Aadhaar number, shall intimate his Aadhaar number to such authority in such form and manner as may be prescribed, on or before a date to be notified by the Central Government in the Official Gazette:

Provided that in case of failure to intimate the Aadhaar number, the permanent account number allotted to the person shall be deemed to be invalid and the other provisions of this Act shall apply, as if the person had not applied for allotment of permanent account number.

(*3*) The provisions of this section shall not apply to such person or class or classes of persons or any State or part of any State, as may be notified by the Central Government in this behalf, in the Official Gazette.

*Explanation*.—For the purposes of this section, the expressions—

(*i*) "Aadhaar number", "Enrolment" and "resident" shall have the same meanings respectively assigned to them in clauses (*a*), (*m*) and (*v*) of section 2 of the Aadhaar (Targeted Delivery of Financial and other Subsidies, Benefits and Services) Act, 2016;

(*ii*) "Enrolment ID" means a 28 digit Enrolment Identification Number issued to a resident at the time of enrolment.]

[2][**139B. Scheme for submission of returns through Tax Return Preparers**.—(*1*) For the purpose of enabling any specified class or classes of persons in preparing and furnishing returns of income, the Board may, without prejudice to the provisions of section 139, frame a Scheme, by notification in the Official Gazette, providing that such persons may furnish their returns of income through a Tax Return Preparer authorised to act as such under the Scheme.

(*2*) Every Tax Return Preparer shall assist the persons furnishing the return of income in such manner as may be specified in the Scheme framed under this section and affix his signature on such return.

(*3*) For the purposes of this section,—

(*a*) "Tax Return Preparer" means any individual, [not being a person referred to in clause (*ii*) or clause (*iii*) or clause (*iv*) of sub-section (*2*) of section 288 or an employee of the "specified class or classes of persons"], who has been authorised to act as a Tax Return Preparer under the Scheme framed under this section;

(*b*) "specified class or classes of persons" means any person, other than a company or a person, whose accounts are required to be audited under section 44AB or under any other law for the time being in force, who is required to furnish a return of income under this Act.

---

1. Ins. by Act 7 of 2017, s. 56 (w.e.f. 1-4-2017).
2. Ins. by Act 21 of 2006, s. 33 (w.e.f. 1-6-2006).

(*4*) The Scheme framed by the Board under this section may provide for the following, namely:—

(*a*) the manner in which and the period for which the Tax Return Preparers shall be authorised under sub-section (*3*);

(*b*) the educational and other qualifications to be possessed, and the training and other conditions required to be fulfilled, by a person to act as a Tax Return Preparer;

(*c*) the code of conduct for the Tax Return Preparers;

(*d*) the duties and obligations of the Tax Return Preparers;

(*e*) the circumstances under which the authorisation given to a Tax Return Preparer may be withdrawn;

(*f*) any other matter which is required to be, or may be, specified by the Scheme for the purposes of this section.

(*5*) The Scheme framed by the Board under this section shall be laid, as soon as may be after it is framed, before each House of Parliament, while it is in session, for a total period of thirty days which may be comprised in one session or in two or more successive sessions, and if, before the expiry of the session immediately following the session or the successive sessions aforesaid, both Houses agree in making any modification in the Scheme or both Houses agree that the Scheme should not be framed, the Scheme shall thereafter have effect only in such modified form or be of no effect, as the case may be; so, however, that any such modification or annulment shall be without prejudice to the validity of anything previously done under that Scheme.]

[1][**139C. Power of Board to dispense with furnishing documents, etc., with return**.—(*1*) The Board may make rules providing for a class or classes of persons who may not be required to furnish documents, statements, receipts, certificates, reports of audit or any other documents, which are otherwise under any other provisions of this Act, except section 139D, required to be furnished, along with the return but on demand to be produced before the Assessing Officer.

(*2*) Any rule made under the proviso to sub-section (*9*) of section 139 as it stood immediately before its omission by the Finance Act, 2007 shall be deemed to have been made under the provisions of this section.

**139D. Filing of return in electronic form.**—The Board may make rules providing for—

(*a*) the class or classes of persons who shall be required to furnish the return in electronic form;

(*b*) the form and the manner in which the return in electronic form may be furnished;

(*c*) the documents, statements, receipts, certificates or audited reports which may not be furnished along with the return in electronic form but shall be produced before the Assessing Officer on demand;

(*d*) the computer resource or the electronic record to which the return in electronic form may be transmitted.]

**140. Return by whom to be** [1][**verified**].—The return [2][under section 115WD or section 139] shall be [3][verified]—

[4][(*a*) in the case of an individual,—

(*i*) by the individual himself;

---

1. Ins. by Act 22 of 2007, s. 45 (w.e.f. 1-6-2006).

2. Subs. by Act 25 of 2014, s. 50, for "signed" (w.e.f. 1-10-2014).

3. Subs. by Act 18 of 2005, s. 42, for "under section 139" (w.e.f. 1-4-2006).

4. Subs. by Act 25 of 2014, s. 50, for "signed and verified" (w.e.f. 1-10-2014).

5. Subs. by Act 4 of 1988, s. 44, for clause (*a*) (w.e.f. 1-4-1989).

(*ii*) where he is absent from India, by the individual himself or by some person duly authorised by him in this behalf;

(*iii*) where he is mentally incapacitated from attending to his affairs, by his guardian or any other person competent to act on his behalf; and

(*iv*) where, for any other reason, it is not possible for the individual to [1][verify] the return, by any person duly authorised by him in this behalf:

Provided that in a case referred to in sub-clause (*ii*) or sub-clause (*iv*), the person [2][verifying] the return holds a valid power of attorney from the individual to do so, which shall be attached to the return;]

(*b*) in the case of a Hindu undivided family, by the *karta*, and, where the *karta* is absent from India or is mentally incapacitated from attending to his affairs, by any other adult member of such family;

[3][(*c*) in the case of a company, by the managing director thereof, or where for any unavoidable reason such managing director is not able to [4][verify]the return, or where there is no managing director, by any director thereof:

[5][Provided that where the company is not resident in India, the return may be verified by a person who holds a valid power of attorney from such company to do so, which shall be attached to the return:

Provided further that,—

(*a*) where the company is being wound up, whether under the orders of a court or otherwise, or where any person has been appointed as the receiver of any assets of the company, the return shall be [6][verified] by the liquidator referred to in sub-section (*1*) of  section 178;

(*b*) where the management of the company has been taken over by the Central Government or any State Government under any law, the return of the company shall be [6][verified] by the principal officer thereof;]

(*cc*) in the case of a firm, by the managing partner thereof, or where for any unavoidable reason such managing partner is not able to [4][verify] the return, or where there is no managing partner as such, by any partner thereof, not being a minor;

[1][(*cd*) in the case of a limited liability partnership, by the designated partner thereof, or where for any unavoidable reason such designated partner is not able to [4][verify] the return, or where there is no designated partner as such, by any partner thereof;]

(*d*) in the case of a local authority, by the principal officer thereof;]

[2][(*dd*) in the case of a political party referred to in sub-section (*4B*) of  section 139, by the chief executive officer of such party (whether such chief executive officer is known as secretary or by any other designation);]

(*e*) in the case of any other association, by any member of the association or the principal officer thereof; and

(*f*) in the case of any other person, by that person or by some person competent to act on his behalf.

1. Subs. by Act 25 of 2014, s. 50, for "sign" (w.e.f. 1-10-2014).
2. Subs. by s. 50, *ibid.,* for "signing" (w.e.f. 1-10-2014).
3. Subs. by Act 41 of 1975, s. 40, for clauses (*c*) and (*d*) (w.e.f. 1-4-1976).
4. Subs. by Act 25 of 2014, s. 50, for "sign and verify" (w.e.f. 1-10-2014).
5. Added by Act 4 of 1988, s. 44 (w.e.f. 1-4-1989).
6. Subs. by Act 25 of 2014, s. 50, for "signed and verified" (w.e.f. 1-10-2014).
7. Ins. by Act 33 of 2009, s. 54 (w.e.f. 1-4-2010).
8. Ins. by Act 4 of 1988, s. 44 (w.e.f. 1-4-1989).

[1][**140A. Self-assessment.**—[2][(*1*) Where any tax is payable on the basis of any return required to be furnished under [3][4][section 115WD or section 115WH or section 139] or section 142 [5][or section 148 or [6][section 153A or, as the case may be, section 158BC]]], [7][after taking into account,—

  (*i*) the amount of tax, if any, already paid under any provision of this Act;

  (*ii*) any tax deducted or collected at source;

  (*iii*) any relief of tax or deduction of tax claimed under section 90 or section 91 on account of tax paid in a country outside India;

  (*iv*) any relief of tax claimed under section 90A on account of tax paid in any specified territory outside India referred to in that section; and

  (*v*) any tax credit claimed to be set off in accordance with the provisions of section 115JAA [8][or section 115JD],]

[9][the assessee shall be liable to pay such tax, together with interest [10][and fee] payable under any of this Act for any delay in furnishing the return or any default or delay in payment of advance tax, before furnishing the return and the return shall be accompanied by proof of payment of such tax [11][interest and fee].]]

[12][*Explanation*.—Where the amount paid by the assessee under this sub-section falls short of the aggregate of the tax [1][ interest and fee as aforesaid, the amount so paid shall first be adjusted towards the fee payable and thereafter towards] the interest payable as aforesaid and the balance, if any, shall be adjusted towards the tax payable.]

[2][[3][(*1A*) For the purposes of sub-section (*1*), interest payable,—

  [4][(*i*) under section 234A shall be computed on the amount of the tax on the total income as declared in the return as reduced by the amount of,—

    (*a*) advance tax, if any, paid;

    (*b*) any tax deducted or collected at source;

    (*c*) any relief of tax or deduction of tax claimed under section 90 or section 91 on account of tax paid in a country outside India;

    (*d*) any relief of tax claimed under section 90A on account of tax paid in any specified territory outside India referred to in that section; and

---

1. Subs. by Act 42 of 1970, s. 27, for section 140A (w.e.f. 1-4-1971). Earlier section 140A was inserted by Act 5 of 1964, s. 34 (w.e.f. 1-4-1964).
2. Subs. by Act 41 of 1975, s. 41, for sub-section (*1*) (w.e.f. 1-4-1976).
3. Subs. by Act 49 of 1991, s. 45, for "section 139 or section 148" (w.e.f. 27-9-1991).
4. Subs. by Act 18 of 2005, s. 43, for "section 139" (w.e.f. 1-4-2006).
5. Subs. by Act 27 of 1999, s. 63, for "or, as the case may be, section 148" (w.e.f. 1-6-1999).
6. Subs. by Act 32 of 2003, s. 63, for "as the case may be, section 158BC" (w.e.f. 1-6-2003).
7. Subs. by Act 21 of 2006, s. 34, for "after taking into account the amount of tax, if any, already paid under any provision of this Act" (w.e.f. 1-4-2007).
8. Ins. by Act 23 of 2012, s. 60 (w.e.f. 1-4-2013).
9. Subs. by Act 4 of 1988, s. 45, for "the assessee shall be liable to pay such tax before furnishing the return and the return shall be accompanied by proof of payment of such tax" (w.e.f. 1-4-1989).
10. Ins. by Act 7 of 2017, s. 57 (w.e.f. 1-4-2018).
11. Subs. by Act 7 of 2017, s. 57, for "and interest" (w.e.f. 1-4-2018).
12. Ins. by Act 4 of 1988, s. 45 (w.e.f. 1-4-1989).
13. Subs. by Act 7 of 2017, s. 57, for "and interest as aforesaid, the amount so paid shall first be adjusted towards" (w.e.f. 1-4-2018).
14. Ins. by Act 14 of 2001, s. 61 (w.r.e.f. 1-4-1989).
15. Subs. by Act 18 of 2005, s. 43, for sub-section (*1A*) (w.e.f. 1-4-2006). Earlier
16. Subs. by Act 21 of 2006, s. 34, for clause (*i*) (w.e.f. 1-4-2007).

(*e*) any tax credit claimed to be set off in accordance with the provisions of section 115JAA [1][or section 115JD];]

(*ii*) under section 115WK shall be computed on the amount of tax on the value of the fringe benefits as declared in the return as reduced by the advance tax, paid, if any.]

(*1B*) For the purposes of sub-section (*1*), interest payable under section 234B shall be computed on an amount equal to the assessed tax or, as the case may be, on the amount by which the advance tax paid falls short of the assessed tax.

[2][*Explanation.*—For the purposes of this sub-section, "assessed tax" means the tax on the total income as declared in the return as reduced by the amount of,—

(*i*) tax deducted or collected at source, in accordance with the provisions of Chapter XVII, on any income which is subject to such deduction or collection and which is taken into account in computing such total income;

(*ii*) any relief of tax or deduction of tax claimed under section 90 or section 91 on account of tax paid in a country outside India;

(*iii*) any relief of tax claimed under section 90A on account of tax paid in any specified territory outside India referred to in that section; and

(*iv*) any tax credit claimed to be set off in accordance with the provisions of section 115JAA [1][or section 115JD].]]

(*2*) After a regular assessment under [3][section 115WE or section 115WF or section 143] or section 144 [4][or[5][an assessment under section 153A or section 158BC]] has been made, any amount paid under sub-section (*1*) shall be deemed to have been paid towards such regular assessment [4][or assessment, as the case may be].

[1][(*3*) If any assessee fails to pay the whole or any part of such tax or interest or both in accordance with the provisions of sub-section (1), he shall, without prejudice to any other consequences which he may incur, be deemed to be an assessee in default in respect of the tax or interest or both remaining unpaid, and all the provisions of this Act shall apply accordingly.]]

[2][(*4*) The provisions of this section as they stood immediately before their amendment by the Direct Tax Laws (Amendment) Act, 1987 (4 of 1988), shall apply to and in relation to any assessment for the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year and references in this section to the other provisions of this Act shall be construed as references to those provisions as for the time being in force and applicable to the relevant assessment year.]

**141.** [**Provisional assessment.**]—*Omitted by the Taxation Laws (Amendment) Act,* 1970*, s.* 28 (*w.e.f.* 1-4-1971).

**141A.** [**Provisional assessment for refund.**]—*Omitted by the Direct Tax Laws (Amendment) Act*, 1987, (*w.e.f.* 1-4-1989). *Earlier section* 141A *was inserted by the Finance Act,* 1968, *s.* 11 (*w.e.f.* 1-4-1968). *Original section was inserted by the Finance Act*, 1963, *s.* 9 (*w.e.f.* 1-4-1963) *and omitted by the Finance Act*, 1964, s. 35 (*w.e.f.* 1-4-1964).

---

1. Ins. by Act 23 of 2012, s. 60 (w.e.f. 1-4-2013).
2. Subs. by Act 21 of 2006, s. 34, for the *Explanation* (w.e.f. 1-4-2007).
3. Subs. by Act 18 of 2005, s. 43, for "section 143" (w.e.f. 1-4-2006).
4. Ins. by Act 27 of 1999, s. 63 (w.e.f. 1-6-1999).
5. Subs. by Act 32 of 2003, s. 63 (w.e.f. 1-6-2003).
6. Subs. by Act 4 of 1988, s. 45, for sub-section (*3*) (w.e.f. 1-4-1989).
7. Ins. by Act 36 of 1989, s. 14 (w.e.f. 1-4-1989).

**142. Inquiry before assessment.**—(*1*) For the purpose of making an assessment under this Act, the [1][Assessing Officer] may serve on any person who has made a return [2][under section 115WD or section 139 [3][or in whose case the time allowed under sub-section (*1*) of section 139] for furnishing the return has expired] a notice requiring him, on a date to be therein specified,—

[4][(*i*) where such person has not made a return [5][6][within the time allowed under sub-section (*1*) of section 139] or before the end of the relevant assessment year], to furnish a return of his income or the income of any other person in respect of which he is assessable under this Act, in the prescribed form and verified in the prescribed mannerand setting forth such other particulars as may be prescribed, or:]

[7][Provided that where any notice has been served under this sub-section for the purposes of this clause after the end of the relevant assessment year commencing on or after the 1st day of April, 1990 to a person who has not made a return within the time allowed under sub-section (*1*) of section 139 or before the end of the relevant assessment year, any such notice issued to him shall be deemed to have been served in accordance with the provisions of this sub-section,]

[8][(*ii*)] to produce, or cause to be produced, such accounts or documents as the [1][Assessing Officer] may require, or

[8][(*iii*)] to furnish in writing and verified in the prescribed manner information in such form and on such points or matters (including a statement of all assets and liabilities of the assessee, whether included in the accounts or not) as the [1][Assessing Officer] may require:

Provided that—

(*a*) the previous approval of the [1][Joint Commissioner] shall be obtained before requiring the assessee to furnish a statement of all assets and liabilities not included in the accounts;

(*b*) the[1][Assessing Officer] shall not require the production of any accounts relating to a period more than three years prior to the previous year.

(*2*) For the purpose of obtaining full information in respect of the income or loss of any person, the [1][Assessing Officer] may make such inquiry as he considers necessary.

[2][(*2A*)If, at any stage of the proceedings before him, the [1][Assessing Officer], having regard to [3][the nature and complexity of the accounts, volume of the accounts, doubts about the correctness of the accounts, multiplicity of transactions in the accounts or specialised nature of business activity of the assessee, and] the interests of the revenue, is of the opinion that it is necessary so to do, he may, with the previous approval of the [4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner], direct the assessee to get the accounts audited by an accountant, as

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Subs. by Act 18 of 2005, s. 44, for "under section 139 or in whose case the time allowed under sub-section (*1*) of that section" (w.e.f. 1-4-2006).
3. Subs. by Act 4 of 1988, s. 47, for "or to whom a notice has been issued under sub-section (*2*) of section 139 (whether a return has been made or not)" (w.e.f. 1-4-1989).
4. Ins. by s. 47, *ibid* (w.e.f. 1-4-1989).
5. Subs. by Act 12 of 1990, s. 36, for "before the end of the relevant assessment year" (w.e.f. 1-4-1990).
6. Subs. by Act 21 of 2006, s. 35, for "within the time allowed under sub-section (*1*) of section 139" (w.e.f. 1-4-2006)
7. Ins. by, s. 35, *ibid*. (w.e.f. 1-4-1990).
8. Clauses (*i*) and (*ii*) renumbered as clauses (*ii*) and (*iii*) thereof by Act 4 of 1988, s. 47 (w.e.f. 1-4-1989).
9. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998). Earlier substituted as "Deputy Commissioner" for "Inspecting Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
10. Ins. by Act 41 of 1975, s. 43 (w.e.f. 1-4-1976).
11. Subs. by Act 17 of 2013, s. 37, for "the nature and complexity of the accounts of the assessee and" (w.e.f. 1-6-2013).
12. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013). Earlier substituted as Chief Commissioner or Commissioner" for "Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
13. Subs. by s. 4, *ibid*., for "Commissioner" (w.e.f. 1-6-2013).

defined in the *Explanation* below sub-section (*2*) of section 288, nominated by the [1][Principal Chief Commissioner or Chief Commissioner] or [2][Principal Commissioner or Commissioner] in this behalf and to furnish a report of such audit in the prescribed formduly signed and verified by such accountant and setting forth such particulars as may be prescribed and such other particulars as the [3][Assessing Officer] may require:

[4][Provided that the Assessing Officer shall not direct the assessee to get the accounts so audited unless the assessee has been given a reasonable opportunity of being heard.]

(*2B*) The provisions of sub-section (*2A*) shall have effect notwithstanding that the accounts of the assessee have been audited under any other law for the time being in force or otherwise.

(*2C*) Every report under sub-section (*2A*) shall be furnished by the assessee to the [3][Assessing Officer] within such period as may be specified by the [3][Assessing Officer]:

Provided that the [3][AssessingOfficer] may, [5][*suomotu,* oran an application] made in this behalf by the assessee and for any good and sufficient reason, extend the said period by such further period or periods as he thinks fit; so, however, that the aggregate of the period originally fixed and the period or periods so extended shall not, in any case, exceed one hundred and eighty days from the date on which the direction under sub-section (*2A*) is received by the assessee.

(*2D*) The expenses of, and incidental to, any audit under sub-section (*2A*) (including the remuneration of the accountant) shall be determined by the [1][Principal Chief Commissioner or Chief Commissioner] or [2][Principal Commissioner or Commissioner] (which determination shall be final) and paid by the assessee and in default of such payment, shall be recoverable from the assessee in the manner provided in Chapter XVIID for the recovery of arrears of tax:]

[4][Provided that where any direction for audit under sub-section (*2A*) is issued by the Assessing Officer on or after the 1st day of June, 2007, the expenses of, and incidental to, such audit (including the remuneration of the Accountant) shall be determined by the [1][Principal Chief Commissioner or Chief Commissioner] or [2][Principal Commissioner or Commissioner] in accordance with such guidelines as may be prescribedand the expenses so determined shall be paid by the Central Government.]

(*3*) The assessee shall, except where the assessment is made under section 144, be given an opportunity of being heard in respect of any material gathered on the basis of any inquiry under sub-section (*2*) [1][or any audit under sub-section (*2A*)] and proposed to be utilised for the purposes of the assessment.

[2][(*4*) The provisions of this section as they stood immediately before their amendment by the Direct Tax Laws (Amendment) Act, 1987 (4 of 1988), shall apply to and in relation to any assessment for the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year and references in this section to the other provisions of this Act shall be construed as references to those provisions as for the time being in force and applicable to the relevant assessment year.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013). Earlier substituted as Chief Commissioner or Commissioner" for "Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
2. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
4. Ins. by Act 22 of 2007, s. 46 (w.e.f. 1-6-2007).
5. Subs. by Act 18 of 2008, s. 31, for "on an application" (w.e.f. 1-4-2008).
6. Ins. by Act 41 of 1975, s. 43 (w.e.f. 1-4-1976).
7. Ins. by Act 36 of 1989, s. 15 (w.e.f. 1-4-1989).

[1][**142A. Estimation of value of assets by Valuation Officer.**—(*1*) The Assessing Officer may, for the purposes of assessment or reassessment, make a reference to a Valuation Officer to estimate the value, including fair market value, of any asset, property or investment and submit a copy of report to him.

(*2*) The Assessing Officer may make a reference to the Valuation Officer under sub-section (*1*) whether or not he is satisfied about the correctness or completeness of the accounts of the assessee.

(*3*) The Valuation Officer, on a reference made under sub-section (*1*), shall, for the purpose of estimating the value of the asset, property or investment, have all the powers that he has under section 38A of the Wealth-tax Act, 1957 (27 of 1957).

(*4*) The Valuation Officer shall, estimate the value of the asset, property or investment after taking into account such evidence as the assessee may produce and any other evidence in his possession gathered, after giving an opportunity of being heard to the assessee.

(*5*) The Valuation Officer may estimate the value of the asset, property or investment to the best of his judgment, if the assessee does not co-operate or comply with his directions.

(*6*) The Valuation Officer shall send a copy of the report of the estimate made under sub-section (*4*) or sub-section (*5*), as the case may be, to the Assessing Officer and the assessee, within a period of six months from the end of the month in which a reference is made under sub-section (*1*).

(*7*) The Assessing Officer may, on receipt of the report from the Valuation Officer, and after giving the assessee an opportunity of being heard, take into account such report in making the assessment or reassessment.

*Explanation.*—In this section, "Valuation Officer" has the same meaning as in clause (*r*) of section 2 of the Wealth-tax Act, 1957 (27 of 1957).]

[2][**143. Assessment**.—[3][(*1*) Where a return has been made under section 139, or in response to a notice under sub-section (1) of section 142, such return shall be processed in the following manner, namely:—

(*a*) the total income or loss shall be computed after making the following adjustments, namely:—

(*i*) any arithmetical error in the return; [1]***

(*ii*) an incorrect claim, if such incorrect claim is apparent from any information in the return;

[2][(*iii*) disallowance of loss claimed, if return of the previous year for which set off of loss is claimed was furnished beyond the due date specified under sub-section (*1*) of section 139;

(*iv*) disallowance of expenditure indicated in the audit report but not taken into account in computing the total income in the return;

(*v*) disallowance of deduction claimed under sections 10AA, 80-IA, 80-IAB, 80-IB, 80-IC, 80-ID or section 80-IE, if the return is furnished beyond the due date specified under sub-section (*1*) of section 139; or

(*vi*) addition of income appearing in Form 26AS or Form 16A or Form 16 which has not been included in computing the total income in the return:

---

1. Subs by Act 25 of 2014, s. 51, for section 142A (w.e.f. 1-10-2014).
2. Subs. by Act 4 of 1988, s. 48, for section 143 (w.e.f 1-4-1989).
3. Subs. by Act 18 of 2008, s. 32, for sub-section (*1*) (w.e.f. 1-4-2008).
4. The word "or" omitted by Act 28 of 2016, s. 68 (w.e.f. 1-4-2017).
5. Ins. by s. 68, *ibid*. (w.e.f. 1-4-2017).

Provided that no such adjustments shall be made unless an intimation is given to the assessee of such adjustments either in writing or in electronic mode:

Provided further that the response received from the assessee, if any, shall be considered before making any adjustment, and in a case where no response is received within thirty days of the issue of such intimation, such adjustments shall be made;]

(*b*) the tax [1][, interest and fee], if any, shall be computed on the basis of the total income computed under clause (*a*);

(*c*) the sum payable by, or the amount of refund due to, the assessee shall be determined after adjustment of the tax [1][, interest and fee], if any, computed under clause (*b*) by any tax deducted at source, any tax collected at source, any advance tax paid, any relief allowable under an agreement under section 90 or section 90A, or any relief allowable under section 91, any rebate allowable under Part A of Chapter VIII, any tax paid on self-assessment and any amount paid otherwise by way of tax [2][, interest or fee];

(*d*) an intimation shall be prepared or generated and sent to the assessee specifying the sum determined to be payable by, or the amount of refund due to, the assessee under clause (*c*); and

(*e*) the amount of refund due to the assessee in pursuance of the determination under clause (*c*) shall be granted to the assessee:

Provided that an intimation shall also be sent to the assessee in a case where the loss declared in the return by the assessee is adjusted but no tax [2][, interest or fee] is payable by, or no refund is due to, him:

Provided further that no intimation under this sub-section shall be sent after the expiry of one year from the end of the financial year in which the return is made.

*Explanation.*—For the purposes of this sub-section,—

(*a*) "an incorrect claim apparent from any information in the return" shall mean a claim, on the basis of an entry, in the return,—

(*i*) of an item, which is inconsistent with another entry of the same or some other item in such return;

(*ii*) in respect of which the information required to be furnished under this Act to substantiate such entry has not been so furnished; or

(*iii*) in respect of a deduction, where such deduction exceeds specified statutory limit which may have been expressed as monetary amount or percentage or ratio or fraction;

(*b*) the acknowledgement of the return shall be deemed to be the intimation in a case where no sum is payable by, or refundable to, the assessee under clause (*c*), and where no adjustment has been made under clause (*a*).

(*1A*) For the purposes of processing of returns under sub-section (*1*), the Board may make a scheme for centralised processing of returns with a view to expeditiously determining the tax payable by, or the refund due to, the assessee as required under the said sub-section.

(*1B*) Save as otherwise expressly provided, for the purpose of giving effect to the scheme made under sub-section (*1A*), the Central Government may, by notification in the Official Gazette, direct that any of the provisions of this Act relating to processing of returns shall not apply or shall apply with such

---

1. Subs. by Act 7 of 2017, s. 58, for "and interest" (w.e.f. 1-4-2018).
2. Subs. by s. 58, *ibid.*,for "or interest" (w.e.f. 1-4-2018).

exceptions, modifications and adaptations as may be specified in that notification; so, however, that no direction shall be issued after [1][the 31st day of March, 2012].

(*1C*) Every notification issued under sub-section (*1B*), along with the scheme made under sub-section (*1A*), shall, as soon as may be after the notification is issued, be laid before each House of Parliament.]

[2][(*1D*) Notwithstanding anything contained in sub-section (*1*), the processing of a return shall not be necessary, where a notice has been issued to the assessee under sub-section (*2*):

Provided that the provisions of this sub-section shall not apply to any return furnished for the assessment year commencing on or after the 1st day of April, 2017.]

[3][(*2*) Where a return has been furnished under section 139, or in response to a notice under sub-section (*1*) of section 142, the Assessing Officer or the prescribed income-tax authority, as the case may be, if, considers it necessary or expedient to ensure that the assessee has not understated the income or has not computed excessive loss or has not under-paid the tax in any manner, shall serve on the assessee a notice requiring him, on a date to be specified therein, either to attend the office of the Assessing Officer or to produce, or cause to be produced before the Assessing Officer any evidence on which the assessee may rely in support of the return:

Provided that no notice under this sub-section shall be served on the assessee after the expiry of six months from the end of the financial year in which the return is furnished.]

[4][(*3*) [5][On the day specified in the notice issued under] sub-section (*2*), or as soon afterwards as may be, after hearing such evidence as the assessee may produce and such other evidence as the Assessing Officer may require on specified points, and after taking into account all relevant material which he has gathered, the Assessing Officer shall, by an order in writing, make an assessment of the total income or loss of the assessee, and determine the sum payable by him or refund of any amount due to him on the basis of such assessment.]

[1][Provided that in the case of a—

(*a*) [2][research association] referred to in clause (*21*) of section 10;

(*b*) news agency referred to in clause (*22B*) of section 10;

(*c*) association or institution referred to in clause (*23A*) of section 10;

(*d*) institution referred to in clause (*23B*) of section 10;

(*e*) fund or institution referred to in sub-clause (*iv*) or trust or institution referred to in sub-clause (*v*) or any university or other educational institution referred to in sub-clause (*vi*) or any hospital or other medical institution referred to in sub-clause (*via*) of clause (*23C*) of section 10,

---

1. Subs. by Act 8 of 2011, s. 25, for "the 31st day March, 2011" (w.e.f. 1-4-2011).
2. Subs. by Act 7 of 2017, s. 58, for sub-section (*ID*) (w.e.f. 1-4-2018).
3. Subs. by Act 28 of 2016, s. 68, for sub-section (*2*) (w.e.f. 1-6-2016).
4. Subs. by Act 20 of 2002, s. 60, for sub-section (*3*) (w.e.f. 1-6-2002).
5. Subs. by Act 7 of 2017, s. 58, for certain words (w.e.f. 1-6-2016).
6. Ins. by Act 20 of 2002, s. 60 (w.e.f. 1-4-2003).
7. Subs. by Act 14 of 2010, s. 34, for "scientific research association" (w.e.f. 1-4-2011).

which is required to furnish the return of income under sub-section (*4C*) of section 139, no order making an assessment of the total income or loss of such [1][research association], news agency, association or institution or fund or trust or university or other educational institution or any hospital or other medical institution, shall be made by the Assessing Officer, without giving effect to the provisions of section 10, unless—

(*i*) the Assessing Officer has intimated the Central Government or the prescribed authority the contravention of the provisions of clause (*21*) or clause (*22B*) or clause (*23A*) or clause (*23B*) or sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*) of clause (*23C*) of section 10, as the case may be, by such [1][research association], news agency, association or institution or fund or trust or university or other educational institution or any hospital or other medical institution, where in his view such contravention has taken place; and

(*ii*) the approval granted to such [1][research association] or other association [2][or fund or trust] or institution or university or other educational institution or hospital or other medical institution has been withdrawn or notification issued in respect of such news agency or fund or trust or institution has been rescinded:]

[3][Provided further that where the Assessing Officer is satisfied that the activities of the university, college or other institution referred to in clause (*ii*) and clause (*iii*) of sub-section (*1*) of section 35 are not being carried out in accordance with all or any of the conditions subject to which such university, college or other institution was approved, he may, after giving a reasonable opportunity of showing cause against the proposed withdrawal to the concerned university, college or other institution, recommend to the Central Government to withdraw the approval and that Government may by order, withdraw the approval and forward a copy of the order to the concerned university, college or other institution and the Assessing Officer:]

[4][Provided also that notwithstanding anything contained in the first and the second provisos, no effect shall be given by the Assessing Officer to the provisions of clause (*23C*) of section 10 in the case of a trust or institution for a previous year, if the provisions of the first proviso to clause (*15*) of section 2 become applicable in the case of such person in such previous year, whether or not the approval granted to such trust or institution or notification issued in respect of such trust or institution has been withdrawn or rescinded.]

[1][(*4*) Where a regular assessment under sub-section (*3*) of this section or section 144 is made,—

(*a*) any tax or interest paid by the assessee under sub-section (*1*) shall be deemed to have been paid towards such regular assessment;

(*b*) if no refund is due on regular assessment or the amount refunded under sub-section (*1*) exceeds the amount refundable on regular assessment, the whole or the excess amount so refunded shall be deemed to be tax payable by the assessee and the provisions of this Act shall apply accordingly.

[2]*          *          *          *          *]

[3]*          *          *          *          *

---

1. Subs. by Act 14 of 2010, s. 34, for "scientific research association" (w.e.f. 1-4-2011).

2. Ins. by Act 22 of 2007, s. 47 (w.e.f. 1-6-2007).

3. Ins. by Act 29 of 2006, s. 13 (w.e.f. 1-4-2006).

4. Ins. by Act 23 of 2012 s. 61 (w.e.f. 1-4-2009).

5. Ins. by Act 36 of 1989, s. 16 (w.e.f. 1-4-1989).

6. Sub-section (*5*) omitted by Act 27 of 1999, s. 64 (w.e.f. 1-6-1999).

7. The *Explanation* omitted by s. 64, *ibid* (w.e.f. 1-6-1999).

**144. Best judgment assessment.**—[1][(*1*)] If any person—

(*a*) fails to make the return required [2][under sub-section (*1*) of section 139] and has not made a return or a revised return under sub-section (*4*) or sub-section (*5*) of that section, or

(*b*) fails to comply with all the terms of a notice issued under sub-section (*1*) of section 142 [3][or fails to comply with a direction issued under sub-section (*2A*) of that section], or

(*c*) having made a return, fails to comply with all the terms of a notice issued under sub-section (*2*) of section 143,

the [4][Assessing Officer], after taking into account all relevant material which the [4][Assessing Officer] has gathered, [5][shall, after giving the assessee an opportunity of being heard, make the assessment] of the total income or loss to the best of his judgment and determine the sum payable by the assessee[6]*** on the basis of such assessment:

[7][Provided that such opportunity shall be given by the Assessing Officer by serving a notice calling upon the assessee to show cause, on a date and time to be specified in the notice, why the assessment should not be completed to the best of his judgment:

Provided further that it shall not be necessary to give such opportunity in a case where a notice under sub-section (*1*) of section 142 has been issued prior to the making of an assessment under this section.]

[8][(*2*) The provisions of this section as they stood immediately before their amendment by the Direct Tax Laws (Amendment) Act, 1987 (4 of 1988), shall apply to and in relation to any assessment for the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year and references in this section to the other provisions of this Act shall be construed as references to those provisions as for the time being in force and applicable to the relevant assessment year.]

[1][**144A. Power of** [2][**Joint Commissioner] to issue directions in certain cases.**—[3]*** A [10][Joint Commissioner] may, on his own motion or on a reference being made to him by the [4][Assessing Officer] or on the application of an assessee, call for and examine the record of any proceeding in which an assessment is pending and, if he considers that, having regard to the nature of the case or the amount involved or for any other reason, it is necessary or expedient so to do, he may issue such directions as he thinks fit for the guidance of the [4][Assessing Officer] to enable him to complete the assessment and such directions shall be binding on the [4][Assessing Officer]:

Provided that no directions which are prejudicial to the assessee shall be issued before an opportunity is given to the assessee to be heard.

*Explanation.*—For the purposes of this [4][section] no direction as to the lines on which an investigation connected with the assessment should be made, shall be deemed to be a direction prejudicial to the assessee.

[5]*            *            *            *            *

---

1. Section 144 renumbered as sub-section (*1*) thereof by Act 36 of 1989, s. 17 (w.e.f. 1-4-1989).
2. Subs. by Act 4 of 1988, s. 49, for "by any notice given under sub-section (*2*) of section 139" (w.e.f. 1-4-1989).
3. Ins. by Act 41 of 1975, s. 44 (w.e.f. 1-4-1976).
4. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
5. Subs. by s. 49, *ibid.*, for "shall make the assessment" (w.e.f. 1-4-1989).
6. The words "or refundable to the assess" omitted by s. 49, *ibid.* (w.e.f. 1-4-1989).
7. Ins. by s. 49, *ibid.*, (w.e.f. 1-4-1989).
8. Ins. by Act 36 of 1989, s. 17 (w.e.f. 1-4-1989).
9. Ins. by Act 41 of 1975, s. 45 (w.e.f. 1-4-1976).
10. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f.1-10-1998). Earlier the quoted words were substituted by Act 4 of 1988, s. 2, for "Inspecting Assistant Commissioner" (w.e.f. 1-4-1988).
11. The brackets and figures "(*1*)" omitted by Act 4 of 1988, s. 126 (w.e.f. 1-4-1989).
12. Subs. by Act 3 of 1989, s. 22, for "sub-section" (w.e.f. 1-4-1989).
13. Sub-section (*2*) omitted by Act 4 of 1988, s. 50 (w.e.f. 1-4-1989).

**[144B. Reference to Deputy Commissioner in certain cases].**—*Omitted by the Direct Tax Laws* (*Amendment*) *Act*, 1987 (4 *of* 1988), *s*. 51 (*w.e.f*. 1-4-1989).]]

[1][**144BA. Reference to** [2][**PrincipalCommissioner orCommissioner**] **in certain cases.**—(1)If, the Assessing Officer, at any stage of the assessment or reassessment proceedings before him having regard to the material and evidence available, considers that it is necessary to declare an arrangement as an impermissible avoidance arrangement and to determine the consequence of such an arrangement within the meaning of Chapter X-A, then, he may make a reference to the [2][Principal Commissioner or Commissioner] in this regard.

(*2*) The [2][Principal Commissioner or Commissioner] shall, on receipt of a reference under sub-section (*1*), if he is of the opinion that the provisions of Chapter X-A are required to be invoked, issue a notice to the assessee, setting out the reasons and basis of such opinion, for submitting objections, if any, and providing an opportunity of being heard to the assessee within such period, not exceeding sixty days, as may be specified in the notice.

(*3*) If the assessee does not furnish any objection to the notice within the time specified in the notice issued under sub-section (2), the [2][Principal Commissioner or Commissioner] shall issue such directions as he deems fit in respect of declaration of the arrangement to be an impermissible avoidance arrangement.

(*4*) In case the assessee objects to the proposed action, and the [2][Principal Commissioner or Commissioner] after hearing the assessee in the matter is not satisfied by the explanation of the assessee, then, he shall make a reference in the matter to the Approving Panel for the purpose of declaration of the arrangement as an impermissible avoidance arrangement.

(*5*) If the [2][Principal Commissioner or Commissioner] is satisfied, after having heard the assessee that the provisions of Chapter X-A are not to be invoked, he shall by an order in writing, communicate the same to the Assessing Officer with a copy to the assessee.

(*6*) The Approving Panel, on receipt of a reference from the [2][Principal Commissioner or Commissioner] under sub-section (*4*), shall issue such directions, as it deems fit, in respect of the declaration of the arrangement as an impermissible avoidance arrangement in accordance with the provisions of Chapter X-A including specifying of the previous year or years to which such declaration of an arrangement as an impermissible avoidance arrangement shall apply.

(*7*) No direction under sub-section (*6*) shall be issued unless an opportunity of being heard is given to the assessee and the Assessing Officer on such directions which are prejudicial to the interest of the assessee or the interests of the revenue, as the case may be.

(*8*) The Approving Panel may, before issuing any direction under sub-section (*6*),—

(*i*) if it is of the opinion that any further inquiry in the matter is necessary, direct the [2][Principal Commissioner or Commissioner] to make such inquiry or cause the inquiry to be made by any other income-tax authority and furnish a report containing the result of such inquiry to it; or

(*ii*) call for and examine such records relating to the matter as it deems fit; or

(*iii*) require the assessee to furnish such documents and evidence as it may direct.

(*9*) If the members of the Approving Panel differ in opinion on any point, such point shall be decided according to the opinion of the majority of the members.

(*10*) The Assessing Officer, on receipt of directions of the [2][Principal Commissioner or Commissioner] under sub-section (*3*) or of the Approving Panel under sub-section (*6*), shall proceed to complete the proceedings referred to in sub-section (*1*)in accordance with such directions and the provisions of Chapter X-A.

---

1. Ins. by Act 17 of 2013, s. 39 (w.e.f. 1-4-2016). Earlier s. 144BA omitted by Act 17 of 2013, s. 38 (w.e.f. 1-4-2014) which was inserted by Act 23 of 2012, s. 62 (w.e.f. 1-4-2014).
2. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

(*11*) If any direction issued under sub-section (*6*)specifies that declaration of the arrangement as impermissible avoidance arrangement is applicable for any previous year other than the previous year to which the proceedings referred to in sub-section (*1*)pertains, then, the Assessing Officer while completing any assessment or reassessment proceedings of the assessment year relevant to such other previous year shall do so in accordance with such directions and the provisions of Chapter XA and it shall not be necessary for him to seek fresh direction on the issue for the relevant assessment year.

(*12*) No order of assessment or reassessment shall be passed by the Assessing Officer without the prior approval of the [1][Principal Commissioner or Commissioner], if any tax consequences have been determined in the order under the provisions of Chapter X-A.

(*13*) The Approving Panel shall issue directions under sub-section (*6*) within a period of six months from the end of the month in which the reference under sub-section (*4*)was received.

(*14*) The directions issued by the Approving Panel under sub-section (*6*)shall be binding on—

(*i*) theassessee; and

(*ii*) the [1][Principal Commissioner orCommissioner] and the income-tax authorities subordinate to him,

and notwithstanding anything contained in any other provision of the Act, no appeal under the Act shall lie against such directions.

(*15*) The Central Government shall, for the purposes of this section, constitute one or more Approving Panels as may be necessary and each panel shall consist of three members including a Chairperson.

(*16*) The Chairperson of the Approving Panel shall be a person who is or has been a judge of a High Court, and—

(*i*) one member shall be a member of Indian Revenue Service not below the rank of[2][Principal Chief Commissioner orChief Commissioner]  of Income-tax; and

(*ii*) one member shall be an academic or scholar having special knowledge of matters, such as direct taxes, business accounts and international trade practices.

(*17*) The term of the Approving Panel shall ordinarily be for one year and may be extended from time to time up to a period of three years.

(*18*) The Chairperson and members of the Approving Panel shall meet, as and when required, to consider the references made to the panel and shall be paid such remuneration as may be prescribed.

(*19*) In addition to the powers conferred on the Approving Panel under this section, it shall have the powers which are vested in the Authority for Advance Rulings under section 245U.

(*20*) The Board shall provide to the Approving Panel such officials as may be necessary for the efficient exercise of powers and discharge of functions of the Approving Panel under the Act.

(*21*) The Board may make rules for the purposes of the constitution and efficient functioning of the Approving Panel and expeditious disposal of the references received under sub-section (*4*).

*Explanation*.—In computing the period referred to in sub-section (*13*), the following shall be excluded—

(*i*) the period commencing from the date on which the first direction is issued by the Approving Panel to the [1][Principal Commissioner or Commissioner] for getting the inquiries conducted through the authority competent under an agreement referred to in section 90 or section 90A and ending with the date on which the information so requested is last received by the Approving Panel or one year, whichever is less;

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).
2. Subs. by s. 4, *ibid.,* for "Chief Commissioner" (w.e.f. 1-6-2013).

(*ii*) the period during which the proceeding of the Approving Panel is stayed by an order or injunction of any court:

Provided that where immediately after the exclusion of the aforesaid time or period, the period available to the Approving Panel for issue of directions is less than sixty days, such remaining period shall be extended to sixty days and the aforesaid period of six months shall be deemed to have been extended accordingly.]

[1][**144C. Reference to dispute resolution panel.**—(*1*) The Assessing Officer shall, notwithstanding anything to the contrary contained in this Act, in the first instance, forward a draft of the proposed order of assessment (hereafter in this section referred to as the draft order) to the eligible assessee if he proposes to make, on or after the 1st day of October, 2009, any variation in the income or loss returned which is prejudicial to the interest of such assessee.

(*2*) On receipt of the draft order, the eligible assessee shall, within thirty days of the receipt by him of the draft order,—

(*a*) file his acceptance of the variations to the Assessing Officer; or

(*b*) file his objections, if any, to such variation with,—

(*i*) the Dispute Resolution Panel; and

(*ii*) the Assessing Officer.

(*3*) The Assessing Officer shall complete the assessment on the basis of the draft order, if—

(*a*) theassessee intimates to the Assessing Officer the acceptance of the variation; or

(*b*) no objections are received within the period specified in sub-section (*2*).

(*4*) The Assessing Officer shall, notwithstanding anything contained [2][in section 153 orsection 153B], pass the assessment order under sub-section (*3*) within one month from the end of the month in which,—

(*a*) the acceptance is received; or

(*b*) the period of filing of objections under sub-section (*2*) expires.

(*5*) The Dispute Resolution Panel shall, in a case where any objection is received under sub-section (*2*), issue such directions, as it thinks fit, for the guidance of the Assessing Officer to enable him to complete the assessment.

(*6*) The Dispute Resolution Panel shall issue the directions referred to in sub-section (*5*), after considering the following, namely:—

(*a*) draft order;

(*b*) objections filed by the assessee;

(*c*) evidence furnished by the assessee;

(*d*) report, if any, of the Assessing Officer, Valuation Officer or Transfer Pricing Officer or any other authority;

(*e*) records relating to the draft order;

(*f*) evidence collected by, or caused to be collected by, it; and

(*g*) result of any enquiry made by, or caused to be made by, it.

---

1. Ins. by Act 33 of 2009, s. 56 (w.r.e.f. 1-4-2009).
2. Subs. by Act 23 of 2012, s. 63, for "in section 153" (w.r.e.f. 1-10-2009).

(*7*) The Dispute Resolution Panel may, before issuing any directions referred to in sub-section (*5*),—

(*a*) make such further enquiry, as it thinks fit; or

(*b*) cause any further enquiry to be made by any income-tax authority and report the result of the same to it.

(*8*) The Dispute Resolution Panel may confirm, reduce or enhance the variations proposed in the draft order so, however, that it shall not set aside any proposed variation or issue any direction under sub-section (*5*) for further enquiry and passing of the assessment order.

[1][*Explanation.*—For the removal of doubts, it is hereby declared that the power of the Dispute Resolution Panel to enhance the variation shall include and shall be deemed always to have included the power to consider any matter arising out of the assessment proceedings relating to the draft order, notwithstanding that such matter was raised or not by the eligible assessee.]

(*9*) If the members of the Dispute Resolution Panel differ in opinion on any point, the point shall be decided according to the opinion of the majority of the members.

(*10*) Every direction issued by the Dispute Resolution Panel shall be binding on the Assessing Officer.

(*11*) No direction under sub-section (*5*) shall be issued unless an opportunity of being heard is given to the assessee and the Assessing Officer on such directions which are prejudicial to the interest of the assessee or the interest of the revenue, respectively.

(*12*) No direction under sub-section (*5*) shall be issued after nine months from the end of the month in which the draft order is forwarded to the eligible assessee.

(*13*) Upon receipt of the directions issued under sub-section (*5*), the Assessing Officer shall, in conformity with the directions, complete, notwithstanding anything to the contrary contained [2][insection 153 or section 153B], the assessment without providing any further opportunity of being heard to the assessee, within one month from the end of the month in which such direction is received.

(*14*) The Board may make rules for the purposes of the efficient functioning of the Dispute Resolution Panel and expeditious disposal of the objections filed under sub-section (*2*) by the eligible assessee.

[1][(*14A*)The provisions of this section shall not apply to any assessment or reassessment order passed by the Assessing Officer with the prior approval of the [2][Principal Commissioner or Commissioner] as provided in sub-section (*12*)of section 144BA.]

(*15*) For the purposes of this section,—

(*a*) "Dispute Resolution Panel" means a collegium comprising of three [4][Principal Commissioner or Commissioners] of Income-tax constituted by the Board for this purpose;

(*b*) "eligibleassessee" means,—

(*i*) any person in whose case the variation referred to in sub-section (*1*) arises as a consequence of the order of the Transfer Pricing Officer passed under sub-section (*3*) of section 92CA; and

(*ii*) any foreign company.]

1. Ins. by Act 23 of 2012, s. 63 (w.r.e.f. 1-4-2009).
2. Subs. by s. 63, *ibid.,* for "in section 153" (w.e.f. 1-10-2009).
3. Ins. by Act 17 of 2013, s. 40 (w.e.f. 1-4-2016). Earlier sub-section (*14A*) omitted by Act 17 of 2013, s. 40 (w.e.f. 1-4-2013) which was inserted by Act 23 of 2012, s. 63 (w.e.f. 1-4-2013).
4. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).

[1][**145. Method of accounting**.—(*1*) Income chargeable under the head "Profits and gains of business or profession" or "Income from other sources" shall, subject to the provisions of sub-section (*2*), be computed in accordance with either cash or mercantile system of accounting regularly employed by the assessee.

(*2*) The Central Government may notify in the Official Gazette from time to time [2][income computation and disclosure standards] to be followed by any class of assessees or in respect of any class of income.

(*3*) Where the Assessing Officer is not satisfied about the correctness or completeness of the accounts of the assessee, or where the method of accounting provided in sub-section (*1*) [3][has not been regularly followed by the assessee, or income has not been computed in accordance with the standards notified under sub-section (*2*)], the Assessing Officer may make an assessment in the manner provided in section 144.]

[4][**145A. Method of accounting in certain cases**.—Notwithstanding anything to the contrary contained in section 145,—

(*a*) the valuation of purchase and sale of goods and inventory for the purposes of determining the income chargeable under the head "Profits and gains of business or profession" shall be—

(*i*) in accordance with the method of accounting regularly employed by the assessee; and

(*ii*) further adjusted to include the amount of any tax, duty, cess or fee (by whatever name called) actually paid or incurred by the assessee to bring the goods to the place of its location and condition as on the date of valuation.

*Explanation.*—For the purposes of this section*, any tax, duty, cess or fee (by whatever name called) under any law for the time being in force, shall include all such payment notwithstanding any right arising as a consequence to such payment;

(*b*) interest received by an assessee on compensation or on enhanced compensation, as the case may be, shall be deemed to be the income of the year in which it is received.]

**146.** [**Reopening of assessment at the instance of the assessee**.] *Omitted by the Direct Tax Laws* (*Amendment*) *Act,* 1988 (4 *of* 1988)*, s.*53 (*w.e.f.* 1-4-1989).

[1][**147. Income escaping assessment**.—If the [2][Assessing Officer][3][has reason to believe] that any income chargeable to tax has escaped assessment for any assessment year, he may, subject to the provisions of sections 148 to 153, assess or reassess such income and also any other income chargeable to tax which has escaped assessment and which comes to his notice subsequently in the course of the proceedings under this section, or recompute the loss or the depreciation allowance or any other allowance, as the case may be, for the assessment year concerned (hereafter in this section and in sections 148 to 153 referred to as the relevant assessment year):

Provided that where an assessment under sub-section (*3*) of section 143 or this section has been made for the relevant assessment year, no action shall be taken under this section after the expiry of four years from the end of the relevant assessment year, unless any income chargeable to tax has escaped assessment for such assessment year by reason of the failure on the part of the assessee to make a return under section 139 or in response to a notice issued undersub-section (*1*) of section 142 or section 148 or to disclose fully and truly all material facts necessary for his assessment, for that assessment year:

---

1. Subs. by Act 22 of 1995, s. 31, for section 145 (w.e.f. 1-4-1997).
2. Subs. by Act 25 of 2014, s. 52, for "accounting standards" (w.e.f. 1-4-2015).
3. Subs. by s. 52, *ibid.*, for "or accounting standards as notified under sub-section (*2*), have not been regularly followed by the assessee" (w.e.f. 1-4-2015).
4. Subs. by Act 33 of 2009, s. 57, for section 145A (w.e.f. 1-4-2010).
5. Subs. by Act 4 of 1988, s. 54, for sections 147 and 148 (w.e.f. 1-4-1989).
6. Subs. by s. 2,*ibid.*, for "Income-tax Officer" (w.e.f. 1-4-1988).
7. Subs. by Act 3 of 1989, s. 23, for ", for reasons to be recorded by him in writing, is of the opinion" (w.e.f. 1-4-1989).

[1][Provided further that nothing contained in the first proviso shall apply in a case where any income in relation to any asset (including financial interest in any entity) located outside India, chargeable to tax, has escaped assessment for any assessment year:]

[2][[3][Provided also] that the Assessing Officer may assess or reassess such income, other than theincome involving matters which are the subject matters of any appeal, reference or revision, which is chargeable to tax and has escaped assessment.]

*Explanation 1.*—Production before the Assessing Officer of account books or other evidence from which material evidence could with due diligence have been discovered by the Assessing Officer will not necessarily amount to disclosure within the meaning of the foregoing proviso.

*Explanation 2.*—For the purposes of this section, the following shall also be deemed to be cases where income chargeable to tax has escaped assessment, namely:—

    (*a*) where no return of income has been furnished by the assessee although his total income or the total income of any other person in respect of which he is assessable under this Act during the previous year exceeded the maximum amount which is not chargeable to income-tax;

    (*b*) where a return of income has been furnished by the assessee but no assessment has been made and it is noticed by the Assessing Officer that the assessee has understated the income or has claimed excessive loss, deduction, allowance or relief in the return;

    [1][(*ba*) where the assessee has failed to furnish a report in respect of any international transaction which he was so required under section 92E;]

    (*c*) where an assessment has been made, but—

        (*i*) income chargeable to tax has been underassessed; or

        (*ii*) such income has been assessed at too low a rate; or

        (*iii*) such income has been made the subject of excessive relief under this Act ; or

        (*iv*) excessive loss or depreciation allowance or any other allowance under this Act has been computed;]

    [1][(*ca*) where a return of income has not been furnished by the assessee or a return of income has been furnished by him and on the basis of information or document received from the prescribed income-tax authority, under sub-section (*2*) of section 133C, it is noticed by the Assessing Officer that the income of the assessee exceeds the maximum amount not chargeable to tax, or as the case may be, the assessee has understated the income or has claimed excessive loss, deduction, allowance or relief in the return;]

    [1][(*d*) where a person is found to have any asset (including financial interest in any entity) located outside India.]

[2][*Explanation 3.*—For the purpose of assessment or reassessment under this section, the Assessing Officer may assess or reassess the income in respect of any issue, which has escaped assessment, and such issue comes to his notice subsequently in the course of the proceedings under this section, notwithstanding that the reasons for such issue have not been included in the reasons recorded under sub-section (*2*) of section 148.]

[1][*Explanation 4.*—For the removal of doubts, it is hereby clarified that the provisions of this section, as amended by the Finance Act, 2012 (23 of 2012), shall also be applicable for any assessment year beginning on or before the 1st day of April, 2012.]

---

1. Ins. by Act 23 of 2012, s. 64 (w.e.f. 1-7-2012).
2. Ins. by Act 18 of 2008, s. 33 (w.e.f. 1-4-2008).
3. Subs. by Act 23 of 2012, s. 64, for "Provided further" (w.e.f. 1-7-2012).
4. Ins. by Act 28 of 2016, s. 69 (w.e.f. 1-6-2016).
5. Ins. by 33 of 2009, s. 58 (w.e.f. 1-4-1989).

**148. Issue of notice where income has escaped assessment**.—[1][(*1*)] Before making the assessment, reassessment or recomputation under section 147, the Assessing Officer shall serve on the assessee a notice requiring him to furnish within such period, [2]*** as may be specified in the notice, a return of his income or the income of any other person in respect of which he is assessable under this Act during the previous year corresponding to the relevant assessment year, in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed; and the provisions of this Act shall, so far as may be, apply accordingly as if such return were a return required to be furnished undersection 139:]

[3][Provided that in a case—

(*a*) where a return has been furnished during the period commencing on the 1st day of October, 1991 and ending on the 30th day of September, 2005 in response to a notice served under this section, and

(*b*) subsequently a notice has been served under sub-section (*2*) of section 143 after the expiry of twelve months specified in the proviso to sub-section (*2*) of section 143, as it stood immediately before the amendment of said sub-section by the Finance Act, 2002 (20 of 2002) but before the expiry of the time limit for making the assessment, re-assessment or recomputation as specified in sub-section (*2*) of section 153, every such notice referred to in this clause shall be deemed to be a valid notice:

Provided further that in a case—

(*a*) where a return has been furnished during the period commencing on the 1st day of October, 1991 and ending on the 30th day of September, 2005, in response to a notice served under this section, and

(*b*) subsequently a notice has been served under clause (*ii*) of sub-section (*2*) of section 143 after the expiry of twelve months specified in the proviso to clause (*ii*) of sub-section (*2*) of section 143, but before the expiry of the time limit for making the assessment, reassessment or recomputation as specified in sub-section (*2*) of section 153, every such notice referred to in this clause shall be deemed to be a valid notice.]

[1][*Explanation*.—For the removal of doubts, it is hereby declared that nothing contained in the first proviso or the second proviso shall apply to any return which has been furnished on or after the 1st day of October, 2005 in response to a notice served under this section.]

[2][(*2*) The Assessing Officer shall, before issuing any notice under this section, record his reasons for doing so.]

**149. Time limit for notice**.—[3][(*1*) No notice under section 148 shall be issued for the relevant assessment year,—

[4][(*a*) if four years have elapsed from the end of the relevant assessment year, unless the case falls under clause (*b*) [5][or clause (*c*)];

(*b*) if four years, but not more than six years, have elapsed from the end of the relevant assessment year unless the income chargeable to tax which has escaped assessment amounts to or is likely to amount to one lakh rupees or more for that year;]

[8][(*c*) if four years, but not more than sixteen years, have elapsed from the end of the relevant assessment year unless the income in relation to any asset (including financial interest in any entity) located outside India, chargeable to tax, has escaped assessment.]

1. Section 54 renumbered as sub-section (*1*) thereof by Act 3 of 1989, s. 24 (w.e.f. 1-4-1989).
2. The words "not being less than thirty days," omitted by Act 33 of 1996, s. 43 (w.e.f. 1-4-1989).
3. Ins. by Act 21 of 2006, s. 36 (w.e.f. 1-10-1991).
4. Ins. by s. 36, *ibid* (w.e.f. 1-10-2005).
5. Ins. by Act 3 of 1989, s. 24 (w.e.f. 1-4-1989).
6. Subs. by Act 4 of 1988, s. 55, for sub-section (*1*) (w.e.f. 1-4-1989).
7. Subs. by Act 14 of 2001, s. 63, for clauses (*a*) and (*b*) (w.e.f. 1-6-2001).
8. Ins. by Act 23 of 2012, s. 65 (w.e.f. 1-7-2012).

*Explanation.*—In determining income chargeable to tax which has escaped assessment for the purposes of this sub-section, the provisions of *Explanation 2* of section 147 shall apply as they apply for the purposes of that section.]

(*2*) The provisions of sub-section (*1*) as to the issue of notice shall be subject to the provisions of section 151.

(*3*) If the person on whom a notice under section 148 is to be served is a person treated as the agent of a non-resident under section 163 and the assessment, reassessment or recomputation to be made in pursuance of the notice is to be made on him as the agent of such non-resident, the notice shall not be issued after the expiry of a period of [1][six years] from the end of the relevant assessment year.

[2][*Explanation.*—For the removal of doubts, it is hereby clarified that the provisions of sub-sections (*1*) and (*3*), as amended by the Finance Act, 2012, shall also be applicable for any assessment year beginning on or before the 1st day of April, 2012.]

**150. Provision for cases where assessment is in pursuance of an order on appeal, etc**.—(*1*) Notwithstanding anything contained in section 149, the notice under section 148 may be issued at any time for the purpose of making an assessment or reassessment or recomputation in consequence of or to give effect to any finding or direction contained in an order passed by any authority in any proceeding under this Act by way of appeal, reference or revision [3][or by a Court in any proceeding under any other law].

(*2*) The provisions of sub-section (*1*) shall not apply in any case where any such assessment, reassessment or recomputation as is referred to in that sub-section relates to an assessment year in respect of which an assessment, reassessment or recomputation could not have been made at the time the order which was the subject-matter of the appeal, reference or revision, as the case may be, was made by reason of any other provision limiting the time within which any action for assessment, reassessment or recomputation may be taken.

[4][**151.Sanction for issue of notice**.—(*1*) No notice shall be issued under section 148 by an Assessing Officer, after the expiry of a period of four years from the end of the relevant assessment year, unless the Principal Chief Commissioner or Chief Commissioner or Principal Commissioner or Commissioner is satisfied, on the reasons recorded by the Assessing Officer, that it is a fit case for the issue of such notice.

(*2*) In a case other than a case falling under sub-section (*1*), no notice shall be issued under section 148 by an Assessing Officer, who is below the rank of Joint Commissioner, unless the Joint Commissioner is satisfied, on the reasons recorded by such Assessing Officer, that it is a fit case for the issue of such notice.

(*3*) For the purposes of sub-section (*1*) and sub-section (*2*), the Principal Chief Commissioner or the Chief Commissioner or the Principal Commissioner or the Commissioner or the Joint Commissioner, as the case may be, being satisfied on the reasons recorded by the Assessing Officer about fitness of a case for the issue of notice under section 148, need not issue such notice himself.]

**152. Other provisions**.—(*1*) In an assessment, reassessment or recomputation made under section 147, the tax shall be chargeable at the rate or rates at which it would have been charged had the income not escaped assessment.

(*2*) Where an assessment is reopened [1][under section 147], the assessee may, if he has not impugned any part of the original assessment order for that year either under sections 246 to 248 or under section 264, claim that the proceedings under section 147 shall be dropped on his showing that he had been assessed on an amount or to a sum not lower than what he would be rightly liable for even if the income alleged to have escaped assessment had been taken into account, or the assessment or computation had been properly made:

Provided that in so doing he shall not be entitled to reopen matters concluded by an order under section 154, 155, 260, 262, or 263.

1. Subs. by Act 23 of 2012, s. 65, for "two years" (w.e.f. 1-7-2012).
2. Ins. by s. 65, *ibid.* (w.e.f. 1-7-2012).
3. Added by Act 4 of 1988, s. 56 (w.e.f. 1-4-1989).
4. Subs. by Act 20 of 2015, s. 36, for section 151 (w.e.f. 1-6-2015).
5. Subs. by Act 4 of 1988, s. 58, for "in circumstances falling under clause (*b*) of section 147" (w.e.f. 1-4-1989).

[1][**153. Time limit for completion of assessment, reassessment and recomputation**.—(*1*) No order of assessment shall be made under section 143 or section 144 at any time after the expiry of twenty-one months from the end of the assessment year in which the income was first assessable:

[2][Provided that in respect of an order of assessment relating to the assessment year commencing on the 1st day of April, 2018, the provisions of this sub-section shall have effect, as if for the words "twenty-one months", the words "eighteen months" had been substituted:

Provided further that in respect of an order of assessment relating to the assessment year commencing on or after the 1st day of April, 2019, the provisions of this sub-section shall have effect, as if for the words "twenty-one months", the words "twelve months" had been substituted.]

(*2*) No order of assessment, reassessment or recomputation shall be made under section 147 after the expiry of nine months from the end of the financial year in which the notice under section 148 was served:

[2][Provided that where the notice under section 148 is served on or after the 1st day of April, 2019, the provisions of this sub-section shall have effect, as if for the words "nine months", the words "twelve months" had been substituted.]

(*3*) Notwithstanding anything contained in sub-sections (*1*) and (*2*), an order of fresh assessment in pursuance of an order under section 254 or section 263 or section 264, setting aside or cancelling an assessment, may be made at any time before the expiry of nine months from the end of the financial year in which the order under section 254 is received by the Principal Chief Commissioner or Chief Commissioner or Principal Commissioner or Commissioner or, as the case may be, the order under section 263 or section 264 is passed by the Principal Commissioner or Commissioner:

[2][Provided that where the order under section 254 is received by the Principal Chief Commissioner or Chief Commissioner or Principal Commissioner or Commissioner or, as the case may be, the order under section 263 or section 264 is passed by the Principal Commissioner or Commissioner on or after the 1st day of April, 2019, the provisions of this sub-section shall have effect, as if for the words "nine months", the words "twelve months" had been substituted.]

(*4*) Notwithstanding anything contained in sub-sections (*1*), (*2*) and (*3*), where a reference under sub-section (*1*) of section 92CA is made during the course of the proceeding for the assessment or reassessment, the period available for completion of assessment or reassessment, as the case may be, under the said sub-sections (*1*), (*2*) and (*3*) shall be extended by twelve months.

(*5*) Where effect to an order under section 250 or section 254 or section 260 or section 262 or section 263 or section 264 is to be given by the Assessing Officer, wholly or partly, otherwise than by making a fresh assessment or reassessment, such effect shall be given within a period of three months from the end of the month in which order under section 250 or section 254 or section 260 or section 262 is received by the Principal Chief Commissioner or Chief Commissioner or Principal Commissioner or Commissioner, as the case may be, the order under section 263 or section 264 is passed by the Principal Commissioner or Commissioner:

Provided that where it is not possible for the Assessing Officer to give effect to such order within the aforesaid period, for reasons beyond his control, the Principal Commissioner or Commissioner on receipt of such request in writing from the Assessing Officer, if satisfied, may allow an additional period of six months to give effect to the order:

1. Subs. by Act 28 of 2016, s. 70, for section 153 (w.e.f. 1-6-2016).
2. Ins. by Act 7 of 2017, s. 59 (w.e.f. 1-4-2017).

[1][Provided further that where an order under section 250 or section 254 or section 260 or section 262 or section 263 or section 264 requires verification of any issue by way of submission of anydocument by the assessee or any other person or where an opportunity of being heard is to be provided to the assessee, the order giving effect to the said order under section 250 or section 254 or section 260 or section 262 or section 263 or section 264 shall be made within the time specifiedin sub-section (*3*).]

(*6*) Nothing contained in sub-sections (*1*) and (*2*) shall apply to the following classes of assessments, reassessments and recomputation which may, subject to the provisions of sub-sections (*3*) and (*5*), be completed—

(*i*) where the assessment, reassessment or recomputation is made on the assessee or any person in consequence of or to give effect to any finding or direction contained in an order under section 250, section 254, section 260, section 262, section 263, or section 264 or in an order of any court in a proceeding otherwise than by way of appeal or reference under this Act, on or before the expiry of twelve months from the end of the month in which such order is received or passed by the Principal Commissioner or Commissioner, as the case may be; or

(*ii*) where, in the case of a firm, an assessment is made on a partner of the firm in consequence of an assessment made on the firm under section 147, on or before the expiry of twelve months from the end of the month in which the assessment order in the case of the firm is passed.

(*7*) Where effect to any order, finding or direction referred to in sub-section (*5*) or sub-section (*6*) is to be given by the Assessing Officer, within the time specified in the said sub-sections, and such order has been received or passed, as the case may be, by the income-tax authority specified therein before the 1st day of June, 2016, the Assessing Officer shall give effect to such order, finding or direction, or assess, reassess or recompute the income of the assessee, on or before the 31st day of March, 2017.

(*8*) Notwithstanding anything contained in the foregoing provisions of this section, sub-section (*2*) of section 153A or sub-section (*1*) of section 153B, the order of assessment or reassessment, relating to any assessment year, which stands revived under sub-section (*2*) of section 153A, shall be made within a period of one year from the end of the month of such revival or within the period specified in this section or sub-section (*1*) ofsection 153B, whichever is later.

(*9*) The provisions of this section as they stood immediately before the commencement of the Finance Act, 2016, shall apply to and in relation to any order of assessment, reassessment or recomputation made before the 1st day of June, 2016:

[1][Provided that where a notice under sub-section (*1*) of section 142 or sub-section (*2*) of section 143 or section 148 has been issued prior to the 1st day of June, 2016 and the assessment or reassessment has not been completed by such date due to exclusion of time referred to in *Explanation* 1, such assessment or reassessment shall be completed in accordance with the provisions of this section as it stood immediately before its substitution by the Finance Act, 2016 (28 of 2016).]

*Explanation 1.*—For the purposes of this section, in computing the period of limitation—

(*i*) the time taken in reopening the whole or any part of the proceeding or in giving an opportunity to the assessee to be re-heard under the proviso to section 129; or

(*ii*) the period during which the assessment proceeding is stayed by an order or injunction of any court; or

(*iii*) the period commencing from the date on which the Assessing Officer intimates the Central Government or the prescribed authority, the contravention of the provisions of clause (*21*) or clause (*22B*) or clause (*23A*) or clause (*23B*) or sub-clause (*iv*) or sub-clause (*v*) or sub-clause (*vi*) or sub-clause (*via*) of clause (*23C*) of section 10, under clause (*i*) of the proviso to sub-section (*3*) of section 143 and ending with the date on which the copy of the order withdrawing the approval or rescinding the notification, as the case may be, under those clauses is received by the Assessing Officer; or

---

1. Ins. by Act 7 of 2017, s. 59 (w.e.f. 1-6-2016).

(*iv*) the period commencing from the date on which the Assessing Officer directs the assessee to get his accounts audited under sub-section (*2A*) of section 142 and—

(*a*) ending with the last date on which the assessee is required to furnish a report of such audit under that sub-section; or

(*b*) where such direction is challenged before a court, ending with the date on which the order setting aside such direction is received by the Principal Commissioner or Commissioner; or

(*v*) the period commencing from the date on which the Assessing Officer makes a reference to the Valuation Officer under sub-section (*1*) of section 142A and ending with the date on which the report of the Valuation Officer is received by the Assessing Officer; or

(*vi*) the period (not exceeding sixty days) commencing from the date on which the Assessing Officer received the declaration under sub-section (*1*) of section 158A and ending with the date on which the order under sub-section (*3*) of that section is made by him; or

(*vii*) in a case where an application made before the Income-tax Settlement Commission is rejected by it or is not allowed to be proceeded with by it, the period commencing from the date on which an application is made before the Settlement Commission under section 245C and ending with the date on which the order under sub-section (*1*) of section 245D is received by the Principal Commissioner or Commissioner under sub-section (*2*) of that section; or

(*viii*) the period commencing from the date on which an application is made before the Authority for Advance Rulings under sub-section (*1*) of section 245Q and ending with the date on which the order rejecting the application is received by the Principal Commissioner or Commissioner under sub-section (*3*) of section 245R; or

(*ix*) the period commencing from the date on which an application is made before the Authority for Advance Rulings under sub-section (*1*) of section 245Q and ending with the date on which the advance ruling pronounced by it is received by the Principal Commissioner or Commissioner under sub-section (*7*) of section 245R; or

(*x*) the period commencing from the date on which a reference or first of the references for exchange of information is made by an authority competent under an agreement referred to in section 90 or section 90A and ending with the date on which the information requested is last received by the Principal Commissioner or Commissioner or a period of one year, whichever is less; or

(*xi*) the period commencing from the date on which a reference for declaration of an arrangement to be an impermissible avoidance arrangement is received by the Principal Commissioner or Commissioner under sub-section (*1*) of section 144BA and ending on the date on which a direction under sub-section (*3*) or sub-section (*6*) or an order under sub-section (*5*) of the said section is received by the Assessing Officer,

shall be excluded:

Provided that where immediately after the exclusion of the aforesaid period, the period of limitation referred to in sub-sections (*1*), (*2*), (*3*) and sub-section (*8*) available to the Assessing Officer for making an order of assessment, reassessment or recomputation, as the case may be, is less than sixty days, such remaining period shall be extended to sixty days and the aforesaid period of limitation shall be deemed to be extended accordingly:

Provided further that where the period available to the Transfer Pricing Officer is extended to sixty days in accordance with the proviso to sub-section (*3A*) of section 92CA and the period of limitation available to the Assessing Officer for making an order of assessment, reassessment or recomputation, as the case may be, is less than sixty days, such remaining period shall be extended to sixty days and the aforesaid period of limitation shall be deemed to be extended accordingly:

Provided also that where a proceeding before the Settlement Commission abates under section 245HA, the period of limitation available under this section to the Assessing Officer for making an order of assessment, reassessment or recomputation, as the case may be, shall, after the exclusion of the period under sub-section (*4*) of section 245HA, be not less than one year; and where such period of limitation is less than one year, it shall be deemed to have been extended to one year; and for the purposes of determining the period of limitation under sections 149,[1]*** 154, 155 and 158BE and for the purposes of payment of interest under section 244A, this proviso shall also apply accordingly.

*Explanation 2.*—For the purposes of this section, where, by an order referred to in clause (*i*) of sub-section (*6*),—

(*a*) any income is excluded from the total income of the assessee for an assessment year, then, an assessment of such income for another assessment year shall, for the purposes of section 150 and this section, be deemed to be one made in consequence of or to give effect to any finding or direction contained in the said order; or

(*b*) any income is excluded from the total income of one person and held to be the income of another person, then, an assessment of such income on such other person shall, for the purposes of section 150 and this section, be deemed to be one made in consequence of or to give effect to any finding or direction contained in the said order, if such other person was given an opportunity of being heard before the said order was passed.]

[1][**153A. Assessment in case of search or requisition**.—[2][(*1*)] Notwithstanding anything contained in ssection139, section 147, section 148, section 149, section 151 and section 153, in the case of a person where a search is initiated under section 132 or books of account, other documents or any assets are requisitioned under section 132A after the 31st day of May, 2003, the Assessing Officer shall—

(*a*) issue notice to such person requiring him to furnish within such period, as may be specified in the notice, the return of income in respect of each assessment year falling within six assessment years [3][and for the relevant assessment year or years] referred to in clause (*b*), in the prescribed form and verified in the prescribed manner and setting forth such other particulars as may be prescribed and the provisions of this Act shall, so far as may be, apply accordingly as if such return were a return required to be furnished under  section 139;

(*b*) assess or reassess the total income of six assessment years immediately preceding the assessment year relevant to the previous year in which such search is conducted or requisition is made [4][and for the relevant assessment year or years]:

Provided that the Assessing Officer shall assess or reassess the total income in respect of each assessment year falling within such six assessment years  [4][and for the relevant assessment year or years]:

---

1. The figures and letter "153B," omitted by Act 7 of 2017, s. 59 (w.e.f. 1-4-2017).
2. Ins. by Act 32 of 2003, s. 65 (w.e.f. 1-6-2003).
3. Section 153A renumbered as sub-section (*1*) thereof by Act 18 of 2008, s. 36 (w.e.f. 1-6-2003).
4. Ins. by Act 7 of 2017, s. 60 (w.e.f. 1-4-2017).

Provided further that assessment or reassessment, if any, relating to any assessment year falling within the period of six assessment years [1][and for the relevant assessment year or years] [2][referred to in this sub-section] pending on the date of initiation of the search under section 132 or making of requisition under section 132A, as the case may be, shall abate:

[3][Provided also that the Central Government may by rulesmade by it and published in the Official Gazette (except in cases where any assessment or reassessment has abated under the second proviso), specify the class or classes of cases in which the Assessing Officer shall not be required to issue notice for assessing or reassessing the total income for six assessment years immediately preceding the assessment year relevant to the previous year in which search is conducted or requisition is made [1][and for the relevant assessment year or years]:

[1][Provided also that no notice for assessment or reassessment shall be issued by the Assessing Officer for the relevant assessment year or years unless—

(*a*) the Assessing Officer has in his possession books of account or other documents or evidence which reveal that the income, represented in the form of asset, which has escaped assessment amounts to or is likely to amount to fifty lakh rupees or more in the relevant assessment year or in aggregate in the relevant assessment years;

(*b*) the income referred to in clause (*a*) or part thereof has escaped assessment for such year or years; and

(*c*) the search under section 132 is initiated or requisition under section 132A is made on or after the 1st day of April, 2017.

*Explanation* 1.—For the purposes of this sub-section, the expression "relevant assessment year" shall mean an assessment year preceding the assessment year relevant to the previous year in which search is conducted or requisition is made which falls beyond six assessment years but not later than ten assessment years from the end of the assessment year relevant to the previous year in which search is conducted or requisition is made.

*Explanation* 2.—For the purposes of the fourth proviso, "asset" shall include immovable property being land or building or both, shares and securities, loans and advances, deposits in bank account.]

[1][(*2*) If any proceeding initiated or any order of assessment or reassessment made under sub-section (*1*) has been annulled in appeal or any other legal proceeding, then, notwithstanding anything contained in sub-section (*1*) or section 153, the assessment or reassessment relating to any assessment year which has abated under the second proviso to sub-section (*1*), shall stand revived with effect from the date of receipt of the order of such annulment by the [2][Principal Commissioner or Commissioner]:

Provided that such revival shall cease to have effect, if such order of annulment is set aside.]

*Explanation*.—For the removal of doubts, it is hereby declared that,—

(*i*) save as otherwise provided in this section, section 153B and  section 153C, all other provisions of this Act shall apply to the assessment made under this section;

(*ii*) in an assessment or reassessment made in respect of an assessment year under this section, the tax shall be chargeable at the rate or rates as applicable to such assessment year.

---

1. Ins. by Act 7 of 2017, s. 60 (w.e.f. 1-4-2017).
2. Subs. by Act 18 of 2008, s. 36, for "referred to in this section" (w.e.f. 1-6-2003).
3. Ins. by Act 23 of 2012, s. 67 (w.e.f. 1-7-2012).
4. Ins. by Act 18 of 2008, s. 36 (w.e.f. 1-6-2003).
5. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

[1][**153B. Time limit for completion of assessment under section 153A.**—(*1*) Notwithstanding anything contained in section 153, the Assessing Officer shall make an order of assessment or reassessment,—

(*a*) in respect of each assessment year falling within six assessment years[2][and for the relevant assessment year or years] referred to in clause (*b*) of sub-section (*1*) of section 153A, within a period of twenty-one months from the end of the financial year in which the last of the authorisations for search under section 132 or for requisition under section 132A was executed;

(*b*) in respect of the assessment year relevant to the previous year in which search is conducted under section 132 or requisition is made under section 132A, within a period of twenty-one months from the end of the financial year in which the last of the authorisations for search under section 132 or for requisition under section 132A was executed:

Provided that in case of other person referred to in section 153C, the period of limitation for making the assessment or reassessment shall be the period as referred to in clause (*a*) or clause (*b*) of this sub-section or nine months from the end of the financial year in which books of account or documents or assets seized or requisitioned are handed over under section 153C to the Assessing Officer having jurisdiction over such other person, whichever is later:

[3][Provided further that in the case where the last of the authorisations for search under section 132 or for requisition under section 132A was executed during the financial year commencing on the 1st day of April, 2018,—

(*i*) the provisions of clause (*a*) or clause (*b*) of this sub-section shall have effect, as if for the words "twenty-one months", the words "eighteen months" had been substituted;

(*ii*) the period of limitation for making the assessment or reassessment in case of other person referred to in section 153C, shall be the period of eighteen months from the end of the financial year in which the last of the authorisations for search under section 132 or for requisition under section 132A was executed or twelve months from the end of the financial year in which books of account or documents or assets seized or requisitioned are handed over under section 153C to the Assessing Officer having jurisdiction over such other person, whichever is later:

Provided also that in the case where the last of the authorisations for search under section 132 or for requisition under section 132A was executed during the financial year commencing on or after the 1st day of April, 2019,—

(*i*) the provisions of clause (*a*) or clause (*b*) of this sub-section shall have effect, as if for the words "twenty-one months", the words "twelve months" had been substituted;

(*ii*) the period of limitation for making the assessment or reassessment in case of other person referred to in section 153C, shall be the period of twelve months from the end of the financial year in which the last of the authorisations for search under section 132 or for requisition under section 132A was executed or twelve months from the end of the financial year in which books of account or documents or assets seized or requisitioned are handed over under section 153C to the Assessing Officer having jurisdiction over such other person, whichever is later:

Provided also that in case where the last of the authorisations for search under section 132 or for requisition under section 132A was executed and during the course of the proceedings for the assessment or reassessment of total income, a reference under sub-section (*1*) of section 92CA is made, the period available for making an order of assessment or reassessment shall be extended by twelve months:

---

1. Subs. by Act 28 of 2016, s. 71, for section 153B (w.e.f. 1-6-2016).
2. Ins. by Act 7 of 2017, s. 61 (w.e.f. 1-4-2017).
3. Subs by s. 61, *ibid*., for the second and third provisos (w.e.f. 1-4-2017).

Provided also that in case where during the course of the proceedings for the assessment or reassessment of total income in case of other person referred to in section 153C, a reference under sub-section (*1*) of section 92CA is made, the period available for making an order of assessment or reassessment in case of such other person shall be extended by twelve months:]

Provided also that in case where the last of the authorisations for search under section 132 or for requisition under section 132A was executed and during the course of the proceedings for the assessment or reassessment of total income, a reference under sub-section (*1*) of section 92CA is made, the period available for making an order of assessment or reassessment shall be extended by twelve months:

Provided also that in case where during the course of the proceedings for the assessment or reassessment of total income in case of other person referred to in section 153C, a reference under sub-section (*1*) of section 92CA is made, the period available for making an order of assessment or reassessment in case of such other person shall be extended by twelve months.**]**

(*2*) The authorisation referred to in clause (*a*) and clause (*b*) of sub-section (*1*) shall be deemed to have been executed,—

(*a*) in the case of search, on the conclusion of search as recorded in the last *panchnama* drawn in relation to any person in whose case the warrant of authorisation has been issued; or

(*b*) in the case of requisition under section 132A, on the actual receipt of the books of account or other documents or assets by the Authorised Officer.

(*3*) The provisions of this section, as they stood immediately before the commencement of the Finance Act, 2016, shall apply to and in relation to any order of assessment or reassessment made before the 1st day of June, 2016:

[1][Provided that where a notice under section 153A or section 153C has been issued prior to the 1st day of June, 2016 and the assessment has not been completed by such date due to exclusion of time referred to in the *Explanation*, such assessment shall be completed in accordance with the provisions of this section as it stood immediately before its substitution by the Finance Act, 2016 (28 of 2016).]

*Explanation*.—In computing the period of limitation under this section—

(*i*) the period during which the assessment proceeding is stayed by an order or injunction of any court; or

(*ii*) the period commencing from the date on which the Assessing Officer directs the assessee to get his accounts audited under sub-section (*2A*) of section 142 and—

(*a*) ending with the last date on which the assessee is required to furnish a report of such audit under that sub-section; or

(*b*) where such direction is challenged before a court, ending with the date on which the order setting aside such direction is received by the Principal Commissioner or Commissioner; or

(*iii*) the period commencing from the date on which the Assessing Officer makes a reference to the Valuation Officer under sub-section (*1*) of section 142A and ending with the date on which the report of the Valuation Officer is received by the Assessing Officer; or

(*iv*) the time taken in re-opening the whole or any part of the proceeding or in giving an opportunity to the assessee of being re-heard under the proviso to section 129; or

(*v*) in a case where an application made before the Income-tax Settlement Commission is rejected by it or is not allowed to be proceeded with by it, the period commencing from the date on which an application is made before the Settlement Commission under section 245C and ending with the date on which the order under sub-section (*1*) of section 245D is received by the Principal Commissioner or Commissioner under sub-section (*2*) of that section; or

---

1. Ins. by Act 7 of 2017, s. 61 (w.e.f. 1-6-2016).

(*vi*) the period commencing from the date on which an application is made before the Authority for Advance Rulings under sub-section (*1*) of section 245Q and ending with the date on which the order rejecting the application is received by the Principal Commissioner or Commissioner under sub-section (*3*) of section 245R; or

(*vii*) the period commencing from the date on which an application is made before the Authority for Advance Rulings under sub-section (*1*) of section 245Q and ending with the date on which the advance ruling pronounced by it is received by the Principal Commissioner or Commissioner under sub-section (*7*) of section 245R; or

(*viii*) the period commencing from the date of annulment of a proceeding or order of assessment or reassessment referred to in sub-section (*2*) of section 153A, till the date of the receipt of the order setting aside the order of such annulment, by the Principal Commissioner or Commissioner; or

(*ix*) the period commencing from the date on which a reference or first of the references for exchange of information is made by an authority competent under an agreement referred to in section 90 or section 90A and ending with the date on which the information requested is last received by the Principal Commissioner or Commissioner or a period of one year, whichever is less; or

(*x*) the period commencing from the date on which a reference for declaration of an arrangement to be an impermissible avoidance arrangement is received by the Principal Commissioner or Commissioner under sub-section (*1*) of section 144BA and ending on the date on which a direction under sub-section (*3*) or sub-section (*6*) or an order under sub-section (*5*) of the said section is received by the Assessing Officer,

shall be excluded:

Provided that where immediately after the exclusion of the aforesaid period, the period of limitation referred to in clause (*a*) or clause (*b*) of this sub-section available to the Assessing Officer for making an order of assessment or reassessment, as the case may be, is less than sixty days, such remaining period shall be extended to sixty days and the aforesaid period of limitation shall be deemed to be extended accordingly:

Provided further that where the period available to the Transfer Pricing Officer is extended to sixty days in accordance with the proviso to sub-section (*3A*) of section 92CA and the period of limitation available to the Assessing Officer for making an order of assessment or reassessment, as the case may be, is less than sixty days, such remaining period shall be extended to sixty days and the aforesaid period of limitation shall be deemed to be extended accordingly:]

[1][Provided also that where a proceeding before the Settlement Commission abates under section 245HA, the period of limitation available under this section to the Assessing Officer for making an order of assessment or reassessment, as the case may be, shall, after the exclusion of the period under sub-section (4) of section 245HA, be not less than one year; and where such period of limitation is less than one year, it shall be deemed to have been extended to one year.]

**153C. Assessment of income of any other person.**—[2][(*1*)] [3][Notwithstanding anything contained in section 139, section 147, section 148, section 149, section 151 and section 153, where the Assessing Officer is satisfied that,—

(*a*) any money, bullion, jewellery or other valuable article or thing, seized or requisitioned, belongs to; or

(*b*) any books of account or documents, seized or requisitioned, pertains or pertain to, or any information contained therein, relates to,

a person other than the person referred to in section 153A, then, the books of account or documents or assets, seized or requisitioned shall be handed over to the Assessing Officer having jurisdiction over such

1. Ins. by Act 7 of 2017, s. 61 (w.e.f. 1-4-2017).
2. Section 153C renumbered as sub-section (*1*) thereof by Act 18 of 2005, s. 47 (w.e.f. 1-6-2003).
3. Subs. by Act 20 of 2015, s. 37, for certain words and figures (w.e.f. 1-6-2015).

other person] [1][and that Assessing Officer shall proceed against each such other person and issue notice and assess or reassess the income of the other person in accordance with the provisions of section 153A, if, that Assessing Officer is satisfied that the books of account or documents or assets seized or requisitioned have a bearing on the determination of the total income of such other person[2][for six assessment years immediately preceding the assessment year relevant to the previous year in which search is conducted or requisition is made and] for the relevant assessment year or years referred to in sub-section (1) of section 153A]:]

[3][Provided that in case of such other person, the reference to the date of initiation of the search under section 132 or making of requisition under section 132A in the second proviso to [4][sub-section (1) of section 153A] shall be construed as reference to the date of receiving the books of account or documents or assets seized or requisitioned by the Assessing Officer having jurisdiction over such other person:]

[5][Provided further that the Central Government may by rulesmade by it and published in the Official Gazette, specify the class or classes of cases in respect of such other person, in which the Assessing Officer shall not be required to issue notice for assessing or reassessing the total income for six assessment years immediately preceding the assessment year relevant to the previous year in which search is conducted or requisition is made [2][and for the relevant assessment year or years as referred to in sub-section (1) of section 153A] except in cases where any assessment or reassessment has abated.]

[3][(2) Where books of account or documents or assets seized or requisitioned as referred to in sub-section (1) has or have been received by the Assessing Officer having jurisdiction over such other person after the due date for furnishing the return of income for the assessment year relevant to the previous year in which search is conducted under section 132 or requisition is made under section 132A and in respect of such assessment year—

(a) no return of income has been furnished by such other person and no notice under sub-section (1) of section 142 has been issued to him, or

(b) a return of income has been furnished by such other person but no notice under sub-section (2) of section 143 has been served and limitation of serving the notice under sub-section (2) of section 143 has expired, or

(c) assessment or reassessment, if any, has been made,

before the date of receiving the books of account or documents or assets seized or requisitioned by the Assessing Officer having jurisdiction over such other person, such Assessing Officer shall issue the notice and assess or reassess total income of such other person of such assessment year in the manner provided in section 153A.]

[6][**153D. Prior approval necessary for assessment in cases of search or requisition.**—No order of assessment or reassessment shall be passed by an Assessing Officer below the rank of Joint Commissioner in respect of each assessment year referred to in clause (b) of [7][sub-section (1) of section 153A] or the assessment year referred to in clause (b) of sub-section (1) of section 153B, except with the prior approval of the Joint Commissioner:]

[8][Provided that nothing contained in this section shall apply where the assessment or reassessment order, as the case may be, is required to be passed by the Assessing Officer with the prior approval of the [9][Principal Commissioner or Commissioner] under sub-section (12)of section 144BA.]

---

1. Subs. by Act 25 of 2014, s. 55, for "and that Assessing Officer shall proceed against each such other person and issue such other person notice and assess or reassess income of such other person in accordance with the provisons of section 153A" (w.e.f. 1-10-2014).
2. Ins. by Act 7 of 2017, s. 62 (w.e.f. 1-4-2017).
3. Ins. by Act 18 of 2005, s. 47 (w.e.f. 1-6-2003).
4. Subs. by 18 of 2008, s. 38, for "section 153A" (w.e.f. 1-6-2003).
5. Ins. by Act 23 of 2012, s. 69 (w.e.f. 1-7-2012).
6. Ins. by Act 22 of 2007, s. 50 (w.e.f. 1-6-2007).
7. Subs. by Act 18 of 2008, s. 39, for "section 153A" (w.e.f. 1-6-2007).
8. Ins. by Act 17 of 2013, s. 43 (w.e.f. 1-4-2016).
9. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

**154. Rectification of mistake.**—[1][(*1*) With a view to rectifying any mistake apparent from the record an income-tax authority referred to in section 116 may,—

    (*a*) amend any order passed by it under the provisions of this Act;

    [2][(*b*) amend any intimation or deemed intimation under sub-section (*1*) of section 143;]]

    [3][(*c*) amend any intimation under sub-section (*1*) of section 200A;]

    [4][(*d*) amend any intimation under sub-section (*1*) of section 206CB.]

[5][(*1A*) Where any matter has been considered and decided in any proceeding by way of appeal or revision relating to an order referred to in sub-section (*1*), the authority passing such order may, notwithstanding anything contained in any law for the time being in force, amend the order under that sub-section in relation to any matter other than the matter which has been so considered and decided.]

(*2*) Subject to the other provisions of this section, the authority concerned—

    (*a*) may make an amendment under sub-section (*1*) of its own motion, and

    (*b*) shall make such amendment for rectifying any such mistake which has been brought to its notice [6][by the assessee or by the deductor,] [4][or by the collector], and where the authority concerned is the [7][8]*** Commissioner (Appeals)], by the [9][Assessing Officer] also.

    [10]*        *        *        *        *

(*3*) An amendment, which has the effect of enhancing an assessment or reducing a refund or otherwise increasing the liability of [11][the assessee or the deductor] [4][or the collector], shall not be made under this section unless the authority concerned has given notice to [11][the assessee or the deductor] [4][or the collector] of its intention so to do and has allowed [11][the assessee or the deductor] [4][or the collector] a reasonable opportunity of being heard.

(*4*) Where an amendment is made under this section, an order shall be passed in writing by the income-tax authority concerned.

[12][(*5*) Where any such amendment has the effect of reducing the assessment or otherwise reducing the liability of the assessee or the deductor [4][or the collector], the Assessing Officer shall make any refund which may be due to such assessee or the deductor [4][or the collector].]

(*6*) Where any such amendment has the effect of enhancing the assessment or reducing a refund [13][already made or otherwise increasing the liability of the assessee or the deductor [4][or the collector], the Assessing Officer shall serve on the assessee or the deductor [4][or the collector], as the case may be] a notice of demand in the prescribed form specifying the sum payable, and such notice of demand shall be deemed to be issued under section 156 and the provisions of this Act shall apply accordingly.

(*7*) Save as otherwise provided in section 155 or sub-section (*4*) of section 186 no amendment under this section shall be made after the expiry of four years [14][from the end of the financial year in which the order sought to be amended was passed].

---

1. Subs. by Act 4 of 1988, s. 60, for sub-section (*1*) (w.e.f. 1-4-1989).
2. Subs. by Act 27 of 1999, s. 65, for clause (*b*) (w.e.f. 1-6-1999).
3. Ins. by Act 23 of 2012, s. 70(w.e.f. 1-7-2012).
4. Ins. by Act 20 of 2015, s. 38 (w.e.f. 1-6-2015).
5. Ins. by Act 31 of 1964, s. 7 (w.e.f. 6-10-1964).
6. Subs. by Act 23 of 2012, s. 70, for "by the assessee" (w.e.f. 1-7-2012).
7. Ins. by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
8. The words "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998). Earlier the quoted words substituted by Act 4 of 1988, s. 2, for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).
9. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
10. Omitted by Act 32 of 1994, s. 38 (w.e.f. 1-6-1994). Earlier the proviso inserted by Act 18 of 1992, s. 61 (w.e.f. 14-5-1992).
11. Subs. by Act 23 of 2012, s. 70, for "the assessee" (w.e.f. 1-7-2012).
12. Subs. by s. 70,*ibid*., for sub-section (*5*) (w.e.f. 1-7-2012).
13. Subs. by s. 70,*ibid*., for "already made, the Assessing Officer shall serve on the assessee" (w.e.f. 1-7-2012).
14. Subs. by Act 67 of 1984, s. 29, for "from the date of the order sought to be amended" (w.e.f. 1-10-1984).

[1][(8) Without prejudice to the provisions of sub-section (7), where an application for amendment under this section is made [2][by the assessee or by the deductor] [3][or by the collector] on or after the 1st day of June, 2001 to an income-tax authority referred to in sub-section (1), the authority shall pass an order, within a period of six months from the end of the month in which the application is received by it,—

(a) making the amendment; or

(b) refusing to allow the claim.]

**155. Other amendments.**—(1) [4][Where, in respect of any completed assessment of a partner in a firm for the assessment year commencing on the 1st day of April, 1992, or any earlier assessment year,] it is found—

(a) on the assessment or reassessment of the firm, or

(b) on any reduction or enhancement made in the income of the firm under this section, section 154, section 250, section 254, section 260, section 262, section 263 or section 264, [5][or]

[5][(c) on any order passed under sub-section (4) of section 245D on the application made by the firm,]

that the share of the partner in the income of the firm has not been included in the assessment of the partner or, if included, is not correct, the [6][Assessing Officer] may amend the order of assessment of the partner with a view to the inclusion of the share in the assessment or the correction thereof, as the case may be; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (7) of that section being reckoned [7][from the end of the financial year in which the final order was passed] in the case of the firm.

[8][(1A) Where in respect of any completed assessment of a firm it is found—

(a) on the assessment or reassessment of the firm, or

(b) on any reduction or enhancement made in the income of the firm under this section, section 154, section 250, section 254, section 260, section 262, section 263 or section 264, or

(c) on any order passed under sub-section (4) of section 245D on the application made by the firm,

that any remuneration to any partner is not deductible under clause (b) of section 40, the Assessing Officer may amend the order of assessment of the partner with a view to adjusting the income of the partner to the extent of the amount not so deductible ; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (7) of that section being reckoned from the end of the financial year in which the final order was passed in the case of the firm.]

(2) Where in respect of any completed assessment of a member of an association of persons or of a body of individuals it is found—

(a) on the assessment or reassessment of the association or body, or

---

1. Ins. by Act 14 of 2001, s. 65 (w.e.f. 1-6-2001).

2. Subs. by Act 23 of 2012, s. 70, for "by the assessee" (w.e.f. 1-7-2012).

3. Ins. by Act 20 of 2015, s. 38 (w.e.f. 1-6-2015).

4. Subs. by Act 18 of 1992, s. 62, for "Where in respect of any completed assessment of a partner in a firm" (w.e.f. 1-4-1993). Earlier the quoted words were restoredby Act 3 of 1989, s. 95 (w.e.f. 1-4-1989) and substituted by Act 4 of 1988, s. 61 (w.e.f. 1-4-1989).

5. Ins. by Act 67 of 1984, s. 30 (w.e.f. 1-10-1984).

6. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

7. Subs. by Act 67 of 1984, s. 30, for "from the date of the final order passed" (w.e.f. 1-10-1984).

8. Ins. by Act 18 of 1992, s. 62 (w.e.f. 1-4-1993).

(*b*) on any reduction or enhancement made in the income of the association or body under this section, section 154, section 250, section 254, section 260, section 262, section 263 or section 264, [1][or]

[1][(*c*) on any order passed under sub-section (*4*) of section 245D on the application made by the association or body,]

that the share of the member in the income of the association or body, as the case may be, has not been included in the assessment of the member or, if included, is not correct, the [2][Assessing Officer] may amend the order of assessment of the member with a view to the inclusion of the share in the assessment or the correction thereof, as the case may be; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned [3][from the end of the financial year in which the final order was passed] in the case of the association or body, as the case may be.

[4]*          *          *          *          *

(*4*) Where as a result of proceedings initiated under section 147, a loss or depreciation has been recomputed and in consequence thereof it is necessary to recompute the total income of the assessee for the succeeding year or years to which the loss or depreciation allowance has been carried forward and set off under the provisions of sub-section (*1*) of section 72, or sub-section (*2*) of section 73, or [5][sub-section (*1*) or sub-section (*3*) of section 74], [6][or sub-section (*3*) of section 74A], the [2][Assessing Officer] may proceed to recompute the total income in respect of such year or years and make the necessary amendment; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned [7][from the end of the financial year in which the order was passed] under section 147.

[8][(*4A*) Where an allowance by way of investment allowance has been made wholly or partly to an assessee in respect of a ship or an aircraft or any machinery or plant in any assessment year under section 32A and subsequently—

(*a*) at any time before the expiry of eight years from the end of the previous year in which the ship or aircraft was acquired or the machinery or plant was installed, the ship, aircraft, machinery or plant is sold or otherwise transferred by the assessee to any person other than the Government, a local authority, a corporation established by a Central, State or Provincial Act or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956), or in connection with any amalgamation or succession referred to in sub-section (*6*) or sub-section (*7*) of section 32A; or

(*b*) at any time before the expiry of ten years from the end of the previous year in which the ship or aircraft was acquired or the machinery or plant was installed, the assessee does not utilise the amount credited to the reserve account under sub-section (*4*) of section 32A for the purposes of acquiring a new ship or a new aircraft or new machinery or plant [other than machinery or plant of the nature referred to in clauses (*a*), (*b*) and (*d*) of[9][the second proviso] to sub-section (*1*) ofsection 32A] for the purposes of the business of the undertaking; or

(*c*) at any time before the expiry of ten years referred to in clause (*b*) the assesseeutilises the amount credited to the reserve account under sub-section (*4*) of section 32A—

(*i*) for distribution by way of dividends or profits; or

(*ii*) for remittance outside India as profits or for the creation of any asset outside India ; or

---

1. Ins. by Act 67 of 1984, s. 30 (w.e.f. 1-10-1984).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Subs. by Act 67 of 1984, s. 30, for "from the date of the final order passed" (w.e.f. 1-10-1984).
4. Sub-section (*3*) omitted by Act 4 of 1988, s. 61 (w.e.f. 1-4-1989).
5. Subs. by Act 11 of 1987, s. 74, for "sub-section (*1*) of section 74" (w.e.f. 1-4-1988).
6. Ins. by Act 20 of 1974, s. 13 (w.e.f. 1-4-1975).
7. Subs. by Act 67 of 1984, s. 30, for "from the date of the order passed" (w.e.f. 1-10-1984).
8. Ins. by Act 66 of 1976, s. 21 (w.e.f. 1-4-1976).
9. Subs. by Act 3 of 1989, s. 25, for "the proviso" (w.e.f. 1-4-1989).

(*iii*) for any other purpose which is not a purpose of the business of the undertaking,

the investment allowance originally allowed shall be deemed to have been wrongly allowed, and the [1][Assessing Officer] may, notwithstanding anything contained in this Act, recompute the total income of the assessee for the relevant previous year and make the necessary amendment; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned,—

(*i*) in a case referred to in clause (*a*), from the end of the previous year in which the sale or other transfer took place;

(*ii*) in a case referred to in clause (*b*), from the end of the ten years referred to in that clause;

(*iii*) in a case referred to in clause (*c*), from the end of the previous year in which the amount was utilised.

*Explanation.*—For the purposes of clause (*b*), "new ship" or "new aircraft" or "new machinery or plant" shall have the same meanings as in the[2][*Explanation* below sub-section (*2*) of section 32A].]

(*5*) Where an allowance by way of development rebate has been made wholly or partly to an assessee in respect of a ship, machinery or plant installed after the 31st day of December, 1957, in any assessment year under section 33 or under the corresponding provisions of the Indian Income-tax Act, 1922 (11 of 1922), and subsequently—

(*i*) at any time before the expiry of eight years from the end of the previous year in which the ship was acquired or the machinery or plant was installed, the ship, machinery or plant is sold or otherwise transferred by the assessee to any person other than the Government, a local authority, a corporation established by a Central, State or Provincial Act or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956), or in connection with any amalgamation or succession referred to in sub-section (*3*) or sub-section (*4*) of section 33; or

(*ii*) at any time before the expiry of the eight years referred to in sub-section (*3*) of section 34, the assesseeutilises the amount credited to the reserve account under clause (*a*) of that sub-section—

(*a*) for distribution by way of dividends or profits; or

(*b*) for remittance outside India as profits or for the creation of any asset outside India; or

(*c*) for any other purpose which is not a purpose of the business of the undertaking,

the development rebate originally allowed shall be deemed to have been wrongly allowed, and the [1][Assessing Officer] may, notwithstanding anything contained in this Act, recompute the total income of the assessee for the relevant previous year and make the necessary amendment; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which the sale or transfer took place or the money was so utilised.

[3][(*5A*) Where an allowance by way of development allowance has been made wholly or partly to an assessee in respect of the cost of planting in any area in any assessment year under section 33A and subsequently—

(*i*) at any time before the expiry of eight years from the end of the previous year in which such allowance was made, the land is sold or otherwise transferred by the assessee to any person other than the Government, a local authority, a corporation established by a Central, State or Provincial Act or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956), or in connection with any amalgamation or succession referred to in sub-section (*5*) or sub-section (*6*) of section 33A; or

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Subs. by Act 46 of 1986, s. 32, for "*Explanation* to clause (*vi*) of sub-section (*1*) of section 32" (w.e.f. 1-4-1988).
3. Ins. by Act 10 of 1965, s. 39 (w.e.f. 1-4-1965).

(*ii*) at any time before the expiry of the eight years referred to in sub-section (*3*) of section 33A, the assessee utilises the amount credited to the reserve account under clause (*ii*) of that sub-section—

(*a*) for distribution by way of dividends or profits; or

(*b*) for remittance outside India as profits or for the creation of any asset outside India; or

(*c*) for any other purpose which is not a purpose of the business of the undertaking;

the development allowance originally allowed shall be deemed to have been wrongly allowed, and the [1][Assessing Officer] may, notwithstanding anything contained in this Act, recompute the total income of the assessee for the relevant previous year and make the necessary amendment; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which the sale or transfer took place or the money was so utilised.]

[2][*Explanation.*—For the purposes of this sub-section, where an assessee having any leasehold or other right of occupancy in any land transfers such right, he shall be deemed to have sold or otherwise transferred such land.]

[3][(*5B*) Where any deduction in respect of any expenditure on scientific research has been made in any assessment year under sub-section (*2B*) of section 35 and the assessee fails to furnish a certificate of completion of the programme obtained from the prescribed authority within one year of the period allowed for its completion by such authority, the deduction originally made in excess of the expenditure actually incurred shall be deemed to have been wrongly made, and the [1][Assessing Officer] may, notwithstanding anything contained in this Act, recompute the total income of the assessee for the relevant previous year and make the necessary amendment; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which the period allowed for the completion of the programme by the prescribed authority expired.]

[4]*         *         *         *         *

(*7*) Where as a result of any proceeding under this Act, in the assessment for any year of a company in whose case an order under section 104 has been made for that year, it is necessary to recompute the distributable income of that company, the [1][Assessing Officer] may proceed to recompute the distributable income and determine [5][the tax] payable on the basis of such recomputation and make the necessary amendment; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned [6][from the end of the financial year in which the final order was passed] in the case of the company in respect of that proceeding.

[7]*         *         *         *         *

[8][(*7B*) Where in the assessment for any year, the capital gain arising from the transfer of a capital asset is not charged under section 45 by virtue of the provisions of clause (*iv*) or, as the case may be, clause (*v*) of section 47, but is deemed under section 47A to be income chargeable under the head "Capital gains" of the previous year in which the transfer took place by reason of—

(*i*) such capital asset being converted by the transferee company into, or being treated by it, as stock-in-trade of its business; or

(*ii*) the parent company or its nominees or, as the case may be, the holding company ceasing to hold the whole of the share capital of the subsidiary company,

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 25 of 1975, s. 24 (w.e.f. 1-4-1975).
3. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Sub-section (*5B*) omitted by Act 4 of 1988, s. 61 (w.e.f. 1-4-1989) which was earlier inserted by Act 44 of 1980, s. 26 (w.e.f. 1-4-1981).
4. Sub-section (*6*) omitted by Act 4 of 1988, s. 61 w.e.f. 1-4-1992.
5. Subs. by Act 10 of 1965, s. 39, for "the super-tax" (w.e.f. 1-4-1965).
6. Subs. by Act 67 of 1984, s. 30, for "from the date of the final order passed" (w.e.f. 1-10-1984).
7. Sub-section (*7A*) omitted by Act 4 of 1988, s. 61 (w.e.f. 1-4-1992).
8. Ins. by Act 67 of 1984, s. 30 (w.e.f. 1-4-1985).

at any timebefore the expiry of the period of eight years from the date of such transfer, the Assessing Officer may, notwithstanding anything contained in this Act, recompute the total income of the transferor company for the relevant previous year and make the necessary amendment; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which the capital asset was so converted or treated or in which the parent company or its nominees or, as the case may be, the holding company ceased to hold the whole of the share capital of the subsidiary company.]

[1]*          *          *          *          *

[2][(*10A*) Where in the assessment for any year, a capital gain arising from the transfer of a [3][long-term capital asset], is charged to tax and within a period of six months after the date of such transfer, the assessee has made any investment or deposit in any specified asset within the meaning of *Explanation 1* to sub-section (*1*) of section 54E, the [4][Assessing Officer] shall amend the order of assessment so as to exclude the amount of the capital gain not chargeable to tax [5][under the provisions of sub-section (*1*) of section 54E]; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being [6][reckoned from the end of the financial year in which the assessment was made].]

[7]*          *          *          *          *

[8][(*11*) Where in the assessment for any year, a capital gain arising from the transfer of any original asset as is referred to in section 54H is charged to tax and within the period extended under that section the assessee acquires the new asset referred to in that section or, as the case may be, deposits or invests the amount of such capital gain within the period so extended, the Assessing Officer shall amend the order of assessment so as to exclude the amount of the capital gain not chargeable to tax under any of the sections referred to in section 54H; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (7) of section 154 being reckoned from the end of the previous year in which the compensation was received by the assessee.]

[9][(*11A*) Where in the assessment for any year, the deduction under section 10A or section 10B or section 10BA has not been allowed on the ground that such income has not been received in convertible foreign exchange in India, or having been received in convertible foreign exchange outside India, or having been converted into convertible foreign exchange outside India, has not been brought into India, by or on behalf of the assessee with the approval of the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange and subsequently such income or part thereof has been or is received in, or brought into, India in the manner aforesaid, the Assessing Officer shall amend the order of assessment so as to allow deduction under section 10A or section 10B or section 10BA, as the case may be, in respect of such income or part thereof as is so received in, or brought into, India, and the provisions of section 154 shall, so far as may be, apply thereto, and the period of four years shall be reckoned from the end of the previous year in which such income is so received in, or brought into, India.]

(*12*) Where in the assessment for any year commencing before the 1st day of April, 1988, the deduction under section 80-O in respect of any income, being the whole or any part of income by way of royalty, commission, fees or any similar payment as is referred to in that section, has not been allowed on the ground that such income has not been received in convertible foreign exchange in India, or having been received in convertible foreign exchange outside India, or having been converted into convertible

---

1. Sub-sections (*8*), (*8A*), (*9*), (*9A*) and (*10*) omitted by Act 4 of 1988, s. 61 (w.e.f. 1-4-1992).
2. Ins. by Act 29 of 1977, s. 23 (w.e.f. 1-4-1978).
3. Subs. by Act 11 of 1987, s. 74, for "capital asset, not being a short-term capital asset" (w.e.f. 1-4-1988).
4. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
5. Subs. by Act 19 of 1978, s. 19, for "under the provisions of section 54E" (w.r.e.f. 1-4-1974).
6. Subs. by Act 67 of 1984, s. 30, for "reckoned from the date of the assessment" (w.e.f. 1-10-1984).
7. Sub-section (*10B*) and (*10C*) omitted by Act 4 of 1988, s. 61 (w.e.f. 1-4-1992).
8. Ins. by Act 49 of 1991, s. 48 (w.e.f. 1-10-1991). Sub-section (*11*) was omitted by Act 32 of 1985, s. 36 (w.e.f. 1-4-1986) and sub-section (*12*) was omitted by Act 11 of 1987, s. 44 (w.e.f. 1-4-1988) which were earlier inserted by Act 20 of 1974, s. 13 (w.e.f. 1-4-1974).
9. Ins. by Act 29 of 2006, s. 14 (w.e.f. 13-7-2006).

foreign exchange outside India, has not been brought into India, by or on behalf of the assessee in accordance with any law for the time being in force for regulating payments and dealings in foreign exchange and subsequently such income or part thereof has been or is received in, or brought into, India in the manner aforesaid, the Assessing Officer shall amend the order of assessment so as to allow deduction under section 80-O in respect of such income or part thereof as is so received in, or brought into, India; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (7) of that section being reckoned from the end of the previous year in which such income is so received in, or brought into, India; so, however, that the period from the 1st day of April, 1988 to the 30th day of September, 1991 shall be excluded in computing the period of four years.]

[1][(*13*) Where in the assessment for any year, the deduction under section 80HHB or section 80HHC or section 80HHD or section 80HHE or section 80-O or section 80R or section 80RR or section 80RRA has not been allowed on the ground that such income has not been received in convertible foreign exchange in India, or having been received in convertible foreign exchange outside India, or having been converted into convertible foreign exchange outside India, has not been brought into India, by or on behalf of the assessee with the approval of the Reserve Bank of India or such other authority as is authorised under any law for the time being in force for regulating payments and dealings in foreign exchange and subsequently such income or part thereof has been or is received in, or brought into, India in the manner aforesaid, the Assessing Officer shall amend the order of assessment so as to allow deduction under section 80HHB or section 80HHC or section 80HHD or section 80HHE or section 80-O or section 80R or section 80RR or section 80RRA, as the case may be, in respect of such income or part thereof as is so received in, or brought into, India; and the provisions of section 154 shall, so far as may be, apply thereto, and the period of four years shall be reckoned from the end of the previous year in which such income is so received in, or brought into, India.

[2][(*14*) Where in the assessment for any previous year or in any intimation or deemed intimation under sub-section (*1*) of section 143 for any previous year, [3][credit for tax deducted or collected in accordance with the provisions of section 199 or, as the case may be, section 206C] has not been given on the ground that the certificate furnished under [4][section 203 or section 206C] was not filed with the return and subsequently such certificate is produced before the Assessing Officer within two years from the end of the assessment year in which such income is assessable, the Assessing Officer shall amend the order of assessment or any intimation or deemed intimation under sub-section (*1*) of section 143, as the case may be, and the provisions of section 154 shall, so far as may be, apply thereto:

[5][(*14A*) Where in the assessment for any previous year or in any intimation or deemed intimation under sub-section (*1*) of section 143 for any previous year, credit for income-tax paid in any country outside India or a specified territory outside India referred to in section 90, section 90A or section 91 has not been given on the ground that the payment of such tax was under dispute, and if subsequently such dispute is settled, and the assessee, within six months from the end of the month in which the dispute is settled, furnishes to the Assessing Officer evidence of settlement of dispute and evidence of payment of such tax along with an undertaking that no credit in respect of such amount has directly or indirectly been claimed or shall be claimed for any other assessment year, the Assessing Officer shall amend the order of assessment or any intimation or deemed intimation under sub-section (*1*) of section 143, as the case may be, and the provisions of section 154 shall, so far as may be, apply thereto:

Provided that the credit of tax which was under dispute shall be allowed for the year in which such income is offered to tax or assessed to tax in India:]

---

1. Ins. by Act 27 of 1999, s. 66 (w.e.f. 1-6-1999). Sub-section (*13*) was omitted by Act 4 of 1988, s. 61 (w.e.f. 1-4-1989) which was inserted by Act 25 of 1975, s. 24 (w.e.f. 1-4-1975).
2. Ins. by Act 20 of 2002, s. 62 (w.e.f. 1-6-2002).
3. Subs. by Act 21 of 2006, s. 39, for "credit for tax deducted in accordance with the provisions of section 199" (w.e.f. 1-4-2007).
4. Subs. by s. 39, *ibid.*, for "section 203" (w.e.f. 1-4-2007).
5. Ins. by Act 7 of 2017, s. 63 (w.e.f. 1-4-2018).

Provided that nothing contained in this sub-section shall apply unless the [1][income from which the tax has been deducted or income on which the tax has been collected] has been disclosed in the return of income filed by the assessee for the relevant assessment year.

[2][(*14A*) Where in the assessment for any previous year or in any intimation or deemed intimation under sub-section (*1*) of section 143 for any previous year, credit for income-tax paid in any country outside India or a specified territory outside India referred to in section 90, section 90A or section 91 has not been given on the ground that the payment of such tax was under dispute, and if subsequently such dispute is settled; and the assessee, within six months from the end of the month in which the dispute is settled, furnishes to the Assessing Officer evidence of settlement of dispute and evidence of payment of such tax along with an undertaking that no credit in respect of such amount has directly or indirectly been claimed or shall be claimed for any other assessment year, the Assessing Officer shall amend the order of assessment or any intimation or deemed intimation under sub-section (*1*) of section 143, as the case may be, and the provisions of section 154 shall, so far as may be, apply thereto:

Provided that the credit of tax which was under dispute shall be allowed for the year in which such income is offered to tax or assessed to tax in India.]

(*15*) Where in the assessment for any year, a capital gain arising from the transfer of a capital asset, being land or building or both, is computed by taking the full value of the consideration received or accruing as a result of the transfer to be the value adopted or assessed by any authority of a State Government for the purpose of payment of stamp duty in accordance with sub-section (*1*) of section 50C, and subsequently such value is revised in any appeal or revision or reference referred to in clause (*b*) of sub-section (*2*) of that section, the Assessing Officer shall amend the order of assessment so as to compute the capital gain by taking the full value of the consideration to be the value as so revised in such appeal or revision or reference; and the provisions of section 154 shall, so far as may be, apply thereto, and the period of four years shall be reckoned from the end of the previous year in which the order revising the value was passed in that appeal or revision or reference.]

[3][(*16*) Where in the assessment for any year, a capital gain arising from the transfer of a capital asset, being a transfer by way of compulsory acquisition under any law, or a transfer, the consideration for which was determined or approved by the Central Government or the Reserve Bank of India, is computed by taking the compensation or consideration as referred to in clause (*a*) or, as the case may be, the compensation or consideration enhanced or further enhanced as referred to in clause (*b*) of sub-section (*5*) of section 45, to be the full value of consideration deemed to be received or accruing as a result of the transfer of the asset and subsequently such compensation or consideration is reduced by any court, Tribunal or other authority, the Assessing Officer shall amend the order of assessment so as to compute the capital gain by taking the compensation or consideration as so reduced by the court, Tribunal or any other authority to be the full value of consideration; and the provisions of section 154 shall, so far as may be, apply thereto, and the period of four years shall be reckoned from the end of the previous year in which the order reducing the compensation was passed by the court, Tribunal or other authority.

(*17*) Where a deduction has been allowed to an assessee in any assessment year under section 80RRB in respect of any patent, and subsequently by an order of the Controller or the High Court under the Patents Act, 1970 (39 of 1970),—

(*i*) the patent was revoked, or

(*ii*) the name of the assessee was excluded from the patents register as patentee in respect of that patent,

the deduction from the income by way of royalty attributable to the period during which the patent had been revoked or the period for which the assessee's name was excluded as patentee in respect of that patent, shall be deemed to have been wrongly allowed and the Assessing Officer may, notwithstanding anything contained in this Act, recompute the total income of the assessee for the relevant previous year and make necessary amendment; and the provisions of section 154 shall, so far as may be, apply thereto, the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the previous year in which such order of the Controller referred to in clause (*b*) of sub-section (*1*), or the High Court referred to in clause (*i*) of sub-section (*1*) of section 2, of the Patents Act, 1970 (39 of 1970), as the case may be, was passed.]

[4][*Explanation*.—For the purposes of this section,—

(*a*) "additional compensation" shall have the meaning assigned to it in clause (*1*) of the *Explanation* to sub-section (*2*) of section 54;

(*b*) "additional consideration", in relation to the transfer of any capital asset the consideration for which was determined or approved by the Central Government or the Reserve Bank of India, means the difference between the amount of consideration for such transfer as enhanced by any court, tribunal or other authority and the amount of consideration which would have been payable if such enhancement had not been made.]

1. Subs. by Act 21 of 2006, s. 39, for "income from which the tax has been deducted" (w.e.f. 1-4-2007).

2. Ins. by Act 7 of 2017, s. 63 (w.e.f. 1-4-2018).

3. Ins. by Act 32 of 2003, s. 66 (w.e.f. 1-4-2004).

4. Ins. by Act 19 of 1978, s. 19 (w.e.f. 1-4-1974).

**156. Notice of demand**.—When any tax, interest, penalty, fine or any other sum[1]*** is payable in consequence of any order passed under this Act, the [2][Assessing Officer] shall serve upon the assessee a notice of demand in the prescribed formspecifying the sum so payable:

[3][Provided that where any sum is determined to be payable by the assessee or[4][the deductor or the collector under sub-section (*1*) of section 143 or sub-section (*1*) of section 200A or sub-section (*1*) of section 206CB], the intimation under those sub-sections shall be deemed to be a notice of demand for the purposes of this section.]

**157. Intimation of loss**.—When, in the course of the assessment of the total income of any assessee, it is established that a loss has taken place which the assessee is entitled to have carried forward and set off under the provisions of sub-section (*1*) of section 72, sub-section (*2*) of section 73, [5][ [6][sub-section (*1*) or sub-section (*3*) of section 74] or sub-section (*3*) of section 74A], the [2][Assessing Officer] shall notify to the assessee by an order in writing the amount of the loss as computed by him for the purposes of sub-section (*1*) of section 72, sub-section (*2*) of section 73, [5][[6][sub-section (*1*) or sub-section (*3*) of section 74] or sub-section (*3*) of section 74A].

**158. Intimation of assessment of firm**.—[7][Whenever, in respect of the assessment year commencing on the 1st day of April, 1992, or any earlier assessment year, a registered firm is assessed], or an unregistered firm is assessed under the provisions of clause (*b*) of section 183, the [2][Assessing Officer] shall notify to the firm by an order in writing the amount of its total income assessed and the apportionment thereof between the several partners.

[8][CHAPTER XIVA

SPECIAL PROVISION FOR AVOIDING REPETITIVE APPEALS

**158A. Procedure when assessee claims identical question of law is pending before High Court or Supreme Court**.—(*1*) Notwithstanding anything contained in this Act, where an assessee claims that any question of law arising in his case for an assessment year which is pending before the [2][Assessing Officer] or any appellate authority (such case being hereafter in this section referred to as the relevant case) is identical with a question of law arising in his case for another assessment year which is pending before the High Court on a reference under section 256 or [9][before the Supreme Court on a reference under section 257 or in appeal under section 260A before the High Court or in appeal under section 261 before the Supreme Court] (such case being hereafter in this section referred to as the other case), he may furnish to the [2][Assessing Officer] or the appellate authority, as the case may be, a declaration in the prescribed form and verifiedin the prescribed manner, that if the [2][Assessing Officer] or the appellate authority, as the case may be, agrees to apply in the relevant case the final decision on the question of law in the other case, he shall not raise such question of law in the relevant case in appeal before any appellate authority or [10][in appeal before the High Court under section 260A or in appeal before the Supreme Court under section 261].

---

1. The brackets, words, figures and letter "(including annuity deposit referred to in Chapter XXII-A)" omitted by Act 13 of 1966, s. 32 and The Third Schedule (w.e.f. 1-4-1967).

2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

3. Subs. by Act 23 of 2012, s. 71, for the proviso (w.e.f. 1-7-2012).

4. Subs. by Act 20 of 2015, s. 39, for "by the deductor under sub-section (*1*) of section 143 or sub-section (*1*) of section 200A" (w.e.f. 1-6-2015).

5. Subs. by Act 20 of 1974, s. 13, for "or sub-section (*1*) of section 74" (w.e.f. 1-4-1975).

6. Subs. by Act 11 of 1987, s. 74, for "sub-section (*1*) of section 74" (w.e.f. 1-4-1988).

7. Subs. by Act 18 of 1992, s. 63, for "Whenever a registered firm is assessed" (w.e.f. 1-4-1993).

8. Ins. by Act 67 of 1984, s. 31 (w.e.f. 1-10-1984).

9. Subs. by Act 20 of 2002, s. 63, for "before the Supreme Court on a reference under section 257 or in appeal under section 261" (w.e.f. 1-6-2002).

10. Subs. by s. 63, *ibid.*, for "for a reference before the High Court under section 256 or the Supreme Court under section 257 or in appeal before the Supreme Court under section 261" (w.e.f. 1-6-2002).

(*2*) Where a declaration under sub-section (*1*) is furnished to any appellate authority, the appellate authority shall call for a report from the [1][Assessing Officer] on the correctness of the claim made by the assessee and, where the [1][Assessing Officer] makes a request to the appellate authority to give him an opportunity of being heard in the matter, the appellate authority shall allow him such opportunity.

(*3*) The [1][Assessing Officer] or the appellate authority, as the case may be, may, by order in writing,—

(*i*)  admit the claim of the assessee if he or it is satisfied that the question of law arising in the relevant case is identical with the question of law in the other case; or

(*ii*)  reject the claim if he or it is not so satisfied.

(*4*) Where a claim is admitted under sub-section (*3*),—

(*a*)  the [1][Assessing Officer] or, as the case may be, the appellate authority may make an order disposing of the relevant case without awaiting the final decision on the question of law in the other case; and

(*b*)  the assessee shall not be entitled to raise, in relation to the relevant case, such question of law in appeal before any appellate authority or [2][in appeal before the High Court under section 260A or the Supreme Court undersection 261].

(*5*) When the decision on the question of law in the other case becomes final, it shall be applied to the relevant case and the [1][Assessing Officer] or the appellate authority, as the case may be, shall, if necessary, amend the order referred to in clause (*a*) of sub-section (*4*) conformably to such decision.

(*6*) An order under sub-section (*3*) shall be final and shall not be called in question in any proceeding by way of appeal, reference or revision under this Act.

*Explanation*.— In this section,—

(*a*)  "appellate authority" means the [3][Deputy Commissioner (Appeals)], the Commissioner (Appeals) or the Appellate Tribunal;

(*b*)  "case", in relation to an assessee, means any proceeding under this Act for the assessment of the total income of the assessee or for the imposition of any penalty or fine on him.]

[4][**158AA. Procedure when in an appeal by revenue an identical question of law is pending before Supreme Court**.—(*1*) Notwithstanding anything contained in this Act, where the Commissioner or Principal Commissioner is of the opinion that any question of law arising in the case of an assessee for any assessment year (such case being herein referred to as relevant case) is identical with a question of law arising in his case for another assessment year which is pending before the Supreme Court, in an appeal under section 261 or in a special leave petition under article 136 of the Constitution, against the order of the High Court in favour of the assessee (such case being herein referred to as the other case), he may, instead of directing the Assessing Officer to appeal to the Appellate Tribunal under sub-section (*2*) or sub-section (*2A*) of section 253, direct the Assessing Officer to make an application to the Appellate Tribunal in the prescribed form within sixty days from the date of receipt of the order of the Commissioner (Appeals) stating that an appeal on the question of law arising in the relevant case may be filed when the decision on the question of law becomes final in the other case.

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

2. Subs. by Act 20 of 2002, s. 63, for "for a reference before the High Court under section 256 or the Supreme Court under section 257 or in appeal before the Supreme Court under section 261" (w.e.f. 1-6-2002).

3. Subs. by Act 4 of 1988, s. 2, for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).

4. Ins. by Act 20 of 2015, s. 40 (w.e.f. 1-6-2015).

(*2*) The Commissioner or Principal Commissioner shall direct the Assessing Officer to make an application under sub-section (*1*) only if an acceptance is received from the assessee to the effect that the question of law in the other case is identical to that arising in the relevant case; and in case no such acceptance is received, the Commissioner or Principal Commissioner shall proceed in accordance with the provisions contained in sub-section (*2*) or sub-section (*2A*) of section 253.

(*3*) Where the order of the Commissioner (Appeals) referred to in sub-section (*1*) is not in conformity with the final decision on the question of law in the other case, the Commissioner or Principal Commissioner may direct the Assessing Officer to appeal to the Appellate Tribunal against such order and save as otherwise provided in this section all other provisions of Part B of Chapter XX shall apply accordingly.

(*4*) Every appeal under sub-section (*3*) shall be filed within sixty days from the date on which the order of the Supreme Court in the other case is communicated to the Commissioner or Principal Commissioner.]

[1][CHAPTER XIVB

SPECIAL PROCEDURE FOR ASSESSMENT OF SEARCH CASES

**158B.Definitions.**—In this Chapter, unless the context otherwise requires,—

[2][(*a*) "block period" means the period comprising previous years relevant to six assessment years preceding the previous year in which the search was conducted under section 132 or any requisition was made under section 132A and also includes the period up to the date of the commencement of such search or date of such requisition in the previous year in which the said search was conducted or requisition was made:

Provided that where the search is initiated or the requisition is made before the 1st day of June, 2001, the provisions of this clause shall have effect as if for the words "six assessment years", the words "ten assessment years" had been substituted;]

(*b*)  "undisclosed income" includes any money, bullion, jewellery or other valuable article or thing or any income based on any entry in the books of account or other documents or transactions, where such money, bullion, jewellery, valuable article, thing, entry in the books of account or other document or transaction represents wholly or partly income or property which has not been or would not have been disclosed for the purposes of this Act[3][, or any expense, deduction or allowance claimed under this Act which is found to be false].

**158BA.Assessment of undisclosed income as a result of search.**—(*1*) Notwithstanding anything contained in any other provisions of this Act, where after the 30th day of June, 1995 a search is initiated under section 132 or books of account, other documents or any assets are requisitioned under section 132A in the case of any person, then, the Assessing Officer shall proceed to assess the undisclosed income in accordance with the provisions of this Chapter.

(*2*) The total undisclosed income relating to the block period shall be charged to tax, at the rate specified in section 113, as income of the block period irrespective of the previous year or years to which such income relates and irrespective of the fact whether regular assessment for any one or more of the relevant assessment years is pending or not.

[4][*Explanation.*—For the removal of doubts, it is hereby declared that—

(*a*)  the assessment made under this Chapter shall be in addition to the regular assessment in respect of each previous year included in the block period;

---

1. Ins. by Act 22 of 1995, s. 32 (w.e.f. 1-7-1995).
2. Subs. by 14 of 2001, s. 66, for clause (*a*) (w.e.f. 1-6-2001).
3. Ins. by Act 20 of 2002, s. 64 (w.e.f. 1-7-1995).
4. Ins. by Act 21 of 1998, s. 44 (w.e.f. 1-7-1995).

(*b*)  the  total  undisclosed  income  relating  to  the  block  period  shall  not  include  the  income assessed in any regular assessment as income of such block period;

(*c*)  the  income  assessed  in  this  Chapter  shall  not  be  included  in  the  regular  assessment  of  any previous year included in the block period.]

(*3*)  Where  the  assessee  proves  to  the  satisfaction  of  the  Assessing  Officer  that  any  part  of  income referred  to  in  sub-section  (*1*)  relates  to  an  assessment  year  for  which  the  previous  year  has  not  ended  or the  date  of  filing  the  return  of  income  under  sub-section  (*1*)  of  section  139  for  any  previous  year  has  not expired,  and  such  income  or  the  transactions  relating  to  such  income  are  recorded  on  or  before  the  date  of the  search  or  requisition  in  the  books  of  account  or  other  documents  maintained  in  the  normal  course relating to such previous years, the said income shall not be included in the block period.

**158BB.Computation of undisclosed income of the block period.**—(*1*) The undisclosed income of the  block  period  shall  be  the  aggregate  of  the  total  income  of  the  previous  years  falling  within  the  block period  computed,  [1][in  accordance  with  the  provisions  of  this  Act,  on  the  basis  of  evidence  found  as  a result  of  search  or  requisition  of  books  of  account  or  other  documents  and  such  other  materials  or information  as  are  available  with  the  Assessing  Officer  and  relatable  to  such  evidence],  as  reduced  by  the aggregate  of  the  total  income,  or  as  the  case  may  be,  as  increased  by  the  aggregate  of  the  losses  of  such previous years, determined,—

(*a*)  where  assessments  under  section  143  or  section  144  or  section  147 [2][have  been  concluded prior  to  the  date  of  commencement  of  the  search  or  the  date  of  requisition],  on  the  basis  of  such assessments;

(*b*)  where  returns  of  income  have  been  filed  under  section  139 [3][or  in  response  to  a  notice  issued under  sub-section  (*1*)  of  section  142  or  section  148]  but  assessments  have  not  been  made  till  the  date of search or requisition, on the basis of the income disclosed in such returns;

[4][(*c*)  where  the  due  date  for  filing  a  return  of  income  has  expired,  but  no  return  of  income  has been filed,—

(*A*)  on  the  basis  of  entries  as  recorded  in  the  books  of  account  and  other  documents maintained  in  the  normal  course  on  or  before  the  date  of  the  search  or  requisition  where  such entries result in computation of loss for any previous year falling in the block period; or

(*B*)  on  the  basis  of  entries  as  recorded  in  the  books  of  account  and  other  documents maintained  in  the  normal  course  on  or  before  the  date  of  the  search  or  requisition  where  such income  does  not  exceed  the  maximum  amount  not  chargeable  to  tax  for  any  previous  year  falling in the block period;

(*ca*)  where  the  due  date  for  filing  a  return  of  income  has  expired,  but  no  return  of  income  has been filed, as *nil*, in cases not falling under clause (*c*);]

(*d*)  where  the  previous  year  has  not  ended  or  the  date  of  filing  the  return  of  income  under sub-section  (*1*)  of  section  139  has  not  expired,  on  the  basis  of  entries  relating  to  such  income  or transactions  as  recorded  in  the  books  of  account  and  other  documents  maintained  in  the  normal course on or before the date of the search or requisition relating to such previous years;

(*e*)  where  any  order  of  settlement  has  been  made  under  sub-section  (*4*)  of  section  245D,  on  the basis of such order;

1. Subs. by Act 20 of 2002, s. 65, for certain words and figure (w.e.f. 1-7-1995).
2. Subs. by s. 65, *ibid.*, for "have been concluded" (w.e.f. 1-7-1995).
3. Subs. by s. 65, *ibid.*, for "or section 147" (w.e.f. 1-7-1995).
4. Subs. by s. 65, *ibid.*, for clause (*c*) (w.e.f. 1-7-1995).

(*f*) where an assessment of undisclosed income had been made earlier under clause (*c*) of section 158BC, on the basis of such assessment.

*Explanation.*—For the purposes of determination of undisclosed income,—

(*a*) the total income or loss of each previous year shall, for the purpose of aggregation, be taken as the total income or loss computed in accordance with the provisions of [1][this Act] without giving effect to set off of brought forward losses under Chapter VI or unabsorbed depreciation under sub-section (*2*) of section 32:

[2][Provided that in computing deductions under Chapter VIA for the purposes of the said aggregation, effect shall be given to set off of brought forward losses under Chapter VI or unabsorbed depreciation under sub-section (*2*) of section 32;]

[3][(*b*) of a firm, returned income and total income assessed for each of the previous years falling within the block period shall be the income determined before allowing deduction of salary, interest, commission, bonus or remuneration by whatever name called [4][to any partner not being a working partner]:

Provided that undisclosed income of the firm so determined shall not be chargeable to tax in the hands of the partners, whether on allocation or on account of enhancement;]

(*c*) assessment under section 143 includes determination of income under sub-section (*1*) or sub-section (*1B*) of section 143.

(*2*) In computing the undisclosed income of the block period, the provisions of sections 68, 69, 69A, 69B and 69C shall, so far as may be, apply and references to "financial year" in those sections shall be construed as references to the relevant previous year falling in the block period including the previous year ending with the date of search or of the requisition.

(*3*) The burden of proving to the satisfaction of the Assessing Officer that any undisclosed income had already been disclosed in any return of income filed by the assessee before the commencement of search or of the requisition, as the case may be, shall be on the assessee.

(*4*) For the purpose of assessment under this Chapter, losses brought forward from the previous year under Chapter VI or unabsorbed depreciation under sub-section (*2*) of section 32 shall not be set off against the undisclosed income determined in the block assessment under this Chapter, but may be carried forward for being set off in the regular assessments.

**158BC. Procedure for block assessment.**—Where any search has been conducted under section 132 or books of account, other documents or assets are requisitioned under section 132A, in the case of any person, then,—

[5][(*a*) the Assessing Officer shall—

(*i*) in respect of search initiated or books of account or other documents or any assets requisitioned after the 30th day of June, 1995, but before the 1st day of January, 1997, serve a notice to such person requiring him to furnish within such time not being less than fifteen days;

(*ii*) in respect of search initiated or books of account or other documents or any assets requisitioned on or after the 1st day of January, 1997, serve a notice to such person requiring him to furnish within such time not being less than fifteen days but not more than forty-five days,

1. Subs. by Act 20 of 2002, s. 65, for "Chapter IV" (w.e.f. 1-7-1995).
2. Ins. by s. 65, *ibid.* (w.e.f. 1-7-1995).
3. Subs. by Act 33 of 1996, s. 46, for clause (*b*) (w.e.f. 1-7-1995).
4. Ins. by Act 21 of 1998, s. 45 (w.e.f. 1-4-1999).
5. Subs. by Act 14 of 1997, s. 4, for clause (*a*) (w.e.f. 1-1-1997).

as may be specified in the notice a return in the prescribed form and verified in the same manner as a return under clause (*i*) of sub-section (*1*) of section 142, setting forth his total income including the undisclosed income for the block period:

Provided that no notice under section 148 is required to be issued for the purpose of proceeding under this Chapter:

Provided further that a person who has furnished a return under this clause shall not be entitled to file a revised return;]

(*b*) the Assessing Officer shall proceed to determine the undisclosed income of the block period in the manner laid down in section 158BB and the provisions of section 142, sub-sections (*2*) and (*3*) of section 143[1][, section 144 and section 145] shall, so far as may be, apply;

(*c*) the Assessing Officer, on determination of the undisclosed income of the block period in accordance with this Chapter, shall pass an order of assessment and determine the tax payable by him on the basis of such assessment;

[2][(*d*) the assets seized under section 132 or requisitioned under section 132A shall be dealt with in accordance with the provisions of section 132B.]

**158BD. Undisclosed income of any other person.**—Where the Assessing Officer is satisfied that any undisclosed income belongs to any person, other than the person with respect to whom search was made under section 132 or whose books of account or other documents or any assets were requisitioned under section 132A, then, the books of account, other documents or assets seized or requisitioned shall be handed over to the Assessing Officer having jurisdiction over such other person and that Assessing Officer shall proceed [3][under section 158BC] against such other person and the provisions of this Chapter shall apply accordingly.

**158BE. Time limit for completion of block assessment.**—[4][(*1*) The order under section 158BC shall be passed—

(*a*) within one year from the end of the month in which the last of the authorisations for search under section 132 or for requisition under section 132A, as the case may be, was executed in cases where a search is initiated or books of account or other documents or any assets are requisitioned after the 30th day of June, 1995, but before the 1st day of January, 1997;

(*b*) within two years from the end of the month in which the last of the authorisations for search under section 132 or for requisition under section 132A, as the case may be, was executed in cases where a search is initiated or books of account or other documents or any assets are requisitioned on or after the 1st day of January, 1997.

(*2*) The period of limitation for completion of block assessment in the case of the other person referred to in section 158BD shall be—

(*a*) one year from the end of the month in which the notice under this Chapter was served on such other person in respect of search initiated or books of account or other documents or any assets requisitioned after the 30th day of June, 1995, but before the 1st day of January, 1997; and

(*b*) two years from the end of the month in which the notice under this Chapter was served on such other person in respect of search initiated or books of account or other documents or any assets are requisitioned on or after the 1st day of January, 1997.]

---

1. Subs. by Act 20 of 2002, s. 66, for "and section 144" (w.e.f. 1-7-1995).
2. Subs. by s. 66, *ibid.*, for clause (*d*) (w.e.f. 1-6-2002).
3. Ins. by s. 67, *ibid.* (w.e.f. 1-6-2002).
4. Subs. by Act 14 of 1997, s. 5, for sub-sections (*1*) and (*2*) (w.e.f. 1-1-1997).

[1][*Explanation 1.*—In computing the period of limitation for the purposes of this section,—

(*i*) the period during which the assessment proceeding is stayed by an order or injunction of any court; or

(*ii*) the period commencing from the day on which the Assessing Officer directs the assessee to get his accounts audited under sub-section (*2A*) of section 142 and ending on the day on which the assessee is required to furnish a report of such audit under that sub-section; or

(*iii*) the time taken in reopening the whole or any part of the proceeding or giving an opportunity to the assessee to be re-heard under the proviso to section 129; or

(*iv*) in a case where an application made before the Settlement Commission under section 245C is rejected by it or is not allowed to be proceeded with by it, the period commencing on the date on which such application is made and ending with the date on which the order under sub-section (*1*) of section 245D is received by the [2][Principal Commissioner or Commissioner] under sub-section (*2*) of that section,

shall be excluded:

Provided that where immediately after the exclusion of the aforesaid period, the period of limitation referred to in sub-section (*1*) or sub-section (*2*) available to the Assessing Officer for making an order under clause (*c*) of section 158BC is less than sixty days, such remaining period shall be extended to sixty days and the aforesaid period of limitation shall be deemed to be extended accordingly.]

[3][*Explanation 2.*—For the removal of doubts, it is hereby declared that the authorisation referred to in sub-section (*1*) shall be deemed to have been executed,—

(*a*) in the case of search, on the conclusion of search as recorded in the last panchnama drawn in relation to any person in whose case the warrant of authorisation has been issued;

(*b*) in the case of requisition under section 132A, on the actual receipt of the books of account or other documents or assets by the Authorised Officer.]

**158BF. Certain interests and penalties not to be levied or imposed.**—No interest under the provisions of section 234A, 234B or 234C or penalty under the provisions of clause (*c*) of sub-section (*1*) of section 271 or section 271A or section 271B shall be levied or imposed upon the assessee in respect of the undisclosed income determined in the block assessment.

[4][**158BFA. Levy of interest and penalty in certain cases.**—(*1*) Where the return of total income including undisclosed income for the block period, in respect of search initiated under section 132 or books of account, other documents or any assets requisitioned under section 132A on or after the 1st day of January, 1997, as required by a notice under clause (*a*) of section 158BC, is furnished after the expiry of the period specified in such notice, or is not furnished, the assessee shall be liable to pay simple interest at the rate of [5][one per cent.] of the tax on undisclosed income, determined under clause (*c*) of section 158BC, for every month or part of a month comprised in the period commencing on the day immediately following the expiry of the time specified in the notice, and—

(*a*) where the return is furnished after the expiry of the time aforesaid, ending on the date of furnishing the return; or

---

1. Subs. by Act 20 of 2002, s. 68, for *Explanation 1* (w.e.f. 1-6-2002).
2. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).
3. Ins. by Act 21 of 1998, s. 46 (w.e.f. 1-7-1995).
4. Ins. by Act 14 of 1997, s. 6 (w.e.f. 1-1-1997).
5. Subs. by Act 54 of 2003, s. 7, for "one and one-fourth per cent." (w.e.f. 8-9-2003).

(*b*) where no return has been furnished, on the date of completion of assessment under clause (*c*) of section 158BC.

(*2*) The Assessing Officer or the Commissioner (Appeals) in the course of any proceedings under this Chapter, may direct that a person shall pay by way of penalty a sum which shall not be less than the amount of tax leviable but which shall not exceed three times the amount of tax so leviable in respect of the undisclosed income determined by the Assessing Officer under clause (*c*) of section 158BC:

Provided that no order imposing penalty shall be made in respect of a person if—

(*i*) such person has furnished a return under clause (*a*) of section 158BC;

(*ii*) the tax payable on the basis of such return has been paid or, if the assets seized consist of money, the assessee offers the money so seized to be adjusted against the tax payable;

(*iii*) evidence of tax paid is furnished along with the return; and

(*iv*) an appeal is not filed against the assessment of that part of income which is shown in the return:

Provided further that the provisions of the preceding proviso shall not apply where the undisclosed income determined by the Assessing Officer is in excess of the income shown in the return and in such cases the penalty shall be imposed on that portion of undisclosed income determined which is in excess of the amount of undisclosed income shown in the return.

(*3*) No order imposing a penalty under sub-section (*2*) shall be made,—

(*a*) unless an assessee has been given a reasonable opportunity of being heard;

(*b*) by the [1][Assistant Commissioner or Deputy Commissioner] or the [2][Assistant Director or Deputy Director], as the case may be, where the amount of penalty exceeds twenty thousand rupees except with the previous approval of the [3][Joint Commissioner] or the [4][Joint Director], as the case may be;

(*c*) in a case where the assessment is the subject-matter of an appeal to the Commissioner (Appeals) under section 246 [5][or section 246A] or an appeal to the Appellate Tribunal under section 253, after the expiry of the financial year in which the proceedings, in the course of which action for the imposition of penalty has been initiated, are completed, or six months from the end of the month in which the order of the Commissioner (Appeals) or, as the case may be, the Appellate Tribunal is received by the [6][Principal Chief Commissioner or Chief Commissioner] or the [7][Principal Commissioner or Commissioner], whichever period expires later;

(*d*) in a case where the assessment is the subject-matter of revision under section 263, after the expiry of six months from the end of the month in which such order of revision is passed;

1. Subs. by Act 21 of 1998, s. 3, for "Assistant Commissioner" (w.e.f. 1-10-1998).
2. Subs. by s. 3, *ibid*., for "Assistant Director" (w.e.f. 1-10-1998).
3. Subs. by s. 3, *ibid*., for "Deputy Commissioner" (w.e.f. 1-10-1998).
4. Subs. by s. 3, *ibid.,* for "Deputy Director" (w.e.f. 1-10-1998).
5. Ins. by Act 10 of 2000, s. 59 (w.e.f. 1-6-2000).
6. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
7. Subs. by s. 4, *ibid*., for "Commissioner" (w.e.f. 1-6-2012).

(*e*) in any case other than those mentioned in clauses (*c*) and (*d*), after the expiry of the financial year in which the proceedings, in the course of which action for the imposition of penalty has been initiated, are completed, or six months from the end of the month in which action for imposition of penalty is initiated, whichever period expires later;

(*f*) in respect of search initiated under section 132 or books of account, other documents or any assets requisitioned under section 132A, after the 30th day of June, 1995 but before the 1st day of January, 1997.

*Explanation.*—In computing the period of limitation for the purpose of this section,—

(*i*) the time taken in giving an opportunity to the assessee to be reheard under the proviso to section 129;

(*ii*) the period during which the immunity granted under section 245H remained in force; and

(*iii*) the period during which the proceedings under sub-section (*2*) are stayed by an order or injunction of any court,

shall be excluded.

(*4*) An income-tax authority on making an order under sub-section (*2*) imposing a penalty, unless he is himself an Assessing Officer, shall forthwith send a copy of such order to the Assessing Officer.]

[1][**158BG. Authority competent to make the block assessment.**—The order of assessment for the block period shall be passed by an Assessing Officer not below the rank of an [2][Assistant Commissioner or Deputy Commissioner] or an [3][Assistant Director or Deputy Director], as the case may be:

Provided that no such order shall be passed without the previous approval of—

(*a*) the [4][Principal Commissioner or Commissioner] or [5][Principal Director or Director], as the case may be, in respect of search initiated under section 132 or books of account, other documents or any assets requisitioned under section 132A, after the 30th day of June, 1995 but before the 1st day of January, 1997;

(*b*) the [6][Joint Commissioner] or the [7][Joint Director], as the case may be, in respect of search initiated under section 132 or books of account, other documents or any assets requisitioned under section 132A, on or after the 1st day of January, 1997.]

**158BH. Application of other provisions of this Act.**—Save as otherwise provided in this Chapter, all other provisions of this Act shall apply to assessment made under this Chapter.]

[8][**158BI. Chapter not to apply after certain date.**—The provisions of this Chapter shall not apply where a search is initiated under section 132, or books of account, other documents or any assets are requisitioned under section 132A after the 31st day of May, 2003.]

---

1. Subs. by Act 13 of 1997, s. 7, for section 158BG (w.e.f. 1-1-1997).
2. Subs. by Act 21 of 1998, s. 3, for "Assistant Commissioner" (w.e.f. 1-10-1998).
3. Subs. by s. 3, *ibid.*, for "Assistant Director" (w.e.f. 1-10-1998).
4. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).
5. Subs. by s. 4, *ibid.*, for "Director" (w.e.f. 1-6-2013).
6. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998).
7. Subs. by s. 3, *ibid.*, for "Deputy Director" (w.e.f. 1-10-1998).
8. Ins. by Act 32 of 2003, s. 67 (w.e.f. 1-6-2003).

CHAPTER XV

LIABILITY IN SPECIAL CASES

*A.—Legal representatives*

**159. Legal representatives.**—(*1*) Where a person dies, his legal representative shall be liable to pay any sum which the deceased would have been liable to pay if he had not died, in the like manner and to the same extent as the deceased.

(*2*) For the purpose of making an assessment (including an assessment, reassessment or recomputation under section 147) of the income of the deceased and for the purpose of levying any sum in the hands of the legal representative in accordance with the provisions of sub-section (*1*),—

(*a*) any proceeding taken against the deceased before his death shall be deemed to have been taken against the legal representative and may be continued against the legal representative from the stage at which it stood on the date of the death of the deceased;

(*b*) any proceeding which could have been taken against the deceased if he had survived, may be taken against the legal representative; and

(*c*) all the provisions of this Act shall apply accordingly.

(*3*) The legal representative of the deceased shall, for the purposes of this Act, be deemed to be an assessee.

(*4*) Every legal representative shall be personally liable for any tax payable by him in his capacity as legal representative if, while his liability for tax remains undischarged, he creates a charge on or disposes of or parts with any assets of the estate of the deceased, which are in, or may come into, his possession, but such liability shall be limited to the value of the asset so charged, disposed of or parted with.

(*5*) The provisions of sub-section (*2*) of section 161, section 162, and section 167, shall, so far as may be and to the extent to which they are not inconsistent with the provisions of this section, apply in relation to a legal representative.

(*6*) The liability of a legal representative under this section shall, subject to the provisions of sub-section (*4*) and sub-section (*5*), be limited to the extent to which the estate is capable of meeting the liability.

*B.—Representative assessees - General provisions*

**160. Representative assessee.**—(*1*) For the purposes of this Act, "representative assessee" means—

(*i*) in respect of the income of a non-resident specified in [1]*** sub-section (1) of section 9, the agent of the non-resident, including a person who is treated as an agent under section 163;

(*ii*) in respect of the income of a minor, lunatic or idiot, the guardian or manager who is entitled to receive or is in receipt of such income on behalf of such minor, lunatic or idiot;

(*iii*) in respect of income which the Court of Wards, the Administrator-General, the Official Trustee or any receiver or manager (including any person, whatever his designation, who in fact manages property on behalf of another) appointed by or under any order of a court, receives or is entitled to receive, on behalf or for the benefit of any person, such Court of Wards, Administrator-General, Official Trustee, receiver or manager;

---

1. The words, brackets and figure "clause (*i*) of" omitted by Act 66 of 1976, s. 26 (w.e.f. 1-6-1976).

(*iv*) in respect of income which a trustee appointed under a trust declared by a duly executed instrument in writing whether testamentary or otherwise [including any wakf deed which is valid under the Mussalman Wakf Validating Act, 1913 (6 of 1913),] receives or is entitled to receive on behalf or for the benefit of any person, such trustee or trustees;

[1][(*v*) in respect of income which a trustee appointed under an oral trust receives or is entitled to receive on behalf or for the benefit of any person, such trustee or trustees.

*Explanation 1.*—A trust which is not declared by a duly executed instrument in writing [including any wakf deed which is valid under the Mussalman Wakf Validating Act, 1913 (6 of 1913),] shall be deemed, for the purposes of clause (*iv*), to be a trust declared by a duly executed instrument in writing if a statement in writing, signed by the trustee or trustees, setting out the purpose or purposes of the trust, particulars as to the trustee or trustees, the beneficiary or beneficiaries and the trust property, is forwarded to the [2][Assessing Officer],—

(*i*) where the trust has been declared before the 1st day of June, 1981, within a period of three months from that day; and

(*ii*) in any other case, within three months from the date of declaration of the trust.

*Explanation 2.*—For the purposes of clause (*v*), "oral trust" means a trust which is not declared by a duly executed instrument in writing [including any wakf deed which is valid under the Mussalman Wakf Validating Act, 1913 (6 of 1913),] and which is not deemed under *Explanation 1* to be a trust declared by a duly executed instrument in writing.]

(*2*) Every representative assessee shall be deemed to be an assessee for the purposes of this Act.

**161. Liability of representative assessee.**—(*1*) Every representative assessee, as regards the income in respect of which he is a representative assessee, shall be subject to the same duties, responsibilities and liabilities as if the income were income received by or accruing to or in favour of him beneficially, and shall be liable to assessment in his own name in respect of that income; but any such assessment shall be deemed to be made upon him in his representative capacity only, and the tax shall, subject to the other provisions contained in this Chapter, be levied upon and recovered from him in like manner and to the same extent as it would be leviable upon and recoverable from the person represented by him.

[3][(*1A*) Notwithstanding anything contained in sub-section (*1*), where any income in respect of which the person mentioned in clause (*iv*) of sub-section (*1*) of section 160 is liable as representative assessee consists of, or includes, profits and gains of business, tax shall be charged on the whole of the income in respect of which such person is so liable at the maximum marginal rate:

Provided that the provisions of this sub-section shall not apply where such profits and gains are receivable under a trust declared by any person by will exclusively for the benefit of any relative dependent on him for support and maintenance, and such trust is the only trust so declared by him.

[4]*          *          *          *          *]

(*2*) Where any person is, in respect of any income, assessable under this Chapter in the capacity of a representative assessee, he shall not, in respect of that income, be assessed under any other provision of this Act.

---

1. Ins. by Act 16 of 1981, s. 14 (w.e.f. 1-4-1981).

2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

3. Ins. by Act 21 of 1984, s. 20 (w.e.f. 1-4-1985).

4. The *Explanation* omitted by Act 49 of 1991, s. 49 (w.e.f. 1-4-1991).

**162. Right of representative assessee to recover tax paid.**—(*1*) Every representative assessee who, as such, pays any sum under this Act, shall be entitled to recover the sum so paid from the person on whose behalf it is paid, or to retain out of any moneys that may be in his possession or may come to him in his representative capacity, an amount equal to the sum so paid.

(*2*) Any representative assessee, or any person who apprehends that he may be assessed as a representative assessee, may retain out of any money payable by him to the person on whose behalf he is liable to pay tax (hereinafter in this section referred to as the principal), a sum equal to his estimated liability under this Chapter, and in the event of any disagreement between the principal and such representative assessee or person as to the amount to be so retained, such representative assessee or person may secure from the [1][Assessing Officer] a certificate stating the amount to be so retained pending final settlement of the liability, and the certificate so obtained shall be his warrant for retaining that amount.

(*3*) The amount recoverable from such representative assessee or person at the time of final settlement shall not exceed the amount specified in such certificate, except to the extent to which such representative assessee or person may at such time have in his hands additional assets of the principal.

*C.—Representative assessees—Special cases*

**163. Who may be regarded as agent.**—(*1*) For the purposes of this Act, "agent", in relation to a non-resident, includes any person in India—

(*a*) who is employed by or on behalf of the non-resident; or

(*b*) who has any business connection with the non-resident; or

(*c*) from or through whom the non-resident is in receipt of any income, whether directly or indirectly; or

(*d*) who is the trustee of the non-resident;

and includes also any other person who, whether a resident or non-resident, has acquired by means of a transfer, a capital asset in India:

Provided that a broker in India who, in respect of any transactions, does not deal directly with or on behalf of a non-resident principal but deals with or through a non-resident broker shall not be deemed to be an agent under this section in respect of such transactions, if the following conditions are fulfilled, namely:—

(*i*) the transactions are carried on in the ordinary course of business through the first-mentioned broker; and

(*ii*) the non-resident broker is carrying on such transactions in the ordinary course of his business and not as a principal.

[2][*Explanation.*—For the purposes of this sub-section, the expression "business connection" shall have the meaning assigned to it in *Explanation 2* to clause (*i*) of sub-section (*1*) of section 9 of this Act.]

(*2*) No person shall be treated as the agent of a non-resident unless he has had an opportunity of being heard by the [1][Assessing Officer] as to his liability to be treated as such.

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 32 of 2003, s. 68 (w.e.f. 1-4-2004).

[1][**164. Charge of tax where share of beneficiaries unknown.**—[2][(*1*) Subject to the provisions of sub-sections (*2*) and (*3*), where] any income in respect of which the persons mentioned in clauses (*iii*) and (*iv*) of sub-section (*1*) of section 160 are liable as representative assessees or any part thereof is not specifically receivable on behalf or for the benefit of any one person or where the individual shares of the persons on whose behalf or for whose benefit such income or such part thereof is receivable are indeterminate or unknown (such income, such part of the income and such persons being hereafter in this section referred to as "relevant income", "part of relevant income" and "beneficiaries", respectively), [3][tax shall be charged on the relevant income or part of relevant income at the maximum marginal rate]:

Provided that in a case where—

[4][(*i*) none of the beneficiaries has any other income chargeable under this Act exceeding the maximum amount not chargeable to tax in the case of an [5][association of persons] or is a beneficiary under any other trust; or]

(*ii*) the relevant income or part of relevant income is receivable [6][under a trust declared by any person by will and such trust is the only trust so declared by him]; or

(*iii*) the relevant income or part of relevant income is receivable under a trust created before the 1st day of March, 1970, by a non-testamentary instrument and the [7][Assessing Officer] is satisfied, having regard to all the circumstances existing at the relevant time, that the trust was created *bona fide* exclusively for the benefit of the relatives of the settlor, or where the settlor is a Hindu undivided family, exclusively for the benefit of the members of such family, in circumstances where such relatives or members were mainly dependent on the settlor for their support and maintenance; or

(*iv*) the relevant income is receivable by the trustees on behalf of a provident fund, superannuation fund, gratuity fund, pension fund or any other fund created *bona fide* by a person carrying on a business or profession exclusively for the benefit of persons employed in such business or profession,

tax shall be charged [8][on the relevant income or part of relevant income as if it] were the total income of an [5][association of persons]:]

[9][Provided further that where any income in respect of which the person mentioned in clause (*iv*) of sub-section (*1*) of section 160 is liable as representative assessee consists of, or includes, profits and gains of business, the preceding proviso shall apply only if such profits and gains are receivable under a trust declared by any person by will exclusively for the benefit of any relative dependent on him for support and maintenance, and such trust is the only trust so declared by him.]

---

1. Subs. by Act 19 of 1970, s. 21, for section 164 (w.e.f. 1-4-1971).
2. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier the words "(*1*) Subject to the provisions of sub-sections (*2*) and (*3*), where" substituted by Act 4 of 1988, s. 64 (w.e.f. 1-4-1989).
3. Subs. by Act 44 of 1980, s. 27, for the portion beginning with the words "tax shall be charged—" and ending with the words "more beneficial to the revenue" (w.e.f. 1-4-1980).
4. Subs. by s. 27, *ibid.*, for clause (*i*) (w.e.f. 1-4-1980).
5. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier the words "association of persons" substituted by Act 4 of 1988, s. 64 (w.e.f. 1-4-1989).
6. Subs. by Act 44 of 1980, s. 27, for "under a trust declared by will" (w.e.f. 1-4-1980).
7. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
8. Subs. by Act 44 of 1980, s. 27, for "as if the relevant income or part of relevant income" (w.e.f. 1-4-1980).
9. Ins. by Act 21 of 1984, s. 21 (w.e.f. 1-4-1985).

[1][(2) In the case of relevant income which is derived from property held under trust wholly for charitable or religious purposes, [2][or which is of the nature referred to in sub-clause (*iia*) of clause (*24*) of section 2, [3][or which is of the nature referred to in sub-section (*4A*) of section 11,] tax shall be charged on so much of the relevant income as is not exempt under section 11 or section 12], as if the relevant income not so exempt were the income of an association of persons:

[4][Provided that in a case where the whole or any part of the relevant income is not exempt under section 11 or section 12 by virtue of the provisions contained in clause (*c*) or clause (*d*) of sub-section (*1*) of section 13, tax shall be charged [on the relevant income or part of relevant income at the maximum marginal rate.]]

(*3*) [5][In a case where the relevant income is derived from property held under trust in part only for charitable or religious purposes or is of the nature referred to in sub-clause (*iia*) of clause (*24*) of section 2] [3][or is of the nature referred to in sub-section (*4A*) of section 11,] and either the relevant income applicable to purposes other than charitable or religious purposes (or any part thereof) [6][is not specifically receivable on behalf or for the benefit of any one person or the individual shares of the beneficiaries in the income so applicable are indeterminate or unknown, the tax chargeable on the relevant income shall be the aggregate of—

(*a*) the tax which would be chargeable on that part of the relevant income which is applicable to charitable or religious purposes (as reduced by the income, if any, which is exempt under section 11) as if such part (or such part as so reduced) were the total income of an association of persons; and

(*b*) the tax on that part of the relevant income which is applicable to purposes other than charitable or religious purposes, and which is either not specifically receivable on behalf or for the benefit of any one person or in respect of which the shares of the beneficiaries are indeterminate or unknown, at the maximum marginal rate:]

Provided that in a case where—

[7][(*i*) none of the beneficiaries in respect of the part of the relevant income which is not applicable to charitable or religious purposes has any other income chargeable under this Act exceeding the maximum amount not chargeable to tax in the case of an association of persons or is a beneficiary under any other trust; or]

(*ii*) the relevant income is receivable [8][under a trust declared by any person by will and such trust is the only trust so declared by him]; or

(*iii*) the relevant income is receivable under a trust created before the 1st day of March, 1970, by a non-testamentary instrument and the [9][Assessing Officer] is satisfied, having regard to all the circumstances existing at the relevant time, that the trust, to the extent it is not for charitable or religious purposes, was created *bona fide* exclusively for the benefit of the settlor, or where the settlor is a Hindu undivided family, exclusively for the benefit of the members of such family, in circumstances where such relatives or members were mainly dependent on the settlor for their support and maintenance,

---

1. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier sub-section (*2*) and (*3*) were omitted by Act 4 of 1988, s. 64 (w.e.f. 1-4-1989).
2. Subs. by Act 16 of 1972, s. 27, for "tax shall be charged on so much of the relevant income as is not exempt under section 11" (w.e.f. 1-4-1973).
3. Ins. by Act 11 of 1983, s. 37 (w.e.f. 1-4-1984).
4. The proviso added by Act 21 of 1984, s. 21 (w.e.f. 1-4-1985).
5. Subs. by Act 16 of 1972, s. 27, for "In a case where the relevant income is derived from  property held under trust in part only in charitable or religious purposes" (w.e.f. 1-4-1973).
6. Subs. by Act 44 of 1980, s. 27, for the portion beginning with the words "is not specifically receivable" and ending with the words "whichever course would be more beneficial to the revenue:" (w.e.f. 1-4-1980).
7. Subs. by s. 27, *ibid*., for clause (*i*) (w.e.f. 1-4-1980).
8. Subs. by s. 27, *ibid*., for "under a trust declared by will" (w.e.f. 1-4-1980).
9. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

tax shall be charged [1][on the relevant income as if the relevant income] (as reduced by the income, if any, which is exempt under section 11) were the total income of an association of persons:]

[2][Provided further that where the relevant income consists of, or includes, profits and gains of business, the preceding proviso shall apply only if the income is receivable under a trust declared by any person by will exclusively for the benefit of any relative dependent on him for support and maintenance, and such trust is the only trust so declared by him:

Provided also that in a case where the whole or any part of the relevant income is not exempt under section 11 or section 12 by virtue of the provisions contained in clause (*c*) or clause (*d*) of sub-section (1) of section 13, tax shall be charged on the relevant income or part of relevant income at the maximum marginal rate.]]

[3][*Explanation 1*.—For the purposes of this section,—

(*i*) any income in respect of which the persons mentioned in clause (*iii*) and clause (*iv*) of sub-section (1) of section 160 are liable as representative assessee or any part thereof shall be deemed as being not specifically receivable on behalf or for the benefit of any one person unless the person on whose behalf or for whose benefit such income or such part thereof is receivable during the previous year is expressly stated in the order of the court or the instrument of trust or wakf deed, as the case may be, and is identifiable as such on the date of such order, instrument or deed;

(*ii*) the individual shares of the persons on whose behalf or for whose benefit such income or such part thereof is received shall be deemed to be indeterminate or unknown unless the individual shares of the persons on whose behalf or for whose benefit such income or such part thereof is receivable, are expressly stated in the order of the court or the instrument of trust or wakf deed, as the case may be, and are ascertainable as such on the date of such order, instrument or deed.

[4]*          *          *          *          *]

[5][**164A. Charge of tax in case of oral trust.**—Where a trustee receives or is entitled to receive any income on behalf or for the benefit of any person under an oral trust, then, notwithstanding anything contained in any other provision of this Act, tax shall be charged on such income at the maximum marginal rate.

*Explanation*.—For the purposes of this section,—

[6]*          *          *          *
*

(*ii*) "oral trust" shall have the meaning assigned to it in *Explanation 2* below sub-section (*1*) of section 160.]

**165. Case where part of trust income is chargeable.**—Where part only of the income of a trust is chargeable under this Act, that proportion only of the income receivable by a beneficiary from the trust which the part so chargeable bears to the whole income of the trust shall be deemed to have been derived from that part.

---

1. Subs. by Act 44 of 1980, s. 27, for "as if the relevant income" (w.e.f. 1-4-1980).
2. Ins. by Act 21 of 1984, s. 21 (w.e.f. 1-4-1985).
3. Ins. by Act 44 of 1980, s. 27 (w.e.f. 1-4-1980).
4. *Explanation* 2 omitted by Act 4 of 1988, s. 64 (w.e.f. 1-4-1989).
5. Ins. by Act 16 of 1981, s. 15 (w.e.f. 1-4-1981).
6. Clause (*i*) omitted by Act 4 of 1988, s. 65 (w.e.f. 1-4-1989).

*D.—Representative assessees—Miscellaneous provisions*

**166.Direct assessment or recovery not barred.**—Nothing in the foregoing sections in this Chapter shall prevent either the direct assessment of the person on whose behalf or for whose benefit income therein referred to is receivable, or the recovery from such person of the tax payable in respect of such income.

**167. Remedies against property in cases of representative assessees.**—The [1][Assessing Officer] shall have the same remedies against all property of any kind vested in or under the control or management of any representative assessee as he would have against the property of any person liable to pay any tax, and in as full and ample a manner, whether the demand is raised against the representative assessee or against the beneficiary direct.

[2][*DD.—Firms, association of persons and body of individuals*

**167A.Charge of tax in the case of a firm.**—In the case of a firm which is assessable as a firm, tax shall be charged on its total income at the [3][rate as specified in the Finance Act of the relevant year].]

[4][**167B.Charge of tax where shares of members in association of persons or body of individuals unknown, etc.**—(*1*) Where the individual shares of the members of an association of persons or body of individuals (other than a company or a co-operative society or a society registered under the Societies Registration Act, 1860 (21 of 1860) or under any law corresponding to that Act in force in any part of India) in the whole or any part of the income of such association or body are indeterminate or unknown, tax shall be charged on the total income of the association or body at the maximum marginal rate:

Provided that, where the total income of any member of such association or body is chargeable to tax at a rate which is higher than the maximum marginal rate, tax shall be charged on the total income of the association or body at such higher rate.

(*2*) Where, in the case of an association of persons or body of individuals as aforesaid [not being a case falling under sub-section (*1*)],—

(*i*)  the total income of any member thereof for the previous year (excluding his share from such association or body) exceeds the maximum amount which is not chargeable to tax in the case of that member under the Finance Act of the relevant year, tax shall be charged on the total income of the association or body at the maximum marginal rate;

(*ii*)  any member or members thereof is or are chargeable to tax at a rate or rates which is or are higher than the maximum marginal rate, tax shall be charged on that portion or portions of the total income of the association or body which is or are relatable to the share or shares of such member or members at such higher rate or rates, as the case may be, and the balance of the total income of the association or body shall be taxed at the maximum marginal rate.

*Explanation*.—For the purposes of this section, the individual shares of the members of an association of persons or body of individuals in the whole or any part of the income of such association or body shall be deemed to be indeterminate or unknown if such shares (in relation to the whole or any part of such income) are indeterminate or unknown on the date of formation of such association or body or at any time thereafter.]

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

2. Subs. by Act 18 of 1992, s. 64, for the sub-heading "*DD.—Association of persons and body of individuals*" (w.e.f. 1-4-1993).

3. Subs. by Act 26 of 1997, s. 44, for "maximum marginal rate" (w.e.f. 1-4-1998).

4.Ins. by Act 3 of 1989, s. 28 (w.e.f. 1-4-1989).

[1][**167C. Liability of partners of limited liability partnership in liquidation.**—Notwithstanding anything contained in the Limited Liability Partnership Act, 2008 (6 of 2009), where any tax due from a limited liability partnership in respect of any income of any previous year or from any other person in respect of any income of any previous year during which such other person was a limited liability partnership cannot be recovered, in such case, every person who was a partner of the limited liability partnership at any time during the relevant previous year, shall be jointly and severally liable for the payment of such tax unless he proves that the non-recovery cannot be attributed to any gross neglect, misfeasance or breach of duty on his part in relation to the affairs of the limited liability partnership.]

[2][*Explanation.*—For the purposes of this section, the expression "tax due" includes penalty, interest or any other sum payable under the Act.]

<center>*E.—Executors*</center>

**168.Executors.**—(*1*) Subject as hereinafter provided, the income of the estate of a deceased person shall be chargeable to tax in the hands of the executor,—

    (*a*)  if there is only one executor, then, as if the executor were an individual; or

    (*b*)  if there are more executors than one, then, as if the executors were an association of persons;

and for the purposes of this Act, the executor shall be deemed to be resident or non-resident according as the deceased person was a resident or non-resident during the previous year in which his death took place.

(*2*) The assessment of an executor under this section shall be made separately from any assessment that may be made on him in respect of his own income.

(*3*) Separate assessments shall be made under this section on the total income of each completed previous year or part thereof as is included in the period from the date of the death to the date of complete distribution to the beneficiaries of the estate according to their several interests.

(*4*) In computing the total income of any previous year under this section, any income of the estate of that previous year distributed to, or applied to the benefit of, any specific legatee of the estate during that previous year shall be excluded; but the income so excluded shall be included in the total income of the previous year of such specific legatee.

*Explanation.*—In this section, "executor" includes an administrator or other person administering the estate of a deceased person.

**169. Right of executor to recover tax paid.**—The provisions of section 162 shall, so far as may be, apply in the case of an executor in respect of tax paid or payable by him as they apply in the case of a representative assessee.

<center>*F.—Succession to business or profession*</center>

**170. Succession to business otherwise than on death.**—(*1*) Where a person carrying on any business or profession (such person hereinafter in this section being referred to as the predecessor) has been succeeded therein by any other person (hereinafter in this section referred to as the successor) who continues to carry on that business or profession,—

    (*a*)  the predecessor shall be assessed in respect of the income of the previous year in which the succession took place up to the date of succession;

---

1. Ins. by Act 33 of 2009, s. 59 (w.e.f. 1-4-2010).
2. Ins. by Act 17 of 2013, s. 44 (w.e.f. 1-6-2013).

(*b*) the successor shall be assessed in respect of the income of the previous year after the date of succession.

(*2*) Notwithstanding anything contained in sub-section (*1*), when the predecessor cannot be found, the assessment of the income of the previous year in which the succession took place up to the date of succession and of the previous year preceding that year shall be made on the successor in like manner and to the same extent as it would have been made on the predecessor, and all the provisions of this Act shall, so far as may be, apply accordingly.

(*3*) When any sum payable under this section in respect of the income of such business or profession for the previous year in which the succession took place up to the date of succession or for the previous year preceding that year, assessed on the predecessor, cannot be recovered from him, the [1][Assessing Officer] shall record a finding to that effect and the sum payable by the predecessor shall thereafter be payable by and recoverable from the successor, and the successor shall be entitled to recover from the predecessor any sum so paid.

(*4*) Where any business or profession carried on by a Hindu undivided family is succeeded to, and simultaneously with the succession or after the succession there has been a partition of the joint family property between the members or groups of members, the tax due in respect of the income of the business or profession succeeded to, up to the date of succession, shall be assessed and recovered in the manner provided in section 171, but without prejudice to the provisions of this section.

*Explanation.*—For the purposes of this section, "income" includes any gain accruing from the transfer, in any manner whatsoever, of the business or profession as a result of the succession.

*G.—Partition*

**171. Assessment after partition of a Hindu undivided family.**—(*1*) A Hindu family hitherto assessed as undivided shall be deemed for the purposes of this Act to continue to be a Hindu undivided family, except where and in so far as a finding of partition has been given under this section in respect of the Hindu undivided family.

(*2*) Where, at the time of making an assessment under section 143 or section 144, it is claimed by or on behalf of any member of a Hindu family assessed as undivided that a partition, whether total or partial, has taken place among the members of such family, the [1][Assessing Officer] shall make an inquiry thereinto after giving notice of the inquiry to all the members of the family.

(*3*) On the completion of the inquiry, the [1][Assessing Officer] shall record a finding as to whether there has been a total or partial partition of the joint family property, and, if there has been such a partition, the date on which it has taken place.

(*4*) Where a finding of total or partial partition has been recorded by the [1][Assessing Officer] under this section, and the partition took place during the previous year,—

(*a*) the total income of the joint family in respect of the period up to the date of partition shall be assessed as if no partition had taken place; and

(*b*) each member or group of members shall, in addition to any tax for which he or it may be separately liable and notwithstanding anything contained in clause (*2*) of section 10, be jointly and severally liable for the tax on the income so assessed.

(*5*) Where a finding of total or partial partition has been recorded by the [1][Assessing Officer] under this section, and the partition took place after the expiry of the previous year, the total income of the

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

previous year of the joint family shall be assessed as if no partition had taken place; and the provisions of clause (*b*) of sub-section (*4*) shall, so far as may be, apply to the case.

(*6*) Notwithstanding anything contained in this section, if the [1][Assessing Officer] finds after completion of the assessment of a Hindu undivided family that the family has already effected a partition, whether total or partial, the [1][Assessing Officer] shall proceed to recover the tax from every person who was a member of the family before the partition, and every such person shall be jointly and severally liable for the tax on the income so assessed.

(*7*) For the purposes of this section, the several liability of any member or group of members thereunder shall be computed according to the portion of the joint family property allotted to him or it at the partition, whether total or partial.

(*8*) The provisions of this section shall, so far as may be, apply in relation to the levy and collection of any penalty, interest, fine or other sum in respect of any period up to date of the partition, whether total or partial, of a Hindu undivided family as they apply in relation to the levy and collection of tax in respect of any such period.

[2][(*9*) Notwithstanding anything contained in the foregoing provisions of this section, where a partial partition has taken place after the 31st day of December, 1978, among the members of a Hindu undivided family hitherto assessed as undivided,—

(*a*)  no claim that such partial partition has taken place shall be inquired into under sub-section (*2*) and no finding shall be recorded under sub-section (*3*) that such partial partition had taken place and any finding recorded under sub-section (*3*) to that effect whether before or after the 18th day of June, 1980, being the date of introduction of the Finance (No. 2) Bill, 1980, shall be null and void;

(*b*)  such family shall continue to be liable to be assessed under this Act as if no such partial partition had taken place;

(*c*)  each member or group of members of such family immediately before such partial partition and the family shall be jointly and severally liable for any tax, penalty, interest, fine or other sum payable under this Act by the family in respect of any period, whether before or after such partial partition;

(*d*)  the several liability of any member or group of members aforesaid shall be computed according to the portion of the joint family property allotted to him or it at such partial partition,

and the provisions of this Act shall apply accordingly.]

*Explanation*.—In this section,—

(*a*)  "partition" means—

(*i*)  where the property admits of a physical division, a physical division of the property, but a physical division of the income without a physical division of the property producing the income shall not be deemed to be a partition; or

(*ii*)  where the property does not admit of a physical division, then such division as the property admits of, but a mere severance of status shall not be deemed to be a partition;

(*b*)  "partial partition" means a partition which is partial as regards the persons constituting the Hindu undivided family, or the properties belonging to the Hindu undivided family, or both.

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 44 of 1980, s. 28 (w.e.f. 1-4-1980).

*H.—Profits of non-residents from occasional shipping business*

**172. Shipping business of non-residents.**—(*1*) The provisions of this section shall, notwithstanding anything contained in the other provisions of this Act, apply for the purpose of the levy and recovery of tax in the case of any ship, belonging to or chartered by a non-resident, which carries passengers, livestock, mail or goods shipped at a port in India[1]***.

(*2*) Where such a ship carries passengers, livestock, mail or goods shipped at a port in India, [2][seven and a half per cent.] of the amount paid or payable on account of such carriage to the owner or the charterer or to any person on his behalf, whether that amount is paid or payable in or out of India, shall be deemed to be income accruing in India to the owner or charterer on account of such carriage.

(*3*) Before the departure from any port in India of any such ship, the master of the ship shall prepare and furnish to the [3][Assessing Officer] a return of the full amount paid or payable to the owner or charterer or any person on his behalf, on account of the carriage of all passengers, livestock, mail or goods shipped at that port since the last arrival of the ship thereat:

Provided that where the [3][Assessing Officer] is satisfied that it is not possible for the master of the ship to furnish the return required by this sub-section before the departure of the ship from the port and provided the master of the ship has made satisfactory arrangements for the filing of the return and payment of the tax by any other person on his behalf, the [3][Assessing Officer] may, if the return is filed within thirty days of the departure of the ship, deem the filing of the return by the person so authorised by the master as sufficient compliance with this sub-section.

(*4*) On receipt of the return, the [3][Assessing Officer] shall assess the income referred to in sub-section (*2*) and determine the sum payable as tax thereon at the [4][rate or rates in force] applicable to the total income of a company which has not made the arrangements referred to in section 194 and such sum shall be payable by the master of the ship.

[5][(*4A*) No order assessing the income and determining the sum of tax payable thereon shall be made under sub-section (*4*) after the expiry of nine months from the end of the financial year in which the return under sub-section (*3*) is furnished:

Provided that where the return under sub-section (*3*) has been furnished before the 1st day of April, 2007, such order shall be made on or before the 31st day of December, 2008.]

(*5*) For the purpose of determining the tax payable under sub-section (*4*), the [3][Assessing Officer] may call for such accounts or documents as he may require.

(*6*) A port clearance shall not be granted to the ship until the Collector of Customs, or other officer duly authorised to grant the same, is satisfied that the tax assessable under this section has been duly paid or that satisfactory arrangements have been made for the payment thereof.

(*7*) Nothing in this section shall be deemed to prevent the owner or charterer of a ship from claiming before the expiry of the assessment year relevant to the previous year in which the date of departure of the ship from the Indian port falls, that an assessment be made of his total income of the previous year and the tax payable on the basis thereof be determined in accordance with the other provisions of this Act, and if he so claims, any payment made under this section in respect of the passengers, livestock, mail or goods shipped at Indian ports during that previous year shall be treated as a payment in advance of the tax

---

1. The certain words omitted by Act 25 of 1975, s. 19 (w.e.f. 1-6-1975).
2. Subs. by s. 19, *ibid.*, for "one-sixth" (w.e.f. 1-6-1975).
3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
4. Subs. by Act 20 of 1967, s. 29, for "rate or rates for the time being" (w.e.f. 1-4-1967).
5. Ins. by Act 22 of 2007, s. 51 (w.e.f. 1-4-2007).

leviable for that assessment year, and the difference between the sum so paid and the amount of tax found payable by him on such assessment shall be paid by him or refunded to him, as the case may be.

[1][(8) For the purposes of this section, the amount referred to in sub-section (2) shall include the amount paid or payable by way of demurrage charge or handling charge or any other amount of similar nature.]

*I.—Recovery of tax in respect of non-residents*

**173. Recovery of tax in respect of non-resident from his assets.**—Without prejudice to the provisions of sub-section (1) of section 161 or of section 167, where the person entitled to the income referred to in clause (i) of sub-section (1) of section 9 is a non-resident, the tax chargeable thereon, whether in his name or in the name of his agent who is liable as a representative assessee, may be recovered by deduction under any of the provisions of Chapter XVII-B and any arrears of tax may be recovered also in accordance with the provisions of this Act from any assets of the non-resident which are, or may at any time come, within India.

*J.—Persons leaving India*

**174. Assessment of persons leaving India.**—(1) Notwithstanding anything contained in section 4, when it appears to the [2][Assessing Officer] that any individual may leave India during the current assessment year or shortly after its expiry and that he has no present intention of returning to India, the total income of such individual for the period from the expiry of the previous year for that assessment year up to the probable date of his departure from India shall be chargeable to tax in that assessment year.

(2) The total income of each completed previous year or part of any previous year included in such period shall be chargeable to tax at the rate or rates in force in that assessment year, and separate assessments shall be made in respect of each such completed previous year or part of any previous year.

(3) The [2][Assessing Officer] may estimate the income of such individual for such period or any part thereof, where it cannot be readily determined in the manner provided in this Act.

(4) For the purpose of making an assessment under sub-section (1), the [2][Assessing Officer] may serve a notice upon such individual requiring him to furnish within such time, not being less than seven days, as may be specified in the notice, a return in the same form and verified in the same manner [3][as a return under clause (i) of sub-section (1) of section 142], setting forth his total income for each completed previous year comprised in the period referred to in sub-section (1) and his estimated total income for any part of the previous year comprised in that period; and the provisions of this Act shall, so far as may be, and subject to the provisions of this section, apply as if the notice were [4][a notice issued under clause (i) of sub-section (1) of section 142].

(5) The tax chargeable under this section shall be in addition to the tax, if any, chargeable under any other provision of this Act.

(6) Where the provisions of sub-section (1) are applicable, any notice issued by the [2][Assessing Officer] under [5][clause (i) of sub-section (1) of section 142 or] section 148 in respect of any tax chargeable under any other provision of this Act may, notwithstanding anything contained in [5][clause (i) of sub-section (1) of section 142 or] section 148, as the case may be, require the furnishing of the return by such individual within such period, not being less than seven days, as the [2][Assessing Officer] may think proper.

---

1. Ins. by Act 26 of 1997, s. 45 (w.e.f. 1-4-1976).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Subs. by s. 126, *ibid.*, for "as a return under sub-section (2) of section 139" (w.e.f. 1-4-1989).
4. Subs. by s. 126, *ibid.*, for "a notice issued under sub-section (2) of section 139" (w.e.f. 1-4-1989).
5. Subs. by s. 126, *ibid.*, for "sub-section (2) of section 139 or sub-section (1) of" (w.e.f. 1-4-1989).

*[1][JA.—Association of persons or body of individuals or
artificial juridical person formed for a particular event or purpose*

**174A. Assessment of association of persons or body of individuals or artificial juridical person formed for a particular event or purpose.**—Notwithstanding anything contained in section 4, where it appears to the Assessing Officer that any association of persons or a body of individuals or an artificial juridical person, formed or established or incorporated for a particular event or purpose is likely to be dissolved in the assessment year in which such association of persons or a body of individuals or an artificial juridical person was formed or established or incorporated or immediately after such assessment year, the total income of such association or body or juridical person for the period from the expiry of the previous year for that assessment year up to the date of its dissolution shall be chargeable to tax in that assessment year, and the provisions of sub-sections (*2*) to (*6*) of section 174 shall, so far as may be, apply to any proceedings in the case of any such person as they apply in the case of persons leaving India.]

*K.—Persons trying to alienate their assets*

**175. Assessment of persons likely to transfer property to avoid tax.**—Notwithstanding anything contained in section 4, if it appears to the [2][Assessing Officer] during any current assessment year that any person is likely to charge, sell, transfer, dispose of or otherwise part with any of his assets with a view to avoiding payment of any liability under the provisions of this Act, the total income of such person for the period from the expiry of the previous year for that assessment year to the date when the [2][AssessingOfficer] commences proceedings under this section shall be chargeable to tax in that assessment year, and the provisions of sub-sections (*2*), (*3*), (*4*), (*5*) and (*6*) of section 174 shall, so far as may be, apply to any proceedings in the case of any such person as they apply in the case of persons leaving India

*L.—Discontinuance of business, or dissolution*

**176. Discontinued business.**—(*1*) Notwithstanding anything contained in section 4, where any business or profession is discontinued in any assessment year, the income of the period from the expiry of the previous year for that assessment year up to the date of such discontinuance may, at the discretion of the [2][Assessing Officer], be charged to tax in that assessment year.

(*2*) The total income of each completed previous year or part of any previous year included in such period shall be chargeable to tax at the rate or rates in force in that assessment year, and separate assessments shall be made in respect of each such completed previous year or part of any previous year.

(*3*) Any person discontinuing any business or profession shall give to the [2][Assessing Officer] notice of such discontinuance within fifteen days thereof.

[3][(*3A*) Where any business is discontinued in any year, any sum received after the discontinuance shall be deemed to be the income of the recipient and charged to tax accordingly in the year of receipt, if such sum would have been included in the total income of the person who carried on the business had such sum been received before such discontinuance.]

(*4*) Where any profession is discontinued in any year on account of the cessation of the profession by, or the retirement or death of, the person carrying on the profession, any sum received after the discontinuance shall be deemed to be the income of the recipient and charged to tax accordingly in the year of receipt, if such sum would have been included in the total income of the aforesaid person had it been received before such discontinuance.

---

1. Ins. by Act 20 of 2002, s. 69 (w.e.f. 1-4-2002).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Ins. by Act 41 of 1975, s. 49 (w.e.f. 1-4-1976).

(*5*) Where an assessment is to be made under the provisions of this section, the [1][Assessing Officer] may serve on the person whose income is to be assessed or, in the case of a firm, on any person who was a partner of such firm at the time of its discontinuance or, in the case of a company, on the principal officer thereof, a notice containing all or any of the requirements which may be included in a notice [2][under clause (*i*) of sub-section (*1*) ofsection 142] and the provisions of this Act shall, so far as may be, apply accordingly as if the notice were a notice issued [2][under clause (*i*) of sub-section (*1*) of section 142].

(*6*) The tax chargeable under this section shall be in addition to the tax, if any, chargeable under any other provision of this Act.

(*7*) Where the provisions of sub-section (*1*) are applicable, any notice issued by the [1][Assessing Officer] under [3][clause (*i*) of sub-section (*1*) of section 142 or] section 148 in respect of any tax chargeable under any other provisions of this Act may, notwithstanding anything contained in [3][clause (*i*) of sub-section (*1*) of section 142 or] section 148, as the case may be, require the furnishing of the return by the person to whom the aforesaid notices are issued within such period, not being less than seven days, as the [1][Assessing Officer] may think proper.

**177. Association dissolved or business discontinued.**—(*1*) Where any business or profession carried on by an association of persons has been discontinued or where an association of persons is dissolved, the [1][Assessing Officer] shall make an assessment of the total income of the association of persons as if no such discontinuance or dissolution had taken place, and all the provisions of this Act, including the provisions relating to the levy of a penalty or any other sum chargeable under any provision of this Act shall apply, so far as may be, to such assessment.

(*2*) Without prejudice to the generality of the foregoing sub-section, if the [1][Assessing Officer] or the [4][*** Commissioner (Appeals)] in the course of any proceeding under this Act in respect of any such association of persons as is referred to in that sub-section is satisfied that the association of persons was guilty of any of the acts specified in Chapter XXI, he may impose or direct the imposition of a penalty in accordance with the provisions of that Chapter.

(*3*) Every person who was at the time of such discontinuance or dissolution a member of the association of persons, and the legal representative of any such person who is deceased, shall be jointly and severally liable for the amount of tax, penalty or other sum payable, and all the provisions of this Act, so far as may be, shall apply to any such assessment or imposition of penalty or other sum.

(*4*) Where such discontinuance or dissolution takes place after any proceedings in respect of an assessment year have commenced, the proceedings may be continued against the persons referred to in sub-section (*3*) from the stage at which the proceedings stood at the time of such discontinuance or dissolution, and all the provisions of this Act shall, so far as may be, apply accordingly.

(*5*) Nothing in this section shall affect the provisions of sub-section (*6*) of section 159.

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

2. Subs. by Act 4 of 1988, s. 126, for "under sub-section (*2*) of section 139" (w.e.f. 1-4-1989).

3. Subs. by s. 126, *ibid.*, for "sub-section (*2*) of section 139 or sub-section (*1*) of" (w.e.f. 1-4-1989).

4. The words and brackets "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998). Which was earlier  substituted as "Deputy Commissioner (Appeals)" for "Appellate Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988) and The words and brackets "or the commissioner (Appeals)" were inserted by Act 22 of 1977, s. 39 and the Fifth Schedule (w.e.f. 1-4-1977).

**178. Company in liquidation.**—(*1*) Every person—

    (*a*)  who is the liquidator of any company which is being wound up, whether under the orders of a court or otherwise; or

    (*b*)  who has been appointed the receiver of any assets of a company,

(hereinafter referred to as the liquidator) shall, within thirty days after he has become such liquidator, give notice of his appointment as such to the [1][Assessing Officer] who is entitled to assess the income of the company.

(*2*) The [1][Assessing Officer] shall, after making such inquiries or calling for such information as he may deem fit, notify to the liquidator within three months from the date on which he receives notice of the appointment of the liquidator the amount which, in the opinion of the [1][Assessing Officer], would be sufficient to provide for any tax which is then, or is likely thereafter to become, payable by the company.

[2][(*3*) The liquidator—

    (*a*)  shall not, without the leave of the [3][4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner]], part with any of the assets of the company or the properties in his hands until he has been notified by the [1][Assessing Officer] under sub-section (*2*); and

    (*b*)  on being so notified, shall set aside an amount, equal to the amount notified and, until he so sets aside such amount, shall not part with any of the assets of the company or the properties in his hands:

Provided that nothing contained in this sub-section shall debar the liquidator from parting with such assets or properties for the purpose of the payment of the tax payable by the company or for making any payment to secured creditors whose debts are entitled under law to priority of payment over debts due to Government on the date of liquidation or for meeting such costs and expenses of the winding up of the company as are in the opinion of the [3][4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner]] reasonable.

(*4*) If the liquidator fails to give the notice in accordance with sub-section (*1*) or fails to set aside the amount as required by sub-section (*3*) or parts with any of the assets of the company or the properties in his hands in contravention of the provisions of that sub-section, he shall be personally liable for the payment of the tax which the company would be liable to pay:

Provided that if the amount of any tax payable by the company is notified under sub-section (*2*), the personal liability of the liquidator under this sub-section shall be to the extent of such amount.]

(*5*) Where there are more liquidators than one, the obligations and liabilities attached to the liquidator under this section shall attach to all the liquidators jointly and severally.

(*6*) The provisions of this section shall have effect notwithstanding anything to the contrary contained in any other law for the time being in force [6][except the provisions of the Insolvency and Bankruptcy Code, 2016].

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Subs. by Act 10 of 1965, s. 41, for sub-sections (*3*) and (*4*) (w.e.f. 1-4-1965).
3. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
4. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
5. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
6. Ins. by Act 31 of 2016, s. 247 and the Third Schedule (w.e.f. 1-11-2016).

[1][*M.—Private companies*]

**179. Liability of directors of private company in liquidation.**—[2][(*1*)][3][Notwithstanding anything contained in the Companies Act, 1956 (1 of 1956), where any tax due from a private company in respect of any income of any previous year or from any other company in respect of any income of any previous year during which such other company was a private company] cannot be recovered, then, every person who was a director of the private company at any time during the relevant previous year shall be jointly and severally liable for the payment of such tax unless he proves that the non-recovery cannot be attributed to any gross neglect, misfeasance or breach of duty on his part in relation to the affairs of the company.

[4][(*2*) Where a private company is converted into a public company and the tax assessed in respect of any income of any previous year during which such company was a private company cannot be recovered, then, nothing contained in sub-section (*1*) shall apply to any person who was a director of such private company in relation to any tax due in respect of any income of such private company assessable for any assessment year commencing before the 1st day of April, 1962.]

[5][*Explanation.*—For the purposes of this section, the expression "tax due" includes penalty, interest or any other sum payable under the Act.]

*N.—Special provisions for certain kinds of income*

**180. Royalties or copyright fees for literary or artistic work.**—Where the time taken by the author of a literary or artistic work in the making thereof is more than twelve months, the amount received or receivable by him during any previous year on account of any lump sum consideration for the assignment or grant of any of his interests in the copyright of that work or of royalties or copyright fees (whether receivable in lump sum or otherwise), in respect of that work, shall, if he so claims, be allocated for purposes of assessment in such manner and to such period as may be prescribed:

[6][Provided that nothing contained in this section shall apply in relation to the previous year relevant to the assessment year commencing on or after the 1st day of April, 2000.]

*Explanation.*—For the purposes of this section, the expression "author" includes a joint author, and the expression "lump sum", in regard to royalties or copyright fees, includes an advance payment on account of such royalties or copyright fees which is not returnable.

[7][**180A. Consideration for know-how.**—Where the time taken by an individual, who is resident in India, for developing any know-how is more than twelve months, he may elect that the gross amount of any lump sum consideration received or receivable by him [8][during the previous year relevant to the assessment year commencing on the 1st day of April, 2000 or earlier assessment years] for allowing use of such know-how shall be treated for the purposes of charging income-tax for that year and for each of the two immediately preceding previous years as if one-third thereof were included in his income chargeable to tax for each of those years respectively and if he so elects, notwithstanding anything contained in any other provision of this Act,—

(*a*) such gross amount shall be so treated, and

(*b*) the assessments for each of the two preceding previous years shall, if made, be accordingly rectified under section 154, the period of four years specified in sub-section (*7*) of that section being reckoned from the end of the financial year in which the assessment relating to the previous year in which the amount was received or receivable by such individual is made.

---

1. Subs. by Act 41 of 1975, s. 50, for "*M.—Private company in liquidation*" (w.e.f. 1-10-1975).
2. Section 179 re-numbered as sub-section (*1*) thereof by s. 50, *ibid*. (w.e.f. 1-10-1975).
3. Subs. by s. 50, *ibid*., for certain words (w.e.f. 1-10-1975).
4. Ins. by s. 50, *ibid*. (w.e.f. 1-10-1975).
5. Ins. by Act 17 of 2013, s. 45 (w.e.f. 1-6-2013).
6. Ins. by Act 27 of 1999, s. 67 (w.e.f. 1-4-2000).
7. Ins. by Act 32 of 1985, s. 31 (w.e.f. 1-4-1986).
8. Subs. by Act 27 of 1999, s. 68, for "during the previous year" (w.e.f. 1-4-2000).

*Explanation.*—For the purposes of this section, the expression "know-how" has the meaning assigned to it in section 35AB.]

[1]***

## CHAPTER XVI

### SPECIAL PROVISIONS APPLICABLE TO FIRMS

[2][*A.—Assessment of firms*

**182.** [**Assessment of registered firms**.]—*Omitted by the Finance Act*, 1992, (18 *of* 1992), *s.* 65 (*w.e.f.* 1-4-1993).

**183.** [**Assessment of unregistered firms**.]—*Omitted by the Finance Act,* 1992, (18 *of* 1992), *s.* 65 (*w.e.f.* 1-4-1993).]

[3][**184. Assessment as a firm.**—(*1*) A firm shall be assessed as a firm for the purposes of this Act, if—

(*i*) the partnership is evidenced by an instrument; and

(*ii*) the individual shares of the partners are specified in that instrument.

(*2*) A certified copy of the instrument of partnership referred to in sub-section (*1*) shall accompany the return of income of the firm of the previous year relevant to the assessment year commencing on or after the 1st day of April, 1993 in respect of which assessment as a firm is first sought.

*Explanation.*—For the purposes of this sub-section, the copy of the instrument of partnership shall be certified in writing by all the partners (not being minors) or, where the return is made after the dissolution of the firm, by all persons (not being minors) who were partners in the firm immediately before its dissolution and by the legal representative of any such partner who is deceased.

(*3*) Where a firm is assessed as such for any asses9+sment year, it shall be assessed in the same capacity for every subsequent year if there is no change in the constitution of the firm or the shares of the partners as evidenced by the instrument of partnership on the basis of which the assessment as a firm was first sought.

(4) Where any such change had taken place in the previous year, the firm shall furnish a certified copy of the revised instrument of partnership along with the return of income for the assessment year relevant to such previous year and all the provisions of this section shall apply accordingly.

[4][(5) Notwithstanding anything contained in any other provision of this Act, where, in respect of any assessment year, there is on the part of a firm any such failure as is mentioned in section 144, the firm shall be so assessed that no deduction by way of any payment of interest, salary, bonus, commission or remuneration, by whatever name called, made by such firm to any partner of such firm shall be allowed in computing the income chargeable under the head "Profits and gains of business or profession" and such interest, salary, bonus, commission or remuneration shall not be chargeable to income-tax under clause (*v*) of section 28.]

[5][**185. Assessment when section 184 not complied with.**—Notwithstanding anything contained in any other provision of this Act, where a firm does not comply with the provisions of section 184 for any assessment year, the firm shall be so assessed that no deduction by way of any payment of interest, salary, bonus, commission or remuneration, by whatever name called, made by such firm to any partner of such firm shall be allowed in computing the income chargeable under the head "Profits and gains of business or profession" and such interest, salary, bonus, commission or remuneration shall not be chargeable to income-tax under clause (*v*) of section 28.]]

---

1. Section 181 and sub-heading "O.—Liability of State Governments" omitted by Act 26 of 1988, s. 36 (w.e.f. 1-4-1989).
2. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier sub-heading "A.—Assessment of firms" and sections 182 and 183 omitted by Act 4 of 1988, s. 67 (w.e.f. 1-4-1989).
3. Subs. by Act 18 of 1992, s. 66, for "sub-heading "B.—Registration of firms" and sections 184, 185 and 86" (w.e.f. 1-4-1993).
4. Subs. by Act 32 of 2003, s. 69, for sub-section (*5*) (w.e.f. 1-4-2004).
5. Subs. by s. 70,*ibid.*, for section 185 (w.e.f. 1-4-2004).

C.—*Changes in constitution, succession and dissolution*

**187. Change in constitution of a firm.**—(*1*) Where at the time of making an assessment under section 143 or section 144 it is found that a change has occurred in the constitution of a firm, the assessment shall be made on the firm as constituted at the time of making the assessment.

[1]*           *           *           *           *

(*2*) For the purposes of this section, there is a change in the constitution of the firm—

(*a*) if one or more of the partners cease to be partners or one or more new partners are admitted, in such circumstances that one or more of the persons who were partners of the firm before the change continue as partner or partners after the change ; or

(*b*) where all the partners continue with a change in their respective shares or in the shares of some of them:

[2][Provided that nothing contained in clause (*a*) shall apply to a case where the firm is dissolved on the death of any of its partners.]

**188. Succession of one firm by another firm.**—Where a firm carrying on a business or profession is succeeded by another firm, and the case is not one covered by section 187, separate assessments shall be made on the predecessor firm and the successor firm in accordance with the provisions of section 170.

[3][**188A. Joint and several liability of partners for tax payable by firm.**—Every person who was, during the previous year, a partner of a firm, and the legal representative of any such person who is deceased, shall be jointly and severally liable along with the firm for the amount of tax, penalty or other sum payable by the firm for the assessment year to which such previous year is relevant, and all the provisions of this Act, so far as may be, shall apply to the assessment of such tax or imposition or levy of such penalty or other sum.]

**189. Firm dissolved or business discontinued.**—(*1*) Where any business or profession carried on by a firm has been discontinued or where a firm is dissolved, the [4][Assessing Officer] shall make an assessment of the total income of the firm as if no such discontinuance or dissolution had taken place, and all the provisions of this Act, including the provisions relating to the levy of a penalty or any other sum chargeable under any provision of this Act, shall apply, so far as may be, to such assessment.

(*2*) Without prejudice to the generality of the foregoing sub-section, if the [4][Assessing Officer] or the [5][Commissioner (Appeals)] in the course of any proceeding under this Act in respect of any such firm as is referred to in that sub-section is satisfied that the firm was guilty of any of the acts specified in Chapter XXI, he may impose or direct the imposition of a penalty in accordance with the provisions of that Chapter.

(*3*) Every person who was at the time of such discontinuance or dissolution a partner of the firm, and the legal representative of any such person who is deceased, shall be jointly and severally liable for the amount of tax, penalty or other sum payable, and all the provisions of this Act, so far as may be, shall apply to any such assessment or imposition of penalty or other sum.

[1]*           *           *           *           *

---

1. The *proviso* omitted by Act 18 of 1992, s. 67 (w.e.f. 1-4-1993). Earlier the proviso was restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989) which was omitted by Act 4 of 1988, s. 69 (w.e.f. 1-4-1989).
2. The proviso added by Act 67 of 1984, s. 33 (w.e.f. 1-4-1975).
3. Ins. by Act 4 of 1988, s. 70 (w.e.f. 1-4-1989).
4. Subs. by s. 2, *ibid.*,for "Income-tax Officer" (w.e.f. 1-4-1988).
5. The words "Deputy Commissioner (Appeals)" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-4-1998). Earlier "Deputy Commissioner (Appeals)" substituted by Act 4 of 1988, s. 2, for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).
6. The *Explanation* omitted by Act 18 of 1992, s. 68 (w.e.f. 1-4-1993). Earlier the *Explanation* reintroduced by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989) and omitted by Act 4 of 1989, s. 71 (w.e.f. 1-4-1989) which was earlier inserted by Act 41 of 1975, s. 52 (w.e.f. 1-10-1975)

(*4*) Where such discontinuance or dissolution takes place after any proceedings in respect of an assessment year have commenced, the proceedings may be continued against the person referred to in sub-section (*3*) from the stage at which the proceedings stood at the time of such discontinuance or dissolution, and all the provisions of this Act shall, so far as may be, apply accordingly.

(*5*) Nothing in this section shall affect the provisions of sub-section (*6*) of section 159.

[1][**189A. Provisions applicable to past assessments of firms.**—In relation to the assessment of any firm and its partners for the assessment year commencing on the 1st day of April, 1992, or any earlier assessment year, the provisions of this Chapter as they stood immediately before the 1st day of April, 1993, shall continue to apply.]

CHAPTER XVII

COLLECTION AND RECOVERY OF TAX

*A.—General*

**190. Deductionat source and advance payment.**—(*1*) Notwithstanding that the regular assessment in respect of any income is to be made in a later assessment year, the tax on such income shall be payable by deduction [2][or collection] at source [3][or by advance payment or by payment under sub-section (*1A*) of section 192], as the case may be, in accordance with the provisions of this Chapter.

(*2*) Nothing in this section shall prejudice the charge of tax on such income under the provisions of sub-section (*1*) of section 4.

**191. Direct payment.**—[4]*** In the case of income in respect of which provision is not made under this Chapter for deducting income-tax at the time of payment, and in any case where income-tax has not been deducted in accordance with the provisions of this Chapter, income-tax shall be payable by the assessee direct.

[5]*        *        *        *        *

[6][*Explanation.*—For the removal of doubts, it is hereby declared that if any person including the principal officer of a company,—

    (*a*)  who is required to deduct any sum in accordance with the provisions of this Act; or

    (*b*)  referred to in sub-section (*1A*) of section 192, being an employer,

does not deduct, or after so deducting fails to pay, or does not pay, the whole or any part of the tax, as required by or under this Act, and where the assessee has also failed to pay such tax directly, then, such person shall, without prejudice to any other consequences which he may incur, be deemed to be an assessee in default within the meaning of sub-section (*1*) of section 201, in respect of such tax.]

---

1. Ins. by Act 18 of 1992, s. 69 (w.e.f. 1-4-1993). Earlier section 189A was inserted by Act 4 of 1988, s. 72 (w.e.f. 1-4-1989) which was later omitted by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).

2. Ins. by Act 3 of 1989, s. 29 (w.e.f. 1-6-1988).

3. Ins. by Act 20 of 2002, s. 70 (w.e.f. 1-6-2002).

4. The brackets and figure "(*1*)" omitted by Act 10 of 1965, s. 43 (w.e.f. 1-4-1965).

5. Sub-section (*2*) omitted by s. 43, *ibid.* (w.e.f. 1-4-1965).

6. The *Explanation* substituted by Act 18 of 2008, s. 41 (w.e.f. 1-6-2003). Earlier inserted by 32 of 2003, s. 71 (w.e.f. 1-6-2003).

*B.—Deduction at source*

**192. Salary.**—(*1*) Any person responsible for paying any income chargeable under the head "Salaries" shall, at the time of payment, deduct income-tax[1]*** on the amount payable at the average rate of income-tax[2]*** computed on the basis of the [3][rates in force] for the financial year in which the payment is made, on the estimated income of the assessee under this head for that financial year.

[4][(*1A*) Without prejudice to the provisions contained in sub-section (*1*), the person responsible for paying any income in the nature of a perquisite which is not provided for by way of monetary payment, referred to in clause (*2*) of section 17, may pay, at his option, tax on the whole or part of such income without making any deduction therefrom at the time when such tax was otherwise deductible under the provisions of sub-section (*1*).

(*1B*) For the purpose of paying tax under sub-section (*1A*), tax shall be determined at the average of income-tax computed on the basis of the rates in force for the financial year, on the income chargeable under the head "Salaries" including the income referred to in sub-section (*1A*), and the tax so payable shall be construed as if it were, a tax deductible at source, from the income under the head "Salaries" as per the provisions of sub-section (*1*), and shall be subject to the provisions of this Chapter.]

[5][(*2*) Where, during the financial year, an assessee is employed simultaneously under more than one employer, or where he has held successively employment under more than one employer, he may furnish to the person responsible for making the payment referred to in sub-section (*1*) (being one of the said employers as the assessee may, having regard to the circumstances of his case, choose), such details of the income under the head "Salaries" due or received by him from the other employer or employers, the tax deducted at source therefrom and such other particulars, in such form and verified in such manner as may be prescribed, and thereupon the person responsible for making the payment referred to above shall take into account the details so furnished for the purposes of making the deduction under sub-section (*1*).

(*2A*) Where the assessee, being a Government servant or an employee in a [6][company, co-operative society, local authority, university, institution, association or body] is entitled to the relief under sub-section (*1*) of section 89, he may furnish to the person responsible for making the payment referred to in sub-section (*1*), such particulars, in such form and verified in such manner as may be prescribed, and thereupon the person responsible as aforesaid shall compute the relief on the basis of such particulars and take it into account in making the deduction under sub-section (1).

[7][*Explanation.*—For the purposes of this sub-section, "University" means a University established or incorporated by or under a Central, State or Provincial Act, and includes an institution declared under section 3 of the University Grants Commission Act, 1956 (3 of 1956), to be a University for the purposes of that Act.]

[1][(*2B*) Where an assessee who receives any income chargeable under the head "Salaries" has, in addition, any income chargeable under any other head of income (not being a loss under any such head other than the loss under the head "Income from house property") for the same financial year, he may send to the person responsible for making the payment referred to in sub-section (*1*) the particulars of—

(*a*)  such other income and of any tax deducted thereon under any other provision of this Chapter;

---

1. The words "and super tax" omitted by Act 10 of 1965, s. 44 (w.e.f. 1-4-1965).
2. The words "and average rate of super-tax respectively" omitted by s. 44, *ibid* (w.e.f. 1-4-1965).
3. Subs. by Act 19 of 1968, s. 13, for "rates of tax in force" (w.e.f. 1-4-1968).
4. Ins. by Act 20 of 2002, s. 71 (w.e.f. 1-6-2002).
5. Ins. by Act 11 of 1987, s. 45 (w.e.f. 1-6-1987).
6. Subs. by Act 13 of 1989, s. 21, for "public sector undertaking" (w.e.f. 1-6-1989).
7. Ins. by s. 21, *ibid*. (w.e.f. 1-6-1989).
8. Subs. by Act 21 of 1998, s. 47, for sub-section (*2B*) (w.e.f. 1-8-1998).

(*b*)  the loss, if any, under the head "Income from house property",

in such form and verified in such manner as may be prescribed, and thereupon the person responsible as aforesaid shall take—

(*i*)  such other income and tax, if any, deducted thereon; and

(*ii*)  the loss, if any, under the head "Income from house property",

also into account for the purposes of making the deduction under sub-section (*1*):

Provided that this sub-section shall not in any case have the effect of reducing the tax deductible except where the loss under the head "Income from house property" has been taken into account, from income under the head "Salaries" below the amount that would be so deductible if the other income and the tax deducted thereon had not been taken into account.]]

[1][(*2C*) A person responsible for paying any income chargeable under the head "Salaries" shall furnish to the person to whom such payment is made a statement giving correct and complete particulars of perquisites or profits in lieu of salary provided to him and the value thereof in such form and manner as may be prescribed.]

[2][(*2D*) The person responsible for making the payment referred to in sub-section (*1*) shall, for the purposes of estimating income of the assessee or computing tax deductible under sub-section (*1*), obtain from the assessee the evidence or proof or particulars of prescribed claims (including claim for set-off of loss) under the provisions of the Act in such form and manner as may be prescribed.]

(*3*)  The person responsible for making the payment referred to in sub-section (*1*) [3][or sub-section (*1A*)][4][or sub-section (*2*) or sub-section (*2A*) or sub-section (*2B*)] may, at the time of making any deduction, increase or reduce the amount to be deducted under this section for the purpose of adjusting any excess or deficiency arising out of any previous deduction or failure to deduct during the financial year.

(*4*)  The trustees of a recognised provident fund, or any person authorised by the regulations of the fund to make payment of accumulated balances due to employees, shall, in cases where sub-rule (*1*) of rule 9 of Part A of the Fourth Schedule applies, at the time an accumulated balance due to an employee is paid, make therefrom the deduction provided in rule 10 of Part A of the Fourth Schedule.

(*5*)  Where any contribution made by an employer, including interest on such contributions, if any, in an approved superannuation fund is paid to the employee, [5][tax] on the amount so paid shall be deducted by the trustees of the fund to the extent provided in rule 6 of Part B of the Fourth Schedule.

(*6*)  For the purposes of deduction of tax on salary payable in foreign currency, the value in rupees of such salary shall be calculated at the prescribedrate of exchange.

[1]*        *        *        *        *

[2][**192A. Payment of accumulated balance due to an employee.**—Notwithstanding anything contained in this Act, the trustees of the Employees' Provident Fund Scheme, 1952, framed under section 5 of the Employees' Provident Funds and Miscellaneous Provisions Act, 1952 (19 of 1952) or any

---

1. Ins. by Act 14 of 2001, s. 68 (w.e.f. 1-6-2001).
2. Ins. by Act 20 of 2015, s. 41 (w.e.f. 1-6-2015).
3. Ins. by Act 20 of 2002, s. 71 (w.e.f. 1-6-2002).
4. Ins. by Act 11 of 1987, s. 45 (w.e.f. 1-6-1987).
5. Subs. by Act 10 of 1965, s. 44, for "Income-tax and super-tax" (w.e.f. 1-4-1965).
6. The *Explanation* omitted by s. 44, *ibid* (w.e.f. 1-4-1965).
7. Ins. by Act 20 of 2015, s. 42 (w.e.f. 1-6-2015).

person authorised under the scheme to make payment of accumulated balance due to employees, shall, in a case where the accumulated balance due to an employee participating in a recognised provident fund is includible in his total income owing to the provisions of rule 8 of Part A of the Fourth Schedule not being applicable, at the time of payment of the accumulated balance due to the employee, deduct income-tax thereon at the rate of ten per cent:

Provided that no deduction under this section shall be made where the amount of such payment or, as the case may be, the aggregate amount of such payment to the payee is less than [1][fifty thousand rupees]:

Provided further that any person entitled to receive any amount on which tax is deductible under this section shall furnish his Permanent Account Number to the person responsible for deducting such tax, failing which tax shall be deducted at the maximum marginal rate.]

**193. Interest on securities.**—[2][The person responsible for paying to a residentany income] [3][by way of interest on securities] shall, [4][at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier], deduct income-tax[5]*** at the rates in force on the amount of the interest payable:

[6]*          *          *          *          *

[7][Provided [8]*** that no tax shall be deducted from—

(*i*)  any interest payable on 4¼ per cent National Defence Bonds, 1972, where the bonds are held by an individual, not being a non-resident; or

[9][(*ia*) any interest payable to an individual on 4¼ per cent National Defence Loan, 1968, or 4¾ per cent. National Defence Loan, 1972; or]

[10][(*ib*) any interest payable on National Development Bonds; or]

[11]*          *          *          *          *

[12][(*iia*) any interest payable on 7-Year National Savings Certificates (IV Issue); or

[1][(*iib*) any interest payable on such debentures, issued by any institution or authority, or any public sector company, or any co-operative society (including a co-operative land mortgage bank or a co-operative land development bank), as the Central Government may, by notification in the Official Gazette, specify in this behalf;]]

[2]*          *          *          *          *

(*iii*) any interest payable on 6½ per cent Gold Bonds, 1977, or 7 per cent. Gold Bonds, 1980, where the Bonds are held by an individual not being a non-resident, and the holder thereof makes a

1. Subs. by Act 28 of 2016, s. 72, for "thirty thousand rupees" (w.e.f. 1-6-2016).
2. Subs. by Act 32 of 2003, s. 72, for "The person responsible for paying any income" (w.e.f. 1-6-2003).
3. Subs. by Act 26 of 1988, s. 37, for 'chargeable under the head "Interest on securities"' (w.e.f. 1-4-1989).
4. Subs. by Act 13 of 1989, s. 22, for "at the time of payment" (w.e.f. 1-6-1989).
5. The words "and super-tax" omitted by Act 10 of 1965, s. 45 (w.e.f. 1-4-1965).
6. The first proviso omitted by Act 18 of 1992, s. 70 (w.e.f. 1-6-1992).
7. Subs. by Act 15 of 1965, s. 13, for the proviso (w.e.f. 11-9-1965).
8. The word "further" omitted by Act 18 of 1992, s. 70 (w.e.f. 1-6-1992).
9. Ins. by Act 41 of 1965, s. 4 (w.e.f. 4-12-1965).
10. Ins. by Act 19 of 1978, s. 20 (w.e.f. 1-4-1978).
11. Clause (*ii*) omitted by Act 26 of 1988, s. 37 (w.e.f. 1-4-1989).
12. Ins. by Act 19 of 1970, s. 22 (w.e.f. 1-4-1970).
13. Subs. by Act 28 of 1986, s. 29, for clause (*iib*) (w.e.f. 1-6-1986).
14. The *Explanation* omitted by Act 11 of 1987, s. 74 (w.e.f. 1-4-1987).

629 of 872

declaration in writing before the person responsible for paying the interest that the total nominal value of the 6½ per cent Gold Bonds, 1977, or, as the case may be, the 7 per cent. Gold Bonds, 1980, held by him (including such bonds, if any, held on his behalf by any other person) did not in either case exceed ten thousand rupees at any time during the period to which the interest relates;]

[1]*              *              *              *              *

[2][(*iv*) any interest payable on any security of the Central Government or a State Government:]

[3][Provided that nothing contained in this clause shall apply to the interest exceeding rupees ten thousand payable on 8% Savings (Taxable) Bonds, 2003 during the financial year;]

[4][(*v*) any interest payable to an individual or a Hindu undivided family, who is resident in India, on any debenture issued by a company in which the public are substantially interested, if—

(*a*)  the amount of interest or, as the case may be, the aggregate amount of such interest paid or likely to be paid on such debenture during the financial year by the company to such individual or Hindu undivided family does not exceed five thousand rupees; and

(*b*)  such interest is paid by the company by an account payee cheque;]

[5][(*vi*) any interest payable to the Life Insurance Corporation of India established under the Life Insurance Corporation Act, 1956 (31 of 1956), in respect of any securities owned by it or in which it has full beneficial interest; or

(*vii*) any interest payable to the General Insurance Corporation of India (hereafter in this clause referred to as the Corporation) or to any of the four companies (hereafter in this clause referred to as such company), formed by virtue of the schemes framed under sub-section (1) of section 16 of the General Insurance Business (Nationalisation) Act, 1972 (57 of 1972), in respect of any securities owned by the Corporation or such company or in which the Corporation or such company has full beneficial interest; or

(*viii*) any interest payable to any other insurer in respect of any securities owned by it or in which it has full beneficial interest;]

[6][(*ix*) any interest payable on any security issued by a company, where such security is in dematerialised form and is listed on a recognised stock exchange in India in accordance with the Securities Contracts (Regulation) Act, 1956 (42 of 1956) and the rules made thereunder.]

[1][*Explanation*[2]***.—For the purposes of this section, where any income by way of interest on securities is credited to any account, whether called "Interest payable account" or "Suspense account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be credit of such income to the account of the payee and the provisions of this section shall apply accordingly.]

[3]*              *              *              *              *

---

1. Clause (*iiia*) omitted by Act 26 of 1997, s. 46 (w.e.f. 1-6-1997).
2. Subs. by s. 46, *ibid*., for clause (*iv*) (w.e.f. 1-6-1997).
3. Ins. by Act 22 of 2007, s. 52 (w.e.f. 1-6-2007).
4. Subs. by Act 23 of 2012, s. 72, for clause (*v*) (w.e.f. 1-7-2012).
5. Ins. by Act 20 of 2002, s. 72 (w.e.f. 1-6-2002).
6. Ins. by Act 18 of 2008, s. 42 (w.e.f. 1-6-2008).
7. Ins. by Act 13 of 1989, s. 22 (w.e.f. 1-6-1989).
8. The figure "1" omitted by Act 18 of 1992, s. 70 (w.e.f. 1-6-1992).
9. *Explanation* 2 omitted by s. 70, *ibid* (w.e.f. 1-6-1992).

**194. Dividends.**—The principal officer of an Indian company or a company which has made the prescribed arrangements for the declaration and payment of dividends (including dividends on preference shares) within India, shall, before making any payment in cash or before issuing any cheque or warrant in respect of any dividend or before making any distribution or payment to a shareholder, [1][who is resident in India,] of any dividend within the meaning of sub-clause (*a*) or sub-clause (*b*) or sub-clause (*c*) or sub-clause (*d*) or sub-clause (*e*) of clause (*22*) of section 2, deduct from the amount of such dividend, income-tax [2]*** at the rates in force:

[3][Provided that no such deduction shall be made in the case of a shareholder, being an individual, if—

(*a*)  the dividend is paid by the company by an account payee cheque; and

(*b*)  the amount of such dividend or, as the case may be, the aggregate of the amounts of such dividend distributed or paid or likely to be distributed or paid during the financial year by the company to the shareholder, does not exceed [4][two thousand five hundred rupees]:

Provided further that the provisions of this section shall not apply to such income credited or paid to—

(*a*)  the Life Insurance Corporation of India established under the Life Insurance Corporation Act, 1956 (31 of 1956), in respect of any shares owned by it or in which it has full beneficial interest;

(*b*)  the General Insurance Corporation of India (hereafter in this proviso referred to as the Corporation) or to any of the four companies (hereafter in this proviso referred to as such company), formed by virtue of the schemes framed under sub-section (*1*) of section 16 of the General Insurance Business (Nationalisation) Act, 1972 (57 of 1972), in respect of any shares owned by the Corporation or such company or in which the Corporation or such company has full beneficial interest;

(*c*)  any other insurer in respect of any shares owned by it or in which it has full beneficial interest:]

[5][Provided also that no such deduction shall be made in respect of any dividends referred to in section 115-O.]

[6][**194A. Interest other than "Interest on securities".**—(*1*) Any person, not being an individual or a Hindu undivided family, who is responsible for paying to a resident any income by way of interest other than income by way of interest on securities, shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rates in force:

[1][Provided that an individual or a Hindu undivided family, whose total sales, gross receipts or turnover from the business or profession carried on by him exceed the monetary limits specified under clause (*a*) or clause (*b*) of section 44AB during the financial year immediately preceding the financial year in which such interest is credited or paid, shall be liable to deduct income-tax under this section.]

[2][*Explanation.*—For the purposes of this section, where any income by way of interest as aforesaid is credited to any account, whether called "Interest payable account" or "Suspense account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be credit of such income to the account of the payee and the provisions of this section shall apply accordingly.]

---

1. Ins. by Act 49 of 1991, s. 51 (w.e.f. 1-10-1991).
2. The words "and super-tax" omitted by Act 10 of 1965 (w.e.f. 1-4-1965).
3. Subs. by Act 20 of 2002, s. 73, for the first and second provisos (w.e.f. 1-6-2002).
4. Subs. by Act 32 of 2003, s. 73, for "one thousand rupees" (w.e.f. 1-8-2002).
5. Ins. by s. 73, *ibid.* (w.e.f. 1-4-2003).
6. Ins. by Act 20 of 1967, s. 30 (w.e.f. 1-4-1967).
7. Ins. by Act 20 of 2002, s. 74 (w.e.f. 1-6-2002).
8. Ins. by Act 11 of 1987, s. 47 (w.e.f. 1-6-1987).

[1]*           *           *           *           *

(3) The provisions of sub-section (1) shall not apply—

[2][(i)  where the amount of such income or, as the case may be, the aggregate of the amounts of such income credited or paid or likely to be credited or paid during the financial year by the person referred to in sub-section (1) to the account of, or to, the payee, [3][does not exceed—

(a)  ten thousand rupees, where the payer is a banking company to which the Banking Regulation Act, 1949 (10 of 1949) applies (including any bank or banking institution, referred to in section 51 of that Act);

(b)  ten thousand rupees, where the payer is a co-operative society engaged in carrying on the business of banking;

(c)  ten thousand rupees, on any deposit with post office under any scheme framed by the Central Government and notified by it in this behalf; and

(d)  five thousand rupees in any other case]:]

[4][Provided that in respect of the income credited or paid in respect of—

(a)  time deposits with a banking company to which the Banking Regulation Act, 1949 (10 of 1949) applies (including any bank or banking institution referred to in section 51 of that Act); or

(b)  time deposits with a co-operative society engaged in carrying on the business of banking;

(c)  deposits with a public company which is formed and registered in India with the main object of carrying on the business of providing long-term finance for construction or purchase of houses in India [1][for residential purposes and which is eligible for deduction under clause (viii) of sub-section (1) of section 36] [2]***;

[3]*** the aforesaid amount shall be computed with reference to the income credited or paid by a branch of the banking company or the co-operative society or the public company, as the case may be:]

[4][Provided further that the amount referred to in the first proviso shall be computed with reference to the income credited or paid by the banking company or the co-operative society or the public company, as the case may be, where such banking company or the co-operative society or the public company has adopted core banking solutions;]

---

1. Sub-section (2) omitted by Act 18 of 1992, s. 71 (w.e.f. 1-6-1992).

2. Subs. by Act 25 of 1975, s. 20, for clause (i) (w.e.f. 1-4-1975).

3. Subs. by Act 22 of 2007, s. 53, for "does not exceed five thousand rupees" (w.e.f. 1-6-2007).

4. Subs. by Act 33 of 1996, s. 49, for the proviso (w.e.f. 1-10-1996).

5. Subs. by Act 10 of 2000, s. 60, for "for residential purposes" (w.e.f. 1-4-2000).

6. The certain words, brackets and figures omitted by Act 27 of 1999, s. 69 (w.e.f. 1-4-2000).

7. The certain words omitted by Act 14 of 2001, s. 69 (w.e.f. 1-6-2001).

8. Ins. by Act 20 of 2015, s. 43 (w.e.f. 1-6-2015).

[1]*                    *                    *                    *                    *

(*iii*) to such income credited or paid to—

    (*a*)  any banking company to which the Banking Regulation Act, 1949 (10 of 1949), applies, or any co-operative society engaged in carrying on the business of banking (including a co-operative land mortgage bank), or

    (*b*)  any financial corporation established by or under a Central, State or Provincial Act, or

    (*c*)  the Life Insurance Corporation of India established under the Life Insurance Corporation Act, 1956 (31 of 1956), or

    (*d*)  the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963), or

    (*e*)  any company or co-operative society carrying on the business of insurance, or

    (*f*)  such other institution, association or body [2][or class of institutions, associations or bodies] which the Central Government may, for reasons to be recorded in writing, notify in this behalf in the Official Gazette;

[3][(*iv*) to such income credited or paid by a firm to a partner of the firm;]

    (*v*)  to such income credited or[1][paid by a co-operative society (other than a co-operative bank) to a member thereof or to such income credited or paid by a co-operative society] to any other co-operative society;]

[2][*Explanation.*—For the purposes of this clause, "co-operative bank" shall have the same meaning as assigned to it in Part V of the Banking Regulation Act, 1949 (10 of 1949);]

    [3][(*vi*) to such income credited or paid in respect of deposits under any scheme framed by the Central Government and notified by it in this behalf in the Official Gazette;

    [4][(*vii*) to such income credited or paid in respect of deposits (other than time deposits made on or after the 1st day of July, 1995) with a banking company to which the Banking Regulation Act, 1949 (10 of 1949) applies (including any bank or banking institution referred to in section 51 of that Act);

---

1. Clause (*ii*) omitted by Act 27 of 1999, s. 69 (w.e.f. 1-4-2000).

2. Ins. by Act 19 of 1968, s. 14 (w.e.f. 1-4-1968).

3. Ins. by Act 3 of 1989, s. 30 (w.e.f. 1-4-1988). Which was omitted by Act 4 of 1988, s. 73 (w.e.f. 1-4-1988). Original clause (*iv*) was inserted by Act 19 of 1968, s. 14 (w.e.f. 1-4-1968).

4. Subs. by Act 20 of 2015, s. 43, for "paid by co-operative society to a member thereof or" (w.e.f. 1-6-2015).

5. Ins. by s. 43, *ibid.* (w.e.f. 1-6-2015).

6. Ins. by Act 19 of 1970, s. 23 (w.e.f. 1-4-1970).

7. Subs. by Act 22 of 1995, s. 33, for clause (*vii*) (w.e.f. 1-7-1995).

(*viia*) to such income credited or paid in respect of,—

(*a*)  deposits with a primary agricultural credit society or a primary credit society or a co-operative land mortgage bank or a co-operative land development bank;

(*b*)  deposits (other than time deposits made on or after the 1st day of July, 1995) with a co-operative society, other than a co-operative society or bank referred to in sub-clause (*a*), engaged in carrying on the business of banking;]

[1][(*viii*) to such income credited or paid by the Central Government under any provision of this Act or the Indian Income-tax Act, 1922 (11 of 1922), or the Estate Duty Act, 1953 (34 of 1953), or the Wealth-tax Act, 1957 (27 of 1957), or the Gift-tax Act, 1958 (18 of 1958), or the Super Profits Tax Act, 1963 (14 of 1963), or the Companies (Profits) Surtax Act, 1964 (7 of 1964), or the Interest-tax Act, 1974 (45 of 1974);]

[2][(*ix*) to such income credited by way of interest on the compensation amount awarded by the Motor Accidents Claims Tribunal;

(*ixa*) to such income paid by way of interest on the compensation amount awarded by the Motor Accidents Claims Tribunal where the amount of such income or, as the case may be, the aggregate of the amounts of such income paid during the financial year does not exceed fifty thousand rupees;]

[3][(*x*)  to such income which is paid or payable by an infrastructure capital company or infrastructure capital fund or a public sector company [4][or scheduled bank] in relation to a zero coupon bond issued on or after the 1st day of June, 2005 by such company or fund or public sector company [4][or scheduled bank];]

[5][(*xi*) to any income by way of interest referred to in clause (*23FC*) of section 10.]

[1][*Explanation 1.*—For the purposes of clauses (*i*), (*vii*) and (*viia*), "time deposits" means deposits ([2][including] recurring deposits) repayable on the expiry of fixed periods.

[3]*          *          *          *          *]

[1][(*4*) The person responsible for making the payment referred to in sub-section (*1*) may, at the time of making any deduction, increase or reduce the amount to be deducted under this section for the purpose of adjusting any excess or deficiency arising out of any previous deduction or failure to deduct during the financial year.]

[4]*          *          *          *          *

---

1. Ins. by Act 25 of 1975, s. 20 (w.e.f. 1-4-1975).

2. Subs. by Act 20 of 2015, s. 43, for clause (*ix*) (w.e.f. 1-6-2015).

3. Ins. by Act 18 of 2005, s. 48 (w.e.f. 1-6-2005).

4. Ins. by Act 33 of 2009, s. 60 (w.e.f. 1-4-2009).

5. Ins. by Act 25 of 2014, s. 56 (w.e.f. 1-10-2014).

6. Subs. by Act 18 of 2005, s. 48, for the *Explanation* (w.e.f. 1-6-2005).

7. Subs. by Act 20 of 2015, s. 43, for "excluding" (w.e.f. 1-6-2015).

8. *Explanation* 2 omitted by Act 21 of 2006 s. 40 (w.e.f. 1-4-2006).

9. The *Explanation* omitted by Act 18 of 1992, s. 71 (w.e.f. 1-6-1992).

[1][**194B. Winnings from lottery or crossword puzzle.—**The person responsible for paying to any person any income by way of winnings from any lottery or crossword puzzle [2][or card game and other game of any sort] in an amount exceeding [3][ten thousand rupees] shall, at the time of payment thereof, deduct income-tax thereon at the rates in force:

[4]*          *          *          *]

[5][[6][Providedthat] in a case where the winnings are wholly in kind or partly in cash and partly in kind but the part in cash is not sufficient to meet the liability of deduction of tax in respect of whole of the winnings, the person responsible for paying shall, before releasing the winnings, ensure that tax has been paid in respect of the winnings.]

[7][**194BB. Winnings from horse race.—**Any person, being a bookmaker or a person to whom a licence has been granted by the Government under any law for the time being in force for horse racing in any race course or for arranging for wagering or betting in any race course, who is responsible for paying to any person any income by way of winnings from any horse race in an amount exceeding [8][ten thousand rupees] shall, at the time of payment thereof, deduct income-tax thereon at the rates in force.

[4]*          *          *          *]

[9][**194C. Payments to contractors.—**(*1*) Any person responsible for paying any sum to any resident (hereafter in this section referred to as the contractor) for carrying out any work (including supply of labour for carrying out any work) in pursuance of a contract between the contractor and a specified person shall, at the time of credit of such sum to the account of the contractor or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct an amount equal to—

　　(*i*) one per cent where the payment is being made or credit is being given to an individual or a Hindu undivided family;

　　(*ii*) two per cent where the payment is being made or credit is being given to a person other than an individual or a Hindu undivided family,

of such sum as income-tax on income comprised therein.

(*2*) Where any sum referred to in sub-section (*1*) is credited to any account, whether called "Suspense account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be credit of such income to the account of the payee and the provisions of this section shall apply accordingly.

(*3*) Where any sum is paid or credited for carrying out any work mentioned in sub-clause (*e*) of clause (*iv*) of the *Explanation,* tax shall be deducted at source—

　　(*i*) on the invoice value excluding the value of material, if such value is mentioned separately in the invoice; or

　　(*ii*) on the whole of the invoice value, if the value of material is not mentioned separately in the invoice.

---

1. Ins. by Act 16 of 1972, s. 28 (w.e.f. 1-4-1975).
2. Ins. by Act 14 of 2001, s. 70 (w.e.f. 1-6-2001).
3. Subs. by Act 14 of 2010, s. 35, for "five thousands rupees" (w.e.f. 1-7-2010). Earlier substituted by Act 26 of 1986, s. 30, for "one thousands rupees" (w.e.f. 1-6-1986).
4. The proviso omitted by Act 27 of 1999, s. 70 (w.e.f. 1-4-2000).
5. Ins. by Act 26 of 1997, s. 48 (w.e.f. 1-6-1997).
6. Subs. by Act 27 of 1999, s. 70, "Provided futher that" (w.e.f. 1-4-2000).
7. Ins. by Act 19 of 1978, s. 21 (w.e.f. 1-4-1978).
8. Subs. by Act 28 of 2016, s. 73, for "five thousand rupees" (w.e.f. 1-6-2016).
9. Subs. by Act 33 of 2009, s. 61, for section 194C (w.e.f. 1-10-2009).

(*4*) No individual or Hindu undivided family shall be liable to deduct income-tax on the sum credited or paid to the account of the contractor where such sum is credited or paid exclusively for personal purposes of such individual or any member of Hindu undivided family.

(*5*) No deduction shall be made from the amount of any sum credited or paid or likely to be credited or paid to the account of, or to, the contractor, if such sum does not exceed [1][thirty thousand rupees]:

Provided that where the aggregate of the amounts of such sums credited or paid or likely to be credited or paid during the financial year exceeds [2][one lakh rupees], the person responsible for paying such sums referred to in sub-section (*1*) shall be liable to deduct income-tax under this section.

(*6*) No deduction shall be made from any sum credited or paid or likely to be credited or paid during the previous year to the account of a contractor during the course of business of plying, hiring or leasing goods carriages, [3][where such contractor owns ten or less goods carriages at any time during the previous year and furnishes a declaration to that effect along with] his Permanent Account Number, to the person paying or crediting such sum.

(*7*) The person responsible for paying or crediting any sum to the person referred to in sub-section (*6*) shall furnish, to the prescribed income-tax authority or the person authorised by it, such particulars, in such form and within such time as may be prescribed.

*Explanation.*—For the purposes of this section,—

(*i*) "specified person" shall mean,—

(*a*) the Central Government or any State Government; or

(*b*) any local authority; or

(*c*) any corporation established by or under a Central, State or Provincial Act; or

(*d*) any company; or

(*e*) any co-operative society; or

(*f*) any authority, constituted in India by or under any law, engaged either for the purpose of dealing with and satisfying the need for housing accommodation or for the purpose of planning, development or improvement of cities, towns and villages, or for both; or

(*g*) any society registered under the Societies Registration Act, 1860 (21 of 1860) or under any law corresponding to that Act in force in any part of India; or

(*h*) any trust; or

(*i*) any university established or incorporated by or under a Central, State or Provincial Act and an institution declared to be a university under section 3 of the University Grants Commission Act, 1956 (3 of 1956); or

(*j*) any Government of a foreign State or a foreign enterprise or any association or body established outside India; or

(*k*) any firm; or

---

1. Subs. by Act 14 of 2010, s. 37, for "twenty thousand rupees" (w.e.f. 1-7-2010).
2. Subs. by Act 28 of 2016, s. 74, for "seventy-five thousand rupees" (w.e.f. 1-6-2016). Earlier the quoted words were substituted for "fifty thousand rupees" (w.e.f. 1-7-2010).
3. Subs. by Act 20 of 2015, s. 44, for "on furnishing of" (w.e.f. 1-6-2015).

(*l*) any person, being an individual or a Hindu undivided family or an association of persons or a body of individuals, if such person,—

(*A*) does not fall under any of the preceding sub-clauses; and

(*B*) is liable to audit of accounts under clause (*a*) or clause (*b*) of section 44AB during the financial year immediately preceding the financial year in which such sum is credited or paid to the account of the contractor;

(*ii*) "goods carriage" shall have the meaning assigned to it in the *Explanation* to sub-section (*7*) of section 44AE;

(*iii*) "contract" shall include sub-contract;

(*iv*) "work" shall include—

(*a*) advertising;

(*b*) broadcasting and telecasting including production of programmes for such broadcasting or telecasting;

(*c*) carriage of goods or passengers by any mode of transport other than by railways;

(*d*) catering;

(*e*) manufacturing or supplying a product according to the requirement or specification of a customer by using material purchased from such customer,

but does not include manufacturing or supplying a product according to the requirement or specification of a customer by using material purchased from a person, other than such customer.]

[1]**[194D. Insurance commission.**—Any person responsible for paying to a resident any income by way of remuneration or reward, whether by way of commission or otherwise, for soliciting or procuring insurance business (including business relating to the continuance, renewal or revival of policies of insurance) shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rates in force :

Provided that no deduction shall be made under this section from any such income credited or paid before the 1st day of June, 1973:]

[1][Provided further that no deduction shall be made under this section in a case where the amount of such income or, as the case may be, the aggregate of the amounts of such income credited or paid or likely to be credited or paid during the financial year to the account of, or to, the payee, does not exceed [2][fifteen thousand rupees].]

[3][**194DA. Payment in respect of life insurance policy.**—Any person responsible for paying to a resident any sum under a life insurance policy, including the sum allocated by way of bonus on such policy, other than the amount not includible in the total income under clause (*10D*) of section 10, shall, at the time of payment thereof, deduct income-tax thereon at the rate of [4][one per cent.]:

---

1. Ins. by Act 21 of 1973, s. 17 (w.e.f. 1-4-1973).
2. Ins. by Act 11 of 1987, s. 48 (w.e.f. 1-6-1987).
3. Subs. by Act 28 of 2016, s. 75, for "twenty thousand rupees" (w.e.f. 1-6-2016). Earlier the quoted words were substituted by Act 14 of 2010, s. 38, for "five thousand rupees" (w.e.f. 1-7-2010).
4. Ins. by Act 25 of 2014, s. 57 (w.e.f. 1-10-2014).
5. Subs. by Act 28 of 2016, s. 76, for "two per cent." (w.e.f. 1-6-2016).

Provided that no deduction under this section shall be made where the amount of such payment or, as the case may be, the aggregate amount of such payments to the payee during the financial year is less than one hundred thousand rupees.]

[1][**194E. Payments to non-resident sportsmen or sports associations.**—Where any income referred to in section 115BBA is payable to a non-resident sportsman (including an athlete) [2][or an entertainer] who is not a citizen of India or a non-resident sports association or institution, the person responsible for making the payment shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of [3][twenty per cent.].]

[4][**194EE. Payments in respect of deposits under National Savings Scheme, etc.**—The person responsible for paying to any person any amount referred to in clause (*a*) of sub-section (*2*) of section 80CCA shall, at the time of payment thereof, deduct income-tax thereon at the rate of [5][ten per cent.]:

Provided that no deduction shall be made under this section where the amount of such payment or, as the case may be, the aggregate amount of such payments to the payee during the financial year is less than two thousand five hundred rupees :

Provided further that nothing contained in this section shall apply to the payment of the said amount to the heirs of the assessee.]

[6][**194F. Payments on account of repurchase of units by Mutual Fund or Unit Trust of India.**— The person responsible for paying to any person any amount referred to in sub-section (*2*) of section 80CCB shall, at the time of payment thereof, deduct income-tax thereon at the rate of twenty per cent.]

[1][**194G. Commission, etc., on the sale of lottery tickets.**—[2][(*1*)] Any person who is responsible for paying, on or after the 1st day of October, 1991 to any person, who is or has been stocking, distributing, purchasing or selling lottery tickets, any income by way of commission, remuneration or prize (by whatever name called) on such tickets in an amount exceeding[3][fifteen thousand rupees] shall, at the time of credit of such income to the account of the payee or at the time of payment of such income in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of [4][five per cent.].]

[5]*          *          *          *          *

*Explanation.*—For the purposes of this section, where any income is credited to any account, whether called "Suspense Account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be credit of such income to the account of the payee and the provisions of this section shall apply accordingly.]

1. Ins. by Act 36 of 1989, s. 22 (w.e.f. 1-11-1989). Earlier section 194D was omitted by Act 3 of 1989, s. 31(w.e.f. 1-4-1988) which was inserted by Act 4 of 1988, s. 74 (w.e.f. 1-4-1988).
2. Ins. by Act 23 of 2012, s. 73 (w.e.f. 1-7-2012).
3. Subs. by s. 73, *ibid.*, for "ten per cent." (w.e.f. 1-7-2012).
4. Ins. by Act 49 of 1991, s. 54 (w.e.f. 1-10-1991).
5. Subs. by Act 28 of 2016, s. 77, for "twenty per cent." (w.e.f. 1-6-2016).
6. Ins. by Act 12 of 1990, s. 40 (w.e.f. 1-4-1991).
7. Ins. by Act 49 of 1991, s. 55 (w.e.f. 1-10-1991).
8. Section 73 renumbered as sub-section (*1*) thereof by Act 18 of 1992, s. 73 (w.e.f. 1-6-1992).
9. Subs. by Act 28 of 2016, s. 78, for "one thousand rupees" (w.e.f. 1-6-2016).
10. Subs. by s. 78, *ibid.,* for "ten per cent." (w.e.f. 1-6-2016).
11. Sub-sections (*2*) and (*3*) omitted by Act 32 of 2003, s. 76 (w.e.f. 1-6-2003). Earlier sub-sections (*2*) and (*3*) were inserted by Act 18 of 1992, s. 73 (w.e.f. 1-6-1992).

[1]**[194H. Commission or brokerage.**—Any person, not being an individual or a Hindu undivided family, who is responsible for paying, on or after the 1st day of June, 2001, to a resident, any income by way of commission (not being insurance commission referred to in section 194D) or brokerage, shall, at the time of credit of such income to the account of the payee or at the time of payment of such income in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of [2][five per cent.]:

Provided that no deduction shall be made under this section in a case where the amount of such income or, as the case may be, the aggregate of the amounts of such income credited or paid or likely to be credited or paid during the financial year to the account of, or to, the payee, does not exceed [3][fifteen thousand rupees]:

[4][Provided further that an individual or a Hindu undivided family, whose total sales, gross receipts or turnover from the business or profession carried on by him exceed the monetary limits specified under clause (*a*) or clause (*b*) of section 44AB during the financial year immediately preceding the financial year in which such commission or brokerage is credited or paid, shall be liable to deduct income-tax under this section:]

[5][Provided also that no deduction shall be made under this section on any commission or brokerage payable by Bharat Sanchar Nigam Limited or Mahanagar Telephone Nigam Limited to their public call office franchisees.]

*Explanation.*—For the purposes of this section,—

(*i*) "commission or brokerage" includes any payment received or receivable, directly or indirectly, by a person acting on behalf of another person for services rendered (not being professional services) or for any services in the course of buying or selling of goods or in relation to any transaction relating to any asset, valuable article or thing, not being securities;

(*ii*) the expression "professional services" means services rendered by a person in the course of carrying on a legal, medical, engineering or architectural profession or the profession of accountancy or technical consultancy or interior decoration or such other profession as is notified by the Board for the purposes of section 44AA;

(*iii*) the expression "securities" shall have the meaning assigned to it in clause (*h*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956);

(*iv*) where any income is credited to any account, whether called "Suspense account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be credit of such income to the account of the payee and the provisions of this section shall apply accordingly.]

---

1. Section 194H reinserted by Act 14 of 2001, s. 71 (w.e.f. 1-6-2001). Earlier section 194H was omitted by Act 27 of 1999, s. 72 (w.e.f. 1-4-2000). Amended by Act 18 of 1992, s. 74 (w.e.f. 1-6-1992) and prior its omission section 194H was inserted by Act 49 of 1991, s. 55 (w.e.f. 1-10-1991).
2. Subs. by Act 28 of 2016, s. 79, for "ten per cent." (w.e.f. 1-6-2016).
3. Subs. by s. 79, *ibid.*, for "five thousand rupees" (w.e.f. 1-6-2016).
4. Ins. by Act 20 of 2002, s. 76 (w.e.f. 1-6-2002).
5. Ins. by Act 22 of 2007, s. 55 (w.e.f. 1-6-2007).

[1][**194-I. Rent.**—[2][Any person, not being an individual or a Hindu undivided family, who is responsible for paying to a resident] any income by way of rent, shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, [3][deduct income-tax thereon at the rate of—

[4][(*a*) two per cent. for the use of any machinery or plant or equipment; and

(*b*) ten per cent. for the use of any land or building (including factory building) or land appurtenant to a building (including factory building) or furniture or fittings:]]

Provided that no deduction shall be made under this section where the amount of such income or, as the case may be, the aggregate of the amounts of such income credited or paid or likely to be credited or paid during the financial year by the aforesaid person to the account of, or to, the payee, does not exceed [5][one hundred eighty thousand rupees]:

[6][Provided further that an individual or a Hindu undivided family, whose total sales, gross receipts or turnover from the business or profession carried on by him exceed the monetary limits specified under clause (*a*) or clause (*b*) of section 44AB during the financial year immediately preceding the financial year in which such income by way of rent is credited or paid, shall be liable to deduct income-tax under this section:]

[7][Provided also that no deduction shall be made under this section where the income by way of rent is credited or paid to a business trust, being a real estate investment trust, in respect of any real estate asset, referred to in clause (*23FCA*) of section 10, owned directly by such business trust.]

*Explanation.*—For the purposes of this section,—

[8][(*i*)  "rent" means any payment, by whatever name called, under any lease, sub-lease, tenancy or any other agreement or arrangement for the use of (either separately or together) any,—

(*a*)  land; or

(*b*)  building (including factory building); or

(*c*)  land appurtenant to a building (including factory building); or

(*d*)  machinery; or

(*e*)  plant; or

(*f*)  equipment; or

(*g*)  furniture; or

(*h*)  fittings;

whether or not any or all of the above are owned by the payee;]

(*ii*)  where any income is credited to any account, whether called "Suspense account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be credit of such income to the account of the payee and the provisions of this section shall apply accordingly.]

1. Ins. by Act 32 of 1994, s. 40 (w.e.f. 1-6-1994).
2. Subs. by Act 32 of 2003, s. 77, for certain words (w.e.f. 1-6-2003).
3. Subs. by Act 22 of 1995, s. 35, for "deduct income-tax thereon at the rate of twenty per cent." (w.e.f. 1-7-1995).
4. Subs. by Act 33 of 2009, s. 62, for clauses (*a*), (*b*) and (*c*) (w.e.f. 1-10-2009).
5. Subs. by Act 14 of 2010, s. 40, for "one hundred and twenty thousand rupees" (w.e.f. 1-7-2010).
6. Ins. by Act 20 of 2002, s. 77 (w.e.f. 1-6-2002).
7. Ins. by Act 20 of 2015, s. 45 (w.e.f. 1-6-2015).
8. Subs. by Act 29 of 2006, s. 15, for clause (*i*) (w.e.f. 13-7-2006).

[1][**194-IA. Payment on transfer of certain immovable property other than agricultural land**—(*1*) Any person, being a transferee, responsible for paying (other than the person referred to in section 194LA) to a resident transferor any sum by way of consideration for transfer of any immovable property (other than agricultural land), shall, at the time of credit of such sum to the account of the transferor or at the time of payment of such sum in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct an amount equal to one per cent. of such sum as income-tax thereon.

(*2*) No deduction under sub-section (*1*) shall be made where the consideration for the transfer of an immovable property is less than fifty lakh rupees.

(*3*) The provisions of section 203A shall not apply to a person required to deduct tax in accordance with the provisions of this section.

*Explanation.*—For the purposes of this section,—

(*a*) "agricultural land" means agricultural land in India, not being a land situate in any area referred to in items (*a*) and (*b*) of sub-clause (*iii*) of clause (*14*) of section 2;

(*b*) "immovable property" means any land (other than agricultural land) or any building or part of a building.]

[2][**194-IB. Payment of rent by certain individuals or Hindu undivided family.**—(*1*) Any person, being an individual or a Hindu undivided family (other than those referred to in the second proviso to section 194-I), responsible for paying to a resident any income by way of rent exceeding fifty thousand rupees for a month or part of a month during the previous year, shall deduct an amount equal to five per cent. of such income as income-tax thereon.

(*2*) The income-tax referred to in sub-section (*1*) shall be deducted on such income at the time of credit of rent, for the last month of the previous year or the last month of tenancy, if the property is vacated during the year, as the case may be, to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier.

(*3*) The provisions of section 203A shall not apply to a person required to deduct tax in accordance with the provisions of this section.

(*4*) In a case where the tax is required to be deducted as per the provisions of section 206AA, such deduction shall not exceed the amount of rent payable for the last month of the previous year or the last month of the tenancy, as the case may be.

*Explanation.*—For the purposes of this section, "rent" means any payment, by whatever name called, under any lease, sub-lease, tenancy or any other agreement or arrangement for the use of any land or building or both.]

[1][**194-IC. Payment under specified agreement.**—Notwithstanding anything contained in section 194-IA, any person responsible for paying to a resident any sum by way of consideration, not being consideration in kind, under the agreement referred to in sub-section (*5A*) of section 45, shall at the time of credit of such sum to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct an amount equal to ten per cent. of such sum as income-tax thereon.]

---

1. Ins. by Act 17 of 2013, s. 46 (w.e.f. 1-6-2013).
2. Ins. by Act 7 of 2017, s. 64 (w.e.f. 1-6-2017).
3. Ins. by s. 65, *ibid.* (w.e.f. 1-4-2017).

[1][**194J. Fees for professional or technical services.**—(*1*) Any person, not being an individual or a Hindu undivided family, who is responsible for paying to a resident any sum by way of—

(*a*) fees for professional services, or

(*b*) fees for technical services, [2][or]

[3][(*ba*) any remuneration or fees or commission by whatever name called, other than those on which tax is deductible under section 192, to a director of a company, or]

[2][(*c*) royalty, or

(*d*) any sum referred to in clause (*va*) of section 28,]

shall, at the time of credit of such sum to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct an amount equal to [4][ten per cent.] of such sum as income-tax on income comprised therein:

Provided that no deduction shall be made under this section—

(*A*) from any sums as aforesaid credited or paid before the 1st day of July, 1995; or

(*B*) where the amount of such sum or, as the case may be, the aggregate of the amounts of such sums credited or paid or likely to be credited or paid during the financial year by the aforesaid person to the account of, or to, the payee, does not exceed—

(*i*) [1][thirty thousand rupees], in the case of fees for professional services referred to in clause (*a*), or

(*ii*) [5][thirty thousand rupees], in the case of fees for technical services referred to in [2][clause (*b*), or]

[2][(*iii*) [5][thirty thousand rupees], in the case of royalty referred to in clause (*c*), or

(*iv*) [5][thirty thousand rupees], in the case of sum referred to in clause (*d*):]

[3][Provided further that an individual or a Hindu undivided family, whose total sales, gross receipts or turnover from the business or profession carried on by him exceed the monetary limits specified under clause (*a*) or clause (*b*) of section 44AB during the financial year immediately preceding the financial year in which such sum by way of fees for professional services or technical services is credited or paid, shall be liable to deduct income-tax under this section:]

---

1. Ins. by Act 22 of 1995, s. 36 (w.e.f. 1-7-1995).
2. Ins. by Act 29 of 2006, s. 16 (w.e.f. 13-7-2006).
3. Ins. by Act 23 of 2012, s. 74 (w.e.f. 1-7-2012).
4. Subs. by Act 22 of 2007, s. 57, for "five per cent." (w.e.f. 1-6-2007).
5. Subs. by Act 14 of 2010, s. 41, for "twenty thousand rupees" (w.e.f. 1-7-2010).
6. Subs. by Act 29 of 2006, s. 16,for "clause (*b*):" (w.e.f. 13-7-2006).
7. Ins. by Act 20 of 2002, s. 78 (w.e.f. 1-6-2002).

[1][Provided also that no individual or a Hindu undivided family referred to in the second proviso shall be liable to deduct income-tax on the sum by way of fees for professional services incase such sum is credited or paid exclusively for personal purposes of such individual or any member of Hindu undivided family:]

[2][Provided also that the provisions of this section shall have effect, as if for the words "ten per cent.", the words "two per cent." had been substituted in the case of a payee, engaged only in the business of operation of call centre.]

[3]*              *              *              *              *

*Explanation.*—For the purposes of this section,—

(*a*) "professional services" means services rendered by a person in the course of carrying on legal, medical, engineering or architectural profession or the profession of accountancy or technical consultancy or interior decoration or advertising or such other profession as is notified by the Board for the purposes of section 44AA or of this section;

(*b*) "fees for technical services" shall have the same meaning as in *Explanation 2* to clause (*vii*) of sub-section (*1*) of section 9;

[1][(*ba*) "royalty" shall have the same meaning as in *Explanation 2* to clause (*vi*) of sub-section (*1*) of section 9;]

(*c*) where any sum referred to in sub-section (*1*) is credited to any account, whether called "suspense account" or by any other name, in the books of account of the person liable to pay such sum, such crediting shall be deemed to be credit of such sum to the account of the payee and the provisions of this section shall apply accordingly.

**194K. [Income in respect of units.]**—*Omitted by the Finance Act*, 2016 (28 *of* 2016), *s.* 80 (*w.e.f.* 1-6-2016).

**194L**. [**Payment of compensation on acquisition of capital asset**.]—*Omitted by s*. 80, *ibid.* (*w.e.f.* 1-6-2016).

[2][**194LA. Payment of compensation on acquisition of certain immovable property**.—Any person responsible for paying to a resident any sum, being in the nature of compensation or the enhanced compensation or the consideration or the enhanced consideration on account of compulsory acquisition, under any law for the time being in force, of any immovable property (other than agricultural land), shall, at the time of payment of such sum in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct an amount equal to ten per cent of such sum as income-tax thereon:

---

1. Ins. by Act 32 of 2003, s. 78 (w.e.f. 1-6-2003).

2. Ins. by Act 7 of 2017, s. 66 (w.e.f. 1-6-2017).

3. Subs-section (*2*) and (*3*) omitted by Act 32 of 2003, s. 78 (w.e.f. 1-6-2003).

4. Ins. by Act 29 of 2006, s. 16 (w.e.f. 13-7-2006).

5. Ins. by Act 23 of 2004, s. 38 (w.e.f. 1-10-2004).

Provided that no deduction shall be made under this section where the amount of such payment or, as the case may be, the aggregate amount of such payments to a resident during the financial year does not exceed [1][two lakh and fifty thousand rupees]:

[2][Provided further that no deduction shall be made under this section where such payment is made in respect of any award or agreement which has been exempted from levy of income-tax under section 96 of the Right to Fair Compensation and Transparency in Land Acquisition, Rehabilitation and Resettlement Act, 2013 (30 of 2013).]

*Explanation.*—For the purposes of this section,—

(*i*)  "agricultural land" means agricultural land in India including land situate in any area referred to in items (*a*) and (*b*) of sub-clause (*iii*) of clause (*14*) of section 2;

(*ii*)  "immovable property" means any land (other than agricultural land) or any building or part of a building.]

[3][**194LB. Income by way of interest from infrastructure debt fund.**—Where any income by way of interest is payable to a non-resident, not being a company, or to a foreign company, by an infrastructure debt fund referred to in clause (*47*) of section 10, the person responsible for making the payment shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of five per cent.]

[1][**194LBA.Certain income from units of a business trust.**—(*1*) Where any distributed income referred to in section 115UA, being of the nature referred to [2][in sub-clause (*a*) of clause (*23FC*)] [3][or clause (*23FCA*)] of section 10, is payable by a business trust to its unit holder being a resident, the person responsible for making the payment shall at the time of credit of such payment to the account of the payee or at the time of payment thereof in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of ten per cent.

(*2*) Where any distributed income referred to in section 115UA, being of the nature referred to [5][in sub-clause (*a*) of clause (*23FC*)] of section 10, is payable by a business trust to its unit holder,[4][being a non-resident (not being a company)] or a foreign company, the person responsible for making the payment shall at the time of credit of such payment to the account of the payee or at the time of payment thereof in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of five per cent.]

[6][(*3*) Where anydistributed income referred to in section 115UA, being of the nature referred to in clause (*23FCA*) of section 10, is payable by a business trust to its unit holder, being a non-resident (not being a company), or a foreign company, the person responsible for making the payment shall at the time of credit of such payment to the account of the payee or at the time of payment thereof in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rates in force.]

---

1. Subs. by Act 28 of 2016, s. 81, for "two hundred thousand rupees" (w.e.f. 1-6-2016).
2. Ins. by Act 7 of 2017, s. 67 (w.e.f. 1-4-2017).
3. Ins. by Act 8 of 2011, s. 28 (w.e.f. 1-6-2011).
4. Ins. by Act 25 of 2014, s. 58 (w.e.f. 1-10-2014).
5. Subs. by Act 28 of 2016, s. 82, for "in clause (*23FC*)" (w.e.f. 1-6-2016).
6. Ins. by Act 20 of 2015, s. 46 (w.e.f. 1-6-2015).
7. Subs. by s. 46, *ibid.*, for "being a non-resident, not being a company" (w.e.f. 1-6-2015).

[1][**194LBB. Income in respect of units of investment fund.**—Where any income, other than that proportion of income which is of the same nature as income referred to in clause (*23FBB*) of section 10, is payable to a unit holder in respect of units of an investment fund specified in clause (*a*) of the *Explanation 1* to section 115UB, the person responsible for making the payment shall, at the time of credit of such income to the account of payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier,[2][deduct income-tax thereon,—

(*i*)  at the rate of ten per cent, where the payee is a resident;

(*ii*)  at the rates in force, where the payee is a non-resident (not being a company) or a foreign company:

Provided that where the payee is a non-resident (not being a company) or a foreign company, no deduction shall be made in respect of any income that is not chargeable to tax under the provisions of the Act.]

*Explanation.*—For the purposes of this section,—

(*a*)  "unit" shall have the meaning assigned to it in clause (*c*) of the *Explanation 1* to section 115UB;

(*b*)  where any income as aforesaid is credited to any account, whether called "suspense account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be the credit of such income to the account of the payee, and the provisions of this section shall apply accordingly.]

[1][**194LBC.Income in respect of investment in securitization trust.**—(*1*) Where any income is payable to an investor, being a resident, in respect of an investment in a securitisation trust specified in clause (*d*) of the *Explanation* occurring after section 115TCA, the person responsible for making the payment shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon, at the rate of—

(*i*)  twenty-five per cent., if the payee is an individual or a Hindu undivided family;

(*ii*)  thirty per cent., if the payee is any other person.

(*2*) Where any income is payable to an investor, being a non-resident (not being a company) or a foreign company, in respect of an investment in a securitisation trust specified in clause (*d*) of the *Explanation* occurring after section 115TCA, the person responsible for making the payment shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon, at the rates in force.

*Explanation*.—For the purposes of this section,—

(*a*)  "investor" shall have the meaning assigned to it in clause (*a*) of the *Explanation* occurring after section 115TCA;

---

1. Ins. by Act 20 of 2015, s. 47 (w.e.f. 1-6-2015).
2. Subs. by Act 28 of 2016, s. 83, for "deduct income-tax thereon at the rate of ten per cent." (w.e.f. 1-6-2016).
3. Ins. by s. 84, *ibid* (w.e.f. 1-6-2016).

(*b*)  where any income as aforesaid is credited to any account, whether called "suspense account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be the credit of such income to the account of the payee, and the provisions of this section shall apply accordingly.]

[1][**194LC. Income by way of interest from Indian company.**—(*1*) Where any income by way of interest referred to in sub-section (*2*) is payable to a non-resident, not being a company or to a foreign company by a specified company [2][or a business trust], the person responsible for making the payment, shall at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct the income-tax thereon at the rate of five per cent.

(*2*) The interest referred to in sub-section (*1*) shall be the income by way of interest payable by the specified company [2][or the business trust],—

[3][(*i*)  in respect of monies borrowed by it in foreign currency from a source outside India,—

(*a*)  under a loan agreement at any time on or after the 1st day of July, 2012 but before the [4][1st day of July,2020]; or

(*b*)  by way of issue of long-term infrastructure bonds at any time on or after the 1st day of July, 2012 but before the 1st day of October, 2014; or

(*c*)  by way of issue of any long-term bond including long-term infrastructure bond at any time on or after the 1st day of October, 2014 but before the [4][1st day of July, 2020],

as approved by the Central Government in this behalf;[1][or]

[2][(*ia*) in respect of monies borrowed by it from a source outside India by way of issue of rupee denominated bond before the 1st day of July, 2020, and]

(*ii*)  to the extent to which such interest does not exceed the amount of interest calculated at the rate approved by the Central Government in this behalf, having regard to the terms of the loan or the bond and its repayment.

*Explanation.*—For the purpose of this section—

(*a*)  "foreign currency" shall have the meaning assigned to it in clause (*m*) of section 2 of the Foreign Exchange Management Act, 1999 (42 of 1999);

(*b*) "specified company" means an Indian company.]

---

1. Ins. by Act 23 of 2012, s. 76 (w.e.f. 1-7-2012).
2. Ins. by Act 25 of 2014, s. 59 (w.e.f. 1-10-2014).
3. Subs. by s. 59, *ibid*., for clause (*i*) (w.e.f. 1-10-2014).
4. Subs. by Act 7 of 2017, s. 68, for "1st day of July, 2017" (w.e.f. 1-4-2018).
5. Subs. by s. 68, *ibid*., for "and" (w.e.f. 1-4-2018).
6. Ins. by s. 68, *ibid* (w.e.f. 1-4-2016).

[1][**194LD. Income by way of interest on certain bonds and Government securities.**—(*1*) Any person who is responsible for paying to a person being a Foreign Institutional Investor or a Qualified Foreign Investor, any income by way of interest referred to in sub-section (*2*), shall, at the time of credit of such income to the account of the payee or at the time of payment of such income in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of five per cent.

(*2*) The income by way of interest referred to in sub-section (*1*) shall be the interest payable on or after the 1st day of June, 2013 but before the [2][1st day of July, 2020] in respect of investment made by the payee in—

(*i*)  a rupee denominated bond of an Indian company ; or

(*ii*)  a Government security:

Provided that the rate of interest in respect of bond referred to in clause (*i*) shall not exceed the rate as may be notified by the Central Government in this behalf.

*Explanation.*—For the purpose of this section,—

(*a*)"Foreign Institutional Investor" shall have the meaning assigned to it in clause (*a*) of the *Explanation* to section 115AD;

(*b*)"Government security" shall have the meaning assigned to it in clause (*b*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956);

(*c*)"Qualified Foreign Investor" shall have the meaning assigned to it in the Circular No. Cir/IMD/DF/14/2011, dated the 9th August, 2011, as amended from time to time, issued by the Securities and Exchange Board of India, under section 11 of the Securities and Exchange Board of India Act, 1992 (15 of 1992).]

**195. Other sums.**—[1][(*1*) Any person responsible for paying to a non-resident, not being a company, or to a foreign company, [2][any interest (not being interest referred to in section 194LB or section 194LC)][3][or section 194LD] [4]*** or any other sum chargeable under the provisions of this Act (not being income chargeable under the head "Salaries" [5]***) shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rates in force:

[6][Provided that in the case of interest payable by the Government or a public sector bank within the meaning of clause (*23D*) of section 10 or a public financial institution within the meaning of that clause, deduction of tax shall be made only at the time of payment thereof in cash or by the issue of a cheque or draft or by any other mode:]

---

1. Ins. by Act 17 of 2013, s. 47 (w.e.f. 1-6-2013).
2. Subs. by Act 7 of 2017, s. 69, for "1st day of July, 2017" (w.e.f. 1-4-2018).
3. Subs. by Act 11 of 1987, s. 49, for sub-section (*1*) (w.e.f. 1-6-1987).
4. Subs. by Act 23 of 2012, s. 77, for "any interest" (w.e.f. 1-4-2012).
5. Ins. by Act 17 of 2013, s. 48 (w.e.f. 1-6-2013).
6. The words "(not being interest on securities)" omitted by Act 32 of 2003, s. 80 (w.e.f. 1-6-2003).
7. The words "or dividends" omitted by Act 49 of 1991, s. 56 (w.e.f. 1-10-1991).
8. Ins. by Act 36 of 1989, s. 23 (w.e.f. 1-6-1987).

[1][Provided further that no such deduction shall be made in respect of any dividends referred to in section 115-O.]

*Explanation* [2][1].—For the purposes of this section, where any interest or other sum as aforesaid is credited to any account, whether called "Interest payable account" or "Suspense account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be credit of such income to the account of the payee and the provisions of this section shall apply accordingly.]

[3][*Explanation 2.*—For the removal of doubts, it is hereby clarified that the obligation to comply with sub-section (*1*) and to make deduction thereunder applies and shall be deemed to have always applied and extends and shall be deemed to have always extended to all persons, resident or non-resident, whether or not the non-resident person has—

    (*i*) a residence or place of business or business connection in India; or

    (*ii*) any other presence in any manner whatsoever in India.]

(*2*) Where the person responsible for paying any such sum chargeable under this Act ([4][other than salary]) to a non-resident considers that the whole of such sum would not be income chargeable in the case of the recipient, he may make an application to the [1][Assessing Officer] to determine, [2][by general or special order], the appropriate proportion of such sum so chargeable, and upon such determination, tax shall be deducted under sub-section (*1*) only on that proportion of the sum which is so chargeable.

[3]\*       \*       \*       \*       \*

[4][(*3*) Subject to rules made under sub-section (*5*), any person entitled to receive any interest or other sum on which income-tax has to be deducted under sub-section (*1*) may make an application in the prescribed form to the [5][Assessing Officer] for the grant of a certificate authorising him to receive such interest or other sum without deduction of tax under that sub-section, and where any such certificate is granted, every person responsible for paying such interest or other sum to the person to whom such certificate is granted shall, so long as the certificate is in force, make payment of such interest or other sum without deducting tax thereon under sub-section (*1*).

(*4*) A certificate granted under sub-section (*3*) shall remain in force till the expiry of the period specified therein or, if it is cancelled by the [5][Assessing Officer] before the expiry of such period, till such cancellation.

---

1. Ins. by Act 32 of 2003, s. 80 (w.e.f. 1-4-2003). Earlier the proviso was omitted by Act 20 of 2002, s. 80 (w.e.f. 1-6-2002) which was inserted by Act 26 of 1997, s. 49 (w.e.f. 1-6-1997).

2. The *Explanation* renumbered as *Explanation* 1 thereof by Act 23 of 2012, s. 77 (w.r.e.f. 1-4-1962).

3. Ins. by s. 77, *ibid.* (w.r.e.f. 1-4-1962).

4. Subs. by Act 32 of 2003, s. 80, for "other than interest on securities and salary" (w.e.f. 1-6-2003). Earlier the words "other than interest including interest on securities" substituted by Act 66 of 1976, s. 22, for "other than interest on securities" (w.e.f. 1-6-1976) and the word "dividend" was omitted by Act 49 of 1991, s. 56 (w.e.f. 1-10-1991).

5. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

6. Subs. by Act 26 of 1988, s. 39, for "in the prescribed manner (w.r.e.f. 1-3-1988). Earlier the quoted words were substituted by Act 11 of 1987, s. 49 for "by general or special order" (w.e.f. 1-6-1987).

7. The proviso omitted by Act 49 of 1991, s. 56 (w.e.f. 1-10-1991). Earlier the proviso was inserted by Act 11 of 1987, s. 49 (w.e.f. 1-6-1987).

8. Ins. by Act 19 of 1970, s. 24 (w.e.f. 1-4-1970).

(*5*) The Board may, having regard to the convenience of assessees and the interests of revenue, by notification in the Official Gazette, make rules specifying the cases in which, and the circumstances under which, an application may be made for the grant of a certificate under sub-section (*3*) and the conditions subject to which such certificate may be granted and providing for all other matters connected therewith.]

[1][(*6*) The person responsible for paying to a non-resident, not being a company, or to a foreign company, any sum, whether or not chargeable under the provisions of this Act, shall furnish the information relating to payment of such sum, in such form and manner, as may be prescribed.]

[2][(*7*) Notwithstanding anything contained in sub-section (*1*) and sub-section (*2*), the Board may, by notification in the Official Gazette, specify a class of persons or cases, where the person responsible for paying to a non-resident, not being a company, or to a foreign company, any sum, whether or not chargeable under the provisions of this Act, shall make an application to the Assessing Officer to determine, by general or special order, the appropriate proportion of sum chargeable, and upon such determination, tax shall be deducted under sub-section (*1*) on that proportion of the sum which is so chargeable.]

[3][**195A. Income payable "net of tax"**.—[4][In a case other than that referred to in sub-section (*1A*) of section 192, where under an agreement] or other arrangement, the tax chargeable on any income referred to in the foregoing provisions of this Chapter is to be borne by the person by whom the income is payable, then, for the purposes of deduction of tax under those provisions such income shall be increased to such amount as would, after deduction of tax thereon at the rates in force for the financial year in which such income is payable, be equal to the net amount payable under such agreement or arrangement.]

[1][**196. Interest or dividend or other sums payable to Government, Reserve Bank or certain corporations.**—Notwithstanding anything contained in the foregoing provisions of this Chapter, no deduction of tax shall be made by any person from any sums payable to—

(*i*) the Government, or

(*ii*) the Reserve Bank of India, or

(*iii*) a corporation established by or under a Central Act which is, under any law for the time being in force, exempt from income-tax on its income, or

(*iv*) a Mutual Fund specified under clause (*23D*) of section 10,

where such sum is payable to it by way of interest or dividend in respect of any securities or shares owned by it or in which it has full beneficial interest, or any other income accruing or arising to it.]

[2][**196A. Income in respect of units of non-residents.**—(*1*) Any person responsible for paying to a non-resident, not being a company, or to a foreign company, any income in respect of units of a Mutual Fund specified under clause (*23D*) of section 10 or of the Unit Trust of India shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of twenty per cent :

---

1. Subs. by Act 20 of 2015, s. 49, for sub-section (*6*) (w.e.f. 1-6-2015). Earlier sub-section (*6*) was inserted by Act 18 of 2008, s. 44 (w.e.f. 1-4-2008).

2. Ins. by Act 23 of 2012, s. 77 (w.e.f. 1-7-2012).

3. Ins. by Act 11 of 1987, s. 50 (w.e.f. 1-6-1987).

4. Subs. by Act 20 of 2002, s. 81, for "Where, under an agreement" (w.e.f. 1-6-2002).

5. Subs. by Act 4 of 1988, s. 75, for section 196 (w.e.f. 1-4-1988). Earlier section 196 was substituted by Act 20 of 1967, s. 30 (w.e.f. 1-4-1967).

6. Subs. by Act 22 of 1995, s. 37, for section 196A (w.e.f. 1-7-1995).

[1][Provided that no deduction shall be made under this section from any such income credited or paid on or after the 1st day of April, 2003.]

(*2*) Notwithstanding anything contained in sub-section (*1*), no deduction of tax shall be made from any income payable in respect of units of the Unit Trust of India to a non-resident Indian or a non-resident Hindu undivided family, where the units have been acquired from the Unit Trust of India out of the funds in a Non-resident (External) Account maintained with any bank in India or by remittance of funds in foreign currency, in accordance, in either case, with the provisions of [2][the Foreign Exchange Management Act, 1999 (42 of 1999)], and the rules made thereunder.

*Explanation.*—For the purposes of this section—

(*a*) "foreign currency" shall have the meaning assigned to it in [2][the Foreign Exchange Management Act, 1999 (42 of 1999)];

(*b*) "non-resident Indian" shall have the meaning assigned to it in clause (*e*) of section 115C;

(*c*) "Unit Trust of India" means the Unit Trust of India established under the Unit Trust of India Act, 1963 (52 of 1963);

(*d*) where any income as aforesaid is credited to any account, whether called "Suspense account" or by any other name, in the books of account of the person liable to pay such income, such crediting shall be deemed to be credit of such income to the account of the payee and the provisions of this section shall apply accordingly.]

[1][**196B. Income from units.**—[2][Where any income in respect of units referred to in section 115AB or by way of long-term capital gains arising from the transfer of such units is payable to an Offshore Fund], the person responsible for making the payment shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of ten per cent.]

[3][**196C. Income from foreign currency bonds or shares of Indian company.**—[4][Where any income by way of interest or dividends in respect of [5][bonds or Global Depository Receipts] referred to in section 115AC or by way of long-term capital gains arising from the transfer of such [7][bonds or Global Depository Receipts] is payable to a non-resident], the person responsible for making the payment shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of ten per cent.]:

[6][Provided that no such deduction shall be made in respect of any dividends referred to in section 115-O.]

---

1. Ins. by Act 32 of 2003, s. 81 (w.e.f. 1-4-2003). Earlier the proviso omitted by Act 20 of 2002, s. 82 (w.e.f.1-6-2002) which was inserted by Act 27 of 1999, s. 75 (w.e.f.1-6-1999).

2. Subs. by Act 17 of 2013, s. 4, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).

3. Ins. by Act 49 of 1991, s. 58 (w.e.f. 1-10-1991).

4. Subs. by Act 38 of 1993, s. 26, for "Where any income is payable in respect of units referred to in section 115AB to an Offshore Fund" (w.e.f. 1-6-1993).

5. Subs. by Act 18 of 1992, s. 75 (w.e.f. 1-6-1992).

6. Subs. by Act 38 of 1993, s. 27, for "Where any income by way of interest or dividends is payable in respect of bonds or shares referred to in section 115AC to a non-resident" (w.e.f. 1-6-1993).

7. Subs. by Act 14 of 2001, s. 72, for "bonds or shares" (w.e.f. 1-4-2002).

8. Ins. by Act 32 of 2003, s. 82 (w.e.f. 1-4-2003). Earlier the proviso was omitted by Act 20 of 2002, s. 83 (w.e.f. 1-6-2002) which was inserted by Act 26 of 1997, s. 50 (w.e.f. 1-6-1997).

[1][**196D. Income of Foreign Institutional Investors from securities.**—(*1*) Where [2][any income in respect of securities referred to in clause (*a*) of sub-section (*1*) of section 115AD, not being income by way of interest referred to in section 194LD, is payable] to a Foreign Institutional Investor, the person responsible for making the payment shall, at the time of credit of such income to the account of the payee or at the time of payment thereof in cash or by issue of a cheque or draft or by any other mode, whichever is earlier, deduct income-tax thereon at the rate of twenty per cent.:

[3][Provided that no such deduction shall be made in respect of any dividends referred to in section 115-O.]

(*2*) No deduction of tax shall be made from any income, by way of capital gains arising from the transfer of securities referred to in section 115AD, payable to a Foreign Institutional Investor.]

**197. Certificate for deduction at lower rate.**—(*1*) [4][Subject to rules made under sub-section (*2A*), [5][where, in the case of [1][any income of any person or sum payable to any person], income-tax is required to be deducted at the time of credit or, as the case may be, at the time of payment at the rates in force under the provisions of sections 192, 193, [2][194,] [3][194A, [4][194C, 194D ,194G ,194H ,194-I, 194J , 194K , 194LA [5][, 194LBB, 194LBC]]] and 195, the Assessing Officer is satisfied]] that the total income [6]*** of the recipient justifies the deduction of income-tax [7]*** at any lower rates or no deduction of income-tax [12]***, as the case may be, the [8][Assessing Officer] shall, on an application made by the assessee in this behalf, give to him such certificate as may be appropriate.

(*2*) Where any such certificate is given, the person responsible for paying the income shall, until such certificate is cancelled by the [13][Assessing Officer], deduct income-tax[9]*** at the rates specified in such certificate or deduct no tax, as the case may be.

[10][(*2A*) The Board may, having regard to the convenience of assessees and the interests of revenue, by notification in the Official Gazette, make rules specifying the cases in which, and the circumstances under which, an application may be made for the grant of a certificate under sub-section (*1*) and the conditions subject to which such certificate may be granted and providing for all other matters connected therewith.]

[11]*          *          *          *          *

---

1. Ins. by Act 38 of 1993, s. 28 (w.e.f. 1-6-1993).
2. Subs. by Act 17 of 2013, s. 49, for "any income in respect of securities referred to in clause (a) of sub-section (*1*) of section 115AD is payable" (w.e.f. 1-6-2013).
3. Ins. by Act 32 of 2003, s. 83 (w.e.f. 1-4-2003). Earlier the proviso was omitted by Act 20 of 2002, s. 84 (w.e.f. 1-6-2002) which was inserted by Act 26 of 1997, s. 50 (w.e.f. 1-6-1997).
4. Subs. by Act 11 of 1987, s. 51, for "Where in the case of any income of any person other than a company" (w.e.f. 1-6-1987).
5. Subs. by Act 18 of 1992, s. 76, for certain words (w.e.f. 1-6-1992).
6. Subs. by Act 32 of 2003, s. 84, for "any income of any person" (w.e.f. 1-6-2003).
7. Ins. by Act 38 of 1993, s. 29 (w.e.f. 1-6-1993).
8. Subs. by Act 32 of 2003, s. 84, for "194A, 194D, 194H, 194-I, 194K, 194L" (w.e.f. 1-6-2003).
9. Subs. by Act 23 of 2004, s. 39, for "194C, 194D, 194G, 194H, 194-I, 194J, 194K" (w.e.f. 1-10-2004).
10. Ins. by Act 28 of 2016, s. 85 (w.e.f. 1-6-2016).
11. The words "or the total world income" omitted by Act 10 of 1965, s. 48 (w.e.f. 1-4-1965).
12. The words "or super-tax" omitted by s. 48, *ibid*. (w.e.f. 1-4-1965).
13. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
14. The words "and super-tax" omitted by Act 10 of 1965, s. 48 (w.e.f. 1-4-1965).
15. Ins. by Act 11 of 1987, s. 51 (w.e.f. 1-6-1987).
16. Sub-section (*3*) omitted by Act 23 of 1986, s. 39 (w.e.f. 1-4-1987).

[1][**197A. No deduction to be made in certain cases.**—(*1*) Notwithstanding anything contained in [2]*** section 194[3]*** [4][or section 194EE], no deduction of tax shall be made under any of the said sections in the case of an individual, who is resident in India, if such individual furnishes to the person responsible for paying any income of the nature referred to in [2]*** section 194 [5][ [3]*** or, as the case may be, section 194EE], a declaration in writing in duplicate in the prescribed form and verified in the prescribed manner to the effect that [6][the tax on his estimated total income of the previous year in which such income is to be included in computing his total income will be *nil*.]

[7][(*1A*)Notwithstanding anything contained in [8][section 192A or section 193 or section 194A [9][or section 194D] or section 194DA] [10][or section 194-I] or section 194K, no deduction of tax shall be made under [any of] the said sections in the case of a person (not being a company or a firm), if such person furnishes to the person responsible for paying any income of the nature referred to in [8][section 192A or section 193 or section 194A [9][or section 194D] or section 194DA] [10][or section 194-I] or section 194K, as the case may be, a declaration in writing in duplicate in the prescribed form and verified in the prescribed manner to the effect that the tax on his estimated total income of the previous year in which such income is to be included in computing his total income will be *nil*.]

[2][(*1B*) The provisions of this section shall not apply where the amount of any income of the nature referred to in sub-section (*1*) or sub-section (*1A*), as the case may be, or the aggregate of the amounts of such incomes credited or paid or likely to be credited or paid during the previous year in which such income is to be included exceeds the maximum amount which is not chargeable to income-tax.]

[3][(*1C*) Notwithstanding anything contained in [4][section 192A or section 193 or section 194 or section 194A [9][or section 194D] or section 194DA] or section 194EE [10][or section 194-I] or section 194K or sub-section (*1B*) of this section, no deduction of tax shall be made in the case of an individual resident in India, who is of the age of [5][sixty years] or more at any time during the previous year[6]***, if such individual furnishes to the person responsible for paying any income of the nature referred to in [14][section 192A or section 193 or section 194 or section 194A [9][or section 194D]or section 194DA] or section 194EE [10][or section194-I] or section 194K, as the case may be, a declaration in writing in duplicate in the prescribed formand verified in the prescribed manner to the effect that the tax on his estimated total income of the previous year in which such income is to be included in computing his total income will be *nil*.]

---

1. Ins. by Act 14 of 1982, s. 26 (w.e.f. 1-6-1982).

2. The words and figures "section 193 or" omitted by Act 27 of 1999, s. 77 (w.e.f. 1-6-1999).

3. The words and figures "or section 194A" omitted by Act 18 of 1992, s. 77 (w.e.f. 1-6-1992).

4. Ins. by Act 49 of 1991, s. 59 (w.e.f. 1-10-1991).

5. Subs. by s. 59, *ibid.*, for "or, as the case may be, section 194A" (w.e.f. 1-10-1991).

6. Subs. by Act 12 of 1990, s. 50, for "his estimated total income of the previous year in which such income is to be included in computing his total income will be less than the minimum liable to income-tax" (w.e.f. 1-4-1990).

7. Subs. by Act 22 of 1995, s. 39, for sub-section (*1A*) (w.e.f. 1-7-1995).

8. Subs. by Act 20 of 2015, s. 50, for "section 193 or section 194A" (w.e.f. 1-6-2015).

9. Ins. by Act 7 of 2017, s. 70 (w.e.f. 1-6-2017).

10. Ins. by Act 28 of 2016, s. 86 (w.e.f. 1-6-2016).

11. Subs. by Act 27 of 1999, s. 77, for "either of" (w.e.f. 1-6-1999).

12. Ins. by Act 20 of 2002, s. 85 (w.e.f. 1-6-2002).

13. Ins. by Act 32 of 2003, s. 85 (w.e.f. 1-6-2003).

14. Subs. by Act 20 of 2015, s. 50, for "section 193 or section 194 or section 194A" (w.e.f. 1-6-2015).

15. Subs. by Act 23 of 2012, s. 78, for "sixty-five years" (w.e.f. 1-7-2012).

16. The words, figures and letter "and is entitled to a deduction from the amount of income-tax on his total income referred to in section 88B" omitted by Act 22 of 2007, s. 58 (w.e.f. 1-4-2006).

[1][(*1D*) Notwithstanding anything contained in this section, no deduction of tax shall be made by the Offshore Banking Unit from the interest paid—

(*a*)  on deposit made on or after the 1st day of April, 2005, by a non-resident or a person not ordinarily resident in India; or

(*b*)  on borrowing, on or after the 1st day of April, 2005, from a non-resident or a person not ordinarily resident in India.

*Explanation.*—For the purposes of this sub-section "Offshore Banking Unit" shall have the same meaning as assigned to it in clause (*u*) of section 2 of the Special Economic Zones Act, 2005.]

[2][(*1E*) Notwithstanding anything contained in this Chapter, no deduction of tax shall be made from any payment to any person for, or on behalf of, the New Pension System Trust referred to in clause (*44*) of section 10.]

[1][(*1F*) Notwithstanding anything contained in this Chapter, no deduction of tax shall be made from such specified payment to such institution, association or body or class of institutions, associations or bodies as may be notified by the Central Government in the Official Gazette, in this behalf.]

(*2*) The person responsible for paying any income of the nature referred to in sub-section (*1*) [2][or sub-section (*1A*)] [3][or sub-section (*1C*)] shall deliver or cause to be delivered to the [4] [5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Commissioner or Commissioner]] one copy of the declaration referred to in sub-section (*1*) [4][or sub-section (*1A*)] [5][or sub-section (*1C*)] on or before the seventh day of the month next following the month in which the declaration is furnished to him.]

**198. Tax deductedis income received.**—All sums deducted in accordance with [7][the foregoing provisions of this Chapter] shall, for the purpose of computing the income of an assessee, be deemed to be income received:

[8][Provided that the sum being the tax paid, under sub-section (*1A*) of section 192 for the purpose of computing the income of an assessee, shall not be deemed to be income received.]

[9][**199. Credit for tax deducted.**—(*1*) Any deduction made in accordance with the foregoing provisions of this Chapter and paid to the Central Government shall be treated as a payment of tax on behalf of the person from whose income the deduction was made, or of the owner of the security, or of the depositor or of the owner of property or of the unit-holder, or of the shareholder, as the case may be.

(*2*) Any sum referred to in sub-section (*1A*) of section 192 and paid to the Central Government shall be treated as the tax paid on behalf of the person in respect of whose income such payment of tax has been made.

---

1. Ins. by Act 28 of 2005, s. 27 and the Second Schedule (w.e.f. 10-2-2006).
2. Ins. by Act 33 of 2009, s. 63 (w.e.f. 1-4-2009).
3. Ins. by Act 23 of 2012, s. 78 (w.e.f. 1-7-2012).
4. Ins. by Act 18 of 1992, s. 77 (w.e.f. 1-6-1992).
5. Ins. by Act 32 of 2003, s. 85 (w.e.f. 1-6-2003).
6. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
7. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
8. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
9. Subs. by Act 23 of 2004, s. 40, for certain words (w.e.f. 1-10-2004).
10. Ins. by Act 20 of 2002, s. 86 (w.e.f. 1-6-2002).
11. Subs. by Act 18 of 2008, s. 45, for section 199 (w.e.f. 1-4-2008).

(*3*) The Board may, for the purposes of giving credit in respect of tax deducted or tax paid in terms of the provisions of this Chapter, make such rules as may be necessary, including the rules for the purposes of giving credit to a person other than those referred to in sub-section (*1*) and sub-section (*2*) and also the assessment year for which such credit may be given.]

**200. Duty of person deducting tax.**—[1][(*1*)] Any person deducting any sum in accordance with [2][the foregoing provisions of this Chapter] shall pay within the prescribed time, the sum so deducted to the credit of the Central Government or as the Board directs.

[3][(*2*) Any person being an employer, referred to in sub-section (*1A*) of section 192 shall pay, within the prescribed time, the tax to the credit of the Central Government or as the Board directs.]

[4][(*2A*) In case of an office of the Government, where the sum deducted in accordance with the foregoing provisions of this Chapter or tax referred to in sub-section (*1A*) of section 192 has been paid to the credit of the Central Government without the production of a challan, the Pay and Accounts Officer or the Treasury Officer or the Cheque Drawing and Disbursing Officer or any other person, by whatever name called, who is responsible for crediting such sum or tax to the credit of the Central Government, shall deliver or cause to be delivered to the prescribed income-tax authority, or to the person authorised by such authority, a statement in such form, verified in such manner, setting forth such particulars and within such time as may be prescribed.]

[1][(*3*) Any person deducting any sum on or after the 1st day of April, 2005 in accordance with the foregoing provisions of this Chapter or, as the case may be, any person being an employer referred to in sub-section (*1A*) of section 192 shall, after paying the tax deducted to the credit of the Central Government within the prescribed time, prepare such statements for such period as may be prescribed and deliver or cause to be delivered to the prescribed income-tax authority or the person authorised by such authority such statement in such form and verified in such manner and setting forth such particulars and within such time as may be prescribed:]

[2][Provided that the person may also deliver to the prescribed authority a correction statement for rectification of any mistake or to add, delete or update the information furnished in the statement delivered under this sub-section in such form and verified in such manner as may be specified by the authority.]

[3][**200A. Processing of statements of tax deducted at source**.—(*1*) Where a statement of tax deduction at source [4][or a correction statement] has been made by a person deducting any sum (hereafter referred to in this section as deductor) under section 200, such statement shall be processed in the following manner, namely:—

(*a*) the sums deductible under this Chapter shall be computed after making the following adjustments, namely:—

(*i*) any arithmetical error in the statement; or

---

1. Section 200 re-numbered as sub-section (*1*) thereof by Act 20 of 2002, s. 88 (w.e.f. 1-6-2002).
2. Subs. by Act 23 of 2004, s. 42, for certain words (w.e.f. 1-10-2004).
3. Ins. by Act 20 of 2002, s. 88 (w.e.f. 1-6-2002).
4. Ins. by Act 20 of 2015, s. 51 (w.e.f. 1-6-2015).
5. Ins. by Act 23 of 2004, s. 42 (w.e.f. 1-4-2005).
6. Ins. by Act 25 of 2014, s. 60 (w.e.f. 1-10-2014).
7. Ins. by Act 33 of 2009, s. 65 (w.e.f. 1-4-2010).
8. Ins. by Act 25 of 2014, s. 61 (w.e.f. 1-10-2014).

(*ii*) an incorrect claim, apparent from any information in the statement;

(*b*) the interest, if any, shall be computed on the basis of the sums deductible as computed in the statement;

[1][(*c*) the fee, if any, shall be computed in accordance with the provisions of section 234E;

(*d*) the sum payable by, or the amount of refund due to, the deductor shall be determined after adjustment of the amount computed under clause (*b*) and clause (*c*) against any amount paid under section 200 or section 201 or section 234E and any amount paid otherwise by way of tax or interest or fee;

(*e*) an intimation shall be prepared or generated and sent to the deductor specifying the sum determined to be payable by, or the amount of refund due to, him under clause (*d*); and

(*f*) the amount of refund due to the deductor in pursuance of the determination under clause (*d*) shall be granted to the deductor:]

Provided that no intimation under this sub-section shall be sent after the expiry of one year from the end of the financial year in which the statement is filed.

*Explanation.*—For the purposes of this sub-section, "an incorrect claim apparent from any information in the statement" shall mean a claim, on the basis of an entry, in the statement—

(*i*) of an item, which is inconsistent with another entry of the same or some other item in such statement;

(*ii*) in respect of rate of deduction of tax at source, where such rate is not in accordance with the provisions of this Act.

(*2*) For the purposes of processing of statements under sub-section (*1*), the Board may make a scheme for centralised processing of statements of tax deducted at source to expeditiously determine the tax payable by, or the refund due to, the deductor as required under the said sub-section.]

**201. Consequences of failure to deduct or pay.**—[1][(*1*) Where any person, including the principal officer of a company,—

(*a*) who is required to deduct any sum in accordance with the provisions of this Act; or

(*b*) referred to in sub-section (*1A*) of section 192, being an employer,

does not deduct, or does not pay, or after so deducting fails to pay, the whole or any part of the tax, as required by or under this Act, then, such person, shall, without prejudice to any other consequences which he may incur, be deemed to be an assessee in default in respect of such tax:

[2][Provided that any person, including the principal officer of a company, who fails to deduct the whole or any part of the tax in accordance with the provisions of this Chapter on the sum paid to a resident or on the sum credited to the account of a resident shall not be deemed to be an assessee in default in respect of such tax if such resident—

(*i*) has furnished his return of income under section 139;

---

1. Subs. by Act 20 of 2015, s. 52, for clauses (*c*) to (*e*) (w.e.f. 1-6-2015).
2. Subs. by Act 18 of 2008, s. 46, for sub-section (*1*) (w.r.e.f. 1-6-2002).
3. Ins. by Act 23 of 2012, s. 79 (w.e.f. 1-7-2012).

(*ii*) has taken into account such sum for computing income in such return of income; and

(*iii*) has paid the tax due on the income declared by him in such return of income,

and the person furnishes a certificate to this effect from an accountant in such form as may be prescribed:]

[1][Provided further that] no penalty shall be charged under section 221 from such person, unless the Assessing Officer is satisfied that such person, without good and sufficient reasons, has failed to deduct and pay such tax.]

[2][(*1A*) Without prejudice to the provisions of sub-section (*1*), if any such person, principal officer or company as is referred to in that sub-section does not deduct the whole or any part of the tax or after deducting fails to pay the tax as required by or under this Act, he or it shall be liable to pay simple interest,—

(*i*) at one per cent for every month or part of a month on the amount of such tax from the date on which such tax was deductible to the date on which such tax is deducted; and

(*ii*) at one and one-half per cent for every month or part of a month on the amount of such tax from the date on which such tax was deducted to the date on which such tax is actually paid,

and such interest shall be paid before furnishing the statement in accordance with the provisions of sub-section (3) of section 200:]

[1][Provided that in case any person, including the principal officer of a company fails to deduct the whole or any part of the tax in accordance with the provisions of this Chapter on the sum paid to a resident or on the sum credited to the account of a resident but is not deemed to be an assessee in default under the first proviso to sub-section (*1*), the interest under clause (*i*) shall be payable from the date on which such tax was deductible to the date of furnishing of return of income by such resident.]

(*2*) Where the tax has not been paid as aforesaid after it is deducted, [1][the amount of the tax together with the amount of simple interest thereon referred to in sub-section (*1A*) shall be a charge] upon all the assets of the person, or the company, as the case may be, referred to in sub-section (*1*).

[2][3][(*3*) No order shall be made under sub-section (*1*) deeming a person to be an assessee in default for failure to deduct the whole or any part of the tax from a person resident in India, at any time after the expiry of seven years from the end of the financial year in which payment is made or credit is given.]

(*4*) The provisions of sub-clause (*ii*) of sub-section (3) of section 153 and of *Explanation 1* to section 153 shall, so far as may, apply to the time limit prescribed in sub-section (*3*).]

[4][*Explanation.*—For the purposes of this section, the expression "accountant" shall have the meaning assigned to it in the *Explanation* to sub-section (2) of section 288.]

**202. Deduction only one mode of recovery.**—The power to [5][recover tax] by deduction under [6][the foregoing provisions of this Chapter] shall be without prejudice to any other mode of recovery.

---

1. Subs. by Act 23 of 2012, s. 79, for "Provided that" (w.e.f. 1-7-2012).
2. Subs. by Act 14 of 2010, s. 42, for sub-section (*1A*) (w.e.f. 1-7-2010).
3. Subs. by Act 13 of 1966, s. 26, for "it shall be a charge" (w.e.f. 1-4-1966).
4. Ins. by Act 33 of 2009, s. 66 (w.e.f. 1-4-2010).
5. Subs. by Act 25 of 2014, s. 62, for sub-section (*3*) (w.e.f. 1-10-2014).  Earlier sub-section (*3*) was amended by Act 23 of 2012, s. 79 (w.r.e.f. 1-4-2010).
6. Ins. by Act 23 of 2012, s. 79 (w.e.f. 1-7-2012).
7. Subs. by Act 11 of 1987, s. 53 for "levy tax" (w.e.f. 1-6-1987).
8. Subs by Act 23 of 2004, s. 43, for certain words, figures and letters the portion beginning with the words "the provisions of section 192" and ending with the words "section 196D" (w.e.f. 1-10-2004).

[1][**203. Certificate for tax deducted.**—[2][(*1*)] Every person deducting tax in accordance with [3][the foregoing provisions of this Chapter][4][shall, within such period as may be prescribed from the time of credit or payment of the sum, or, as the case may be, from the time of issue of a cheque or warrant for payment of any dividend to a shareholder], furnish to the person to whose account such credit is given or to whom such payment is made or the cheque or warrant is issued, a certificate to the effect that tax has been deducted, and specifying the amount so deducted, the rate at which the tax has been deducted and such other particulars as may be prescribed.]

[5][(*2*) Every person, being an employer, referred to in sub-section (*1A*) of section 192 shall, within such period, as may be prescribed, furnish to the person in respect of whose income such payment of tax has been made, a certificate to the effect that tax has been paid to the Central Government, and specify the amount so paid, the rate at which the tax has been paid and such other particulars as may be prescribed.]

[6]*          *          *          *          *

[1][**203A. Tax deduction and collection account number.**—(*1*) Every person, deducting tax or collecting tax in accordance with the provisions of this Chapter, who has not been allotted a tax deduction account number or, as the case may be, a tax collection account number, shall, within such time as may be prescribed, apply to the Assessing Officer for the allotment of a "tax deduction and collection account number".

(*2*) Where a "tax deduction account number" or, as the case may be, a "tax collection account number" or a "tax deduction and collection account number" has been allotted to a person, such person shall quote such number—

(*a*) in all challans for the payment of any sum in accordance with the provisions of section 200 or sub-section (*3*) of section 206C;

(*b*) in all certificates furnished under section 203 or sub-section (*5*) of section 206C;

[2][(*ba*) in all the [3]*** statements prepared and delivered or caused to be delivered in accordance with the provisions of sub-section (*3*) of section 200 or sub-section (*3*) of section 206C;]

(*c*) in all the returns, delivered in accordance with the provisions of section 206 or sub-section (*5A*) or sub-section (*5B*) of section 206C to any income-tax authority; and

(*d*) in all other documents pertaining to such transactions as may be prescribed in the interests of revenue.]

[4][(*3*) The provisions of this section shall not apply to such person, as may be notified by the Central Government in this behalf.]

---

1. Subs. by Act 20 of 1967, s. 30, for section 203, (w.e.f. 1-4-1967).
2. Section 203 renumbered as sub-section (*1*) thereof by Act 20 of 2002, s. 90 (w.e.f. 1-6-2002).
3. Subs. by Act 23 of 2004, s. 44, for the portion beginning with the words "the provisions of section 192" and ending with the words "section 196D" (w.e.f. 1-10-2004).
4. Subs. by Act 11 of 1987, s. 54, for "shall, at the time of credit of payment of the sum, or, as the case may be, at the time of issue of a cheque or warrant for payment of any dividend to a shareholder" (w.e.f. 1-6-1987).
5. Ins. by Act 20 of 2002, s. 90 (w.e.f. 1-6-2002).
6. Sub-section (*3*) omitted by Act 14 of 2010, s. 43 (w.e.f. 1-4-2010).
7. Subs. by Act 23 of 2004, s. 45, for section 203A (w.e.f. 1-10-2004).
8. Ins. by Act 21 of 2006, s. 44 (w.e.f. 1-6-2006).
9. The word "quarterly" omitted by Act 33 of 2009, s. 67 (w.e.f. 1-10-2009).
10. Ins. by Act 20 of 2015, s. 53 (w.e.f. 1-6-2015).

[1][**203AA. Furnishing of statement of tax deducted.**—The prescribed income-tax authority or the person authorised by such authority referred to in sub-section (*3*) of section 200, shall, within the prescribed time after the end of each financial year beginning on or after the [2][1st day of April, 2008] prepare and deliver to every person from whose income the tax has been deducted or in respect of whose income the tax has been paid a statement in the prescribed form specifying the amount of tax deducted or paid and such other particulars as may be prescribed.]

**204. Meaning of "person responsible for paying".**—For the purposes of [3][the foregoing provisions of this Chapter] and section 285, the expression "person responsible for paying" means—

(*i*)  in the case of payments of income chargeable under the head "Salaries", other than payments by the Central Government or the Government of a State, the employer himself or, if the employer is a company, the company itself, including the principal officer thereof;

(*ii*)  in the case of payments of income chargeable under the head "Interest on securities", other than payments made by or on behalf of the Central Government or the Government of a State, the local authority, corporation or company, including the principal officer thereof;

[1][(*iia*)  in the case of any sum payable to a non-resident Indian, being any sum representing consideration for the transfer by him of any foreign exchange asset, which is not a short-term capital asset, the [2][authorised person] responsible for remitting such sum to the non-resident Indian or for crediting such sum to his Non-resident (External) Account maintained in accordance with [3][the Foreign Exchange Management Act, 1999 (42 of 1999)], and any rules made thereunder;]

[4][(*iib*)  in the case of furnishing of information relating to payment to a non-resident, not being a company, or to a foreign company, of any sum, whether or not chargeable under the provisions of this Act, the payer himself, or, if the payer is a company, the company itself including the principal officer thereof;]

(*iii*) [5][in the case of credit, or, as the case may be, payment] of any other sum chargeable under the provisions of this Act, the payer himself, or, if the payer is a company, the company itself including the principal officer thereof;

[6][(*iv*)  in the case of credit, or as the case may be, payment of any sum chargeable under the provisions of this Act made by or on behalf of the Central Government or the Government of a State, the drawing and disbursing officer or any other person, by whatever name called, responsible for crediting, or as the case may be, paying such sum.]

[7][*Explanation.*—For the purposes of this section,—

(*a*)  "non-resident Indian" and "foreign exchange asset" shall have the meanings assigned to them in Chapter XII-A;

[8][(*b*)  "authorised person" shall have the meaning assigned to it in clause (*c*) of section 2 of the Foreign Exchange Management Act, 1999 (42 of 1999).]]

---

1. Ins. by Act 23 of 2004, s. 46 (w.e.f. 1-4-2005).
2. Subs. by Act 21 of 2006, s. 45, for "1st day of April, 2005" (w.e.f. 1-4-2006).
3. Subs. by Act 23 of 2004, s. 47, for certain words, figures and letter (w.e.f. 1-10-2004). Earlier to amended by Act 20 of 1967, s. 30 (w.e.f. 1-4-1967).
4. Ins. by Act 23 of 1986, s. 32 (w.e.f. 1-6-1986).
5. Subs. by Act 17 of 2013, s. 50, for "authorized dealer" (w.e.f. 1-4-2013).
6. Subs. by s. 4, *ibid.*, for "the Foreign Exchange Regulation Act, 1973 (46 of 1973)" (w.e.f. 1-4-2013).
7. Ins. by Act 7 of 2017, s. 71 (w.e.f. 1-4-2017).
8. Subs. by Act 20 of 1967, s. 30, for "in the case of payment" (w.e.f. 1-4-1967).
9. Ins. by Act 23 of 2012, s. 80 (w.e.f. 1-7-2012).
10. Added by Act 23 of 1986, s. 32 (w.e.f. 1-6-1986).
11. Subs. by Act 17 of 2013, s. 50, for clause (*b*) (w.e.f. 1-4-2013).

**205. Bar against direct demand on assessee.**—Where tax is deductible at the source under [1][the foregoing provisions of this Chapter], the assessee shall not be called upon to pay the tax himself to the extent to which tax has been deducted from that income.

[2][**206. Persons deducting tax to furnish prescribed returns.**—[3][(*1*)] The prescribed personin the case of every office of Government, the principal officer in the case of every company, the prescribed personin the case of every local authority or other public body or association, every private employer and every other person [4][responsible for deducting tax before the 1st day of April, 2005] under the foregoing provisions of this Chapter [5][shall, within the prescribed time after the end of each financial year, prepare and deliver or cause to be delivered] to the [6][prescribed income-tax authorityor such other authority or agency as may be prescribed], such returns in such form and verified in such manner and setting forth such particulars as may be prescribed:]

[1][Provided that the Board may, if it considers necessary or expedient so to do, frame a scheme for the purposes of filing such returns with such other authority or agency referred to in this sub-section.]

[2][(*2*) Without prejudice to the provisions of sub-section (*1*), the person responsible for deducting tax under the foregoing provisions of this Chapter [3][other than the prescribed person in the case of every office of the Government andthe principal officer in the case of every company] may, at his option, deliver or cause to be delivered such return to the prescribed income-tax authority in accordance with such scheme as may be specified by the Board in this behalf, by notification in the Official Gazette, and subject to such conditions as may be specified therein, on or before the prescribed time after the end of each financial year, on a floppy, diskette, magnetic cartridge tape, CD-ROM or any other computer readable media (hereinafter referred to as the computer media) and in the manner as may be specified in that scheme:

[4][Provided that the prescribed person in the case of every office of Government and the principal officer in the case of every company responsible for deducting tax under the foregoing provisions of this Chapter shall, deliver or cause to be delivered, within the prescribed time after the end of each financial year, such returns on computer media under the said scheme.]

(*3*) Notwithstanding anything contained in any other law for the time being in force, a return filed on computer media shall be deemed to be a return for the purposes of this section and the rules made thereunder and shall be admissible in any proceedings thereunder, without further proof of production of the original, as evidence of any contents of the original or of any fact stated therein.

(*4*) Where the Assessing Officer considers that the return delivered or caused to be delivered under sub-section (*2*) is defective, he may intimate the defect to the person responsible for deducting tax or the principal officer in the case of a company, as the case may be, and give him an opportunity of rectifying the defect within a period of fifteen days from the date of such intimation or within such further period which, on an application made in this behalf, the Assessing Officer may, in his discretion, allow; and if the defect is not rectified within the said period of fifteen days or, as the case may be, the further period so allowed, then, notwithstanding anything contained in any other provision of this Act, such return shall be treated as an invalid return and the provisions of this Act shall apply as if such person had failed to deliver the return.]

---

1. Subs. by Act 23 of 2004, s. 48, for certain words, figures and letter (w.e.f. 1-10-2004).
2. Subs. by Act 11 of 1987, s. 56, for section 206 (w.e.f. 1-6-1987).
3. Section 206 renumbered as sub-section (*1*) by Act 26 of 1997, s. 52 (w.e.f. 1-4-1997).
4. Subs. by Act 21 of 2006, s. 46, for "responsible for deducting tax" (w.e.f. 1-4-2006).
5. Subs. by Act 49 of 1991, s. 62, for "shall prepare, within the prescribed time after the end of each financial year, and deliver or cause to be delivered" (w.e.f. 27-9-1991).
6. Subs. by Act 23 of 2004, s. 49, for "prescribed income-tax authority" (w.e.f. 1-10-2004).
7. Ins. by s. 49, *ibid*. (w.e.f. 1-10-2004).
8. Subs. by Act 32 of 2003, s. 86, for sub-sections (*2*) and (*3*) (w.e.f. 1-6-2003).
9. Subs. by Act 23 of 2004, s. 49, for "other than the principal officer in the case of every company" (w.e.f. 1-4-2005).
10. Subs. by s. 49, *ibid*., for the proviso (w.e.f. 1-4-2005).

[1][**206A. Furnishing of quarterly return in respect of payment of interest to residents without deduction of tax.**—(*1*) Any banking company or co-operative society or public company referred to in the proviso to clause (*i*) of sub-section (*3*) of section 194A responsible for paying to a resident any income [2][not exceeding ten thousand rupees, where the payer is a banking company or a co-operative society, and five thousand rupees in any other case] by way of interest (other than interest on securities), shall prepare [3][such statements for such period as may be prescribed] and deliver or cause to be delivered to the prescribed income-tax authority or the person authorised by such authority the quarterly returns as aforesaid, in the prescribed form, verified in such manner and within such time as may be prescribed, on a floppy, diskette, magnetic cartridge tape, CD-ROM or any other computer readable media.

(*2*) The Central Government may, by notification in the Official Gazette, require any person other than a person mentioned in sub-section (*1*) responsible for paying to a resident any income liable for deduction of tax at source under Chapter XVII, to prepare and deliver or cause to be delivered [4][such statements] in the prescribed form and verified in such manner and within such time as may be prescribed, to the prescribed income-tax authority or the person authorised by such authority on a floppy, diskette, magnetic cartridge tape, CD-ROM or any other computer readable media.]

[1][**206AA. Requirement to furnish Permanent Account Number.**—(*1*) Notwithstanding anything contained in any other provisions of this Act, any person entitled to receive any sum or income or amount, on which tax is deductible under Chapter XVIIB (hereafter referred to as deductee) shall furnish his Permanent Account Number to the person responsible for deducting such tax (hereafter referred to as deductor), failing which tax shall be deducted at the higher of the following rates, namely:—

> (*i*)  at the rate specified in the relevant provision of this Act; or

> (*ii*)  at the rate or rates in force; or

> (*iii*) at the rate of twenty per cent.

(*2*) No declaration under sub-section (*1*) or sub-section (*1A*) or sub-section (*1C*) of section 197A shall be valid unless the person furnishes his Permanent Account Number in such declaration.

(*3*) In case any declaration becomes invalid under sub-section (*2*), the deductor shall deduct the tax at source in accordance with the provisions of sub-section (*1*).

(*4*) No certificate under section 197 shall be granted unless the application made under that section contains the Permanent Account Number of the applicant.

(*5*) The deductee shall furnish his Permanent Account Number to the deductor and both shall indicate the same in all the correspondence, bills, vouchers and other documents which are sent to each other.

(*6*) Where the Permanent Account Number provided to the deductor is invalid or does not belong to the deductee, it shall be deemed that the deductee has not furnished his Permanent Account Number to the deductor and the provisions of sub-section (*1*) shall apply accordingly.]

[2][(*7*) The provisions of this section shall not apply to a non-resident, not being a company, or to a foreign company, in respect of—

> (*i*)  payment of interest on long-term bonds as referred to in section 194LC; and

> (*ii*)  any other payment subject to such conditions as may be prescribed.]

**206B. [Person paying dividend to certain residents without deduction of tax to furnish prescribed return].**—*Omitted by the Finance* (*No. 2*) *Act,* 1996(33 *of* 1996)*, s.* 51(*w.e.f.* 1-10-1996).

---

1. Ins. by Act 18 of 2005, s. 52 (w.e.f. 1-6-2005).
2. Subs. by Act 22 of 2007, s. 60, for "not exceeding five thousand rupees" (w.e.f. 1-6-2007).
3. Subs. by Act 33 of 2009, s. 68, for "quarterly returns for the period ending on the 30th June, the 30th September, the 31st December and the 31st March in each financial year" (w.e.f. 1-10-2009).
4. Subs. by s. 68, *ibid.,* for "quarterly returns" (w.e.f. 1-10-2009).
5. Ins. by s. 69, *ibid.* (w.e.f. 1-4-2010).
6. Subs. by Act 28 of 2016, s. 87, for sub-section (*7*) (w.e.f. 1-6-2016).

[1][BB.—*Collection at source*

**206C. Profits and gains from the business of trading in alcoholic liquor, forest produce, scrap, etc.**—[2][(*1*) Every person, being a seller shall, at the time of debiting of the amount payable by the buyer to the account of the buyer or at the time of receipt of such amount from the said buyer in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, collect from the buyer of any goods of the nature specified in column (2) of the Table below, a sum equal to the percentage, specified in the corresponding entry in column (3) of the said Table, of such amount as income-tax:

[3][TABLE

| Sl. No. | Nature of goods | Percentage |
|---------|-----------------|------------|
| (*1*) | (*2*) | (*3*) |
| (*i*) | Alcoholic Liquor for human consumption | One per cent |
| (*ii*) | Tendu leaves | Five per cent |
| (*iii*) | Timber obtained under a forest lease | Two and one-half per cent |
| (*iv*) | Timber obtained by any mode other than under a forest lease | Two and one-half per cent |
| (*v*) | Any other forest produce not being timber or tendu leaves | Two and one-half per cent |
| (*vi*) | Scrap | One per cent] |
| [1][(*vii*) | Minerals, being coal or lignite or iron ore | One per cent:] |

[2][Provided that every person, being a seller shall at the time, during the period beginning on the 1st day of June, 2003 and ending on the day immediately preceding the date on which the Taxation Laws (Amendment) Act, 2003 comes into force, of debiting of the amount payable by the buyer to the account of the buyer or of receipt of such amount from the said buyer in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, collect from the buyer of any goods of the nature specified in column (*2*) of the Table as it stood immediately before the 1st day of June, 2003, a sum equal to the percentage, specified in the corresponding entry in column (*3*) of the said Table, of such amount as income-tax in accordance with the provisions of this section as they stood immediately before the 1st day of June, 2003.]]

[3][(*IA*) Notwithstanding anything contained in sub-section (*I*), no collection of tax shall be made in the case of a buyer, who is resident in India, if such buyer furnishes to the person responsible for collecting tax, a declaration in writing in duplicate in the prescribed form and verified in the prescribed manner to the effect that the goods referred to in column (2) of the aforesaid Table are to be utilised for the purposes of manufacturing, processing or producing articles or things [4][or for the purposes of generation of power] and not for trading purposes.

---

1. Ins. by 26 of 1988, s. 40 (w.e.f. 1-6-1988).
2. Subs. by Act 18 of 1992, s. 79, for sub-section (*I*) (w.e.f. 1-4-1992). Earlier sub-section (*I*) amended by Act 3 of 1989, s. 34 (w.r.e.f. 1-6-1988).
3. Subs. by Act 54 of 2003, s. 9, for the Table (w.e.f. 8-9-2003). Earlier substitution by 18 of 1992, s. 75 (w.e.f. 1-4-1992), as so amended by Act 32 of 2003, s. 86 (w.e.f. 1-6-2003).
4. Ins. by Act 23 of 2012, s. 81 (w.e.f. 1-7-2012).
5. Subs. by Act 54 of 2003, s. 9, for the proviso (w.e.f. 8-9-2003).
6. Ins. by s. 9, *ibid.* (w.e.f. 8-9-2003).

(*1B*) The person responsible for collecting tax under this section shall deliver or cause to be delivered to the [1][Principal Chief Commissioner or Chief Commissioner] or [2][Principal Commissioner or Commissioner] one copy of the declaration referred to in sub-section (*1A*) on or before the seventh day of the month next following the month in which the declaration is furnished to him.]

[3][(*1C*) Every person, who grants a lease or a licence or enters into a contract or otherwise transfers any right or interest either in whole or in part in any parking lot or toll plaza or mine or quarry, to another person, other than a public sector company (hereafter in this section referred to as "licensee or lessee") for the use of such parking lot or toll plaza or mine or quarry for the purpose of business shall, at the time of debiting of the amount payable by the licensee or lessee to the account of the licensee or lessee or at the time of receipt of such amount from the licensee or lessee in cash or by the issue of a cheque or draft or by any other mode, whichever is earlier, collect from the licensee or lessee of any such licence, contract or lease of the nature specified in column (*2*) of the Table below, a sum equal to the percentage, specified in the corresponding entry in column (*3*) of the said Table, of such amount as income-tax:

TABLE

| Sl. No. | Nature of contract or licence or lease, etc. | Percentage |
|---------|----------------------------------------------|------------|
| (*1*) | (*2*) | (*3*) |
| (*i*) | Parking lot | Two per cent. |
| (*ii*) | Toll plaza | Two per cent. |
| (*iii*) | Mining and quarrying | Two per cent.] |

[1][*Explanation 1.*—For the purposes of this sub-section, "mining and quarrying" shall not include mining and quarrying of mineral oil.

*Explanation 2.*—For the purposes of *Explanation 1*, "mineral oil" includes petroleum and natural gas.]

[2]\*          \*          \*          \*          \*

(*1F*) Every person, being a seller, who receives any amount as consideration for sale of a motor vehicle of the value exceeding ten lakh rupees, shall, at the time of receipt of such amount, collect from the buyer, a sum equal to one per cent of the sale consideration as income-tax.]

(*2*) The power to recover tax by collection under sub-section (*1*) [3][or sub-section (*1C*)] [3]\*\*\*shall be without prejudice to any other mode of recovery.

(*3*) Any person collecting any amount under sub-section (*1*) [3][or sub-section (*1C*) [6]\*\*\*shall pay within [4][the prescribed time] the amount so collected to the credit of the Central Government or as the Board directs:

[5][Provided that the person collecting tax on or after the 1st day of April, 2005 in accordance with the foregoing provisions of this section shall, after paying the tax collected to the credit of the Central Government within the prescribed time, [6][prepare such statements for such period as may be prescribed] and deliver or cause to be delivered to the prescribed income-tax authority, or the person authorised by such authority, such statement in such form and verified in such manner and setting forth such particulars and within such time as may be prescribed.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
2. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
3. Ins. by Act 23 of 2004, s. 50 (w.e.f. 1-10-2004).
4. The *Explanations* ins. by Act 22 of 2007, s. 61 (w.e.f. 1-6-2007).
5. Sub-sections (*1D*) and (*1E*) omitted by Act 7 of 2017, s. 72 (w.e.f. 1-4-2017).
6. The words "or sub-section (*1D*)" omitted by s. 72, *ibid.* (w.e.f. 1-4-2017).
7. Subs. by Act 54 of 2003, s. 9, for "seven days" (w.e.f. 8-9-2003).
8. Ins. by Act 23 of 2003, s. 50 (w.e.f. 1-4-2005).
9. Subs. by Act 33 of 2009, s. 70, for "prepare quarterly statements for the period ending on the 30th June, the 30th September, the 31st December and the 31st March in each financial year" (w.e.f. 1-10-2009).

[1][(*3A*) In case of an office of the Government, where the amount collected under sub-section (*1*) [2][or sub-section (*1C*)] [3]*** has been paid to the credit of the Central Government without the production of a challan, the Pay and Accounts Officer or the Treasury Officer or the Cheque Drawing and Disbursing Officer or any other person, by whatever name called, who is responsible for crediting such tax to the credit of the Central Government, shall deliver or cause to be delivered to the prescribed income-tax authority, or to the person authorised by such authority, a statement in such form, verified in such manner, setting forth such particulars and within such time as may be prescribed.

(*3B*) The person referred to in the proviso to sub-section (*3*) may also deliver to the prescribed authority under the said proviso, a correction statement for rectification of any mistake or to add, delete or update the information furnished in the statement delivered under the said proviso in such form and verified in such manner, as may be specified by the authority.]

[1][(*4*) Any amount collected in accordance with the provisions of this section and paid to the credit of the Central Government shall be deemed to be a payment of tax on behalf of the person from whom the amount has been collected and credit shall be given to such person for the amount so collected in a particular assessment year in accordance with the rules as may be prescribed by the Board from time to time.]

(*5*) Every person collecting tax in accordance with the provisions of this section shall within [2][such period as may be prescribed from the time of debit] or receipt of the amount furnish to the [3][buyer or licensee or lessee] to whose account such amount is debited or from whom such payment is received, a certificate to the effect that tax has been collected, and specifying the sum so collected, the rate at which the tax has been collected and such other particulars as may be prescribed:

[4][*          *          *          *          *

Provided [5]*** that the prescribed income-tax authority or the person authorised by such authority referred to in sub-section (*3*) shall, within the prescribed time [6][after the end of each financial year beginning on or after the 1st day of April, 2008], prepare and deliver to the buyer referred to in sub-section (*1*) or, as the case may be, to the licensee or lessee referred to in sub-section (*1C*), a statement in the prescribed form specifying the amount of tax collected and such other particulars as may be prescribed.]

[7][(*5A*) Every person [8][collecting tax before the 1st day of April, 2005] in accordance with the provisions of this section shall [9][prepare within the prescribed time after the end of each financial year], and deliver or cause to be delivered to the [10][prescribed income-tax authority or such other authority or agency as may be prescribed] such returns in such form and verified in such manner and setting forth such particulars and within such time as may be prescribed:]

1. Ins. by Act 20 of 2015, s. 54 (w.e.f. 1-6-2015).
2. Ins. by Act 23 of 2004, s. 50 (w.e.f. 1-10-2004).
3. The words "or sub-section (*1D*)" omitted by Act 7 of 2017, s. 72 (w.e.f. 1-4-2017).
4. Subs. by Act 18 of 2008, s. 48, for sub-section (*4*) (w.e.f. 1-4-2008). Earlier inserted by Act 23 of 2004, s. 50 (w.e.f. 1-4-2005).
5. Subs. by Act 54 of 2003, s. 9, for "ten days from the date of debit" (w.e.f. 8-9-2003).
6. Subs. by Act 23 of 2004, s. 50, for "buyer" (w.e.f. 1-10-2004).
7. The Proviso omitted by 14 of 2010, s. 44 (w.e.f. 1-4-2010). Earlier provisos inserted by Act 23 of 2004, s. 50 (w.e.f. 1-4-2005).
8. The words "Provided further" omitted by s. 44, *ibid.* (w.e.f. 1-4-2010).
9. Subs. by Act 21 of 2006, s. 47, for "1st day of April, 2006" (w.e.f. 1-4-2005).
10. Ins. by Act 3 of 1989, s. 34 (w.e.f. 1-4-1989).
11. Subs. by Act 21 of 2006, s. 47, for "after the end of each financial year" (w.e.f. 1-4-2006).
12. Subs. by Act 23 of 2004, s. 50, for "prepare half-yearly returns of the period ending on the 30th Septmebt and 31st March in each financial year" (w.e.f. 1-10-2004).
13. Subs. by s. 50,*ibid.*, for "prescribed income-tax authority" (w.e.f. 1-10-2004).

[1][Provided that the Board may, if it considers necessary or expedient so to do, frame a scheme for the purposes of filing such returns with such other authority or agency referred to in this sub-section.]

[2][(*5B*) Without prejudice to the provisions of sub-section (*5A*), any person collecting tax, other than in a case where the seller is a company, the Central Government or a State Government, may at his option, deliver or cause to be delivered such return to the prescribed income-tax authority in accordance with such scheme as may be specified by the Board in this behalf, by notification in the Official Gazette, and subject to such conditions as may be specified therein, on or before the prescribed time after the end of each financial year, on a floppy, diskette, magnetic cartridge tape, CD-ROM or any other computer readable media (hereinafter referred to as the computer media) and in the manner as may be specified in that scheme:

Provided that where the person collecting tax is a company or the Central Government or a State Government, such person shall, in accordance with the provisions of this section, deliver or cause to be delivered, within the prescribed time after the end of each financial year, such returns on computer media under the said scheme.

(*5C*) Notwithstanding anything contained in any other law for the time being in force, a return filed on computer media shall be deemed to be a return for the purposes of sub-section (*5A*) and the rules made thereunder and shall be admissible in any proceedings made thereunder, without further proof of production of the original, as evidence of any contents of the original or of any facts stated therein.

(*5D*)Where the Assessing Officer considers that the return delivered or caused to be delivered under sub-section (*5B*) is defective, he may intimate the defect to the person collecting tax and give him an opportunity of rectifying the defect within a period of fifteen days from the date of such intimation or within such further period which, on an application made in this behalf, the Assessing Officer may, in his discretion, allow; and if the defect is not rectified within the said period of fifteen days or, as the case may be, the further period so allowed, then, notwithstanding anything contained in any other provision of this Act, such return shall be treated as an invalid return and the provisions of this Act shall apply as if such person had failed to deliver the return.]

(*6*) Any person responsible for collecting the tax who fails to collect the tax in accordance with the provisions of this section, shall, notwithstanding such failure, be liable to pay the tax to the credit of the Central Government in accordance with the provisions of sub-section (*3*).

[1][(*6A*) If any person responsible for collecting tax in accordance with the provisions of this section does not collect the whole or any part of the tax or after collecting, fails to pay the tax as required by or under this Act, he shall, without prejudice to any other consequences which he may incur, be deemed to be an assessee in default in respect of the tax:

[2][Provided that any person[3]***responsible for collecting tax in accordance with the provisions of this section, who fails to collect the whole or any part of the tax on the amount received from a buyer or licensee or lessee or on the amount debited to the account of the buyer or licensee or lessee shall not be deemed to be an assessee in default in respect of such tax if such buyer or licensee or lessee—

(*i*) has furnished his return of income under section 139;

---

1. Ins. by Act 23 of 2004, s. 50 (w.e.f. 1-10-2004).
2. Subs. by s. 50, *ibid.*, for sub-sections (*5B*) and (*5C*) (w.e.f. . 1-4-2005).
3. Ins. by Act 21 of 2006, s. 47 (w.e.f. 1-4-2007).
4. Ins. by Act 23 of 2012, s. 81 (w.e.f. 1-7-2012).
5. The words ", other than a person referred to in sub-section (*1D*)," omitted by Act 7 of 2017, s. 72 (w.e.f. 1-4-2017).

(*ii*) has taken into account such amount for computing income in such return of income; and

(*iii*) has paid the tax due on the income declared by him in such return of income,

and the person furnishes a certificate to this effect from an accountant in such form as may be prescribed:]

[1][Provided further that] no penalty shall be charged under section 221 from such person unless the Assessing Officer is satisfied that the person has without good and sufficient reasons failed to collect and pay the tax.]

(*7*) Without prejudice to the provisions of sub-section (*6*), if the [1][person responsible for collecting tax] does not collect the tax or after collecting the tax fails to pay it as required under this section, he shall be liable to pay simple interest at the rate of [2][one per cent.] per month or part thereof on the amount of such tax from the date on which such tax was collectible to the date on which the tax was actually paid [3][and such interest shall be paid before furnishing the quarterly statement for each quarter in accordance with the provisions of sub-section (*3*)]:

[4][Provided that in case any person[5]***responsible for collecting tax in accordance with the provisions of this section, fails to collect the whole or any part of the tax on the amount received from a buyer or licensee or lessee or on the amount debited to the account of the buyer or licensee or lessee but is not deemed to be an assessee in default under the first proviso of sub-section (*6A*), the interest shall be payable from the date on which such tax was collectible to the date of furnishing of return of income by such buyer or licensee or lessee.]

(*8*) Where the tax has not been paid as aforesaid, after it is collected, the amount of the tax together with the amount of simple interest thereon referred to in sub-section (*7*) shall be a charge upon all the assets of the [2][person responsible for collecting tax].]

[6][(*9*) Where the Assessing Officer is satisfied that the total income of the [7][buyer or licensee or lessee] justifies the collection of the tax at any lower rate than the relevant rate specified in sub-section (*1*) [8][or sub-section (*1C*)] [9]***, the Assessing Officer shall, on an application made by the buyer or licensee or lessee in this behalf, give to him a certificate for collection of tax at such lower rate than the relevant rate specified in sub-section (*1*) [9][or sub-section (*1C*)] [10]***.

(*10*) Where a certificate under sub-section (*9*) is given, the person responsible for collecting the tax shall, until such certificate is cancelled by the Assessing Officer, collect the tax at the rates specified in such certificate.

---

1. Subs. by Act 23 of 2012, s. 81, for "Provided that" (w.e.f. 1-7-2012).
2. Subs. by Act 21 of 2006, s. 47, for "seller" (w.e..f 1-4-2007).
3. Subs. by Act 54 of 2003, s. 9, for "one and one-fourth per cent." (w.e.f. 8-9-2003).
4. Ins. by Act 21 of 2006, s. 47 (w.e.f. 1-6-2006).
5. Ins. by Act 23 of 2012, s. 81 (w.e.f. 1-7-2012).
6. The words ", other than a person referred to in sub-section (*1D*)," omitted by Act 7 of 2017, s. 72 (w.e.f. 1-4-2017).
7. Ins. by Act 27 of 1999, s. 80 (w.e.f. 1-6-1999).
8. Subs. by Act 23 of 2004, s. 50, for "buyer" (w.e.f. 1-10-2004).
9. Ins. by s. 50, *ibid.* (w.e.f. 1-10-2004).
10. The words "or sub-section (*1D*)" omitted by Act 7 of 2017, s. 72 (w.e.f. 1-4-2017).

(*11*) The Board may, having regard to the convenience of assessees and the interests of revenue, by notification in the Official Gazette, make rules specifying the cases in which, and the circumstances under which, an application may be made for the grant of a certificate under sub-section (*9*) and the conditions subject to which such certificate may be granted and providing for all other matters connected therewith.]

[1][*Explanation*.—For the purposes of this section,—

[2][(*a*) "accountant" shall have the meaning assigned to it in the *Explanation* to sub-section (*2*) of section 288;

(*aa*) "buyer" with respect to—

(*i*) sub-section (*1*) means a person who obtains in any sale, by way of auction, tender or any other mode, goods of the nature specified in the Table in sub-section (*1*) or the right to receive any such goods but does not include,—

(*A*) a public sector company, the Central Government, a State Government, and an embassy, a High Commission, legation, commission, consulate and the trade representation, of a foreign State and a club; or

(*B*) a buyer in the retail sale of such goods purchased by him for personal consumption;

[1]*        *        *        *        *

[2][(*iii*) sub-section (*1F*) means a person who obtains in any sale, goods of the nature specified in the said sub-section, but does not include,—

(*A*) the Central Government, a State Government and an embassy, a High Commission, legation, commission, consulate and the trade representation of a foreign State; or

(*B*) a local authority as defined in *Explanation* to clause (*20*) of section 10; or

(*C*) a public sector company which is engaged in the business of carrying passengers.]

[3]*        *        *        *        *]

[4][(*b*) "scrap" means waste and scrap from the manufacture or mechanical working of materials which is definitely not usable as such because of breakage, cutting up, wear and other reasons;]

(*c*) "seller" means the Central Government, a State Government or any local authority or corporation or authority established by or under a Central, State or Provincial Act, or any company or firm or co-operative society and also includes an individual or a Hindu undivided family whose total sales, gross receipts or turnover from the business or profession carried on by him exceed the monetary limits specified under clause (*a*) or clause (*b*) of section 44AB during the financial yearimmediately preceding the financial year in which the goods of the nature specified in the Table in sub-section (*1*) [5][are sold].

---

1. Ins. by Act 18 of 1992, s. 79 (w.e.f. 1-4-1992).
2. Subs. by Act 23 of 2012, s. 81, for  clause (a) (w.e.f. 1-7-2012).
3. Sub-clause (*ii*) omitted by Act 7 of 2017, s. 72 (w.e.f. 1-4-2017).
4. Ins. by s. 72, *ibid*. (w.e.f. 1-4-2017).
5. Clause (*ab*) omitted by s. 72, *ibid.* (w.e.f. 1-4-2017).
6. Subs. by Act 32 of 2003, s. 87, for clause (*b*) (w.e.f. 1-6-2003).
7. Subs. by Act 7 of 2017, s. 72, for "or sub-section (*1D*) are sold or services referred to in sub-section (*1D*) are provided" (w.e.f. 1-4-2017).

[1][**206CA. Tax collection account number.**—(*1*) Every person collecting tax in accordance with the provisions of section 206C, shall, within such time as may be prescribed, apply to the Assessing Officer for the allotment of a tax collection account number.

(*2*) Where a tax collection account number has been allotted to a person, such person shall quote such number—

(*a*) in all challans for the payment of any sum in accordance with the provisions of sub-section (*3*) of section 206C;

(*b*) in all certificates furnished under sub-section (*5*) of section 206C;

(*c*) in all the returns delivered in accordance with the provisions of sub-section (*5A*) or sub-section (*5B*) of section 206C to any income-tax authority; and

(*d*) in all other documents pertaining to such transactions as may be prescribed in the interest of revenue:]

[1][Provided that the provisions of this section shall not apply on or after the 1st day of October, 2004.]

[2][**206CB. Processing of statements of tax collected at source.**—(*1*) Where a statement of tax collection at source or a correction statement has been made by a person collecting any sum (herein referred to as collector) under section 206C, such statement shall be processed in the following manner, namely:—

(*a*) the sums collectible under this Chapter shall be computed after making the following adjustments, namely:—

(*i*) any arithmetical error in the statement;

(*ii*) an incorrect claim, apparent from any information in the statement;

(*b*) the interest, if any, shall be computed on the basis of the sums collectible as computed in the statement;

(*c*) the fee, if any, shall be computed in accordance with the provisions of section 234E;

(*d*) the sum payable by, or the amount of refund due to, the collector, shall be determined after adjustment of the amount computed under clause (*b*) and clause (*c*) against any amount paid under section 206C or section 234E and any amount paid otherwise by way of tax or interest or fee;

(*e*) an intimation shall be prepared or generated and sent to the collector specifying the sum determined to be payable by, or the amount of refund due to, him under clause (*d*); and

(*f*) the amount of refund due to the collector in pursuance of the determination under clause (*d*) shall be granted to the collector:

Provided that no intimation under this sub-section shall be sent after the expiry of the period of one year from the end of the financial year in which the statement is filed.

*Explanation.*—For the purposes of this sub-section, "an incorrect claim apparent from any information in the statement" shall mean a claim, on the basis of an entry, in the statement—

(*i*) of an item,which is inconsistent with another entry of the same or some other item in such statement;

1. Ins. by Act 20 of 2002, s. 91 (w.e.f. 1-6-2002).
2. Ins. by Act 23 of 2004, s. 51 (w.e.f. 1-10-2004).
3. Ins. by Act 20 of 2015, s. 55 (w.e.f. 1-6-2015).

(*ii*) in respect of rate of collection of tax at source, where such rate is not in accordance with the provisions of this Act.

(*2*) The Board may make a scheme for centralised processing of statements of tax collected at source to expeditiously determine the tax payable by, or the refund due to, the collector, as required under sub-section (*1*).]

[1][**206CC. Requirement to furnish Permanent Account number by collectee.**—(*1*) Notwithstanding anything contained in any other provisions of this Act, any person paying any sum or amount, on which tax is collectible at source under Chapter XVII-BB (herein referred to as collectee) shall furnish his Permanent Account Number to the person responsible for collecting such tax (herein referred to as collector), failing which tax shall be collected at the higher of the following rates, namely:—

(*i*) at twice the rate specified in the relevant provision of this Act; or

(*ii*) at the rate of five per cent.

(*2*) No declaration under sub-section (*1A*) of section 206C shall be valid unless the person furnishes his Permanent Account Number in such declaration.

(*3*) In case any declaration becomes invalid under sub-section (*2*), the collector shall collect the tax at source in accordance with the provisions of sub-section (*1*).

(*4*) No certificate under sub-section (*9*) of section 206C shall be granted unless the application made under that section contains the Permanent Account Number of the applicant.

(*5*) The collectee shall furnish his Permanent Account Number to the collector and both shall indicate the same in all the correspondence, bills, vouchers and other documents which are sent to each other.

(*6*) Where the Permanent Account Number provided to the collector is invalid or does not belong to the collectee, it shall be deemed that the collectee has not furnished his Permanent Account Number to the collector and the provisions of sub-section (*1*) shall apply accordingly.

(*7*) The provisions of this section shall not apply to a non-resident who does not have permanent establishment in India.

*Explanation.*—For the purposes of this sub-section, the expression "permanent establishment" includes a fixed place of business through which the business of the enterprise is wholly or partly carried on.]

[1][**207. Liability for payment of advance tax.**—[2][(*1*)] Tax shall be payable in advance during any financial year, in accordance with the provisions of sections 208 to 219 (both inclusive), in respect of the total income of the assessee which would be chargeable to tax for the assessment year immediately following that financial year, such income being hereafter in this Chapter referred to as "current income".

[3][(*2*) The provisions of sub-section (*1*) shall not apply to an individual resident in India, who—

(*a*) does nothave any income chargeable under the head "Profits and gains of business or profession"; and

---

1. Ins. by Act 7 of 2017, s. 73 (w.e.f. 1-4-2017).
2. Subs. by Act 4 of 1988, s. 76, for sections 207 and 208 (w.e.f. 1-4-1988). Earlier amended by Act 16 of 1972, s. 33 (w.e.f. 1-4-1972).
3. Section207 renumbered as sub-section (*1*) thereof by Act 23 of 2012, s. 82 (w.e.f. 1-4-2012).
4. Ins. by s. 82, *ibid*. (w.e.f. 1-4-2012).

(*b*) is of the age of sixty years or more at any time during the previous year.]

**208. Conditions of liability to pay advance tax.**—Advance tax shall be payable during a financial year in every case where the amount of such tax payable by the assessee during that year, as computed in accordance with the provisions of this Chapter, is ten thousand rupees or more.]

**209.Computation of advance tax.**—[1][(*1*) The amount of advance tax payable by an assessee in the financial year shall, subject to the provisions of sub-sections (*2*) and (*3*), be computed as follows, namely:—

(*a*)  where the calculation is made by the assessee for the purposes of payment of advance tax under sub-section (*1*) or sub-section (*2*) or sub-section (*5*) or sub-section (*6*) of section 210, he shall first estimate his current income and income-tax thereon shall be calculated at the rates in force in the financial year;

(*b*)  where the calculation is made by the Assessing Officer for the purpose of making an order under sub-section (*3*) of section 210, the total income of the latest previous year in respect of which the assessee has been assessed by way of regular assessment or the total income returned by the assessee in any return of income furnished by him for any subsequent previous year, whichever is higher, shall be taken and income-tax thereon shall be calculated at the rates in force in the financial year;

(*c*)  where the calculation is made by the Assessing Officer for the purpose of making an amended order under sub-section (4) of section 210, the total income declared in the return furnished by the assessee for the later previous year, or, as the case may be, the total income in respect of which the regular assessment, referred to in that sub-section has been made, shall be taken and income-tax thereon shall be calculated at the rates in force in the financial year;

(*d*)  the income-tax calculated under clause (*a*) or clause (*b*) or clause (*c*) shall, in each case, be reduced by the amount of income-tax which would be [1][deductible or collectible at source] during the said financial year under any provision of this Act from any income (as computed before allowing any deductions admissible under this Act) which has been taken into account in computing the current income or, as the case may be, the total income aforesaid; and the amount of income-tax as so reduced shall be the advance tax payable:]

[2][Provided that for computing liability for advance tax, income-tax calculated under clause (*a*) or clause (*b*) or clause (*c*) shall not, in each case, be reduced by the aforesaid amount of income-tax which would be deductible or collectible at source during the said financial year under any provision of this Act from any income, if the person responsible for deducting tax has paid or credited such income without deduction of tax or it has been received or debited by the person responsible for collecting tax without collection of such tax.]

---

1. Subs. by Act 4 of 1988, s. 77, for sub-section (*1*) (w.e.f. 1-4-1988).

2. Subs. by Act 3 of 1989, s. 35, for "deductible at source" (w.r.e.f. 1-6-1988).

3. Ins. by Act 23 of 2012, s. 83 (w.e.f. 1-4-2012).

[1][(2) Where the Finance Act of the relevant year provides that, in the case of any class of assessees, net agricultural income (as defined in that Act) shall be taken into account for the purposes of computing advance tax, then, the net agricultural income to be taken into account in the case of any assessee falling in that class, shall be—

(*a*)  in cases [2][where the Assessing Officer makes an order under sub-section (*3*) or sub-section (*4*) of section 210],—

(*i*)  if the total income of the latest previous year in respect of which the assessee has been assessed by way of regular assessment forms the basis of computation of advance tax payable by him, the net agricultural income which has been taken into account for the purposes of charging income-tax for the assessment year relevant to that previous year; or

[1][(*ii*)  if the total income declared by the assessee for the later previous year referred to in sub-section (*4*) of section 210 forms the basis of computation of advance tax, the net agricultural income as returned by the assessee in the return of income for the assessment year relevant to such later previous year;]

[2][(*b*)  in cases where the advance tax is paid by the assessee on the basis of his estimate of his current income under sub-section (*1*) or sub-section (*2*) or sub-section (*5*) or sub-section (*6*) of section 210, the net agricultural income, as estimated by him, of the period which would be the previous year for the immediately following assessment year.]

(*3*) Where the Finance Act of the relevant year specifies any separate rate or rates for the purposes of computing advance tax in the case of every Hindu undivided family which has at least one member whose total income of the previous year exceeds the maximum amount not chargeable to income-tax in his case, then, the [3][Assessing Officer] shall, for making an order under [4][sub-section (*3*) or sub-section (*4*) of section 210] in the case of any such Hindu undivided family, compute (subject to the provisions of section 164) the advance tax at such rate or rates—

(*a*)  in a case where the total income of the latest previous year in respect of which the Hindu undivided family has been assessed by way of regular assessment forms the basis of computation of advance tax, if the total income of any member of the family for the assessment year relevant to such latest previous year exceeds the maximum amount not chargeable to income-tax in his case;

(*b*) in a case where the total income of the previous year [5][in respect of which a return of income is furnished by the Hindu undivided family under section 139 or in response to a notice under sub-section (*1*) of section 142] forms the basis of computation of advance tax, if the total income of any member of the family for the assessment year relevant to such previous year exceeds the maximum amount not chargeable to income-tax in his case.]

---

1. Ins. by Act 20 of 1974, s. 11 (w.e.f. 1-4-1974).

2. Subs. by Act 4 of 1988, s. 77, for "where the assessee sends a statement under sub-section (*1*) of section 209A or where the Income-tax Officer makes an order under sub-section (*1*) or sub-section (*3*)  of section 210" (w.e.f. 1-4-1988).

3. Subs. by s. 77, *ibid.*, for sub-clause (*ii*) (w.e.f. 1-4-1988).

4. Subs. by s. 77, *ibid.,*for clause (*b*) (w.e.f. 1-4-1988).

5. Subs. by s. 2, *ibid.*, for "Income-tax Officer" (w.e.f. 1-4-1988).

6. Subs. by s. 77, *ibid.*, for "under section 210" (w.e.f. 1-4-1988).

7. Subs. by s. 77, *ibid.*, for "on the basis of which tax has been paid by the Hindu undivided family under section 140A" (w.e.f. 1-4-1988).

**209A.** **[Computation and payment of advance tax by assessee.]** *Omitted by the Direct Tax Laws* (*Amendment*) *Act, 1987* (4 *of* 1988), s. 78 (*w.e.f.* 1-4-1988). *Original section was inserted by the Finance Act,* 1978 (19 *of* 1978)*, s.* 24 (*w.e.f.* 1-6-1978).

[1]**[210. Payment of advance tax by the assessee of his own accord or in pursuance of order of Assessing Officer.**—(*1*) Every person who is liable to pay advance tax under section 208 (whether or not he has been previously assessed by way of regular assessment) shall, of his own accord, pay, on or before each of the due dates specified in section 211, the appropriate percentage, specified in that section, of the advance tax on his current income, calculated in the manner laid down in section 209.

(*2*) A person who pays any instalment or instalments of advance tax under sub-section (*1*), may increase or reduce the amount of advance tax payable in the remaining instalment or instalments to accord with his estimate of his current income and the advance tax payable thereon, and make payment of the said amount in the remaining instalment or instalments accordingly.

(*3*) In the case of a person who has been already assessed by way of regular assessment in respect of the total income of any previous year, [1]*** the Assessing Officer, if he is of opinion that such person is liable to pay advance tax, may, at any time during the financial year but not later than the last day of February, by order in writing, require such person to pay advance tax calculated in the manner laid down in section 209, and issue to such person a notice of demand under section 156 specifying the instalment or instalments in which such tax is to be paid.

(*4*) If, after the making of an order by the Assessing Officer under sub-section (*3*) and at any time before the 1st day of March, a return of income is furnished by the assessee under section 139 or in response to a notice under sub-section (*1*) of section 142, or a regular assessment of the assessee is made in respect of a previous year later than that referred to in sub-section (*3*), the Assessing Officer may make an amended order and issue to such assessee a notice of demand under section 156 requiring the assessee to pay, on or before the due date or each of the due dates specified in section 211 falling after the date of the amended order, the appropriate percentage, specified in section 211, of the advance tax computed on the basis of the total income declared in such return or in respect of which the regular assessment aforesaid has been made.

(*5*) A person who is served with an order of the Assessing Officer under sub-section (*3*) or an amended order under sub-section (*4*) may, if in his estimation the advance tax payable on his current income would be less than the amount of the advance tax specified in such order or amended order, send an intimation in the prescribed form to the Assessing Officer to that effect and pay such advance tax as accords with his estimate, calculated in the manner laid down in section 209, at the appropriate percentage thereof specified in section 211, on or before the due date or each of the due dates specified in section 211 falling after the date of such intimation.

(*6*) A person who is served with an order of the Assessing Officer under sub-section (*3*) or amended order under sub-section (*4*) shall, if in his estimation the advance tax payable on his current income would exceed the amount of advance tax specified in such order or amended order or intimated by him under sub-section (*5*), pay on or before the due date of the last instalment specified in section 211, the appropriate part or, as the case may be, the whole of such higher amount of advance tax as accords with his estimate, calculated in the manner laid down in section 209.]

---

1. Subs. by Act 4 of 1988, s. 79, for section 210 (w.e.f. 1-4-1988).

2. The words "and who has not paid any advance tax under sub-section (*1*)" omitted by Act 20 of 2002, s. 92 (w.e.f. 1-6-2002).

[1][**211. Instalments of advance tax and due dates.**—[2][(*1*) Advance tax on the current income calculated in the manner laid down in section 209 shall be payable by—

(*a*)  all the assessees, other than the assessee referred to in clause (*b*), who are liable to pay the same, in four instalments during each financial year and the due date of each instalment and theamount of such instalment shall be as specified in the Table below:

TABLE

| Due date of instalment | Amount payable |
|---|---|
| On  or  before  the  15th June | Not less than fifteen per cent. of such advance tax. |
| On  or  before  the  15th September | Not less than forty-five per cent. of such advance tax, as reduced by the amount, if any, paid in the earlier instalment. |
| On  or  before  the  15th December | Not less than seventy-five per cent. of such advance tax, as reduced by the amount of amounts, if any, paid in the earlier instalment or instalments. |
| On or before the 15th March | The whole amount of such advance tax, as reduced by the amount or amounts, if any, paid in the earlier instalment or instalments; |

(*b*)  [1][an assessee who declares profits and gains in accordance with the provisions of sub-section (*1*) of section 44AD or sub-section (*1*) of section 44ADA, as the case may be], to the extent of the whole amount of such advance tax during each financial year on or before the 15th March:

Provided that any amount paid by way of advance tax on or before the 31st day of March shall also be treated as advance tax paid during the financial year ending on that day for all the purposes of this Act.]

(*2*) If the notice of demand issued under section 156 in pursuance of an order of the Assessing Officer under sub-section (*3*) or sub-section (*4*) of section 210 is served after any of the due dates specified in sub-section (*1*), the appropriate part or, as the case may be, the whole of the amount of the advance tax specified in such notice shall be payable on or before each of such of those dates as fall after the date of service of the notice of demand.]

**212. [Estimate by assessee.]** *Omitted by the Direct Tax Laws* (*Amendment*) *Act,* 1987 (4 *of* 1988)*, s.* 81 (*w.e.f.* 1-4-1988).

**213. [Commission receipts.]** *Omitted by s.*81*, ibid.* (*w.e.f.* 1-4-1988).

---

1. Subs. by Act 4 of 1988, s. 80, for section 211 (w.e.f. 1-4-1988).

2. Subs. by Act 28 of 2016, s. 89, for sub-section (*1*) (w.e.f. 1-6-2016).

3. Subs. by Act 7 of 2017, s. 74, for "an eligible assessee in respect of an eligible business referred to in section 44AD" (w.e.f. 1-4-2017).

**214. Interest payable by Government.**—(*1*) The Central Government shall pay simple interest at [1][fifteen per cent.] per annum on the amount by which the aggregate sum of any instalments of advance tax paid during any financial year in which they are payable under sections 207 to 213 exceeds the amount of the [2][assessed tax] from the 1st day of April next following the said financial year to the date of the regular assessment for the assessment year immediately following the said financial year, and where any such instalment is paid after the expiry of the financial year, during which it is payable by reason of the provisions of section 213, interest as aforesaid shall also be payable on that instalment from the date of its payment to the date of regular assessment:

[1][Provided that in respect of any amount refunded on a provisional assessment under section 141A, no interest shall be paid for any period after the date of such provisional assessment.]

[2][(*1A*) Where as a result of an order under section 147 or section 154 or section 155 or section 250 or section 254 or section 260 or section 262 or section 263 or section 264 [3][or an order of the Settlement Commission under sub-section (*4*) of section 245D], the amount on which interest was payable under sub-section (*1*) has been increased or reduced, as the case may be, the interest shall be increased or reduced accordingly, and in a case where the interest is reduced, the [4][Assessing Officer] shall serve on the assessee, a notice of demand in the prescribed form specifying the amount of the excess interest payable and requiring him to pay such amount; and such notice of demand shall be deemed to be a notice under section 156 and the provisions of this Act shall apply accordingly.]

(*2*) On any portion of such amount which is refunded under this Chapter, interest shall be payable only up to the date on which the refund was made.

[5][(*3*) This section and sections 215, 216 and 217 shall not apply in respect of any assessment for the assessment year commencing on the 1st day of April, 1989, or any subsequent assessment year and, in the application of the said sections to the assessment for any earlier assessment year, references therein [except in sub-section (*1A*) and sub-section (*3*) of section 215] to the other provisions of this Act shall be construed as references to those provisions as for the time being in force and applicable to the relevant assessment year.]

[6][*Explanation 1.*—In this section, "assessed tax" shall have the same meaning as in sub-section (*5*) of section 215.

*Explanation 2.*—Where, in relation to an assessment year, an assessment is made for the first time under section 147, the assessment so made shall be regarded as a regular assessment for the purposes of this section.]

**215. Interest payable by assessee.**—[7][(*1*)Where, in any financial year, an assessee has paid [8][advance tax under section 209A or section 212 on the basis of his own estimate (including revised

---

1. Subs. by Act 67 of 1984, s. 24, for "twelve per cent." (w.e.f. 1-10-1984).

2. Subs. by s. 35, *ibid.*, for "tax determined on regular assessment" (w.e.f. 1-4-1985).

3. Added by Act 19 of 1968, s. 16 (w.e.f. 1-4-1968).

4. Subs. by Act 67 of 1984, s. 35, for sub-section (*1A*) (w.e.f. 1-4-1985).

5. Ins. by Act 4 of 1988, s. 82 (w.e.f. 1-4-1989).

6. Subs. by s. 2, *ibid.*, for "Income-tax Officer" (w.e.f. 1-4-1988).

7. Ins. by s. 82, *ibid.* (w.e.f. 1-4-1989).

8. Subs. by Act 67 of 1984, s. 35 (w.e.f. 1-4-1985).

9. Subs. by Act 14 of 1969, s. 18, for sub-section (1) (w.e.f. 1-4-1970).

10. Subs. by Act 19 of 1978, s. 27, for "advance tax under section 212 on the basis of his own estimate" (w.e.f. 1-6-1978).

estimate)], and the advance tax so paid is less than seventy-five per cent. of the assessed tax, simple interest at the rate of[1][fifteen per cent.] per annum from the 1st day of April next following the said financial year up to the date of the regular assessment shall be payable by the assessee upon the amount by which the advance tax so paid falls short of the assessed tax:]

[2][Provided that in the case of an assessee, being a company, the provisions of this sub-section shall have effect as if for the words "seventy-five per cent.", the words "eighty-three and one-third per cent." had been substituted.]

[1][(2) Where before the date of completion of a regular assessment, tax is paid by the assessee under section 140A or otherwise,—

   (i)  interest shall be calculated in accordance with the foregoing provision up to the date on which the tax is so paid ; and

   (ii) thereafter, interest shall be calculated at the rate aforesaid on the amount by which the tax as so paid (in so far as it relates to income subject to advance tax) falls short of the assessed tax.]

[2][(3) Where as a result of an order under section 147 or section 154 or section 155 or section 250 or section 254 or section 260 or section 262 or section 263 or section 264 [3][or an order of the Settlement Commission under sub-section (4) of section 245D], the amount on which interest was payable under sub-section (1) has been increased or reduced, as the case may be, the interest shall be increased or reduced accordingly, and—

   (i)  in a case where the interest is increased, the [4][Assessing Officer] shall serve on the assessee, a notice of demand in the prescribed form specifying the sum payable, and such notice of demand shall be deemed to be a notice under section 156 and the provisions of this Act shall apply accordingly;

   (ii)  in a case where the interest is reduced, the excess interest paid, if any, shall be refunded.]

(4) In such cases and under such circumstances as may be prescribed, the [6][Assessing Officer] may reduce or waive the interest payable by the assessee under this section.

[5][(5) In this section and sections 217 and 273, "assessed tax" means the tax determined on the basis of the regular assessment (reduced by the amount of tax deductible in accordance with the provisions of sections  192 to 194, [6][section  194A, section  194C] [7][, section  194D] [8][, section  195 and section 196A] so far as such tax relates to income subject to advance tax and so far as it is not due to variations in the rates of tax made by the Finance Act enacted for the year for which the regular assessment is made.]

[9][(6) Where, in relation to an assessment year, an assessment is made for the first time under section 147, the assessment so made shall be regarded as a regular assessment for the purposes of this section and sections 216, 217 and 273.]

---

1. Subs. by Act 67 of 1984, s. 24, for "twelve per cent." (w.e.f. 1-10-1984).
2. Ins. by Act 44 of 1980, s. 32 (w.e.f. 1-9-1980).
3. Subs. by Act 42 of 1970, s. 37, for sub-section (2) (w.e.f. 1-4-1971).
4. Subs. by Act 67 of 1984, s. 36, for sub-section (3) (w.e.f. 1-4-1985).
5. Ins. by Act 4 of 1988, s. 83 (w.e.f. 1-4-1989).
6. Subs. by s. 2, ibid., for "Income-tax Officer" (w.e.f. 1-4-1988).
7. Ins. by Act 14 of 1969, s. 18 (w.e.f. 1-4-1970).
8. Subs. by Act 16 of 1972, s. 38, for "section 194A" (w.e.f. 1-4-1972).
9. Ins. by Act 21 of 1973, s. 19 (w.e.f. 1-4-1973).
10. Subs. by Act 3 of 1989, s. 33, for "and section 195" (w.e.f. 1-4-1989).
11. Ins. by Act 67 of 1984, s. 36 (w.e.f. 1-4-1985).

**216. Interest payable by assessee in case of under-estimate, etc.**—Where, on making the regular assessment, the [1][Assessing Officer] finds that any assessee has—

[2][(*a*) under [3][section 209A or section 212] under-estimated the advance tax payable by him and thereby reduced the amount payable in either of the first two instalments; or

(*b*) under section 213 wrongly deferred the payment of advance tax on a part of his income;

he may direct that the assessee shall pay simple interest at [1][fifteen per cent.] per annum—

(*i*) in the case referred to in clause (*a*), for the period during which the payment was deficient, on the difference between the amount paid in each such instalment and the amount which should have been paid, having regard to the aggregate advance tax actually paid during the year; and

(*ii*) in the case referred to in clause (*b*), for the period during which the payment of advance tax was so deferred.

*Explanation.*—For the purposes of this section, any instalment due before the expiry of six months from the commencement of the previous year in respect of which it is to be paid shall be deemed to have become due fifteen days after the expiry of the said six months.

**217. Interest payable by assessee when no estimate made.**—[2][(*1*) Where, on making the regular assessment, [3][the [1][Assessing Officer] finds—

(*a*) that any such person as is referred to in clause (*a*) of sub-section (*1*) of section 209A has not sent the statement referred to in that clause or the estimate in lieu of such statement referred to in sub-section (*2*) of that section; or

(*b*) that any such person as is referred to in clause (*b*) of sub-section (*1*) of section 209A has not sent the estimate referred to in that clause,

simple interest at the rate of [4][fifteen per cent.] per annum from the 1st day of April next following the financial year in which the advance tax was payable in accordance with [4][the said sub-section (*1*) or sub-section (*2*)] up to the date of the regular assessment shall be payable by the assessee upon the amount equal to the assessed tax as defined in sub-section (*5*) of section 215.

(*1A*) Where, on making the regular assessment, the [1][Assessing Officer] finds that [5][any person who is required to send an estimate under sub-section (*4*) of section 209A or] any such person as is referred to in sub-section (*3A*) of section 212 has not sent the estimate referred to therein, simple interest at the rate of [4][fifteen per cent.] per annum from the 1st day of April next following the financial year in which the advance tax was payable in accordance with [6][the said sub-section (*4*) or, as the case may be, sub-section (*3A*)] up to the date of the regular assessment shall be payable by the assessee upon the amount by which the advance tax paid by him falls short of the assessed tax as defined in sub-section (*5*) of section 215.]

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax officer" (w.e.f. 1-4-1988).
2. Subs. by Act 14 of 1969, s. 19, for clause (*a*) (w.e.f. 1-4-1970).
3. Subs. by Act 19 of 1978, s. 28, for "sub-section (*1*) or sub-section (*2*) or sub-section (*3*) or sub-section (*3A*) of section 212" (w.e.f. 1-6-1978).
4. Subs. by Act 67 of 1984, s. 24, for "twelve per cent." (w.e.f. 1-10-1984). Earlier the quoted words were substituted by Act 16 of 1972, s. 25 for "nine per cent."  (w.e.f. 1-4-1972).
5. Subs. by Act 14 of 1969, s. 20, for sub-section (*1*) (w.e.f. 1-4-1970).
6. Subs. by Act 19 of 1978, s. 29, for "the Income-tax Officer finds that any such person as is referred to in sub-section (*3*) of section 212 has not sent the estimate referred therein, simple interest at the rate of twelve per cent. per annum" (w.e.f. 1-6-1978).
7. Subs. by s. 29, *ibid.,* for "the said sub-section" (w.e.f. 1-6-1978).
8. Ins. by s. 29, *ibid.* (w.e.f. 1-6-1978).
9. Subs. by s. 29, *ibid.,* for "the said sub-section" (w.e.f. 1-6-1978).

(*2*) The provisions of sub-sections (*2*), (*3*) and (*4*) of section 215 shall apply to interest payable under this section as they apply to interest payable under that section.

[1][**218. When assessee deemed to be in default.**—If any assessee does not pay on the date specified in sub-section (*1*) of section 211, any instalment of the advance tax that he is required to pay by an order of the Assessing Officer under sub-section (*3*) or sub-section (*4*) of section 210 and does not, on or before the date on which any such instalment as is not paid becomes due, send to the Assessing Officer an intimation under sub-section (*5*) of section 210 or does not pay on the basis of his estimate of his current income the advance tax payable by him under sub-section (*6*) of section 210, he shall be deemed to be an assessee in default in respect of such instalment or instalments.]

**219. Credit for advance tax.**—Any sum, other than a penalty or interest, paid by or recovered from an assessee as advance tax in pursuance of this Chapter shall be treated as a payment of tax in respect of the income of the period which would be the previous year for an assessment for the assessment year next following the financial year in which it was payable, and credit therefor shall be given to the assessee in the regular assessment.

[1]*          *          *          *          *

*D.—Collection and recovery*

**220. When tax payable and when assessee deemed in default.**—(*1*) Any amount, otherwise than by way of advance tax, specified as payable in a notice of demand under section 156 shall be paid within [2][thirty days] of the service of the notice at the place and to the person mentioned in the notice :

Provided that, where the [3][Assessing Officer] has any reason to believe that it will be detrimental to revenue if the full period of [3][thirty days] aforesaid is allowed, he may, with the previous approval of the [4][Joint Commissioner], direct that the sum specified in the notice of demand shall be paid within such period being a period less than the period of [3][thirty days] aforesaid, as may be specified by him in the notice of demand.

[5][(*1A*) Where any notice of demand has been served upon an assessee and any appeal or other proceeding, as the case may be, is filed or initiated in respect of the amount specified in the said notice of demand, then, such demand shall be deemed to be valid till the disposal of the appeal by the last appellate authority or disposal of the proceedings, as the case may be, and any such notice of demand shall have the effect as specified in section 3 of the Taxation Laws (Continuation and Validation of Recovery Proceedings) Act, 1964 (11 of 1964).]

(*2*) If the amount specified in any notice of demand under section 156 is not paid within the period limited under sub-section (*1*), the assessee shall be liable to pay simple interest at [6][7][one per cent.] for every month or part of a month comprised in the period commencing from the day immediately following the end of the period mentioned in sub-section (*1*) and ending with the day on which the amount is paid]:

---

1. Subs. by Act 4 of 1988, s. 84, for section 218 (w.e.f. 1-4-1988). Earlier section 218 was amended by Act 21 of 1979, s. 19 (w.e.f. 1-4-1979) which was substituted by Act 19 of 1978, s. 30 (w.e.f. 1-6-1978).
2. The proviso omitted by s. 126, *ibid.* (w.e.f. 1-4-1989).
3. Subs. by s. 85, *ibid.,* for "thirty-five days" (w.e.f. 1-4-1989).
4. Subs. by s. 2, *ibid.,* for "Income-tax Officer" (w.e.f. 1-4-1988).
5. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998). Earlier the quoted words were substituted by Act 4 of 1988, s. 2, for "Inspecting Assistant Commissioner" (w.e.f. 1-4-1988).
6. Ins. by Act 25 of 2014, s. 64 (w.e.f. 1-10-2014).
7. Subs. by Act 4 of 1988, s. 85 for "fifteen per cent. per annum from the day commencing after the end of the period mentioned in sub-section (*1*)" (w.e.f. 1-4-1989).
8. Subs. by Act 54 of 2003, s. 10, for "one and one-fourth per cent." (w.e.f. 8-9-2003). Earlier the quoted words were subs. by Act 14 of 2001, s. 76, for "one and one-half per cent." (w.e.f. 1-6-2001).

[1][Provided that, where as a result of an order under section 154, or section 155, or section 250, or section 254, or section 260, or section 262, or section 264 [2][or an order of the Settlement Commission under sub-section (*4*) of section 245D], the amount on which interest was payable under this section had been reduced, the interest shall be reduced accordingly and the excess interest paid, if any, shall be refunded:]

[1][Provided further that where as a result of an order under sections specified in the first proviso, the amount on which interest was payable under this section had been reduced and subsequently as a result of an order under said sections or section 263, the amount on which interest was payable under this section is increased, the assessee shall be liable to pay interest under sub-section (*2*) from the day immediately following the end of the period mentioned in the first notice of demand, referred to in sub-section (*1*) and ending with the day on which the amount is paid:]

[2][[2][Provided also] that in respect of any period commencing on or before the 31st day of March, 1989 and ending after that date, such interest shall, in respect of so much of such period as falls after that date, be calculated at the rate of one and one-half per cent for every month or part of a month.]

[3][(*2A*) Notwithstanding anything contained in sub-section (*2*), [4][the [5][[6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner]] may] reduce or waive the amount of [8][interest paid or payable by an assessee] under the said sub-section if, [9][he is satisfied] that—

(*i*) payment of such amount [10][has caused or would cause genuine hardship] to the assessee;

(*ii*) default in the payment of the amount on which [11][interest has been paid or was payable] under the said sub-section was due to circumstances beyond the control of the assessee; and

(*iii*) theassessee has co-operated in any inquiry relating to the assessment or any proceeding for the recovery of any amount due from him:]

[12][Provided that the order accepting or rejecting the application of the assessee, either in full or in part, shall be passed within a period of twelve months from the end of the month in which the application is received:

Provided further that no order rejecting the application, either in full or in part, shall be passed unless the assessee has been given an opportunity of being heard:

1. Ins. by Act 13 of 1963, s. 14 (w.r.e.f. 1-4-1962).

2. Ins. by Act 4 of 1988, s. 85 (w.e.f. 1-4-1989).

3. Ins. by Act 25 of 2014, s. 64 (w.e.f. 1-10-2014).

4. Subs. by s. 64, *ibid.,*for "Provided further" (w.e.f. 1-10-2014).

5. Ins. by Act 67 of 1984, s. 37 (w.e.f. 1-10-1984).

6. Subs. by Act 46 of 1986, s. 13, for "the Board may" (w.e.f. 1-4-1987).

7. Subs. by Act 4 of 1988, s. 2, for "Commisssioner" (w.e.f. 1-4-1988).

8. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).

9. Subs. by s. 4, *ibid.,*for "Commisssioner" (w.r.e.f. 1-6-2013).

10. Subs. by Act 46 of 1986, s. 13, for "interest payable by an assessee" (w.r.e.f. 1-10-1984).

11. Subs. by s. 13, *ibid.,*for "on the recommendation made by the Commissioner in this behalf, if is satisfied" (w.e.f. 1-4-1987).

12. Subs. by s. 13, *ibid.,*for "would cause genuine hardship" (w.r.e.f. 1-10-1984).

13. Subs. by s. 13, *ibid.,* for "interest was payable" (w.r.e.f. 1-10-1984).

14. Ins. by Act 28 of 2016, s. 90 (w.e.f. 1-6-2016).

Provided also that where any application is pending as on the 1st day of June, 2016, the order shall be passed on or before the 31st day of May, 2017.]

[1][(2B) Notwithstanding anything contained in sub-section (2), where interest is charged under sub-section (1A) of section 201 on the amount of tax specified in the intimation issued under sub-section (1) of section 200A for any period, then, no interest shall be charged under sub-section (2) on the same amount for the same period.]

[2][(2C) Notwithstanding anything contained in sub-section (2), where interest is charged under sub-section (7) of section 206C on the amount of tax specified in the intimation issued under sub-section (1) of section 206CB for any period, then, no interest shall be charged under sub-section (2) on the same amount for the same period.]

(3) Without prejudice to the provisions contained in sub-section (2), on an application made by the assessee before the expiry of the due date under sub-section (1), the [3][Assessing Officer] may extend the time for payment or allow payment by instalments, subject to such conditions as he may think fit to impose in the circumstances of the case.

(4) If the amount is not paid within the time limited under sub-section (1) or extended under sub-section (3), as the case may be, at the place and to the person mentioned in the said notice the assessee shall be deemed to be in default.

(5) If, in a case where payment by instalments is allowed under sub-section (3), the assessee commits defaults in paying any one of the instalments within the time fixed under that sub-section, the assessee shall be deemed to be in default as to the whole of the amount then outstanding, and the other instalment or instalments shall be deemed to have been due on the same date as the instalment actually in default.

(6) Where an assessee has presented an appeal under section 246 [4][or section 246A] the [3][Assessing Officer] may, in his discretion and subject to such conditions as he may think fit to impose in the circumstances of the case, treat the assessee as not being in default in respect of the amount in dispute in the appeal, even though the time for payment has expired, as long as such appeal remains undisposed of.

(7) Where an assessee has been assessed in respect of income arising outside India in a country the laws of which prohibit or restrict the remittance of money to India, the [3][Assessing Officer] shall not treat the assessee as in default in respect of that part of the tax which is due in respect of that amount of his income which, by reason of such prohibition or restriction, cannot be brought into India, and shall continue to treat the assessee as not in default in respect of such part of the tax until the prohibition or restriction is removed.

*Explanation.*—For the purposes of this section, income shall be deemed to have been brought into India if it has been utilised or could have been utilised for the purposes of any expenditure actually incurred by the assessee outside India or if the income, whether capitalised or not, has been brought into India in any form.

---

1. Ins. by Act 23 of 2012, s. 84 (w.e.f. 1-7-2012).
2. Ins. by Act 20 of 2015, s. 56 (w.e.f. 1-6-2015).
3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
4. Ins. by Act 10 of 2000, s. 62 (w.e.f. 1-6-2000).

**221. Penalty payable when tax in default.**—[1][(*1*) When an assessee is in default or is deemed to be in default in making a payment of tax, he shall, in addition to the amount of the arrears and the amount of interest payable under sub-section (*2*) of section 220, be liable, by way of penalty, to pay such amount as the [2][Assessing Officer] may direct, and in the case of a continuing default, such further amount or amounts as the [2][Assessing Officer] may, from time to time, direct, so, however, that the total amount of penalty does not exceed the amount of tax in arrears:

Provided that before levying any such penalty, the assessee shall be given a reasonable opportunity of being heard:

[1][Provided further that where the assessee proves to the satisfaction of the [2][Assessing Officer] that the default was for good and sufficient reasons, no penalty shall be levied under this section.]]

[2][*Explanation.*—For the removal of doubt, it is hereby declared that an assessee shall not cease to be liable to any penalty under this sub-section merely by reason of the fact that before the levy of such penalty he has paid the tax.]

(*2*) Where as a result of any final order the amount of tax, with respect to the default in the payment of which the penalty was levied, has been wholly reduced, the penalty levied shall be cancelled and the amount of penalty paid shall be refunded.

**222. Certificate to Tax Recovery Officer.**—(*1*) [3][When an assessee is in default or is deemed to be in default in making a payment of tax, the Tax Recovery Officer may draw up under his signature a statement in the prescribed form specifying the amount of arrears due from the assessee (such statement being hereafter in this Chapter and in the Second Schedule referred to as "certificate") and shall proceed to recover from such assessee the amount specified in the certificate by one or more of the modes mentioned below, in accordance with the rules laid down in the Second Schedule—]

(*a*) attachment and sale of the assessee's movable property;

(*b*) attachment and sale of the assessee's immovable property;

(*c*) arrest of the assessee and his detention in prison;

(*d*) appointing a receiver for the management of the assessee's movable and immovable properties.

[4][*Explanation.*—For the purposes of this sub-section, the assessee's movable or immovable property shall include any property which has been transferred, directly or indirectly on or after the 1st day of June, 1973, by the assessee to his spouse or minor child or son's wife or son's minor child, otherwise than for adequate consideration, and which is held by, or stands in the name of, any of the persons aforesaid; and so far as the movable or immovable property so transferred to his minor child or his son's minor child is concerned, it shall, even after the date of attainment of majority by such minor child or son's minor child, as the case may be, continue to be included in the assessee's movable or immovable property for recovering any arrears due from the assessee in respect of any period prior to such date.]

[5][(*2*) The Tax Recovery Officer may take action under sub-section (*1*), notwithstanding that proceedings for recovery of the arrears by any other mode have been taken.]

1. Subs. by Act 42 of 1970, s. 38, for sub-section (*1*) (w.e.f. 1-4-1971).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Subs. by Act 46 of 1986, s. 14, for the second proviso (w.e.f. 10-9-1986).
4. Ins. by Act 41 of 1975, s. 53 (w.e.f. 1-10-1975).
5. Subs. by Act 4 of 1988, s. 86, for certain words (w.e.f. 1-4-1989).
6. Ins. by Act 41 of 1975, s. 54 (w.e.f. 1-10-1975).
7. Subs. by Act 4 of 1988, s. 86, for sub-section (*2*) (w.e.f. 1-4-1989).

[1][**223. Tax Recovery Officer by whom recovery is to be effected.**—(*1*) The Tax Recovery Officer competent to take action under section 222 shall be—

(*a*) the Tax Recovery Officer within whose jurisdiction the assessee carries on his business or profession or within whose jurisdiction the principal place of his business or profession is situate, or

(*b*) the Tax Recovery Officer within whose jurisdiction the assessee resides or any movable or immovable property of the assessee is situate,

the jurisdiction for this purpose being the jurisdiction assigned to the Tax Recovery Officer under the orders or directions issued by the Board, or by the [1][Principal Chief Commissioner or Chief Commissioner] or [2][Principal Commissioner or Commissioner] who is authorised in this behalf by the Board in pursuance of section 120.

(*2*) Where an assessee has property within the jurisdiction of more than one Tax Recovery Officer and the Tax Recovery Officer by whom the certificate is drawn up—

(*a*) is not able to recover the entire amount by sale of the property, movable or immovable, within his jurisdiction, or

(*b*) is of the opinion that, for the purpose of expediting or securing the recovery of the whole or any part of the amount under this Chapter, it is necessary so to do,

he may send the certificate or, where only a part of the amount is to be recovered, a copy of the certificate certified in the prescribed mannerand specifying the amount to be recovered to a Tax Recovery Officer within whose jurisdiction the assessee resides or has property and, thereupon, that Tax Recovery Officer shall also proceed to recover the amount under this Chapter as if the certificate or copy thereof had been drawn up by him.

**224. Validity of certificate and cancellation or amendment thereof.**—It shall not be open to the assessee to dispute the correctness of any certificate drawn up by the Tax Recovery Officer on any ground whatsoever, but it shall be lawful for the Tax Recovery Officer to cancel the certificate if, for any reason, he thinks it necessary so to do, or to correct any clerical or arithmetical mistake therein.

**225. Stay of proceedings in pursuance of certificate and amendment or cancellation thereof.**—(*1*) It shall be lawful for the Tax Recovery Officer to grant time for the payment of any tax and when he does so, he shall stay the proceedings for the recovery of such tax until the expiry of the time so granted.

(*2*) Where the order giving rise to a demand of tax for which a certificate has been drawn up is modified in appeal or other proceeding under this Act, and, as a consequence thereof, the demand is reduced but the order is the subject-matter of further proceeding under this Act, the Tax Recovery Officer shall stay the recovery of such part of the amount specified in the certificate as pertains to the said reduction for the period for which the appeal or other proceeding remains pending.

(*3*) Where a certificate has been drawn up and subsequently the amount of the outstanding demand is reduced as a result of an appeal or other proceeding under this Act, the Tax Recovery Officer shall, when the order which was the subject-matter of such appeal or other proceeding has become final and conclusive, amend the certificate, or cancel it, as the case may be.]

---

1. Subs. by Act 4 of 1988, s. 87, for sections 223, 224 and 225 (w.e.f. 1-4-1989).
2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
3. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

**226. Other modes of recovery.**—[1](*1*) Where no certificate has been drawn up under section 222, the Assessing Officer may recover the tax by any one or more of the modes provided in this section.

(*1A*) Where a certificate has been drawn up under section 222, the Tax Recovery Officer may, without prejudice to the modes of recovery specified in that section, recover the tax by any one or more of the modes provided in this section.]

(*2*) If any assessee is in receipt of any income chargeable under the head "Salaries", the [1][Assessing Officer] [2][or Tax Recovery Officer] may require any person paying the same to deduct from any payment subsequent to the date of such requisition any arrears of tax due from such assessee, and such person shall comply with any such requisition and shall pay the sum so deducted to the credit of the Central Government or as the Board directs:

Provided that any part of the salary exempt from attachment in execution of a decree of a civil court under section 60 of the Code of Civil Procedure, 1908 (5 of 1908), shall be exempt from any requisition made under this sub-section.

(*3*) (*i*) The [2][Assessing Officer] [3][or Tax Recovery Officer] may, at any time or from time to time, by notice in writing require any person from whom money is due or may become due to the assessee or any person who holds or may subsequently hold money for or on account of the assessee to pay to the [2][Assessing Officer] [3][or Tax Recovery Officer] either forthwith upon the money becoming due or being held or at or within the time specified in the notice (not being before the money becomes due or is held) so much of the money as is sufficient to pay the amount due by the assessee in respect of arrears or the whole of the money when it is equal to or less than that amount.

(*ii*) A notice under this sub-section may be issued to any person who holds or may subsequently hold any money for or on account of the assessee jointly with any other person and for the purposes of this sub-section, the shares of the joint holders in such account shall be presumed, until the contrary is proved, to be equal.

(*iii*) A copy of the notice shall be forwarded to the assessee at his last address known to the [2][Assessing Officer] [3][or Tax Recovery Officer], and in the case of a joint account to all the joint holders at their last addresses known to the [2][Assessing Officer] [3][or Tax Recovery Officer].

(*iv*) Save as otherwise provided in this sub-section, every person to whom a notice is issued under this sub-section shall be bound to comply with such notice, and, in particular, where any such notice is issued to a post office, banking company or an insurer, it shall not be necessary for any pass book, deposit receipt, policy or any other document to be produced for the purpose of any entry, endorsement or the like being made before payment is made, notwithstanding any rule, practice or requirement to the contrary.

(*v*) Any claim respecting any property in relation to which a notice under this sub-section has been issued arising after the date of the notice shall be void as against any demand contained in the notice.

(*vi*) Where a person to whom a notice under this sub-section is sent objects to it by a statement on oath that the sum demanded or any part thereof is not due to the assessee or that he does not hold any money for or on account of the assessee, then nothing contained in this sub-section shall be deemed to require such person to pay any such sum or part thereof, as the case may be, but if it is discovered that such statement was false in any material particular, such person shall be personally liable to the [2][Assessing Officer] [3][or Tax Recovery Officer] to the extent of his own liability to the assessee on the date of the notice, or to the extent of the assessee's liability for any sum due under this Act, whichever is less.

---

1. Subs. by Act 4 of 1988, s. 88, for sub-section (*1*) (w.e.f. 1-4-1989).
2. Subs. by Act 3 of 1989, s. 36, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Ins. by s. 37, *ibid* (w.e.f. 1-4-1989).

(*vii*) The [1][Assessing Officer] [2][or Tax Recovery Officer] may, at any time or from time to time, amend or revoke any notice issued under this sub-section or extend the time for making any payment in pursuance of such notice.

(*viii*) The [1][Assessing Officer] [2][or Tax Recovery Officer] shall grant a receipt for any amount paid in compliance with a notice issued under this sub-section, and the person so paying shall be fully discharged from his liability to the assessee to the extent of the amount so paid.

(*ix*) Any person discharging any liability to the assessee after receipt of a notice under this sub-section shall be personally liable to the [1][Assessing Officer] [2][or Tax Recovery Officer] to the extent of his own liability to the assessee so discharged or to the extent of the assessee's liability for any sum due under this Act, whichever is less.

(*x*) If the person to whom a notice under this sub-section is sent fails to make payment in pursuance thereof to the [1][Assessing Officer][2][or Tax Recovery Officer], he shall be deemed to be an assessee in default in respect of the amount specified in the notice and further proceedings may be taken against him for the realisation of the amount as if it were an arrear of tax due from him, in the manner provided in sections 222 to 225 and the notice shall have the same effect as an attachment of a debt by the Tax Recovery Officer in exercise of his powers under section 222.

(*4*) The [1][Assessing Officer] [2][or Tax Recovery Officer] may apply to the court in whose custody there is money belonging to the assessee for payment to him of the entire amount of such money, or, if it is more than the tax due, an amount sufficient to discharge the tax.

[3][(*5*) The [1][Assessing Officer] [2][or Tax Recovery Officer] may, if so authorised by the [4][[5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Commissioner or Commissioner]] by general or special order, recover any arrears of tax due from an assessee by distraint and sale of his movable property in the manner laid down in the Third Schedule.]

**227. Recovery through State Government.**—If the recovery of tax in any area has been entrusted to a State Government under clause (*1*) of article 258 of the Constitution, the State Government may direct, with respect to that area or any part thereof; that tax shall be recovered therein with, and as an addition to, any municipal tax or local rate, by the same person and in the same manner as the municipal tax or local rate is recovered.

**228. [Recovery of Indian tax in Pakistan and Pakistan tax in India.]** *Omitted by the Direct Tax Laws* (*Amendment*) *Act,* 1987 (4 *of* 1988)*, s.* 89 (*w.e.f.* 1-4-1989).

[7][**228A. Recovery of tax in pursuance of agreements with foreign countries.**—(*1*) Where an agreement is entered into by the Central Government with the Government of any country outside India for recovery of income-tax under this Act and the corresponding law in force in that country and the Government of that country or any authority under that Government which is specified in this behalf in such agreement sends to the Board a certificate for the recovery of any tax due under such corresponding law from a person having any property in India, the Board may forward such certificate to any Tax

---

1. Subs. by Act 3 of 1989, s. 36, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by s. 37, *ibid.* (w.e.f. 1-4-1989).
3. Subs. by Act 10 of 1965, s. 54, for sub-section (*5*) (w.e.f. 1-4-1965).
4. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
5. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
7. Ins. by Act 16 of 1972, s. 39 (w.e.f. 1-4-1972).

Recovery Officer within whose jurisdiction such property is situated and thereupon such Tax Recovery Officer shall—

(*a*)  proceed to recover the amount specified in the certificate in the manner in which he would proceed to recover the amount [1][specified in a certificate drawn up by him under section 222]; and

(*b*)  remit any sum so recovered by him to the Board after deducting his expenses in connection with the recovery proceedings.

[2][(*2*) Where an assessee is in default or is deemed to be in default in making a payment of tax, the Tax Recovery Officer may, if the assessee has property in a country outside India (being a country with which the Central Government has entered into an agreement for the recovery of income-tax under this Act and the corresponding law in force in that country), forward to the Board a certificate drawn up by him under section 222 and the Board may take such action thereon as it may deem appropriate having regard to the terms of the agreement with such country.]]

**229. Recovery of penalties, fine, interest and other sums.**—Any sum imposed by way of interest, fine, penalty, or any other sum payable under the provisions of this Act, shall be recoverable in the manner provided in this Chapter for the recovery of arrears of tax.

**230. Tax clearance certificate.**—[3][(*1*) Subject to such exceptions as the Central Government may, by notification in the Official Gazette, specify in this behalf, no person,—

(*a*)  who is not domiciled in India;

(*b*)  who has come to India in connection with business, profession or employment; and

(*c*)  who has income derived from any source in India,

shall leave the territory of India by land, sea or air unless he furnishes to such authorityas may be prescribed—

(*i*)  an undertaking in the prescribed formfrom his employer; or

(*ii*)  through whom such person is in receipt of the income,

to the effect that tax payable by such person who is not domiciled in India shall be paid by the employer referred to in clause (*i*) or the person referred to in clause (*ii*), and the prescribed authorityshall, on receipt of the undertaking, immediately give to such person a no objection certificate, for leaving India:

Provided that nothing contained in sub-section (*1*) shall apply to a person who is not domiciled in India but visits India as a foreign tourist or for any other purpose not connected with business, profession or employment.

(*1A*) Subject to such exceptions as the Central Government may, by notification in the Official Gazette, specify in this behalf, every person, who is domiciled in India at the time of his departure from India, shall furnish, in the prescribed formto the income-tax authority or such other authority as may be prescribed—

(*a*)  the permanent account number allotted to him under section 139A:

---

1. Subs. by Act 4 of 1988, s. 90, for "specified in a certificate received from an Assessing Officer" (w.e.f. 1-4-1989).
2. Subs. by s. 90, *ibid.*, for sub-section (*2*) (w.e.f. 1-4-1989).
3. Subs. by Act 32 of 2003, s. 88, for sub-section (*1*) (w.e.f. 1-6-2003).

Provided that in case no such permanent account number has been allotted to him, or his total income is not chargeable to income-tax or he is not required to obtain a permanent account number under this Act, such person shall furnish a certificate in the prescribed form;

(*b*)  the purpose of his visit outside India;

(*c*)  the estimated period of his stay outside India:

Provided that no person—

(*i*)  who is domiciled in India at the time of his departure; and

(*ii*)  in respect of whom circumstances exist which, in the opinion of an income-tax authority render it necessary for such person to obtain a certificate under this section,

shall leave the territory of India by land, sea or air unless he obtains a certificate from the income-tax authority stating that he has no liabilities under this Act, or the Wealth-tax Act, 1957 (27 of 1957), or the Gift-tax Act, 1958 (18 of 1958), or the Expenditure-tax Act, 1987 (35 of 1987), or that satisfactory arrangements have been made for the payment of all or any of such taxes which are or may become payable by that person:

Provided that no income-tax authority shall make it necessary for any person who is domiciled in India to obtain a certificate under this section unless he records the reasons therefor and obtains the prior approval of the [1][Principal Chief Commissioner or Chief Commissioner] of Income-tax.]

(*2*) If the owner or charterer of any ship or aircraft carrying persons from any place in the territory of India to any place outside India allows any person to whom sub-section (*1*) [2][or the first proviso to sub-section (*1A*)] applies to travel by such ship or aircraft without first satisfying himself that such person is in possession of a certificate as required by that sub-section, he shall be personally liable to pay the whole or any part of the amount of tax, if any, payable by such person as the [3][Assessing Officer] may, having regard to the circumstances of the case, determine.

(*3*) In respect of any sum payable by the owner or charterer of any ship or aircraft under sub-section (*2*), the owner or charterer, as the case may be, shall be deemed to be an assessee in default for such sum, and such sum shall be recoverable from him in the manner provided in this Chapter as if it were an arrear of tax.

(*4*) The Board may make rules for regulating any matter necessary for, or incidental to, the purpose of carrying out the provisions of this section.

*Explanation.*—For the purposes of this section, the expressions "owner" and "charterer" include any representative, agent or employee empowered by the owner or charterer to allow persons to travel by the ship or aircraft.

**230A.  [Restrictions on registration of transfers of immovable property in certain cases.]**—*Omitted by the Finance Act,* 2001 (14 *of* 2001), s. 77 (*w.e.f.* 1-6-2001).

---

1. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

2. Ins. by Act 54 of 2003, s. 11 (w.e.f. 1-6-2003).

3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

**231. [Period for commencing recovery proceedings.]**—*Omitted by the Direct Tax Laws* (*Amendment*) *Act,* 1987 (4 *of* 1988)*, s.* 93 (*w.e.f.* 1-4-1989).

**232. Recovery by suit or under other law not affected.**—The several modes of recovery specified in this Chapter shall not affect in any way—

(*a*)  any other law for the time being in force relating to the recovery of debts due to Government; or

(*b*)  the right of the Government to institute a suit for the recovery of the arrears due from the assessee;

and it shall be lawful for the ¹[Assessing Officer] or the Government, as the case may be, to have recourse to any such law or suit, notwithstanding that the tax due is being recovered from the assessee by any mode specified in this Chapter.

*E.—Tax payable under provisional assessment*

**233.** [**Recovery of tax payable under provisional assessment.**]—*Omitted by the Taxation Laws* (*Amendment*) *Act*, 1970 (42 *of* 1970)*, s.* 39 (*w.e.f.* 1-4-1971).

**234.** [**Tax paid by deduction or advance payment.**]—*Omitted by the Direct Tax Laws (Amendment) Act,* 1987 (4 *of* 1988)*, s.* 126 (*w.e.f.* 1-4-1989)*.*

²[*F.—Interest chargeable in certain cases*

**234A.Interest for defaults in furnishing return of income.**—(*1*) Where the return of income for any assessment year under sub-section (*1*) or sub-section (*4*) of  section 139, or in response to a notice under sub-section (*1*) of section 142, is furnished after the due date, or is not furnished, the assessee shall be liable to pay simple interest at the rate of ³[one per cent.] for every month or part of a month comprised in the period commencing on the date immediately following the due date, and,—

(*a*)  where the return is furnished after the due date, ending on the date of furnishing of the return; or

(*b*)  where no return has been furnished, ending on the date of completion of the assessment under section 144,

⁴[on the amount of the tax on the total income as determined under sub-section (*1*) of section 143, and where a regular assessment is made, on the amount of the tax on the total income determined under regular assessment, as reduced by the amount of,—

(*i*)  advance tax, if any, paid;

(*ii*)  any tax deducted or collected at source;

(*iii*) any relief of tax allowed under section 90 on account of tax paid in a country outside India;

(*iv*)  any relief of tax allowed under section 90A on account of tax paid in a specified territory outside India referred to in that section;

(*v*)  any deduction, from the Indian income-tax payable, allowed under section 91, on account of tax paid in a country outside India; and

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax" (w.e.f. 1-4-1988).
2. Ins. by s. 94, *ibid*. (w.e.f. 1-4-1989).
3. Subs. by Act 54 of 2003, s. 12, for "one and one-fourth per cent." (w.e.f. 8-9-2003). Earlier substitution by Act 27 of 1999, s. 81 (w.e.f. 1-6-1999).
4. Subs.  by Act 21 of 2006, s. 48, for "on the amount of the tax on the total income as determined under sub-section (*1*) of section 143 or on regular assessment as reduced by the advance tax, if any, paid and any tax deducted or collected at source" (w.e.f. 1-4-2007).Earlier were amended by 3 of 1989, s. 38 (w.e.f. 1-4-1989).

(*vi*) any tax credit allowed to be set off in accordance with the provisions of section 115JAA [1][or section 115JD].]

*Explanation 1.*—In this section, "due date" means the date specified in sub-section (*1*) of section 139 as applicable in the case of the assessee.

[2][*Explanation 2.*—In this sub-section, "tax on the total income as determined under sub-section (*1*) of section 143" shall not include the additional income-tax, if any, payable under section 143.]

*Explanation 3.*—Where, in relation to an assessment year, an assessment is made for the first time [3][under section 147 or section 153A], the assessment so made shall be regarded as a regular assessment for the purposes of this section.

[4]*     *     *     *     *

(*2*) The interest payable under sub-section (*1*) shall be reduced by the interest, if any, paid under section 140A towards the interest chargeable under this section.

(*3*) Where the return of income for any assessment year, required [3][by a notice under section 148 or section 153A] issued [5][after the determination of income under sub-section (*1*) of section 143 or] after the completion of an assessment under sub-section (*3*) of section 143 or section 144 or section 147, is furnished after the expiry of the time allowed under such notice, or is not furnished, the assessee shall be liable to pay simple interest at the rate of [6][one per cent.] for every month or part of a month comprised in the period commencing on the day immediately following the expiry of the time allowed as aforesaid, and,—

(*a*) where the return is furnished after the expiry of the time aforesaid, ending on the date of furnishing the return; or

(*b*) where no return has been furnished, ending on the date of completion of the reassessment or recomputation under section 147 [7][or reassessment under section 153A],

on the amount by which the tax on the total income determined on the basis of such reassessment or recomputation exceeds the tax on the total [8][income determined under sub-section (*1*) of section 143 or on the basis of the earlier assessment aforesaid].

[9]*     *     *     *     *

(*4*) Where as a result of an order under section 154 or section 155 or section 250 or section 254 or section 260 or section 262 or section 263 or section 264 or an order of the Settlement Commission under sub-section (*4*) of section 245D, the amount of tax on which interest was payable under sub-section (*1*) or sub-section (*3*) of this section has been increased or reduced, as the case may be, the interest shall be increased or reduced accordingly, and—

(*i*) in a case where the interest is increased, the Assessing Officer shall serve on the assessee a notice of demand in the prescribed form specifying the sum payable, and such notice of demand shall be deemed to be a notice under section 156 and the provisions of this Act shall apply accordingly;

(*ii*) in a case where the interest is reduced, the excess interest paid, if any, shall be refunded.

(*5*) The provisions of this section shall apply in respect of assessments for the assessment year commencing on the 1st day of April, 1989 and subsequent assessment years.]

1. Ins. by Act 23 of 2012, s. 85 (w.e.f. 1-4-2013).
2. Subs. by Act 3 of 1989, s. 38, for Explanation (w.e.f. 1-4-1989).
3. Subs. by Act 32 of 2003, s. 89, for "under section 147" (w.e.f. 1-6-2003).
4. *Explanation* omitted by Act 14 of 2001, s. 78 (w.r.e.f. 1-4-1989).
5. Ins. by Act 3 of 1989, s. 38 (w.e.f. 1-4-1989).
6. Subs. by Act 54 of 2003, s. 12, for "one and one-fourth per cent." (w.e.f. 8-9-2003).Earlier substitution by Act 27 of 1999, s. 81 (w.e.f. 1-6-1999).
7. Ins. by 32 of 2003, s. 89 (w.e.f 1-6-2003).
8. Subs. by Act 3 of 1989, s. 38, for "income determined on the basis of the earlier assessment aforesaid" (w.e.f.  1-4-1989).
9. The *Explanation* omitted by s. 38, *ibid*. (w.e.f. 1-4-1989).

**234B. Interest for defaults in payment of advance tax.**—(*1*) Subject to the other provisions of this section, where, in any financial year, an assessee who is liable to pay advance tax under section 208 has failed to pay such tax or, where the advance tax paid by such assessee under the provisions of section 210 is less than ninety per cent. of the assessed tax, the assessee shall be liable to pay simple interest at the rate of [1][one per cent.] for every month or part of a month comprised in the period from the 1st day of April next following such financial year [2][to the date of determination of total income under sub-section (*1*) of section 143 [3][and where a regular assessment is made, to the date of such regular assessment, on an amount]] equal to the assessed tax or, as the case may be, on the amount by which the advance tax paid as aforesaid falls short of the assessed tax.

[4][*Explanation 1.*—In this section, "assessed tax" means the tax on the total income determined under sub-section (*1*) of section 143 and where a regular assessment is made, the tax on the total income determined under such regular assessment as reduced by the amount of,—

(*i*) any tax deducted or collected at source in accordance with the provisions of Chapter XVII on any income which is subject to such deduction or collection and which is taken into account in computing such total income;

(*ii*) any relief of tax allowed under section 90 on account of tax paid in a country outside India;

(*iii*) any relief of tax allowed under section 90A on account of tax paid in a specified territory outside India referred to in that section;

(*iv*) any deduction, from the Indian income-tax payable, allowed under section 91, on account of tax paid in a country outside India; and

(*v*) any tax credit allowed to be set off in accordance with the provisions of section 115JAA [5][or section 115JD].]

*Explanation 2.*—Where, in relation to an assessment year, an assessment is made for the first time [6][under section 147 or section 153A], the assessment so made shall be regarded as a regular assessment for the purposes of this section.

[7][*Explanation 3.*—In *Explanation 1* and in sub-section (*3*) "tax on the total income determined under sub-section (*1*) of section 143" shall not include the additional income-tax, if any, payable under section 143.]

(*2*) Where, before the date of [8][determination of total income under sub-section (*1*) of section 143 or] completion of a regular assessment, tax is paid by the assessee under section 140A or otherwise,—

(*i*) interest shall be calculated in accordance with the foregoing provisions of this section up to the date on which the tax is so paid, and reduced by the interest, if any, paid under section 140A towards the interest chargeable under this section;

---

1. Subs. by Act 54 of 2003, s. 13, for "one and one-fourth per cent." (w.e.f. 8-9-2003).
2. Subs. by Act 3 of 1989, s. 39, for "to the date of the regular assessment" (w.e.f. 1-4-1989).
3. Subs. by Act 22 of 1995, s. 42, for "or regular assessment, on an amount" (w.e.f. 1-4-1989).
4. Subs. by Act 21 of 2006, s. 49, for *Explanation 1* (w.e.f. 1-4-2007).
5. Ins. by Act 23 of 2012, s. 86 (w.e.f. 1-4-2013).
6. Subs. by Act 32 of 2003, s. 90, for "under section 147" (w.e.f. 1-6-2003).
7. Subs. by Act 3 of 1989, s. 39, for *Explanation 3* (w.e.f.1-4-1989).
8. Ins. by s. 39, *ibid* (w.e.f. 1-4-1989).

(*ii*) thereafter, interest shall be calculated at the rate aforesaid on the amount by which the tax so paid together with the advance tax paid falls short of the assessed tax.

[1][(*2A*) (*a*) where an application under sub-section (*1*) of section 245C for any assessment year has been made, the assessee shall be liable to pay simple interest at the rate of one per cent. for every month or part of a month comprised in the period commencing on the 1st day of April of such assessment year and ending on the date of making such application, on the additional amount of income-tax referred to in that sub-section;

(*b*) where as a result of an order of the Settlement Commission under sub-section (*4*) of section 245D for any assessment year, the amount of total income disclosed in the application under sub-section (*1*) of section 245C is increased, the assessee shall be liable to pay simple interest at the rate of one per cent. for every month or part of a month comprised in the period commencing on the 1st day of April of such assessment year and ending on the date of such order, on the amount by which the tax on the total income determined on the basis of such order exceeds the tax on the total income disclosed in the application filed under sub-section (*1*) of section 245C;

(*c*) where, as a result of an order under sub-section (*6B*) of section 245D, the amount on which interest was payable under clause (*b*) has been increased or reduced, as the case may be, the interest shall be increased or reduced accordingly;]

[2][(*3*) where, as a result of an order of reassessment or recomputation under section 147 or section 153A, the amount on which interest was payable in respect of shortfall in payment of advance tax for any financial year under sub-section (*1*) is increased, the assessee shall be liable to pay simple interest at the rate of one per cent. for every month or part of a month comprised in the period commencing on the 1st day of April next following such financial year and ending on the date of the reassessment or recomputation under section 147 or section 153A, on the amount by which the tax on the total income determined on the basis of the reassessment or recomputation exceeds the tax on the total income determined under sub-section (*1*) of section 143 or on the basis of the regular assessment as referred to in sub-section (*1*), as the case may be;]

(*4*) where, as a result of an order under section 154 or section 155 or section 250 or section 254 or section 260 or section 262 or section 263 or section 264 [3]***, the amount on which interest was payable under sub-section (*1*) or sub-section (*3*) has been increased or reduced, as the case may be, the interest shall be increased or reduced accordingly, and—

(*i*) in a case where the interest is increased, the Assessing Officer shall serve on the assessee a notice of demand in the prescribed form specifying the sum payable and such notice of demand shall be deemed to be a notice under section 156 and the provisions of this Act shall apply accordingly;

(*ii*) in a case where the interest is reduced, the excess interest paid, if any, shall be refunded.

(*5*) the provisions of this section shall apply in respect of assessments for the assessment year commencing on the 1st day of April, 1989 and subsequent assessment years.]

---

1. Ins. by Act 20 of 2015, s. 57 (w.e.f. 1-6-2015).

2. Subs. by s. 57, *ibid*., for sub-section (*3*) (w.e.f. 1-6-2015).

3. The words, brackets, figures and letter "or an order of the Settlement Commission under sub-section (4) of section 245D" omitted by s. 57, *ibid* (w.e.f. 1-6-2015).

**234C. Interest for deferment of advance tax.**—[1][(*1*) Where in any financial year,—

[2][(*a*) an assessee, other than [3][the assessee referred to in clause (*b*)], who is liable to pay advance tax under section 208 has failed to pay such tax or—

(*i*) the advance tax paid by such assessee on its current income on or before the 15th day of June is less than fifteen per cent. of the tax due on the returned income or the amount of such advance tax paid on or before the 15th day of September is less than forty-five per cent. of the tax due on the returned income or the amount of such advance tax paid on or before the 15th day of December is less than seventy-five per cent. of the tax due on the returned income, then, the assessee shall be liable to pay simple interest at the rate of one per cent. per month for a period of three months on the amount of the shortfall from fifteen per cent or forty-five per cent. or seventy-five per cent., as the case may be, of the tax due on the returned income;

(*ii*) the advance tax paid by the assessee on the current income on or before the 15th day of March is less than the tax due on the returned income, then, the assessee shall be liable to pay simple interest at the rate of one per cent. on the amount of the shortfall from the tax due on the returned income:]

Provided that if the advance tax paid by the assessee on the current income, on or before the 15th day of June or the 15th day of September, is not less than twelve per cent or, as the case may be, thirty-six per cent. of the tax due on the returned income, then, the assessee shall not be liable to pay any interest on the amount of the shortfall on those dates;]

(*b*) [4][[5][an assessee who declares profits and gains in accordance with the provisions of sub-section (*1*) of section 44AD or sub-section (*1*) of section 44ADA, as the case may be**]**, who is liable to pay advance tax under section 208 has failed to pay such tax or the advance tax paid by the assessee on its current income on or before the 15th day of March is less than the tax due on the returned income, then, the assessee shall be liable to pay simple interest at the rate of one per cent on the amount of the shortfall from the tax due on the returned income:]

[6][Provided that nothing contained in this sub-section shall apply to any shortfall in the payment of the tax due on the returned income where such shortfall is on account of under-estimate or failure to estimate—

(*a*) the amount of capital gains; or

(*b*) income of the nature referred to in sub-clause (*ix*) of clause (*24*) of [7][section 2; or]

[8][(*c*) income under the head "Profits and gains of business or profession" in cases where the income accrues or arises under the said head for the [9][first time; or]]

[10][(*d*) income of the nature referred to in sub-section (*1*) of section 115BBDA,]

---

1. Subs. by Act 32 of 1994, s. 45, for certain words (w.e.f. 1-4-1995).
2. Subs. by Act 28 of 2016, s. 91, for clause (*a*) (w.e.f. 1-6-2016).
3. Subs. by Act 7 of 2017, s. 75, for "an eligible assessee in respect of the eligible business referred to in section 44AD" (w.e.f. 1-4-2017).
4. Subs. by Act 28 of 2016, s. 91, for certain words (w.e.f. 1-6-2016).
5. Subs. by Act 7 of 2017, s. 75, for "an eligible assessee in respect of the eligible business referred to in section 44AD" (w.e.f. 1-4-2017).
6. Ins. by Act 3 of 1989, s. 40 (w.e.f. 1-4-1989).
7. Subs. by Act 28 of 2016, s. 91, for "section 2" (w.e.f. 1-6-2016).
8. Ins. by s. 91, *ibid*. (w.e.f. 1-6-2016).
9. Subs. by Act 7 of 2017, s. 75, for "first time," (w.e.f. 1-4-2017).
10. Ins. by s. 75, *ibid* (w.e.f. 1-4-2017).

and the assessee has paid the whole of the amount of tax payable in respect of income referred to in clause (*a*) [1][or clause (*b*) or clause (*c*) [2][or clause (*d*)]], as the case may be, had such income been a part of the total income, as part of the [3][remaining instalments of advance tax which are due or where no such instalments are due], by the 31st day of March of the financial year:]

[4][Provided further that nothing contained in this sub-section shall apply to any shortfall in the payment of the tax due on the returned income where such shortfall is on account of increase in the rate of surcharge under section 2 of the Finance Act, 2000 (10 of 2000), as amended by the Taxation Laws (Amendment) Act, 2000 (1 of 2001), and the assessee has paid the amount of shortfall, on or before the 15th day of March, 2001 in respect of the instalment of advance tax due on the 15th day of June, 2000, the 15th day of September, 2000 and the 15th day of December, 2000:]

[5][Provided also that nothing contained in this sub-section shall apply to any shortfall in the payment of the tax due on the returned income where such shortfall is on account of increase in the rate of surcharge under section 2 of the Finance Act, 2000 (10 of 2000) as amended by the Taxation Laws (Amendment) Act, 2001 (4 of 2001) and the assessee has paid the amount of shortfall on or before the 15th day of March, 2001 in respect of the instalment of advance tax due on the 15th day of June, 2000, the 15th day of September, 2000 and 15th day of December, 2000.]

[6][*Explanation*.—In this section, "tax due on the returned income" means the tax chargeable on the total income declared in the return of income furnished by the assessee for the assessment year commencing on the 1st day of April immediately following the financial year in which the advance tax is paid or payable, as reduced by the amount of,—

(*i*) any tax deductible or collectible at source in accordance with the provisions of Chapter XVII on any income which is subject to such deduction or collection and which is taken into account in computing such total income;

(*ii*) any relief of tax allowed under section 90 on account of tax paid in a country outside India;

(*iii*) any relief of tax allowed under section 90A on account of tax paid in a specified territory outside India referred to in that section;

(*iv*) any deduction, from the Indian income-tax payable, allowed under section 91, on account of tax paid in a country outside India; and

(*v*) any tax credit allowed to be set off in accordance with the provisions of section 115JAA [7][or section 115JD].]

(*2*) The provisions of this section shall apply in respect of assessments for the assessment year commencing on the 1st day of April, 1989 and subsequent assessment years.]]

---

1. Subs. by Act 28 of 2016, s. 91, for "or clause (*b*)" (w.e.f. 1-6-2016).
2. Ins. by Act 7 of 2017, s. 75 (w.e.f. 1-4-2017).
3. Subs. by Act 33 of 1996, s. 54, for "instalment of advance tax which is immediately due or where no such instalment is so due" (w.e.f. 1-4-1997).
4. Ins. by Act 1 of 2001, s. 4 (w.e.f. 4-1-2001).
5. Ins. by Act 4 of 2001, s. 7 (w.e.f 3-2-2001).
6. Subs. by Act 21 of 2006, s. 50, for the *Explanation* (w.e.f. 1-4-2007).
7. Ins. by Act 23 of 2012, s. 87 (w.e.f. 1-4-2013).

[1][**234D. Interest on excess refund.**—(*1*) Subject to the other provisions of this Act, where any refund is granted to the assessee under sub-section (*1*) of section 143, and—

    (*a*) no refund is due on regular assessment; or

    (*b*) the amount refunded under sub-section (*1*) of section 143 exceeds the amount refundable on regular assessment,

the assessee shall be liable to pay simple interest at the rate of [2][one-half per cent.] on the whole or the excess amount so refunded, for every month or part of a month comprised in the period from the date of grant of refund to the date of such regular assessment.

(*2*) Where, as a result of an order under section 154 or section 155 or section 250 or section 254 or section 260 or section 262 or section 263 or section 264 or an order of the Settlement Commission under sub-section (*4*) of section 245D, the amount of refund granted under sub-section (*1*) of section 143 is held to be correctly allowed, either in whole or in part, as the case may be, then, the interest chargeable, if any, under sub-section (*1*) shall be reduced accordingly.

[3][*Explanation* 1].—Where, in relation to an assessment year, an assessment is made for the first time under section 147 or section 153A, the assessment so made shall be regarded as a regular assessment for the purposes of this section.]

[4][*Explanation* 2.—For the removal of doubts, it is hereby declared that the provisions of this section shall also apply to an assessment year commencing before the 1st day of June, 2003 if the proceedings in respect of such assessment year is completed after the said date.]

[5][*G.—Levy of fee in certain cases*

**234E. Fee for default in furnishing statements.**—(*1*) Without prejudice to the provisions of the Act, where a person fails to deliver or cause to be delivered a statement within the time prescribed in sub-section (*3*) of section 200 or the proviso to sub-section (*3*) of section 206C, he shall be liable to pay, by way of fee, a sum of two hundred rupees for every day during which the failure continues.

(*2*) The amount of fee referred to in sub-section (*1*) shall not exceed the amount of tax deductible or collectible, as the case may be.

(*3*) The amount of fee referred to in sub-section (*1*) shall be paid before delivering or causing to be delivered a statement in accordance with sub-section (*3*) of section 200 or the proviso to sub-section (*3*) of section 206C.

(*4*) The provisions of this section shall apply to a statement referred to in sub-section (*3*) of section 200 or the proviso to sub-section (*3*) of section 206C which is to be delivered or caused to be delivered for tax deducted at source or tax collected at source, as the case may be, on or after the 1st day of July, 2012.]

---

1. Ins. by Act 32 of 2003, s. 91 (w.e.f. 1-6-2003).

2. Subs. by Act 54 of 2003, s. 15, for "two-third per cent." (w.e.f. 8-9-2003).

3. The *Explanation* numbered as *Explanation* 1 by Act 23 of 2012, s. 88 (w.e.f. 1-6-2003).

4. Ins. by s. 88, *ibid.* (w.e.f. 1-6-2003).

5. Ins. by s. 89, *ibid.* (w.e.f. 1-7-2012).

[1][**234F. Fee for default in furnishing return of income.**—(*1*) Without prejudice to the provisions of this Act, where a person required to furnish a return of income under section 139, fails to do so within the time prescribed in sub-section (1) of the said section, he shall pay, by way of fee, a sum of,—

(*a*) five thousand rupees, if the return is furnished on or before the 31st day of December of the assessment year;

(*b*) ten thousand rupees in any other case:

Provided that if the total income of the person does not exceed five lakh rupees, the fee payable under this section shall not exceed one thousand rupees.

(*2*) The provisions of this section shall apply in respect of return of income required to be furnished for the assessment year commencing on or after the 1st day of April, 2018.]

CHAPTER XVIII

RELIEF RESPECTING TAX ON DIVIDENDS IN CERTAIN CASES

**235. Relief to shareholders in respect of agricultural income-tax attributable to dividends.**—[*Omitted by the Finance* (*No. 2*) (*Act,* 32 *of* 1971)*, s.* 28 (*w.e.f.* 1-4-1972). *Prior to its omission, it was amended by the Taxation Laws (Amendment) (Act,* 42 *of* 1970)*, s.* 41 (*w.e.f.* 1-4-1971) *and with retrospective effect from* 1-4-1962*, the Finance Act,* (13 *of* 1966)*, s.* 27 (*w.e.f.* 1-4-1966) *and the Finance Act,* 10 *of* 1965*, s.* 55 (*w.e.f.* 1-4-1965)*.*]

**236. Relief to company in respect of dividend paid out of past taxed profits.**—(*1*) Where in respect of any previous year relevant to the assessment year commencing after the 31st day of March, 1960, an Indian company or a company which has made the prescribed arrangements for the declaration and payment of dividends within India, pays any dividend wholly or partly out of its profits and gains actually charged to income-tax for any assessment year ending before the 1st day of April, 1960, and deducts tax therefrom in accordance with the provisions of Chapter XVIIB, credit shall be given to the company against the income-tax, if any, payable by it on the profits and gains of the previous year during which the dividend is paid, of a sum calculated in accordance with the provisions of sub-section (*2*), and, where the amount of credit so calculated exceeds the income-tax payable by the company as aforesaid, the excess shall be refunded.

(*2*) The amount of income-tax to be given as credit under sub-section (*1*) shall be a sum equal to ten per cent of so much of the dividends referred to in sub-section (*1*) as are paid out of the profits and gains actually charged to income-tax for any assessment year ending before the 1st day of April, 1960.

*Explanation 1.*—For the purposes of this section, the aggregate of the dividends declared by a company in respect of any previous year shall be deemed first to have come out of the distributable income of that previous year and the balance, if any, out of the undistributed part of the distributable income of one or more previous years immediately preceding that previous year as would be just sufficient to cover the amount of such balance and as has not likewise been taken into account for covering such balance of any other previous year.

---

1. Ins. by Act 7 of 2017, s. 76 (w.e.f. 1-4-2018).

*Explanation 2.*—The expression "distributable income of any previous year" shall mean [1][the total income (as computed before making any deduction under Chapter VIA) assessed for that year] as reduced by—

(*i*) the amount of tax payable by the company in respect of [2][its total income];

(*ii*) the amount of any other tax levied under any law for the time being in force on the company by the Government or by a local authority in excess of the amount, if any, which has been allowed in computing the total income;

[3][(*iii*) any sum with reference to which a deduction is allowable to the company under the provisions of section 80G;  and]

(*iv*) in the case of a banking company, the amount actually transferred to a reserve fund under section 17 of the Banking Companies Act, 1949 (10 of 1949),

and as increased by—

(*a*) any profits and gains or receipts of the company, not included in its [4][total income (as computed before making any deduction under Chapter VIA)]; and

(*b*) any amountattributable to any allowance made in computing the profits and gains of the company for purposes of assessment, which the company has not taken into account in its profit and loss account.

[5][**236A. Relief to certain charitable institutions or funds in respect of certain dividends.**—(*1*) [6][Where seventy-five per cent of the share capital of any company is throughout the previous year beneficially held by an institution or fund established in India for a charitable purpose the income from dividend whereof is exempt under section 11], credit shall be given to the institution or fund against the tax, if any, payable by it, of a sum calculated in accordance with the provisions of sub-section (*2*), in respect of its income from dividends (other than dividends on preference shares) declared or distributed during the previous year relevant to any assessment year beginning on or after the [7][1st day of April, 1966] [8][by such company], and where the amount of credit so calculated exceeds the tax, if any, payable by the said institution or fund, the excess shall be refunded.

[9][(*2*) The amount to be given as credit under sub-section (*1*) shall be a sum which bears to the amount of the tax payable by the company under the provisions of the annual Finance Act with reference to the relevant amount of distributions of dividends by it the same proportion as the amount of the dividends (other than dividends on preference shares) received by the institution or fund from the company bears to the total amount of dividends (other than dividends on preference shares) declared or distributed by the company during the previous year.

---

1. Subs. by Act 20 of 1967, s. 33 and the Third Schedule for "the total income assessed for that year" (w.e.f. 1-4-1967).
2. Subs. by s. 33 and the third Schedule, *ibid.*, for "the said total income" (w.e.f. 1-4-1968).
3. Subs. by s. 33 and the third Schedule,*ibid.*, for clause (*iii*) (w.e.f. 1-4-1968).
4. Subs by s. 33 and the third Schedule, *ibid.,*for "total income" (w.e.f. 1-4-1968).
5. Ins. by Act 31 of 1964, s. 11(w.e.f. 1-4-1964).
6. Subs. by Act 11 of 1987, s. 74, for "In the case of an institution or fund referred to in clause (*iii*) of sub-section (*2*) of section 104" (w.e.f. 1-4-1988).
7. Subs. by Act 13 of 1966, s. 28, for "1st day of April, 1964" (w.e.f. 1-4-1966).
8. Subs. by Act 11 of 1987, s. 74, for "by such a company as is referred to in the said clause" (w.e.f. 1-4-1988).
9. Subs. by Act 13 of 1966, s. 28, for sub-section (*2*) (w.e.f. 1-4-1966).

*Explanation.*—In sub-section (*2*) of this section and in section 280ZB, the expression "the relevant amount of distributions of dividends" has the meaning assigned to it in the Finance Act of the relevant year.]]

CHAPTER XIX

REFUNDS

**237. Refunds.**—If any person satisfies the [1][AssessingOfficer] that the amount of tax paid by him or on his behalf or treated as paid by him or on his behalf for any assessment year exceeds the amount with which he is properly chargeable under this Act for that year, he shall be entitled to a refund of the excess.

**238. Person entitled to claim refund in certain special cases.**—(*1*) Where the income of one person is included under any provision of this Act in the total income of any other person, the latter alone shall be entitled to a refund under this Chapter in respect of such income.

[2][(*1A*) Where the value of fringe benefits provided or deemed to have been provided by one employer is included under any provisions of Chapter XII-H in the value of fringe benefits provided or deemed to have been provided by any other employer, the latter alone shall be entitled to a refund under this Chapter in respect of such fringe benefits.]

(*2*) Where through death, incapacity, insolvency, liquidation or other cause, a person is unable to claim or receive any refund due to him, his legal representative or the trustee or guardian or receiver, as the case may be, shall be entitled to claim or receive such refund for the benefit of such person or his estate.

**239. Formof claim for refund and limitation.**—(*1*) Every claim for refund under this Chapter shall be made in the prescribed form and verified in the prescribed manner.

[3][(*2*) No such claim shall be allowed, unless it is made within the period specified hereunder, namely:—

(*a*) where the claim is in respect of income which is assessable for any assessment year commencing on or before the 1st day of April, 1967, four years from the last day of such assessment year;

(*b*) where the claim is in respect of income which is assessable for the assessment year commencing on the first day of April, 1968, three years from the last day of the assessment year;

(*c*) where the claim is in respect of income which is assessable for any other assessment year, [4][one year] from the last day of such assessment year;]

[5][(*d*) where the claim is in respect of fringe benefits which are assessable for any assessment year commencing on or after the first day of April, 2006, one year from the last day of such assessment year.]

**240.  Refund on appeal, etc.**—Where, as a result of any order passed in appeal or other proceeding under this Act, refund of any amount becomes due to the assessee, the [1][AssessingOfficer] shall, except as otherwise provided in this Act, refund the amount to the assessee without his having to make any claim in that behalf:

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 18 of 2005, s. 54, (w.e.f.1-4-2006).
3. Subs. by Act 19 of 1968, s. 18, for sub-section (2) (w.e.f. 1-4-1968).
4. Subs. by Act 18 of 1992, s. 82, for "two years" (w.e.f. 1-4-1993).
5. Ins. by Act 18 of 2005, s. 55 (w.e.f. 1-4-2006).

[1][Provided that where, by the order aforesaid,—

    (*a*) an assessment is set aside or cancelled and an order of fresh assessment is directed to be made, the refund, if any, shall become due only on the making of such fresh assessment;

    (*b*) the assessment is annulled, the refund shall become due only of the amount, if any, of the tax paid in excess of the tax chargeable on the total income returned by the assessee.]

**241.** [**Power to withhold refund in certain cases.** ]—*Omitted by the Finance Act,* 14 *of* 2001*, s.* 81 (*w.e.f.* 1-6-2001).

[2][**241A. Withholding of refund in certain cases.**—For every assessment year commencing on or after the 1st day of April, 2017, where refund of any amount becomes due to the assessee under the provisions of sub-section (*1*) of section 143 and the Assessing Officer is of the opinion, having regard to the fact that a notice has been issued under sub-section (*2*) of  section 143 in respect of such return, that the grant of the refund is likely to adversely affect the revenue, he may, for reasons to be recorded in writing and with the previous approval of the Principal Commissioner or Commissioner, as the case may be, withhold the refund up to the date on which the assessment is made.]

**242. Correctness of assessment not to be questioned.** — In a claim under this Chapter, it shall not be open to the assessee to question the correctness of any assessment or other matter decided which has become final and conclusive or ask for a review of the same, and the assessee shall not be entitled to any relief on such claim except refund of tax wrongly paid or paid in excess.

**243. Interest on delayed refunds.**—[3][(*1*) If the [4][Assessing Officer] does not grant the refund,—

    (*a*) in any case where the total income of the assessee does not consist solely of income from interest on securities or dividends, within three months from the end of the month in which the total income is determined under this Act, and

    (*b*) in any other case, within three months from the end of the month in which the claim for refund is made under this Chapter,

the Central Government shall pay the assessee simple interest at [5][fifteen per cent.] per annum on the amount directed to be refunded from the date immediately following the expiry of the period of three months aforesaid to the date of the order granting the refund.

*Explanation.*—If the delay in granting the refund within the period of three months aforesaid is attributable to the assessee, whether wholly or in part, the period of the delay attributable to him shall be excluded from the period for which interest is payable.]

(*2*) Where any question arises as to the period to be excluded for the purposes of calculation of interest under the provisions of this section, such question shall be determined by the [6][[7][Principal Chief Commissioner or Chief Commissioner] or [8][Principal Commissioner or Commissioner]] whose decision shall be final.

[9][(*3*) The provisions of this section shall not apply in respect of any assessment for the assessment year commencing on the 1st day of April, 1989 or any subsequent assessment years.]

---

1. The proviso added by Act 4 of 1988, s. 95 (w.e.f. 1-4-1989).
2. Ins. by Act 7 of 2017, s. 77, (w.e.f. 1-4-2017).
3. Subs. by Act 42 of 1970, s. 42, for sub-section (*1*) (w.e.f. 1-4-1971).
4. Subs. by Act 4 of 1988, s. 2, for "Income-tax" (w.e.f. 1-4-1988).
5. Subs. by Act 67 of 1984, s. 24, for "twelve per cent." (w.e.f. 1-10-1984).
6. Subs. by Act 4 of 1988, s. 2 for "Commissioner" (w.e.f. 1-4-1988).
7. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.e.f. 1-6-2013).
8. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
9. Ins. by Act 4 of 1988, s. 96, (w.e.f. 1-4-1989).

**244. Interest on refund where no claim is needed.**—(*1*) Where a refund is due to the assessee in pursuance of an order referred to in section 240 and the [1][Assessing Officer] does not grant the refund [2][within a period of three months from the end of the month in which such order is passed], the Central Government shall pay to the assessee simple interest at [3][fifteen per cent.] per annum on the amount of refund due from the date immediately following the expiry of [4][the period of three months aforesaid] to the date on which the refund is granted.

[5][(*1A*) Where the whole or any part of the refund referred to in sub-section (*1*) is due to the assessee, as a result of any amount having been paid by him after the 31st day of March, 1975, in pursuance of any order of assessment or penalty and such amount or any part thereof having been found in appeal or other proceeding under this Act to be in excess of the amount which such assessee is liable to pay as tax or penalty, as the case may be, under this Act, the Central Government shall pay to such assessee simple interest at the rate specified in sub-section (*1*) on the amount so found to be in excess from the date on which such amount was paid to the date on which the refund is granted :

Provided that where the amount so found to be in excess was paid in instalments, such interest shall be payable on the amount of each such instalment or any part of such instalment, which was in excess, from the date on which such instalment was paid to the date on which the refund is granted :

Provided further that no interest under this sub-section shall be payable for a period of one month from the date of the passing of the order in appeal or other proceeding:

Provided also that where any interest is payable to an assessee under this sub-section, no interest under sub-section (*1*) shall be payable to him in respect of the amount so found to be in excess.]

[6][(*1B*) Where refund of any amount becomes due to the deductor in respect of any amount paid to the credit of the Central Government under Chapter XVIIB, such deductor shall be entitled to receive, in addition to the said amount, simple interest thereon calculated at the rate of one-half per cent. for every month or part of a month comprised in the period, from the date on which—

(*a*) claim for refund is made in the prescribed form; or

(*b*) tax is paid, where refund arises on account of giving effect to an order under section 250 or section 254 or section 260 or section 262,

to the date on which the refund is granted.]

(*2*) Where a refund is withheld under the provisions of section 241, the Central Government shall pay interest at the aforesaid rate on the amount of refund ultimately determined to be due as a result of the appeal or further proceeding for the period commencing after the expiry of [7][three months from the end of the month in which the order referred to in section 241 is passed] to the date the refund is granted.

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

2. Subs. by Act 42 of 1970, s. 43, for "six months from the date of such order" (w.e.f. 1-4-1971).

3. Subs. by Act 67 of 1984, s. 24, for "twelve per cent." (w.e.f. 1-10-1984).

4. Subs. by Act 42 of 1970, s. 43, for "the period of six moths aforesaid" (w.e.f. 1-4-1971).

5. Ins. by Act 41 of 1975, s. 56 (w.e.f. 1-10-1975).

6. Ins. by Act 7 of 2017, s. 78 (w.e.f. 1-4-2017).

7. Subs. by Act 42 of 1970, s. 43, for "six months from the date of the order referred to in section 241" (w.e.f. 1-4-1971).

[1][(*3*) The provisions of this section shall not apply in respect of any assessment for the assessment year commencing on the 1st day of April, 1989, or any subsequent assessment years.]

[2][**244A. Interest on refunds.**—(*1*) [3][Where refund of any amount becomes due to the assessee under this Act], he shall, subject to the provisions of this section, be entitled to receive, in addition to the said amount, simple interest thereon calculated in the following manner, namely:—

[4][(*a*) where the refund is out of any tax collected at source under section 206C or paid by way of advance tax or treated as paid under section 199, during the financial year immediately preceding the assessment year, such interest shall be calculated at the rate of one-half per cent for every month or part of a month comprised in the period,—

(*i*) from the 1st day of April of the assessment year to the date on which the refund is granted, if the return of income has been furnished on or before the due date specified under sub-section (*1*) of section 139; or

(*ii*) from the date of furnishing of return of income to the date on which the refund is granted, in a case not covered under sub-clause (*i*);

(*aa*) where the refund is out of any tax paid under section 140A, such interest shall be calculated at the rate of [5][one-half per cent.] for every month or part of a month comprised in the period, from the date of furnishing of return of income or payment of tax, whichever is later, to the date on which the refund is granted:

Provided that no interest under clause (*a*) or clause (*aa*) shall be payable, if the amount of refund is less than ten per cent of the tax as determined under sub-section (*1*) of section 143 or on regular assessment;]

(*b*) in any other case, such interest shall be calculated at the rate of [5][one-half per cent.] for every month or part of a month comprised in the period or periods from the date or, as the case may be, dates of payment of the tax or penalty to the date on which the refund is granted.

*Explanation.*—For the purposes of this clause, "date of payment of tax or penalty" means the date on and from which the amount of tax or penalty specified in the notice of demand issued under section 156 is paid in excess of such demand.

[6][(*1A*) In a case where a refund arises as a result of giving effect to an order under section 250 or section 254 or section 260 or section 262 or section 263 or section 264, wholly or partly, otherwise than by making a fresh assessment or reassessment, the assessee shall be entitled to receive, in addition to the interest payable under sub-section (*1*), an additional interest on such amount of refund calculated at the rate of three per cent per annum, for the period beginning from the date following the date of expiry of the time allowed under sub-section (*5*) ofsection 153 to the date on which the refund is granted.]

---

1. Ins. by Act 4 of 1988, s. 97 (w.e.f. 1-4-1989).
2. Ins. by s. 98, *ibid.* (w.e.f. 1-4-1989).
3. Subs. by Act 3 of 1989, s. 41, for "Where, in pursuance of any order passed under this Act, refund of any amount becomes due to the assessee" (w.e.f. 1-4-1989).
4. Subs. by Act 28 of 2016, s. 92, for clause (*a*) (w.e.f. 1-6-2016).
5. Subs. by Act 54 of 2003, s. 16, for "two-third per cent." (w.e.f. 8-9-2003).
6. Ins. by Act 28 of 2016, s. 92 (w.e.f. 1-6-2016).

[1][(*1B*) Where refund of any amount becomes due to the deductor in respect of any amount paid to the credit of the Central Government under Chapter XVII-B, such deductor shall be entitled to receive, in addition to the said amount, simple interest thereon calculated at the rate of one-half per cent for every month or part of a month comprised in the period, from the date on which—

(*a*) claim for refund is made in the prescribed form; or

(*b*) tax is paid, where refund arises on account of giving effect to an order under section 250 or section 254 or section 260 or section 262,

to the date on which the refund is granted.]

(*2*) If the proceedings resulting in the refund are delayed for reasons attributable to the assessee [1][or the deductor, as the case may be,] whether wholly or in part, the period of the delay so attributable to him shall be excluded from the period for which interest is payable [2][under sub-section (*1*) or (*1A*) [1][or (*1B*)]], and where any question arises as to the period to be excluded, it shall be decided by the [3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner] whose decision thereon shall be final.

(*3*) Where, as a [5][result of an order under sub-section (*3*) of section 115WE or section 115WF or section 115WG or] [6][sub-section (*3*) of section 143 or section 144 or] section 147 or section 154 or section 155 or section 250 or section 254 or section 260 or section 262 or section 263 or section 264 or an order of the Settlement Commission under sub-section (*4*) of section 245D, the amount on which interest was payable under sub-section (*1*) has been increased or reduced, as the case may be, the interest shall be increased or reduced accordingly, and in a case where the interest is reduced, the Assessing Officer shall serve on the assessee a notice of demand in the prescribed form specifying the amount of the excess interest paid and requiring him to pay such amount; and such notice of demand shall be deemed to be a notice under section 156 and the provisions of this Act shall apply accordingly.

(*4*) The provisions of this section shall apply in respect of assessments for the assessment year commencing on the 1st day of April, 1989, and subsequent assessment years:]

[7][Provided that in respect of assessment of fringe benefits, the provisions of this sub-section shall have effect as if for the figures "1989", the figures "2006" had been substituted.]

**245. Set off of refunds against tax remaining payable.**—Where under any of the provisions of this Act, a refund is found to be due to any person, the [8][Assessing Officer], [9][Deputy Commissioner (Appeals)] [10][, or the Commissioner (Appeals) or Commissioner or [11][3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner]]], as the case may be, may, in lieu of payment of the refund, set off the amount to be refunded or any part of that amount, against the sum, if any, remaining payable under this Act by the person to whom the refund is due, after giving an intimation in writing to such person of the action proposed to be taken under this section.

---

1. Ins. by Act 7 of 2017, s. 78 (w.e.f. 1-4-2017).

2. Ins. by Act 28 of 2016, s. 92 (w.e.f. 1-6-2016).

3. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

4. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

5. Subs. by Act 18 of 2005, s. 56, for "result of an order" (w.e.f. 1-4-2006).

6. Ins. by Act 3 of 1989, s. 41(w.e.f. 1-4-1989).

7. The proviso ins. by Act 18 of 2005, s. 56 (w.e.f. 1-4-2006).

8. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

9. Subs. by s. 2, *ibid.*, "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).

10. Ins. by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).

11. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).

[1][CHAPTER XIXA

SETTLEMENT OF CASES

[2][**245A. Definitions.**—In this Chapter, unless the context otherwise requires,—

(*a*) "Bench" means a Bench of the Settlement Commission;

[3][(*b*) "case" means any proceeding for assessment under this Act, of any person in respect of any assessment year or assessment years which may be pending before an Assessing Officer on the date on which an application under sub-section (*1*) of section 245C is made.

[4]*         *         *         *         *

*Explanation.*—For the purposes of this clause—

[5][(*i*) a proceeding for assessment or reassessment or recomputation under section 147 shall be deemed to have commenced—

(*a*) from the date on which a notice under section 148 is issued for any assessment year;

(*b*) from the date of issuance of the notice referred to in sub-clause (*a*), for any other assessment year or assessment years for which a notice under section 148 has not been issued, but such notice could have been issued on such date, if the return of income for the other assessment year or assessment years has been furnished under section 139 or in response to a notice under section 142;]

[6]*         *         *         *         *

[7][(*iii*) a proceeding for making fresh assessment in pursuance of an order under section 254 or section 263 or section 264, setting aside or cancelling an assessment shall be deemed to have commenced from the date on which such order, setting aside or cancelling an assessment was passed;]

[8][(*iiia*) a proceeding for assessment or reassessment for any of the assessment years, referred to in clause (*b*) of sub-section (*1*) of section 153A in case of a person referred to in section 153A or section 153C, shall be deemed to have commenced on the date of issue of notice initiating such proceeding and concluded on the date on which the assessment is made;]

(*iv*) a proceeding for assessment for any assessment year, other than the proceedings of assessment or reassessment referred to in [9][clause (*i*) or clause (*iii*) or clause (*iiia*)], shall be deemed to have commenced [10][from the date on which the return of income for that assessment year is furnished under section 139 or in response to a notice served under section 142 and concluded on the date on which the assessment is made; or on the expiry of [11][the time specified for making assessment under sub-section (*1*) of section 153], in case where no assessment is made];]

(*c*) "Chairman" means the Chairman of the Settlement Commission;

1. Ins. by Act 41 of 1975, s. 57 (w.e.f. 1-4-1976).
2. Subs. by Act 11 of 1987, s. 57, for section 245A (w.e.f. 1-6-1987).
3. Subs. by Act 22 of 2007, s. 62, for clause (*b*) (w.e.f. 1-6-2007).
4. The proviso omitted by Act 25 of 2014, s. 65 (w.e.f. 1-10-2014).
5. Subs. by Act 20 of 2015, s. 58, for clause (*i*) (w.e.f. 1-6-2015).
6. Clause (*ii*) omitted by Act 14 of 2010, s. 45 (w.e.f. 1-6-2010).
7. Subs. by Act 25 of 2014, s. 65, for clause (*iii*) (w.e.f. 1-10-2014).
8. Ins. by Act 14 of 2010, s. 45 (w.e.f. 1-6-2010).
9. Subs. by Act 25 of 2014, s. 65, for "clause (*i*) or clause (*iv*) of the proviso or clause (*iiia*) of the *Explanation*" (w.e.f. 1-10-2014).
10. Subs. by Act 20 of 2015, s. 58, for "from the 1st day of the assessment year and concluded on the date on which the assessment is made" (w.e.f. 1-6-2015).
11. Subs. by Act 7 of 2017, s. 79, for "two years from the end of the relevant assessment year" (w.e.f. 1-4-2017).

(*d*) "income-tax authority" means an income-tax authority specified in section 116;

(*e*) "Member" means a Member of the Settlement Commission, and includes the Chairman and a Vice-Chairman;

(*f*) "Settlement Commission" means the Income-tax Settlement Commission constituted under section 245B;

(*g*) "Vice-Chairman" means a Vice-Chairman of the Settlement Commission [1][and includes a Member who is senior amongst the Members of a Bench].]

**245B. Income-tax Settlement Commission.**—(*1*) The Central Government shall constitute a Commission to be called the Income-tax Settlement Commission [2]*** for the settlement of cases under this Chapter.

(*2*) The Settlement Commission shall consist of a Chairman [3][and as many Vice-Chairmen and other members as the Central Government thinks fit] and shall function within the Department of the Central Government dealing with direct taxes.

[4]*        *        *        *        *

(*3*) The Chairman [5][, Vice-Chairman] and other members of the Settlement Commission shall be appointed by the Central Government from amongst persons of integrity and outstanding ability, having special knowledge of, and, experience in, problems relating to direct taxes and business accounts:

Provided that, where a member of the Board is appointed as the Chairman [5][, Vice-Chairman] or as a member of the Settlement Commission, he shall cease to be a member of the Board.

[6]*        *        *        *        *

[7][**245BA. Jurisdiction and powers of Settlement Commission.**—(*1*) Subject to the other provisions of this Chapter, the jurisdiction, powers and authority of the Settlement Commission may be exercised by Benches thereof.

(*2*) Subject to the other provisions of this section, a Bench shall be presided over by the Chairman or a Vice-Chairman and shall consist of two other Members.

(*3*) The Bench for which the Chairman is the Presiding Officer shall be the principal Bench and the other Benches shall be known as additional Benches.

(*4*) Notwithstanding anything contained in sub-sections (*1*) and (*2*), the Chairman may authorise the Vice-Chairman or other Member appointed to one Bench to discharge also the functions of the Vice-Chairman or, as the case may be, other Member of another Bench.

(*5*) Notwithstanding anything contained in the foregoing provisions of this section, and subject to any rules that may be made in this behalf, when one of the persons constituting a Bench (whether such person be the Presiding Officer or other Member of the Bench) is unable to discharge his functions owing to absence, illness or any other cause or in the event of the occurrence of any vacancy either in the office of the Presiding Officer or in the office of one or the other Members of the Bench, the remaining two persons may function as the Bench and if the Presiding Officer of the Bench is not one of the remaining two persons, the senior among the remaining persons shall act as the Presiding Officer of the Bench:

---

1. Ins. by Act 22 of 2007, s. 62 (w.e.f. 1-6-2007).
2. The brackets and words 'hereafter in this Chapter referred to as "the Settlement Commission")' omitted by Act 11 of 1987, s. 58 (w.e.f. 1-6-1987).
3. Subs. by Act 46 of 1986, s. 15, for "and two other members" (w.e.f. 10-9-1986).
4. Sub-section (*2A*) omitted by s. 15, *ibid.* (w.e.f. 10-9-1986).
5. Ins. by s. 15, *ibid* (w.e.f. 10-9-1986).
6. The second proviso omitted by s. 15, *ibid.* (w.e.f. 10-9-1986).
7. Ins. by Act 11 of 1987, s. 59 (w.e.f. 1-6-1987).

Provided that if at any stage of the hearing of any such case or matter, it appears to the Presiding Officer that the case or matter is of such a nature that it ought to be heard of by a Bench consisting of three Members, the case or matter may be referred by the Presiding Officer of such Bench to the Chairman for transfer to such Bench as the Chairman may deem fit.

[1][(5A) Notwithstanding anything contained in the foregoing provisions of this section, the Chairman may, for the disposal of any particular case, constitute a Special Bench consisting of more than three Members.]

(6) Subject to the other provisions of this Chapter, the places at which the principal Bench and the additional Benches shall ordinarily sit shall be such as the Central Government may, by notification in the Official Gazette, specify [1][and the Special Bench shall sit at a place to be fixed by the Chairman].]

[2][**245BB. Vice-Chairman to act as Chairman or to discharge his functions in certain circumstances.**—(1) In the event of the occurrence of any vacancy in the office of the Chairman by reason of his death, resignation or otherwise, the Vice-Chairman or, as the case may be, such one of the Vice-Chairmen as the Central Government may, by notification in the Official Gazette, authorise in this behalf, shall act as the Chairman until the date on which a new Chairman, appointed in accordance with the provisions of this Chapter to fill such vacancy, enters upon his office.

(2) When the Chairman is unable to discharge his functions owing to absence, illness or any other cause, the Vice-Chairman or, as the case may be, such one of the Vice-Chairmen as the Central Government may, by notification in the Official Gazette, authorise in this behalf, shall discharge the functions of the Chairman until the date on which the Chairman resumes his duties.]

[2][**245BC. Power of Chairman to transfer cases from one Bench to another.**— On the application of the assessee or the [3][ [4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner]]and after notice to them, and after hearing such of them as he may desire to be heard, or on his own motion without such notice, the Chairman may transfer any case pending before one Bench, for disposal, to another Bench.]

[2][**245BD.  Decision to be by majority.**— If the Members of a Bench differ in opinion on any point, the point shall be decided according to the opinion of the majority, if there is a majority, but if the Members are equally divided, they shall state the point or points on which they differ, and make a reference to the Chairman who shall either hear the point or points himself or refer the case for hearing on such point or points by one or more of the other Members of the Settlement Commission and such point or points shall be decided according to the opinion of the majority of the Members of the Settlement Commission who have heard the case, including those who first heard it.]

**245C. Application for settlement of cases.**—[6][(1) An assessee may, at any stage of a case relating to him, make an application in such form and in such manner as may be prescribed, and containing a full and true disclosure of his income which has not been disclosed before the [7][Assessing Officer], the manner in which such income has been derived, the additional amount of income-tax payable on such income and such other particulars as may be prescribed, to the Settlement Commission to have the case settled and any such application shall be disposed of in the manner hereinafter provided:

---

1. Ins. by Act 49 of 1991, s. 65 (w.e.f. 1-10-1991).

2. Ins. by Act 11 of 1987, s. 59 (w.e.f. 1-6-1987)

3. Subs. by Act 4 of 1988, s. 2 for "Commissioner" (w.e.f. 1-4-1988).

4. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.e.f. 1-6-2013).

5. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

6. Subs. by Act 67 of 1984, s. 40 for sub-section (1) (w.e.f. 1-10-1984).

7. Subs. by Act 4 of 1988, s. 2, for "Income tax" (w.e.f. 1-4-1988).

[1][Provided that no such application shall be made unless,—

(*i*) in a case where proceedings for assessment or reassessment for any of the assessment years referred to in clause (*b*) of sub-section (*1*) of section 153A  or clause (*b*) of sub-section (*1*) of section 153B in case of a person referred to in section 153A or section 153C have been initiated, the additional amount of income-tax payable on the income disclosed in the application exceeds fifty lakh rupees,

[2][(*ia*) in a case where—

(*A*) the applicant is related to the person referred to in clause (*i*) who has filed an application (hereafter in this sub-section referred to as "specified person"); and

(*B*) the proceedings for assessment or re-assessment for any of the assessment years referred to in clause (*b*) of sub-section (*1*) of section 153A or clause (*b*) of sub-section (*1*) of section 153B in case of the applicant, being a person referred to in section 153A or section 153C, have been initiated,

the additional amount of income-tax payable on the income disclosed in the application exceeds ten lakh rupees,]

(*ii*) in any other case, the additional amount of income-tax payable on the income disclosed in the application exceeds ten lakh rupees,

and such tax and the interest thereon, which would have been paid under the provisions of this Act had the income disclosed in the application been declared in the return of income before the Assessing Officer on the date of application, has been paid on or before the date of making the application and the proof of such payment is attached with the application.]

[2][*Explanation.*—For the purposes of clause (*ia*),—

(*a*) the applicant, in relation to the specified person referred to in clause (*ia*), means,—

(*i*) where the specified person is an individual, any relative of the specified person;

(*ii*) where the specified person is a company, firm, association of persons or Hindu undivided family, any director of the company, partner of the firm, or member of the association or family, or any relative of such director, partner or member;

(*iii*) any individual who has a substantial interest in the business or profession of the specified person, or any relative of such individual;

(*iv*) a company, firm, association of persons or Hindu undivided family having a substantial interest in the business or profession of the specified person or any director, partner or member of such company, firm, association or family, or any relative of such director, partner or member;

(*v*) a company, firm, association of persons or Hindu undivided family of which a director, partner or member, as the case may be, has a substantial interest in the business or profession of the specified person; or any director, partner or member of such company, firm, association or family or any relative of such director, partner or member;

(*vi*) any person who carries on a business or profession,—

(*A*) where the specified person being an individual, or any relative of such specified person, has a substantial interest in the business or profession of that person; or

(*B*) where the specified person being a company, firm, association of persons or Hindu undivided family, or any director of such company, partner of such firm or member of the association or family, or any relative of such director, partner or member, has a substantial interest in the business or profession  of that person;

1. The proviso subs. by Act 14 of 2010, s. 46, (w.e.f. 1-6-2010).
2. Ins. by Act 8 of 2011, s. 29, (w.e.f. 1-6-2011).

(*b*) a person shall be deemed to have a substantial interest in a business or profession, if—

(*A*) in a case where the business or profession is carried on by a company, such person is, [1][on the date of search], the beneficial owner of shares (not being shares entitled to a fixed rate of dividend, whether with or without a right to participate in profits) carrying not less than twenty per cent of the voting power; and

(*B*) in any other case, such person is, [1][on the date of search], beneficially entitled to not less than twenty per cent of the profits of such business or profession.]

(*1A*) For the purposes of sub-section (*1*) of this section [2]***, the additional amount of income-tax payable in respect of the income disclosed in an application made under sub-section (*1*) of this section shall be the amount calculated in accordance with the provisions of sub-sections (*1B*) to (*1D*).

[3][(*1B*) Where the income disclosed in the application relates to only one previous year,—

(*i*) if the applicant has not furnished a return in respect of the total income of that year, then, tax shall be calculated on the income disclosed in the application as if such income were the total income;

(*ii*) if the applicant has furnished a return in respect of the total income of that year, tax shall be calculated on the aggregate of the total income returned and the income disclosed in the application as if such aggregate were the total income.]

[4][(*1C*) The additional amount of income-tax payable in respect of the income disclosed in the application relating to the previous year referred to in sub-section (*1B*) shall be,—

(*a*) in a case referred to in clause (*i*) of that sub-section, the amount of tax calculated under that clause;

(*b*) in a case referred to in clause (*ii*) of that sub-section, the amount of tax calculated under that clause as reduced by the amount of tax calculated on the total income returned for that year;

[5]*          *          *          *          *

(*1D*) Where the income disclosed in the application relates to more than one previous year, the additional amount of income-tax payable in respect of the income disclosed for each of the years shall first be calculated in accordance with the provisions of sub-sections (*1B*) and (*1C*) and the aggregate of the amount so arrived at in respect of each of the years for which the application has been made under sub-section (*1*) shall be the additional amount of income-tax payable in respect of the income disclosed in the application.

[6]*          *          *          *          *

(*2*) Every application made under sub-section (*1*) shall be accompanied by such fees as may be prescribed.

(*3*) An application made under sub-section (*1*) shall not be allowed to be withdrawn by the applicant.

[7][(*4*) An assessee shall, on the date on which he makes an application under sub-section (*1*) to the Settlement Commission, also intimate the Assessing Officer in the prescribed manner of having made such application to the said Commission.]

---

1. Subs. by Act 23 of 2012, s. 90, for "at any time during the previous year" (w.e.f. 1-7-2012).
2. The words, brackets, figures and letters "and sub-sections (*2A*) to (*2D*) of section 245D" omitted by Act 22 of 2007, s. 63 (w.e.f. 1-6-2007).
3. Subs. by Act 11 of 1987, s. 60 for sub-sections (*1B*) or (*1C*) (w.e.f. 1-6-1987).
4. Subs. by 22 of 2007, s. 63, for sub-section (*1B*) (w.e.f. 1-6-2007). Earlier it was substituted by Act 11 of 1987, s. 60 (w.e.f. 1-6-1987).
5. Clause (*c*) omitted by Act 22 of 2007, s. 63 (w.e.f. 1-6-2007).
6. Sub-section (*1E*) omitted by Act 94 of 2002, s. 94 (w.e.f. 1-6-2002).
7. Ins. by Act 22 of 2007, s. 63 (w.e.f. 1-6-2007).

**245D. Procedure on receipt of an application under section 245C.**—[1][(*1*) On receipt of an application under section 245C, the Settlement Commission shall, within seven days from the date of receipt of the application, issue a notice to the applicant requiring him to explain as to why the application made by him be allowed to be proceeded with, and on hearing the applicant, the Settlement Commission shall, within a period of fourteen days from the date of the application, by an order in writing, reject the application or allow the application to be proceeded with:

Provided that where no order has been passed within the aforesaid period by the Settlement Commission, the application shall be deemed to have been allowed to be proceeded with.]

[2]*          *          *          *          *

(*2*) A copy of every order under sub-section (*1*) shall be sent to the applicant and to the [3][Principal Commissioner or Commissioner].

[4][(*2A*) Where an application was made under section 245C before the 1st day of June, 2007, but an order under the provisions of sub-section (*1*) of this section, as they stood immediately before their amendment by the Finance Act, 2007, has not been made before the 1st day of June, 2007, such application shall be deemed to have been allowed to be proceeded with if the additional tax on the income disclosed in such application and the interest thereon is paid on or before the 31st day of July, 2007.

*Explanation.*—In respect of the applications referred to in this sub-section, the 31st day of July, 2007 shall be deemed to be the date of the order of rejection or allowing the application to be proceeded with under sub-section (*1*).

(*2B*) The Settlement Commission shall,—

(*i*) in respect of an application which is allowed to be proceeded with under sub-section (*1*), within thirty days from the date on which the application was made; or

(*ii*) in respect of an application referred to in sub-section (*2A*) which is deemed to have been allowed to be proceeded with under that sub-section, on or before the 7th day of August, 2007,

call for a report from the [3][Principal Commissioner or Commissioner], and the [3][Principal Commissioner or Commissioner] shall furnish the report within a period of thirty days of the receipt of communication from the Settlement Commission.

(*2C*) Where a report of the [3][Principal Commissioner or Commissioner] called for under sub-section (*2B*) has been furnished within the period specified therein, the Settlement Commission may, on the basis of the report and within a period of fifteen days of the receipt of the report, by an order in writing, declare the application in question as invalid, and shall send the copy of such order to the applicant and the [3][Principal Commissioner or Commissioner]:

1. Subs. by Act 22 of 2007, s. 64, for sub-section (*1*) (w.e.f. 1-6-2007).

2. Sub-section (*1A*) omitted by Act 49 of 1991, s. 66 (w.e.f. 27-9-1991).

3. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

4. Subs. by Act 22 of 2007, s. 64, for sub-sections (*2A*), (*2B*), (*2C*) and (*2D*) (w.e.f. 1-6-2007).

Provided that an application shall not be declared invalid unless an opportunity has been given to the applicant of being heard:

Provided further that where the [1][Principal Commissioner or Commissioner] has not furnished the report within the aforesaid period, the Settlement Commission shall proceed further in the matter without the report of the [1][Principal Commissioner or Commissioner].

(*2D*) Where an application was made under sub-section (*1*) of section 245C before the 1st day of June, 2007 and an order under the provisions of sub-section (*1*) of this section, as they stood immediately before their amendment by the Finance Act, 2007, allowing the application to have been proceeded with, has been passed before the 1st day of June, 2007, but an order under the provisions of sub-section (*4*), as they stood immediately before their amendment by the Finance Act, 2007, was not passed before the 1st day of June, 2007, such application shall not be allowed to be further proceeded with unless the additional tax on the income disclosed in such application and the interest thereon, is, notwithstanding any extension of time already granted by the Settlement Commission, paid on or before the 31st day of July, 2007.]

[2][(*3*) The Settlement Commission, in respect of—

    (*i*) an application which has not been declared invalid under sub-section (*2C*); or

    (*ii*) an application referred to in sub-section (*2D*) which has been allowed to be further proceeded with under that sub-section,

may call for the records from the [1][Principal Commissioner or Commissioner] and after examination of such records, if the Settlement Commission is of the opinion that any further enquiry or investigation in the matter is necessary, it may direct the [1][Principal Commissioner or Commissioner] to make or cause to be made such further enquiry or investigation and furnish a report on the matters covered by the application and any other matter relating to the case, and the [1][Principal Commissioner or Commissioner] shall furnish the report within a period of ninety days of the receipt of communication from the Settlement Commission:

Provided that where the [1][Principal Commissioner or Commissioner] does not furnish the report within the aforesaid period, the Settlement Commission may proceed to pass an order under sub-section (*4*) without such report.

(*4*) After examination of the records and the report of the [1][Principal Commissioner or Commissioner], if any, received under—

    (*i*) sub-section (*2B*) or sub-section (*3*), or

    (*ii*) the provisions of sub-section (*1*) as they stood immediately before their amendment by the Finance Act, 2007,

and after giving an opportunity to the applicant and to the [1][Principal Commissioner or Commissioner] to be heard, either in person or through a representative duly authorised in this behalf, and after examining such further evidence as may be placed before it or obtained by it, the Settlement Commission may, in accordance with the provisions of this Act, pass such order as it thinks fit on the matters covered by the

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

2. Subs. by Act 22 of 2007, s. 64, for sub-sections (*3*), (*4*) and (*4A*) (w.e.f. 1-6-2007).

application and any other matter relating to the case not covered by the application, but referred to in the report of the [1][Principal Commissioner or Commissioner].

(*4A*) The Settlement Commission shall pass an order under sub-section (*4*),—

(*i*) in respect of an application referred to in sub-section (*2A*) or sub-section (*2D*), on or before the 31st day of March, 2008;

(*ii*) in respect of an application made on or after the 1st day of June, 2007 [2][but before the 1st day of June, 2010], within twelve months from the end of the month in which the application was made;]

[3][(*iii*) in respect of an application made on or after the 1st day of June, 2010, within eighteen months from the end of the month in which the application was made.]

[4][(*5*) Subject to the provisions of section 245BA, the materials brought on record before the Settlement Commission shall be considered by the Members of the concerned Bench before passing any order under sub-section (*4*) and, in relation to the passing of such order, the provisions of section 245BD shall apply.]

(*6*) Every order passed under sub-section (*4*) shall provide for the terms of settlement including any demand by way of [5][tax, penalty or interest], the manner in which any sum due under the settlement shall be paid and all other matters to make the settlement effective and shall also provide that the settlement shall be void if it is subsequently found by the Settlement Commission that it has been obtained by fraud or misrepresentation of facts.

[6][(*6A*) Where any tax payable in pursuance of an order under sub-section (*4*) is not paid by the assessee within thirty-five days of the receipt of a copy of the order by him, then, whether or not the Settlement Commission has extended the time for payment of such tax or has allowed payment thereof by instalments, the assessee shall be liable to pay simple interest at [7][one and one-fourth per cent. for every month or part of a month] on the amount remaining unpaid from the date of expiry of the period of thirty-five days aforesaid.]

[8][(*6B*) The Settlement Commission may, with a view to rectifying any mistake apparent from the record, amend any order passed by it under sub-section (*4*)—

(*a*) at any time within a period of six months from the end of the month in which the order was passed; or

(*b*) at any time within the period of six months from the end of the month in which an application for rectification has been made by the Principal Commissioner or the Commissioner or the applicant, as the case may be:

---

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).
2. Ins. by Act 14 of 2010, s. 47 (w.e.f. 1-4-2010).
3. Ins. by s. 47, *ibid.* (w.e.f. 1-6-2010).
4. Ins. by Act 11 of 1987, s. 61 (w.e.f. 1-6-1987).
5. Subs. by s. 61, *ibid.*, for "tax or penalty" (w.e.f. 1-6-1987).
6. Ins. by Act 67 of 1984, s. 41 (w.e.f. 1-10-1984).
7. Subs. by Act 22 of 2007, s. 64, for "fifteen per cent. per annum" (w.e.f. 1-4-2008).
8. Subs. by Act 20 of 2015, s. 59, for sub-section (*6B*) (w.e.f. 1-6-2015).

Provided that no application for rectification shall be made by the Principal Commissioner or the Commissioner or the applicant after the expiry of six months from the end of the month in which an order under sub-section (*4*) is passed by the Settlement Commission:

Provided further that an amendment which has the effect of modifying the liability of the applicant shall not be made under this sub-section unless the Settlement Commission has given notice to the applicant and the Principal Commissioner or Commissioner of its intention to do so and has allowed the applicant and the Principal Commissioner or Commissioner an opportunity of being heard.]

(*7*) Where a settlement becomes void as provided under sub-section (*6*), the proceedings with respect to the matters covered by the settlement shall be deemed to have been revived from the stage at which the application was allowed to be proceeded with by the Settlement Commission and the income-tax authority concerned, may, notwithstanding anything contained in any other provision of this Act, complete such proceedings at any time before the expiry of two years from the end of the financial year in which the settlement became void.

[1][(*8*) For the removal of doubts, it is hereby declared that nothing contained in section 153 shall apply to any order passed under sub-section (*4*) or to any order of assessment, reassessment or recomputation required to be made by the [2][Assessing Officer] in pursuance of any directions contained in such order passed by the Settlement Commission [3][and nothing contained in the proviso to sub-section (*1*) of section 186 shall apply to the cancellation of the registration of a firm required to be made in pursuance of any such directions as aforesaid.]]

[4][**245DD. Power of Settlement Commission to order provisional attachment to protect revenue.**—(*1*) Where, during the pendency of any proceeding before it, the Settlement Commission is of the opinion that for the purpose of protecting the interests of the revenue it is necessary so to do, it may, by order, attach provisionally any property belonging to the applicant in the manner provided in the Second Schedule:

Provided that where a provisional attachment made under section 281B is pending immediately before an application is made under section 245C, an order under this sub-section shall continue such provisional attachment up to the period up to which an order made under section 281B would have continued if such application had not been made:

Provided further that where the Settlement Commission passes an order under this sub-section after the expiry of the period referred to in the preceding proviso, the provisions of sub-section (*2*) shall apply to such order as if the said order had originally been passed by the Settlement Commission.

(*2*) Every provisional attachment made by the Settlement Commission under sub-section (*1*) shall cease to have effect after the expiry of a period of six months from the date of the order made under sub-section (*1*):

Provided that the Settlement Commission may, for reasons to be recorded in writing, extend the aforesaid period by such further period or periods as it thinks fit [5]***.]

---

1. Ins. by Act 67 of 1984, s. 41 (w.e.f. 1-10-1984).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Ins. by Act 11 of 1987, s. 61 (w.e.f. 1-6-1987).
4. Ins. by Act 26 of 1988, s. 42 (w.e.f. 1-4-1988).
5. The words ", so, however, that the total period of extension shall not in any case exceed two years" omitted by Act 22 of 2007, s. 65 (w.e.f. 1-6-2008).

**245E.  Power of Settlement Commission to reopen completed proceedings.**—If the Settlement Commission is of the opinion (the reasons for such opinion to be recorded by it in writing) that, for the proper disposal of the case pending before it, it is necessary or expedient to reopen any proceeding connected with the case but which has been completed [1]*** under this Act by any income-tax authority before the application under section 245C was made, it may, with the concurrence of the applicant, reopen such proceeding and pass such order thereon as it thinks fit, as if the case in relation to which the application for settlement had been made by the applicant under that section covered such proceeding also:

[2][Provided that no proceeding shall be reopened by the Settlement Commission under this section if the period between the end of the assessment year to which such a proceeding relates and the date of application for settlement under section 245C exceeds nine years:]

[3][Provided further that no proceeding shall be reopened by the Settlement Commission under this section in a case where an application under section 245C is made on or after the 1st day of June, 2007.]

**245F. Powers and procedure of Settlement Commission.**—(*1*) In addition to the powers conferred on the Settlement Commission under this Chapter, it shall have all the powers which are vested in an income-tax authority under this Act.

(*2*) Where an application made under section 245C has been allowed to be proceeded with under section 245D, the Settlement Commission shall, until an order is passed under sub-section (*4*) ofsection 245D, have, subject to the provisions of sub-section (*3*) of that section, exclusive jurisdiction to exercise the powers and perform the functions of an income-tax authority under this Act in relation to the case:

[4][Provided that where an application has been made under section 245C on or after the 1st day of June, 2007, the Settlement Commission shall have such exclusive jurisdiction from the date on which the application was made:

Provided further that where—

(*i*) an application made on or after the 1st day of June, 2007, is rejected under sub-section (*1*) of section 245D; or

(*ii*) an application is not allowed to be proceeded with under sub-section (*2A*) of section 245D, or, as the case may be, is declared invalid under sub-section (*2C*) of that section; or

(*iii*) an application is not allowed to be further proceeded with under sub-section (*2D*) of section 245D,

the Settlement Commission, in respect of such application shall have such exclusive jurisdiction upto the date on which the application is rejected, or, not allowed to be proceeded with, or, declared invalid, or, not allowed to be further proceeded with, as the case may be.]

(*3*) Notwithstanding anything contained in sub-section (*2*) and in the absence of any express direction to the contrary by the Settlement Commission, nothing contained in this section shall affect the operation of any other provision of this Act requiring the applicant to pay tax on the basis of self-assessment [5]*** in relation to the matters before the Settlement Commission.

(*4*) For the removal of doubt, it is hereby declared that, in the absence of any express direction by the Settlement Commission to the contrary, nothing in this Chapter shall affect the operation of the provisions of this Act in so far as they relate to any matters other than those before the Settlement Commission.

[6][[1]*          *          *          *          *

---

1. The word and figures "under the Indian Income-tax Act, 1922, or" omitted by Act 67 of 1984, s. 42 (w.e.f. 1-10-1984).
2. Subs. by Act 11 of 1987, s. 62, for the proviso (w.e.f. 1-6-1987).
3. Ins. by Act 22 of 2007, s. 66 (w.e.f. 1-6-2007).
4. Ins. by s. 67, *ibid*. (w.e.f. 1-6-2007).
5. The words "or by way of advance tax" omitted by the 11 of 1987, s. 63 (w.e.f. 1-6-1987).
6. Subs. by Act 46 of 1986, s. 17, for sub-section (*5*) (w.e.f. 10-9-1986).
7. Sub-sections (*5*) and (*6*) omitted by Act 11 of 1987, s. 63 (w.e.f. 1-6-1987).

(*7*) The Settlement Commission shall, subject to the provisions of this Chapter, have power to regulate its own procedure and the procedure of Benches thereof in all matters arising out of the exercise of its powers or of the discharge of its functions, including the places at which the Benches shall hold their sittings.]

**245G. Inspection, etc., of reports.**—No person shall be entitled to inspect, or obtain copies of, any reports made by any income-tax authority to the Settlement Commission; but the Settlement Commission may, in its discretion, furnish copies thereof to any such person on an application made to it in this behalf and on payment of the prescribed fee:

Provided that, for the purpose of enabling any person whose case is under consideration to rebut any evidence brought on record against him in any such report, the Settlement Commission shall, on an application made in this behalf, and on payment of the prescribed fee by such person, furnish him with a certified copy of any such report or part thereof relevant for the purpose.

**245H. Power of Settlement Commission to grant immunity from prosecution and penalty.**—(*1*) The Settlement Commission may, if it is satisfied that any person who made the application for settlement under section 245C has co-operated with the Settlement Commission in the proceedings before it and has made a full and true disclosure of his income and the manner in which such income has been derived, grant to such person, subject to such conditions as it may think fit to impose [1][for the reasons to be recorded in writing], immunity from prosecution for any offence under this Act or under the Indian Penal Code (45 of 1860) or under any other Central Act for the time being in force [2][and also (either wholly or in part) from the imposition of any penalty] under this Act, with respect to the case covered by the settlement:

[3][Provided that no such immunity shall be granted by the Settlement Commission in cases where the proceedings for the prosecution for any such offence have been instituted before the date of receipt of the application under section 245C:]

[4][Provided further that the Settlement Commission shall not grant immunity from prosecution for any offence under the Indian Penal Code (45 of 1860) or under any Central Act other than this Act and the Wealth-tax Act, 1957 (27 of 1957) to a person who makes an application under section 245C on or after the 1st day of June, 2007.]

[3][(*1A*) An immunity granted to a person under sub-section (*1*) shall stand withdrawn if such person fails to pay any sum specified in the order of settlement passed under sub-section (*4*) of section 245D within the time specified in such order or within such further time as may be allowed by the Settlement Commission, or fails to comply with any other condition subject to which the immunity was granted and thereupon the provisions of this Act shall apply as if such immunity had not been granted.]

(*2*) An immunity granted to a person under sub-section (*1*) may, at any time, be withdrawn by the Settlement Commission, if it is satisfied that such person [5]*** had, in the course of the settlement proceedings, concealed any particulars material to the settlement or had given false evidence, and thereupon such person may be tried for the offence with respect to which the immunity was granted or for any other offence of which he appears to have been guilty in connection with the settlement and shall also become liable to the imposition of any penalty under this Act to which such person would have been liable, had not such immunity been granted.

[6][**245HA. Abatement of proceeding before Settlement Commission.**—(*1*) Where—

(*i*) an application made under section 245C on or after the 1st day of June, 2007 has been rejected under sub-section (*1*) of section 245D; or

---

1. Ins. by Act 20 of 2015, s. 60 (w.e.f. 1-6-2015).
2. Subs. by Act 67 of 1984, s. 43, for "and also from the imposition of any penalty" (w.e.f. 1-10-1984).
3. Ins. by Act 11 of 1987, s. 64 (w.e.f. 1-6-1987).
4. Ins. by Act 22 of 2007, s. 68 (w.e.f. 1-6-2007).
5. The words "has not complied with the conditions subject to which the immunity was granted or that such person" omitted by Act 11 of 1987, s. 64 (w.e.f. 1-6-1987).
6. Ins. by Act 22 of 2007, s. 69 (w.e.f. 1-6-2007). Earlier section 245HA was inserted by Act 11 of 1987, s. 65 (w.e.f. 1-6-1987) which was amended by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988) and later on omitted by Act 20 of 2002, s. 96 (w.e.f. 1-6-2002).

(*ii*) an application made under section 245C has not been allowed to be proceeded with under sub-section (*2A*) or further proceeded with under sub-section (*2D*) of section 245D; or

(*iii*) an application made under section 245C has been declared as invalid under sub-section (*2C*) of section 245D; or

[1][(*iiia*) in respect of any application made under section 245C, an order under sub-section (*4*) of section 245D has been passed not providing for the terms of settlement; or]

(*iv*) in respect of any other application made under section 245C, an order under sub-section (*4*) of section 245D has not been passed within the time or period specified under sub-section (*4A*) of section 245D,

the proceedings before the Settlement Commission shall abate on the specified date.

*Explanation.*—For the purposes of this sub-section, "specified date" means—

(*a*) in respect of an application referred to in clause (*i*), the day on which the application was rejected;

(*b*) in respect of an application referred to in clause (*ii*), the 31st day of July, 2007;

(*c*) in respect of an application referred to in clause (*iii*), the last day of the month in which the application was declared invalid;

[1][(*ca*) in respect of an application referred to clause (*iiia*), the day on which the order under sub-section (*4*) of section 245D was passed not providing for the terms of settlement;]

(*d*) in respect of an application referred to in clause (*iv*), on the date on which the time or period specified in sub-section (*4A*) of section 245D expires.

(*2*) Where a proceeding before the Settlement Commission abates, the Assessing Officer, or, as the case may be, any other income-tax authority before whom the proceeding at the time of making the application was pending, shall dispose of the case in accordance with the provisions of this Act as if no application under section 245C had been made.

(*3*) For the purposes of sub-section (*2*), the Assessing Officer, or, as the case may be, other income-tax authority, shall be entitled to use all the material and other information produced by the assessee before the Settlement Commission or the results of the inquiry held or evidence recorded by the Settlement Commission in the course of the proceedings before it, as if such material, information, inquiry and evidence had been produced before the Assessing Officer or other income-tax authority or held or recorded by him in the course of the proceedings before him.

(*4*) For the purposes of the time-limit under sections 149, 153, 153B, 154, 155, 158BE and 231 and for the purposes of payment of interest under section 243 or 244 or, as the case may be, section 244A, for making the assessment or reassessment under sub-section (*2*), the period commencing on and from the date of the application to the Settlement Commission under section 245C and ending with "specified date" referred to in sub-section (*1*) shall be excluded; and where the assessee is a firm, for the purposes of the time-limit for cancellation of registration of the firm under sub-section (*1*) of section 186, the period aforesaid shall, likewise, be excluded.

**245HAA. Credit for tax paid in case of abatement of proceedings.**—Where an application made under section 245C on or after the 1st day of June, 2007, is rejected under sub-section (*1*) of section 245D, or any other application made under section 245C is not allowed to be proceeded with under sub-section (*2A*) of section 245D or is declared invalid under sub-section (*2C*) of section 245D or has not been allowed to be further proceeded with under sub-section (*2D*) of section 245D or an order under sub-section (*4*) of section 245D has not been passed within the time or period specified under sub-section (*4A*) of section 245D, the Assessing Officer shall allow the credit for the tax and interest paid on or before the date of making the application or during the pendency of the case before the Settlement Commission.]

---

1. Ins. by Act 20 of 2015, s. 61 (w.e.f. 1-6-2015).

**245-I. Order of settlement to be conclusive.**—Every order of settlement passed under sub-section (*4*) of section 245D shall be conclusive as to the matters stated therein and no matter covered by such order shall, save as otherwise provided in this Chapter, be reopened in any proceeding under this Act or under any other law for the time being in force.

**245J. Recovery of sums due under order of settlement.**—Any sum specified in an order of settlement passed under sub-section (*4*) of section 245D may, subject to such conditions, if any, as may be specified therein, be recovered, and any penalty for default in making payment of such sum may be imposed and recovered in accordance with the provisions of Chapter XVII, by the [1][Assessing Officer] having jurisdiction over the person who made the application for settlement under section 245C.

[2][**245K. Bar on subsequent application for settlement.**—(*1*) Where—

    (*i*) an order of settlement passed under sub-section (*4*) of section 245D provides for the imposition of a penalty on the person who made the application under section 245C for settlement, on the ground of concealment of particulars of his income; or

    (*ii*) after the passing of an order of settlement under the said sub-section (*4*) in relation to a case, such person is convicted of any offence under Chapter XXII in relation to that case; or

    (*iii*) the case of such person was sent back to the Assessing Officer by the Settlement Commission on or before the 1st day of June, 2002,

then, [3][he or any person related to such person (herein referred to as related person) shall not be entitled to apply] for settlement under section 245C in relation to any other matter.

(*2*) Where a person has made an application under section 245C on or after the 1st day of June, 2007 and if such application has been allowed to be proceeded with under sub-section (*1*) of section 245D, such person [4][or any related person shall not be subsequently entitled] to make an application under section 245C.]

[5][*Explanation*.—For the purposes of this section, "related person" with respect to a person means,—

    (*i*) where such person is an individual, any company in which such person holds more than fifty per cent of the shares or voting rights at any time, or any firm or association of persons or body of individuals in which such person is entitled to more than fifty per cent of the profits at any time, or any Hindu undivided family in which such person is a *karta;*

    (*ii*) where such person is a company, any individual who held more than fifty per cent of the shares or voting rights in such company at any time before the date of application before the Settlement Commission by such person;

---

1. Subs. by Act 4 of 1988, s. 2, for "Income tax Officer" (w.e.f. 1-4-1988).
2. Subs. by Act 22 of 2007, s. 70, for section 245K (w.e.f. 1-6-2007).
3. Subs. by Act 20 of 2015, s. 62, for "he shall not be entitled to apply" (w.e.f. 1-6-2015).
4. Subs. by s. 62, *ibid.*, for "shall not be subsequently entitled" (w.e.f. 1-6-2015).
5. Ins. by s. 62, *ibid*. (w.e.f. 1-6-2015).

(*iii*) where such person is a firm or association of persons or body of individuals, any individual who was entitled to more than fifty per cent of the profits in such firm, association of persons or body of individuals, at any time before the date of application before the Settlement Commission by such person;

(*iv*) where such person is a Hindu undivided family, the *karta* of that Hindu undivided family.]

**245L. Proceedings before Settlement Commission to be judicial proceedings.**—Any proceeding under this Chapter before the Settlement Commission shall be deemed to be a judicial proceeding within the meaning of sections 193 and 228, and for the purposes of section 196, of the Indian Penal Code (45 of 1860).

**245M. Certain persons who have filed appeals to the Appellate Tribunal entitled to make applications to the Settlement Commission.**—[*Omitted by the Finance Act*11*of*1987 *s.* 67, (*w.e.f.* 1-6-1987).]

[1][CHAPTER XIX-B

ADVANCE RULINGS

**245N. Definitions.**—In this Chapter, unless the context otherwise requires,—

[2][(*a*) "advance ruling" means—

(*i*) a determination by the Authority in relation to a transaction which has been undertaken or is proposed to be undertaken by a non-resident applicant; or

(*ii*) a determination by the Authority in relation to the [3][tax liability of a non-resident arising out of] a transaction which has been undertaken or is proposed to be undertaken by a resident applicant with [4][such non-resident]; [5][or]

[5][(*iia*) a determination by the Authority in relation to the tax liability of a resident applicant, arising out of a transaction which has been undertaken or is proposed to be undertaken by such applicant,]

and such determination shall include the determination of any question of law or of fact specified in the application;

(*iii*) a determination or decision by the Authority in respect of an issue relating to computation of total income which is pending before any income-tax authority or the Appellate Tribunal and such determination or decision shall include the determination or decision of any question of law or of fact relating to such computation of total income specified in the application;

---

1. Chapter XIX-B, consisting of sections 245N to 245V, inserted by Act 38 of 1993, s. 31 (w.e.f. 1-6-1993).
2. Subs. by Act 10 of 2000, s. 63, for clauses (*a*) and (*b*) (w.e.f. 1-6-2000).
3. Ins. by Act 32 of 2003, s. 92 (w.e.f. 1-6-2000).
4. Subs. by s. 92, *ibid.*, for "a non-resident" (1-6-2000).
5. Ins. by Act 25 of 2014, s. 66 (w.e.f. 1-10-2014).

[1][(*iv*) a determination or decision by the Authority whether an arrangement, which is proposed to be undertaken by any person being a resident or a non-resident, is an impermissible avoidance arrangement as referred to in Chapter X-A or not:]

[2][Provided that where an advance ruling has been pronounced, before the date on which the Finance Act, 2003 receives the assent of the President, by the Authority in respect of an application by a resident applicant referred to in sub-clause (*ii*) of this clause as it stood immediately before such date, such ruling shall be binding on the persons specified in section 245S;]

[3][(*b*) "applicant" means—

(*A*) any person who—

(*I*) is a non-resident referred to in sub-clause (*i*)of clause(*a*);or

(*II*) is a resident referred to in sub-clause(*ii*)of clause(*a*); or

(*III*) is a resident referred to in sub-clause (*iia*) of clause (*a*) falling within any such class or category of persons as the Central Government may, by notification in the Official Gazette, specify; or

(*IV*) is a resident falling within any such class or category of persons as the Central Government may, by notification in the Official Gazette, specify in this behalf; or

(*V*) is referred to in sub-clause (*iv*) of clause (*a*),

and makes an application under sub-section (*1*) of section 245Q;

(*B*) an applicant as defined in clause (*c*) of section 28E of the Customs Act, 1962 (52 of 1962);

(*C*) an applicant as defined in clause (*c*) of section 23A of the Central Excise Act, 1944 (1 of 1944);

(*D*) an applicant as defined in clause (*b*) of section 96A of the Finance Act, 1994 (32 of 1994);]]

(*c*) "application" means an application made to the Authority under sub-section (*1*) of section 245Q;

(*d*) "Authority" means the Authority for Advance Rulings constituted under section 245-O;

(*e*) "Chairman" means the Chairman of the Authority;

[4][(*f*) "Member" means a Member of the Authority and includes the Chairman andVice-chairman;

(*g*) "Vice-chairman" means the Vice-chairman of the Authority.]

**245-O. Authority for Advance Rulings.**—(*1*) The Central Government shall constitute an Authority for giving advance rulings, to be known as "Authority for Advance Rulings".

---

1. Ins. by Act 17 of 2013, s. 53 (w.e.f. 1-4-2015).

2. Ins. by Act 32 of 2003, s. 92 (w.e.f. 14-5-2003).

3. Subs. by Act 7 of 2017, s. 80 (w.e.f. 1-4-2017).

4. Subs. by Act 25 of 2014, s. 66, for clause (*f*) (w.e.f. 1-10-2014).

[1][(2) The Authority shall consist of a Chairman and such number of Vice-chairmen, revenue Members and law Members as the Central Government may, by notification, appoint.

(3) A person shall be qualified for appointment as—

(a) Chairman, who has been a Judge of the Supreme Court [2][or the Chief Justice of a High Court or for at least seven years a Judge of a High Court];

(b) Vice-chairman, who has been Judge of a High Court;

[3][(c) a revenue Member—

(i) from the Indian Revenue Service, who is, or is qualified to be, a Member of the Board; or

(ii) from the Indian Customs and Central Excise Service, who is, or is qualified to be, a Member of the Central Board of Excise and Customs,

on the date of occurrence of vacancy;]

[4][(d) a law Member from the Indian Legal Service, who is, or is qualified to be, an Additional Secretary to the Government of India [2][on the dateof occurrence of vacancy].]

(4) The terms and conditions of service and the salaries and allowances payable to the Members shall be such as may be prescribed.

(5) The Central Government shall provide to the Authority with such officers and employees, as may be necessary, for the efficient discharge of the functions of the Authority under this Act.

(6) The powers and functions of the Authority may be discharged by its Benches as may be constituted by the Chairman from amongst the Members thereof.

[2][(6A) In the event of the occurrence of any vacancy in the office of the Chairman by reason of his death, resignation or otherwise, the senior-most Vice-chairman shall act as the Chairman until the date on which a new Chairman, appointed in accordance with the provisions of this Act to fill such vacancy, enters upon his office.

(6B) In case the Chairman is unable to discharge his functions owing to absence, illness or any other cause, the senior-most Vice-Chairman shall discharge the functions of the Chairman until the date on which the Chairman resumes his duties.]

(7) A Bench shall consist of the Chairman or the Vice-chairman and one revenue Member and one law Member.

(8) The Authority shall be located in the National Capital Territory of Delhi and its Benches shall be located at such places as the Central Government may, by notification specify.]

[5][**245-OA. Qualifications, terms and conditions of service of Chairman, Vice-Chairman and Member.**—Notwithstanding anything contained in this Act, the qualifications, appointment, term of office, salaries and allowances, resignation, removal and the other terms and conditions of service of the Chairman, Vice-Chairman and other Members of the Authority appointed after the commencement of Part XIV of Chapter VI of the Finance Act, 2017, shall be governed by the provisions of section 184 of that Act:

Provided that the Chairman, Vice-Chairman and Member appointed before the commencement of Part XIV of Chapter VI of the Finance Act, 2017, shall continue to be governed by the provisions of this Act and the rules made thereunder as if the provisions of section 184 of the Finance Act, 2017 had not come into force.]

---

1. Subs. by Act 25 of 2014, s. 67, for sub-sections (2), (3), (4) and (5) (w.e.f. 1-10-2014).
2. Ins. by Act 7 of 2017, s. 81 (w.e.f. 1-4-2017).
3. Subs. by s. 81, *ibid.,* for clause (c) (w.e.f. 1-4-2017).
4. Subs. by Act 20 of 2015, s. 63, for clause (d) (w.e.f. 1-4-2015).
5. Ins. by Act 7 of 2017, s. 174 (w.e.f. 1-4-2017).

**245P. Vacancies, etc., not to invalidate proceedings.**—No proceeding before, or pronouncement of advance ruling by, the Authority shall be questioned or shall be invalid on the ground merely of the existence of any vacancy or defect in the constitution of the Authority.

**245Q. Applicationfor advance ruling.**—(*1*) An applicant desirous of obtaining an advance ruling under this Chapter [1][or under Chapter V of the Customs Act, 1962 (52 of 1962) or under Chapter IIIA of the Central Excise Act, 1944 (1 of 1944) or under Chapter VA of the Finance Act, 1994 (32 of 1994)] may make an application in such form and in such manner as may be prescribed, stating the question on which the advance ruling is sought.

(*2*) The application shall be made in quadruplicate and be accompanied by a fee of [2][ten thousand rupees or such fee as may be prescribed in this behalf, whichever is higher].

(*3*) An applicant may withdraw an application within thirty days from the date of the application.

**245R. Procedure on receipt of application.**—(*1*) On receipt of an application, the Authority shall cause a copy thereof to be forwarded to the [3][PrincipalCommissioner or Commissioner] and, if necessary, call upon him to furnish the relevant records:

Provided that where any records have been called for by the Authority in any case, such records shall, as soon as possible, be returned to the [3][PrincipalCommissioner or Commissioner].

(*2*) The Authority may, after examining the application and the records called for, by order, either allow or reject the application:

[4][Provided that the Authority shall not allow the application where the question raised in the application,—

(*i*) is already pending before any income-tax authority or Appellate Tribunal [except in the case of a resident applicant falling in sub-clause (*iii*) of clause (*b*) of section 245N] or any court;

(*ii*) involves determination of fair market value of any property;

(*iii*) relates to a transaction or issue which is designed *prima facie* for the avoidance of income-tax [except in the case of a resident applicant falling in sub-clause (*iii*) of clause (*b*) ofsection 245N [5]*** [6][or in the case of an applicant falling in sub-clause (*iiia*) of clause (*b*) of section 245N]]:]

Provided further that no application shall be rejected under this sub-section unless an opportunity has been given to the applicant of being heard:

Provided also that where the application is rejected, reasons for such rejection shall be given in the order.

(*3*) A copy of every order made under sub-section (*2*) shall be sent to the applicant and to the [3][Principal Commissioner or Commissioner].

(*4*) Where an application is allowed under sub-section (*2*), the Authority shall, after examining such further material as may be placed before it by the applicant or obtained by the Authority, pronounce its advance ruling on the question specified in the application.

---

1. Ins. by Act 7 of 2017, s. 82 (w.e.f. 1-4-2017).
2. Subs. by Act 23 of 2012, s. 92, for "two thousand five hundred rupees" (w.e.f. 1-7-2012).
3. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).
4. Subs. by Act 10 of 2000, s. 64, for the proviso (w.e.f. 1-6-2000).
5. The words "or in the case of an applicant falling in sub-clause (*iiia*) of clause (*b*) of section 245N" omitted by Act 17 of 2013, s. 54 (w.e.f. 1-4-2013).
6. Ins. by s. 54, *ibid*. (w.e.f. 1-4-2015).

(*5*) On a request received from the applicant, the Authority shall, before pronouncing its advance ruling, provide an opportunity to the applicant of being heard, either in person or through a duly authorised representative.

*Explanation*.—For the purposes of this sub-section, "authorised representative" shall have the meaning assigned to it in sub-section (*2*) of section 288, as if the applicant were an assessee.

(*6*) The Authority shall pronounce its advance ruling in writing within six months of the receipt of application.

(*7*) A copy of the advance ruling pronounced by the Authority, duly signed by the Members and certified in the prescribed manner shall be sent to the applicant and to the [1][Principal Commissioner or Commissioner], as soon as may be, after such pronouncement.

[2][**245RR.Appellate authority not to proceed in certain cases.**—No income-tax authority or the Appellate Tribunal shall proceed to decide any issue in respect to which an application has been made by an applicant, being a resident, [3][under sub-section(*1*) of section 245Q]].

**245S. Applicability of advance ruling.**—(*1*) The advance ruling pronounced by the Authority under section 245R shall be binding only—

(*a*) on the applicant who had sought it;

(*b*) in respect of the transaction in relation to which the ruling had been sought; and

(*c*) on the [1][Principal Commissioneror Commissioner], and the income-tax authorities subordinate to him, in respect of the applicant and the said transaction.

(*2*) The advance ruling referred to in sub-section (*1*) shall be binding as aforesaid unless there is a change in law or facts on the basis of which the advance ruling has been pronounced.

**245T. Advance ruling to be void in certain circumstances.**—(*1*) Where the Authority finds, on a representation made to it by the [1][Principal Commissioner or Commissioner] or otherwise, that an advance ruling pronounced by it under sub-section (*6*) of section 245R has been obtained by the applicant by fraud or misrepresentation of facts, it may, by order, declare such ruling to be void *ab initio* and thereupon all the provisions of this Act shall apply (after excluding the period beginning with the date of such advance ruling and ending with the date of order under this sub-section) to the applicant as if such advance ruling had never been made.

(*2*) A copy of the order made under sub-section (*1*) shall be sent to the applicant and the [1][Principal Commissioner or Commissioner].

**245U.Powers of the Authority.**—(*1*) The Authority shall, for the purpose of exercising its powers, have all the powers of a civil court under the Code of Civil Procedure, 1908 (5 of 1908) as are referred to in section 131 of this Act.

(*2*) The Authority shall be deemed to be a civil court for the purposes of section 195, but not for the purposes of Chapter XXVI, of the Code of Criminal Procedure, 1973 (2 of 1974) and every proceeding before the Authority shall be deemed to be a judicial proceeding within the meaning of sections 193 and 228, and for the purpose of section 196, of the Indian Penal Code (45 of 1860).

**245V. Procedure of Authority.**—The Authority shall, subject to the provisions of this Chapter, have power to regulate its own procedure in all matters arising out of the exercise of its powers under this Act.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).
2. Ins. by Act 21 of 1998, s. 48 (w.e.f. 1-10-1998).
3. Subs. by Act 23 of 2004, s. 52, for "under sub-section (*1*) of section 245R" (w.e.f. 1-10-1998).

# CHAPTER XX

## APPEALS AND REVISION

[1][A.—*Appeals*[2]\*\*\* *to the Deputy Commissioner (Appeals) and Commissioner (Appeals)*

**246. Appealable orders.**—(*1*) Subject to the provisions of sub-section (*2*), any assessee aggrieved by any of the following orders of an Assessing Officer (other than the Deputy Commissioner) may appeal to the Deputy Commissioner (Appeals) [3][before the 1st day of June, 2000] against such order—

(*a*) an order against the assessee, where the assessee denies his liability to be assessed under this Act [4][or an intimation under sub-section (*1*) or sub-section (*1B*) of section 143, where the assessee objects to the making of adjustments,] or any order of assessment under sub-section (*3*) of section 143 or section 144, where the assessee objects to the amount of income assessed, or to the amount of tax determined, or to the amount of loss computed, or to the status under which he is assessed;

(*b*) an order of assessment, reassessment or recomputation under section 147 or section 150;

(*c*) an order under section 154 or section 155 having the effect of enhancing the assessment or reducing a refund or an order refusing to allow the claim made by the assessee under either of the said sections;

(*d*) an order made under section 163 treating the assessee as the agent of a non-resident;

(*e*) an order under sub-section (*2*) or sub-section (*3*) of section 170;

(*f*) an order under section 171;

(*g*) any order under clause (*b*) of sub-section (*1*) or under sub-section (*2*) or sub-section (*3*) or sub-section (*5*) of section 185 [5]\*\*\* [6][in respect of any assessment for the assessment year commencing on or before the 1st day of April, 1992];

(*h*) an order cancelling the registration of a firm under sub-section (*1*) or under sub-section (*2*) of section 186 [5]\*\*\* [6][in respect of any assessment for the assessment year commencing on or before the 1st day of April, 1992];

(*i*) an order under section 201;

(*j*) an order under section 216 in respect of any assessment for the assessment year commencing on the 1st day of April, 1988 or any earlier assessment year;

(*k*) an order under section 237;

---

1. Subs. by Act 4 of 1988, s. 99, for the Sub-heading and section 246 (w.e.f. 1-4-1989).

2. The words "or applications" omitted by Act 3 of 1989, s. 42 (w.e.f. 1-4-1989).

3. Ins. by Act 10 of 2000, s. 65 (w.e.f. 1-6-2000).

4. Ins. by Act 32 of 1994, s. 46 (w.e.f. 1-6-1994).

5. The words, figures and letters "in respect of any assessment for the assessment year commencing on the 1st day of April, 1988 or any earlier assessment year" omitted by Act 3 of 1989, s. 43 (w.e.f. 1-4-1989).

6. Ins. by Act 18 of 1992, s. 83 (w.e.f. 1-4-1993).

(*l*) an order imposing a penalty under—

(*i*) section 221, or

(*ii*) section 271, section 271A, section 271B, [1][*** section 272A, section 272AA or section 272BB];

(*iii*) [2]*** section 272, section 272B or section 273, as they stood immediately before the 1st day of April, 1989, in respect of any assessment for the assessment year commencing on the 1st day of April, 1988 or any earlier assessment years.

[3][(*1A*) Notwithstanding anything contained in sub-section (*1*), every appeal filed, on or after the 1st day of October, 1998 but before the 1st day of June, 2000, before the Deputy Commissioner (Appeals) and any matter arising out of or connected with such appeal and which is so pending shall stand transferred to the Commissioner (Appeals) and the Commissioner (Appeals) may proceed with such appeal or matter from the stage at which it was on that day.]

(*2*) Notwithstanding anything contained in sub-section (*1*), any assessee aggrieved by any of the following orders (whether made before or after the appointed day) may appeal to the Commissioner (Appeals) [3][before the 1st day of June, 2000] against such order—

(*a*) [4][an intimation or order specified in sub-section (*1*) where such intimation is sent or such order] is made by the Deputy Commissioner in exercise of the powers or functions conferred on or assigned to him under section 120 or section 124;

(*b*) an order specified in clauses (*a*) to (*e*) (both inclusive) and clauses (*i*) to (*l*) (both inclusive) of sub-section (*1*) [5][or an order under section 104, as it stood immediately before the 1st day of April, 1988 in respect of any assessment for the assessment year commencing on the 1st day of April, 1987 or any earlier assessment year] made against the assessee, being a company;

(*c*) an order of assessment made after the 30th day of September, 1984, on the basis of the directions issued by the Deputy Commissioner under section 144A;

(*d*) an order made by the Deputy Commissioner under section 154;

[1][(*da*) an order of assessment made by an Assessing Officer under clause (*c*) of section 158BC, in respect of search initiated under section 132 or books of account, other documents or any assets requisitioned under section 132A, on or after the 1st day of January, 1997;

(*db*) an order imposing a penalty under sub-section (*2*) of section 158BFA;]

---

1. The words, figures and letters "section 271C, section 271D, section 271E,"omitted by Act 12 of 1990, s. 41 (w.e.f. 1-4-1990). Earlier "Section 271E,  Section 272A, Section 272AA or Section 272BB" were substituted for "Section 271E or Section 272A" by Act 3 of 1989, s. 43 (w.e.f. 1-4-1989).

2. The words, brackets and figures "sub-section (*1*) of section 271," omitted by Act 3 of 1989, s. 43 (w.e.f. 1-4-1989).

3. Ins. by Act 10 of 2000, s. 65 (w.e.f. 1-6-2000).

4. Subs. by Act 32 of 1994, s. 46, for "an order specified in sub-section (*1*) where such order" (w.e.f. 1-6-1994).

5. Ins. by Act 3 of 1989, s. 43 (w.e.f. 1-4-1989).

6. Ins. by Act 14 of 1997, s. 8 (w.e.f. 1-1-1997).

(*e*) an order imposing a penalty under section 271B [1][or section 271BB];

[2][(*ee*) an order made by a Deputy Commissioner imposing a penalty under section 271C, section 271D or section 271E;]

(*f*) an order made by a Deputy Commissioner or a Deputy Director imposing a penalty under section 272A;

[3][(*ff*) an order made by a Deputy Commissioner imposing a penalty under section 272AA;]

[4][(*g*) an order imposing a penalty under Chapter XXI by the Income-tax Officer or the Assistant Commissioner where such penalty has been imposed with the previous approval of the Deputy Commissioner under sub-section (*2*) of section 274;]

(*h*) an order made by an Assessing Officer (other than Deputy Commissioner) under the provisions of this Act in the case of such person or classes of persons as the Board may, having regard to the nature of the cases, the complexities involved and other relevant considerations, direct.

(*3*) Notwithstanding anything contained in sub-section (*1*), the Board or the [5][Principal Director General or Director General], or the [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner] if so authorised by the Board, may, by order in writing, transfer any appeal which is pending before a Deputy Commissioner (Appeals) and any matter arising out of or connected with such appeal and which is so pending, to the Commissioner (Appeals) if the Board or, as the case may be, the [5][Principal Director General or Director General] or [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner] (at the request of the appellant or otherwise) is satisfied that it is necessary or expedient so to do having regard to the nature of the case, the complexities involved and other relevant considerations and the Commissioner (Appeals) may proceed with such appeal or matter, from the stage at which it was before it was so transferred:

Provided that the appellant may demand that before proceeding further with the appeal or matter, the previous proceeding or any part thereof be re-opened or that he be reheard.

*Explanation.*—For the purposes of this section,—

(*a*) "appointed day" means the 10th day of July, 1978, being the day appointed under section 39 of the Finance (No. 2) Act, 1977 (29 of 1977);

(*b*) "status" means the category under which the assessee is assessed as "individual", "Hindu undivided family" and so on.]

---

1. Ins. by Act 12 of 1990, s. 50 (w.e.f. 1-4-1990).

2. Ins. by s. 41, *ibid.* (w.e.f. 1-4-1990).

3. Ins. by Act 3 of 1989, s. 43 (w.e.f. 1-4-1989).

4. Subs. by s. 43, *ibid.,* for clause (*g*) (w.e.f. 1-4-1989).

5. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.e.f. 1-6-2013).

6. Subs. by s. 4, *ibid.*, for "Chief Commissioner" (w.e.f. 1-6-2013).

7. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

[1][**246A. Appealable orders before Commissioner (Appeals).**—(*1*) [2][Any assessee or any deductor [3][or any collector] aggrieved] by any of the following orders (whether made before or after the appointed day) may appeal to the Commissioner (Appeals) against—

(*a*) [4][an order passed by a Joint Commissioner under clause (*ii*) of sub-section (*3*) of section 115VP or an order against the assessee] where the assessee denies his liability to be assessed under this Act or an intimation under sub-section (*1*) or sub-section (*1B*) of [5][section 143 or [6][sub-section (*1*) of section 200A or sub-section (*1*) of section 206CB, where the assessee or the deductor or the collector] objects] to the making of adjustments, or any order of assessment under sub-section (*3*) of section 143 [7][except an order passed in pursuance of directions of the Dispute Resolution Panel [8]*** [9][or an order referred to in sub-section (*12*) of section 144BA]] or section 144, to the income assessed, or to the amount of tax determined, or to the amount of loss computed, or to the status under which he is assessed;

[10][(*aa*) an order of assessment under sub-section (*3*) of section 115WE  or section 115WF, where the assessee, being an employer objects to the value of fringe benefits assessed;

(*ab*) an order of assessment or reassessment under section 115WG;

(*b*) an order of assessment, reassessment or recomputation under section 147 [7][except anorder passed in pursuance of directions of the Dispute Resolution Panel [8]*** [9][or an order referred to in sub-section (*12*) of section 144BA]] or section 150;

[11][(*ba*) an order of assessment or reassessment [12][under section 153A [7][except an order passed in pursuance of directions of the [13][Dispute Resolution Panel]] [8]*** [9][or an order referred to in sub-section (*12*) ofsection 144BA];]

[14][(*bb*) an order of assessment or reassessment under sub-section (*3*) of section 92CD;]

(*c*) an order made under section 154 or section 155 having the effect of enhancing the assessment or reducing a refund or an order refusing to allow the claim made by the assessee under either of the said sections [1]*** [9][except an order referred to in sub-section (*12*) of section 144BA];

---

1. Ins. by Act 21 of 1998, s. 49 (w.e.f. 1-10-1998).

2. Subs. by Act 23 of 2012, s. 94, for "Any assessee aggrieved" (w.e.f. 1-7-2012).

3. Ins. by Act 20 of 2015, s. 64, (w.e.f. 1-6-2015).

4. Subs. by Act 23 of 2004, s. 53, for "an order against the assessee" (w.e.f. 1-10-2004).

5. Subs. by Act 23 of 2012, s. 94, for "section 143, where the assessee objects" (w.e.f. 1-7-2012).

6. Subs. by Act 20 of 2015, s. 64, for "sub-section (*1*) of section 200A, where the assessee or the deductor" (w.e.f. 1-6-2015).

7. Subs. by Act 23 of 2012, s. 94, for "except an order passed in pursuance of directions of the Dispute Resolution Panel" (w.e.f. 1-4-2013).

8. The words, brackets, figures and letters "or an order referred to in sub-section (*12*) of section 144BA" omitted by Act 17 of 2013, s. 55 (w.e.f. 1-4-2013).

9. Ins. by s. 55, *ibid*. (w.e.f. 1-4-2016).

10. Ins. by Act 18 of 2005, s. 57 (w.e.f. 1-4-2006).

11. Ins. by Act 32 of 2003, s. 93 (w.e.f. 1-6-2003).

12. Subs. by Act 23 of 2012, s. 94, for "under section 153A" (w.r.e.f. 1-10-2009).

13. Subs. by s. 94, *ibid*., for "Dispute Resolution Panel" (w.e.f. 1-4-2013).

14. Ins. by s. 94, *ibid*. (w.e.f. 1-7-2012).

15. The words, brackets, figures and letters "except where it is in respect of an order as referred to in sub-section (*12*) of section 144BA" omitted by Act 17 of 2013, s. 55 (w.e.f. 1-4-2013).

(*d*) an order made under section 163 treating the assessee as the agent of a non-resident;

(*e*) an order made under sub-section (*2*) or sub-section (*3*) of section 170;

(*f*) an order made under section 171;

(*g*) an order made under clause (*b*) of sub-section (*1*) or under sub-section (*2*) or sub-section (*3*) or sub-section (*5*) of section 185 in respect of an assessment for the assessment year commencing on or before the 1st day of April, 1992;

(*h*) an order cancelling the registration of a firm under sub-section (*1*) or under sub-section (*2*) of section 186 in respect of any assessment for the assessment year commencing on or before the 1st day of April, 1992 or any earlier assessment year;

[1][(*ha*) an order made under section 201;]

[2][(*hb*) an order made under sub-section (*6A*) of section 206C;]

(*i*) an order made under section 237;

(*j*) an order imposing a penalty under—

   (*A*) section 221; or

   (*B*)   section271, section   271A, [2][section   271AAA,]   [3][section   271AAB,] [4][section 271F, section 271FB,] section 272AA or section 272BB;

   (*C*) section 272, section 272B or section 273, as they stood immediately before the 1st day of April, 1989, in respect of an assessment for the assessment year commencing on the 1st day of April, 1988, or any earlier assessment years;

[5][(*ja*) an order of imposing or enhancing penalty under sub-section (*1A*) of section 275;]

 (*k*) an order of assessment made by an Assessing Officer under clause (*c*) of section 158BC, in respect of search initiated under section 132 or books of account, other documents or any assets requisitioned under section 132A on or after the 1st day of January, 1997;

(*l*) an order imposing a penalty under sub-section (*2*) of section 158BFA;

(*m*) an order imposing a penalty under section 271B or section 271BB;

(*n*) an order made by a Deputy Commissioner imposing a penalty under [1][section 271C, section 271CA,] section 271D or section 271E;

---

1. Ins. by Act 10 of 2000, s. 66 (w.e.f. 1-6-2000).
2. Ins. by Act 22 of 2007, s. 71 (w.e.f. 1-6-2007).
3. Ins. by Act 23 of 2012, s. 94 (w.e.f. 1-7-2012).
4. Subs. by Act 18 of 2005, s. 57, for "Section 271F" (w.e.f. 1-4-2006).
5. Ins. by Act 29 of 2006, s. 17 (w.e.f. 13-7-2006).
6. Subs. by Act 21 of 2006, s. 51, for "section 271C" (w.e.f. 1-4-2007).

(*o*) an order made by a Deputy Commissioner or a Deputy Director imposing a penalty under section 272A;

(*p*) an order made by a Deputy Commissioner imposing a penalty under section 272AA;

(*q*) an order imposing a penalty under Chapter XXI;

(*r*) an order made by an Assessing Officer other than a Deputy Commissioner under the provisions of this Act in the case of such person or class of persons, as the Board may, having regard to the nature of the cases, the complexities involved and other relevant considerations, direct.

*Explanation.*—For the purposes of this sub-section, where on or after the 1st day of October, 1998, the post of Deputy Commissioner has been redesignated as Joint Commissioner and the post of Deputy Director has been redesignated as Joint Director, the references in this sub-section for "Deputy Commissioner" and "Deputy Director" shall be substituted by "Joint Commissioner" and "Joint Director" respectively.

[1][(*1A*) Every appeal filed by an assessee in default against an order under section 201 on or after the 1st day of October, 1998 but before the 1st day of June, 2000 shall be deemed to have been filed under this section.]

[2][(*1B*) Every appeal filed by an assessee in default against an order under sub-section (*6A*) of section 206C on or after the 1st day of April, 2007 but before the 1st day of June, 2007 shall be deemed to have been filed under this section.]

(*2*) Notwithstanding anything contained in sub-section (*1*) of section 246, every appeal under this Act which is pending immediately before the appointed day, before the Deputy Commissioner (Appeals) and any matter arising out of or connected with such appeals and which is so pending shall stand transferred on that date to the Commissioner (Appeals) and the Commissioner (Appeals) may proceed with such appeal or matter from the stage at which it was on that day :

Provided that the appellant may demand that before proceeding further with the appeal or matter, the previous proceeding or any part thereof be reopened or that he be re-heard.

*Explanation.*—For the purposes of this section, "appointed day" means the day appointed by the Central Government by notification in the Official Gazette.]

**247.** [**Appeal by partner].**—*Omitted by the Finance Act,* 1992 (18 *of* 1992)*, s.* 84 (*w.e.f.* 1-4-1993).

[3][**248. Appeal by a person denying liability to deduct tax in certain cases.**—Where under an agreement or other arrangement, the tax deductible on any income, other than interest, under section 195 is to be borne by the person by whom the income is payable, and such person having paid such tax to the credit of the Central Government, claims that no tax was required to be deducted on such income, he may appeal to the Commissioner (Appeals) for a declaration that no tax was deductible on such income.]

**249. Form of appeal and limitation.** (*1*) Every appeal under this Chapter shall be in the prescribed form and shall be verified in the prescribed manner [4][and shall, in case of an appeal made to the Commissioner (Appeals) on or after the 1st day of October, 1998, irrespective of the date of initiation of the assessment proceedings relating thereto be accompanied by a fee of,—

(*i*) where the total income of the assessee as computed by the Assessing Officer in the case to which the appeal relates is one hundred thousand rupees or less, two hundred fifty rupees;

---

1. Ins. by Act 10 of 2000, s. 66 (w.e.f. 1-6-2000).
2. Ins. by Act 22 of 2007, s. 71 (w.e.f. 1-6-2007).
3. Subs. by s. 72, *ibid.,* for section 248 (w.e.f. 1-6-2007). Earlier it was substituted by Act 29 of 1977, s. 39 and the fifth Schedule (w.e.f. 10-7-1978).
4. Ins. by Act 21 of 1998, s. 50 (w.e.f. 1-10-1998).

(*ii*) where the total income of the assessee, computed as aforesaid, in the case to which the appeal relates is more than one hundred thousand rupees but not more than two hundred thousand rupees, five hundred rupees;

(*iii*) where the total income of the assessee, computed as aforesaid, in the case to which the appeal relates is more than two hundred thousand rupees, one thousand rupees;]

[1][(*iv*) where the subject matter of an appeal is not covered under clauses (*i*), (*ii*) and (*iii*), two hundred fifty rupees.]

(*2*) The appeal shall be presented within thirty days of the following date, that is to say,—

[2][(*a*) where the appeal is under section 248, the date of payment of the tax, or]

[3][(*b*) where the appeal relates to any assessment or penalty, the date of service of the notice of demand relating to the assessment or penalty:

Provided that, where an application has been made under section 146 for reopening an assessment, the period from the date on which the application is made to the date on which the order passed on the application is served on the assessee shall be [4][excluded :]]

[5][Provided further that where an application has been made under sub-section (*1*) of section 270AA, the period beginning from the date on which the application is made, to the date on which the order rejecting the application is served on the assessee, shall be excluded or:]

(*c*) in any other case, the date on which intimation of the order sought to be appealed against is served.

[6][(*2A*) Notwithstanding anything contained in sub-section (*2*), where an order has been made under section 201 on or after the 1st day of October, 1998 but before the 1st day of June, 2000 and the assessee in default has not presented any appeal within the time specified in that sub-section, he may present such appeal before the 1st day of July, 2000.]

(*3*) The [7][*** Commissioner (Appeals)] may admit an appeal after the expiration of the said period if he is satisfied that the appellant had sufficient cause for not presenting it within that period.

[1][(*4*) No appeal under this Chapter shall be admitted unless at the time of filing of the appeal,—

(*a*) where a return has been filed by the assessee, the assessee has paid the tax due on the income returned by him; or

---

1. Ins. by Act 27 of 1999, s. 83 (w.e.f. 1-6-1999).
2. Subs. by Act 22 of 2007, s. 73, for clause (*a*) (w.e.f. 1-6-2007).
3. Subs. by Act 41 of 1975, s. 59, for clause (*b*) (w.e.f. 1-10-1975).
4. Subs. by Act 28 of 2016, s. 93, for "excluded, or" (w.e.f. 1-4-2017).
5. The proviso inserted by s. 93, *ibid*. (w.e.f. 1-4-2017).
6. Ins. by Act 10 of 2000, s. 67 (w.e.f. 1-6-2000).
7. The words and brackets "Deputy Commissioner (Appeals) or, as the case may be, the" omitted by Act 21 of 1998, s. 50 (w.e.f. 1-10-1998). Earlier "Deputy Commissioner (Appeals)" was substituted for "Appellate Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-198) and the words and brackets "or, as the case may be, the Commissioner (Appeals)" were inserted by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
8. Ins. by Act 41 of 1975, s. 59 (w.e.f. 1-10-1975).

(*b*) where no return has been filed by the assessee, the assessee has paid an amount equal to the amount of advance tax which was payable by him:

Provided that, [1][in a case falling under clause (*b*) and] on an application made by the appellant in this behalf, the [2][*** Commissioner (Appeals)] may, for any good and sufficient reason to be recorded in writing, exempt him from the operation of the provisions of [3][that clause].]

**250. Procedure in appeal.**—(*1*) The [4][*** Commissioner (Appeals)] shall fix a day and place for the hearing of the appeal, and shall give notice of the same to the appellant and to the [5][Assessing Officer] against whose order the appeal is preferred.

(*2*) The following shall have the right to be heard at the hearing of the appeal—

(*a*) the appellant, either in person or by an authorised representative;

(*b*) the [5][Assessing Officer,] either in person or by a representative.

(*3*) The [4][*** Commissioner (Appeals)] shall have the power to adjourn the hearing of the appeal from time to time.

(*4*) The [4][*** Commissioner (Appeals)] may, before disposing of any appeal, make such further inquiry as he thinks fit, or may direct the [5][Assessing Officer] to make further inquiry and report the result of the same to the [4][*** Commissioner (Appeals)].

(*5*) The [4][*** Commissioner (Appeals)] may, at the hearing of an appeal, allow the appellant to go into any ground of appeal not specified in the grounds of appeal, if the [4][*** Commissioner (Appeals)] is satisfied that the omission of that ground from the form of appeal was not wilful or unreasonable.

(*6*) The order of the [4][*** Commissioner (Appeals)] disposing of the appeal shall be in writing and shall state the points for determination, the decision thereon and the reason for the decision.

[6][(*6A*) In every appeal, the [4][*** Commissioner (Appeals)], where it is possible, may hear and decide such appeal within a period of one year from the end of the financial year in which such appeal is filed before him under sub-section (*1*) of section 246A.]

(*7*) On the disposal of the appeal, the [4][*** Commissioner (Appeals)] shall communicate the order passed by him to the assessee and to the [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner]].

1. Ins. by Act 3 of 1989, s. 45 (w.e.f. 1-4-1989).
2. The words and brackets "Deputy Commissioner (Appeals) or, as the case may be, the" omitted by Act 21 of 1998, s. 50 (w.e.f. 1-10-1998). Earlier "Deputy Commissioner (Appeals)" was substituted for "Appellate Assistant Commissioner" by   Act 4 of 1988, s. 2 (w.e.f. 1-4-198) and the words and brackets "or, as the case may be, the Commissioner (Appeals)" were inserted by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
3. Subs. by Act 3 of 1989, s. 45, for "this sub-section" (w.e.f. 1-4-1989).
4. The words and brackets "Deputy Commissioner (Appeals) or, as the case may be, the" omitted by Act 21 of 1998, s. 65 (w.e.f.1-10-1998). Earlier "Deputy Commissioner (Appeals)" was substituted for "Appellate Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-198) and the words and brackets "or, as the case may be, the Commissioner (Appeals)" were inserted by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
5. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
6. Ins. by Act 27 of 1999, s. 84 (w.e.f. 1-6-1999).
7. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
8. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.e.f. 1-6-2013).
9. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

**251. Powers of the** [1][\*\*\* **Commissioner (Appeals)].**—(*1*) In disposing of an appeal, the [1][\*\*\* Commissioner (Appeals)] shall have the following powers—

    (*a*) in an appeal against an order of assessment, he may confirm, reduce, enhance or annul the assessment[2]\*\*\*;

    [3][(*aa*) in an appeal against the order of assessment in respect of which the proceeding before the Settlement Commission abates under section 245HA, he may, after taking into consideration all the material and other information produced by the assessee before, or the results of the inquiry held or evidence recorded by, the Settlement Commission, in the course of the proceeding before it and such other material as may be brought on his record, confirm, reduce, enhance or annul the assessment;]

    (*b*) in an appeal against an order imposing a penalty, he may confirm or cancel such order or vary it so as either to enhance or to reduce the penalty;

    (*c*) in any other case, he may pass such orders in the appeal as he thinks fit.

(*2*) The [1][\*\*\* Commissioner (Appeals)] shall not enhance an assessment or a penalty or reduce the amount of refund unless the appellant has had a reasonable opportunity of showing cause against such enhancement or reduction.

*Explanation*.—In disposing of an appeal, the [1][\*\*\* Commissioner (Appeals)] may consider and decide any matter arising out of the proceedings in which the order appealed against was passed, notwithstanding that such matter was not raised before the [1][\*\*\* Commissioner (Appeals)] by the appellant.

*B.—Appeals to the Appellate Tribunal*

**252. Appellate Tribunal.**—(*1*) The Central Government shall constitute an Appellate Tribunal consisting of as many judicial and accountant members as it thinks fit to exercise the powers and discharge the functions conferred on the Appellate Tribunal by this Act.

[4][(2) A judicial member shall be a person who has for at least ten years held a judicial office in the territory of India or who has been a member of the [5][Indian Legal Service] and has held a post in [6][Grade II] of that Service or any equivalent or higher post for at least three years or who has been an advocate for at least ten years.

*Explanation*.—For the purposes of this sub-section,—

    (*i*) in computing the period during which a person has held judicial office in the territory of India, there shall be included any period, after he has held any judicial office, during which the person has been an advocate or has held the office of a member of a Tribunal or any post, under the Union or a State, requiring special knowledge of law;

---

1. The words and brackets "Deputy Commissioner (Appeals) or, as the case may be, the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998). Earlier "Deputy Commissioner (Appeals)" was substituted for "Appellate Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-198) and the words and brackets "or, as the case may be, the Commissioner (Appeals)" were inserted by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).

2. The certain words omitted by Act 14 of 2001, s. 83 (w.e.f. 1-6-2001).

3. Ins. by Act 18 of 2008, s. 49 (w.e.f. 1-4-2008).

4. Subs. by Act 16 of 1981, s. 18, for sub-section (2) (w.e.f. 1-4-1981).

5. Subs. by Act 21 of 1998, s. 51, for "Central Legal Service" (w.e.f. 1-8-1998).

6. Subs. by s. 51, *ibid*., for "Grade I" (w.e.f. 1-8-1998).

(*ii*) in computing the period during which a person has been an advocate, there shall be included any period during which the person has held judicial office or the office of a member of a Tribunal or any post, under the Union or a State, requiring special knowledge of law after he became an advocate.

(*2A*) An accountant member shall be a person who has for at least ten years been in the practice of accountancy as a chartered accountant under the Chartered Accountants Act, 1949 (38 of 1949), or as a registered accountant under any law formerly in force or partly as a registered accountant and partly as a chartered accountant, or who has been a member of the Indian Income-tax Service, Group A and has held the post of [1][Additional Commissioner of Income-tax] or any equivalent or higher post for at least three years.]

[2][(*3*) The Central Government shall appoint—

(*a*) a person who is a sitting or retired Judge of a High Court and who has completed not less than seven years of service as a Judge in a High Court; or

(*b*) [3]*** one of the Vice-Presidents of the Appellate Tribunal,

to be the President thereof.]

[4][(*4*) The Central Government may appoint one or more members of the Appellate Tribunal to be the Vice-President or, as the case may be, Vice-Presidents thereof.

[5]*           *           *           *           *

(*5*) [6][The [7]*** Vice-President] shall exercise such of the powers and perform such of the functions of the President as may be delegated to him by the President by a general or special order in writing.]

[8][**252A. Qualifications, terms and conditions of service of President, Vice-President and Member.**—Notwithstanding anything contained in this Act, the qualifications, appointment, term of office, salaries and allowances, resignation, removal and the other terms and conditions of service of the President, Vice-President and other Members of the Appellate Tribunal appointed after the commencement of Part XIV of Chapter VI of the Finance Act, 2017, shall be governed by the provisions of section 184 of that Act:

Provided that the President, Vice-President and Member appointed before the commencement of Part XIV of Chapter VI of the Finance Act, 2017, shall continue to be governed by the provisions of this Act, and the rules made thereunder as if the provisions of section 184 of the Finance Act, 2017 (7 of 2017) had not come into force.]

---

1. Subs. by Act 21 of 1998, s. 51, for "Commissioner of Income-tax" (w.e.f. 1-8-1998).

2. Subs. by Act 17 of 2013, s. 56, for sub-section (*3*) (w.e.f. 1-6-2013).

3. The words "the Senior Vice-President or" omitted by Act 28 of 2016, s. 94 (w.e.f. 1-6-2016).

4. Ins. by Act 16 of 1972, s. 40 (w.e.f. 1-4-1972).

5. Sub-section (*4A*) omitted by Act 28 of 2016, s. 94 (w.e.f. 1-6-2016). Which was inserted by Act 21 of 1984, s. 24 (w.e.f.1-4-1984).

6. Subs. by Act 21 of 1984, s. 24, for "A Vice-President" (w.e.f. 1-4-1984).

7. The words "Senior Vice-President or a" omitted by Act 28 of 2016, s. 94 (w.e.f. 1-6-2016).

8. Section 252A shall stand inserted by Act 7 of 2017, s. 174.

**253. Appeals to the Appellate Tribunal.**—(*1*) Any assessee aggrieved by any of the following orders may appeal to the Appellate Tribunal against such order—

(*a*) an order passed by [1][an [2][Deputy Commissioner (Appeals)] [3][before the 1st day of October, 1998] or, as the case may be, a Commissioner (Appeals)] under [4]\*\*\* [5][section 154], [6]\*\*\* section 250, [7][section 270A] [8][, section 271, section 271A or section 272A]; or

[9][(*b*) an order passed by an Assessing Officer under clause (*c*) of section 158BC, in respect of search initiated under section 132 or books of account, other documents or any assets requisitioned under section 132A, after the 30th day of June, 1995, but before the 1st day of January, 1997; or]

[10][(*ba*) an order passed by an Assessing Officer under sub-section (*1*) of section 115VZC; or]

(*c*) [11][an order passed by a [12][Principal Commissioner or Commissioner] [13][under section 12AA or under clause (*vi*) of sub-section (*5*) of section 80G] or under section 263] [7][or under section 270A] [14][or under section 271] [15][or under section 272A] [5][16]\*\*\* or an order passed by him under section 154 amending his order under section 263] [17][or an order passed by a [18][Principal Chief Commissioner or Chief Commissioner] or a [19][Principal Director General or Director General] or a [20][21][Principal Director or Director] under section 272A]; or]

[22][(*d*) an order passed by an Assessing Officer under sub-section (*3*), of section 143 or [23][section 147 or section 153A or section 153C] in pursuance of the directions of the Dispute Resolution Panel or an order passed under section 154 in respect of such order;]

[24][(*e*) an order passed by an Assessing Officer under sub-section (*3*) of section 143 or section 147 or section 153A or section 153C with the approval of the [12][Principal Commissioner or Commissioner] as referred to in sub-section (*12*) of section 144BA or an order passed under section 154 or section 155 in respect of such order;]

[1][(*f*) an order passed by the prescribed authority under [2][sub-clause (*iv*) or sub-clause (*v*) or] sub-clause (*vi*) or sub-clause (*via*) of clause (23C) of section 10.]

---

1. Subs. by Act 29 of 1977, s. 39 and the Fifth Schedule, for "an Appellate Assistant Commissioner" (w.e.f. 10-7-1978).

2. Subs. by Act 4 of 1988, s. 2, for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).

3. Ins. by Act 21 of 1998, s. 52 (w.e.f. 1-10-1998).

4. The words, brackets and figures "sub-section (2) of section 131" omitted by Act 3 of 1989, s. 46 (w.e.f. 1-4-1989).

5. Ins. by Act 31 of 1964, s. 12 (w.e.f. 6-10-1964).

6. The word, figures and letters "section 246A," omitted by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989). Earlier the quoted expression portion inserted byAct 4 of 1988, s. 126 (w.e.f. 1-4-1989).

7. Ins. by Act 28 of 2016, s. 95 (w.e.f. 1-4-2017).

8. Subs. by Act 41 of 1975, s. 60, for "or section 271" (w.e.f. 1-4-1976).

9. Subs. by Act 14 of 1997, s. 9, for clause (*b*) (w.e.f. 1-1-1997). Earlier the clause (*b*) was inserted by Act 22 of 1995, s. 45 (w.e.f. 1-7-1995).

10. Ins. by Act 23 of 2004, s. 54 (w.e.f. 1-10-2004).

11. Subs. by Act 27 of 1999, s. 85, for "an order passed by a Commissioner under section 263" (w.e.f. 1-6-1999).

12. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).

13. Subs. by Act 22 of 2007, s. 74, for "under section 12AA" (w.e.f. 1-6-2007).

14. Ins. by Act 20 of 2002, s. 98 (w.e.f. 1-6-2002).

15. Ins. by Act 41 of 1975, s. 60 (w.e.f. 1-4-1976).

16. The words "or under section 285A" omitted by Act 26 of 1988, s. 54 (w.e.f. 1-4-1988).

17. Ins. by Act 3 of 1989, s. 46 (w.e.f. 1-4-1989).

18. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).

19. Subs. by s. 4, *ibid.*,for "Director General" (w.r.e.f. 1-6-2013).

20. Subs. by Act 33 of 2009, s. 73, for "Director under section 272A." (w.e.f. 1-10-2009).

21. Subs. by Act 25 of 2014, s. 4, for "Director" (w.r.e.f. 1-6-2013).

22. Ins. by Act 33 of 2009, s. 73 (w.e.f. 1-10-2009).

23. Subs. by Act 23 of 2012, s. 95, for "section 147" (w.e.f. 1-10-2009).

24. Ins. by Act 17 of 2013, s. 57 (w.e.f. 1-4-2016). Earlier clause (*e*) was omitted by Act 17 of 2013, s. 57 (w.e.f. 1-4-2016) which was inserted by Act 23 of 2012, s. 95 (w.e.f. 1-4-2013).

25. Ins. by Act 20 of 2015, s. 65 (w.e.f. 1-6-2015).

26. Ins. by Act 7 of 2017, s. 83 (w.e.f. 1-4-2017).

(*2*) The [1][Principal Commissioner or Commissioner] may, if he objects to any order passed by [2][an [3][Deputy Commissioner (Appeals)][4]before the 1st day of October, 1998] or, as the case may be, a Commissioner (Appeals)] under [5][section 154 or] section 250, direct the [6][Assessing Officer] to appeal to the Appellate Tribunal against the order.

[7]*           *           *           *           *

(*3*) Every appeal under sub-section (*1*) or sub-section (*2*) shall be filed within sixty days of the date on which the order sought to be appealed against is communicated to the assessee or to the [1][Principal Commissioner or Commissioner], as the case may be:

[8][Provided that in respect of any appeal under clause (*b*) of sub-section (*1*), this sub-section shall have effect as if for the words "sixty days", the words "thirty days" had been substituted.]

[9]*           *           *           *           *

[10][(*4*) The Assessing Officer or the assessee, as the case may be, on receipt of notice that an appeal against the order of the Commissioner (Appeals), has been preferred under sub-section (*1*) or sub-section (*2*) by the other party, may, notwithstanding that he may not have appealed against such order or any part thereof, within thirty days of the receipt of the notice, file a memorandum of cross-objections, verified in the prescribed manner, against any part of the order of the Commissioner (Appeals), and such memorandum shall be disposed of by the Appellate Tribunal as if it were an appeal presented within the time specified in sub-section (*3*).]

(*5*) The Appellate Tribunal may admit an appeal or permit the filing of a memorandum of cross-objections after the expiry of the relevant period referred to in sub-section (*3*) or sub-section (*4*), if it is satisfied that there was sufficient cause for not presenting it within that period.

[11][(*6*) An appeal to the Appellate Tribunal shall be in the prescribed form and shall be verified in the prescribed manner and shall, in the case of an appeal made, on or after the 1st day of October, 1998, irrespective of the date of initiation of the assessment proceedings relating thereto, be accompanied by a fee of,—

(*a*) where the total income of the assessee as computed by the Assessing Officer, in the case to which the appeal relates, is one hundred thousand rupees or less, five hundred rupees,

(*b*) where the total income of the assessee, computed as aforesaid, in the case to which the appeal relates is more than one hundred thousand rupees but not more than two hundred thousand rupees, one thousand five hundred rupees,

(*c*) where the total income of the assessee, computed as aforesaid, in the case to which the appeal relates is more than two hundred thousand rupees, one per cent of the assessed income, subject to a maximum of ten thousand rupees,

[1][(*d*) where the subject matter of an appeal relates to any matter, other than those specified in clauses (*a*), (*b*) and (*c*), five hundred rupees:]

[2][Provided that no fee shall be payable in the case of an appeal referred to in sub-section (*2*), or, sub-section (*2A*) as it stood before its amendment by the Finance Act, 2016, or, a memorandum of cross objections referred to in sub-section (*4*).]

(*7*) An application for stay of demand shall be accompanied by a fee of five hundred rupees.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).
2. Subs. by Act 29 of 1977, s. 39 and the Fifth Schedule, for "an Appellate Assistant Commissioner" (w.e.f. 10-7-1978).
3. Subs. by Act 4 of 1988, s. 2, for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).
4. Ins. by Act 21 of 1998, s. 52 (w.e.f. 1-10-1998).
5. Ins. by Act 31 of 1964, s. 12 (w.e.f. 6-10-1964).
6. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
7. Sub-section (*2A*) omitted by Act 28 of 2016, s. 95 (w.e.f. 1-6-2016).
8. Ins. by Act 22 of 1995, s. 45 (w.e.f. 1-7-1995).
9. Sub-section (*3A*) omitted by Act 28 of 2016, s. 95 (w.e.f. 1-6-2016).
10. Subs. by s. 95, *ibid.*, for sub-section (*4*) (w.e.f. 1-6-2016).
11. Subs. by Act 21 of 1998, s. 52, for sub-section (*6*) (w.e.f. 1-10-1998).
12. Ins. by Act 27 of 1999, s. 85 (w.e.f. 1-6-1999).
13. Subs. by Act 28 of 2016, s. 95, for the proviso (w.r.e.f. 1-7-2012).

**254. Orders of Appellate Tribunal.**—(*1*) The Appellate Tribunal may, after giving both the parties to the appeal an opportunity of being heard, pass such orders thereon as it thinks fit.

[1]*          *          *          *          *

(*2*) The Appellate Tribunal may, at any time within[2][six months from the end of the month in which the order was passed], with a view to rectifying any mistake apparent from the record, amend any order passed by it under sub-section (*1*), and shall make such amendment if the mistake is brought to its notice by the assessee or the [3][Assessing Officer]:

Provided that an amendment which has the effect of enhancing an assessment or reducing a refund or otherwise increasing the liability of the assessee, shall not be made under this sub-section unless the Appellate Tribunal has given notice to the assessee of its intention to do so and has allowed the assessee a reasonable opportunity of being heard:

[4][Provided further that any application filed by the assessee in this sub-section on or after the 1st day of October, 1998, shall be accompanied by a fee of fifty rupees.]

[5][(*2A*) In every appeal, the Appellate Tribunal, where it is possible, may hear and decide such appeal within a period of four years from the end of the financial year in which such appeal is filed under sub-section (*1*) [6][or sub-section (*2*)] [7]*** of section 253:

[8][Provided that the Appellate Tribunal may, after considering the merits of the application made by the assessee, pass an order of stay in any proceedings relating to an appeal filed under sub-section (*1*) of section 253, for a period not exceeding one hundred and eighty days from the date of such order and the Appellate Tribunal shall dispose of the appeal within the said period of stay specified in that order:

Provided further that where such appeal is not so disposed of within the said period of stay as specified in the order of stay, the Appellate Tribunal may, on an application made in this behalf by the assessee and on being satisfied that the delay in disposing of the appeal is not attributable to the assessee, extend the period of stay, or pass an order of stay for a further period or periods as it thinks fit; so, however, that the aggregate of the period originally allowed and the period or periods so extended or allowed shall not, in any case, exceed three hundred and sixty-five days and the Appellate Tribunal shall dispose of the appeal within the period or periods of stay so extended or allowed:

[1][Provided also that if such appeal is not so disposed of within the period allowed under the first proviso or the period or periods extended or allowed under the second proviso, which shall not, in any case, exceed three hundred and sixty-five days, the order of stay shall stand vacated after the expiry of such period or periods, even if the delay in disposing of the appeal is not attributable to the assessee.]]

---

1. Sub-section (*1A*) omitted by Act 45 of 1972, s. 3 (w.e.f. 1-1-1973).

2. Subs. by Act 28 of 2016, s. 96, for "four years from the date of the order" (w.e.f. 1-6-2016).

3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

4. Ins. by Act 21 of 1998, s. 53 (w.e.f. 1-10-1998).

5. Ins. by Act 27 of 1999, s. 86 (w.e.f. 1-6-1999).

6. Ins. by Act 10 of 2000, s. 68 (w.e.f. 1-6-2000).

7. The words, brackets, figure and letter "or sub-section (*2A*)" omitted by Act 28 of 2016, s. 96 (w.e.f. 1-6-2016).

8. Subs. by Act 22 of 2007, s. 75, for the provisos (w.e.f. 1-6-2007).

9. Subs. by Act 18 of 2008, s. 50, for the third proviso (w.e.f. 1-10-2008).

(*2B*) The cost of any appeal to the Appellate Tribunal shall be at the discretion of that Tribunal.]

(*3*) The Appellate Tribunal shall send a copy of any orders passed under this section to the assessee and to the [1][2*** [3][Principal Commissioner or Commissioner]].

(*4*) *[Save as provided in section 256 or section 260A], orders passed by the Appellate Tribunal on appeal shall be final.

**255. Procedure of Appellate Tribunal.**—(*1*) The powers and functions of the Appellate Tribunal may be exercised and discharged by Benches constituted by the President of the Appellate Tribunal from among the members thereof.

(*2*) Subject to the provisions contained in sub-section (*3*), a Bench shall consist of one judicial member and one accountant member.

(*3*) The President or any other member of the Appellate Tribunal authorised in this behalf by the Central Government may, sitting singly, dispose of any case which has been allotted to the Bench of which he is a member and which pertains to an assessee whose total income as computed by the [4][Assessing Officer] in the case does not exceed [5][fifty lakh rupees], and the President may, for the disposal of any particular case, constitute a Special Bench consisting of three or more members, one of whom shall necessarily be a judicial member and one an accountant member.

(*4*) If the members of a Bench differ in opinion on any point, the point shall be decided according to the opinion of the majority, if there is a majority, but if the members are equally divided, they shall state the point or points on which they differ, and the case shall be referred by the President of the Appellate Tribunal for hearing on such point or points by one or more of the other members of the Appellate Tribunal, and such point or points shall be decided according to the opinion of the majority of the members of the Appellate Tribunal who have heard the case, including those who first heard it.

(*5*) Subject to the provisions of this Act, the Appellate Tribunal shall have power to regulate its own procedure and the procedure of Benches thereof in all matters arising out of the exercise of its powers or of the discharge of its functions, including the places at which the Benches shall hold their sittings.

(*6*) The Appellate Tribunal shall, for the purpose of discharging its functions, have all the powers which are vested in the income-tax authorities referred to in section 131, and any proceeding before the Appellate Tribunal shall be deemed to be a judicial proceeding within the meaning of sections 193 and 228 and for the purpose of section 196 of the Indian Penal Code (45 of 1860), and the Appellate Tribunal shall be deemed to be a civil court for all the purposes of section 195 and Chapter XXXV of the Code of Criminal Procedure, 1898 (5 of 1898).

---

1. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).

2. The words "Chief Commissioner or" omitted by Act 49 of 1991, s. 67 (w.e.f. 27-9-1991).

3. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

* The words, figures and letter shall stand substituted (date to be notified) by Act 49 of 2005, s. 30 and the Schedule to read as "Save as provided in the National Tax Tribunal Act, 2005" (This amendment has been struck down by the Supreme Court's Order dated 25th September, 2014 in the Madras Bar Association Vs. Union of India.) Earlier "section 256 or section 260A" was substituted for "section 256" by Act 27 of 1999, s. 86 (w.e.f. 1-6-1999).

5. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

6. Subs. by Act 28 of 2016, s. 97, for "fifteen lakh rupees" (w.e.f. 1-6-2016).

*[C. Reference to High Court

**256. Statement of case to the High Court.**—(*1*) The assessee or the [1][Principal Commissioner or Commissioner]  may, within sixty days of the date upon which he is served with notice of [2][an order passed before the 1st day of October, 1998, under section 254], by application in the prescribed form, accompanied where the application is made by the assessee by a fee of [3][two hundred rupees], require the Appellate Tribunal to refer to the High Court any question of law arising out of such order and, subject to the other provisions contained in this section, the Appellate Tribunal shall, within one hundred and twenty days of the receipt of such application, draw up a statement of the case and refer it to the High Court :

Provided that the Appellate Tribunal may, if it is satisfied that the applicant was prevented by sufficient cause from presenting the application within the period hereinbefore specified, allow it to be presented within a further period not exceeding thirty days.

(*2*) If, on an application made under sub-section (*1*), the Appellate Tribunal refuses to state the case on the ground that no question of law arises, the assessee or the [1][Principal Commissioner or Commissioner], as the case may be, may, within six months from the date on which he is served with notice of such refusal, apply to the High Court, and the High Court may, if it is not satisfied with the correctness of the decision of the Appellate Tribunal, require the Appellate Tribunal to state the case and to refer it, and on receipt of any such requisition, the Appellate Tribunal shall state the case and refer it accordingly.

[4][(*2A*) The High Court may admit an application after the expiry of the period of six months referred to in sub-section (*2*), if it is satisfied that there was sufficient cause for not filing the same within that period.]

(*3*) Where in the exercise of its powers under sub-section (*2*), the Appellate Tribunal refuses to state a case which it has been required by the assessee to state, the assessee may, within thirty days from the date on which he receives notice of such refusal, withdraw his application, and, if he does so, the fee paid shall be refunded.]

**257. Statement of case to Supreme Court in certain cases.**—If, on [5][an application made against an order made under section 254 before the 1st day of October, 1998, under section 256] the Appellate Tribunal is of the opinion that, on account of a conflict in the decisions of High Courts in respect of any particular question of law, it is expedient that a reference be made direct to the Supreme Court, the Appellate Tribunal may draw up a statement of the case and refer it through its President direct to the Supreme Court.

**\*[258. Power of High Court or Supreme Court to require statement to be amended.**—If the High Court or the Supreme Court is not satisfied that the statements in a case referred to it are sufficient to enable it to determine the questions raised thereby, the Court may refer the case back to the Appellate Tribunal for the purpose of making such additions thereto or alterations therein as it may direct in that behalf.]

**259. Case before High Court to be heard by not less than two judges.**—(*1*) When any case has been referred to the High Court under section 256, it shall be heard by a Bench of not less than two Judges of the High Court, and shall be decided in accordance with the opinion of such judges or of the majority, if any, of such judges.

(*2*) Where there is no such majority, the judges shall state the point of law upon which they differ, and the case shall then be heard upon that point only by one or more of the other judges of the High Court, and such point shall be decided according to the opinion of the majority of the judges who have heard the case including those who first heard it.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-4-2013).
2. Subs. by Act 21 of 1998, s. 55, for "and order under section 254" (w.e.f. 1-10-1998).
3. Subs. by Act 16 of 1981, s. 20, for "one hundred and twenty-five rupees" (w.e.f. 1-6-1981).
4. Ins. by Act 14 of 2010, s. 48 (w.e.f. 1-6-2010).
   *Sub-heading "*C. Reference to High Court*" and section 256 shall stand omitted (date to be notified) by Act 49 of 2005, s. 30 and the Schedule.
   *Section 258 shall stand omitted (date to be notified) by s. 30 and the Schedule, *ibid.*
5. Subs. by Act 21 of 1998, s. 56, for "an application made under Amendment section 256" (w.e.f. 1-10-1998).

[1][**260. Decision of High Court or Supreme Court on the case stated.**—(*1*) The High Court or the Supreme Court upon hearing any such case shall decide the questions of law raised therein, and shall deliver its judgment thereon containing the grounds on which such decision is founded, and a copy of the judgment shall be sent under the seal of the Court and the signature of the Registrar to the Appellate Tribunal which shall pass such orders as are necessary to dispose of the case conformably to such judgment.

[2][(*1A*) Where the High Court delivers a judgment in an appeal filed before it under section 260A, effect shall be given to the order passed on the appeal by the Assessing Officer on the basis of a certified copy of the judgment.]

(*2*) The costs of any reference to the High Court or the Supreme Court which shall not include the fee for making the reference shall be in the discretion of the Court.]

[3][*CC.* —*Appeals to High Court*

**260A. Appeal to High Court.**—(*1*) An appeal shall lie to the High Court from every order passed in appeal by the Appellate Tribunal [4][before the date of establishment of the National Tax Tribunal], if the High Court is satisfied that the case involves a substantial question of law.

(*2*) [5][The [6][Principal Chief Commissioner or Chief Commissioner] or the [7][Principal Commissioner or Commissioner] or an assessee aggrieved by any order passed by the Appellate Tribunal may file an appeal to the High Court and such appeal under this sub-section shall be—]

(*a*) filed within one hundred and twenty days from the date on which the order appealed against is [8][received by the assessee or the [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner];

[9]*          *          *          *          *

(*c*) in the form of a memorandum of appeal precisely stating therein the substantial question of law involved.

[1][(*2A*) The High Court may admit an appeal after the expiry of the period of one hundred and twenty days referred to in clause (*a*) of sub-section (*2*), if it is satisfied that there was sufficient cause for not filing the same within that period.]

(*3*) Where the High Court is satisfied that a substantial question of law is involved in any case, it shall formulate that question.

(*4*) The appeal shall be heard only on the question so formulated, and the respondents shall, at the hearing of the appeal, be allowed to argue that the case does not involve such question:

Provided that nothing in this sub-section shall be deemed to take away or abridge the power of the court to hear, for reasons to be recorded, the appeal on any other substantial question of law not formulated by it, if it is satisfied that the case involves such question.

---

1. The words in bracket shall stand inserted (date to be notified) by Act 49 of 2005, s. 30 and the Schedule (This Amendment has been struck down by the Supreme Court's Order dated 25th September, 2014 in the Madras Bar Association Vs. Union of India).

2. Ins. by Act 21 of 1998, s. 57 (w.e.f. 1-10-1998).

3. Ins. by s. 58, *ibid.* (w.e.f. 1-10-1998).

4. The words in bracket shall stand inserted (date to be notified) by Act 49 of 2005, s. 30 and the Schedule (This Amendment has been struck down by the Supreme Court's Order dated 25th September, 2014 in the Madras Bar Association Vs. Union of India).

5. Subs. by Act 27 of 1999, s. 87, for "An appeal under this sub-section shall be—" (w.e.f.1-6-1999).

6. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).

7. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f .1-6-2013).

8. Subs. by Act 27 of 1999, s. 87, for "Communicated to the appellant" (w.e.f. 1-6-1999).

9. Clause (*b*) omitted by s. 87, *ibid.* (w.e.f. 1-6-1999).

10. Ins. by Act 14 of 2010, s. 49 (w.r.e.f. 1-10-1998).

(*5*) The High Court shall decide the question of law so formulated and deliver such judgment thereon containing the grounds on which such decision is founded and may award such cost as it deems fit.

(*6*) The High Court may determine any issue which—

(*a*) has not been determined by the Appellate Tribunal; or

(*b*) has been wrongly determined by the Appellate Tribunal, by reason of a decision on such question of law as is referred to in sub-section (*1*).

[1][(*7*) Save as otherwise provided in this Act, the provisions of the Code of Civil Procedure, 1908 (5 of 1908), relating to appeals to the High Court shall, as far as may be, apply in the case of appeals under this section.]

**260B. Case before High Court to be heard by not less than two Judges.**—(*1*) When an appeal has been filed before the High Court under section 260A, it shall be heard by a bench of not less than two Judges of the High Court, and shall be decided in accordance with the opinion of such Judges or of the majority, if any, of such Judges.

(*2*) Where there is no such majority, the Judges shall state the point of law upon which they differ and the case shall then be heard upon that point only by one or more of the other Judges of the High Court and such point shall be decided according to the opinion of the majority of the Judges who have heard the case including those who first heard it.]

*D.—Appeals to the Supreme Court*

**261. Appeal to Supreme Court.**—An appeal shall lie to the Supreme Court from any judgment of the High Court [2][delivered [3][before the establishment of the National Tax Tribunal] on a reference made under section 256 against an order made under section 254 before the 1st day of October, 1998 or an appeal made to High Court in respect of an order passed under section 254 on or after that date] in any case which the High Court certifies to be a fit one for appeal to the Supreme Court.

**262. Hearing before Supreme Court.**—(*1*) The provisions of the Code of Civil Procedure, 1908 (5 of 1908), relating to appeals to the Supreme Court shall, so far as may be, apply in the case of appeals under section 261 as they apply in the case of appeals from decrees of a High Court :

Provided that nothing in this section shall be deemed to affect the provisions of sub-section (*1*) of section 260 or section 265.

(*2*) The costs of the appeal shall be in the discretion of the Supreme Court.

(*3*) Where the judgment of the High Court is varied or reversed in the appeal, effect shall be given to the order of the Supreme Court in the manner provided in section 260 in the case of a judgment of the High Court.

---

1. Ins. by Act 27 of 1999, s. 87 (w.e.f. 1-6-1999).

2. Subs. by Act 21 of 1998, s. 59, for the words and figures "delivered on a reference made under section 256" (w.e.f. 1-10-1998).

3. The words in bracket shall stand inserted (date to be notified) by Act 49 of 2005, s. 30 and the ScheduleThis amendment has been struck down by the Supreme Court's Order dated 25th September, 2014 in the Madras Bar Association Vs. Union of India.).

E.—*Revision by the* [1][*Principal Commissioner or Commissioner*]

**263. Revision of orders prejudicial to revenue.**—(*1*) The [1][Principal Commissioner or Commissioner] may call for and examine the record of any proceeding under this Act, and if he considers that any order passed therein by the [2][Assessing Officer] is erroneous in so far as it is prejudicial to the interests of the revenue, he may, after giving the assessee an opportunity of being heard and after making or causing to be made such inquiry as he deems necessary, pass such order thereon as the circumstances of the case justify, including an order enhancing or modifying the assessment, or cancelling the assessment and directing a fresh assessment.

[3][[4][*Explanation 1*.]—For the removal of doubts, it is hereby declared that, for the purposes of this sub-section,—

(*a*) an order passed [5][on or before or after the 1st day of June, 1988] by the Assessing Officer shall include—

(*i*) an order of assessment made by the [6][Assistant Commissioner or Deputy Commissioner] or the Income-tax Officer on the basis of the directions issued by the [7][Joint Commissioner] under section 144A;

(*ii*) an order made by the [7][Joint Commissioner] in exercise of the powers or in the performance of the functions of an Assessing Officer conferred on, or assigned to, him under the orders or directions issued by the Board or by the [8][Principal Chief Commissioner or Chief Commissioner] or [9][Principal Director General or Director General] or [1][Principal Commissioner or Commissioner] authorised by the Board in this behalf under section 120;

(*b*) "record"[10][shall include and shall be deemed always to have included] all records relating to any proceeding under this Act available at the time of examination by the [1][Principal Commissioner or Commissioner];

(*c*) where any order referred to in this sub-section and passed by the Assessing Officer had been the subject matter of any appeal [5][filed on or before or after the 1st day of June, 1988], the powers of the [1][Principal Commissioner or Commissioner] under this sub-section shall extend [2][and shall be deemed always to have extended] to such matters as had not been considered and decided in such appeal.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

3. Subs. by Act 26 of 1988, s. 44, for the *Explanation* (w.e.f. 1-6-1988).

4. The *Explanation* numbered as *Explanation* 1 thereof by Act 20 of 2015, s. 67 (w.e.f. 1-6-2015).

5. Ins. by Act 13 of 1989, s. 23 (w.e.f. 1-6-1988).

6. Subs. by Act 21 of 1998, s. 3, for "Assistant Commissioner" (w.e.f. 1-10-1998).

7. Subs. by s. 3, *ibid.*, for "Deputy Commissioner" (w.e.f. 1-10-1998).

8. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

9. Subs. by s. 4, *ibid.*, for "Director General" (w.e.f. 1-6-2013).

10. Subs. by Act 13 of 1989, s. 23, for "includes" (1-6-1988).

11. Ins. by s. 23, *ibid.* (w.e.f. 1-6-1988).

[1][*Explanation 2.*—For the purposes of this section, it is hereby declared that an order passed by the Assessing Officer shall be deemed to be erroneous in so far as it is prejudicial to the interests of the revenue, if, in the opinion of the Principal Commissioner or Commissioner,—

(*a*) the order is passed without making inquiries or verification which should have been made;

(*b*) the order is passed allowing any relief without inquiring into the claim;

(*c*) the order has not been made in accordance with any order, direction or instruction issued by the Board under section 119; or

(*d*) the order has not been passed in accordance with any decision which is prejudicial to the assessee, rendered by the jurisdictional High Court or Supreme Court in the case of the assessee or any other person.]

[2][(*2*) No order shall be made under sub-section (*1*) after the expiry of two years from the end of the financial year in which the order sought to be revised was passed.]

(*3*) Notwithstanding anything contained in sub-section (*2*), an order in revision under this section may be passed at any time in the case of an order which has been passed in consequence of, or to give effect to, any finding or direction contained in an order of the Appellate Tribunal, [3][National Tax Tribunal,] the High Court or the Supreme Court.

*Explanation*.—In computing the period of limitation for the purposes of sub-section (*2*), the time taken in giving an opportunity to the assessee to be reheard under the proviso to section 129 and any period during which any proceeding under this section is stayed by an order or injunction of any court shall be excluded.

**264.Revision of other orders.**—(*1*) In the case of any order other than an order to which section 263 applies passed by an authority subordinate to him, the [1][Principal Commissioner or Commissioner] may, either of his own motion or on an application by the assessee for revision, call for the record of any proceeding under this Act in which any such order has been passed and may make such inquiry or cause such inquiry to be made and, subject to the provisions of this Act, may pass such order thereon, not being an order prejudicial to the assessee, as he thinks fit.

(*2*) The [4][Principal Commissioner or Commissioner] shall not of his own motion revise any order under this section if the order has been made more than one year previously.

---

1. Ins. by Act 20 of 2015, s. 67 (w.e.f. 1-6-2015).

2. Subs. by Act 67 of 1984, s. 47, for sub-section (*2*) (w.e.f. 1-10-1984).

3. The words in bracket shall stand inserted (date to be notified) by Act 49 of 2005, s. 30 and the Schedule (This amendment has been struck down by the Supreme Court's Order dated 25th September, 2014 in the Madras Bar Association Vs. Union of India.).

4. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

(*3*) In the case of an application for revision under this section by the assessee, the application must be made within one year from the date on which the order in question was communicated to him or the date on which he otherwise came to know of it, whichever is earlier:

Provided that the[1][Principal Commissioner or Commissioner] may, if he is satisfied that the assessee was prevented by sufficient cause from making the application within that period, admit an application made after the expiry of that period.

(*4*) The [1][Principal Commissioner or Commissioner] shall not revise any order under this section in the following cases—

(*a*) where an appeal against the order lies to the [2][Deputy Commissioner (Appeals)][3][or to the Commissioner (Appeals)] or to the Appellate Tribunal but has not been made and the time within which such appeal may be made has not expired, or, in the case of an appeal [4][to the Commissioner (Appeals) or] to the Appellate Tribunal, the assessee has not waived his right of appeal; or

(*b*) where the order is pending on an appeal before the [2][Deputy Commissioner(Appeals)]; or

(*c*) where the order has been made the subject of an appeal [4][to the Commissioner (Appeals) or] to the Appellate Tribunal.

(*5*) Every application by an assessee for revision under this section shall be accompanied by [5][a fee of five hundred rupees].

[6][(*6*) On every application by an assessee for revision under this sub-section, made on or after the 1st day of October, 1998, an order shall be passed within one year from the end of the financial year in which such application is made by the assessee for revision.

*Explanation*.—In computing the period of limitation for the purposes of this sub-section, the time taken in giving an opportunity to the assessee to be re-heard under the proviso to section 129 and any period during which any proceeding under this section is stayed by an order or injunction of any court shall be excluded.

(*7*) Notwithstanding anything contained in sub-section (*6*), an order in revision under sub-section (*6*) may be passed at any time in consequence of or to give effect to any finding or direction contained in an order of the Appellate Tribunal, [1][National Tax Tribunal,] the High Court or the Supreme Court.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).
2. Subs. by Act 4 of 1988, s. 2, for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).
3. Ins. by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
4. Ins. by s. 39 and the Fifth Schedule, *ibid* (w.e.f. 10-7-1978).
5. Subs. by Act 14 of 2001, s. 85, for "a fee of twenty-five rupees" (w.e.f. 1-6-2001).
6. Ins. by Act 21 of 1998, s. 60 (w.e.f. 1-10-1998).
7. The words in bracket shall stand inserted (date to be notified) by Act 49 of 2005, s. 30 and the Schedule (This amendment has been struck down by the Supreme Court's Order dated 25th September, 2014 in the Madras Bar Association Vs. Union of India.).

*Explanation 1.*—An order by the [1][Principal Commissioner or Commissioner] declining to interfere shall, for the purposes of this section, be deemed not to be an order prejudicial to the assessee.

*Explanation 2.*—For the purposes of this section, the [2][Deputy Commissioner (Appeals)] shall be deemed to be an authority subordinate to the [1][Principal Commissioner or Commissioner].

### F.—General

**265. Tax tobe paid notwithstanding reference, etc.**—Notwithstanding that a reference has been made to the High Court or the Supreme Court or an appeal has been preferred to the Supreme Court, tax shall be payable in accordance with the assessment made in the case.

**266. Execution for costs awarded by Supreme Court.**—The High Court may, on petition made for the execution of the order of the Supreme Court in respect of any costs awarded thereby, transmit the order for execution to any court subordinate to the High Court.

[3][**267. Amendment of assessment on appeal.**—Where as a result of an appeal under section 246 [4][or section 246A] or section 253, any change is made in the assessment of a body of individuals or an association of persons or a new assessment of a body of individuals or an association of persons is ordered to be made, the [5]*** Commissioner (Appeals) or the Appellate Tribunal, as the case may be, shall pass an order authorising the Assessing Officer either to amend the assessment made on any member of the body or association or make a fresh assessment on any member of the body or association.]

**268. Exclusion of time taken for copy.**—In computing the period of limitation prescribed for an appeal [6][or an application] under this Act, the day on which the order complained of was served and, if the assessee was not furnished with a copy of the order when the notice of the order was served upon him, the time requisite for obtaining a copy of such order, shall be excluded.

[1][**268A. Filing of appeal or application for reference by income-tax authority.**—(*1*) The Board may, from time to time, issue orders, instructions or directions to other income-tax authorities, fixing such monetary limits as it may deem fit, for the purpose of regulating filing of appeal or application for reference by any income-tax authority under the provisions of this Chapter.

(*2*) Where, in pursuance of the orders, instructions or directions issued under sub-section (*1*), an income-tax authority has not filed any appeal or application for reference on any issue in the case of an assessee for any assessment year, it shall not preclude such authority from filing an appeal or application for reference on the same issue in the case of—

(*a*) the same assessee for any other assessment year; or

---

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

2. Subs. by Act 4 of 1988, s. 2, for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988).

3. Ins. by Act 18 of 1992, s. 87 (w.e.f. 1-4-1993).

4. Ins. by Act 10 of 2000, s. 69 (w.e.f. 1-6-2000).

5. The words "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998).

6. Ins. by Act 12 of 1990, s. 42 (w.e.f. 1-4-1990).

7. Ins. by Act 18 of 2008, s. 51 (w.r.e.f. 1-4-1999).

(*b*) any other assessee for the same or any other assessment year.

(*3*) Notwithstanding that no appeal or application for reference has been filed by an income-tax authority pursuant to the orders or instructions or directions issued under sub-section (*1*), it shall not be lawful for an assessee, being a party in any appeal or reference, to contend that the income-tax authority has acquiesced in the decision on the disputed issue by not filing an appeal or application for reference in any case.

(*4*) The Appellate Tribunal or Court, hearing such appeal or reference, shall have regard to the orders, instructions or directions issued under sub-section (*1*) and the circumstances under which such appeal or application for reference was filed or not filed in respect of any case.

(*5*) Every order, instruction or direction which has been issued by the Board fixing monetary limits for filing an appeal or application for reference shall be deemed to have been issued under sub-section (*1*) and the provisions of sub-sections (*2*), (*3*) and (*4*) shall apply accordingly.]

**269. Definition of "High Court".**—In this Chapter,—

"High Court" means—

(*i*) in relation to any State, the High Court for that State;

[1][(*ii*) in relation to the Union territory of Delhi, the High Court of Delhi;

[2]*          *          *          *          *]

[3]*          *          *          *          *

(*iv*) in relation to the Union territory of the Andaman and Nicobar Islands, the High Court at Calcutta ;

(*v*) in relation to the Union territory of [1][Lakshadweep], the High Court of Kerala;]

[2][(*va*) in relation to the Union territory of Chandigarh, the High Court of Punjab and Haryana;

[3][(*vi*) in relation to the Union territories of Dadra and Nagar Haveli and [4]*** Daman and Diu, the High Court at Bombay; and

(*vii*) in relation to the Union territory of Pondicherry, the High Court at Madras.]

---

1. Subs. by the Punjab Reorganisation and Delhi High Court (Adaptation of Laws on Union Subjects) order, 1968, for clause (*ii*) (w.r.e.f. 1-11-1966).
2. Clause (*iia*) omitted by State of Himachal Pradesh (Adaptation of Laws on Union Subjects) Order, 1973 (w.r.e.f. 25-1-1971).
3. Clause (*iii*) omitted by Act 32 of 1994, s. 47 (w.e.f. 1-4-1995).
4. Subs. by  the Laccadive, Minicoy and Amindivi Islands (Alteration of Name) Adaptation of Laws Order, 1974, s. 3 and the Schedule, for "the Laccadive, Minicoy and Amindivi Islands" (w.r.e.f. 1-11-1973).
5. Ins. by the Punjab Reorganisation and Delhi High Court (Adaptation of Laws on Union Subjects) Order, 1968 (w.r.e.f. 1-11-1966).
6.  Ins. by Act 3 of 1963, s. 3(2) the Schedule (w.e.f. 1-4-1963).
7. The word "Goa," omitted by Act 32 of 994, s. 47 (w.e.f. 1-4-1995).

[1][CHAPTER XXA

ACQUISITION OF IMMOVABLE PROPERTIES IN CERTAIN CASES OF TRANSFER TO COUNTERACT EVASION OF TAX

**269A. Definitions.**—In this Chapter, unless the context otherwise requires,—

(*a*) [2]["apparent consideration",—

(*1*) in relation to any immovable property transferred, being immovable property of the nature referred to in sub-clause (*i*) of clause (*e*), means,—]

(*i*) if the transfer is by way of sale, the consideration for such transfer as specified in the instrument of transfer;

(*ii*) if the transfer is by way of exchange,—

(*A*) in a case where the consideration for the transfer consists of a thing or things only, the price that such thing or things would ordinarily fetch on sale in the open market on the date of execution of the instrument of transfer;

(*B*) in a case where the consideration for the transfer consists of a thing or things and a sum of money, the aggregate of the price that such thing or things would ordinarily fetch on sale in the open market on the date of execution of the instrument of transfer and such sum;

[3][(*iii*) if the transfer is by way of lease,—

(*A*) in a case where the consideration for the transfer consists of premium only, the amount of premium as specified in the instrument of transfer;

(*B*) in a case where the consideration for the transfer consists of rent only, the aggregate of the moneys (if any) payable by way of rent and the amounts for the service or things forming part of or constituting the rent, as specified in the instrument of transfer;

(*C*) in a case where the consideration for the transfer consists of premium and rent, the aggregate of the amount of the premium, the moneys (if any) payable by way of rent and the amounts for the service or things forming part of or constituting the rent, as specified in the instrument of transfer,

and where the whole or any part of the consideration for such transfer is payable on any date or dates falling after the date of such transfer, the value of the consideration payable after such date shall be deemed to be the discounted value of such consideration, as on the date of such transfer, determined by adopting the rate of interest at eight per cent per annum;

---

1. Chapter XXA, consisting of sections 269A to 269S, ins. by Act 45 of 1972, s. 4, (w.e.f. 15-11-1972).
2. Subs, by Act 22 of 1981, s. 2, for "certain words" (w.e.f. 1-7-1982).
3. Ins. by s. 2, *ibid*, (w.e.f. 1-7-1982).

(*2*) in relation to any immovable property transferred, being immovable property of the nature referred to in sub-clause (*ii*) of clause (*e*), means,—

    (*i*) in a case where the consideration for the transfer consists of a sum of money only, such sum;

    (*ii*) in a case where the consideration for the transfer consists of a thing or things only, the price that such thing or things would ordinarily fetch on sale in the open market on the date of the transfer;

    (*iii*) in a case where the consideration for the transfer consists of a thing or things and a sum of money, the aggregate of the price that such thing or things would ordinarily fetch on sale in the open market on the date of the transfer and such sum,

and where the whole or any part of the consideration for such transfer is payable on any date or dates falling after the date of such transfer, the value of the consideration payable after such date shall be deemed to be the discounted value of such consideration, as on the date of such transfer, determined by adopting the rate of interest at eight per cent per annum.;]

(*b*) "competent authority" means [1][a [2][Joint] Commissioner] authorised by the Central Government under section 269B to perform the functions of a competent authority under this Chapter;

(*c*) "court" means a principal civil court of original jurisdiction unless the Central Government has appointed (as it is hereby authorised to do) any special judicial officer within any specified local limits to perform the functions of the court under this Chapter;

[3][(*d*) "fair market value",—

    (*i*) in relation to any immovable property transferred by way of sale or exchange, being immovable property of the nature referred to in sub-clause (*i*) of clause (*e*), means the price that the immovable property would ordinarily fetch on sale in the open market on the date of execution of the instrument of transfer of such property;

    (*ii*) in relation to any immovable property transferred by way of lease, being immovable property of the nature referred to in sub-clause (*i*) of clause (*e*), means the premium that such transfer would ordinarily fetch in the open market on the date of execution of the instrument of transfer of such property, if the consideration for such transfer had been by way of premium only;

    (*iii*) in relation to any immovable property transferred, being immovable property of the nature referred to in sub-clause (*ii*) of clause (*e*), means the consideration in the form of money that such transfer would ordinarily fetch in the open market on the date of the transfer, if such transfer had been made only for consideration in money;]

(*e*) [1]["immovable property" means,—

    (*i*) any land or any building] or part of a building, and includes, where any land or any building or part of a building is transferred together with any machinery, plant, furniture, fittings or other things, such machinery, plant, furniture, fittings or other things also.

---

1. Subs. by Act 3 of 1989, s. 48, for "an Assistant Commissioner of Income-tax" (w.e.f. 1-4-1988).
2. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998).
3. Subs. by Act 22 of 1981, s. 2, for clause (*d*)  (w.e.f. 1-7-1982).
4. Subs. by s. 2, *ibid.*, for "Immovable property means any land or any building" (w.e.f. 1-7-1982).

*Explanation.*—For the purposes of this [1][sub-clause], land, building, part of a building, machinery, plant, furniture, fittings and other things include any rights therein;

[2][(*ii*) any rights of the nature referred to in clause (*b*) of sub-section (*1*) of section 269AB;]

[3][(*f*) "instrument of transfer" means the instrument of transfer registered under the Registration Act, 1908 (16 of 1908), or, as the case may be, the statement registered under section 269AB with the competent authority;]

(*g*) "person interested", in relation to any immovable property, includes all persons claiming, or entitled to claim, an interest in the compensation payable on account of the acquisition of that property under this Chapter ;

[4][(*h*) "transfer",—

(*i*) in relation to any immovable property referred to in sub-clause (*i*) of clause (*e*), means transfer of such property by way of sale or exchange or lease for a term of not less than twelve years, and includes allowing the possession of such property to be taken or retained in part performance of a contract of the nature referred to in section 53A of the Transfer of Property Act, 1882 (4 of 1882).

*Explanation.*—For the purposes of this sub-clause, a lease which provides for the extension of the term thereof by a further term or terms shall be deemed to be a lease for a term of not less than twelve years if the aggregate of the term for which such lease has been granted and the further term or terms for which it can be so extended is not less than twelve years ;

(*ii*) in relation to any immovable property of the nature referred to in sub-clause (*ii*) of clause (*e*), means the doing of anything (whether by way of transfer of shares in a co-operative society or company or by way of any agreement or arrangement or in any other manner whatsoever) which has the effect of transferring, or enabling the enjoyment of, such property.]

[5][**269AB. Registration of certain transactions.**—(*1*) The following transactions, that is to say,—

(*a*) every transaction involving the allowing of the possession of any immovable property to be taken or retained in part performance of a contract of the nature referred to in section 53A of the Transfer of Property Act, 1882 (4 of 1882), and

(*b*) every transaction (whether by way of becoming a member of, or acquiring shares in, a co-operative society, company or other association of persons or by way of any agreement or any arrangement of whatever nature) whereby a person acquires any rights in or with respect to any building or part of a building (whether or not including any machinery, plant, furniture, fittings or other things therein) which has been constructed or which is to be constructed (not being a transaction by way of sale, exchange or lease of such building or part of a building which is required to be registered under the Registration Act, 1908 (16 of 1908)),

shall be reduced to writing in the form of a statement by each of the parties to such transaction or by any of the parties to such transaction acting on behalf of himself and on behalf of the other parties.

(*2*) Every statement in respect of a transaction referred to in sub-section (*1*) shall—

(*a*) be in the prescribed form;

---

1. Subs. by Act 22 of 1981, s. 2, for "this clause" (w.e.f. 1-7-1982).
2. Ins. by s. 2, *ibid.* (w.e.f. 1-7-1982).
3. Subs. by s. 2, *ibid.,* for clause (*f*) (w.e.f. 1-7-1982).
4. Subs. by s. 2, *ibid,* for clause (*h*)  (w.e.f. 1-7-1982).
5. Ins. by s. 3,*ibid.* (w.e.f. 1-7-1982).

(*b*) set forth such particulars as may be prescribed ; and

(*c*) be verified in the prescribed manner,

and registered with the competent authority, in such manner and within such time as may be prescribed, by each of the parties to such transaction or by any of the parties to such transaction acting on behalf of himself and on behalf of the other parties.]

**269B.Competent authority.**—(*1*) The Central Government may, by general or special order published in the Official Gazette,

(*a*) authorise as many ¹[ ²[Joint Commissioners], as it thinks fit, to perform the functions of a competent authority under this Chapter ; and

(*b*) define the local limits within which the competent authorities shall perform their functions under this Chapter.

(*2*) In respect of any function to be performed by a competent authority under any provision of this Chapter in relation to any immovable property referred to in section 269C, the competent authority referred to therein shall,—

(*a*) in a case where such property is situate within the local limits of the jurisdiction of only one competent authority, be such competent authority ;

(*b*) in a case where such property is situate within the local limits of the jurisdiction of two or more competent authorities, be the competent authority empowered to perform such functions in relation to such property in accordance with rules made in this behalf by the Board under section 295.

³[*Explanation.*—For the purposes of this sub-section, immovable property, being rights of the nature referred to in clause (*b*) of sub-section (*1*) of section 269AB in, or with respect to, any building or part of a building which has been constructed or which is to be constructed shall be deemed to be situate at the place where the building has been constructed or is to be constructed.]

(*3*) No person shall be entitled to call in question the jurisdiction of a competent authority in respect of any immovable property after the expiry of thirty days from the date on which such competent authority initiates proceedings under section 269D for the acquisition of such property.

(*4*) Subject to the provisions of sub-section (*3*), where the jurisdiction of a competent authority is questioned, the competent authority shall, if satisfied with the correctness of the claim, by order in writing, determine the question accordingly and if he is not so satisfied, he shall refer the question to the Board and the Board shall, by order in writing, determine the question.

**269C. Immovable property in respect of which proceedings for acquisition may be taken.**—(*1*) Where the competent authority has reason to believe that any immovable property of a fair market value exceeding ¹[one hundred thousand rupees] has been transferred by a person (hereafter in this Chapter referred to as the transferor) to another person (hereafter in this Chapter referred to as the transferee) for an apparent consideration which is less than the fair market value of the property and that the consideration for such transfer as agreed to between the parties has not been truly stated in the instrument of transfer with the object of—

(*a*) facilitating the reduction or evasion of the liability of the transferor to pay tax under this Act in respect of any income arising from the transfer ; or

1. Subs. by Act 3 of 1989, s. 49, for "Assistant Commissioners of Income-tax" (w.r.e.f. 1-4-1988).
2. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioners" (w.e.f. 1-10-1998).
3. Ins. by Act 22 of 1981, s. 4 (w.e.f. 1-7-1982).
4. Subs. by Act 21 of 1984, s. 25, for "twenty-five thousand rupees" (w.e.f. 1-6-1984).

(*b*) facilitating the concealment of any income or any moneys or other assets which have not been or which ought to be disclosed by the transferee for the purposes of the Indian Income-tax Act, 1922 (11 of 1922), or this Act or the Wealth-tax Act, 1957 (27 of 1957),

the competent authority may, subject to the provisions of this Chapter, initiate proceedings for the acquisition of such property under this Chapter:

Provided that before initiating such proceedings, the competent authority shall record his reasons for doing so:

Provided further that no such proceedings shall be initiated unless the competent authority has reason to believe that the fair market value of the property exceeds the apparent consideration therefor by more than fifteen per cent of such apparent consideration.

(*2*) In any proceedings under this Chapter in respect of any immovable property,—

(*a*) where the fair market value of such property exceeds the apparent consideration therefor by more than twenty-five per cent of such apparent consideration, it shall be conclusive proof that the consideration for such transfer as agreed to between the parties has not been truly stated in the instrument of transfer ;

(*b*) where the property has been transferred for an apparent consideration which is less than its fair market value, it shall be presumed, unless the contrary is proved, that the consideration for such transfer as agreed to between the parties has not been truly stated in the instrument of transfer with such object as is referred to in clause (*a*) or clause (*b*) of sub-section (*1*).

**269D. Preliminary notice.**—(*1*) The competent authority shall initiate proceedings for the acquisition, under this Chapter, of any immovable property referred to in section 269C by notice to that effect published in the Official Gazette:

Provided that no such proceedings shall be initiated in respect of any immovable property after the expiration of a period of [1][nine months] from the end of the month in which the instrument of transfer in respect of such property is registered under the Registration Act, 1908 (16 of 1908), [1][or, as the case may be, section 269AB]:

Provided further that—

(*a*) in a case where it is determined under sub-section (*4*) of section 269B by the competent authority who has initiated proceedings for the acquisition of any immovable property under this Chapter or by the Board that such competent authority has no jurisdiction to initiate such proceedings, the competent authority having jurisdiction may initiate such proceedings within—

(*i*) the period of [1][nine months] specified in the foregoing proviso; or

(*ii*) a period of thirty days from the date of such determination,

whichever period expires later;

---

1. Subs. by Act 66 of 1973, s. 2, for "six month" (w.r.e.f. 15-11-1972).
2. Ins. by Act 22 of 1981, s. 5 (w.e.f. 1-7-1982).

(*b*) in a case where proceedings for the acquisition of any immovable property under this Chapter could not be initiated during any period of time by reason of any injunction or order of any court prohibiting the initiation of such proceedings or preventing the examination of documents or other materials required to be examined for the purpose of determining whether such proceedings should be initiated, the time of the continuance of the injunction or order, the day on which it was issued or made and the day on which it was withdrawn shall be excluded in computing the period during which such proceedings may be initiated under this sub-section.

(*2*) The competent authority shall—

(*a*) cause a notice under sub-section (1) in respect of any immovable property to be served on the transferor, the transferee, the person in occupation of the property, if the transferee is not in occupation thereof, and on every person whom the competent authority knows to be interested in the property ;

(*b*) cause such notice to be published—

(*i*) in his office by affixing a copy thereof to a conspicuous place;

(*ii*) in the locality in which the immovable property to which it relates is situate, by affixing a copy thereof to a conspicuous part of the property and also by making known in such manner as may be prescribed the substance of such notice at convenient places in the said locality.

[1][*Explanation.*—The provisions of the *Explanation* to sub-section (2) of section 269B shall apply for the purposes of this sub-section as they apply for the purposes of that sub-section.]

**269E. Objections.**—(*1*) Objections against the acquisition of the immovable property in respect of which a notice has been published in the Official Gazette under sub-section (*1*) of section 269D may be made—

(*a*) by the transferor or the transferee or any other person referred to in clause (*a*) of sub-section (*2*) of that section, within a period of forty-five days from the date of such publication or a period of thirty days from the date of service of notice on such person under the said clause, whichever period expires later;

(*b*) by any other person interested in such immovable property, within forty-five days from the date of such publication.

(*2*) Every objection under sub-section (*1*) shall be made to the competent authority in writing.

(*3*) For the removal of doubts, it is hereby declared that objection may be made under sub-section (*1*) that the provisions of clause (*a*) of sub-section (*2*) of section 269C do not apply in relation to any immovable property on the ground that the fair market value of such property does not exceed the apparent consideration therefor by more than twenty-five per cent of such apparent consideration.

---

1. Ins. by Act 22 of 1981, s. 5 (w.e.f. 1-7-1982).

**269F. Hearing of objections.**—(*1*) The competent authority shall fix a day and place for the hearing of the objections made under section 269E against the acquisition under this Chapter of any immovable property, and shall give notice of the same to every person who has made such objection :

Provided that such notice shall also be given to the transferee of such property even if he has not made any such objection.

(*2*) Every person to whom a notice is given under sub-section (*1*) shall have the right to be heard at the hearing of the objections.

(*3*) The competent authority shall have the power to adjourn the hearing of the objections from time to time.

(*4*) The competent authority may, before disposing of the objections, make such further inquiry as he thinks fit.

(*5*) The decision of the competent authority in respect of the objections heard shall be in writing and shall state the reasons for the decision with respect to each objection.

(*6*) If after hearing the objections, if any, and after taking into account all the relevant material on record, the competent authority is satisfied that,—

(*a*) the immovable property to which the proceedings relate is of a fair market value exceeding [1][one hundred thousand rupees];

(*b*) the fair market value of such property exceeds the apparent consideration therefor by more than fifteen per cent of such apparent consideration ; and

(*c*) the consideration for such transfer as agreed to between the parties has not been truly stated in the instrument of transfer with such object as is referred to in clause (*a*) or clause (*b*) of sub-section (*1*) of section 269C,

he may, after obtaining the approval of the [1][Principal Commissioner or Commissioner], make an order for the acquisition of the property under this Chapter.

*Explanation.*—In this sub-section, [2][Principal Commissioner or Commissioner], in relation to a competent authority, means such [2][Principal Commissioner or Commissioner] as the Board may, by general or special order in writing, specify in this behalf.

(*7*) If the competent authority is not satisfied as provided in sub-section (*6*), he shall, by order in writing, declare that the property will not be acquired under this Chapter.

(*8*) The competent authority shall serve a copy of his order under sub-section (*6*) or sub-section (*7*), as the case may be, on the transferor, the transferee and on every person who has made objections against such acquisition under section 269E.

---

1. Subs. by Act 21 of 1984, s. 26, for "twenty-five thousand rupees" (w.e.f. 1-6-1984).
2. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).

(*9*) In any proceedings under this Chapter in respect of any immovable property, no objection shall be entertained on the ground that although the apparent consideration for the property is less than the fair market value of the property on the [1][date of the execution of the instrument of transfer or where such property is of the nature referred to in sub-clause (*ii*) of clause (*e*) of section 269A on the date of the transfer], the consideration as agreed to between the parties has been truly stated in the instrument of transfer because such consideration was agreed to having regard to the price that such property would have ordinarily fetched [2][on such transfer in the open market on the date of the conclusion of the agreement to transfer the property], except where such agreement has been registered under the Registration Act, 1908 (16 of 1908).

**269G. Appeal against order for acquisition.**—(*1*) An appeal may be preferred to the Appellate Tribunal against the order for the acquisition of any immovable property made by the competent authority under section 269F,—

(*a*) by the transferor or the transferee or any other person referred to in sub-section (*8*) of that section, within a period of forty-five days from the date of such order or a period of thirty days from the date of service of a copy of the order on such person under the said sub-section, whichever period expires later;

(*b*) by any other person interested in such immovable property, within forty-five days from the date of such order:

Provided that the Appellate Tribunal may, on an application made in this behalf before the expiry of the said period of forty-five days or, as the case may be, thirty days, permit, by order, the appeal to be presented within such further period as may be specified therein if the applicant satisfies the Appellate Tribunal that he has sufficient cause for not being able to present the appeal within the said period of forty-five days or, as the case may be, thirty days.

(*2*) Every appeal under this section shall be in the prescribed form and shall be verified in the prescribed manner and shall be accompanied by a fee of [3][two hundred rupees].

(*3*) The Appellate Tribunal shall fix a day and place for the hearing of the appeal and shall give notice of the same to the appellant and to the competent authority.

(*4*) The Appellate Tribunal may, after giving the appellant and the competent authority an opportunity of being heard, pass such orders thereon as it thinks fit.

(*5*) The Appellate Tribunal may, at any time within thirty days from the date of the order, with a view to rectifying any mistake apparent from the record, amend any order passed by it under sub-section (*4*) and shall make such amendment if the mistake is brought to its notice by the appellant or the competent authority:

Provided that if any such amendment is likely to affect any person prejudicially, it shall not be made without giving to such person a reasonable opportunity of being heard.

(*6*) The Appellate Tribunal shall send a copy of any orders passed under this section to the appellant and to the [1][Principal Commissioner or Commissioner].

(*7*) Save as provided in section 269H, orders passed by the Appellate Tribunal on appeal shall be final.

---

1. Subs. by Act 22 of 1981, s. 6, for "date of execution of the instrument of transfer" (w.e.f. 1-7-1982).
2. Subs. by s. 6, *ibid.,* for "on sale in the open market on the date of the conclusion of the agreement to sell the property" (w.e.f. 1-7-1982).
3. Subs. by Act 16 of 1981, s. 21, for "one hundred and twenty-five rupees" (w.e.f. 1-6-1981).
4. Subs. by Act 25 of 2014, s. 4, for "commissioner" (w.r.e.f. 1-6-2013).

(*8*) Every appeal under this section shall be disposed of as expeditiously as possible and endeavour shall be made to dispose of every such appeal within ninety days from the date on which it is presented.

(*9*) The provisions of section 255 (except sub-section (*3*) thereof) shall, so far as may be, apply in relation to the powers, functions and proceedings of the Appellate Tribunal under this section as they apply in relation to the powers, functions and proceedings of the Appellate Tribunal under Chapter XX.

**269H. Appeal to High Court.**—(*1*) The [2][Principal Commissioner or Commissioner] or any person aggrieved by any order of the Appellate Tribunal under section 269G may, within sixty days of the date on which he is served with notice of such order under that section, prefer an appeal against such order to the High Court on any question of law :

Provided that the High Court may, on an application made in this behalf before the expiry of the said period of sixty days, permit, by order, the appeal to be presented within such further period as may be specified therein, if the applicant satisfies the High Court that he has sufficient cause for not being able to present the appeal within the said period of sixty days.

(*2*) An appeal under sub-section (*1*) shall be heard by a Bench of not less than two Judges of the High Court and the provisions of section 259 shall apply in relation to any such appeal as they apply in relation to a case referred to the High Court under section 256.

(*3*) The costs of the appeal shall be in the discretion of the High Court.

**269-I. Vesting of property in Central Government.**—(*1*) As soon as may be after the order for acquisition of any immovable property made undersub-section (*6*) of section 269F becomes final, the competent authority may, by notice in writing, order any person who may be in possession of the immovable property to surrender or deliver possession thereof to the competent authority or any other person duly authorised in writing by the competent authority in this behalf, within thirty days of the date of the service of the notice.

*Explanation.*—For the purposes of this sub-section, an order for the acquisition of any immovable property (hereafter in this *Explanation* referred to as the order for acquisition) made under sub-section (*6*) of section 269F becomes final,—

(*a*) in a case where the order for acquisition is not made the subject of an appeal to the Appellate Tribunal under section 269G, upon the expiry of the period during which such appeal may be presented under that section;

(*b*) in a case where the order for acquisition is made the subject of an appeal to the Appellate Tribunal under section 269G,—

(*i*) if the order for acquisition is confirmed by the Appellate Tribunal and the order of the Appellate Tribunal is not made the subject of an appeal to the High Court under section 269H, upon the expiry of the period during which such appeal may be presented under that section to the High Court;

(*ii*) if the order of the Appellate Tribunal is made the subject of an appeal to the High Court under section 269H, upon the confirmation of the order for acquisition by the High Court.

(*2*) If any person refuses or fails to comply with the notice under sub-section (*1*), the competent authority or other person duly authorised by the competent authority under that sub-section may take possession of the immovable property and may, for that purpose, use such force as may be necessary.

(*3*) Notwithstanding anything contained in sub-section (*2*), the competent authority may, for the purpose of taking possession of any property referred to in sub-section (*1*), requisition the services of any police officer to assist him and it shall be the duty of such officer to comply with such requisition.

(*4*) When the possession of the immovable property is surrendered or delivered under sub-section (*1*) to the competent authority or a person duly authorised by him in that behalf or, as the case may be, when the possession thereof is taken under sub-section (*2*) or sub-section (*3*) by such authority or person, the property shall vest absolutely in the Central Government free from all encumbrances :

Provided that nothing in this sub-section shall operate to discharge the transferee or any other person (not being the Central Government) from liability in respect of such encumbrances and, notwithstanding anything contained in any other law, such liability may be enforced against the transferee or such other person by a suit for damages.

[1][(*5*) Notwithstanding anything contained in sub-section (*4*) or any other law or any instrument or any agreement for the time being in force, where an order for acquisition of any immovable property, being rights of the nature referred to in clause (*b*) of sub-section (*1*) of section 269AB, in or with respect to any building or part of a building which has been constructed or which is to be constructed, has become final, then, such order shall, by its own force, have the effect of—

      (*a*) vesting such rights in the Central Government, and

      (*b*) placing the Central Government in the same position in relation to such rights as the person in whom such rights would have continued to vest if such order had not become final,

and the competent authority may issue such directions as he may deem fit to any person concerned for taking the necessary steps for compliance with the provisions of clauses (*a*) and (*b*).]

(*6*) In the case of any immovable property, being rights of the nature referred to in clause (*b*) of sub-section (*1*) of section 269AB, in or with respect to any building or part of a building, the provisions of sub-sections (*1*), (*2*) and (*3*) shall have effect as if the references to immovable property therein were a reference to such building or, as the case may be, part of such building.]

**269J. Compensation.**—(*1*) Where any immovable property is acquired under this Chapter, the Central Government shall pay for such acquisition compensation which shall be a sum equal to the aggregate of the amount of the apparent consideration for its transfer and fifteen per cent of the said amount :

[1][Provided that in a case where, under the agreement between the parties concerned, the whole or any part of the consideration for the transfer of such immovable property is payable on any date or dates falling after the date on which such property is acquired, the compensation payable by the Central Government shall be the aggregate of the following amounts, namely:—

      (*i*) an amount equal to fifteen per cent of the apparent consideration ;

      (*ii*) the amount, if any, that has become payable in accordance with such agreement on or before the date on which such property is acquired under this Chapter ; and

      (*iii*) the amount payable after the date on which such property is acquired under this Chapter.]

---

1. Ins. by Act 22 of 1981, s. 7 (w.e.f. 1-7-1982).
2. Ins. by s. 8 *ibid*. (w.e.f. 1-7-1982).

(*2*) Notwithstanding anything contained in sub-section (*1*),—

(*a*) where, after the transfer to the transferee of the property referred to in that sub-section but before the vesting of the property in the Central Government, the property has been damaged (otherwise than as a result of normal wear and tear), the compensation payable under that sub-section shall be reduced by such amount as the competent authority and the persons entitled to the compensation may agree within fifteen days of the vesting of the property in the Central Government or in default of such agreement as the court may, on a reference made to it in this behalf by the competent authority or by any person duly authorised for the purpose by the competent authority, determine to be the amount that may have to be expended for restoring the property to the condition in which it was at the time of such transfer ;

(*b*) where, after the transfer of such property to the transferee but before the date of publication in the Official Gazette of the notice in respect of such property under sub-section (*1*) of section 269D, any improvements have been made to the property, whether by way of addition or alteration or in any other manner, the compensation payable in respect of such property under sub-section (*1*) shall be increased by such amount as the competent authority and the persons entitled to the compensation may agree within fifteen days of the vesting of the property in the Central Government or in default of such agreement as the court may, on a reference made to it in this behalf by the competent authority or by any person duly authorised for the purpose by the competent authority, determine to be the amount spent for making such improvements.

(*3*) Every reference under clause (*a*) or clause (*b*) of sub-section (*2*) shall be made within thirty days of the date on which the immovable property to which it relates becomes vested in the Central Government or within such further period as the court may, on an application made in this behalf before the expiry of the said period and on being satisfied that there is sufficient cause for doing so, allow and such reference shall state clearly the compensation payable under sub-section (*1*) in respect of the immovable property and the amount by which, according to the estimate of the competent authority, such compensation shall be reduced under clause (*a*) or, as the case may be, increased under clause (*b*), of sub-section (*2*).

(*4*) The amount by which the compensation payable under sub-section (*1*) in respect of any immovable property acquired under this Chapter falls short of the amount which would have been payable as compensation if that property had been acquired under the Land Acquisition Act, 1894 (1 of 1894), after the issue of a preliminary notice under section 4 of that Act on the date of publication in the Official Gazette of the notice in respect of the property under sub-section (*1*) of section 269D, shall be deemed to have been realised by the Central Government as a penalty from the transferee for being a party to a transfer with such object as is referred to in clause (*a*) or clause (*b*) of sub-section (*1*) of section 269C, and no penalty shall be levied for any assessment year on the transferee—

(*a*) under clause (*iii*) of sub-section (*1*) of section 271, for concealing the particulars or furnishing inaccurate particulars of so much of his income as is utilised by him for paying to the transferor, by way of consideration for the property, any amount in excess of the apparent consideration for the property, notwithstanding that such amount is included in the income of the transferee;

(*b*) under clause (*iii*) of sub-section (*1*) of section 18 of the Wealth-tax Act, 1957 (27 of 1957), for concealing the particulars or furnishing inaccurate particulars of so much of his assets as are utilised by him for paying to the transferor, by way of consideration for the property, any amount in excess of the apparent consideration for the property, notwithstanding that such assets are included in the net wealth of the transferee.

**269K. Payment or deposit of compensation.**—(*1*) The amount of compensation payable in accordance with the provisions of section 269J for the acquisition of any immovable property shall be tendered to the person or persons entitled thereto, as soon as may be, after the property becomes vested in the Central Government under sub-section (*4*) of section 269-I:

[1][Provided that in a case falling under the proviso to sub-section (*1*) of section 269J, the amounts referred to in clause (*i*) and clause (*ii*) of that proviso shall be tendered to the person or persons entitled thereto, as soon as may be, after the property becomes vested in the Central Government under section 269-I, and the amount referred to in clause (*iii*) of the said proviso shall be tendered on the date on which it would be payable in accordance with the agreement between the parties concerned, and where such amount is payable in instalments on different dates, then in such instalments on those dates:

Provided further that] in any case where a reference is or has to be made under sub-section (*2*) of section 269J to the court for the determination of the amount by which the compensation payable under sub-section (*1*) of that section shall be reduced or increased, the amount of such compensation as reduced or increased by the amount estimated in that behalf by the competent authority for the purposes of such reference shall be tendered as aforesaid.

(*2*) Notwithstanding anything contained in sub-section (*1*), if any dispute arises as to the apportionment of the compensation amongst persons claiming to be entitled thereto, the Central Government shall deposit in the court the compensation required to be tendered under sub-section (*1*) and refer such dispute for the decision of the court and the decision of the court thereon shall be final.

(*3*) Notwithstanding anything contained in sub-section (*1*), if the persons entitled to compensation do not consent to receive it, or if there is no person competent to alienate the immovable property, or if there is any dispute as to the title to receive the compensation, the Central Government shall deposit in the court the compensation required to be tendered under sub-section (*1*) and refer the matter for the decision of the court:

Provided that nothing herein contained shall affect the liability of any person who may receive the whole or any part of the compensation for any immovable property acquired under this Chapter to pay the same to the person lawfully entitled thereto.

(*4*) If the Central Government fails to tender under sub-section (*1*) or deposit under sub-section (*2*) or sub-section (*3*) the whole or any part of the compensation required to be tendered or deposited thereunder within thirty days of the date on which the immovable property to which the compensation relates becomes vested in the Central Government under sub-section (*4*) of section 269-I, the Central Government shall be liable to pay simple interest at the rate of [1][fifteen per cent per.] annum reckoned from the day immediately following the date of expiry of the said period up to the date on which it so tenders or deposits such compensation or, as the case may be, such part of the compensation.

(*5*) Where any amount of compensation (including interest, if any, thereon) has been deposited in the court under this section, the court may, either of its own motion or on an application made by or on behalf of any party interested or claiming to be interested in such amount, order the same to be invested in such Government or other securities as it may think proper, and may direct the interest or other proceeds of any such investment to be accumulated and paid in such manner as will, in its opinion, give the parties interested therein the same benefit therefrom as they might have had from the immovable property in respect whereof such amount has been deposited or as near thereto as may be.

**269L. Assistance by Valuation Officers.**—(*1*) The competent authority may,—

(*a*) for the purpose of initiating proceedings for the acquisition of any immovable property under section 269C or for the purpose of making an order under section 269F in respect of any immovable property, require a Valuation Officer to determine the fair market value of such property and report the same to him;

---

1. Subs. by Act 22 of 1981, s. 9, for "Provided that" (w.e.f. 1-7-1982).
2. Subs. by Act 67 of 1984, s. 24, for "twelve per cent." (w.e.f. 1-10-1984).

(*b*) for the purpose of estimating the amount by which the compensation payable under sub-section (*1*) of section 269J in respect of any immovable property may be reduced or, as the case may be, increased under clause (*a*) or clause (*b*) of sub-section (*2*) of that section, require the Valuation Officer to make such estimate and report the same to him.

(*2*) The Valuation Officer to whom a reference is made under clause (*a*) or clause (*b*) of sub-section (*1*) shall, for the purpose of dealing with such reference, have all the powers that he has under section 38A of the Wealth-tax Act, 1957 (27 of 1957).

(*3*) If in an appeal under section 269G against the order for acquisition of any immovable property, the fair market value of such property is in dispute, the Appellate Tribunal shall, on a request being made in this behalf by the competent authority, give an opportunity of being heard to any Valuation Officer nominated for the purpose by the competent authority.

*Explanation.*—In this section, "Valuation Officer" has the same meaning as in clause (*r*) of section 2 of the Wealth-tax Act, 1957 (27 of 1957).

**269M. Powers of competent authority.**—The competent authority shall have, for the purposes of this Chapter, all the powers that a [1][Principal Commissioner or Commissioner] has, for the purposes of this Act, under section 131.

**269N. Rectification of mistakes.**—With a view to rectifying any mistake apparent from the record, the competent authority may amend any order made by him under this Chapter at any time before the time for presenting an appeal against such order has expired, either on his own motion or on the mistake being brought to his notice by any person affected by the order:

Provided that if any such amendment is likely to affect any person prejudicially, it shall not be made without giving to such person a reasonable opportunity of being heard.

**269-O. Appearance by authorised representative or registered valuer.**—Any person who is entitled or required to attend before a competent authority or the Appellate Tribunal in any proceeding under this Chapter, otherwise than when required to attend personally for examination on oath or affirmation, may attend—

(*a*) by an authorised representative in connection with any matter;

(*b*) by a registered valuer in connection with any matter relating to the valuation of any immovable property for the purposes of this Chapter or the estimation of the amount by which the compensation payable under sub-section (*1*) of section 269J for the acquisition of any immovable property may be reduced or, as the case may be, increased in accordance with the provisions of clause (*a*) or clause (*b*) of sub-section (*2*) of that section.

*Explanation.*—In this section,—

(*i*) "authorised representative" has the(*b*) by a registered valuer in connection with any matter relating to the valuation of any immovable property for the purposes of this Chapter or the estimation of the amount by which the compensation payable under sub-section (*1*) of section 269J for the acquisition of any immovable property may be reduced or, as the case may be, increased in accordance with the provisions of clause (*a*) or clause (*b*) of sub-section (*2*) of that section.

*Explanation.*—In this section,—

(*i*) "authorised representative" has the same meaning as in section 288;

(*ii*) "registered valuer" has the same meaning as in clause (*oaa*) of section 2 of the Wealth-tax Act, 1957 (27 of 1957).

---

1. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).

**269P. Statement to be furnished in respect of transfers of immovable property.**—(*1*) Notwithstanding anything contained in any other law for the time being in force, no registering officer appointed under the Registration Act, 1908 (16 of 1908), shall register any document which purports to transfer any immovable property belonging to any person unless a statement in duplicate in respect of such transfer, in the prescribed form and verified in the prescribed manner and setting forth such particulars as may be prescribed, is furnished to him along with the instrument of transfer :

[1][Provided that the provisions of this sub-section shall not apply in relation to any document which purports to transfer any immovable property for an apparent consideration not exceeding [2][fifty thousand rupees].

*Explanation.*—For the purposes of this proviso, "apparent consideration" shall have the meaning assigned to it in clause (*a*) of section 269A subject to the modifications that for the expressions "immovable property transferred" and "instrument of transfer" occurring in that clause, the expressions "immovable property purported to be transferred" and "document purporting to transfer such immovable property" shall, respectively, be substituted.]

(*2*) The registering officer shall, at the end of every fortnight, forward to the competent authority,—

(*a*) one set of the statements received by him under sub-section (*1*) during the fortnight ; and

(*b*) a return in the prescribed form and verified in the prescribed manner and setting forth such particulars as may be prescribed in respect of documents of the nature referred to in sub-section (*1*) which have been registered by him during the fortnight.

**269Q. Chapter not to apply to transfers to relatives.**—The provisions of this Chapter shall not apply to or in relation to any transfer of immovable property made by a person to his relative on account of natural love and affection for a consideration which is less than its fair market value if a recital to that effect is made in the instrument of transfer.

**269R. Properties liable for acquisition under this Chapter not to be acquired under other laws.**—Notwithstanding anything contained in the Land Acquisition Act, 1894 (1 of 1894), or any corresponding law for the time being in force, no immovable property referred to in section 269C shall be acquired for any purpose of the Union under that Act or such law unless the time for initiation of proceedings for the acquisition of such property under this Chapter has expired without such proceedings having been initiated or unless the competent authority has declared that such property will not be acquired under this Chapter.

[1][**269RR. Chapter not to apply where transfer of immovable property made after a certain date.**—The provisions of this Chapter shall not apply to or in relation to the transfer of any immovable property made after the 30th day of September, 1986.]

**269S. Chapter not to extend to State of Jammu and Kashmir.**—The provisions of this Chapter shall not extend to the State of Jammu and Kashmir.

---

1. Ins. by Act 66 of 1973, s. 2 (w.e.f. 1-1-1974).

2. Subs. by Act 21 of 1984, s. 27, for "ten thousand rupees" (w.e.f. 1-6-1984).

3. Ins. by Act 23 of 1986, s. 33 (w.e.f. 1-10-1986).

# [1][CHAPTER XXB

REQUIREMENT AS TO [2][MODE OF ACCEPTANCE, PAYMENT OR REPAYMENT]
IN CERTAIN CASES TO COUNTERACT EVASION OF TAX

[3][**269SS.Mode of taking or accepting certain loans, deposits and specified sum.**—No person shall take or accept from any other person (herein referred to as the depositor), any loan or deposit or any specified sum, otherwise than by an account payee cheque or account payee bank draft or use of electronic clearing system through a bank account, if,—

(*a*) the amount of such loan or deposit or specified sum or the aggregate amount of such loan, deposit and specified sum; or

(*b*) on the date of taking or accepting such loan or deposit or specified sum, any loan or deposit or specified sum taken or accepted earlier by such person from the depositor is remaining unpaid (whether repayment has fallen due or not), the amount or the aggregate amount remaining unpaid; or

(*c*) the amount or the aggregate amount referred to in clause (*a*) together with the amount or the aggregate amount referred to in clause (*b*),

is twenty thousand rupees or more:

Provided that the provisions of this section shall not apply to any loan or deposit or specified sum taken or accepted from, or any loan or deposit or specified sum taken or accepted by,—

(*a*) the Government;

(*b*) any banking company, post office savings bank or co-operative bank;

(*c*) any corporation established by a Central, State or Provincial Act;

(*d*) any Government company as defined in clause (*45*) of section 2 of the Companies Act, 2013 (18 of 2013);

(*e*) such other institution, association or body or class of institutions, associations or bodies which the Central Government may, for reasons to be recorded in writing, notify in this behalf in the Official Gazette:

Provided further that the provisions of this section shall not apply to any loan or deposit or specified sum, where the person from whom the loan or deposit or specified sum is taken or accepted and the person by whom the loan or deposit or specified sum is taken or accepted, are both having agricultural income and neither of them has any income chargeable to tax under this Act.

*Explanation.*—For the purposes of this section,—

(*i*) "banking company" means a company to which the provisions of the Banking Regulation Act, 1949 (10 of 1949) applies and includes any bank or banking institution referred to in section 51 of that Act;

(*ii*) "co-operative bank" shall have the same meaning as assigned to it in Part V of the Banking Regulation Act, 1949 (10 of 1949);

(*iii*) "loan or deposit" means loan or deposit of money;

(*iv*) "specified sum" means any sum of money receivable, whether as advance or otherwise, in relation to transfer of an immovable property, whether or not the transfer takes place.]

---

1. Ins. by Act 38 of 1981, s. 2 (w.e.f. 11-7-1981).
2. Subs. by Act 21 of 1984, s. 28, for "MODE OF REPAYMENT" (w.e.f. 1-4-1984).
3. Subs. by Act 20 of 2015, s. 68, for section269SS (w.e.f. 1-6-2015).

[1][**269ST. Mode of undertaking transactions**.—No person shall receive an amount of two lakh rupees or more—

   (*a*) in aggregate from a person in a day; or

   (*b*) in respect of a single transaction; or

   (*c*) in respect of transactions relating to one event or occasion from a person,

otherwise than by an account payee cheque or an account payee bank draft or use of electronic clearing system through a bank account:

Provided that the provisions of this section shall not apply to—

   (*i*) any receipt by—

      (*a*) Government;

      (*b*) any banking company, post office savings bank or co-operative bank;

   (*ii*) transactions of the nature referred to in section 269SS;

   (*iii*) such other persons or class of persons or receipts, which the Central Government may, by notification in the Official Gazette, specify.

*Explanation*.—For the purposes of this section,—

   (*a*) "banking company" shall have the same meaning as assigned to it in clause (*i*) of the Explanation to section 269SS;

   (*b*) "co-operative bank" shall have the same meaning as assigned to it in clause (*ii*) of the Explanation to section 269SS.]

[2][**269T.Mode of repayment of certain loans or deposits.**—No branch of a banking company or a co-operative bank and no other company or co-operative society and no firm or other person shall repay any loan or deposit made with it [3][or any specified advance received by it] otherwise than by an account payee cheque or account payee bank draft drawn in the name of the person who has made the loan or deposit [3][or paid the specified advance,] [4][or by use of electronic clearing system through a bank account] if—

   (*a*) the amount of the loan or deposit [3][or specified advance] together with the interest, if any, payable thereon, or

   (*b*) the aggregate amount of the loans or deposits held by such person with the branch of the banking company or co-operative bank or, as the case may be, the other company or co-operative society or the firm, or other person either in his own name or jointly with any other person on the date of such repayment together with the interest, if any, payable on such loans or deposits, [3][or]

   [3][(*c*) the aggregate amount of the specified advances received by such person either in his own name or jointly with any other person on the date of such repayment together with the interest, if any, payable on such specified advances,]

---

1. Ins. by Act 7 of 2017, s. 84 (w.e.f. 1-4-2017).

2. Subs. by Act 20 of 2002, s. 99, for section 269T (w.e.f. 1-6-2002).

3. Ins. by Act 20 of 2015, s. 69 (w.e.f. 1-6-2015).

4. Ins. by Act 25 of 2014, s. 69 (w.e.f. 1-4-2015).

is twenty thousand rupees or more:

Provided that where the repayment is by a branch of a banking company or co-operative bank, such repayment may also be made by crediting the amount of such loan or deposit to the savings bank account or the current account (if any) with such branch of the person to whom such loan or deposit has to be repaid:

[1][Provided further that nothing contained in this section shall apply to repayment of any loan or deposit [2][or specified advance] taken or accepted from—

(*i*) Government;

(*ii*) any banking company, post office savings bank or co-operative bank;

(*iii*) any corporation established by a Central, State or Provincial Act;

(*iv*) any Government companyas defined in section 617 of the Companies Act, 1956 (1 of 1956);

(*v*) such other institution, association or body or class of institutions, associations or bodies which the Central Government may, for reasons to be recorded in writing, notify in this behalf in the Official Gazette.]

*Explanation.*—For the purposes of this section,—

(*i*) "banking company" shall have the meaning assigned to it in clause (*i*) of the *Explanation* to section 269SS;

(*ii*) "co-operative bank" shall have the meaning assigned to it in Part V of the Banking Regulation Act, 1949 (10 of 1949);

(*iii*) "loan or deposit" means any loan or deposit of money which is repayable after notice or repayable after a period and, in the case of a person other than a company, includes loan or deposit of any nature;]]

[2][(*iv*) "specified advance" means any sum of money in the nature of advance, by whatever name called, in relation to transfer of an immovable property, whether or not the transfer takes place.]

[3][**269TT.Mode of repayment of Special Bearer Bonds, 1991.**—Notwithstanding anything contained in any other law for the time being in force, the amount payable on redemption of Special Bearer Bonds, 1991, shall be paid only by an account payee cheque or account payee bank draft drawn in the name of the person to whom such payment is to be made.]

---

1. Ins. by Act 32 of 2003, s. 94 (w.e.f. 1-6-2002).

2. Ins. by Act 20 of 2015, s. 69 (w.e.f. 1-6-2015).

3. Ins. by Act 38 of 1981, s. 3 (w.e.f. 19-9-1981).

[1][CHAPTER XXC

PURCHASE BY CENTRAL GOVERNMENT OF IMMOVABLE PROPERTIES IN CERTAIN CASES OF TRANSFER

**269U. Commencement of Chapter.**—The provisions of this Chapter shall come into force on such date as the Central Government may, by notification in the Official Gazette, appoint, and different dates may be appointed for different areas.

**269UA. Definitions.**—In this Chapter, unless the context otherwise requires,—

(*a*) "agreement for transfer" means an agreement, whether registered under the Registration Act, 1908 (16 of 1908) or not, for the transfer of any immovable property ;

(*b*) "apparent consideration",—

(*1*) in relation to any immovable property in respect of which an agreement for transfer is made, being immovable property of the nature referred to in sub-clause (*i*) of clause (*d*), means,—

(*i*) if the immovable property is to be transferred by way of sale, the consideration for such transfer as specified in the agreement for transfer;

(*ii*) if the immovable property is to be transferred by way of exchange,—

(*A*) in a case where the consideration for the transfer consists of a thing or things only, the price that such thing or things would ordinarily fetch on sale in the open market on the date on which the agreement for transfer is made;

(*B*) in a case where the consideration for the transfer consists of a thing or things and a sum of money, the aggregate of the price that such thing or things would ordinarily fetch on sale in the open market on the date on which the agreement for transfer is made, and such sum;

(*iii*) if the immovable property is to be transferred by way of lease,—

(*A*) in a case where the consideration for the transfer consists of premium only, the amount of premium as specified in the agreement for transfer;

(*B*) in a case where the consideration for the transfer consists of rent only, the aggregate of the moneys (if any) payable by way of rent and the amounts for the service or things forming part of or constituting the rent, as specified in the agreement for transfer;

(*C*) in a case where the consideration for the transfer consists of premium and rent, the aggregate of the amount of the premium, the moneys (if any) payable by way of rent and the amounts for the service or things forming part of or constituting the rent, as specified in the agreement for transfer,

and where the whole or any part of the consideration for such transfer is payable on any date or dates falling after the date of such agreement for transfer, the value of the consideration payable after such date shall be deemed to be the discounted value of such consideration, as on the date of such agreement for transfer, determined by adopting such rate of interest as may be prescribed in this behalf;

(*2*) in relation to any immovable property in respect of which an agreement for transfer is made, being immovable property of the nature referred to in sub-clause (*ii*) of clause (*d*), means,—

(*i*) in a case where the consideration for the transfer consists of a sum of money only, such sum;

---

1. Ins. by Act 23 of 1986, s. 34 (w.e.f. 13-5-1986).

(*ii*) in a case where the consideration for the transfer consists of a thing or things only, the price that such thing or things would ordinarily fetch on sale in the open market on the date on which the agreement for transfer is made ;

(*iii*) in a case where the consideration for the transfer consists of a thing or things and a sum of money, the aggregate of the price that such thing or things would ordinarily fetch on sale in the open market on the date on which the agreement for transfer is made, and such sum,

and where the whole or any part of the consideration for such transfer is payable on any date or dates falling after the date of such agreement for transfer, the value of the consideration payable after such date shall be deemed to be the discounted value62 of such consideration, as on the date of such agreement for transfer, determined by adopting such rate of interest as may be prescribed in this behalf;

(*c*) "appropriate authority" means an authority constituted under section 269UB to perform the functions of an appropriate authority under this Chapter ;

(*d*) "immovable property" means—

(*i*) any land or any building or part of a building, and includes, where any land or any building or part of a building is to be transferred together with any machinery, plant, furniture, fittings or other things, such machinery, plant, furniture, fittings or other things also.

*Explanation.*—For the purposes of this sub-clause, "land, building, part of a building, machinery, plant, furniture, fittings and other things" include any rights therein;

(*ii*) any rights in or with respect to any land or any building or a part of a building (whether or not including any machinery, plant, furniture, fittings or other things therein) which has been constructed or which is to be constructed, accruing or arising from any transaction (whether by way of becoming a member of, or acquiring shares in, a co-operative society, company or other association of persons or by way of any agreement or any arrangement of whatever nature), not being a transaction by way of sale, exchange or lease of such land, building or part of a building ;

(*e*) "person interested", in relation to any immovable property, includes all persons claiming, or entitled to claim, an interest in the consideration payable on account of the vesting of that property in the Central Government under this Chapter ;

(*f*) "transfer",—

(*i*) in relation to any immovable property referred to in sub-clause (*i*) of clause (*d*), means transfer of such property by way of sale or exchange or lease for a term of not less than twelve years, and includes allowing the possession of such property to be taken or retained in part performance of a contract of the nature referred to in section 53A of the Transfer of Property Act, 1882 (4 of 1882).

*Explanation.*—For the purposes of this sub-clause, a lease which provides for the extension of the term thereof by a further term or terms shall be deemed to be a lease for a term of not less than twelve years, if the aggregate of the term for which such lease is to be granted and the further term or terms for which it can be so extended is not less than twelve years ;

(*ii*) in relation to any immovable property of the nature referred to in sub-clause (*ii*) of clause (*d*), means the doing of anything (whether by way of admitting as a member of or by way of transfer of shares in a co-operative society or company or other association of persons or by way of any agreement or arrangement or in any other manner whatsoever) which has the effect of transferring, or enabling the enjoyment of, such property.

**269UB. Appropriate authority.**—(*1*) The Central Government may, by order, publish in the Official Gazette,—

(*a*) constitute as many appropriate authorities, as it thinks fit, to perform the functions of an appropriate authority under this Chapter ; and

(*b*) definethe local limits within which the appropriate authorities shall perform their functions under this Chapter.

(*2*) An appropriate authority shall consist of three persons, two of whom shall be members of the Indian Income-tax Service, Group A, holding the post of Commissioner of Income-tax or any equivalent or higher post, and one shall be a member of the Central Engineering Service, Group A, holding the post of Chief Engineer or any equivalent or higher post.

(*3*) In respect of any function to be performed by an appropriate authority under any provision of this Chapter in relation to any immovable property referred to in section 269UC, the appropriate authority referred to therein shall,—

(*a*) in a case where such property is situate within the local limits of the jurisdiction of only one appropriate authority, be such appropriate authority ;

(*b*) in a case where such property is situate within the local limits of the jurisdiction of two or more appropriate authorities, be the appropriate authority empowered to perform such functions in relation to such property in accordance with the rules64 made in this behalf by the Board under section 295.

*Explanation.*—For the purposes of this sub-section, immovable property being rights of the nature referred to in sub-clause (*ii*) of clause (*d*) of section 269UA in, or with respect to, any land or any building or part of a building which has been constructed or which is to be constructed shall be deemed to be situate at the place where the land is situate or, as the case may be, where the building has been constructed or is to be constructed.

**269UC.Restrictions on transfer of immovable property.**—(*1*) Notwithstanding anything contained in the Transfer of Property Act, 1882 (4 of 1882), or in any other law for the time being in force, [1][no transfer of any immovable property in such area and of such value exceeding five lakh rupees, as may be prescribed], shall be effected except after an agreement for transfer is entered into between the person who intends transferring the immovable property (hereinafter referred to as the transferor) and the person to whom it is proposed to be transferred (hereinafter referred to as the transferee) in accordance with the provisions of sub-section (*2*) at least [2][four months] before the intended date of transfer.

(*2*) The agreement referred to in sub-section (*1*) shall be reduced to writing in the form of a statement by each of the parties to such transfer or by any of the parties to such transfer acting on behalf of himself and on behalf of the other parties.

(*3*) Every statement referred to in sub-section (*2*) shall,—

(*i*) be in the prescribed form ;

(*ii*) set forth such particulars as may be prescribed ; and

(*iii*) be verified in the prescribed manner,

and shall be furnished to the appropriate authority in such manner and within such time as may be prescribed, by each of the parties to such transaction or by any of the parties to such transaction acting on behalf of himself and on behalf of the other parties.

[3][(*4*) Where it is found that the statement referred to in sub-section (*2*) is defective, the appropriate authority may intimate the defect to the parties concerned and give them an opportunity to rectify the

---

1. Subs. by Act 22 of 1995, s. 46, for " no transfer of any immovable property of such value exceeding five lakh rupees as may be prescribed" (w.e.f. 1-7-1995).
2. Subs. by Act 38 of 1993, s. 33, for "three months" (w.e.f. 1-6-1993).
3. Ins. by Act 22 of 1995, s. 46 (w.e.f. 1-7-1995).

defect within a period of fifteen days from the date of such intimation or within such further period which, on an application made in this behalf, the appropriate authority may, in its discretion, allow and if the defect is not rectified within the said period of fifteen days, or as the case may be, the further period so allowed, then, notwithstanding anything contained in any other provision of this Chapter, the statement shall be deemed never to have been furnished.]

**269UD. Order by appropriate authority for purchase by Central Government of immovable property.**—(*1*) [1][Subject to the provisions of sub-sections (*1A*) and (*1B*), the appropriate authority], after the receipt of the statement under sub-section (*3*) of section 269UC in respect of any immovable property, may, notwithstanding anything contained in any other law or any instrument or any agreement for the time being in force, [2]*** make an order for the purchase by the Central Government of such immovable property at an amount equal to the amount of apparent consideration :

Provided that no such order shall be made in respect of any immovable property after the expiration of a period of two months from the end of the month in which the statement referred to in section 269UC in respect of such property is received by the appropriate authority:

[3][Provided further that where the statement referred to in section 269UC in respect of any immovable property is received by the appropriate authority on or after the 1st day of June, 1993, the provisions of the first proviso shall have effect as if for the words "two months", the words "three months" had been substituted:]

[4][Provided also that the period of limitation referred to in the second proviso shall be reckoned, where any defect as referred to in sub-section (*4*) of section 269UC has been intimated, with reference to the date of receipt of the rectified statement by the appropriate authority:]

[5][Provided also] that in a case where the statement referred to in section 269UC in respect of the immovable property concerned is given to an appropriate authority, other than the appropriate authority having jurisdiction in accordance with the provisions of section 269UB to make the order referred to in this sub-section in relation to the immovable property concerned, the period of limitation referred to in[6][the first and second provisos] shall be reckoned with reference to the date of receipt of the statement by the appropriate authority having jurisdiction to make the order under this sub-section :

[7][Provided also that the period of limitation referred to in the second proviso shall be reckoned, where any stay has been granted by any court against the passing of an order for the purchase of the immovable property under this Chapter, with reference to the date of vacation of the said stay.]

[8][(*1A*) Before making an order under sub-section (*1*), the appropriate authority shall give a reasonable opportunity of being heard to the transferor, the person in occupation of the immovable property if the transferor is not in occupation of the property, the transferee and to every other person whom the appropriate authority knows to be interested in the property.

(*1B*) Every order made by the appropriate authority under sub-section (*1*) shall specify the grounds on which it is made.]

(*2*) The appropriate authority shall cause a copy of its order under sub-section (*1*) in respect of any immovable property to be served on the transferor, the person in occupation of the immovable property if the transferor is not in occupation thereof, the transferee, and on every other person whom the appropriate authority knows to be interested in the property.

---

1. Subs. by Act 38 of 1993, s. 34, for "The appropriate authority" (w.e.f. 17-11-1992).
2. The words "and for reasons to be recorded in writing" omitted by s. 34, *ibid*. (w.e.f. 17-11-1992).
3. Ins. by s. 34, *ibid*. (w.e.f. 1-6-1993).
4. Ins. by Act 22 of 1995, s. 47 (w.e.f. 1-7-1995).
5. Subs. by Act 38 of 1993, s. 34, for "Provided further" (w.e.f. 1-6-1993).
6. Subs. by s. 34, *ibid.*, for "the preceding proviso" (w.e.f. 1-6-1993).
7. Ins. by s. 34, *ibid*. (w.e.f. 1-6-1993).
8. Ins. by s. 34, *ibid*. (w.r.e.f. 17-11-1992).

**269UE. Vesting of property in Central Government.**—(*1*) Where an order under sub-section (*1*) of section 269UD is made by the appropriate authority in respect of an immovable property referred to in sub-clause (*i*) of clause (*d*) of section 269UA, such property shall, on the date of such order, vest in the Central Government [1][in terms of the agreement for transfer referred to in sub-section (*1*) of section 269UC]:

[2][Provided that where the appropriate authority, after giving an opportunity of being heard to the transferor, the transferee or other persons interested in the said property, under sub-section (*1A*) of section 269UD, is of the opinion that any encumbrance on the property or leasehold interest specified in the aforesaid agreement for transfer is so specified with a view to defeat the provisions of this Chapter, it may, by order, declare such encumbrance or leasehold interest to be void and thereupon the aforesaid property shall vest in the Central Government free from such encumbrance or leasehold interest.]

(*2*) The transferor or any other person who may be in possession of the immovable property in respect of which an order under sub-section (*1*) of section 269UD is made, shall surrender or deliver possession thereof to the appropriate authority or any other person duly authorised by the appropriate authority in this behalf within fifteen days of the service of such order on him:

[2][Provided that the provisions of this sub-section and sub-sections (*3*) and (*4*) shall not apply where the person in possession of the immovable property, in respect of which an order under sub-section (*1*) of section 269UD is made, is a *bona fide* holder of any encumbrance on such property or a *bona fide* lessee of such property, if the said encumbrance or lease has not been declared void under the proviso to sub-section (*1*) and such person is eligible to continue in possession of such property even after the transfer in terms of the aforesaid agreement for transfer.]

(*3*) If any person refuses or fails to comply with the provisions of sub-section (*2*), the appropriate authority or other person duly authorised by it under that sub-section may take possession of the immovable property and may, for that purpose, use such force as may be necessary.

(*4*) Notwithstanding anything contained in sub-section (*2*), the appropriate authority may, for the purpose of taking possession of any property referred to in sub-section (*1*), requisition the services of any police officer to assist him and it shall be the duty of such officer to comply with such requisition.

(*5*) For the removal of doubts, it is hereby declared that nothing in this section shall operate to discharge the transferor or any other person (not being the Central Government) from liability in respect of any encumbrances on the property and, notwithstanding anything contained in any other law for the time being in force, such liability may be enforced against the transferor or such other person.

(*6*) Where an order under sub-section (*1*) of section 269UD is made in respect of an immovable property, being rights of the nature referred to in sub-clause (*ii*) of clause (*d*) of section 269UA, such order shall have the effect of—

(*a*) vesting such right in the Central Government ; and

(*b*) placing the Central Government in the same position in relation to such rights as the person in whom such a right would have continued to vest if such order had not been made.

(*7*) Where any rights in respect of any immovable property, being rights in, or with respect to, any land or any building or part of a building which has been constructed or which is to be constructed, have been vested in the Central Government under sub-section (*6*), the provisions of sub-sections (*1*), (*2*), (*3*) and (*4*) shall, so far as may be, have effect as if the references to immovable property therein were references to such land or building or part thereof, as the case may be.

---

1. Subs. by Act 38 of 1993, s. 35, for "free from all encumbrances" (w.e.f. 17-11-1992).
2. Ins. by s. 35, *ibid*. (w.e.f. 17-11-1992).

**269UF. Consideration for purchase of immovable property by Central Government.**—(*1*) Where an order for the purchase of any immovable property by the Central Government is made under sub-section (*1*) of section 269UD, the Central Government shall pay, by way of consideration for such purchase, an amount equal to the amount of the apparent consideration.

(*2*) Notwithstanding anything contained in sub-section (*1*), where, after the agreement for the transfer of the immovable property referred to in that sub-section has been made but before the property vests in the Central Government under section 269UE, the property has been damaged (otherwise than as a result of normal wear and tear), the amount of the consideration payable under that sub-section shall be reduced by such sum as the appropriate authority, for reasons to be recorded in writing, may by order determine.

**269UG. Payment or deposit of consideration.**—(*1*) The amount of consideration payable in accordance with the provisions of section 269UF shall be tendered to the person or persons entitled thereto, within a period of one month from the end of the month in which the immovable property concerned becomes vested in the Central Government under sub-section (*1*), or, as the case may be, sub-section (*6*), of section 269UE:

Provided that if any liability for any tax or any other sum remaining payable under this Act, the Wealth-tax Act, 1957 (27 of 1957), the Gift-tax Act, 1958 (18 of 1958), the Estate Duty Act, 1953 (34 of 1953), or the Companies (Profits) Surtax Act, 1964 (7 of 1964), by any person entitled to the consideration payable under section 269UF, the appropriate authority may, in lieu of the payment of the amount of consideration, set off the amount of consideration or any part thereof against such liability or sum, after giving an intimation in this behalf to the person entitled to the consideration.

(*2*) Notwithstanding anything contained in sub-section (*1*), if any dispute arises as to the apportionment of the amount of consideration amongst persons claiming to be entitled thereto, the Central Government shall deposit with the appropriate authority the amount of consideration required to be tendered under sub-section (*1*) within the period specified therein.

(*3*) Notwithstanding anything contained in sub-section (*1*), if the person entitled to the amount of consideration does not consent to receive it, or if there is any dispute as to the title to receive the amount of consideration, the Central Government shall deposit with the appropriate authority the amount of consideration required to be tendered under sub-section (*1*) within the period specified therein :

Provided that nothing herein contained shall affect the liability of any person who may receive the whole or any part of the amount of consideration for any immovable property vested in the Central Government under this Chapter to pay the same to the person lawfully entitled thereto.

(*4*) Where any amount of consideration has been deposited with the appropriate authority under this section, the appropriate authority may, either of its own motion or on an application made by or on behalf of any person interested or claiming to be interested in such amount, order the same to be invested in such Government or other securities as it may think proper, and may direct the interest or other proceeds of any such investment to be accumulated and paid in such manner as will, in its opinion, give the parties interested therein the same benefits therefrom as they might have had from the immovable property in respect whereof such amount has been deposited or as near thereto as may be.

**269UH. Re-vesting of property in the transferor on failure of payment or deposit of consideration.**—(*1*) If the Central Government fails to tender under sub-section (*1*) of section 269UG or deposit under sub-section (*2*) or sub-section (*3*) of the said section, the whole or any part of the amount of consideration required to be tendered or deposited thereunder within the period specified therein in respect of any immovable property which has vested in the Central Government under sub-section (*1*) or,

as the case may be, sub-section (*6*) of section 269UE, the order to purchase the immovable property by the Central Government made under sub-section (*1*) of section 269UD shall stand abrogated and the immovable property shall stand re-vested in the transferor after the expiry of the aforesaid period:

Provided that where any dispute referred to in sub-section (*2*) or sub-section (*3*) of section 269UG is pending in any court for decision, the time taken by the court to pass a final order under the said sub-sections shall be excluded in computing the said period.

(*2*) Where an order made under sub-section (*1*) of section 269UD is abrogated and the immovable property re-vested in the transferor under sub-section (*1*), the appropriate authority shall make, as soon as may be, a declaration in writing to this effect and shall—

(*a*) deliver a copy of the declaration to the persons mentioned in sub-section (*2*) of section 269UD; and

(*b*) deliver or cause to be delivered possession of the immovable property back to the transferor, or, as the case may be, to such other person as was in possession of the property at the time of its vesting in the Central Government under section 269UE.

**269UI. Powers of the appropriate authority.**—The appropriate authority shall have, for the purposes of this Chapter, all the powers that a [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner]] of Income-tax has for the purposes of this Act under section 131.

**269UJ. Rectification of mistakes.**—With a view to rectifying any mistake apparent from the record, the appropriate authority may amend any order made by it under this Chapter, either on its own motion or on the mistake being brought to its notice by any person affected by the order:

Provided that if any such amendment is likely to affect any person prejudicially, it shall not be made without giving to such person a reasonable opportunity of being heard:

Provided further that no amendment shall be made under this section after the expiry of six months from the end of the month in which the order sought to be amended was made.

**269UK. Restrictions on revocation or alteration of certain agreements for the transfer of immovable property or on transfer of certain immovable property.**—(*1*) Notwithstanding anything contained in any other law for the time being in force, no person shall revoke or alter an agreement for the transfer of an immovable property or transfer such property in respect of which a statement has been furnished under section 269UC unless,—

(*a*) the appropriate authority has not made an order for the purchase of the immovable property by the Central Government under section 269UD and the period specified for the making of such order has expired; or

(*b*) in a case where an order for the purchase of the immovable property by the Central Government has been made under sub-section (*1*) of section 269UD, the order stands abrogated under sub-section (*1*) of section 269UH.

---

1. Subs. by Act 4 of 1988, s. 2 for "Commissioner" (w.e.f. 1-4-1988).

2. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.e.f. 1-6-2013).

3. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

(*2*) Any transfer of any immovable property made in contravention of the provisions of sub-section (*1*) shall be void.

**269UL. Restrictions on registration, etc., of documents in respect of transfer of immovable property.**—(*1*) Notwithstanding anything contained in any other law for the time being in force, no registering officer appointed under the Registration Act, 1908 (16 of 1908), shall register any document which purports to transfer immovable property exceeding the value prescribed under section 269UC unless a certificate from the appropriate authority that it has no objection to the transfer of such property for an amount equal to the apparent consideration therefor as stated in the agreement for transfer of the immovable property in respect of which it has received a statement under sub-section (*3*) of section 269UC, is furnished along with such document.

(*2*) Notwithstanding anything contained in any other law for the time being in force, no person shall do anything or omit to do anything which will have the effect of transfer of any immovable property unless the appropriate authority certifies that it has no objection to the transfer of such property for an amount equal to the apparent consideration therefor as stated in the agreement for transfer of the immovable property in respect of which it has received a statement under sub-section (*3*) of section 269UC.

(*3*) In a case where the appropriate authority does not make an order under sub-section (*1*) of section 269UD for the purchase by the Central Government of an immovable property, or where the order made under sub-section (*1*) of section 269UD stands abrogated under sub-section (*1*) of section 269UH, the appropriate authority shall issue a certificate of no objection referred to in sub-section (*1*) or, as the case may be, sub-section (*2*) and deliver copies thereof to the transferor and the transferee.

**269UM. Immunity to transferor against claims of transferee for transfer.**—Notwithstanding anything contained in any other law or in any instrument or any agreement for the time being in force, when an order for the purchase of any immovable property by the Central Government is made under this Chapter, no claim by the transferee shall lie against the transferor by reason of such transfer being not in accordance with the agreement for the transfer of the immovable property entered into between the transferor and transferee:

Provided that nothing contained in this section shall apply if the order for the purchase of the immovable property by the Central Government is abrogated under sub-section (*1*) of section 269UH.

**269UN. Order of appropriate authority to be final and conclusive.**—Save as otherwise provided in this Chapter, any order made under sub-section (*1*) of section 269UD or any order made under sub-section (*2*) of section 269UF shall be final and conclusive and shall not be called in question in any proceeding under this Act or under any other law for the time being in force.

**269UO. Chapter not to apply to certain transfers.**—The provisions of this Chapter shall not apply to or in relation to any immovable property where the agreement for transfer of such property is made by a person to his relative on account of natural love and affection, if a recital to that effect is made in the agreement for transfer.

[1][**269UP. Chapter not to apply where transfer of immovable property effected after certain date.**—The provisions of this Chapter shall not apply to, or in relation to, the transfer of any immovable property effected on or after the 1st day of July, 2002.]

---

1. Ins. by Act 20 of 2002, s. 100 (w.e.f. 1-7-2002).

CHAPTER XXI

PENALTIES IMPOSABLE

**270. [Failure to furnish information regarding securities, etc.]**—*Omitted by the Direct Tax Laws* (*Amendment*) *Act* 1987 (4 *of* 1988)*, s.* 105 (*w.e.f.* 1-4-1989)*.*

[1][**270A. Penalty for under-reporting and misreporting of income.**—(*1*) The Assessing Officer or the Commissioner (Appeals) or the Principal Commissioner or Commissioner may, during the course of any proceedings under this Act, direct that any person who has under-reported his income shall be liable to pay a penalty in addition to tax, if any, on the under-reported income.

(*2*) A person shall be considered to have under-reported his income, if—

(*a*) the income assessed is greater than the income determined in the return processed under clause (*a*) of sub-section (*1*) of section 143;

(*b*) the income assessed is greater than the maximum amount not chargeable to tax, where no return of income has been furnished;

(*c*) the income reassessed is greater than the income assessed or reassessed immediately before such reassessment;

(*d*) the amount of deemed total income assessed or reassessed as per the provisions of section 115JB or section 115JC, as the case may be, is greater than the deemed total income determined in the return processed under clause (*a*) of sub-section (*1*) of section 143;

(*e*) the amount of deemed total income assessed as per the provisions of section 115JB or section 115JC is greater than the maximum amount not chargeable to tax, where no return of income has been filed;

(*f*) the amount of deemed total income reassessed as per the provisions of section 115JB or section 115JC, as the case may be, is greater than the deemed total income assessed or reassessed immediately before such reassessment;

(*g*) the income assessed or reassessed has the effect of reducing the loss or converting such loss into income.

(*3*) The amount of under-reported income shall be,—

(*i*) in a case where income has been assessed for the first time,—

(*a*) if return has been furnished, the difference between the amount of income assessed and the amount of income determined under clause (*a*) of sub-section (*1*) of section 143;

(*b*) in a case where no return has been furnished,—

(*A*) the amount of income assessed, in the case of a company, firm or local authority; and

(*B*) the difference between the amount of income assessed and the maximum amount not chargeable to tax, in a case not covered under item (A);

_____
1. Ins. by Act 28 of 2016, s. 98 (w.e.f. 1-4-2017).

(*ii*) in any other case, the difference between the amount of income reassessed or recomputed and the amount of income assessed, reassessed or recomputed in a preceding order:

Provided that where under-reported income arises out of determination of deemed total income in accordance with the provisions of section 115JB or section 115JC, the amount of total under-reported income shall be determined in accordance with the following formula—

$$(A — B) + (C — D)$$

where,

A = the total income assessed as per the provisions other than the provisions contained in section 115JB or section 115JC (herein called general provisions);

B = the total income that would have been chargeable had the total income assessed as per the general provisions been reduced by the amount of under-reported income;

C = the total income assessed as per the provisions contained in section 115JB or section 115JC;

D = the total income that would have been chargeable had the total income assessed as per the provisions contained in section 115JB or section 115JC been reduced by the amount of under-reported income:

Provided further that where the amount of under-reported income on any issue is considered both under the provisions contained in section 115JB or section 115JC and under general provisions, such amount shall not be reduced from total income assessed while determining the amount under item D.

*Explanation*.—For the purposes of this section,—

(*a*) "preceding order" means an order immediately preceding the order during the course of which the penalty under sub-section (*1*) has been initiated;

(*b*) in a case where an assessment or reassessment has the effect of reducing the loss declared in the return or converting that loss into income, the amount of under-reported income shall be the difference between the loss claimed and the income or loss, as the case may be, assessed or reassessed.

(*4*) Subject to the provisions of sub-section (*6*), where the source of any receipt, deposit or investment in any assessment year is claimed to be an amount added to income or deducted while computing loss, as the case may be, in the assessment of such person in any year prior to the assessment year in which such receipt, deposit or investment appears (hereinafter referred to as "preceding year") and no penalty was levied for such preceding year, then, the under-reported income shall include such amount as is sufficient to cover such receipt, deposit or investment.

(*5*) The amount referred to in sub-section (*4*) shall be deemed to be amount of income under-reported for the preceding year in the following order—

(*a*) the preceding year immediately before the year in which the receipt, deposit or investment appears, being the first preceding year; and

(*b*) where the amount added or deducted in the first preceding year is not sufficient to cover the receipt, deposit or investment, the year immediately preceding the first preceding year and so on.

(*6*) The under-reported income, for the purposes of this section, shall not include the following, namely:—

(*a*) the amount of income in respect of which the assessee offers an explanation and the Assessing Officer or the Commissioner (Appeals) or the Commissioner or the Principal Commissioner, as the case may be, is satisfied that the explanation is bona fide and the assessee has disclosed all the material facts to substantiate the explanation offered;

(*b*) the amount of under-reported income determined on the basis of an estimate, if the accounts are correct and complete to the satisfaction of the Assessing Officer or the Commissioner (Appeals) or the Commissioner or the Principal Commissioner, as the case may be, but the method employed is such that the income cannot properly be deduced therefrom;

(*c*) the amount of under-reported income determined on the basis of an estimate, if the assessee has, on his own, estimated a lower amount of addition or disallowance on the same issue, has included such amount in the computation of his income and has disclosed all the facts material to the addition or disallowance;

(*d*) the amount of under-reported income represented by any addition made in conformity with the arm's length price determined by the Transfer Pricing Officer, where the assessee had maintained information and documents as prescribed under section 92D, declared the international transaction under Chapter X, and, disclosed all the material facts relating to the transaction; and

(*e*) the amount of undisclosed income referred to in section 271AAB.

(*7*) The penalty referred to in sub-section (*1*) shall be a sum equal to fifty per cent of the amount of tax payable on under-reported income.

(*8*) Notwithstanding anything contained in sub-section (*6*) or sub-section (*7*), where under-reported income is in consequence of any misreporting thereof by any person, the penalty referred to in sub-section (*1*) shall be equal to two hundred per cent of the amount of tax payable on under-reported income.

(*9*) The cases of misreporting of income referred to in sub-section (*8*) shall be the following, namely:—

(*a*) misrepresentation or suppression of facts;

(*b*) failure to record investments in the books of account;

(*c*) claim of expenditure not substantiated by any evidence;

(*d*) recording of any false entry in the books of account;

(*e*) failure to record any receipt in books of account having a bearing on total income; and

(*f*) failure to report any international transaction or any transaction deemed to be an international transaction or any specified domestic transaction, to which the provisions of Chapter X apply.

(*10*) The tax payable in respect of the under-reported income shall be—

(*a*) where no return of income has been furnished and the income has been assessed for the first time, the amount of tax calculated on the under-reported income as increased by the maximum amount not chargeable to tax as if it were the total income;

(*b*) where the total income determined under clause (*a*) of sub-section (*1*) of section 143 or assessed, reassessed or recomputed in a preceding order is a loss, the amount of tax calculated on the under-reported income as if it were the total income;

(*c*) in any other case, determined in accordance with the formula—

(X-Y)

where,

X = the amount of tax calculated on the under-reported income as increased by the total income determined under clause (*a*) of sub-section (*1*) of section 143 or total income assessed, reassessed or recomputed in a preceding order as if it were the total income; and

Y = the amount of tax calculated on the total income determined under clause (*a*) of sub-section (*1*) of section 143 or total income assessed, reassessed or recomputed in a preceding order.

(*11*) No addition or disallowance of an amount shall form the basis for imposition of penalty, if such addition or disallowance has formed the basis of imposition of penalty in the case of the person for the same or any other assessment year.

(*12*) The penalty referred to in sub-section (*1*) shall be imposed, by an order in writing, by the Assessing Officer, the Commissioner (Appeals), the Commissioner or the Principal Commissioner, as the case may be.]

[1][**270AA. Immunity from imposition of penalty, etc.**—(*1*) An assessee may make an application to the Assessing Officer to grant immunity from imposition of penalty under section 270A and initiation of proceedings under section 276C or section 276CC, if he fulfils the following conditions, namely:—

(*a*) the tax and interest payable as per the order of assessment or reassessment under sub-section (*3*) of section 143 or section 147, as the case may be, has been paid within the period specified in such notice of demand; and

(*b*) no appeal against the order referred to in clause (*a*) has been filed.

(*2*) An application referred to in sub-section (*1*) shall be made within one month from the end of the month in which the order referred to in clause (*a*) of sub-section (*1*) has been received and shall be made in such form and verified in such manner as may be prescribed.

(*3*) The Assessing Officer shall, subject to fulfilment of the conditions specified in sub-section (*1*) and after the expiry of the period of filing the appeal as specified in clause (*b*) of sub-section (*2*) of section 249, grant immunity from imposition of penalty under section 270A and initiation of proceedings under section 276C or section 276CC, where the proceedings for penalty under section 270A has not been initiated under the circumstances referred to in sub-section (*9*) of the said section 270A.

(*4*) The Assessing Officer shall, within a period of one month from the end of the month in which the application under sub-section (*1*) is received, pass an order accepting or rejecting such application:

Provided that no order rejecting the application shall be passed unless the assessee has been given an opportunity of being heard.

(*5*) The order made under sub-section (*4*) shall be final.

(*6*) No appeal under section 246A or an application for revision under section 264 shall be admissible against the order of assessment or reassessment, referred to in clause (*a*) of sub-section (*1*), in a case where an order under sub-section (*4*) has been made accepting the application.]

1. Ins. by Act 28 of 2016, s. 99 (w.e.f. 1-4-2017).

[1][**271. Failure to furnish returns, comply with notices, concealment of income, etc.**—(*1*) If the [2][Assessing Officer] or the [3]*** [4][Commissioner (Appeals)] [5][or the [6][Principal Commissioner or Commissioner]] in the course of any proceedings under this Act, is satisfied that any person—

[7]*          *          *          *          *]

(*b*) has [8]*** failed to comply with a notice [9][under sub-section (*2*) of section 115WD or under sub-section (*2*) of section 115WE or under sub-section (*1*) of section 142] or sub-section (*2*) of section 143 [10][or fails to comply with a direction issued under sub-section (*2A*) of section 142], or

(*c*) has concealed the particulars of his income or [11]*** furnished inaccurate particulars of [12][such income, or]

[13][(*d*) has concealed the particulars of the fringe benefits or furnished inaccurate particulars of such fringe benefits,]

he may direct that such person shall pay by way of penalty,—

[14]*          *          *          *          *

[15][(*ii*) in the cases referred to in clause (*b*), [16][in addition to tax, if any, payable] by him, [17][a sum of ten thousand rupees] for each such failure;]

[18][(*iii*) in the cases referred to in [19][clause (*c*) or clause (*d*)], [16][in addition to tax, if any, payable] by him, a sum which shall not be less than, but which shall not exceed [20][three times], the amount of tax sought to be evaded by reason of the concealment of particulars of his [21][income or fringe benefits] or the furnishing of inaccurate particulars of such [21][income or fringe benefits].

[22]*          *          *          *          *]

*Explanation 1.*—Where in respect of any facts material to the computation of the total income of any person under this Act,—

(*A*) such person fails to offer an explanation or offers an explanation which is found by the [2][Assessing Officer] or the [3]*** [4][Commissioner (Appeals)] [5][or the [6][Principal Commissioner or Commissioner]] to be false, or

---

1. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. The words "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998).
4. Ins. by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
5. Ins. by Act 20 of 2002, s. 101 (w.e.f. 1-6-2002).
6. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).
7. Clause (*a*) omitted by Act 3 of 1989, s. 50 (w.e.f. 1-4-1989).
8. The words "without reasonable cause" omitted by Act 46 of 1986, s. 19 (w.e.f. 10-9-1986).
9. Subs. by Act 18 of 2005, s. 58, for "under sub-section (*1*) of section 142" (w.e.f. 1-4-2006).
10. Ins. by Act 41 of 1975, s. 61 (w.e.f 1-4-1976).
11. The word "deliberately" omitted by Act 5 of 1964, s. 40 (w.e.f. 1-4-1964).
12. Subs. by Act 18 of 2005, s. 58, for "such income" (w.e.f. 1-4-2006).
13. Ins. by s. 58, *ibid*. (w.e.f. 1-4-2006).
14. Clause (*i*) omitted by Act 3 of 1989, s. 50 (w.e.f. 1-4-1989).
15. Subs. by s. 50, *ibid*., for clause (*ii*) (w.e.f. 1-4-1989).
16. Subs. by Act 20 of 2002, s. 101, for "in addition to any tax payable" (w.e.f. 1-4-2003).
17. Subs. by Act 14 of 2001. s. 86, for "a sum which shall not be less than one thousand rupees but which may extend to twenty-five thousand rupee" (w.e.f 1-6-2001).
18. Subs. by Act 41 of 1975, s. 61, for clause (*iii*) and the *Explanation* (w.e.f. 1-4-1976).
19. Subs. by Act 18 of 2005, s. 58, for "clause (c)" (w.e.f. 1-4-2006).
20. Subs. by Act 3 of 1989, s. 50, for "twice" (w.e.f. 1-4-1989).
21. Subs. by Act 18 of 2005, s. 58, for "income' (w.e.f. 1-4-2006).
22. The *proviso* omitted by Act 3 of 1989, s. 50 (w.e.f. 1-4-1989).

(*B*) such person offers an explanation which he is [1][not able to substantiate and fails to prove that such explanation is *bona fide* and that all the facts relating to the same and material to the computation of his total income have been disclosed by him,]

then, the amount added or disallowed in computing the total income of such person as a result thereof shall, for the purposes of clause (*c*) of this sub-section, be deemed to represent the income in respect of which particulars have been concealed.

[2]*       *       *       *       *

*Explanation 2.*—Where the source of any receipt, deposit, outgoing or investment in any assessment year is claimed by any person to be an amount which had been added in computing the income or deducted in computing the loss in the assessment of such person for any earlier assessment year or years but in respect of which no penalty under clause (*iii*) of this sub-section had been levied, that part of the amount so added or deducted in such earlier assessment year immediately preceding the year in which the receipt, deposit, outgoing or investment appears (such earlier assessment year hereafter in this *Explanation* referred to as the first preceding year) which is sufficient to cover the amount represented by such receipt, deposit or outgoing or value of such investment (such amount or value hereafter in this *Explanation* referred to as the utilised amount) shall be treated as the income of the assessee, particulars of which had been concealed or inaccurate particulars of which had been furnished for the first preceding year; and where the amount so added or deducted in the first preceding year is not sufficient to cover the utilised amount, that part of the amount so added or deducted in the year immediately preceding the first preceding year which is sufficient to cover such part of the utilised amount as is not so covered shall be treated to be the income of the assessee, particulars of which had been concealed or inaccurate particulars of which had been furnished for the year immediately preceding the first preceding year and so on, until the entire utilised amount is covered by the amounts so added or deducted in such earlier assessment years.

[3][*Explanation 3.*—Where any person [4]*** fails, without reasonable cause, to furnish within the period specified in sub-section (*1*) of section 153 a return of his income which he is required to furnish under section 139 in respect of any assessment year commencing on or after the 1st day of April, 1989, and until the expiry of the period aforesaid, no notice has been issued to him under clause (*i*) of sub-section (*1*) of section 142 or section 148 and the Assessing Officer or the [5]*** Commissioner (Appeals) is satisfied that in respect of such assessment year such person has taxable income, then, such person shall, for the purposes of clause (*c*) of this sub-section, be deemed to have concealed the particulars of his income in respect of such assessment year, notwithstanding that such person furnishes a return of his income at any time after the expiry of the period aforesaid in pursuance of a notice under section 148.]

[6][*Explanation 4.*—For the purposes of clause (*iii*) of this sub-section,—

(*a*) the amount of tax sought to be evaded shall be determined in accordance with the following formula—

$$(A - B) + (C - D)$$

where,

*A* = amount of tax on the total income assessed as per the provisions other than the provisions contained in section 115Jb or section 115JC (herein called general provisions);

1. Subs. by Act 46 of 1986, s. 19, for "not able to substantiate," (w.e.f. 10-9-1986).
2. The proviso omitted by s. 19, *ibid.* (w.e.f. 10-9-1986).
3. Subs. by Act 3 of 1989, s. 50, for the *Explanation* (w.e.f. 1-4-1989). Earlier *Explanation* 3 amended by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
4. The words "who has not previously been assessed under this Act,' omitted by Act 20 of 2002, s. 101 (w.e.f. 1-4-2003).
5. The words "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998).
6. Subs. by Act 20 of 2015, s. 70, for *Explanation* 4 (w.e.f. 1-4-2016).

$B$ = amount of tax that would have been chargeable had the total income assessed as per the general provisions been reduced by the amount of income in respect of which particulars have been concealed or inaccurate particulars have been furnished;

$C$ = amount of tax on the total income assessed as per the provisions contained in section 115JB or section 115JC;

$D$ = amount of tax that would have been chargeable had the total income assessed as per the provisions contained in section 115JB or section 115JC been reduced by the amount of income in respect of which particulars have been concealed or inaccurate particulars have been furnished:

Provided that where the amount of income in respect of which particulars have been concealed or inaccurate particulars have been furnished on any issue is considered both under the provisions contained in section 115JB or section 115JC and under general provisions, such amount shall not be reduced from total income assessed while determining the amount under item $D$:

Provided further that in a case where the provisions contained in section 115JB or section 115JC are not applicable, the item $(C - D)$ in the formula shall be ignored;

(b) where in any case the amount of income in respect of which particulars have been concealed or inaccurate particulars have been furnished has the effect of reducing the loss declared in the return or converting that loss into income, the amount of tax sought to be evaded shall be determined in accordance with the formula specified in clause (a) with the modification that the amount to be determined for item $(A - B)$ in that formula shall be the amount of tax that would have been chargeable on the income in respect of which particulars have been concealed or inaccurate particulars have been furnished had such income been the total income;

(c) where in any case to which *Explanation 3* applies, the amount of tax sought to be evaded shall be the tax on the total income assessed as reduced by the amount of advance tax, tax deducted at source, tax collected at source and self-assessment tax paid before the issue of notice under section 148.]]

[1][*Explanation 5.*—Where in the course of a [2][search initiated under section 132 before the 1st day of June, 2007], the assessee is found to be the owner of any money, bullion, jewellery or other valuable article or thing (hereafter in this *Explanation* referred to as assets) and the assessee claims that such assets have been acquired by him by utilising (wholly or in part) his income,—

(a) for any previous year which has ended before the date of the search, but the return of income for such year has not been furnished before the said date or, where such return has been furnished before the said date, such income has not been declared therein ; or

(b) for any previous year which is to end on or after the date of the search,

then, notwithstanding that such income is declared by him in any return of income furnished on or after the date of the search, he shall, for the purposes of imposition of a penalty under clause (c) of sub-section (1) of this section, be deemed to have concealed the particulars of his income or furnished inaccurate particulars of such income, [3][unless,—

(1) such income is, or the transactions resulting in such income are recorded,—

(i) in a case falling under clause (a), before the date of the search; and

(ii) in a case falling under clause (b), on or before such date,

---

1. Ins. by Act 67 of 1984, s. 48 (w.e.f. 1-10-1984).
2. Subs. by Act 22 of 2007, s.76, for "search under section 132" (w.e.f. 1-6-2007).
3. Subs. by Act 46 of 1986, s. 19, for certain words (w.e.f. 10-9-1986).

in the books of account, if any, maintained by him for any source of income or such income is otherwise disclosed to the [1][[2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner] before the said date ; or]

(2) he, in the course of the search, makes a statement under sub-section (4) of section 132 that any money, bullion, jewellery or other valuable article or thing found in his possession or under his control, has been acquired out of his income which has not been disclosed so far in his return of income to be furnished before the expiry of time specified in [4]*** sub-section (1) of section 139, and also specifies in the statement the manner in which such income has been derived and pays the tax, together with interest, if any, in respect of such income.]

[5][*Explanation 5A.*—Where, in the course of a search initiated under section 132 on or after the 1st day of June, 2007, the assessee is found to be the owner of—

(i) any money, bullion, jewellery or other valuable article or thing (hereafter in this *Explanation* referred to as assets) and the assessee claims that such assets have been acquired by him by utilising (wholly or in part) his income for any previous year; or

(ii) any income based on any entry in any books of account or other documents or transactions and he claims that such entry in the books of account or other documents or transactions represents his income (wholly or in part) for any previous year,

which has ended before the date of search and,—

(a) where the return of income for such previous year has been furnished before the said date but such income has not been declared therein; or

(b) the due date for filing the return of income for such previous year has expired but the assessee has not filed the return,

then, notwithstanding that such income is declared by him in any return of income furnished on or after the date of search, he shall, for the purposes of imposition of a penalty under clause (c) of sub-section (1) of this section, be deemed to have concealed the particulars of his income or furnished inaccurate particulars of such income.]

[6][*Explanation 6.*—Where any adjustment is made in the income or loss declared in the return under the proviso to clause (a) of sub-section (1) of section 143 and additional tax charged under that section, the provisions of this sub-section shall not apply in relation to the adjustment so made.]

[7][*Explanation 7.*—Where in the case of an assessee who has entered into an [8][international transaction or specified domestic transaction] defined in section 92B, any amount is added or disallowed in computing the total income under sub-section (4) of section 92C, then, the amount so added or disallowed shall, for the purposes of clause (c) of this sub-section, be deemed to represent the income in respect of which particulars have been concealed or inaccurate particulars have been furnished, unless the assessee proves to the satisfaction of the Assessing Officer or the Commissioner (Appeals) [9][or the [3][Principal Commissioner or Commissioner]] that the price charged or paid in such transaction was computed in accordance with the provisions contained in section 92C and in the manner prescribed under that section, in good faith and with due diligence.]

---

1. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
3. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).
4. The words, brackets and letters "clause (a) or clause (b) of" omitted by Act 3 of 1989, s. 50 (w.e.f. 1-4-1989).
5. Subs. by Act 33 of 2009, s. 74, for "*Explanation* 5A" (w.r.e.f. 1-6-2007). Earlier it was inserted by Act 22 of 2007, s. 76 (w.e.f. 1-6-2007 ).
6. Ins. by Act 3 of 1989, s. 50 (w.e.f. 1-4-1989).
7. Ins. by Act 14 of 2001, s. 86 (w.e.f. 1-4-2002).
8. Subs. by Act 23 of 2012, s. 97, for the words "International transaction" (w.e.f. 1-4-2013).
9. Ins. by Act 20 of 2002, s. 101 (w.e.f. 1-6-2002).

[1][(*1A*) Where any penalty is imposable by virtue of *Explanation 2* to sub-section (*1*), proceedings for the imposition of such penalty may be initiated notwithstanding that any proceedings under this Act in the course of which such penalty proceedings could have been initiated under sub-section (*1*) have been completed.]

[2][(*1B*) Where any amount is added or disallowed in computing the total income or loss of an assessee in any order of assessment or reassessment and the said order contains a direction for initiation of penalty proceedings under clause (*c*) of sub-section (*1*), such an order of assessment or reassessment shall be deemed to constitute satisfaction of the Assessing Officer for initiation of the penalty proceedings under the said clause (*c*).]

(*2*) When the person liable to penalty is a registered firm or an unregistered firm which has been assessed under [3][clause (*b*) of section 183,] then notwithstanding anything contained in the other provisions of this Act, the penalty imposable under sub-section (*1*) shall be the same amount as would be imposable on that firm if that firm were an unregistered firm.

[4]*          *          *          *          *

(*4*) If the [5][Assessing Officer] or the [6][*** Commissioner (Appeals)] in the course of any proceedings under this Act, is satisfied that the profits of a registered firm have been distributed otherwise than in accordance with the shares of the partners as shown in the instrument of partnership on the basis of which the firm has been registered under this Act, and that any partner has thereby returned his income below its real amount, he may direct that such partner shall, in addition to the tax, if any, payable by him, pay by way of penalty a sum not exceeding one and a half times the amount of tax which has been avoided, or would have been avoided if the income returned by such partner had been accepted as his correct income; and no refund or other adjustment shall be claimable by any other partner by reason of such direction.

[7]*          *          *          *          *

[8][(*5*) The provisions of this section as they stood immediately before their amendment by the Direct Tax Laws (Amendment) Act, 1989 (3 of 1989) shall apply to and in relation to any assessment for the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year and references in this section to the other provisions of this Act shall be construed as references to those provisions as for the time being in force and applicable to the relevant assessment year.]

[9][(*6*) Any reference in this section to the income shall be construed as a reference to the income or fringe benefits, as the case may be, and the provisions of this section shall, as far as may be, apply in relation to any assessment in respect of fringe benefits also.]

[1][(*7*) The provisions of this section shall not apply to and in relation to any assessment for the assessment year commencing on or after the 1st day of April, 2017.]

---

1. Ins. by Act 41 of 1975, s. 61 (w.e.f. 1-4-1976).
2. Ins. by Act 18 of 2008, s. 52 (w.e.f. 1-4-1989).
3. Now Section 183 omitted by Act 18 of 1992, s. 65 (1-4-1993).
4. Sub-section (*3*) omitted by Act 3 of 1989, s. 50 (w.e.f. 1-4-1989). Earlier it was amended by Act 41 of 1975, s. 61 (w.e.f. 1-4-1976).
5. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
6. The words and brackets "Deputy Commissioner (Appeals) or, as the case may be, the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998). Earlier "Deputy Commissioner (Appeals)" was substituted for "Appellate Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988) and the words and brackets "or, as the case may be, the Commissioner (Appeals)" were inserted by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
7. Sub-sections (*4A*) and (*4B*) omitted by Act 41 of 1975, s. 61 (w.e.f. 1-10-1975). Earlier the said sub-sections was inserted by Act 1 of 1965, s. 3 (w.e.f. 12-3-1965) and later on sub-section (*4A*) was substituted by Act 42 of 1970, s. 48 (w.e.f. 1-4-1971).]
8. Ins. by Act 3 of 1989, s. 50 (w.e.f.1-4-1989).
9. Ins. by Act 18 of 2005, s. 58 (w.e.f. 1-4-2006).
10. Ins. by Act 28 of 2016, s. 100 (w.e.f. 1-4-2017).

[1][**271A. Failure to keep, maintain or retain books of account, documents, etc.**—Without prejudice to the provisions of [2][section 270A or] section 271, if any person [3]*** fails to keep and maintain any such books of account and other documents as required by section 44AA or the rules made thereunder, in respect of any previous year or to retain such books of account and other documents for the period specified in the said rules, the [4][Assessing Officer] or the [5][*** Commissioner (Appeals)] may direct that such person shall pay, by way of penalty, [6][ a sum of twenty-five thousand rupees].]

[7][**271AA. Penalty for failure to keep and maintain information and document, etc., in respect of certain transactions.**—[8][(*1*)] Without prejudice to the provisions of [9][section 270A or] section 271 or section 271BA, if any person in respect of an [10][international transaction or specified domestic transaction],—

      (*i*) fails to keep and maintain any such information and document as required by sub-section (*1*) or sub-section (*2*) of section 92D;

      (*ii*) fails to report such transaction which he is required to do so; or

      (*iii*) maintains or furnishes an incorrect information or document,

the Assessing Officer or Commissioner (Appeals) may direct that such person shall pay, by way of penalty, a sum equal to two per cent. of the value of each [10][international transaction or specified domestic transaction] entered into by such person.]

[9][(2) If any person fails to furnish the information and the document as required under sub-section (*4*) of section 92D, the prescribed income-tax authority referred to in the said sub-section may direct that such person shall pay, by way of penalty, a sum of five hundred thousand rupees.]

[11][**271AAA. Penalty where search has been initiated.**—(1) The Assessing Officer may, notwithstanding anything contained in any other provisions of this Act, direct that, in a case where search has been initiated under section 132 on or after the 1st day of June, 2007 [12][but before the 1st day of July, 2012], the assessee shall pay by way of penalty, in addition to tax, if any, payable by him, a sum computed at the rate of ten per cent. of the undisclosed income of the specified previous year.

---

1. Ins. by Act 41 of 1975, s. 62 (w.e.f. 1-4-1976).

2. Ins. by Act 28 of 2016, s. 101 (w.e.f. 1-4-2017).

3. The words ", without reasonable cause," omitted by Act 46 of 1986, s. 20 (w.e.f. 10-9-1986).

4. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

5. The words and brackets "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998). which was substituted  as "Deputy Commissioner (Appeals)" for "Appellate Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988) and the words and brackets "or the Commissioner (Appeals)" were inserted after "Appellate Assistant Commissioner" by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 1-4-1977).

6. Subs. by Act 14 of 2001, s. 87, for "a sum which shall not be less than two thousand rupees but which may extend to one hundred thousand rupees" (w.e.f. 1-6-2001).

7. Subs. by Act 23 of 2012, s. 98, for section 271AA (w.e.f. 1-7-2012).

8. Section 271AA renumbered as sub-section (*1*) thereof by Act 28 of 2016, s. 102 (w.e.f. 1-4-2017).

9. Ins. by s. 102, *ibid,* (w.e.f. 1-4-2017).

10. Subs. by Act 23 of 2012, s. 99, for "international transaction" (w.e.f. 1-4-2013).

11. Ins. by Act 22 of 2007, s. 77 (w.e.f. 1-4-2007).

12. Ins. by Act 23 of 2012, s. 100 (w.e.f. 1-4-2012).

(*2*) Nothing contained in sub-section (*1*) shall apply if the assessee,—

(*i*) in the course of the search, in a statement under sub-section (*4*) of section 132, admits the undisclosed income and specifies the manner in which such income has been derived;

(*ii*) substantiates the manner in which the undisclosed income was derived; and

(*iii*) pays the tax, together with interest, if any, in respect of the undisclosed income.

(*3*) No penalty under the provisions of clause (*c*) of sub-section (*1*) of section 271 shall be imposed upon the assessee in respect of the undisclosed income referred to in sub-section (*1*).

(*4*) The provisions of sections 274 and 275 shall, so far as may be, apply in relation to the penalty referred to in this section.

*Explanation.*—For the purposes of this section,—

(*a*) "undisclosed income" means—

(*i*) any income of the specified previous year represented, either wholly or partly, by any money, bullion, jewellery or other valuable article or thing or any entry in the books of account or other documents or transactions found in the course of a search under section 132, which has—

(*A*) not been recorded on or before the date of search in the books of account or other documents maintained in the normal course relating to such previous year; or

(*B*) otherwise not been disclosed to the [1][Principal Chief Commissioner or Chief Commissioner] or [2][Principal Commissioner or Commissioner] before the date of search; or

(*ii*) any income of the specified previous year represented, either wholly or partly, by any entry in respect of an expense recorded in the books of account or other documents maintained in the normal course relating to the specified previous year which is found to be false and would not have been found to be so had the search not been conducted;

(*b*) "specified previous year" means the previous year—

(*i*) which has ended before the date of search, but the date of filing the return of income under sub-section (*1*) of section 139 for such year has not expired before the date of search and the assessee has not furnished the return of income for the previous year before the said date; or

(*ii*) in which search was conducted.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

2. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

[1][**271AAB. Penalty where search has been initiated.**—(*1*) The Assessing Officer may, notwithstanding anything contained in any other provisions of this Act, direct that, in a case where search has been initiated under section 132 on or after the 1st day of July, 2012 [2][but before the date on which the Taxation Laws (Second Amendment) Bill, 2016 receives the assent of the President], the assessee shall pay by way of penalty, in addition to tax, if any, payable by him,—

(*a*) a sum computed at the rate of ten per cent of the undisclosed income of the specified previous year, if such assessee—

(*i*) in the course of the search, in a statement under sub-section (*4*) of section 132, admits the undisclosed income and specifies the manner in which such income has been derived;

(*ii*) substantiates the manner in which the undisclosed income was derived; and

(*iii*) on or before the specified date—

(*A*) pays the tax, together with interest, if any, in respect of the undisclosed income; and

(*B*) furnishes the return of income for the specified previous year declaring such undisclosed income therein;

(*b*) a sum computed at the rate of twenty per cent of the undisclosed income of the specified previous year, if such assessee—

(*i*) in the course of the search, in a statement under sub-section (*4*) of section 132, does not admit the undisclosed income; and

(*ii*) on or before the specified date—

(*A*) declares such income in the return of income furnished for the specified previous year; and

(*B*) pays the tax, together with interest, if any, in respect of the undisclosed income;

(*c*) a sum [3][computed at the rate of sixty per cent.] of the undisclosed income of the specified previous year, if it is not covered by the provisions of clauses (*a*) and (*b*).

[2][(*1A*) The Assessing Officer may, notwithstanding anything contained in any other provisions of this Act, direct that, in a case where search has been initiated under section 132 on or after the date on which the Taxation Laws (Second Amendment) Bill, 2016 receives the assent of the President, the assessee shall pay by way of penalty, in addition to tax, if any, payable by him,—

(*a*) a sum computed at the rate of thirty per cent of the undisclosed income of the specified previous year, if the assessee—

(*i*) in the course of the search, in a statement under sub-section (*4*) of section 132, admits the undisclosed income and specifies the manner in which such income has been derived;

(*ii*) substantiates the manner in which the undisclosed income was derived; and

---

1. Ins. by Act 23 of 2012, s. 101 (w.e.f. 1-7-2012).

2. Ins. by Act 48 of 2016, s. 3 (w.e.f. 15-12-2016).

3. Subs. by Act 28 of 2016, s. 103, for "which shall not be less than thirty per cent. but which shall not exceed ninety per cent." (w.e.f. 1-4-2017).

(*iii*) on or before the specified date—

(*A*) pays the tax, together with interest, if any, in respect of the undisclosed income; and

(*B*) furnishes the return of income for the specified previous year declaring such undisclosed income therein;

(*b*) a sum computed at the rate of sixty per cent of the undisclosed income of the specified previous year, if it is not covered under the provisions of clause (*a*).]

(*2*) No penalty under the provisions of [1][section 270A or] clause (*c*) of sub-section (*1*) of section 271 shall be imposed upon the assessee in respect of the undisclosed income referred to in sub-section (*1*) [2][or sub-section (*1A*)].

(*3*) The provisions of sections 274 and 275 shall, as far as may be, apply in relation to the penalty referred to in this section.

*Explanation.*—For the purposes of this section,—

(*a*) "specified date" means the due date of furnishing of return of income under sub-section (*1*) of section 139 or the date on which the period specified in the notice issued under section 153A for furnishing of return of income expires, as the case may be;

(*b*) "specified previous year" means the previous year—

(*i*) which has ended before the date of search, but the date of furnishing the return of income under sub-section (*1*) of section 139 for such year has not expired before the date of search and the assessee has not furnished the return of income for the previous year before the date of search; or

(*ii*) in which search was conducted;

(*c*) "undisclosed income" means—

(*i*) any income of the specified previous year represented, either wholly or partly, by any money, bullion, jewellery or other valuable article or thing or any entry in the books of account or other documents or transactions found in the course of a search under section 132, which has—

(*A*) not been recorded on or before the date of search in the books of account or other documents maintained in the normal course relating to such previous year; or

(*B*) otherwise not been disclosed to the [3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner] before the date of search; or

(*ii*) any income of the specified previous year represented, either wholly or partly, by any entry in respect of an expense recorded in the books of account or other documents maintained in the normal course relating to the specified previous year which is found to be false and would not have been found to be so had the search not been conducted.]

1. Ins. by Act 28 of 2016, s. 103 (w.e.f. 1-4-2017).
2. Ins. by Act 48 of 2016, s. 3 (w.e.f. 15-12-2016).
3. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.,* for "Commissioner" (w.r.e.f. 1-6-2013).

[1][**271AAC. Penalty in respect of certain income.**—(*1*) The Assessing Officer may, notwithstanding anything contained in this Act other than the provisions of section 271AAB, direct that, in a case where the income determined includes any income referred to in section 68, section 69, section 69A, section 69B, section 69C or section 69D for any previous year, the assessee shall pay by way of penalty, in addition to tax payable under section 115BBE, a sum computed at the rate of ten per cent of the tax payable under clause (*i*) of sub-section (*1*) of section 115BBE:

Provided that no penalty shall be levied in respect of income referred to in section 68, section 69, section 69A, section 69B, section 69C or section 69D to the extent such income has been included by the assessee in the return of income furnished under section 139 and the tax in accordance with the provisions of clause (*i*) of sub-section (*1*) of section 115BBE has been paid on or before the end of the relevant previous year.

(*2*) No penalty under the provisions of section 270A shall be imposed upon the assessee in respect of the income referred to in sub-section (*1*).

(*3*) The provisions of sections 274 and 275 shall, as far as may be, apply in relation to the penalty referred to in this section.]

[2][**271B. Failure to get accounts audited.**—If any person fails [3]*** to get his accounts audited in respect of any previous year or years relevant to an assessment year or [4][furnish a report of such audit as required under section 44AB], the [5][Assessing Officer] may direct that such person shall pay, by way of penalty, a sum equal to one-half per cent of the total sales, turnover or gross receipts, as the case may be, in business, or of the gross receipts in profession, in such previous year or years or a sum of [6][one hundred fifty thousand rupees], whichever is less.]

[7][**271BA. Penalty for failure to furnish report under section 92E.**—If any person fails to furnish a report from an accountant as required by section 92E, the Assessing Officer may direct that such person shall pay, by way of penalty, a sum of one hundred thousand rupees.]

[8][**271BB. Failure to subscribe to the eligible issue of capital.**—Whoever fails to subscribe any amount of subscription to the units issued under any scheme referred to in sub-section (*1*) of section 88A* to the eligible issue of capital under that sub-section within the period of six months specified therein, may be directed by the [1][Joint Commissioner] to pay, by way of penalty, a sum equal to twenty per cent of such amount.]

---

1. Ins. by Act 48 of 2016, s. 4 (w.e.f. 1-4-2017).

2. Ins. by Act 21 of 1984, s. 30 (w.e.f. 1-4-1985).

3. The words ", without reasonable cause," omitted by Act 46 of 1986, s. 21 (w.e.f. 10-9-1986).

4. Subs. by Act 22 of 1995, s. 48, for "obtain a report of such audit as required under section 44AB or furnish the said report along with the return of his income filed under sub-section (*1*) of section 139, or along with the return of income furnished in response to a notice under clause (*i*) of sub-section (*1*) of section 142" (w.e.f. 1-7-1995). Earlier certain words were inserted by Act 26 of 1988, s. 45 (w.e.f. 1-4-1989).

5. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

6. Subs. by Act 14 of 2010, s. 50, for "one hundred thousand rupees" (w.e.f. 1-4-2011).

7. Ins. by Act 14 of 2001, s. 89 (w.e.f. 1-4-2002).

8. Ins. by Act 12 of 1990, s. 43 (w.e.f. 1-4-1990).

* Section 88A omitted by Act 33 of 1996, s. 35 (w.e.f. 1-4-1994).

9. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998).

[1][**271C. Penalty for failure to deduct tax at source.**—[2][[3][(*1*)] If any person fails to—

    (*a*) deduct the whole or any part of the tax as required by or under the provisions of Chapter XVII-B; or

    (*b*) pay the whole or any part of the tax as required by or under—

        (*i*) sub-section (*2*) of section 115-O; or

        (*ii*) the second proviso to section 194B,

then, such person shall be liable to pay, by way of penalty, a sum equal to the amount of tax which such person failed to deduct or pay as aforesaid.]

[4][(*2*) Any penalty imposable under sub-section (*1*) shall be imposed by the [5][Joint Commissioner].]

[6][**271CA. Penalty for failure to collect tax at source.**— (*1*) If any person fails to collect the whole or any part of the tax as required by or under the provisions of Chapter XVII-BB, then, such person shall be liable to pay, by way of penalty, a sum equal to the amount of tax which such person failed to collect as aforesaid.

  (*2*) Any penalty imposable under sub-section (*1*) shall be imposed by the Joint Commissioner.]

    **271D. Penalty for failure to comply with the provisions of section 269SS.**—[7][(*1*)] If a person takes or accepts any loan or deposit [8][or specified sum] in contravention of the provisions of section 269SS, he shall be liable to pay, by way of penalty, a sum equal to the amount of the loan or deposit [8][or specified sum] so taken or accepted.

[9][(*2*) Any penalty imposable under sub-section (*1*) shall be imposed by the [5][Joint Commissioner].]

    [10][**271DA.  Penalty for failure to comply with provisions of section 269ST.**—(*1*) If a person receives any sum in contravention of the provisions of section 269ST, he shall be liable to pay, by way of penalty, a sum equal to the amount of such receipt:

    Provided that no penalty shall be imposable if such person proves that there were good and sufficient reasons for the contravention.

    (*2*) Any penalty imposable under sub-section (*1*) shall be imposed by the Joint Commissioner.]

    **271E. Penalty for failure to comply with the provisions of section 269T.**—[11][(*1*)] If a person any [12][loan or deposit] [13][or specified advance] referred to in section 269T otherwise than in accordance with the provisions of that section, he shall be liable to pay, by way of penalty, a sum equal to the amount of the [12][loan or deposit] [13][or specified advance] so repaid.]

[1][(*2*) Any penalty imposable under sub-section (*1*) shall be imposed by the [5][Joint Commissioner].]

---

1. Ins. by Act 4 of 1988, s. 108, (w.e.f. 1-4-1989).
2. Subs. by Act 26 of 1997, s. 53, for sub-section (*1*), (w.e.f. 1-6-1997). Earlier it was amended by Act 12 of 1990, s. 44 (w.e.f. 1-4-1990).
3. Section 271C renumbered as sub-section (*1*) thereof by Act 12 of 1990, s. 44 (w.e.f. 1-4-1990).
4. Ins. by s. 44, *ibid* (w.e.f. 1-4-1990).
5. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998).
6. Ins. by Act 21 of 2006, s. 52 (w.e.f. 1-4-2007).
7. Section 271D renumbered as sub-section (*1*) thereof by Act 12 of 1990, s. 45 (w.e.f. 1-4-1990).
8. Ins. by Act 20 of 2015, s. 71 (w.e.f. 1-6-2015).
9. Ins. by Act 12 of 1990, s. 45 (w.e.f. 1-4-1990).
10. Ins. by Act 7 of 2017, s. 85 (w.e.f. 1-4-2017).
11. Section 271E renumbered as sub-section (*1*) thereof by Act 12 of 1990, s. 46 (w.e.f. 1-4-1990).
12. Subs. by Act 32 of 2003, s. 95, for "Deposit" (w.e.f. 1-6-2003).
13. Ins. by Act 20 of 2015, s. 72 (w.e.f. 1-6-2015).
14. Ins. by 12 of 1990, s. 46 (w.e.f. 1-4-1990).

[1][**271F. Penalty for failure to furnish return of income.**—If a person who is required to furnish a return of his income, as required under sub-section (*1*) of section 139 or by the provisos to that sub-section, fails to furnish such return before the end of the relevant assessment year, the Assessing Officer may direct that such person shall pay, by way of penalty, a sum of five thousand rupees.]

[2][Provided that nothing contained in this section shall apply to and in relation to the return of income required to be furnished for any assessment year commencing on or after the 1st day of April, 2018.]

[3][**271FA. Penalty for failure to furnish** [4][**statement of financial transaction or reportable account].**—If a person who is required to furnish [5][a statement of financial transaction or reportable account] under sub-section (*1*) of section 285BA, fails to furnish such [6][statement] within the time prescribed under sub-section (*2*) thereof, the income-tax authority prescribed under said sub-section (*1*) may direct that such person shall pay, by way of penalty, a sum of one hundred rupees for every day during which such failure continues:

Provided that where such person fails to furnish the [6][statement] within the period specified in the notice issued under sub-section (*5*) of section 285BA, he shall pay, by way of penalty, a sum of five hundred rupees for every day during which the failure continues, beginning from the day immediately following the day on which the time specified in such notice for furnishing the [6][statement] expires.]

[7][**271FAA. Penalty for furnishing inaccurate statement of financial transaction or reportable account.**—If a person referred to in clause (*k*) of sub-section (*1*) of section 285BA, who is required to furnish a statement under that section, provides inaccurate information in the statement, and where—

(*a*) the inaccuracy is due to a failure to comply with the due diligence requirement prescribed under sub-section (*7*) of section 285BA or is deliberate on the part of that person; or

(*b*) the person knows of the inaccuracy at the time of furnishing the statement of financial transaction or reportable account, but does not inform the prescribed income-tax authority or such other authority or agency; or

(*c*) the person discovers the inaccuracy after the statement of financial transaction or reportable account is furnished and fails to inform and furnish correct information within the time specified under sub-section (*6*) of section 285BA,

then, the prescribed income-tax authority may direct that such person shall pay, by way of penalty, a sum of fifty thousand rupees.]

[8][**271FAB. Penalty for failure to furnish statement or information or document by an eligible investment fund.**—If any eligible investment fund which is required to furnish a statement or any information or document, as required under sub-section (*5*) of section 9A fails to furnish such statement or information or document within the time prescribed under that sub-section, the income-tax authority prescribed under the said sub-section may direct that such fund shall pay, by way of penalty, a sum of five hundred thousand rupees.]

[1][**271FB. Penalty for failure to furnish return of fringe benefits.**—If an employer, who is required to furnish a return of fringe benefits, as required under sub-section (*1*) of section 115WD, fails to furnish such return within the time prescribed under that sub-section, the Assessing Officer may direct that such employer shall pay, by way of penalty, a sum of one hundred rupees for every day during which the failure continues.]

---

1. Subs. by Act 20 of 2002, s. 102, for section 271F (w.e.f. 1-6-2002).
2. Ins. by Act 7 of 2017, s. 86 (w.e.f. 1-4-2018).
3. Subs. by Act 17 of 2013, s. 58, for section 271FA (w.e.f. 1-4-2014).
4. Subs. by Act 25 of 2014, s. 70, for "annual information return" (w.e.f. 1-4-2015).
5. Subs. by s. 70, *ibid.*, for "an annual information return" (w.e.f. 1-4-2015).
6. Subs. by s. 70, *ibid.*, for "return" (w.e.f. 1-4-2015).
7. Ins. by s. 71, *ibid.* (w.e.f. 1-4-2015).
8. Ins. by Act 20 of 2015, s. 73 (w.e.f. 1-4-2016).
9. Ins. by Act 18 of 2005, s. 59 (w.e.f. 1-4-2006).

[1][**271G. Penalty for failure to furnish information or document under section 92D.**—If any person who has entered into an [2][international transaction or specified domestic transaction] fails to furnish any such information or document as required by sub-section (*3*) of section 92D, the Assessing Officer [3][or the Transfer Pricing Officer as referred to in section 92CA] or the Commissioner (Appeals) may direct that such person shall pay, by way of penalty, a sum equal to two per cent of the value of the [2][international transaction or specified domestic transaction for each such failure.]

[4][**271GA. Penalty for failure to furnish information or document under section 285A.**—If any Indian concern, which is required to furnish any information or document under section 285A, fails to do so, the income-tax authority, as may be prescribed under the said section, may direct that such Indian concern shall pay, by way of penalty,—

(*i*) a sum equal to two per cent of the value of the transaction in respect of which such failure has taken place, if such transaction had the effect of directly or indirectly transferring the right of management or control in relation to the Indian concern;

(*ii*) a sum of five hundred thousand rupees in any other case.]

[5][**271GB. Penalty for failure to furnish report or for furnishing inaccurate report under section 286.**—(*1*) If any reporting entity referred to in section 286, which is required to furnish the report referred to in sub-section (*2*) of the said section, in respect of a reporting accounting year, fails to do so, the authority prescribed under that section (herein referred to as prescribed authority) may direct that such entity shall pay, by way of penalty, a sum of,—

(*a*) five thousand rupees for every day for which the failure continues, if the period of failure does not exceed one month; or

(*b*) fifteen thousand rupees for every day for which the failure continues beyond the period of one month.

(*2*) Where any reporting entity referred to in section 286 fails to produce the information and documents within the period allowed under sub-section (*6*) of the said section, the prescribed authority may direct that such entity shall pay, by way of penalty, a sum of five thousand rupees for every day during which the failure continues, beginning from the day immediately following the day on which the period for furnishing the information and document expires.

(*3*) If the failure referred to in sub-section (*1*) or sub-section (*2*) continues after an order has been served on the entity, directing it to pay the penalty under sub-section (*1*) or, as the case may be, under sub-section (*2*), then, notwithstanding anything contained in sub-section (*1*) or sub-section (*2*), the prescribed authority may direct that such entity shall pay, by way of penalty, a sum of fifty thousand rupees for every day for which such failure continues beginning from the date of service of such order.

(*4*) Where a reporting entity referred to in section 286 provides inaccurate information in the report furnished in accordance with sub-section (*2*) of the said section and where—

(*a*) the entity has knowledge of the inaccuracy at the time of furnishing the report but fails to inform the prescribed authority; or

(*b*) the entity discovers the inaccuracy after the report is furnished and fails to inform the prescribed authority and furnish correct report within a period of fifteen days of such discovery; or

(*c*) the entity furnishes inaccurate information or document in response to the notice issued under sub-section (*6*) of section 286,

then, the prescribed authority may direct that such person shall pay, by way of penalty, a sum of five lakh rupees.]

---

1. Ins. by Act 14 of 2001, s. 91 (w.e.f. 1-4-2002).
2. Subs. by Act 23 of 2012, s. 102, for "international transaction" (w.e.f. 1-4-2013).
3. Ins. by Act 25 of 2014, s. 72 (w.e.f. 1-10-2014).
4. Ins. by Act 20 of 2015, s. 74 (w.e.f. 1-4-2016).
5. Ins. by Act 28 of 2016, s. 104 (w.e.f. 1-4-2017).

[1][**271H. Penalty for failure to furnish statements, etc.**—(*1*) Without prejudice to the provisions of the Act, the [2][Assessing Officer may direct that a person shall pay by way of] penalty, if, he—

(*a*) fails to deliver or cause to be delivered a statement within the time prescribed in sub-section (*3*) of section 200 or the proviso to sub-section (*3*) of section 206C; or

(*b*) furnishes incorrect information in the statement which is required to be delivered or caused to be delivered under sub-section (*3*) of section 200 or the proviso to sub-section (*3*) ofsection 206C.

(*2*) The penalty referred to in sub-section (*1*) shall be a sum which shall not be less than ten thousand rupees but which may extend to one lakh rupees.

(*3*) Notwithstanding anything contained in the foregoing provisions of this section, no penalty shall be levied for the failure referred to in clause (*a*) of sub-section (*1*), if the person proves that after paying tax deducted or collected along with the fee and interest, if any, to the credit of the Central Government, he had delivered or cause to be delivered the statement referred to in sub-section (*3*) of section 200 or the proviso to sub-section (*3*) of section 206C before the expiry of a period of one year from the time prescribed for delivering or causing to be delivered such statement.

(*4*) The provisions of this section shall apply to a statement referred to in sub-section (*3*) of section 200 or the proviso to sub-section (*3*) of section 206C which is to be delivered or caused to be delivered for tax deducted at source or tax collected at source, as the case may be, on or after the 1st day of July, 2012.

[3][**271-I. Penalty for failure to furnish information or furnishing inaccurate information under section 195.**—If a person, who is required to furnish information under sub-section (*6*) of section 195, fails to furnish such information, or furnishes inaccurate information, the Assessing Officer may direct that such person shall pay, by way of penalty, a sum of one lakh rupees.]

[4][**271J. Penalty for furnishing incorrect information in reports or certificates.**—Without prejudice to the provisions of this Act, where the Assessing Officer or the Commissioner (Appeals), in the course of any proceedings under this Act, finds that an accountant or a merchant banker or a registered valuer has furnished incorrect information in any report or certificate furnished under any provision of this Act or the rules made thereunder, the Assessing Officer or the Commissioner (Appeals) may direct that such accountant or merchant banker or registered valuer, as the case may be, shall pay, by way of penalty, a sum of ten thousand rupees for each such report or certificate.

*Explanation*.—For the purposes of this section,—

(*a*) "accountant" means an accountant referred to in the *Explanation* below sub-section (*2*) of section 288;

(*b*) "merchant banker" means Category I merchant banker registered with the Securities and Exchange Board of India established under section 3 of the Securities and Exchange Board of India Act, 1992.

(*c*) "registered valuer" means a person defined in clause (*oaa*) of section 2 of the Wealth-tax Act, 1957.]

[**272. Failure to give notice of discontinuance.**]—*Omitted by the Direct Tax Laws* (*Amendment*) *Act,* 1987*,* (4 *of* 1988)*, s.* 109 (*w.e.f.* 1-4-1989).

[1][**272A. Penalty for failure to answer questions, sign statements, furnish information, returns or statements, allow inspections, etc.**—(*1*) If any person,—

(*a*) being legally bound to state the truth of any matter touching the subject of his assessment, refuses to answer any question put to him by an income-tax authority in the exercise of its powers under this Act; or

---

1. Ins. by Act 23 of 2012, s. 103 (w.e.f. 1-7-2012).
2. Subs. by Act 25 of 2014, s. 73, for certain words (w.e.f. 1-10-2014).
3. Ins. by Act 20 of 2015, s. 75 (w.e.f. 1-6-2015).
4. Ins. by Act 7 of 2017, s. 87 (w.e.f. 1-4-2017).
5. Subs. by Act 4 of 1988, s. 110 (w.e.f 1-4-1989). Prior to its inserted by Act 41 of 1975, s. 63 (w.e.f. 1-4-1976).

(*b*) refuses to sign any statement made by him in the course of any proceedings under this Act, which an income-tax authority may legally require him to sign; or

(*c*) to whom a summons is issued under sub-section (*1*) of section 131 either to attend to give evidence or produce books of account or other documents at a certain place and time omits to attend or produce books of account or documents at the [1][place or time; or]

[2][(*d*)fails to comply with a notice under sub-section (*1*) of section 142 or sub-section (*2*) of section 143 or fails to comply with a direction issued under sub-section (*2A*) of section 142,]

he shall pay, by way of penalty, [3][a sum of ten thousand rupees] for each such default or failure.

(*2*) If any person fails—

(*a*) to comply with a notice issued under sub-section (*6*) of section 94; or

(*b*) to give the notice of discontinuance of his business or profession as required by sub-section (*3*) of section 176; or

(*c*) to furnish in due time any of the returns, statements or particulars mentioned in section 133 or section 206 [4]*** [5][or section 206C] or section 285B; or

(*d*) to allow inspection of any register referred to in section 134 or of any entry in such register or to allow copies of such register or of any entry therein to be taken; or

[6][(*e*) to furnish the return of income which he is required to furnish under sub-section (*4A*) or sub-section (*4C*) of section 139 or to furnish it within the time allowed and in the manner required under those sub-sections; or]

(*f*) to deliver or cause to be delivered in due time a copy of the declaration mentioned in section 197A; or

(*g*) to furnish a certificate as required by section 203 [5][or section 206C]; or

(*h*) to deduct and pay tax as required by sub-section (*2*) of section 226;

[7][(*i*) to furnish a statement as required by sub-section (*2C*) of section 192;]

[8][(*j*) to deliver or cause to be delivered in due time a copy of the declaration referred to in sub-section (*1A*) of section 206C;]

[1][(*k*) to deliver or cause to be delivered a copy of the statement within the time specified in sub-section (*3*) of section 200 or the proviso to sub-section (*3*) of section 206C;]

[2][(*l*) to deliver or cause to be delivered the [3][statements] within the time specified in sub-section (*1*) of section 206A;]

[4][(*m*) to deliver or cause to be delivered a statement within the time as may be prescribed under sub-section (*2A*) of section 200 or sub-section (*3A*) of section 206C,]

---

1. Subs. by Act 28 of 2016, s. 105, for "place or time, " (w.e.f. 1-4-2017).
2. Ins. by s. 105, *ibid*. (w.e.f. 1-4-2017).
3. Subs. by Act 14 of 2001, s. 92, for "a sum which shall not be less than five hundred rupees but which niay extend to ten thousand rupees" (w.e.f. 1-6-2001).
4. The words, figures and letters "or section 206A or section 206B" omitted by Act 33 of 1996, s. 55 (w.e.f. 1-10-1996).
5. Ins. by Act 49 of 1991, s. 68 (w.e.f. 1-10-1991).
6. Subs. by Act 20 of 2002, s. 103, for clause (*e*) (w.e.f. 1-4-2003).
7. Ins. by Act 14 of 2001, s. 92 (w.e.f. 1-4-2002).
8. Ins. by Act 54 of 2003, s. 17, for clause (*j*) (w.e.f. 8-9-2003).
9. Ins. by Act 23 of 2004, s.  56 (w.e.f. 1-4-2005).
10. Ins. by Act 18 of 2005, s. 60 (w.e.f. 1-6-2005).
11. Subs. by Act 33 of 2009, s. 75, for "quarterly return" (w.e.f. 1-10-2009).
12. Ins. by Act 20 of 2015, s. 76 (w.e.f. 1-6-2015).

he shall pay, by way of penalty, a sum [1][of one hundred rupees] for every day during which the failure continues:

[2][Provided that the amount of penalty for failures in relation to [3][a declaration mentioned in section 197A, a certificate as required by section 203 and] returns under sections 206 and 206C [4][and [5][statements under sub-section (2A) or sub-section (3) of section 200 or the proviso to sub-section (3) or under sub-section (3A) of section 206C]] shall not exceed the amount of tax deductible or collectible, as the case may be:]

[6][Provided further that no penalty shall be levied under this section for the failure referred to in clause (k), if such failure relates to a statement referred to in sub-section (3) of section 200 or the proviso to sub-section (3) of section 206C which is to be delivered or caused to be delivered for tax deducted at source or tax collected at source, as the case may be, on or after the 1st day of July, 2012.]

(3) Any penalty imposable under sub-section (1) or sub-section (2) shall be imposed—

(a) in a case where the contravention, failure or default in respect of which such penalty is imposable occurs in the course of any proceeding before an income-tax authority not lower in rank than a [7][Joint Director] or a [8][Joint Commissioner], by such income-tax authority;

[9][(aa)in a case falling under clause (d) of sub-section (1), by the income-tax authority who had issued the notice or direction referred to therein;]

(b) in a case falling under clause (f) of sub-section (2), by the [10][Principal Chief Commissioner or Chief Commissioner] or [11][Principal Commissioner or Commissioner]; and

(c) in any other case, by the [7][Joint Director] or the [8][Joint Commissioner].

(4) No order under this section shall be passed by any income-tax authority referred to in sub-section (3) unless the person on whom the penalty is proposed to be imposed is given an opportunity of being heard in the matter by such authority.

*Explanation.*—In this section, "income-tax authority" includes a [12][Principal Director General or Director General], [1][Principal Director or Director], [7][Joint Director] and an [2][Assistant Director or Deputy Director] while exercising the powers vested in a court under the Code of Civil Procedure, 1908 (5 of 1908), when trying a suit in respect of the matters specified in sub-section (1) of section 131.]

[3][**272AA. Penalty for failure to comply with the provisions of section 133B.**—(1) If a person [4]*** fails to comply with the provisions of section 133B, he shall, on an order passed by the [8][Joint Commissioner], [14][Assistant Director or Deputy Director] or the [5][Assessing Officer], as the case may be, pay, by way of penalty, a sum which may extend to one thousand rupees.

1. Subs. by Act 27 of 1999, s. 88, for "which shall not be less than hundred rupees, but which may extend to two hundred rupees," (w.e.f. 1-6-1999).
2. Ins. by Act 49 of 1991, s. 68 (w.e.f. 1-10-1991).
3. Ins. by Act 21 of 1998, s. 62 (w.e.f. 1-4-1999).
4. Ins. by Act 21 of 2006, s. 53 (w.e.f. 1-6-2006).
5. Subs. by Act 20 of 2015, s. 76, for "statement under sub-section (3) of section 200 or the proviso to sub-section (3) of section 206C" (w.e.f. 1-6-2015).
6. Ins. by Act 23 of 2012, s. 104 (w.e.f. 1-7-2012).
7. Subs. by Act 21 of 1998, s. 3, for "Deputy Director" (w.e.f. 1-10-1998).
8. Subs. by s. 3, for *ibid.*, "Deputy Commissioner" (w.e.f. 1-10-1998).
9. Ins. by Act 28 of 2016, s. 105 (w.e.f. 1-4-2017).
10. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
11. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).
12. Subs. by s. 4, *ibid.,* for "Director General" (w.r.e.f. 1-6-2013).
13. Subs. by s. 4, *ibid.,* for "Director" (w.r.e.f. 1-6-2013).
14. Subs. by Act 21 of 1998, s. 3, for "Assistant Director" (w.e.f. 1-10-1998).
15. Ins. by Act 23 of 1986, s. 35 (w.e.f. 13-5-1986).
16. The words ", without reasonable cause," omitted by Act 46 of 1986, s. 20 (w.e.f. 10-9-1986).
17. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f.1-4-1988).

(*2*) No order under sub-section (*1*) shall be passed unless the person on whom the penalty is proposed to be imposed is given an opportunity of being heard in the matter.]

[1][**272B.Penalty for failure to comply with the provisions of section 139A.**—(*1*) If a person fails to comply with the provisions of section 139A, the Assessing Officer may direct that such person shall pay, by way of penalty, a sum of ten thousand rupees.

(*2*) If a person who is required to quote his permanent account number in any document referred to in clause (*c*) of sub-section (*5*) of section 139A, or to intimate such number as required by sub-section (*5A*) [2][or sub-section (*5C*)] of that section, quotes or intimates a number which is false, and which he either knows or believes to be false or does not believe to be true, the Assessing Officer may direct that such person shall pay, by way of penalty, a sum of ten thousand rupees.

(*3*) No order under sub-section (*1*) or sub-section (*2*) shall be passed unless the person, on whom the penalty is proposed to be imposed, is given an opportunity of being heard in the matter.]

[3][**272BB. Penalty for failure to comply with the provisions of section 203A.**—(*1*) If a person fails to comply with the provisions of section 203A, he shall, on an order passed by the [4][Assessing Officer], pay, by way of penalty, [5][a sum of ten thousand rupees].

[6][(*1A*) If a person who is required to quote his "tax deduction account number" or, as the case may be, "tax collection account number" or "tax deduction and collection account number" in the challans or certificates or statements or other documents referred to in sub-section (*2*) of section 203A, quotes a number which is false, and which he either knows or believes to be false or does not believe to be true, the Assessing Officer may direct that such person shall pay, by way of penalty, a sum of ten thousand rupees.]

(*2*) No order under sub-section (*1*) [6][or sub-section (*1A*)] shall be passed unless the person on whom the penalty is proposed to be imposed is given an opportunity of being heard in the matter.]

[1][**272BBB. Penalty for failure to comply with the provisions of section 206CA.**—(*1*) If a person [2][fails to comply before the 1st day of October, 2004] with the provisions of section 206CA, he shall, on an order passed by the Assessing Officer, pay, by way of penalty, a sum of ten thousand rupees.

(*2*) No order under sub-section (*1*) shall be passed unless the person on whom the penalty is proposed to be imposed, is given an opportunity of being heard in the matter.]

---

1. Ins. by Act 20 of 2002, s. 104 (w.e.f. 1-6-2002).

2. Ins. by Act 23 of 2004, s. 57 (w.e.f 1-4-2005).

3. Ins. by Act 11 of 1987, s. 68 (w.e.f. 1-6-1987).

4. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

5. Subs. by Act 14 of 2001, s. 93, for "a sum which may extend to five thousand rupees" (w.e.f. 1-6-2001).

6. Ins. by Act 21 of 2006, s. 54 (w.e.f. 1-6-2006).

7. Ins. by Act 20 of 2002, s. 105 (w.e.f. 1-6-2002).

8. Subs. by Act 23 of 2004, s. 58, for "fails to comply" (w.e.f. 1-10-2004).

[1][**273. False estimate of, or failure to pay, advance tax.**—[2][(*1*) If the [3][Assessing Officer], in the course of any proceedings in connection with the regular assessment for any assessment year, is satisfied that any assessee—

(*a*) has furnished under clause (*a*) of sub-section (*1*) of section 209A a statement of the advance tax payable by him which he knew or had reason to believe to be untrue, or

(*b*) has [4][*** failed to furnish a statement of the advance tax payable by him in accordance with the provisions of clause (*a*) of sub-section (*1*) of section 209A,

he may direct that such person shall, in addition to the amount of tax, if any, payable by him, pay by way of penalty a sum—

(*i*) which, in the case referred to in clause (*a*), shall not be less than ten per cent but shall not exceed one and a half times the amount by which the tax actually paid during the financial year immediately preceding the assessment year under the provisions of Chapter XVIIC falls short of—

(*1*) seventy-five per cent. of the assessed tax as defined in sub-section (*5*) of section 215, or

(*2*) the amount which would have been payable by way of advance tax if the assessee had furnished a correct and complete statement in accordance with the provisions of clause (*a*) of sub-section (*1*) of section 209A,

whichever is less;

(*ii*) which, in the case referred to in clause (*b*), shall not be less than ten per cent. but shall not exceed one and a half times of seventy-five per cent. of the assessed tax as defined in sub-section (*5*) of section 215]:

[1][Provided that in the case of an assessee, being a company, the provisions of this sub-section shall have effect as if for the words "seventy-five per cent.", at both the places where they occur, the words "eighty-three and one-third per cent." had been substituted.]

[2][(*2*)] If the [3][Assessing Officer], in the course of any proceedings in connection with the regular assessment for the assessment year commencing on the 1st day of April, 1970, or any subsequent assessment year, is satisfied that any assessee—

_____

1. Subs. by Act 14 of 1969, s. 22, for section 273 (w.e.f. 1-4-1970).

2. Ins. by Act 19 of 1978, s. 31 (w.e.f. 1-6-1978).

3. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

4. The words ", without reasonable cause," omitted by Act 46 of 1986, s. 25 (w.e.f. 10-9-1986).

5. Ins. by Act 44 of 1980, s. 33 (w.e.f. 1-9-1980).

6. Section 273 renumbered as sub-section (*2*) thereof by Act 19 of 1978, s. 31 (w.e.f. 1-6-1978).

[1][(a) has furnished under sub-section (*1*) or sub-section (*2*) or sub-section (*3*) or sub-section (*5*) of section 209A, or under sub-section (*1*) or sub-section (*2*) of section 212, an estimate of the advance tax payable by him which he knew or had reason to believe to be untrue, or]

[2][(aa) has furnished [3][under sub-section (*4*) of section 209A or] under sub-section (*3A*) of section 212 an estimate of the advance tax payable by him which he knew or had reason to believe to be untrue, or]

(*b*) has [4]*** failed to furnish an estimate of the advance tax payable by him in accordance with the provisions of [5][clause (*b*) of sub-section (*1*) of section 209A], or

(*c*) has [4]*** failed to furnish an estimate of the advance tax payable by him in accordance with the provisions of [6][sub-section (*4*) of section 209A or sub-section (*3A*) of section 212],

he may direct that such person shall, in addition to the amount of tax, if any, payable by him, pay by way of penalty a sum—

(*i*) which, in the case referred to in clause (*a*), shall not be less than ten per cent. but shall not exceed one and a half times the amount by which the tax actually paid during the financial year immediately preceding the assessment year under the provisions of Chapter XVII-C falls short of—

(*1*) seventy-five per cent of the assessed tax as defined in sub-section (*5*) of section 215, or

[1][(*2*) where a statement under clause (*a*) of sub-section (*1*) of section 209A was furnished by the assessee or where a notice under section 210 was issued to the assessee, the amount payable under such statement or, as the case may be, such notice,]

whichever is less;

[2][(*ia*) which, in the case referred to in clause (*aa*), shall not be less than ten per cent. but shall not exceed one and a half times the amount by which the tax actually paid during the financial year immediately preceding the assessment year under the provisions of Chapter XVII-C falls short of seventy-five per cent. of the assessed tax as defined in sub-section (*5*) of section 215;]

(*ii*) which, in the case referred to in clause (*b*), shall not be less than ten per cent. but shall not exceed one and a half times of seventy-five per cent. of the assessed tax as defined in sub-section (*5*) of section 215; and

---

1. Subs. by Act 19 of 1978, s. 31, for clause (*a*) (w.e.f. 1-6-1978).

2. Ins. by Act 29 of 1977, s. 27 (w.e.f. 1-9-1977).

3. Ins. by Act 19 of 1978, s. 31 (w.e.f. 1-6-1978).

4. The words ", without reasonable cause," omitted by Act 46 of 1986, s. 25 (w.e.f. 10-9-1986).

5. Subs. by Act 19 of 1978, s. 31, for "sub-section (*3*) of section 212" (w.e.f. 1-6-1978).

6. Subs. by s. 31, *ibid.*, for "sub-section (*3A*) of section 212" (w.e.f. 1-6-1978).

7. Subs. by s. 31, *ibid.,* for sub-clause (*2*) (w.e.f. 1-6-1978).

[1][(*iii*) which, in the case referred to in clause (*c*), shall not be less than ten per cent. but shall not exceed one and a half times the amount by which—

(*a*) where the assessee has sent a statement under clause (*a*), or an estimate under clause (*b*) of sub-section (*1*) of section 209A, or an estimate in lieu of a statement under sub-section (*2*) of that section, the tax payable in accordance with such statement or estimate; or

(*b*) where the assessee was required to pay advance tax in accordance with the notice issued to him under section 210, the tax payable under such notice,

falls short of seventy-five per cent. of the assessed tax as defined in sub-section (*5*) of section 215:]]

[2][Provided that in the case of an assessee, being a company, the provisions of this sub-section shall have effect as if for the words "seventy-five per cent.", wherever they occur, the words "eighty-three and one-third per cent." had been substituted.]

[3][*Explanation* [4][*1*].—For the purposes of clause (*ia*), the amount paid by the assessee on or before the date extended by the [5][6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner]] under the [8][ [1][first proviso] to sub-section (*4*) of section 209A or, as the case may be, [9][first proviso] to sub-section (*3A*) of section 212] shall, where the date so extended falls beyond the financial year immediately preceding the assessment year, also be regarded as tax actually paid during that financial year.]

[2][*Explanation 2.*—When the person liable to penalty is a registered firm or an unregistered firm which has been assessed under clause (*b*) of section 183, then, notwithstanding anything contained in the other provisions of this Act, the penalty imposable under this section shall be the same amount as would be imposable on that firm if that firm were an unregistered firm.]

[3][(*3*) The provisions of this section shall apply to and in relation to any assessment for the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year, and references in this section to the other provisions of this Act shall be construed as references to those provisions as for the time being in force and applicable to the relevant assessment year.]

---

1. Subs. by Act 19 of 1978, s. 31, for clause (*iii*) (w.e.f. 1-6-1978).

2. Ins. by Act 44 of 1980, s. 33 (w.e.f. 1-9-1980).

3. Ins. by Act 29 of 1977, s. 27 (w.e.f. 1-9-1977).

4. The *Explanation* numbered as *Explanation 1* by Act 67 of 1984, s. 49 (w.e.f. 1-4-1985).

5. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).

6. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

7. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

8. Subs. by Act 19 of 1978, s. 31, for "proviso to sub-section (*3A*) of section 212" (w.e.f. 1-6-1978).

9. Subs. by Act 16 of 1981, s. 25, for "proviso" (w.e.f. 1-4-1981).

10. Ins. by Act 67 of 1984, s. 49 (w.e.f. 1-4-1985).

11. Ins. by Act 4 of 1988, s. 112 (w.e.f. 1-4-1989).

[1]**[273A. Power to reduce or waive penalty, etc., in certain cases.**—(*1*) Notwithstanding anything contained in this Act, the [2][[3]*** [4][Principal Commissioner or Commissioner]] may, in his discretion, whether on his own motion or otherwise,—

[5]*      *      *      *      *

(*ii*) reduce or waive the amount of penalty imposed or imposable on a person under [6][section 270A or] clause (*iii*) of sub-section (*1*) of section 271; [or]

[7]*      *      *      *      *

if he is satisfied that such person—

[8]*      *      *      *      *

(*b*) in the case referred to in clause (*ii*), has, prior to the detection by the [9][Assessing Officer], of the concealment of particulars of income or of the inaccuracy of particulars furnished in respect of such income, voluntarily and in good faith, made full and true disclosure of such particulars,

[10]*      *      *      *      *

and also has, [11][in the case referred to in clause (*b*)], co-operated in any enquiry relating to the assessment of his income and has either paid or made satisfactory arrangements for the payment of any tax or interest payable in consequence of an order passed under this Act in respect of the relevant assessment year.

*Explanation.* [1]***—For the purposes of this sub-section, a person shall be deemed to have made full and true disclosure of his income or of the particulars relating thereto in any case where the excess of income assessed over the income returned is of such a nature as not to attract the provisions of [6][section 270A or] clause (*c*) of sub-section (*1*) of section 271.

[12]*      *      *      *      *

(*2*) Notwithstanding anything contained in sub-section (*1*),—

[2]*      *      *      *      *

(*b*) if in a case falling under [6][section 270A or] clause (*c*) of sub-section (*1*) of section 271, the amount of income in respect of which the penalty is imposed or imposable for the relevant assessment year, or, where such disclosure relates to more than one assessment year, the aggregate amount of such income for those years, exceeds a sum of five hundred thousand rupees,

---

1. Ins. by Act 41 of 1975, s. 64 (w.e.f. 1-10-1975).

2. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).

3. The words "Chief Commissioner or" omitted by Act 38 of 1993, s. 36 (w.e.f. 1-6-1993).

4. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).

5. Clause (*i*) omitted by Act 3 of 1989, s. 51 (w.e.f. 1-4-1989).

6. Ins. by Act 28 of 2016, s. 106 (w.e.f. 1-4-2017).

7. Clause (*iii*) omitted by Act 3 of 1989, s. 51 (w.e.f. 1-4-1989).

8. Clause (*a*) omitted by s. 51, *ibid*. (w.e.f. 1-4-1989).

9. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. (1-4-1988).

10. Clause (*c*) omitted by Act 3 of 1989, s. 51 (w.e.f. 1-4-1989).

11. Subs. by s. 51, *ibid,* for "in all the cases referred to in clauses (*a*), (*b*) and (*c*)" (w.e.f. 1-4-1989).

12. *Explanation* 2 omitted by Act 32 of 1985, s. 34 (w.e.f. 24-5-1985). . Earlier "1" and *Explanation* 2 was ins. by Act 67 of 1984, s. 50 (w.e.f. 1-10-1984).

13. Clause (*a*) omitted by Act 3 of 1989, s. 51 (w.e.f. 1-4-1989). Earlier clause (*a*) was amended by Act 67 of 1984, s. 50 (w.e.f. 1-10-1984).

no order reducing or waiving the penalty under sub-section (*1*) shall be made by [1][the [2][Principal Commissioner or Commissioner] except with the previous approval of the [3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Director General or Director General], as the case may be].

(*3*) Where an order has been made under sub-section (*1*) in favour of any person, whether such order relates to one or more assessment years, he shall not be entitled to any relief under this section in relation to any other assessment year at any time after the making of such order:

[5][Provided that where an order has been made in favour of any person under sub-section (*1*) on or before the 24th day of July, 1991, such person shall be entitled to further relief only once in relation to other assessment year or years if he makes an application to the income-tax authority referred to in sub-section (*4*) at any time before the 1st day of April, 1992.]

(*4*) Without prejudice to the powers conferred on him by any other provision of this Act, the [6][7*** [2][Principal Commissioner or Commissioner]] may, on an application made in this behalf by an assessee, and after recording his reasons for so doing, reduce or waive the amount of any penalty payable by the assessee under this Act or stay or compound any proceeding for the recovery of any such amount, if he is satisfied that—

(*i*) to do otherwise would cause genuine hardship to the assessee, having regard to the circumstances of the case; and

(*ii*) the assessee has co-operated in any inquiry relating to the assessment or any proceeding for the recovery of any amount due from him:

[1][Provided that where the amount of any penalty payable under this Act or, where such application relates to more than one penalty, the aggregate amount of such penalties exceeds one hundred thousand rupees, no order reducing or waiving the amount or compounding any proceeding for its recovery under this sub-section shall be made by [1][the [2][Principal Commissioner or Commissioner] except with the previous approval of the [3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Director General or Director General], as the case may be].]

[2][(*4A*) The order under sub-section (*4*), either accepting or rejecting the application in full or in part, shall be passed within a period of twelve months from the end of the month in which the application under the said sub-section is received by the Principal Commissioner or the Commissioner:

Provided that no order rejecting the application, either in full or in part, shall be passed unless the assessee has been given an opportunity of being heard:

Provided further that where any application is pending as on the 1st day of June, 2016, the order shall be passed on or before the 31st day of May, 2017.]

(*5*) Every order made under this section shall be final and shall not be called into question by any court or any other authority.]

---

1. Subs. by Act 38 of 1993, s. 36, for "the Chief Commissioner or Commissioner except with the previous approval of the Board" (w.e.f. 1-6-1993). Earlier the words "Chief Commissioner or Commissioner" were substituted by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
2. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).
3. Subs. by s. 4, *ibid.,* for "Chief Commissioner" (w.r.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.,* for "Director General" (w.r.e.f. 1-6-2013).
5. Ins. by Act 49 of 1991, s. 69 (w.e.f. 27-9-1991).
6. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
7. The words "Chief Commissioner or" omitted by Act 38 of 1993, s. 36 (w.e.f. 1-6-1993).
8. The *proviso* added by Act 67 of 1984, s. 50 (w.e.f. 1-10-1984).
9. Ins. by Act 28 of 2016, s. 106 (w.e.f. 1-6-2016).

[1][(*6*) The provisions of this section [2][as they stood immediately before their amendment by the Direct Tax Laws (Amendment) Act, 1989] shall apply to and in relation to any assessment for the assessment year commencing on the 1st day of April, 1988, or any earlier assessment year, and references in this section to the other provisions of this Act shall be construed as references to those provisions as for the time being in force and applicable to the relevant assessment year.]

[3][(*7*) Notwithstanding anything contained in sub-section (*6*), the provisions of sub-section (*1*), sub-section (*2*), or, as the case may be, sub-section (*4*) [as they stood immediately before their amendment by the Direct Tax Laws (Amendment) Act, 1989 (3 of 1989)], shall apply in the case of reduction or waiver of penalty or interest in relation to any assessment for the assessment year commencing on the 1st day of April, 1988 or any earlier assessment year, with the modifications that the power under the said sub-section (*1*) shall be exercisable only by the [4][Principal Commissioner or Commissioner] and instead of the previous approval of the Board, the [4][Principal Commissioner or Commissioner] shall obtain the previous approval of the [5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Director General or Director General], as the case may be, while dealing with such case.]

[7][**273AA. Power of [4][Principal Commissioner or Commissioner] to grant immunity from penalty.**—(*1*) A person may make an application to the [4][Principal Commissioner or Commissioner] for granting immunity from penalty, if—

(*a*) he has made an application for settlement under section 245C and the proceedings for settlement have abated under section 245HA; and

(*b*) the penalty proceedings have been initiated under this Act.

(*2*) The application to the [4][Principal Commissioner or Commissioner] under sub-section (*1*) shall not be made after the imposition of penalty after abatement.

(*3*) The [4][Principal Commissioner or Commissioner] may, subject to such conditions as he may think fit to impose, grant to the person immunity from the imposition of any penalty under this Act, if he is satisfied that the person has, after the abatement, co-operated with the income-tax authority in the proceedings before him and has made a full and true disclosure of his income and the manner in which such income has been derived.

[1][(*3A*) The order under sub-section (*3*), either accepting or rejecting the application in full or in part, shall be passed within a period of twelve months from the end of the month in which the application under the said sub-section is received by the Principal Commissioner or the Commissioner:

Provided that no order rejecting the application, either in full or in part, shall be passed unless the assessee has been given an opportunity of being heard:

Provided further that where any application is pending as on the 1st day of June, 2016, the order shall be passed on or before the 31st day of May, 2017.]

(*4*) The immunity granted to a person under sub-section (*3*) shall stand withdrawn, if such person fails to comply with any condition subject to which the immunity was granted and thereupon the provisions of this Act shall apply as if such immunity had not been granted.

(*5*) The immunity granted to a person under sub-section (*3*) may, at any time, be withdrawn by the [4][Principal Commissioner or Commissioner], if he is satisfied that such person had, in the course of any

---

1. Ins. by Act 4 of 1988, s. 113 (w.e.f. 1-4-1989).
2. Ins. by Act 3 of 1989, s. 51 (w.e.f. 1-4-1989).
3. Ins. by Act 32 of 1994, s. 48 (w.e.f. -6-1994).
4. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.r.e.f. 1-6-2013).
5. Subs. by s. 4, *ibid.,* for "Chief Commissioner" (w.r.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid.,* for "Director General" (w.r.e.f. 1-6-2013).
7. Ins. by Act 18 of 2008, s. 53, (w.e.f. 1-4-2008).
8. Ins. by Act 28 of 2016, s. 107 (w.e.f. 1-6-2016).

proceedings, after abatement, concealed any particulars material to the assessment from the income-tax authority or had given false evidence, and thereupon such person shall become liable to the imposition of any penalty under this Act to which such person would have been liable, had not such immunity been granted.]

[1][**273B. Penalty not to be imposed in certain cases.**—Notwithstanding anything contained in the provisions of [2][clause (*b*) of sub-section (*1*) of] [3][section 271, section 271A [4][, section 271AA], section 271B, [4][section 271BA], [5][section 271BB,] [6][section 271C, section 271CA], section 271D, section 271E, [7][section 271F, [8][section 271FA, [9][section 271FAB, section 271FB, section 271G, section 271GA], [10][section 271GB,] [11][section 271H,] [12][section 271-I,] [13][section 271J,] clause (*c*) or clause (*d*) of sub-(*1*) or sub-section (*2*) of section 272A, sub-section (*1*) of section 272AA] or [14][15][section 272B or] [16][sub-section (*1*) or sub-section (*1A*) of [17][section 272BB] or] sub-section (*1*) of section 272BBB] or clause (*b*) of sub-section (*1*) or clause (*b*) or clause (*c*) of sub-section (*2*) of section 273, no penalty shall be imposable on the person or the assessee, as the case may be, for any failure referred to in the said provisions if he proves that there was reasonable cause for the said failure.]

**274. Procedure.**—(*1*) No order imposing a penalty under this Chapter shall be made unless the assessee has been heard, or has been given a reasonable opportunity of being heard.

[1][(*2*) No order imposing a penalty under this Chapter shall be made—

(*a*) by the Income-tax Officer, where the penalty exceeds ten thousand rupees;

(*b*) by the [2][Assistant Commissioner or Deputy Commissioner], where the penalty exceeds twenty thousand rupees,

except with the prior approval of the [3][Joint Commissioner].

[4][(*3*) An income-tax authority on making an order under this Chapter imposing a penalty, unless he is himself the Assessing Officer, shall forthwith send a copy of such order to the Assessing Officer.]

---

1. Ins. by Act 46 of 1986, s. 26 (w.e.f. 10-9-1986).
2. Ins. by Act 3 of 1989, s. 57 (w.e.f. 1-4-1989).
3. Subs. by Act 4 of 1988, s. 114 for "section 270, clause (*a*) and clause (*b*) of sub-section (*1*) of section 271, section 271A, section 271B, sub-section (*2*), of section 272A, sub-section (*1*) of section 272AA, sub-section (*1*) of section 272B" (w.e.f. 1-4-1989).
4. Ins. by Act 14 of 2001, s. 94 (w.e.f. 1-4-2002).
5. Ins. by Act 12 of 1990, s. 50 (w.e.f. 1-4-1990).
6. Subs. by Act 21 of 2006, s. 55, for "section 271C" (w.e.f. 1-4-2007).
7. Subs. by Act 23 of 2004, s. 59, for "section 271F" (w.e.f. 1-4-2005). Earlier the quoted words were inserted by 26 of 1997, s. 55 (w.e.f. 1-4-1997).
8. Subs by Act 18 of 2005, s. 61, for "section 271FA" (w.e.f. 1-4-2006).
9. Subs. by Act 20 of 2015, s. 77, for "section 271FB, section 271G" (w.e.f. 1-4-2016). Earlier "section 271G" inserted by Act 14 of 2001, s. 94 (w.e.f. 1-4-2002).
10. Ins. by Act 28 of 2016, s. 108 (w.e.f. 1-4-2017).
11. Ins. by Act 23 of 2012, s. 105 (w.e.f. 1-7-2012).
12. Ins. by Act 20 of 2015, s. 77 (w.e.f. 1-6-2015).
13. Ins. by Act 7 of 2017, s. 88 (w.e.f. 1-4-2017).
14. Subs. by Act 11 of 1987, s. 69, for "section 272B or" (w.e.f. 1-4-1987).
15. Ins. by Act 20 of 2002, s. 106 (w.e.f. 1-6-2002).
16. Subs. by Act 21 of 2006, s. 55 for "sub-section (*1*) of section 272BB" (w.e.f. 1-6-2006).
17. Subs. by Act 20 of 2002, s. 106 for "section 272BB or" (w.e.f. 1-6-2002).
18. Ins. by Act 4 of 1988, s. 115 (w.e.f. 1-4-1989). Earlier it was amended by Act of 42 of 1970, s. 49 (w.e.f. 1-4-1971) and later omitted by act 41 of 1975, s. 65 (w.e.f. 1-4-1975).
19. Subs. by Act 21 of 1998, s. 3, for "Assistant Commissioner" (w.e.f. 1-10-1998).
20. Subs by s. 3, *ibid,* for "Deputy Commissioner" (w.e.f. 1-10-1998).
21. Subs. by Act 4 of 1988, s. 115, for sub-section (*3*) (w.e.f. 1-4-1987). Earlier it was amended by Act 29 of 1977, s. 19 (w.e.f. 10-7-1978).

[1][**275. Bar of limitation for imposing penalties.**—[2][(*1*)] No order imposing a penalty under this Chapter shall be passed—

[3][(*a*) in a case where the relevant assessment or other order is the subject-matter of an appeal to the [4]*** Commissioner (Appeals) under section 246 [5][or section 246A] or an appeal to the Appellate Tribunal under section 253, after the expiry of the financial year in which the proceedings, in the course of which action for the imposition of penalty has been initiated, are completed, or six months from the end of the month in which the order of the [4]*** Commissioner (Appeals) or, as the case may be, the Appellate Tribunal is received by the [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner], whichever period expires later:

[8][Provided that in a case where the relevant assessment or other order is the subject-matter of an appeal to the Commissioner (Appeals) under section 246 or section 246A, and the Commissioner (Appeals) passes the order on or after the 1st day of June, 2003 disposing of such appeal, an order imposing penalty shall be passed before the expiry of the financial year in which the proceedings, in the course of which action for imposition of penalty has been initiated, are completed, or within one year from the end of the financial year in which the order of the Commissioner (Appeals) is received by the [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner], whichever is later;]

(*b*) in a case where the relevant assessment or other order is the subject-matter of revision under section 263 [8][or section 264], after the expiry of six months from the end of the month in which such order of revision is passed;

(*c*) in any other case, after the expiry of the financial year in which the proceedings, in the course of which action for the imposition of penalty has been initiated, are completed, or six months from the end of the month in which action for imposition of penalty is initiated, whichever period expires later.]

[1][(*1A*) In a case where the relevant assessment or other order is the subject-matter of an appeal to the Commissioner (Appeals) under section 246 or section 246A or an appeal to the Appellate Tribunal under section 253 or an appeal to the High Court under section 260A or an appeal to the Supreme Court under section 261 or revision under section 263 or section 264 and an order imposing or enhancing or reducing or cancelling penalty or dropping the proceedings for the imposition of penalty is passed before the order of the Commissioner (Appeals) or the Appellate Tribunal or the High Court or the Supreme Court is received by the [6][Principal Chief Commissioner or Chief Commissioner] or the [7][Principal Commissioner or Commissioner] or the order of revision under section 263 or section 264 is passed, an order imposing or enhancing or reducing or cancelling penalty or dropping the proceedings for the imposition of penalty may be passed on the basis of assessment as revised by giving effect to such order

---

1. Subs. by Act 42 of 1970, s. 50, for section 275 (w.e.f. 1-4-1971).

2. Section 275 renumbered as sub-section (*1*) thereof by Act 36 of 1989, s. 26 (w.e.f. 1-4-1989).

3. Subs. by Act 4 of 1988, s. 116, for clauses (*a*) and (*b*) excluding the *Explanation* (w.e.f. 1-4-1989).

4. The words and brackets "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998).

5. Ins. by Act 10 of 2000, s. 70 (w.e.f. 1-6-2000).

6. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

7. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

8. Ins. by Act 32 of 2003, s. 96 (w.e.f. 1-6-2003).

9. Ins. by Act 29 of 2006, s. 18 (w.e.f. 13-7-2006).

of the Commissioner (Appeals) or, the Appellate Tribunal or the High Court, or the Supreme Court or order of revision under section 263 or section 264:

Provided that no order of imposing or enhancing or reducing or cancelling penalty or dropping the proceedings for the imposition of penalty shall be passed—

(*a*) unless the assessee has been heard, or has been given a reasonable opportunity of being heard;

(*b*) after the expiry of six months from the end of the month in which the order of the Commissioner (Appeals) or the Appellate Tribunal or the High Court or the Supreme Court is received by the [1][Principal Chief Commissioner or Chief Commissioner] or the [2][Principal Commissioner or Commissioner] or the order of revision under section 263 or section 264 is passed:

Provided further that the provisions of sub-section (*2*) of section 274 shall apply in respect of the order imposing or enhancing or reducing penalty under this sub-section.]

[3][(*2*) The provisions of this section as they stood immediately before their amendment by the Direct Tax Laws (Amendment) Act, 1987 (4 of 1988), shall apply to and in relation to any action initiated for the imposition of penalty on or before the 31st day of March, 1989.]

[4][*Explanation.*—In computing the period of limitation for the purposes of this section,—

(*i*) the time taken in giving an opportunity to the assessee to be reheard under the proviso to section 129;

(*ii*) any period during which the immunity granted under section 245H remained in force; and

(*iii*) any period during which a proceeding under this Chapter for the levy of penalty is stayed by an order or injunction of any court,

shall be excluded.]]

## CHAPTER XXII

### OFFENCES AND PROSECUTIONS

[1][**275A. Contravention of order made under sub-section (*3*) of section 132.**—Whoever contravenes any order referred to in [2][the second proviso to sub-section (*1*) or] sub-section (*3*) of section 132 shall be punishable with rigorous imprisonment which may extend to two years and shall also be liable to fine.]

---

1. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

2. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

3. Ins. by Act 36 of 1989, s. 26 (w.e.f. 1-4-1989).

4. Subs. by Act 41 of 1975, s. 66, for the *Explanation* (w.e.f. 1-1-1976).

5. Ins. by Act 1 of 1965, s. 4 (w.e.f. 12-3-1965).

6. Ins. by Act 12 of 1990, s. 47 (w.e.f. 1-4-1990).

[1][**275B. Failure to comply with the provisions of clause (*iib*) of sub-section (*1*) of section 132.**—If a person who is required to afford the authorised officer the necessary facility to inspect the books of account or other documents, as required under clause (*iib*) of sub-section (*1*) of section 132, fails to afford such facility to the authorised officer, he shall be punishable with rigorous imprisonment for a term which may extend to two years and shall also be liable to fine.]

[2][**276. Removal, concealment, transfer or delivery of property to thwart tax recovery.**—Whoever fraudulently removes, conceals, transfers or delivers to any person, any property or any interest therein, intending thereby to prevent that property or interest therein from being taken in execution of a certificate under the provisions of the Second Schedule shall be punishable with rigorous imprisonment for a term which may extend to two years and shall also be liable to fine.]

[3][**276A. Failure to comply with the provisions of sub-sections (*1*) and (*3*) of section 178.**—If a person [4]*** —

(*i*) fails to give the notice in accordance with sub-section (*1*) of section 178; or

(*ii*) fails to set aside the amount as required by sub-section (*3*) of that section; or

(*iii*) parts with any of the assets of the company or the properties in his hands in contravention of the provisions of the aforesaid sub-section,

he shall be punishable with rigorous imprisonment for a term which may extend to two years:

Provided that in the absence of special and adequate reasons to the contrary to be recorded in the judgment of the court, such imprisonment shall not be for less than six months.]

**276AA. [Failure to comply with the provisions of section 269AB or section 269-I].**—*Omitted by the Finance Act,* 1986 (23 *of* 1986)*, s.* 37 (*w.e.f.* 1-10-1986)*. Original section was inserted by the Income-tax* (*Amendment*) *Act,* 1981 (22 *of* 1981)*, s.* 10 (*w.e.f.* 1-7-1982)*.*

[1][**276AB. Failure to comply with the provisions of sections 269UC, 269UE and 269UL.**—Whoever [4]*** fails to comply with the provisions of section 269UC or fails to surrender or deliver possession of the property under sub-section (*2*) of section 269UE or contravenes the provisions of sub-section (*2*) of section 269UL shall be punishable with rigorous imprisonment for a term which may extend to two years and shall also be liable to fine:

Provided that in the absence of special and adequate reasons to the contrary to be recorded in the judgment of the court, such imprisonment shall not be for less than six months.]

---

1. Ins. by Act 20 of 2002, s. 107 (w.e.f. 1-6-2002).

2. Ins. by Act 4 of 1988, s. 117 (w.e.f. 1-4-1989).

3. Ins. by Act 10 of 1965, s. 58 (w.e.f. 1-4-1965).

4. The words ", without reasonable cause or excuse," omitted by Act 46 of 1986, s. 27 (w.e.f. 10-9-1986).

5. Ins. by Act 23 of 1986, s. 36 (w.e.f. 13-5-1986).

[1][2][**276B. Failure to pay tax to the credit of Central Government under Chapter XII-D or XVII-B.**—If a person fails to pay to the credit of the Central Government,—

(*a*) the tax deducted at source by him as required by or under the provisions of Chapter XVII-B; or

(*b*) the tax payable by him, as required by or under—

(*i*) sub-section (*2*) of section 115-O; or

(*ii*) the second proviso to section 194B,

he shall be punishable with rigorous imprisonment for a term which shall not be less than three months but which may extend to seven years and with fine.]

[3][**276BB. Failure to pay the tax collected at source.**—If a person fails to pay to the credit of the Central Government, the tax collected by him as required under the provisions of section 206C, he shall be punishable with rigorous imprisonment for a term which shall not be less than three months but which may extend to seven years and with fine.]

**276C. Wilful attempt to evade tax, etc.**—(*1*) If a person wilfully attempts in any manner whatsoever to evade any tax, penalty or interest chargeable [4][or imposable, or under reports his income,] under this Act, he shall, without prejudice to any penalty that may be imposable on him under any other provision of this Act, be punishable,—

(*i*) in a case where the amount sought to be evaded [1][or tax on under-reported income] exceeds [2][twenty-five hundred thousand rupees], with rigorous imprisonment for a term which shall not be less than six months but which may extend to seven years and with fine;

(*ii*) in any other case, with rigorous imprisonment for a term which shall not be less than three months but which may extend to [3][two years] and with fine.

(*2*) If a person wilfully attempts in any manner whatsoever to evade the payment of any tax, penalty or interest under this Act, he shall, without prejudice to any penalty that may be imposable on him under any other provision of this Act, be punishable with rigorous imprisonment for a term which shall not be less than three months but which may extend to [8][two years] and shall, in the discretion of the court, also be liable to fine.

*Explanation.*—For the purposes of this section, a wilful attempt to evade any tax, penalty or interest chargeable or imposable under this Act or the payment thereof shall include a case where any person—

(*i*) has in his possession or control any books of account or other documents (being books of account or other documents relevant to any proceeding under this Act) containing a false entry or statement; or

(*ii*) makes or causes to be made any false entry or statement in such books of account or other documents; or

---

1. Subs. by Act 26 of 1997, s. 56, for section 276B (w.e.f. 1-6-1997).
2. Subs. by Act 41 of 1975, s. 68, for section 276B and 276C (w.e.f. 1-10-1975). Earlier section 276C was inserted by Act 42 of 1970, s. 52 (w.e.f. 1-4-1971) and section 276B was inserted by Act 19 of 1968, s. 21 (w.e.f. 1-4-1968) and later on section 276B amended by Act 46 of 1986, s. 27 (w.e.f. 10-9-1986).
3. Ins. by Act 26 of 1988, s. 46 (w.e.f. 1-6-1988).
4. Subs. by Act 28 of 2016, s. 109, for "or imposable" (w.e.f. 1-4-2017).
5. Ins. by s. 109, *ibid*. (w.e.f. 1-4-2017).
6. Subs. by Act 23 of 2012, s. 106, for "one hundred thousand rupees" (w.e.f.1-7-2012).
7. Subs. by s. 106, *ibid*., for "three years" (w.e.f. 1-7-2012).

(*iii*) wilfully omits or causes to be omitted any relevant entry or statement in such books of account or other documents; or

(*iv*) causes any other circumstance to exist which will have the effect of enabling such person to evade any tax, penalty or interest chargeable or imposable under this Act or the payment thereof.

**276CC. Failure to furnish returns of income.**—If a person wilfully fails to furnish in due time [1][the return of fringe benefits which he is required to furnish under sub-section (*1*) of section 115WD or by notice given under sub-section (*2*) of the said section or section 115WH or] the return of income which he is required to furnish under sub-section (*1*) of section 139 or by notice given under [2][clause (*i*) of sub-section (*1*) of section 142] or [3][section 148 or section 153A,] he shall be punishable,—

(*i*) in a case where the amount of tax, which would have been evaded if the failure had not been discovered, exceeds [4][twenty-five hundred thousand rupees], with rigorous imprisonment for a term which shall not be less than six months but which may extend to seven years and with fine;

(*ii*) in any other case, with imprisonment for a term which shall not be less than three months but which may extend to [5][two years] and with fine:

Provided that a person shall not be proceeded against under this section for failure to furnish in due time the [6][return of fringe benefits under sub-section (*1*) of section 115WD or return of income under sub-section (*1*) of section 139] —

(*i*) for any assessment year commencing prior to the 1st day of April, 1975; or

(*ii*) for any assessment year commencing on or after the 1st day of April, 1975, if—

(*a*) the return is furnished by him before the expiry of the assessment year; or

(*b*) the tax payable by him on the total income determined on regular assessment, as reduced by the advance tax, if any, paid, and any tax deducted at source, does not exceed three thousand rupees.]]

[1][**276CCC. Failure to furnish return of income in search cases.**—If a person wilfully fails to furnish in due time the return of total income which he is required to furnish by notice given under clause (*a*) of section 158BC, he shall be punishable with imprisonment for a term which shall not be less than three months but which may extend to three years and with fine:

Provided that no person shall be punishable for any failure under this section in respect of search initiated under section 132 or books of account, other documents or any assets requisitioned under section 132A, after the 30th day of June, 1995 but before the 1st day of January, 1997.]

[2][**276D. Failure to produce accounts and documents.**—If a person wilfully fails to produce, or cause to be produced, on or before the date specified in any notice served on him under sub-section (*1*) of section 142, such accounts and documents as are referred to in the notice [3][or wilfully fails to comply with a direction issued to him under sub-section (*2A*) of that section], he shall be punishable with rigorous imprisonment for a term which may extend to one year [4][and with fine].]

---

1. Ins. by Act 18 of 2005, s. 62 (w.e.f. 1-4-2006).
2. Subs. by Act 4 of 1988, s. 126, for "sub-section (*2*) of section 139" (w.e.f. 1-4-1989).
3. Subs. by Act 32 of 2003, s. 97, for "section 148" (w.e.f. 1-6-2003).
4. Subs. by Act 23 of 2012, s. 107, for "one hundred thousand rupees" (w.e.f. 1-7-2012).
5. Subs. by s. 107, *ibid.*, for "three years" (w.e.f. 1-7-2012).
6. Subs. by Act 18 of 2005, s. 62, for "return of income under sub-section (*1*) of section 139" (w.e.f. 1-4-2006).
7. Ins. by Act 14 of 1997, s. 10 (w.e.f. 1-1-1997).
8. Ins. by Act 42 of 1970, s. 52 (w.e.f. 1-4-1971).
9. Ins. by Act 41 of 1975, s. 69 (w.e.f. 1-4-1976).
10. Subs. by Act 25 of 2014, s. 74, for "or with fine equal to a sum calculated at a rate which shall not be less than four rupees or more than ten rupees for every day during which the default continues, or with both " (w.e.f. 1-10-2014).

**276DD. [Failure to comply with the provisions of section 269SS].**—*Omitted by the Direct Tax Laws* (*Amendment*) *Act,* 1987 (4 *of* 1987)*, s.* 119 (*w.e.f.* 1-4-1989)*. Earlier it was inserted by the Finance Act* (21 *of* 1984)*, s.* 31 (*w.e.f.* 1-4-1984) *and later on amended by the Taxation Laws* (*Amendments and Miscellaneous Provisions*) *Act* (46 *of* 1986)*, s.* 27 (*w.e.f.* 10-9-1986).

**276E. [Failure to comply with the provisions of section 269T].**—*Omitted by s.* 119*, ibid.,* (*w.e.f.* 1-4-1989)*. Earlier it was inserted by the Income-Tax* (*Second Amendment*) *Act* (38 *of* 1981)*, s.* 4 (*w.e.f.* 11-7-1981) *and later on amended by the Taxation Laws* (*Amendments and Miscellaneous Provisions*) *Act* (46 *of* 1986)*, s.* 27 (*w.e.f.* 10-9-1986).

[1][**277. False statement in verification, etc.**—If a person makes a statement in any verification under this Act or under any rule made thereunder, or delivers an account or statement which is false, and which he either knows or believes to be false, or does not believe to be true, he shall be punishable,—

  (*i*) in a case where the amount of tax, which would have been evaded if the statement or account had been accepted as true, exceeds [2][twenty-five hundred thousand rupees], with rigorous imprisonment for a term which shall not be less than six months but which may extend to seven years and with fine;

  (*ii*) in any other case, with rigorous imprisonment for a term which shall not be less than three months but which may extend to [3][two years] and with fine.

[1][**277A. Falsification of books of account or document, etc.**—If any person (hereafter in this section referred to as the first person) wilfully and with intent to enable any other person (hereafter in this section referred to as the second person) to evade any tax or interest or penalty chargeable and imposable under this Act, makes or causes to be made any entry or statement which is false and which the first person either knows to be false or does not believe to be true, in any books of account or other document relevant to or useful in any proceedings against the first person or the second person, under this Act, the first person shall be punishable with rigorous imprisonment for a term which shall not be less than three months but which may extend to [2][two years] and with fine.

  *Explanation.*—For the purposes of establishing the charge under this section, it shall not be necessary to prove that the second person has actually evaded any tax, penalty or interest chargeable or imposable under this Act.]

**278. Abetment of false return, etc.**—If a person abets or induces in any manner another person to make and deliver an account or a statement or declaration relating to [3][any income or any fringe benefits chargeable to tax] which is false and which he either knows to be false or does not believe to be true or to commit an offence under sub-section (*1*) of section 276C, he shall be punishable,—

  (*i*)  in a case where the amount of tax, penalty or interest which would have been evaded, if the declaration, account or statement had been accepted as true, or which is wilfully attempted to be evaded, exceeds [4][twenty-five hundred thousand rupees], with rigorous imprisonment for a term which shall not be less than six months but which may extend to seven years and with fine;

  (*ii*)  in any other case, with rigorous imprisonment for a term which shall not be less than three months but which may extend to [5][two years] and with fine.

---

1. Subs. by Act 41 of 1975, s. 70, for sections 277 and 278 (w.e.f. 1-10-1975).

2. Subs. by Act 23 of 2012, s. 108, for "one hundred thousand rupees" (w.e.f. 1-7-2012).

3. Subs. by s. 108, *ibid.,* for "three years" (w.e.f. 1-7-2012).

4. Ins. by Act 23 of 2004, s. 60 (w.e.f. 1-10-2004).

5. Subs. by Act 23 of 2012, s. 109, for "three years" (w.e.f. 1-7-2012).

6. Subs. by Act 18 of 2005, s. 63, for "any income chargeable to tax" (w.e.f. 1-4-2006).

7. Subs. by Act 23 of 2012, s. 110, for "one hundred thousand rupees" (w.e.f. 1-7-2012).

8. Subs. by s. 110, *ibid.,* for "three years" (w.e.f. 1-7-2012).

**278A. Punishment for second and subsequent offences.**—If any person convicted of an offence under section 276B or sub-section (*1*) of section 276C or section 276CC [1][or section 276DD] [2][or section 276E] or section 277 or section 278 is again convicted of an offence under any of the aforesaid provisions, he shall be punishable for the second and for every subsequent offence with rigorous imprisonment for a term which shall not be less than six months but which may extend to seven years and with fine.

[3][**278AA. Punishment not to be imposed in certain cases.**—Notwithstanding anything contained in the provisions of section 276A, section 276AB, [4][or section 276B,] no person shall be punishable for any failure referred to in the said provisions if he proves that there was reasonable cause for such failure.]

[5][**278AB. Power of** [6][**Principal Commissioner or Commissioner] to grant immunity from prosecution.**—(*1*) A person may make an application to the [6][Principal Commissioner or Commissioner] for granting immunity from prosecution, if he has made an application for settlement under section 245C and the proceedings for settlement have abated under section 245HA.

(*2*) The application to the [6][Principal Commissioner or Commissioner] under sub-section (*1*) shall not be made after institution of the prosecution proceedings after abatement.

(*3*) The [6][Principal Commissioner or Commissioner] may, subject to such conditions as he may think fit to impose, grant to the person immunity from prosecution for any offence under this Act, if he is satisfied that the person has, after the abatement, co-operated with the income-tax authority in the proceedings before him and has made a full and true disclosure of his income and the manner in which such income has been derived:

Provided that where the application for settlement under section 245C had been made before the 1st day of June, 2007, the [6][Principal Commissioner or Commissioner] may grant immunity from prosecution for any offence under this Act or under the Indian Penal Code (45 of 1860) or under any other Central Act for the time being in force.

(*4*) The immunity granted to a person under sub-section (*3*) shall stand withdrawn, if such person fails to comply with any condition subject to which the immunity was granted and thereupon the provisions of this Act shall apply as if such immunity had not been granted.

(*5*) The immunity granted to a person under sub-section (*3*) may, at any time, be withdrawn by the [6][Principal Commissioner or Commissioner], if he is satisfied that such person had, in the course of any proceedings, after abatement, concealed any particulars material to the assessment from the income-tax authority or had given false evidence, and thereupon such person may be tried for the offence with respect to which the immunity was granted or for any other offence of which he appears to have been guilty in connection with the proceedings.]

---

1. Ins. by Act 32 of 1985, s. 35 (w.e.f. 24-5-1985).
2. Ins. by Act 38 of 1981, s. 5 (w.e.f. 11-7-1981).
3. Ins. by Act 46 of 1986, s. 28 (w.e.f. 10-9-1986).
4. Subs. by Act 4 of 1988, s. 120, for "section 276B, section 276DD or section 276E" (w.e.f. 1-4-1989).
5. Ins. by Act 18 of 2008, s. 54 (w.e.f. 1-4-2008).
6. Subs. by Act 25 of 2014, s. 4, for "Commissioner" (w.e.f. 1-6-2013).

**278B. Offences by companies.**—(*1*) Where an offence under this Act has been committed by a company, every person who, at the time the offence was committed, was in charge of, and was responsible to, the company for the conduct of the business of the company as well as the company shall be deemed to be guilty of the offence and shall be liable to be proceeded against and punished accordingly:

Provided that nothing contained in this sub-section shall render any such person liable to any punishment if he proves that the offence was committed without his knowledge or that he had exercised all due diligence to prevent the commission of such offence.

(*2*) Notwithstanding anything contained in sub-section (*1*), where an offence under this Act has been committed by a company and it is proved that the offence has been committed with the consent or connivance of, or is attributable to any neglect on the part of, any director, manager, secretary or other officer of the company, such director, manager, secretary or other officer shall also be deemed to be guilty of that offence and shall be liable to be proceeded against and punished accordingly.

[1][(*3*) Where an offence under this Act has been committed by a person, being a company, and the punishment for such offence is imprisonment and fine, then, without prejudice to the provisions contained in sub-section (*1*) or sub-section (*2*), such company shall be punished with fine and every person, referred to in sub-section (*1*), or the director, manager, secretary or other officer of the company referred to in sub-section (*2*), shall be liable to be proceeded against and punished in accordance with the provisions of this Act.]

*Explanation.*—For the purposes of this section,—

(*a*) "company" means a body corporate, and includes—

(*i*) a firm; and

(*ii*) an association of persons or a body of individuals whether incorporated or not; and

(*b*) "director", in relation to—

(*i*) a firm, means a partner in the firm;

(*ii*) any association of persons or a body of individuals, means any member controlling the affairs thereof.

**278C. Offences by Hindu undivided families.**—(*1*) Where an offence under this Act has been committed by a Hindu undivided family, the karta thereof shall be deemed to be guilty of the offence and shall be liable to be proceeded against and punished accordingly:

Provided that nothing contained in this sub-section shall render the karta liable to any punishment if he proves that the offence was committed without his knowledge or that he had exercised all due diligence to prevent the commission of such offence.

(*2*) Notwithstanding anything contained in sub-section (*1*), where an offence under this Act, has been committed by a Hindu undivided family and it is proved that the offence has been committed with the consent or connivance of, or is attributable to any neglect on the part of, any member of the Hindu undivided family, such member shall also be deemed to be guilty of that offence and shall be liable to be proceeded against and punished accordingly.

---

1. Ins. by Act 23 of 2004, s. 61 (w.e.f. 1-10-2004).

**278D. Presumption as to assets, books of account, etc., in certain cases.**—(*1*) Where during the course of any search made under section 132, any money, bullion, jewellery or other valuable article or thing (hereafter in this section referred to as the assets) or any books of account or other documents has or have been found in the possession or control of any person and such assets or books of account or other documents are tendered by the prosecution in evidence against such person or against such person and the person referred to in section 278 for an offence under this Act, the provisions of sub-section (*4A*) of section 132shall, so far as may be, apply in relation to such assets or books of account or other documents.

(*2*) Where any assets or books of account or other documents taken into custody, from the possession or control of any person, by the officer or authority referred to in clause (*a*) or clause (*b*) or clause (*c*), as the case may be, of sub-section (*1*) of section 132A are delivered to the requisitioning officer under sub-section (*2*) of that section and such assets, books of account or other documents are tendered by the prosecution in evidence against such person or against such person and the person referred to in section 278 for an offence under this Act, the provisions of sub-section (*4A*) of section 132 shall, so far as may be, apply in relation to such assets or books of account or other documents.]

[1][**278E. Presumption as to culpable mental state.**—(*1*) In any prosecution for any offence under this Act which requires a culpable mental state on the part of the accused, the court shall presume the existence of such mental state but it shall be a defence for the accused to prove the fact that he had no such mental state with respect to the act charged as an offence in that prosecution.

*Explanation.*—In this sub-section, "culpable mental state" includes intention, motive or knowledge of a fact or belief in, or reason to believe, a fact.

(*2*) For the purposes of this section, a fact is said to be proved only when the court believes it to exist beyond reasonable doubt and not merely when its existence is established by a preponderance of probability.]

**279. Prosecution to be at instance of** [1][ [2][**Principal Chief Commissioner or Chief Commissioner**] **or** [3][**Principal Commissioner or Commissioner**]].—[4][(*1*) A person shall not be proceeded against for an offence under section 275A, [5][ section  275B,] section  276, section  276A, section  276B, section 276BB, section  276C, section  276CC,section  276D, [6][section 277 , section  277A or section 278] except with the previous sanction of the [4][Principal Commissioner or Commissioner] or Commissioner (Appeals) or the appropriate authority:

Provided that the [3][Principal Chief Commissioner or Chief Commissioner] or, as the case may be, [7][Principal Director General or Director] General may issue such instructions or directions to the aforesaid income-tax authorities as he may deem fit for institution of proceedings under this sub-section.

*Explanation.*—For the purposes of this section, "appropriate authority" shall have the same meaning as in clause (*c*) of section 269UA.]

(*1A*) A person shall not be proceeded against for an offence under section 276C or section 277 in relation to the assessment for an assessment year in respect of which the penalty imposed or imposable on him under [8][section 270A or] clause (*iii*) of sub-section (*1*) of section 271 has been reduced or waived by an order under section 273A.]

---

1. Ins. by Act 46 of 1986, s. 29 (w.e.f. 10-9-1986).
2. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
3. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).
5. Subs. by Act 49 of 1991, s. 70, for sub-section (*1*) (w.e.f. 1-10-1991).
6. Ins. by Act 20 of 2002, s. 108 (w.e.f 1-6-2002).
7. Subs. by Act 23 of 2004, s. 62, for "section 277 of section 278" (w.e.f. 1-10-2004).
8. Subs. by Act 25 of 2014, s. 4, for "Director General" (w.r.e.f. 1-6-2013).
9. Ins. by Act 28 of 2016, s. 110 (w.e.f. 1-4-2017).

[1][(*2*) Any offence under this Chapter may, either before or after the institution of proceedings, be compounded by the [2][Principal Chief Commissioner or Chief Commissioner] or a [3][Principal Director General or Director General].

[4][(*3*) Where any proceeding has been taken against any person under sub-section (*1*), any statement made or account or other document produced by such person before any of the income-tax authorities specified in [5][clauses (*a*) to (*g*)] of section 116 shall not be inadmissible as evidence for the purpose of such proceedings merely on the ground that such statement was made or such account or other document was produced in the belief that the penalty imposable would be reduced or waived, [6][under section 273A] or that the offence in respect of which such proceeding was taken would be compounded.

[7][*Explanation.*—For the removal of doubts, it is hereby declared that the power of the Board to issue orders, instructions or directions under this Act shall include and shall be deemed always to have included the power to issue instructions or directions (including instructions or directions to obtain the previous approval of the Board) to other income-tax authorities for the proper composition of offences under this section.]

[8][**279A. Certain offences to be non-cognizable.**—Notwithstanding anything contained in the Code of Criminal Procedure, 1973 (2 of 1974), an offence punishable under section 276B or section 276C or section 276CC or section 277 or section 278 shall be deemed to be non-cognizable within the meaning of that Code.]

[1][**279B. Proof of entries in records or documents.**—Entries in the records or other documents in the custody of an income-tax authority shall be admitted in evidence in any proceedings for the prosecution of any person for an offence under this Chapter, and all such entries may be proved either by the production of the records or other documents in the custody of the income-tax authority containing such entries, or by the production of a copy of the entries certified by the income-tax authority having custody of the records or other documents under its signature and stating that it is a true copy of the original entries and that such original entries are contained in the records or other documents in its custody.]

**280. Disclosure of particulars by public servants.**—(*1*) If a public servant [2][furnishes any information or produces any document in contravention of the provisions of sub-section (*2*) of section 138], he shall be punishable with imprisonment which may extend to six months, and shall also be liable to fine.

(*2*) No prosecution shall be instituted under this section except with the previous sanction of the Central Government.

[3][**280A. Special Courts.**—(*1*) The Central Government, in consultation with the Chief Justice of the High Court, may, for trial of offences punishable under this Chapter, by notification, designate one or more courts of Magistrate of the first class as Special Court for such area or areas or for such cases or class or group of cases as may be specified in the notification.

*Explanation.*—In this sub-section, "High Court" means the High Court of the State in which a Magistrate of first class designated as Special Court was functioning immediately before such designation.

---

1. Subs. by Act 49 of 1991, s. 70 (w.e.f. 1-10-1991). Earlier substituted by Act 26of 1988, s. 47 (w.e.f. 1-4-1989).
2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
3. Subs.  by s. 4, *ibid.*, for "Director General" (w.r.e.f. 1-6-2013).
4. Ins. by Act 1 of 1965, s. 5 (w.e.f. 12-3-1965).
5. Subs. by Act 4 of 1988, s. 126, for " clauses (*a*), (*b*), (*c*), (*d*) and (*e*)" (w.e.f. 1-4-1988).
6. Subs. by Act 41 of 1975, s. 71, for "under sub-section (*4A*) of section 271" (w.e.f. 1-10-1975).
7. Ins. by Act 49 of 1991, s. 70 (w.r.e.f. 1-4-1962).
8. Ins. by Act 41 of 1975, s. 72 (w.e.f. 1-10-1975).
9. Ins. by Act 3 of 1989, s. 53 (w.e.f. 1-4-1989).
2.Subs. by Act 5 of 1964, s. 43, for "discloses any particulars, the disclosure of which is prohibited by section 137," (w.e.f. 1-4-1964).
11. Ins. by Act 23 of 2012, s. 111 (w.e.f. 1-7-2012).

(*2*) While trying an offence under this Act, a Special Court shall also try an offence, other than an offence referred to in sub-section (*1*), with which the accused may, under the Code of Criminal Procedure, 1973 (2 of 1974), be charged at the same trial.

**280B. Offences triable by Special Court.**—Notwithstanding anything contained in the Code of Criminal Procedure, 1973 (2 of 1974),—

(*a*) the offences punishable under this Chapter shall be triable only by the Special Court, if so designated, for the area or areas or for cases or class or group of cases, as the case may be, in which the offence has been committed:

Provided that a court competent to try offences under section 292,—

(*i*) which has been designated as a Special Court under this section, shall continue to try the offences before it or offences arising under this Act after such designation;

(*ii*) which has not been designated as a Special Court may continue to try such offence pending before it till its disposal;

(*b*) a Special Court may, upon a complaint made by an authority authorised in this behalf under this Act take cognizance of the offence for which the accused is committed for trial.

**280C. Trial of offences as summons case.**—Notwithstanding anything contained in the Code of Criminal Procedure, 1973 (2 of 1974), the Special Court, shall try, an offence under this Chapter punishable with imprisonment not exceeding two years or with fine or with both, as a summons case, and the provisions of the Code of Criminal Procedure, 1973 as applicable in the case of trial of summons case, shall apply accordingly.

**280D. Application of Code of Criminal Procedure, 1973 to proceedings before Special Court.**—(*1*) Save as otherwise provided in this Act, the provisions of the Code of Criminal Procedure, 1973 (2 of 1974) (including the provisions as to bails or bonds), shall apply to the proceedings before a Special Court and the person conducting the prosecution before the Special Court, shall be deemed to be a Public Prosecutor:

Provided that the Central Government may also appoint for any case or class or group of cases a Special Public Prosecutor.

(*2*) A person shall not be qualified to be appointed as a Public Prosecutor or a Special Public Prosecutor under this section unless he has been in practice as an advocate for not less than seven years, requiring special knowledge of law.

(*3*) Every person appointed as a Public Prosecutor or  a Special Public Prosecutor under this section shall be deemed to be a Public Prosecutor within the meaning of clause (*u*) of section 2 of the Code of Criminal Procedure, 1973 (2 of 1974) and the provisions of that Code shall have effect accordingly.]

**[CHAPTER XXII-A ANNUITY DEPOSITS].**—*Omitted by the Finance Act*, 1988 (26 of 1988), *s.* 48 (*w.e.f.* 1-4-1988).

**[CHAPTER XXII-B TAX CREDIT CERTIFICATES].**—*Omitted by the Finance Act,* 1990 (12 of 1990), *s.* 48 (*w.e.f.* 1-4-1990).

**[280Y. Definitions].**—*Omitted by* s. 48, *ibid.* (*w.e.f.* 1-4-1990)*.*

**[280Z. Tax credit certificates to certain equity shareholders].**—*Omitted by* s*.* 48, *ibid.* (w.e.f. 1-4-1990).

**[280ZA. Tax credit certificates for shifting of industrial undertaking from urban area].**—*Omitted by the Finance Act,* 1987 (11 *of* 1987), *s*. 70 (*w.e.f.* 1-4-1988). *Original section was inserted by the Finance Act,* 1965 (10 of 1965)*, s. 62* (w.e.f. 1-4-1965)*.*

**[280ZB. Tax credit certificate to certain manufacturing companies in certain cases].**—*Omitted by the Finance Act, 1990* (*12 of 1990*)*, s.* 48 (*w.e.f.* 1-4-1990).

**[280ZC. Tax credit certificate in relation to exports].**—*Omitted by s.* 48*, ibid.* (*w.e.f.* 1-4-1990)*.*

**[280ZD. Tax credit certificates in relation to increased production of certain goods].**—*Omitted by the s.* 48*, ibid.* (*w.e.f.* 1-4-1990*).*

**[280ZE. Tax credit certificate scheme**]*.*—*Omitted by s*. 48, *ibid.* (*w.e.f.* 1-4-1990).

CHAPTER XXIII

MISCELLANEOUS

[1][**281. Certain transfers to be void.**—(*1*) Where, during the pendency of any proceeding under this Act or after the completion thereof, but before the service of notice under rule 2 of the Second Schedule, any assessee creates a charge on, or parts with the possession (by way of sale, mortgage, gift, exchange or any other mode of transfer whatsoever) of, any of his assets in favour of any other person, such charge or transfer shall be void as against any claim in respect of any tax or any other sum payable by the assessee as a result of the completion of the said proceeding or otherwise:

Provided that such charge or transfer shall not be void if it is made—

(*i*) for adequate consideration and without notice of the pendency of such proceeding or, as the case may be, without notice of such tax or other sum payable by the assessee ; or

(*ii*) with the previous permission of the [2][Assessing Officer].

(*2*) This section applies to cases where the amount of tax or other sum payable or likely to be payable exceeds five thousand rupees and the assets charged or transferred exceed ten thousand rupees in value.

*Explanation.*—In this section, "assets" means land, building, machinery, plant, shares, securities and fixed deposits in banks, to the extent to which any of the assets aforesaid does not form part of the stock-in-trade of the business of the assessee.]

**281A. [Effect of failure to furnish information in respect of properties held benami].**—*Rep. by the Benami Transactions* (*Prohibition*) *Act,* 1988 (46 *of* 1988)*, s.* 7 (*w.e.f.* 19-5-1988).

[1][**281B. Provisional attachment to protect revenue in certain cases.**—(*1*) Where, during the pendency of any proceeding for the assessment of any income or for the assessment or reassessment of any income which has escaped assessment, the [2][Assessing Officer] is of the opinion that for the purpose of protecting the interests of the revenue it is necessary so to do, he may, with the previous approval of the [2][3][Principal Chief Commissioner or Chief Commissioner], [4][Principal Commissioner or Commissioner], [5][Principal Director General or Director General] or [6][Principal Director or Director]], by order in writing, attach provisionally any property belonging to the assessee in the manner provided in the Second Schedule.

[7]*      *          *          *          *

(*2*) Every such provisional attachment shall cease to have effect after the expiry of a period of six months from the date of the order made under sub-section (*1*):

---

1. Subs. by Act 41 of 1975, s. 73, for section 281 (w.e.f. 1-10-1975).
2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Ins. by Act 41 of 1975, s. 74 (w.e.f. 1-10-1975).
4. Subs. by Act 26 of 1997, s. 57, for "Chief Commissioner or Commissioner" (w.e.f. 1-10-1996). Earlier "Chief Commissioner or Commissioner" was substituted for "Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
5. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
7. Subs. by s. 4, *ibid.*, for "Director General" (w.e.f. 1-6-2013).
8. Subs. by s. 4, *ibid.*, for "Director" (w.e.f. 1-6-2013).
9. The *Explanation* omitted by Act 28 of 2016, s. 111 (w.e.f. 1-6-2016).

Provided that the [1][2][Principal Chief Commissioner or Chief Commissioner], [3][Principal Commissioner or Commissioner], [4][Principal Director General or Director General] or [5][Principal Director or Director]] may, for reasons to be recorded in writing, extend the aforesaid period by such further period or periods as he thinks fit, so, however, that the total period of extension shall not in any case exceed [6][two years or sixty days after the date of order of assessment or reassessment, whichever is later].]

[7]*                   *                   *                   *                   *

[8][(*3*) Where the assessee furnishes a guarantee from a scheduled bank for an amount not less than the fair market value of the property provisionally attached under sub-section (*1*), the Assessing Officer shall, by an order in writing, revoke such attachment:

Provided that where the Assessing Officer is satisfied that a guarantee from a scheduled bank for an amount lower than the fair market value of the property is sufficient to protect the interests of the revenue, he may accept such guarantee and revoke the attachment.

(*4*) The Assessing Officer may, for the purposes of determining the value of the property provisionally attached under sub-section (*1*), make a reference to the Valuation Officer referred to in section 142A, who shall estimate the fair market value of the property in the manner provided under that section and submit a report of the estimate to the Assessing Officer within a period of thirty days from the date of receipt of such reference.

(*5*) An order revoking the provisional attachment under sub-section (*3*) shall be made—

(*i*) within forty-five days from the date of receipt of the guarantee, where a reference to the Valuation Officer has been made under sub-section (*4*); or

(*ii*) within fifteen days from the date of receipt of guarantee in any other case.

(*6*) Where a notice of demand specifying a sum payable is served upon the assessee and the assessee fails to pay that sum within the time specified in the notice of demand, the Assessing Officer may invoke the guarantee furnished under sub-section (*3*), wholly or in part, to recover the amount.

(*7*) The Assessing Officer shall, in the interests of the revenue, invoke the bank guarantee, if the assessee fails to renew the guarantee referred to in sub-section (*3*), or fails to furnish a new guarantee from a scheduled bank for an equal amount, fifteen days before the expiry of the guarantee referred to in sub-section (*3*).

(*8*) The amount realised by invoking the guarantee referred to in sub-section (*3*) shall be adjusted against the existing demand which is payable by the assessee and the balance amount, if any, shall be deposited in the Personal Deposit Account of the Principal Commissioner or Commissioner in the branch of the Reserve Bank of India or the State Bank of India or of its subsidiaries or any bank as may be appointed by the Reserve Bank of India as its agent under the provisions of sub-section (*1*) of section 45 of the Reserve Bank of India Act, 1934 (2 of 1934) at the place where the office of the Principal Commissioner or Commissioner is situate.

---

1. Subs. by Act 26 of 1997, s. 57, for "Chief Commissioner or Commissioner" (w.e.f. 1-10-1996). Earlier "Chief Commissioner or Commissioner" was substituted for "Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988).
2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
3. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Director General" (w.e.f. 1-6-2013).
5. Subs. by s. 4, *ibid.*, for "Director" (w.e.f. 1-6-2013).
6. Subs. by s. 75, *ibid.*, for "two years" (w.e.f. 1-10-2014).
7. The Second and third proviso omitted by s. 75, *ibid.* (w.e.f. 1-10-2014).
8. Ins. by Act 28 of 2016, s. 111 (w.e.f. 1-6-2016).

(*9*) Where the Assessing Officer is satisfied that the guarantee referred to in sub-section (*3*) is not required any more to protect the interests of the revenue, he shall release that guarantee forthwith.

*Explanation*.—For the purposes of this section, the expression "scheduled bank" shall mean a bank included in the Second Schedule to the Reserve Bank of India Act, 1934 (2 of 1934).]

[1][**282. Service of notice generally.**—(*1*) The service of a notice or summon or requisition or order or any other communication under this Act (hereafter in this section referred to as "communication") may be made by delivering or transmitting a copy thereof, to the person therein named,—

    (*a*) by post or by such courier services as may be approved by the Board; or

    (*b*) in such manner as provided under the Code of Civil Procedure, 1908 (5 of 1908) for the purposes of service of summons; or

    (*c*) in the form of any electronic record as provided in Chapter IV of the Information Technology Act, 2000 (21 of 2000); or

    (*d*) by any other means of transmission of documents as provided by rules made by the Board in this behalf.

(*2*) The Board may make rules providing for the addresses (including the address for electronic mail or electronic mail message) to which the communication referred to in sub-section (*1*) may be delivered or transmitted to the person therein named.

*Explanation.*—For the purposes of this section, the expressions "electronic mail" and "electronic mail message" shall have the meanings as assigned to them in *Explanation* to section 66A of the Information Technology Act, 2000 (21 of 2000).]

[1][**282A. Authentication of notices and other documents.**—(*1*) Where this Act requires a notice or other document to be issued by any income-tax authority, such notice or other document shall be [2][signed and issued in paper form or communicated in electronic form by that authority in accordance with such procedure as may be prescribed].

(*2*) Every notice or other document to be issued, served or given for the purposes of this Act by any income-tax authority, shall be deemed to be authenticated if the name and office of a designated income-tax authority is printed, stamped or otherwise written thereon.

(*3*) For the purposes of this section, a designated income-tax authority shall mean any income-tax authority authorised by the Board to issue, serve or give such notice or other document after authentication in the manner as provided in sub-section (*2*).]

**282B. [Allotment of Document Identification Number].**—*Omitted by the Finance Act,* 2011 (8 *of* 2011)*, s.* 31 (*w.e.f.* 1-4-2011).

---

1. Subs. by Act 33 of 2009, s. 77, for section 282 (w.e.f. 1-10-2009).

2. Ins. by Act 18 of 2008, s. 55 (w.e.f. 1-6-2008).

3. Subs. by Act 28 of 2016, s. 112, for "signed in manuscript by that authority" (w.e.f. 1-6-2016).

**283. Service of notice when family is disrupted or firm, etc., is dissolved.**—(*1*) After a finding of total partition has been recorded by the [1][Assessing Officer] under section 171 in respect of any Hindu family, notices under this Act in respect of the income of the Hindu family shall be served on the person who was the last manager of the Hindu family, or, if such person is dead, then on all adults who were members of the Hindu family immediately before the partition.

(*2*) Where a firm or other association of persons is dissolved, notices under this Act in respect of the income of the firm or association may be served on any person who was a partner (not being a minor) or member of the association, as the case may be, immediately before its dissolution.

**284. Service of notice in the case of discontinued business.**—Where an assessment is to be made under section 176, the Assessing Officer may serve on the person whose income is to be assessed, or, in the case of a firm or an association of persons, on any person who was a member of such firm or association at the time of its discontinuance or, in the case of a company, on the principal officer thereof, a notice containing all or any of the requirements which may be included in a notice under sub-section (2) of section 139, and the provisions of this Act shall, so far as may be, apply accordingly as if the notice were a notice issued under that section.

[1][**285. Submission of statement by a non-resident having liaison office.**—Every person, being a non-resident having a liaison office in India set up in accordance with the guidelines issued by the Reserve Bank of India under the Foreign Exchange Management Act, 1999 (42 of 1999), shall, in respect of its activities in a financial year, prepare and deliver or cause to be delivered to the Assessing Officer having jurisdiction, within sixty days from the end of such financial year, a statement in such form and containing such particulars as may be prescribed.]

[2][**285A. Furnishing of information or documents by an Indian concern in certain   cases.**— Where any share of, or interest in, a company or an entity registered or incorporated outside India derives, directly or indirectly, its value substantially from the assets located in India, as referred to in *Explanation 5* to clause (*i*) of sub-section (*1*) of section 9, and such company or, as the case may be, entity, holds, directly or indirectly, such assets in India through, or in, an Indian concern, then, such Indian concern shall, for the purposes of determination of any income accruing or arising in India under clause (*i*) of sub-section (*1*) of section 9, furnish within the prescribed period to the prescribed income-tax authority the information or documents, in such manner, as may be prescribed.]

[3][**285B. Submission of statements by producers of cinematograph films.**—Any person carrying on the production of a cinematograph film during the whole or any part of any financial year shall, in respect of the period during which such production is carried on by him in such financial year, prepare and deliver or cause to be delivered to the [1][Assessing Officer], within thirty days from the end of such financial year or within thirty days from the date of the completion of the production of the film, whichever is earlier, a statement in the prescribed form containing particulars of all payments of over [4][fifty thousand rupees] in the aggregate made by him or due from him to each such person as is engaged by him in such production [5]***.]

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by Act 8 of 2011, s. 32 (w.e.f. 1-6-2011). Earlier it was omitted by Act 11 of 1987, s. 71, (w.e.f. 1-6-1987).
3. Ins. by Act 20 of 2015, s. 78 (w.e.f. 1-4-2016). Earlier it was inserted by Act 31 of 1964, s. 18, (w.e.f. 6-10-1964) and later amended by the Act 41 of 1975, s. 76, (w.e.f. 1-4-1976). And then omitted by 26 of 1988, s. 50 (w.e.f. 1-4-1988).
4. Ins. by Act 41 of 1975, s. 76 (w.e.f. 1-4-1976).
5. Subs. by Act 10 of 2000, s. 71, for "twenty-five thousand rupees" (w.e.f. 1-4-2001).  Earlier it was subs. by Act 21 of 1998, s. 63, (w.e.f. 1-4-1999).
6. The words "as employee or otherwise" omitted by Act 13 of 1989, s. 24 (w.e.f. 1-6-1989).

[1]**[285BA. Obligation to furnish statement of financial transaction or reportable account. —**

(*1*) Any person, being—

(*a*) an assessee; or

(*b*) the prescribed person in the case of an office of Government; or

(*c*) a local authority or other public body or association; or

(*d*) the Registrar or Sub-Registrar appointed under section 6 of the Registration Act, 1908 (16 of 1908); or

(*e*) the registering authority empowered to register motor vehicles under Chapter IV of the Motor Vehicles Act, 1988 (59 of 1988); or

(*f*) the Post Master General as referred to in clause (*j*) of section 2 of the Indian Post Office Act, 1898 (6 of 1898); or

(*g*) the Collector referred to in clause (*g*) of section 3 of the Right to Fair Compensation and Transparency in Land Acquisition, Rehabilitation and Resettlement Act, 2013 (30 of 2013); or

(*h*) the recognised stock exchange referred to in clause (*f*) of section 2 of the Securities Contracts (Regulation) Act, 1956 (42 of 1956); or

(*i*) an officer of the Reserve Bank of India, constituted under section 3 of the Reserve Bank of India Act, 1934 (2 of 1934); or

(*j*) a depository referred to in clause (*e*) of sub-section (*1*) of section 2 of the Depositories Act, 1996 (22 of 1996); or

(*k*) a prescribed reporting financial institution,

who is responsible for registering, or, maintaining books of account or other document containing a record of any specified financial transaction or any reportable account as may be prescribed, under any law for the time being in force, shall furnish a statement in respect of such specified financial transaction or such reportable account which is registered or recorded or maintained by him and information relating to which is relevant and required for the purposes of this Act, to the income-tax authority or such other authority or agency as may be prescribed.

(*2*) The statement referred to in sub-section (*1*) shall be furnished for such period, within such time and in the form and manner, as may be prescribed.

(*3*) For the purposes of sub-section (*1*), "specified financial transaction" means any—

(*a*) transaction of purchase, sale or exchange of goods or property or right or interest in a property; or

---

1. Subs. by Act 25 of 2014, s. 76, for "section 285BA" (w.e.f. 1-4-2015). Earlier inserted by Act 32 of 2003, s. 98, (w.e.f. 1-4-2005) and later on subs. by Act 23 of 2004, s. 63 (w.e.f. 1-4-2005).

(*b*) transaction for rendering any service; or

(*c*) transaction under a works contract; or

(*d*) transaction by way of an investment made or an expenditure incurred; or

(*e*) transaction for taking or accepting any loan or deposit,

which may be prescribed:

Provided that the Board may prescribe different values for different transactions in respect of different persons having regard to the nature of such transaction:

Provided further that the value or, as the case may be, the aggregate value of such transactions during a financial year so prescribed shall not be less than fifty thousand rupees.

(*4*) Where the prescribed income-tax authority considers that the statement furnished under sub-section (*1*) is defective, he may intimate the defect to the person who has furnished such statement and give him an opportunity of rectifying the defect within a period of thirty days from the date of such intimation or within such further period which, on an application made in this behalf, the said income-tax authority may, in his discretion, allow; and if the defect is not rectified within the said period of thirty days or, as the case may be, the further period so allowed, then, notwithstanding anything contained in any other provision of this Act, such statement shall be treated as an invalid statement and the provisions of this Act shall apply as if such person had failed to furnish the statement.

(*5*) Where a person who is required to furnish a statement under sub-section (*1*) has not furnished the same within the specified time, the prescribed income-tax authority may serve upon such person a notice requiring him to furnish such statement within a period not exceeding thirty days from the date of service of such notice and he shall furnish the statement within the time specified in the notice.

(*6*) If any person, having furnished a statement under sub-section (*1*), or in pursuance of a notice issued under sub-section (*5*), comes to know or discovers any inaccuracy in the information provided in the statement, he shall within a period of ten days inform the income-tax authority or other authority or agency referred to in sub-section (*1*), the inaccuracy in such statement and furnish the correct information in such manner as may be prescribed.

(*7*) The Central Government may, by rules made under this section, specify—

(*a*) the persons referred to in sub-section (*1*) to be registered with the prescribed income-tax authority;

(*b*) the nature of information and the manner in which such information shall be maintained by the persons referred to in clause (*a*); and

(*c*) the due diligence to be carried out by the persons for the purpose of identification of any reportable account referred to in sub-section (*1*).]

[1][**286. Furnishing of report in respect of international group.**—(*1*) Every constituent entity resident in India, shall, if it is constituent of an international group, the parent entity of which is not resident in India, notify the prescribed income-tax authority (herein referred to as prescribed authority) in the form and manner, on or before such date, as may be prescribed,—

(*a*) whether it is the alternate reporting entity of the international group; or

(*b*) the details of the parent entity or the alternate reporting entity, if any, of the international group, and the country or territory of which the said entities are resident.

(*2*) Every parent entity or the alternate reporting entity, resident in India, shall, for every reporting accounting year, in respect of the international group of which it is a constituent, furnish a report, to the prescribed authority on or before the due date specified under sub-section (*1*) of section 139, for furnishing the return of income for the relevant accounting year, in the form and manner as may be prescribed.

(*3*) For the purposes of sub-section (*2*), the report in respect of an international group shall include,—

(*a*) the aggregate information in respect of the amount of revenue, profit or loss before income-tax, amount of income-tax paid, amount of income-tax accrued, stated capital, accumulated earnings, number of employees and tangible assets not being cash or cash equivalents, with regard to each country or territory in which the group operates;

(*b*) the details of each constituent entity of the group including the country or territory in which such constituent entity is incorporated or organised or established and the country or territory where it is resident;

(*c*) the nature and details of the main business activity or activities of each constituent entity; and

(*d*) any other information as may be prescribed.

(*4*) A constituent entity of an international group, resident in India, other than the entity referred to in sub-section (*2*), shall furnish the report referred to in the said sub-section, in respect of the international group for a reporting accounting year, if the parent entity is resident of a country or territory,—

(*a*) with which India does not have an agreement providing for exchange of the report of the nature referred to in sub-section (*2*); or

(*b*) there has been a systemic failure of the country or territory and the said failure has been intimated by the prescribed authority to such constituent entity:

Provided that where there are more than one such constituent entities of the group, resident in India, the report shall be furnished by any one constituent entity, if,—

(*a*) the international group has designated such entity to furnish the report in accordance with the provisions of sub-section (*2*) on behalf of all the constituent entities resident in India; and

(*b*) the information has been conveyed in writing on behalf of the group to the prescribed authority.

---

1. Ins. by Act 28 of 2016, s. 113 (w.e.f. 1-4-2017).

(*5*) Nothing contained in sub-section (*4*) shall apply, if, an alternate reporting entity of the international group has furnished a report of the nature referred to in sub-section (*2*), with the tax authority of the country or territory in which such entity is resident, on or before the date specified in the said sub-section and the following conditions are satisfied, namely:—

(*a*) the report is required to be furnished under the law for the time being in force in the said country or territory;

(*b*) the said country or territory has entered into an agreement with India providing for exchange of the said report;

(*c*) the prescribed authority has not conveyed any systemic failure in respect of the said country or territory to any constituent entity of the group that is resident in India;

(*d*) the said country or territory has been informed in writing by the constituent entity that it is the alternate reporting entity on behalf of the international group; and

(*e*) the prescribed authority has been informed by the entities referred to in sub-section (*4*) in accordance with sub-section (*1*).

(*6*) The prescribed authority may, for the purposes of determining the accuracy of the report furnished by any reporting entity, by issue of a notice in writing, require the entity to produce such information and document as may be specified in the notice within thirty days of the date of receipt of the notice:

Provided that the prescribed authority may, on an application made by such entity, extend the period of thirty days by a further period not exceeding thirty days.

(*7*) The provisions of this section shall not apply in respect of an international group for an accounting year, if the total consolidated group revenue, as reflected in the consolidated financial statement for the accounting year preceding such accounting year does not exceed the amount, as may be prescribed.

(*8*) The provisions of this section shall be applied in accordance with such guidelines and subject to such conditions, as may be prescribed.

(*9*) For the purposes of this section,—

(*a*) "accounting year" means,—

(*i*) a previous year, in a case where the parent entity or alternate reporting entity is resident in India; or

(*ii*) an annual accounting period, with respect to which the parent entity of the international group prepares its financial statements under any law for the time being in force or the applicable accounting standards of the country or territory of which such entity is resident, in any other case;

(*b*) "agreement" means an agreement referred to in sub-section (*1*) of section 90 or sub-section (*1*) of section 90A or any agreement as may be notified by the Central Government in this behalf;

(*c*) "alternate reporting entity" means any constituent entity of the international group that has been designated by such group, in the place of the parent entity, to furnish the report of the nature referred to in sub-section (*2*) in the country or territory in which the said constituent entity is resident on behalf of such group;

(*d*) "constituent entity" means,—

    (*i*) any separate entity of an international group that is included in the consolidated financial statement of the said group for financial reporting purposes, or may be so included for the said purpose, if the equity share of any entity of the international group were to be listed on a stock exchange;

    (*ii*) any such entity that is excluded from the consolidated financial statement of the international group solely on the basis of size or materiality; or

    (*iii*) any permanent establishment of any separate business entity of the international group included in clause (*i*) or clause (*ii*), if such business unit prepares a separate financial statement for such permanent establishment for financial reporting, regulatory, tax reporting or internal management control purposes;

(*e*) "group" includes a parent entity and all the entities in respect of which, for the reason of ownership or control, a consolidated financial statement for financial reporting purposes,—

    (*i*) is required to be prepared under any law for the time being in force or the accounting standards of the country or territory of which the parent entity is resident; or

    (*ii*) would have been required to be prepared had the equity shares of any of the enterprises were listed on a stock exchange in the country or territory of which the parent entity is resident;

(*f*) "consolidated financial statement" means the financial statement of an international group in which the assets, liabilities, income, expenses and cash flows of the parent entity and the constituent entities are presented as those of a single economic entity;

(*g*) "international group" means any group that includes,—

    (*i*) two or more enterprises which are resident of different countries or territories; or

    (*ii*) an enterprise, being a resident of one country or territory, which carries on any business through a permanent establishment in other countries or territories;

(*h*) "parent entity" means a constituent entity, of an international group holding, directly or indirectly, an interest in one or more of the other constituent entities of the international group, such that,—

    (*i*) it is required to prepare a consolidated financial statement under any law for the time being in force or the accounting standards of the country or territory of which the entity is resident; or

    (*ii*) it would have been required to prepare a consolidated financial statement had the equity shares of any of the enterprises were listed on a stock exchange,

and, there is no other constituent entity of such group which, due to ownership of any interest, directly or indirectly, in the first mentioned constituent entity, is required to prepare a consolidated financial statement, under the circumstances referred to in clause (*i*) or clause (*ii*), that includes the separate financial statement of the first mentioned constituent entity;

(*i*) "permanent establishment" shall have the meaning assigned to it in clause (*iiia*) of section 92F;

(*j*) "reporting accounting year" means the accounting year in respect of which the financial and operational results are required to be reflected in the report referred to in sub-section (*2*);

(*k*) "reporting entity" means the constituent entity including the parent entity or the alternate reporting entity, that is required to furnish a report of the nature referred to in sub-section (*2*);

(*l*) "systemic failure" with respect to a country or territory means that the country or territory has an agreement with India providing for exchange of report of the nature referred to in sub-section (*2*), but—

(*i*) in violation of the said agreement, it has suspended automatic exchange; or

(*ii*) has persistently failed to automatically provide to India the report in its possession in respect of any international group having a constituent entity resident in India.]

[1][**287. Publication of information respecting assessees in certain cases.**—(*1*) If the Central Government is of opinion that it is necessary or expedient in the public interest to publish the names of any assessees and any other particulars relating to any proceedings [2][or prosecutions] under this Act in respect of such assessees, it may cause to be published such names and particulars in such manner as it thinks fit.

[3][(2) No publication under this section shall be made in relation to any penalty imposed under this Act until the time for presenting an appeal to the [4][*** Commissioner (Appeals)] has expired without an appeal having been presented or the appeal, if presented, has been disposed of.]

*Explanation.*—In the case of a firm, company or other association of persons, the names of the partners of the firm, directors, managing agents, secretaries and treasurers, or managers of the company, or the members of the association, as the case may be, may also be published if, in the opinion of the Central Government, the circumstances of the case justify it.]

[5][**287A. Appearance by registered valuer in certain matters.**—Any assessee who is entitled or required to attend before any income-tax authority or the Appellate Tribunal in connection with any matter relating to the valuation of any asset, otherwise than when required under section 131 to attend personally for examination on oath or affirmation, may attend by a registered valuer.

*Explanation.*—In this section, "registered valuer" has the same meaning as in clause (*oaa*) of section 2 of the Wealth-tax Act, 1957 (27 of 1957).

**288. Appearance by authorised representative.**—(*1*) Any assessee who is entitled or required to attend before any income-tax authority or the Appellate Tribunal in connection with any proceeding under this Act otherwise than when required under section 131 to attend personally for examination on oath or affirmation, may, subject to the other provisions of this section, attend by an authorised representative.

(*2*) For the purposes of this section, "authorised representative" means a person authorised by the assessee in writing to appear on his behalf, being—

(*i*) a person related to the assessee in any manner, or a person regularly employed by the assessee; or

---

1. Subs. by Act 5 of 1964, s. 45, for section 287 (w.e.f. 1-4-1964).
2. Ins. by Act 41 of 1975, s. 77 (w.e.f. 1-10-1975).
3. Subs. by s. 77, *ibid.*, for sub-section (2) (w.e.f. 1-10-1975).
4. The words and brackets "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998). Which was substituted as "Deputy Commissioner (Appeals)" for "Appellate Assistant Commissioner" by Act 4 of 1988, s. 2 (w.e.f. 1-4-1988) and the words and brackets "or the commissioner (Appeals)" were inserted after "Appellate Assistant Commissioner" by Act 22 of 1977, s. 39 and the Fifth Schedule (w.e.f. 1-4-1977).
5. Ins. by Act 45 of 1972, s. 6 (w.e.f. 1-1-1973).

(*ii*) any officer of a Scheduled Bank with which the assessee maintains a current account or has other regular dealings; or

(*iii*) any legal practitioner who is entitled to practise in any civil court in India; or

(*iv*) an accountant; or

(*v*) any person who has passed any accountancy examination recognised in this behalf by the Board; or

(*vi*) any person who has acquired such educational qualifications as the Board may prescribe for this purpose; or

[1][(*via*) any person who, before the coming into force of this Act in the Union territory of Dadra and Nagar Haveli, Goa†, Daman and Diu, or Pondicherry, attended before an income-tax authority in the said territory on behalf of any assessee otherwise than in the capacity of an employee or relative of that assessee; or]

(*vii*) any other person who, immediately before the commencement of this Act, was an income-tax practitioner within the meaning of clause (*iv*) of sub-section (*2*) of section 61 of the Indian Income-tax Act, 1922 (11 of 1922), and was actually practising as such.

[2][*Explanation.*—In this section, "accountant" means a chartered accountant as defined in clause (*b*) of sub-section (*1*) of section 2 of the Chartered Accountants Act, 1949 (38 of 1949) who holds a valid certificate of practice under sub-section (*1*) of section 6 of that Act, but does not include [except for the purposes of representing the assessee under sub-section (*1*)]—

(*a*) in case of an assessee, being a company, the person who is not eligible for appointment as an auditor of the said company in accordance with the provisions of sub-section (*3*) of section 141 of the Companies Act, 2013 (18 of 2013); or

(*b*) in any other case,—

(*i*) the assessee himself or in case of the assessee, being a firm or association of persons or Hindu undivided family, any partner of the firm, or member of the association or the family;

(*ii*) in case of the assessee, being a trust or institution, any person referred to in clauses (*a*), (*b*), (*c*) and (*cc*) of sub-section (*3*) of section 13;

(*iii*) in case of any person other than persons referred to in sub-clauses (*i*) and (*ii*), the person who is competent to verify the return under section 139 in accordance with the provisions of section 140;

(*iv*) any relative of any of the persons referred to in sub-clauses (*i*), (*ii*) and (*iii*);

(*v*) an officer or employee of the assessee;

(*vi*) an individual who is a partner, or who is in the employment, of an officer or employee of the assessee;

---

1. Ins. by the Taxation Laws (Extension to Union Territories) Regulation, 1963 (3 of 1963), s. 3(*2*) part II and the Schedule (w.e.f. 1-4-1963).
† Goa has now become a State by Act 18 of 1987, s. 5 (w.e.f. 30-5-1987).
2. Subs. by Act 20 of 2015, s. 79, for the *Explanation* (w.e.f. 1-6-2015).

(*vii*) an individual who, or his relative or partner—

(*I*) is holding any security of, or interest in, the assessee:

Provided that the relative may hold security or interest in the assessee of the face value not exceeding one hundred thousand rupees;

(*II*) is indebted to the assessee:

Provided that the relative may be indebted to the assessee for an amount not exceeding one hundred thousand rupees;

(*III*) has given a guarantee or provided any security in connection with the indebtedness of any third person to the assessee:

Provided that the relative may give guarantee or provide any security in connection with the indebtedness of any third person to the assessee for an amount not exceeding one hundred thousand rupees;

(*viii*) a person who, whether directly or indirectly, has business relationship with the assessee of such nature as may be prescribed;

(*ix*) a person who has been convicted by a court of an offence involving fraud and a period of ten years has not elapsed from the date of such conviction.

[1]*          *          *          *          *

(*4*) No person—

(*a*) who has been dismissed or removed from Government service after the 1st day of April, 1938; or

(*b*) who has been convicted of an offence connected with any income-tax proceeding or on whom a penalty has been imposed under this Act, other than a penalty imposed on him under [2][clause (*ii*) of sub-section (*1*) of] section 271 [3][clause (*d*) of sub-section (*1*) of section 272A or]; or

[4][(*c*) who has become an insolvent; or

(*d*) who has been convicted by a court for an offence involving fraud,

shall be qualified to represent an assessee under sub-section (*1*), for all times in the case of a person referred to in clause (*a*), for such time as the Principal Chief Commissioner or Chief Commissioner or Principal Commissioner or Commissioner may by order determine in the case of a person referred to in clause (*b*), for the period during which the insolvency continues in the case of a person referred to in clause (*c*), and for a period of ten years from the date of conviction in the case of a person referred to in clause (*d*).]

(*5*) If any person—

(*a*) who is a legal practitioner or an accountant is found guilty of misconduct in his professional capacity by any authority entitled to institute disciplinary proceedings against him, an order passed by that authority shall have effect in relation to his right to attend before an income-tax authority as it has in relation to his right to practise as a legal practitioner or accountant, as the case may be;

---

1. Sub-section (*3*) omitted by Act 67 of 1984, s. 52 (w.e.f. 1-10-1984).
2. Ins. by Act 12 of 1990, s. 49 (w.e.f. 1-4-1990).
3. Ins. by Act 28 of 2016, s. 114 (w.e.f. 1-4-2017).
4. Subs. by Act 20 of 2015, s. 79, for certain words, brackets and letter (w.e.f. 1-6-2015).

(*b*) who is not a legal practitioner or an accountant, is found guilty of misconduct in connection with any income-tax proceedings by the prescribed authority, the prescribed authority may direct that he shall thenceforth be disqualified to represent an assessee under sub-section (*1*).

(*6*) Any order or direction under clause (*b*) of sub-section (*4*) or clause (*b*) of sub-section (*5*) shall be subject to the following conditions, namely:—

(*a*) no such order or direction shall be made in respect of any person unless he has been given a reasonable opportunity of being heard;

(*b*) any person against whom any such order or direction is made may, within one month of the making of the order or direction, appeal to the Board to have the order or direction cancelled; and

(*c*) no such order or direction shall take effect until the expiration of one month from the making thereof, or, where an appeal has been preferred, until the disposal of the appeal.

(*7*) A person disqualified to represent an assessee by virtue of the provisions of sub-section (*3*) of section 61 of the Indian Income-tax Act, 1922 (11 of 1922), shall be disqualified to represent an assessee under sub-section (*1*).

[1][*Explanation.*—For the purposes of this section, "relative" in relation to an individual, means—

(*a*) spouse of the individual;

(*b*) brother or sister of the individual;

(*c*) brother or sister of the spouse of the individual;

(*d*) any lineal ascendant or descendant of the individual;

(*e*) any lineal ascendant or descendant of the spouse of the individual;

(*f*) spouse of a person referred to in clause (*b*), clause (*c*), clause (*d*) or clause (*e*);

(*g*) any lineal descendant of a brother or sister of either the individual or the spouse of the individual.]

[2][**288A. Rounding off of income.**—[3][The amount of total income] computed in accordance with the foregoing provisions of this Act shall be rounded off to the nearest multiple of ten rupees and for this purpose any part of a rupee consisting of *paise* shall be ignored and thereafter if such amount is not a multiple of ten, then, if the last figure in that amount is five or more, the amount shall be increased to the next higher amount which is a multiple of ten and if the last figure is less than five, the amount shall be reduced to the next lower amount which is a multiple of ten; and the amount so rounded off shall be deemed to be the total income of the assessee for the purposes of this Act.]

[4]\*          \*          \*          \*          \*

[5][**288B. Rounding off amount payable and refund due.**—Any amount payable, and the amount of refund due, under the provisions of this Act shall be rounded off to the nearest multiple of ten rupees and for this purpose any part of a rupee consisting of paise shall be ignored and thereafter if such amount is not a multiple of ten, then, if the last figure in that amount is five or more, the amount shall be increased to the next higher amount which is a multiple of ten and if the last figure is less than five, the amount shall be reduced to the next lower amount which is a multiple of ten.]

---

1. Ins. by Act 20 of 2015, s. 79 (w.e.f. 1-6-2015).
2. Ins. by Act 13 of 1966, s. 34 (w.e.f. 1-4-1966).
3. Subs. by Act 19 of 1968, s. 30 and the Third Schedule, for "(*1*) Subject to the provisions of sub-section (*2*), the amount of total income" (w.e.f. 1-4-1969).
4. Sub-section (*2*) and *Explanation*, omitted by s. 30 and the Third Schedule, *ibid.* (w.e.f. 1-4-1969).
5. Subs. by Act 29 of 2006, s. 19, for section 288B (w.e.f. 13-7-2006).

**289. Receipt to be given.**—A receipt shall be given for any money paid or recovered under this Act.

**290. Indemnity.**—Every person deducting, retaining, or paying any tax in pursuance of this Act in respect of income belonging to another person is hereby indemnified for the deduction, retention, or payment thereof.

**291. Power to tender immunity from prosecution.**—(*1*) The Central Government may, if it is of opinion (the reasons for such opinion being recorded in writing) that with a view to obtaining the evidence of any person appearing to have been directly or indirectly concerned in or privy to the concealment of income or to the evasion of payment of tax on income [1][it is necessary or expedient so to do], tender to such person immunity from prosecution for any offence under this Act or under the Indian Penal Code (45 of 1860), or under any other Central Act for the time being in force and also from the imposition of any penalty under this Act on condition of his making a full and true disclosure of the whole circumstances relating to the concealment of income or evasion of payment of tax on income.

(*2*) A tender of immunity made to, and accepted by, the person concerned, shall, to the extent to which the immunity extends, render him immune from prosecution for any offence in respect of which the tender was made or from the imposition of any penalty under this Act.

(*3*) If it appears to the Central Government that any person to whom immunity has been tendered under this section has not complied with the condition on which the tender was made or is wilfully concealing anything or is giving false evidence, the Central Government may record a finding to that effect, and thereupon the immunity shall be deemed to have been withdrawn, and any such person may be tried for the offence in respect of which the tender of immunity was made or for any other offence of which he appears to have been guilty in connection with the same matter and shall also become liable to the imposition of any penalty under this Act to which he would otherwise have been liable.

**292. Cognizance of offences.**—No court inferior to that of a presidency magistrate or a magistrate of the first class shall try any offence under this Act.

[2][**292A. Section 360 of the Code of Criminal Procedure, 1973, and the Probation of Offenders Act, 1958, not to apply.**—Nothing contained in section 360 of the Code of Criminal Procedure, 1973 (2 of 1974), or in the Probation of Offenders Act, 1958 (20 of 1958), shall apply to a person convicted of an offence under this Act unless that person is under eighteen years of age.

**292B. Return of income, etc., not to be invalid on certain grounds.**—No return of income, assessment, notice, summons or other proceeding, furnished or made or issued or taken or purported to have been furnished or made or issued or taken in pursuance of any of the provisions of this Act shall be invalid or shall be deemed to be invalid merely by reason of any mistake, defect or omission in such return of income, assessment, notice, summons or other proceeding if such return of income, assessment, notice, summons or other proceeding is in substance and effect in conformity with or according to the intent and purpose of this Act.]

[3][**292BB. Notice deemed to be valid in certain circumstances.**—Where an assessee has appeared in any proceeding or co-operated in any inquiry relating to an assessment or reassessment, it shall be deemed that any notice under any provision of this Act, which is required to be served upon him, has been duly served upon him in time in accordance with the provisions of this Act and such assessee shall be precluded from taking any objection in any proceeding or inquiry under this Act that the notice was—

(*a*) not served upon him; or

---

1. Ins. by Act 13 of 1963, s. 18 (w.e.f. 28-4-1963).
2. Ins. by Act 41 of 1975, s. 78 (w.e.f. 1-10-1975).
3. Ins. by Act 18 of 2008, s. 56 (w.e.f. 1-4-2008).

(*b*) not served upon him in time; or

(*c*) served upon him in an improper manner:

Provided that nothing contained in this section shall apply where the assessee has raised such objection before the completion of such assessment or reassessment.]

[1][**292C. Presumption as to assets, books of account, etc.**—[2][(*1*)] Where any books of account, other documents, money, bullion, jewellery or other valuable article or thing are or is found in the possession or control of any person in the course of a search under section 132 [3][or survey under section 133A], it may, in any proceeding under this Act, be presumed—

(*i*) that such books of account, other documents, money, bullion, jewellery or other valuable article or thing belong or belongs to such person;

(*ii*) that the contents of such books of account and other documents are true; and

(*iii*) that the signature and every other part of such books of account and other documents which purport to be in the handwriting of any particular person or which may reasonably be assumed to have been signed by, or to be in the handwriting of, any particular person, are in that person's handwriting, and in the case of a document stamped, executed or attested, that it was duly stamped and executed or attested by the person by whom it purports to have been so executed or attested.]

[4][(*2*) Where any books of account, other documents or assets have been delivered to the requisitioning officer in accordance with the provisions of section 132A, then, the provisions of sub-section (*1*) shall apply as if such books of account, other documents or assets which had been taken into custody from the person referred to in clause (*a*) or clause (*b*) or clause (*c*), as the case may be, of sub-section (*1*) of section 132A, had been found in the possession or control of that person in the course of a search under section 132.]

[5][**292CC. Authorisation and assessment in case of search or requisition.**—(*1*) Notwithstanding anything contained in this Act,—

(*i*) it shall not be necessary to issue an authorisation under section 132 or make a requisition under section 132A separately in the name of each person;

(*ii*) where an authorisation under section 132 has been issued or requisition under section 132A has been made mentioning therein the name of more than one person, the mention of such names of more than one person on such authorisation or requisition shall not be deemed to construe that it was issued in the name of an association of persons or body of individuals consisting of such persons.

(*2*) Notwithstanding that an authorisation under section 132 has been issued or requisition under section 132A has been made mentioning therein the name of more than one person, the assessment or reassessment shall be made separately in the name of each of the persons mentioned in such authorisation or requisition.]

---

1. Ins. by Act 22 of 2007, s. 78 (w.e.f. 1-10-1975).
2. Section 292C renumbered as sub-section (*1*) thereof by Act 18 of 2008, s. 57 (w.e.f. 1-10-1975).
3. Ins. by *ibid.* s. 57 (w.r.e.f. 1-6-2002).
4. Ins. by *ibid.* s. 57 (w.e.f. 1-10-1975).
5. Ins. by Act 23 of 2012, s. 112 (w.e.f. 1-4-1976).

**293. Bar of suits in civil courts.**—No suit shall be brought in any civil court to set aside or modify [1][any proceeding taken or order made] under this Act; and no prosecution, suit or other proceeding shall lie against [2][the Government or] any officer of the Government for anything in good faith done or intended to be done under this Act.

[1][**293A. Power to make exemption, etc., in relation to participation in the business of prospecting for, extraction, etc., of mineral oils.**—(*1*) If the Central Government is satisfied that it is necessary or expedient so to do in the public interest, it may, by notification in the Official Gazette, make an exemption, reduction in rate or other modification in respect of income-tax in favour of any class of persons specified in sub-section (*2*) or in regard to the whole or any part of the income of such class of persons [2][or in regard to the status in which such class of persons or the members thereof are to be assessed on their income from the business referred to in clause (*a*) of sub-section (*2*):

Provided that the notification for modification in respect of the status may be given effect from an assessment year beginning on or after the 1st day of April, 1993.]

(*2*) The persons referred to in sub-section (*1*) are the following, namely:—

(*a*)  persons with whom the Central Government has entered into agreements for the association or participation of that Government or any person authorised by that Government in any business consisting of the prospecting for or extraction or production of mineral oils;

(*b*)  persons providing any services or facilities or supplying any ship, aircraft, machinery or plant (whether by way of sale or hire) in connection with any business consisting of the prospecting for or extraction or production of mineral oils carried on by that Government or any person specified by that Government in this behalf by notification in the Official Gazette; and

(*c*)  employees of the persons referred to in clause (*a*) or clause (*b*).

(*3*) Every notification issued under this section shall be laid before each House of Parliament.

[3][*Explanation.*—For the purposes of this section,—

(*a*)  "mineral oil" includes petroleum and natural gas;

(*b*) "status" means the category under which the assessee is assessed as "individual", "Hindu undivided family" and so on.]]

[4][**293B. Power of Central Government or Board to condone delays in obtaining approval.**— Where, under any provision of this Act, the approval of the Central Government or the Board is required to be obtained before a specified date, it shall be open to the Central Government or, as the case may be, the Board to condone, for sufficient cause, any delay in obtaining such approval.]

[5][**293C. Power to withdraw approval.**—Where the Central Government or the Board or an income-tax authority, who has been conferred upon the power under any provision of this Act to grant any approval to any assessee, the Central Government or the Board or such authority may, notwithstanding that a provision to withdraw such approval has not been specifically provided for in such provision, withdraw such approval at any time:

---

1. Subs. by Act 26 of 1988, s. 51, for "any order made" (w.r.e.f. 1-3-1988).
2. Ins. by Act 5 of 1964, s. 46 (w.e.f. 1-4-1964).
3. Ins. by Act 16 of 1981, s. 22 (w.e.f. 1-4-1981).
4. Ins. by Act 22 of 1995, s . 49 (w.r.e.f. 1-4-1993).
5. Subs. by s. 49, *ibid.,* for the *Explanation* (w.r.e.f. 1-4-1993).
6. Ins. by Act 4 of 1988, s. 121 (w.e.f. 1-4-1989).
7. Ins. by Act 33 of 2009, s. 79 (w.e.f. 1-10-2009).

Provided that the Central Government or Board or income-tax authority shall, after giving a reasonable opportunity of showing cause against the proposed withdrawal to the assessee concerned, at any time, withdraw the approval after recording the reasons for doing so.]

**294. Act to have effect pending legislative provision for charge of tax.**—If on the 1st day of April in any assessment year provision has not yet been made by a Central Act for the charging of income-tax [1]*** for that assessment year, this Act shall nevertheless have effect until such provision is so made as if the provision in force in the preceding assessment year or the provision proposed in the Bill then before Parliament, whichever is more favourable to the assessee, were actually in force.

[2][**294A. Power to make exemption, etc., in relation to certain Union territories.**—If the Central Government considers it necessary or expedient so to do for avoiding any hardship or anomaly or removing any difficulty that may arise as a result of the application of this Act to the Union territories of Dadra and Nagar Haveli, Goa*, Daman and Diu, and Pondicherry, or in the case of the Union territory of Pondicherry, for implementing any provision of the Treaty of Cession concluded between France and India on the 28th day of May, 1956, that Government may, by general or special order, make an exemption, reduction in rate or other modification in respect of income-tax or super-tax in favour of any assessee or class of assessees or in regard to the whole or any part of the income of any assessee or class of assessees:

Provided that the power conferred by this section shall not be exercisable after the 31st day of March, 1967, except for the purpose of rescinding an exemption, reduction or modification already made.]

**295. Power to make rules.**—(*1*) The Board may, subject to the control of the Central Government, by notification in the Gazette of India, make rules for the whole or any part of India for carrying out the purposes of this Act.

(*2*) In particular, and without prejudice to the generality of the foregoing power, such rules may provide for all or any of the following matters:—

(*a*)  the ascertainment and determination of any class of income;

(*b*)  the manner in which and the procedure by which the income shall be arrived at in the case of—

(*i*)  income derived in part from agriculture and in part from business;

(*ii*)  persons residing outside India;

[3][(*iii*)  an individual who is liable to be assessed under the provisions of sub-section (*2*) of section 64;]

(*c*)  the determination of the value of any perquisite chargeable to tax under this Act in such manner and on such basis as appears to the Board to be proper and reasonable;

(*d*)  the percentage on the written down value which may be allowed as depreciation in respect of buildings, machinery, plant or furniture;

[4][(*dd*)  the extent to which, and the conditions subject to which, any expenditure referred to in sub-section (*3*) of section 37 may be allowed;]

[5][(*dda*) the matters specified in sub-sections (*2*) and (*3*) of section 44AA;]

---

1. The words "or super-tax" omitted by Act 10 of 1965, s. 63 (w.e.f. 1-4-1965).
2. Ins. by the Taxation Laws (Extension to Union Territories) Regulation, 1963 (3 of 1963), s. 3 and the Schedule (w.e.f. 1-4-1963).
3. Ins. by Act 42 of 1970, s. 55 (w.e.f. 1-4-1971).
4. Ins. by Act 5 of 1964, s. 47 (w.e.f. 1-4-1964).
5. Ins. by Act 41 of 1975, s. 79 (w.e.f. 1-4-1976).

[1][1][(e)]  the conditions or limitations subject to which any payment of rent made by an assessee shall be deducted under section 80GG;

[2][(ee) the matters specified in Chapter X-A;]

(eea)  the cases, the nature and value of assets, the limits and heads of expenditure and the outgoings, which are required to be prescribed under sub-section (6) of section 139;

(eeb)  the time within which any person may apply for the allotment of a permanent account number, the form and the manner in which such application may be made and the particulars which such application shall contain and the transactions with respect to which permanent account numbers shall be quoted on documents relating to such transactions under section 139A;

[3][(eeba)  the documents, statements, receipts, certificates or audited reports which may not be furnished along with the return but shall be produced before the Assessing Officer on demand under section 139C;

(eebb)  the class or classes of persons who shall be required to furnish the return of income in electronic form; the form and the manner of furnishing the said return in electronic form; documents, statements, receipts, certificates or reports which shall not be furnished with the return in electronic form and the computer resource or electronic record to which such return may be transmitted under section 139D;]

(eec)  the form of the report of audit and the particulars which such report shall contain under sub-section (2A) of section 142;]

[3][(eed)  remuneration of Chairperson and members of the Approving Panel under sub-section (18) and procedure and manner for constitution of, functioning and disposal of references by, the Approving Panel under sub-section (21) of section 144BA;]

 (f)  the manner in which and the period to which any such income as is referred to in section 180 may be allocated;

[4][(fa)  the form and manner in which the information relating to payment of any sum may be furnished under sub-section (6) of section 195;]

(g)  the authority to be prescribed for any of the purposes of this Act;

(h)  the procedure for giving effect to the terms of any agreement for the granting of relief in respect of double taxation or for the avoidance of double taxation which may be entered into by the Central Government under this Act;

[5][(ha)  the procedure for granting of relief or deduction, as the case may be, of any income-tax paid in any country or specified territory outside India, under section 90 or section 90A or section 91, against the income-tax payable under this Act;]

 (i)  the form and manner in which any application, claim, return or information may be made or furnished and the fees that may be levied in respect of any application or claim;

---

1. Ins. by Act 41 of 1975, s. 79 (w.e.f. 1-4-1976).
2. Clasue (ee) renumbered as clause (e) thereof by Act 17 of 2013, s. 59 (w.e.f. 1-4-2016). Earlier clause (e) omitted by Act 18 of 2005, s. 64 (w.e.f. 1-4-2006) which was amended by Act 20 of 1967, s. 33 and the Third Schedule (w.e.f. 1-4-1968).
3. Ins. by s. 59, ibid. (w.e.f. 1-4-2016).
4. Ins. by Act 22 of 2007, s. 79 (w.r.e.f. 1-6-2006).
5. Ins. by Act 18 of 2008, s. 58 (w.e.f. 1-4-2008).
6. Ins. by Act 20 of 2015, s. 80 (w.e.f. 1-6-2015).

(*j*)  the manner in which any document required to be filed under this Act may be verified;

(*k*)  the procedure to be followed on applications for refunds;

[1][(*kk*) the procedure to be followed in calculating interest payable by assessees or interest payable by Government to assessees under any provision of this Act, including the rounding off of the period for which such interest is to be calculated in cases where such period includes a fraction of a month, and specifying the circumstances in which and the extent to which petty amounts of interest payable by assessees may be ignored;]

(*l*)  the regulation of any matter for which provision is made in section 230;

(*m*) the form and manner in which any appeal or cross-objection may be filed under this Act, the fee payable in respect thereof and the manner in which intimation of any such order as is referred to in clause (*c*) of sub-section (*2*) of section 249 may be served;

[2][(*mm*) the circumstances in which, the conditions subject to which and the manner in which, the [3][*** or the Commissioner (Appeals)] may permit an appellant to produce evidence which he did not produce or which he was not allowed to produce before the [4][Assessing Officer];]

[5][(*mma*) the form in which the statement under section 285B shall be delivered to the [4][Assessing Officer];]

(*n*)  the maintenance of a register of persons other than legal practitioners or accountants as defined in sub-section (*2*) of section 288 practising before income-tax authorities and for the constitution of and the procedure to be followed by the authority referred to in sub-section (*5*) of that section;

(*o*)  the issue of certificate verifying the payment of tax by assessees;

(*p*)  any other matter which by this Act is to be, or may be, prescribed.

(*3*) In cases coming under clause (*b*) of sub-section (*2*), where the income liable to tax cannot be definitely ascertained, or can be ascertained only with an amount of trouble and expense to the assessee which in the opinion of the Board is unreasonable, the rules made under this section may—

(*a*) prescribe methods by which an estimate of such income may be made; and

(*b*) in cases coming under sub-clause (*i*) of clause (*b*) of sub-section (*2*) specify the proportion of the income which shall be deemed to be income liable to tax,

and an assessment based on such estimate or proportion shall be deemed to be duly made in accordance with the provisions of this Act.

[6][(*4*) The power to make rules conferred by this section shall include the power to give retrospective effect, from a date not earlier than the date of commencement of this Act, to the rules or any of them and, unless the contrary is permitted (whether expressly or by necessary implication), no retrospective effect shall be given to any rule so as to prejudicially affect the interests of assessees.]

---

1. Ins. by Act 42 of 1970, s. 55 (w.e.f. 1-4-1971).
2. Ins. by Act 16 of 1972, s. 41 (w.e.f. 1-4-1972).
3. The words "Deputy Commissioner (Appeals) or the" omitted by Act 21 of 1998, s. 65 (w.e.f. 1-10-1998). Earlier the words "Deputy Commissioner (Appeals)" were substituted by Act 4 of 1988, s. 2, for "Appellate Assistant Commissioner" (w.e.f. 1-4-1988) and the words "or the Commissioner (Appeals)" were inserted by Act 29 of 1977, s. 39 and the Fifth Schedule (w.e.f. 10-7-1978).
4. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
5. Ins. by Act 41 of 1975, s. 79 (w.e.f. 1-4-1976).
6. Ins. by Act 26 of 1974, s. 14 (w.e.f. 18-8-1974).

[1][2][**296. Rules and certain notifications to be placed before Parliament.**—The Central Government shall cause every rule made under this Act , [1][the rules of procedure framed by the Settlement Commission under sub-section (*7*) of section 245F, the Authority for Advance Rulings under section 245V and the Appellate Tribunal under sub-section (*5*) of section 255] and [2][every notification issued before the 1st day of June, 2007 under sub-clause (*iv*) of clause (*23C*) of section 10] [3][and every notification issued under sub-section (*1C*) of section 139] [4][or third proviso to sub-section (*1*) of section 153A or second proviso to sub-section (*1*) of section 153C] to be laid as soon as may be after the rule is made or the notification is issued before each House of Parliament while it is in session, for a total period of thirty days, which may be comprised in one session or in two or more successive sessions, and if, before the expiry of the session immediately following the session or the successive sessions aforesaid, both Houses agree in making any modification in the rule or notification or both Houses agree that the rule or notification should not be made or issued, that rule or notification shall thereafter have effect, only in such modified form or be of no effect, as the case may be; so, however, that any such modification or annulment shall be without prejudice to the validity of anything previously done under that rule or notification.]]

**297. Repeals and savings.**—(*1*) The Indian Income-tax Act, 1922 (11 of 1922), is hereby repealed.

(*2*) Notwithstanding the repeal of the Indian Income-tax Act, 1922 (11 of 1922) (hereinafter referred to as the repealed Act),—

(*a*) where a return of income has been filed before the commencement of this Act by any person for any assessment year, proceedings for the assessment of that person for that year may be taken and continued as if this Act had not been passed;

(*b*) where a return of income is filed after the commencement of this Act otherwise than in pursuance of a notice under section 34 of the repealed Act by any person for the assessment year ending on the 31st day of March, 1962, or any earlier year, the assessment of that person for that year shall be made in accordance with the procedure specified in this Act;

(*c*) any proceeding pending on the commencement of this Act before any income-tax authority, the Appellate Tribunal or any court, by way of appeal, reference, or revision, shall be continued and disposed of as if this Act had not been passed;

(*d*) where in respect of any assessment year after the year ending on the 31st day of March, 1940,—

(*i*) a notice under section 34 of the repealed Act had been issued before the commencement of this Act, the proceedings in pursuance of such notice may be continued and disposed of as if this Act had not been passed;

(*ii*) any income chargeable to tax had escaped assessment within the meaning of that expression in section 147 and no proceedings under section 34 of the repealed Act in respect of any such income are pending at the commencement of this Act, a notice under section 148 may, subject to the provisions contained in section 149 or section 150, be issued with respect to that assessment year and all the provisions of this Act shall apply accordingly;

(*e*) [5][subject to the provisions of clause (*g*) and clause (*j*) of this sub-section,] section 23A of the repealed Act shall continue to have effect in relation to the assessment of any company or its shareholders for the assessment year ending on the 31st day of March, 1962 or any earlier year, and the provisions of the repealed Act shall apply to all matters arising out of such assessment as fully and effectually as if this Act had not been passed;

---

1. Restored by Act 3 of 1989, s. 95 (w.e.f.1-4-1989). Earlier it was substituted by Act 4 of 1988, s. 122 (w.e.f. 1-4-1989).
2. Subs. by Act 41 of 1975, s. 80, for "section 296" (w.e.f. 1-4-1976).
3. Ins. by Act 32 of 1994, s. 49 (w.e.f. 1-6-1994).
4. Subs. by Act 22 of 2007, s. 80, for "every notification issued under sub-clause (*iv*) of clause (*23C*) of section 10" (w.e.f. 1-6-2007).
5. Ins. by Act 8 of 2011, s. 33 (w.e.f. 1-6-2011).
6. Ins. by Act 23 of 2012, s. 113 (w.e.f. 1-7-2012).
7. Ins. by Act 13 of 1963, s. 19 (w.e.f. 1-4-1962).

(*f*) any proceeding for the imposition of a penalty in respect of any assessment completed before the first day of April, 1962, may be initiated and any such penalty may be imposed as if this Act had not been passed;

(*g*) any proceeding for the imposition of a penalty in respect of any assessment for the year ending on the 31st day of March, 1962, or any earlier year, which is completed on or after the 1st day of April, 1962, may be initiated and any such penalty may be imposed under this Act;

(*h*) any election or declaration made or option exercised by an assessee under any provision of the repealed Act and in force immediately before the commencement of this Act shall be deemed to have been an election or declaration made or option exercised under the corresponding provision of this Act;

(*i*) where, in respect of any assessment completed before the commencement of this Act, a refund falls due after such commencement or default is made after such commencement in the payment of any sum due under such completed assessment, the provisions of this Act relating to interest payable by the Central Government on refunds and interest payable by the assessee for default shall apply;

(*j*) any sum payable by way of income-tax, super-tax, interest, penalty or otherwise under the repealed Act may be recovered under this Act, but without prejudice to any action already taken for the recovery of such sum under the repealed Act;

(*k*) any agreement entered into, appointment made, approval given, recognition granted, direction, instruction, notification, order or rule issued under any provision of the repealed Act shall, so far as it is not inconsistent with the corresponding provision of this Act, be deemed to have been entered into, made, granted, given or issued under the corresponding provision aforesaid and shall continue in force accordingly;

(*l*) any notification issued under sub-section (*1*) of section 60 [1][ or section 60A] of the repealed Act and in force immediately before the commencement of this Act shall, to the extent to which provision has not been made under this Act, continue in force [2]***:

[3][Provided that the Central Government may rescind any such notification or amend it so as to rescind any exemption, reduction in rate or other modification made thereunder;]

(*m*) where the period prescribed for any application, appeal, reference or revision under the repealed Act had expired on or before the commencement of this Act, nothing in this Act shall be construed as enabling any such application, appeal, reference or revision to be made under this Act by reason only of the fact that a longer period therefor is prescribed or provision is made for extension of time in suitable cases by the appropriate authority.

**298. Power to remove difficulties.**—(*1*) If any difficulty arises in giving effect to the provisions of this Act the Central Government may, by general or special order, do anything not inconsistent with such provisions which appears to it to be necessary or expedient for the purpose of removing the difficulty.

(*2*) In particular, and without prejudice to the generality of the foregoing power, any such order may provide for the adaptations or modifications subject to which the repealed Act shall apply in relation to the assessments for the assessment year ending on the 31st day of March, 1962, or any earlier year.

[4][(*3*) If any difficulty arises in giving effect to the provisions of this Act as amended by the Direct Tax Laws (Amendment) Act, 1987, the Central Government may, by order, do anything not inconsistent with such provisions for the purpose of removing the difficulty:

Provided that no such order shall be made after the expiration of three years from the 1st day of April, 1988.

(*4*) Every order made under sub-section (*3*) shall be laid before each House of Parliament.

---

1. Ins. by Act 13 of 1966, s. 13 (w.e.f. 1-4-1962).
2. The words "until rescinded by the Central Government" omitted by Act 54 of 1972, s. 7 (w.e.f. 9-9-1972).
3. The *proviso* added by s. 7, *ibid.*, (w.e.f. 9-9-1972).
4. Sub-section (*3*) added by Act 4 of 1988, s. 123 (w.e.f. 1-4-1988).

THE FIRST SCHEDULE

INSURANCE BUSINESS

[*See* section 44]

*A.—Life insurance business*

**1. Profits of life insurance business to be compu    ted separately.**—In the case of a person who carries on or at any time in the previous year carried on life insurance business, the profits and gains of such person from that business shall be computed separately from his profits and gains from any other business.

[1][**2. Computation of profits of life insurance business.**—The profits and gains of life insurance business shall be taken to be the annual average of the surplus arrived at by adjusting the surplus or deficit disclosed by the actuarial valuation made in accordance with the Insurance Act, 1938 (4 of 1938), in respect of the last inter-valuation period ending before the commencement of the assessment year, so as to exclude from it any surplus or deficit included therein which was made in any earlier inter-valuation period.]

**3.** [**Deductions.**] *Omitted by the Finance Act,* 1976 (66 *of* 1976), *s.* 23(*w.e.f.* 1-4-1977). *Earlier, the rule was first amended by the Finance Act,* 1966 (13 *of* 1966), *s.* 36 (*w.e.f.* 1-4-1966) *and by the Finance Act*, 1965 (10 *of* 1965), *s.* 65 (*w.e.f.* 1-4-1965).]

**4. Adjustment of tax paid by deduction at source.**—Where for any year an assessment of the profits of life insurance business is made in accordance with the annual average of a surplus disclosed by a valuation for an inter-valuation period exceeding twelve months, then, in computing the income-tax payable for that year, credit shall not be given in accordance with section 199 for the income-tax paid in the previous year, but credit shall be given for the annual average of the income-tax paid by deduction at source from interest on securities or otherwise during such period.

*B.—Other insurance business*

**5. Computation of profits and gains of other insurance business.**—The profits and gains of any business of insurance other than life insurance shall be taken to be the [2][profit before tax and appropriations as disclosed in the profit and loss account prepared in accordance with the provisions of the Insurance Act, 1938 (4 of 1938) or the rules made thereunder or the provisions of the Insurance Regulatory and Development Authority Act, 1999 (4 of 1999) or the regulations made thereunder,] subject to the following adjustments:—

(*a*) subject to the other provisions of this rule, [3][any expenditure or allowance including any amount debited to the profit and loss account either by way of a provision for any tax, dividend, reserve or any other provision as may be prescribed] which is not admissible under the provisions of [4][sections 30 to 43B] in computing the profits and gains of a business shall be added back;

---

1. Subs. by Act 66 of 1976, s. 23 (w.e.f. 1-4-1977).

2. Subs. by Act 33 of 2009, s. 80, for certain words (w.e.f. 1-4-2011).

3. Subs. by Act 21 of 1998, s. 64, for "any expenditure or allowance" (w.r.e.f. 1-4-1989).

4. Subs. by Act 4 of 1988, s. 126, for "section 30 to 43A" (w.e.f. 1-4-1989).

[1][(*b*) (*i*) any gain or loss on realisation of investments shall be added or deducted, as the case may be, if such gain or loss is not credited or debited to the profit and loss account;

(*ii*) any provision for diminution in the value of investment debited to the profit and loss account, shall be added back;]

(*c*) such amount carried over to a reserve for unexpired risks as may be prescribed in this behalf shall be allowed as a deduction.

*C.—Other provisions*

**6. Profits and gains of non-resident person.**—(*1*) The profits and gains of the branches in India of a person not resident in India and carrying on any business of insurance, may, in the absence of more reliable data, be deemed to be that proportion of the world income of such person which corresponds to the proportion which his premium income derived from India bears to his total premium income.

(*2*) For the purposes of this rule, the world income in relation to life insurance business of a person not resident in India shall be computed in the manner laid down in this Act for the computation of the profits and gains of life insurance business carried on in India.

**7. Interpretation.**—(*1*) For the purposes of these rules—

[2]*             *             *             *             *

(*ii*) "investments" includes securities, stocks and shares;

[3]*             *             *             *             *

(*iv*) "life insurance business" means life insurance business as defined in clause (*11*) of section 2 of the Insurance Act, 1938 (4 of 1938);

(*v*) "rule" means a rule contained in this Schedule.

(*2*) References in these rules to the Insurance Act, 1938 (4 of 1938), or any provision thereof, shall, in relation to the Life Insurance Corporation of India, be construed as references to that Act or provision as read with section 43 of the Life Insurance Corporation Act, 1956 (31 of 1956).

---

1. Subs. by Act 14 of 2010, s. 52, for clause (*b*) (w.e.f. 1-4-2011).
2. Clause (*i*) omitted by Act 66 of 1976, s. 23 (w.e.f. 1-4-1977). Earlier clause (*i*) was amended by Act 20 of 1967,  s. 32 (w.e.f. 1-4-1967).
3. Clause (*iii*) omitted by s. 23, *ibid.* (w.e.f. 1-4-1977).

THE SECOND SCHEDULE

Procedure for recovery of tax

[1][[*See* sections 222 and 276]]

PART I

———————

General provisions

**1. Definitions.**—In this Schedule, unless the context otherwise requires,—

[2][(*a*) "certificate", except in rules 7, 44, 65 and sub-rule (*2*) of rule 66, means the certificate drawn up by the Tax Recovery Officer under section 222 in respect of any assessee referred to in that section;]

(*b*) "defaulter" means the assessee mentioned in the certificate;

(*c*) "execution", in relation to a certificate, means recovery of arrears in pursuance of the certificate;

(*d*) "movable property" includes growing crops;

(*e*) "officer" means a person authorised to make an attachment or sale under this Schedule;

(*f*) "rule" means a rule contained in this Schedule; and

(*g*) "share in a corporation" includes stock, debenture-stock, debentures or bonds.

**2. Issue of notice.**—[3][When a certificate has been received by the Tax Recovery Officer from the [4][Assessing Officer]] for the recovery of arrears under this Schedule, the Tax Recovery Officer shall cause to be served upon the defaulter a notice requiring the defaulter to pay the amount specified in the certificate within fifteen days from the date of service of the notice and intimating that in default steps would be taken to realise the amount under this Schedule.

**3. When certificate may be executed.**—No step in execution of a certificate shall be taken until the period of fifteen days has elapsed since the date of the service of the notice required by the preceding rule:

Provided that, if the Tax Recovery Officer is satisfied that the defaulter is likely to conceal, remove or dispose of the whole or any part of such of his movable property as would be liable to attachment in execution of a decree of a civil court and that the realisation of the amount of the certificate would in consequence be delayed or obstructed, he may at any time direct, for reasons to be recorded in writing, an attachment of the whole or any part of such property:

Provided further that if the defaulter whose property has been so attached furnishes security to the satisfaction of the Tax Recovery Officer, such attachment shall be cancelled from the date on which such security is accepted by the Tax Recovery Officer.

1. Subs. by Act 4 of 1988, s. 124, for "*See* section 222" (w.e.f. 1-4-1989).
2. Subs. by s. 124, *ibid.*, for clause (*a*) (w.e.f. 1-4-1989).
3. Restored by Act 3 of 1989, s. 95 (1-4-1989).
4. Subs. by s. 54, *ibid.*, for "Income-tax Officer" (w.e.f. 1-4-1988).

**4. Mode of recovery.**—If the amount mentioned in the notice is not paid within the time specified therein or within such further time as the Tax Recovery Officer may grant in his discretion, the Tax Recovery Officer shall proceed to realise the amount by one or more of the following modes:—

(*a*) by attachment and sale of the defaulter's movable property;

(*b*) by attachment and sale of the defaulter's immovable property;

(*c*) by arrest of the defaulter and his detention in prison;

(*d*) by appointing a receiver for the management of the defaulter's movable and immovable properties.

**5. Interest, costs and charges recoverable.**—There shall be recoverable, in the proceedings in execution of every certificate,—

(*a*) such interest upon the amount of tax or penalty or other sum to which the certificate relates as is payable in accordance with sub-section (*2*) of section 220, and

(*b*) all charges incurred in respect of—

(*i*) the service of notice upon the defaulter to pay the arrears, and of warrants and other processes, and

(*ii*) all other proceedings taken for realising the arrears.

**6. Purchaser's title.**—(*1*) Where property is sold in execution of a certificate, there shall vest in the purchaser merely the right, title and interest of the defaulter at the time of the sale, even though the property itself be specified.

(*2*) Where immovable property is sold in execution of a certificate, and such sale has become absolute, the purchaser's right, title and interest shall be deemed to have vested in him from the time when the property is sold, and not from the time when the sale becomes absolute.

**7. Suit against purchaser not maintainable on ground of purchase being made on behalf of plaintiff.**—(*1*) No suit shall be maintained against any person claiming title under a purchase certified by the Tax Recovery Officer in the manner laid down in this Schedule, on the ground that the purchase was made on behalf of the plaintiff or on behalf of someone through whom the plaintiff claims.

(*2*) Nothing in this section shall bar a suit to obtain a declaration that the name of any purchaser certified as aforesaid was inserted in the certificate fraudulently or without the consent of the real purchaser, or interfere with the right of a third person to proceed against that property, though ostensibly sold to the certified purchaser, on the ground that it is liable to satisfy a claim of such third person against the real owner.

[1][**8. Disposal of proceeds of execution.**—(*1*) Whenever assets are realised by sale or otherwise in execution of a certificate, the proceeds shall be disposed of in the following manner, namely:—

(*a*) they shall first be adjusted towards the amount due under the certificate in execution of which the assets were realised and the costs incurred in the course of such execution;

(*b*) if there remains a balance after the adjustment referred to in clause (*a*), the same shall be utilised for satisfaction of any other amount recoverable from the assessee under this Act which may be due on the date on which the assets were realised; and

---

1. Subs. by Act 4 of 1988, s. 124, for rule 8 (w.e.f. 1-4-1989).

(*c*) the balance, if any, remaining after the adjustments under clauses (*a*) and (*b*) shall be paid to the defaulter.

(*2*) If the defaulter disputes any adjustment under clause (*b*) of sub-rule (*1*), the Tax Recovery Officer shall determine the dispute.]

**9. General bar to jurisdiction of civil courts, save where fraud alleged.**—Except as otherwise expressly provided in this Act, every question arising between the [1][Tax Recovery Officer] and the defaulter or their representatives, relating to the execution, discharge or satisfaction of a certificate [2]\*\*\*, or relating to the confirmation or setting aside by an order under this Act of a sale held in execution of such certificate, shall be determined, not by suit, but by order of the Tax Recovery Officer before whom such question arises:

Provided that a suit may be brought in a civil court in respect of any such question upon the ground of fraud.

**10. Property exempt from attachment.**—(*1*) All such property as is by the Code of Civil Procedure, 1908 (5 of 1908), exempted from attachment and sale in execution of a decree of a civil court shall be exempt from attachment and sale under this Schedule.

(*2*) The Tax Recovery Officer's decision as to what property is so entitled to exemption shall be conclusive.

**11. Investigation by Tax Recovery Officer.**—(*1*) Where any claim is preferred to, or any objection is made to the attachment or sale of, any property in execution of a certificate, on the ground that such property is not liable to such attachment or sale, the Tax Recovery Officer shall proceed to investigate the claim or objection:

Provided that no such investigation shall be made where the Tax Recovery Officer considers that the claim or objection was designedly or unnecessarily delayed.

(*2*) Where the property to which the claim or objection applies has been advertised for sale, the Tax Recovery Officer ordering the sale may postpone it pending the investigation of the claim or objection, upon such terms as to security or otherwise as the Tax Recovery Officer shall deem fit.

(*3*) The claimant or objector must adduce evidence to show that—

(*a*) (in the case of immovable property) at the date of the service of the notice issued under this Schedule to pay the arrears, or

(*b*) (in the case of movable property) at the date of the attachment,

he had some interest in, or was possessed of, the property in question.

(*4*) Where, upon the said investigation, the Tax Recovery Officer is satisfied that, for the reason stated in the claim or objection, such property was not, at the said date, in the possession of the defaulter or of some person in trust for him or in the occupancy of a tenant or other person paying rent to him, or that, being in the possession of the defaulter at the said date, it was so in his possession, not on his own account or as his own property, but on account of or in trust for some other person, or partly on his own account and partly on account of some other person, the Tax Recovery Officer shall make an order releasing the property, wholly or to such extent as he thinks fit, from attachment or sale.

---

1. Subs. by Act 3 of 1989, s. 54, for "Assessing Officer" (w.e.f. 1-4-1989).
2. The words "duly filed under this Act" omitted by Act 4 of 1988, s. 124 (w.e.f. 1-4-1989).

(*5*) Where the Tax Recovery Officer is satisfied that the property was, at the said date, in the possession of the defaulter as his own property and not on account of any other person, or was in the possession of some other person in trust for him, or in the occupancy of a tenant or other person paying rent to him, the Tax Recovery Officer shall disallow the claim.

(*6*) Where a claim or an objection is preferred, the party against whom an order is made may institute a suit in a civil court to establish the right which he claims to the property in dispute; but, subject to the result of such suit (if any), the order of the Tax Recovery Officer shall be conclusive.

**12. Removal of attachment on satisfaction or cancellation of certificate.**—Where—

(*a*) the amount due, with costs and all charges and expenses resulting from the attachment of any property or incurred in order to hold a sale, are paid to the Tax Recovery Officer, or

(*b*) the certificate is cancelled,

the attachment shall be deemed to be withdrawn and, in the case of immovable property, the withdrawal shall, if the defaulter so desires, be proclaimed at his expense, and a copy of the proclamation shall be affixed in the manner provided by this Schedule for a proclamation of sale of immovable property.

**13. Officer entitled to attach and sell.**—The attachment and sale of movable property and the attachment and sale of immovable property may be made by such persons as the Tax Recovery Officer may from time to time direct.

**14. Defaulting purchaser answerable for loss on resale.**—Any deficiency of price which may happen on a resale by reason of the purchaser's default, and all expenses attending such resale, shall be certified to the [1][Tax Recovery Officer] by the officer holding the sale, and shall, at the instance of either the Tax Recovery Officer or the defaulter, be recoverable from the defaulting purchaser under the procedure provided by this Schedule:

Provided that no such application shall be entertained unless filed within fifteen days from the date of resale.

**15. Adjournment or stoppage of sale.**—(*1*) The Tax Recovery Officer may, in his discretion, adjourn any sale hereunder to a specified day and hour; and the officer conducting any such sale may, in his discretion, adjourn the sale, recording his reasons for such adjournment:

Provided that, where the sale is made in, or within the precincts of, the office of the Tax Recovery Officer, no such adjournment shall be made without the leave of the Tax Recovery Officer.

(*2*) Where a sale of immovable property is adjourned under sub-rule (*1*) for a longer period than one calendar month, a fresh proclamation of sale under this Schedule shall be made unless the defaulter consents to waive it.

(*3*) Every sale shall be stopped if, before the lot is knocked down, the arrears and costs (including the costs of the sale) are tendered to the officer conducting the sale, or proof is given to his satisfaction that the amount of such arrears and costs has been paid to the Tax Recovery Officer who ordered the sale.

**16. Private alienation to be void in certain cases.**—(*1*) Where a notice has been served on a defaulter under rule 2, the defaulter or his representative in interest shall not be competent to mortgage, charge, lease or otherwise deal with any property belonging to him except with the permission of the Tax Recovery Officer, nor shall any civil court issue any process against such property in execution of a decree for the payment of money.

---

1. Subs. by Act 3 of 1989, s. 54, for "Assessing Officer" (w.e.f. 1-4-1989).

(*2*) Where an attachment has been made under this Schedule, any private transfer or delivery of the property attached or of any interest therein and any payment to the defaulter of any debt, dividend or other moneys contrary to such attachment, shall be void as against all claims enforceable under the attachment.

**17. Prohibition against bidding or purchase by officer.**—No officer or other person having any duty to perform in connection with any sale under this Schedule shall, either directly or indirectly, bid for, acquire or attempt to acquire any interest in the property sold.

**18. Prohibition against sale on holidays.**—No sale under this Schedule shall take place on a Sunday or other general holiday recognised by the State Government or on any day which has been notified by the State Government to be a local holiday for the area in which the sale is to take place.

**19. Assistance by police.**—Any officer authorised to attach or sell any property or to arrest the defaulter or charged with any duty to be performed under this Schedule, may apply to the officer-in-charge of the nearest police station for such assistance as may be necessary in the discharge of his duties, and the authority to whom such application is made shall depute a sufficient number of police officers for furnishing such assistance.

[1][**19A. Entrustment of certain functions by Tax Recovery Officer.**—A Tax Recovery Officer may, with the previous approval of the [2][Joint Commissioner], entrust any of his functions as the Tax Recovery Officer to any other officer lower than him in rank (not being lower in rank than an Inspector of Income-tax) and such officer shall, in relation to the functions so entrusted to him, be deemed to be a Tax Recovery Officer.]

PART II

_____

ATTACHMENT AND SALE OF MOVABLE PROPERTY

*Attachment*

**20. Warrant.**—Except as otherwise provided in this Schedule, when any movable property is to be attached, the officer shall be furnished by the Tax Recovery Officer (or other officer empowered by him in that behalf) a warrant in writing and signed with his name specifying the name of the defaulter and the amount to be realised.

**21. Service of copy of warrant.**—The officer shall cause a copy of the warrant to be served on the defaulter.

**22. Attachment.**—If, after service of the copy of the warrant, the amount is not paid forthwith, the officer shall proceed to attach the movable property of the defaulter.

**23. Property in defaulter's possession.**—Where the property to be attached is movable property (other than agricultural produce) in the possession of the defaulter, the attachment shall be made by actual seizure, and the officer shall keep the property in his own custody or the custody of one of his subordinates and shall be responsible for due custody thereof:

Provided that when the property seized is subject to speedy and natural decay or when the expense of keeping it in custody is likely to exceed its value, the officer may sell it at once.

_____

1. Subs. by Act 4 of 1988, s. 124, for rule 19A (w.e.f. 1-4-1989).
2. Subs. by Act 21 of 1998, s. 3, for "Deputy Commissioner" (w.e.f. 1-10-1998).

**24. Agricultural produce.**—Where the property to be attached is agricultural produce the attachment shall be made by affixing a copy of the warrant of attachment—

(*a*) where such produce is growing crop,—on the land on which such crop has grown, or

(*b*) where such produce has been cut or gathered,—on the threshing floor or place for treading out grain or the like, or fodder-stack, on or in which it is deposited,

and another one on the outer door or on some other conspicuous part of the house in which the defaulter ordinarily resides, or with the leave of the Tax Recovery Officer, on the outer door or on some other conspicuous part of the house in which he carries on business or personally works for gain, or in which he is known to have last resided or carried on business or personally worked for gain. The produce shall, thereupon, be deemed to have passed into the possession of the Tax Recovery Officer.

**25. Provisions as to agricultural produce under attachment.**—(*1*) Where agricultural produce is attached, the Tax Recovery Officer shall make such arrangements for the custody, watching, tending, cutting and gathering thereof as he may deem sufficient; [1][and he shall have power to defray the cost of such arrangements].

(*2*) Subject to such conditions as may be imposed by the Tax Recovery Officer in this behalf, either in the order of attachment or in any subsequent order, the defaulter may tend, cut, gather and store the produce and do any other act necessary for maturing or preserving it; and, if the defaulter fails to do all or any of such acts, any person appointed by the Tax Recovery Officer in this behalf may, subject to the like conditions, do all or any of such acts, and the costs incurred by such person shall be recoverable from the defaulter as if they were included in the certificate.

(*3*) Agricultural produce attached as a growing crop shall not be deemed to have ceased to be under attachment or to require reattachment merely because it has been severed from the soil.

(*4*) Where an order for the attachment of a growing crop has been made at a considerable time before the crop is likely to be fit to be cut or gathered, the Tax Recovery Officer may suspend the execution of the order for such time as he thinks fit, and may, in his discretion, make a further order prohibiting the removal of the crop pending the execution of the order of attachment.

(*5*) A growing crop which from its nature does not admit of being stored shall not be attached under this rule at any time less than twenty days before the time at which it is likely to be fit to be cut or gathered.

**26. Debts and shares, etc.**—(*1*) In the case of—

(*a*) a debt not secured by a negotiable instrument,

(*b*) a share in a corporation, or

(*c*) other movable property not in the possession of the defaulter except property deposited in, or in the custody of, any court,

the attachment shall be made by a written order prohibiting,—

(*i*) in the case of the debt—the creditor from recovering the debt and the debtor from making payment thereof until the further order of the Tax Recovery Officer;

---

1. Subs. by Act 3 of 1989, s. 54, for "and the Assessing Officer shall bear such sum as the Tax Recovery Officer shall require in order to defray the cost of such arrangement" (w.e.f. 1-4-1989).

(*ii*) in the case of the share—the person in whose name the share may be standing from transferring the same or receiving any dividend thereon;

(*iii*) in the case of the other movable property (except as aforesaid)—the person in possession of the same from giving it over to the defaulter.

(*2*) A copy of such order shall be affixed on some conspicuous part of the office of the Tax Recovery Officer, and another copy shall be sent, in the case of the debt, to the debtor, in the case of the share, to the proper officer of the corporation, and in the case of the other movable property (except as aforesaid), to the person in possession of the same.

(*3*) A debtor prohibited under clause (*i*) of sub-rule (*1*) may pay the amount of his debt to the Tax Recovery Officer, and such payment shall discharge him as effectually as payment to the party entitled to receive the same.

**27. Attachment of decree.**—(*1*) The attachment of a decree of a civil court for the payment of money or for sale in enforcement of a mortgage or charge shall be made by the issue to the civil court of a notice requesting the civil court to stay the execution of the decree unless and until—

(*i*) the Tax Recovery Officer cancels the notice, or

(*ii*) the [1][Tax Recovery Officer] or the defaulter applies to the court receiving such notice to execute the decree.

(*2*) Where a civil court receives an application under clause (*ii*) of sub-rule (*1*), it shall, on the application of the [1][Tax Recovery Officer] or the defaulter and subject to the provisions of the Code of Civil Procedure, 1908 (5 of 1908), proceed to execute the attached decree and apply the net proceeds in satisfaction of the certificate.

(*3*) The [1][Tax Recovery Officer] shall be deemed to be the representative of the holder of the attached decree, and to be entitled to execute such attached decree in any manner lawful for the holder thereof.

**28. Share in movable property.**—Where the property to be attached consists of the share or interest of the defaulter in movable property belonging to him and another as co-owners, the attachment shall be made by a notice to the defaulter prohibiting him from transferring the share or interest or charging it in any way.

**29. Salary of Government servants.**—Attachment of the salary or allowances of servants of the Government or a local authority may be made in the manner provided by rule 48 of Order 21 of the First Schedule to the Code of Civil Procedure, 1908 (5 of 1908), and the provisions of the said rule shall, for the purposes of this rule, apply subject to such modifications as may be necessary.

**30. Attachment of negotiable instrument.**—Where the property is a negotiable instrument not deposited in a court nor in the custody of a public officer, the attachment shall be made by actual seizure, and the instrument shall be brought before the Tax Recovery Officer and held subject to his orders.

**31. Attachment of property in custody of court or public officer.**—Where the property to be attached is in the custody of any court or public officer, the attachment shall be made by a notice to such court or officer, requesting that such property, and any interest or dividend becoming payable thereon, may be held subject to the further orders of the Tax Recovery Officer by whom the notice is issued:

Provided that, where such property is in the custody of a court, any question of title or priority arising between the [1][Tax Recovery Officer] and any other person, not being the defaulter, claiming to be interested in such property by virtue of any assignment, attachment or otherwise, shall be determined by such court.

---

1. Subs. by Act 3 of 1989, s. 54, for "Assessing Officer" (w.e.f. 1-4-1989).

**32. Attachment of partnership property.**—(*1*) Where the property to be attached consists of an interest of the defaulter, being a partner, in the partnership property, the Tax Recovery Officer may make an order charging the share of such partner in the partnership property and profits with payment of the amount due under the certificate, and may, by the same or subsequent order, appoint a receiver of the share of such partner in the profits, whether already declared or accruing and of any other money which may become due to him in respect of the partnership, and direct accounts and inquiries and make an order for the sale of such interest or such other order as the circumstances of the case may require.

(*2*) The other persons shall be at liberty at any time to redeem the interest charged or, in the case of a sale being directed, to purchase the same.

**33. Inventory.**—In the case of attachment of movable property by actual seizure, the officer shall, after attachment of the property, prepare an inventory of all the property attached, specifying in it the place where it is lodged or kept, and shall forward the same to the Tax Recovery Officer and a copy of the inventory shall be delivered by the officer to the defaulter.

**34. Attachment not to be excessive.**—The attachment by seizure shall not be excessive, that is to say, the property attached shall be as nearly as possible proportionate to the amount specified in the warrant.

**35. Seizure between sunrise and sunset.**—Attachment by seizure shall be made after sunrise and before sunset and not otherwise.

**36. Power to break open doors, etc.**—The officer may break open any inner or outer door or window of any building and enter any building in order to seize any movable property if the officer has reasonable grounds to believe that such building contains movable property liable to seizure under the warrant and the officer has notified his authority and intention of breaking open if admission is not given. He shall, however, give all reasonable opportunity to women to withdraw.

*Sale*

**37. Sale.**—The Tax Recovery Officer may direct that any movable property attached under this Schedule or such portion thereof as may seem necessary to satisfy the certificate shall be sold.

**38. Issue of proclamation.**—When any sale of movable property is ordered by the Tax Recovery Officer, the Tax Recovery Officer shall issue a proclamation, in the language of the district, of the intended sale, specifying the time and place of sale and whether the sale is subject to confirmation or not.

**39. Proclamation how made.**—(*1*) Such proclamation shall be made by beat of drum or other customary mode,—

(*a*) in the case of property attached by actual seizure—

(*i*) in the village in which the property was seized, or, if the property was seized in a town or city, then, in the locality in which it was seized; and

(*ii*) at such other places as the Tax Recovery Officer may direct;

(*b*) in the case of property attached otherwise than by actual seizure, in such places, if any, as the Tax Recovery Officer may direct.

(*2*) A copy of the proclamation shall also be affixed in a conspicuous part of the office of the Tax Recovery Officer.

**40. Sale after fifteen days.**—Except where the property is subject to speedy and natural decay or when the expense of keeping it in custody is likely to exceed its value, no sale of movable property under this Schedule shall, without the consent in writing of the defaulter, take place until after the expiry of at least fifteen days calculated from the date on which a copy of the sale proclamation was affixed in the office of the Tax Recovery Officer.

**41. Sale of agricultural produce.**—(*1*) Where the property to be sold is agricultural produce, the sale shall be held,—

(*a*) if such produce is a growing crop—on or near the land on which such crop has grown, or

(*b*) if such produce has been cut or gathered—at or near the threshing floor or place for treading out grain or the like, or fodder-stack, on or in which it is deposited:

Provided that the Tax Recovery Officer may direct the sale to be held at the nearest place of public resort, if he is of opinion that the produce is thereby likely to sell to greater advantage.

(*2*) Where, on the produce being put up for sale,—

(*a*) a fair price, in the estimation of the person holding the sale, is not offered for it, and

(*b*) the owner of the produce, or a person authorised to act on his behalf, applies to have the sale postponed till the next day or, if a market is held at the place of sale, the next market day,

the sale shall be postponed accordingly, and shall be then completed, whatever price may be offered for the produce.

**42. Special provisions relating to growing crops.**—(*1*) Where the property to be sold is a growing crop and the crop from its nature admits of being stored but has not yet been stored, the day of the sale shall be so fixed as to admit of the crop being made ready for storing before the arrival of such day, and the sale shall not be held until the crop has been cut or gathered and is ready for storing.

(*2*) Where the crop from its nature does not admit of being stored or can be sold to a greater advantage in an unripe stage (*e.g.,* as green wheat), it may be sold before it is cut and gathered, and the purchaser shall be entitled to enter on the land, and to do all that is necessary for the purpose of tending or cutting or gathering the crop.

**43. Sale to be by auction.**—The property shall be sold by public auction in one or more lots as the officer may consider advisable, and if the amount to be realised by sale is satisfied by the sale of a portion of the property, the sale shall be immediately stopped with respect to the remainder of the lots.

**44. Sale by public auction.**—(*1*) Where movable property is sold by public auction, the price of each lot shall be paid at the time of sale or as soon after as the officer holding the sale directs and in default of payment, the property shall forthwith be resold.

(*2*) On payment of the purchase-money, the officer holding the sale shall grant a certificate specifying the property purchased, the price paid and the name of the purchaser, and the sale shall become absolute.

(*3*) Where the movable property to be sold is a share in goods belonging to the defaulter and a co-owner, and two or more persons, of whom one is such co-owner, respectively bid the same sum for such property or for any lot, the bidding shall be deemed to be the bidding of the co-owner.

**45. Irregularity not to vitiate sale, but any person injured may sue.**—No irregularity in publishing or conducting the sale of movable property shall vitiate the sale, but any person sustaining substantial injury by reason of such irregularity at the hand of any other person may institute a suit in a civil court against him for compensation, or (if such other person is the purchaser) for the recovery of the specific property and for compensation in default of such recovery.

**46. Negotiable instruments and shares in a corporation.**—Notwithstanding anything contained in this Schedule, where the property to be sold is a negotiable instrument or a share in a corporation, the Tax Recovery Officer may, instead of directing the sale to be made by public auction, authorise the sale of such instrument or share through a broker.

**47. Order for payment of coin or currency notes to the** [1][**Assessing Officer**]**.**—Where the property attached is current coin or currency notes, the Tax Recovery Officer may, at any time during the continuance of the attachment, [2][direct that such coins or notes shall be credited to the Central Government and the amount so credited shall be dealt with in the manner specified in rule 8].

---

1. Subs. by Act 3 of 1989, s. 54, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Subs. by s. 54, *ibid*., for "direct that such coins or notes, or a part thereof sufficient to satisfy the certificate, be paid over to the Assessing Officer" (w.e.f. 1-4-1989).

PART III

_____

ATTACHMENT AND SALE OF IMMOVABLE PROPERTY

*Attachment*

**48. Attachment.**—Attachment of the immovable property of the defaulter shall be made by an order prohibiting the defaulter from transferring or charging the property in any way and prohibiting all persons from taking any benefit under such transfer or charge.

**49. Service of notice of attachment.**—A copy of the order of attachment shall be served on the defaulter.

**50. Proclamation of attachment.**—The order of attachment shall be proclaimed at some place on or adjacent to the property attached by beat of drum or other customary mode, and a copy of the order shall be affixed on a conspicuous part of the property and on the notice board of the office of the Tax Recovery Officer.

**51. Attachment to relate back from the date of service of notice.**—Where any immovable property is attached under this Schedule, the attachment shall relate back to, and take effect from, the date on which the notice to pay the arrears, issued under this Schedule, was served upon the defaulter.

*Sale*

**52. Sale and proclamation of sale.**—(*1*) The Tax Recovery Officer may direct that any immovable property which has been attached, or such portion thereof as may seem necessary to satisfy the certificate, shall be sold.

(*2*) Where any immovable property is ordered to be sold, the Tax Recovery Officer shall cause a proclamation of the intended sale to be made in the language of the district.

**53. Contents of proclamation.**—A proclamation of sale of immovable property shall be drawn up after notice to the defaulter, and shall state the time and place of sale, and shall specify, as fairly and accurately as possible,—

(*a*) the property to be sold;

(*b*) the revenue, if any, assessed upon the property or any part thereof;

(*c*) the amount for the recovery of which the sale is ordered; [1]\***

[2][(*cc*) the reserve price, if any, below which the property may not be sold; and]

(*d*) any other thing which the Tax Recovery Officer considers it material for a purchaser to know, in order to judge the nature and value of the property.

**54. Mode of making proclamation.**—(*1*) Every proclamation for the sale of immovable property shall be made at some place on or near such property by beat of drum or other customary mode, and a copy of the proclamation shall be affixed on a conspicuous part of the property and also upon a conspicuous part of the office of the Tax Recovery Officer.

---

1. The word "and" omitted by Act 41 of 1975, s. 81 (w.e.f. 1-10-1975).
2. Ins. by s. 81, *ibid*, (w.e.f. 1-10-1975).

833

(*2*) Where the Tax Recovery Officer so directs, such proclamation shall also be published in the Official Gazette or in a local newspaper, or in both; and the cost of such publication shall be deemed to be costs of the sale.

(*3*) Where the property is divided into lots for the purpose of being sold separately, it shall not be necessary to make a separate proclamation for each lot, unless proper notice of the sale cannot, in the opinion of the Tax Recovery Officer, otherwise be given.

**55. Time of sale.**—No sale of immovable property under this Schedule shall, without the consent in writing of the defaulter, take place until after the expiration of at least thirty days calculated from the date on which a copy of the proclamation of sale has been affixed on the property or in the office of the Tax Recovery Officer, whichever is later.

**56. Sale to be by auction.**—The sale shall be by public auction to the highest bidder and shall be subject to confirmation by the Tax Recovery Officer:

[1][Provided that no sale under this rule shall be made if the amount bid by the highest bidder is less than the reserve price, if any, specified under clause (*cc*) of rule 53.]

**57. Deposit by purchaser and resale in default.**—(*1*) On every sale of immovable property, the person declared to be the purchaser shall pay, immediately after such declaration, a deposit of twenty-five per cent on the amount of his purchase money, to the officer conducting the sale; and, in default of such deposit, the property shall forthwith be resold.

(*2*) The full amount of purchase money payable shall be paid by the purchaser to the Tax Recovery Officer on or before the fifteenth day from the date of the sale of the property.

**58. Procedure in default of payment.**—In default of payment within the period mentioned in the preceding rule, the deposit may, if the Tax Recovery Officer thinks fit, after defraying the expenses of the sale, be forfeited to the Government, and the property shall be resold, and the defaulting purchaser shall forfeit all claims to the property or to any part of the sum for which it may subsequently be sold.

[2][**59. Authority to bid.**—(*1*) Where the sale of a property, for which a reserve price has been specified under clause (*cc*) of rule 53, has been postponed for want of a bid of an amount not less than such reserve price, it shall be lawful for an [3][Assessing Officer], if so authorised by the [4][ [5][Principal Chief Commissioner or Chief Commissioner] or [6][Principal Commissioner or Commissioner]] in this behalf, to bid for the property on behalf of the Central Government at any subsequent sale.]

[7][(*2*)] All persons bidding at the sale shall be required to declare, if they are bidding on their own behalf or on behalf of their principals. In the latter case, they shall be required to deposit their authority, and in default their bids shall be rejected.

---

1. The proviso added by Act 41 of 1975, s. 81 (w.e.f. 1-10-1975).
2. Ins. by s. 81 *ibid*. (w.e.f. 1-10-1975).
3. Subs. by Act 3 of 1989, s. 54, for "Income-tax Officer" (w.e.f. 1-4-1988).
4. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
5. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.e.f. 1-6-2013).
6. Subs. by s. 4, *ibid*., for "Commissioner" (w.e.f. 1-6-2013).
7. The rule 59 re-numbered as sub-rule (*2*) thereof by Act 41 of 1975, s. 81 (w.e.f. 1-10-1975).

[1][(*3*) Where the [2][Assessing Officer] referred to in sub-rule (*1*) is declared to be the purchaser of the property at any subsequent sale, nothing contained in rule 57 shall apply to the case and the amount of the purchase price shall be adjusted towards the amount specified in the certificate.]

**60. Application to set aside sale of immovable property on deposit.**—(*1*) Where immovable property has been sold in execution of a certificate, the defaulter, or any person whose interests are affected by the sale, may, at any time within thirty days from the date of the sale, apply to the Tax Recovery Officer to set aside the sale, on his depositing—

   (*a*) [3]*** the amount specified in the proclamation of sale as that for the recovery of which the sale was ordered, with interest thereon at the rate of [4][one and one-fourth per cent for every month or part of a month], calculated from the date of the proclamation of sale to the date when the deposit is made; and

   (*b*) for payment to the purchaser, as penalty, a sum equal to five per cent of the purchase money, but not less than one rupee.

   (*2*) Where a person makes an application under rule 61 for setting aside the sale of his immovable property, he shall not, unless he withdraws that application, be entitled to make or prosecute an application under this rule.

**61. Application to set aside sale of immovable property on ground of non-service of notice or irregularity.**—Where immovable property has been sold in execution of a certificate, [5][such Income-tax Officer as may be authorised by the [6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner] in this behalf], the defaulter, or any person whose interests are affected by the sale, may, at any time within thirty days from the date of the sale, apply to the Tax Recovery Officer to set aside the sale of the immovable property on the ground that notice was not served on the defaulter to pay the arrears as required by this Schedule or on the ground of a material irregularity in publishing or conducting the sale:

Provided that—(*a*) no sale shall be set aside on any such ground unless the Tax Recovery Officer is satisfied that the applicant has sustained substantial injury by reason of the non-service or irregularity; and

   (*b*) an application made by a defaulter under this rule shall be disallowed unless the applicant deposits the amount recoverable from him in the execution of the certificate.

**62. Setting aside sale where defaulter has no saleable interest.**—At any time within thirty days of the sale, the purchaser may apply to the Tax Recovery Officer to set aside the sale on the ground that the defaulter had no saleable interest in the property sold.

**63. Confirmation of sale.**—(*1*) Where no application is made for setting aside the sale under the foregoing rules or where such an application is made and disallowed by the Tax Recovery Officer, the Tax Recovery Officer shall (if the full amount of the purchase money has been paid) make an order confirming the sale, and, thereupon, the sale shall become absolute.

1. Ins. by Act 4 of 1988, s. 124 (w.e.f. 1-4-1989).
2. Subs. by Act 3 of 1989, s. 54, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. The words "for payment to the Assessing Officer" omitted by Act 3 of 1989, s. 54 (w.e.f. 1-4-1989).
4. Subs. by Act 22 of 2007, s. 81, for "fifteen per cent. per annum" (w.e.f. 1-4-2008). Earlier it was substituted by Act 67 of 1984, s. 24 for "twelve per cent" (w.e.f. 1-10-1984). Earlier it was subs. by Act 16 of 1972, s. 25, for "nine per cent" (w.e.f. 1-4-1972). and it was subs. by Act 42 of 1970, s. 56, for "the rate of six per cent. per annum" (w.e.f. 1-4-1971).
5. Subs. by Act 3 of 1989, s. 54, for "Assessing Officer" (w.e.f. 1-4-1989).
6. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.e.f. 1-6-2013).
7. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

(*2*) Where such application is made and allowed, and where, in the case of an application made to set aside the sale on deposit of the amount and penalty and charges, the deposit is made within thirty days from the date of the sale, the Tax Recovery Officer shall make an order setting aside the sale:

Provided that no order shall be made unless notice of the application has been given to the persons affected thereby.

**64. Return of purchase money in certain cases.**—Where a sale of immovable property is set aside, any money paid or deposited by the purchaser on account of the purchase, together with the penalty, if any, deposited for payment to the purchaser, and such interest as the Tax Recovery Officer may allow, shall be paid to the purchaser.

**65. Sale certificate.**—(*1*) Where a sale of immovable property has become absolute, the Tax Recovery Officer shall grant a certificate specifying the property sold, and the name of the person who at the time of sale is declared to be the purchaser.

(*2*) Such certificate shall state the date on which the sale became absolute.

**66. Postponement of sale to enable defaulter to raise amount due under certificate.**—(*1*) Where an order for the sale of immovable property has been made, if the defaulter can satisfy the Tax Recovery Officer that there is reason to believe that the amount of the certificate may be raised by the mortgage or lease or private sale of such property, or some part thereof, or of any other immovable property of the defaulter, the Tax Recovery Officer may, on his application, postpone the sale of the property comprised in the order for sale, on such terms, and for such period as he thinks proper, to enable him to raise the amount.

(*2*) In such case, the Tax Recovery Officer shall grant a certificate to the defaulter, authorising him, within a period to be mentioned therein, and notwithstanding anything contained in this Schedule, to make the proposed mortgage, lease or sale:

Provided that all moneys payable under such mortgage, lease or sale shall be paid, not to the defaulter, but to the Tax Recovery Officer:

Provided also that no mortgage, lease or sale under this rule shall become absolute until it has been confirmed by the Tax Recovery Officer.

**67. Fresh proclamation before re-sale.**—Every re-sale of immovable property, in default of payment of the purchase money within the period allowed for such payment, shall be made after the issue of a fresh proclamation in the manner and for the period hereinbefore provided for the sale.

**68. Bid of co-sharer to have preference.**—Where the property sold is a share of undivided immovable property, and two or more persons, of whom one is a co-sharer, respectively bid the same sum for such property or for any lot, the bid shall be deemed to be the bid of the co-sharer.

[1][**68A. Acceptance of property in satisfaction of amount due from the defaulter.**—(*1*) Without prejudice to the provisions contained in this Part, an [2][Assessing Officer], duly authorised by the [3][[4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner]] in this behalf, may accept in satisfaction of the whole or any part of the amount due from he defaulter the property, the sale of which has been postponed for the reason mentioned in sub-rule (*1*) of rule 59, at such price as may be agreed upon between the [2][Assessing Officer] and the defaulter.

---

1. Ins. by Act 41 of 1975, s. 81 (w.e.f. 1-10-1975).
2. Subs. by Act 3 of 1989, s. 54, for "Income-tax Officer" (w.e.f. 1-4-1988).
3. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
4. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.e.f. 1-6-2013).
5. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

(*2*) Where any property is accepted under sub-rule (*1*), the defaulter shall deliver possession of such property to the [1][Assessing Officer] and on the date the possession of the property is delivered to the [1][Assessing Officer], the property shall vest in the Central Government and the Central Government shall, where necessary, intimate the concerned Registering Officer appointed under the Registration Act, 1908 (16 of 1908), accordingly.

(*3*) Where the price of the property agreed upon under sub-rule (*1*) exceeds the amount due from the defaulter, such excess shall be paid by the [1][Assessing Officer] to the defaulter within a period of three months from the date of delivery of possession of the property and where the [1][Assessing Officer] fails to pay such excess within the period aforesaid, the Central Government shall, for the period commencing on the expiry of such period and ending with the date of payment of the amount remaining unpaid, pay simple interest at [2][one-half per cent. for every month or part of a month] to the defaulter on such amount.]

[3][**68B. Time limit for sale of attached immovable property.**—(*1*) No sale of immovable property shall be made under this Part after the expiry of three years from the end of the financial year in which the order giving rise to a demand of any tax, interest, fine, penalty or any other sum, for the recovery of which the immovable property has been attached, has become conclusive under the provisions of section 245-I or, as the case may be, final in terms of the provisions of Chapter XX:

Provided that where the immovable property is required to be re-sold due to the amount of highest bid being less than the reserve price or under the circumstances mentioned in rule 57 or rule 58 or where the sale is set aside under rule 61, the aforesaid period of limitation for the sale of the immovable property shall stand extended by one year.

(*2*) In computing the period of limitation under sub-rule (*1*), the period—

(*i*) during which the levy of the aforesaid tax, interest, fine, penalty or any other sum is stayed by an order or injunction of any court; or

(*ii*) during which the proceedings of attachment or sale of the immovable property are stayed by an order or injunction of any court; or

(*iii*) commencing from the date of the presentation of any appeal against the order passed by the Tax Recovery Officer under this Schedule and ending on the day the appeal is decided,

shall be excluded:

Provided that where immediately after the exclusion of the aforesaid period, the period of limitation for the sale of the immovable property is less than 180 days, such remaining period shall be extended to 180 days and the aforesaid period of limitation shall be deemed to be extended accordingly.

(*3*) Where any immovable property has been attached under this Part before the 1st day of June, 1992, and the order giving rise to a demand of any tax, interest, fine, penalty or any other sum, for the recovery of which the immovable property has been attached, has also become conclusive or final before the said date, that date shall be deemed to be the date on which the said order has become conclusive or, as the case may be, final.

(*4*) Where the sale of immovable property is not made in accordance with the provisions of sub-rule (*1*), the attachment order in relation to the said property shall be deemed to have been vacated on the expiry of the time of limitation specified under this rule.]

---

1. Subs. by Act 3 of 1989, s. 54, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Subs. by Act 22 of 2007, s. 81, for "six per cent. per annum" (w.e.f. 1-4-2008). Earlier it was substituted by Act 54 of 2003, s. 21, for "eight per cent" (w.e.f. 8-9-2003). Earlier it was substituted by Act 20 of 2002, s. 109 (w.e.f. 1-6-2002). and it was substituted by Act 14 of 2001, s. 95, (w.e.f. 1-6-2001).
3. Ins. by Act 18 of 1992, s. 87 (w.e.f. 1-6-1992).

PART IV

APPOINTMENT OF RECEIVER

**69. Appointment of receiver for business.**—(*1*) Where the property of a defaulter consists of a business, the Tax Recovery Officer may attach the business and appoint a person as receiver to manage the business.

(*2*) Attachment of a business under this rule shall be made by an order prohibiting the defaulter from transferring or charging the business in any way and prohibiting all persons from taking any benefit under such transfer or charge, and intimating that the business has been attached under this rule. A copy of the order of attachment shall be served on the defaulter, and another copy shall be affixed on a conspicuous part of the premises in which the business is carried on and on the notice board of the office of the Tax Recovery Officer.

**70. Appointment of receiver for immovable property.**—Where immovable property is attached, the Tax Recovery Officer may, instead of directing a sale of the property, appoint a person as receiver to manage such property.

**71. Powers of receiver.**—(*1*) Where any business or other property is attached and taken under management under the foregoing rules, the receiver shall, subject to the control of the Tax Recovery Officer, have such powers as may be necessary for the proper management of the property and the realisation of the profits, or rents and profits, thereof.

(*2*) The profits, or rents and profits, of such business or other property, shall, after defraying the expenses of management, be adjusted towards discharge of the arrears, and the balance, if any, shall be paid to the defaulter.

**72. Withdrawal of management.**—The attachment and management under the foregoing rules may be withdrawn at any time at the discretion of the Tax Recovery Officer, or if the arrears are discharged by receipt of such profits and rents or are otherwise paid.

PART V

ARREST AND DETENTION OF THE DEFAULTER

**73. Notice to show cause.**—(*1*) No order for the arrest and detention in civil prison of a defaulter shall be made unless the Tax Recovery Officer has issued and served a notice upon the defaulter calling upon him to appear before him on the date specified in the notice and to show cause why he should not be committed to the civil prison, and unless the Tax Recovery Officer, for reasons recorded in writing, is satisfied—

(*a*) that the defaulter, with the object or effect of obstructing the execution of the certificate, has, after [1][the drawing up of the certificate by the Tax Recovery Officer], dishonestly transferred, concealed, or removed any part of his property, or

(*b*) that the defaulter has, or has had since [1][the drawing up of the certificate by the Tax Recovery Officer], the means to pay the arrears or some substantial part thereof and refuses or neglects or has refused or neglected to pay the same.

(*2*) Notwithstanding anything contained in sub-rule (*1*), a warrant for the arrest of the defaulter may be issued by the Tax Recovery Officer if the Tax Recovery Officer is satisfied, by affidavit or otherwise, that with the object or effect of delaying the execution of the certificate, the defaulter is likely to abscond or leave the local limits of the jurisdiction of the Tax Recovery Officer.

(*3*) Where appearance is not made in obedience to a notice issued and served under sub-rule (*1*), the Tax Recovery Officer may issue a warrant for the arrest of the defaulter.

---

1. Subs. by Act 4 of 1988, s. 124, for, "the receipt of the certificate in the office of the Tax Recovery Office" (w.e.f. 1-4-1989).

[1][(*3A*) A warrant of arrest issued by a Tax Recovery Officer under sub-rule (*2*) or sub-rule (*3*) may also be executed by any other Tax Recovery Officer within whose jurisdiction the defaulter may for the time being be found.]

(*4*) Every person arrested in pursuance of a warrant of arrest under [2][this rule] shall be brought before the Tax Recovery Officer [3][issuing the warrant] as soon as practicable and in any event within twenty-four hours of his arrest (exclusive of the time required for the journey):

Provided that, if the defaulter pays the amount entered in the warrant of arrest as due and the costs of the arrest to the officer arresting him, such officer shall at once release him.

[1][*Explanation.*—For the purposes of this rule, where the defaulter is a Hindu undivided family, the karta thereof shall be deemed to be the defaulter.]

**74. Hearing.**—When a defaulter appears before the Tax Recovery Officer in obedience to a notice to show cause or is brought before the Tax Recovery Officer under rule 73, [4][the Tax Recovery Officer shall proceed to hear the [5][Assessing Officer] and take all such evidence as may be produced by him in support of execution by arrest, and then give the defaulter] an opportunity of showing cause why he should not be committed to the civil prison.

**75. Custody pending hearing.**—Pending the conclusion of the inquiry, the Tax Recovery Officer may, in his discretion, order the defaulter to be detained in the custody of such officer as the Tax Recovery Officer may think fit or release him on his furnishing security to the satisfaction of the Tax Recovery Officer for his appearance when required.

**76. Order of detention.**—(*1*) Upon the conclusion of the inquiry, the Tax Recovery Officer may make an order for the detention of the defaulter in the civil prison and shall in that event cause him to be arrested if he is not already under arrest:

Provided that in order to give the defaulter an opportunity of satisfying the arrears, the Tax Recovery Officer may, before making the order of detention, leave the defaulter in the custody of the officer arresting him or of any other officer for a specified period not exceeding 15 days, or release him on his furnishing security to the satisfaction of the Tax Recovery Officer for his appearance at the expiration of the specified period if the arrears are not so satisfied.

(*2*) When the Tax Recovery Officer does not make an order of detention under sub-rule (*1*) he shall, if the defaulter is under arrest, direct his release.

**77. Detention in and release from prison.**—(*1*) Every person detained in the civil prison in execution of a certificate may be so detained,—

(*a*) where the certificate is for a demand of an amount exceeding two hundred and fifty rupees—for a period of six months, and

(*b*) in any other case—for a period of six weeks:

Provided that he shall be released from such detention—

(*i*) on the amount mentioned in the warrant for his detention being paid to the officer-in-charge of the civil prison, or

[6][(*ii*) on the request of the Tax Recovery Officer on any ground other than the grounds mentioned in rules 78 and 79.]

---

1. Ins. by Act 41 of 1975, s. 81 (w.e.f. 1-10-1975).

2. Subs. by s. 81, *ibid.,* for "sub-rule (*1*) or sub-rule (*2*)" (w.e.f. 1-10-1975).

3. Subs. by s. 81, *ibid.,* for "Tax Recovery Officer" (w.e.f. 1-10-1975).

4. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).

5. Subs. by s. 54, *ibid.,* for "Income-tax Officer" (w.e.f. 1-4-1988).

6. Subs. by Act 4 of 1988, s. 124, for clause (*ii*) (w.e.f. 1-4-1989). Earlier amended by Act 3 of 1989, s. 55 (w.e.f. 1-4-1988).

[1]*　　　　*　　　　*　　　　*　　　　*

(*2*) A defaulter released from detention under this rule shall not, merely by reason of his release, be discharged from his liability for the arrears; but he shall not be liable to be rearrested under the certificate in execution of which he was detained in the civil prison.

**78. Release.**—(*1*) The Tax Recovery Officer may order the release of a defaulter who has been arrested in execution of a certificate upon being satisfied that he has disclosed the whole of his property and has placed it at the disposal of the Tax Recovery Officer and that he has not committed any act of bad faith.

(*2*) If the Tax Recovery Officer has ground for believing the disclosure made by a defaulter under sub-rule (*1*) to have been untrue, he may order the rearrest of the defaulter in execution of the certificate, but the period of his detention in the civil prison shall not in the aggregate exceed that authorised by rule 77.

**79. Release on ground of illness.**—(*1*) At any time after a warrant for the arrest of a defaulter has been issued, the Tax Recovery Officer may cancel it on the ground of his serious illness.

(*2*) Where a defaulter has been arrested, the Tax Recovery Officer may release him if, in the opinion of the Tax Recovery Officer, he is not in a fit state of health to be detained in the civil prison.

(*3*) Where a defaulter has been committed to the civil prison, he may be released therefrom by the Tax Recovery Officer on the ground of the existence of any infectious or contagious disease, or on the ground of his suffering from any serious illness.

(*4*) A defaulter released under this rule may be rearrested, but the period of his detention in the civil prison shall not in the aggregate exceed that authorised by rule 77.

**80. Entry into dwelling house.**—For the purpose of making an arrest under this Schedule—

(*a*) no dwelling house shall be entered after sunset and before sunrise;

(*b*) no outer door of a dwelling house shall be broken open unless such dwelling house or a portion thereof is in the occupancy of the defaulter and he or other occupant of the house refuses or in any way prevents access thereto; but, when the person executing any such warrant has duly gained access to any dwelling house, he may break open the door of any room or apartment if he has reason to believe that the defaulter is likely to be found there;

(*c*) no room, which is in the actual occupancy of a woman who, according to the customs of the country, does not appear in public, shall be entered into unless the officer authorised to make the arrest has given notice to her that she is at liberty to withdraw and has given her reasonable time and facility for withdrawing.

**81. Prohibition against arrest of women or minors, etc.**—The Tax Recovery Officer shall not order the arrest and detention in the civil prison of—

(*a*) a woman, or

(*b*) any person who, in his opinion, is a minor or of unsound mind.

---

1. The proviso omitted by Act 4 of 1988, s. 124 (w.e.f. 1-4-1989).

PART VI

MISCELLANEOUS

**82. Officers deemed to be acting judicially.**—Every [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner], Tax Recovery Officer] or other officer acting under this Schedule shall, in the discharge of his functions under this Schedule, be deemed to be acting judicially within the meaning of the Judicial Officers Protection Act, 1850 (18 of 1850).

**83. Power to take evidence.**—Every [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner], Tax Recovery Officer] or other officer acting under the provisions of this Schedule shall have the powers of a civil court while trying a suit for the purpose of receiving evidence, administering oaths, enforcing the attendance of witnesses and compelling the production of documents.

**84. Continuance of certificate.**—No certificate shall cease to be in force by reason of the death of the defaulter.

**85. Procedure on death of defaulter.**—[4][If at any time after the issue of the certificate by the Assessing Officer to the Tax Recovery Officer] the defaulter dies, the proceedings under this Schedule (except arrest and detention) may be continued against the legal representative of the defaulter, and the provisions of this Schedule shall apply as if the legal representative were the defaulter.

**86. Appeals.**—[5][(*1*) An appeal from any original order passed by the Tax Recovery Officer under this Schedule, not being an order which is conclusive, shall lie to the [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner].]

(*2*) Every appeal under this rule must be presented within thirty days from the date of the order appealed against.

(*3*) Pending the decision of any appeal, execution of the certificate may be stayed if the appellate authority so directs, but not otherwise.

[6][(*4*) Notwithstanding anything contained in sub-rule (*1*), where a [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner] is authorised to exercise powers as such in respect of any area, then, all appeals against the orders passed before the date of such authorisation by any Tax Recovery Officer authorised to exercise powers as such in respect of that area, or an area which is included in that area, shall lie to such [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner].]

**87. Review.**—Any order passed under this Schedule may, after notice to all persons interested, be reviewed by the [2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner], Tax Recovery Officer or other officer who made the order, or by his successor in office, on account of any mistake apparent from the record.

**88. Recovery from surety.**—Where any person has under this Schedule become surety for the amount due by the defaulter, he may be proceeded against under this Schedule as if he were the defaulter.

**89. [Penalties.**]—*Omitted by the Direct Tax Laws* (*Amendment*) *Act,* 1987 (4 *of* 1988), *s.* 126 (*w.e.f.* 1-4-1989).

---

1. Subs. by Act 4 of 1988, s. 124, for "Tax Recovery Commissioner" (w.e.f. 1-4-1989). Earlier substituted by Act 32 of 1971, s. 29, for "Tax Recovery Office" (w.e.f. 1-1-1972).
2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
3. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).
4. Restored by Act 3 of 1989, s. 95 (w.e.f. 1-4-1989).
5. Subs. by Act 4 of 1988, s. 124, for sub-rule (*1*) (w.e.f. 1-4-1989).
6. Subs. by s. 124, *ibid.*, for sub-rule (*4*) (w.e.f. 1-4-1989).

**90. Subsistence allowance.**—(*1*) When a defaulter is arrested or detained in the civil prison, the sum payable for the subsistence of the defaulter from the time of arrest until he is released shall be borne by the [1][Assessing Officer].

(*2*) Such sum shall be calculated on the scale fixed by the State Government for the subsistence of judgment-debtors arrested in execution of a decree of a civil court.

(*3*) Sums payable under this rule shall be deemed to be costs in the proceeding:

Provided that the defaulter shall not be detained in the civil prison or arrested on account of any sum so payable.

**91. Forms.**—The Board may prescribe the form to be used for any order, notice, warrant, or certificate to be issued under this Schedule.

**92. Power to make rules.**—(*1*) The Board may make rules, consistent with the provisions of this Act, regulating the procedure to be followed by [2][Principal Chief Commissioners or Chief Commissioners], [3][Principal Commissioners or Commissioners], Tax Recovery Officers and other officers acting under this Schedule.

(*2*) In particular, and without prejudice to the generality of the power conferred by sub-rule (1), such rules may provide for all or any of the following matters, namely:—

(*a*) the area within which [2][Principal Chief Commissioners or Chief Commissioners], [3][Principal Commissioners or Commissioners] or Tax Recovery Officers may exercise jurisdiction;

(*b*) the manner in which any property sold under this Schedule may be delivered;

(*c*) the execution of a document or the endorsement of a negotiable instrument or a share in a corporation, by or on behalf of the Tax Recovery Officer, where such execution or endorsement is required to transfer such negotiable instrument or share to a person who has purchased it under a sale under this Schedule;

(*d*) the procedure for dealing with resistance or obstruction offered by any person to a purchaser of any immovable property sold under this Schedule, in obtaining possession of the property;

(*e*) the fees to be charged for any process issued under this Schedule;

(*f*) the scale of charges to be recovered in respect of any other proceeding taken under this Schedule;

(*g*) recovery of poundage fee;

(*h*) the maintenance and custody, while under attachment, of livestock or other movable property, the fees to be charged for such maintenance and custody, the sale of such livestock or property, and the disposal of proceeds of such sale;

(*i*) the mode of attachment of business.

**93. Saving regarding charge.**—Nothing in this Schedule shall affect any provision of this Act whereunder the tax is a first charge upon any asset.

[4][**94. Continuance of certain pending proceedings and power to remove difficulties.**—All proceedings for the recovery of tax pending immediately before the coming into force of the amendments to this Schedule by the Direct Tax Laws (Amendment) Act, 1987 shall be continued under this Schedule as amended by that Act from the stage they had reached, and, for this purpose, every certificate issued by the [5][Assessing Officer] under section 222 before such amendment shall be deemed to be a certificate drawn up by the Tax Recovery Officer under that section after such amendment, and, if any difficulty arises in continuing the said proceedings, the Board may issue (whether by way of modification, not affecting the substance, of any rule in this Schedule or otherwise) general or special orders which appear to it to be necessary or expedient for the purpose of removing the difficulty.]

---

1. Restored by Act 3 of 1989, s. 95 as "Income-tax Officer" (w.e.f. 1-4-1989) and Subs. by s. 54, *ibid* (w.e.f. 1-4-1988).
2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).
3. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).
4. Ins. by Act 4 of 1988, s. 124 (w.e.f. 1-4-1989).
5. Subs. by Act 3 of 1989, s. 54, for "Income-tax Officer" (w.e.f. 1-4-1988).

THE THIRD SCHEDULE

PROCEDURE FOR DISTRAINT BY [1][ASSESSING OFFICER]
[2][OR TAX RECOVERY OFFICER]

[*See* section 226(*5*)]

**Distraint and sale.**—Where any distraint and sale of movable property are to be effected by any [1][Assessing Officer] [2][or Tax Recovery Officer] authorised for the purpose, such distraint and sale shall be made, as far as may be, in the same manner as attachment and sale of any movable property attachable by actual seizure, and the provisions of the Second Schedule relating to attachment and sale shall, so far as may be, apply in respect of such distraint and sale.

---

1. Subs. by Act 3 of 1989, s. 55, for "Income-tax Officer" (w.e.f. 1-4-1988).
2. Ins. by s. 55, *ibid* (w.e.f. 1-4-1989).

THE FOURTH SCHEDULE

PART A

RECOGNISED PROVIDENT FUNDS

[*See* sections 2(*38*), 10(*12*), 10(*25*), 36(1)(*iv*), 88(2)(*vi*), 111, 192(4)]

**1. Application of Part.**—This Part shall not apply to any provident fund to which the Provident Funds Act, 1925 (19 of 1925), applies.

**2. Definitions.**—In this Part, unless the context otherwise requires,—

(*a*) "employer" means any person who maintains a provident fund for the benefit of his or its employees, being—

(*i*) a Hindu undivided family, company, firm or other association of persons, or

(*ii*) an individual engaged in a business or profession the profits and gains whereof are assessable to income-tax under the head "Profits and gains of business or profession";

(*b*) "employee" means an employee participating in a provident fund, but does not include a personal or domestic servant;

(*c*) "contribution" means any sum credited by or on behalf of any employee out of his salary, or by an employer out of his own moneys, to the individual account of an employee, but does not include any sum credited as interest;

(*d*) "balance to the credit of an employee" means the total amount to the credit of his individual account in a provident fund at any time;

(*e*) "annual accretion", in relation to the balance to the credit of an employee, means the increase to such balance in any year, arising from contributions and interest;

(*f*) "accumulated balance due to an employee" means the balance to his credit, or such portion thereof as may be claimable by him under the regulations of the fund, on the day he ceases to be an employee of the employer maintaining the fund;

(*g*) "regulations of a fund" means the special body of regulations governing the constitution and administration of a particular provident fund; and

(*h*) "salary" includes dearness allowance, if the terms of employment so provide, but excludes all other allowances and perquisites.

**3. According and withdrawal of recognition.**—(*1*) The [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner]] may accord recognition to any provident fund which, in his opinion, satisfies the conditions prescribed in rule 4 and the rules made by the Board in this behalf, and may, at any time, withdraw such recognition if, in his opinion, the provident fund contravenes any of those conditions:

---

1. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).

2. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).

3. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

[1][Provided that in a case where recognition has been accorded to any provident fund on or before the 31st day of March, 2006 and such provident fund does not satisfy the conditions set out in clause (*ea*) of rule 4, the recognition to such fund shall be withdrawn, if such fund does not satisfy, on or before the [2][ [3][31st day of March, 2014]], the conditions set out in the said clause and any other condition which the Board may, by rules specify, in this behalf:]

[4][Provided further that nothing contained in the first proviso shall apply to the provident fund of an establishment in respect of which a notification has been issued by the Central Government under sub-section (*2*) of section 16 of the Employees' Provident Funds and Miscellaneous Provisions Act, 1952 (19 of 1952).]

(*2*) An order according recognition shall take effect on such date as the [5][6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner]] may fix in accordance with any rules the Board may make in this behalf, such date not being later than the last day of the financial year in which the order is made.

(*3*) An order withdrawing recognition shall take effect from the date on which it is made.

(*4*) An order according recognition to a provident fund shall not, unless the [5][6][Principal Chief Commissioner or Chief Commissioner] or [7][Principal Commissioner or Commissioner]] otherwise directs, be affected by the fact that the fund is subsequently amalgamated with another provident fund on the occurrence of an amalgamation of the undertakings in connection with which the two funds are maintained, or that it subsequently absorbs the whole or a part of another provident fund belonging to an undertaking which is wholly or in part transferred to or merged in the undertaking of the employer maintaining the first-mentioned fund.

**4. Conditions to be satisfied by recognised provident funds.**—In order that a provident fund may receive and retain recognition, it shall, subject to the provisions of rule 5, satisfy the conditions set out below and any other conditions which the Board may, by rules, specify—

(*a*) all employees shall be employed in India, or shall be employed by an employer whose principal place of business is in India;

(*b*) the contributions of an employee in any year shall be a definite proportion of his salary for that year, and shall be deducted by the employer from the employee's salary in that proportion, at each periodical payment of such salary in that year, and credited to the employee's individual account in the fund;

(*c*) the contributions of an employer to the individual account of an employee in any year shall not exceed the amount of the contributions of the employee in that year, and shall be credited to the employee's individual account at intervals not exceeding one year;

(*d*) the fund shall be vested in two or more trustees or in the Official Trustee under a trust which shall not be revocable, save with the consent of all the beneficiaries;

(*e*) the fund shall consist of contributions as above specified, received by the trustees, of accumulations thereof, and of interest credited in respect of such contributions and accumulations, and of securities purchased therewith and of any capital gains arising from the transfer of capital assets of the fund, and of no other sums;

---

1. Ins. by Act 21 of 2006, s. 56 (w.e.f. 1-4-2007).
2. Subs. by Act 8 of 2011, s. 34, for "31st day of December, 2010" (w.e.f. 1-1-2011).
3. Subs. by Act 17 of 2013, s. 60, for "31st day of March, 2013" (w.e.f. 1-4-2013). Earlier "the 31st day of March, 2012" was substituted for "the 31st day of March, 2013" by Act 23 of 2012, s. 114 (w.e.f. 1-4-2012).
4. Ins. by Act 22 of 2007, s. 82 (w.e.f. 1-4-2007).
5. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
6. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
7. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

[1][(*ea*) the fund shall be a fund of an establishment to which the provisions of sub-section (*3*) of section 1 of the Employees' Provident Funds and Miscellaneous Provisions Act, 1952 (19 of 1952) apply or of an establishment which has been notified by the Central Provident Fund Commissioner under sub-section (*4*) of section 1 of the said Act, and such establishment shall obtain exemption under section 17 of the said Act from the operation of all or any of the provisions of any scheme referred to in that section;]

(*f*) the employer shall not be entitled to recover any sum whatsoever from the fund, save in cases where the employee is dismissed for misconduct or voluntarily leaves his employment otherwise than on account of ill-health or other unavoidable cause before the expiration of the term of service specified in this behalf in the regulations of the fund:

Provided that in such cases the recoveries made by the employer shall be limited to the contributions made by him to the individual account of the employee, and to interest credited in respect of such contributions in accordance with the regulations of the fund and the accumulations thereof;

(*g*) the accumulated balance due to an employee shall be payable on the day he ceases to be an employee of the employer maintaining the fund;

(*h*) save as provided in clause (*g*) or in accordance with such conditions and restrictions as the Board may, by rules, specify, no portion of the balance to the credit of an employee shall be payable to him.

**5. Relaxation of conditions.**—(*1*) Notwithstanding anything contained in clause (*a*) of rule 4, the [2][[3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner]] may, if he thinks fit and subject to such conditions, if any, as he thinks proper to attach to the recognition, accord recognition to a fund maintained by an employer whose principal place of business is not in India, provided the proportion of employees employed outside India does not exceed ten per cent.

(*2*) Notwithstanding anything contained in clause (*b*) of rule 4, an employee who retains his employment while serving in the armed forces of the Union or when taken into or employed in the national service under any law for the time being in force, may, whether he receives from the employer any salary or not, contribute to the fund during his service in the armed forces of the Union or while so taken into or employed in the national service a sum not exceeding the amount he would have contributed had he continued to serve the employer.

(*3*) Notwithstanding anything contained in clause (*e*) or clause (*g*) of rule 4,—

(*a*) at the request made in writing by the employee who ceases to be an employee of the employer maintaining the fund, the trustees of the fund may consent to retain the whole or any part of the accumulated balance due to the employee to be drawn by him at any time on demand;

(*b*) where the accumulated balance due to an employee who has ceased to be an employee is retained in the fund in accordance with the preceding clause, the fund may consist also of interest in respect of such accumulated balance;

1. Subs. by Act 22 of 2007, s. 82, for clause (*ea*) (w.e.f. 1-4-2007).
2. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
3. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).

[1][(c) the fund may also consist of any amount transferred from the individual account of an employee in any recognised provident fund maintained by his former employer and the interest in respect thereof.]

(4) Subject to any rules which the Board may make in this behalf, the [2][[3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner]] may, in respect of any particular fund, relax the provisions of clause (c) of rule 4,—

(a) so as to permit the payment of larger contributions by an employer to the individual accounts of employees whose salaries do not in each case exceed five hundred rupees per mensem; and

(b) so as to permit the crediting by employers to the individual accounts of employees of periodical bonuses or other contributions of a contingent nature, where the calculation and payment of such bonuses or other contributions is provided for on definite principles by the regulations of the fund.

(5) Notwithstanding anything contained in clause (h) of rule 4, in order to enable an employee to pay the amount of tax assessed on his total income as determined under sub-rule (4) of rule 11, he shall be entitled to withdraw from the balance to his credit in the recognised provident fund a sum not exceeding the difference between such amount and the amount to which he would have been assessed if the transferred balance referred to in sub-rule (2) of rule 11 had not been included in his total income.

**6. Employer's annual contributions, when deemed to be income received by employee.**—That portion of the annual accretion in any previous year to the balance at the credit of an employee participating in a recognised provident fund as consists of—

(a) contributions made by the employer in excess of [5][twelve] per cent. of the salary of the employee, and

(b) interest credited on the balance to the credit of the employee in so far as it [6]*** is allowed at a rate exceeding such rate as may be fixed by the Central Government in this behalf by notification in the Official Gazette,

shall be deemed to have been received by the employee in that previous year and shall be included in his total income for that previous year, and shall be liable to income-tax [7]***.

[8][**7. Exemption for employee's contributions.**—An employee participating in a recognised provident fund shall, in respect of his own contributions to his individual account in the fund in the previous year, be entitled to a deduction in the computation of his total income of an amount determined in accordance with [9][section 80C].]

**8. Exclusion from total income of accumulated balance.**—The accumulated balance due and becoming payable to an employee participating in a recognised provident fund shall be excluded from the computation of his total income—

(i) if he has rendered continuous service with his employer for a period of five years or more, or

1. Ins. by Act 20 of 1974, s. 12 (w.e.f. 1-4-1974).
2. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
3. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
5. Subs. by Act 26 of 1997, s. 58, for "ten" (w.e.f. 1-4-1998).
6. The words "exceeds one-third of the salary of the employee or" omitted by Act 44 of 1980, s. 34 (w.e.f. 1-4-1981).
7. The words "and super-tax" omitted by Act 10 of 1965, s. 66 (w.e.f. 1-4-1965).
8. Subs. by s. 66, *ibid.*, for rule 7 (w.e.f. 1-4-1965).
9. Subs. by Act 20 of 1967, s. 20, for "section 80A or, as the case may be, to a deduction from the amount of income-tax with which he is chargeable on his total income of an amount of income-tax determined in accordance with section 87" (w.e.f. 1-4-1968).

(*ii*) if, though he has not rendered such continuous service, the service has been terminated by reason of the employee's ill-health, or by the contraction or discontinuance of the employer's business or other cause beyond the control of the employee, [1][or]

[1][(*iii*) if, on the cessation of his employment, the employee obtains employment with any other employer, to the extent the accumulated balance due and becoming payable to him is transferred to his individual account in any recognised provident fund maintained by [2][such other employer;  or]

[3][(*iv*) if the entire balance standing to the credit of the employee is transferred to his account under a pension scheme referred to in section 80CCD and notified by the Central Government.]

*Explanation.*—Where the accumulated balance due and becoming payable to an employee participating in a recognised provident fund maintained by his employer includes any amount transferred from his individual account in any other recognised provident fund or funds maintained by his former employer or employers, then, in computing the period of continuous service for the purposes of clause (*i*) or clause (*ii*) the period or periods for which such employee rendered continuous service under his former employer or employers aforesaid shall be included.]

**9. Tax on accumulated balance.**—(*1*) Where the accumulated balance due to an employee participating in a recognised provident fund is included in his total income owing to the provisions of rule 8 not being applicable, the [4][Assessing Officer] shall calculate the total of the various sums of [5][tax] which would have been payable by the employee in respect of his total income for each of the years concerned if the fund had not been a recognised provident fund, and the amount by which such total exceeds the total of all sums paid by or on behalf of such employee by way of [5][tax] for such years shall be payable by the employee in addition to any other [5][tax] for which he may be liable for the previous year in which the accumulated balance due to him becomes payable.

(*2*) Where the accumulated balance due to an employee participating in a recognised provident fund which is not included in his total income under the provisions of rule 8 becomes payable, an amount equal to the aggregate of the amounts of super-tax on annual accretions that would have been payable under section 58E of the Indian Income-tax Act, 1922 (11 of 1922), for any assessment year up to and including the assessment year 1932-33, if the Indian Income-tax (Second Amendment) Act, 1933 (18 of 1933), had come into force on the 15th day of March, 1930, shall be payable by the employee in addition to any other tax payable by him for the previous year in which such balance becomes payable.

**10. Deduction at source of tax payable on accumulated balance.**—The trustees of a recognised provident fund, or any person authorised by the regulations of the fund to make payment of accumulated balances due to employees, shall, in cases where sub-rule (*1*) of rule 9 applies, at the time an accumulated balance due to an employee is paid, deduct therefrom the amount payable under that rule and all the provisions of Chapter XVII-B shall apply as if the accumulated balance were income chargeable under the head "Salaries".

**11. Treatment of balance in newly recognised provident fund.**—(*1*) Where recognition is accorded to a provident fund with existing balances, an account shall be made of the fund up to the day immediately preceding the day on which the recognition takes effect, showing the balance to the credit of each employee on such day, and containing such further particulars as the Board may prescribe.

---

1. Ins. by Act 20 of 1974, s. 12 (w.e.f. 1-4-1975).
2. Subs. by Act 28 of 2016, s. 115, for "such other employer" (w.e.f. 1-4-2017).
3. Ins. by s. 115, *ibid* (w.e.f. 1-4-2017).
4. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
5. Subs. by Act 10 of 1965, s. 66, for "income-tax and super tax" (w.e.f. 1-4-1965).

(*2*) The account shall also show in respect of the balance to the credit of each employee the amount thereof which is to be transferred to that employee's account in the recognised provident fund, and such amount (hereinafter called his transferred balance) shall be shown as the balance to his credit in the recognised provident fund on the date on which the recognition of the fund takes effect, and sub-rule (*4*) of this rule and sub-rule (*5*) of rule 5 shall apply thereto.

(*3*) Any portion of the balance to the credit of an employee in the existing fund which is not transferred to the recognised fund shall be excluded from the accounts of the recognised fund and shall be liable to income-tax [1]*** in accordance with the provisions of this Act, other than this Part.

(*4*) Subject to such rules as the Board may make in this behalf, the [2][Assessing Officer] shall make a calculation of the aggregate of all sums comprised in a transferred balance which would have been liable to income-tax if this Part had been in force from the date of the institution of the fund, without regard to any tax which may have been paid on any sum, and such aggregate (if any) shall be deemed to be income received by the employee in the previous year in which the recognition of the fund takes effect and shall be included in the employee's total income for that previous year, and, for the purposes of assessment, the remainder of the transferred balance shall be disregarded, but no other exemption or relief, by way of refund or otherwise, shall be granted in respect of any sum comprised in such transferred balance:

Provided that, in cases of serious accounting difficulty, the [3][4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner]] may, subject to the said rules, make a summary calculation of such aggregate.

(*5*) Nothing in this rule shall affect the rights of the persons administering an unrecognised provident fund or dealing with it, or with the balance to the credit of any individual employee before recognition is accorded, in any manner which may be lawful.

**12. Accounts of recognised provident funds.**—(*1*) The accounts of a recognised provident fund shall be maintained by the trustees of the fund and shall be in such form and for such periods, and shall contain such particulars, as the Board may prescribe.

(*2*) The accounts shall be open to inspection at all reasonable times by income-tax authorities, and the trustees shall furnish to the [2][Assessing Officer] such abstracts thereof as the Board may prescribe.

**13. Appeals.**—(*1*) An employer objecting to an order of the [3][4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner]] refusing to recognise or an order withdrawing recognition from a provident fund may appeal, within sixty days of such order, to the Board.

(*2*) The appeal shall be in such form and shall be verified in such manner and shall be subject to the payment of such fee as the Board may prescribe.

---

1. The words "and super -tax" omitted by Act 10 of 1965, s. 66 (w.e.f. 1-4-1965).

2. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).

3. Subs. by s. 2, *ibid.,* for "Commissioner" (w.e.f. 1-4-1988).

4. Subs. by Act 25 of 2014, s. 4, for "Chief Commissioner" (w.r.e.f. 1-6-2013).

5. Subs. by s. 4, *ibid.,* for "Commissioner" (w.r.e.f. 1-6-2013).

**14. Treatment of fund transferred by employer to trustee.**—(*1*) Where an employer, who maintains a provident fund (whether recognised or not) for the benefit of his employees and has not transferred the fund or any portion of it, transfers such fund or portion to trustees in trust for the employees participating in the fund, the amount so transferred shall be deemed to be of the nature of capital expenditure.

(*2*) When an employee participating in such fund is paid the accumulated balance due to him therefrom, any portion of such balance as represents his share in the amount so transferred to the trustees (without addition of interest, and exclusive of the employee's contributions and interest thereon) shall, if the employer has made effective arrangements to secure that tax shall be deducted at source from the amount of such share when paid to the employee, be deemed to be an expenditure by the employer within the meaning of section 37, incurred in the previous year in which the accumulated balance due to the employee is paid.

**15. Provisions relating to rules.**—(*1*) In addition to any power conferred by this Part, the Board may make rules—

(*a*) prescribing the statements and other information to be submitted along with an application for recognition;

(*b*) limiting the contributions to a recognised provident fund by employees of a company who are shareholders in the company;

[1][(*bb*) regulating the investment or deposit of the moneys of a recognised provident fund:

Provided that no rule made under this clause shall require the investment of more than fifty per cent. of the moneys of such fund in Government securities as defined in section 2 of the Public Debt Act, 1944 (18 of 1944);]

(*c*) providing for the assessment by way of penalty of any consideration received by an employee for an assignment of, or creation of a charge upon, his beneficial interest in a recognised provident fund;

(*d*) determining the extent to and the manner in which exemption from payment of [2][tax] may be granted in respect of contributions and interest credited to the individual accounts of employees in a provident fund from which recognition has been withdrawn; and

(*e*) generally, to carry out the purposes of this Part and to secure such further control over the recognition of provident funds and the administration of recognised provident funds as it may deem requisite.

(*2*) All rules made under this Part shall be subject to the provisions of section 296.

---

1. Ins. by Act 42 of 1970, s. 57 (w.e.f. 1-4-1971).
2. Subs. by Act 10 of 1965, s. 66, for "income-tax and super-tax" (w.e.f. 1-4-1965).

PART B

———

<span style="letter-spacing:0.1em">APPROVED SUPERANNUATION FUNDS</span>

[*See* sections 2(*6*), 10(*13*), 10(*25*) (*iii*), 36(1)(*iv*), 87(1)(*e*), 192(5), [1][206]]

**1. Definitions.**—In this Part, unless the context otherwise requires, "employer", "employee", "contribution" and "salary" have, in relation to superannuation funds, the meanings assigned to those expressions in rule 2 of Part A in relation to provident funds.

**2. Approval and withdrawal of approval.**—(*1*) The [2][[3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner]] may accord approval to any superannuation fund or any part of a superannuation fund which, in his opinion, complies with the requirements of rule 3, and may at any time withdraw such approval, if, in his opinion, the circumstances of the fund or part cease to warrant the continuance of the approval.

(*2*) The [2][[3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner]] shall communicate in writing to the trustees of the fund the grant of approval with the date on which the approval is to take effect, and, where the approval is granted subject to conditions, those conditions.

(*3*) The [2][[3][Principal Chief Commissioner or Chief Commissioner or [4][Principal Commissioner or Commissioner]] shall communicate in writing to the trustees of the fund any withdrawal of approval with the reasons for such withdrawal and the date on which the withdrawal is to take effect.

(*4*) The [2][[3][Principal Chief Commissioner or Chief Commissioner or [4][Principal Commissioner or Commissioner]] shall neither refuse nor withdraw approval to any superannuation fund or any part of a superannuation fund unless he has given the trustees of that fund a reasonable opportunity of being heard in the matter.

**3. Conditions for approval.**— In order that a superannuation fund may receive and retain approval, it shall satisfy the conditions set out below and any other conditions which the Board may, by rules, prescribe—

(*a*) the fund shall be a fund established under an irrevocable trust in connection with a trade or undertaking carried on in India, and not less than ninety per cent of the employees shall be employed in India;

(*b*) the fund shall have for its sole purpose the provision of annuities for employees in the trade or undertaking on their retirement at or after a specified age or on their becoming incapacitated prior to such retirement, or for the widows, children or dependants of persons who are or have been such employees on the death of those persons ;

(*c*) the employer in the trade or undertaking shall be a contributor to the fund ; and

(*d*) all annuities, pensions and other benefits granted from the fund shall be payable only in India.

---

1. Subs. by Act 11 of 1987, s. 74, for "206(*2*)" (w.e.f. 1-6-1987).
2. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
3. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.r.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).

**4. Application for approval.**—(*1*) An application for approval of a superannuation fund or part of a superannuation fund shall be made in writing by the trustees of the fund to the [1][Assessing Officer] by whom the employer is assessable, and shall be accompanied by a copy of the instrument under which the fund is established and by two copies of the rules [2][and, where the fund has been in existence during any year or years prior to the financial year in which the application for approval is made, also two copies of the accounts of the fund relating to such prior year or years (not being more than three years immediately preceding the year in which the said application is made)] for which such accounts have been made up, but the [3][4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner]] may require such further information to be supplied as he thinks proper.

(*2*) If any alteration in the rules, constitution, objects or conditions of the fund is made at any time after the date of the application for approval, the trustees of the fund shall forthwith communicate such alteration to the [1][Assessing Officer] mentioned in sub-rule (*1*), and in default of such communication any approval given shall, unless the [3][4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner]] otherwise orders, be deemed to have been withdrawn from the date on which the alteration took effect.

**5. Contributions by employer when deemed to be income of employer.**—Where any contributions by an employer (including the interest thereon, if any) are repaid to the employer, the amount so repaid shall be deemed for the purpose of income-tax [6]*** to be the income of the employer of the previous year in which it is so repaid.

**6. Deduction of tax on contributions paid to an employee.**— Where any contributions made by an employer, including interest on contributions, if any, are paid to an employee during his lifetime [7][in circumstances other than those referred to in clause (*13*) of section 10], [8][tax] on the amounts so paid shall be deducted at the average rate of [8][tax] at which the employee was liable to [8][tax] during the preceding three years or during the period, if less than three years, when he was a member of the fund, and shall be paid by the trustees to the credit of the Central Government within the prescribed time and in such manner as the Board may direct.

**7. Deduction from pay of and contributions on behalf of employee to be included in return.**—Where an employer deducts from the emoluments paid to an employee or pays on his behalf any contributions of that employee to an approved superannuation fund, he shall include all such deductions or payments in the return which he is required to furnish under [9]*** section 206.

**8. Appeals.**—(*1*) An employer objecting to an order of the [3][4][Principal Chief Commissioner or Chief Commissioner] or [5][Principal Commissioner or Commissioner]]  refusing to accord approval to a superannuation fund or an order withdrawing such approval may appeal, within sixty days of such order, to the Board.

(*2*) The appeal shall be in such form and shall be verified in such manner and shall be subject to the payment of such fee as may be prescribed.

**9. Liability of trustees on cessation of approval.**—If a fund or a part of a fund for any reason ceases to be an approved superannuation fund, the trustees of the fund shall nevertheless remain liable to tax on any sum paid on account of returned contributions (including interest on contributions, if any), in so far as the sum so paid is in respect of contributions made before the fund or part of the fund ceased to be an approved superannuation fund under the provisions of this Part.

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax" (w.e.f. 1-4-1988).
2. Subs. by Act 42 of 1970, s. 57, for "and of the accounts of the fund for the last three years for which such accounts have been made up" (w.e.f. 1-4-1971).
3. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
4. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.r.e.f. 1-6-2013).
5. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).
6. The words "and super-tax" omitted by Act 10 of 1965, s. 66 (w.e.f. 1-4-1965).
7. Ins. by s. 66, *ibid*, (w.e.f. 1-4-1965).
8. Subs. by s. 66, *ibid.*, for "income-tax and super-tax" (w.e.f. 1-4-1965).
9. The words, brackets and figure "sub-section (*1*) of" omitted by Act 11 of 1987 s. 74 (w.e.f. 1-6-1987).

**10. Particulars to be furnished in respect of superannuation funds.**—The trustees of an approved superannuation fund and any employer who contributes to an approved superannuation fund shall, when required by notice from the [1][Assessing Officer], within such period, not being less than twenty-one days from the date of the notice, as may be specified in the notice, furnish such return, statement, particulars or information, as the [1][Assessing Officer] may require.

**11. Provisions relating to rules.**—(*1*) In addition to any power conferred by this Part, the Board may make rules—

(*a*) prescribing the statements and other information to be submitted along with an application for approval;

(*b*) prescribing the returns, statements, particulars, or information which the [1][Assessing Officer] may require from the trustees of an approved superannuation fund or from the employer;

(*c*) limiting the ordinary annual contribution and any other contributions to an approved superannuation fund by an employer ;

[2][(*cc*) regulating the investment or deposit of the moneys of an approved superannuation fund:

Provided that no rule made under this clause shall require the investment of more than fifty per cent of the moneys of such fund in Government securities as defined in section 2 of the Public Debt Act, 1944 (18 of 1944);]

(*d*) providing for the assessment by way of penalty of any consideration received by an employee for an assignment of, or creation of a charge upon, his beneficial interest in an approved superannuation fund;

(*e*) determining the extent to, and the manner in, which exemption from payment of [3][tax] may be granted in respect of any payment made from a superannuation fund from which approval has been withdrawn;

(*f*) providing for the withdrawal of approval in the case of a fund which ceases to satisfy the requirements of this Part or of the rules made thereunder; and

(*g*) generally, to carry out the purposes of this Part and to secure such further control over the approval of the superannuation funds and the administration of approved superannuation funds as it may deem requisite.

(*2*) All rules made under this Part shall be subject to the provisions of section 296.

PART C

APPROVED GRATUITY FUND

[4][*See* sections 2(*5*), 10(*25*)(*iv*), 17(*1*)(*iii*), 36(*1*)(*v*)]

**1. Definitions.**—In this Part, unless the context otherwise requires "employer", "employee", "contribution" and "salary" have, in relation to gratuity funds, the meanings assigned to those expressions in rule 2 of Part A in relation to provident funds.

---

1. Subs. by Act 4 of 1988, s. 2, for "Income-tax" (w.e.f. 1-4-1988).
2. Ins. by Act 42 of 1970, s. 57 (w.e.f. 1-4-1971).
3. Subs by Act 10 of 1965, s. 66 for "income-tax and super-tax" (w.e.f. 1-4-1965).
4. Subs. by Act 16 of 1972, s. 42 for "*See* sections 2(*5*), 17(*1*)(*iii*), 36 (*1*)(*v*)" (w.e.f. 1-4-1973).

**2. Approval and withdrawal of approval.**—(*1*) The [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner]] may accord approval to any gratuity fund which, in his opinion, complies with the requirements of rule 3 and may at any time withdraw such approval if, in his opinion, the circumstances of the fund cease to warrant the continuance of the approval.

(*2*) The [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner]] shall communicate in writing to the trustees of the fund the grant of approval with the date on which the approval is to take effect and where the approval is granted subject to conditions, those conditions.

(*3*) The [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner]] shall communicate in writing to the trustees of the fund any withdrawal of approval with the reasons for such withdrawal and the date on which the withdrawal is to take effect.

(*4*) The [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner]] shall neither refuse nor withdraw approval to any gratuity fund unless he has given the trustees of that fund a reasonable opportunity of being heard in the matter.

**3. Conditions for approval.**—In order that a gratuity fund may receive and retain approval, it shall satisfy the conditions set out below and any other conditions which the Board may, by rules, prescribe—

(*a*) the fund shall be a fund established under an irrevocable trust in connection with a trade or undertaking carried on in India, and not less than ninety per cent of the employees shall be employed in India ;

(*b*) the fund shall have for its sole purpose the provision of a gratuity to employees in the trade or undertaking on their retirement at or after a specified age or on their becoming incapacitated prior to such retirement or on termination of their employment after a minimum period of service specified in the rules of the fund or to the widows, children or dependants of such employees on their death ;

(*c*) the employer in the trade or undertaking shall be a contributor to the fund ; and

(*d*) all benefits granted by the fund shall be payable only in India.

**4. Application for approval.**—(*1*) An application for approval of a gratuity fund shall be made in writing by the trustees of the fund to the [4][Assessing Officer], by whom the employer is assessable and shall be accompanied by a copy of the instrument under which the fund is established and by two copies of the rules [5][and, where the fund has been in existence during any year or years prior to the financial year in which the application for approval is made, also two copies of the accounts of the fund relating to such prior year or years (not being more than three years immediately preceding the year in which the said application is made) for which such accounts have been made up], but the [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner]] may require such further information to be supplied as he thinks proper.

(*2*) If any alteration in the rules, constitution, objects or conditions of the fund is made at any time after the date of the application for approval, the trustees of the fund shall forthwith communicate such alterations to the [4][Assessing Officer] mentioned in sub-rule (*1*), and in default of such communication, any approval given shall, unless the [1][2][Principal Chief Commissioner or Chief Commissioner] or [3][Principal Commissioner or Commissioner]] otherwise orders, be deemed to have been withdrawn from the date on which the alteration took effect.

---

1. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
2. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.e.f. 1-6-2013).
3. Subs. by s. 4, *ibid.*, for "Commissioner" (w.e.f. 1-6-2013).
4. Subs. by Act 4 of 1988, s. 2, for "Income-tax Officer" (w.e.f. 1-4-1988).
5. Subs by Act 42 of 1970, s. 57, for "and of the accounts of the fund for the last year for which such accounts have been made up" (w.e.f. 1-4-1971).

**5. Gratuity deemed to be salary.**—Where any gratuity is paid to an employee during his lifetime, the gratuity shall be treated as salary paid to the employee for the purposes of this Act.

**6. Liability of trustees on cessation of approval.**—If a gratuity fund for any reason ceases to be an approved gratuity fund, the trustees of the fund shall nevertheless remain liable to tax on any gratuity paid to any employee.

**7. contributions by employer, when deemed to be income of employer.**— Where any contributions by an employer (including the interest thereon, if any) are repaid to the employer, the amount so repaid shall be deemed for the purposes of income-tax [1]*** to be the income of the employer of the previous year in which they are so repaid.

**8. Appeals.**—(*1*) An employer objecting to an order of the [2][[3][Principal Chief Commissioner or Chief Commissioner] or [4][Principal Commissioner or Commissioner]] refusing to accord approval to a gratuity fund or an order withdrawing such approval may appeal, within sixty days of such order, to the Board.

(*2*) The appeal shall be in such form and shall be verified in such manner and shall be subject to the payment of such fee as may be prescribed.

[5][**8A. Particulars to be furnished in respect of gratuity funds.**—The trustees of an approved gratuity fund and any employer who contributes to an approved gratuity fund shall, when required by notice from the [6][Assessing Officer], furnish within such period, not being less than twenty-one days from the date of the notice, as may be specified in the notice, such return, statement, particulars or information, as the [6][Assessing Officer] may require.]

**9. Provisions relating to rules.**—(*1*) In addition to any power conferred in this Part, the Board may make rules—

(*a*) prescribing the statements and other information to be submitted along with an application for approval;

(*b*) limiting the ordinary annual and other contributions of an employer to the fund;

[7][(*bb*) regulating the investment or deposit of the moneys of an approved gratuity fund:

Provided that no rule made under this clause shall require the investment of more than fifty per cent of the moneys of such fund in Government securities as defined in section 2 of the Public Debt Act, 1944 (18 of 1944);]

(*c*) providing for the assessment by way of penalty of any consideration received by an employee for an assignment of, or the creation of a charge upon, his beneficial interest in an approved gratuity fund;

(*d*) providing for the withdrawal of the approval in the case of a fund which ceases to satisfy the requirements of this Part or the rules made thereunder; and

(*e*) generally, to carry out the purposes of this Part and to secure such further control over the approval of gratuity funds and the administration of gratuity funds as it may deem requisite.

(*2*) All rules made under this Part shall be subject to the provisions of section 296.

---

1. The words "and super-tax" omitted by Act 10 of 1965, s. 66 (w.e.f. 1-4-1965).
2. Subs. by Act 4 of 1988, s. 2, for "Commissioner" (w.e.f. 1-4-1988).
3. Subs. by Act 25 of 2014, s. 4 for "Chief Commissioner" (w.r.e.f. 1-6-2013).
4. Subs. by s. 4, *ibid.*, for "Commissioner" (w.r.e.f. 1-6-2013).
5. Ins. by Act 42 of 1970, s. 57 (w.e.f. 1-4-1971).
6. Subs. by Act 4 of 1988, s. 2, for "Income-tax" (w.e.f. 1-4-1988).
7. Ins. by Act 42 of 1970, s. 57 (w.e.f. 1-4-1971).

[1][THE FIFTH SCHEDULE

[2][*See* section 33(*1*)(*b*)(*B*)(*i*)]]

LIST OF ARTICLES AND THINGS

(*1*) Iron and steel (metal), ferro-alloys and special steels.

(*2*) Aluminium, copper, lead and zinc (metals).

(*3*) [3][Coal, lignite, iron ore], bauxite, manganese ore, dolomite, limestone, magnesite and mineral oil.

(*4*) Industrial machinery specified under the heading "8. Industrial machinery", sub-heading "A. Major items of specialised equipment used in specific industries", of the First Schedule to the Industries (Development and Regulation) Act, 1951 (65 of 1951).

(*5*) Boilers and steam generating plants, steam engines and turbines and internal combustion engines.

(*6*) Flame and drip proof motors.

(*7*) Equipment for the generation and transmission of electricity including transformers, cables and transmission towers.

(*8*) Machine tools and precision tools (including their attachments and accessories, cutting tools and small tools), dies and jigs.

(*9*) Tractors, earth-moving machinery and agricultural implements.

(*10*) Motor trucks and buses.

(*11*) Steel castings and forgings and malleable iron and steel castings.

(*12*) Cement and refractories.

(*13*) Fertilisers, namely, ammonium sulphate, ammonium sulphate nitrate (double salt), ammonium nitrate, calcium ammonium nitrate (nitrolime stone), ammonium chloride, superphosphate, urea and complex fertilisers of synthetic origin containing both nitrogen and phosphorus, such as ammonium phosphates, ammonium sulphate phosphate and ammo-nium nitro phosphate.

(*14*) Soda ash.

(*15*) Pesticides.

(*16*) Paper and pulp including newsprint.

(*17*) Electronic equipment, namely, radar equipment, computers, electronic accounting and business machines, electronic communication equipment, electronic control instruments and basic components, such as valves, transistors, resistors, condensers, coils, magnetic materials and microwave components.

(*18*) Petrochemicals including corresponding products manufactured from other basic raw materials like calcium carbide, ethyl alcohol or hydrocarbons from other sources.

(*19*) Ships.

(*20*) Automobile ancillaries.

---

1. Ins. by Act 10 of 1965, s. 67 (w.e.f. 1-4-1965).

2. Subs. by Act 19 of 1968, s. 30 and the Third Schedule, for "[*See* sections 33(1)(b)(B)(i) and 80B(7)" (w.e.f. 1-4-1969). Earlier substituted by Act 20 of 1967, s. 33 and the Third Schedule, for"[*See* sections 33(1)(b)(B)(i) and 83B(7)" (w.e.f. 1-4-1968). Prior substituted by Act 13 of 1966, s. 37, for "[*See* section 33 (1) (*iii*) (c) I" (w.e.f. 1-4-1966).

3. Subs. by Act 15 of 1965, s. 18, for "Iron ore" (w.e.f. 1-4-1965).

(*21*) Seamless tubes.

(*22*) Gears.

(*23*) Ball, roller and tapered bearings.

(*24*) Component parts of the articles mentioned in item Nos. (4), (5), (7) and (9), that is to say, such parts as are essential for the working of the machinery referred to in the items aforesaid and have been given for that purpose some special shape or quality which would not be essential for their use for any other purpose and are in complete finished form and ready for fitment.

(*25*) Cotton seed oil.

[1][(*26*) Tea.

(*27*) Printing machinery.]

[2][(*28*) Processed seeds.

(*29*) Processed concentrates for cattle and poultry feed.

(*30*) Processed (including frozen) fish and fish products.

(*31*) Vegetable oils and oil-cakes manufactured by the solvent extraction process from seeds other than cotton seed.]

[3][(*32*) Textiles (including those dyed, printed or otherwise processed) made wholly or mainly of cotton, including cotton yarn, hosiery and rope.

(*33*) Textiles (including those dyed, printed or otherwise processed) made wholly or mainly of jute, including jute twine and jute rope.]]

---

1. Ins. by Act 13 of 1966, s. 37 (w.e.f. 1-4-1966).
2. Ins. by Act 19 of 1968, s. 30 and the Third Schedule (w.e.f. 1-4-1969).
3. Ins. by Act 14 of 1969, s. 23 (w.e.f. 1-4-1970).

THE SIXTH SCHEDULE

*Omitted by the Finance Act,* 1972 (16 of 1972), *s.* 43 (*w.e.f.* 1-4-1973). *Originally, the Schedule was inserted by the Finance Act,* 1968 (19 *of* 1968), *s.* 30 and *the Third Schedule* (*w.e.f.* 1-4-1969) *and was later amended by the Finance* (*No.* 2) Act, 1971 (32 *of* 1971), s. 30 (*w.e.f.* 1-4-1972).

[1][THE SEVENTH SCHEDULE

[*See* section 35E]

PART A

————

MINERALS

1. Aluminium ores.

2. Apatite and phosphatic ores.

3. Beryl.

4. Chrome ore.

5. Coal and lignite.

6. Columbite, Samarskite and other minerals of the "rare earths" group.

7. Copper.

8. Gold.

9. Gypsum.

10. Iron ore.

11. Lead.

12. Manganese ore.

13. Molybdenum.

14. Nickel ores.

15. Platinum and other precious metals and their ores.

16. Pitchblende and other uranium ores.

17. Precious stones.

18. Rutile.

19. Silver.

20. Sulphur and its ores.

21. Tin.

22. Tungsten ores.

23. Uraniferousallanite, monazite and other thorium minerals.

24. Uranium bearing tailings left over from ores after extraction of copper and gold, ilmenite and other titanium ores.

25. Vanadium ores.

26. Zinc.

27. Zircon.

————————————

1. Ins. by Act 42 of 1970, s. 58 (w.e.f. 1-4-1971).

PART B

GROUPS OF ASSOCIATED MINERALS

1. Apatite, Beryl, Cassiterite, Columbite, Emerald, Felspar, Lepidolite, Mica, Pitchblende, Quartz, Samarskite, Scheelite, Topaz, Tantalite, Tourmaline.

2. Iron, Manganese, Titanium, Vanadium and Nickel minerals.

3. Lead, Zinc, Copper, Cadmium, Arsenic, Antimony, Bismuth, Cobalt, Nickel, Molybdenum, and Uranium minerals, and Gold and Silver, Arsinopyrite, Chalcopyrite, Pyrite, Pyphrotite and Pentalandite.

4. Chromium, Osmiridium, Platinum and Nickel minerals.

5. Kyanite, Sillimanite, Corrundum, Dumortierite and Topaz.

6. Gold, Silver, Tellurium, Selenium and Pyrite.

7. Barytes, Fluorite, Chalcocite, Selenium, and minerals of Zinc, Lead and Silver.

8. Tin and Tungsten minerals.

9. Limestone, Dolomite and Magnesite.

10. Ilmenite, Monazite, Zircon, Rutile, Garnet and Sillimanite.

11. Sulphides of Copper and Iron.

12. Coal, Fireclay and Shale.

13. Magnetite and Apatite.

14. Magnesite and Chromite.

15. Talc (Soapstone and Steatite) and Dolomite.

16. Bauxite, Laterite, Aluminous Clays, Lithomorge, Titanium, Vanadium, Gallium and Columbium minerals.]

[1][THE EIGHTH SCHEDULE

[*See* section 80-IA(2)(*iv*)(*b*)]

LIST OF INDUSTRIALLY BACKWARD STATES AND UNION TERRITORIES

(*1*) Arunachal Pradesh

(*2*) Assam

(*3*) Goa

(*4*) Himachal Pradesh

(*5*) Jammu and Kashmir

(*6*) Manipur

(*7*) Meghalaya

(*8*) Mizoram

(*9*) Nagaland

(*10*) Sikkim

(*11*) Tripura

(*12*) Andaman and Nicobar Islands

(*13*) Dadra and Nagar Haveli

(*14*) Daman and Diu

(*15*) Lakshadweep

(*16*) Pondicherry.]

————

[THE NINTH SCHEDULE]. *Omitted by the Taxation Laws (Amendment & Miscellaneous Provisions) Act,* 1986 (46 *of* 1986), *s.* 31(*w.e.f.* 1-4-1988). *Original Ninth Schedule was inserted by the Direct Taxes (Amendment) Act,* 1974 (26 *of* 1974), *s.* 16 (*w.e.f.* 1-4-1975).

————

[THE TENTH SCHEDULE]. *Omitted by the Finance Act,* 1999 (27 *of* 1999), *s.* 89 (*w.e.f.* 1-4-200*0*).

—————————

1. Ins. by Act 38 of 1993, s. 37 (w.e.f. 1-4-1994). Prior to inseted by Act 26 of 1974, s. 14 (w.e.f. 1-4-1974). Later on amended by Act 66 of 1976, s. 24 (w.e.f. 1-4-1976). And omitted by Act 46 of 1986, s. 30 (w.e.f. 1-4-1984).

[1][THE ELEVENTH SCHEDULE

[2]{[*See* section 32A, [3][section 32AB], [#]section 80CC(3)(*a*)(*i*), section 80-I(2), [4@][section 80J(4) and [5]section 88A(3)(*a*)(*i*)]]}

### LIST OF ARTICLES OR THINGS

1. Beer, wine and other alcoholic spirits.

2. Tobacco and tobacco preparations, such as, cigars and cheroots, cigarettes, biris, smoking mixtures for pipes and cigarettes, chewing tobacco and snuff.

3. Cosmetics and toilet preparations.

4. Tooth paste, dental cream, tooth powder and soap.

5. Aerated waters in the manufacture of which blended flavouring concentrates in any form are used.

[5][*Explanation.*—"Blended flavouring concentrates" shall include, and shall be deemed always to have included, synthetic essences in any form.]

6. Confectionery and chocolates.

7. Gramophones, including record-players and gramophone records.

[6]*        *        *        *        *

[7][9. Projectors.]

10. Photographic apparatus and goods.

[8]*        *        *        *        *

22. Office machines and apparatus such as typewriters, calculating machines, cash registering machines, cheque writing machines, intercom machines and teleprinters.

*Explanation.*—The expression "office machines and apparatus" includes all machines and apparatus used in offices, shops, factories, workshops, educational institutions, railway stations, hotels and restaurants for doing office work [9][and for data processing (not being computers within the meaning of section 32AB)].

23. Steel furniture, whether made partly or wholly of steel.

24. Safes, strong boxes, cash and deed boxes and strong room doors.

25. Latex foam sponge and polyurethane foam.

[10]*        *        *        *        *

27. Crown corks, or other fittings of cork, rubber, polyethylene or any other material.

28. Pilfer-proof caps for packaging or other fittings of cork, rubber, polyethylene or any other material.

[11]*        *        *        *        *]

---

1. Ins. by Act 29 of 1977, s. 28 (w.e.f. 1-4-1978).

2. Subs. by Act 16 of 1981, s. 24, for "[*See* section 32A and section 80J(*4*)]" (w.e.f. 1-4-1981).

[#]Section 80CC omitted by Act 33 of 1996, s. 22 (w.e.f. 1-4-1993).

3. Ins. by Act 23 of 1986, s. 39 (w.e.f. 1-4-1987).

4. Subs. by Act 12 of 1990, s. 50 for "and section 80(J)(4)" (w.e.f. 1-4-1990).

[@] Now Section 80J omitted by Act 33 of 1996, s. 29 (w.e.f. 1-4-1989).

[5]Section 88A omitted by Act 33 of 1996, s. 35 (w.e.f. 1-4-1994).

5. Ins. by Act 11 of 1987, s. 73 (w.e.f. 1-4-1988).

6. Item 8 omitted by Act 16 of 1981, s. 24 (w.e.f. 1-4-1982).

7. Subs. by Act 26 of 1988, s. 53, for item 9 (w.e.f. 1-4-1989).

8. Items 11 to 21 (both inclusive) omitted by Act 16 of 1981, s. 24 (w.e.f. 1-4-1982).

9. Subs. by Act 11 of 1987, s. 73, for "for data processing and for transmission and reception of messages" (w.e.f. 1-4-1988).

10. Item 26 omitted by Act 16 of 1981, s. 24 (w.e.f. 1-4-1982).

11. Item 29 omitted by s. 24, *ibid.* (w.e.f. 1-4-1982).

[1][THE TWELFTH SCHEDULE

[*See* section 80HHC(*2*)(*b*)(*ii*)]

PROCESSED MINERALS AND ORES

(*i*) Pulverised or micronised—barytes, calcite, steatite, pyrophylite, wollastonite, zircon, bentonite, red or yellow oxide, red or yellow ochre, talc, quartz, feldspar, silica powder, garnet, silliminite, fireclay, ballclay, manganese dioxide ore.

(*ii*) Processed or activated—bentonite, diatomious earth, fullers earth.

(*iii*) Processed—kaoline (china clay), whiting, calcium carbonate.

(*iv*) Beneficated-chromite, flourspar, graphite, vermiculite, ilmenite, brown ilmenite (lencoxene) rutile, monazite and other mineral concentrates.

(*v*) Mica blocks, mica splittings, mica condenser films, mica powder, micanite, silvered mica, punched mica, mica paper, mica tapes, mica flakes.

(*vi*) Exfoliated-vermiculite, calcined kyanite, magnesite, calcined magnesite, calcined alumina.

(*vii*) Sized iron ore processed by mechanical screening or crushing and screening through dry process or mechanical crushing, screening, washing and classification through wet process.

(*viii*) Iron ore concentrates processed through crushing, grinding or magnetic separation.

(*ix*) Agglomerated iron ore.

(*x*) Cut and polished minerals and rocks including cut and polished granite.

*Explanation*.—For the purposes of this Schedule, "processed", in relation to any mineral or ore, means—

(*a*) dressing through mechanical means to obtain concentrates after removal of gangue and unwanted deleterious substances or through other means without altering the minerological identity;

(*b*) pulverisation, calcination or micronisation;

(*c*) agglomeration from fines;

(*d*) cutting and polishing;

(*e*) washing and levigation;

(*f*) benefication by mechanical crushing and screening through dry process;

(*g*) sizing by crushing, screening, washing and classification through wet process;

(*h*) other upgrading techniques such as removal of impurities through chemical treatment, refining by gravity separation, bleaching, floatation or filtration.]

---

1. Ins. by Act 49 of 1991, s. 71 (w.e.f. 1-4-1991). Earlier it was inserted by Act 14 of 1982, s. 31 (w.e.f. 1-4-1983) and omitted by Act 23 of 1986, s. 38 (w.e.f. 1-4-1987).

[1][THE THIRTEENTH SCHEDULE

[2][[*See* sections 80-IB(*4*) and 80-IC(*2*)]]

LIST OF ARTICLES OR THINGS

PART A

FOR THE STATE OF SIKKIM

| S. No. | Article or thing |
|---|---|
| 1. | Tobacco and tobacco products (including cigarettes, cigars and gutka, etc.) |
| 2. | Aerated branded beverages |
| 3. | Pollution-causing paper and paper products |

PART B

FOR THE STATE OF HIMACHAL PRADESH AND THE STATE OF UTTARANCHAL

| S. No. | Activity or article or thing | Excise classification | Sub-class under National Industrial Classification (NIC), 1998 |
|---|---|---|---|
| 1. | Tobacco and tobacco products including cigarettes and pan masala | 24.01 to 24.04 and 21.06 | 1600 |
| 2. | Thermal Power Plant (coal/oil based) | | 40102 or 40103 |
| 3. | Coal washeries/dry coal processing | | |
| 4. | Inorganic Chemicals excluding medicinal grade oxygen (2804.11), medicinal grade hydrogen peroxide (2847.11), compressed air (2851.30) | Chapter 28 | |
| 5. | Organic chemicals excluding Pro-vitamins/vitamins, Hormones (29.36), Glycosides (29.39), sugars* (29.40) | Chapter 29 | 24117 |
| 6. | Tanning and dyeing extracts, tannins and their derivatives, dyes, colours, paints and varnishes; putty, fillers and other mastics; inks | Chapter 32 | 24113 or 24114 |
| 7. | Marble and mineral substances not classified elsewhere | 25.04<br>25.05 | 14106 or 14107 |
| 8. | Flour mills/rice mills | 11.01 | 15311 |
| 9. | Foundries using coal | | |

1. Ins. by Act 32 of 2003, s. 99 (w.e.f. 1-4-2004).

2. Subs. by Act 23 of 2004, s. 64, for "[See section 80-IC(2)]" (w.e.f. 1-4-2005).

| S. No. | Activity or article or thing | Excise classification | Sub-class under National Industrial Classification (NIC), 1998 |
|---|---|---|---|
| 10. | Minerals fuels, mineral oils and products of their distillation; bituminous substances: mineral waxes | Chapter 27 | |
| 11. | Synthetic rubber products | 40.02 | 24131 |
| 12. | Cement clinkers and asbestos, raw including fibre | 2502.10, 2503.00 | |
| 13. | Explosive (including industrial explosives, detonators and fuses, fireworks, matches, propellant powders, etc.) | 36.01 to 36.06 | 24292 |
| 14. | Mineral or chemical fertilizers | 31.02 to 31.05 | 2412 |
| 15. | Insecticides, fungicides, herbicides and pesticides (basic manufacture and formulation) | 3808.10 | 24211 or 24219 |
| 16. | Fibre glass and articles thereof | 70.14 | 26102 |
| 17. | Manufacture of pulp—wood pulp, mechanical or chemical (including dissolving pulp)` | 47.01 | 21011 |
| 18. | Branded aerated water/soft drinks (non-fruit based) | 2201.20, 2202.20 | 15541 or 15542 |
| [1][19. | Manufacture of pulp-wood pulp, mechanical or chemical (including dissolving pulp) | 4701.00 | |
| | Newsprint in rolls or sheets | 4801.00 | |
| | Writing or printing paper for printing of educational textbooks | 4802.10 | |
| | Paper or paperboard, in the manufacture of which— | 4802.20 | |
| | (a) the principal process of lifting the pulp is done by hand; and | | |
| | (b) if power driven sheet forming equipment is used, the Cylinder Mould VAT does not exceeds 40 inches | | |
| | Maplitho paper supplied to a Braille press against an indent placed by the National Institute for Visually Handicapped, Dehradun | 4802.30 | |
| | Others | 4802.90 | |

1. Subs. by Act 33 of 2009, s. 82, for certain entries (w.e.f. 1-4-2010).

| S. No. | Activity or article or thing | Excise classification | Sub-class under National Industrial Classification (NIC), 1998 |
|---|---|---|---|
| | Toilet or facial tissue stock, towel or napkin stock and similar paper of a kind used for household or sanitary purposes, cellulose wadding and webs of cellulose fibres, whether or not creped, crinkled embossed, perforated, surfact-coloured, surface decorated or printed, in rolls of a width exceeding 36 cms. or in rectangular (including square) sheets with at least one side exceeding 36 cms. in unfolded state. | 4803.00 | |
| | Kraft paper supplied to a Braille press against an indent placed by the National Institute for Visually Handicapped, | 4804.10 | |
| | Dehradun | | |
| | Kraft paper and paperboard used in the manufacture of cartons for packing of horticultural produce | 4804.20 | |
| | Others | 4804.90 | |
| | Other uncoated paper and paperboard, in roll or sheets, not further worked or processed than as specified in Note 2 to this Chapter. | 4805.00 | |
| | Grease-proof paper | 4806.10 | |
| | Glassine and other glazed transparent or translucent paper | 4806.20 | |
| | Others | 4806.90 | |
| | Straw Board, in the manufacture of which sun-drying process has been employed. | 4807.91 | |
| | Straw paper and other straw board, whether or not covered with paper other than straw paper. | 4807.92 | |
| | Other | 4807.99 | |
| | Carbon or similar copying papers | 4809.10 | |
| | Self-copy paper | 4809.20 | |
| | Others | 4809.90 | |

| S. No. | Activity or article or thing | Excise classification | Sub-class under National Industrial Classification (NIC), 1998 |
|---|---|---|---|
| | Paper and paperboard of a kind used for writing, printing or other graphic purposes. | 4810.10 | |
| | Kraft paper and paperboard other than that of a kind used for writing, printing or other graphic purposes. | 4810.20 | |
| | Other paper and paperboard | 4810.90 | |
| | Tarred, bituminized or asphalted paper and paperboard. | 4811.10 | |
| | Gummed or adhesive paper and paperboard | 4811.20 | |
| | Paper and paperboard coated, impregnated or covered with plastic (excluding adhesives). | | |
| | Products consisting of sheets of paper or paperboard, impregnated, coated or covered with plastics (including thermoset resins or mixtures thereof or chemical formulations containing melamine, phenol, urea formaldehyde with or without curing agents or catalysts), compressed together in one or more operations; Products known commercially as decorative laminates. | 4811.31 | |
| | Others | 4811.39 | |
| | Paper and paperboard, coated, impregnated or covered with wax, paraffin wax, stearin, oil or glycerol. | 4811.40 | |
| | Other | 4811.90 | |
| | Cigarette paper, whether or not cut to size or in the form of booklets or tubes.] | 4813.00 | |
| 20. | Plastics and articles thereof | 39.09 to 39.15] | |

[1][PART C
## FOR THE STATE OF JAMMU AND KASHMIR

| S. No. | Article or thing |
|---|---|
| 1. | Cigarettes/cigars of tobacco, manufactured tobacco and substitutes |
| 2. | Distilled/brewed alcoholic drinks |
| 3. | Aerated branded beverages and their concentrates.] |

---

1. Ins. by 23 of 2004, s. 64 (w.e.f. 1-4-2005).

THE FOURTEENTH SCHEDULE

[*See* section 80-IC(2)]

LIST OF ARTICLES OR THINGS OR OPERATIONS

PART A

————

FOR THE NORTH-EASTERN STATES

1. Fruit and Vegetable Processing industries manufacturing or producing—

    (*i*) Canned or bottled products;

    (*ii*) Aseptic packaged products;

    (*iii*) Frozen products;

    (*iv*) De-hydrated products;

    (*v*) Oleoresins.

2. Meat and Poultry Product industries manufacturing or producing—

    (*i*) Meat Products (buffalo, sheep, goat and pork);

    (*ii*) Poultry production;

    (*iii*) Egg Powder Plant.

3. Cereal Based Product industries manufacturing or producing—

    (*i*) Maize Milling including starch and its derivatives;

    (*ii*) Bread, Biscuits, Breakfast Cereal.

4. Food and Beverage industries manufacturing or producing—

    (*i*) Snacks;

    (*ii*) Non-alcoholic beverages;

    (*iii*) Confectionery including chocolate;

    (*iv*) Pasta products;

    (*v*) Processed spices, etc.;

    (*vi*) Processed pulses;

    (*vii*) Tapioca products.

5. Milk and milk based product industries manufacturing or producing—

    (*i*) Milk powder;

    (*ii*) Cheese;

    (*iii*) Butter/ghee;

    (*iv*) Infant food;

    (*v*) Weaning food;

    (*vi*) Malted milk food.

6. Food packaging industry.

7. Paper products industry.

8. Jute and mesta products industry.

9. Cattle or poultry or fishery feed products industry.

10. Edible Oil processing or vanaspati industry.

11. Processing of essential oils and fragrances industry.

12. Processing and raising of plantation crops—tea, rubber, coffee, coconuts, etc.

13. Gas based Intermediate Products Industry manufacturing or producing—

     (*i*) Gas exploration and production;

     (*ii*) Gas distribution and bottling;

     (*iii*) Power generation;

     (*iv*) Plastics;

     (*v*) Yarn raw materials;

     (*vi*) Fertilizers;

     (*vii*) Methanol;

     (*viii*) Formaldehyde and FR resin melamine and MF resin;

     (*ix*) Methylamine, Hexamethylenetetramine, Ammonium bi-carbonate;

     (*x*) Nitric Acid and Ammonium Nitrate;

     (*xi*) Carbon black;

     (*xii*) Polymer chips.

14. Agro forestry based industry.

15. Horticulture industry.

16. Mineral based industry.

17. Floriculture industry.

18. Agro-based industry.

## PART B

FOR THE STATE OF SIKKIM

| S. No. | Activity or article or thing or operation |
|---|---|
| 1. | Eco-Tourism including Hotels, Resorts, Spa, Amusement Parks and Ropeways. |
| 2. | Handicrafts and handlooms. |
| 3. | Wool and silk reeling, weaving and processing, printing, etc. |
| 4. | Floriculture. |
| 5. | Precision Engineering including watch making. |
| 6. | Electronics including computronics hardware and software and Information Technology (IT) related industries. |
| 7. | Food processing including Agro-based industries. Processing, preservation and packaging of fruits and vegetables (excluding conventional grinding/extraction units). |
| 8. | Medicinal and aromatic Herbs—Plantation and Processing. |
| 9. | Raising and processing of plantation crops, *i.e.,* tea, oranges and cardamom. |
| 10. | Mineral based industry. |
| 11. | Pharma products. |
| 12. | Honey. |
| 13. | Biotechnology. |

PART C
FOR THE STATE OF HIMACHAL PRADESH AND THE STATE OF UTTARANCHAL

| S. | Activity or article or thing or operation | 4/6 digit excise classification | Sub-class under NIC classification on 1998 | ITC(HS) classification 4/6 digit |
|---|---|---|---|---|
| 1. | Floriculture | - | - | 0603 or 060120 or 06029020 or 06024000 |
| 2. | Medicinal herbs and aromatic herbs, etc., processing | - | - | |
| 3. | Honey | - | - | -040900 |
| 4. | Horticulture and agro-based industries such as | | | |
| | (*a*) Sauces, ketchup, etc. | 21.03 | 15135 to 15137 and 15139 | |
| | (*b*) Fruit juices and fruit pulp | 2202.40 | | |
| | (*c*) Jams, jellies, vegetable juices, puree, pickles, etc. | 20.01 | | |
| | (*d*) Preserved fruits and vegetables | | | |
| | (*e*) Processing of fresh fruits and vegetables including packaging | | | |
| | (*f*) Processing, preservation, packaging of mushrooms | | | |
| 5. | Food Processing Industry excluding those included in the Thirteenth Schedule | 19.01 to 19.04 | | |
| 6. | Sugar and its by-products | - | - | 17019100 |
| 7. | Silk and silk products | 50.04 50.05 | 17116 | |
| 8. | Wool and wool products | 51.01 to 51.12 | 17117 | |

| S. No. | Activity or article or thing or operation | 4/6 digit excise classification | Sub-class under NIC classification on 1998 | ITC(HS) classification 4/6 digit |
|---|---|---|---|---|
| 9. | Woven fabrics (Excisable garments) | - | - | 6101 to 6117 |
| 10. | Sports goods and articles and equipment for general physical exercise and equipment for adventure sports/activities, tourism (to be specified, by notification, by the Central Government) | 9506.00 | | |
| 11. | Paper and paper products excluding those in the Thirteenth Schedule (as per excise classification) | | | |
| 12. | Pharma products | 30.03 to 30.05 | | |
| 13. | Information and Communication Technology Industry, Computer hardware, Call Centres | 84.71 | 30006/7 | |
| 14. | Bottling of mineral water | 2201 | | |
| 15. | Eco-tourism including hotels, resorts, spa, entertainment/ amusement parks and rope-ways | - | 55101 | |
| 16. | Industrial gases (based on atmospheric fraction) | | | |
| 17. | Handicrafts | | | |
| 18. | Non-timber forest product-based industries.] | | | |