# Exhibit 7

to Expert Opinion of Sudipto Sarkar SA
dated August 13, 2021


SCC Online Web Edition, Copyright © 2021
Page 1 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Rajasthan Law Weekly
-----------------------------------------------------------------------------------------------

acts done by him till then in the execution of his office shall not be invalidated by reason of such declaration.

(3) No resolution of a board or any committee appointed under this Act shall be deemed invalid on account of any irregularity in the service of notice upon any member, provided that the proceedings of the board or committee were not prejudicially affected by such irregularity.

(4) Until the contrary is proved, every meeting of the board or of a committee appointed under this Act in respect of the proceedings whereof a minute has been made and signed in accordance with this Act, shall be deemed to have been duly convened and held, and all the members at the meeting shall be deemed to have been duly qualified, and, where the proceedings are the proceedings of a committee, such committee shall be deemed to have been duly constituted and to have had the power to deal with the matters referred to in the minute.

(5) During any vacancy in a board or committee the continuing members may act as if no vacancy had occurred."

21. In the present case there is no disqualification or defect in the election, co-option or appointment of any member. Nor has the Chairman or the Vice-Chairman been declared to have been not duly elected as a result of any election petition. Nor was there any irregularity in the service of notice upon any member for any meeting. The first three clauses of sec. 79 are thus not attracted. The fourth clause raises a rebuttable presumption about the duly convening and holding of the meeting and of the fact that members attending are duly qualified. If this clause can be said to have been attracted then the presumption has been rebutted in the present case by proof that valid oath was not administered to the members. The proceedings of none of the meetings are thus validated by sec. 79 of the Act.

22. The other ground on which the petition is based is that in the final delimitation order published under sec. 14 of the Act in the Gazette ward No. 6 was shown as a single member constituency, but two members were elected from it.

23. From the material on record it appears to me that there was a printing error in the final delimitation order which was published in the official Gazette. In the preliminary delimitation order 9 general and 3 reserved seats were shown. One of these reserved seats was in ward No. 6 which was a double member constituency. In the final notification published in the Gazette only one member was shown against ward No. 6. But sec. 14 does not prescribe that the delimitation order shall be published in the official Gazette. The error which was made in the official Gazette was not repeated in the final delimitation order which was given wide publicity by the Returning Officer in other ways. There was thus no defect in conducting the election which may vitiate it.

24. The result is that I issue a direction to the Collector under article 226 of the Constitution to administer oath to the members of the Karanpur Municipality at a very early date and to hold fresh elections of the Chairman and the Vice-Chairman after administering oath to the members. The oath shall be administered to the members by the Collector personally. Till then the members of the Board are restrained from functioning as such.

25. The writ petition is decided as indicated above. In the circumstances of the case, I direct that parties shall bear their own costs of it.

---

Jagat Narayan J.

### Sohan Lal *versus* Gulab Chand—(86)

S. B. Civil Regular Second Appeal No. 148, decided on 7th May, 1965.

(a)—*Evidence Act, Sec. 18—Admission of one partner admissible against other where both had same pecuniary interest.*

SM, SL and B were partners in the firm Gauri Shankar Sohanlal and are jointly and severally liable so far as the liabilities of that firm are concerned. They have thus the same pecuniary interest in the subject-matter of the present suit, even though the firm might have been dissolved this interest is still continuing. The admissions of SM are thus admissible under sec. 18 of the Evidence Act against B and SL. ( *para 21* )

(b)—[ **Witness—Cross-examination—Defendant can cross-examine codependant or his witness where he makes adverse statement.** ]



SCC Online Web Edition, Copyright © 2021
Page 2    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Rajasthan Law Weekly

