# Exhibit 10

to Expert Opinion of Sudipto Sarkar SA
dated August 13, 2021


SCC Online Web Edition, Copyright © 2021
Page 1     Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases

KESAVANANDA BHARATI v. STATE OF KERALA                                    225

## (1973) 4 Supreme Court Cases 225

*(Original Jurisdiction)*

[BEFORE S. M. SIKRI, C. J., AND J. M. SHELAT, K. S. HEGDE, A. N. GROVER, A. N. RAY, P. JAGANMOHAN REDDY, D. G. PALEKAR, H. R. KHANNA, K. K. MATHEW, M. H. BEG, S. N. DWIVEDI, A. K. MUKHERJEA AND Y. V. CHANDRACHUD, JJ.]

Writ Petition No. 135 of 1970

| | | |
|---|---|---|
| HIS HOLINESS KESAVANANDA BHARATI SRIPADAGALVARU | … | Petitioner; |
| *Versus* | | |
| STATE OF KERALA AND ANOTHER | … | Respondents. |

Writ Petitions Nos. 351 and 352 of 1972

| | | |
|---|---|---|
| SHRI RAGHUNATH RAO GANPAT RAO N. H. NAWAB MOHAMMED IFTIKHAR ALI KHAN | … | Petitioner; |
| *Versus* | | |
| UNION OF INDIA | … | Respondent. |

Writ Petitions Nos. 373 and 374 of 1972

| | | |
|---|---|---|
| SHETHIA MINING AND MANUFACTURING CORPORATION LTD. ETC. | … | Petitioners; |
| *Versus* | | |
| UNION OF INDIA AND OTHERS | … | Respondents. |

Writ Petition No. 400 of 1972

| | | |
|---|---|---|
| THE ORIENTAL COAL CO. LTD. | … | Petitioner; |
| *Versus* | | |
| UNION OF INDIA AND ANOTHER | … | Respondents. |

Writ Petitions Nos. 135 of 1970 and 351, 352, 373, 374 and 400 of 1972, decided on April 24, 1973

**Editor's note: Scheme of the headnote.**—Though the main question has been the nature, extent and scope of the amending power, it has been discussed in the background of the scheme of the Constitution by application of principles of Constitutional interpretation.

The headnote has been divided into eight parts. Part I deals with the views expressed on the Constitution of India while Part II on the Preamble. In Part III is detailed the various principles of Constitutional interpretation applied. Part IV then deals with the main question of scope and extent of amending power including the question of amendability of Part III and also the question of implied and inherent limitation on the amending power.\* Parts V, VI and VII deal with the validity of the 24th, 25th and 29th Amendments. Part VII contains miscellaneous questions discussed by the Court.

Most of the cases cited in the judgments have been annotated at the relevant places in the headnote and the complete list would be found under the Table of Cases Cited. A complete list of treatises and books cited is also given, separately.

\* *(See particularly the approach of Hegde & Mukherjea, JJ. on these two questions.)*


Case 1:21-cv-00396-RJL Document 20-10 Filed 08/14/21 Page 3 of 3
SCC Online Web Edition, Copyright © 2021
Page 170 Friday, August 13, 2021
Printed For: Mr. Wayne Page
SCC Online Web Edition: http://www.scconline.com
TruePrint™ source: Supreme Court Cases
-----------------------------------------------------------------------------------------------------------------------------------------------------

and they substituted the words "by authority of law" in Article 21. I am unable to see what bearing the dropping of the words "due process" has on this question. The Constitution itself has used words like "reasonable restrictions" in Article 19 which do not bear an exact meaning, and which cannot be defined with precision to fit in all cases that may come before the courts; it would depend upon the facts of each case whether the restrictions imposed by the legislature are reasonable or not. Further, as Lord Reid observed in *Ridge* v. *Baldwin*[75]:

> "In modern times opinions have sometimes been expressed to the effect that natural justice is so vague as to be practically meaningless. But *I would regard these as tainted by the perennial fallacy that because something cannot be cut and dried or nicely weighed or measured therefore it does not exist*. The idea of negligence is equally insusceptible of exact definition, but what a reasonable man would regard as fair procedure in particular circumstances and what he would regard as negligence in particular circumstances are equally capable of serving as tests in law, and natural justice as it has been interpreted in the courts is much more definite than that." (Emphasis supplied).

291. It seems to me that the concept of amendment within the contours of the Preamble and the Constitution cannot be said to be a vague and unsatisfactory idea which Parliamentarians and the public would not be able to understand.

292. The learned Attorney-General said that every provision of the Constitution is essential; otherwise it would not have been put in the Constitution. This is true. But this does not place every provision of the Constitution in the same position. The true position is that every provision of the Constitution can be amended provided in the result the basic foundation and structure of the constitution remains the same. The basic structure may be said to consist of the following features:

(1) *Supremacy of the Constitution*;

(2) *Republican and Democratic form of Government*;

(3) *Secular character of the Constitution*;

(4) *Separation of powers between the legislature, the executive and the judiciary*;

(5) *Federal character of the Constitution*.

293. The above structure is built on the basic foundation, i. e., the dignity and freedom of the individual. This is of supreme importance. This cannot by any form of amendment be destroyed

294. The above foundation and the above basic features are easily discernible not only from the preamble but the whole scheme of the Constitution, which I have already discussed.

295. In connection with the question of abrogation of fundamental rights, Mr. Seervai boldly asserted that there was no such thing as natural or inalienable rights because the scheme of Part III itself shows that non-citizens have not been given all the fundamental freedoms; for example, Article 19 speaks of only citizens. He says that if there were natural rights, why is it that they were not conferred on non-citizens. The answer seems to be that they are natural rights but our country does not thing it expedient

---

75. 1964 AC 40, 64-65.