---

**RLW 1965**        Sohan Lal *vs.* Gulab Chand  ( *Jagat Narayan J.* )         347

*Case law referred—*

(1) Virayya vs. Adenna ( AIR 1930 P. C. 18 )
(2) Khubchand vs. Chittarmal ( AIR 1931 All. 372 )
(3) Jagir Singh vs. Dheru ( AIR 1958 Punjab 487 )
(4) Chandi Ram vs. Jamini Kanta ( AIR 1952 Assam 92 )
(5) Deputy Commissioner of Bara Banki vs. Ram Parshad ( ILR 27 Cal. 118 )
(6) Maung Sit vs. Ma Su ( AIR 1917 Lower Burma 39 (2) )
(7) Official Trustee of Madras vs. Sundaramurthi ( AIR 1921 P. C. 103 )
(8) M.M. Essabhoy vs. M. Haridas ( AIR 1915 P. C. 2 )
(9) Gangaram vs. Hetram 1964 RLW 573 )
(10) Kowsullish Sundari Dasi vs. Mukta Sundari Dasi ( ILR 11 Cal. 588 )
(11) Meajan Matbar vs. Alimuddi Mia ( ILR 44 Cal. 130=AIR 1917 Cal. 487 )
(12) Ambir Ali vs. Lutfe Ali ( ILR 45 Cal 159=AIR 1918 Cal. 971 )
(13) Tikoo Ram vs. Jhabar ( ILR 10 Raj. 6 )
(14) Dileshwar Ram Brahman vs. Nohar Singh ( 48 Indian Cases 193 )
(15) Harihar vs. Nabakishore ( AIR 1963 Orissa 45 )
(16) Aumirtolall Bose vs. Rajoneekant Mitter ( 2 Indian Appeals 113 )
(17) Dina Nathiv vs. Sayad Habib ( AIR 1929 Lahore 129 )
(18) Narindar Singh vs. C. M. King ( AIR 1928 Lahore 769 )
(19) Kirmany & Sons vs. Aga Ali Akbar ( AIR 1928 Mad. 919 )

R. K. Rastogi and J. S. Rastogi *for appellants.*
Sumer Chand Bhandari and Ram Vilas *for respondent.*

JAGAT NARAYAN J.—These connected appeals arise out of a suit for recovery of goods in specie or in the alternative for damages.

2. The suit ( No. 297 of 1950 ) was instituted in the Court of Civil Judge, Ratangarh, on 20-7-50 by Chandmal against Hazarimal, Sohanlal, Bhanwarlal and Surajmal. The facts necessary for the disposal of the present appeals are these. The case of the plaintiff was that the defendants were partners in a partnership firm Gauri Shankar Sohanlal of Karanpur which had closed its business. It was alleged that the plaintiff purchased 176 bags of gur weighing 352 mds. on Chait Sudi 13, Smt. 2002 through this firm of the defendants and kept there for sale, that the defendants sent an account of their dealings with the plaintiff upto Kartik Sudi 1, Smt. 2002 showing a credit balance of Rs. 9266-4-6 in his favour, that the price of *gur* was debited to him in this account, but that it had not been sold by the date upto which the account was sent and that on 15-6-46 the plaintiff served a notice on the defendants (asking them to pay the price of the *gur* ? ). On that date the market rate of *gur* was Rs. 13/- per maund and the price of 352 mds. of *gur* had been claimed at that rate in the plaint. Further it was alleged that the plaintiff asked the defendants several times (to pay the price of the gur or return it in specie ?), but they kept on asking for time and finally on 1-7-50 defendants Nos. 1 to 3 made a refusal and hence the suit was being instituted. Hazarimal and Bhanwarlal filed a written statement in which they asserted that they were not partners of the firm Gauri Shankar Sohanlal and had nothing to do with the transactions in suit. They denied all the allegations made in the plaint. Hazarimal died during the pendency of the suit and Dhanraj, Champalal, Jiwanmal and Shiv Bhagwan were impleaded as his legal representatives. These legal representatives filed a written statement similar to that filed by Hazarimal and Bhanwarlal.

3. Sohanlal was served, but he did not appear to contest the suit. The suit proceeded *ex parte* against him.

4. Surajmal filed a separate written statement. He admitted that he was a partner of the firm Gauri Shankar Sohanlal. He also admitted that this firm purchased 176 bags of *gur* on behalf of the plaintiff and stored it, that the *gur* was debited to the plaintiff, that the account of transactions up to Kartik Sudi 1, Smt. 2002 was sent by the firm to the plaintiff in which the price of the *gur* was debited to him and that this account showed a credit balance of Rs. 9266-4-6 in his favour and that the gur had not been sold till then. He asserted however that the gur was sold in accordance with the instructions of the plaintiff at Rs. 10-2-0 per maund for 3452-6-6. Further he alleged that the firm Gauri Shankar Sohanlal carried on business at Sri Ganganagar also and that Chand Mal entered into transactions through the agency of the firm at Ganganagar in which he incurred losses as a result

SCC Online Web Edition, Copyright © 2021
Page 3    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Rajasthan Law Weekly
-----------------------------------------------------------------------------------------------

of which Chandmal owed a sum of Rs. 7212-12-9 to the firm.

5. One Shri Suleman a clerk of the Civil Judge's Court was appointed as guardian ad litem of Shiv Bhagwan and he filed a written statement on his behalf denying his liability. He did not admit any of the allegations made in the plaint and asserted that he had no knowledge of the transactions in suit.

6. Chandmal died during the pendency of the suit and his son Gulab Chand was impleaded as a plaintiff in his place.

7. The following are the relevant issues framed by the trial court :—

*Issue No. 2.*—Is the plaintiff entitled to the price of 352 mds. of gur at Rs. 13/- per maund ?

*Issue No. 4.*—Did the plaintiff get the amount due to him as price of gur adjusted against his account with the Ganganagar firm ?

*Issue No. 6.*—Are Bhanwarlal and the legal representatives of the Hazarimal liable ?

The trial court held that the *gur* was sold for Rs. 3452-6-6 at Rs. 10-2-0 per maund as alleged by the defendants. It held that this amount was adjusted against losses incurred by the plaintiff in his dealings with the Ganganagar firm. Further that only Sohanlal and Surajmal were the partners of the firm Gauri Shankar Sohanlal and not the other defendants. Lastly it held that the suit was barred by limitation under article 47 of the Bikaner Limitation Act corresponding to article 89 of the Indian Limitation Act. Under article 47 of the Bikaner Act the period of limitation for a suit by a principal against his agent for movable property received by the latter and not accounted for was three years. Time begins to run when the account is, during the continuance of the agency, demanded and refused or, when no such demand is made, when the agency terminates. The grounds for this finding as given by the learned Civil Judge were two. One was that the *gur* was sold on 8-5-46 and time began to run from that date. It may be mentioned here that there is no evidence on record that any intimation was given to the plaintiff on 8-5-46 or on any other date that the *gur* had been sold. This part of the finding of the learned Civil Judge is thus based on no evidence. The other ground was that notice was sent by the plaintiff to the defendants on 15-6-46 and time began to run from that date. It is mentioned in the plaint in para 7 that the plaintiff sent a notice on 15-6-46. This is no doubt an admission of the plaintiff on which the defendants can rely. But there is no admission of the plaintiff to the effect that the notice was actually served on the defendants. On the contrary the defendants have denied that the plaintiff served any notice on them on 15-6-46. This part of the finding also is thus based on no evidence. In the result the trial court dismissed the suit.

8. On appeal the learned District Judge decreed the suit. He held that Art. 107 of the Bikaner Limitation Act which corresponded to article 120 of the Indian Limitation Act was applicable. The period of limitation under this article is six years from the date when the right to sue accrues.

9. Having heard the learned counsel for the parties I am of the opinion that article 47 of the Bikaner Act corresponding to article 89 of the Indian Act is applicable to the case and not article 107 corresponding to article 120 of the Indian Act as the suit is of the nature referred to under the former article.

10. In the plaint it was alleged by the plaintiff that several demands were made by him but the defendants kept on asking for time and eventually made a refusal on 1-7-50. These allegations were denied by the defendants but no evidence was produced by the plaintiff to prove them.

11. The contention on behalf of the defendants-appellants is that by virtue of section 3 of the Limitation Act it was for the plaintiff to prove that his suit was within time. The question which arises is as to whether the present suit was *prima facie* within limitation. That in turn leads to the question as to the party on whom the burden lies of showing either that the account was demanded and refused or the agency terminated beyond three years of the institution of the suit. It was held in the following two decisions that such a burden lies on the agent : Virayya V. Adenna(1), Khub Chand V. Chittar Mal(2). It was held in Jagir Singh V Dheru(3) that the burden of proof lies on the plaintiff in a suit against the legal representatives of the agent.

SCC Online Web Edition, Copyright © 2021
Page 4    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Rajasthan Law Weekly
-----------------------------------------------------------------------------------------------------

12. In this view of the matter the suit against Bhanwarlal, Sohanlal and Surajmal is within limitation and the suit against the remaining defendants who are the legal representatives of Hazarimal is barred by limitation. The suit is accordingly dismissed against Dhanraj, Champalal, Jiwanmal and Shiv Bhagwan.

13. As has already been mentioned above Suleman was appointed as guardian ad litem of Shiv Bhagwan in the trial Court. In the appeal the plaintiff did not implead Shiv Bhagwan as a minor under the guardianship of Suleman. An objection was taken before the appellate court that Shiv Bhagwan was not properly represented before it in the appeal. This objection was overruled by the first appellate court. That order is undoubtedly erroneous as the appointment of Suleman continued as he was never removed from guardianship by an order of the court. The decision in the first appeal is therefore not binding on Shiv Bhagwan. Civil miscellaneous appeal No. 23 of 1963 is accordingly allowed. As the suit against Shiv Bhagwan is being dismissed it is not necessary to remand the appeal against him for rehearing.

14. Coming now to the other findings of the learned Civil Judge the lower appellate court has accepted the finding that the *gur* was sold for Rs. 3452-6-6. But the other finding that the amount was adjusted towards losses incurred in the Ganganagar firm was not accepted by it. In order to prove the alleged transactions carried on by the plaintiff with the Ganganagar firm Surajmal defendant only produced the Khata of the Ganganagar firm. This Khata does not give details of all the entries. It refers to pages of the Naqal Bahi and Rokar Bahi. These two Bahis were not produced before the trial court. The learned Civil Judge however relied on the entries made in the Khata which were unsupported by the original entries made in the Naqal Bahi or the Rokar. The lower appellate court was of the opinion that the Khata was not admissible under sec. 34 of the Evidence Act. The contention on behalf of the appellants is that this finding is erroneous. The learned counsel for the respondent, has supported the finding relying on the decision in Chandi Ram V. Jamini Kanta(4). The learned counsel for the appellants has on the other hand relied on the decisions in the Deputy Commissioner of Bara Banki V. Ram Prashad(5) and Maung Sit V. Ma Su(6).

15. I am of the opinion that a Khata Bahi is certainly a book of account, and if it is maintained in the regular course of business it is admissible in evidence under sec. 34 of the Evidence Act. But what weight can be attached to the entries in the Khata when the original entries on which they are based are not produced is quite a different matter. The lower appellate court was of the opinion that no reliance can be placed on the entries in the Khata which have not been supported by corresponding entries in the Rokar and Naqal Bahi. I agree with this opinion. I accordingly hold that the lower appellate court rightly held that it has not been proved that any loss was incurred by the plaintiff in his dealings with the Ganganagar branch of the firm Gauri Shankar Sohanlal against which the amount of Rs. 3452/6/6 could have been adjusted.

16. If it had been shown that the plaintiff incurred losses in the Ganganagar firm the defendants would certainly have been entitled to an equitable set off to the extent of the losses as held by their Lordships of the Privy Council in Official Trustee of Madras vs. Sundaramurthi(7).

17. The next contention on behalf of the appellants is that there is no satisfactory proof on record that Hazarimal and Bhanwarlal were partners of the firm Gauri Shankar Sohanlal. The trial court held that Hazarimal and Bhanwarlal were not partners in this firm, but the appellate court held otherwise. The finding of the appellate court is one of fact and is duly supported by the evidence on record. It cannot be interfered with in second appeal.

18. So far as Surajmal is concerned the case against him is proved by his own admission contained in the written statement and by the evidence produced by him in court. So far as Surajmal's admission in the written statement is concerned the contention on behalf of the appellants is that it is not open to the court to accept a part what he has alleged in the written statement and reject the rest. Reliance is placed in this connection on the following decisions : M. M. Essabhoy vs. M. Haridas and Gangaram vs. Hetram. In both the above cases the admission


SCC Online Web Edition, Copyright © 2021
Page 5    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Rajasthan Law Weekly
-----------------------------------------------------------------------------------------------------

| 350 | Sohan Lal *vs.* Gulab Chand ( *Jagat Narayan J.* ) | RLW 1965 |

itself was a conditional one and it was held that a conditional admission in a pleading cannot be so dissected as to accept a part and reject the rest. It must be either accepted subject to the condition or not accepted at all. The allegation about the purchase of *gur* was made in para 4 of the plaint and was admitted by Surajmal in para 4 of his written statement unconditionally. The allegation that an account was sent upto Kartik Sudi 1, Smt. 2002 in which a credit balance of Rs. 9266/4/6 was shown in favour of the plaintiff and that the price of the *gur* was debited to him in this account but the *gur* which had been purchased had not been accounted for in it was made in para 6 of the plaint. This allegation was admitted by Surajmal in para 6 of his written statement unconditionally. In para 13 of his written statement Surajmal alleged that the credit items of Rs. 9265/4/3 due in favour of the plaintiff in the account upto Kartik Sudi 1, Smt. 2002 and the credit item of Rs. 3452/6/6 which fell due to him on 8-5-46 by the sale of the *gur* were adjusted against losses incurred by him in the Ganganagar firm with the result that a sum of Rs. 7212/12/9 was due to the firm from the plaintiff. This was an independent allegation which did not qualify the admissions made in paras 4 and 6 of the written statement.

19. I accordingly hold that the lower appellate court rightly decreed the suit against Surajmal for Rs. 3452/6/6 principal and Rs. 800/- interest.

20. Next it is contended that there is no evidence on record to justify the passing of any decree against Bhanwarlal or Sohanlal. In my opinion the admissions made by Surajmal in his pleadings as well as the evidence given by him in court are admissible against the other co-defendants under sec. 18 of the Evidence Act, the relevant part of which runs as follows :—

"Statements made by—

Admission by party interested in subject matter } (1) Person who have any proprietory or pecuniary interest in the subject matter of the proceeding, and who make the statement in their character of person so interested. . . . . . . . . . . . . . . are admissions, if they are made during the continuance of the interest of the persons making the statements."

21. Surajmal, Sohanlal and Bhanwarlal were partners in the firm Gauri Shankar Sohanlal and are jointly and severally liable so far as the liabilities of that firm are concerned. They have thus the same pecuniary interest in the subject-matter of the present suit. Even though the firm might have been dissolved this interest is still continuing. The admissions of Surajmal are thus admissible under sec. 18 of the Evidence Act against Bhanwarlal and Sohanlal.

22. The above principle embodied in sec. 18 of the Evidence Act is a principle of common law of England. I may here refer to the following extracts from Taylor on Evidence, Twelfth Ed. Vol. I :—

*Para 740*—"With respect to the person whose admissions may be received, the general doctrine is that the declarations of a party to the record, or of one identified in interest with him, are, as against such party, receivable in evidence, but, if they proceed from a stranger who is still living, they are almost uniformly rejected, and, though he be dead, they cannot in general be admitted, unless upon some of the special grounds already considered. . . . . . . . ."

*Para 743*—"When several persons are jointly interested in the subject-matter of the suit, the general rule is that the admissions of any one of these persons are receivable against himself and fellows, whether they be all jointly suing or sued or whether an action be brought in favour of or against one or more of them separately, provided the admission relates to the subject-matter in dispute, and be made by the declarant in his character of a person jointly interested with the party against whom the evidence is tendered. . ."

*Para 750*—"To render the admission of one person receivable in evidence against another, it must relate to some matter in which either both were jointly interested, or one was derivatively interested through the other. A mere community of interest will not be sufficient. Thus, the admission of a servant of a negligent act, unless such admission is part of the res gestae, is no evidence against his master. . . . ."

*Para 753*—An apparent joint interest is obviously insufficient to make the admissions of one party receivable against his companions where the reality of that interest is the point in controversy. A foundation must first be laid, by showing, *prima facie*, that a joint interest exists. . . . . . . . . . . . . . . . . . ."

*Para 754*—In general, the statement of defence made by one defendant cannot be read in evidence either for or against his co-defendant. Neither can the answer to interrogatories of one defendant be read in evidence excepting against himself. The reason is that, as there is no issue between the defendants, no opportunity can have been afforded for cross-examination, and, moreover, if such a course were allowed, the plaintiff might make one of his friends a defendant and thus gain a most unfair advantage. But this rule does not apply to cases where the


SCC Online Web Edition, Copyright © 2021
Page 6    Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Rajasthan Law Weekly
-----------------------------------------------------------------------------------

**RLW 1965**        Sohan Lal *vs.* Gulab Chand ( *Jagat Narayan J.* )        351

other defendant claims through the party whose defence is offered in evidence' nor to cases where they have a joint interest, either as partners or otherwise, in the transaction."

23. In Kowsulliah Sundari Dasi vs. Mukta Sundari Dasi(10) the admission made by the co-sharer was treated as evidence against the other co-sharer. Reliance was placed on the rule laid down in Taylor on Evidence Vol. I, 1st Ed., para 525, which is now contained in para 743 quoted above.

24. In the headnote of the ILR report sec. 18 of the Evidence Act is mentioned. The above rule was cited with approval in Meajan Matbar vs. Alimuddi Mia(11) and in Ambar Ali vs. Lutfe Ali(12).

25. The part of sec. 18 of the Evidence Act referred to above was relied upon in admitting the evidence of the co-defendants in Tikoo Ram vs. Jhabar(13), Dileshwar Ram Brahman vs. Nohar Singh(14), and Harihar vs. Nabakishore(15).

26. On behalf of the appellants the decision of their Lordships of the Privy Council in Aumirtolall Bose vs. Rajoneekant Mitter(16) was referred. The facts of that case are distinguishable. The suit was brought by a daughter's son to recover his maternal grandfather's share in the ancestral estates from his maternal aunts and the heirs of his maternal grand uncles. The maternal aunts filed a petition admitting the plaintiff's title as heir. But the heirs of the maternal grand uncles contested the suit on various grounds. It was held that the admission of the maternal aunt was not admissible against the heir of the maternal grand uncle. It is clear that the interest of the two were not identical and therefore the rule laid down in sec. 18 of the Evidence Act referred to above and in para 743 of Taylor on Evidence is not attracted (See para 750 of Taylor on Evidence in this connection). The other decisions relied upon by the appellants are also distinguishable. In Dina Nath vs. Sayad Habib(17), a suit for damages for publishing a defamatory article was brought against the proprietor, printer and publisher. The printer and publisher admitted that the person sued as proprietor was in fact the proprietor of the paper. No evidence was produced by the plaintiff to prove this fact. It was held that the admission of the printer and publisher was not admissible against the proprietor. Here again the interest of the two defendants were not identical. There was only a community of interest between them. The admission of one was thus not applicable against the other. In Narindar Singh vs. C. M. King(18) the suit was brought for a libel published in the issue of a certain newspaper against three persons Narindar Singh the alleged publisher, Abdur Rahman, the alleged printer, and Pratap Singh, the alleged editor. It was held that the admission of Abdur Rahman made in his written statement could not be treated as evidence against the alleged publisher or the alleged editor. Although there was a community of interest in the defendants their interests were not identical. For the application of sec. 18 it is necessary that the interest should be identical.

27. Lastly it was contended that the oral and documentary evidence produced by Surajmal in court cannot be treated as evidence against the co-defendants because they could not have cross-examined him. I am unable to accept this contention. In Kirmeny & Sons Vs. Aga Ali Akbar(19) the witness of one defendant did not make a statement which might have injured the interest of the co-defendants. This decision is therefore of no help. In all commentaries on the law of evidence the view has been expressed that if the witness of a defendant makes any statement which is injurious to the co-defendants they have a right to cross-examine him.

*Sarkar on Evidence. Eighty Edition, page 1141.*—"No special provision is made in the Evidence Act for the cross-examination of the co-accused's or co-defendant's witnesses. But the procedure to be adopted may be regulated by the well-known rule that no evidence should be received against one who had no opportunity of testing it by cross-examination; as it would be unjust and unsafe not to allow a co-accused or co-defendant to cross-examine witness called by one whose case was adverse to his, or who has given evidence against him. If there is no clash of interest or if nothing has been said against the other party, there dannot be any right of cross-examination."

*Principles & Digest of the law of Evidence by M. Monir. Third Edition, Page 1114.*—"A defendant or any other witness who has given evidence against him, and reply on such evidence, though there is no issue joined between them-"

*Phipson on Evidence. Tenth Edition, para 1538.*—"A defendant may cross-examine a co-defendant or any other witness who has given evidence against him, and reply on such evidence, though there is no issue joined between them."


SCC Online Web Edition, Copyright © 2021
Page 7     Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Rajasthan Law Weekly
-----------------------------------------------------------------------------------------

28. As the admissions contained in the oral and documentary evidence produced on behalf of Surajmal are admissible in evidence against the co-defendants under sec. 18 they had a right to cross-examine him. They did not put a single question to Surajmal in cross-examination to show that the admissions made by him in his pleadings or in court were not true.

29. I accordingly decree the suit for Rs. 3452-6-6 principal and Rs. 800/- interest against Sohanlal and Bhanwarlal also.

30. The result is that in S. B. Civil Regular Second Appeal No. 148 of 1961 the appeals of Bhanwarlal, Sohanlal and Surajmal are dismissed and the appeals of the remaining appellants are allowed. Civil Miscellaneous appeal No. 23 of 1963 filed by Bhagwan is allowed.

31. In the circumstances of the case, I direct that parties shall bear their own costs of these proceedings throughout.

32. Feave to file special appeal is prayed for by both the parties and is granted.

---

BHANDARI & TYAGI JJ.

### State *versus* Heera—(92)

D. B. Criminal Reference No. 11 of 1964, decided on 14th May, 1965.

*Criminal P.C., Sec. 190(1)(b)*—*Magistrate may take cognizance even on negative report and direct prosecution to submit charge-sheet.*

In order to enable the magistrate to take cognizance under sec. 190(1)(b) there must be a Police report before him. This does not mean that in taking cognizance the magistrate is tied down to the statement of facts contained in the final report. It is quite possible to visualise a case in which in the opinion of the magistrate the statement of facts contained in the final report does not correspond with the material contained in the case diary and the magistrate is not satisfied with the statement of facts contained in the report submitted to him. On the other hand, he is satisfied on examining the police diary that there is *prima facie* case to be enquired into. There can be no valid objection if the magistrate takes cognizance in such a case. There is nothing wrong if such a course is adopted. Of course a magistrate cannot pass an executive order directing the investigating officer to submit a charge-sheet in supersession of the negative report already submitted by him for the purpose of enabling him to take cognisance. But in his judicial capacity he can direct the Public Prosecutor to conduct the case and for that purpose direct the police to submit a charge-sheet.

(*para 15*)

*Case law referred—*

(1) Lumbaram vs. The State ( ILR 1956, 6 Raj. 468.
(2) The State vs. Mohan ( 1959 RLW, 597=ILR 1959, 9 Raj. 671 )
(3) A. K. Roy vs. State of West Bengal ( AIR 1962 Cal. 135 (F.B.) )
(4) Uma Singh vs. Emperor ( AIR 1935 Patna 242 )
(5) Raghunath Puri vs. Emperor ( AIR 1932 Patna 72 )
(6) Shukadeva Sahay vs. Hamid Miyan ( AIR 1928 Patna 585 )
(7) Mahabir Prasad Agarwala vs. The State ( AIR 1958 Orissa 11 )
(8) State vs. Murlidhar Goverdhan & Co. ( AIR 1960 Bom. 240 )
(9) Rama Shanker vs. The State of Uttar Pradesh ( AIR 1956 All. 525 )
(10) Narendralal Mukherjee vs. The State ( AIR 1956 Assam 127 (2) )
(11) Abdul Rahim 1st Party vs. Abdul Muktadin ( AIR 1953 Assam 112 )
(12) Kachu Gegei vs. The State ( AIR 1951 Assam 151 )
(13) (Chigurupati) Venkata Subba Rao vs. Haraharisetty Anjanayulu ( AIR 1932 Mad 673 )
(14) Harbir Singh vs. The State ( AIR 1952 Pepsu 29 )
(15) Mt. Ido w/o Baru vs. Gainda Singh, Sobha Singh ( AIR 1952 Pepsu 38 )
(16) Amar Premanand vs. The State ( AIR 1960 Madhya Bharat 12 )
(17) Emperor vs. Khwaja Nazir Ahmad ( AIR 1945 P. C. 18 )
(18) State of West Bengal vs. S. N. Basak ( AIR 1963 S. C. 447 )

B. C. Chatterjee Dy. Govt. Advocate *for State.*

BHANDARI J.—This case has been referred to a Division Bench by Chhangani J. as in the opinion of the learned Judge the point involved in this case requires consideration by a larger Bench.

2. The point referred to may be stated, as follows—